PHILLIP A. TALBERT
Acting United States Attorney
VINCENTE A. TENNERELLI
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DENIKA TERRY and ROY HUSKEY, III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LLP, and DOES 1-30,<br><br>Defendants. | CASE NO. 2:15-cv-0799 KJM-AC<br><br>**UNITED STATES' RESPONSE TO ORDER TO SHOW CAUSE**<br><br>COURT: Hon. Kimberly J. Mueller |

    The United States hereby submits its response to the Court's Order, filed on June 17, 2016 (Dkt. 15), to show cause as to why the balance of the documents of record in this action should not be unsealed. For the reasons set forth below, the United States requests that its two requests to extend the deadline for lifting the seal and for making an intervention decision, including the attachments thereto (collectively, the "Seal Extension Requests"), remain under seal. In the alternative, if the Court determines that the seal should be lifted on the Seal Extension Requests, the United States requests that the Court allow five business days for the United States to propose redactions to such Requests to protect specific confidential information from public disclosure.

## I. INTRODUCTION

The United States requests that the Court retain the seal over the Seal Extension Requests for four primary reasons. First, under the federal False Claims Act, the government's decision regarding intervention triggers the unsealing only of the relator's complaint, not the entire docket preceding intervention. Second, revealing the contents of the government's requests to extend the seal and the intervention deadline would give present and future defendants a window into confidential government fraud investigations and would weaken the government's antifraud efforts. Third, unsealing such requests would cause harm. Fourth, unsealing such requests in *qui tam* cases creates a catch-22 for the government: it can either support its requests for extensions of the seal and intervention deadline by publicly divulging the details of a confidential investigation or omit such details and risk the court denying an extension. Thus, such Requests should remain under seal.

## II. BACKGROUND

On June 9, 2016, the United States declined to intervene in this *qui tam* action filed under the federal False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.* Before declining to intervene, the United States filed two Seal Extension Requests dated June 10, 2015 and December 18, 2015. Each Seal Extension Request attaches a declaration detailing the United States' investigative efforts to date and its reasons for requesting additional time to investigate.

Upon the United States' June 9, 2016 Notice of Declination, the Court issued an Order, dated June 17, 2016, unsealing relators' Complaint. In addition, the Court ordered, "Within fourteen (14) days of this order, any party may SHOW CAUSE, if any there is, as to why the balance of the documents of record in this action should not be unsealed." (June 17, 2016 Ord. at 2:21-23.)

## III. DISCUSSION

### a. The FCA Does Not Contemplate The Unsealing Of The Seal Extension Requests.

The FCA does not envision the unsealing of all pre-intervention/pre-declination pleadings in every *qui tam* case, and the specific circumstances of this case do not warrant unsealing the docket.

In its Order, the Court cites four cases in which district courts unsealed *qui tam* pleadings over the government's objections. The United States respectfully submits that these cases are distinguishable from the present matter. In three of the cases the Court cites, either the defendant or the relator

**2**

affirmatively sought to unseal the documents at issue.  *See U.S. ex rel. Lee v. Horizon W., Inc.*, No. C 00-2921 SBA, 2006 WL 305966, at *2-3 (N.D. Cal. Feb. 8, 2006) (defendants moved to lift seal and "identified their own reason why disclosure of the documents is important and necessary"); *United States v. CACI Int'l. Inc.*, 885 F. Supp. 80, 81 (S.D.N.Y. 1995) (plaintiff opposed keeping records under seal and argued that the information the government had filed was relevant); *U.S. ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994) (parties disagreed regarding whether status report should be unsealed and submitted opposing positions and court found that information to be unsealed might be of some limited use to the defense). Here, unlike in *Horizon West*, *CACI Int'l*, and *Straus*, no party has requested that the Court unseal the entire docket or even any part of it, let alone made a showing of any need for unsealing.

Similarly, in the remaining case the Court cites, *U.S. ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1190 (N.D. Cal. 1997), the court declined to extend the seal, finding in essence that, under the specific facts presented, the defendant was being unfairly prejudiced by the complaint being kept under seal.  The court's decision did not specifically discuss the propriety of unsealing the government's seal extension applications.  As to the circumstances of this case, then, *Costa* is not on point, other than to recognize that the public generally has an interest in having court records be open to the public. Further, the United States submits that there is also a public interest in the government being able to conduct confidential investigations and then maintain their confidentiality, particularly where no party is claiming any need for disclosure.

Given that *Horizon West*, *CACI Int'l*, *Straus*, and *Baker & Taylor* are distinguishable, the United States respectfully submits that the FCA urges a different standard for evaluating whether to lift the seal in cases like this one—where no person has requested the seal be lifted or made a showing of any need for the seal to be lifted—a standard that does not favor disclosure of the Seal Extension Requests.  The FCA envisions unsealing relator's Complaint; it does not, however, address the Seal Extension Requests.  31 U.S.C.A. § 3730(b)(3).  One purpose of the seal is "to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and to determine . . . whether it is in the Government's interest to intervene and take over the civil action." S. Rep. No. 345, 99th Cong., 2d Sess. (S. Rep.) at 24 (1986), reprinted in 1986 U.S. Code Cong. & Admin. News 5266, 5289, 1986 WL

**3**

31937; *see also U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1995) (discussing S. Rep. and the purposes of the FCA seal). The FCA expressly provides for the filing of motions to extend the seal deadline "supported by affidavits or other submissions in camera." 31 U.S.C. § 3730(b)(3).

### b. Requests To Extend The Seal—Including In This Case—Require The Government To Reveal Confidential Details Of Its Investigations.

The FCA requires the government to demonstrate good cause for extensions of the seal period. 31 U.S.C. § 3730(b)(3). To demonstrate good cause, the government must reveal, at least to some degree, the details and progress of its confidential investigations, including identifying additional investigation and analysis remaining to be done. Hence, the government's requests for extensions of the seal typically inform the courts—and did so in the present case—of the actions taken in furtherance of the investigations, the progress made, the government agencies and personnel involved, and the government's view of what additional investigation is necessary and appropriate, information that the United States considers work product and otherwise confidential.

Indeed, the United States' Seal Extension Requests, particularly the United States' December 18, 2015 Seal Extension Request, did provide the Court with specific, confidential information regarding the investigation. (*See* Decl. of Vincente Tennerelli in Supp. of December 18, 2015 Seal Extension Request at ¶ 4 (describing government's investigatory process since last seal extension, including a description of meeting between the government and a third party, and describing government's investigatory plan going forward)).

Congress recognized the need to protect these private communications between the government and the Court when it expressly provided for extension requests to be filed in camera, shared not even with the *qui tam* relator who filed the case. *See* 31 U.S.C. § 3730(b)(3). While the FCA expressly provides for the sealing of seal extension requests, it says nothing of such requests being unsealed at any time.

### c. Unsealing the Seal Extension Requests Would Cause Harm To The Government.

Beyond the fact that the FCA does not contemplate unsealing the Seal Extension Requests, unsealing such requests is inconsistent with the primary purpose of the FCA—to enable the government

to root out fraud.  Unsealing such Requests would provide the defendants, and future defendants, a window into a confidential government fraud investigation.  The FCA does not grant defendants this advantage in the government's efforts to identify and combat fraudulent conduct.

Confidentiality is paramount in FCA investigations, not merely because the government's task of enforcing the FCA in any individual case often becomes more difficult when a defendant learns it is under investigation, but also because knowing the government's investigatory techniques and processes can provide future FCA violators with a roadmap to evade detection or to thwart the government's enforcement efforts.  In other words, those intent on defrauding the government would "gain insight into the [government's] general strategic and tactical approach to deciding when suits are brought, how they are conducted, and on what terms they may be settled." *FTC v. Grolier Inc.*, 462 U.S. 19, 31 (1983) (Brennan, J. concurring).  For this reason, unsealing seal extension requests is inconsistent with the purpose of the FCA's qui tam provisions to "aid in the effort to root out fraud against the government." *U.S. ex rel. Williams v. NEC Corp.*, 931 F.2d 1493, 1497 (11th Cir. 1991).

    **d.**     **Unsealing The Seal Extension Requests Would Force The United States, Going Forward, To Choose Between Providing Ample Justification For Extension Requests And Preserving The Confidentiality Of Their Investigations.**

Lifting the seal on extension requests not only has the potential to expose work product and confidential information regarding government fraud investigations; it would also endanger the government's ability to obtain seal extensions in future *qui tam* cases.  If the government expected its extension requests to be unsealed, the government would be forced to strike a balance between making a sufficient showing of good cause and preserving the confidentiality of its investigative processes.

In such a scenario, the government would need to make a prediction, with each extension request, of whether certain confidential information would be viewed by a court as describing routine or general investigative procedures or non-substantive details, thus subjecting such information to public disclosure.  To avoid making an incorrect prediction, and thus revealing confidential information, the government would have to be far more circumspect in revealing to courts the course of its investigations and the government's research and decision-making.  This situation would not only make a court's job of evaluating good cause for extensions harder (*i.e.*, a court can more easily assess good cause armed

with concrete details rather than vague descriptions), it would also impede the government's ability to succeed in its extension requests, with disruptions to the government's *qui tam* investigations as a result.

IV. CONCLUSION

For the foregoing reasons, the United States requests that the Seal Extension Requests remain under seal. In the alternative, if the Court determines that the seal should be lifted on the Seal Extension Requests, the United States requests that the Court allow five business days for the United States to propose redactions to such Requests to protect specific confidential information from public disclosure.

Dated: July 1, 2016

PHILLIP A. TALBERT
Acting United States Attorney


By: /s/ Vincente A. Tennerelli
VINCENTE A. TENNERELLI
Assistant U.S. Attorney
Attorneys for the United States