**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
  E-Mail: Joe.Salazar@lewisbrisbois.com
YOON-WOO NAM, SB# 284644
  E-Mail: Yoon-Woo.Nam@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Wasatch Advantage Group, LLC; Wasatch Property Management, Inc.; Wasatch Pool Holdings, LLC, Chesapeake Commons Holdings, LLC; Logan Park Apartments, LLC; Logan Park Apartments, LP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA,<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP,<br><br>Defendants. | CASE NO. 2:15-CV-00799 KJM DAD<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>**[F.R.C.P. 12(b)(6)]**<br><br>Date:         October 28, 2016<br>Time:         10:00 a.m.<br>Dept.:         Courtroom 3, 15th Floor<br>Judge:        Hon. Kimberly J. Mueller<br><br>Trial Date:  None Set |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff UNITED STATES OF AMERICA, ex rel. DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA's ("Plaintiffs") improperly claim that Defendants violated and continue to violate federal and state laws.

4811-1417-5288.1

1    Qui tam plaintiffs DENIKA TERRY and ROY HUSKEY III ("Qui tam plaintiffs") are
2 tenants of apartment complexes owned or managed by Defendants. The Qui tam plaintiffs receive
3 rental assistance through the Section 8 program that is implemented using Housing Assistance
4 Payments Contracts ("HAP Contracts"). The Qui Tam plaintiffs and Defendants are parties to the
5 HAP Contracts along with the local county housing program, and a portion of their rent is
6 subsidized and paid for by the federal government and the local county housing program.
7 Defendants are the payees of these subsidies.
8    Each of the Qui tam plaintiffs' four (4) causes of action against Defendants – in addition to
9 the entire proposed class of alleged qui tam plaintiffs – are wholly premised on the erroneous and
10 foundational allegation that Defendants demanded payments in excess of the portion of the Qui
11 tam plaintiffs' rent that is paid by the federal government and local county housing program.
12 Because this defect in the pleading cannot be cured by amendment, the claims of the Qui tam
13 plaintiffs and the entire alleged class of qui tam plaintiffs should be dismissed with prejudice.

## II. BACKGROUND

**First Amended Complaint**

Defendants own two apartment complexes where the Qui tam plaintiffs resided for a period of time. (1st Am. Compl. ¶ 13). During the Qui tam plaintiffs' tenancy at Defendants' properties, their rent was subsidized in part through the Section 8 Housing Choice Voucher Program. (1st Am. Compl. ¶¶ 27, 28). Plaintiffs allege that the Qui tam plaintiffs entered into HAP Contracts with Defendants and the Sacramento Housing and Redevelopment Agency wherein payments for the subsidized portion of the Qui tam plaintiffs' rent were paid directly to Defendants. (1st Am. Compl. ¶ 29, 34).

Per the FAC, the regulations that govern payment of rent under a HAP Contract are contained in 24 C. F. R. section 982.451, subsection (b)(4)(ii) which states: "The owner may not demand or accept any rent payment from the tenant in excess of the maximum and must immediately return any excess rent to the tenant." (1st Am. Compl. ¶ 36). Furthermore, Section 5(e) of Part C of the HAP Contract Tenancy Addendum provides: "The owner may not charge or accept, from the family or from any other source, any payment for rent of the unit in addition to

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

the rent to owner. Rent to owner includes all housing services, maintenance, utilities and appliances to be provided and paid by the owner in accordance with the lease." (1st Am. Compl. ¶ 37; Ex. E 9.)

As the basis for alleging violations of the (1) False Claims Act; (2) Breach of Contract; (3) Consumers Legal Remedies Act; and (4) Unfair Business Practices under California law, Plaintiffs contend that Defendants demanded Qui tam plaintiffs pay additional rent payments that were not set forth in their HAP Contracts. (1st Am. Compl. ¶¶ 66, 85). This alleged "extra rent" consisted of payments for (1) washer and dryer rentals, (2) renter's insurance and (3) covered parking as to DENIKA TERRY throughout her tenancy from September 20, 2010 through March 20, 2013. (1st Am. Compl. ¶¶ 66, 70). Similarly, ROY HUSKEY III paid the alleged extra rent for (1) washer and dryer rentals and (2) renter's insurance throughout his tenancy from July 8, 2011 to the present[1]. (1st Am. Compl. ¶¶ 85). As alleged by Plaintiffs, neither the Sacramento Housing and Redevelopment Agency nor the federal government authorized Defendants to charge or collect additional rent payments. (1st Am. Compl. ¶¶ 73, 91).

**Exhibits to First Amended Complaint**

In an attempt to support the allegations in the FAC, Plaintiffs attached Exhibits G, H, I, J and K, which are Residential Rental Agreements and ancillary agreements between Defendants and the Qui tam plaintiffs during their respective tenancies at Defendants' apartment complexes. (1st Am. Compl., Exs. G, H, I, J and K.) The Residential Rental Agreements include a Monthly Cost Breakdown that lists the Base Rent (same as the contract rent in the HAP Contract) and the Additional Services payment agreed upon by the Qui tam plaintiff and Defendants. (*See*, 1st Am. Compl., Exs. G at 1; H at 1; J at 2). These additional services are listed in an Additional Services Agreement and it includes amenities and services not included in the base Residential Rental Agreement such as furniture rental, storage space rental, cable television services and housekeeping services; other additional services also listed in the Additional Services Agreement

---

[1] Defendants' Answer to the FAC to be filed on September 14, 2016 admits that ROY HUSKEY III moved out of Defendants' apartment in March 2015.



4811-1417-5288.1

3

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1 are <u>washer and dryer rentals, renter's insurance or covered parking</u>. (*See*, 1st Am. Compl., Exs. G
2 at 9; H at 9; J at 10) (emphasis added). The Qui tam plaintiffs executed contracts for the amenities
3 and services in agreements separate and apart from the HAP Contracts. (1st Am. Compl., Exs. G
4 at 9; H at 9; I at 7, J at 10, K at 11).

## III. ARGUMENT

### A. Procedural Authority

Under Federal Rules of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted". Fed. R. Civ. P. 12(b)(6). This rule provides for dismissal of a claim if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consisted with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (disapproved on other grounds); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

A dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on the absence of sufficient facts alleged under a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences". *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); see also *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren*, *supra*, at 1139, *Western Mining Council*, *supra*, at 624. Additionally, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged". *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Also, Rule 12(b) motions are timely if filed <u>any time</u> before the answer or other responsive pleading is filed. *Aetna Life Ins. Co. v. Alla Medical Services, Inc.* 855 F.2d 1470, 1474 (9th Cir. 1988) (emphasis added).

/ / /

/ / /

### B. The Residential Rental Agreements and Additional Services Agreements Belie the Allegations in Plaintiffs' Complaint

The exhibits attached to Plaintiffs' FAC affirmatively show that Defendants did not demand excessive rent in violation of the HAP Contracts and HAP Contract Addendums. The court may disregard allegations in the complaint if contradicted by facts established by reference to documents attached as exhibits to the complaint. *Thompson v. Illinois Dept. of Prof. Reg.*, 300 F.3d 750, 75 (7th Cir. 2002) (when contradiction exists, 'the exhibit trumps the allegations' (emphasis in original; internal quotes omitted); *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In direct contrast to the pleaded allegations in their FAC, Plaintiffs' attachment of Exhibits G through K clearly demonstrates that the purported "extra rent" for the amenities and services of the washer and dryer rentals, renter's insurance and covered parking paid by the Qui tam plaintiffs were not excess rent payments or "[r]ent to owner [which] includes all housing services, maintenance, utilities and appliances to be provided and paid by the owner in accordance with the lease." (1st Am. Compl. ¶ 37). Rather, the Qui tam plaintiffs specifically and repeatedly bargained for the amenities and services listed in the Additional Services Agreements.

Plaintiffs' attempt to put lipstick on a pig by naming the amenities and services "extra rent" in the FAC. In truth, the Qui tam plaintiffs elected to pay additional monies in consideration for avoiding the use of a communal laundry room at an apartment complex by renting a washer and dryer; to insure their personal belongings from theft or damage by purchasing renter's insurance; or to protect their car from the elements with a covered parking space. These amenities were not part of the HAP Contracts or addendums.

### C. Plaintiffs' Foundational and False Allegation Fatally Undermines All Causes of Action and Class Allegations

Since Plaintiff cannot factually establish in their FAC that Defendants violated any provision of the HAP Contracts or addendum, each of the causes of action pleaded necessarily fail based on their respective pleading requirements.

### 1. Plaintiffs Fail to State a Claim of Violation of the Federal False Claims Act

Plaintiffs fail to show that Defendants violated the False Claims Act because they cannot demonstrate that Defendants knowingly presented a false or fraudulent claim for payment to the United States. A party violates the False Claims Act if it knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a)(1)(A). Here, Defendants did not present any false or fraudulent claim whatsoever. The purported false claim as alleged by Plaintiffs was in fact a demand for payment that was not additional or extra rent, but rather payment for amenities and services that the Qui tam plaintiffs contracted and bargained for in an Additional Services Agreement and were not part of the base Residential Rental Agreement. Thus, Plaintiffs fail to state a claim for violation of the False Claims Act because they are unable to make a prime facie showing of any such violation in the FAC.

### 2. Plaintiffs Fail to State a Claim of Violation of a Breach of Contract

Plaintiffs fail to show that Defendants breached the HAP Contracts with the Qui tam plaintiffs and the federal government. A breach of contract occurs if the defendant fails to do something that the contract requires it to do. (Cal. Civ. Jury Instr. 303.) As demonstrated, *supra*, Defendants did not cause the Qui tam plaintiffs to pay excess or extra rent above and beyond the amount in the HAP Contracts as alleged by Plaintiffs. Therefore, Defendants did not breach any HAP Contract. Thus, Plaintiffs fail to state a claim for breach of contract because they are unable to demonstrate a prime facie case of such a breach.

### 3. Plaintiffs Fail to State a Claim of Violation of the Consumer Legal Remedies Act

Plaintiffs fail to show that Defendants violated the Consumers Legal Remedies Act where the Qui tam plaintiffs suffered no injury. Only a consumer who suffers any damage as a result of use or employment by any person of a method, act, or practice declared unlawful by the Section 1770 may bring an action against that person. Cal. Civ. Code § 1780. As demonstrated, *supra*, Defendants did not cause the Qui tam plaintiffs to pay excess or extra rent above and beyond the amount in the HAP Contracts as alleged by Plaintiffs. Therefore, Defendants cannot and did not use or employ a method, act, or practice declared unlawful under the Consumer Legal Remedies

4811-1417-5288.1

6

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Act. Furthermore, the Qui tam plaintiffs did not suffer any damage. Instead, they received the benefit of the bargain which they made with Defendants for amenities and services outside of the HAP Contracts. Thus, Plaintiffs fail to state a claim for a violation of the Consumer Legal Remedies Act because they are unable to demonstrate a prime facie case of such a violation.

### 4. <u>Plaintiffs Fail to State a Claim of Unfair Business Practices by Defendants</u>

Plaintiffs fail to show that Defendants committed any unfair business practices by contracting with Defendants for amenities and services they wanted and received. A party commits an unfair business practice if it conducts unlawful, unfair or fraudulent business act or practice or unfair, deceptive, untrue or misleading advertising. Cal. Bus. Prof. Code § 17200. As demonstrated, *supra*, Defendants did not cause the Qui tam plaintiffs to pay excess or extra rent above and beyond the amount in the HAP Contracts as alleged by Plaintiffs by using any unlawful, unfair or fraudulent business act or practice or unfair, deceptive, untrue or misleading advertising. Instead, Defendants required that the Qui tam plaintiffs sign and date a separate contract that explicitly enumerated the price and amenity or service they wished to pay for in addition to their rent stated on the HAP Contract. This process was repeated each time the tenancy period expired. Therefore, Plaintiffs cannot effectively demonstrate that Defendants used any unlawful, unfair or fraudulent business act or practice or unfair, deceptive, untrue or misleading advertising to invite the Qui tam plaintiffs to sign the Additional Services Contract. Thus, Plaintiffs fail to state a claim for an unfair business practice because they are unable to demonstrate a prime facie case of such unlawful conduct.

### 5. <u>The Class Allegations Must Fail if the Representative Plaintiffs Cannot State a Claim Upon which Relief Can Be Granted</u>

Plaintiffs fail to show that the Qui tam plaintiffs can adequately represent a class of plaintiffs who are fatally defined in part by the allegation that a class plaintiff was charged additional rent payments in excess of their HAP Contract portion. A representative plaintiff may sue on behalf of all members only if there are questions of law or fact common to the class. F.R.C.P. 23(a)(2). Here, neither Qui tam plaintiff DENIKA TERRY or ROY HUSKEY III can demonstrate that she/he paid rent in excess of the amount stated in any HAP Contract. Rather,

either Qui tam plaintiff paid the amount she/he contracted for in order to receive amenities and services that were bargained for in an Additional Services Agreement.

Because the definition of Plaintiffs' class requires that a person be charged additional rent payments in excess of their HAP Contract portion, and no such additional rent payment was ever demanded by Defendants, the class definition cannot be met by any plaintiff. If the Qui tam plaintiffs, or any plaintiff at all, cannot meet the definition of the class stated in Plaintiffs' FAC, then the class allegations must fail.

## IV. CONCLUSION

For the foregoing reasons, and because Plaintiffs fail to state a claim upon which relief may be granted, Defendants respectfully request this Court to dismiss the entire claim and all causes of action pursuant to F.R.C.P. 12(b)(6) without leave to amend.

DATED: September 14, 2016        LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     /s/ Yoon-Woo Nam
Joseph A. Salazar Jr.
Yoon-Woo Nam
Attorneys for Wasatch Advantage Group, LLC; Wasatch Property Management, Inc.; Wasatch Pool Holdings, LLC, Chesapeake Commons Holdings, LLC; Logan Park Apartments, LLC; Logan Park Apartments, LP

4811-1417-5288.1

8

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED