**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
  E-Mail: Joe.Salazar@lewisbrisbois.com
YOON-WOO NAM, SB# 284644
  E-Mail: Yoon-Woo.Nam@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Wasatch Advantage Group, LLC; Wasatch Property Management, Inc.; Wasatch Pool Holdings, LLC, Chesapeake Commons Holdings, LLC; Logan Park Apartments, LLC; Logan Park Apartments, LP

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA,<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP,<br><br>Defendants. | CASE NO. 2:15-CV-00799 KJM DAD<br><br>**ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO FALSE CLAMS ACT 31 U.S.C. § 3729, ET SEQ.**<br><br>DEMAND FOR JURY TRIAL<br><br>Judge:      Hon. Kimberly J. Mueller<br>Trial Date:  None Set |

Defendants WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP (collectively, "Defendants") respond to Plaintiff UNITED STATES OF AMERICA, ex rel. DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA's

("Plaintiffs") First Amended Class Action Complaint for Damages and Injunctive Relief Pursuant to False Claims Act 31 U.S.C. § 3729, e*t seq*. ("Complaint") as follows:

**INTRODUCTION**

1. Answering Paragraph 1 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2. Defendants admit that they own, rent, or manage residential apartment units throughout the United States.

3. Defendants admit that they own the Palm Avenue Property and the Data Drive Property. No named plaintiffs resided at the 50th Avenue property or Valley Hi property so Defendants object to the allegations thereof in said paragraph based on a lack of relevance.

4. Defendants admit that Denika Terry was Defendants' tenant at the Data Drive Property.

5. Defendants admit that Roy Huskey III was Defendants' tenant at the Palm Avenue Property.

6. Defendants admit they rent numerous apartments at their properties to tenants who receive rental assistance through the Housing Choice Voucher Program.

7. Answering Paragraph 7 of the Complaint, Defendants admit that approximately 76 Section 8 tenants occupy apartment units at the Data Drive Property and more than two Section 8 tenants at the Palm Avenue Property. No named plaintiffs resided at the 50th Avenue property or Valley Hi property so Defendants object to the allegations thereof in said paragraph based on a lack of relevance.

8. Defendants admit they are a party to Housing Assistance Payment Contracts with Plaintiffs and the Sacramento County Housing and Redevelopment Agency.

9. Answering Paragraph 9 of the Complaint, Defendants admit that they made payment demands including rental charges for washers and dryers, renter's insurance, and covered parking because Plaintiffs requested and bargained for such additional amenities and services. Except as so admitted, Defendants deny each and every allegation contained in the said paragraph.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

10. Answering Paragraph 10 of the Complaint, Defendants deny each and every allegation contained in the said paragraph

11. Answering Paragraph 11 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**PARTIES**

12. Defendants deny each and every allegation of said paragraph.

13. Defendants admit they were the owners and property managers of the Subject Properties during the relevant time periods.

14. Defendants admit they owned, controlled, and managed the Subject Properties including renting the apartment unites at the Subject Properties.

15. Defendants deny each and every allegation of said paragraph.

16. Answering Paragraph 16 of the Complaint, Defendants admit that Chesapeake Commons Holdings, LLC is a limited liability corporation registered with the California Secretary of State to do business in that state. Defendants deny that Chesapeake Commons Holdings, LLC is a signatory party to the September 20, 2010 HAP Contract for Plaintiff Denika Terry that comprises Exhibit A to the Complaint.

17. Answering Paragraph 17 of the Complaint, Defendants admit that Wasatch Property Management, Inc. is a corporation registered with the California Secretary of State to do business that state and that is a party to the June 30, 2011 Residential Renal Agreement with Roy Huskey III. Defendants admit that the residential ledgers for Denika Terry and Roy Huskey III set forth rents received and charges but deny that any of the charges were unlawful. Defendants admit that the HAP Contract as shown in Exhibit E for Roy Husky III directs that payments be mailed care of Wasatch Property Management but deny Exhibit A directs the same.

18. Answering Paragraph 18 of the Complaint, Defendants admit that Chesapeake Commons Holdings received the Subsidy Agreement Notices that comprise Exhibits C and D. Except as so admitted, Defendants deny each and every allegation contained in the said paragraph.

19. Defendants admit that Logan Park Apartments, LLC is a limited liability

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

1  corporation, registered with the California Secretary of State to do business that state. Defendants
2  also admit that Logan Park Apartments, LP is a limited partnership registered with the California
3  Secretary of State to do business that state. Defendants admit that Logan Park Apartments is a
4  party to the July 8, 2011 HAP Contract and the July 30, 2011 Residential Rental Agreement for
5  Roy Huskey III as shown in Exhibit E.

6  20. Answering Paragraph 21 of the Complaint, Defendants admit that Wasatch Pool
7  Holdings, LLC, is a limited liability corporation, registered with the California Secretary of State
8  to do business in that state and is an entity used by Defendants to own properties including the
9  Data Drive Property. Defendants deny each and every allegation of said paragraph.

10 21. Answering Paragraph 21 of the Complaint, Defendants are without sufficient
11 knowledge or information to form a belief as to the truth of the allegations contained in said
12 paragraph, and on that basis denies each and every allegation contained therein.

13 22. Answering Paragraph 22 of the Complaint, Defendants are without sufficient
14 knowledge or information to form a belief as to the truth of the allegations contained in said
15 paragraph, and on that basis denies each and every allegation contained therein.

16 23. Answering Paragraph 23 of the Complaint, Defendants are without sufficient
17 knowledge or information to form a belief as to the truth of the allegations contained in said
18 paragraph, and on that basis denies each and every allegation contained therein.

19 **JURISDICTION**

20 24. Defendants admit that this Court has federal subject matter jurisdiction pursuant to
21 the United States False Claims Act.

22 25. Answering Paragraph 25 of the Complaint, Defendants admit that venue is proper
23 in this Court because Defendants do business in its jurisdictional area and did so with Plaintiffs at
24 the Subject Properties. Defendants deny any unlawful conduct or damages occurred to Plaintiffs.

25 **HOUSING CHOICE VOUCHER PROGRAM ("SECTION 8")**

26 26. Defendants admit that the Housing Choice Voucher Program is a federal program
27 intended to assist low-income families.

28 27. Defendants admit that the United States Department of Housing and Urban

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

1 Development administers the Section 8 program.

2   28.   Answering Paragraph 28 of the Complaint, Defendants admit the local public housing agency may enter into a HUD form contract or HAP contract with an eligible tenant family. Except as so admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

   29.   Answering Paragraph 29 of the Complaint, Defendants admit that a participant tenant for a dwelling unit is also a party to the HAP Contract, and the landlord enters the HAP Contract with the tenant. Except as so admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

   30.   Defendants admit the HAP Contract includes a Tenancy Addendum and Lease Supplemental Agreement. Except as so admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

   31.   Answering Paragraph 31 of the Complaint, Defendants admit the HAP Contract for a dwelling unit establishes the initial lease term and the total amount of monthly rent due from the tenant, and that the owner may not increase the total rent payable to the owner during the initial lease term. Defendants deny that total rent includes reasonable charges for amenities contracted and bargained for by Plaintiffs including rental charges for washers and dryers, renter's insurance, and covered parking.

   32.   Defendants admit that the HAP Contract sets forth the amount of the housing assistance payment by the public housing agency to the owner, calculated in accordance with the regulations.

   33.   Defendants admit that the HAP Contract provides that the tenant is responsible for paying the owner the balance of the total rent not covered by the housing assistance payment.

   34.   Answering Paragraph 34 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said

1 | paragraph, and on that basis denies each and every allegation contained therein.

2 |     35.    Defendants admit the sum of the housing assistance payment and the tenant's share of the rent payable to the owner may be adjusted due to external factors.

    36.    Defendants admit the regulations that govern payment of rent under a HAP Contract are contained in 24 C.F.R. § 982.451.

    37.    Defendants admit Section 5(e) of Part C of the Tenancy Addendum to the standard form HAP Contracts provide the text as stated in Paragraph 37.

## CLASS DEFINITIONS AND GENERAL ALLEGATIONS

    38.    Answering Paragraph 38 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

    39.    Defendants deny each and every allegation of said paragraph.

    40.    Answering Paragraph 40 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

    41.    Answering Paragraph 41 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

    42.    Answering Paragraph 42 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

    43.    Answering Paragraph 43 of the Complaint, Defendants admit they owned, controlled, and managed units. Except as so admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

    44.    Defendants deny each and every allegation of said paragraph.

    45.    Defendants deny each and every allegation of said paragraph.

    46.    Defendants deny each and every allegation of said paragraph.

4843-9719-8648.1

6

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO FALSE CLAMS ACT 31 U.S.C. § 3729, ET SEQ.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

1    47.    Defendants deny each and every allegation of said paragraph.

2    48.    Answering Paragraph 48 of the Complaint, Defendants admit that at least some Plaintiffs made payments for amenities and services contracted and bargained for by these plaintiffs for washer and dryer rentals, renter's insurance and covered parking. Except as so admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8    49.    Defendants deny each and every allegation of said paragraph.

9    50.    Defendants deny each and every allegation of said paragraph.

10   51.    Defendants deny each and every allegation of said paragraph.

11   52.    Defendants deny each and every allegation of said paragraph.

12   53.    Answering Paragraph 53 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15   54.    Defendants deny each and every allegation of said paragraph.

16   55.    Answering Paragraph 55 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## CLASS REPRESENTATIVES

**Plaintiff Denika Terry**

21   56.    Answering Paragraph 56 of the Complaint, Defendants admit that Denika Terry received housing assistance from the Sacramento Housing Agency under the Section 8 program. Except as so admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

26   57.    Answering Paragraph 57 of the Complaint, Defendants admit that Wasatch Property Management, Inc. was the property manager of the apartment complex where Denika Terry was a tenant. Except as so admitted, Defendants deny each and every allegation of said

1 paragraph.

2    58.    Answering Paragraph 58 of the Complaint, Defendants admit that on or about September 20, 2010, Denika Terry and Wasatch Property Management, Inc. reached an agreement for the rental of the Terry Residence subject to the approval of the Sacramento Housing Agency. Except as so admitted, Defendants deny each and every allegation of said paragraph.

    59.    Defendants admit that on or about September 20, 2010, the Sacramento Housing Agency, Denika Terry and Wasatch Property Management, Inc. reached and entered into a HAP Contract for the Terry Residence, that rent was $860 per month, with the Sacramento Housing Agency responsible for $860 of the rent and Denika Terry responsible for none of the rent.

    60.    Defendants admit that Denika Terry occupied the Terry Residence pursuant to the HAP Contract, from approximately September 20, 2010 to March 20, 2013.

    61.    Defendants admit during the tenancy, the Sacramento Housing Agency sent Defendants and Denika Terry annual subsidy adjustment notices.

    62.    Defendants admit the first subsidy adjustment notice, effective October 1, 2011, increased the rent amount to $939 per month, with the Sacramento Housing Agency continuing to pay all of the contract rent. Defendants also admit the second subsidy adjustment notice, effective October 1, 2012, did not change the contract rent amount, but decreased the Sacramento Housing Agency's assistance payment to $729 per month, and increased Denika Terry's portion to $210 per month.

    63.    Defendants admit that Sacramento Housing Agency paid Defendants housing assistance payments in the amounts stated in Paragraph 63.

    64.    Defendants admit HUD and Sacramento Housing Agency made a total of at least 31 payments to Defendants totaling $26,277 for Denika Terry's rent.

    65.    Answering Paragraph 65 of the Complaint, Defendants admit the Sacramento Housing Agency paid the housing assistance payments directly to Wasatch Property Management, Inc. at all times during Denika Terry's tenancy. Except as so admitted, Defendants deny each and every allegation of said paragraph.

    66.    Answering Paragraph 66 of the Complaint, Defendants admit they demanded

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

Denika Terry make payments for amenities and services she contracted and bargained for including washer and dryer rentals, renter's insurance and covered parking charges. Except as so admitted, Defendants deny each and every allegation of said paragraph.

67. Answering Paragraph 67 of the Complaint, Defendants admit these payments are reflected in the Residential Ledger for the Terry Residence. Except as so admitted, Defendants deny each and every allegation of said paragraph.

68. Answering Paragraph 68 of the Complaint, Defendants admit these payments were demanded for each month that Denika Terry lived at the Terry Residence. Except as so admitted, Defendants deny each and every allegation of said paragraph.

69. Answering Paragraph 69 of the Complaint, Defendants admit these payments were demanded. Except as so admitted, Defendants deny each and every allegation of said paragraph.

70. Defendants deny each and every allegation of said paragraph.

71. Answering Paragraph 71 of the Complaint, Defendants admit they issued a Three Day Notice to Perform Financial Covenant of Lease or Quit to Denika Terry for non-payment of amenities and services she contracted and bargained for. Except as so admitted, Defendants deny each and every allegation of said paragraph.

72. Answering Paragraph 72 of the Complaint, Defendants admit Denika Terry's rental contract was terminated for non-payment of amenities and services she contracted and bargained for and eviction proceedings were performed. Except as so admitted, Defendants deny each and every allegation of said paragraph.

73. Defendants deny each and every allegation of said paragraph.

74. Defendants deny each and every allegation of said paragraph.

75. Answering Paragraph 75 of the Complaint, Defendants admit Denika Terry paid for the amenities and services she contracted and bargained for. Except as so admitted, Defendants deny each and every allegation of said paragraph.

**Plaintiff Roy Huskey III**

76. Answering Paragraph 76 of the Complaint, Defendants admit that Roy Husky III received housing assistance from the Sacramento Housing Agency under the Section 8 program.

4843-9719-8648.1

9

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO FALSE CLAMS ACT 31 U.S.C. § 3729, ET SEQ.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Except as so admitted, Defendants are without sufficient knowledge or information to form a
2  belief as to the truth of the allegations contained in said paragraph, and on that basis denies each
3  and every allegation contained therein

4        77.     Answering Paragraph 77 of the Complaint, Defendants admit that Wasatch
5  Property Management, Inc. was the property manager of the apartment complex where Roy
6  Huskey III was a tenant. Except as so admitted, Defendants deny each and every allegation of said
7  paragraph.

8        78.     Answering Paragraph 78 of the Complaint, Defendants admit that on or about June
9  30, 2011, Roy Huskey III and Wasatch Property Management, Inc. reached an agreement for the
10 rental of the Huskey III Residence subject to the approval of the Sacramento Housing Agency.
11 Except as so admitted, Defendants deny each and every allegation of said paragraph.

12       79.     Defendants admit that on or about July 8, 2011, the Sacramento Housing Agency,
13 Roy Huskey III and Wasatch Property Management, Inc. reached and entered into a HAP Contract
14 for the Huskey III Residence, that rent was $840 per month, with the Sacramento Housing Agency
15 responsible for $554 of the rent and Roy Huskey III responsible for $286 of the rent.

16       80.     Defendants deny each and every allegation of said paragraph.

17       81.     Defendants admit that during the tenancy, the Sacramento Housing Agency sent
18 Defendants and Roy Huskey III annual subsidy adjustment notices.

19       82.     Answering Paragraph 82 of the Complaint, Defendants admit that the Sacramento
20 Housing Agency paid Defendants housing assistance payments in the amounts of: 1) $16.67,
21 prorated, for the month of June 2011; 2) $500 for the month of July 2011; 3) $554 per month from
22 August 2011 through August 2012; 4) $536 per month from September 2012 through June 2013;
23 5) $524 per month from July 2013 through June 2014; 6) $526 per month from July 2014 to
24 February 2015; and 7) $551 per month from March 2015 to June 2015. Except as so admitted,
25 Defendants deny each and every allegation of said paragraph.

26       83.     Answering Paragraph 83 of the Complaint, Defendants admit the Sacramento
27 Housing Agency made rental payments to Defendants. Except as so admitted, Defendants deny
28 each and every allegation of said paragraph.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

84. Answering Paragraph 84 of the Complaint, Defendants admit the Sacramento Housing Agency paid the housing assistance payments directly to Wasatch Property Management, Inc. at all times during Roy Huskey III's tenancy. Except as so admitted, Defendants deny each and every allegation of said paragraph.

85. Answering Paragraph 85 of the Complaint, Defendants admit they demanded Roy Huskey III make payments for amenities and services he contracted and bargained for including washer and dryer rentals, renter's insurance and covered parking charges. Except as so admitted, Defendants deny each and every allegation of said paragraph.

86. Answering Paragraph 86 of the Complaint, Defendants admit these payments are reflected in the Residential Ledger for the Terry Residence. Except as so admitted, Defendants deny each and every allegation of said paragraph.

87. Answering Paragraph 87 of the Complaint, Defendants admit these payments were demanded for each month that Roy Huskey III lived at the Huskey III Residence. Except as so admitted, Defendants deny each and every allegation of said paragraph.

88. Answering Paragraph 88 of the Complaint, Defendants admit these payments were demanded. Except as so admitted, Defendants deny each and every allegation of said paragraph.

89. Defendants deny each and every allegation of said paragraph.

90. Answering Paragraph 99 of the Complaint, Defendants admit that Roy Huskey III was threatened with eviction for reasons unrelated to the claims in the Complaint. Except as so admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

91. Defendants deny each and every allegation of said paragraph.

92. Defendants deny each and every allegation of said paragraph.

93. Answering Paragraph 93 of the Complaint, Defendants admit Roy Huskey III paid for the amenities and services he contracted and bargained for. Except as so admitted, Defendants deny each and every allegation of said paragraph.

94. Defendants deny each and every allegation of said paragraph.



95.     Defendants deny each and every allegation of said paragraph.

## CLASS ALLEGATIONS

96.     Answering Paragraph 96 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

97.     Defendants deny each and every allegation of said paragraph.

98.     Defendants deny each and every allegation of said paragraph.

99.     Answering Paragraph 99 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

100.    Answering Paragraph 100 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

101.    Answering Paragraph 101 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

102.    Defendants deny each and every allegation of said paragraph.

103.    Answering Paragraph 103 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

104.    Defendants deny each and every allegation of said paragraph.

105.    Defendants deny each and every allegation of said paragraph.

106.    Defendants deny each and every allegation of said paragraph.

107.    Answering Paragraph 107 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## RELIEF AND CLAIMS

108.    Defendants deny each and every allegation of said paragraph.

109. Defendants deny each and every allegation of said paragraph.

110. Defendants admit Plaintiffs entered into residential rental agreements with Defendants through their tenancies.

111. Defendants are not required to respond to the prayer for relief. Alternatively, to the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

**FIRST CAUSE OF ACTION – VIOLATION OF FEDERAL FALSE CLAIMS ACT**

112. Defendants reiterate their responses to paragraphs 1-111, above.

113. Defendants admit that the False Claims Act is a federal statute and that Plaintiffs cited a portion of this law codified in 31 U.S.C. section 3729 (a).

114. Defendants admit that the False Claims Act is a federal statute and that Plaintiffs cited a portion of this law codified in 31 U.S.C. section 3729 (b).

115. Defendants admit that the False Claims Act is a federal statute and that Plaintiffs cited a portion of this law codified in 31 U.S.C. section 3729 (b)(2)

116. Answering Paragraph 116 of the Complaint, Defendants admit they received housing assistance checks from the Sacramento Housing and Redevelopment Agency. Except as so admitted, Defendants deny each and every allegation of said paragraph.

117. Defendants admit the language cited in Paragraph 117 of the Complaint reflects the HAP Contracts that Defendants agreed to.

118. Defendants admit the language cited in Paragraph 118 of the Complaint reflects the HAP Contracts that Defendants agreed to.

119. Defendants admit the language cited in Paragraph 119 of the Complaint reflects the HAP Contracts that Defendants agreed to.

120. Answering Paragraph 120 of the Complaint, Defendants admit they received housing assistance checks from the Sacramento Housing and Redevelopment Agency. Except as so admitted, Defendants deny each and every allegation of said paragraph.

121. Defendants deny each and every allegation of said paragraph.

122. Defendants deny each and every allegation of said paragraph.

123. Defendants deny each and every allegation of said paragraph.

124. Defendants deny each and every allegation of said paragraph.

125. Defendants deny each and every allegation of said paragraph.

126. Defendants deny each and every allegation of said paragraph.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT

127. Defendants reiterate their responses to paragraphs 1-126, above.

128. Answering Paragraph 128 of the Complaint, Defendants admit Plaintiffs entered into residential rental agreements with Defendants. Except as so admitted, Defendants deny each and every allegation of said paragraph.

129. Defendants deny each and every allegation of said paragraph.

130. Defendants deny each and every allegation of said paragraph.

131. Answering Paragraph 131 of the Complaint, Defendants admit Paragraph 131 of the Complaint states the language of Section 5(e) of Part C of the Tenancy Addendum to the HAP Contracts. Except as so admitted, Defendants deny each and every allegation of said paragraph.

132. Defendants deny each and every allegation of said paragraph.

133. Defendants are not required to respond to the prayer for relief. Alternatively, to the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

## THIRD CAUSE OF ACTION – CONSUMERS LEGAL REMEDIES ACT

134. Defendants reiterate their responses to paragraphs 1-133, above.

135. Answering Paragraph 135 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

136. Answering Paragraph 136 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

137. Answering Paragraph 137 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

138. Answering Paragraph 138 of the Complaint, Defendants are without sufficient



knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

139. Answering Paragraph 139 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

140. Answering Paragraph 140 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

141. Defendants deny each and every allegation of said paragraph.

142. Defendants deny each and every allegation of said paragraph.

143. Defendants deny each and every allegation of said paragraph.

144. Defendants deny each and every allegation of said paragraph.

145. Answering Paragraph 145 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**FOURTH CAUSE OF ACTION – UNFAIR BUSINESS PRACTICES**

146. Defendants reiterate their responses to paragraphs 1-146, above.

147. Answering Paragraph 147 of the Complaint, Defendants admit the language cited in Paragraph 147 of the Complaint reflects a portion of the California Business and Professions Code section 17200.

148. Defendants deny each and every allegation of said paragraph.

149. Defendants deny each and every allegation of said paragraph.

150. Defendants deny each and every allegation of said paragraph.

151. Answering Paragraph 151 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

152. Answering Paragraph 152 of the Complaint, Defendants admit the language cited in Paragraph 147 of the Complaint reflects a portion of the California Business and Professions

1  Code section 17200.

2  153.  Defendants deny each and every allegation of said paragraph.

3  154.  Defendants deny each and every allegation of said paragraph.

4  155.  Defendants deny each and every allegation of said paragraph.

5  156.  Defendants deny each and every allegation of said paragraph.

6  157.  Defendants deny each and every allegation of said paragraph.

7  158.  Defendants deny each and every allegation of said paragraph.

8  159.  Defendants deny each and every allegation of said paragraph.

9  160.  Defendants deny each and every allegation of said paragraph.

## REQUEST FOR JURY TRIAL

161.  Defendants hereby demand a trial by jury.

## PRAYER FOR RELIEF

162.  Defendants are not required to respond to the prayer for relief. Alternatively, to the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

## ADDITIONAL DEFENSES

Defendants have not completed their investigation of the facts of this case, discovery, or preparation for trial. The answers and affirmative defenses asserted herein are based on Defendants' knowledge, information, and belief as this time, and Defendants specifically reserve the right to modify, amend, or supplement any answers or affirmative defenses contained herein subject to Court approval.

## FIRST DEFENSE
### (Failure to Mitigate)

1.  Any and all damages sustained by Plaintiffs, if any, are the direct and proximate cause of Plaintiffs' failure to mitigate their damages.

## SECOND DEFENSE
### (Fault of Others)

2.  Defendants assert that Plaintiffs' alleged damages and injuries, if any, were caused by factors and circumstances unrelated to any alleged wrongful acts or omissions by Defendants.

1 The alleged damages in question were caused by the fault of others, including third parties who
2 are not parties to this litigation.  Any recovery on behalf of Plaintiffs herein for general damages
3 must be proportionate to Defendants' fault, if any, and must take into account the fault of others
4 including but not limited to third parties who have not been sued.

**THIRD DEFENSE**

**(Additional Defenses)**

3. Defendants do not presently have sufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available such that Defendants reserve their right to assert additional defenses if, based on discovery, such defenses are determined to be appropriate.

**FOURTH DEFENSE**

**(Comparative Fault – Plaintiffs)**

4. Plaintiffs' claims are barred, in whole or in part, because if Plaintiffs suffered or sustained any damage, injury, or detriment as alleged in the Complaint, any such damages, injuries, or detriments sustained by Plaintiffs, if any, were proximately caused and contributed to by the actions, intentional or negligent, of Plaintiffs.

**FIFTH DEFENSE**

(**Failure to Plead with Specificity**)

5. Plaintiffs have failed to plead and cannot prove their claims with the required specificity.

**SIXTH DEFENSE**

(**Failure to State a Claim**)

6. Plaintiffs' Complaint, and each and every cause of action therein, fails to state a claim upon which relief can be granted.

**SEVENTH DEFENSE**

(**Unclean Hands**)

7. Plaintiffs' Complaint, in whole or in part, is barred by the principle of unclean hands.



## EIGHTH DEFENSE

(**Reliance on Representation of Others**)

8. Defendants have exercised due diligence and relied in good faith on the representations of others, and is not aware of and had no way of becoming aware of any alleged wrongdoing or omissions.

## NINTH DEFENSE

(**Avoidance**)

9. Plaintiffs failed to take precautions that would have avoided and/or diminished their injuries and damages, if any.

## TENTH DEFENSE

(**Compliance with Law**)

10. At all times, Defendants have complied in good faith with all requirements under relevant statutes and regulations.

## ELEVENTH DEFENSE

(**Public Disclosure Rule**)

11. Plaintiffs' qui tam claims are barred by the public disclosure rule.

## TWELFTH DEFENSE

(**First-to-File Rule**)

12. Plaintiffs' qui tam claims are barred by the first-to-file rule.

## THIRTEENTH DEFENSE

(**Government Knowledge Rule**)

13. Plaintiffs' qui tam claims are barred by the government knowledge rule.

## FOURTEENTH DEFENSE

(**Failure to Plead Fraud with Particularity**)

14. Plaintiffs have failed to plead fraud with particularity the circumstances constituting fraud.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, WASATCH ADVANTAGE GROUP, LLC, WASATCH

4843-9719-8648.1

18

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO FALSE CLAMS ACT 31 U.S.C. § 3729, ET SEQ.

PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP, pray for judgment against Plaintiff, UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA, as follows:

1. Denial of all right to injunctive relief, declaratory judgment, civil and statutory penalties and/or damages pursuant to all claims for relief in Plaintiff's Complaint;

2. Denial of any and all damages, including attorney fees, litigation expenses, costs and punitive damages;

3. For reasonable attorney fees and litigation expenses and costs in defense of Plaintiff's Complaint; and

4. Such other and further relief as the Court may deem just and proper.

DATED: September 14, 2016            LEWIS BRISBOIS BISGAARD & SMITH LLP


By:       /s/ Yoon-Woo Nam
          Joseph A. Salazar Jr.
          Yoon-Woo Nam
          Attorneys for Wasatch Advantage Group, LLC;
          Wasatch Property Management, Inc.; Wasatch
          Pool Holdings, LLC, Chesapeake Commons
          Holdings, LLC; Logan Park Apartments, LLC;
          Logan Park Apartments, LP



4843-9719-8648.1

19

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO FALSE CLAMS ACT 31 U.S.C. § 3729, ET SEQ.