**BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
  E-Mail: Joe.Salazar@lewisbrisbois.com
YOON-WOO NAM, SB# 284644
  E-Mail: Yoon-Woo.Nam@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Wasatch Advantage Group, LLC; Wasatch Property Management, Inc.; Wasatch Pool Holdings, LLC, Chesapeake Commons Holdings, LLC; Logan Park Apartments, LLC; Logan Park Apartments, LP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA,<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP,<br><br>Defendants. | CASE NO. 2:15-CV-00799 KJM DAD<br><br>**JOINT STATUS REPORT**<br><br>Complaint Filed: April 14, 2015<br>Trial Date:     None Set |

The parties submit the following Joint Status Report:

A. **Brief Summary of Claims and Theories**

Plaintiffs:

Plaintiffs represent a proposed class of past, present and prospective tenants of Defendants. Defendants rent residential apartment units across five western states, managing 69 apartment

complexes with 16,344 units. Defendants are the housing providers for numerous Section 8 Housing Choice Voucher Program tenants, and have entered into Housing Assistance Payments Contracts ("HAP Contracts") with HUD and local public housing authorities for these tenancies.

As part of their usual course of business, Defendants violated and continue to violate federal and state laws with their policy of demanding additional monthly rental payments from Plaintiffs and Defendants' other Section 8 tenants, in excess of the tenants' portion of the rent due under their HAP Contracts. These additional payment demands include rental charges for washers and dryers, renter's insurance, and covered parking. Defendants also have a policy of threatening evict Plaintiffs if they do not make these additional payments. For these reasons and others, it is no defense that Defendants required Plaintiffs to sign separate lease and additional service contracts, purporting to impose these additional rental charges.

These policies and actions by the Defendants constitute fraudulent claims for payment to the United States and have caused the federal government and local public housing agencies to suffer economic damages. Defendants are therefore liable for violations of the federal False Claims Act. Defendants' unlawful conduct also caused damage to Plaintiffs and the proposed class, who have additional claims for breach of the HAP contracts and under the California Consumers Legal Remedies Act and Unfair Competition Law. Plaintiffs and the proposed class are therefore entitled to relief, including but not limited to: 1) a return of all rents which were unlawfully obtained by the Defendants and interest thereupon; 2) additional statutory damages for each Plaintiff and class member due to Defendants' acts and omissions; 3) attorneys' fees pursuant to contract and statute; and 4) injunctive relief according to proof.

Plaintiffs have been able to confirm Defendants' unlawful policies through discovery conducted in an unrelated state court habitability action. In that case, Plaintiff Denika Terry deposed Defendants' agent Ms. Sylvia Gamboa. Ms. Gamboa is the property manager at one of Defendants' Sacramento properties and has worked for Defendants in various roles, at several of their Sacramento Properties, for the last eight years. Ms. Gamboa testified that Defendants own or manage approximately 10 residential rental properties in the Sacramento area. She confirmed that

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Defendants have Section 8 tenants at each of the four Subject Properties (as defined in Plaintiffs' complaint), including over 100 Section 8 tenants at the one of the Properties. Ms. Gamboa also confirmed that Defendants have identical business practices for tenants at all of their residential rental properties. Ms. Gamboa further testified that all tenants at one of the Properties, including the Section 8 tenants, pay additional rental payments for washers and dryers, covered parking, and renter's insurance. Moreover, Ms. Gamboa confirmed that Defendants file eviction actions against Section 8 tenants if they fail to pay these "side payments."

Defendants:

Defendants WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP ("Defendants") own and manage apartment complexes including two where the Qui tam plaintiffs DENIKA TERRY and ROY HUSKEY III resided for some period of time.

Plaintiffs allege that Defendants required Plaintiffs to pay extra rent in violation of the HAP Contracts because Plaintiffs were charged for extra amenities such as washers and dryers, covered parking and renter's insurance. Defendants deny all allegations by the Qui tam plaintiffs in their First Amended Complaint.

Defendants and Qui tam plaintiffs entered into separate agreement – outside of the HAP Contracts – to pay for and receive the amenities for washer and dryer rentals, renter's insurance and/or covered parking. The Qui tam plaintiffs specifically and repeatedly bargained for the amenities and services listed in the Additional Services Agreements throughout their tenancies at Defendants' apartments. Defendants complied with the HAP Contract requirements and did not charge the Quit tam plaintiffs additional rent or initiate eviction proceedings due to the failure to pay additional rent.

Because the named Qui tam plaintiffs DENIKA TERRY and ROY HUSKEY III lack standing in this matter, they are not sufficient class representatives. As there are no other named class members currently, class certification is not appropriate for this case.

**B.     Status of Service**

A Notice of Lawsuit was served with the Complaint and Defendants filed an Answer to the First Amended Complaint. There is no issue with respect to service of the First Amended Complaint.

**C.     Possible Joinder of Additional Parties**

Plaintiffs: Do not anticipate joining any additional parties.

Defendants: Do not anticipate joining any additional parties.

**D.     Contemplated Amendments to Pleadings**

Plaintiffs: The complaint for damages may be significantly amended following the completion of the phases of discovery described in Section F.

Defendants: Do not anticipate amending the pleadings.

**E.     Statutory Basis for Jurisdiction and Venue**

This Court has subject matter jurisdiction over this action because it arises under federal law - 31 U.S.C. § 3729 *et seq.*, the United States False Claims Act.

This court has supplemental jurisdiction over the claims brought under California Civil Code sections 3300 *et seq.* and 1750 and California Business & Professions Code section *17200 et seq.*, pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the real property which is the subject of this action is located in this district and that Plaintiffs' cause of actions arose in this district.

**F.     Discovery and Scheduling (Rule 26 Plan)**

1.   Disclosures

The Parties do not seek any changes to the timing, form or requirements for initial disclosures. The Parties will exchange initial disclosures by November 18, 2016.

2.   Discovery Subjects

Plaintiffs intend to seek discovery in multiple phases. First, Plaintiffs will seek discovery related to: (1) Defendants' policies that relate to all of their Section 8 tenants; and (2) Defendants'

administration of their Section 8 tenancies at their Sacramento County properties. Then, pending the results of the first phase, Plaintiffs will seek discovery as to: (1) Defendants' administration of Section 8 tenancies at their California properties; and thereafter (2) Defendants' administration of Section 8 tenancies at their non-California properties.

This phased approach is proposed as the most efficient and least prejudicial manner to obtain discovery on behalf of Plaintiffs and the proposed class. If initial discovery confirms that Defendants' have the same or similar policies demanding additional monthly rental payments from Section 8 tenants at their non-Sacramento properties, Plaintiffs will amend the complaint to include these facts and broaden the scope of the class allegations.

Defendants intend to seek discovery related to: (1) the named Qui tam plaintiffs DENIKA TERRY and ROY HUSKEY III and their residencies at Defendants' apartments, including length of residency, intent to enter into agreements including the HAP Contracts and Additional Services Agreements; (2) all parties and witnesses to contracts; and (3) proposed plaintiffs and other Section tenants residing at Defendants' properties.

The counsel for all parties will meet and confer to ensure as efficient and productive discovery as possible. However, Defendants do not agree to limit its attempt to timely discover facts and evidence directly relevant to the parties' claims and defenses by delaying discovery to accommodate Plaintiffs' proposed discovery in phases. Defendants will seek immediate discovery regarding plaintiffs' proposed class members to determine the merits of class certification and whether or not a motion to deny certification or strike the class allegations from the First Amended Complaint is warranted. Defendants anticipate an opposition will be filed to amend the complaint to expand the scope of this Qui tam action.

3.     Changes or Limitations

Plaintiffs: Do not request any changes or limitations.

Defendants: Request that the default rule limiting interrogatories in F.R.C.P. 33(a)(1) be increased to 35. Also, with the understanding that the proposed class of plaintiffs reside in several different complexes, within several different cities and in several different states, Defendants

request the Court F.R.C.P. 32 to increase the number of depositions up to 50. The distinctions in the localities and each apartment complex will likely result in divergent testimonies from the Section 8 tenants with respect topics such as rental rates, customarily included charges in the rent and amenities offered at the complex.

4. <u>Timing of Experts</u>

The parties propose initial disclosure of Expert Witnesses 90 days before the date of trial, and a Rebuttal Disclosure of Expert Witnesses and Report of 30 days after the other parties' disclosure of an expert. The date for Expert Discovery cut-off is proposed to be 14 days prior to trial.

5. <u>Discovery Cut-Off Dates</u>

The parties propose a final discovery completion date for non-expert discovery of 45 days before the date of trial. The parties propose that experts be designated per FRCP Rule 26 (a)(2) by 90 days before the date of trial, and expert witness depositions be completed 14 days prior to trial.

**G.    Dispositive and Other Motions**

The parties propose a motion hearing cut-off date for non-discovery motions of 30 days after the close of all discovery. (FRCP 56).

**H.    Cumulative Evidence/Issues Regarding Expert Testimony**

This case will be a document intensive case. Expert witness testimony is likely.

**I.    Pretrial Conference**

The parties propose a pretrial conference date as set by the Court at the trial setting status conference.. (L.R. 280; FRCP 40). If a party prefers to set an earlier pretrial conference, a motion may be filed.

**J.    Trial**

The parties have demanded a jury trial and anticipate a 7-10 day jury trial. The parties propose a trial date be set 180 days after the Plaintiffs' motion for certification.

**K.    Special Procedures**

The parties anticipate a motion for class certification will be filed and an opposition

1 thereto. Plaintiffs propose that a deadline for their filing a motion for certification be set after a
2 further status conference. Plaintiffs propose that this further status conference occur in 120 days
3 to allow the parties to conduct the discovery and amend the complaint as appropriate, as described
4 in Section F of this report.

5     Defendants request the Court to determine whether Plaintiffs' proposed class will be
6 permitted to proceed as such. FRCP 23 requires the Court to make a determination on class
7 certification at an early practicable time. Therefore, Defendants request the Court to set a deadline
8 for plaintiffs to file a motion for class certification as early as practicable. A delay of 120 or more
9 days to determine class certification will unnecessarily delay the case.

10 **L.**    .**Modification to Standard Pretrial Procedures**
11     The parties do not propose any modifications to the standard pretrial procedures.
12 **M.**    **Related Cases**
13     The parties are unaware of any related cases. The state court habitability action has
14 resolved.
15 **N.**    **Settlement Issues**
16     The parties are stipulating to referral of this action to the Voluntary Dispute Resolution
17 Program (VDRP) pursuant to Local Rule 271.
18 **O.**    **Other Matters**
19     The parties wish to appear by telephone at any appearances as allowed by the court:
20     Plaintiffs will call from numbers (510) 834-3300 or (510) 437-1554.
21     Defendants will call from numbers (916) 646-8201 or (916) 646-8214.

| | | |
|---|---|---|
| DATED: October 28, 2016 | | LAW OFFICES OF ANDREW WOLFF, PC |

By: _____/s/ Chris Beatty_____
Chris Beatty
Attorneys for Relators Denika Terry and Roy Huskey III

DATED: October 28, 2016            CENTRO LEGAL DE LA RAZA

By: _____/s/ Jesse Newmark_____
Jesse Newmark
Attorneys for Relators Denika Terry and Roy Huskey III

DATED: October 28, 2016            LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____/s/ Yoon-Woo Nam_____
Joseph A. Salazar Jr.
Yoon-Woo Nam
Attorneys for Wasatch Advantage Group, LLC; Wasatch Property Management, Inc.; Wasatch Pool Holdings, LLC, Chesapeake Commons Holdings, LLC; Logan Park Apartments, LLC; Logan Park Apartments, LP

4848-7305-7851.1

8

JOINT STATUS REPORT