

Yoon-Woo Nam
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Yoon-Woo.Nam@lewisbrisbois.com
Direct: 916.646.8214

March 14, 2017

File No. 6234.11666

**VIA ELECTRONIC MAIL ONLY**

Magistrate Judge Deborah Barnes
U.S. Disrict Court, Eastern District of
California

      Re:    <u>Terry v. Wasatch;</u> USDC Eastern District Case No. 2:15-CV-0799 KJMDAD;
             discovery dispute and letter brief

Dear Judge Barnes:

      Defendants Wasatch Advantage Group, LLC *et al*. submits their single page letter brief as requested in the Court's Minute Order of March 9, 2017.

      Plaintiff's counsel declined to participate in this brief and communicated that Plaintiffs will be filing a separate brief with the Court.

                      Very truly yours,

                      /s/ Yoon-Woo Nam

                      Yoon-Woo Nam for
                      LEWIS BRISBOIS BISGAARD & SMITH LLP

YN

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY
LOUISIANA • MARYLAND • MASSACHUSETTS • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK
NORTH CAROLINA • OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • WASHINGTON • WEST VIRGINIA

Terry v. Wasatch:  Defendants' Position on Issues in Dispute

The scope of Plaintiffs' discovery demands are disproportionate to the claims in this case.  FRCP 26(b)(1)  Defendants agree that Plaintiffs are entitled to pre-certification discovery relevant to certify a class.  But demands that seek 10 years of tenant files for more than 150 Wasatch properties throughout the United States goes too far.  Defendants seek the Court's assistance in modifying the demand and crafting an appropriate scope for discovery.

The parties are conducting pre-certification discovery.  A court may deny or limit class certification discovery according to the needs of the underlying claim.  *Mantolete v. Bolger* (1985) 767 F.2d 1416, 1424.  Here, the Plaintiffs' claim is that the Defendants have charged illegal "rent" for added amenities the Plaintiffs received.  These added amenities fall outside those listed on the underlying standard HAP agreement utilized with all Section 8 tenants.  Currently, there are two Plaintiffs, Ms. TERRY and Mr. HUSKEY each formerly residing at two different Wasatch properties in Sacramento.  Ms. TERRY(now in her second suit against Wasatch) was evicted for not paying her base rent.  Mr. HUSKEY was evicted for threatening his neighbors and using racial epithets.  Plaintiffs' requests for discovery from every property in California, and even throughout the nation are overbroad and unduly burdensome and are not justified by Plaintiffs' needs.  Under Rule 23, the claims or defenses of the representative parties must be typical of the claims and defenses of the class. Here, the defenses against Ms. TERRY's claim and Mr. HUSKEY's claim are not typical to a potential class of tenants.  Before Wasatch is forced to respond to this expanse of discovery, Plaintiffs should be limited to the particular properties where they lived.  This was the remedy utilized by the District court in *Nguyen v. Baxter Healthcare Corp.*, F.R.D. 503, 508 (C.D. Cal. 2011) where Plaintiffs sought discovery from from locations where they never worked and where there was an absence of evidence to indicate company-wide violations. That rationale should apply here too.

Wasatch has an obligation to protect the privacy of unnamed putative class members and third parties who are current and former tenants, especially where no release has been provided nor a *Belaire* opt-out notice consenting to the disclosure. *See Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal.App. 4th 554 (2007); Cal. Const. Art. I. *Pioneer Electronics (USA), Inc. v. Superior Court* 40 Cal. 4th 360 (Cal. 2007); The *Pioneer* court reasoned that the privacy interests of putative class members were adequately protected only after they had received an opt-out notice regarding disclosure of personal identifying information that was mailed in advance of the defendant providing the contact information. (*Id*. at 372.) Also, plaintiffs have served similar demands on the Sacramento Housing & Redevelopment Agency requesting largely the same information.  In a call to that agency, we have learned that they will be redacting the private information in order to respond.  To date, Plaintiffs have not demonstrated a compelling need for discovery of this magnitude and have only offered a generic protective order that does not address *Belaire* concerns.

Defendants have attempted numerous times via telephone calls and correspondence to narrow the scope of discovery to a manageable level. Plaintiffs have refused to stipulate to a stay on discovery pending Defendants' Motion to Dismiss or share in document production costs, which to date have exceeded $6,500 for only two properties. According to plaintiffs, defendants must incur hundreds of thousands of dollars to produce pre-certification discovery irrespective of the atypicality of the current representatives. If the court does allow this overbroad discovery, it should shift those costs to Plaintiffs.. *Boeynaems v. LA Fitness International*, LLC, 285 F.R.D. 331, 334–35, 341 (E.D. Pa. 2012).

/s/ Yoon-Woo Nam, Counsel for Defendants Wasatch Advantage Group, LLC *et al*.

4817-3470-7525.1