March 13, 2017

Dear Magistrate Judge Barnes:

Plaintiffs DENIKA TERRY, *et al.* (hereinafter "plaintiffs"), represented by David Lavine, and Defendants WASATCH ADVANTAGE GROUP, LLC, *et al.* (hereinafter "defendants"), represented by Joseph A. Salazar, Jr. and Yoon-Woo Nam, hereby respectfully submit this joint letter brief in the hope of resolving class discovery disputes pursuant to the Court's informal resolution process.

Brief Background

Plaintiffs' proposed class were or are tenants at one of 69 apartment communities with 16,344 units across five western states owned or managed by defendants. Tenants at these properties received rental assistance through the federal government's Section 8 Housing Choice Voucher Program, (the "Section 8 Program"). Plaintiffs allege that defendants have charged the named plaintiffs and all of the Section 8 tenants at the defendants' properties additional charges for washers and dryers, covered parking, and renters' insurance, none of which are listed in the Section 8 Program housing contracts or in the lease agreements approved by the local Sacramento Housing & Redevelopment Agency program administrator. Defendants deny these allegations and dispute that the additional charges for the amenities are de facto additional rental payments, which are not allowed under the Section 8 Program. Defendants entered into separate "Additional Services Agreements" with plaintiffs TERRY and HUSKEY for the washer and dryer, covered parking and/or renters' insurance. Furthermore, defendants maintain TERRY and HUSKEY were evicted for other reasons, not for failing to pay these charges.

Brief Synopsis of Discovery Disputes

Plaintiffs served Interrogatories Nos. 1-6 and Requests for Production of Documents Nos. 1-26. Defendants served overbreadth, burden and privacy objections and responses on February 13, 2017. Substantive responses were minimal, and limited only to complexes where TERRY and HUSKEY resided. On January 26, 2017, plaintiffs also served three Notices of Deposition for defendants' persons most knowledgeable (PMK) to testify as to defendants' policies regarding Section 8 tenants at their properties in the city of Sacramento, in the State of California, and in the western states where defendants rent to Section 8 tenants. Defendants served similar objections to the three PMK deposition notices. Defendants have agreed to produce only the Sacramento-based PMK, and only redacted documents from the Sacramento-area properties where plaintiffs resided.

Efforts to Meet and Confer

The parties conferred extensively by telephone and in writing, but no resolution was reached.

Plaintiffs' Position on Overbreadth, Undue Burden and Privacy Objections Asserted to Class Discovery

Pre-certification discovery is permitted of matters relevant to the certification process, e.g., number of eligible class members, existence of common questions, typicality of claims, etc. Plaintiffs often need discovery from defendants in order to prove an ascertainable class. District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court. *Vinole v. Countrywide Home Loans Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). Any objection claiming undue burden must adequately specify the nature of the burden and how such a burden makes it unreasonable to comply with the request. *See, e.g., Thomas v. Cate*, 1:05-cv-01198-LJO-JMD-HC, 2010 U.S. Dist. LEXIS 21750, at *45 (E.D.Cal. Feb. 19, 2010).

In this case, plaintiffs' discovery requests seek information as is necessary to prove the elements of a certifiable class - most notably, the identity and contact information of eligible class members. Indeed, the purpose of pre-certification discovery is in significant measure to allow the parties to ascertain the size of the putative class, and to establish its membership. This information is currently

available to defendants, but not otherwise to plaintiffs.  Without such discovery, the purpose of class litigation - to enable liability determinations and recovery for all eligible persons - would be thwarted.

Defendants have not demonstrated overbreadth or undue burden in their objections or during the meet and confer process.  Defendants have served notice that they are unilaterally and artificially limiting the scope of the class to tenants at its Sacramento-area properties - even though they have conceded in the meet-and-confer process that they house Section 8 tenants at their other properties in California and in other states, with no difference apparent in policies or practices toward those tenants.  That plaintiffs discovered the abusive practices toward Section 8 tenants in defendants' Sacramento-area properties does not limit its allowable inquiry to Sacramento or those properties.  To the contrary, plaintiffs are entitled to look into whether the same practices occurring at its Sacramento-area properties are also pervasive at defendants' other properties in California and other western states.

To reduce the burden associated with production, plaintiffs have offered from the outset of discussions to tier the document production over as many dates as defendants needed - even to the point of offering to join with defendants in a stipulation to extend the class certification discovery cut-off deadline and hearing if justified by the volume of production.  But working to mitigate the production burden did not appear of interest to defendants.  Their response was to limit discovery responses, production and deposition testimony, as redacted, to their Sacramento properties - full stop.  They have not proposed or sought a protective order limiting their discovery duties to this subset of their properties, or by time to cover a shorter period.  Accordingly, defendants should be compelled to respond, and to produce documents responsive, to plaintiffs' requests, and to provide all PMKs noticed for deposition.

Nor should defendants' privacy objection bring class discovery to a standstill.  The case which defendants cite in support, *Pioneer Electronics (USA), Inc., v. Superior Court*, 40 Cal. 4th 360, states the contrary position at page 373:  "Contact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case (internal citations omitted).  Such disclosure involves no revelation of personal or business secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life."  *See Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal.App.4th, 554, 561 (2007) (privacy concerns may be of greater significance in employee class action suits than in consumer class action suits).  Again, plaintiffs suggested a tailored protective order, but defendants showed no interest, instead categorically refusing production of anything they have deemed private.

<u>Defendants' Position on Issues in Dispute</u>

The scope of Plaintiffs' discovery demands are disproportionate to the claims in this case.  FRCP 26(b)(1).  Defendants agree that Plaintiffs are entitled to pre-certification discovery relevant to certify a class.  But demands that seek 10 years of tenant files for more than 60 Wasatch properties throughout the United States goes too far.  Defendants seek the Court's assistance in modifying the demand and crafting an appropriate scope for discovery.

The parties are conducting pre-certification discovery.  A court may deny or limit class certification discovery according to the needs of the underlying claim.  *Mantolete v. Bolger* 767 F.2d 1416, 1424 (1985).  Here, the Plaintiffs' claim is that the Defendants have charged illegal "rent" for added amenities the Plaintiffs received.  These added amenities fall outside those listed on the underlying standard HAP agreement utilized with all Section 8 tenants.  Currently, there are two Plaintiffs, Ms. TERRY and Mr. HUSKEY each formerly residing at two different Wasatch properties in Sacramento.  Ms. TERRY(now in her second suit against Wasatch) was evicted for not paying her base rent.  Mr. HUSKEY was evicted for threatening his neighbors and using racial epithets.  Plaintiffs' requests for discovery from every property in California, and even throughout the nation are overbroad and unduly burdensome and are not justified by Plaintiffs' needs.  Under Rule 23, the claims or defenses of the representative parties must be typical of the claims and defenses of the class.  Here, the defenses

against Ms. TERRY's claim and Mr. HUSKEY's claim are not typical to a potential class of tenants. Before Wasatch is forced to respond to this expanse of discovery, Plaintiffs should be limited to the particular properties where they lived.  This was the remedy utilized by the District court in *Nguyen v. Baxter Healthcare Corp.*, F.R.D. 503, 508 (C.D. Cal. 2011) where Plaintiffs sought discovery from from locations where they never worked and where there was an absence of evidence to indicate company-wide violations. That rationale should apply here too.

Wasatch has an obligation to protect the privacy of unnamed putative class members and third parties who are current and former tenants, especially where no release has been provided nor a *Belaire* opt-out notice consenting to the disclosure. *See Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal.App. 4th 554 (2007); Cal. Const. Art. I. *Pioneer Electronics (USA), Inc. v. Superior Court* 40 Cal. 4th 360 (Cal. 2007). The *Pioneer* court reasoned that the privacy interests of putative class members were adequately protected only after they had received an opt-out notice regarding disclosure of personal identifying information that was mailed in advance of the defendant providing the contact information. (*Id*. at 372.) Also, plaintiffs have served similar demands on the Sacramento Housing & Redevelopment Agency requesting largely the same information.  In a call to that agency, we have learned that they will be redacting the private information in order to respond.  To date, Plaintiffs have not demonstrated a compelling need for discovery of this magnitude and have only offered a generic protective order that does not address *Belaire* concerns.

Defendants have attempted numerous times via telephone calls and correspondence to narrow the scope of discovery to a manageable level. Plaintiffs have refused to stipulate to a stay on discovery pending Defendants' Motion to Dismiss or share in document production costs, which to date have exceeded $6,500 for only two properties. According to plaintiffs, defendants must incur hundreds of thousands of dollars to produce pre-certification discovery irrespective of the atypicality of the current representatives. If the court does allow this overbroad discovery, it should shift those costs to Plaintiffs. *Boeynaems v. LA Fitness International*, LLC, 285 F.R.D. 331, 334–35, 341 (E.D. Pa. 2012).