1  David Lavine
   **LAW OFFICE OF ANDREW WOLLF**
2  1956 Webster Street, Ste. 275
   Oakland, CA 94612
3  Attorneys for Relators DENIKA TERRY and ROY HUSKEY III

4  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JOSEPH A. SALAZAR JR., SB# 169551
5     E-Mail: Joe.Salazar@lewisbrisbois.com
   YOON-WOO NAM, SB# 284644
6     E-Mail: Yoon-Woo.Nam@lewisbrisbois.com
   2020 West El Camino Avenue, Suite 700
7  Sacramento, California 95833
   Telephone: 916.564.5400
8  Facsimile: 916.564.5444

9  Attorneys for Wasatch Advantage Group, LLC;
   Wasatch Property Management, Inc.; Wasatch
10 Pool Holdings, LLC, Chesapeake Commons
   Holdings, LLC; Logan Park Apartments, LLC;
11 Logan Park Apartments, LP

12

13                **UNITED STATES DISTRICT COURT**

14              **EASTERN DISTRICT OF CALIFORNIA**

15                  **SACRAMENTO DIVISION**

16

17 | UNITED STATES OF AMERICA, ex rel. | CASE NO. 2:15-cv-00799-KJM-DB |
   | DENIKA TERRY and ROY HUSKEY III, | |
18 | and each of them for themselves individually, | **JOINT STATEMENT RE DISCOVERY** |
   | and for all other persons similarly situated and | **DISAGREEMENT** |
19 | on behalf of the UNITED STATES OF | |
   | AMERICA, | Judge:   Hon. Deborah Barnes |
20 | | Date:    March 24, 2017 |
   |                 Plaintiffs/Relators, | Time:    10:00 |
21 | | Crtrm.:  27, 8th Floor |
   |                 vs. | |
22 | | The Hon. Kimberly J. Mueller |
   | WASATCH ADVANTAGE GROUP, LLC, | |
23 | WASATCH PROPERTY MANAGEMENT, | Trial Date:        None Set |
   | INC., WASATCH POOL HOLDINGS, LLC, | |
24 | CHESAPEAKE COMMONS HOLDINGS, | |
   | LLC, LOGAN PARK APARTMENTS, LLC; | |
25 | LOGAN PARK APARTMENTS, LP, | |
26 |                 Defendants. | |

27

28         Plaintiffs DENIKA TERRY, et al. (hereinafter "plaintiffs"), and Defendants WASATCH

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  ADVANTAGE GROUP, LLC, et al. (hereinafter "defendants"), hereby respectfully submit their

2  Joint Statement Regarding Discovery Disagreement ("Joint Statement") in accordance with Local

3  Rule 251.  This Joint Statement stands in place of a motion to compel defendant to serve further

4  responses to Plaintiffs' discovery requests, to produce documents, and to produce witnesses for

5  deposition, pursuant to Fed.R.Civ.P. 37.

6  **I. CLASS CERTIFICATION DISCOVERY EFFORTS TO DATE**

7       In order to facilitate preparation of their motion for class certification, and in particular to

8  help delineate the boundaries of the putative class, on January 9, 2017 plaintiffs served defendants

9  with their first sets of Interrogatories, consisting of Interrogatory Nos. 1 to 6, and Requests for

10  Production of Documents, consisting of Request Nos. 1 to 26.  Defendants served primarily

11  overbreadth, burden and privacy objections, together with other objections no longer at issue, and

12  some responses, on February 13, 2017.

13       On January 26, 2017, plaintiffs also served three Notices of Deposition for pursuant to

14  FRCP 30.  These notices required defendants to designate persons most knowledgeable (PMK) to

15  testify as to defendant's policies regarding Section 8 tenants at their properties in the city of

16  Sacramento, in the State of California, and nationwide.  Defendants objected to plaintiffs'

17  demands in both written discovery requests and deposition notices for Section 8 tenant

18  information for the past ten (10) years.  As evidenced in their First Amended Complaints,

19  plaintiffs are aware the recoverable claims period under the False Claims Act – the federal

20  "whistleblower" law - is six (6) years.  Defendants also objected to producing witnesses for any

21  more than the buildings owned in the Sacramento area and where plaintiffs resided, and served

22  overbreadth, burden and privacy objections once again.  Defendants have agreed to produce only

23  the Sacramento-based PMK, and have declined to produce the other two PMKs.

24       Upon review of defendants' written objections and responses, plaintiffs' counsel met and

25  conferred with defendants' counsel in a call on February 16, 2017 regarding plaintiffs' concerns.

26  On February 24, 2017, plaintiffs' counsel sent a letter to defendants' counsel identifying the

27  inadequacies and requesting further responses.  The same date, Defendants' counsel sent a letter

28  to (i) request to stay discovery pending a ruling on Defendants' Motion to Dismiss (heard before

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

JOINT STATEMENT RE DISCOVERY DISAGREEMENT

1  Judge Mueller on December 2, 2012); and (ii) narrow the scope of plaintiffs' discovery requests to

2  the six years permissible under the False Claims Act in the hopes of avoiding the need for a

3  protective order. Plaintiffs' counsel and defendants' counsel met and conferred by telephone

4  conference and e-mail several times thereafter to discuss the objections defendants were standing

5  on:  scope (geography and time) of class discovery, burden and privacy.  Plaintiffs proposed

6  document production tiered by geographic area over the class discovery period to ease production

7  difficulties and denied defendants' request to the stay of discovery and repeated their demands for

8  unredacted documents for the past ten (10) years from every Wasatch property.  Defendants

9  considered this phased production proposal, but ultimately did not agree to a production that did

10  not limit the scope to properties outside of Sacramento area and the past six years (6) instead of

11  ten (10) years, or adequately address their privacy concerns. Still on February 24, 2017,

12  Defendants produced approximately 650 pages of unredacted documents relating to the named

13  plaintiffs in response to each of plaintiffs' request for production of documents to the extent such

14  requested documents were in the plaintiffs' tenant file.  After a thorough meet and confer process,

15  including telephonic and email communications on February 27 and 28, defendants' counsel sent

16  plaintiffs' counsel a letter on March 1, 2017 setting forth Defendant's final position on the dispute,

17  and reiterating defendants' refusal to respond to plaintiffs' discovery requests beyond providing

18  redacted information and documents concerning the Sacramento-area tenants only, absent court

19  resolution of their scope, burden and privacy objections.  The parties continued to meet and confer

20  via e-mail communications on March 1, 2, 3, and 6.  A recent effort by the parties to bring their

21  class certification discovery dispute to the court for resolution through informal briefing and

22  telephonic conference was not successful.  Having come to an impasse in their attempts to resolve

23  these issues, both parties bring the discovery dispute to the Court for resolution under L.R. 251.

24  ## II. NATURE AND POSTURE OF THE CASE

25         Defendants own or manage 69 apartment communities with 16,344 units across California,

26  Utah, Arizona, Colorado, and Washington.  Defendants' properties include apartment complexes

27  in Sacramento and Rancho Cordova, California.  At their Sacramento-area properties alone,

28  defendants rent to over 150 tenant households receiving rental assistance through the federal

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    government's Section 8 Housing Choice Voucher Program ("Section 8 Program").  Defendants

2    have confirmed that they rent to Section 8 tenants in their other properties, though it remains

3    unknown to plaintiffs how many Section 8 tenants reside at defendants' other properties.  At

4    relevant times, the named plaintiffs were defendants' tenants at the Sacramento-area properties and

5    received rental assistance through the Section 8 Program.

6          Under the Section 8 Program, the federal government assists low income tenants by paying

7    some or all of their rent, directly to their landlords.  42 U.S.C.A. § 1437f(a); 24 C.F.R. § 982.1(a).

8    Section 8 tenants pay 30-40% of their income towards rent (including utilities), and the

9    government separately pays the remainder to the landlord.  42 U.S.C. § 1437f(o)(2) (3).  The

10    portion paid by the government is called a "Housing Assistance Payment" (HAP),  24 C.F.R. §

11    982.4(b), and is governed by what are known as HAP Contracts.

12          By way of example, in 2010 and 2011, respectively, defendants and the local housing

13    authority in Sacramento entered into HAP Contracts with named plaintiffs Terry and Huskey.  At

14    the same time, defendants and plaintiffs entered into HUD prescribed Lease Supplemental

15    Agreements, including a Tenancy Addendum that mirrors Part C of the HAP Contracts.  At issue

16    in the case, defendants also required that plaintiffs sign various separate lease agreements and

17    addenda, written and presented by defendants.

18          Part C(6) of the HAP Contracts regulates "Other Fees and Charges," by mandating that a

19    landlord may not charge tenants for "items customarily included in rent to owner in the locality, or

20    provided at no additional cost to unsubsidized tenants in the premises," and that nonpayment of

21    extra charges cannot be a ground for eviction.  Defendants concede they entered into separate

22    "Residential Rental Agreements" with plaintiffs, which include "Additional Services Agreements."

23    These agreements, written and presented by defendants, require additional charges for washers and

24    dryers, covered parking, and renters' insurance, none of which are listed in the HAP Contracts.

25    These agreements expressly provide that: "A default under this Agreement is a default under the

26    lease . . . and shall cause [owners] to terminate the Residents tenancy."

27          Plaintiffs allege that defendants have charged them, and all of their Section 8 tenants

28    across their properties in California and other states, additional charges that violate the Section 8

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   statute and regulations, as well as defendants' HAP Contracts.  Defendants admit that the

2   additional charges were made, but dispute plaintiffs' contention that the additional charges

3   constitute unlawful side payments prohibited by the HAP Contracts under the Section 8 legal

4   structure. Defendants also maintain that neither Terry, Huskey, nor any Section 8 tenant has been

5   evicted for failure to pay for additional charges.  As evident in their tenant files produced to

6   plaintiffs, the named plaintiffs were evicted in conformity with the HAP Contracts for failure to

7   pay rent (Terry) or threatening neighbors and using racist epithets (Huskey).

8          **III. DISCOVERY ITEMS IN DISPUTE AND THE PARTIES' CONTENTIONS**

9              **A. Content of Interrogatories and Responses**

10         The following sets forth verbatim the content of plaintiffs' Interrogatories and defendant's

11  responses thereto.

12  Plaintiff's Interrogatory No. 1:

13         Identify (by name, address, and telephone number) all tenants that YOU had in the last 10

14  years who, at any point during those 10 years, received subsidies through the Department of

15  Housing and Urban Development ("HUD") Housing Choice Voucher Program (commonly known

16  as "Section 8").

17  Defendant's Response:

18         Objection. This interrogatory seeks information that if disclosed would violate third-

19  parties' right to privacy and will not be disclosed without proper notice. Cal. Const., art. I, 1;

20  *Pioneer Electronics (USA), Inc., v. Superior Court*, 40 Cal. 4th 360 (Cal. 2007). Further objection

21  is made on the grounds that this interrogatory is overbroad and unduly burdensome because it

22  seeks discovery of hundreds of tenants who do not have similar rental histories as Plaintiff

23  DENIKA TERRY and is not narrowly tailored. Objection is also made on the grounds of attorney-

24  client privilege and attorney work product.

25  Plaintiffs' Rebuttal to Defendant's Objections:

26         Defendant's first objection, that the disclosure of the information sought in the

27  interrogatories would violate the privacy rights of third parties, is simply wrong. As a matter of

28  fact, the case which Defendant cites in support of this proposition, *Pioneer Electronics (USA),*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7961-5301.1                    5                    2:15-cv-00799-KJM-DB
JOINT STATEMENT RE DISCOVERY DISAGREEMENT

1    *Inc., v. Superior Court*, 40 Cal. 4th 360, says the opposite at page 373: "Contact information

2    regarding the identity of potential class members is generally discoverable, so that the lead

3    plaintiff may learn the names of other persons who might assist in prosecuting the case. (E.g.,

4    *Bartold v. Glendale Federal Bank* (2000) 81 Cal.App.4th 816, 820 821, 836; *Budget Finance Plan*

5    *v. Superior Court* (1973) 34 Cal.App.3d 794, 799 800; see Code Civ. Proc., § 2017.010.)  Such

6    disclosure involves no revelation of personal or business secrets, intimate activities, or similar

7    private information, and threatens no undue intrusion into one's personal life." Indeed, it is vitally

8    necessary for Plaintiffs to identify potential class members for the sake of determining the size of

9    the potential class. To deny Plaintiffs this information would be to defeat the purposes of class

10   litigation.

11        Defendant's second objection, that the interrogatories are unduly burdensome because of

12   their breadth, is insufficient to excuse a substantive response as it does not specify the nature of

13   the burden. *Thomas v. Cate*, No. 1:05 cv 01198 LJO JMD HC, 2010 U.S. Dist. LEXIS 21750, at

14   *45 (E.D. Cal. Feb. 19, 2010); *Masters v. Gilmore*, No. 08 cv 02278 (D. Colo. Nov. 17, 2009);

15   *State Farm Mut. v. Injury Rehab. Clinic, Inc.*, No. 07 CV 15129, 2008 U.S. Dist. LEXIS 50507, at

16   *11 12 (E.D. Mich. Jun. 30, 2008). See also Fed. R. Civ. P. 33(b)(4).

17        FRCP Rule 26(b)(2)(C)(iii) allows the Court broad discretion in balancing the burden of

18   any response to an interrogatory against the needs and interests to be served by the response. In

19   this case, Plaintiffs must have the information requested in these interrogatories to determine the

20   size and membership of the class. The information is available to Defendant, and only to

21   Defendant; there is no other way for Plaintiff to discover it. Absent a showing of burden, which

22   Defendant has not made, the objection of undue burden cannot be sustained.

23        Defendant's final objection on the grounds of attorney client privilege and attorney work

24   product is not even properly stated. Objections to discovery must be specific, as must claims of

25   privilege. The Ninth Circuit has held that a boilerplate privilege objection is insufficient and

26   identified many factors for lower courts to consider when deciding if the responding party's failure

27   to produce a privilege log within thirty days constitutes a waiver of the privileges asserted.

28   (*Burlington N. & Santa Fe Ry. v. U.S. Dist. Court*, 408 F.3d 1142 at *20, (9th Cir.), cert. denied,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    546 U.S. 939 (2005).) Defendant has not stated in any way how the information sought by these

2    interrogatories might be privileged, nor can it do so. These interrogatories seek information

3    regarding the identities and locations of putative class members, information that cannot be

4    privileged.

5    Defendant's Response to Plaintiffs' Rebuttal

6         Defendants have properly objected to plaintiffs' attempt to violate the privacy of third

7    parties. Plaintiffs' mis-cite the holdings in *Pioneer* and *Bel-Aire* by failing to note that in each

8    case, a notice to the third-party putative class members was required to protect their acknowledged

9    privacy interests before contact information could be produced by the defendants.

10        Defendants' objections based on overbreadth of scope in terms of time and geography are

11   supported by Federal Rule of Procedure 26. The 2015 amendment to the Federal Rule of Civil

12   Procedure 26 validates Defendants' request to Plaintiffs to limit the scope of discovery. FRCP

13   26(b)(1) states: Parties may obtain discovery regarding any nonprivileged matter that is relevant to

14   any party's claim or defense and *proportional to the needs of the case* . . . ." The Advisory

15   Committee's notes go on to state, that the "objective is to guard against redundant or

16   disproportionate discovery by giving the court authority to reduce the amount of discovery that

17   may be directed to matters that are otherwise proper subjects of inquiry.  The new sentence is

18   intended to encourage judges to be more aggressive in identifying and discouraging discovery

19   overuse.  The grounds mentioned in the amended rule for limiting discovery reflect the existing

20   practice of many courts in issuing protective orders under Rule 26(c)."  A court may deny or limit

21   class certification discovery according to the needs of the underlying claim.  *Mantolete v. Bolger*

22   (1985) 767 F.2d 1416, 1424.

23        Here, the Plaintiffs' claim is that the Defendants have charged illegal "rent" for added

24   amenities the Plaintiffs received.  Currently, there are two plaintiffs, Ms. TERRY and Mr.

25   HUSKEY each formerly residing at two different Wasatch properties in Sacramento. Plaintiffs'

26   requests for discovery from every property in California, and even throughout the nation are

27   overbroad and unduly burdensome and are not justified by Plaintiffs' needs.

28        Also, under Rule 23, the claims or defenses of the representative parties must be typical of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7961-5301.1                                    7                        2:15-cv-00799-KJM-DB
JOINT STATEMENT RE DISCOVERY DISAGREEMENT

1  the claims and defenses of the class.  Here, the defenses against Ms. TERRY's claim and Mr.

2  HUSKEY's claim are not typical to a potential class of tenants because before Wasatch is forced

3  to respond to this expanse of discovery, Plaintiffs should be limited to the particular properties

4  where they lived.  This was the remedy utilized by the District court in *Nguyen v. Baxter*

5  *Healthcare Corp.*, F.R.D. 503, 508 (C.D. Cal. 2011) where Plaintiffs sought discovery from

6  locations where they never worked and where there was an absence of evidence to indicate

7  company-wide violations. That rationale should apply here too.

8       Finally, plaintiffs have not demonstrated a compelling need for the contact information of

9  the third-parties. "When the constitutional right of privacy is involved, 'the party seeking

10  discovery must demonstrate a compelling need … and that compelling need must be so strong as

11  to outweigh the privacy right when … competing interests are balanced." *Salgado v. Land O*

12  *Lakes*, 2014 U.S. Dist. LEXIS 175158 at 23 (E.D. Cal 2014). In *Salgado,* the court ruled that

13  plaintiffs had showed sufficient need for the contact information of putative class members in

14  precertification discovery. *Id*. at 28.  However, the court allowed limited disclosure to only within

15  that litigation only after plaintiffs proposed to implement a *Bel-Aire* notice by which the putative

16  class members could opt out of the disclosure of their private contact information. Furthermore,

17  the court acknowledged that it maintained "wide latitude in deciding whether contact information

18  of putative class members should be produced prior to class certification."

19       Here, plaintiffs have refused to acknowledge the defendants' objection based on the need

20  for an opt-out notice. Also, plaintiffs have failed to show a compelling need for this information

21  from defendants where plaintiffs have also sought and are expected to receive largely the same

22  documents defendants possess from the Sacramento Housing & Redevelopment Agency; plaintiffs

23  served subpoenas on the agency at the commencement of the discovery period.

24  Plaintiff's Interrogatory No. 2:

25       Identify (by name, address, and telephone number) all individuals who are putative class

26  members in the present action.

27  Defendant's Response:

28       Objection.  This interrogatory seeks information that if disclosed would violate third-

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  parties' right to privacy and will not be disclosed without proper notice. Cal. Const., art. I; *Pioneer*

2  *Electronics (USA), Inc.*, v. Superior Court, 40 Cal. 4th 360 (Cal. 2007).  Further objection is made

3  on the grounds that this interrogatory is overbroad and unduly burdensome because it seeks

4  discovery of hundreds of tenants who do not have similar rental histories as Plaintiff DENIKA

5  TERRY and is not narrowly tailored. Objection is also made on the grounds of attorney-client

6  privilege and attorney work product.

7  <u>Plaintiffs' Rebuttal to Defendant's Objections:</u>

8       See Plaintiff's Rebuttal to Defendant's Objections to Interrogatory No. 1.

9  <u>Defendant's Response to Plaintiff's Rebuttal:</u>

10       See Defendant's Response to Plaintiff's Rebuttal to Interrogatory No. 1.

11 <u>Plaintiff's Interrogatory No. 3</u>:

12       State the number of claims submitted to any federal agency (including HUD) by YOU for

13 a rental subsidy payment from HUD for any HUD subsidized tenant, since January 1, 2007.

14 <u>Defendant's Response:</u>

15       Objection. This interrogatory seeks information that if disclosed would violate third-

16 parties' right to privacy and will not be disclosed without proper notice. Cal. Const., art. I, *Pioneer*

17 *Electronics (USA), Inc., v. Superior Court*, 40 Cal. 4th 360 (Cal. 2007). Further objection is made

18 on the grounds that this interrogatory is overbroad and unduly burdensome because it seeks

19 discovery of hundreds of tenants who do not have similar rental histories as Plaintiff DENIKA

20 TERRY and is not narrowly tailored. Objection is also made on the grounds of attorney-client

21 privilege, attorney work product and answering this interrogatory would require Responding Party

22 to engage in burdensome or expensive research. Without waiver of the foregoing objections

23 Responding Party produces herewith business records - printouts from the Sacramento Housing

24 and Redevelopment Agency website for Chesapeake Commons Apartments and California Place

25 Apartments - from which Plaintiff can ascertain the discovery sought within this interrogatory.

26       Investigation and discovery are continuing and Responding Party reserves the right to

27 supplement this response.

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7961-5301.1                                     9                         2:15-cv-00799-KJM-DB
JOINT STATEMENT RE DISCOVERY DISAGREEMENT

1    Plaintiffs' Rebuttal to Defendant's Objections:

2        See Plaintiff's Rebuttal to Defendant's Objections to Interrogatory No. 1.

3    Defendant's Response to Plaintiff's Rebuttal:

4        See Defendant's Response to Plaintiff's Rebuttal to Interrogatory No. 1.

5    Plaintiff's Interrogatory No. 4:

6        State the number of rental payments you have accepted from HUD a for any rental subsidy

7    payment for a HUD subsidized tenant, since January 1, 2007.

8    Defendant's Response:

9        Objection. This interrogatory seeks information that if disclosed would violate third-

10   parties' right to privacy and will not be disclosed without proper notice. Cal. Const., art. I, *Pioneer*

11   *Electronics (USA), Inc., v. Superior Court*, 40 Cal. 4th 360 (Cal. 2007). Further objection is made

12   on the grounds that this interrogatory is overbroad and unduly burdensome because it seeks

13   discovery of hundreds of tenants who do not have similar rental histories as Plaintiff DENIKA

14   TERRY and is not narrowly tailored. Objection is also made on the grounds of attorney-client

15   privilege, attorney work product and answering this interrogatory would require Responding Party

16   to engage in burdensome or expensive research. Without waiver of the foregoing objections

17   Responding Party will produce business records - printouts from the Sacramento Housing and

18   Redevelopment Agency website for Chesapeake Commons Apartments and California Place

19   Apartments - from which Plaintiff can ascertain the discovery sought within this interrogatory.

20       Investigation and discovery are continuing and Responding Party reserves the right to

21   supplement this response.

22   Plaintiffs' Rebuttal to Defendant's Objections:

23       See Plaintiff's Rebuttal to Defendant's Objections to Interrogatory No. 1.

24   Defendant's Response to Plaintiff's Rebuttal:

25       See Defendant's Response to Plaintiff's Rebuttal to Interrogatory No. 1.

26   Plaintiff's Interrogatory No. 5:

27       Identify (by name of property, if any, and address) all properties at which YOU have made

28   any ADDITIONAL SERVICE CHARGE to any HUD subsidized tenant.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7961-5301.1                                    10                          2:15-cv-00799-KJM-DB
JOINT STATEMENT RE DISCOVERY DISAGREEMENT

1  Defendant's Response:

2      Objection. This interrogatory seeks information that if disclosed would violate third-

3  parties' right to privacy and will not be disclosed without proper notice. Cal. Const., art. I, □ 1;

4  Pioneer Electronics (USA), Inc., v. Superior Court, 40 Cal. 4th 360 (Cal. 2007). Further objection

5  is made on the grounds that this interrogatory is overbroad and unduly burdensome because it

6  seeks discovery of hundreds of tenants who do not have similar rental histories as Plaintiff

7  DENIKA TERRY and is not narrowly tailored. Objection is also made on the grounds of attorney-

8  client privilege and attorney work product. Without waiver of the foregoing objections

9  Responding Party responds as follows:

10     In the Sacramento region, Chesapeake Commons Apartments, 3600 Data Dr., Rancho

11  Cordova, CA 95670; Logan Park Apartments, 4215 Palm Ave., Sacramento, CA 95842; California

12  Place Apartments, 6633 Valley Hi Drive, Sacramento, CA 95823; Sun Valley Apartments, 4719

13  50th Ave, Sacramento, CA 95823.

14     Investigation and discovery are continuing and Responding Party reserves the right to

15  supplement this response.

16  Plaintiffs' Rebuttal to Defendant's Objections:

17     See Plaintiff's Rebuttal to Defendant's Objections to Interrogatory No. 1.

18  Defendant's Response to Plaintiff's Rebuttal:

19     See Defendant's Response to Plaintiff's Rebuttal to Interrogatory No. 1.

20  Plaintiff's Interrogatory No. 6:

21     For each property identified in response to Interrogatory Number 5, identify (by type of

22  service and amount charged) each ADDITIONAL SERVICE CHARGE that YOU have made to

23  any HUD subsidized tenant at that property.

24  Defendant's Response:

25     Objection. This interrogatory seeks information that is overbroad and unduly burdensome

26  because it seeks information not reasonably calculated to lead to the discovery of admissible

27  evidence and is not narrowly tailored. Objection is also made on the grounds of attorney-client

28  privilege and attorney work product. Without waiver of the foregoing objections Responding Party


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7961-5301.1                                     11                          2:15-cv-00799-KJM-DB
JOINT STATEMENT RE DISCOVERY DISAGREEMENT

1  responds as follows:

2       Chesapeake Commons Apartments, 3600 Data Dr., Rancho Cordova, CA 95670:

3          •    Washer/dryer rental: $40.00 per month

4          •    Renter's insurance: $15.58 per month

5          •    Covered parking: $10:00 per month

6          •    Rent Plus credit monitoring: $5.00 per month

7       Logan Park Apartments, 4215 Palm Ave., Sacramento, CA 95842:

8          •    Responding Party no longer owns or manages this property but is informed and

9  believes it charged approximately $50.00 for washer/dryer rental and approximately $17.91 for

10  renter's insurance.

11       California Place Apartments, 6633 Valley Hi Drive, Sacramento, CA 95823:

12          •    Washer/dryer rental: $40.00 per month

13          •    Renter's insurance: $15.58 per month

14          •    Covered parking: $10:00 per month

15          •    Rent Plus credit monitoring: $5.00 per month

16       Sun Valley Apartments, 4719 50th Ave, Sacramento, CA 95823:

17          •    Responding Party no longer owns or manages this property but is informed and

18  believes renter's insurance was an additional service charge.

19  Plaintiffs' Rebuttal to Defendant's Objections:

20       See Plaintiff's Rebuttal to Defendant's Objections to Interrogatory No. 1.

21  Defendant's Response to Plaintiff's Rebuttal:

22       See Defendant's Response to Plaintiff's Rebuttal to Interrogatory No. 1.

23       **B. Content of Requests for Production and Responses**

24       The following sets forth verbatim the content of Plaintiffs' Requests for Production and

25  Defendant's responses thereto.

26  Plaintiff's Request for Production No. 1:

27       Any and all DOCUMENTS that REFER, REFLECT, or RELATE to any Department of

28  Housing and Urban Development ("HUD") subsidized tenant YOU had in the last 10 years.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Plaintiff's Request for Production No. 2:

2          Any and all DOCUMENTS that REFER, REFLECT, or RELATE to a Housing Assistance

3  Payment Contract ("HAP CONTRACT") YOU had in the last 10 years with HUD.

4  Plaintiff's Request for Production No. 3:

5          Any and all DOCUMENTS that REFER, REFLECT, or RELATE to a lease YOU had in

6  the last 10 years with a HUD subsidized tenant.

7  Plaintiff's Request for Production No. 4:

8          Any and all DOCUMENTS that REFER, REFLECT, or RELATE to a resident ledger

9  YOU maintained for a HUD subsidized tenant.

10  Plaintiff's Request for Production No. 5:

11          Any and all DOCUMENTS that REFER, REFLECT, or RELATE to a Subsidy

12  Adjustment Notice YOU received from HUD.

13  Plaintiff's Request for Production No. 6:

14          Any and all DOCUMENTS that REFER, REFLECT, or RELATE to a Subsidy

15  Adjustment Notice YOU received from Sacramento Housing & Redevelopment Agency

16  ("SHRA").

17  Plaintiff's Request for Production No. 8:

18          Any and all DOCUMENTS that REFER, REFLECT, or RELATE to any and all

19  COMMUNICATION that YOU received from any government, government agency or

20  government department and/or bureau during any portion of the term of PLAINTIFFS' tenancies.

21  Plaintiff's Request for Production No. 9:

22          Any and all DOCUMENTS that REFER, REFLECT, or RELATE to any and all

23  COMMUNICATION that REFER, REFLECT, or RELATE to a HAP CONTRACT.

24  Plaintiff's Request for Production No. 10:

25          Any and all DOCUMENTS that REFER, REFLECT, or RELATE to any and all

26  COMMUNICATION that REFER, REFLECT, or RELATE to a Subsidy Adjustment Notice.

27  Plaintiff's Request for Production No. 12:

28          Any and all DOCUMENTS that REFER, REFLECT, or RELATE to any and all



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  ADDITIONAL SERVICE CHARGES YOU made to a HUD subsidized tenant.

2  Plaintiff's Request for Production No. 13:

3         Any and all DOCUMENTS that REFER, REFLECT, or RELATE to any and all

4  COMMUNICATION that REFER, REFLECT, or RELATE to any and all ADDITIONAL

5  SERVICE CHARGES YOU made to a HUD subsidized tenant.

6  Plaintiff's Request for Production No. 14:

7         Any and all DOCUMENTS that REFER, REFLECT, or RELATE to any and all

8  COMMUNICATION that REFER, REFLECT, or RELATE to approval or non approval by HUD

9  of any and all ADDITIONAL SERVICE CHARGES YOU made to a HUD subsidized tenant,

10  including but not limited to additional service agreements.

11  Plaintiff's Request for Production No. 15:

12         Any and all DOCUMENTS that REFER, REFLECT, or RELATE to any and all

13  COMMUNICATION that REFER, REFLECT, or RELATE to approval or non approval by

14  SHRA of any and all ADDITIONAL SERVICE CHARGES YOU made to a HUD subsidized

15  tenant.

16  Plaintiff's Request for Production No. 16:

17         Any and all DOCUMENTS that REFER, REFLECT, or RELATE to any and all

18  COMMUNICATION that REFER, REFLECT, or RELATE to approval or non approval by any

19  local housing authority of any and all ADDITIONAL SERVICE CHARGES YOU made to a

20  HUD subsidized tenant.

21  Plaintiff's Request for Production No. 17:

22         Any and all DOCUMENTS that REFER, REFLECT, or RELATE to any and all eviction

23  actions that YOU have filed against a HUD subsidized tenant for nonpayment of rent, including

24  but not limited to nonpayment of ADDITIONAL SERVICE CHARGES.

25  Plaintiff's Request for Production No. 18:

26         Any and all DOCUMENTS that REFER, REFLECT, or RELATE to any and all notices

27  that YOU have provided to a HUD subsidized tenant regarding nonpayment of rent, including but

28  not limited to nonpayment of ADDITIONAL SERVICE CHARGES.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Plaintiff's Request for Production No. 19:

2          Any and all DOCUMENTS that REFER, REFLECT, or RELATE to YOUR removal or

3  placement of washers or dryers at the start of a tenancy for a HUD subsidized tenant.

4  Plaintiff's Request for Production No. 20:

5          Any and all DOCUMENTS that REFER, REFLECT, or RELATE to whether any

6  ADDITIONAL SERVICE CHARGE YOU made to a HUD subsidized tenant was optional or

7  mandatory.

8  Plaintiff's Request for Production No. 21:

9          Any and all DOCUMENTS that REFER, REFLECT, or RELATE to any and all

10  COMMUNICATION that REFER, REFLECT, or RELATE to whether any ADDITIONAL

11  SERVICE CHARGE YOU made to a HUD subsidized tenant was optional or mandatory.

12  Plaintiff's Request for Production No. 22:

13          Any and all DOCUMENTS that REFER, REFLECT, or RELATE to any of HUD

14  subsidized tenant having declined any ADDITIONAL SERVICE CHARGE.

15  Plaintiff's Request for Production No. 23:

16          Any and all DOCUMENTS that REFER, REFLECT, or RELATE to the availability of

17  both covered and uncovered parking at any of YOUR properties.

18  Plaintiff's Request for Production No. 24:

19          Any and all DOCUMENTS that REFER, REFLECT, or RELATE to whether a HUD

20  subsidized tenant had the option of purchasing renters' insurance from a vendor other than YOU.

21  Plaintiff's Request for Production No. 25:

22          Any and all DOCUMENTS that REFER, REFLECT, or RELATE to whether a HUD

23  subsidized tenant ever purchased renters' insurance from a vendor other than YOU.

24  Defendant's Response to Request Nos. 1-6, 8-10, and 12-25:

25          Objection. This request seeks information that if disclosed would violate third-parties'

26  right to privacy and will not be disclosed without proper notice. Cal. Const., art. I, □ 1; Pioneer

27  Electronics (USA), Inc., v. Superior Court, 40 Cal. 4th 360 (Cal. 2007). Further objection is made

28  on the grounds that this interrogatory is overbroad and unduly burdensome because it seeks



1  discovery of hundreds of tenants who do not have similar rental histories as Plaintiff DENIKA

2  TERRY and is not narrowly tailored. Objection is also made on the grounds of attorney-client

3  privilege and attorney work product. Without waiver of the foregoing objections Responding Party

4  will produce documents with redactions of tenants' information protected by privacy rights that is

5  in the possession, custody or control of Responding Party of tenants currently residing at

6  Responding Party's properties. These documents will be produced by February 23, 2017 or as

7  reasonably soon as possible thereafter.

8         Investigation and discovery are continuing and Responding Party reserves the right to

9  supplement this response.

10 Plaintiff's Rebuttal to Defendant's Objections:

11         None of Defendant's objections to Plaintiff's requests for production are proper. The

12 discussion of these objections above with regard to Defendant's responses to interrogatories

13 applies equally to Defendant's objections to this request for production. Although in responding to

14 Plaintiff's requests, Defendant did offer to produce some documents, the offer of production is too

15 limited to serve the purposes of the requests. Plaintiff's requests were propounded to permit

16 Plaintiffs to learn the size and membership of the class; restricting the production without good

17 cause to disclose only persons who are current tenants defeats this purpose and frustrates the

18 primary goal of precertification discovery. Plaintiffs must have this information if the membership

19 of the class is to be properly determined.

20 Defendant's Response to Plaintiffs' Rebuttal

21         Defendants have properly objected to plaintiffs' attempt to violate the privacy of third

22 parties. Plaintiffs' mis-cite the holdings in *Pioneer* and *Bel-Aire* by neglecting to recognize that in

23 each case, a notice to the third-party putative class members was required to protect their

24 acknowledged privacy interests before contact information could be produced by the defendants.

25         Defendants' objections based on overbreadth of scope in terms of time and geography are

26 supported by Federal Rule of Procedure 26. The 2015 amendment to the Federal Rule of Civil

27 Procedure 26 validates Defendants' request to Plaintiffs to limit the scope of discovery. FRCP

28 26(b)(1) states: Parties may obtain discovery regarding any nonprivileged matter that is relevant to


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  any party's claim or defense and *proportional to the needs of the case* . . . ." The Advisory

2  Committee's notes go on to state, that the "objective is to guard against redundant or

3  disproportionate discovery by giving the court authority to reduce the amount of discovery that

4  may be directed to matters that are otherwise proper subjects of inquiry. The new sentence is

5  intended to encourage judges to be more aggressive in identifying and discouraging discovery

6  overuse. The grounds mentioned in the amended rule for limiting discovery reflect the existing

7  practice of many courts in issuing protective orders under Rule 26(c)." A court may deny or limit

8  class certification discovery according to the needs of the underlying claim. *Mantolete v. Bolger*

9  (1985) 767 F.2d 1416, 1424.

10        Here, the Plaintiffs' claim is that the Defendants have charged illegal "rent" for added

11  amenities the Plaintiffs received.  Currently, there are two Plaintiffs, Ms. TERRY and Mr.

12  HUSKEY each formerly residing at two different Wasatch properties in Sacramento. Plaintiffs'

13  requests for discovery from every property in California, and even throughout the nation are

14  overbroad and unduly burdensome and are not justified by Plaintiffs' needs.

15        Also, under Rule 23, the claims or defenses of the representative parties must be typical of

16  the claims and defenses of the class. Here, the defenses against Ms. TERRY's claim and Mr.

17  HUSKEY's claim are not typical to a potential class of tenants.  Before Wasatch is forced to

18  respond to this expanse of discovery, Plaintiffs should be limited to the particular properties where

19  they lived.  This was the remedy utilized by the District court in *Nguyen v. Baxter Healthcare*

20  *Corp.*, F.R.D. 503, 508 (C.D. Cal. 2011) where Plaintiffs sought discovery from from locations

21  where they never worked and where there was an absence of evidence to indicate company-wide

22  violations. That rationale should apply here too.

23        Finally, plaintiffs have not demonstrated a compelling need for the contact information of

24  the third-parties. "When the constitutional right of privacy is involved, 'the party seeking

25  discovery must demonstrate a compelling need … and that compelling need must be so strong as

26  to outweigh the privacy right when … competing interests are balanced." *Salgado v. Land O*

27  *Lakes*, 2014 U.S. Dist. LEXIS 175158 at 23 (E.D. Cal 2014). In *Salgado,* the court ruled that

28  plaintiffs had showed sufficient need for the contact information of putative class members in


**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

1  precertification discovery. *Id.* at 28. However, the court allowed limited disclosure to only within

2  the that litigation only after plaintiffs proposed to implement a *Bel-Aire* notice by which the

3  putative class members could opt out of the disclosure of their private contact information.

4  Furthermore, the court acknowledged that it maintained "wide latitude in deciding whether contact

5  information of putative class members should be produced prior to class certification."

6      Here, plaintiffs have refused to acknowledge the defendants' objection based on the need

7  for an opt-out notice. Also, plaintiffs have failed to show a compelling need for this information

8  from defendants where plaintiffs have also sought and are expected to receive  largely the same

9  documents defendants possess from the Sacramento Housing & Redevelopment Agency; plaintiffs

10  served subpoenas on the agency at the commencement of the discovery period.

11  Plaintiff's Request for Production No. 26:

12      Any and all DOCUMENT that REFER, REFLECT, or RELATE to whether YOU entered

13  into additional service agreements with unsubsidized tenants.

14  Defendant's Response:

15      Objection. This request seeks information that if disclosed would violate third-parties'

16  right to privacy and will not be disclosed without proper notice. Cal. Const., art. I, □ 1; Pioneer

17  Electronics (USA), Inc., v. Superior Court, 40 Cal. 4th 360 (Cal. 2007). Further objection is made

18  on the grounds that this interrogatory is overbroad and unduly burdensome because it seeks

19  discovery of hundreds of tenants who do not have similar rental histories as Plaintiff DENIKA

20  TERRY and is not narrowly tailored. Objection is also made on the grounds of attorney-client

21  privilege and attorney work product.

22  Plaintiff's Rebuttal to Defendant's Objections:

23      See Plaintiff's Rebuttal to Defendant's Objections to Requests for Production Nos. 1-25.

24  Defendant's Response to Plaintiff's Rebuttal

25      See Defendant's Response to Plaintiff's Rebuttal to Requests for Production Nos. 1-25.

26      **C. Content of Notices of Deposition**

27      The following sets forth verbatim the content of Plaintiffs' Notices of Taking Deposition

28  and Defendant's objections thereto.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Person Most Qualified ("PMQ") Regarding Section 8 Policies in California:

2       Defendants WASATCH ADVANTAGE GROUP, LLC is hereby requested and required,

3   pursuant to FRCP 30(b)(6), to designate and produce a person or persons to testify on their behalf

4   on the following matters, as to Defendants' residential rental properties in California: Defendants'

5   policies and practices concerning their Section 8 tenants; Defendants' policies and practices

6   concerning the U.S. Department of Housing and Urban Development and local public housing

7   agencies; the location and number of Section 8 tenants at Defendants' various residential rental

8   properties; Defendants' accounting policies and practices for tenant payments and charges at their

9   various rental properties.

10  Defendant's Objections:

11  a. Topic No. 1

12      Defendants' policies and practices concerning their Section 8 Tenants.

13  Objection to Topic No. 1

14      In addition to, and without waiving the General Objections set forth above, Defendants

15  object to this topic on the grounds that it is overbroad, vague, calls for expert opinion and

16  conclusions, and further objects to the extent it would require testimony that is protected by the

17  attorney client privilege and/or attorney work product doctrine.

18      Plaintiffs' Rebuttal to Defendant's Objections to Topic No. 1

19      Rule 30(b)(6) is a powerful and important discovery tool. A Rule 30(b)(6) deposition

20  notice serves a unique function: it is the sworn corporate admission that is binding on the

21  corporation. See e.g., *Gales v. Winco Foods*, 2011 WL 3794887 at *5 (N.D.Cal.2011) ("As a

22  30(b)(6) witness, [the witness'] testimony is a sworn corporate admission binding on the

23  corporation.") If the notice of deposition or subpoena served on the entity sufficiently describes

24  the matters on which questions will be asked, the entity is under a duty to designate and produce

25  "one or more officers, directors, or managing agents, or designate other persons who consent to

26  testify on its behalf ... " Rule 30(b)(6).

27      Serving written objections to a 30(b)(6) notice is not sufficient to protect the client from an

28  improper notice. Such objections are essentially useless. "The proper procedure to object to a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a

2    protective order." *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014).

3    A corporate deponent cannot simply make "objections and then provide a witness that will testify

4    only within the scope of its objections." *Id*. "Unlike the procedure with respect to interrogatories,

5    requests for production of documents and requests for admissions, there is no provision in the

6    rules which provides for a party whose deposition is noticed to serve objections so as to be able to

7    avoid providing the requested discovery until an order compelling discovery is issued." *New*

8    *England Carpenters Health Benefits Fund v. First Databank, Inc.*, 242 F.R.D. 164, 165 166

9    (D.Mass. 2007).

10         If Defendant finds the scope of Plaintiffs' 30(b)(6) notice to be objectionable, or the topics

11    to be stated without sufficient particularity, the proper procedure for Defendant is to move

12    promptly for a protective order limiting discovery pursuant to Rule 26. Defendant to date has not

13    done so. Defendant's statement of objections to the notice and its scope are insufficient to permit

14    Defendant to refuse to produce witnesses to testify on the matters identified by Plaintiffs in this

15    notice.

16    Defendant's Response to Plaintiffs' Rebuttal

17         In addition to the same applicable objections and arguments made, *supra*, with respect to

18    not producing witnesses for California properties or nationwide properties, defendants maintain

19    that its designated 30(b)(6) witness was cooperative, available and agreed upon the deposition as

20    requested by plaintiffs subject to defendants' objections regarding overbreadth and privacy.

21    Defendants did not file for a protective order because plaintiffs counsel took the deposition off

22    calendar and stated he would seek a resolution of this dispute at the same time as the other

23    discovery disputes herein.

24    b. Topic No. 2

25         Defendants' policies and practices concerning the U.S. Department of Housing and Urban

26    Development and local public housing agencies.

27    Objection to Topic No. 2

28         In addition to, and without waiving the General Objections set forth above, Defendants

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  object to this topic on the grounds that it is overbroad, vague, calls for expert opinion and

2  conclusions, and further objects to the extent it would require testimony that is protected by the

3  attorney client privilege and/or attorney work product doctrine.

4  Plaintiffs' Rebuttal to Defendant's Objections to Topic No. 2

5        See Plaintiffs' Rebuttal to Defendant's Objections to Topic No. 1.

6  Defendant's Response to Plaintiffs' Rebuttal:

7        See Defendant's Response to Plaintiffs' Rebuttal to Topic No. 1

8  c. Topic No. 3

9        The location and number of Section 8 tenants at Defendants' various residential rental

10  properties.

11  Objection to Topic No. 3

12        In addition to, and without waiving the General Objections set forth above, Defendants

13  object to this topic on the grounds that the information is equally available to Plaintiffs, vague,

14  overbroad as to time and scope.

15  Plaintiffs' Rebuttal to Defendant's Objections to Topic No. 3

16        See Plaintiffs' Rebuttal to Defendant's Objections to Topic No. 1.

17  Defendant's Response to Plaintiffs' Rebuttal:

18        See Defendant's Response to Plaintiffs' Rebuttal to Topic No. 1

19  d. Topic No. 4

20        Defendants' accounting policies and practices for tenant payments and charges at their

21  various rental properties.

22  Objection to Topic No. 4

23        In addition to, and without waiving the General Objections set forth above, Defendants

24  object to this topic on the grounds that it is overbroad, vague, calls for expert opinion and

25  conclusions, and further objects to the extent it would require testimony that is protected by the

26  attorney client privilege and/or attorney work product doctrine. Further objections are made on the

27  ground that the topic calls for disclosure of private financial information and seeks to elicit

28  information that is neither relevant nor reasonably calculated to lead to the discovery of admissible



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7961-5301.1                                21                                2:15-cv-00799-KJM-DB
JOINT STATEMENT RE DISCOVERY DISAGREEMENT

1  evidence.

2  Plaintiffs' Rebuttal to Defendant's Objections to Topic No. 4

3       See Plaintiffs' Rebuttal to Defendant's Objections to Topic No. 1.

4  Defendant's Response to Plaintiffs' Rebuttal:

5       See Defendant's Response to Plaintiffs' Rebuttal to Topic No. 1

6  Person Most Qualified ("PMQ") Regarding Nationwide Section 8 Policies:

7       Defendants WASATCH ADVANTAGE GROUP, LLC is hereby requested and required,

8  pursuant to FRCP 30(b)(6), to designate and produce a person or persons to testify on their behalf

9  on the following matters, as to Defendants' residential rental properties nationwide: Defendants'

10  policies and practices concerning their Section 8 tenants; Defendants' policies and practices

11  concerning the U.S. Department of Housing and Urban Development and local public housing

12  agencies; the location and number of Section 8 tenants at Defendants' various residential rental

13  properties; Defendants' accounting policies and practices for tenant payments and charges at their

14  various rental properties.

15       Defendant's objections to the topics designated in this notice were the same as those made

16  to the topics designated in Plaintiff's notice of taking deposition of Defendant's Person Most

17  Qualified to testify regarding Defendant's Section 8 properties in California.  Plaintiffs' rebuttal to

18  said objections is also the same.

19  Defendant's Response to Plaintiffs' Rebuttal:

20       See Defendant's Response to Plaintiffs' Rebuttal to Topic No. 1

21               **IV. SUMMARY OF DISPUTE AND PARTIES' POSITIONS**

22       A.       **Result of the Meet-and-Confer Process**

23       Defendants provided responses, and produced documents, concerning only the

24  Sacramento-area properties, and these responses and documents were redacted of any

25  identification of or contact information for any tenants beyond the two named plaintiffs.

26  Similarly, defendants have agreed to produce for deposition only the Sacramento-area PMK, but

27  not PMKs from elsewhere in California or from the other western states where defendants'

28  properties are located.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Defendants continue to stand firmly on their objections for overbreadth based on

2   geography and time, for burden based on cost of compliance and proportionality, and for privacy

3   interests attributed to the tenants.

4   **B.      <u>Plaintiffs' Position on Issues in Dispute</u>**

5   Pre-certification discovery is permitted of matters relevant to the certification process, e.g.,

6   number of eligible class members, existence of common questions, typicality of claims, etc.

7   Plaintiffs often need discovery from defendants in order to prove an ascertainable class.  District

8   courts have broad discretion to control the class certification process, and whether or not discovery

9   will be permitted lies within the sound discretion of the trial court.  *Vinole v. Countrywide Home*

10   *Loans Inc., 571 F.3d 935, 942* (9th Cir. 2009).  Any objection claiming undue burden must

11   adequately specify the nature of the burden and how such a burden makes it unreasonable to

12   comply with the request.  See, e.g., *Thomas v. Cate*, 1:05-cv-01198-LJO-JMD-HC, 2010 U.S.

13   Dist. LEXIS 21750, at *45 (E.D.Cal. Feb. 19, 2010).

14   In this case, plaintiffs' discovery requests seek information as is necessary to prove the

15   elements of a certifiable class - most notably, the identity and contact information of eligible class

16   members across its properties based on their participation in the Section 8 program.  Indeed, the

17   purpose of pre-certification discovery is in significant measure to allow the parties to ascertain the

18   size of the putative class, and to establish its membership.  This information is currently available

19   to defendants, but not otherwise to plaintiffs.  Without such discovery, the purpose of this class

20   action litigation - to enable liability determinations and recovery for all eligible tenants in Section

21   8 relationships with defendants - would be thwarted.

22   Defendants have not demonstrated overbreadth or undue burden in their objections or

23   during the meet and confer process.  Defendants have served notice that they are unilaterally and

24   artificially limiting the scope of the class to tenants at its Sacramento-area properties - even though

25   they have conceded in the meet-and-confer process that they house Section 8 tenants at their other

26   properties in California and in other states, with no difference apparent in policies or practices

27   toward those tenants.  That plaintiffs discovered the abusive practices toward Section 8 tenants in

28   defendants' Sacramento-area properties does not limit its allowable inquiry to Sacramento or those

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-7961-5301.1                                23                            2:15-cv-00799-KJM-DB
JOINT STATEMENT RE DISCOVERY DISAGREEMENT

1  properties.  To the contrary, plaintiffs are entitled to look into the same practices occurring at

2  defendants' other properties in California and other western states to ensure that all eligible class

3  members will be entitled to case participation and relief if liability is later shown.  Though

4  defendants have not challenged that the same Section 8 practices in force in the Sacramento area

5  are pervasive at their other properties, were defendants to tell the Court that only some of their

6  properties, and not others, employ the additional charges not authorized by the HAP contracts or

7  the law and regulations governing them, plaintiffs would be willing to restrict their discovery

8  inquiries to those properties imposing the additional charges.  See Manual for Complex Litigation

9  (Federal Judicial Center, 4th ed.), Section 21.14 (2004) (class discovery may be limited to "a

10  certain number or a sample of proposed class members" constituting a meaningful measure of the

11  scope of the class).

12        To reduce the burden associated with production, plaintiffs have offered from the outset of

13  discussions to tier the document production over as many dates as defendants needed - even to the

14  point of offering to join with defendants in a stipulation to extend the class certification discovery

15  cut-off deadline and hearing if justified by the volume of production.  But working to mitigate the

16  production burden did not appear of interest to defendants.  Their response was to limit discovery

17  responses, production and deposition testimony, as redacted, to their Sacramento properties - full

18  stop.  They have not proposed or sought a protective order limiting their discovery duties to this

19  subset of their properties, or by time to cover a shorter period.  Accordingly, defendants should be

20  compelled to respond, and to produce documents responsive, to plaintiffs' requests, and to provide

21  all PMKs noticed for deposition.

22        Nor should defendants' privacy objection bring class discovery to a standstill.  The case

23  which defendants cite in support, *Pioneer Electronics (USA), Inc., v. Superior Court*, 40 Cal. 4th

24  360, states the contrary position at page 373:  "Contact information regarding the identity of

25  potential class members is generally discoverable, so that the lead plaintiff may learn the names of

26  other persons who might assist in prosecuting the case (internal citations omitted).  Such

27  disclosure involves no revelation of personal or business secrets, intimate activities, or similar

28  private information, and threatens no undue intrusion into one's personal life."  See *Belaire-West*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  *Landscape, Inc. v. Superior Court*, 149 Cal.App.4th, 554, 561 (2007) (privacy concerns may be of

2  greater significance in employee class action suits than in consumer class action suits).  Again,

3  plaintiffs suggested a tailored protective order, but defendants showed no interest, instead

4  categorically refusing production of anything they have deemed private.

5      In short, plaintiff is entitled, on a reasonable schedule, to responses and document

6  production concerning the identity and contact information of defendants' Section 8 current and

7  former tenants across its properties, and concerning defendants' apparently uniform rental policies

8  and practices with respect to these tenants.  Burden has not been established as undue, but even so

9  can be alleviated by a phased production schedule - which, as needed, can prompt a mutual request

10  to the Court to extend the class certification discovery period and hearing.  Privacy concerns of the

11  tenants are not substantial, but in any event can be mitigated by a tailored protective order should

12  one be sought by defendants.

13      **B.**      **Defendants' Position on Issues in Dispute**

14      The scope of Plaintiffs' discovery demands are disproportionate to the claims in this case.

15  FRCP 26(b)(1).  Defendants agree that Plaintiffs are entitled to pre-certification discovery relevant

16  to certify a class.  But demands that seek 10 years of tenant files for more than 69 Wasatch

17  properties throughout the United States goes too far.  Defendants seek the Court's assistance in

18  modifying the demand and crafting an appropriate scope for discovery.

19      The parties are conducting pre-certification discovery.  A court may deny or limit class

20  certification discovery according to the needs of the underlying claim.  *Mantolete v. Bolger* (1985)

21  767 F.2d 1416, 1424.  Here, the Plaintiffs' claim is that the Defendants have charged illegal "rent"

22  for added amenities the Plaintiffs received.  These added amenities fall outside those listed on the

23  underlying standard HAP agreement utilized with all Section 8 tenants.  Currently, there are two

24  Plaintiffs, Ms. TERRY and Mr. HUSKEY each formerly residing at two different Wasatch

25  properties in Sacramento. Ms. TERRY(now in her second suit against Wasatch) was evicted for

26  not paying her base rent.  Mr. HUSKEY was evicted for threatening his neighbors and using racial

27  epithets.  Plaintiffs' requests for discovery from every property in California, and even throughout

28  the nation are overbroad and unduly burdensome and are not justified by Plaintiffs' needs.  Under

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Rule 23, the claims or defenses of the representative parties must be typical of the claims and

2  defenses of the class. Here, the defenses against Ms. TERRY's claim and Mr. HUSKEY's claim

3  are not typical to a potential class of tenants.  Before Wasatch is forced to respond to this expanse

4  of discovery, Plaintiffs should be limited to the particular properties where they lived.  This was

5  the remedy utilized by the District court in *Nguyen v. Baxter Healthcare Corp.*, F.R.D. 503, 508

6  (C.D. Cal. 2011) where Plaintiffs sought discovery from from locations where they never worked

7  and where there was an absence of evidence to indicate company-wide violations. That rationale

8  should apply here too.

9      Wasatch has an obligation to protect the privacy of unnamed putative class members and

10 third parties who are current and former tenants, especially where no release has been provided

11 nor a *Belaire* opt-out notice consenting to the disclosure. *See Belaire-West Landscape, Inc. v.*

12 *Superior Court*, 149 Cal.App. 4th 554 (2007); Cal. Const. Art. I. *Pioneer Electronics (USA), Inc.*

13 *v. Superior Court* 40 Cal. 4th 360 (Cal. 2007). The *Pioneer* court reasoned that the privacy

14 interests of putative class members were adequately protected only after they had received an opt-

15 out notice regarding disclosure of personal identifying information that was mailed in advance of

16 the defendant providing the contact information. *Id*. at 372. Also, plaintiffs have served similar

17 demands on the Sacramento Housing & Redevelopment Agency requesting largely the same

18 information.  In a call to that agency, we have learned that they will be redacting the private

19 information in order to respond.  To date, Plaintiffs have not demonstrated a compelling need for

20 discovery of this magnitude and have only offered a generic protective order that does not address

21 *Belaire* concerns.

22      Plaintiffs have refused to stipulate to a stay on discovery pending Defendants' Motion to

23 Dismiss or share in document production costs, which to date have exceeded $6,500 for only two

24 properties. According to plaintiffs, defendants must incur hundreds of thousands of dollars to

25 produce pre-certification discovery irrespective of the atypicality of the current representatives. If

26 the court does allow this overbroad discovery, it should shift those costs to Plaintiffs. *Boeynaems*

27 *v. LA Fitness International*, LLC, 285 F.R.D. 331, 334–35, 341 (E.D. Pa. 2012).

28

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

1    DATED: March 6, 2017              LAW OFFICES OF ANDREW WOLFF, P.C.

2

3                                      By:  _____/s/_____
4                                           David Lavine, Esq.
                                            Attorneys for Putative Class Plaintiffs
5                                           DENIKA TERRY and ROY HUSKEY III

6
     DATED: March 20, 2017             LEWIS BRISBOIS BISGAARD & SMITH LLP
7

8

9                                      By:  _____/s/ Yoon-Woo Nam_____
                                            Joseph A. Salazar Jr.
10                                          Yoon-Woo Nam
                                            Attorneys for Wasatch Advantage Group, LLC;
11                                          Wasatch Property Management, Inc.; Wasatch
                                            Pool Holdings, LLC, Chesapeake Commons
12                                          Holdings, LLC; Logan Park Apartments, LLC;
                                            Logan Park Apartments, LP
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

