**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
   E-Mail: Joe.Salazar@lewisbrisbois.com
YOON-WOO NAM, SB# 284644
   E-Mail: Yoon-Woo.Nam@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Wasatch Advantage Group, LLC;
Wasatch Property Management, Inc.; Wasatch
Pool Holdings, LLC, Chesapeake Commons
Holdings, LLC; Logan Park Apartments, LLC;
Logan Park Apartments, LP

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA,<br><br>                    Plaintiffs/Relators,<br><br>          vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP,<br><br>                    Defendants. | CASE NO. 2:15-cv-00799-KJM-DB<br><br>**[PROPOSED] STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**<br><br>The Hon. Kimberly J. Mueller<br><br>Trial Date:        None Set |

Defendants WASATCH ADVANTAGE GROUP, LLC; WASATCH PROPERTY MANAGEMENT, INC.; WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC; LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP and Plaintiffs UNITED STATES OF AMERICA, ex rel. DENIKA TERRY and ROY HUSKEY

4836-2555-9366.1                                    1

**[PROPOSED] STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA, herein enter into the following stipulated protective order and request for Order thereon.

The purpose of the of this Protective Order ("Protective Order") is to facilitate the exchange of documents and information in the above-captioned Lawsuit while also maintaining protection of private and financially sensitive information pertaining to Defendants' current and past tenants.  Nothing herein shall constitute a waiver of any party's right to contest any claim of privilege as to any document or information.

This Protective Order shall apply to all pre-trial documents, discovery responses, materials, things, testimony, videos, photographs, and any transcript or recording thereof, and any other information produced or disclosed by any party or non-party herein in response to any rule or discovery request (including but not limited to, any document request, interrogatory, request for admission, notice of deposition or subpoena) or at any deposition, motion, hearing or proceeding, together with all information contained therein or derived from, and all copies, portions, excerpts, abstracts or summaries thereof that are designated as Confidential, as described below:

1.    Any party from whom discovery is sought in this action (hereinafter, the "Designating Party") may designate as "Confidential" any documents, testimony, or other discovery material that contains confidential information pursuant to the terms set forth in this stipulation for protective order.

2.    All material designated as containing confidential information shall be clearly set forth in a letter or email from the Designating Party which lists the Bates ranges of the produced documents (or portions thereof) to be deemed "Confidential" (Deemed Confidential materials). Alternatively, the Designating Party may mark with the notation "Confidential" documents so designated as Confidential (Marked Confidential materials).  Such physical designation shall be made by conspicuously placing the notation mark on each page of the document or written discovery response on which confidential information appears or, if the document does not have pages, on its cover or in some manner that clearly indicates that the document is designated as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**[PROPOSED] STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**

containing confidential information.  "Confidential" materials pursuant to this Protective Order shall refer to any so designated document, testimony, or other discovery material, all copies thereof, all abstracts, summaries, notes, or other derivations thereof, as well as to the information that is contained in such material (hereinafter, "Confidential Material").

3.      No designation of confidentiality shall be made unless the Designating Party believes in good faith that the designated material constitutes genuine private or financially sensitive information that is entitled to protection under applicable California or Federal law (herein, "Confidential").  Until or unless the Court rules otherwise, Designated Material shall be maintained in confidence by the party to whom such material is produced (hereinafter, the "Receiving Party") and shall not be disclosed to any other party, person, or entity except as set forth in paragraph 4  below.

4.      Materials designated "Confidential" shall not be disclosed to any party, person, or entity except:

(a)      Counsel for the respective parties to this litigation, including their clerical, litigation support and paralegal employees;

(b)      Persons or entities retained by Counsel for the purposes of coding, scanning (to create electronic images or OCR text), or copying documents for purposes of  this litigation; provided, however, that any such individual/entity has signed an undertaking in the form of the attached Exhibit A;

(c)      Outside consultants/experts/mediators for the Receiving Party who are specifically engaged by counsel or the parties to assist in this litigation; provided, however, that any such individual/entity has signed an undertaking in the form of the attached Exhibit A;

(d)      Translators or interpreters of or into foreign languages who are not employed by or affiliated with any of the parties, but are retained only to provide translations of any Designated Material; provided, however, that any such individual has signed an undertaking in the form of the attached as Exhibit A;

(e)      Any court reporter and video recorder operator retained by any party to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**[PROPOSED] STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**

record a deposition in the case; provided, however, that any such individual has signed and agreed on their own behalf, and on behalf of their support staff, by an undertaking in the form of the attached as Exhibit A;

(f)    The Court and its officers, court stenographers and outside copy services whose function requires them to have access to material designated as "Confidential" under this Protective Order;

(g)    Any current employee of the Designating Party;

(h)    Any persons who are identified as authors or addressees on the face of a document containing the Confidential Information, or who may otherwise be provided Confidential Information without undermining the entitlement to confidentiality being claimed;

(i)    Any other person the Designating Party agrees in writing in advance of any disclosure.

(j)    Others as may be ordered by the Court.

5.    In the event the Designating Party elects to produce original documents or other material for inspection, no markings need be made by the producing party in advance of the inspection, but the Designating Party shall notify the inspecting party of the designation in advance of the inspection.  During the inspection, all such documents or other material shall be considered as "Confidential."  After selection by the inspecting party of specified documents or material for copying, the Producing Party shall make the appropriate copies.  At the Producing Party's discretion, the appropriate confidentiality designations shall be marked on the specified documents or materials prior to providing the copies to the inspecting party or a reference letter/email as described in Paragraph 2 above shall accompany the production so that the produced materials are deemed "Confidential."

7.    Testimony given at a deposition or hearing and the resulting transcript may be designated as "Confidential" (by any of the parties to this case or by third-parties giving such testimony) by an appropriate statement at the time of the giving of such testimony. When such a statement is made, all parties shall maintain the deposition or hearing transcript and information

**[PROPOSED] STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

contained therein as so designated. In addition, parties may within thirty (30) days of a deposition or hearing designate portions of the transcript that it deems to be "Confidential" information. Within thirty (30) days of a deposition or hearing, any party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any party that wants to maintain any portion of the transcript as "Confidential" information must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.

8. Initial failure to designate any material as "Confidential" which satisfies the conditions for designation defined above shall not constitute a waiver of any claim for protection so long as written notice of such claim is given to all other Parties within 30 days after production or disclosure. Thereafter, arrangements shall be made for the Designating Party to substitute properly labeled copies or otherwise come to agreement with all other Parties on properly labeling the items. No person shall be in violation of this Order for disseminating, prior to receiving notice under this paragraph, any material not previously designated as "Confidential" material. Likewise, if a party designates certain materials as "Confidential" and later determines that such materials should not have been so designated, it shall provide written notice of the removal of the designation along with a duplicate Bates Stamped copy of the Discovery Materials without the "Confidential" marking. In the event materials are Deemed Confidential, an appropriate letter will issue describing what information is no longer subject to that prior designation. Discovery material produced without the designation of "Confidential" may be so designated subsequent to production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error. If discovery material is designated subsequent to production or testimony, the receiving party promptly shall collect any copies that have been provided to individuals other than those authorized in paragraph 4 of this Protective Order and shall destroy or return them to the producing party.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-2555-9366.1                                      5

**[PROPOSED] STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**

8.    Any Party who in good faith believes that materials designated as Confidential by another are not entitled to such designation may dispute the designation by notifying the Designating Party of his/its objection in writing, including by email, of such dispute.  The Objecting Party's written notice shall identify the material in dispute and shall provide a brief statement of its basis for disputing the designation.  Within seven (7) calendar days of receipt of the objection, unless a longer time is agreed upon in writing by the Parties, the Parties shall meet and confer in good faith in an effort to resolve the dispute informally.  If an agreement is not reached, the Designating Party shall then have seven (7) calendar days, unless a longer time is agreed upon in writing by the Parties, to file and serve a formal Motion for a Protective Order with the Court to confirm the designation of such materials as confidential.  The Designating Party shall at all times bear the burden of showing that the material in question qualifies for protection under applicable law.  If the Court finds the designation inappropriate, the material in question shall no longer be subject to the provisions of this Protective Order.  Should the Designating Party fail to comply with the procedures detailed herein, the Designated Material in question shall no longer be subject to the provisions of this Protective Order. A party may challenge a designation by another party at any time. A party that challenges a designation by another party may move the Court to order a de-designation of any material. The designating party shall bear the burden of establishing the need for the designation.

9.    This Stipulation for Protective Order is entered into without waiver of a party's right to seek additional relief by motion to this Court such as to bar discovery of particular information from discovery and/or to impose additional conditions and/or limitations on the production and use thereof.  Nothing in this Protective Order shall limit any party to seek expansion of the protections found within this stipulation beyond privacy and financial information.

10.    Inadvertent production of material subject to the attorney-client privilege, work product doctrine/immunity, or other applicable privilege or immunity shall not constitute a waiver of any privilege or immunity provided that the producing party notifies the receiving party in

**[PROPOSED] STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

writing promptly after discovery of such inadvertent production. Any party that mistakenly produces materials protected by the attorney/client privilege, work product doctrine, or other privilege, doctrine, or right may obtain the return of those materials by promptly notifying the recipient(s) of the privilege in writing and providing a privilege log therefore. The recipient(s) shall then gather and return all copies of the privileged material to the producing party within three (3) business days of receiving such written notice, except for any pages containing privileged markings by the recipient which shall instead be destroyed and certified as such by the recipient to the producing party. Any notes or summaries referring or relating to any such inadvertently or mistakenly produced material subject to claim of privilege or immunity shall be destroyed forthwith.

11.    All "Confidential" produced under provisions of this Protective Order shall be used solely for the prosecution or defense of the claims in this action.

12.    If "Confidential" information in the possession, custody, or control of any Receiving Party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed shall **(i)** within five (5) business days after receipt thereof, give written notice by hand, overnight courier, pdf transmission, or facsimile of such process or discovery request together with a copy thereof; to counsel for the producing party; **(ii)** cooperate to the extent necessary to permit the producing party to seek to quash such process or discovery request; and **(iii)** not make production or disclosure of such Confidential Information until the producing party consents in writing to production or the receiving party is ordered by a court of competent jurisdiction to produce or disclose such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-2555-9366.1                              7

**[PROPOSED] STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**

13.    Within 60 days after the conclusion of this case, including any appeals, all Confidential Information materials designated and produced hereunder, and all copies thereof, shall be returned to the producing party, or, at the option of the receiving party, receiving counsel shall certify in writing that such material has been destroyed.

14.    Any Confidential materials submitted to the Court shall be filed in compliance with the Federal Rules of Civil Procedure and Local Rules so that the private information and/or financially sensitive information contained within the materials which is the subject of this Stipulation and Order is reasonably protected from public disclosure.

15.    This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

16.    Nothing in this Protective Order prevents a party from disclosing its own documents and information as it sees fit.  The Parties may also agree among themselves in a signed writing to permit access to Confidential materials notwithstanding this Protective Order, to reasonable modifications of deadlines, or to allow specified individuals access to materials pursuant to the terms of this order.

**IT IS STIPULATED AND AGREED:**

DATED: April 3, 2017

By:    */s/ David Lavine*
David Lavine, Esq.
Attorney for Plaintiffs

DATED: April 3, 2017          LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    */s/ Joseph A. Salazar Jr.*
JOSEPH A. SALAZAR
YOON WOO NAM
Attorneys for Defendants

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-2555-9366.1                8

**[PROPOSED] STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**

**Protective Order [Proposed]:**

      The Court, having reviewed the stipulation of the parties and good cause having been shown, hereby enters this protective order in the particulars set forth in the stipulation of the parties.

DATED: \_\_\_\_, 2017            By:_____
                                              MAGISTRATE/DISTRICT COURT JUDGE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-2555-9366.1           9

**[PROPOSED] STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
    E-Mail: Joe.Salazar@lewisbrisbois.com
YOON-WOO NAM, SB# 284644
    E-Mail: Yoon-Woo.Nam@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Wasatch Advantage Group, LLC;
Wasatch Property Management, Inc.; Wasatch
Pool Holdings, LLC, Chesapeake Commons
Holdings, LLC; Logan Park Apartments, LLC;
Logan Park Apartments, LP

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA,<br><br>                Plaintiffs/Relators,<br><br>        vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP,<br><br>                Defendants. | CASE NO. 2:15-cv-00799-KJM-DB<br><br>**[PROPOSED] STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**<br><br>The Hon. Kimberly J. Mueller<br><br>Trial Date:        None Set |

        I, _____, hereby acknowledge that I am about to receive

"Confidential" material information as defined in the Protective Order agreed to by the parties

and so ordered by the Court in this case (Terry v. Wasatch).

4836-2555-9366.1                                10

**[PROPOSED] STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

I certify my understanding that the Confidential information is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order.  I clearly understand that the Confidential information in my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

Except as otherwise permitted by this Protective Order, I will not share information that I obtain under this Protective Order with anyone.

Upon the completion of the tasks for which I have been retained, or, at the latest, the conclusion of the trial in this matter, I will return all materials containing Confidential information, copies thereof, and notes that I have prepared relating thereto, to trial counsel for the party by whom or on whose behalf I am retained as required by the Protective Order.

I hereby certify that I have read the protective order and will abide by its terms.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I declare under the penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed this ____ day of _____, 20_____, at _____.

BY:

_____
Signature

_____
Title

_____
Address

_____
City, State, Zip Code

_____
Telephone Number

4836-2555-9366.1

11

**[PROPOSED] STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW