**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
  E-Mail: Joe.Salazar@lewisbrisbois.com
YOON-WOO NAM, SB# 284644
  E-Mail: Yoon-Woo.Nam@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Wasatch Advantage Group, LLC; Wasatch Property Management, Inc.; Wasatch Pool Holdings, LLC, Chesapeake Commons Holdings, LLC; Logan Park Apartments, LLC; Logan Park Apartments, LP

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA,<br><br>            Plaintiffs/Relators,<br><br>       vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP,<br><br>            Defendants. | CASE NO. 2:15-cv-00799-KJM-DB<br><br>**AFFIDAVIT OF YOON-WOO NAM RE JOINT STATEMENT RE DISCOVERY DISAGREEMENT**<br><br>Judge:   Hon. Deborah Barnes<br>Date:    July 28, 2017<br>Time:    10:00<br>Crtrm.:  27, 8th Floor<br><br>The Hon. Kimberly J. Mueller<br><br>Trial Date:        None Set |

### AFFIDAVIT OF YOON-WOO NAM

I, Yoon-Woo Nam, declare as follows:

1.   I am an attorney duly admitted to practice in all of the courts of the State of California and the United States District Court, Eastern District of California and I am an associate

4825-8430-3692.1                                                              2:15-cv-00799-KJM-DB
AFFIDAVIT OF YOON-WOO NAM RE JOINT STATEMENT RE DISCOVERY DISAGREEMENT

1  with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Wasatch Advantage Group,
2  LLC; Wasatch Property Management, Inc.; Wasatch Pool Holdings, LLC, Chesapeake Commons
3  Holdings, LLC; Logan Park Apartments, LLC; Logan Park Apartments, LP ("Defendants")
4  herein. The facts set forth herein are of my own personal knowledge, and if sworn I could and
5  would competently testify thereto.

6     2.   I conferred with counsel for Plaintiffs pursuant to Local Rule 251 (b) and exhausted
7  meet and confer efforts before filing this affidavit and concurrent motion, pursuant to Local Rule
8  251 (b) and the Honorable Kimberly J. Mueller's Standing Order. This Affidavit is filed
9  concurrently with Defendants' renewed Motion for Leave to Take Additional Depositions.

10    3.   **DETAILS OF CONFERENCES**

11  After numerous attempts and in a good faith effort, I was unable to secure the cooperation
12  of counsel for Plaintiffs DENIKA TERRY et al. ("Plaintiffs") in the preparation and execution of
13  the required joint statement.

14  On June 22, 2017, I sent notice to David Lavine, counsel for Plaintiffs, of the need to take
15  the depositions of public housing agencies ("PHAs") prior to the class certification hearing. On
16  June 27, 2017, Mr. Lavine and I met and conferred over the telephone because he disputed
17  Defendants' need for the PHA depositions prior the class certification hearing. Mr. Lavine and I
18  continued to meet and confer over e-mail on June 28th, June 29th and June 30th, ultimately
19  deciding that the Court's guidance would be needed to resolve the discovery dispute.

20  After an informal letter brief filed by the parties and the subsequent hearing date was
21  vacated by the Court, the Mr. Lavine and I continued to meet and confer by e-mail to resolve the
22  dispute. These e-mails were exchanged on July 11th, July 12th, July 13th and July 14th. The
23  parties again concluded that the Court's guidance was necessary and attempted to file a Joint
24  Statement re Discovery Dispute and Defendants filed a Motion for Leave to Take Additional
25  Depositions on July 14th. However, the Court was not available for the corresponding hearing
26  date and after speaking with the court clerk, I decided it would be best to re-file a revised Joint
27  Statement re Discovery Dispute and Defendants' motion for a July 28, 2017 hearing.

28  On July 17, 2017, I sent an e-mail request to Mr. Lavine for Plaintiffs' draft portion for the

1 revised Joint Statement by Friday July 21, 2017 for a 3:00 p.m. that day.

2 On July 18, 2017, I requested Mr. Lavine to confer over the telephone following his
3 presumed review of our Motion for Leave for Taking Additional Depositions and the testimony in
4 the July 17th and 18th depositions of the Utah PHAs.

5 On July 19, 2017, Mr. Lavine and I conferred over the telephone in an attempt to resolve
6 the ongoing dispute. Not having received any contribution to the revised Joint Statement, I
7 requested Mr. Lavine to send me Plaintiffs' portion as soon as possible. Mr. Lavine stated that he
8 needed to attend depositions during the day on July 20th and July 21st and that he would not
9 likely be available to contribute to the Joint Statement. Mr. Lavine also requested that I use
10 Plaintiff's portion from the prior informal letter brief for the revised Joint Statement. The parties
11 were unable to resolve the underlying discovery dispute in this telephone conference. After the
12 telephone call ended, I sent via e-mail to Mr. Lavine a draft of the revised Joint Statement and
13 requested him to review it before the July 21st filing. Mr. Lavine responded via e-mail that he
14 believed the factual dispute section I drafted was overly biased in favor of Defendants and that he
15 did not approve of it. However, Mr. Lavine did not propose or send any revisions. I immediately
16 sent him another e-mail requesting that he contribute to the factual dispute section.

17 On July 20, 2017, after not receiving any notice from Mr. Lavine for almost 24 hours, I
18 again sent him an e-mail to request his revisions for the Joint Statement. In a response e-mail, Mr.
19 Lavine reiterated his disapproval of the unchanged factual dispute section and stated that the facts
20 must be "right out of the complaint and answer." I disputed his contention and once more
21 requested Plaintiffs' revisions to the facts section that I had drafted for the Joint Statement.

22 On July 21, 2017, Mr. Lavine sent me an e-mail of his approval of only two (2) sentences
23 that I drafted for the revised Joint Statement. He has provided no other contribution to or approval
24 for the conferences or factual dispute sections of the revised Joint Statement as of the filing of this
25 Affidavit.

26 I concluded Mr. Lavine's lack of cooperation was not in good faith and insufficient in the
27 preparation and execution of the anticipated revised Joint Statement re Discovery Dispute, and I
28 have filed this Affidavit in lieu thereof pursuant to Local Rule 251 (d).

4. **STATEMENT OF NATURE OF ACTION AND FACTUAL DISPUTES**

Plaintiffs Denika Terry and Roy Huskey, III seek to define a class of plaintiffs that extends across four states, 16 localities and 53 former and current apartment complexes owned by Defendants. The proposed class is comprised of over 4,000 former and current Section 8 tenants going back to 2009. At issue in the case is the legality of an "Additional Services Agreement" whereby tenants may obtain additional services (washer/dryer, covered parking, etc.) in exchange for a fixed monthly price.

Plaintiffs and the putative class of plaintiffs receive or received rental assistance through the federal government's Section 8 Housing Choice Voucher Program ("Section 8 Program") at Defendants' properties. Under the Section 8 Program, the federal government assists low income tenants by paying some or all of their rent, directly to their landlords. 42 U.S.C.A. § 1437f(a); 24 C.F.R. § 982.1(a). Section 8 tenants pay 30-40% of their income towards rent including some utilities, and the government separately pays the remainder to the landlord. 42 U.S.C. § 1437f(o)(2) (3). The portion paid by the government is called a Housing Assistance Payment ("HAP"), 24 C.F.R. § 982.4(b), and is governed by what are known as HAP Contracts.

The Section 8 Program and HAP Contracts are administered and enforced by the local public housing agency in the locality ("PHA"). Under the HAP Contracts "[t]he owner may not charge the tenant extra amounts for items customarily included in rent to the owner in the locality …" Ex. A to 1st Am. Compl., HAP contract, Part C, 6.c. The local PHAs ensure that federally regulated items required to be included in the apartment are provided by the owner when determining "rent to owner" a specifically defined term in the federal regulations. 24 C.F.R. § 982.507 (a), (b)(2). Items that are often provided to the tenant as part of the HAP payment are services and utilities such as heating, cooling, water heating, electricity, water, sewer, trash collection, air conditioning, refrigerator and range/microwave. The landlord and tenant fill out the HAP Contract, advising the PHA who is financially responsible for payment of each service and utility. The PHA helps the tenant negotiate the "rent to owner" as needed. 24 C.F.R. § 982.506.

Defendants have taken four PHA depositions and the deposition of Ms. Terry to date and seek to take 13 more depositions of PHAs and Mr. Huskey as part of their discovery prior to the

class certification hearing; a total of nine (9) additional depositions are sought by Defendants. Variability in the "rent to owner" calculation takes into account specific issues in each "locality" as recognized by the regulations cited above. In other words, what item may be included in "rent to owner" in one region or locality may not be included in another, hence the reason why the specific regional housing authority depositions are needed. Defendants contend this recognized variability goes directly and explicitly to the commonality prong of the class certification analysis. Plaintiffs object to the taking of any depositions that exceed the limit of ten under Federal Rule of Civil Procedure 30 because they allege the depositions are duplicative and cumulative, and according to their counsel a "non-targeted, non-strategic third-party class certification discovery run amok, which serves no useful purpose, but which promises to be exceedingly time consuming, rushed, expensive and redundant."

5. Defendants request the Court to make a determination on the following issues:

- Whether or not Defendants' request to take nine (9) additional depositions should be granted given the broad and expansive class allegations in this case; and
- Whether or not Defendants may take nine (9) additional depositions before they have exhausted the ten depositions permitted under Rule 30 of the Federal Rules of Civil Procedure.

6. **DEFENDANTS' CONTENTIONS**

Defendants Wasatch Advantage Group *et al*. ("Defendants") need to take additional depositions prior to the class certification discovery deadline on August 14, 2017. The depositions of 13 additional public housing agencies ("PHAs") are necessary to discover evidence that Defendants will use to oppose class-certification. The scope of Plaintiffs' claims which include over 4,000 putative plaintiffs who live or lived in 53 properties owned by Defendants across four states and in 17 distinct housing regions or localities compel the need for additional depositions of third-party witnesses. Because deposition testimony is the only effective method by which this discovery may be obtained, Defendants respectfully request the Court to grant leave to take additional depositions.

With the scope so framed by Plaintiffs, Defendants are entitled to depose members of the

local public housing authorities ("PHA") to determine whether the use of the Additional Services Agreements are acceptable in that locality. The broad scope of discovery allows a party to obtain discovery relevant to its defense. Fed. R. Civ. P. 26(b)(1). A court may alter the limit of ten depositions taken by a party when taking into consideration the issues at stake, the party's relative access to relevant information, the importance of the discovery in resolving the issues, and where the benefit of the discovery outweighs the burden or expense. *Id*.; Fed. R. Civ. P. 30(A)(i).

If a party makes a particularized showing why additional depositions are necessary, the Court should grant leave to allow more than ten depositions under the Federal Rules of Civil Procedure. *Couch v. Wan*, 2011 U.S. Dist. LEXIS 110342 (E.D. Cal. 2011) (citing *C & C Jewelry Mfg., Inc. v. West*, 2011 U.S. Dist. LEXIS 24706 (N.D. Cal.2011)).

The testimony Defendants will obtain from each PHA includes their individual interpretation, application and enforcement of the HAP Contracts. Under the Section 8 lease contracts "[t]he owner may not charge the tenant extra amounts for items customarily included in rent to the owner in the locality …" Ex. A to 1st Am. Compl., HAP contract, Part C, 6.c. What is and what is not included in the base rent is a question governed by the custom and practice in the particular locality and the deposition of the local PHA is the best way to develop admissible evidence on that key point.

Recently, Defendants took four of the proposed 17 public housing agency depositions and the testimony underscored the need for taking additional depositions to obtain discovery regarding the variability of additional services permitted outside of a HAP Contract. For instance on July 17, 2017, Jodi Parker of the Housing Authority of the County of Salt Lake (Utah) testified that the federal Department of Housing and Urban Development ("HUD") which oversees the national Section 8 Program allows that PHA "flexibility on running our [Section 8] program" in the region. (Rough copy of Deposition of Jodi Parker, 11: 16-22; 22:12-22). She agreed that under the HUD regulations, there is variability based upon locality as to what particular amenities and services are provided in the HAP Contract. *Id*. at 22:12-22. Defendants will utilize this testimony to oppose class certification by Plaintiffs, and Defendants should be allowed the opportunity to ask similar questions in depositions of the other PHAs to defend against Plaintiffs' class allegations. As a

matter of fairness, Defendants should not be limited to only ten depositions where Plaintiffs alleged in their First Amended Complaint that Defendants violated the Section 8 Program regulations administered by 17 PHAs.

     Lastly, Defendants' request to take additional depositions prior to exhaustion of the limit of ten depositions is necessary due to the impending August 14, 2017 class certification discovery deadline. Although some courts have not granted leave to expand the number of depositions until the moving party has exhausted the ten depositions, other courts – including this Court on at least one occasion – have departed from this "exhaustion rule" where the complexity of the case clearly warrants more than ten depositions. See, *id.* (citing *Del Campo v. American Corrective Counseling Servs., Inc.*, 2007 U.S. Dist. LEXIS 87150 (N.D. Cal. Nov. 6, 2007) The court stated that "[i]t would be inefficient to require an additional motion for each additional deposition sought. Additionally, it would be prejudicial to require Plaintiffs to choose the ten depositions to take before they know whether they will be granted more." *Id.* at 17.

     By July 28, 2017, the date the Court is expected to entertain Defendants' Motion filed currently herewith, Defendants will have taken seven (7) of ten (10) depositions permissible under Rule 30 of the Federal Rules of Civil Procedure. Defendants' request to take 12 more depositions in the 17 days remaining until the discovery cut-off leaves little margin for additional delay given Plaintiffs' objections to the depositions exceeding the limit that caused cancellation and rescheduling of several depositions. Furthermore, Defendants would be prejudiced if forced to select eight (8) PHA depositions in their respective localities (two depositions were reserved for the named plaintiffs) at the expense of obtaining discovery to defend against the allegations of violations committed in nine (9) other localities. Because the class action allegations encompass a geographically expansive scope of putative class members and implicate the PHAs in 17 regions or localities, the request to take additional depositions is reasonable, necessary and in the furtherance of justice.

/ / /

/ / /

/ / /



1  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this affidavit was executed on July 21, 2017, at Sacramento, California.

/s/ Yoon-Woo Nam
Yoon-Woo Nam

