**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
  E-Mail: Joe.Salazar@lewisbrisbois.com
YOON-WOO NAM, SB# 284644
  E-Mail: Yoon-Woo.Nam@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Wasatch Advantage Group, LLC; Wasatch Property Management, Inc.; Wasatch Pool Holdings, LLC, Chesapeake Commons Holdings, LLC; Logan Park Apartments, LLC; Logan Park Apartments, LP

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA,<br><br>    Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP,<br><br>    Defendants. | CASE NO. 2:15-cv-00799-KJM-DB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**<br><br>**[F.R.C.P. 37; L.R. 251]**<br><br>Judge: Hon. Deborah Barnes<br>Date: July 28, 2017<br>Time: 10:00 a.m.<br>Crtrm.: 27, 8th Floor<br><br>The Hon. Kimberly J. Mueller<br><br>Trial Date: None Set |

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

    Defendants Wasatch Advantage Group et al. ("Defendants") seek an order from the Court for leave to take additional depositions prior to the class certification discovery deadline on



August 14, 2017. The depositions of 17 public housing agencies ("PHAs") and two (2) named plaintiffs were and are necessary to discover evidence that Defendants will use to oppose class-certification. The scope of plaintiff DENIKA TERRY *et al.*'s ("Plaintiffs") claims which include over 4,000 putative plaintiffs who live or lived in 53 properties owned by Defendants across four states and in 17 distinct housing regions compel the need for additional depositions of third-party witnesses. Because deposition testimony is the only effective method by which this discovery may be obtained, Defendants respectfully request the Court to grant leave to take additional depositions.

## II. BACKGROUND

### A. Procedural

Plaintiffs are currently proceeding on their first amended complaint. (ECF No. 25.) After the instant dispute arose, and upon receiving insufficient cooperation from Plaintiffs in the preparation and execution of a Joint Statement re Discovery Disagreement, Defendants filed an affidavit with the court concurrently with this Motion.

### B. Factual

Upon learning that Plaintiffs sought to limit Defendants' discovery of PHA testimony, Defendants requested Plaintiffs' stipulation to exceed the ten deposition limitation on July 11, 2017.( Declaration of Yoon-Woo Nam ("Nam Decl.") ¶ 3).

On July 12, 2017, Plaintiffs responded in essence that they would not stipulate and another Joint Statement re Discovery Disagreement would need to be filed to resolve the dispute. (Nam Decl. ¶ 4).

On July 14, 2017, the parties attempted to file a Joint Statement re Discovery Dispute and Defendants filed a Motion for Leave to Take Additional Depositions on July 14th. However, the Court was not available for the corresponding hearing date. (Nam Decl. ¶ 5).

On July 17, 2017, Defendants requested Plaintiffs contribution for a revised Joint Statement re Discovery Agreement to be filed on Friday July 21, 2017. (Nam Decl. ¶ 6).

On July 21, 2017, upon receiving almost no contribution for the preparation of a revised Joint Statement re Discovery Dispute, Defendants filed the Affidavit of Yoon-Woo Nam pursuant

to Local Rule 251 (d) concurrently with this Motion and sought a July 28, 2017 hearing before the Court. (Nam Decl. ¶ 7).

### III. STATEMENT OF FACTS

Plaintiffs Denika Terry and Roy Huskey, III are former tenants of Defendants' apartments and their rent was subsidized in part through the Section 8 Housing Choice Voucher Program ("Section 8 Program") that is implemented using Housing Assistance Payments Contracts ("HAP Contracts"). (ECF No. 25 at ¶¶ 27, 28.) The HAP Contracts are entered into by three parties – the tenant, landlord/owner and the local public housing agency for the region or municipality. *Id*.

Plaintiffs seek to define a class of plaintiffs that extends across four states, 16 localities and 53 former and current apartment complexes owned by Defendants. (ECF No. 25). At issue is the legality of an "Additional Services Agreement" whereby tenants such as Plaintiffs may obtain additional services (washer/dryer, covered parking, etc.) in exchange for a set monthly price charged by Defendants. (ECF No. 25 at ¶ 9, Ex. G.) These services are separate and apart from the HAP Contracts. (ECF. No. 25, Ex. G.)

Under the HAP lease contracts "[t]he owner may not charge the tenant extra amounts for items customarily included in rent to the owner in the locality …" (Nam Decl. ¶ 8, Ex. 1 at 9, Part C, 6.c). The federal Department of Housing and Urban Development ("HUD"), which oversees the Section 8 Program, requires owners to provide certain utilities that meet the HQS, or housing quality standards, but there is also a degree of flexibility built into the program. *Id*. at 4, Part B, 3.b. The HQS consists of multiple criteria including "site and neighborhood", and HUD may approve criteria variations consistent with local housing codes or other codes adopted by the PHA. 24 C.F.R. 982.401 (a)(2)(ii)(K), (4)(ii)(A).

**Rule 23 Class Actions, Commonality Prong**

According to Plaintiff's first amended complaint, some common questions of law and fact applicable to the Court's Rule 23 class certification analysis – and Commonality prong thereof – include but are not limited to:

- Whether Defendants entered into HAP Contracts with Class members and the PHA for the locality;

- Whether the PHAs bind Defendants' participation in the Section 8 Program to the relevant Section 8 Program statutes and regulations before, during and after the HAP Contracts approval process;

- Whether the relevant Section 8 Program statutes and regulations preclude Defendants from charging for additional services; and

- Whether Defendants charges for additional services may violate Section 8 Program statutes and regulations.

**Public Housing Agency Subpoenas**

Defendants identified 17 PHAs in four states that administer the Section 8 Program applicable to Defendants' 53 current or former properties in question:

<u>Utah</u> (4): Housing Authority of the County of Salt Lake (Salt Lake City, UT); Housing Authority of Salt Lake City (Salt Lake City, UT); Davis Housing Authority (Farmington, UT); West Valley City Housing Authority (West Valley City, UT);

<u>California</u> (9): Housing Authority of the County of Alameda (Hayward, CA); Oakland Housing Authority (Oakland, CA); Riverside County Housing Authority (Riverside, CA); San Diego Housing Commission (San Diego, CA); County of San Diego Department of Housing (San Diego, CA); City of Oceanside Housing Division (Oceanside, CA); Housing Authority of Kings County (Hanford, CA) Fresno Housing Authority (Fresno, CA); Sacramento Housing and Redevelopment Agency (Sacramento, CA);

<u>Arizona</u> (3): Glendale Housing Authority (Glendale, AZ); Housing Authority of Maricopa County (Peoria, AZ); City of Tucson Section 8 Housing Authority (Tucson, AZ)

<u>Washington</u> (1): Renton Housing Authority (Renton, WA)

The First Amendment to the Scheduling Order set a Class Certification Discovery cut-off of August 14, 2017. (ECF No. 50.) Defendants served subpoenas to all 17 PHAs but were compelled to cancel some due to Plaintiffs' objections for all depositions exceeding the limit of ten. Defendants took the deposition of plaintiff Denika Terry on June 19, 2017 and have noticed plaintiff Roy Huskey, III's deposition for August 8, 2017. Defendants also recently took the depositions of the Utah PHAs on July 17th and 18th.

/ / /



## IV. ARGUMENT

### A. Procedural Authority

The broad scope of discovery allows a party to obtain discovery relevant to its defense. Fed. R. Civ. P. 26(b)(1). A court may alter the limit of ten depositions taken by a party when taking into consideration the issues at stake, the party's relative access to relevant information, the importance of the discovery in resolving the issues, and where the benefit of the discovery outweighs the burden or expense. *Id.*; Fed. R. Civ. P. 30(A)(i).

A party may seek an expedited review by the Court of a discovery disagreement between parties. L.R. 251(a); Fed. R. Civ. P. 37(a).

### B. Additional Depositions Before the Class Certification Hearing are Necessary for the Defense of Plaintiffs' Broad Claims

If a party makes a particularized showing why additional depositions are necessary, the Court should grant leave to allow more than ten depositions under the Federal Rules of Civil Procedure. *Couch v. Wan*, 2011 U.S. Dist. LEXIS 110342 (E.D. Cal. 2011) (citing *C & C Jewelry Mfg., Inc. v. West*, 2011 U.S. Dist. LEXIS 24706 (N.D. Cal.2011)).

Although some courts have not granted leave to expand the number of depositions until the moving party has exhausted the ten depositions, other courts – including this Court on at least one occasion – have departed from this "exhaustion rule" where the complexity of the case clearly warrants more than ten depositions. *See*, *id.* (citing *Del Campo v. American Corrective Counseling Servs., Inc.*, 2007 U.S. Dist. LEXIS 87150 (N.D. Cal. Nov. 6, 2007) The court stated that "[i]t would be inefficient to require an additional motion for each additional deposition sought. Additionally, it would be prejudicial to require Plaintiffs to choose the ten depositions to take before they know whether they will be granted more." *Id.* at 17.

#### 1. The Claims and Defenses of the Parties are Complex

The allegations in Plaintiffs' first amended complaint and the defenses of Defendants demonstrate this is a complex case that necessitates more than ten depositions. Plaintiffs seek to certify a class of plaintiffs extending across four states. To adequately defend against Plaintiffs' claims, Defendants need to depose the relevant 17 public housing agencies that regulate the 53

1  properties Plaintiffs have placed in issue. The testimonial evidence that Defendants have obtained
2  and expect to obtain in the remaining 13 PHA deposition will likely have factual variances
3  because each locality may have its own unique housing quality standards and local requirements.
4  Furthermore, the complaint alleges not only "false and fraudulent claims for payment or approval"
5  by Defendants against the named plaintiffs, but also against a putative class of over 4,000
6  plaintiffs who are former and current Section 8 Program tenants living in Defendants' apartments.
7  The breadth and geographic expanse of Plaintiffs' claims are factors that drive the expanded
8  deposition request.

9      In *Couch v. Wan*, the court determined the case was complex because it involved multiple
10 plaintiffs, multiple defendants and multiple complex legal issues. *Couch*, U.S. Dist. LEXIS
11 110342 at 4. The claims at issue in that case spanned multiple events and many facts concerned
12 only one third-party witness and others different facts concerned another third-party witness. *Id*.
13 Similarly, Defendants expect the facts to be unique to each PHA and so their deposition testimony
14 is anticipated to be unique as well.

15     Defendants recently took four of the proposed 17 public housing agency depositions and
16 the testimony underscored the need for taking additional depositions to obtain discovery regarding
17 the variability of additional services permitted outside of a HAP Contract. For instance on July 17,
18 2017, Jodi Parker of the Housing Authority of the County of Salt Lake (Utah) testified that the
19 federal Department of Housing and Urban Development ("HUD") which oversees the national
20 Section 8 Program allows that PHA "flexibility on running our [Section 8] program" in the region.
21 (Nam Decl. ¶ 9, rough copy of deposition of Jodi Parker, 11:7-8, 16-22; 22:12-22). She agreed that
22 under the HUD regulations, there is variability based upon locality as to what particular amenities
23 and services are provided in the HAP Contract. *Id*. at 22:12-22. Defendants will utilize this
24 testimony to oppose class certification by Plaintiffs, and Defendants should be allowed the
25 opportunity to ask similar questions in depositions of the other PHAs to defend against Plaintiffs'
26 class allegations. As a matter of fairness, Defendants should not be limited to only ten depositions
27 where Plaintiffs alleged in their First Amended Complaint that Defendants violated the Section 8
28 Program regulations administered by 17 PHAs.

1    Another similarity to *Couch* is that the facts relating to the HAP Contracts and additional
2 services will span multiple lease agreements in the years 2009 to the present, which is the
3 applicable claims period established by Plaintiffs. The complexity of the facts and issues in this
4 case merit the taking of additional depositions.

5    2.    <u>Defendants Can Demonstrate a Particularized Showing for the Need for
6          Additional Depositions</u>

7    Defendants must take additional depositions due to the varying housing quality standards
8 that each PHA adopts in their enforcement and administration of the Section 8 Program in their
9 respective localities. First, the proposed depositions are not cumulative or duplicative. With the
10 scope so framed by Plaintiffs, Defendants are entitled to depose members of the 17 local public
11 housing authorities to determine whether the use of the Additional Services Agreements are
12 acceptable in that locality. Under the HAP lease contracts "[t]he owner may not charge the tenant
13 extra amounts for items customarily included in rent to the owner in the locality …" (Nam Decl.
14 ¶ 8, Ex. 1 at 9, Part C, 6.c). What is and what is not included in the base rent is a question
15 governed by the custom and practice in the particular locality and the deposition of the local PHA
16 is the best way to develop admissible evidence on that key point. Based on Defendants' experience
17 working with local PHAs for each of its 53 properties implicated in Plaintiffs' lawsuit, Defendants
18 believe each local PHA applies a different standard in the approval of the HAP Contracts and
19 Additional Services Agreements.

20   As noted above, HUD requires owners to provide certain utilities, but there is also a degree
21 of flexibility built into the program as testified by Jodi Parker of the Housing Authority of the
22 County of Salt Lake. That flexibility is, in part, what makes each region unique. Indeed, Ms.
23 Parker's testimony alone makes Plaintiffs' position that the PHA depositions are "redundant,
24 wasteful, and, most important, not strategically designed to elicit evidence reflecting on the
25 certifiability of the proposed class of defendants' tenants" all the more untenable.

26   Finally, Defendants have endeavored to limit the number of essential depositions during
27 this phase of discovery. For example, instead of seeking depositions of PHA employees who work
28 with each of Defendants' 53 properties, Defendants seek to take a total of 17 more third-party

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE
TO TAKE ADDITIONAL DEPOSITIONS

depositions. While some of the testimony of the PHAs will likely overlap since each administers their respective Section 8 Program under the same federal regulations, the proposed depositions and anticipated testimony regarding the housing quality standards and additional services offered by a Wastach apartment in the locality will not be cumulative or duplicative.

### 3. Live Testimony of the PHAs is Needed for the Class Certification Hearing

Defendants only method of obtaining the discovery sought is through a deposition. Because the subpoena of documents or testimony are the two methods by which discovery of a non-party may be obtained, and because Defendants need the PHAs' testimony regarding practices, procedures, interpretation and implementation of federal regulations, the deposition of each PHA is needed to prepare a proper defense to Plaintiffs' class allegations, especially with respect to the commonality prong. Given the nature of the False Claims Act allegations and the information sought from the third-party witnesses, the oral testimony is the sole effective means of discovery available to Defendants.

### 4. Burden or Expense of the Proposed Depositions Does Not Outweigh the Likely Benefit

The burden or expense of the proposed depositions does not outweigh their likely benefit. Defendants will bear almost all of the expense associated with the additional depositions, including subpoenas, court reporters and transcripts. Indeed, Plaintiffs have not and do not expect to incur any travel costs – not even mileage to a deposition 26 miles from their office – because their counsel will appear by telephone at deposition. (Nam Decl. ¶ 10). Plaintiffs will not incur any costs for copies because they have requested Plaintiffs send their counsel all depositions exhibits by e-mail. *Id*. In addition, Defendants have purposefully and with great effort attempted to minimize the costs and time burden of the depositions by grouping them by regions and scheduling the 17 proposed depositions over the course of ten (10) days. Lastly, Defendants have communicated in advance all proposed deposition dates to Plaintiffs and any confirmations by the witnesses to allow efficient management of resources.

/ / /

/ / /

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

## V. CONCLUSION

Defendants are entitled to and should be afforded the opportunity to obtain the discovery they need to defend against the wide-ranging claims in this case. The anticipated discovery regarding the additional services provided by Defendants and the services provided as required under a HAP Contract can only be gleaned from the additional depositions of 13 public housing agencies, which is nine (9) depositions over the limit imposed by the Federal Rules of Civil Procedure. Finally, Defendants have endeavored to minimize the costs and time associated with the depositions, and Plaintiffs will incur very minimal costs as result. Therefore, Defendants respectfully request the Court to grant the Motion for Leave to take Additional Depositions.

DATED: July 21, 2017                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**


By:       */s/ Yoon-Woo Nam*
          Joseph A. Salazar, Jr.
          Yoon-Woo Nam
          Attorneys for Wasatch Advantage Group, LLC;
          Wasatch Property Management, Inc.; Wasatch
          Pool Holdings, LLC, Chesapeake Commons
          Holdings, LLC; Logan Park Apartments, LLC;
          Logan Park Apartments, LP