UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIKA TERRY, et al., | No. 2:15-cv-0799 KJM DB |
| Plaintiffs, | |
| v. | ORDER |
| WASATCH ADVANTAGE GROUP, et al., | |
| Defendants. | |

On July 5, 2017, at the request of the parties, the undersigned set this matter for an Informal Telephonic Discovery Conference on July 11, 2017. (ECF No. 55.) However, review of the parties' joint letter brief revealed that the nature of the parties' dispute was not suitable for resolution via an Informal Telephonic Discovery Conference. Accordingly, on July 10, 2017, the Informal Telephonic Discovery Conference was vacated. (ECF No. 57.)

On July 14, 2017, the parties filed a purported "Joint Statement re Discovery Disagreement," and defendant filed a motion for leave to take additional depositions.[1] (ECF No. 59.) Defendant noticed the motion for hearing before the undersigned on July 21, 2017. However, on July 17, 2017, the hearing of defendant's motion was vacated due to the court's

---

[1] The purported Joint Statement re Discovery Disagreement, however, was much more similar to a letter that would be filed in connection with an Informal Telephonic Discovery Conference.

1

1  unavailability.  (ECF No. 60.)

2  On July 21, 2017, defendants filed an affidavit claiming that they were "unable to secure
3  the cooperation of counsel for Plaintiffs . . . in the preparation and execution of the required joint
4  statement."  (ECF No. 62 at 2.)  That same day, defendants again filed a motion for leave to take
5  additional depositions.  (ECF No. 63.)  Defendants noticed the motion for hearing before the
6  undersigned on July 28, 2017—only seven days' notice.

7  Local Rule 251(a) provides that the hearing of a discovery motion shall be calendared for
8  "at least twenty-one (21) days from the date of filing and service," or "at least seven (7) days
9  before the scheduled hearing date" if the notice of motion and motion are filed concurrently with
10  the Joint Statement.  Moreover, Local Rule 251(d) provides that if counsel for the moving party is
11  unable, "after a good faith effort, to secure the cooperation of counsel for the opposing party in . .
12  . preparing and executing the required joint statement, counsel for the moving party may file and
13  serve an affidavit so stating . . . ."

14  Here, defendants did not file a joint statement along with their notice of motion and
15  motion.  Therefore, defendants' motion should have been noticed for hearing on at least twenty-
16  one days' notice.  Moreover, defendants filed their affidavit alleging that they were unable to
17  secure plaintiff's cooperation in preparing the joint statement on the same day defendants' filed
18  their motion.  The undersigned finds that this does not constitute a good faith effort.  In this
19  regard, defendants should have filed their notice of motion and motion, provided twenty-one
20  days' notice, and worked with plaintiff on preparing a joint statement.[2]

21  Accordingly, IT IS HEREBY ORDERED that:

22  1. The July 28, 2017 hearing of defendants' motion for discovery (ECF No. 63) is
23  continued to **Friday, August 11, 2017,** at **10:00 a.m.**, at the United States District Court, 501 I
24  Street, Sacramento, California, in Courtroom No. 27, before the undersigned;

25  ////

26

---

27  [2] Although Local Rule 251(a) allows for the hearing of a discovery dispute on only seven days'
notice if the notice of motion and motion are filed concurrently with a joint statement, that
28  provision is not mandatory and may not be invoked unilaterally.

2. The parties shall file a Joint Statement re Discovery Disagreement on or before August 4, 2017; and

3. If, after a good faith effort, defendants are unable to secure the cooperation of plaintiffs' counsel, defendants may file an affidavit in compliance with Local Rule 251(d) on August 4, 2017.

Dated: July 24, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\terry0799.mtc.cont