Andrew Wolff, SBN 195092
David Lavine, SBN 166744
LAW OFFICES OF ANDREW WOLFF, PC
1956 Webster Street, Ste. 275
Oakland, California 94612
Tel: (510) 834-3300, Fax: (510) 834-3377
andrew@awolfflaw.com; david@awolfflaw.com

Jesse Newmark, SBN 247488
CENTRO LEGAL DE LA RAZA
3400 East 12th Street
Oakland, California 94601
Tel: (510) 437-1554 x115, Fax: (510) 437-9164
jessenewmark@centrolegal.org

Attorneys for Plaintiffs and Relators Denika Terry and Roy Huskey III

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA,<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, and DOES 1-30,<br><br>Defendants. | Case No.: 2:15-CV-00799-KJM-DB<br><br>**DECLARATION OF DAVID LAVINE IN OPPOSITION TO DEFENDANTS' L.R. 251 MOTION FOR ADDITIONAL DEPOSITIONS** |

U.S., *ex rel.* Terry, et al. v. Wasatch Advantage Group, et al.
Declaration of David Lavine In Opposition To Motion for Additional Depositions by Defendants     -1-

1. I am attorney of record for plaintiffs in the above-referenced matter. I have personal knowledge of the facts set forth in this declaration, and, if called upon, could and would testify thereto.

2. After reviewing the affidavit submitted by opposing counsel earlier today in support of defendants' motion for leave to take additional depositions, I am convinced that defendants misguided the Court. As noted below, I invited opposing counsel to correct his affidavit, but opposing counsel refused.

3. Defendants' motion was precipitated by opposing counsel's scheduling of 18 depositions, primarily 16 third-party depositions, despite the limitation imposed by Fed.R.Civ.P. 30(a)(2)(A)(i), requiring leave of court absent agreement between the parties for any side to take more than ten depositions in a case. Opposing counsel did not seek leave of court until I raised the rule limitation.

4. I cooperated fully with the preparation of a joint statement, including spending hours on a contentious negotiation of its content. Two challenges in particular held up the joint statement:

    a. Opposing counsel drafted a common statement of facts clearly slanted toward its position. For my part, I insisted on a short, non-controversial common statement of facts that both sides could agree to, with any other facts to be relegated to the position sections. Indeed, I drafted plaintiffs' position with facts to support plaintiffs' side of the issue, and did not attempt to force those facts into the common factual section. To the contrary, opposing counsel insisted on including its slanted version of the facts in the common section, with the implication that plaintiffs endorsed it. After days of going back and forth, opposing counsel finally relented and moved its version of the facts to its position section.

    b. With nearly all of the joint statement content then agreed to, opposing counsel insisted on a sentence about counsels' negotiation of the proper number of depositions to be accorded to defendants that, in my view, omitted critical detail and lacked context. I suggested that the sentence be shortened to note that plaintiffs were requesting additional conditions if they were to agree to 12 depositions as a compromise. Opposing counsel refused, and further refused

to include other context concerning defendants' delayed document production and the need to make the parties' upcoming dispute resolution session productive. So this disputed sentence remained unresolved. Opposing counsel discussed filing an affidavit by way of explanation of our impasse, and I agreed. I provided the following response to our impasse to be included: "Defendants booked out precious days at the end of the class discovery period for 18 depositions they had not even sought leave beyond ten to take. Plaintiffs attempted to negotiate a compromise, wherein defendants would be able to take several depositions beyond ten, even though plaintiffs see them as entirely cumulative, and not supportive of a viable defense to plaintiffs' claims. Plaintiffs' attempt to compromise failed."

5. I was surprised to see that, rather than including the 99% of agreed-upon content in his submission, opposing counsel submitted an affidavit covering only his position - and nothing of plaintiffs' position on why 18 depositions was clearly excessive. Further, with respect to the relatively-minimal disputed content, opposing counsel did not include plaintiffs' specially-provided response, or any semblance of it. Following review of the affidavit, I invited correction by opposing counsel, but he refused.

6. Opposing counsel was clearly not permitted to submit his one-sided affidavit without including the 99% of the joint statement agreed to, or my response to the disputed sentence. Local Rule 251(d) directly requires inclusion of opposing counsel's response:

> If counsel for the moving party is unable, after a good faith effort, to secure the cooperation of counsel for the opposing party in arranging the required conference, or in preparing and executing the required joint statement, counsel for the moving party may file and serve an affidavit so stating, setting forth the nature and extent of counsel's efforts to arrange the required conference or procure the required joint statement, **the opposing counsel's responses** or refusals to respond to those efforts, the issues to be determined at the hearing, and the moving party's contentions with regard to the issues, including any briefing in respect thereto. (emphasis added).

7. Opposing counsels' affidavit decidedly leaves the misimpression that I did not cooperate with the preparation of the joint statement. Nowhere is it apparent within the affidavit that nearly all of the drafted joint statement - all apart from one sentence - was then agreed to. As such, the affidavit does a disservice to plaintiffs' contributions to the joint statement, which are entirely omitted, and leaves the Court without plaintiffs' argument or supporting authority

U.S., *ex rel.* Terry, et al. v. Wasatch Advantage Group, et al.
Declaration of David Lavine In Opposition To Motion for Additional Depositions by Defendants                -3-

that, based on the seven redundant third-party depositions of the public housing authorities already taken, the depositions of many additional public housing authorities beyond the ten deposition limit set by rule would be cumulative many times over, burdensome in that they take place all around the western states, and financially wasteful.

8. The fair play embedded into the Local Rule 251 abbreviated motion process should have led to a different approach. Opposing counsel could have filed the agreed-upon joint statement, minus the disputed sentence, and taken up the relatively-minimal dispute within the confines of the joint statement, or separately in a short supporting affidavit explaining the impasse over the disputed sentence. Opposing counsel could have also incorporated the 99% of agreed-upon content from the joint statement in his affidavit. Instead, he chose to jettison the work product resulting from our joint labors, and to leave plaintiffs without any position, and any voice, in his filing. Such an approach is not compliant with Local Rule 251(d), requiring that opposing counsel's responses be included, and smacks of bad faith. Moreover, it makes the Court's task of weighing the arguments presented by both sides difficult when only one side's was presented.

9. The issue presented of whether defendants should be able to take more than ten depositions, though hotly contested, is relatively straightforward and discrete. It is unproductive that opposing counsel has chosen to divert the Court's attention away from the parties' joint briefing to focus on a residual disagreement over one contested sentence and the contentiousness surrounding it. Hopefully, the Court can re-focus arguments on the merits of the issue at hearing.

I declare under penalty of perjury that the foregoing is true and correct, this 4th day of August, 2017, in Oakland, California.

/s/ David Lavine

U.S., *ex rel.* Terry, et al. v. Wasatch Advantage Group, et al.
Declaration of David Lavine In Opposition To Motion for Additional Depositions by Defendants   -4-