1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DENIKA TERRY, et al.,                       No.  2:15-cv-0799 KJM DB

12                    Plaintiffs,

13           v.                                    ORDER

14    WASATCH ADVANTAGE GROUP, et
      al.,
15

16                    Defendants.

17

18           This action came before the court on August 11, 2017, for hearing of defendants' motion

19    for leave to take additional depositions.  Attorney David Lavine appeared telephonically on

20    behalf of the plaintiffs.  Attorney Yoon Nam appeared in person on behalf of the defendants.

21           On July 5, 2017, at the request of the parties, the undersigned set this matter for an

22    Informal Telephonic Discovery Conference on July 11, 2017.  (ECF No. 55.)  However, review

23    of the parties' joint letter brief revealed that the nature of the parties' dispute was not suitable for

24    resolution via an Informal Telephonic Discovery Conference.  Accordingly, on July 10, 2017, the

25    Informal Telephonic Discovery Conference was vacated.  (ECF No. 57.)

26    ////

27    ////

28    ////

1

On July 14, 2017, defendant filed a motion for leave to take additional depositions.  (ECF No. 59.)  Defendant noticed the motion for hearing before the undersigned on July 21, 2017.  However, July 21, 2017, was not an available law and motion date.  Nor did defendants' motion provided proper notice pursuant to Local Rule 251.  Accordingly, on July 17, 2017, the hearing of defendants' motion was vacated.[1]  (ECF No. 60.)

On July 21, 2017, defendants filed an affidavit claiming that they were "unable to secure the cooperation of counsel for Plaintiffs . . . in the preparation and execution of the required joint statement."  (ECF No. 62 at 2.)  That same day, defendants again filed a motion for leave to take additional depositions.  (ECF No. 63.)  Again, defendants noticed the motion for hearing before the undersigned on only seven days' notice.

Accordingly, on July 25, 2017, the undersigned issued an order continuing the hearing of defendants' motion to August 11, 2017.  (ECF No. 64.)  That order also advised defendants of the requirements of Local Rule 251.  Moreover, the parties were ordered that on or before August 4, 2017, the parties should file a joint statement or defense counsel should file an affidavit stating that, after a good faith effort, defense counsel was unable to secure the cooperation of plaintiffs' counsel in preparing a joint statement.  (ECF No. 64.)

On August 4, 2017, the parties did not file a joint statement.  Instead, each party filed a declaration essentially blaming the other party for their failure to file a joint statement.  (ECF Nos. 65 & 67.)  Moreover, the parties' briefing failed to adequately discuss the merits, or lack of merit, of defendants' request or the procedural issues relevant to defendants' request for leave to conduct eight additional depositions with an impeding discovery deadline of August 14, 2017, and a class certification hearing on September 22, 2017.

////

////

////

---

[1] Instead of re-noticing this motion for hearing, defendants filed another motion on July 21, 2017.  (ECF No. 63.)  Because the July 14, 2017 motion was neither withdrawn by defendants nor re-noticed, this order will also deny the July 14, 2017 motion without prejudice to renewal.

1    Accordingly, upon consideration of the arguments on file and those made at the hearing,

2  and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED

3  that:

4        1. Defendants' July 14, 2017 motion for leave to take additional depositions (ECF No.

5  59) is denied without prejudice to renewal; and

6        2. Defendants' July 21, 2017 motion for leave to take additional depositions (ECF No.

7  63) is denied without prejudice to renewal.[2]

8   Dated:  August 11, 2017

9

10

DEBORAH BARNES
11                                     UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18  DLB:6
    DB\orders\orders.civil\terry0799.oah.081117
19

20

21

22

23
    _____
    [2]  If defendants intend to renew their motion, defendants should first consider, and if necessary
24  obtain, a continuation of the discovery deadline and the class certification hearing.  While the
    undersigned is permitted to modify the discovery deadline in this action, the undersigned may do
25  so only to the extent any such modification does not impact the balance of the schedule.
    Moreover, if defendants renew their motion, or bring a future discovery motion, defense counsel
26  shall carefully review and comply with Local Rule 251.  Finally, the parties are cautioned that, if
    in a future discovery dispute before the undersigned the parties fail to file a joint statement the
27  parties should be prepared to discuss the issue of sanctions for one or both attorneys at the hearing
    of the discovery dispute.
28

3