Andrew Wolff, SBN 195092
David Lavine, SBN 166744
LAW OFFICES OF ANDREW WOLFF, PC
1956 Webster St., Suite 275
Oakland, California 94612
(510) 834-3300
(510) 834-3377 (Fax)
david@awolfflaw.com

Jesse Newmark, SBN 247488
Shira Levine, SBN 293080
CENTRO LEGAL DE LA RAZA
3400 East 12th Street
Oakland, California 94601
(510) 437-1554 x115
(510) 437-9164 (Fax)
jessenewmark@centrolegal.org

Attorneys for Plaintiffs/Relators
Denika Terry and Roy Huskey III

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA, <br><br> Plaintiffs/Relators, <br><br> vs. <br><br> WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, and DOES 1-30, <br><br> Defendants. | Case No. 2:15 CV 0799 KJM DB <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GRANTING LEAVE TO AMEND** <br><br> **CLASS ACTION** <br><br> Date: September 22, 2017 <br> Time: 10:00 a.m. <br> Judge: Kimberly J. Mueller <br> Dept.: Courtroom 3, 15th Floor |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, as well as Local Civil Rules 220 and 230, Plaintiffs Denika Terry and Roy Huskey III, for themselves, and on behalf the putative class they represent ("plaintiffs"), respectfully move the Court for leave to file the attached Third Amended Complaint ("TAC"). Plaintiffs sought defendants' position on seeking leave to amend, but received no response. Declaration of David Lavine ("Lavine Decl."), ¶2.

Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard has been interpreted with "extreme liberality" in this circuit, and beyond. *DCD Programs v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987) (internal citation omitted); *see Foman v. Davis*, 371 U.S. 178, 182 (leave to amend should be freely given); *Eminence Captial, LLC v. Aspeon, Inc.* 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any the remaining *Forman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend" (emphasis in original); *United States v. Webb*, 655 F.2d 977. 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on pleadings or technicalities"); *Moore's Federal Practice – Civil, §15.14* ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)"). Only a substantial showing of factors not present here -- "bad faith, undue delay, prejudice to the opposing party, and futility of amendment" -- should interfere with leave to amend. *DCD Programs*, 833 F.2d at 186.

Leave to file the proposed TAC should be granted under the extremely liberal standard favoring such amendments, and due to the absence of any showing, let alone a substantial one, of any of the negative factors against amendment. The proposed amendments do not substantially change the character of plaintiffs' theories of liability, but rather seek to expand coverage under the TAC to all of the areas in which defendants own and operate properties accepting housing choice voucher (commonly known as "Section 8") tenants, rather than just to their Sacramento-area properties. This expansion of the scope of the complaint should come as no surprise, in that, months ago, the assigned Magistrate Judge expanded class discovery to cover all Wasatch-owned properties over the western states. The proposed TAC simply conforms allegations to evidence discovered – a classic reason for amendment. No bad faith is present, nor is there

undue delay or other prejudice to defendants given that the case is still in its early stages, no trial date has been set, and class certification has yet to be decided -- and, if granted, its scope has yet to be delineated or its contours drawn.  Indeed, just following the class discovery period is a natural time to propose an amended complaint to conform allegations to evidence uncovered.

Accordingly, plaintiffs respectfully request that the Court grant plaintiffs leave to file the TAC, attached as Exhibit A to the Lavine Decl., at ¶3.

Respectfully Submitted,

**LAW OFFICES OF ANDREW WOLFF, P.C.**

Date:  August 25, 2017

_____/s/_____
David Lavine
Attorneys for Plaintiffs and Putative Class