1
2
3
4

David Lavine, SBN 166744
LAW OFFICES OF ANDREW WOLFF, PC
1956 Webster St., Suite 275
Oakland, California 94612
(510) 834-3300
(510) 834-3377 (Fax)
david@awolfflaw.com

5
6
7
8

Jesse Newmark, SBN 247488
Shira Levine, SBN 293080
CENTRO LEGAL DE LA RAZA
3400 East 12th Street
Oakland, California 94601
(510) 437-1554 x115
(510) 437-9164 (Fax)
jessenewmark@centrolegal.org

9
10

Attorneys for Plaintiffs/Relators
Denika Terry and Roy Huskey III

11

UNITED STATES DISTRICT COURT

12

EASTERN DISTRICT OF CALIFORNIA

13

SACRAMENTO DIVISION

14

15
16
17
18

UNITED STATES OF AMERICA, *ex rel.*
DENIKA TERRY and ROY HUSKEY III,
and each of them for themselves individually,
and for all other persons similarly situated and
on behalf of the UNITED STATES OF
AMERICA,

19

Plaintiffs/Relators,

vs.

20
21
22
23

WASATCH ADVANTAGE GROUP, LLC,
WASATCH PROPERTY MANAGEMENT,
INC., WASATCH POOL HOLDINGS,
LLC, CHESAPEAKE COMMONS
HOLDINGS, LLC, LOGAN PARK
APARTMENTS, LLC, LOGAN PARK
APARTMENTS, LP, and DOES 1-30,

24

Defendants.

25
26
27
28

Case No. 2:15 CV 0799 KJM DB

**PLAINITFFS' *EX PARTE* APPLICATION
PER STANDING ORDER TO RE-SET
CLASS CERTIFICATION MOTION
HEARING DATE**

**CLASS ACTION**

Date/Time:  No hearing set absent Court
order, per Standing Order

1   Plaintiffs Denika Terry and Roy Huskey III ("plaintiffs"), by and through their counsel,

2   hereby request pursuant to this Court's Standing Order for Civil Law and Motion that the Court

3   re-set the date for hearing on plaintiffs' motion for class certification from September 22, 2017 to

4   October 20, 2017. The new date has been cleared by the Courtroom Clerk.

5   Plaintiffs seek the re-setting of this hearing date because the current hearing date falls on

6   Rosh Hashana, the Jewish New Year, which lead counsel for plaintiffs observes. Declaration of

7   David Lavine ("Lavine Decl."), ¶2. Plaintiffs propose the new date in order to avoid a religious

8   conflict for their counsel. *Id.*

9   Pursuant to this Court's Standing Order, plaintiffs met and conferred with defendants, at

10  which time defendants' agreed to the hearing date change but did not want the briefing schedule

11  re-set. Lavine Decl., ¶3. Yet when plaintiffs prepared a bland, non-controversial stipulation

12  seeking the hearing date change, noting defendants' position on the briefing schedule, and

13  leaving it to the Court to maintain or re-set the briefing schedule, defendants refused to sign it.

14  *Id.* at ¶4, Ex. A. Plaintiffs were stunned, as lead counsel for plaintiffs has never had to seek a

15  hearing extension by way of *ex parte* application in order to clear a religious conflict before. *Id.*

16  Plaintiffs respectfully submit this request *ex parte* because there is not sufficient time to

17  have the matter briefed and heard on the Court's civil law and motion calendar prior to the

18  currently-set class certification motion hearing date, and in the absence of agreement from

19  defendants.

20  Date:  September 5, 2017

Respectfully submitted,

**LAW OFFICES OF ANDREW WOLFF**

21

22              /s/

23  David Lavine
    Attorneys for Plaintiffs/Relators
24  Denika Terry and Roy Huskey III

25

26

27

28

*U.S. ex rel. Terry v. Wasatch Advantage Group*
2:15 CV 07799 KJM DB