**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
  E-Mail: Joe.Salazar@lewisbrisbois.com
YOON-WOO NAM, SB# 284644
  E-Mail: Yoon-Woo.Nam@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Wasatch Advantage Group, LLC;
Wasatch Property Management, Inc.; Wasatch
Pool Holdings, LLC, Chesapeake Commons
Holdings, LLC; Logan Park Apartments, LLC;
Logan Park Apartments, LP

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA,<br><br>　　　　Plaintiffs/Relators,<br><br>　　vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP,<br><br>　　　　Defendants. | CASE NO. 2:15-cv-00799-KJM-DB<br><br>**OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION PER STANDING ORDER TO RE-SET CLASS CERTIFICATION MOTION HEARING DATE**<br><br>The Hon. Kimberly J. Mueller<br><br>Trial Date:　　None Set |

## I.　INTRODUCTION

Defendants do not oppose re-setting the hearing date on Plaintiff DENIKA TERRY and ROY HUSKEY III ("Plaintiffs'") motion for class certification to accommodate Mr. Lavine's religious practices. Defendants WASATCH ADVANTAGE GROUP, LLC *et al.* ("Defendants")

have never taken a position otherwise. Plaintiffs' *ex parte* application seeks to amend the briefing schedule, a proposition that Defendants have consistently resisted because the briefing schedule (in effect, a modification of the Scheduling Order) has nothing to do with Mr. Lavine's requested accommodation. Such a request to modify the Court's Scheduling Order must be pursued by noticed motion before the Court. If Plaintiffs would have limited their proposed stipulation to re-set the class certification hearing date only, Defendants would have agreed to it as previously communicated to counsel for Plaintiffs on several occasions. Because Plaintiffs' *ex parte* application fails to offer evidence supporting a finding of good cause to re-set the class certification briefing schedule in addition to a continuance of the hearing date, the Court should deny Plaintiffs' *ex parte* request with respect to the modification of the briefing schedule. However, Defendants consent to continue the class certification hearing to October 20, 2017.

## II.     FACTS

Under the operative pleading, Plaintiffs allege violations of the False Claims Act and pendant state claims against Defendants. *See* ECF No. 66, 2nd Am. Compl. Pursuant to a stipulation by the parties, the Court adopted a First Amended Scheduling Order continuing the hearing on class certification to September 22, 2017. ECF No. 39. More than four (4) months later and after class certification discovery closed, Plaintiffs realized the class certification hearing fell on the three-day Rosh Hashanah holiday and requested an accommodation to continue the hearing date. (Declaration of Yoon-Woo Nam ("Nam Decl.") ¶ 2.) In his August 21, 2017 e-mail to counsel for Defendants, Mr. Lavine who is counsel for Plaintiffs requested the accommodation and stated that he was "not seeking to re-open class discovery." *Id.* Counsel for Defendants agreed to a change in the hearing date in a reply e-mail the same day. (Nam Decl. ¶ 3.) Counsel also made it clear that he would not agree to a change in the briefing schedule. *Id.*

The next day on August 22, 2017, Mr. Lavine sent an e-mail to the Court's clerk Casey Schultz acknowledging that Defendants were not objecting to the continuance of the hearing date and sought approval from the Court. (Nam Decl. ¶ 4.) In addition, Plaintiffs for the first time sought to modify the briefing schedule to conform to the new hearing date. *Id.*

On August 23, 2017, Mr. Lavine informed Defendants' counsel that he would prepare a

stipulation to continue the class certification hearing *and* that it would reference Plaintiffs' desire to modify the briefing deadlines to conform to the new hearing date if offered by the Court. (Nam Decl. ¶ 5.) Follow review of Plaintiffs' proposed stipulation, Defendants responded to Plaintiffs' e-mail to the Court's clerk to express their objection to Plaintiffs' request for a *de facto* modification to the scheduling order, while also confirming that there was no objection to the proposed change in the hearing date. (Nam Decl. ¶ 6.) Also, defense counsel reiterated to Mr. Lavine that the current class certification briefing schedule should remain unchanged since it did not encroach on the September 22, 2017 holiday. (Nam Decl. ¶ 7.)

On August 25, 2017, Plaintiffs filed their Motion for Class Certification. ECF No. 72.

On September 5, 2017, Plaintiffs filed their ex parte application to re-set the class certification hearing date. ECF No. 73.

Defendants' opposition to the class certification motion must be filed by September 8, 2017 and Plaintiffs' reply brief is due September 15, 2017. The class certification hearing is set for September 22, 2017, the final day of the Rosh Hashanah holiday.

### III. LEGAL ARGUMENT

An applicant must show that that it would suffer irreparable prejudice in an *ex parte* application to the court instead of a regularly noticed motion. *Cal. v. United States Dep't of Labor*, 2015 U.S. Dist. LEXIS 124562 at p. 4, citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Here, Plaintiffs have not met their burden to show how they will suffer irreparable prejudice. Instead, they only provide a conclusion that there is "not sufficient time to have the matter briefed and heard" prior to the class certification hearing date of September 22, 2017. Plaintiffs do not offer any reasons why the new proposed hearing date of October 20, 2017 is insufficient to accommodate Mr. Lavine's religious observance of the holiday on September 22, 2017. Nor do Plaintiffs provide any evidence stating how irreparable prejudice would result if the class certification briefing schedule is not modified to conform to the proposed hearing date in October.

To the extent Plaintiffs are trying to modify the briefing schedule and get more time to file

1  a renewed Motion for Class Certification, the Court should deny the Plaintiffs' *ex parte*
2  application. The existing briefing deadlines in no way encroach on the Rosh Hashanah holiday.
3  Any attempt to modify the briefing schedule would violate the Court's Standing Order because a
4  change to the schedule of the case must be sought via noticed motion. Plaintiff has known of the
5  hearing date and briefing deadlines since the court issued the First Amendment to the Scheduling
6  Order on April 13, 2017 (ECF 54). Why Plaintiffs waited until now to file an *ex parte* application
7  remains unknown. Regardless of the reason, Plaintiffs have not established good cause to alter the
8  briefing schedule connected with the September 22 hearing date.

## IV. CONCLUSION

If Plaintiffs were legitimately seeking only an accommodation of religious observance of a holiday, this *ex parte* application would be moot because the Defendants have offered to stipulate to a new class certification hearing date on October 20, 2017. However, the application is a thinly-veiled attempt to circumvent the Court's Standing Order to modify the class certification briefing schedule and such a modification requires a noticed motion before the Court. Because Plaintiffs have failed to demonstrate good cause to amend the briefing schedule, the Court should deny Plaintiffs' *ex parte* application.

DATED: September 7, 2017        **LEWIS BRISBOIS BISGAARD & SMITH LLP**


By:        /s/ Yoon-Woo Nam
           Joseph A. Salazar, Jr.
           Yoon-Woo Nam
           Attorneys for Wasatch Advantage Group, LLC;
           Wasatch Property Management, Inc.; Wasatch
           Pool Holdings, LLC, Chesapeake Commons
           Holdings, LLC; Logan Park Apartments, LLC;
           Logan Park Apartments, LP

