Andrew Wolff, SBN 195092
David Lavine, SBN 166744
LAW OFFICES OF ANDREW WOLFF, PC
1956 Webster St., Suite 275
Oakland, California 94612
(510) 834-3300
(510) 834-3377 (Fax)
david@awolfflaw.com

Jesse Newmark, SBN 247488
Shira Levine, SBN 293080
CENTRO LEGAL DE LA RAZA
3400 East 12th Street
Oakland, California 94601
(510) 437-1554 x115
(510) 437-9164 (Fax)
jessenewmark@centrolegal.org

Attorneys for Plaintiffs/Relators
Denika Terry and Roy Huskey III

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA,<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, and DOES 1-30,<br><br>Defendants. | Case No. 2:15 CV 0799 KJM DB<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION SEEKING LEAVE TO AMEND COMPLAINT**<br><br>**CLASS ACTION**<br><br>Date:      October 20, 2017<br>Time:     10:00 a.m.<br>Judge:    Kimberly J. Mueller<br>Dept.:     Courtroom 3, 15th Floor |

Defendants misapprehend the complaint amendment process.  They do not cite a single case supporting their position that the Second Amended Complaint (SAC) should have included the new allegations in the Third Amended Complaint (TAC), or that the TAC comes too late.

As Defendants concede, the standard for reviewing a request to amend a complaint has been interpreted with "extreme liberality" in this circuit, and beyond.  *DCD Programs v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987) (internal citation omitted); *see Foman v. Davis*, 371 U.S. 178, 182 (leave to amend should be freely given); *Eminence Captial, LLC v. Aspeon, Inc.* 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any the remaining *Forman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend" (emphasis in original); *United States v. Webb*, 655 F.2d 977. 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on pleadings or technicalities"); *Moore's Federal Practice – Civil, §15.14* ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)").

Against the weight of the liberal review standard, Defendants first contend that Plaintiffs should have included all of their new allegations in the SAC.  This argument misses that, following a motion to dismiss, any allowable amendments are prescribed by and limited to those addressed in the order on that motion, and that a plaintiff is not free to further amend without being granted further leave to amend by the Court.  Plaintiffs were limited in the SAC to the amendments addressed by the Court, to be filed by the deadline set by the Court.  Any further amendments would have exceeded the scope of amendments permitted by the Court's order, and thus had to await an order permitting them sought by way of a motion for leave to amend.

Defendants further contend that Plaintiffs unduly delayed in submitting their motion for leave to amend in support of filing the TAC.  The TAC could have scarcely been proposed much earlier.  The Court issued its ruling on Defendants' motion to dismiss the First Amended Complaint (FAC) on July 21, 2017, directing the filing of the SAC within 14 days.  Plaintiffs complied by filing the SAC on August 4, 2017.  Class discovery closed on August 14, 2017, with depositions of Defendants' persons-most-knowledgeable having concluded just one business day before due to the massive production of needed documents (approximately half of Defendants'

total production) in the final two weeks of the class period.  Plaintiffs' motion for leave to file the TAC to conform to evidence uncovered during class discovery followed just days later, on August 25, 2017.  As the TAC was filed concurrently with the class certification motion, Defendants had their full briefing period and opposition brief to address the new, geographically expanded allegations in the proposed TAC.  *See Roberts v. Ariz. Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party.")  That Defendants chose to defend the class certification motion without addressing the new allegations in the proposed TAC at all was their strategic judgment.  But there was no undue delay here.

Moreover, Defendants suggest that they would be prejudiced by the TAC, it that it would cause "substantial delay and expense." Opp. 3:6.  If a bald contention like this one could carry the day, no party could receive leave to amend, as contending with new allegations in an amended complaint always entails additional time and expense.  *See e.g., Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 509 n.2 (N.D. Cal. 2011) ("Generally, the issue is not whether the defendant would be required to engage in additional work in response to newly amended claims. The question is what incremental prejudice results from the delay in asserting those claims (e.g., in ability to complete discovery because of approaching trial date).").  Here, of course, there are no new claims asserted, but simply additional allegations in support of the existing claims, which makes the case for amendment an even easier one to approve than in *Trans Video*.  There is, in short, no undue prejudice to Defendants.

Finally, Defendants advance that good cause—presumably under Federal Rule of Civil Procedure 16(b) though that rule is not cited in the opposition—must be shown for complaint amendment at this point, relying on a late 2016 scheduling order issued early in the case and many months before the Court's July 2017 order on Defendants' motion to dismiss.  Subsequently, the Court issued other, superseding scheduling orders that do not mention a deadline for any complaint amendments.  Even assuming *arguendo* that the Court's earlier scheduling order were still in effect with respect to complaint amendments, Plaintiffs have good

*Terry, et al. v. Wasatch Advantage Group, et al.*
2:15 CV 07799 KJM DB                    -2-

cause for the proposed TAC, as it is necessary to conform to evidence provided by Defendants during and through the end of the class discovery period.  Submitting such an amended complaint at the close of, and to incorporate, class discovery is an ordinary development and satisfies any need for good cause here.  Plaintiffs could not reasonably have moved to amend any earlier, until the evidence was in.

To conclude, Plaintiffs have proposed the TAC expeditiously, at the conclusion of a class discovery period back-loaded with Defendant's large document production, and in a manner entirely consistent with the broader evidence sought from and permitted by Magistrate Judge Barnes' Order Compelling Discovery (Dkt. 48).  The TAC appropriately includes new allegations that incorporate the evidence uncovered during class discovery.  Under the governing liberal standard, Plaintiffs' motion seeking leave to amend in order to file the proposed TAC should be granted.

Respectfully Submitted,

**LAW OFFICES OF ANDREW WOLFF, P.C.**

Date:  September 15, 2017

_____/s/_____
David Lavine
Attorneys for Plaintiffs and Putative Class