1   Andrew Wolff, SBN 195092
    David Lavine, SBN 166744
2   LAW OFFICES OF ANDREW WOLFF, PC
    1956 Webster St., Suite 275
3   Oakland, California 94612
    (510) 834-3300
4   (510) 834-3377 (Fax)
    david@awolfflaw.com
5
    Jesse Newmark, SBN 247488
6   Shira Levine, SBN 293080
    CENTRO LEGAL DE LA RAZA
7   3400 East 12th Street
    Oakland, California 94601
8   (510) 437-1554 x115
    (510) 437-9164 (Fax)
9   jessenewmark@centrolegal.org

10  Attorneys for Plaintiffs/Relators
    Denika Terry and Roy Huskey III
11

12                  UNITED STATES DISTRICT COURT

13                  EASTERN DISTRICT OF CALIFORNIA

14                      SACRAMENTO DIVISION

15

16  UNITED STATES OF AMERICA, *ex rel.*      Case No. 2:15 CV 0799 KJM DB
    DENIKA TERRY and ROY HUSKEY III,
17  and each of them for themselves individually,   **SUPPLEMENTAL DECLARATION OF**
    and for all other persons similarly situated and   **DAVID LAVINE IN SUPPORT OF**
18  on behalf of the UNITED STATES OF       **PLAINTIFFS' MOTION FOR CLASS**
    AMERICA,                                **CERTIFICATION**
19
            Plaintiffs/Relators,            **CLASS ACTION**
20
                    vs.                      Date:        September 22, 2017
21                                           Time:        10:00 a.m.
    WASATCH ADVANTAGE GROUP, LLC,           Judge:       Kimberly J. Mueller
22  WASATCH PROPERTY MANAGEMENT,            Dept.:       Courtroom 3, 15th Floor
    INC., WASATCH POOL HOLDINGS,
23  LLC, CHESAPEAKE COMMONS
    HOLDINGS, LLC, LOGAN PARK
24  APARTMENTS, LLC, LOGAN PARK
    APARTMENTS, LP, and DOES 1-30,
25
            Defendants.
26

27

28

*U.S. ex rel. Terry v. Wasatch Advantage Group*
2:15 CV 07799 KJM DB

1.      I am attorney of record for plaintiffs in the above-referenced matter.  I have personal knowledge of the facts set forth in this declaration, and, if called upon, could and would testify thereto.

2.      Attached as Exhibit A to this supplemental declaration are the cover page and pages 44-46 and 201-202 of the Deposition of Denika Terry, dated June 19, 2017, as earlier lodged with the Court by defendants.

I declare under penalty of perjury this 15th day of September, 2017 that the foregoing is true and correct to the best of my knowledge.

/s/_____
David Lavine

Exhibit A

```
 1                 UNITED STATES DISTRICT COURT
 2                 EASTERN DISTRICT OF CALIFORNIA
 3
 4    UNITED STATES OF AMERICA, ex  )
      rel. DENIKA TERRY and ROY     )
 5    HUSKEY III; and each of them  )
      for themselves individually;  )
 6    and for all other persons     )
      similarly situated and on     )
 7    behalf of the UNITED STATES OF )
      AMERICA                       )
 8                                  )
                Plaintiffs,         )
 9                                  )
      VS.                           )  No.
10                                  )  2:15-CV-000799-KJM-DB
                                    )
11    WASATCH ADVANTAGE GROUP, LLC, )
      et al,                        )
12                                  )
                Defendants.         )
13    _____)
14
15
16               DEPOSITION OF DENIKA TERRY
17                 LOS ANGELES, CALIFORNIA
18                 MONDAY, JUNE 19, 2017
19
20
21
22
23    REPORTED BY:
      LINDA D. WHITE
24
      CSR NUMBER 12009
25
```

**L.A. Reporters**

Page 2

```
 1              DEPOSITION OF DENIKA TERRY, taken
                on behalf of Defendants, at
 2              5757 West Century Boulevard,
                Suite 718, Los Angeles, California,
 3              on Monday, June 19, 2017, at
                10:37 a.m., before Linda D. White,
 4              CSR Number 12009 pursuant to
                Notice.
 5
 6
 7
 8    APPEARANCE:
 9        FOR THE PLAINTIFFS:
10              LAW OFFICES OF ANDREW WOLFF, PC
                BY:  DAVID LAVINE, ESQUIRE
11              1956 Webster Street
                Suite 275
12              Oakland, California  94612
                510.834.3300
13              david@awolfflaw.com
14
          FOR THE DEFENDANTS:
15
                LEWIS BRISBOIS
16              BY:  JOSEPH A. SALAZAR, JR., ESQUIRE
                2020 West El Camino Avenue
17              Suite 700
                Sacramento, California  95833
18              916.646.8201
                joe.salazar@lewisbrisbois.com
19
20
21
22
23
24
25
```

L.A. Reporters

Page 44

```
 1        Q.   Have you spoken with any tenants at all from
 2   any Wasatch-owned properties about becoming class
 3   members?
 4        A.   No.
 5        Q.   Who is Roy Huskey, III?
 6        A.   I don't remember.
 7        Q.   Have you ever met a Roy Huskey, III?
 8        A.   Again, I don't remember.  I have to see a
 9   face.  I'm not very good at -- more better with faces.
10   I seen a lot of people so.
11        Q.   Have you ever spoken with anyone, other than
12   your attorney, about becoming a class representative?
13        A.   No.
14        Q.   Do you know whether you are a class
15   representative?
16        A.   Can you rephrase the question.
17        Q.   Do you know whether you are a class
18   representative in this lawsuit?
19        A.   Yes.
20        Q.   And what is your understanding as to what a
21   class representative does?
22        A.   My understanding is that I'm not, per se, the
23   only person that will possibly be going through the
24   things that I'm going through.  That meaning that I'm
25   not the only one that could be possibly going through
```

**L.A. Reporters**

Page 45

```
 1    with what I'm going through with the same property.
 2         Q.   And the things that you're going through were
 3    those items that you described to me earlier about the
 4    physical condition of the unit?
 5         A.   Yes.
 6         Q.   And I'm sorry.  Go ahead and finish.
 7         A.   And also just, you know, things like with
 8    Section 8, things like insurance.  I paid insurance.  I
 9    paid for, you know, to have the extras as far as, like,
10    the washers, the dryers, things of that nature that was
11    required that was on this -- had nothing to do with
12    Section 8 -- that they were charging us for, for being
13    there each year that it will go up.  Or every other -- I
14    will say every other six months something else is being
15    attached to a fee, whether it's your insurance, your
16    water, garbage.
17              Basically your keys, you know, to certain
18    things for the pools, the spas, the entries to get in.
19    It's also your mailbox.  So the extra fees such as those
20    also are a part of the reason, being charged one fee for
21    saying that I had -- for rent when it's absolutely a
22    whole nother charge that has nothing to do with
23    Section 8's fee of what I'm supposed to pay to Section 8
24    as well as to Chesapeake.  So things like that.
25              Like, as far as when we moved there, we think
```

L.A. Reporters

Page 46

```
 1    the certain things, the certain amounts that were
 2    pertaining to the unit or pertaining to what we were
 3    supposed to pay is what I signed on for.  But each time
 4    it was being more fees and more fees being added that
 5    had nothing to do with the fees that were requested
 6    underneath the contract of Section 8.
 7           So we had a fee to pay to Chesapeake, which
 8    was just supposed to be our rent.  And only things that
 9    was just rent and what we have to pay on our own, which
10    is our lights and gas.  Other than that, there weren't
11    supposed to be any other fees unless it was granted by
12    our worker and also by me.
13       Q.   Is it your understanding that the only extra
14    charges you were supposed to pay for as the tenant were
15    for your lights and gas?
16       MR. LAVINE:  Objection.  Misstates the witness's
17    testimony.
18           Go ahead.
19       THE WITNESS:  I was only supposed to being paying
20    for rent, insurance, and the cost of the washer and
21    dryer.  Now if it was our own washer and dryer or our
22    own refrigerator, they were not supposed to charge us
23    for those.
24    BY MR. SALAZAR:
25       Q.   Okay.  So it was your understanding that you
```

L.A. Reporters

Page 201

```
 1   referring to the items that we discussed today about the
 2   charges that you didn't think were correct?
 3        A.   Yes.
 4        Q.   Okay.  And those charges included for the
 5   washer and the dryer; is that correct?
 6        A.   Yes, sir.
 7        Q.   Those include for the parking; is that
 8   correct?
 9        A.   Yes.
10        Q.   And that included for the rental insurance as
11   well.  Is that also correct?
12        A.   Yes.
13        Q.   Okay.  That's all the questions I have there.
14             Ms. Terry, do you have any understanding as to
15   what's required of a class representative?
16        MR. LAVINE:  You can answer.
17        THE WITNESS:  Could you kind of rephrase the
18   question --
19   BY MR. SALAZAR:
20        Q.   Sure.
21        A.   -- a little bit?
22        Q.   You've been listed as a potential class
23   representative in this federal lawsuit.  Do you have any
24   understanding of what's required of a class
25   representative?
```

L.A. Reporters

Page 202

```
 1        A.    Yes.
 2        Q.    And what is that?
 3        A.    Well, I know that I'm kind of a person that's
 4   a lead of this.  I'm not sure if I'm saying it correct.
 5   But my term is probably different.  I'm kind of looking
 6   at it as I'm more of a person trying to just say the
 7   truth and basically be a head of something.  Am I saying
 8   that right?
 9        Q.    All I want to know is what your understanding
10   is.
11        A.    My understanding is that I've had a bad ordeal
12   happen and I was charged with things that I shouldn't
13   have been charged for.  And I was put out for reasons
14   that -- for no reason at all.  And pretty much just
15   things that were going on at the apartments that did not
16   get done.  So I'm kind of here to really get the
17   justice.  I don't know want else to say.
18        Q.    You were evicted from your apartment pursuant
19   to a Court Order, correct?
20        A.    Yes, sir.
21        Q.    So when you say there was no reason, there
22   actually was.  There was a Court Order; true?
23        A.    True.  But my reasons for getting it, no.
24        Q.    Do you know of any other tenants at Wasatch
25   properties that were evicted pursuant to a Court Order?
```

**L.A. Reporters**