Andrew Wolff, SBN 195092
David Lavine, SBN 166744
LAW OFFICES OF ANDREW WOLFF, PC
1956 Webster St., Suite 275
Oakland, California 94612
(510) 834-3300
(510) 834-3377 (Fax)
david@awolfflaw.com

Jesse Newmark, SBN 247488
Shira Levine, SBN 293080
CENTRO LEGAL DE LA RAZA
3400 East 12th Street
Oakland, California 94601
(510) 437-1554 x115
(510) 437-9164 (Fax)
jessenewmark@centrolegal.org

Attorneys for Plaintiffs/Relators
Denika Terry and Roy Huskey III

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA,<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, and DOES 1-30,<br><br>Defendants. | Case No. 2:15 CV 0799 KJM DB<br><br>**PLAINTIFFS' OBJECTIONS TO EVIDENCE SUBMITTED BY DECLARATIONS SUPPORTING DEFENDANTS' OPPOSITION TO CLASS CERTIFICATION**<br><br>**CLASS ACTION**<br><br>Date:  September 22, 2017<br>Time:  10:00 a.m.<br>Judge:  Kimberly J. Mueller<br>Dept.:  Courtroom 3, 15th Floor |

Plaintiffs hereby object to the following evidence submitted by Defendants by way of declarations supporting their opposition to Plaintiffs' motion for class certification, as follows:

### DECLARATION OF WARREN SMITH

Paragraphs 16-18 and Exhibit 7:  hearsay introduced for the truth of the matter asserted in violation of Federal Rules of Evidence  ("Fed.R.Evid.") 801, *et seq.*; inflammatory material not going to the typicality or representativeness of Mr. Huskey to serve as class representative in a case alleging the illegal charging of rent in excess of the Section 8 maximum, in violation of Fed.R.Evid. 403, and against the strength of Exhibit 6, which provides another reason entirely as an explanation for notice of possible lease violation.

### DECLARATION OF DAVE TANFORAN

Paragraphs 4-6:  irrelevant to any theory for class certification relied on in the moving papers, in violation of Fed.R.Evid. 401, as Plaintiffs are not relying on any market valuation theory, and do not take issue with the market forces Defendants rely on to set their base rents; rather, the issue is, once (and however) base rents are set, whether the Additional Service Agreement ("side" agreement) charges are legal under Section 8 regulations.

Paragraph 8, lines 19-20:  states a legal conclusion that intrudes on the province of the Court, without foundation, in violation of Fed.R.Evid. 701.

### DECLARATION OF SHANNON FOX

Paragraph 5, lines 10-14:  states a legal conclusion which intrudes on the province of the Court, and misstates the law, in violation of Fed.R.Evid. 701, in that 24 C.F.R. Section 982.453 limits enforcement against owners for those violations mentioned in lines 7-10 of the same paragraph, but does not expand to a "full suite" of additional enforcement options such as those cited in lines 10-14.

Paragraph 6, p.3, line 27 – p.4, line 5; Paragraph 7, lines 12-13; Paragraph 8, lines 22-24: states a legal conclusion which intrudes on the province of the Court, in violation of Fed.R.Evid. 701, in that Defendants have not shown or provided any support for the notion that any or all of the many local public housing authorities are entitled to deference in the interpretation of federal HUD regulations, nor is it a correct or workable statement of the law. The interpretation given by a local public housing authority, to the effect that only those types of appliances identified in the housing quality standards may not be the subject of an "illegal side agreement," or that a washer and dryer charge or a renter's insurance charge need not be listed in the HAP contract, is unsubstantiated and lacks proper foundation. It is up to the Court, and the Court alone, to ultimately interpret HUD regulations and to apply them to the rent overpayments by Section 8 tenants alleged in this case.

Respectfully Submitted,

**LAW OFFICES OF ANDREW WOLFF, P.C.**

Date: September 15, 2017

_____/s/_____
David Lavine
Attorneys for Plaintiffs and Putative Class