Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Anne Bellows (SBN 293722)
abellows@gbdhlegal.com
Beth Holtzman (SBN 316400)
bholtzman@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
Tony Ruch (SBN 242717)
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
(510) 834-3300; (510) 834-3377 (Fax)

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
Micaela Alvarez (SBN 319908)
malvarez@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
(510) 437-1863; (510) 437-9164

Attorneys for Plaintiffs and Relators

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

UNITED STATES OF AMERICA, *ex rel.*
DENIKA TERRY, ROY HUSKEY III, and
TAMERA LIVINGSTON, and each of them for
themselves individually, and for all other persons
similarly situated and on behalf of the UNITED
STATES OF AMERICA

     Plaintiffs/Relators,

vs.

WASATCH ADVANTAGE GROUP, LLC,
WASATCH PROPERTY MANAGEMENT, INC.,
WASATCH POOL HOLDINGS, LLC,
CHESAPEAKE COMMONS HOLDINGS, LLC,
LOGAN PARK APARTMENTS, LLC, LOGAN
PARK APARTMENTS, LP, and DOES 1-30,

    Defendants.

Case No.: 2:15-CV-00799-KJM-DB

CLASS ACTION

**DECLARATION OF ANNE BELLOWS IN
SUPPORT OF MOTION SEEKING (1)
CLARIFICATION, OR IN THE
ALTERNATIVE, AMENDMENT OF THE
CLASS DEFINITION, (2) COMPILATION
OF THE CLASS LIST, (3) APPROVAL OF
PROPOSED CLASS NOTICE, AND (4)
AMENDMENTS TO THE SCHEDULING
ORDER**

Date:    July 12, 2019
Time:   10 a.m.
Dept:    Courtroom 3, 15th Floor
Before:  Hon. Kimberly J. Mueller

Trial Date:   None Set

757670.7

I, Anne P. Bellows, declare as follows:

1. I am a member in good standing of the Bar of the State of California and an associate at the civil rights and class action law firm Goldstein, Borgen, Dardarian & Ho ("GBDH") in Oakland, California. The Court appointed GBDH and me Class Counsel on May 21, 2019. I am providing this declaration in support of Plaintiffs' Motion Seeking Compilation of the Class List, Approval of Proposed Class Notice, and Amendments to the Scheduling Order. I have personal knowledge of the facts set forth in this Declaration and could and would testify competently to them.

2. GBDH agreed to join Centro Legal de la Raza and the Law Offices of Andrew Wolff in representing Plaintiffs and the certified classes in this matter in March 2019. Since joining the case, GBDH has devoted a significant amount of time to reviewing and analyzing the evidence, litigation history, and legal issues in the case, and we have worked closely with our co-counsel to continue moving the case forward. By necessity, our efforts have been primarily focused on attempting to resolve the parties' longstanding dispute regarding the responsibility and method for compiling the class list, so that notice may be duly sent to the damages or injunctive relief class ("Reimbursement Class") certified by this Court pursuant to Federal Rule of Civil Procedure 23(b)(3) on July 30, 2018. ECF 92.

## A. Plaintiffs' Meet and Confer Efforts Related to the Class List, Class Notice, and the Scheduling Order

3. We have extensively meet and conferred with Defendants about the class list, addressing the issue in phone calls dated April 5, May 17, and May 30 and in letters sent on May 3, May 17, and May 31. Initially, Defendants argued (as I understand they had argued to our co-counsel prior to our entry into the case) that Plaintiffs were responsible for compiling the class list from the previously produced scanned images of tenant files dating back to 2011. Defendants never suggested that Plaintiffs only had to go back to 2014.

4. During this meet and confer process, the parties have also discussed class notice and proposed amendments to the Scheduling Order entered by this Court on December 21, 2018, reaching

DECL. OF ANNE BELLOWS IN SUPPORT OF MOT. SEEKING (1) CLARIFICATION, OR IN THE ALTERNATIVE, AMENDMENT OF THE CLASS DEFINITION (2) COMPILATION OF THE CLASS LIST, (3) APPROVAL OF PROPOSED CLASS NOTICE & (4) AMENDMENTS TO THE SCHEDULING ORDER - CASE NO. 2:15-CV-00799 KJM-DB

757670.7

1  agreement on both issues.  The parties also discussed mediation and data discovery; those discussions

2  are continuing.

3      5.      Attached as Exhibit 1 to this Declaration is a true and correct copy of a letter I sent to

4  Defendants on May 3, 2019 addressing the class list issue, attaching a proposed class notice form, and

5  seeking agreement on amendments to the Scheduling Order.  The class notice form indicated that the

6  class period for the Reimbursement Class began on April 14, 2011.

7      6.      Attached as Exhibit 2 to this Declaration is an email response from Joseph Salazar, Jr.

8  (attorney for Defendants) on May 10th, indicating that Defendants would provide a response by the

9  following Monday, May 12th.

10      7.      Attached as Exhibit 3 to this Declaration is a true and correct copy of a further email

11  response from Ryan Matthews (attorney for Defendants) on May 13th agreeing to the proposed

12  amendments to the Scheduling Order and stating that Defendants would provide the class list

13  "[a]ssuming it's as simple as Dave Tanforan's deposition suggests it is."  The email also indicates that

14  Defendants agree to Plaintiffs' proposed class notice form; notably, it does not mention any concern

15  about the April 14, 2011 start date to the class period.

16      8.      Attached as Exhibit 4 to this Declaration is a true and correct copy of correspondence

17  that I sent to Defendants on May 17, 2019 following the parties' meet and confer call earlier that day.

18      9.      Attached as Exhibit 5 to this Declaration is a true and correct copy of emails dated May

19  22, 2019 and May 24, 2019, reflecting my efforts to schedule a follow-up call for Friday, May 24th, as

20  had been proposed by Defendants on our May 17th call.

21      10.     Attached as Exhibit 6 to this Declaration is a true and correct copy of an email I sent to

22  Defendants on May 28, 2019.

23      11.     Attached as Exhibit 7 to this Declaration is a true and correct copy of a letter I sent to

24  Defendants on May 31, 2019, following our May 30th call.

25      12.     Over the course of this meet and confer process, Defendants eventually conceded that

26  they could efficiently compile the class list from their property management software, and that it was

27  appropriate for them to do so based on concerns about the completeness of the list.

28

DECL. OF ANNE BELLOWS IN SUPPORT OF MOT. SEEKING (1) CLARIFICATION, OR IN THE ALTERNATIVE, AMENDMENT OF THE CLASS DEFINITION (2) COMPILATION OF THE CLASS LIST, (3) APPROVAL OF PROPOSED CLASS NOTICE & (4) AMENDMENTS TO THE SCHEDULING ORDER - CASE NO. 2:15-CV-00799 KJM-DB

757670.7

13.     During the parties' May 30th call, Defendants indicated that Plaintiffs should receive the class list early the following week.  However, Defendants did not produce the class list during the week of June 3rd.  Attached as Exhibit 8 to this Declaration is a true and correct copy of an email I sent to Defendants on June 5th inquiring about the statute of the class list.

14.     On June 7, I informed Defendants of Plaintiffs' intention to file a motion seeking production of the class list, approval of the class notice, and amendments to the scheduling order.  A true and correct copy of this email is attached as Exhibit 9 to this Declaration.

15.     On June 11, 2019, Defendants again indicated that they might be able to provide the class list in the coming days, but they raised for the first time their concern that disclosing class members' contact information would violate class members' privacy rights.  I responded outlining why class members' privacy rights would not be violated in these circumstances, and attached a draft stipulation addressing class notice and the scheduling order since it appeared that an agreement about the class list was within reach.  The draft stipulation reflected a class period start date of April 14, 2011.  A true and correct copy of this correspondence is attached as Exhibit 10 to this Declaration.

16.     On June 12, 2019, Defendants indicated that their privacy concerns were resolved and that they would produce the class list.  Attached as Exhibit 11 to this Declaration is an email from Ryan Matthews indicating this agreement and proposing further delays to the deadlines in the Scheduling Order due to an anticipated delay of several weeks in producing the class list.

17.     In response, I provided Defendants with a slightly revised stipulation regarding class notice and amendments to the scheduling order, together with supporting declarations.  A true and correct copy of this email is attached as Exhibit 12 to this Declaration.

18.     Later in the afternoon of June 12th, Defendants for the first time objected to using April 14, 2011 as the start date for the Reimbursement Class period.  I responded in substance on June 13th, and the parties quickly reached an impasse on the issue.  A true and correct copy of the parties' email exchange on this issue is attached as Exhibit 13 to this Declaration.

19.     As the parties' meet and confer stretched through May and the first half of June, Plaintiffs proposed several different sets of amendments to the Scheduling Order to reflect the

757670.7

1  continuing delays.  Defendants did not object to any of the proposals put forward by Plaintiffs, and

2  affirmatively agreed to several of them, including the dates requested in the Motion filed herewith.  *See*

3  Exhibit 13.

4  **B.**     **Proposed Class Notice Form and Procedures**

5          20.     Plaintiffs propose retaining KCC Class Action Services, LLC, a qualified notice

6  administrator, to administer class notice for the Reimbursement Class.  KCC Class Action Services

7  will use best available methods to locate current mailing addresses for each member of the

8  Reimbursement Class.

9          21.     Attached as Exhibit 14 to this Declaration is a true and correct exemplar of the Class

10  Notice Form that the Plaintiffs propose be sent to members of the Reimbursement Class.  Defendants

11  indicated their agreement to this Notice Form on May 13, 2019.

12          22.     Plaintiffs propose that this long form notice be sent by U.S. mail to every member of the

13  Reimbursement Class.  Reimbursement Class members would then have 35 days from the date of

14  mailing to opt out of the Reimbursement Class.

15  **C.**     **Additional Facts Relevant to Plaintiffs' Request to Amend the Scheduling Order**

16          23.     The time that has been required to address Defendants' failure to compile and disclose

17  the class list, and the corresponding delay to class notice, have significantly delayed Plaintiffs' merits

18  discovery.  Despite Plaintiffs' diligence and best efforts, it will not be possible to complete merits

19  discovery before September 20, 2019, the current cut-off date according to Scheduling Order entered

20  by the Court on December 21, 2019.

21          24.     For the example, the parties are currently meeting and conferring over Plaintiffs'

22  request that Defendants produce electronically stored information sufficient to show charges and

23  payments by class members.  Defendants have informed us that extracting this data will take some

24  time and that they do not currently have an estimated timely for producing the data.  Additionally, due

25  to the detailed nature of the data, we expect that the data will not be fully produced until after the

26  notice process is completed, so that appropriate measures can be taken to safeguard the privacy

27  interests of class members who opt-out of the Reimbursement Class.

28

757670.7

25.     The parties are also actively exploring the possibility of mediation.  Due to the complexity and scope of this case, and based on my firm's experience negotiating settlements in comparable cases, we believe that additional time is needed to permit the robust and detailed settlement discussions that would be necessary to resolve this case.

26.     I have personally inquired with the offices of several prospective mediators who have been discussed by the parties.  Based on these inquiries and the busy schedules of the mediators, we anticipate that the parties may not be able to attend mediation until September or October at the earliest.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct, and that this Declaration was executed this 14th day of June 2019, in Oakland, California.


_____/s/_____
Anne Bellows

757670.7

# EXHIBIT 1

# G B D H

## Goldstein, Borgen, Dardarian & Ho

Shareholders
Linda M. Dardarian
Laura L. Ho
James Kan

Of Counsel
Barry Goldstein
David Borgen
Morris J. Baller

May 3, 2019

<u>**Via E-Mail Only**</u>

Joseph Salazar                                                    Joe.Salazar@lewisbrisbois.com
Ryan Matthews                                              Ryan.Matthews@lewisbrisbois.com
Lewis Brisbois
2020 West El Camino Avenue, Suite 700
Sacramento, CA 95833

Re:      *U.S. Ex rel. Terry v. Wasatch Advantage Group, et al.*

Dear Joe and Ryan:

I write to address several outstanding issues in the above-captioned matter.  First, we still have not heard back from you regarding our proposed stipulation adding Goldstein, Borgen, Dardarian & Ho as Class Counsel.  Second, we request again that Defendants compile the class list so that notice may be sent to a complete and accurate list of class members.  Third, we would like to reach agreement regarding the contents and manner of the class notice.  And finally, we hope both sides can reach agreement on a revised litigation schedule.  Each of these issues is addressed in more detail below.

I hope we can resolve these issues informally.  However, if we are unable to reach agreement on these issues by May 10, 2019, Plaintiffs will be forced to seek the assistance of the Court to avoid further delays in moving this case forward.

## 1.   Addition of Goldstein, Borgen, Dardarian & Ho as Class Counsel

We sent you a draft Joint Stipulation and Proposed Order for Appointment of Class Counsel and supporting declaration by Laura Ho on April 16, 2019, and followed up on April 22, but we have not yet received any response from you.  If you have any concerns or questions, we are of course happy to speak again by phone to address them.

If we have not reached an agreement on a joint stipulation by May 10, 2019, we will file a motion for the appointment of Goldstein, Borgen, Dardarian & Ho as class counsel.

## 2.   Renewed Request for Defendants to Produce the Class List

The responsibility to compile the class list is properly placed on Defendants because they have direct access to the records and record-keeping systems that would permit a complete, accurate, and efficient identification of class members.  *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 356-57 (1978).  Plaintiffs therefore request that Defendants immediately agree to

Joseph Salazar
Ryan Matthews                                    -2-                              May 3, 2019

compile the class list and provide their best estimate of the earliest reasonable date the list can be produced to Plaintiffs.

Defendants' stated position that Plaintiffs have the necessary information to, and should be required to, compile the class list based on Defendants' document production is without merit. First, the record is clear that the document production was incomplete due to missing paper records. Defendants' corporate representative Shawn Fetter testified in his deposition that some files for Defendants' Section 8 tenants "were not able to be located" and "nobody knew for a fact what had happened to them." Fetter Dep. 76:14-25; 77:8-9. This testimony confirms that there are Section 8 tenants known to Defendants for whom Plaintiffs have no information. Even setting aside the holes in the record production, Plaintiffs would be required to review hundreds of thousands of pages of documents in order to compile a list of class members. Other than the incomplete document production, Defendants have provided no other data or list by which Plaintiffs could identify the class members.

Second, it is equally clear that Defendants can more efficiently compile the class list directly from their electronic and central record-keeping systems. *See* Tanforan Dep. 21:7-25; 22:18-22; 126:12-22 (testifying that he could pull a list of Section 8 tenants at Wasatch properties from the company's records if asked); *id.* at 223:17-224:24 (indicating that Wasatch uses a property management software); Jarvis Dep. 80:11-25 (testifying that Wasatch conducted its paper files search for the document production in this case guided by a spreadsheet that listed Section 8 tenants).

Plaintiffs originally sought this information by means of Interrogatory 2 propounded by Plaintiff Denika Terry, which requested Defendants to "[i]dentify (by name, address, and telephone number) all individuals who are putative class members in the present action." Defendants' objections to that interrogatory rested solely on the privacy interests of third parties under the California constitution, the contention that the interrogatory was overbroad and unduly burdensome because it sought discovery of "hundreds of tenants who do not have similar rental histories as Plaintiff Denika Terry and is not narrowly tailored," and attorney-client and attorney work-product privileges. *See* Defendants' Responses to Interrogatories, Set One (February 13, 2017).

Defendants waived any objection that the request was unduly burdensome on any other grounds. *See id.*; Fed. R. Civ. P. 33(b)(4). The remaining objections are without merit. As the third parties are now members of one or both certified classes in this case and are entitled to notice of their rights, the balancing test regarding the California constitutional right to privacy decisively weighs in favor of disclosure. *See Mbazomo v. ETourandTravel, Inc.*, No. 2:16-cv-02229-SB, 2017 U.S. Dist. LEXIS 82411, at *7 (E.D. Cal. May 26, 2017) (discussing balance of interests regarding privacy and ordering precertification disclosure of class members' contact information). Moreover, Plaintiffs are entitled to discovery of class members' names and contact information as they are witnesses to facts relevant to the class claims. *See Minns v. Advanced Clinical Emp't Staffing LLC*, No. C 13-03249 SI, 2014 U.S. Dist. LEXIS 65198, at *5-6 (N.D. Cal. May 9, 2014) (citing and discussing *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 373 (2007)). As to Defendants' contention a request for the names and contact information for putative class members is overbroad or unduly burdensome because of a

Joseph Salazar
Ryan Matthews                                    -3-                                    May 3, 2019

supposed lack of similarity to Plaintiff Terry's rental history, the Court found otherwise in certifying the two classes.  Finally, neither attorney-client nor work-product privileges can reasonably be thought to prevent Wasatch from disclosing a list of class members.

Because the class member records available to Plaintiffs are incomplete, and because Defendants' record-keeping systems would allow them to identify class members "with less difficulty or expense than could the representative plaintiff," the responsibility for compiling the class list is properly placed with Defendants.  *See Oppenheimer*, 437 U.S. at 356.  Plaintiffs are prepared to move the Court to order Defendants to compile the class list, but we would of course prefer to resolve this issue more quickly and informally.  Please confirm by no later than May 10, 2019 whether Defendants will compile the class list, and if so, the earliest reasonable date the list can be provided to Plaintiffs.

### 3.   Draft Class Notice

I am attaching with this letter a draft class notice that we propose to submit to the Court for approval and distribution to class members.  Depending on the number of class members, the long form notice could be posted on a website and a summary post card mailed, or the long form could be mailed directly to class members  To streamline the notice process, we would appreciate it if you would provide any comments about this draft by May 10, 2019 so that we can attempt to reach common ground before presenting the proposed notice to the Court.

Plaintiffs will retain a qualified administrator to conduct the mailing and opt-out process.

### 4.   Proposal for Revised Litigation Schedule

We believe it would be in the parties' best interest to move the Court for a revised litigation schedule to reflect the addition of new counsel and the delay in compiling the class list and sending notice.  Additionally, moving back litigation deadlines will provide the parties with an opportunity to engage in mediation, as we discussed on our last call.  Plaintiffs propose the following revisions to the scheduling order, based on the assumption that we are able to resolve the class list issue in the coming weeks, and notice will be completed no later than September:

Close of Fact Discovery:  January 31, 2020

Disclosure of Expert Witnesses:  February 21, 2020

Disclosure of Rebuttal Expert Witnesses:  March 13, 2020

Close of Expert Discovery:  April 17, 2020

Deadline for Dispositive Motions to be Heard:  June 12, 2020

If there are further significant delays in obtaining the class list, Plaintiffs would seek longer extensions to these deadlines to account for those delays.  Please provide us your feedback on these dates as soon as possible, so that we may schedule a call next week if necessary to reach an agreed schedule.  If we are unable to reach agreement as to a revised

Joseph Salazar
Ryan Matthews                              -4-                         May 3, 2019

litigation schedule by May 10, 2019, we will move the Court for relief from the scheduling order.

Thank you for your prompt attention to these issues.

Sincerely,

Anne P. Bellows

Cc:    Andrew Wolff
       Jesse Newmark
       Micaela Alvarez
       Laura Ho
       Beth Holtzman

753553.4

**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA**
*Terry, et al., v. Wasatch Advantage Group, LLC, et al.*, Case No. 2:15-cv-00799-KJM-DB

# If you are or were a tenant of a Wasatch property in California at any time from April 14, 2011 to the present, and participate or have participated in the "Section 8" Housing Choice Voucher Program in connection with your tenancy at the Wasatch property, and have paid additional charges to your landlord under an Additional Services Agreement, this class action lawsuit may affect your rights.

A federal court authorized this notice.  This is not an advertisement. You are a potential Reimbursement and/or Injunctive Relief Class member in this lawsuit.

**PLEASE READ THIS NOTICE ENTIRELY.**

• The purpose of this Notice is to inform you that your rights may be affected by the proceedings in a class action lawsuit pending before Judge Kimberly J. Mueller of the United States District Court of California ("The Court").

• The Court has ordered that this Notice be sent to you so that you can be fully informed about the lawsuit and your rights and options in connection with it.

• Three current and former Wasatch tenants in California have brought a class action lawsuit against Wasatch and its subsidiaries ("Defendants"), arguing that Wasatch's policy of demanding and/or collecting from their Section 8 tenants additional rent payments under its Additional Services Agreements, in excess of the tenants' portion of the contract rent in the relevant Housing Assistance Payment (HAP) Contracts, violates Federal and California law.

• The Court has ruled that the lawsuit can proceed as a "class action" on behalf of "classes" of tenants.  According to Wasatch's records, you are potentially a member of one of the classes, called the Reimbursement Class (see Paragraph 6 below).

• The Court has not yet decided whether Wasatch did anything wrong, and Defendants contend their policy of demanding and/or collecting additional payments from Section 8 tenants under Additional Services Agreements complies with the law.  There is no money available to you now, and no guarantee there will be.  However, your legal rights are affected, and **you have two options at this point:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **REMAIN PART OF THE REIMBURSEMENT CLASS (REQUIRES NO ACTION BY YOU AT THIS TIME)** | **Stay in this lawsuit.  Keep the right to recover money in this case.  Give up the right to bring your own case.**<br><br>By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement in this case.  But you may give up the right to bring your own independent lawsuit against Wasatch Advantage Group challenging its policy of demanding and/or collecting additional payments from Section 8 tenants under its Additional Services Agreements. |
| **ASK TO BE EXCLUDED FROM THE REIMBURSEMENT CLASS (REQUIRES ACTION BY [XX DAYS FROM DATE OF MAILING])** | **Exclude yourself from the Reimbursement Class.  Get no benefits from it.  Keep the right to bring your own case.**<br><br>If you ask to be excluded from the Reimbursement Class, you cannot recover any money through this case.  But you will keep the right to bring your own case against Wasatch Advantage Group seeking reimbursement due to its challenged policy of demanding and/or collecting additional payments from Section 8 tenants under its Additional Services Agreements. |

**Si necesita esta noticia en Español, favor de contactar el administrador de la Clase o los abogados de la Clase en Cuestion XX.**

## BASIC INFORMATION

1. <u>**Why did I get this notice?**</u>

Wasatch's records show that you live or have lived at a Wasatch property in California at any time from April 14, 2011 to the [date TBD], you participate or have participated in the "Section 8" Housing Choice Voucher Program in connection with your tenancy at a Wasatch property, and you have paid additional charges pursuant to an Additional Services Agreement for any of the following: washers and dryers, renter's insurance, parking (covered and uncovered), garage rental, storage space rental, month-to-month lease fees, "Rent Plus" (a credit reporting service), pest and bedbug control, pet rent and other pet fees, and internet and cable services. The Court has allowed, or "certified," a class action lawsuit on behalf of Section 8 tenants who were charged such additional charges in excess of their individual portions of the contract set forth in the Housing Assistance Payment (HAP) Contracts.  You have legal rights and options that you may exercise before the Court holds a trial.  A trial may be necessary to decide whether the claims being made against Wasatch are valid.  The Honorable Kimberly J. Mueller, a Judge

in the United States District Court for the Eastern District of California, is overseeing this lawsuit.  The case is called *Terry, et al., v. Wasatch Advantage Group, LLC, et al.*, Case No. 4:16-cv-00799-KJM-DB (E.D. Cal.).

**2.     What is this lawsuit about?**

  This lawsuit is about whether Wasatch's policy of demanding and/or collecting additional payments from Section 8 tenants under the company's Additional Services Agreements that are included with its leases, complies with Federal and California law.  Specifically, Plaintiffs claim that this policy violates Wasatch's contracts with its Section 8 tenants.  Plaintiffs have additional claims under California's Consumer Legal Remedies Act and Unfair Competition Law.  Defendants contend that their actions are lawful.  The Court has not yet decided whether Wasatch violated the law.

  You can read the Plaintiffs' Complaint at [ADD].com.

**3.     What is a class action and who is involved?**

  In class action lawsuits, one or more people called "Class Representatives" sue on behalf of other people who have similar claims.  The people together are a "Class" or "Class Members."  The Class Representatives are called the Plaintiffs.  The persons or entities they sue (in this case, Wasatch and some of its subsidiaries) are called the Defendants.  One court resolves the issues for all Class Members.  The Court has appointed the Plaintiffs' lawyers (names and contact information below) to represent the Classes.

**4.     What are the Plaintiffs asking for?**

  The Plaintiffs are asking the Court to find that Wasatch's policy of demanding and/or collecting additional payments from Section 8 tenants under the Additional Services Agreements included with its leases, in excess of the tenants' portion of the contract rent in the relevant Housing Assistance Payment (HAP) Contracts, is unlawful, and to require Wasatch to return or reimburse all payments which were unlawfully obtained.  Plaintiffs are also asking for Wasatch to change its policy of demanding and/or collecting additional payments from Section 8 tenants under the Additional Services Agreements.  This is called "injunctive relief."  You cannot opt out of the injunctive relief sought in this case.

  Plaintiffs also seek recovery of attorneys' fees, the costs of bringing the lawsuit, and interest.  The Court has not yet ruled on the merits of any of the positions taken by Plaintiffs or Wasatch.

**5.     Is there any money available now?**

  No money is available now because the Court has not yet decided whether Wasatch did anything wrong, and the parties have not settled the case.  There is no guarantee that money or benefits will ever be obtained as a result of this case.  If they are and you do not ask to be excluded, you will be notified, and will be given information about any monetary award to which you may be entitled.

753509.6

## WHO IS INCLUDED IN THE LAWSUIT

**6.**      **The classes of tenants**

You are receiving this notice because you are a potential member of the Reimbursement Class, which consists of Wasatch tenants who participated in the "Section 8" Housing Choice Voucher Program and paid additional rent payments, or "side payments," at any time from April 14, 2011 to [date TBD]. The two classes are:

• **Reimbursement Class:** All persons who, in the time period starting four years prior to the date of filing this Complaint through the final resolution of this matter, (1) have been tenants at any of Defendants' California properties; (2) have participated in the "Section 8" Housing Choice Voucher Program in connection with their tenancies at the California properties; and (3) have paid additional charges set forth in Additional Services Agreements in excess of their individual portions of the contract set forth in the HAP Contracts.

• **Injunctive Relief Class:** All persons who: (1) are or will become tenants at any of Defendants' California properties; (2) participate or will participate in the "Section 8" Housing Choice Voucher Program in connection with their tenancies at the California properties; and (3) pay or will pay additional charges set forth in Additional Services Agreements in excess of their individual portions of the contract rent set forth in the HAP Contracts.

**7.**      **Can I be part of this lawsuit?**

We believe you are a member of the Reimbursement Class.  If you are a member of the Reimbursement Class, you will automatically be included as a member of this class unless you take affirmative steps to exclude yourself from this case.  This class consists of people who: (1) lived at a Wasatch property in California at any time from April 14, 2011 to [time TBD]; (2) participated in the "Section 8" Housing Choice Voucher Program; and (3) were charged at least one additional payment under an Additional Services Agreement. Both current and former tenants can be part of this lawsuit.

**8.**      **I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get free help by calling, writing, or emailing the lawyers in this case, at the phone number or addresses listed below in Paragraph 12.

## YOUR LEGAL RIGHTS AND OPTIONS

**9.**      **What happens if I do nothing at all?**

If you do nothing, you will automatically be included as a member of the Reimbursement Class, which means that you will keep the possibility of getting money from this lawsuit.  If you remain part of the Reimbursement Class and the Plaintiffs obtain money as a result of either a trial or a settlement, you will be notified about how to obtain any share to which you may be entitled.  If you do nothing now, regardless of whether the Plaintiffs win or lose, you will not be able to sue the Defendants as part of any other lawsuit seeking reimbursement for the additional

rent payments or "side payments" at issue in this lawsuit. You will also be legally bound by all orders and judgments of the Court. If Plaintiffs lose the case, you will not be penalized or have to pay anything to Wasatch as a result.

**10.    Why would I ask to be excluded?**

Members of the Reimbursement Class have the right to be excluded from the Reimbursement Class. This is also called "opting out" of the class. If you exclude yourself, you won't get any money from this lawsuit even if Plaintiffs obtain it as a result of a trial or settlement. You will keep the right to pursue your own money claims with lawyers of your own choice, provided you pursue those claims within certain legal deadlines. If you do exclude yourself so that you can start your own lawsuit against Wasatch, you should talk to your own lawyer right away to determine any deadlines you have. You cannot opt out of the injunctive relief sought in this case.

To ask to be excluded from the Reimbursement Class, you must send an "Exclusion Request" in the form of a letter sent by mail stating that you want to be excluded from the Reimbursement Class in this case. The letter must include your name, address, telephone number, and signature. You must mail this letter postmarked by [*date 60 days after notice is mailed*] to the Claims Administrator at the following address:

[Claims Administrator Name / Address]

**11.    What is the deadline to ask to be excluded?**

If you do not want to participate in the Reimbursement Class, then you must postmark the Exclusion Request letter by [*date 35 days after notice is mailed*].

**THE LAWYERS REPRESENTING THE CLASSES**

**12.    Do I have a lawyer in this case?**

The Court appointed the Plaintiffs' lawyers in this case to represent the Classes ("Class Counsel"). Those lawyers are: Goldstein, Borgen, Dardarian & Ho in Oakland, California; Law Offices of Andrew Wolff, PC in Oakland, California; and Centro Legal De La Raza, in Oakland, California. The Court determined that these attorneys are qualified to represent the interests of the Classes in this lawsuit. More information about these firms, their practices, and their lawyers' experience is available on their websites: www.gbdhlegal.com, http://awolfflaw.com/, https://centrolegal.org/.

The following attorneys from the firms are handling the case, and you may contact them with any questions you have about the case:

Laura L. Ho, Esq.
Anne Bellows, Esq.
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800
[*case-specific email address*]@gbdhlegal.com

Andrew Wolff, Esq.
Tony Ruch, Esq.
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
(510) 834-3300

Jesse Newmark, Esq.
Micaela Alvarez, Esq.
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
(510) 437-1863
(510) 437-9164

### 13.   Should I get my own lawyer?

You may if you want, but you do not need to hire your own lawyer, because Class Counsel represent the Classes.  For example, you can hire a lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.  If you hire your own lawyer, you will be responsible for the charges that lawyer requires you to pay for representing you.

### 14.   How will Class Counsel get paid?

If Plaintiffs prevail at trial, Class Counsel will ask the Court to require Wasatch to pay their attorneys' fees and expenses.  If there is a settlement of this case, Class Counsel will request either that Wasatch pay the fees and expenses, or that the Court allow a portion of the settlement fund to be used to pay attorneys' fees and costs.  Any such award of attorneys' fees would be subject to Court approval.  You will not have to pay Class Counsel any fees or expenses out of your own pocket.

### THE NEXT STEPS IN THE LAWSUIT

### 15.   What happens next in the lawsuit?

Unless the case is resolved by a settlement or legal ruling before trial, Class Counsel will have to prove the Plaintiffs' claims and money losses at a trial.  The trial has not been scheduled yet.  It will take place in the United States District Court for the Eastern District of California, 501 I Street, Sacramento, CA 95814.  During the trial, the trier of fact will hear all of the evidence and reach a decision about whether the Plaintiffs or Defendants are right about the claims in the lawsuit.

### 16.   Do I have to come to the trial?

You do not need to appear in court or otherwise participate in the trial to be a Class Member or to be eligible for a monetary recovery should the Plaintiffs prevail on their claims.  However, it is possible that a small percentage of the class members may be called to testify as a witness in either a deposition or a trial.  You are welcome to attend any trial at your own expense.

**17.**   <u>**Will I get money after the trial?**</u>

      If the Reimbursement Class obtains money or benefits as a result of a trial or settlement, members of the Reimbursement Class will be notified about how they may qualify to receive a portion of any money or benefits obtained.  We do not know how long this will take.

### GETTING MORE INFORMATION

**18.**   <u>**How can I get additional information?**</u>

      You can visit the website [ADD].com where you will find the Court's Order Certifying the Class, the Plaintiffs' Complaint, and Defendants' Answer to the Complaint.  You may also contact Class Counsel at any time by calling, writing, or emailing them at the contact information in Paragraph 12, above.

      **PLEASE DO NOT CALL OR WRITE THE JUDGE OR CLERK OF THE COURT.  DIRECT ALL INQUIRIES TO CLASS COUNSEL OR AN ATTORNEY OF YOUR OWN CHOOSING.**

      *By order of the United States District Court for the Eastern District of California*

753509.6

# EXHIBIT 2

**From:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>
**Sent:** Friday, May 10, 2019 1:30 PM
**To:** Anne Bellows; Matthews, Ryan
**Cc:** Andrew Wolff; Jesse Newmark; Laura Ho; Beth Holtzman
**Subject:** RE: Terry v. Wasatch correspondence

Hi Anne,

We can get you a response by Monday.  Thanks,

Joe



**Joseph A. Salazar, Jr.**
**Partner | Sacramento Administrative Partner**
Joe.Salazar@lewisbrisbois.com

**T: 916.646.8201  F: 916.564.5444**

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833  |  LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Anne Bellows [mailto:abellows@gbdhlegal.com]
**Sent:** Thursday, May 09, 2019 4:51 PM
**To:** Salazar, Joe; Matthews, Ryan
**Cc:** Andrew Wolff; Jesse Newmark; Laura Ho; Beth Holtzman
**Subject:** [EXT] RE: Terry v. Wasatch correspondence



Hi Joe, Ryan,

We're hoping to hear back from you tomorrow on the issues outlined in the letter I sent last Friday.  We believe these are matters that the parties should be able to come to agreement on, but if we do not hear from you we will need to seek the assistance of the Court in moving this case forward.

Please let me know if you would like to discuss anything raised by the letter.

Thanks,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Friday, May 3, 2019 10:56 AM
**To:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Andrew Wolff <andrew@awolfflaw.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>
**Subject:** Terry v. Wasatch correspondence

Hi Joe, Ryan,

Please see the attached letter regarding several outstanding issues in Terry v. Wasatch, together with a draft class notice for your consideration.  We're looking forward to moving ahead on these issues.  Please don't hesitate to contact me if you have any questions or would like to discuss anything raised in the letter.

Regards,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

# EXHIBIT 3

| | |
|---|---|
| **From:** | Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com> |
| **Sent:** | Monday, May 13, 2019 2:30 PM |
| **To:** | Anne Bellows; Salazar, Joe |
| **Cc:** | Andrew Wolff; Jesse Newmark; Laura Ho; Beth Holtzman |
| **Subject:** | RE: Terry v. Wasatch correspondence |

Anne,

We are working with the client on the class list issue. Assuming it's as simple as Dave Tanforan's deposition suggests it is, we'll get you the class list with no need for law and motion. With respect to the other issues outlined in your letter, we've got no problem with the Proposed Class Notice or your revised litigation schedule, and we'll execute that stip and get it back to you shortly.

Thanks,

Ryan Matthews



**Ryan Matthews**
**Attorney**
Ryan.Matthews@lewisbrisbois.com

**T: 916.646.8213  F: 916.564.5444**

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Anne Bellows [mailto:abellows@gbdhlegal.com]
**Sent:** Friday, May 10, 2019 4:19 PM
**To:** Salazar, Joe; Matthews, Ryan
**Cc:** Andrew Wolff; Jesse Newmark; Laura Ho; Beth Holtzman
**Subject:** [EXT] RE: Terry v. Wasatch correspondence


Thanks Joe.  We look forward to hearing from you.

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender as soon as possible. In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>
**Sent:** Friday, May 10, 2019 1:30 PM
**To:** Anne Bellows <abellows@gbdhlegal.com>; Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Andrew Wolff <andrew@awolfflaw.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>
**Subject:** RE: Terry v. Wasatch correspondence

Hi Anne,

We can get you a response by Monday.  Thanks,

Joe



**Joseph A. Salazar, Jr.**  
**Partner | Sacramento Administrative Partner**
Joe.Salazar@lewisbrisbois.com

**T: 916.646.8201  F: 916.564.5444**

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Anne Bellows [mailto:abellows@gbdhlegal.com]
**Sent:** Thursday, May 09, 2019 4:51 PM
**To:** Salazar, Joe; Matthews, Ryan
**Cc:** Andrew Wolff; Jesse Newmark; Laura Ho; Beth Holtzman
**Subject:** [EXT] RE: Terry v. Wasatch correspondence

External Email

Hi Joe, Ryan,

We're hoping to hear back from you tomorrow on the issues outlined in the letter I sent last Friday.  We believe these are matters that the parties should be able to come to agreement on, but if we do not hear from you we will need to seek the assistance of the Court in moving this case forward.

Please let me know if you would like to discuss anything raised by the letter.

Thanks,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Friday, May 3, 2019 10:56 AM
**To:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Andrew Wolff <andrew@awolfflaw.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>
**Subject:** Terry v. Wasatch correspondence

Hi Joe, Ryan,

Please see the attached letter regarding several outstanding issues in Terry v. Wasatch, together with a draft class notice for your consideration.  We're looking forward to moving ahead on these issues.  Please don't hesitate to contact me if you have any questions or would like to discuss anything raised in the letter.

Regards,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

# EXHIBIT 4

| | |
|---|---|
| **From:** | Anne Bellows |
| **Sent:** | Friday, May 17, 2019 5:06 PM |
| **To:** | Salazar, Joe; Matthews, Ryan |
| **Cc:** | Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff; Rios, Alicia |
| **Subject:** | Wasatch - follow up from call |
| **Attachments:** | Letter following up May 17, 2019 Call.PDF |

Hi Joe, Ryan-

Thanks for the productive call this afternoon.  Attached is a letter addressing a number of follow-up points.  We're looking forward to talking again next Friday.

Best,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**G B D H**

Goldstein, Borgen,
Dardarian & Ho

Shareholders
Linda M. Dardarian
Laura L. Ho
James Kan

Of Counsel
Barry Goldstein
David Borgen
Morris J. Baller

May 24, 2019

<u>**Via E-Mail Only**</u>

Joseph Salazar
Ryan Matthews
Lewis Brisbois
2020 West El Camino Avenue, Suite 700
Sacramento, CA 95833

Joe.Salazar@lewisbrisbois.com
Ryan.Matthews@lewisbrisbois.com

     Re:    *U.S. Ex rel. Terry v. Wasatch Advantage Group, et al.*

Dear Joe and Ryan:

     Thank you for the call this afternoon.  We understand that you are meeting with your client about their ability and timeline for producing a class list, and that you anticipate that you'll have more information on both points next Friday, May 25, 2019.  We are available for a call that day anytime except 11am-noon and 3-4pm.

     You asked us to provide a timeframe for the class list.  Because the classes certified by the Court are continuing in nature, *see* ECF 92 (Class Certification Order at 13), the class list should include any class member who was charged under an Additional Service Agreement as of the date the class list is pulled.

     You mentioned on the call that you are planning to file a motion for summary judgment in the near future.  Could you share more information about the scope of the motion, the grounds you are moving on, and the dates you are considering for the briefing and hearing so that we can check our availability?



MEDIATION PRIVILEGE

     The data can be exported to Excel for ease of analysis.  The data should include all charges, payments, and balances, by date, together with adequate information to identify the class member and property.  This data is responsive to Plaintiffs' Requests for Production 1, 4, and 12, which seek, respectively, all "documents" (a term that is defined to

include ESI) relating to HUD-subsidized tenants, reflecting resident ledgers for HUD-subsidized tenants, and reflecting additional service charges Wasatch made to a HUD-subsidized tenant.

This data should be accessible to Wasatch through its Yardi Voyager database. *See* Tanforan Dep. 223:22-225:3 (discussing the Yardi payment system); *see, e.g.*, CY033053-61, CP013580, RO000314 (sample ledgers from Wasatch's document production indicating that the ledgers were pulled from Yardi's well-known "Voyager" property management software).[1] Plaintiffs are only seeking production of the ledger data from the start of the class period, April 14, 2011, through the date that the data is pulled.

Thanks again for the call.  We look forward to talking next Friday, and to any updates you are able to provide in the interim.

Sincerely,

Anne P. Bellows

---

[1] Yardi has a brochure regarding its Voyager property management system, which may be found here: https://www.yardi.com/documents/voyager_residential.pdf/ (last accessed May 17, 2019).  Page 3 of the brochure lists key features of Voyager, including "integrated general ledger and automated move-in, move-out accounting" and "analytic reporting with drilldown and custom report writing."

# EXHIBIT 5

| | |
|---|---|
| **From:** | Anne Bellows |
| **Sent:** | Friday, May 24, 2019 9:29 AM |
| **To:** | 'Salazar, Joe'; 'Matthews, Ryan' |
| **Cc:** | Laura Ho; Beth Holtzman; 'Jesse Newmark'; 'Micaela Alvarez'; 'Andrew Wolff'; 'Rios, Alicia' |
| **Subject:** | RE: Wasatch - follow up from call |

Hi Joe, Ryan –

We still have not heard back about a time to talk today.  Please let us know as soon as you can.

Thanks,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Wednesday, May 22, 2019 10:10 AM
**To:** 'Salazar, Joe' <Joe.Salazar@lewisbrisbois.com>; 'Matthews, Ryan' <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; 'Jesse Newmark' <jessenewmark@centrolegal.org>; 'Micaela Alvarez' <malvarez@centrolegal.org>; 'Andrew Wolff' <andrew@awolfflaw.com>; 'Rios, Alicia' <Alicia.Rios@lewisbrisbois.com>
**Subject:** RE: Wasatch - follow up from call

Hi Joe, Ryan:

Wanted to follow up on scheduling the call for this Friday.   As I mentioned in the letter I sent last Friday, we're are available except between 11am & noon and 3-4pm.  Let us know what time would work for you.

Thanks,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Friday, May 17, 2019 5:06 PM
**To:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>; Rios, Alicia <Alicia.Rios@lewisbrisbois.com>
**Subject:** Wasatch - follow up from call

Hi Joe, Ryan-

Thanks for the productive call this afternoon.  Attached is a letter addressing a number of follow-up points.  We're looking forward to talking again next Friday.

Best,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

# EXHIBIT 6

**From:**          Anne Bellows
**Sent:**          Tuesday, May 28, 2019 2:19 PM
**To:**            'Salazar, Joe'; 'Matthews, Ryan'
**Cc:**            Laura Ho; Beth Holtzman; 'Jesse Newmark'; 'Micaela Alvarez'; Andrew Wolff
**Subject:**       Terry v. Wasatch - pending issues

Dear Joe and Ryan:

When we last spoke with you on May 17, you told us that you would have more information about your client's ability to compile a class list and the other data we requested within the week, and you proposed that we talk again on Friday, May 24th.  We attempted multiple times to schedule a call with you on May 24th, but received no response.  Additionally, I left a voicemail with Ryan this morning asking about your availability for a call and suggesting that we plan to talk this afternoon, but I have still received no response.

We cannot allow these issues—in particular, the class list issue, and the need to revise the litigation schedule in light of the delay in obtaining the class list—to continue to linger.

Laura and I are available until 5pm today.  If we do not hear back from you today, we will have no choice but to file a motion with the Court regarding the class list and the scheduling order.

Thanks,
Anne


Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

# EXHIBIT 7



**G B D H**

**Goldstein, Borgen,
Dardarian & Ho**

Shareholders
Linda M. Dardarian
Laura L. Ho
James Kan

Of Counsel
Barry Goldstein
David Borgen
Morris J. Baller

May 31, 3019

**<u>Via E-Mail Only</u>**

Joseph Salazar                                          Joe.Salazar@lewisbrisbois.com
Ryan Matthews                                    Ryan.Matthews@lewisbrisbois.com
LEWIS BRISBOIS
2020 West El Camino Avenue, Suite 700
Sacramento, CA 95833

      Re:    *U.S. Ex rel. Terry v. Wasatch Advantage Group, et al.*

Dear Joe and Ryan:

      Thank you for the productive call yesterday.  We are looking forward to receiving the class list, which you stated we can expect to receive early next week.

      Here is our proposed revision to the litigation schedule:

          February 28, 2020 – Close of fact discovery

          March 20, 2020 – Deadline to disclose expert witnesses

          April 10, 2020 – Deadline to disclose rebuttal experts

          May 17, 2020 – Close of expert discovery

          July 10, 2020 – Last day for dispositive motions to be heard

      We would appreciate it if you could provide us your feedback on this schedule by early next week so that we can move quickly to bring a joint proposal to the Court.

      As we mentioned on the phone, Judge Mueller requires that, prior to filing any motion, counsel must meet and confer with the other party to "discuss thoroughly the substance of the contemplated motion and any potential resolution" and to "resolve minor procedural or other non-substantive matters" related to the motion.[1]  We look forward to discussing your intended motion for summary judgment when you are ready to do so.

<span style="color:red">MEDIATION PRIVILEGE</span>

---

[1] Judge Mueller's standing orders for civil cases are available here:
http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5020/standing-orders/

Joseph Salazar
Ryan Matthews                                      -2-                            May 31, 3019

MEDIATION PRIVILEGE

Last, as I pointed out in my May 17, 2019 letter, the class member ledger data (encompassing charges, payments, and balances by date, with adequate information to identify the class member and property) is responsive to Plaintiffs' Requests for Production 1, 4, and 12, and is available in Defendants' Yardi Voyager property management database.

Defendants objected, in responses prior to class certification, that RFPs 1, 4, and 12 were overbroad and burdensome because they involved tenants "who do not have similar rental histories as Plaintiff Denika Terry." *See* Defendants' Amended Response to Request for Production of Documents, Set One (Aug. 14, 2017). The Court's findings on commonality and certification of the two classes have rendered that objection moot.

Defendants also objected that the RFPs, as stated, sought information that exceeded the limitations period. *See id.* To clarify, we are only seeking data from the start of the class period for the damages class, *i.e.*, beginning April 14, 2011.

Defendants also objected on the grounds of attorney-client privilege and attorney work product. *See id.* The data we are seeking—electronically stored ledger data that is created, used, and stored by Defendants in the normal course of business—does not implicate either of these privileges. Defendants have waived any other objections. *See id.*; Fed. R. Civ. P. 33(b)(4).

Please let us know if you see any reason Defendants should not produce the data we have requested, so that we can determine whether there is a need to seek assistance from the Court on this issue. Otherwise, let us know when you expect the data to be produced.

Thanks again for the call.

Sincerely,

Anne P. Bellows

APB/kbm

# EXHIBIT 8

| | |
|---|---|
| **From:** | Anne Bellows |
| **Sent:** | Wednesday, June 5, 2019 2:48 PM |
| **To:** | Salazar, Joe; Matthews, Ryan |
| **Cc:** | Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff |
| **Subject:** | RE: Follow-up from yesterday's call |

Hi Joe, Ryan –

Do you have any information on when we can expect the class list?  On the call you mentioned we should have it by early this week.

Let us know, and thanks.

Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Friday, May 31, 2019 9:40 AM
**To:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>
**Subject:** Follow-up from yesterday's call

Hi Joe, Ryan:

Thanks for the call yesterday.  Attached is a brief follow-up letter with our proposed revision to the litigation schedule and a few other points.

Best,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612

(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

# EXHIBIT 9

**From:**          Anne Bellows
**Sent:**          Friday, June 7, 2019 12:51 PM
**To:**            Salazar, Joe; Matthews, Ryan
**Cc:**            Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff
**Subject:**       RE: Follow-up from yesterday's call


Dear Joe, Ryan:

We still have not received the class list that you assured us you would send early this week, nor have we heard from you regarding our proposed amendments to the scheduling order or the other issues we last discussed on our May 30 call.

Although we've been meeting and conferring on these issues, they still have not been resolved.  Given that time is quickly passing, we need to move forward.  Plaintiffs plan to file a motion next Tuesday (June 11) to require Defendants to produce the class list, to approve the class notice the parties have already agreed to, and to amend the scheduling order.

The proposed dates for the scheduling order that we set out in our last letter were based on our understanding that you would be producing the class list shortly.  However, you have not produced the class list.  Because the time required to move for it, complete briefing, and obtain a court order will result in weeks more delay, we will request the following dates in our motion:

-   March 27, 2020 – close of fact discovery
-   April 17, 2020 – deadline to disclose expert witnesses
-   May 8, 2020 – deadline to disclose rebuttal experts
-   June 12, 2020 – close to expert discovery
-   August 7, 2020 – last day for dispositive motions to be heard

For these dates to work, the class list will have to be produced no later than July 26, 2019, with the goal that class notice be sent out no later than August 26, and that the notice period close 35 days later, *i.e.*, no later than September 30, 2019.

Please let us know if you plan to oppose the motion.  I am available to discuss the proposed schedule, and any concerns you might have, anytime this afternoon or on Monday between 9am-11am or 3:30pm to 5pm.

We can always continue to meet and confer and take the motion off calendar if Defendants produce the class list and the parties reach a stipulation on the scheduling order.

Thanks,
Anne


Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)

www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender as soon as possible. In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Wednesday, June 5, 2019 2:48 PM
**To:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>
**Subject:** RE: Follow-up from yesterday's call

Hi Joe, Ryan –

Do you have any information on when we can expect the class list? On the call you mentioned we should have it by early this week.

Let us know, and thanks.

Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender as soon as possible. In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Friday, May 31, 2019 9:40 AM
**To:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>
**Subject:** Follow-up from yesterday's call

Hi Joe, Ryan:

Thanks for the call yesterday. Attached is a brief follow-up letter with our proposed revision to the litigation schedule and a few other points.

Best,
Anne

Anne P. Bellows

(pronouns: she/her)

Goldstein, Borgen, Dardarian & Ho

300 Lakeside Drive, Suite 1000

Oakland, CA 94612

(510) 287-4344 (direct)

www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender as soon as possible. In addition, please delete the erroneously received message from any device/media where the message is stored.

# EXHIBIT 10

| From: | Anne Bellows |
|---|---|
| Sent: | Tuesday, June 11, 2019 5:14 PM |
| To: | Matthews, Ryan; Salazar, Joe |
| Cc: | Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff; Rios, Alicia |
| Subject: | RE: Follow-up from yesterday's call |
| Attachments: | Stipulation Regarding Class Notice and Relief From the Scheduling Order.DOCX |

Hi Ryan,

*Williams v. Superior Court*, 3 Cal. 5th 531, 552-54 (2017) should assuage any concerns.  Discussing the application of the California right of privacy in the class action context, the Court noted that the balancing test governing the right of privacy generally favors disclosure in analogous cases:  "In wage and hour collective actions, fellow employees would not be expected to want to conceal their contact information from plaintiffs asserting employment law violations, the state policies in favor of effective enforcement of these laws weigh on the side of disclosure, and any residual privacy concerns can be protected by issuing so-called *Belaire-West* notices affording notice and an opportunity to opt out from disclosure."  *Id.* at 553; *see also id.* at 554-55 (rejecting the defendants' privacy objection on the merits).

The balancing test weighs even more strongly in favor of disclosure here.  In a post-certification context such as ours, class members themselves have a due process interest in receiving notice of an action that affects their rights, and the opportunity to opt-out.  This countervailing interest outweighs any residual privacy interests class members have in their contact information.  *See id.* at 556-57 (discussing balancing of privacy interests and interests favoring disclosure).

The *Belaire* procedure discussed in *Williams* is specific to a pre-certification context but grew out of the class action notice process.  Class members here will receive an opportunity to opt-out of this litigation through the notice process, and we propose that Defendants produce the class list and contact information (including last known addresses) directly to the experienced notice administrator we propose to use, KCC, rather than to us.  KCC's website is here: http://www.kccllc.com/ .

We will hold off on filing the motion at least until we hear back from you tomorrow morning.

Perhaps instead the parties could file the attached stipulation tomorrow.  It addresses both class notice and the scheduling order.

Anne


Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Tuesday, June 11, 2019 4:04 PM
**To:** Anne Bellows <abellows@gbdhlegal.com>; Salazar, Joe <Joe.Salazar@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>; Rios, Alicia <Alicia.Rios@lewisbrisbois.com>
**Subject:** RE: Follow-up from yesterday's call

Anne,

I've currently got a version of the class list with names but no last known address information. There's a concern that providing last-known-address info without tenant consesnt could create privacy concerns given that tenants haven't had an opt-out opportunity. I've been looking into the issue, but we're concerned about exposing the client to that liability. We've got a call set up tomorrow morning and expect to have an answer for you at that point. If you've got authority on point indicating that tenant information is subject to production without regard to privacy concerns, I'd be happy to take a look at it. I've got one out-of-circuit opinion on point suggesting that the Supremacy Clause would void any state law privacy concerns once a federal court ordered production, but we'd obviously like to avoid unnecessary law and motion.

On a separate but related note, we're happy to work be flexible on dates with respect to the amendment to the pretrial scheduling order.

Thanks,

Ryan

---

**From:** Matthews, Ryan
**Sent:** Tuesday, June 11, 2019 12:11 PM
**To:** 'Anne Bellows'; Salazar, Joe
**Cc:** Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff
**Subject:** RE: Follow-up from yesterday's call

Anne,

Sorry I missed this on Friday—I was out of the office (as you probably gleaned from my auto-response). I'm working on getting you a status and will follow up this afternoon.

Thanks,

Ryan



**Ryan Matthews**
**Attorney**
Ryan.Matthews@lewisbrisbois.com

**T: 916.646.8213  F: 916.564.5444**

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Anne Bellows [mailto:abellows@gbdhlegal.com]
**Sent:** Friday, June 07, 2019 12:51 PM
**To:** Salazar, Joe; Matthews, Ryan
**Cc:** Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff
**Subject:** [EXT] RE: Follow-up from yesterday's call



Dear Joe, Ryan:

We still have not received the class list that you assured us you would send early this week, nor have we heard from you regarding our proposed amendments to the scheduling order or the other issues we last discussed on our May 30 call.

Although we've been meeting and conferring on these issues, they still have not been resolved.  Given that time is quickly passing, we need to move forward.  Plaintiffs plan to file a motion next Tuesday (June 11) to require Defendants to produce the class list, to approve the class notice the parties have already agreed to, and to amend the scheduling order.

The proposed dates for the scheduling order that we set out in our last letter were based on our understanding that you would be producing the class list shortly.  However, you have not produced the class list.  Because the time required to move for it, complete briefing, and obtain a court order will result in weeks more delay, we will request the following dates in our motion:

- March 27, 2020 – close of fact discovery
- April 17, 2020 – deadline to disclose expert witnesses
- May 8, 2020 – deadline to disclose rebuttal experts
- June 12, 2020 – close to expert discovery
- August 7, 2020 – last day for dispositive motions to be heard

For these dates to work, the class list will have to be produced no later than July 26, 2019, with the goal that class notice be sent out no later than August 26, and that the notice period close 35 days later, *i.e.*, no later than September 30, 2019.

Please let us know if you plan to oppose the motion.  I am available to discuss the proposed schedule, and any concerns you might have, anytime this afternoon or on Monday between 9am-11am or 3:30pm to 5pm.

We can always continue to meet and confer and take the motion off calendar if Defendants produce the class list and the parties reach a stipulation on the scheduling order.

Thanks,
Anne


Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000

Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

---

**From:** Anne Bellows
**Sent:** Wednesday, June 5, 2019 2:48 PM
**To:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>
**Subject:** RE: Follow-up from yesterday's call

Hi Joe, Ryan –

Do you have any information on when we can expect the class list?  On the call you mentioned we should have it by early this week.

Let us know, and thanks.

Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

---

**From:** Anne Bellows
**Sent:** Friday, May 31, 2019 9:40 AM
**To:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>
**Subject:** Follow-up from yesterday's call

Hi Joe, Ryan:

Thanks for the call yesterday.  Attached is a brief follow-up letter with our proposed revision to the litigation schedule and a few other points.

Best,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

1 | Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
2 | Anne Bellows (SBN 293722)
abellows@gbdhlegal.com
3 | Beth Holtzman (SBN 316400)
bholtzman@gbdhlegal.com
4 | GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
5 | Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)
6 |
7 | Attorneys for Plaintiffs and Relators
(*Additional Counsel listed on the following page*)
8 |
Joseph A. Salazar Jr. (SBN 169551)
9 | Joe.Salazar@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
10 | 2020 West El Camino Avenue, Suite 700
Sacramento, CA 95833
11 | (916) 564-5400; (916) 564-5444 (Fax)
12 |
Attorney for Defendants
13 |

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA | Case No.: 2:15-CV-00799-KJM-DB |
| | CLASS ACTION |
| | **STIPULATION REGARDING CLASS NOTICE AND AMENDMENTS TO THE SCHEDULING ORDER** |
| Plaintiffs/Relators, | |
| vs. | Before:  Hon. Kimberly Mueller |
| WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, and DOES 1-30, | Trial Date:    None Set |
| Defendants. | |

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
Tony Ruch (SBN 242717)
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
(510) 834-3300; (510) 834-3377 (Fax)

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
Micaela Alvarez (SBN 319908)
malvarez@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
(510) 437-1863; (510) 437-9164

Attorneys for Plaintiffs and Relators

1   Plaintiffs and Relators Danika Terry, Roy Huskey III, and Tamera Livingston and Defendants

2   Wasatch Advantage Group, LLC, Wasatch Property Management, Inc., Wasatch Pool Holdings, LCC,

3   Chesapeake Commons Holdings, LLC, Logan Park Apartments, LCC, and Logan Park Apartments, LP

4   (together, "the Parties"), by and through their undersigned counsel, hereby stipulate as follows:

5   **I.      CLASS CERTIFICATION AND NOTICE**

6   WHEREAS, on July 30, 2018, the Court certified a damages or restitution class under Federal

7   Rule of Civil Procedure 23(b)(3) comprising all current or former tenants in Defendants' California

8   properties who participated in the Section 8 Housing Choice Voucher Program ("Section 8") and paid

9   additional charges set forth in Additional Services Agreements in excess of their individual portions of

10  the contract rent set forth in the HAP Contracts at any time from April 14, 2011 through the final

11  resolution of this case (ECF 92 at 13, 37);

12  WHEREAS, on July 30, 2018, the Court also conditionally certified an injunctive or

13  declaratory relief class under Rule 23(b)(2) comprising all persons who are or will become tenants at

14  any of Defendants' California properties and who participate or will participate in Section and who pay

15  or will pay additional charges set forth in Additional Services Agreements in excess of their individual

16  portions of the contract rent set forth in the HAP contracts (ECF 92 at 13, 37-38);

17  WHEREAS, the Court ordered that certification of the Rule 23(b)(2) class was conditional on

18  plaintiffs substituting a new class representative who has standing for injunctive or declaratory relief

19  (ECF 92 at 37-38);

20  WHEREAS, the Parties submitted a joint stipulation to substitute Tamara Livingston, a current

21  Section 8 tenant in one of Defendants' California properties who has standing for injunctive relief and

22  satisfies the standards for adequacy and typicality under Rule 23(a), as the new class representative for

23  the Rule 23(b)(2) class (ECF 94);

24  WHEREAS, on September 5, 2018, the Court granted the Parties' stipulation to substitute

25  Tamara Livingston as the new class representative for the Rule 23(b)(2) class (ECF 95), and Plaintiffs

26  filed their Fourth Amended Complaint naming Tamara Livingston as the class representative for the

27  Rule 23(b)(2) class (ECF 98);

28

1     WHEREAS, on May 21, 2019, Goldstein, Borgen, Dardarian & Ho was added as additional

2   Class Counsel (ECF 106);

3     WHEREAS, after significant time spent meeting and conferring, the Parties have now compiled

4   a class list for the Rule 23(b)(3) class, with a class cut-off date of ___, 2019 in order to be able to

5   notice a finite class, and have agreed on all aspects of a proposal for Class Notice;

6     WHEREAS, the Parties jointly propose retaining KCC Class Action Services, LCC, to

7   administer class notice and the Declaration of _____, filed herewith, provides information regarding

8   KCC's experience and the contemplated notice procedures, and attaches copies of the proposed notice

9   documents (*see* Declaration of ____ Regarding KCC's Qualifications and Experience, filed herewith);

10     WHEREAS, subject to Court approval, the Parties have agreed to language for the proposed

11   Class Notice Form, which complies with the requirements of Rule 23(c)(2)(B) (*see* Declaration of

12   Anne Bellows Regarding Proposed Class Notice and Procedures, Ex. __, filed herewith);

13     WHEREAS, the Parties propose that the Class Notice Form will be sent by U.S. mail to all

14   members of the Rule 23(b)(3) class, a list of which was compiled based on Defendants' up-to-date

15   electronic records, *see* Fed. R. Civ. P. 23(c)(2)(B) (authorizing notice by U.S. mail);

16     WHEREAS, KCC will use the best available methods to ensure that the Class Notice Form is

17   sent to current and accurate mailing addresses for individual class members;

18     WHEREAS, these notice procedures constitute "the best notice practicable under the

19   circumstances" and include all class members "who can be identified through reasonable effort," *see*

20   Fed. R. Civ. P. 23(c)(2)(B);

21     WHEREAS, class members will be given 35 days from the mailing of the Class Notice Form to

22   opt-out of the Rule 23(b)(3) class;

23        **II.**       **AMENDMENTS TO THE SCHEDULING ORDER**

24     WHEREAS, the Court issued the most recent pre-trial scheduling order in this case on

25   December 21, 2018 (ECF 103);

26     WHEREAS, under Federal Rule of Civil Procedure 16(b)(4), the Court has broad discretion to

27   modify a pretrial scheduling order on a showing of "good cause," focusing on the diligence of the

28

parties and the reasons for the requested modification, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011);

WHEREAS, the Parties have been diligently working to move this case forward: Plaintiffs sought and secured new counsel to assist with litigating this case, and the Parties have successfully resolved a long-standing dispute regarding the compilation of the class list and are now prepared to move ahead with class notice as set out above;

WHEREAS, the Parties have further established diligence by seeking to amend the scheduling order as soon as the class list and class notice issues were resolved and an appropriate and realistic schedule for the remainder of the litigation could therefore be determined;

WHEREAS, despite the Parties' diligence in meeting and conferring about the class list dispute and other pending issues, the deadlines in the Court's December 21, 2018 pretrial scheduling order "cannot reasonably be met," *see* Fed. R. Civ. P. 16 advisory committee's notes (1983) amendment (quoted in *Johnson*, 975 F.2d at 609), because the three months remaining for merits discovery are insufficient for a case of this magnitude and complexity, *see, e.g.*, *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198 (S.D.N.Y. 2014); *Stoddart v. Express Servs.*, No. 2:12-cv-01054-KJM-CKD, 2017 U.S. Dist. LEXIS 123688, at \*5-8 (E.D. Cal. Aug. 4, 2017) (delays in obtaining class list, resulting in delays in discovery, supported modification of scheduling orders under Rule 16(b)(4));

WHEREAS, the recent addition of new counsel for the Plaintiffs constitutes further good cause for extending the deadlines in the scheduling order, particularly in light of the scale and complexity of the case;

WHEREAS, the Parties are actively exploring the possibility of mediation and believe that additional time is needed to permit the robust settlement discussions that would be necessary to resolve this complex case, and that extending the deadlines in the scheduling order may serve the interests of judicial economy by creating an adequate opportunity for the Parties to settle the case;

WHEREAS, the Parties agree that the following modifications to the Court's scheduling order entered on December 21, 2018 (ECF 103) would be appropriate:

- "All discovery shall be completed by ~~September 20, 2019~~ **March 6, 2020**" (ECF 103, 2:10)

- "All counsel are to designate in writing and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than ~~October 11, 2019~~ **March 27, 2020**" (*id.* at 2:24-26)

- "By ~~November 1, 2019~~ **April 17, 2020**, any party who previously disclosed expert witnesses may submit a rebuttal list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party rebutting an expert witness designation has not previously retained an expert to testify on that subject" (id. at 2:27-3:2)

- "All expert discovery shall be completed by ~~December 6, 2019~~ **May 22, 2020**" (id. at 3:25)

- "All dispositive motions, except motion for continuances, temporary restraining orders or other emergency applications, shall be heard no later than ~~January 31, 2020~~ **July 17, 2020**" (id. at 4:2-3).

THEREFORE, the Parties jointly stipulate and request that the Court so order.

Dated:                                    Respectfully submitted,

                                          GOLDSTEIN, BORGEN, DARDARIAN & HO


                                          _____
                                          *Attorney Name
                                          Attorneys for Plaintiff and Relators

Dated:                                    Respectfully submitted,

                                          LAW OFFICES OF ANDREW WOLFF, PC


                                          _____
                                          *Attorney Name
                                          Attorneys for Plaintiff and Relators

756964.5

Dated:                                    Respectfully submitted,

                                          CENTRO LEGAL DE LA RAZA


                                          _____
                                          *Attorney Name

                                          Attorneys for Plaintiff and Relators

Dated:                                    Respectfully submitted,

                                          LEWIS BRISBOIS BISGAARD & SMITH LLP


                                          _____
                                          *Attorney Name

                                          Attorneys for Defendants

STIPULATION REGARDING CLASS NOTICE AND AMENDMENTS TO THE SCHEDULING ORDER
CASE NO. 2:15-CV-00799 KJM-DB

756964.5

# EXHIBIT 11

| | |
|---|---|
| **From:** | Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com> |
| **Sent:** | Wednesday, June 12, 2019 2:10 PM |
| **To:** | Anne Bellows; Salazar, Joe |
| **Cc:** | Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff; Rios, Alicia |
| **Subject:** | RE: Follow-up from yesterday's call |
| **Attachments:** | Qui Tam Class List.xlsx |

Anne,

Thanks for that. We agree, and I've already instructed the client to put the list together with last known contact information. Unfortunately, the employee that handles their Yardi database (and who compiled the list with just names) is out of the country until June 25. I'm happy to stipulate to pushing the schedule back two additional weeks (or three, if you'd prefer) in order to compensate for the delay. In the meantime, I'm providing the list of names here. I know it's not much use in terms of sending the Notice out, but at least you'll be able to get a sense of the number of prospective class members.

Let me know if you'd like to discuss further.

-Ryan

**From:** Anne Bellows [mailto:abellows@gbdhlegal.com]
**Sent:** Tuesday, June 11, 2019 5:14 PM
**To:** Matthews, Ryan; Salazar, Joe
**Cc:** Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff; Rios, Alicia
**Subject:** [EXT] RE: Follow-up from yesterday's call

Hi Ryan,

*Williams v. Superior Court*, 3 Cal. 5th 531, 552-54 (2017) should assuage any concerns.  Discussing the application of the California right of privacy in the class action context, the Court noted that the balancing test governing the right of privacy generally favors disclosure in analogous cases:  "In wage and hour collective actions, fellow employees would not be expected to want to conceal their contact information from plaintiffs asserting employment law violations, the state policies in favor of effective enforcement of these laws weigh on the side of disclosure, and any residual privacy concerns can be protected by issuing so-called *Belaire-West* notices affording notice and an opportunity to opt out from disclosure."  *Id.* at 553; *see also id.* at 554-55 (rejecting the defendants' privacy objection on the merits).

The balancing test weighs even more strongly in favor of disclosure here.  In a post-certification context such as ours, class members themselves have a due process interest in receiving notice of an action that affects their rights, and the opportunity to opt-out.  This countervailing interest outweighs any residual privacy interests class members have in their contact information.  *See id.* at 556-57 (discussing balancing of privacy interests and interests favoring disclosure).

The *Belaire* procedure discussed in *Williams* is specific to a pre-certification context but grew out of the class action notice process.  Class members here will receive an opportunity to opt-out of this litigation through the notice process, and we propose that Defendants produce the class list and contact information (including last known addresses) directly to the experienced notice administrator we propose to use, KCC, rather than to us.  KCC's website is here: http://www.kccllc.com/ .

We will hold off on filing the motion at least until we hear back from you tomorrow morning.

Perhaps instead the parties could file the attached stipulation tomorrow.  It addresses both class notice and the scheduling order.

Anne


Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Tuesday, June 11, 2019 4:04 PM
**To:** Anne Bellows <abellows@gbdhlegal.com>; Salazar, Joe <Joe.Salazar@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>; Rios, Alicia <Alicia.Rios@lewisbrisbois.com>
**Subject:** RE: Follow-up from yesterday's call

Anne,

I've currently got a version of the class list with names but no last known address information. There's a concern that providing last-known-address info without tenant consesnt could create privacy concerns given that tenants haven't had an opt-out opportunity. I've been looking into the issue, but we're concerned about exposing the client to that liability. We've got a call set up tomorrow morning and expect to have an answer for you at that point. If you've got authority on point indicating that tenant information is subject to production without regard to privacy concerns, I'd be happy to take a look at it. I've got one out-of-circuit opinion on point suggesting that the Supremacy Clause would void any state law privacy concerns once a federal court ordered production, but we'd obviously like to avoid unnecessary law and motion.

On a separate but related note, we're happy to work be flexible on dates with respect to the amendment to the pretrial scheduling order.

Thanks,

Ryan


**From:** Matthews, Ryan
**Sent:** Tuesday, June 11, 2019 12:11 PM
**To:** 'Anne Bellows'; Salazar, Joe
**Cc:** Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff
**Subject:** RE: Follow-up from yesterday's call

Anne,

Sorry I missed this on Friday—I was out of the office (as you probably gleaned from my auto-response). I'm working on getting you a status and will follow up this afternoon.

Thanks,

Ryan



**Ryan Matthews**
**Attorney**
Ryan.Matthews@lewisbrisbois.com

**T: 916.646.8213  F: 916.564.5444**

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Anne Bellows [mailto:abellows@gbdhlegal.com]
**Sent:** Friday, June 07, 2019 12:51 PM
**To:** Salazar, Joe; Matthews, Ryan
**Cc:** Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff
**Subject:** [EXT] RE: Follow-up from yesterday's call



Dear Joe, Ryan:

We still have not received the class list that you assured us you would send early this week, nor have we heard from you regarding our proposed amendments to the scheduling order or the other issues we last discussed on our May 30 call.

Although we've been meeting and conferring on these issues, they still have not been resolved.  Given that time is quickly passing, we need to move forward.  Plaintiffs plan to file a motion next Tuesday (June 11) to require Defendants to produce the class list, to approve the class notice the parties have already agreed to, and to amend the scheduling order.

The proposed dates for the scheduling order that we set out in our last letter were based on our understanding that you would be producing the class list shortly.  However, you have not produced the class list.  Because the time required to move for it, complete briefing, and obtain a court order will result in weeks more delay, we will request the following dates in our motion:

- March 27, 2020 – close of fact discovery
- April 17, 2020 – deadline to disclose expert witnesses
- May 8, 2020 – deadline to disclose rebuttal experts
- June 12, 2020 – close to expert discovery

- August 7, 2020 – last day for dispositive motions to be heard

For these dates to work, the class list will have to be produced no later than July 26, 2019, with the goal that class notice be sent out no later than August 26, and that the notice period close 35 days later, *i.e.*, no later than September 30, 2019.

Please let us know if you plan to oppose the motion.  I am available to discuss the proposed schedule, and any concerns you might have, anytime this afternoon or on Monday between 9am-11am or 3:30pm to 5pm.

We can always continue to meet and confer and take the motion off calendar if Defendants produce the class list and the parties reach a stipulation on the scheduling order.

Thanks,
Anne



Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Wednesday, June 5, 2019 2:48 PM
**To:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>
**Subject:** RE: Follow-up from yesterday's call

Hi Joe, Ryan –

Do you have any information on when we can expect the class list?  On the call you mentioned we should have it by early this week.

Let us know, and thanks.

Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)

www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Friday, May 31, 2019 9:40 AM
**To:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>
**Subject:** Follow-up from yesterday's call

Hi Joe, Ryan:

Thanks for the call yesterday.  Attached is a brief follow-up letter with our proposed revision to the litigation schedule and a few other points.

Best,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

# EXHIBIT 12

| | |
|---|---|
| **From:** | Anne Bellows |
| **Sent:** | Wednesday, June 12, 2019 3:50 PM |
| **To:** | Matthews, Ryan; Salazar, Joe |
| **Cc:** | Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff; Rios, Alicia |
| **Subject:** | RE: Follow-up from yesterday's call |
| **Attachments:** | Stipulation Regarding Class Notice and Relief From the Scheduling Order.DOCX; Declaration of Anne Bellows Regarding Class Notice.DOCX; KCC Declaration of Qualifications .pdf; Proposed Class Notice.DOCX |

Hi Ryan,

I'm attaching a revised stipulation, brief supporting declarations from me and KCC, and the class notice form that will be submitted with my declaration.

We need this to be finalized and filed tomorrow.  If not, we will need to file the motion so we can preserve the hearing date of July 12 to protect against further delay.

I'm happy to touch base about anything by phone or email.

Thanks,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Wednesday, June 12, 2019 2:10 PM
**To:** Anne Bellows <abellows@gbdhlegal.com>; Salazar, Joe <Joe.Salazar@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>; Rios, Alicia <Alicia.Rios@lewisbrisbois.com>
**Subject:** RE: Follow-up from yesterday's call

Anne,

Thanks for that. We agree, and I've already instructed the client to put the list together with last known contact information. Unfortunately, the employee that handles their Yardi database (and who compiled the list with just names) is out of the country until June 25. I'm happy to stipulate to pushing the schedule back two additional weeks (or three, if you'd prefer) in order to compensate for the delay. In the meantime, I'm providing the list of names here. I know it's not

1

much use in terms of sending the Notice out, but at least you'll be able to get a sense of the number of prospective class members.

Let me know if you'd like to discuss further.

-Ryan

**From:** Anne Bellows [mailto:abellows@gbdhlegal.com]
**Sent:** Tuesday, June 11, 2019 5:14 PM
**To:** Matthews, Ryan; Salazar, Joe
**Cc:** Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff; Rios, Alicia
**Subject:** [EXT] RE: Follow-up from yesterday's call

Hi Ryan,

*Williams v. Superior Court*, 3 Cal. 5th 531, 552-54 (2017) should assuage any concerns.  Discussing the application of the California right of privacy in the class action context, the Court noted that the balancing test governing the right of privacy generally favors disclosure in analogous cases:  "In wage and hour collective actions, fellow employees would not be expected to want to conceal their contact information from plaintiffs asserting employment law violations, the state policies in favor of effective enforcement of these laws weigh on the side of disclosure, and any residual privacy concerns can be protected by issuing so-called *Belaire-West* notices affording notice and an opportunity to opt out from disclosure."  *Id.* at 553; *see also id.* at 554-55 (rejecting the defendants' privacy objection on the merits).

The balancing test weighs even more strongly in favor of disclosure here.  In a post-certification context such as ours, class members themselves have a due process interest in receiving notice of an action that affects their rights, and the opportunity to opt-out.  This countervailing interest outweighs any residual privacy interests class members have in their contact information.  *See id.* at 556-57 (discussing balancing of privacy interests and interests favoring disclosure).

The *Belaire* procedure discussed in *Williams* is specific to a pre-certification context but grew out of the class action notice process.  Class members here will receive an opportunity to opt-out of this litigation through the notice process, and we propose that Defendants produce the class list and contact information (including last known addresses) directly to the experienced notice administrator we propose to use, KCC, rather than to us.  KCC's website is here: http://www.kccllc.com/ .

We will hold off on filing the motion at least until we hear back from you tomorrow morning.

Perhaps instead the parties could file the attached stipulation tomorrow.  It addresses both class notice and the scheduling order.

Anne


Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

---

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Tuesday, June 11, 2019 4:04 PM
**To:** Anne Bellows <abellows@gbdhlegal.com>; Salazar, Joe <Joe.Salazar@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>; Rios, Alicia <Alicia.Rios@lewisbrisbois.com>
**Subject:** RE: Follow-up from yesterday's call

Anne,

I've currently got a version of the class list with names but no last known address information. There's a concern that providing last-known-address info without tenant consesnt could create privacy concerns given that tenants haven't had an opt-out opportunity. I've been looking into the issue, but we're concerned about exposing the client to that liability. We've got a call set up tomorrow morning and expect to have an answer for you at that point. If you've got authority on point indicating that tenant information is subject to production without regard to privacy concerns, I'd be happy to take a look at it. I've got one out-of-circuit opinion on point suggesting that the Supremacy Clause would void any state law privacy concerns once a federal court ordered production, but we'd obviously like to avoid unnecessary law and motion.

On a separate but related note, we're happy to work be flexible on dates with respect to the amendment to the pretrial scheduling order.

Thanks,

Ryan

---

**From:** Matthews, Ryan
**Sent:** Tuesday, June 11, 2019 12:11 PM
**To:** 'Anne Bellows'; Salazar, Joe
**Cc:** Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff
**Subject:** RE: Follow-up from yesterday's call

Anne,

Sorry I missed this on Friday—I was out of the office (as you probably gleaned from my auto-response). I'm working on getting you a status and will follow up this afternoon.

Thanks,

Ryan



**Ryan Matthews**
**Attorney**
Ryan.Matthews@lewisbrisbois.com

**T:** 916.646.8213  **F:** 916.564.5444

3

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833  |  LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Anne Bellows [mailto:abellows@gbdhlegal.com]
**Sent:** Friday, June 07, 2019 12:51 PM
**To:** Salazar, Joe; Matthews, Ryan
**Cc:** Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff
**Subject:** [EXT] RE: Follow-up from yesterday's call



Dear Joe, Ryan:

We still have not received the class list that you assured us you would send early this week, nor have we heard from you regarding our proposed amendments to the scheduling order or the other issues we last discussed on our May 30 call.

Although we've been meeting and conferring on these issues, they still have not been resolved.  Given that time is quickly passing, we need to move forward.  Plaintiffs plan to file a motion next Tuesday (June 11) to require Defendants to produce the class list, to approve the class notice the parties have already agreed to, and to amend the scheduling order.

The proposed dates for the scheduling order that we set out in our last letter were based on our understanding that you would be producing the class list shortly.  However, you have not produced the class list.  Because the time required to move for it, complete briefing, and obtain a court order will result in weeks more delay, we will request the following dates in our motion:

- March 27, 2020 – close of fact discovery
- April 17, 2020 – deadline to disclose expert witnesses
- May 8, 2020 – deadline to disclose rebuttal experts
- June 12, 2020 – close to expert discovery
- August 7, 2020 – last day for dispositive motions to be heard

For these dates to work, the class list will have to be produced no later than July 26, 2019, with the goal that class notice be sent out no later than August 26, and that the notice period close 35 days later, *i.e.*, no later than September 30, 2019.

Please let us know if you plan to oppose the motion.  I am available to discuss the proposed schedule, and any concerns you might have, anytime this afternoon or on Monday between 9am-11am or 3:30pm to 5pm.

We can always continue to meet and confer and take the motion off calendar if Defendants produce the class list and the parties reach a stipulation on the scheduling order.

Thanks,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Wednesday, June 5, 2019 2:48 PM
**To:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>
**Subject:** RE: Follow-up from yesterday's call

Hi Joe, Ryan –

Do you have any information on when we can expect the class list?  On the call you mentioned we should have it by early this week.

Let us know, and thanks.

Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Friday, May 31, 2019 9:40 AM
**To:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>
**Subject:** Follow-up from yesterday's call

Hi Joe, Ryan:

Thanks for the call yesterday.  Attached is a brief follow-up letter with our proposed revision to the litigation schedule and a few other points.

Best,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

# EXHIBIT 13

| | |
|---|---|
| **From:** | Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com> |
| **Sent:** | Thursday, June 13, 2019 3:42 PM |
| **To:** | Anne Bellows; Salazar, Joe |
| **Cc:** | Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff; Rios, Alicia |
| **Subject:** | RE: Follow-up from yesterday's call |

Understood. To the extent opposition is necessary, we'll note that we stipulate to the amendment of the scheduling order regardless of the outcome of other issues.

Thanks,

Ryan

**From:** Anne Bellows [mailto:abellows@gbdhlegal.com]
**Sent:** Thursday, June 13, 2019 3:41 PM
**To:** Matthews, Ryan; Salazar, Joe
**Cc:** Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff; Rios, Alicia
**Subject:** [EXT] RE: Follow-up from yesterday's call


Thanks for your response, Ryan.  We respectfully disagree with your analysis.  We will include this issue and request clarification (and in the alternative, amendment of the Reimbursement Class definition under Rule 23(c)(1)(C)) as part of our motion for production of the class list, approval of class notice, and amendment of the scheduling order, which will be filed tomorrow.

Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Thursday, June 13, 2019 3:28 PM
**To:** Anne Bellows <abellows@gbdhlegal.com>; Salazar, Joe <Joe.Salazar@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>; Rios, Alicia <Alicia.Rios@lewisbrisbois.com>
**Subject:** RE: Follow-up from yesterday's call

Anne,

I'm with you on the applicability of the Relation Back doctrine as it pertains to the statute of limitations when a proposed amended complaint expands a putative class. However, that's not what we're talking about here. Every one of the cases you cited involved a Plaintiff attempting to expand its class. Here, your Third Amended Complaint, by its plain language, diminished the size of the class as compared with the original Complaint. The language of the Court order is suggestive of just how clear the class definition is.

As to your points regarding prior discovery, that discovery was conducted prior to the submission of your Third Amended Complaint. The fact that we suggested the prior discovery could be the basis of the class list is not the same as saying we believe the class extends to 2011—a class list beginning in 2014 could have been culled from that production (though, admittedly, it is possible it would have been incomplete—part of why we are providing the class list).

This is not a question of whether a proposed expansion of the class relates back to the original Complaint. It is a question of the actual definition of the class, as drafted by Plaintiffs in their operative Complaint. I just don't think this requires high-scrutiny interpretation. There are four Complaints here. The operative Complaint sets the class parameters as four years prior to the filing of "this Complaint," clearly distinguishing itself from the other three. That's our interpretation, and the Court's as well (though, admittedly, in dicta).

-Ryan

---

**From:** Anne Bellows [mailto:abellows@gbdhlegal.com]
**Sent:** Thursday, June 13, 2019 1:21 PM
**To:** Matthews, Ryan; Salazar, Joe
**Cc:** Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff; Rios, Alicia
**Subject:** [EXT] RE: Follow-up from yesterday's call

Hi Ryan,

The amended complaints relate back to the date of the original filing under FRCP 15(c), so the class period for the Rule 23(b)(3) class extends back to four years prior to the filing of the original complaint.

Courts routinely find relation back in comparable circumstances. For example, in *Castle v. Wells Fargo Fin., Inc.*, No. C 06-4347 SI, 2008 U.S. Dist. LEXIS 120587, at *6 (N.D. Cal. May 15, 2008), the court held that an amendment expanding the putative class to include additional employees related back because the complaint "alleged general conduct by defendants' store managers" that defendant knew would apply to the additional employees.

So too here, the original complaint alleged general conduct by Wasatch that Wasatch knew applied to its Section 8 tenants across California. *See, e.g.*, ECF 1 paras 1 ("Plaintiffs seeks to represent a class of past, present, and prospective tenants of Defendants Wasatch Advantage Group [et al]"), 9 ("As part of their usual course of business, Defendants violated and continue to violate federal and state laws by demanding additional monthly rental payments from Plaintiffs and Defendants' other Section 8 tenants, in excess of the tenants' portion of the rent due under the HAP contracts…"), 100 (citing Defendants' entire portfolio of residential rental properties in alleging numerosity). Additionally, the original complaint specifically reserved the right to amend the class definition if discovery revealed that such action was warranted. ECF 1, para 42.

*Castle* is in line with other authorities, including, for example, *Paskuly v. Marshall Field & Co.*, 646 F.2d 1210-1211 (7th Cir. 1981) (a subsequent complaint alleging class claims related back to original, individual complaint because the plaintiff had alleged unlawful practices affecting herself and others); *In re Glacier Bay*, 746 F. Supp. 1379, 1390-91 (D. Alaska 1990) (amendment adding plaintiffs who were not members of the original putative class related back because the class complaints related to the oil spill put the defendants on notice that "all those involved in the fishing industry in

Cook Inlet were potential plaintiffs") (cited with approval by the Ninth Circuit in *Immigrant Assistance Project of the L.A. Cty. Fed'n of Labor v. INS*, 306 F.3d 842, 858 n.14 (9th Cir. 2002)); *Van Lith v. iHeartmedia + Entm't, Inc.*, No. 1:16-cv-066-LJO-SKO, 2016 U.S. Dist. LEXIS 96853, at *16-21 (E.D. Cal. July 25, 2016) (permitting an amended complaint stating class allegations for the first time to relate back to original complaint that alleged the defendants "committed Labor Code violations against [plaintiff] and other employees of Defendants as a result of a uniform, company-wide policy"); and *In re Network Assocs. Sec. Litig.*, No. C 00-4849 MJJ, 2003 U.S. Dist. LEXIS 14442, at *22-23 (N.D. Cal. Mar. 25, 2003) (permitting relation back where the amended class complaint expanded the class by extending the class period backwards because all of the class members' claims were based on the same conduct by Defendants and resulting injury).

I would also note a few other points.  First, the Court only conditionally certified the injunctive relief class, and the class list that we are discussing is for the damages or restitution class under Rule 23(b)(3), so the Fourth Amended Complaint is simply not relevant here.

Second, we strongly disagree that the use of the term "this Complaint" somehow limits the class definition to the four year period predating the Third Amended Complaint, which the Court quoted in setting out the class definition.  If that's what Plaintiffs had meant, they would have stated "this Third Amended Complaint," but of course we didn't.  "This Complaint" refers to the action overall, which was initiated on April 14, 2015.

Third, the class period cannot come as a surprise.  Even prior to the filing of the Third Amended Complaint, Magistrate Judge Barnes ordered Defendants to produce documents for all their properties dating back to April 14, 2011.  *See* ECF 48.  This order resulted in the production that Defendants previously asserted should be the basis for the class list.  Additionally, in moving for class certification, Plaintiffs cited evidence dating back to 2011.  *See, e.g.* Lavine Decl. (ECF 72-5) Ex. A at 13-20 (2011-2012 HAP contract), Ex. B at 1-9, 18-22 (Additional Services Agreements from 2011 and 2012), Ex. C at 15-42 (leases from 2011 and 2012), Ex. D at 1-9 (2013 ledger encompassing charges from 2011), Ex. E at 2, 5, 8 (monthly costs breakdowns from 2011 and 2012), Ex. H at 3 (Simplify Your Life offer from 2012), & Ex. I at 2-4 (Intent to Vacate notices from 2011, 2012). The Court cited this same evidence in granting class certification.  *See, e.g.*, ECF 92 at 17, 26, 27.

I hope this addresses your concern.  Please let me know Defendants' final position on this issue and our proposed stipulation no later than the end of the day today.  And if you have any other concerns with the proposed stipulation, please let me know now so we can address them.  I am available until 5pm to discuss.

Thanks,
Anne


Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Wednesday, June 12, 2019 4:31 PM
**To:** Anne Bellows <abellows@gbdhlegal.com>; Salazar, Joe <Joe.Salazar@lewisbrisbois.com>

**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>; Rios, Alicia <Alicia.Rios@lewisbrisbois.com>
**Subject:** RE: Follow-up from yesterday's call

Anne,

I've got an issue with your April 14, 2011 date as the start of the certified class. That date appears taken from a mashup of the class definition from the original and Third Amended Complaints in this action. A class definition with a start date going back that far was never certified by the Court. The Court conditionally certified the class as defined in the Third Amended Complaint, which defined it as all Section 8 tenants living in Wasatch's California properties in the four years prior to the filing of that Complaint (*that* Complaint being differentiated from the original Complaint). It's condition was that a new representative Plaintiff be substituted in, and to do so, Plaintiffs filed the Fourth Amended Complaint, which contained identical language. The language from the Court's ruling is consistent with that definition. I realize you weren't involved in the drafting of that Complaint, but I can't in good conscience stipulate to adding an additional three years to the plain language of the class the Court certified when it was Plaintiff's counsel that drafted the class definition.

The Class Definition from the Fourth Amended Complaint was as follows:

"All persons who, in the time period starting four years prior to the date of filing of this Complaint through the final resolution of this matter, (1) have been tenants at any of Defendants' California properties; (2) have participated in the "Section 8" Housing Choice Voucher Program in connection with their tenancies at the California properties; and (3) have paid additional charges set forth in Additional Services Agreement in excess of their individual portions of the contract rent set forth in the HAP Contracts."

The Proposed TAC was filed August 25, 2017, containing the same language above. However, it was inoperative until the Court granted Plaintiffs leave to file that TAC on July 30, 2018. Even then, the conditional certification required additional amendment, leading to the filing of the Fourth Amended Complaint on September 20, 2018. Regardless, there's no reasonable construction of that plain language that makes the original Complaint the trigger for the four-year period.

Now we can discuss which of those dates should ultimately be the four-year trigger for the class limitation, but by the plain language of the certified class definition, there's no way it goes all the way back until 2011. Indeed, the Court actually states in its 2018 order that Plaintiffs are seeking to certify a class going back "the past four years." (Court Order on Motion to Amend and Motion for Class Certification, p. 2, ln. 4-5.)

My view is that the Fourth Amended Complaint—the filing of which was triggered by the Court's conditional certification order—should be controlling here. The certification was only granted conditionally on Plaintiff filing a new Complaint with a new representative. As such, it's really the Fourth Amended Complaint, filed 9/20/2018, that's operative for full certification purposes. Hence our preliminary class list starting on September 21, 2014. If you have authority supporting a contrary position, I would be happy to consider it. Until then, I can't agree to a stipulation that will expand the class definition beyond its plainly stated parameters.

Sincerely,

Ryan Matthews

---

**From:** Anne Bellows [mailto:abellows@gbdhlegal.com]
**Sent:** Wednesday, June 12, 2019 3:50 PM
**To:** Matthews, Ryan; Salazar, Joe

**Cc:** Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff; Rios, Alicia
**Subject:** [EXT] RE: Follow-up from yesterday's call


Hi Ryan,

I'm attaching a revised stipulation, brief supporting declarations from me and KCC, and the class notice form that will be submitted with my declaration.

We need this to be finalized and filed tomorrow.  If not, we will need to file the motion so we can preserve the hearing date of July 12 to protect against further delay.

I'm happy to touch base about anything by phone or email.

Thanks,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Wednesday, June 12, 2019 2:10 PM
**To:** Anne Bellows <abellows@gbdhlegal.com>; Salazar, Joe <Joe.Salazar@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>; Rios, Alicia <Alicia.Rios@lewisbrisbois.com>
**Subject:** RE: Follow-up from yesterday's call

Anne,

Thanks for that. We agree, and I've already instructed the client to put the list together with last known contact information. Unfortunately, the employee that handles their Yardi database (and who compiled the list with just names) is out of the country until June 25. I'm happy to stipulate to pushing the schedule back two additional weeks (or three, if you'd prefer) in order to compensate for the delay. In the meantime, I'm providing the list of names here. I know it's not much use in terms of sending the Notice out, but at least you'll be able to get a sense of the number of prospective class members.

Let me know if you'd like to discuss further.

-Ryan

**From:** Anne Bellows [mailto:abellows@gbdhlegal.com]
**Sent:** Tuesday, June 11, 2019 5:14 PM
**To:** Matthews, Ryan; Salazar, Joe
**Cc:** Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff; Rios, Alicia
**Subject:** [EXT] RE: Follow-up from yesterday's call


Hi Ryan,

*Williams v. Superior Court*, 3 Cal. 5th 531, 552-54 (2017) should assuage any concerns.  Discussing the application of the California right of privacy in the class action context, the Court noted that the balancing test governing the right of privacy generally favors disclosure in analogous cases:  "In wage and hour collective actions, fellow employees would not be expected to want to conceal their contact information from plaintiffs asserting employment law violations, the state policies in favor of effective enforcement of these laws weigh on the side of disclosure, and any residual privacy concerns can be protected by issuing so-called *Belaire-West* notices affording notice and an opportunity to opt out from disclosure."  *Id.* at 553; *see also id.* at 554-55 (rejecting the defendants' privacy objection on the merits).

The balancing test weighs even more strongly in favor of disclosure here.  In a post-certification context such as ours, class members themselves have a due process interest in receiving notice of an action that affects their rights, and the opportunity to opt-out.  This countervailing interest outweighs any residual privacy interests class members have in their contact information.  *See id.* at 556-57 (discussing balancing of privacy interests and interests favoring disclosure).

The *Belaire* procedure discussed in *Williams* is specific to a pre-certification context but grew out of the class action notice process.  Class members here will receive an opportunity to opt-out of this litigation through the notice process, and we propose that Defendants produce the class list and contact information (including last known addresses) directly to the experienced notice administrator we propose to use, KCC, rather than to us.  KCC's website is here: http://www.kccllc.com/ .

We will hold off on filing the motion at least until we hear back from you tomorrow morning.

Perhaps instead the parties could file the attached stipulation tomorrow.  It addresses both class notice and the scheduling order.

Anne


Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Tuesday, June 11, 2019 4:04 PM
**To:** Anne Bellows <abellows@gbdhlegal.com>; Salazar, Joe <Joe.Salazar@lewisbrisbois.com>

**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>; Rios, Alicia <Alicia.Rios@lewisbrisbois.com>
**Subject:** RE: Follow-up from yesterday's call

Anne,

I've currently got a version of the class list with names but no last known address information. There's a concern that providing last-known-address info without tenant consesnt could create privacy concerns given that tenants haven't had an opt-out opportunity. I've been looking into the issue, but we're concerned about exposing the client to that liability. We've got a call set up tomorrow morning and expect to have an answer for you at that point. If you've got authority on point indicating that tenant information is subject to production without regard to privacy concerns, I'd be happy to take a look at it. I've got one out-of-circuit opinion on point suggesting that the Supremacy Clause would void any state law privacy concerns once a federal court ordered production, but we'd obviously like to avoid unnecessary law and motion.

On a separate but related note, we're happy to work be flexible on dates with respect to the amendment to the pretrial scheduling order.

Thanks,

Ryan

---

**From:** Matthews, Ryan
**Sent:** Tuesday, June 11, 2019 12:11 PM
**To:** 'Anne Bellows'; Salazar, Joe
**Cc:** Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff
**Subject:** RE: Follow-up from yesterday's call

Anne,

Sorry I missed this on Friday—I was out of the office (as you probably gleaned from my auto-response). I'm working on getting you a status and will follow up this afternoon.

Thanks,

Ryan



**Ryan Matthews**
**Attorney**
Ryan.Matthews@lewisbrisbois.com

**T:** 916.646.8213  **F:** 916.564.5444

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Anne Bellows [mailto:abellows@gbdhlegal.com]
**Sent:** Friday, June 07, 2019 12:51 PM
**To:** Salazar, Joe; Matthews, Ryan
**Cc:** Laura Ho; Beth Holtzman; Jesse Newmark; Micaela Alvarez; Andrew Wolff
**Subject:** [EXT] RE: Follow-up from yesterday's call



Dear Joe, Ryan:

We still have not received the class list that you assured us you would send early this week, nor have we heard from you regarding our proposed amendments to the scheduling order or the other issues we last discussed on our May 30 call.

Although we've been meeting and conferring on these issues, they still have not been resolved.  Given that time is quickly passing, we need to move forward.  Plaintiffs plan to file a motion next Tuesday (June 11) to require Defendants to produce the class list, to approve the class notice the parties have already agreed to, and to amend the scheduling order.

The proposed dates for the scheduling order that we set out in our last letter were based on our understanding that you would be producing the class list shortly.  However, you have not produced the class list.  Because the time required to move for it, complete briefing, and obtain a court order will result in weeks more delay, we will request the following dates in our motion:

- March 27, 2020 – close of fact discovery
- April 17, 2020 – deadline to disclose expert witnesses
- May 8, 2020 – deadline to disclose rebuttal experts
- June 12, 2020 – close to expert discovery
- August 7, 2020 – last day for dispositive motions to be heard

For these dates to work, the class list will have to be produced no later than July 26, 2019, with the goal that class notice be sent out no later than August 26, and that the notice period close 35 days later, *i.e.*, no later than September 30, 2019.

Please let us know if you plan to oppose the motion.  I am available to discuss the proposed schedule, and any concerns you might have, anytime this afternoon or on Monday between 9am-11am or 3:30pm to 5pm.

We can always continue to meet and confer and take the motion off calendar if Defendants produce the class list and the parties reach a stipulation on the scheduling order.

Thanks,
Anne


Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Wednesday, June 5, 2019 2:48 PM
**To:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>
**Subject:** RE: Follow-up from yesterday's call

Hi Joe, Ryan –

Do you have any information on when we can expect the class list?  On the call you mentioned we should have it by early this week.

Let us know, and thanks.

Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Friday, May 31, 2019 9:40 AM
**To:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Beth Holtzman <bholtzman@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Micaela Alvarez <malvarez@centrolegal.org>; Andrew Wolff <andrew@awolfflaw.com>
**Subject:** Follow-up from yesterday's call

Hi Joe, Ryan:

Thanks for the call yesterday.  Attached is a brief follow-up letter with our proposed revision to the litigation schedule and a few other points.

Best,
Anne

Anne P. Bellows
(pronouns: she/her)

Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 287-4344 (direct)
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

# EXHIBIT 14

**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA**
*Terry, et al., v. Wasatch Advantage Group, LLC, et al.*, Case No. 2:15-cv-00799-KJM-DB

# If you are or were a tenant of a Wasatch property in California at any time from April 14, 2011 to July 15, 2019, and participate or have participated in the "Section 8" Housing Choice Voucher Program in connection with your tenancy at the Wasatch property, and have paid additional charges to your landlord under an Additional Services Agreement, this class action lawsuit may affect your rights.

A federal court authorized this notice.  This is not an advertisement. You are a potential Reimbursement and/or Injunctive Relief Class member in this lawsuit.

### PLEASE READ THIS NOTICE ENTIRELY.

- The purpose of this Notice is to inform you that your rights may be affected by the proceedings in a class action lawsuit pending before Judge Kimberly J. Mueller of the United States District Court of California ("The Court").

- The Court has ordered that this Notice be sent to you so that you can be fully informed about the lawsuit and your rights and options in connection with it.

- Three current and former Wasatch tenants in California have brought a class action lawsuit against Wasatch and its subsidiaries ("Defendants"), arguing that Wasatch's policy of demanding and/or collecting from their Section 8 tenants additional rent payments under its Additional Services Agreements, in excess of the tenants' portion of the contract rent in the relevant Housing Assistance Payment (HAP) Contracts, violates Federal and California law.

- The Court has ruled that the lawsuit can proceed as a "class action" on behalf of "classes" of tenants.  According to Wasatch's records, you are potentially a member of one of the classes, called the Reimbursement Class (see Paragraph 6 below).

- The Court has not yet decided whether Wasatch did anything wrong, and Defendants contend their policy of demanding and/or collecting additional payments from Section 8 tenants under Additional Services Agreements complies with the law.  There is no money available to you now, and no guarantee there will be.  However, your legal rights are affected, and **you have two options at this point:**

753509.7

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **REMAIN PART OF THE REIMBURSEMENT CLASS (REQUIRES NO ACTION BY YOU AT THIS TIME)** | **Stay in this lawsuit.  Keep the right to recover money in this case.  Give up the right to bring your own case.**<br><br>By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement in this case.  But you may give up the right to bring your own independent lawsuit against Wasatch Advantage Group challenging its policy of demanding and/or collecting additional payments from Section 8 tenants under its Additional Services Agreements. |
| **ASK TO BE EXCLUDED FROM THE REIMBURSEMENT CLASS (REQUIRES ACTION BY [35 DAYS FROM DATE OF MAILING])** | **Exclude yourself from the Reimbursement Class.  Get no benefits from it.  Keep the right to bring your own case.**<br><br>If you ask to be excluded from the Reimbursement Class, you cannot recover any money through this case.  But you will keep the right to bring your own case against Wasatch Advantage Group seeking reimbursement due to its challenged policy of demanding and/or collecting additional payments from Section 8 tenants under its Additional Services Agreements. |

**Si necesita esta noticia en Español, favor de contactar el administrador de la Clase o los abogados de la Clase en Cuestion 12.**

## BASIC INFORMATION

1.  <u>**Why did I get this notice?**</u>

Wasatch's records show that you live or have lived at a Wasatch property in California at any time from April 14, 2011 to the July 15, 2019, you participate or have participated in the "Section 8" Housing Choice Voucher Program in connection with your tenancy at a Wasatch property, and you have paid additional charges pursuant to an Additional Services Agreement for any of the following: washers and dryers, renter's insurance, parking (covered and uncovered), garage rental, storage space rental, month-to-month lease fees, "Rent Plus" (a credit reporting service), pest and bedbug control, pet rent and other pet fees, and internet and cable services. The Court has allowed, or "certified," a class action lawsuit on behalf of Section 8 tenants who were charged such additional charges in excess of their individual portions of the contract set forth in the Housing Assistance Payment (HAP) Contracts.  You have legal rights and options that you may exercise before the Court holds a trial.  A trial may be necessary to decide whether the claims being made against Wasatch are valid.  The Honorable Kimberly J. Mueller, a Judge

in the United States District Court for the Eastern District of California, is overseeing this lawsuit.  The case is called *Terry, et al., v. Wasatch Advantage Group, LLC, et al.*, Case No. 4:16-cv-00799-KJM-DB (E.D. Cal.).

**2.**    <u>What is this lawsuit about?</u>

This lawsuit is about whether Wasatch's policy of demanding and/or collecting additional payments from Section 8 tenants under the company's Additional Services Agreements that are included with its leases, complies with Federal and California law.  Specifically, Plaintiffs claim that this policy violates Wasatch's contracts with its Section 8 tenants.  Plaintiffs have additional claims under California's Consumer Legal Remedies Act and Unfair Competition Law. Defendants contend that their actions are lawful.  The Court has not yet decided whether Wasatch violated the law.

You can read the Plaintiffs' Complaint at www.gbdhlegal.com.

**3.**    <u>What is a class action and who is involved?</u>

In class action lawsuits, one or more people called "Class Representatives" sue on behalf of other people who have similar claims.  The people together are a "Class" or "Class Members." The Class Representatives are called the Plaintiffs.  The persons or entities they sue (in this case, Wasatch and some of its subsidiaries) are called the Defendants.  One court resolves the issues for all Class Members.  The Court has appointed the Plaintiffs' lawyers (names and contact information below) to represent the Classes.

**4.**    <u>What are the Plaintiffs asking for?</u>

The Plaintiffs are asking the Court to find that Wasatch's policy of demanding and/or collecting additional payments from Section 8 tenants under the Additional Services Agreements included with its leases, in excess of the tenants' portion of the contract rent in the relevant Housing Assistance Payment (HAP) Contracts, is unlawful, and to require Wasatch to return or reimburse all payments which were unlawfully obtained.  Plaintiffs are also asking for Wasatch to change its policy of demanding and/or collecting additional payments from Section 8 tenants under the Additional Services Agreements.  This is called "injunctive relief."  You cannot opt out of the injunctive relief sought in this case.

Plaintiffs also seek recovery of attorneys' fees, the costs of bringing the lawsuit, and interest.  The Court has not yet ruled on the merits of any of the positions taken by Plaintiffs or Wasatch.

**5.**    <u>Is there any money available now?</u>

No money is available now because the Court has not yet decided whether Wasatch did anything wrong, and the parties have not settled the case.  There is no guarantee that money or benefits will ever be obtained as a result of this case.  If they are and you do not ask to be excluded, you will be notified, and will be given information about any monetary award to which you may be entitled.

## WHO IS INCLUDED IN THE LAWSUIT

**6.** **The classes of tenants**

You are receiving this notice because you are a potential member of the Reimbursement Class, which consists of Wasatch tenants who participated in the "Section 8" Housing Choice Voucher Program and paid additional rent payments, or "side payments," at any time from April 14, 2011 to July 15, 2019.  The two classes are:

- **Reimbursement Class:**  All persons who, in the time period starting four years prior to the date of filing this Complaint through the final resolution of this matter, (1) have been tenants at any of Defendants' California properties; (2) have participated in the "Section 8" Housing Choice Voucher Program in connection with their tenancies at the California properties; and (3) have paid additional charges set forth in Additional Services Agreements in excess of their individual portions of the contract set forth in the HAP Contracts.

- **Injunctive Relief Class:**  All persons who: (1) are or will become tenants at any of Defendants' California properties; (2) participate or will participate in the "Section 8" Housing Choice Voucher Program in connection with their tenancies at the California properties; and (3) pay or will pay additional charges set forth in Additional Services Agreements in excess of their individual portions of the contract rent set forth in the HAP Contracts.

**7.** **Can I be part of this lawsuit?**

We believe you are a member of the Reimbursement Class.  If you are a member of the Reimbursement Class, you will automatically be included as a member of this class unless you take affirmative steps to exclude yourself from this case.  This class consists of people who: (1) lived at a Wasatch property in California at any time from April 14, 2011 to July 15, 2019; (2) participated in the "Section 8" Housing Choice Voucher Program; and (3) were charged at least one additional payment under an Additional Services Agreement. Both current and former tenants can be part of this lawsuit.

**8.** **I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get free help by calling, writing, or emailing the lawyers in this case, at the phone number or addresses listed below in Paragraph 12.

## YOUR LEGAL RIGHTS AND OPTIONS

**9.** **What happens if I do nothing at all?**

If you do nothing, you will automatically be included as a member of the Reimbursement Class, which means that you will keep the possibility of getting money from this lawsuit.  If you remain part of the Reimbursement Class and the Plaintiffs obtain money as a result of either a trial or a settlement, you will be notified about how to obtain any share to which you may be entitled.  If you do nothing now, regardless of whether the Plaintiffs win or lose, you will not be able to sue the Defendants as part of any other lawsuit seeking reimbursement for the additional

rent payments or "side payments" at issue in this lawsuit.  You will also be legally bound by all orders and judgments of the Court.  If Plaintiffs lose the case, you will not be penalized or have to pay anything to Wasatch as a result.

**10.**    <u>**Why would I ask to be excluded?**</u>

Members of the Reimbursement Class have the right to be excluded from the Reimbursement Class.  This is also called "opting out" of the class.  If you exclude yourself, you won't get any money from this lawsuit even if Plaintiffs obtain it as a result of a trial or settlement.  You will keep the right to pursue your own money claims with lawyers of your own choice, provided you pursue those claims within certain legal deadlines.  If you do exclude yourself so that you can start your own lawsuit against Wasatch, you should talk to your own lawyer right away to determine any deadlines you have.  You cannot opt out of the injunctive relief sought in this case.

To ask to be excluded from the Reimbursement Class, you must send an "Exclusion Request" in the form of a letter sent by mail stating that you want to be excluded from the Reimbursement Class in this case.  The letter must include your name, address, telephone number, and signature.  You must mail this letter postmarked by [*date 35 days after notice is mailed*] to the Claims Administrator at the following address:

[Claims Administrator Name / Address]

**11.**    <u>**What is the deadline to ask to be excluded?**</u>

If you do <u>not</u> want to participate in the Reimbursement Class, then you must postmark the Exclusion Request letter by [*date 35 days after notice is mailed*].

**THE LAWYERS REPRESENTING THE CLASSES**

**12.**    <u>**Do I have a lawyer in this case?**</u>

The Court appointed the Plaintiffs' lawyers in this case to represent the Classes ("Class Counsel").  Those lawyers are:  Goldstein, Borgen, Dardarian & Ho in Oakland, California; Law Offices of Andrew Wolff, PC in Oakland, California; and Centro Legal De La Raza, in Oakland, California.  The Court determined that these attorneys are qualified to represent the interests of the Classes in this lawsuit.  More information about these firms, their practices, and their lawyers' experience is available on their websites:  www.gbdhlegal.com, http://awolfflaw.com/, https://centrolegal.org/.

The following attorneys from the firms are handling the case, and you may contact them with any questions you have about the case:

Laura L. Ho, Esq.
Anne Bellows, Esq.
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(888) 763-9800
wasatchclassaction@gbdhlegal.com

Andrew Wolff, Esq.
Tony Ruch, Esq.
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
(510) 834-3300

Jesse Newmark, Esq.
Micaela Alvarez, Esq.
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
(510) 437-1863
(510) 437-9164

**13.     Should I get my own lawyer?**

You may if you want, but you do not need to hire your own lawyer, because Class Counsel represent the Classes.  For example, you can hire a lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.  If you hire your own lawyer, you will be responsible for the charges that lawyer requires you to pay for representing you.

**14.     How will Class Counsel get paid?**

If Plaintiffs prevail at trial, Class Counsel will ask the Court to require Wasatch to pay their attorneys' fees and expenses.  If there is a settlement of this case, Class Counsel will request either that Wasatch pay the fees and expenses, or that the Court allow a portion of the settlement fund to be used to pay attorneys' fees and costs.  Any such award of attorneys' fees would be subject to Court approval.  You will not have to pay Class Counsel any fees or expenses out of your own pocket.

THE NEXT STEPS IN THE LAWSUIT

**15.     What happens next in the lawsuit?**

Unless the case is resolved by a settlement or legal ruling before trial, Class Counsel will have to prove the Plaintiffs' claims and money losses at a trial.  The trial has not been scheduled yet.  It will take place in the United States District Court for the Eastern District of California, 501 I Street, Sacramento, CA 95814.  During the trial, the trier of fact will hear all of the evidence and reach a decision about whether the Plaintiffs or Defendants are right about the claims in the lawsuit.

**16.     Do I have to come to the trial?**

You do not need to appear in court or otherwise participate in the trial to be a Class Member or to be eligible for a monetary recovery should the Plaintiffs prevail on their claims.  However, it is possible that a small percentage of the class members may be called to testify as a witness in either a deposition or a trial.  You are welcome to attend any trial at your own expense.

**17.** <u>**Will I get money after the trial?**</u>

If the Reimbursement Class obtains money or benefits as a result of a trial or settlement, members of the Reimbursement Class will be notified about how they may qualify to receive a portion of any money or benefits obtained.  We do not know how long this will take.

## GETTING MORE INFORMATION

**18.** <u>**How can I get additional information?**</u>

You can visit the website www.gbdhelgal.com where you will find the Court's Order Certifying the Class, the Plaintiffs' Complaint, and Defendants' Answer to the Complaint.  You may also contact Class Counsel at any time by calling, writing, or emailing them at the contact information in Paragraph 12, above.

**PLEASE DO NOT CALL OR WRITE THE JUDGE OR CLERK OF THE COURT.  DIRECT ALL INQUIRIES TO CLASS COUNSEL OR AN ATTORNEY OF YOUR OWN CHOOSING.**

*By order of the United States District Court for the Eastern District of California*

753509.7