| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situation and on behalf of the UNITED STATES OF AMERICA,<br><br>Plaintiffs/Relators,<br><br>v.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP,<br><br>Defendants. | No. 2:15-cv-00799-KJM-DB<br><br><br>ORDER |

Plaintiffs' motion seeking (1) clarification, or in the alternative, amendment of the class definition, (2) compilation of the class list, (3) approval of the proposed class notice, and (4) amendments to the scheduling order is before the court. Mot., ECF No. 107. Defendants oppose the motion only to the extent it seeks to redefine the operative class period previously certified by the court. Opp'n, ECF No. 108. All other forms of relief sought by plaintiffs are unopposed. *Id.* On the issue of class definition, plaintiffs have lodged a reply. Reply, ECF No.

1

112. On August 23, 2019, the court heard oral argument on the matter; counsel Laura Ho appeared for plaintiffs and counsel Ryan Matthews appeared for defendants. For the reasons explained below, plaintiffs' motion is GRANTED in its entirety.

I. BACKGROUND

Given the lengthy history of this case, the court need not rehash the factual and procedural background beyond what is relevant to the present motion.[1] Plaintiffs initiated this putative class action on April 14, 2015. Compl., ECF No. 1. Since then, the complaint has undergone four rounds of amendment. *See* First Am. Compl., ECF No. 25; Second Am. Compl., ECF No. 66; Third Am. Compl. ("TAC"), ECF No. 71-2; Fourth Am. Compl. ("FAC"), ECF No. 98. From inception, plaintiffs have consistently described the relevant class period "as the time period starting [four or six] years prior to the date of filing of this Complaint." *See* Compl. ¶¶ 39, 41 (six-year class period); First Am. Compl. ¶¶ 39, 41 (same); Second Am. Compl. ¶¶ 41, 43 (same); TAC ¶¶ 44, 47 (four-year class period); FAC ¶¶ 47, 50 (same).

On July 30, 2018, citing to plaintiffs' Third Amended Complaint, the court certified the Rule 23(b)(3) "reimbursement class"[2] as follows:

> All persons who, in the time period starting four years prior to the date of filing this Complaint through the final resolution of this matter, (1) have been tenants at any of Defendants' California properties; (2) have participated in the "Section 8" Housing Choice Voucher Program in connection with their tenancies at the California properties; and (3) have paid additional charges set forth in Additional Services Agreements in excess of their individual portions of the contract set forth in the HAP Contracts.

Class Cert. Order at 13 (citing TAC ¶ 44).

What is meant by "the time period starting four years prior to the date of filing *this Complaint*" is the subject of dispute here. Plaintiffs contend this four-year class period begins April 14, 2011, exactly four years prior to the filing of the initiating complaint. Mot. at 9; Reply

---

[1] For a thorough explanation of the factual and procedural background of this matter, refer to the court's July 30, 2018 preliminary class certification order. Class Cert. Order, ECF No. 92, at 2–5.

[2] The court also certified a second class under Rule 23(b)(2), the "injunctive relief class." Class Cert Order at 13. The scope of the injunctive relief class is not at issue here.

2

at 2.  Defendants believe the four-year class period runs from the date of the operative Fourth Amended Complaint.  *See generally* Opp'n.  As discussed below, the court GRANTS plaintiffs' motion in its entirety and defines the class period to begin April 14, 2011.

## II. DISCUSSION

### A. Plaintiffs' Arguments

Plaintiffs ask the court to clarify that when certifying the class period as "starting four years prior to the date of filing this Complaint," the court meant from the initial complaint, and thus the class period begins April 14, 2011.  Mot. at 9.  Alternatively, if the court's certification order ambiguously defines the class period, plaintiffs ask the court to adopt their interpretation because it relates the class claims back to the filing of the original complaint.  *Id.*

As to the latter argument, plaintiffs rely on the relation-back doctrine rooted in Federal Rule of Civil Procedure 15(c) and apply the Ninth Circuit's three-part test set forth in *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996), for expanding the class scope.  The *Syntex* test requires: "(1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; (2) the relation back does not unfairly prejudice the defendant; and (3) there is an identity of interests between the original and newly proposed plaintiff." 95 F.3d at 935.  Applying this test, plaintiffs contend (1) defendants had adequate notice "because the original complaint . . . alleged violations based on general conduct and practices by Wasatch that Wasatch knew applied to its Section 8 tenants across California" and "the complaint directly referred to the scope of Defendants' entire portfolio of residential properties and explicitly reserved the right to amend the class definition if supported by discovery"; (2) defendants will not be prejudiced "because the expanded class's claims are identical to the claims set forth in the original complaint, and depend on common methods of proof"; and (3) "members of the expanded certified class based on the Third Amended Complaint share an identity of interests with members of the putative class in the original complaint because they are bringing identical claims."  Mot. at 10–11.

To the extent "four years prior to the date of filing this Complaint" is ambiguous, plaintiffs reason their interpretation is consistent with the nature of the class certification

3

pleadings and, moreover, defendants "were on notice of the temporal scope of Plaintiffs' class claims based on the parties' earlier discovery dispute . . . and although they discussed the proposed class definition in their opposition to class certification, they did not suggest that it temporally limited the class period . . . ." *Id.* at 12.

Alternatively, plaintiffs argue that if the court determines the current class period is limited to the four years preceding the Third Amended Complaint, the court should exercise its discretion to amend the class definition exercising its authority under Rule 23. *Id.* Plaintiffs assert that modifying the class-period definition "would not change a single element of the Court's Rule 23 analysis from its July 30, 2018 [class certification] order[,]" would not prejudice defendants who have been on notice of state-wide claims and received voluminous discovery dating back to 2011, and will not meaningfully affect the nature of the litigation because the claims of property residents prior to 2014 verse current residents are nearly identical. *Id.* Finally, plaintiffs maintain they expeditiously moved for amendment of the class definition upon discovering defendants' divergent interpretation. *Id.*

B. <u>Defendants' Arguments</u>

Defendants counter that the plain language of the court's certification order and the Third and Fourth Amended Complaints clearly define the class period as limited by the four years prior to "*that* Complaint," meaning the operative complaint, not the original complaint. Opp'n at 2–4 (emphasis in original). Defendants argue that "complaint" is not synonymous with "action" or "matter"; thus, when plaintiffs' own definition refers to "this Complaint," its only natural interpretation is that of the operative complaint in which the words are contained. *Id.* at 3–4.

Defendants also argue the *Syntex* relation-back test does not apply here, but rather applies only when plaintiffs seek to amend a complaint to expand the class and statute of limitations issues are at play. *Id.* at 3. Those circumstances are not present here, defendants contend, because "[w]hat Plaintiffs truly seek to do is to alter their class definition in order to artificially expand the class that they themselves defined." *Id.*

/////

4

Finally, defendants argue that, at this stage in the litigation, plaintiffs' requested relief is subject to a showing of "good cause" under the Pretrial Scheduling Order because "Plaintiffs are, in effect, seeking to amend their pleadings to assert a new class definition." *Id.* at 4. Additionally, defendants argue although the court has discretion to amend the class definition, it may do so only "*in light of subsequent developments in the litigation.*" *Id.* at 6 (emphasis in original) (citation omitted). In sum, defendants contend plaintiffs have made neither a showing of good cause nor that subsequent developments justify amending the class period as plaintiffs request. *Id.*

    C.    <u>Analysis</u>

As explained below, the court finds that sufficient justification exists to define the class period as beginning April 14, 2011, exercising its discretionary authority under Rule 23. The court thus need not resolve whether the relation-back doctrine applies. *See Cornwell v. Wells Fargo Bank, NA*, No. EDCV 11-833-VBF(OPX), 2011 WL 13225033, at *2 n.1 (C.D. Cal. Aug. 29, 2011) (ignoring defendant's alternative arguments after deciding motion on narrower grounds).

Rule 23(c)(1)(C) provides: "An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). "The purpose of Rule 23(c)(1)(C) is to afford district courts the latitude to amend an existing class certification order, or an order denying class certification, in light of subsequent developments." *Friend v. Hertz Corp.*, No. C-07-5222 MMC, 2014 WL 4415988, at *2 (N.D. Cal. Sept. 8, 2014) (citing *General Telephone Co. v. Falcon*, 457 U.S. 147, 160 and n.16 (1982) for "holding, under predecessor to Rule 23(c)(1)(C), 'after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation.'"); *see also Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 479 n.9 (2013) (noting "that certifications are not frozen once made. Rule 23 empowers district courts to 'alte[r] or amen[d]' class-certification orders based on circumstances developing as the case unfolds" (citing Fed. R. Civ. P. 23(c)(1) (1988); Rule 23(c)(1)(C) (2013)). This latitude, however, is limited, as "Rule 23(c)(1)(C) applies where 'subsequent developments' warrant revisiting a class certification decision." *Hayes v. Magnachip*

*Semiconductor Corp.*, No. 14-CV-01160-JST, 2017 WL 512777, at *1 (N.D. Cal. Feb. 8, 2017); *see also Daniel F. v. Blue Shield of California*, No. C 09-2037 PJH, 2015 WL 3866212, at *3 (N.D. Cal. June 22, 2015) ("Rule 23(c)(1)(C) does not reference motions to alter or amend class certification orders, and it is not a separate mechanism by which a party can seek reconsideration of a prior order relating to class certification. Rather it is simply a provision authorizing the court to alter or amend an order relating to class certification at any time prior to judgment."); *Ms. L. v. U.S Immigration & Customs Enf't*, 330 F.R.D. 284, 292 (S.D. Cal. 2019) ("[M]odification of the class definition falls squarely within the confines of Supreme Court precedent and Rule 23(c)(1)(C), which give courts broad discretion to alter or amend a class definition considering subsequent developments in a case." (citing *Armstrong v. Davis*, 275 F.3d 849, n.28 (9th Cir. 2001)).

What constitutes a sufficient "subsequent development" falls within the court's discretionary power to decide. For example, in *Ms. L*, plaintiffs moved for clarification, or in the alternative, to modify the class definition because the initial class definition omitted "potentially 'thousands'" of parents who otherwise would be eligible for reunification with their children after separation during immigration proceedings. 330 F.R.D. at 287. Defendants opposed the motion, arguing, among other things, expanding the class "would run afoul of the adequacy, typicality and commonality requirements of Federal Rule of Civil Procedure 23(a), and present ascertainability problems." *Id.* In granting plaintiffs' motion to modify the class definition, the court found that plaintiffs' discovery of additional parent-child separations, in addition to an intervening report from the Office of Inspector General revealing a significant increase in the number of separated children, were subsequent developments sufficient to modify the class. *Id.* at 287–92.

Conversely, in *Hayes*, the court struck plaintiffs' second motion for class certification because "there [were] no 'subsequent developments' that justif[ied] Plaintiffs' second motion for class certification. As Plaintiffs admit[ted] in their opposition brief, their pending motion contain[ed] no new arguments and relie[d] on no new evidence." 2017 WL 512777, at *2. Likewise, in *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013), the court denied plaintiffs' motion for leave to file a second motion for class

6

certification because plaintiffs "identified no changed circumstances that would warrant a second motion for class certification." In so doing, the court explained, "Plaintiffs must show some justification for filing a second motion, and not simply a desire to have a second or third run at the same issues." *Id.*

The situation here, although occasioned by less weighty circumstances as those in *Ms. L*, nonetheless warrants refinement of the class definition. If anything, *Ms. L* makes clear that where post-certification circumstances, evidentiary or otherwise, dictate the need for modification or refinement of a class definition, the court has discretion to act accordingly. Here, the need for a more precise definition of the class period is readily apparent, as the parties possess diametrically opposing views as to how the phrase "this Complaint" defines the four-year class period. In plaintiffs' view, as noted, "this Complaint" harkens back to the language of the original complaint and is used consistently within each subsequent amendment; thus, the four-year period prior to "this Complaint" can refer only to April 14, 2011. Reply at 2. Defendants, on the other hand, suggest what they say is a facial reading of the class definition that fixes the class period at four years prior to the Fourth Amended Complaint, which would be September 20, 2014. Opp'n at 7. Such divergent interpretations of the class period justify clarification.

Plaintiffs argue amendment to clarify the class definition "is particularly appropriate . . . where the alteration by Plaintiffs would not change the legal theory of the case, the scope of discovery, or any element of Rule 23 analysis, and where Defendants do not claim . . . they would be prejudiced by the amendment." Reply at 4. Plaintiffs further assert they were not aware of defendants' interpretation of the Reimbursement Class until June 12, 2019, "and therefore could not have anticipated the need for the clarification or amendment they now request any earlier." *Id.* Defendants argue there have been no subsequent developments to justify amendment of the class definition, and thus no good cause. Opp'n at 6.

Plaintiffs are correct. Unlike *Hayes* and *Hartman*, where plaintiffs were merely attempting to "have a second or third run at the same issues" without presenting new evidence or argument, plaintiffs here provide sufficient justification that upon learning of defendants' interpretation of the class period, which drastically differed from their own, they expeditiously

7

sought clarification from the court, and in so doing, have presented new argument for the court's consideration. Because ambiguity regarding the class period will pose difficulties when assembling and providing notice to potential class members, court intervention is necessary.

Moreover, defendants make no contention the requirements of Rule 23 will be disrupted or they will be prejudiced by a more precise definition of the class period. *See* Reply at 3 (citing Federal Judicial Center, *Manual for Complex Litigation*, *Third* § 30.18 (1995) ("Reconsideration [of a class definition] under Rule 23(c)(1) may be on motion of any party or *sua sponte* by the court issuing a show cause order. . . . In deciding whether to modify its original decision, the court should consider not only the requirements of Rule 23(a) and (b) in the light of the facts and issues of the case, but also whether the parties or the class would be unfairly prejudiced by a change in the proceedings at that point.") (alteration in Reply)). Plaintiffs credibly assert modification "would not change the legal theory of the case, the scope of discovery, or any element of Rule 23 analysis, and [] Defendants do not claim, and could not credibly argue, [] they would be prejudiced by the amendment." Reply at 4. Where "proposed modifications [to class definitions] are minor, require no additional discovery, and cause no prejudice to defendants[,]" the court may grant amendment more freely. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 591 (N.D. Cal. 2010), *amended in part*, No. M 07-1827 SI, 2011 WL 3268649 (N.D. Cal. July 28, 2011).

Additionally, although "ascertainability" is not a per se requirement under Rule 23, *see In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2017 WL 679367, at *25 (N.D. Cal. Feb. 21, 2017) (citing *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1125 (9th Cir. 2017)), it is, nonetheless, essential that the "identity of class members must be ascertainable by reference to objective criteria." *In re TFT-LCD*, 267 F.R.D. at 592 (citation omitted). Given the roughly three-year gap between the parties' interpretations of when the class period should begin, a failure to refine terms here would leave the court and parties without the objective criteria necessary to adequately define the class.

Given the justification for amendment of the class period, the court must also ensure plaintiffs' interpretation of the class period is permissible. For one, although the court

does not reach the relation-back question, it notes there are no statute of limitations questions here, which ordinarily require an in-depth examination when considering amendment. *See Syntex*, 95 F.3d at 935; *see also Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278 (9th Cir. 1982) ("The relation back theory applies almost exclusively to avoid the statute of limitations when amendment to the complaint will not prejudice the defendant."). Second, the court notes plaintiffs use of the phrase "this Complaint" has remained consistent through each amendment. *See* Compl. ¶¶ 39, 41; First Am. Compl. ¶¶ 39, 41; Second Am. Compl. ¶¶ 41, 43; TAC ¶¶ 44, 47; FAC ¶¶ 47, 50. Therefore, one could reasonably presume if the class period was indeed anchored to the definition contained in the initial complaint, that by preserving that same phrase from one amendment to the next, plaintiffs intended the meaning of the phrase remain the same across amendments.

Moreover, to the extent defendants contend they were not on notice of plaintiffs' purported interpretation of the class period, plaintiffs adequately address this concern by noting the evidence in support of their class certification motion dated back to 2011. Mot. at 12 (citing Lavine Decl., ECF No. 72-5, Ex. A at 13–20 (2011-2012 HAP contract), Ex. B at 1–9, 18–22 (Additional Services Agreements from 2011 and 2012), Ex. C at 15–42 (leases from 2011 and 2012), Ex. D at 1–9 (2013 ledger encompassing charges from 2011), Ex. E at 2, 5, 8 (monthly costs breakdowns from 2011 and 2012)). Defendants were aware of the "temporal scope of Plaintiffs' class claims based on the parties' discovery dispute" as they "did not suggest [the proposed class definition] temporally limited the class period to the four years preceding the motions for class certification and to amend the complaint." *Id.* (citing ECF Nos. 47 (motion to compel), 48 (order on motion to compel), 78 at 19–20 (defendants' opposition to class certification motion addressing class definition)). Additionally, the court's reliance on evidence supporting class certification in no way suggested the class period was confined to the four-year period preceding the Third Amended Complaint. *See, e.g.*, Class Cert. Order at 4 ("Resident Ledger for the Huskey residence for the month of January 2012"), 17 ("Terry's Resident Ledger shows $310.25 was due on February 4, 2013[,] without differentiation between contract rent and

unpaid additional charges, such as the washer/dryer rental charge from February 1, 2013[,] and renter's insurance charge from February 1, 2013.").

Finally, there is merit to plaintiffs' argument that crediting defendants' position would beget an illogical result. Reply at 2 ("Plaintiffs *could not have* altered the certified class unilaterally by changing the class period in a complaint filed after the Court's certification order." (emphasis in original)). If the class period were to begin running four years prior to the date of the Fourth Amended Complaint, as defendants suggest, that would effectively modify the class period certified by the court in its July 30, 2018 order, which relied on the class definition supplied by the Third Amended Complaint.[3] Such perfunctory adjustments to the class period run counter to Rule 23's exacting standards and the concerns raised by defendants' here.

In light of the analysis above, a permissible, and the most fair and reasonable, interpretation of the phrase "this Complaint" is one that refers to the original complaint; consequently, the class period must be anchored to the "time period starting four years prior to the filing of" the April 14, 2015 complaint, meaning the class period began April 14, 2011.

To the extent Rule 16(b) applies, for the same reasons articulated above, the court finds plaintiffs have satisfied Rule 16(b)'s "good cause" standard such that amendment of the class period is justified.

D. Additional Matters

Plaintiffs' motion requests three additional forms of relief: (1) order demanding defendants produce a class list, (2) amendment to the scheduling order, and (3) approval of class notice. These requests are unopposed.[4]

As to plaintiffs' request to amend the scheduling order, it appears the court's July 11, 2019 stipulation and order has resolved this request. ECF No. 111. However, if the parties

---

[3] Although the parties stipulated to the filing of the Fourth Amended Complaint to substitute Tamara Livingston as the new class representative for the Rule 23(b)(2) class, the amendment would nonetheless have the same effect on the class period if defendants' position were true. *See* ECF Nos. 94, 95.

[4] At hearing, defendants confirmed their non-opposition to these components of plaintiffs' motion remains unchanged if the court clarifies the class period as beginning April 14, 2011.

desire additional amendments to the scheduling order, the court will consider such requests through the filing of a stipulation and proposed order.

As to the remaining requests for a class list production and approval of class notice, the motion is GRANTED. Within 21 days of this order defendants shall compile and produce the class list for the Reimbursement Class dating back to April 14, 2011, and the class list shall include class members' names and any available standard identifying information and be produced in manipulable electronic form, such as Excel. KCC Class Action Services is hereby appointed as the class action administrator and plaintiffs' proposed class notice form and procedures, including the mailing of class notice by U.S. mail and the proposed 35-day opt-out period, are hereby approved, Plaintiffs may proceed forthwith with providing notice to the class.

III. CONCLUSION

For the foregoing reasons, plaintiffs' motion for clarification, or in the alternative, amendment of the class definition, compilation of the class list, approval of proposed class notice and amendments to the scheduling order is GRANTED. This order resolves ECF No. 107.

Accordingly,

1. The class period for the Reimbursement Class, as defined in the court's order on class certification and set out above, begins on April 14, 2011, four years prior to the filing of the initial complaint in this action;

2. Within 21 days of this order, defendants shall compile and produce the class list for the Reimbursement Class dating back to April 14, 2011, and the class list shall include class members' names and any available standard identifying information, such as last known contact information, and be produced in manipulable electronic form, such as Excel;

3. KCC Class Action Services is hereby appointed as the class action administrator for this case;

4. Plaintiffs' proposed class notice form and procedures, including the mailing of class notice by U.S. mail and the proposed 35-day opt-out period, are hereby approved and class notice is therefore ordered to proceed accordingly; and

5. Should the parties desire additional amendments to the scheduling order beyond those approved by the court on July 11, 2019, ECF No. 111, the court will consider such request upon the filing of a stipulation and proposed order.

IT IS SO ORDERED.

DATED: January 14, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE