UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIKA TERRY, et al., | No. 2:15-cv-0799 KJM DB |
| Plaintiffs, | |
| v. | ORDER |
| WASATCH ADVANTAGE GROUP, et al., | |
| Defendants. | |

This action came before the court on June 12, 2020, for hearing of plaintiffs' motion to compel. (ECF No. 115.) Attorney Anne Bellows appeared via video conference on behalf of the plaintiffs. Attorney Ryan Matthews appeared via video conference on behalf of defendants.

Plaintiffs seek to compel production of three categories of documents: (1) a "complaints log" maintained by defendants' staff; (2) policy and training documents; and (3) data contained in defendants' centralized property management database. (JS (ECF No. 118) at 7.) With respect to the complaints log, defendants asserted in the parties' Joint Statement that they "do not have a 'Complaint Log' as such." (Id. at 13.)

However, at oral argument defense counsel explained that an employee of defendants maintained a log of all complaints that rose to the corporate level. Defense counsel argued that production of that log would be duplicative, as individual complaints are kept in individual tenant

files and those files have been produced to plaintiffs.  Plaintiffs' counsel, however, explained that those files have not been updated since 2017.  And defense counsel conceded that defendants may have misplaced some tenant files.  Plaintiffs' motion to compel, therefore, will be granted with respect to the complaints' log.

With respect to the remaining two discovery items at dispute, defendants assert that "[t]he lone argument pertaining to Defendants' objections which requires judicial resolution relates to Defendants' assertions that Plaintiffs' Requests that are the subject of this Motion are not narrowly tailored." (JS (ECF No. 118) at 10.)  Review of the requests for production at issue finds defendants' argument well taken.

"When a request is overly broad on its face, the party seeking the discovery has the burden to show the relevancy of the request."  Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 542 (D. Kan. 2006).  "[A] discovery request should be sufficiently definite and limited in scope[.]" Regan-Touhy v. Walgreen Co., 526 F.3d 641, 649 (10th Cir. 2008).

In this regard, "a request or interrogatory is overly broad or unduly burdensome on its face if it (1) uses an omnibus term such as 'relating to' or 'concerning,' and (2) applies to a general category or group of documents or a broad range of information."  Moses v. Halstead, 236 F.R.D. 667, 672 (D. Kan. 2006).  However, "a request that uses an omnibus phrase to modify a sufficiently specific type of information or group of documents will not be deemed objectionable on its face."  Dauska v. Green Bay Packaging Inc., 291 F.R.D. 251, 261 (E.D. Wis. 2013).

Here, plaintiffs' requests for production of documents are vague and overbroad.  (JS (ECF No. 118) at 8.)  While some of the requests for production attempt to use an omnibus phrase with modification to a specific type of information, some use an omnibus phrase modified by another omnibus phrase.  For example, plaintiffs' RFP No. 9 seeks all documents that "REFER, REFLECT, or RELATE to . . . all COMMUNICATION that REFER, REFLECT, or RELATE to a HAP CONTRACT."

Moreover, even those requests that attempt specificity fail to clearly describe the documents plaintiffs seeks here.  For example, in support of their argument that defendants should have produced training and policy documents related to Section 8 plaintiffs cite to RFP

Nos. 2, 3, and 9. (Id. at 14.) RFP No. 2 asks for documents relating "to a Housing Assistance Payment Contract[.]" (Id. at 8.) RFP No. 3 asks for documents relating "to a lease YOU had in the last 10 years with a HUD-subsidized tenant." (Id.) And RFP No. 9 asks for documents relating to communications relating "to a HAP CONTRACT." (Id.) The undersigned certainly would not have read those discovery requests to call for the production of general training materials.

Likewise, plaintiff generally cite to these broad and vague requests in support of their argument that defendants should have produced "all data in the Yardi Voyager database for all of Defendants' Section 8 tenants since April 2005" and "also request clear and detailed information on the schema or structure of the database, relevant tables and fields, and codes, including any applicable data dictionary or look-up tables." (Id. at 18.) Plaintiffs' requests, however, can only be said to call for such a production under the broadest reading of their request for "Any and all DOCUMENTS[.]" (Id. at 8.) Such a finding, however, would essentially grant plaintiffs the freedom to compel the production of any and all documents in defendants' possession without restraint.

Accordingly, upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that:

1. Plaintiffs' May 22, 2020 motion to compel (ECF No. 115) is granted in part and denied in part;

2. Defendants shall produce to plaintiffs the complaints log within fourteen days of the date of this order; and

3. Plaintiffs' motion to compel is denied in all other respects.

Dated: June 12, 2020

DLB:6
DB\orders\orders.civil\terry0799.oah.061220

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE