# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, and DOES 1-30,<br><br>Defendants. | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**STIPULATION AND ORDER REGARDING AMENDMENTS TO THE SCHEDULING ORDER**<br><br>Before: Hon. Kimberly Mueller<br><br>Trial Date: None Set |

Plaintiffs and Relators Denika Terry, Roy Huskey III, and Tamera Livingston and Defendants Wasatch Advantage Group, LLC, Wasatch Property Management, Inc., Wasatch Pool Holdings, LLC, Chesapeake Commons Holdings, LLC, Logan Park Apartments, LLC, and Logan Park Apartments, LP (together, "the Parties"), by and through their undersigned counsel, hereby stipulate as follows:

WHEREAS, under Federal Rule of Civil Procedure 16(b)(4), the Court has broad discretion to modify a pretrial scheduling order on a showing of "good cause," focusing on the diligence of the parties and the reasons for the requested modification, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011);

WHEREAS, fact discovery in this case is currently set to close on July 2, 2021 pursuant to a stipulation approved by Court on March 1, 2021 (ECF No. 130);

WHEREAS, the COVID-19 pandemic and shelter in place orders have resulted in unavoidable and lengthy delays at all stages of the discovery process, despite counsel's best efforts;

WHEREAS, the Parties are currently working together on a significant production of data from Defendants' centralized property management database, which is responsive to Plaintiffs' Requests for Production 35 to 40;

WHEREAS, the extraction of data from Defendants' centralized property management database only became possible earlier this year after months of negotiations and the retention of a joint expert and requires a multi-step process with the joint expert;

WHEREAS, the Parties anticipated and worked towards securing a production of the data by April 7, 2021, but were unable to do so because of delays and obstacles beyond their control;

WHEREAS, when Defendants' counsel finally obtained access to the data from the joint expert on May 10, 2021, Defendants determined that the data was overinclusive and the Parties are currently working with the joint expert to revise the query and obtain an appropriate dataset;

WHEREAS, once the data production is complete, the Parties will need additional time to work with the joint expert to define the fields and codes used in the data, review and analyze the produced data, propound additional follow-up discovery, and prepare for depositions that are related to or informed by the data production;

WHEREAS, due to the delays in the data production, it is not possible for the Parties to complete this work in the less than two months remaining before the current close of fact discovery;

WHEREAS, the Parties have been diligently completing the document and written discovery in the case, and plan to proceed in the coming weeks with depositions that are not reliant on the data production or related follow-up discovery;

WHEREAS, good cause to amend the scheduling order exists based on the Parties' diligence and the importance of completing fact discovery so that this case may be resolved on its merits;

WHEREAS, the Parties anticipate filing one or more dispositive motions after the close of all discovery, and wish to stipulate to an extended briefing schedule to ensure that both Parties have adequate time to brief those motions;

WHEREAS, the Parties agree that the following modifications to the Court's scheduling order would be appropriate:

- Fact discovery shall be completed by **August 27, 2021**;
- Expert witness disclosures shall be made no later than **September 24, 2021**;
- Rebuttal expert witness disclosures shall be made no later **October 22, 2021**;
- Expert witnesses shall be available for deposition in **November 2021**. All expert discovery shall be completed no later than **December 3, 2021**;
- All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **March 25, 2022**;
    - Any such motions must be filed no later than January 27, 2022;
    - Opposing briefs for any such motion must be filed no later than February 24, 2022;
    - Reply briefs in support of any such motions must be filed no later than March 10, 2022.

THEREFORE, the Parties jointly stipulate and request that the Court so order.

Dated: May 21, 2021  Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

*/s/ Anne P. Bellows*
Anne P. Bellows

Attorneys for Plaintiff and Relators

Dated: May 21, 2021  Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/Ryan Matthews* (as authorized on May 21, 2021)
Ryan Matthews

Attorneys for Defendants

## **ORDER**

The parties jointly request, ECF No. 131, to amend dates in the pretrial scheduling order, ECF No. 130. Good cause appearing, the court GRANTS this request, as follows:

| Description | Existing Date | New Date |
| --- | --- | --- |
| Discovery Cutoff | July 2, 2021 | August 27, 2021 |
| Expert Disclosures | July 30, 2021 | September 24, 2021 |
| Supplemental Expert Disclosures | August 27, 2021 | October 22, 2021 |
| Completion of Expert Discovery | October 1, 2021 | December 3, 2021 |
| All Dispositive Motions Hearing Date | January 21, 2022 | March 25, 2022 |
| File Joint Pretrial Conference Statement | N/A | N/A |
| Final Pretrial Conference | N/A | N/A |
| Trial Briefs Due | N/A | N/A |

This amendment does not alter any other portions of the initial scheduling order, ECF No. 38.

IT IS SO ORDERED.

DATED: May 25, 2021.

CHIEF UNITED STATES DISTRICT JUDGE