Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Anne Bellows (SBN 293722)
abellows@gbdhlegal.com
Kristen A. Burzynski (SBN 331433)
kburzynski@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
Tony Ruch (SBN 242717)
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
(510) 834-3300; (510) 834-3377 (Fax)

Attorneys for Plaintiffs and Relators
*(Additional Counsel listed on the following page)*

Joseph A. Salazar Jr. (SBN 169551)
Joe.Salazar@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
2020 West El Camino Avenue, Suite 700
Sacramento, CA 95833
(916) 564-5400; (916) 564-5444 (Fax)

Attorney for Defendants

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, and DOES 1-30,<br><br>Defendants. | Case No. 2:15-CV-00799-KJM-DB<br><br>**CLASS ACTION**<br><br>**STIPULATION AND ORDER GRANTING LEAVE TO FILE FIFTH AMENDED COMPLAINT, BIFURCATING THE CASE FOR DISCOVERY AND TRIAL, AND VACATING CASE DEADLINES**<br><br>Trial Date:   None Set |

STIP. & ORDER GRANTING LEAVE TO FILE 5TH AMENDED COMPLAINT, BIFURCATING THE CASE FOR DISCOVERY AND TRIAL, AND VACATION CASE DEADLINES - CASE NO. 2:15-CV-00799 KJM-DB

830045.13

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
Tony Ruch (SBN 242717)
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
(510) 834-3300; (510) 834-3377 (Fax)

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
Micaela Alvarez (SBN 319908)
malvarez@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
(510) 437-1863; (510) 437-9164 (Fax)

Attorneys for Plaintiffs and Relators

Stip. & Order Granting Leave to File 5th Amended Complaint, Bifurcating the Case for Discovery and Trial, and Vacation Case Deadlines - Case No. 2:15-CV-00799 KJM-DB

830045.13

Plaintiffs and Relators Denika Terry, Roy Huskey III, and Tamera Livingston and Defendants Wasatch Advantage Group, LLC, Wasatch Property Management, Inc., Wasatch Pool Holdings, LLC, Chesapeake Commons Holdings, LLC, Logan Park Apartments, LLC, and Logan Park Apartments, LP (together, "the Parties"), stipulate as follows:

## PROPOSED FIFTH AMENDED COMPLAINT

**A.    Amendment to Substitute Identified Entities for Doe Defendants as to the Class Claims**

WHEREAS, in the operative Fourth Amended Complaint, ECF No. 98, Plaintiffs made allegations against Defendants identified as Does 1-30;

WHEREAS, based on information recently disclosed in discovery, Plaintiffs have discovered the true identities of 26 entities that are proper Defendants to the Class Claims, as described immediately below, and Plaintiffs do not seek to name these entities as Defendants to the False Claims Act claims;

WHEREAS, documents recently produced by Defendants identified several additional entities with an ownership interest in the California residential properties at which Class Members reside or have resided during the class period, including Wasatch Premier Properties, LLC, Wasatch Pool Holdings III, and Wasatch Pool Holdings IV;

WHEREAS, on June 7, 2021, in response to Plaintiff Roy Huskey III's Interrogatory 15, Defendants provided a list of entities that own or have owned 53 individual Wasatch properties;

WHEREAS, of the 53 properties listed in Defendants' response to Interrogatory 15, Plaintiffs identified 24 properties located in California, which are or were owned at relevant times by 23 different entities, and only two of these entities—Chesapeake Commons Holdings, LLC and Logan Park Apartments, LP—were already named as Defendants in this action.

WHEREAS, between June 7, 2021 and August 5, 2021, the Parties engaged in meet and confer efforts and further exchanged information necessary to clarify the identity and status of the entities that have owned the 24 properties located in California;

WHEREAS, based on the information gathered during this time, Plaintiffs learned that the following entities were direct or indirect owners in the relevant Wasatch properties in California:

1

STIP. & [PROPOSED] ORDER GRANTING LEAVE TO FILE 5TH AMENDED COMPLAINT, BIFURCATING THE CASE FOR DISCOVERY AND TRIAL, AND VACATION CASE DEADLINES - CASE NO. 2:15-CV-00799 KJM-DB

830045.13

Aspen Park Holdings, LLC, Bellwood Jerron Apartments, LP, Bellwood Jerron Holdings, LLC, Bent Tree Apartments, LLC, California Place Apartments, LLC, Camelot Lakes Holdings, LLC, Canyon Club Holdings, LLC, Courtyard at Central Park Apartments, LLC, Creekside Holdings, LTD, Hayward Senior Apartments, LP, Heritage Park Apartments, LP, Logan Park Apartments, LP, Oak Valley Apartments, LLC, Oak Valley Holdings, LP, Peppertree Apartment Holdings, LP, Piedmont Apartments, LP, Point Natomas Apartments, LP, Point Natomas Apartments, LLC, River Oaks Holdings, LLC, Shadow Way Apartments, LP, Spring Villa Apartments, LP, Sun Valley Holdings, LTD, Village Grove Apartments, LP, Wasatch Quail Run GP, LLC;

WHEREAS, in Defendants' response to Huskey Interrogatory 15, they clarified that the relevant legal entity that owns/manages the property Chesapeake Common Holdings LLC—currently named as a Defendant—is correctly identified as "Chesapeake Apartments Holdings, LLC." Defendants had not previously informed Plaintiffs of the mistake in the name and made admissions about the named Defendant in their Answer to the Fourth Amended Complaint, *see* ECF No. 99;

WHEREAS, the addition of these newly identified Defendants does not change the number or identity of class members or the factual record relevant to class certification, but rather simply provides the true name of Doe Defendants who are parties to the lease documents and Housing Assistance Payment Contracts ("HAP Contracts") executed and administered on their behalf by Wasatch property management;

WHEREAS, Defendants agree that it would be proper to modify the Class Certification order at an appropriate time to add these newly identified Defendants;

B. **Amendments to Correct the Class Period and Make Other Minor Corrections to Conform to the Proof**

WHEREAS, the wording of the class definition for the Reimbursement Class in the Fourth Amended Complaint, which was adopted as the class definition in the Court's class certification order (ECF No. 92), previously gave rise to a dispute about the proper start date for the class period, and the Court resolved this dispute in January 15, 2020 order (ECF No. 114 at 11), holding that the class period for the Reimbursement Class begins on April 14, 2011;

2

STIP. & [PROPOSED] ORDER GRANTING LEAVE TO FILE 5TH AMENDED COMPLAINT, BIFURCATING THE CASE FOR DISCOVERY AND TRIAL, AND VACATION CASE DEADLINES - CASE NO. 2:15-CV-00799 KJM-DB

830045.13

WHEREAS, due to the passage of time and the further development of the factual record through discovery, other minor corrections to the Complaint are appropriate to conform the pleading to the proof and are not disputed by the Parties;

C. **Amendments to Allege Vicarious Liability Based on Alter Ego, Single Enterprise, and Joint Venture Theories**

WHEREAS, based on recent discovery, Plaintiffs also seek to amend the complaint to allege that Defendants are a single enterprise and/or alter egos of each other and of the recently disclosed entities with ownership interests in the properties where members of the certified class live or have lived, and/or that Defendants and the recently disclosed entities share liability for the Class Claims;

WHEREAS, a copy of the proposed Fifth Amended Complaint is attached as Exhibit A, and a "redline" comparison of the Fifth Amended Complaint to the Fourth Amended Complaint is attached as Exhibit B;

D. **Good Cause to Amend Scheduling Order and Complaint**

WHEREAS, the Parties agree that the amendments described above are appropriate;

WHEREAS, the Parties agree that this stipulation will avoid unnecessary expense, delay, and burden to the parties and the Court;

WHEREAS, Defendants do not dispute that Plaintiffs have diligently acted upon the information regarding the Doe Defendants' true identities as soon as that information was disclosed through discovery, and that they are diligently seeking to add allegations addressing vicarious liability theories now that more information regarding Defendants' corporate relationships has come to light, and there is no prejudice to Defendants;

E. **Bifurcation of Proceedings**

WHEREAS, the Parties further agree that to streamline the proceedings and reach early resolution of the merits issue at the center of the case, discovery and litigation regarding alter ego or agency liability and related issues should be deferred until after a determination has been reached on whether the conduct challenged by Plaintiffs is unlawful;

3

STIP. & [PROPOSED] ORDER GRANTING LEAVE TO FILE 5TH AMENDED COMPLAINT, BIFURCATING THE CASE FOR DISCOVERY AND TRIAL, AND VACATION CASE DEADLINES - CASE NO. 2:15-CV-00799 KJM-DB

830045.13

WHEREAS, Wasatch Property Management is the entity that signs all leases, Additional Service Agreements, and HAP Contracts, manages the properties where Defendants' Section 8 tenants live, and charges and collects the additional service charges whose legality is at issue in each of the claims.  Therefore, the claims in the case turn on Wasatch Property Management's conduct.  The claims regarding all other Defendants' liability result from their contractual and corporate relationships to Wasatch Property Management;

WHEREAS, in order to effectuate this bifurcation efficiently, the Parties have agreed and jointly propose that both discovery and trial should be phased, with Phase 2 taking place only if there is a finding of unlawful conduct in Phase 1 of the litigation.  Phase 1 will determine whether Wasatch Property Management has violated the False Claims Act; the Housing Assistance Payments (HAP) Contract, the Unfair Competition Law, or the Consumer Legal Remedies Act (the Class Claims); and if so, the amount of actual damages and restitution.  Phase 2 will determine whether the other Defendants for the Class Claims and the other Defendants named as to the False Claims Act claim, respectively, are liable for any violations found in Phase 1 based on alter ego liability, the single enterprise doctrine, the existence of a joint venture agency principles, or Defendants' receipt of a benefit from the unlawful charges; and penalties and treble damages under the False Claims Act.

WHEREAS, bifurcating the litigation as proposed is appropriate under Rule 42(b) because it will serve both the convenience of the Parties and judicial economy, as the findings in Phase 1 may obviate the need for Phase 2, and eliminating Phase 2 issues from the Phase 1 trial will significantly shorten and simplify the proceedings;

WHEREAS, the proposed bifurcation preserves all Parties' federal jury rights because the issues to be tried in Phase 2 will not require reexamination of any issue tried to a jury in Phase 1;

WHEREAS, bifurcation is warranted and permissible on the vicarious liability questions because the corporate relationships that will be at issue in Phase 2 as the basis for Plaintiffs' claims of vicarious liability present wholly distinct factual and legal issues from the alleged unlawful conduct related to property management practices, HAP contracts and regulatory provisions to be addressed in Phase 1;

4

STIP. & [PROPOSED] ORDER GRANTING LEAVE TO FILE 5TH AMENDED COMPLAINT, BIFURCATING THE CASE FOR DISCOVERY AND TRIAL, AND VACATION CASE DEADLINES - CASE NO. 2:15-CV-00799 KJM-DB

830045.13

WHEREAS, bifurcation of the penalties and treble damages under the False Claims Act is warranted and permissible because those determinations are reserved for the Court and not for the jury;

**F.     Vacating Case Deadlines**

WHEREAS, the Parties agree that, in light of the facts listed above, the current case deadlines should be vacated until the newly named Defendants can enter the case and the Parties can reach a new and mutually agreeable schedule.

THEREFORE, THE PARTIES STIPULATE AND JOINTLY REQUEST THAT THE COURT ORDER AS FOLLOWS:

1. That Plaintiffs be granted leave to file the proposed Fifth Amended Complaint, attached as Exhibit A to this stipulation and proposed order, in order to (a) replace the Doe 5-30 defendants with the legal entities listed above; (b) add a new section to the Complaint entitled "Defendants' Corporate Structure: Alter Ego, Single Enterprise, and Joint Venture"; (c) correct the name of Defendant Chesapeake Common Holdings LLC to Chesapeake Apartments Holdings, LLC, and (d) make explicit the April 14, 2011 start date for the class period confirmed by the Court, *see* ECF No. 114.

2. That for the convenience of the Parties, to expedite resolution of the merits of the claims, and to streamline proceedings by reducing the burden of discovery and litigation that may ultimately prove to be unnecessary, this case shall be bifurcated for both discovery and trial, as follows:

    a.      Phase 1 of the proceedings shall address: Whether Wasatch Property Management is liable under the False Claims Act; whether Wasatch Property Management's practices violate Class members' rights under the Housing Assistance Payments (HAP) Contract, the Unfair Competition Law, and the Consumer Legal Remedies Act (the Class Claims); and if so, the amount of actual damages and restitution, if any, to remedy any and all violations under the False Claims Act and Class Claims;

   b. If during Phase 1 any determination is made that Defendants' practices challenged in this case are unlawful under any or all claims, then following the conclusion of Phase 1 the Court shall set a Case Management Conference to schedule case deadlines for Phase 2;

   c. Phase 2 of the proceedings shall address (as applicable in light of the determinations reached in Phase 1): The liability of all and various Defendant entities for the Class Claims based on alter ego liability, the single enterprise doctrine, agency principles, and Defendants' receipt of a benefit from the unlawful charges; any vicarious liability attributable to other Defendants named as to the False Claims Act claim; and penalties and treble damages under the False Claims Act.

  3. That the case deadlines reflected in this Court's order of May 25, 2021 be VACATED until a Case Management Conference can be held and a new litigation schedule is entered;

  4. A case management conference and Rule 26(f) conference shall be scheduled for October 7, 2021 or as soon thereafter as the Court's schedule allows;

  5. No later than one week prior to the scheduled case management conference, all Parties shall submit a joint Case Management Statement pursuant to Rule 26(f).

Dated: August 5, 2021    Respectfully submitted,

           GOLDSTEIN, BORGEN, DARDARIAN & HO

           */s/ Anne P. Bellows*
           Anne P. Bellows

           Attorneys for Plaintiffs and Relators

Dated: August 5, 2021    Respectfully submitted,

           LEWIS BRISBOIS BISGAARD & SMITH LLP

           */s/ Ryan Matthews* (as authorized on August 5, 2021)

           Ryan Matthews

           Attorneys for Defendants

  The stipulation and proposed order are **adopted** for good cause shown.  A scheduling conference is set for October 14, 2021 at 2:30 p.m. before the undersigned.  The parties shall prepare

6

STIP. & [PROPOSED] ORDER GRANTING LEAVE TO FILE 5TH AMENDED COMPLAINT, BIFURCATING THE CASE FOR DISCOVERY AND TRIAL, AND VACATION CASE DEADLINES - CASE NO. 2:15-CV-00799 KJM-DB

830045.13

and file a joint status report two weeks in advance of the scheduling conference.

    IT IS SO ORDERED.

Dated:  August 16, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE