November 10, 2021

*Via e-filing and email to* dborders@caed.uscourts.gov

U.S. Magistrate Judge Deborah Barnes
United States District Court, Eastern District of California
501 I Street, Courtroom #27, 8th Floor
Sacramento, CA 95814

      Re:    *U.S. ex rel. Terry v. Wasatch Advantage Group*, No. 15-cv-00799-KJM-DB
             Joint Letter re Discovery Dispute – Deposition of Tyler Raymond

To the Honorable Judge Barnes:

      The parties jointly request a ruling on whether Plaintiffs Denika Terry, *et al.*, may depose Tyler Raymond, witness for Defendants.  In an email sent shortly before Mr. Raymond's October 21 deposition was to begin, Defendants objected to Lindsay Nako of the Impact Fund deposing Mr. Raymond on the ground that "[n]either Ms. Nako or Impact Fund are authorized to represent the Class Plaintiffs in any official proceeding in this case, this deposition included."  The parties stated their positions on the record and could not come to an agreement that would allow the deposition to proceed.  Plaintiffs sent a meet and confer letter on October 22, and the parties met and conferred by phone on October 28.  Plaintiffs then noticed the continued deposition of Mr. Raymond for November 5.  On November 3, Defendants objected to the deposition notice and, on November 4, notified Plaintiffs that they would not produce Mr. Raymond for his continued deposition, requiring the present request for court assistance.

**I.      Plaintiffs' Position**

      Plaintiffs properly noticed Mr. Raymond's deposition for October 21 and informed Defendants by email on October 19 that Ms. Nako would be taking the deposition.  While rescheduling a different deposition, Defendants' counsel confirmed that they wished to proceed with Mr. Raymond's deposition as scheduled.  Defendants then waited until twelve minutes before Mr. Raymond's deposition was scheduled to begin to object to Ms. Nako's appearance. Counsel for Defendants, Joseph Salazar, stated on the record, "[W]e're not going to allow it to go forward with Ms. Nako taking the deposition."  Transcript, Oct. 21, 2021, at 9:5-6. Defendants' objection and their refusal to proceed lack legal basis.

      Ms. Nako was qualified to take the deposition.  This case encompasses both a False Claims Act claim and certified California state law class claims.  On October 21, Ms. Nako represented the named plaintiffs individually and in their capacity as Relators, with no requirement of court appointment.  A joint stipulation to appoint Ms. Nako and her firm as class counsel was on file; the supporting declaration specifically named Ms. Nako; and Ms. Nako was working at the direction and under the supervision of Class Counsel, a common practice in complex litigation.  *In Re: Vizio, Inc., Consumer Priv. Litig.*, No. 816ML02693JLSKES, 2019 WL 12966638, at *8, fn. 8 (C.D. Cal. July 31, 2019) (awarding fees for work delegated by class counsel to supporting counsel); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 781-82 (S.D. Tex. 2008) (approving of and noting common use of contract attorneys by

class counsel, including in taking depositions).

At the deposition, Mr. Salazar was unable to identify any prejudice that Defendant would suffer from allowing Ms. Nako to question Mr. Raymond.  Transcript at 11:16-12:3.  In contrast, Defendants' demand that another attorney replace Ms. Nako with no notice significantly prejudiced Plaintiffs.  Defendants' assertion that the deposition concluded because of a "[l]ack of preparedness" is false.  Plaintiffs were prepared to proceed with their counsel and Class Counsel's agent, Ms. Nako.  Defendants' actions caused prejudice to Plaintiffs by "imped[ing], delay[ing], or frustrat[ing] the fair examination of the deponent."  Fed. R. Civ. P. 30(d)(2).

Defendants' refusal to proceed with Mr. Raymond's deposition was improper.  All objections "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection."  Fed. R. Civ. P. 30(c)(2).  Rule 30 makes clear that termination may occur only by an order of the Court, which Defendants have not sought.  Mr. Raymond's deposition remains open and Plaintiffs respectfully ask that this Court order Defendants to produce Mr. Raymond.

## II.     Defendants' Position

Defendants and Plaintiffs agree that the deposition of Tyler Raymond was properly noticed, and that Mr. Raymond appeared, represented by counsel, at the duly noticed time and place. The dispute between the parties centers on Plaintiffs' unsubstantiated assertion that unappointed, unassociated counsel may take a deposition acting as the "agent" of authorized counsel. The impropriety of the attempt was exacerbated by the fact that the Court, in its Minute Order regarding Plaintiffs' request to appoint additional counsel, had explicitly declined to do so absent provision by the Plaintiffs of additional information substantiating said request.

The attempt to conduct a deposition using outside counsel who had not been duly appointed to represent either the Class Plaintiffs, the Relators, or the named Plaintiffs would have subjected Defendants to the possibility of multiple bites at the apple for Plaintiffs. Indeed, on the record, Plaintiffs' counsel proposed to split the deposition between the named Plaintiffs, relators, and the general class. Plaintiffs had three separate law firms who were authorized to conduct the deposition. Representatives of two of them were present. There was no reason why the deposition could not proceed as noticed with duly authorized counsel conducting the questioning.

The only authority cited by Plaintiffs concerns awards of attorney's fees. Neither case addresses the situation at play: where the Court has explicitly declined to authorize a law firm to represent the interests of the class. Defendants properly declined to abet Plaintiffs' efforts to flout the Court's order. To the extent that Plaintiffs' position concerns alleged gamesmanship with respect to timing, such an assertion misrepresents the position. Defendants' counsel did not become aware that Ms. Nako was not affiliated with any of Plaintiffs' three separate law firms until the morning of the deposition, and Defendants moved promptly to notify Plaintiffs' counsel of the issue.

Finally, with respect to the prejudice to Defendants, the answer is obvious. Plaintiffs' practice in this case has been to take full-day depositions. Plaintiffs now ask Defendant Wasatch Property Management, Inc.'s general counsel to set aside another full day, for no better reason than that three separate law firms were unable to produce an attorney who was prepared to question Mr. Raymond.

No. 15-cv-00799
Page 3

Sincerely,

/s/ Lindsay Nako
Lindsay Nako, Impact Fund
*Counsel for Plaintiffs/Relators & the Certified Class*

*/s/ Ryan Matthews*
*(as authorized on 11/10/21)*
Ryan Matthews, Lewis Brisbois
*Counsel for Defendants*