November 12, 2021

U.S. Magistrate Judge Deborah Barnes
United States District Court, Eastern District of California
501 I Street, Courtroom #27, 8th Floor
Sacramento, CA 95814
*Via Email to* dborders@caed.uscourts.gov

>   Re:   *U.S. ex rel. Terry v. Wasatch Advantage Group*, No. 15-cv-00799-KJM-DB
>         Joint Letter re Discovery Dispute – Interrogatory Responses

To the Honorable Judge Barnes:

The Parties request the Court's assistance in resolving their dispute regarding two interrogatories addressing two key issues in the case—which of Defendants' properties have made required their tenants to agree to certain additional charges, and whether Section 8 tenants have been subject to the same policies. Huskey Interrogatory 18 asks Defendants to identify properties that have had such mandatory charges for any tenants (not just Section 8 tenants), and Huskey Interrogatory 20 asks Defendants to identify any documents demonstrating that Section 8 tenants are exempt from Defendants' otherwise mandatory additional service charges.

On August 27, 2021, Defendants responded to Interrogatory 18, stating "to the best of Defendants' knowledge, this has never occurred." As to Interrogatory 20, Defendants lodged a single objection that the Interrogatory "assum[es] a fact not in evidence" because "[t]here have never been mandatory Additional Service Charges." (Defs' Resps. to Huskey Interrogs. Set 5.)

Defendants' corporate officers and designees have testified to that some of Defendants' properties do have mandatory parking, media, and washer and dryer charges. After an August 30, 2021, meet and confer letter highlighting that testimony, Defendants agreed to amend their responses, and on November 8 served an amended response to Interrogatory 18. The Parties seek guidance regarding Defendants' duties in responding to Interrogatories 18 and 20.

## I.   Plaintiffs' Position

This summer, years into active litigation, Defendants began contending that they have an apparently unwritten policy exempting Section 8 tenants from mandatory charges. Plaintiffs served Interrogatories 18 and 20 to test that contention. The response remains insufficient.

***First***, the amended response is inaccurate as to media charges. It lists properties that have offered media packages a chart with a column entitled "Optional" that shows a "Y" for each property (except on that offered the services free of charge). In deposition on November 10, Defendants' former COO Jarom Johnson clarified that the "Optional" column related solely to Section 8 tenants—even though the interrogatory asks Defendants to identify mandatory about charges for *any* tenants. Mr. Johnson acknowledged that the media charges have been mandatory at some properties, and off the top of his head was able to list 16 such properties.

***Second***, notwithstanding deposition testimony that some properties have had required parking or washer and dryer charges, the interrogatory response does identify properties with those charges. Mr. Johnson explained that they were unable to tell whether the charges were

843687.2

mandatory from Defendants' property management database.  Mr. Johnson also mentioned consulting with three high level executives, though it is unclear whether they were asked to identify properties with mandatory parking charges.  However, a party responding to an interrogatory "is required to conduct a search for relevant information and answer interrogatories after that diligent search is complete." *Shaw v. Davis*, No. 3:18-CV-0551-MMD-CLB, 2021 WL 3889980, at *5 (D. Nev. Aug. 31, 2021).  Defendants should have conducted a more thorough search, including for example, contacting their leasing employees with firsthand knowledge.

***Third***, notwithstanding deposition testimony that Defendants have imposed mandatory charges at some of their properties, Defendants still have not provided a proper answer to Interrogatory 20.  If there are no documents reflecting an exception to mandatory charges for Section 8 tenants, Defendants should so state.

## II.     Defendants' Position

Defendants have agreed to provide an amended response regarding Plaintiff's first concern. As to Plaintiff's second concern, Defendants' inquiry went beyond simply consulting the Yardi database, and included consultation with multiple knowledgeable individuals. The resulting response constitutes the result of a properly diligent search, and Plaintiffs have no basis to suggest otherwise. Finally, Defendants have agreed to provide an amended response to Interrogatory 20 and intend to do so imminently.


Sincerely,

/s/ *Anne Bellows*                                                  */s/ Ryan* Matthews (as authorized 11/15/21)
Anne Bellows                                                        Ryan Matthews
*Counsel for Plaintiffs/Relators*                      *Counsel for Defendants*
*& the Certified Classes*

843687.2