Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Anne Bellows (SBN 293722)
abellows@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
(510) 834-3300; (510) 834-3377 (Fax)

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
(510) 437-1863; (510) 437-9164

Jocelyn D. Larkin (SBN 110817)
Lindsay Nako (SBN 239090)
lnako@impactfund.org
jlarkin@impactfund.org
THE IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA 94701
(510) 845-3473; (510) 845-3654 (Fax)

Attorneys for Plaintiffs and Relators and the Certified Classes

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>        Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>DISCOVERY MATTER<br><br>**THE PARTIES' JOINT STATEMENT REGARDING THEIR DISCOVERY DISPUTE RELATED TO TERRY REQUEST FOR PRODUCTION No. 95**<br><br>Date:      December 17, 2021<br>Time:     10:00 a.m.<br>Dept:      Courtroom 27, 8th floor<br>Before:   Hon. Magistrate Judge Deborah Barnes<br><br>Trial Date:    None Set |

1    HOLDINGS, LLC, BELLWOOD JERRON
     HOLDINGS, LLC, BELLWOOD JERRON
2    APARTMENTS, LP, BENT TREE
     APARTMENTS, LLC, CALIFORNIA PLACE
3    APARTMENTS, LLC, CAMELOT LAKES
     HOLDINGS, LLC, CANYON CLUB HOLDINGS,
4    LLC, COURTYARD AT CENTRAL PARK
     APARTMENTS, LLC, CREEKSIDE HOLDINGS,
5    LTD, HAYWARD SENIOR APARTMENTS, LP,
     HERITAGE PARK APARTMENTS, LP, OAK
6    VALLEY APARTMENTS, LLC, OAK VALLEY
     HOLDINGS, LP, PEPPERTREE APARTMENT
7    HOLDINGS, LP, PIEDMONT APARTMENTS,
     LP, POINT NATOMAS APARTMENTS, LLC,
8    POINT NATOMAS APARTMENTS, LP, RIVER
     OAKS HOLDINGS, LLC, SHADOW WAY
9    APARTMENTS, LP, SPRING VILLA
     APARTMENTS, LP, SUN VALLEY HOLDINGS,
10   LTD, VILLAGE GROVE APARTMENTS, LP,
     WASATCH QUAIL RUN GP, LLC, WASATCH
11   PREMIER PROPERTIES, LLC, WASATCH
     POOL HOLDINGS III, LLC,
12   and DOES 1-4,

13         Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

845363.4

Plaintiffs-Relators Denika Terry, Roy Huskey III and Tamera Livingston ("Plaintiffs), on behalf of themselves and the certified classes, and on behalf of the United States, and Defendants Wasatch Advantage Group, LLC, Wasatch Property Management, LLC, Wasatch Pool Holdings, LLC, Chesapeake Apartment Holdings, LLC, Logan Park Apartments, LLC, and Logan Park Apartments, LP ("Defendants"), submit this Joint Statement Regarding Discovery Disagreement ("Joint Statement") under Local Rule 251(c).

## I.    INTRODUCTION

Plaintiffs seek an order compelling Defendants to produce documents responsive to their Request for Production ("RFP") No. 95 ("RFP 95")—a narrow request designed to increase transparency around the data production that is being handled by a jointly retained expert.  In their response to RFP 95, Defendants agreed to the production and made no objections.  In subsequent meet and confer they have reiterated their agreement to produce the emails sought, but as of the date of this filing they have neither produced the documents nor provided a timeline for production.

Plaintiffs also seek an order compelling Defendants to produce documents responsive to their RFPs 111 and 112, which sought, respectively, notices that Defendants have used since the onset of the COVID-19 pandemic to address non-payment of any charges by their tenants, and tenant files for current and former Wasatch tenants disclosed as witnesses in Plaintiffs' Supplemental Rule 26 Disclosures.  Defendants failed to provide a timely response to these RFPs and have not produced the documents, which are well within the scope of discovery under Rule 26.

With the close of discovery rapidly approaching on December 17, 2021, Plaintiffs respectfully request an order from the Court compelling Defendants to produce the requested documents.  If the documents are produced prior to the hearing, Plaintiffs will file a notice withdrawing their Motion.

## II.    THE PARTIES' MEET AND CONFER EFFORTS

### A.    The Parties' Meet and Confer Efforts Related to RFP 95

Plaintiffs served Denika Terry's Seventh Set of Requests for Production to Defendants Wasatch Advantage Group, LLC, Wasatch Property Management, Inc., Wasatch Pool Holdings, LLC, Chesapeake Commons Holdings, LLC, Logan Park Apartments, LLC, and Logan Park Apartments, LP on October 8, 2021.  That set of RFPs included Terry RFP 95, which requests correspondence between

1

Defendants and the firm serving as a joint expert to facilitate the data production in this case. *See* Ex.
1, Pl. Terry's Seventh Set of RFPs. After securing an extension, Defendants responded on November
15, 2021. Ex. 2, Defs.' Responses to Pl. Terry's Seventh Set of RFPs. Defendants stated no objections
to RFP 95 and indicated they "will produce all such communications that did not include counsel for
Plaintiffs." *Id.* The response does not state a time for production. *See id.*

On a meet and confer call dated November 30, 2021, Plaintiffs asked Defendants about the
production. Defendants indicated that they were working on gathering responsive emails, but they did
not provide a date for production. Ex. 3, Bellows email Nov. 30, 2021. On Thursday, December 2,
2021, Plaintiffs again sought to contact Defendants about outstanding meet and confer issues,
including RFP 95, but were unable to either set up a call or receive an update on RFP 95. Ex. 10,
Bellows emails Dec. 2, 2021.

Plaintiffs sought to reach Defendants again on December 8, 2021, but they were unsuccessful.
Ex. 5, Bellows email Dec. 8, 2021. In meet and confer correspondence sent the same day, Plaintiffs
notified Defendants of their intention to file the instant motion and joint statement and requested an
opportunity to meet and confer on this dispute "as soon as possible." *Id.* Plaintiffs reiterated their
request to meet and confer about RFP 95 on December 9, 2021. Ex. 6, Email chain email Dec. 9, 2021
(Bellows email at 11:50am).

The Parties met and conferred about RFP 95 on December 10, 2021 prior to filing this joint
statement. Defendants reiterated their intention to make the production but did not provide a date
certain. The Parties agreed to move forward with the Motion and Joint Statement, and that if
Defendants produced the responsive documents prior to December 17, 2021, Plaintiffs would file a
notice withdrawing their Motion on this issue.

**B.** **The Parties' Meet and Confer Efforts Related to RFP 111 and 112**

Plaintiffs served Denika Terry's Eighth Set of Requests for Production, consisting of RFPs 111
and 112, on November 8, 2021. Ex. 8, Pl. Terry's 8th Set of RFPs. The deadline for responding to
these RFPs was December 8, 2021. *See* Fed. R. Civ. P. 34(b)(2)(A). Defendants did not provide a
response on that date. *See* Ex. 6, Email chain Dec. 9, 2021 (Bellows email at 8:01am).

On December 9, 2021, Plaintiffs notified Defendants that they had not met the deadline and, noting that only a week remained before the close of discovery, requested the opportunity to meet and confer that day.  *Id.*  Defendants responded several hours later indicating "[o]ur intention is to respond in full without objection," that defense counsel was "awaiting a verification confirming the same," and that they were "unavailable to meet and confer" that day.  *Id.* (Matthews email at 11:02am).   Plaintiffs responded asking Defendants to clarify whether they would be making a production and again requesting times that Defendants were available to meet and confer.  *Id.* (Bellows email at 11:50am.)

The Parties met and conferred about RFPs 111 and 112 on December 10, 2021 prior to filing this Joint Statement.  Defendants clarified that they intended to produce all responsive documents, and they stated their hope to serve responses later in the day.  They did not provide a timeline for production.  The Parties agreed to move forward with the Motion and Joint Statement, and that if Defendants produced the responsive documents prior to December 17, 2021, Plaintiffs would file a notice withdrawing their Motion on this issue.

### III.   CASE NATURE AND POSTURE

#### A.   Case Background

As described recently in the Parties' December 3, 2021 Joint Statement Regarding Discovery Dispute, ECF No. 165, this case was filed on April 14, 2015 as a False Claims Act (31 U.S.C. § 3729 *et seq.*) ("FCA") action and putative class case for California state law claims.  Compl., ECF No. 1. Defendants are Wasatch Advantage Group, LLC and its affiliates, a rental and property management company with residential apartments in California, Washington, Utah, Colorado, and Arizona. Plaintiffs are current and former tenants of Wasatch's properties and participants in the Housing Choice Voucher Program, a federally subsidized rental assistance program commonly known as "Section 8."  Under the Section 8 program, a participants' portion of the rent is capped at 30 to 40 percent of their monthly income, while a local public housing agency pays the balance of the rent directly to the landlord.  42 U.S.C. §§ 1437f(o).

Plaintiffs allege Defendants improperly charged Section 8 tenants for additional service charges, such as renters' insurance, media packages, washer and dryer rentals, and parking in addition to tenants' portion of the approved rent amount under the Housing Assistance Program Contracts that

govern their leases.  5th Am. Compl.. ("5AC") ¶¶ 11-13, 57-58, 60, ECF No. 136.  The charges for these additional services are listed in an "Additional Services Agreement" that is part of the tenants' lease.  *Id*. at ¶¶ 12, 119-20.

The United States declined to intervene in June 2016.  ECF No. 14.  The Court denied Defendants' motion to dismiss in 2017, ECF No. 61, and certified damages and injunctive relief classes in 2018.  ECF No. 92.  The classes consist of past, current, and future tenants at Defendants' California properties who have participated in or will participate in the Section 8 program and have paid or will pay additional service charges.   Class Certification Order at 13, ECF No. 92; Order at 11-12, ECF No. 114.

Fact discovery regarding liability closes on December 17, 2021.

**B.     Factual Issues Relevant to Discovery Dispute**

**1.     Factual Issues Relevant to RFP 95**

In June 2020, Plaintiffs propounded discovery requests seeking a range of data from Defendants' centralized Yardi property management database.  Defendants initially responded with objections, but after meet and confer efforts the Parties agreed to jointly retain a Yardi consultant to identify, extract, and produce relevant data from Defendants' Yardi database.  For approximately the last year, the Parties have been working with the firm GelbGroup d/b/a FitechGelb ("Joint Expert" or "FitechGelb").  Defendants' in-house database manager, Mike Christiansen, has assisted FitechGelb in identifying responsive data.  Plaintiffs were omitted from some of these communications (they do not know how many).  Plaintiffs seek communications between Defendants and FitechGelb in order to understand how responsive data was identified, with the ultimate goal of ensuring a complete and accurate production.

**2.     Factual issues Relevant to RFPs 111 and 112**

The outcome of this case depends on whether Defendants' additional service charges constitute and are treated as rent.  *See* Order at 6, ECF No. 61, (noting that the "Plaintiffs' claims rely on the characterization of these additional payments as rent").  Plaintiffs contend that Defendants treat the additional service charges as rent by mixing the charges with rent charges on a single ledger, applying rent payments to additional service charges, serving eviction notices for unpaid additional service

4

charges, and otherwise indicating to tenants that they must pay outstanding additional service charges to continue living in their units.

In 2017, this Court ordered Defendants to produce tenant files for Section 8 tenants from 2011 to the present.  Order, ECF No. 48.  Sample notices and communications drawn from those tenant files have formed an important body of proof related to Defendants' practices relevant to the issues in the case.  *See, e.g.*, Class Certification Order at 17, 26, 29-30, ECF No. 92 (citing to exemplars from tenant files regarding Defendants' relevant practices, including additional charges in notices to perform or quit, and representations re: tenant obligations in lease agreements).  This summer, Plaintiffs requested that Defendants supplement that production pursuant to Fed. R. Civ. P. 26(e).  In response to Defendants' concerns about the burden they would face in updating their production, Plaintiffs agreed to work with Defendants and streamline their requests.  RFPs 111 and 112 are partial substitutes for an update to the tenant files production.

In October, Defendants' corporate designee regarding collection testified that with the onset of the COVID-19 pandemic and state, national, and local eviction moratoria, Wasatch created or used new and different notices to address non-payment than those contained in the 2017 tenant file production.  Ex. __, Fetter Dep. at 133:19-137:12, Oct. 27, 2021.  Plaintiffs propounded RFP 111 to seek exemplars of the notices of non-payment for rent and other charges to enable them to compare the pandemic-era notices for non-payment of rent to pandemic-era notices for non-payment of additional service charges.

On November 4, 2021, Plaintiffs issued updated Rule 26 disclosures listing 22 current and former tenants as potential witnesses regarding Defendants' practices related to additional service charges imposed on Section 8 tenants and the harm to tenants resulting from those practices.  RFP 112, propounded several days later, seeks tenant files for the disclosed witnesses.

**C.**   **Terry Request for Production 95 and the Parties' Contentions**

Terry Request for Production 85 was served on October 8, 2021.  Plaintiffs' RFP and Defendants' response are as follows:

> **REQUEST FOR PRODUCTION NO. 95:**
> All correspondence between Defendants and any of their employees (including but not limited to Mike Christiansen) and employees of FitechGelb related to the Yardi data sought by Plaintiffs in this case.

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**
Defendants will produce all such communications that did not include counsel for
Plaintiffs.

### 1.      Plaintiffs' Position Regarding RFP 95

Defendants have agreed to produce the communications sought by RFP 95, but have not done
so.  Under Rule 34, the production of responsive documents "must [] be completed no later than the
time for inspection specified in the request or another reasonable time specified in the response."
Plaintiff Terry's Seventh Set of Requests for Production requested that Defendants "produce the
responsive documents within thirty (30) days from the date of service," *i.e.*, by November 8, 2021 (or
at the latest by November 15, 2021, according to the extension Plaintiffs agreed to for the response).
Defendants did not make the production by the date requested in the RFPs, nor did they specify
another reasonable time in their response.  As of the time of this filing, nearly a month after
Defendants first agreed to the production, they have neither provided the documents nor a date certain
on which Plaintiffs can expect them.

Plaintiffs prefer to avoid filing motions to compel, but Defendants' inaction and the rapidly
approaching discovery cut-off leave them no choice but to seek Court assistance in ensuring that these
documents are produced.

The Yardi data that the requested emails are related to will form the basis for Plaintiffs'
calculation of restitution for the more than two-thousand members of the certified class and the
damages calculation for the United States as to the false claims submitted to the Section 8 program for
thousands of Section 8 tenants across Defendants' properties.  The Yardi data will also be an important
source of evidence regarding Defendants' policies practices related to the treatment of additional
service charges in accounting, collections, and enrollment across different property types and over the
course of the liability period.  Plaintiffs' request that Defendants produce communications between
Defendants' database manager (or other employees) and the Joint Expert about that data is an
important and narrowly tailored step to creating transparency around the data production and enabling
Plaintiffs to fully understand the nature and the origin of the data that they are receiving.  *See* Fed. R.
Civ. P. 26(b).

845363.4

Defendants do not contend otherwise, and indeed have agreed to the production without asserting any objections.  In order to ensure that this production takes place, Plaintiffs respectfully request that the Court order that Defendants produce all responsive documents no later than December 17, 2021.

### 2. Defendants' Position Regarding RFP 95

Defendants have agreed to produce said documents consistent with the stated responses and the parties' meet and confer efforts, and are working diligently to do so.

### D. Terry Request for Production 111 and the Parties' Contentions

Terry Request for Production 111 was served on November 8, 2021.  Plaintiffs' RFP is as follows.  Defendants have not yet served a response.

**REQUEST FOR PRODUCTION NO. 111:**
Produce exemplars of any and all NOTICES used by DEFENDANTS since the onset of the COVID-19 pandemic that are related to the payment and/or non-payment of rent or any other charge.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

### 1. Plaintiffs' Position Regarding RFP 111

Rule 34(b)(2)(A) require that the "[t]he party to whom the request [for production of documents] is directed must respond in writing within 30 days of being served."  Defendants failed to comply with this elementary requirement in derogation of their discovery duties.  Nor may they now assert objections.  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

Notices related to payment and non-payment of constitute an important source of evidence in this case showing that Defendants treat additional service charges like rent.  *See, e.g.*, ECF No. 92, Class Certification Order at 26, 29-30, ECF No. 92 (citing exemplars Three Day Notices to Perform or Quit and Three Day Notices to Perform Financial Covenant of Lease or Quit as evidence of Defendants' practices and representations regarding additional service charges).  On October 27, Defendants' Rule 30(b)(6) designee regarding standard forms testified in deposition that since the onset of the COVID-19 pandemic, Defendants have used a variety of distinct notices to address non-

payment by their tenants in compliance with local requirements put in place in response to the pandemic.  *See* Ex. 8, Fetter Dep., 135:23-136:16.  He further testified that Defendants would be able to provide those notices if required.  Fetter Dep. 136:15-137:2.  Shortly thereafter, Plaintiffs served RFP 111 to formally request those notices so as to better understand Defendants' practices and communications with tenants regarding unpaid rent and unpaid additional service charges since the COVID-19 pandemic began.  Plaintiffs requested that Defendants produce responsive documents within 30 days of service of the RFPs, *i.e.*, no later than December 8, 2021.  *See* Ex. 7, Pl. Terry's 8th Set of RFPs.

As of the filing of this joint statement, Plaintiffs have not received a response to RFP 111 or a firm date for the production of these notices.  With the fact discovery period set to close next Friday, Plaintiffs do not have the luxury of waiting any longer.  Defendants have had more than thirty days to gather and produce the responsive documents to this narrow and targeted discovery request, and they have failed to do so.  Plaintiffs therefore respectfully request that the Court order the production of exemplars of any and all notices related to the payment or non-payment of rent or any other charge no later than December 17, 2021.

**2.      Defendants' Position Regarding RFP 111**

Defendants have agreed to produce said documents consistent with the stated responses and the parties' meet and confer efforts, and are working diligently to do so.

**E.      Terry Request for Production 112 and the Parties' Contentions**

Terry Request for Production 112 was served on November 8, 2021.  Plaintiffs' RFP is as follows.  Defendants have not yet served a response.

**REQUEST FOR PRODUCTION NO. 112:**
Produce any and all documents in Defendants' tenant files for all current and former Wasatch tenants disclosed as witnesses in Plaintiffs' Supplemental Rule 26 Disclosures, served on November 4, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

**1.      Plaintiffs' Position Regarding RFP 112**

As argued above regarding RFP 111, Defendants' failure to serve a response to RFP 112 violates Rule 34(b)(2)(A) and waives any objections.

8

In their Supplemental Rule 26 Disclosures served on November 4, 2021, Plaintiffs disclosed as potential witnesses 22 class members who are current and former tenants of Defendants.  These witnesses will provide testimony regarding Defendants' practices related to additional service charges and the adverse impacts of those practices on Section 8 tenants.  Plaintiffs expect the documents in these tenants' files, which are maintained by Defendants, to substantiate and support these witness' testimony, as well as to help refresh the witness' memories.

Defendants already produced tenant files for thousands of Section 8 tenants pursuant to this Court's March 2017 order.  Asking them to produce twenty-two additional and/or fully updated files for the specific witnesses disclosed by Plaintiffs is a targeted and narrowly tailored request.

As of the filing of this joint statement, Plaintiffs have not received a response to RFP 112 or a firm date for the production of these tenant files. With the fact discovery period set to close next Friday, Plaintiffs do not have the luxury of waiting any longer.  Defendants have had more than thirty days to gather and produce the responsive documents to this narrow and targeted discovery request, and they have failed to do so.  *But see* Ex. 7, Pl. Terry's 8th Set of RFP (directing Defendants to produce responsive documents within 30 days of service, *i.e.*, by December 8, 2021).

Plaintiffs therefore respectfully request that the Court order Defendants to produce all documents responsive to RFP 112 no later than December 17, 2021.

### 2.   Defendants' Position Regarding RFP 112

Defendants have agreed to produce said documents consistent with the stated responses and the parties' meet and confer efforts, and are working diligently to do so.

Dated:  December 10, 2021

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

*/s/ Anne P. Bellows*

Anne P. Bellows

Attorneys for Plaintiffs and Relators

845363.4

Dated:  December 10, 2021

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Ryan Matthews* (as authorized 12/10/21)
Ryan Matthews

Attorneys for Defendants

# EXHIBIT 1

1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Anne Bellows (SBN 293722)
   abellows@gbdhlegal.com
3  GOLDSTEIN, BORGEN, DARDARIAN & HO
   155 Grand Avenue, Suite 900
4  Oakland, CA 94612
   (510) 763-9800; (510) 835-1417 (Fax)
5
   Andrew Wolff (SBN 195092)
6  andrew@awolfflaw.com
   LAW OFFICES OF ANDREW WOLFF, PC
7  1615 Broadway, 4th Floor
   Oakland, CA 94612
8  (510) 834-3300; (510) 834-3377 (Fax)

9  Jesse Newmark (SBN 247488)
   jessenewmark@centrolegal.org
10 CENTRO LEGAL DE LA RAZA
   3022 International Blvd., Suite 410
11 Oakland, CA 94601
   (510) 437-1863; (510) 437-9164
12
   Attorneys for Plaintiffs and Relators and the Certified Classes
13

14          **UNITED STATES DISTRICT COURT**
            **EASTERN DISTRICT OF CALIFORNIA**
15                **SACRAMENTO DIVISION**

16
   UNITED STATES OF AMERICA, *ex rel.*          Case No.: 2:15-CV-00799-KJM-DB
17 DENIKA TERRY, ROY HUSKEY III, and
   TAMERA LIVINGSTON, and each of them for      CLASS ACTION
18 themselves individually, and for all other persons
   similarly situated and on behalf of the UNITED   **PLAINTIFF DENIKA TERRY'S SEVENTH**
19 STATES OF AMERICA                             **SET OF REQUESTS FOR PRODUCTION**
                                                 **TO WASATCH ADVANTAGE GROUP,**
20          Plaintiffs/Relators,                 **LLC, WASATCH PROPERTY**
                                                 **MANAGEMENT, INC., WASATCH POOL**
21 vs.                                           **HOLDINGS, LLC, CHESAPEAKE**
                                                 **COMMONS HOLDINGS, LLC, LOGAN**
22 WASATCH ADVANTAGE GROUP, LLC,                 **PARK APARTMENTS, LLC, AND LOGAN**
   WASATCH PROPERTY MANAGEMENT, INC.,            **PARK APARTMENTS, LP**
23 WASATCH POOL HOLDINGS, LLC,
   CHESAPEAKE APARTMENT HOLDINGS, LLC,
24 LOGAN PARK APARTMENTS, LLC, LOGAN
   PARK APARTMENTS, LP, ASPEN PARK
25 HOLDINGS, LLC, BELLWOOD JERRON
   HOLDINGS, LLC, BELLWOOD JERRON
26 APARTMENTS, LP, BENT TREE
   APARTMENTS, LLC, CALIFORNIA PLACE
27 APARTMENTS, LLC, CAMELOT LAKES
   HOLDINGS, LLC, CANYON, CLUB
28 HOLDINGS, LLC, COURTYARD AT CENTRAL
   PARK APARTMENTS, LLC, CREEKSIDE

HOLDINGS, LTD, HAYWARD SENIOR
APARTMENTS, LP, HERITAGE PARK
APARTMENTS, LP, OAK VALLEY
APARTMENTS, LLC, OAK VALLEY
HOLDINGS, LP, PEPPERTREE APARTMENT
HOLDINGS, LP, PIEDMONT APARTMENTS,
LP, POINT NATOMAS APARTMENTS, LLC,
POINT NATOMAS APARTMENTS, LP, RIVER
OAKS HOLDINGS, LLC, SHADOW WAY
APARTMENTS, LP, SPRING VILLA
APARTMENTS, LP, SUN VALLEY HOLDINGS,
LTD, VILLAGE GROVE APARTMENTS, LP,
WASATCH QUAIL RUN GP, LLC, WASATCH
PREMIER PROPERTIES, LLC, WASATCH
POOL HOLDINGS III, LLC,
and DOES 1-4,

       Defendants.

840591.4

**PROPOUNDING PARTY:**     Plaintiff Denika Terry

**RESPONDING PARTY:**     Wasatch Advantage Group, LLC, Wasatch Property Management, Inc., Wasatch Pool Holdings, LLC, Chesapeake Commons Holdings, LLC, Logan Park Apartments, LLC, Logan Park Apartments, LP

**SET NUMBER:**     Seven (7)

 Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Terry requests that Defendants provide responses in writing to the following requests for production of documents at the offices of Goldstein, Borgen, Dardarian & Ho, 300 Lakeside Drive, Suite 1000, Oakland, CA 94612, within thirty (30) days from the date of service of these Requests for Production of Documents. Pursuant to Federal Rule of Civil Procedure 34(b)(1)(B), Plaintiff Terry further requests that Defendants also produce the responsive documents within thirty (30) days from the date of service. These document requests are ongoing and require timely supplementation up to and through the completion of trial in this action.

## DEFINITIONS

 The following definitions will apply to each of the following Requests for Production of Documents:

 1. "DEFENDANT" or "DEFENDANTS" shall refer to all of the defendants in this action collectively, and their respective officers, agents, servants, employees, independent contractors, attorneys, predecessors, successors and assigns, representatives, and all other persons acting or who have acted on their behalf.

 2. "DOCUMENT" shall have the most expansive possible meaning under the Federal Rules of Civil Procedure, and shall be construed broadly to include any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the following, whether printed, typewritten, recorded, filmed or reproduced by any mechanical process or written or produced by hand, and whether an original, master or copy, and whether or not claimed to be privileged from discovery, including: worksheets, agreements, books, records, letters, accounts, notes, summaries, forecasts, appraisals, surveys, estimates, diaries, desk calendars, reports, communications (including

1

intra-company communications), correspondence, facsimiles, electronic mail messages, telegrams, memoranda (including intra-company memoranda), summaries, notes and records of telephone conversations (including voicemail messages), meetings, and conferences, notes in reference to personal conversations or interviews, contracts, notices, drafts of any document, business records, charts, schedules, diaries, computer printouts, computer-stored data (including e-mails), computer tapes or computer disks, microfilm, microfiche, photographs, slides, negatives, motion pictures, video recordings, tape or other voice recordings and transcriptions thereof, data compilations from which information can be obtained or translated and any other information contained on paper, in writing, in graphical media, in any computer readable media, or in any other physical form in your actual or constructive possession, custody or control.

3.      "ADDITIONAL SERVICE AGREEMENT" shall refer to the contractual document by that name which is attached to DEFENDANTS' leases.

4.      "ADDITIONAL SERVICE CHARGE" or "ADDITIONAL SERVICE CHARGES" shall mean any and all charges that DEFENDANTS have made to tenants under the applicable ADDITIONAL SERVICES AGREEMENTS.

## **INSTRUCTIONS**

The following instructions apply to each of the Requests for Production of Documents:

1.      These discovery requests are being made pursuant to the Federal Rules of Civil Procedure, including, without limitation, Rules 26 and 34.  Accordingly, your responses to such Requests for Production of Documents must comply with the requirements set forth in the Rules, which are referred to and incorporated herein by reference.

2.      In responding to these Requests for Production of Documents, you are requested to furnish all information, items and documents known or available to you regardless of whether such information, items and documents are directly in your possession or that of your agents, representatives or experts.  These Requests for Production of Documents include production of all responsive information, items and documents in the possession, custody or control of your agents, representatives

or other persons directly or indirectly retained by Defendant, or anyone else acting on your behalf or otherwise subject to your control.

3.      If any requested document or item is no longer in your possession, custody or control, then you must state the following:

       a.      What was done with the document or item;

       b.      When such document or item was created;

       c.      The identity and address of the current custodian;

       d.      The reasons for transfer or disposal; and

       e.      The identity and address of the person who decided to transfer or dispose of the document or item.

4.      If any of the Requests for Production of Documents cannot be complied with fully and completely, produce documents to the extent possible, specifying the reasons for your inability to produce the remainder, and state the substance of your knowledge, information and belief concerning the subject matter of the unproduced portion.  Such a statement shall include the steps taken to locate any responsive documents or the requested information.

5.      If anything has been deleted or redacted from a document produced in response to these Discovery Requests, then state the following in your response:

       a.      Specify the nature of the material deleted or redacted;

       b.      Specify the reason for the deletion or redaction; and

       c.      Identify the person responsible for the deletion or redaction.

6.      If an objection is made on the basis of any claim of privilege to producing any document or item, or any portion thereof, or to disclosing any information contained therein, specify in your response the nature of such information, items or documents, along with the nature of the privilege claimed, so that the Court may rule on the propriety of the objection.  Specifically, state the following:

       a.      The title of the document or item;

       b.      The type of document or item;

       c.      The author or sender;

3

1      d.     The addressee;

2      e.     The date of the document or item;

3      f.     The name of each person to whom the original or a copy was shown or
4 circulated;

5      g.     The name(s) appearing on any circulation list relating to the document or item;

6      h.     The basis upon which privilege is claimed; and

7      i.     A summary statement of the subject matter of the document or item in sufficient
8 detail to permit the court to rule on the propriety of the objection.

9      Plaintiffs demand that a privilege log, as detailed above, be served on them no later than thirty
10 (30) days from issuance of these Requests for Production of Documents.

11      7.     Wherever appropriate in these Requests for Production of Documents, the singular
12 form of a word shall include the plural, and vice versa.

13      8.     Documents should be produced as TIFF images with searchable OCR, along with a
14 Summation load file containing metadata properties to be agreed upon in advance of production.
15 However, Plaintiffs expressly reserve the right to request specific records in native form when
16 necessary (e.g., Excel spreadsheets for which formulas embedded in cells are relevant).  As needed,
17 Defendants shall confer with Plaintiffs' counsel regarding the form of production of documents and
18 information stored electronically prior to production, based on the manner in which electronically
19 stored information is created and/or maintained by Defendants.

20 **REQUESTS FOR PRODUCTION**

21 **REQUEST FOR PRODUCTION NO. 94:**

22      Please produce DOCUMENTS sufficient to reflect the appearance of all screens in
23 DEFENDANTS' online payment system(s) that have been used by tenants in making payments to
24 Wasatch Property Management for the period from April 2005 to the present.

25 **REQUEST FOR PRODUCTION NO. 95:**

26      All correspondence between DEFENDANTS and any of their employees (including but not
27 limited to Mike Christiansen) and employees of FitechGelb related to the Yardi data sought by
28 Plaintiffs in this case.

**REQUEST FOR PRODUCTION NO. 96:**

Terry Request for Admission No. 17 reads: "Admit that DEFENDANTS do not have any DOCUMENTS reflecting a policy that tenants participating in SECTION 8 are exempt from otherwise mandatory requirements to enroll in ADDITIONAL SERVICE CHARGES as a condition of leasing."

If DEFENDANTS' response to Terry Request for Admission No. 17 is anything other than an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

**REQUEST FOR PRODUCTION NO. 97:**

Terry Request for Admission No. 18 reads: "Admit that DEFENDANTS do not have any DOCUMENTS reflecting LEGAL ADVICE that it is permissible for DEFENDANTS to apply SECTION 8 tenants' rent payments to ADDITIONAL SERVICE CHARGES."

If DEFENDANTS' response to Terry Request for Admission No. 18 is anything other than an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

**REQUEST FOR PRODUCTION NO. 98:**

Terry Request for Admission No. 19 reads: "Admit that DEFENDANTS do not have any DOCUMENTS reflecting LEGAL ADVICE that it is permissible for DEFENDANTS to serve PAY OR QUIT NOTICES on SECTION 8 tenants for failure to pay ADDITIONAL SERVICE CHARGES."

If DEFENDANTS' response to Terry Request for Admission No. 19 is anything other than an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

**REQUEST FOR PRODUCTION NO. 99:**

Terry Request for Admission No. 20 reads: "Admit that DEFENDANTS do not have any DOCUMENTS reflecting LEGAL ADVICE that it is permissible for DEFENDANTS to initiate eviction proceedings against SECTION 8 tenants based on their failure to pay ADDITIONAL SERVICE CHARGES."

If DEFENDANTS' response to Terry Request for Admission No. 20 is anything other than an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

**REQUEST FOR PRODUCTION NO. 100:**

Terry Request for Admission No. 21 reads: "Admit that DEFENDANTS do not have any

5

840591.4

1  DOCUMENTS reflecting LEGAL ADVICE that it is permissible for DEFENDANTS to require

2  SECTION 8 tenants to pay ADDITIONAL SERVICE CHARGES as a condition of living in their

3  unit."

4       If DEFENDANTS' response to Terry Request for Admission No. 21 is anything other than an

5  unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

6  **REQUEST FOR PRODUCTION NO. 101:**

7       Terry Request for Admission No. 22 reads: "Admit that DEFENDANTS do not have any

8  DOCUMENTS reflecting LEGAL ADVICE that it is permissible for DEFENDANTS to require

9  SECTION 8 tenants to maintain renters' insurance as a condition of living in their unit."

10       If DEFENDANTS' response to Terry Request for Admission No. 22 is anything other than an

11  unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

12  **REQUEST FOR PRODUCTION NO. 102:**

13       Terry Request for Admission No. 23 reads: "Admit that DEFENDANTS do not have any

14  DOCUMENTS reflecting LEGAL ADVICE that it is permissible for DEFENDANTS to charge

15  SECTION 8 tenants for in-unit washers and dryers that are not disclosed as appliances to be paid by

16  the tenants in the tenants' Housing Assistance Payment Contracts."

17       If DEFENDANTS' response to Terry Request for Admission No. 23 is anything other than an

18  unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

19  **REQUEST FOR PRODUCTION NO. 103:**

20       Terry Request for Admission No. 24 reads: "Admit that DEFENDANTS do not have any

21  DOCUMENTS (including but not limited to any agendas, documents circulated for review, or

22  minutes) reflecting or related to consideration by the WASATCH PROPERTY MANAGEMENT

23  ADVISORY BOARD of the application of ADDITIONAL SERVICE CHARGES to SECTION 8

24  tenants."

25       If DEFENDANTS' response to Terry Request for Admission No. 24 is anything other than an

26  unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

27  **REQUEST FOR PRODUCTION NO. 104:**

28       Terry Request for Admission No. 25 reads: "Admit that DEFENDANTS did not reimburse any

840591.4

1   SECTION 8 tenants at Chesapeake Commons for washer and dryer charges in approximately April or

2   May 2016 when DEFENDANTS reimbursed those charges for other tenants at Chesapeake

3   Commons."

4      If DEFENDANTS' response to Terry Request for Admission No. 25 is anything other than an

5   unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

6   **REQUEST FOR PRODUCTION NO. 105:**

7      Terry Request for Admission No. 26 reads: "Admit that DEFENDANTS have not reimbursed

8   any SECTION 8 tenants for ADDITIONAL SERVICE CHARGES as a result of determining that the

9   charges had been required as a condition of leasing."

10     If DEFENDANTS' response to Terry Request for Admission No. 26 is anything other than an

11  unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

12  **REQUEST FOR PRODUCTION NO. 106:**

13     Terry Request for Admission No. 27 reads: "Admit that Sheldon Chernove has not provided

14  legal advice to DEFENDANTS on the application of ADDITIONAL SERVICE CHARGES to

15  SECTION 8 tenants."

16     If DEFENDANTS' response to Terry Request for Admission No. 27 is anything other than an

17  unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

18  **REQUEST FOR PRODUCTION NO. 107:**

19     Terry Request for Admission No. 28 reads: "Admit that David Scharlach has not provided legal

20  advice to DEFENDANTS on the application of ADDITIONAL SERVICE CHARGES to SECTION 8

21  tenants."

22     If DEFENDANTS' response to Terry Request for Admission No. 28 is anything other than an

23  unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

24  **REQUEST FOR PRODUCTION NO. 108:**

25     Terry Request for Admission No. 30 reads: "Admit that no attorney has provided LEGAL

26  ADVICE to DEFENDANTS on the application of ADDITIONAL SERVICE CHARGES to

27  SECTION 8 tenants."

28     If DEFENDANTS' response to Terry Request for Admission No. 30 is anything other than an

unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

**REQUEST FOR PRODUCTION NO. 109:**

Terry Request for Admission No. 31 reads: "Admit that DEFENDANTS have never retained a THIRD-PARTY COMPLIANCE PROVIDER to review tenant files for compliance with SECTION 8 rules."

If DEFENDANTS' response to Terry Request for Admission No. 31 is anything other than an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

**REQUEST FOR PRODUCTION NO. 110:**

Terry Request for Admission No. 32 reads: "Admit that DEFENDANTS have never retained a THIRD-PARTY COMPLIANCE PROVIDER to review Wasatch Property Management's practices for compliance with SECTION 8 rules."

If DEFENDANTS' response to Terry Request for Admission No. 32 is anything other than an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

Dated:  October 8, 2021

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

Anne P Bellows

Attorneys for Plaintiffs and Relators

840591.4

# EXHIBIT 2

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
   E-Mail: Joe.Salazar@lewisbrisbois.com
RYAN MATTHEWS, SB# 311674
   E-Mail: Ryan.Matthews@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Wasatch Advantage Group, LLC;
Wasatch Property Management, Inc.; Wasatch
Pool Holdings, LLC, Chesapeake Commons
Holdings, LLC; Logan Park Apartments, LLC;
Logan Park Apartments, LP

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA,<br><br>          Plaintiffs/Relators,<br><br>          vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP,<br><br>          Defendants. | CASE NO. 2:15-cv-00799-KJM-DB<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET SEVEN**<br><br>The Hon. Kimberly J. Mueller<br><br>Trial Date:          None Set |

PROPOUNDING PARTY:          Denika Terry

RESPONDING PARTY:          Wasatch Advantage Group, LLC; Wasatch Property

          Management, Inc.; Wasatch Pool Holdings, LLC, Chesapeake

          Commons Holdings, LLC; Logan Park Apartments, LLC; Logan

4889-0779-8273.1

1

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET SEVEN

LEWIS
BRISBOIS

Park Apartments, LP

SET NO.:                              SEVEN

**REQUEST FOR PRODUCTION NO. 94:**

Please produce DOCUMENTS sufficient to reflect the appearance of all screens in DEFENDANTS' online payment system(s) that have been used by tenants in making payments to Wasatch Property Management for the period from April 2005 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not in Defendants' custody and control. Without waiving those objections, Defendants respond: Defendants have never owned a proprietary online payment system such as this Request describes.

**REQUEST FOR PRODUCTION NO. 95:**

All correspondence between DEFENDANTS and any of their employees (including but not limited to Mike Christiansen) and employees of FitechGelb related to the Yardi data sought by Plaintiffs in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Defendants will produce all such communications that did not include counsel for Plaintiffs.

**REQUEST FOR PRODUCTION NO. 96:**

Terry Request for Admission No. 17 reads: "Admit that DEFENDANTS do not have any DOCUMENTS reflecting a policy that tenants participating in SECTION 8 are exempt from otherwise mandatory requirements to enroll in ADDITIONAL SERVICE CHARGES as a condition of leasing."

If DEFENDANTS' response to Terry Request for Admission No. 17 is anything other than an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

This response is an unqualified admission.

2

LEWIS
BRISBOIS

**REQUEST FOR PRODUCTION NO. 97:**

Terry Request for Admission No. 18 reads: "Admit that DEFENDANTS do not have any DOCUMENTS reflecting LEGAL ADVICE that it is permissible for DEFENDANTS to apply SECTION 8 tenants' rent payments to ADDITIONAL SERVICE CHARGES."

If DEFENDANTS' response to Terry Request for Admission No. 18 is anything other than an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Defendants object to this response as overbroad and calling for information that remains protected by the Attorney-Client Privilege. Without waiving that objection, Defendant responds that it does not have any responsive documents that are not protected by the Attorney-Client Privilege.

**REQUEST FOR PRODUCTION NO. 98:**

Terry Request for Admission No. 19 reads: "Admit that DEFENDANTS do not have any DOCUMENTS reflecting LEGAL ADVICE that it is permissible for DEFENDANTS to serve PAY OR QUIT NOTICES on SECTION 8 tenants for failure to pay ADDITIONAL SERVICE CHARGES."

If DEFENDANTS' response to Terry Request for Admission No. 19 is anything other than an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Defendants object to this response as overbroad and calling for information that remains protected by the Attorney-Client Privilege. Without waiving that objection, Defendant responds that it does not have any responsive documents that are not protected by the Attorney-Client Privilege.

**REQUEST FOR PRODUCTION NO. 99:**

Terry Request for Admission No. 20 reads: "Admit that DEFENDANTS do not have any DOCUMENTS reflecting LEGAL ADVICE that it is permissible for DEFENDANTS to initiate

1  eviction proceedings against SECTION 8 tenants based on their failure to pay ADDITIONAL

2  SERVICE CHARGES."

3      If DEFENDANTS' response to Terry Request for Admission No. 20 is anything other than

4  an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS'

5  response.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

7      Defendants object to this response as overbroad and calling for information that remains

8  protected by the Attorney-Client Privilege. Without waiving that objection, Defendant responds

9  that it does not have any responsive documents that are not protected by the Attorney-Client

10  Privilege.

11  **REQUEST FOR PRODUCTION NO. 100:**

12      Terry Request for Admission No. 21 reads: "Admit that DEFENDANTS do not have any

13  DOCUMENTS reflecting LEGAL ADVICE that it is permissible for DEFENDANTS to require

14  SECTION 8 tenants to pay ADDITIONAL SERVICE CHARGES as a condition of living in their

15  unit."

16      If DEFENDANTS' response to Terry Request for Admission No. 21 is anything other than

17  an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS'

18  response.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

20      Defendants object to this response as overbroad and calling for information that remains

21  protected by the Attorney-Client Privilege. Without waiving that objection, Defendant responds

22  that it does not have any responsive documents that are not protected by the Attorney-Client

23  Privilege.

24  **REQUEST FOR PRODUCTION NO. 101:**

25      Terry Request for Admission No. 22 reads: "Admit that DEFENDANTS do not have any

26  DOCUMENTS reflecting LEGAL ADVICE that it is permissible for DEFENDANTS to require

27  SECTION 8 tenants to maintain renters' insurance as a condition of living in their unit."

28      If DEFENDANTS' response to Terry Request for Admission No. 22 is anything other than

1  an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS'

2  response.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

4        Defendants object to this response as overbroad and calling for information that remains

5  protected by the Attorney-Client Privilege. Without waiving that objection, Defendant responds

6  that it does not have any responsive documents that are not protected by the Attorney-Client

7  Privilege.

8  **REQUEST FOR PRODUCTION NO. 102:**

9        Terry Request for Admission No. 23 reads: "Admit that DEFENDANTS do not have any

10  DOCUMENTS reflecting LEGAL ADVICE that it is permissible for DEFENDANTS to charge

11  SECTION 8 tenants for in-unit washers and dryers that are not disclosed as appliances to be paid

12  by the tenants in the tenants' Housing Assistance Payment Contracts."

13        If DEFENDANTS' response to Terry Request for Admission No. 23 is anything other than

14  an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS'

15  response.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

17        Defendants object to this response as overbroad and calling for information that remains

18  protected by the Attorney-Client Privilege. Without waiving that objection, Defendant responds

19  that it does not have any responsive documents that are not protected by the Attorney-Client

20  Privilege.

21  **REQUEST FOR PRODUCTION NO. 103:**

22        Terry Request for Admission No. 24 reads: "Admit that DEFENDANTS do not have any

23  DOCUMENTS (including but not limited to any agendas, documents circulated for review, or

24  minutes) reflecting or related to consideration by the WASATCH PROPERTY MANAGEMENT

25  ADVISORY BOARD of the application of ADDITIONAL SERVICE CHARGES to SECTION 8

26  tenants."

27        If DEFENDANTS' response to Terry Request for Admission No. 24 is anything other than

28  an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS'

1    response.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

3         Defendants object to this response as overbroad and calling for information that remains

4    protected by the Attorney-Client Privilege. Without waiving that objection, Defendant responds

5    that all responsive documents have already been produced in discovery.

6    **REQUEST FOR PRODUCTION NO. 104:**

7         Terry Request for Admission No. 25 reads: "Admit that DEFENDANTS did not reimburse

8    any SECTION 8 tenants at Chesapeake Commons for washer and dryer charges in approximately

9    April or May 2016 when DEFENDANTS reimbursed those charges for other tenants at

10   Chesapeake Commons."

11        If DEFENDANTS' response to Terry Request for Admission No. 25 is anything other than

12   an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS'

13   response.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

15        Defendants object to this response as overbroad and calling for information that remains

16   protected by the Attorney-Client Privilege. Without waiving that objection, Defendant responds

17   that it does not have any responsive documents that are not protected by the Attorney-Client

18   Privilege.

19   **REQUEST FOR PRODUCTION NO. 105:**

20        Terry Request for Admission No. 26 reads: "Admit that DEFENDANTS have not

21   reimbursed any SECTION 8 tenants for ADDITIONAL SERVICE CHARGES as a result of

22   determining that the charges had been required as a condition of leasing."

23        If DEFENDANTS' response to Terry Request for Admission No. 26 is anything other than

24   an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS'

25   response.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

27        This response is an unqualified admission.

28

LEWIS
BRISBOIS

1   **REQUEST FOR PRODUCTION NO. 106**:

2       Terry Request for Admission No. 27 reads: "Admit that Sheldon Chernove has not

3   provided legal advice to DEFENDANTS on the application of ADDITIONAL SERVICE

4   CHARGES to SECTION 8 tenants."

5       If DEFENDANTS' response to Terry Request for Admission No. 27 is anything other than

6   an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS'

7   response.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 106**:

9       After diligent search and reasonable inquiry, Defendants do not have any responsive

10   documents in their custody or control.

11   **REQUEST FOR PRODUCTION NO. 107**:

12       Terry Request for Admission No. 28 reads: "Admit that David Scharlach has not provided

13   legal advice to DEFENDANTS on the application of ADDITIONAL SERVICE CHARGES to

14   SECTION 8 tenants."

15       If DEFENDANTS' response to Terry Request for Admission No. 28 is anything other than

16   an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS'

17   response.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 107**:

19       After diligent search and reasonable inquiry, Defendants do not have any responsive

20   documents in their custody or control.

21   **REQUEST FOR PRODUCTION NO. 108**:

22       Terry Request for Admission No. 30 reads: "Admit that no attorney has provided LEGAL

23   ADVICE to DEFENDANTS on the application of ADDITIONAL SERVICE CHARGES to

24   SECTION 8 tenants."

25       If DEFENDANTS' response to Terry Request for Admission No. 30 is anything other than

26   an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS'

27   response.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Defendant objects to this Request on the grounds that it seeks documents protected by the Attorney-Client privilege. Without waiving that objection, All responsive, non-privileged documents have already been produced in discovery.

**REQUEST FOR PRODUCTION NO. 109:**

Terry Request for Admission No. 31 reads: "Admit that DEFENDANTS have never retained a THIRD-PARTY COMPLIANCE PROVIDER to review tenant files for compliance with SECTION 8 rules."

If DEFENDANTS' response to Terry Request for Admission No. 31 is anything other than an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

This response is an unqualified admission.

**REQUEST FOR PRODUCTION NO. 110:**

Terry Request for Admission No. 32 reads: "Admit that DEFENDANTS have never retained a THIRD-PARTY COMPLIANCE PROVIDER to review Wasatch Property Management's practices for compliance with SECTION 8 rules."

If DEFENDANTS' response to Terry Request for Admission No. 32 is anything other than an unqualified admission, please produce all DOCUMENTS supporting DEFENDANTS' response.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

    This response is an unqualified admission.

DATED:  November 15, 2021       LEWIS BRISBOIS BISGAARD & SMITH LLP

                By:      */s/ Ryan Matthews*
                     RYAN MATTHEWS
                     Attorneys for Wasatch Advantage Group, LLC;
                     Wasatch Property Management, Inc.; Wasatch
                     Pool Holdings, LLC, Chesapeake Commons
                     Holdings, LLC; Logan Park Apartments, LLC;
                     Logan Park Apartments, LP

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET SEVEN

LEWIS
BRISBOIS

**VERIFICATION**

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

I have read the foregoing DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET SEVEN and know its contents.

☐    I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒    I am Executive Vice President of Wasatch Property Management, Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

       ☒    I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

       ☐    The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐    I am one of the attorneys for Wasatch Property Management, Inc., a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on November 15, 2021, at Salt Lake City, Utah.

Jarom Johnson
_____
Print Name of Signatory

_____
Signature

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET SEVEN

LEWIS
BRISBOIS

**<u>FEDERAL COURT PROOF OF SERVICE</u>**

USA-Terry v Wasatch Property Mgmt
2:15-cv-00799 KJM DB

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On November 15, 2021, I served the following document(s):

-   DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET SEVEN

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒    (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on November 15, 2021, at Sacramento, California.

_____
Alicia Crespo

4889-0779-8273.1

1

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET SEVEN

1

2

**SERVICE LIST**
**USA-Terry v Wasatch Property Mgmt**
**2:15-cv-00799 KJM DB**

| | |
|---|---|
| 3<br><br>4<br><br>5<br><br>Andrew Wolff<br>Law Office of Andrew Wolff, PC<br>1956 Webster Street, Ste. 275<br>Oakland, CA 94612 | *Attorney for Plaintiffs*<br>*Denika Terry and Roy Huskey, III*<br><br>Tel.:  510-834-3300<br>E-Mail  andrew@awolfflaw.com |
| 6<br><br>7<br><br>8<br><br>9<br><br>Jesse Newmark<br>CENTRO LEGAL DE LA RAZA<br>3022 International Blvd, Ste. 410<br>Oakland, CA 94601 | *Attorney for Plaintiffs*<br>*Denika Terry and Roy Huskey, III*<br><br>Tel.:  (510) 437-1554 x115<br>Fax:  (510) 437-9164<br>Email:  jessenewmark@centrolegal.org<br>Email: malvarez@centrolegal.org |
| 10<br><br>11<br><br>12<br><br>13<br><br>14<br><br>15<br><br>Laura L. Ho<br>Anne Bellows<br>Kristen A. Burzynski<br>Goldstein, Borgen, Dardarian & Ho<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612 | *Co-Counsel for Plaintiffs*<br><br>Tel.: 519-763-9800<br>Fax: 510-835-1417<br>Email: lho@gbdhlegal.com<br>Email: abellows@gbdhlegal.com<br>Email: sgrimes@gbdhlegal.com<br>Email: dvaldez@gbdhlegal.com<br>Email: kburzynski@gbdhlegal.com<br>Email: kburzynski@gbdhlegal.com |
| 16<br><br>17<br><br>18<br><br>Vincente Antonio Tennerelli<br>United States Attorney's Office<br>2500 Tulare Street, Suite 4401<br>Fresno, CA 93721 | *Attorney for Intervenor Plaintiff*<br>*United States of America*<br><br>Tel.: (559) 497-4080<br>Email: Vincente.Tennerelli@usdoj.gov<br>Email: joni.jones@usdoj.gov |
| 19<br><br>20<br><br>21<br><br>22<br><br>Jocelyn D. Larkin<br>Lindsay Nako<br>The Impact Fund<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704 | *Attorney for Plaintiffs*<br><br>T: 510-845-3473 x.306<br>F: 510-845-3654<br>E: jlarkin@impactfund.org<br>E: lnako@impactfund.org |

23

24

25

26

27

28

LEWIS
BRISBOIS

2

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET SEVEN

# EXHIBIT 3

**Anne Bellows**

| | |
|---|---|
| **From:** | Anne Bellows |
| **Sent:** | Tuesday, November 30, 2021 2:30 PM |
| **To:** | Matthews, Ryan |
| **Cc:** | Laura Ho; Stephanie Tilden; jessenewmark; Henrissa Bassey; Lindsay Nako; jlarkin@impactfund.org; andrew@awolflaw.com; Brenna Wood Fitzpatrick |
| **Subject:** | 11/30/21 meet and confer call |

Ryan,

The email below summarizes our meet and confer call this morning.  In addition, I'd like to note here that although I forgot to raise it on the call, Plaintiffs are still waiting on Defendants' updated Rule 26 disclosures.   Please let me know immediately if you believe anything in this email is incorrect.

***Renewed email search re: mandatory charges.***  Defendants expect to have a compiled list of personnel at the properties identified in our letter no later than tomorrow close of business, which would put you in a position to complete the production by Friday assuming no changes are needed to the search protocol.  We are both expecting that this search protocol should yield a manageable number of documents.

***Training documents.***  Defendants agreed to provide us with a list of the training documents they are withholding today.  We still have not received that.  As to the document production, Defendants explained that the delay in producing the outstanding training videos is due to the fact that the videos are hosted on websites, and it is not possible to download the video.  Plaintiffs agreed that Defendants could provided recorded versions of the video, although that will eliminate the metadata, and asked that Defendants provide their best information regarding the date the videos were created.

Defendants agreed to inform Plaintiffs today whether they will be making the production tomorrow or Thursday so that Plaintiffs can eliminate that issue from the joint statement due for the motion to compel filed on November 19.

***Huskey Interrogatory 18.***  Defendants reported that last week, they sent out emails to every property manager asking for a list of charges that had been mandatory at that property at any point.  They've received responses from most, but are still waiting on about a half dozen properties.  Defendants hope to be able to provide a full response by the end of the week.

Plaintiffs are working on their portion of the joint statement regarding this issue.  We are aiming to send you our portion of the joint statement by tomorrow at noon, though it may get pushed back if we need to include the training documents issue.

***David Scharlach response to document subpoena.***  You informed Plaintiffs a couple weeks ago that Lewis Brisbois is representing David Scharlach in connection with the document subpoena and deposition subpoena because he is a Wasatch officer.  His responses to the subpoena were due yesterday, but we did not receive them.  On the call, you said you would direct your assistant to serve the responses today.  We still have not received them.  Please provide them as soon as possible.

***New Entities.***  Lewis Brisbois filed an answer for two of the new entities under a temporary authorization.  They are moving towards finalizing the representation.  Lewis Brisbois has run conflicts and sent out its engagement letter, and it expects to be able to execute the waiver of service next week.  Lewis Brisbois is considering getting temporary authorization to agree to the stipulation to amend class certification order.

1

Plaintiffs will continue with their service efforts.  Defendants were not able to provide any further information regarding Jeff Nielsen or Kipling Sheppard, including whether Kipling Sheppard is an employee or officer of any entities currently represented by Lewis Brisbois. Plaintiffs communicated their intention to reach out to him to attempt to arrange service, and Defendants did not object.

***Fact stipulation in lieu of the tenant files.***  Defendants have not had a chance to review this yet.  We discussed the goal of adding additional sample form documents from 2017 forward.  We also discussed adding samples of the covid-era collections notices that Wasatch has created, as mentioned in Shawn Fetter's testimony.  Defendants agreed that would make sense, while noting that they have not yet determined whether any such forms exist.

Defendants also said that the tenant files for witnesses on Plaintiffs' disclosures is on their radar.

***Huskey Interrogatories 23 and 24.***  Defendants are working on amended responses to Huskey Interrogatories 23 and 24 to provide the time period that the properties were involved in the tax credit and bond programs, respectively.  They have already gathered the necessary information.  Defendants hope to provide that in the next couple days.

***Production of emails with the joint Yardi expert.***  Defendants have no objection to producing their emails with the joint Yardi expect, and they are working on gathering them. Please produce no later than next week.

***Yardi data.***  I will send a separate email reflecting our call with the joint expect today.  Two things to note here—first, Leslie Martin & John Bailey have requested that Defendants provide the script files for the pay or quit notices; second, the Parties agreed on our call today that we will continue to work on the yardi data and complete the production and definition process even if the project is not completed by December 17.

Thanks,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344 (direct)
www.gbdhlegal.com

**We've moved!  Please note our new address.**

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**EXHIBIT 4**

# Anne Bellows

| | |
|---|---|
| **From:** | Anne Bellows |
| **Sent:** | Thursday, December 2, 2021 10:58 AM |
| **To:** | Matthews, Ryan |
| **Cc:** | Laura Ho; Stephanie Tilden; jessenewmark; Henrissa Bassey; Lindsay Nako; jlarkin@impactfund.org; andrew@awolflaw.com; brenna |
| **Subject:** | RE: 11/30/21 meet and confer call |

Thanks Ryan, we'll look forward to getting those items. Are you going to be available for a check-in call tomorrow?

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344 (direct)
www.gbdhlegal.com

**We've moved!  Please note our new address.**

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Thursday, December 2, 2021 10:40 AM
**To:** Anne Bellows <abellows@gbdhlegal.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Stephanie Tilden <stilden@gbdhlegal.com>; jessenewmark <jessenewmark@centrolegal.org>; Henrissa Bassey <hbassey@centrolegal.org>; Lindsay Nako <lnako@impactfund.org>; jlarkin@impactfund.org; andrew@awolflaw.com; brenna <brenna@awolflaw.com>
**Subject:** Re: 11/30/21 meet and confer call

Hi, Anne. Sorry—I'm in court this morning. We have the custodian list and it has been forwarded to the vendor. I will also get you the joint statement response during the lunch break. I need to follow up with my assistant re the Scharlach subpoena, but I expect that to come out today.

Thanks,

Ryan

Sent from my iPhone



**Ryan Matthews**
**Attorney**
Ryan.Matthews@lewisbrisbois.com

**T: 916.646.8213  F: 916.564.5444**

1

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

On Dec 2, 2021, at 10:07 AM, Anne Bellows <abellows@gbdhlegal.com> wrote:

Hi Ryan,

I just left you a voicemail.  On Tuesday you thought you would be able to talk either today or tomorrow—has your schedule clarified?

Please note that we are especially concerned about the following items which you said would be complete by now –

1. Scharlach subpoena response, which was due on 11/29 and which you said on Tuesday would be served that day.  We have not received it.
2. Custodian list for email searches re: RFP 52, which you said Defendants would have by close of business yesterday.  Please provide a status update.

You also said that production of the training documents and service of a full response to Huskey Interrogatory 18 were slated for this week.  Please either serve those today or provide Defendants' portion of the joint statement by close of business.

And of course we would like to touch base on the other outstanding items in my letter below.

Thanks,

Anne

Anne P. Bellows

(pronouns: she/her)

Goldstein, Borgen, Dardarian & Ho

155 Grand Avenue, Suite 900

Oakland, CA  94612

(510) 287-4344 (direct)

[www.gbdhlegal.com](http://www.gbdhlegal.com)

**We've moved!  Please note our new address.**

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Tuesday, November 30, 2021 2:30 PM
**To:** Matthews, Ryan <[Ryan.Matthews@lewisbrisbois.com](mailto:Ryan.Matthews@lewisbrisbois.com)>
**Cc:** Laura Ho <[lho@gbdhlegal.com](mailto:lho@gbdhlegal.com)>; Stephanie Tilden <[stilden@gbdhlegal.com](mailto:stilden@gbdhlegal.com)>; jessenewmark <[jessenewmark@centrolegal.org](mailto:jessenewmark@centrolegal.org)>; Henrissa Bassey <[hbassey@centrolegal.org](mailto:hbassey@centrolegal.org)>; Lindsay Nako <[lnako@impactfund.org](mailto:lnako@impactfund.org)>; [jlarkin@impactfund.org](mailto:jlarkin@impactfund.org); [andrew@awolfflaw.com](mailto:andrew@awolfflaw.com); Brenna Wood Fitzpatrick <[brenna@awolfflaw.com](mailto:brenna@awolfflaw.com)>
**Subject:** 11/30/21 meet and confer call

Ryan,

The email below summarizes our meet and confer call this morning.  In addition, I'd like to note here that although I forgot to raise it on the call, Plaintiffs are still waiting on Defendants' updated Rule 26 disclosures.   Please let me know immediately if you believe anything in this email is incorrect.

***Renewed email search re: mandatory charges.***  Defendants expect to have a compiled list of personnel at the properties identified in our letter no later than tomorrow close of business, which would put you in a position to complete the production by Friday assuming no changes are needed to the search protocol.  We are both expecting that this search protocol should yield a manageable number of documents.

***Training documents.***  Defendants agreed to provide us with a list of the training documents they are withholding today.  We still have not received that.  As to the document production, Defendants

3

explained that the delay in producing the outstanding training videos is due to the fact that the videos are hosted on websites, and it is not possible to download the video. Plaintiffs agreed that Defendants could provided recorded versions of the video, although that will eliminate the metadata, and asked that Defendants provide their best information regarding the date the videos were created.

Defendants agreed to inform Plaintiffs today whether they will be making the production tomorrow or Thursday so that Plaintiffs can eliminate that issue from the joint statement due for the motion to compel filed on November 19.

**Huskey Interrogatory 18.**  Defendants reported that last week, they sent out emails to every property manager asking for a list of charges that had been mandatory at that property at any point.  They've received responses from most, but are still waiting on about a half dozen properties.  Defendants hope to be able to provide a full response by the end of the week.

Plaintiffs are working on their portion of the joint statement regarding this issue.  We are aiming to send you our portion of the joint statement by tomorrow at noon, though it may get pushed back if we need to include the training documents issue.

**David Scharlach response to document subpoena.**  You informed Plaintiffs a couple weeks ago that Lewis Brisbois is representing David Scharlach in connection with the document subpoena and deposition subpoena because he is a Wasatch officer.  His responses to the subpoena were due yesterday, but we did not receive them.  On the call, you said you would direct your assistant to serve the responses today.  We still have not received them.  Please provide them as soon as possible.

**New Entities.**  Lewis Brisbois filed an answer for two of the new entities under a temporary authorization.  They are moving towards finalizing the representation.  Lewis Brisbois has run conflicts and sent out its engagement letter, and it expects to be able to execute the waiver of service next week.  Lewis Brisbois is considering getting temporary authorization to agree to the stipulation to amend class certification order.

Plaintiffs will continue with their service efforts.  Defendants were not able to provide any further information regarding Jeff Nielsen or Kipling Sheppard, including whether Kipling Sheppard is an employee or officer of any entities currently represented by Lewis Brisbois. Plaintiffs communicated their intention to reach out to him to attempt to arrange service, and Defendants did not object.

**Fact stipulation in lieu of the tenant files.**  Defendants have not had a chance to review this yet.  We discussed the goal of adding additional sample form documents from 2017 forward.  We also discussed adding samples of the covid-era collections notices that Wasatch has created, as mentioned in Shawn

Fetter's testimony.  Defendants agreed that would make sense, while noting that they have not yet determined whether any such forms exist.

Defendants also said that the tenant files for witnesses on Plaintiffs' disclosures is on their radar.

***Huskey Interrogatories 23 and 24.***  Defendants are working on amended responses to Huskey Interrogatories 23 and 24 to provide the time period that the properties were involved in the tax credit and bond programs, respectively.  They have already gathered the necessary information.  Defendants hope to provide that in the next couple days.

***Production of emails with the joint Yardi expert.***  Defendants have no objection to producing their emails with the joint Yardi expect, and they are working on gathering them. Please produce no later than next week.

***Yardi data.***  I will send a separate email reflecting our call with the joint expect today.  Two things to note here—first, Leslie Martin & John Bailey have requested that Defendants provide the script files for the pay or quit notices; second, the Parties agreed on our call today that we will continue to work on the yardi data and complete the production and definition process even if the project is not completed by December 17.

Thanks,

Anne

Anne P. Bellows

(pronouns: she/her)

Goldstein, Borgen, Dardarian & Ho

155 Grand Avenue, Suite 900

Oakland, CA  94612

(510) 287-4344 (direct)

www.gbdhlegal.com

5

**We've moved!  Please note our new address.**

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

# EXHIBIT 5

**Anne Bellows**

| | |
|---|---|
| **From:** | Anne Bellows |
| **Sent:** | Wednesday, December 8, 2021 4:15 PM |
| **To:** | Matthews, Ryan |
| **Cc:** | Laura Ho; Stephanie Tilden; jlarkin@impactfund.org; Lindsay Nako; Jesse Newmark; Henrissa Bassey; andrew@awolfflaw.com; Brenna Wood Fitzpatrick |
| **Subject:** | Motions to compel and outstanding meet and confer issues |

Dear Ryan,

I have tried to reach you twice today without success.  Please let me know as soon as possible when you are available for a call today or tomorrow.  We are now a week and a half from the close of discovery, so all of the items below are pressing.  Please respond as soon as possible.  The first three deal with motions to compel.

***Discovery dispute re RFP 52.***  I hope that we are in a position to resolve the dispute re: RFP 52.  Please let me know as soon as possible that you have authorized production of the searches using the W/15 search so that Plaintiffs may file a notice withdrawing our motion to compel on that issue.

***Revised joint statement re ROG 18 and RFPs 27-30.***  In light of the Court's order at ECF 191, we are revising the joint statement to further outline the Parties' meet and confer efforts and to make the point that Plaintiffs need a court order because Defendants have not actually provided the discovery yet, notwithstanding their apparent agreement to do so.

We should have a further telephone meet and confer on this issue prior to filing on Friday.  Please let me know when you are available.

Of course, Plaintiffs would strongly prefer to just receive the discovery we are seeking and to withdraw the motions.

***Prospective additional motion and joint statement.***  When we last spoke, you represented that Defendants agreed to produce emails with FitechGelb about the yardi data in this case in response to RFP 95, but you did not have a firm date for production. We have not received the documents nor any updates.  I am going to start preparing a motion to compel and joint statement to file together this Friday.  I request the opportunity to meet and confer with you on this issue as soon as possible.

Here too, our strong preference is for you to make the production (or provide a date certain for the production), so that we can avoid unnecessary filings.

***Yardi data issues.***  My understanding is that FitechGelb is still waiting for the report files for the pay or quit notices.  We have also not received any further information about where the Delinquency Tracker is stored.  Please provide that as soon as possible.

***New Entities.***  In his deposition yesterday, Mr. Raymond said that he would seek authorization to accept service on behalf of the outstanding entities (Heritage Park Apartments, LP, Peppertree Apartment Holdings, LP, Piedmont Apartments, LP, Shadow Way Apartments, LP, Village Grove Apartments, LP, and Wasatch Quail Run GP, LLC ) within 24 hours.  Can you provide an update?

***Fact stipulation in lieu of the tenant files.***  We are still waiting for your comments on this.

I appreciate that we have been able to check other items off the list, including Huskey Interrogatories 23 and 24, and the Scharlach subpoena responses—and hopefully soon the RFP 52 search and production.  We are getting close to the finish line here, and I look forward to working with you to wrap up these last pieces.

Thanks,
Anne



Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344 (direct)
www.gbdhlegal.com

**We've moved!  Please note our new address.**

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

# EXHIBIT 6

**Anne Bellows**

| | |
|---|---|
| **From:** | Anne Bellows |
| **Sent:** | Thursday, December 9, 2021 11:50 AM |
| **To:** | Matthews, Ryan |
| **Cc:** | Laura Ho; Stephanie Tilden; jlarkin@impactfund.org; Lindsay Nako; jessenewmark; Henrissa Bassey; andrew@awolfflaw.com; brenna |
| **Subject:** | Re: Motions to compel and outstanding meet and confer issues |

Does that mean you will be making a full production? If so, when?

The Court ordered us to meet and confer on our two pending motions to compel before our filing deadline tomorrow. I am hoping one of those (re RFP 52) be resolved by your confirmation that Defendants will produce the results of the search we specified this week.

As to the second, re ROG 18 and RFPs 27-30, we have received no update. I'll send you a revised joint statement this afternoon, but we need to meet and confer about it.

Last, we've requested the opportunity to meet and confer with you re RFPs 95, 111, and 112 before filing a motion to compel & joint statement tomorrow.

Please let me know when you will be available to talk. I can make myself available after hours tonight.

Thanks,
Anne

Sent from my mobile device. Please excuse brevity and typos.

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Thursday, December 9, 2021 11:02:38 AM
**To:** Anne Bellows <abellows@gbdhlegal.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Stephanie Tilden <stilden@gbdhlegal.com>; jlarkin@impactfund.org <jlarkin@impactfund.org>; Lindsay Nako <lnako@impactfund.org>; jessenewmark <jessenewmark@centrolegal.org>; Henrissa Bassey <hbassey@centrolegal.org>; andrew@awolfflaw.com <andrew@awolfflaw.com>; brenna <brenna@awolfflaw.com>
**Subject:** RE: Motions to compel and outstanding meet and confer issues

Anne,

Apologies for not the RFPD responses to you yesterday. Our intention is to respond in full without objection. I am awaiting a verification confirming the same. I am unavailable to meet and confer today.

Thank you,

Ryan Matthews

**LEWIS BRISBOIS**

**Ryan Matthews**
**Attorney**
**Ryan.Matthews@lewisbrisbois.com**

**T: 916.646.8213  F: 916.564.5444**

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Anne Bellows <abellows@gbdhlegal.com>
**Sent:** Thursday, December 9, 2021 8:01 AM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Stephanie Tilden <stilden@gbdhlegal.com>; jlarkin@impactfund.org; Lindsay Nako <lnako@impactfund.org>; jessenewmark <jessenewmark@centrolegal.org>; Henrissa Bassey <hbassey@centrolegal.org>; andrew@awolfflaw.com; brenna <brenna@awolfflaw.com>
**Subject:** RE: Motions to compel and outstanding meet and confer issues

Ryan,

We did not receive responses yesterday to Plaintiff Terry's Eighth Set of Requests for Production (encompassing RFPs 111 and 112). We request the opportunity to meet and confer with you about this today. Please let me know your availability during these windows: 9am-10:45am, 12pm-5pm.

For now, I am adding RFPs 111 and 112 to the joint statement and motion to compel. I will provide you a draft as soon as I can, but in the mean time I suggest you begin working on your portions.

Thanks,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344 (direct)
www.gbdhlegal.com

**We've moved!  Please note our new address.**

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Wednesday, December 8, 2021 4:15 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Stephanie Tilden <stilden@gbdhlegal.com>; jlarkin@impactfund.org;

Lindsay Nako <lnako@impactfund.org>; Jesse Newmark <jessenewmark@centrolegal.org>; Henrissa Bassey <hbassey@centrolegal.org>; andrew@awolflaw.com; Brenna Wood Fitzpatrick <brenna@awolflaw.com>
**Subject:** Motions to compel and outstanding meet and confer issues

Dear Ryan,

I have tried to reach you twice today without success.  Please let me know as soon as possible when you are available for a call today or tomorrow.  We are now a week and a half from the close of discovery, so all of the items below are pressing.  Please respond as soon as possible.  The first three deal with motions to compel.

*Discovery dispute re RFP 52.*  I hope that we are in a position to resolve the dispute re: RFP 52.  Please let me know as soon as possible that you have authorized production of the searches using the W/15 search so that Plaintiffs may file a notice withdrawing our motion to compel on that issue.

*Revised joint statement re ROG 18 and RFPs 27-30.*  In light of the Court's order at ECF 191, we are revising the joint statement to further outline the Parties' meet and confer efforts and to make the point that Plaintiffs need a court order because Defendants have not actually provided the discovery yet, notwithstanding their apparent agreement to do so.

We should have a further telephone meet and confer on this issue prior to filing on Friday.  Please let me know when you are available.

Of course, Plaintiffs would strongly prefer to just receive the discovery we are seeking and to withdraw the motions.

*Prospective additional motion and joint statement.*  When we last spoke, you represented that Defendants agreed to produce emails with FitechGelb about the yardi data in this case in response to RFP 95, but you did not have a firm date for production. We have not received the documents nor any updates.  I am going to start preparing a motion to compel and joint statement to file together this Friday.  I request the opportunity to meet and confer with you on this issue as soon as possible.

Here too, our strong preference is for you to make the production (or provide a date certain for the production), so that we can avoid unnecessary filings.

*Yardi data issues.*  My understanding is that FitechGelb is still waiting for the report files for the pay or quit notices.  We have also not received any further information about where the Delinquency Tracker is stored.  Please provide that as soon as possible.

*New Entities.*  In his deposition yesterday, Mr. Raymond said that he would seek authorization to accept service on behalf of the outstanding entities (Heritage Park Apartments, LP, Peppertree Apartment Holdings, LP, Piedmont Apartments, LP, Shadow Way Apartments, LP, Village Grove Apartments, LP, and Wasatch Quail Run GP, LLC ) within 24 hours.  Can you provide an update?

*Fact stipulation in lieu of the tenant files.*  We are still waiting for your comments on this.

I appreciate that we have been able to check other items off the list, including Huskey Interrogatories 23 and 24, and the Scharlach subpoena responses—and hopefully soon the RFP 52 search and production.  We are getting close to the finish line here, and I look forward to working with you to wrap up these last pieces.

Thanks,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344 (direct)
www.gbdhlegal.com

**We've moved!  Please note our new address.**

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

# EXHIBIT 7

1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Anne Bellows (SBN 293722)
   abellows@gbdhlegal.com
3  GOLDSTEIN, BORGEN, DARDARIAN & HO
   155 Grand Avenue, Suite 900
4  Oakland, CA 94612
   (510) 763-9800; (510) 835-1417 (Fax)
5
6  Andrew Wolff (SBN 195092)
   andrew@awolfflaw.com
7  LAW OFFICES OF ANDREW WOLFF, PC
   1615 Broadway, 4th Floor
   Oakland, CA 94612
8  (510) 834-3300; (510) 834-3377 (Fax)
9  Jesse Newmark (SBN 247488)
   jessenewmark@centrolegal.org
10 CENTRO LEGAL DE LA RAZA
   3022 International Blvd., Suite 410
11 Oakland, CA 94601
   (510) 437-1863; (510) 437-9164
12
   Jocelyn D. Larkin (SBN 110817)
13 Lindsay Nako (SBN 239090)
   lnako@impactfund.org
14 jlarkin@impactfund.org
   THE IMPACT FUND
15 2080 Addison Street, Suite 5
   Berkeley, CA 94701
16 (510) 845-3473; (510) 845-3654 (Fax)

17 Attorneys for Plaintiffs and Relators and the Certified Classes

18            **UNITED STATES DISTRICT COURT**
             **EASTERN DISTRICT OF CALIFORNIA**
19                **SACRAMENTO DIVISION**

20 | UNITED STATES OF AMERICA, *ex rel.* | Case No.: 2:15-CV-00799-KJM-DB |
21 DENIKA TERRY, ROY HUSKEY III, and
   TAMERA LIVINGSTON, and each of them for       CLASS ACTION
22 themselves individually, and for all other persons
   similarly situated and on behalf of the UNITED    **PLAINTIFF DENIKA TERRY'S EIGHTH**
23 STATES OF AMERICA                                **SET OF REQUESTS FOR PRODUCTION**
                                                    **TO WASATCH ADVANTAGE GROUP,**
24            Plaintiffs/Relators,                  **LLC, WASATCH PROPERTY**
                                                    **MANAGEMENT, INC., WASATCH POOL**
25 vs.                                              **HOLDINGS, LLC, CHESAPEAKE**
                                                    **COMMONS HOLDINGS, LLC, LOGAN**
26 WASATCH ADVANTAGE GROUP, LLC,                    **PARK APARTMENTS, LLC, AND LOGAN**
   WASATCH PROPERTY MANAGEMENT, INC.,               **PARK APARTMENTS, LP**
27 WASATCH POOL HOLDINGS, LLC,
   CHESAPEAKE APARTMENT HOLDINGS, LLC,
28 LOGAN PARK APARTMENTS, LLC, LOGAN
   PARK APARTMENTS, LP, ASPEN PARK

HOLDINGS, LLC, BELLWOOD JERRON
HOLDINGS, LLC, BELLWOOD JERRON
APARTMENTS, LP, BENT TREE
APARTMENTS, LLC, CALIFORNIA PLACE
APARTMENTS, LLC, CAMELOT LAKES
HOLDINGS, LLC, CANYON CLUB HOLDINGS,
LLC, COURTYARD AT CENTRAL PARK
APARTMENTS, LLC, CREEKSIDE HOLDINGS,
LTD, HAYWARD SENIOR APARTMENTS, LP,
HERITAGE PARK APARTMENTS, LP, OAK
VALLEY APARTMENTS, LLC, OAK VALLEY
HOLDINGS, LP, PEPPERTREE APARTMENT
HOLDINGS, LP, PIEDMONT APARTMENTS,
LP, POINT NATOMAS APARTMENTS, LLC,
POINT NATOMAS APARTMENTS, LP, RIVER
OAKS HOLDINGS, LLC, SHADOW WAY
APARTMENTS, LP, SPRING VILLA
APARTMENTS, LP, SUN VALLEY HOLDINGS,
LTD, VILLAGE GROVE APARTMENTS, LP,
WASATCH QUAIL RUN GP, LLC, WASATCH
PREMIER PROPERTIES, LLC, WASATCH
POOL HOLDINGS III, LLC,
and DOES 1-4,

        Defendants.

**PROPOUNDING PARTY:**   Plaintiff Denika Terry

**RESPONDING PARTY:**   Wasatch Advantage Group, LLC, Wasatch Property Management, Inc., Wasatch Pool Holdings, LLC, Chesapeake Commons Holdings, LLC, Logan Park Apartments, LLC, Logan Park Apartments, LP

**SET NUMBER:**   Eight (8)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Terry requests that Defendants provide responses in writing to the following requests for production of documents at the offices of Goldstein, Borgen, Dardarian & Ho, 300 Lakeside Drive, Suite 1000, Oakland, CA 94612, within thirty (30) days from the date of service of these Requests for Production of Documents. Pursuant to Federal Rule of Civil Procedure 34(b)(1)(B), Plaintiff Terry further requests that Defendants also produce the responsive documents within thirty (30) days from the date of service. These document requests are ongoing and require timely supplementation up to and through the completion of trial in this action.

## DEFINITIONS

The following definitions will apply to each of the following Requests for Production of Documents:

1.   "DEFENDANT" or "DEFENDANTS" shall refer to all of the defendants in this action collectively, and their respective officers, agents, servants, employees, independent contractors, attorneys, predecessors, successors and assigns, representatives, and all other persons acting or who have acted on their behalf.

2.   "DOCUMENT" shall have the most expansive possible meaning under the Federal Rules of Civil Procedure, and shall be construed broadly to include any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the following, whether printed, typewritten, recorded, filmed or reproduced by any mechanical process or written or produced by hand, and whether an original, master or copy, and whether or not claimed to be privileged from discovery, including: worksheets, agreements, books, records, letters, accounts, notes, summaries, forecasts, appraisals, surveys, estimates, diaries, desk calendars, reports, communications (including intra-company communications), correspondence, facsimiles, electronic mail messages, telegrams,

1

843083.3

memoranda (including intra-company memoranda), summaries, notes and records of telephone

conversations (including voicemail messages), meetings, and conferences, notes in reference to

personal conversations or interviews, contracts, notices, drafts of any document, business records,

charts, schedules, diaries, computer printouts, computer-stored data (including e-mails), computer tapes

or computer disks, microfilm, microfiche, photographs, slides, negatives, motion pictures, video

recordings, tape or other voice recordings and transcriptions thereof, data compilations from which

information can be obtained or translated and any other information contained on paper, in writing, in

graphical media, in any computer readable media, or in any other physical form in your actual or

constructive possession, custody or control.

      3.      NOTICES shall refer to standardized documents used to communicate with tenants.

## **INSTRUCTIONS**

The following instructions apply to each of the Requests for Production of Documents:

      1.      These discovery requests are being made pursuant to the Federal Rules of Civil

Procedure, including, without limitation, Rules 26 and 34.  Accordingly, your responses to such

Requests for Production of Documents must comply with the requirements set forth in the Rules, which

are referred to and incorporated herein by reference.

      2.      In responding to these Requests for Production of Documents, you are requested to

furnish all information, items and documents known or available to you regardless of whether such

information, items and documents are directly in your possession or that of your agents, representatives

or experts.  These Requests for Production of Documents include production of all responsive

information, items and documents in the possession, custody or control of your agents, representatives

or other persons directly or indirectly retained by Defendant, or anyone else acting on your behalf or

otherwise subject to your control.

      3.      If any requested document or item is no longer in your possession, custody or control,

then you must state the following:

      a.      What was done with the document or item;

      b.      When such document or item was created;

      c.      The identity and address of the current custodian;

1     d.     The reasons for transfer or disposal; and

2     e.     The identity and address of the person who decided to transfer or dispose of the

3  document or item.

4     4.     If any of the Requests for Production of Documents cannot be complied with fully and

5  completely, produce documents to the extent possible, specifying the reasons for your inability to

6  produce the remainder, and state the substance of your knowledge, information and belief concerning

7  the subject matter of the unproduced portion.  Such a statement shall include the steps taken to locate

8  any responsive documents or the requested information.

9     5.     If anything has been deleted or redacted from a document produced in response to

10  these Discovery Requests, then state the following in your response:

11     a.     Specify the nature of the material deleted or redacted;

12     b.     Specify the reason for the deletion or redaction; and

13     c.     Identify the person responsible for the deletion or redaction.

14     6.     If an objection is made on the basis of any claim of privilege to producing any

15  document or item, or any portion thereof, or to disclosing any information contained therein, specify

16  in your response the nature of such information, items or documents, along with the nature of the

17  privilege claimed, so that the Court may rule on the propriety of the objection.  Specifically, state the

18  following:

19     a.     The title of the document or item;

20     b.     The type of document or item;

21     c.     The author or sender;

22     d.     The addressee;

23     e.     The date of the document or item;

24     f.     The name of each person to whom the original or a copy was shown or

25     circulated;

26     g.     The name(s) appearing on any circulation list relating to the document or item;

27     h.     The basis upon which privilege is claimed; and

28

3

843083.3

1        i.        A summary statement of the subject matter of the document or item in sufficient

2    detail to permit the court to rule on the propriety of the objection.

3        Plaintiffs demand that a privilege log, as detailed above, be served on them no later than thirty

4    (30) days from issuance of these Requests for Production of Documents.

5        7.        Wherever appropriate in these Requests for Production of Documents, the singular

6    form of a word shall include the plural, and vice versa.

7        8.        Documents should be produced as TIFF images with searchable OCR, along with a

8    Summation load file containing metadata properties to be agreed upon in advance of production.

9    However, Plaintiffs expressly reserve the right to request specific records in native form when

10   necessary (e.g., Excel spreadsheets for which formulas embedded in cells are relevant).  As needed,

11   Defendants shall confer with Plaintiffs' counsel regarding the form of production of documents and

12   information stored electronically prior to production, based on the manner in which electronically

13   stored information is created and/or maintained by Defendants.

14                       **REQUESTS FOR PRODUCTION**

15   **REQUEST FOR PRODUCTION NO. 111:**

16       Produce exemplars of any and all NOTICES used by DEFENDANTS since the onset of the

17   COVID-19 pandemic that are related to the payment and/or non-payment of rent or any other charge.

18   **REQUEST FOR PRODUCTION NO. 112:**

19       Produce any and all DOCUMENTS in DEFENDANTS' tenant files for all current and former

20   Wasatch tenants disclosed as witnesses in Plaintiffs' Supplemental Rule 26 Disclosures, served on

21   November 4, 2021.

22

23    Dated:  November 8, 2021                     Respectfully submitted,

24                                                GOLDSTEIN, BORGEN, DARDARIAN & HO

25

26                                                _____
                                                 Anne P Bellows

27                                                Attorneys for Plaintiffs and Relators

28

                                         4

**PROOF OF SERVICE**

Case:       *Terry, et al. v. Wasatch Advantage Group, LLC, et al.*
Case No.    2:15-CV-00799 KJM-DB

STATE OF CALIFORNIA          )
                             )  SS
COUNTY OF ALAMEDA            )

     I have an office in the county aforesaid.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 155 Grand Ave., Suite 900, Oakland, California 94612.

     I declare that on the date hereof I served a copy of

**PLAINTIFF DENIKA TERRY'S EIGHTH SET OF REQUESTS FOR PRODUCTION TO WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, AND LOGAN PARK APARTMENTS, LP**

SEE ATTACHED SERVICE BELOW

☒   **By Electronic Service:**  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service address(es) as set forth below

☑   (***Federal***)  I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

     Executed at Oakland, California on November 8, 2021

Scott G. Grimes _____
Printed Name

_____
Signature

**SERVICE LIST**

Joseph A. Salazar Jr.
Joe.Salazar@lewisbrisbois.com
Ryan Matthews
Ryan.Matthews@lewisbrisbois.com
Alicia Crespo
Alicia.Crespo@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Tel: (916) 564-5400 | Fax: (916) 564-5444

Attorneys for Defendants

Vincente Antonio Tennerelli
vincente.tennerelli@usdoj.gov
Department of Justice
United States Attorney's Office
Eastern District of California
2500 Tulare Street
Suite 4401
Fresno, CA 93721
Tel: (559) 497-4080

Attorneys for United States of America

843083.3

# EXHIBIT 8

```
 1               IN THE UNITED STATES DISTRICT COURT
 2          FOR THE EASTERN DISTRICT, SACRAMENTO DIVISION
 3      UNITED STATES OF          )
        AMERICA, ex rel.          )
 4      DENIKA TERRY and ROY      )
        HUSKEY III, and each      )
 5      of them for themselves    )
        individually, and for     )
 6      all other persons         )
        similarly situated and    )
 7      on behalf of the          )
 8      UNITED STATES OF          )
 9      AMERICA,                  )   Case No.
              Plaintiffs,         )   2:15-cv-00799-KJM-DB
10      vs.                       )
        WASATCH ADVANTAGE         )
11      GROUP, LLC, WASATCH       )
        PROPERTY MANAGEMENT,      )
12      INC., WASATCH POOL        )
        HOLDINGS, LLC,            )
13      CHESAPEAKE COMMONS        )
14      HOLDINGS, LLC, LOGAN      )
        PARK APARTMENTS,LLC,      )
15      LOGAN PARK APARTMENTS,    )
16      LP, and DOES 1-30,        )
17          Defendants.           )
18      _____
19
          30(b)(6) Deposition of WASATCH ADVANTAGE GROUP
20                   By: SHAWN FETTER
21              August 11, 2017 * 10:30 a.m.
22      Reporter:  Dawn M. Perry, CSR
23      Notary Public in and for the State of Utah
24      Job No. 2674872
25      Pages 1 - 228
```

Page 1

```
 1                    A P P E A R A N C E S

 2

 3      FOR THE PLAINTIFFS, DENIKA TERRY AND ROY HUSKEY, III:

 4                 David Lavine

 5                 Attorney at Law

 6                 Law Offices of Andrew Wolff, P.C.

 7                 1956 Webster Street

 8                 Suite 275

 9                 Oakland, California  94612

10                 (510) 834-3300

11                 (510) 834-3377 (fax)

12                 david@awolfflaw.com

13

14      FOR THE DEFENDANTS:

15                 Joseph A. Salazar, Jr.

16                 Attorney at Law

17                 Lewis, Brisbois, Bisgaard & Smith

18                 2020 West El Camino Ave.

19                 Suite 700

20                 Sacramento, California  95833

21                 (916) 646-8201

22                 (916) 564-5444 (fax)

23                 Joe.Salazar@lewisbrisbois.com

24

25

                                            Page  2
```

1           Q.    What does that mean?

2           A.    We pay for our own usage of items.

3           Q.    Oh.

4           A.    I mean, the way you are asking the

5      question so broad that it -- it really -- do we pay

6      for any of them?  Yes, we pay for our own usage.

7           Q.    If I hadn't said for tenant units then

8      that -- I should say that.

9                 Okay, next one.  Housekeeping services.

10     Are those offered to tenants in Arizona properties?

11          A.    In what way?

12          Q.    Any way that would result in a charge

13     being added to the Additional Services Agreement.

14          A.    No.

15          Q.    Next line.  Animal rents.  Is it possible

16     for tenants in the Arizona properties to have pets

17     that are charged on this form?

18          A.    Yes.

19          Q.    Is that true at all of the properties in

20     Arizona or just some of them?

21          A.    At all the properties.

22          Q.    What's the charge there today?

23          A.    It varies.

24          Q.    It depends on the animal?

25          A.    It depends on the location.

Page 133

1    Q.    What's the range, roughly?

2    A.    Range is, oh, 20 to $35 per animal.

3    Q.    And that's true for Section 8 tenants as

4    well?

5    A.    All residents.

6    Q.    Any way to get an accommodation there?

7    A.    For a pet?

8    Q.    Yes.

9    A.    If it's a pet, no.  If it's a service

10   animal, that's a whole different story.

11   Q.    How do you charge, or do you not charge?

12   A.    There is no charge for a service animal.

13   Q.    Got it.  All right.  Let's look at the

14   next one.  Corporate service.  Do you know what that

15   means?

16   A.    That's what we talked about, the corporate

17   month-to-month type -- or not month to month but --

18   Q.    Short term?

19   A.    Short term.  Very short term, yeah.

20   Completely furnished deal.

21   Q.    All right.  I'm going to -- since it only

22   applies to that segment I'll skip it.

23        And then month-to-month lease.  Is it

24   possible for tenants to go on a month-to-month lease

25   basis with you?

Page 134

1          A.     It is.

2          Q.     At all the Arizona buildings?

3          A.     Right now we -- it might be limited

4   seasonally, depending on availability and per

5   location.

6          Q.     For those tenants who want the

7   month-to-month lease, is there a separate fee that

8   gets added onto this form?

9          A.     There has been in time.

10          Q.     Is there one today?

11          A.     Currently there's not typically.  It all

12   depends on the situation, property, availability, all

13   those variables.  Day.

14          Q.     Can Section 8 tenants get a month-to-month

15   lease if they want?

16               MR. SALAZAR:   Objection.  Calls for a

17   legal conclusion.

18               Go ahead.

19               THE WITNESS:  Given my -- given my

20   understanding, it would be difficult for them if they

21   were first applying because they would have to --

22   most of the vouchers are for a six-month-to-a-year

23   period, from my understanding.

24          Q.     (BY MR. LAVINE)  Do you know of any

25   Section 8 tenants on a month-to-month lease option?

Page 135

1          A.     That signed up with a month-to-month

2     initially?

3          Q.     Or at a renewal point became a

4     month-to-month tenant.

5          A.     I don't know through the whole portfolio.

6          Q.     Was this Additional Services Agreement

7     part of the lease agreement?

8          A.     Yes.

9          Q.     In all cases in Arizona?

10         A.     In all cases.   Prints out with the lease

11    packet.

12         Q.     If someone were to violate this Additional

13    Services Agreement by not paying the amount stated on

14    here, would that be considered a violation of the

15    lease?

16                MR. SALAZAR:   Objection.   Incomplete

17    hypothetical.   Calls for a legal conclusion.

18                Go ahead and answer.

19                THE WITNESS:   If they -- could you repeat

20    the question, please?

21                MR. LAVINE:   Sure.

22         Q.     So if a tenant violated this Additional

23    Services Agreement by not making a charge in a

24    particular month that was on here --

25         A.     Uh-huh (affirmative).

                                        Page 136

1          Q.     -- would that -- would Wasatch regard that

2     as a violation of the lease?

3          A.     Yes.

4          Q.     Can you skip over to the second tenant's

5     Additional Services Agreement?  This is 3410 at the

6     bottom.  This is a tenant -- two tenants it looks

7     like at -- also at Aztec Springs.  This is in 2013.

8     And their reserved, covered parking charge was $10

9     relative to a $30 charge in 2015.  It looks like it

10    had gone up.  Was the standard reserved, covered

11    parking charge at Aztec Springs $10 in 2013, if you

12    remember?

13         A.     It might have been.  This also could have

14    multiple spots.

15              MR. SALAZAR:  When you say "this," what

16    are you talking about?

17              THE WITNESS:  The -- the $30 could --

18    could be three spots.  I don't know.  I don't have

19    more information on it even provided.

20              MR. SALAZAR:  When you say "this," you are

21    looking at --

22              THE WITNESS:  I'm sorry.  I'm looking at

23    the first -- the AZ03548.  It specifies 30 but it

24    could be -- I don't know how many spots are in there.

25    You could have had two spots.  I don't know.

                                        Page 137