1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Anne Bellows (SBN 293722)
   abellows@gbdhlegal.com
3  GOLDSTEIN, BORGEN, DARDARIAN & HO
   155 Grand Avenue, Suite 900
4  Oakland, CA 94612
   (510) 763-9800; (510) 835-1417 (Fax)
5
   Andrew Wolff (SBN 195092)
6  andrew@awolfflaw.com
   LAW OFFICES OF ANDREW WOLFF, PC
7  1615 Broadway, 4th Floor
   Oakland, CA 94612
8  Telephone: (510) 834-3300 | (Fax) (510) 834-3377
9  Jesse Newmark (SBN 247488)
   jessenewmark@centrolegal.org
10 CENTRO LEGAL DE LA RAZA
   3022 International Blvd., Suite 410
11 Oakland, CA 94601
   Telephone: (510) 437-1863 | (Fax) (510) 437-9164
12
   Jocelyn Larkin (SBN 110817)
13 jlarkin@impactfund.org
   Lindsay Nako (SBN 239090)
14 lnako@impactfund.org
   THE IMPACT FUND
15 2080 Addison Street, Suite 5
   Berkeley, CA 94704
16 Telephone: (510) 845-3473 | (Fax) (510) 845-3654

17 Attorneys for Plaintiffs and Relators and the Certified Classes

18                    **UNITED STATES DISTRICT COURT**
                   **EASTERN DISTRICT OF CALIFORNIA**
19                      **SACRAMENTO DIVISION**

20 UNITED STATES OF AMERICA, *ex rel.*          Case No.: 2:15-CV-00799-KJM-DB
   DENIKA TERRY, ROY HUSKEY III, and
21 TAMERA LIVINGSTON, and each of them for     CLASS ACTION
   themselves individually, and for all other persons
22 similarly situated and on behalf of the UNITED   **STIPULATION AND ORDER MODIFYING**
   STATES OF AMERICA                            **CLASS CERTIFICATION ORDER**
23
           Plaintiffs/Relators,
24                                               Before:  Hon. Kimberly Mueller
   vs.
25                                               Trial Date:    None Set
26 WASATCH ADVANTAGE GROUP, LLC,
   WASATCH PROPERTY MANAGEMENT, INC.,
27 WASATCH POOL HOLDINGS, LLC,
   CHESAPEAKE APARTMENT HOLDINGS, LLC,
28 LOGAN PARK APARTMENTS, LLC, LOGAN
   PARK APARTMENTS, LP, ASPEN PARK

841970.7

1  HOLDINGS, LLC, BELLWOOD JERRON
   HOLDINGS, LLC, BELLWOOD JERRON
2  APARTMENTS, LP, BENT TREE
   APARTMENTS, LLC, CALIFORNIA PLACE
3  APARTMENTS, LLC, CAMELOT LAKES
   HOLDINGS, LLC, CANYON CLUB HOLDINGS,
4  LLC, COURTYARD AT CENTRAL PARK
   APARTMENTS, LLC, CREEKSIDE HOLDINGS,
5  LTD, HAYWARD SENIOR APARTMENTS, LP,
   HERITAGE PARK APARTMENTS, LP, OAK
6  VALLEY APARTMENTS, LLC, OAK VALLEY
   HOLDINGS, LP, PEPPERTREE APARTMENT
7  HOLDINGS, LP, PIEDMONT APARTMENTS,
   LP, POINT NATOMAS APARTMENTS, LLC,
8  POINT NATOMAS APARTMENTS, LP, RIVER
   OAKS HOLDINGS, LLC, SHADOW WAY
9  APARTMENTS, LP, SPRING VILLA
   APARTMENTS, LP, SUN VALLEY HOLDINGS,
10 LTD, VILLAGE GROVE APARTMENTS, LP,
   WASATCH QUAIL RUN GP, LLC, WASATCH
11 PREMIER PROPERTIES, LLC, WASATCH
   POOL HOLDINGS III, LLC,
12 and DOES 1-4,

13       Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

841970.7

1    Plaintiffs and Relators Denika Terry, Roy Huskey III, and Tamera Livingston, and Defendants

2  Wasatch Advantage Group, LLC, Wasatch Property Management, Inc., Wasatch Pool Holdings, LLC,

3  Chesapeake Apartment Holdings, LLC, Logan Park Apartments, LLC, Logan Park Apartments, LP,

4  Aspen Park Holdings, LLC, Bellwood Jerron Holdings, LLC, Bellwood Jerron Apartments, LP, Bent

5  Tree Apartments, LLC, California Place Apartments, LLC, Camelot Lakes Holdings, LLC, Canyon

6  Club Holdings, LLC, Courtyard at Central Park Apartments, LLC, Creekside Holdings, LTD, Hayward

7  Senior Apartments, LP, Heritage Park Apartments, LP, Oak Valley Apartments, LLC, Oak Valley

8  Holdings, LP, Peppertree Apartment Holdings, LP, Piedmont Apartments, LP, Point Natomas

9  Apartments, LLC, Point Natomas Apartments, LP, River Oaks Holdings, LLC, Shadow Way

10  Apartments, LP, Spring Villa Apartments, LP, Sun Valley Holdings, LTD, Village Grove Apartments,

11  LP, Wasatch Quail Run GP, LLC, Wasatch Premier Properties, LLC, Wasatch Pool Holdings III, LLC

12  (together, "the Parties"), stipulate as follows:

13    WHEREAS, Federal Rules of Civil Procedure 23(c)(1)(C) provides that an "order that grants or

14  denies class certification may be altered or amended before final judgment";

15    WHEREAS, on July 30, 2018, this Court granted Plaintiffs' motion for class certification as to

16  the Rule 23(b)(3) Reimbursement Class and conditionally granted Plaintiffs' motion for class

17  certification as to the Rule 23(b)(2) Injunctive Relief Class;

18    WHEREAS, this Court relied on Plaintiffs' Third Amended Complaint in its Order Granting

19  Plaintiffs' Motion for Class Certification as to the Rule 23(b)(3) Class and Conditionally Granting

20  Plaintiffs' Motion for Class Certification as to the Rule 23(b)(2) Class ("Class Certification Order"),

21  ECF No. 92;

22    WHEREAS, pursuant to the Class Certification Order, Defendants Wasatch Advantage Group,

23  LLC, Wasatch Property Management, Inc., Wasatch Pool Holdings, LLC, Chesapeake Commons

24  Holdings, LLC, Logan Park Apartments, LLC, Logan Park Apartments, LP (together, the "Originally

25  Identified Defendants") and Plaintiffs filed a Joint Stipulation to Amend Complaint, ECF No. 94, to

26  substitute Tamera Livingston as the new class representative for the Rule 23(b)(2) class, which this

27  Court granted on September 5, 2018, ECF. No. 95.  Plaintiffs filed their Fourth Amended Complaint,

28

841970.7

ECF No. 98, substituting Tamera Livingston as the new class representative for the Rule 23(b)(2) class on September 20, 2018.

WHEREAS, this Court certified the Rule 23(b)(3) "Reimbursement Class" as follows:

> All persons who, in the time period starting four years prior to the date of filing this Complaint through the final resolution of this matter, (1) have been tenants at any of Defendants' California properties; (2) have participated in the "Section 8" Housing Choice Voucher Program in connection with their tenancies at the California properties; and (3) have paid additional charges set forth in Additional Services Agreements in excess of their individual portions of the contract set forth in the HAP Contracts.

Class Certification Order at 13:6-10.

WHEREAS, this Court certified the Rule 23(b)(2) "Injunctive Relief Class" as follows:

> All persons who: (1) are or will become tenants at any of Defendants' California properties; (2) participate or will participate in the "Section 8" Housing Choice Voucher Program in connection with their tenancies at the California properties; and (3) pay or will pay additional charges set forth in Additional Services Agreements in excess of their individual portions of the contract rent set forth in the HAP Contracts.

Class Certification Order at 13:14-17.

WHEREAS, on May 21, 2019, this Court granted the Originally Identified Defendants' and Plaintiffs' Joint Stipulation and Order for Appointment of Class Counsel ordering that the "law firm of Goldstein, Borgen, Dardarian & Ho is adequate to serve as class counsel and are hereby appointed as Class Counsel for the Classes previously certified by this Court on July 30, 2018." ECF No. 106 at 2.

WHEREAS, on January 15, 2020, this Court granted Plaintiffs' Motion for Clarification, and ordered that the class period for the Reimbursement Class, as defined in the Class Certification Order, "begins on April 14, 2011, four years prior to the filing of the initial complaint in this action." Order Granting Motion for Clarification, ECF No. 114, at 11:12-18.

WHEREAS, in its Order Granting Motion for Clarification, this Court appointed KCC Class Action Services as the class action administrator for this case and approved Plaintiffs' proposed class notice form and procedures and ordered class notice to proceed. Class notice was mailed on March 11, 2020 and May 6, 2020, notifying Reimbursement Class Members of their right to opt out by April 15,

841970.7

2020 and June 10, 2020, respectively.  A single Class Member requested to be excluded from the Reimbursement Class.

WHEREAS, the Third Amended Complaint, ECF No. 71-2, and the Fourth Amended Complaint made allegations against the Originally Identified Defendants and Defendants identified as Does 1-30;

WHEREAS, based on information disclosed in discovery after the class was certified, Plaintiffs learned the following entities are or were direct or indirect owners in the relevant Wasatch properties in California and are proper Defendants to the Reimbursement and/or Injunctive Relief Class Claims: Aspen Park Holdings, LLC, Bellwood Jerron Apartments, LP, Bellwood Jerron Holdings, LLC, Bent Tree Apartments, LLC, California Place Apartments, LLC, Camelot Lakes Holdings, LLC, Canyon Club Holdings, LLC, Courtyard at Central Park Apartments, LLC, Creekside Holdings, LTD, Hayward Senior Apartments, LP, Heritage Park Apartments, LP, Oak Valley Apartments, LLC, Oak Valley Holdings, LP, Peppertree Apartment Holdings, LP, Piedmont Apartments, LP, Point Natomas Apartments, LP, Point Natomas Apartments, LLC, River Oaks Holdings, LLC, Shadow Way Apartments, LP, Spring Villa Apartments, LP, Sun Valley Holdings, LTD, Village Grove Apartments, LP, Wasatch Quail Run GP, LLC, Wasatch Premier Properties, LLC, Wasatch Pool Holdings III, LLC (together, "the Newly Identified Defendants");

WHEREAS, due to changes in property ownership, Wasatch Property Management no longer manages the properties owned, or formerly owned, by Defendants Bellwood Jerron Apartments LP, Bellwood Jerron Apartments, LLC, Camelot Lakes Holdings, LLC, Oak Valley Apartments, LLC, Oak Valley Holdings, LP, Point Natomas Apartments, LP, Point Natomas Apartments, LLC, and Wasatch Quail Run GP, LLC;

WHEREAS, Defendants clarified that the relevant legal entity that owns/manages the property Chesapeake Common Holdings LLC is correctly identified as "Chesapeake Apartment Holdings, LLC";

WHEREAS, on August 16, 2021, this Court adopted the Plaintiffs and the Originally Identified Defendants' Stipulation and Proposed Order for Leave to File Fifth Amended Complaint, Bifurcating

1    the Case for Discovery and Trial, and Vacating Case Deadlines.  Order Adopting the Stipulation and

2    Proposed Order, ECF No. 135;

3        WHEREAS, in its Order Adopting the Stipulation and Proposed Order, this Court bifurcated

4    this case into two phases for both discovery and trial.  Phase 1 of the proceedings will address: whether

5    Wasatch Property Management is liable under the False Claims Act; whether Wasatch Property

6    Management's practices violate Class members' rights under the Housing Assistance Payments (HAP)

7    Contract, the Unfair Competition Law, and the Consumer Legal Remedies Act (the "Class Claims");

8    and if so, the amount of actual damages and restitution, if any, to remedy any and all violations under

9    the False Claims Act and Class Claims.  Phase 2 of the proceedings will address (as applicable in light

10   of the determinations reached in Phase 1): the liability of all and various Defendant entities for the

11   Class Claims based on alter ego liability, the single enterprise doctrine, agency principles, and

12   Defendants' receipt of a benefit from the unlawful charges; any vicarious liability attributable to other

13   Defendants named as to the False Claims Act claim; and penalties and treble damages under the False

14   Claims Act.

15       WHEREAS, on August 17, 2021, Plaintiffs filed the operative Fifth Amended Complaint, ECF

16   No. 136, (a) replacing Doe 5-30 Defendants with the newly discovered entities listed above for all the

17   certified claims, and not the False Claims Act, (b) adding a new section to the Complaint entitled

18   "Defendants' Corporate Structure: Alter Ego, Single Enterprise, and Joint Venture," (c) correcting the

19   name of Defendant Chesapeake Common Holdings LLC to Chesapeake Apartments Holdings, LLC,

20   and (d) making explicit the April 14, 2011 start date for the class period confirmed by the Court;

21       WHEREAS, the Fifth Amended Complaint provides the true name of Doe Defendants that are

22   entities Defendants use or previously used to own the properties concerned in this litigation and that

23   are parties to the lease documents and Housing Assistance Payment Contracts ("HAP Contracts")

24   executed and administered on their behalf by Wasatch property management;

25       WHEREAS, Wasatch Property Management is the entity that signs all leases, Additional

26   Services Agreements, and HAP Contracts, manages the properties where Defendants' Section 8 tenants

27   live, and charges and collects the additional service charges whose legality is at issue in each of the

28   claims.  Therefore, the claims in the case turn on Wasatch Property Management's conduct.  The

4

STIPULATION AND ORDER MODIFYING CLASS CERTIFICATION ORDER - CASE NO. 2:15-CV-00799 KJM-DB

1    claims regarding all other Defendants' liability result from their contractual and corporate relationships

2    to Wasatch Property Management;

3    WHEREAS, certifying the same classes and claims against the Newly Identified Defendants as

4    those certified in the Class Certification Order does not change the number or identity of class

5    members and, consequently, does not alter this Court's numerosity analysis under Federal Rules of

6    Civil Procedure 23(a)(1), *see* ECF No. 92 at 15-16;

7    WHEREAS, adding these Defendants does not affect this Court's findings that HAP Contracts

8    and other documents are standard forms used by Defendants at all of their California properties or that

9    named Plaintiffs' contracts were substantially identical to all tenants, and, therefore, does not change

10   this Court's typicality analysis under Federal Rules of Civil Procedure 23(a)(2), *see* ECF No. 92 at 16-

11   20;

12   WHEREAS, the questions of law common to all class members—including whether additional

13   charges are prohibited under the HAP Contract—remain unaltered by adding these Defendants, who

14   were parties to the HAP Contracts and lease agreements, and, therefore, adding these Defendants does

15   not change this Court's analysis of commonality under Federal Rules of Civil Procedure 23(a)(3), *see*

16   ECF No. 92 at 20-26;

17   WHEREAS, adding the Newly Identified Defendants does not affect this Court's adequacy

18   analysis under Federal Rules of Civil Procedure 23(a)(4) because it does not introduce any facts related

19   to any real or potential conflicts of interest between Plaintiffs and the Class or related to Plaintiffs' and

20   their counsel's ability to vigorously prosecute the action on behalf of the class, *see* ECF No. 92 at 20-

21   22;

22   WHEREAS, because the Newly Identified Defendants are parties to the HAP Contracts and

23   lease agreements that this Court analyzed in its Class Certification Order, adding these Defendants

24   does not change this Court's findings relevant to the certification of the Reimbursement Class under

25   Federal Rules of Civil Procedure 23(b)(3).  Questions of law and fact common to the class—including

26   "whether defendants' 'additional charges set forth in Additional Services Agreements' violated

27   defendants' HAP Contract provisions with Section 8 tenants or federal law" (ECF No. 92 at 25:21-

28   23)—still predominate over individualized issues.  *See* ECF No. 92 at 24-30.  Adding these Defendants

5

841970.7

1   does not add individualized questions or change the factual record relevant to this Court's analysis that

2   individual injuries are capable of proof through evidence common to the class or that damages are

3   measurable on a class-wide basis;

4          WHEREAS, adding the Newly Identified Defendants does not alter this Court's finding that a

5   class action suit is superior to other methods as required to certify the Reimbursement Class under

6   Federal Rules of Civil Procedure 23(b)(3).  The addition of these Defendants does not change the

7   factual record relevant to the ability of individual plaintiffs to bring separate suits, the absence of

8   related litigation, or the desirability of concentrating the litigation to promote efficiency and avoid

9   inconsistent rulings, or the management of the class action.  *See* ECF No. 92 at 30-36.  The extent of

10  each Defendant's vicarious liability for that conduct can be manageably tried in Phase 2 and will turn

11  on evidence of corporate contracts and interrelationships rather than individual issues, making it

12  appropriate for class treatment;

13         WHEREAS, Federal Rules of Civil Procedure 23(b)(2) allows a class action to be maintained if

14  "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so

15  that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a

16  whole" and adding Defendants, who continue to be direct or indirect owners in relevant Wasatch

17  properties in California and parties to the relevant HAP Contracts and lease agreements, does not affect

18  this Court's findings relevant to the certification of the Injunctive Relief Class, *see* ECF No. 92 at 36-

19  37;

20         WHEREAS, all Defendants agree that it would be proper to modify the Class Certification

21  Order to add the Newly Identified Defendants.

22         WHEREAS, in their Joint Status Report, ECF No. 140, filed September 30, 2021, the Parties

23  agreed to issue a supplemental class notice, if necessary, following the Court's ruling on summary

24  judgment motions and prior to the Phase 1 of trial.

25         THEREFORE, THE PARTIES STIPULATE AND JOINTLY REQUEST THAT THE COURT

26  ORDER AS FOLLOWS:

27         1.     The Court finds that Federal Rules of Civil Procedure Rule 23(a) criteria and Rule

28  23(b)(3) criteria are satisfied as to the Newly Identified Defendants and that the claims of the

Reimbursement Class may properly be certified as to the Newly Identified Defendants.  The

Reimbursement Class shall continue to have the same definition, that is:

> All persons who, in the time period starting April 14, 2011 through the final resolution of this matter, (1) have been tenants at any of Defendants' California properties; (2) have participated in the "Section 8" Housing Choice Voucher Program in connection with their tenancies at the California properties; and (3) have paid additional charges set forth in Additional Services Agreements in excess of their individual portions of the contract set forth in the HAP Contracts.

2.      The Court finds that Federal Rules of Civil Procedure Rule 23(a) criteria and Rule

23(b)(2) criteria are satisfied as to the Newly Identified Defendants who continue to be direct or

indirect owners of properties managed by Wasatch Property Management in California and that the

claims of the Injunctive Relief Class may properly be certified as to Aspen Park Holdings, LLC, Bent

Tree Apartments, LLC, California Place Apartments, LLC, Canyon Club Holdings, LLC, Courtyard at

Central Park Apartments, LLC, Creekside Holdings, LTD, Hayward Senior Apartments, LP, Heritage

Park Apartments, LP, Peppertree Apartment Holdings, LP, Piedmont Apartments, LP, River Oaks

Holdings, LLC, Shadow Way Apartments, LP, Spring Villa Apartments, LP, Sun Valley Holdings,

LTD, Village Grove Apartments, LP, Wasatch Premier Properties, LLC, and Wasatch Pool Holdings

III, LLC.  The Injunctive Relief Class shall continue to have the same definition, that is:

> All persons who: (1) are or will become tenants at any of Defendants' California properties; (2) participate or will participate in the "Section 8" Housing Choice Voucher Program in connection with their tenancies at the California properties; and (3) pay or will pay additional charges set forth in Additional Services Agreements in excess of their individual portions of the contract rent set forth in the HAP Contracts.

3.      Accordingly, the Court hereby modifies the Class Certification order previously entered

in this case to add Aspen Park Holdings, LLC, Bellwood Jerron Holdings, LLC, Bellwood Jerron

Apartments, LP, Bent Tree Apartments, LLC, California Place Apartments, LLC, Camelot Lakes

Holdings, LLC, Canyon Club Holdings, LLC, Courtyard at Central Park Apartments, LLC, Creekside

Holdings, LTD, Hayward Senior Apartments, LP, Heritage Park Apartments, LP, Oak Valley

Apartments, LLC, Oak Valley Holdings, LP, Peppertree Apartment Holdings, LP, Piedmont

Apartments, LP, Point Natomas Apartments, LLC, Point Natomas Apartments, LP, River Oaks

Holdings, LLC, Shadow Way Apartments, LP, Spring Villa Apartments, LP, Sun Valley Holdings,

7

841970.7

LTD, Village Grove Apartments, LP, Wasatch Quail Run GP, LLC, Wasatch Premier Properties, LLC, Wasatch Pool Holdings III, LLC as Defendants to the claims of the Reimbursement Class.

4.    Furthermore, the Court hereby modifies the Class Certification order previously entered in this case to add Aspen Park Holdings, LLC, Bent Tree Apartments, LLC, California Place Apartments, LLC, Canyon Club Holdings, LLC, Courtyard at Central Park Apartments, LLC, Creekside Holdings, LTD, Hayward Senior Apartments, LP, Heritage Park Apartments, LP, Peppertree Apartment Holdings, LP, Piedmont Apartments, LP, River Oaks Holdings, LLC, Shadow Way Apartments, LP, Spring Villa Apartments, LP, Sun Valley Holdings, LTD, Village Grove Apartments, LP, Wasatch Premier Properties, LLC, and Wasatch Pool Holdings III, LLC as Defendants to the claims of the Injunctive Relief Class.

Dated:  January 7, 2022            Respectfully submitted,

                                   GOLDSTEIN, BORGEN, DARDARIAN & HO

                                   /s/ Anne P. Bellows
                                   Anne P. Bellows

                                   Attorneys for Plaintiffs and Relators

Dated:  January 7, 2022            Respectfully submitted,

                                   LEWIS BRISBOIS BISGAARD & SMITH LLP

                                   /s/ Ryan Matthews (as authorized 1/6/2022)
                                   Ryan Matthews

                                   Attorneys for Defendants

        IT IS SO ORDERED

DATED:  January 25, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER MODIFYING CLASS CERTIFICATION ORDER - CASE NO. 2:15-CV-00799 KJM-DB

841970.7