1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Anne Bellows (SBN 293722)
   abellows@gbdhlegal.com
3  Stephanie Tilden (SBN 341486)
   stilden@gbdhlegal.com
4  GOLDSTEIN, BORGEN, DARDARIAN & HO
   155 Grand Avenue, Suite 900
5  Oakland, CA 94612
   Tel: (510) 763-9800 | Fax: (510) 835-1417
6
   Andrew Wolff (SBN 195092)
7  andrew@awolfflaw.com
   LAW OFFICES OF ANDREW WOLFF, PC
8  1615 Broadway, 4th Floor
   Oakland, CA 94612
9  Tel: (510) 834-3300 | Fax: (510) 834-3377

10 Jesse Newmark (SBN 247488)
   jessenewmark@centrolegal.org
11 CENTRO LEGAL DE LA RAZA
   3022 International Blvd., Suite 410
12 Oakland, CA 94601
   Tel: (510) 437-1863 | Fax: (510) 437-9164
13
   Jocelyn Larkin (SBN 110817)
14 jlarkin@impactfund.org
   Lindsay Nako (SBN 239090)
15 lnako@impactfund.org
   IMPACT FUND
16 2080 Addison Street, Suite 5
   Berkeley, CA 94704
17 Tel: (510) 845-3473 | Fax: (510) 845-3654

18 Attorneys for Plaintiffs and Relators and the Certified Classes

19
                       UNITED STATES DISTRICT COURT
20                    EASTERN DISTRICT OF CALIFORNIA
                            SACRAMENTO DIVISION
21

22 UNITED STATES OF AMERICA, *ex rel.*          Case No.: 2:15-CV-00799-KJM-DB
   DENIKA TERRY, ROY HUSKEY III, and
23 TAMERA LIVINGSTON, and each of them for
   themselves individually, and for all other persons   **PLAINTIFFS' AND RELATORS'**
24 similarly situated and on behalf of the UNITED   **OBJECTIONS TO DEFENDANTS'**
   STATES OF AMERICA                              **EVIDENCE IN OPPOSITION TO**
                                                  **PLAINTIFFS AND RELATORS' MOTION**
25         Plaintiffs/Relators,                   **FOR PARTIAL SUMMARY JUDGMENT**

26 vs.
                                                  Date:    July 8, 2022
27                                                Time:    10:00 a.m.
   WASATCH ADVANTAGE GROUP, LLC,                  Dept:    Courtroom 3, 15th Floor
28 WASATCH PROPERTY MANAGEMENT, INC.,   Before:  Hon. Kimberley J. Mueller
   WASATCH POOL HOLDINGS, LLC,

CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC, and DOES 1-4,

     Defendants.

Trial Date:    None Set

855537.11

1   Plaintiffs and Relators ("Plaintiffs") object to certain evidence submitted by Defendants in

2   opposition to Plaintiffs and Relators' Motion for Partial Summary Judgment, as follows:

3   **1.    Deposition of Jarom Johnson, July. 19, 2021, 206:4-21, cited in Defendants' Response to**
        **Plaintiffs and Relators' Statement of Undisputed Facts Nos. 40-41.**

4

5   Plaintiffs object to Defendants' citation of testimony from Jarom Johnson's July 19, 2021

6   Deposition, page 206, lines 4-21, because 1) it is an impermissible attempt to contradict corporate

7   testimony in order to manufacture a dispute of fact, and 2) the testimony has not been entered into the

8   record.[1]  Defendants cite to Johnson's testimony to dispute that "Section 8 tenants were subject to a

9   requirement to purchase renters insurance wherever the requirement was in place at Wasatch-managed

10  properties" and that "[b]efore 2019, Wasatch's only exception to the renters insurance requirement

11  applied to some tenants at properties participating in the LIHTC program."  Defs' Resp. to Pls.' Stmt.

12  of Undisputed Facts in Supp. Mot. Part. Summ. J. ("Defs.' Resp. to U.F.") Nos. 40-41, ECF No. 258-1.

13  Johnson, Wasatch's former Chief Operating Officer, was deposed in his personal capacity.  Bellows

14  Decl. in Supp. Mot. Part. Summ. J. ("Bellows Decl.") ¶ 10, ECF No. 245.  He directly contradicts clear

15  statements from Wasatch's corporate representatives Janae Jarvis, David Tanforan, and Shawn Fetter,

16  designated under Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)") as persons most

17  knowledgeable on topics related to Section 8 tenants and additional service charges.[2]  Wasatch's

18  renters insurance requirement falls squarely within the scope of these noticed topics.  Wasatch's Rule

19  30(b)(6) deponents each testified that all tenants, including Section 8 tenants, were required to obtain

20  renters insurance wherever that requirement was in place.  *See* Jarvis Dep. 115:16-25, Aug. 10, 2017,

21

22  [1] Page 206 of Johnson's testimony is incorrectly identified as being attached as Exhibit B to the
    Matthews Declaration.

23
    [2] The 2017 Rule 30(b)(6) deposition notices for each of these deponents are described in the Bellows
24  Declaration at paragraphs 3, 7, and 13, and attached thereto as Exhibits 2, 6, and 12 (ECF Nos. 246-2,
    246-6, 247-2).  These notices request Wasatch's person most knowledgeable on "Your verbal or
25  written policies, practices, or documents as to whether any charges pursuant to 'additional services'
    agreements or 'side' agreements are mandatory or optional."  Bellows Decl. Ex. 2 at 2, Ex. 6 at 2, Ex.
26  12 at 2.  Additionally, the 2021 Rule 30(b)(6) deposition notice requesting Wasatch's person most
    knowledgeable on "Defendants revisions to and use of their residential leasing documents," and
27  "Standard forms and templates used by DEFENDANTS in communicating with tenants, including but
    not limited to eviction notices, renewal notices, move-in documents, and communications regarding or
28  promoting services listed on the Additional Services Agreements," pursuant to which Shawn Fetter
    testified, is set out as Exhibit 4 to the Bellows Declaration (ECF No. 246-4).

Bellows Decl. Ex. 5 at 9, ECF No. 246-5; Tanforan Dep. 140:11-16, 173:14-174:7, Bellows Decl. Ex. 11 at 8-10, ECF No. 247-1; Fetter Dep. 125:7-128:7, Aug. 11, 2017, Bellows Decl. Ex. 1 at 9-12, ECF No. 246-1; *see also* Fetter Dep. 302:5-307:25, Oct. 28, 2021, Bellows Decl. Ex. 3 at 47-52, ECF No. 246-3 (confirming that all leases at market rate and bond properties, including leases for Section 8 tenants, contained a renters insurance requirement).

Defendants cannot create a dispute of fact for summary judgment by contradicting their Rule 30(b)(6) witnesses' testimony with a statement from their own corporate executive. "Rule 30(b)(6) testimony can only be rebutted when there is an explanation for why the earlier testimony is mistaken." *Doe v. Cnty. of Kern*, No. 1:15-CV-01641-JLT, 2017 WL 1383282, at *9 (E.D. Cal. Apr. 18, 2017); *see also*, *Snapp v. United Transp. Union*, 889 F.3d 1088, 1103-04 (9th Cir. 2018) (citing 7 Moore's Fed. Practice – Civil § 30.25[3] (3d ed. 2016) ("[A] corporation *generally* cannot present a theory of the facts that differs from that articulated by the designated Rule 30(b)(6) representative" where the facts truly conflict absent "good reason or explanation" for the contradiction.). Wasatch does not cite Jarom Johnson's testimony to merely add context to or clarify the statements of 30(b)(6) witnesses. Instead, Wasatch seeks to plainly contradict its testimony that Section 8 tenants were required to obtain renters insurance. *See* Jarvis Dep. 115:16-25, Aug. 10, 2017, Bellows Decl. Ex. 5 at 9, ECF No. 246-5; Tanforan Dep. 140:11-16, 173:14-174:7, Bellows Decl. Ex. 11 at 8-10, ECF No. 247-1; Fetter Dep. 125:7-128:7, Aug. 11, 2017, Bellows Decl. Ex. 1 at 9-12, ECF No. 246-1; Fetter Dep. 302:5-307:25, Oct. 28, 2021, Bellows Decl. Ex. 3 at 47-52, ECF No. 246-3. Its corporate designees' testimony aligns with the undisputed terms of Wasatch's standard Residential Rental Agreements, which, before December 2019, required tenants at properties that did not participate in the Low-Income Housing Tax Credit ("LIHTC") program to maintain renters insurance and included no exception for Section 8 tenants. *See* Defs.' Resp. to U.F. No. 38.[3] Wasatch has not provided (and cannot provide) a good reason or explanation why Johnson's testimony contradicts that of its corporate designees and the clear

---

[33] Plaintiffs and Relators' Statement of Undisputed Facts ("U.F."), No. 38, ECF No. 242-2 cites to Excerpts from Residential Rental Agreements, (Bellows Decl. Ex. 40), and a Chart of Properties with Residential Rental Agreements Requiring Renters Insurance (Bellows Decl. Ex. 42). U.F. 38 incorrectly identifies the Chart of Properties as "Ex. 41." In fact, it is Exhibit 42, ECF No. 252-2.

1   language of its Residential Rental Agreements.  Consequently, Wasatch cannot manufacture a dispute

2   of fact using Johnson's statements regarding Wasatch's renters insurance requirement and its

3   application to Section 8 tenants.

4           Additionally, Plaintiffs object to Defendants' citation to page 206 of Jarom Johnson's

5   testimony because it has not been entered into the record.  *See* Fed. R. Civ. P. 56, advisory comm.

6   notes (2010 amends.) ("[m]aterials that are not yet in the record—including materials referred to in an

7   affidavit or declaration—must be placed in the record") (cited in *Tunoa v. Corr. Corp. of Am.*, No. CV-

8   122359, 2015 WL 13685901, at *5 n.4 (D. Ariz. Feb. 5, 2015)).

9

10   Dated: May 27, 2022                        Respectfully submitted,

11
                                               _s/ Stephanie Tilden_____
12                                             Stephanie Tilden

13                                             Attorneys for Plaintiffs and Relators

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3