1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JOSEPH A. SALAZAR JR., SB# 169551
2      E-Mail: Joe.Salazar@lewisbrisbois.com
   RYAN MATTHEWS, SB# 311674
3      E-Mail: Ryan.Matthews@lewisbrisbois.com
   2020 West El Camino Avenue, Suite 700
4  Sacramento, California 95833
   Telephone: 916.564.5400
5  Facsimile: 916.564.5444

6  Attorneys for Defendants

7

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10                **SACRAMENTO DIVISION**

11

12  UNITED STATES OF AMERICA, ex rel.          CASE NO. 2:15-cv-00799-KJM-DB
    DENIKA TERRY, ROY HUSKEY III, and
13  TAMERA LIVINGSTON, and each of them        **DEFENDANTS' RESPONSE TO**
    for themselves individually, and for all other  **PLAINTIFFS' OBJECTIONS TO**
14  persons similarly situated and on behalf of the  **EVIDENCE IN SUPPORT OF MOTION**
    UNITED STATES OF AMERICA,                  **FOR SUMMARY JUDGMENT, OR IN**
15                                             **THE ALTERNATIVE SUMMARY**
                 Plaintiffs/Relators,          **ADJUDICATION, OR IN THE FURTHER**
16                                             **ALTERNATIVE CLASS**
         vs.                                   **DECERTIFICATION**
17
    WASATCH ADVANTAGE GROUP, LLC,              Date:    July 8, 2022
18  WASATCH PROPERTY MANAGEMENT,               Time:    10:00 a.m.
    INC., WASATCH POOL HOLDINGS, LLC,          Crtrm.:  3, 15th Floor
19  CHESAPEAKE APARTMENT HOLDINGS,
    LLC, LOGAN PARK APARTMENTS, LLC,           The Hon. Kimberly J. Mueller
20  LOGAN PARK APARTMENTS, LP, ASPEN
    PARK HOLDINGS, LLC, BELLWOOD               Trial Date:      None Set
21  JERRON HOLDINGS, LLC, BELLWOOD
    JERRON APARTMENTS, LP, BENT TREE
22  APARTMENTS, LLC, CALIFORNIA
    PLACE APARTMENTS, LLC, CAMELOT
23  LAKES HOLDINGS, LLC, CANYON CLUB
    HOLDINGS, LLC, COURTYARD AT
24  CENTRAL PARK APARTMENTS, LLC,
    CREEKSIDE HOLDINGS, LTD,
25  HAYWARD SENIOR APARTMENTS, LP,
    HERITAGE PARK APARTMENTS, LP,
26  OAK VALLEY APARTMENTS, LLC, OAK
    VALLEY HOLDINGS, LP, PEPPERTREE
27  APARTMENT HOLDINGS, LP, PIEDMONT
    APARTMENTS, LP, POINT NATOMAS

28  4887-6126-1089.1                    1              Case No. 2:15-cv-00799-KJM-DB



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  APARTMENTS, LLC, POINT NATOMAS
   APARTMENTS, LP, RIVER OAKS
2  HOLDINGS, LLC, SHADOW WAY
   APARTMENTS, LP, SPRING VILLA
3  APARTMENTS, LP, SUN VALLEY
   HOLDINGS, LTD, VILLAGE GROVE
4  APARTMENTS, LP, WASATCH QUAIL
   RUN GP, LLC, WASATCH PREMIER
5  PROPERTIES, LLC, WASATCH POOL
   HOLDINGS III, LLC, and DOES 1-4
6
                Defendants.
7

8

**Objection 1:**

9

10      Defendants' Exhibit 3, Declaration of Mike Christiansen in Support of Defendants' Motion

11  for Summary Judgment ¶ 3, 2:20-21; ¶ 4, 2:22-23; ¶ 5, 2:24-25; ¶ 6, 2:26-28; ¶ 7, 3:1-3, ¶ 8, 3:4-6;

12  ¶ 11 3:13-14

13  **Basis for Objection No. 1:**

14      Plaintiffs object to Mike Christiansen's statements in paragraphs 3-8 and 11 of his

15  declaration purporting to describe a spreadsheet, because they (1) are based on a spreadsheet that

16  is not in the record, (2) are based on evidence that was not produced, (3) contain inadmissible

17  hearsay, and (4) violate the best evidence rule. Exhibit 3 to Defendants' Motion for Summary

18  Judgment ("Defs.' MSJ"), ECF No. 241-5.

19      First, the statements should be excluded because they rely on a spreadsheet that has not

20  been entered into the record. See Fed. R. Civ. P. 56, advisory comm. notes (2010 amends.)

21  ("[m]aterials that are not yet in the record—including materials referred to in an affidavit or

22  declaration—must be placed in the record") (cited in Sapiano v. Millenium Ent., LLC, No. CV 12-

23  8122, 2013 WL 12120262, at *4 (C.D. Cal. Nov 14, 2013)).

24      Second, the spreadsheet to which Christiansen refers was not timely disclosed or produced

25  to Plaintiffs during the fact discovery period as required under Federal Rule of Civil Procedure

26  26(a). Defendants were required to disclose the spreadsheet "without awaiting a discovery

27  request" because they are using it "to support its claims or defenses." Fed. R. Civ. P.

28  4887-6126-1089.1

DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR IN THE FURTHER
ALTERNATIVE CLASS DECERTIFICATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   26(a)(1)(A)(ii). As Defendants appear to be relying on the spreadsheet to support contentions

2   regarding whether any charge was a mandatory requirement of leasing, the spreadsheet is also

3   responsive to Plaintiff Terry's Request for Production Number 20, attached to the Nako

4   Declaration filed herewith as Exhibit 40, and Defendants were required to supplement their

5   responses to Plaintiffs with this spreadsheet. Fed. R. Civ. P. 26(e)(1). Under Federal Rule of Civil

6   Procedure 37(c)(1), "if a party fails to provide information or identify a witness as required by

7   Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on

8   a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." See

9   Chisolm v. 7-Eleven, Inc., 814 F. App'x 194, 196 (9th Cir. 2020) (finding court was within its

10  discretion in excluding untimely disclosed email and declaration from consideration at summary

11  judgment); Nathalie Thuy Van v. Wal-Mart Stores, Inc., 678 F. App'x 616, 616-17 (9th Cir. 2017)

12  (affirming district court's exclusion of untimely disclosed medical records and financial

13  documents from trial under Fed. R. Civ. P. 37(c)(1)). "Untimely disclosed evidence is

14  automatically excluded unless the failure was substantially justified or harmless," Melczer v.

15  Unum Life Ins. Co. of Am., 259 F.R.D. 433, 434 (D. Ariz. 2009), which Defendants bear the

16  burden of showing. Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008). In this

17  case, it is neither, as the data has been in Defendants' possession and control throughout the case

18  and their failure to timely produce it deprived Plaintiffs of the opportunity to conduct discovery on

19  the provenance, contents, and meaning of the data.

20      Third, Christiansen's statements offer an out of court statement—the spreadsheet that has

21  not been entered into the record—to prove the truth of the contents of that spreadsheet, and they

22  are therefore inadmissible hearsay. Fed. R. Evid. 801. "Because verdicts cannot rest on

23  inadmissible evidence and a grant of summary judgment is a determination on the merits of the

24  case, it follows that the moving party's affidavits must be free of hearsay." Burch v. Regents of

25  Univ. of Cal., 433 F. Supp. 2d 1100, 1121 (E.D. Cal 2006) (internal quotation marks and citations

26  omitted) (emphasis in original); see also Blair Foods, Inc. v. Ranchers Cotton Oil, 610 F.2d 665,

27  667 (9th Cir. 1980) (hearsay in declarations "is inadmissible and may not be considered by [a]

28  4887-6126-1089.1

Case No. 2:15-cv-00799-KJM-DB

DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR IN THE FURTHER
ALTERNATIVE CLASS DECERTIFICATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  court on review of a summary judgment").

2      Fourth, Christiansen's statements should additionally be excluded under the best evidence

3  rule because his declaration refers to an original writing without providing it. Fed. R. Evid. 1002

4  ("An original writing, recording, or photograph is required in order to prove its content unless

5  these rules or a federal statute provides otherwise."); Medina v. Multaler, Inc., 547 F. Supp. 2d

6  1099, 1122 (C.D. Cal. 2007) (declaration describing but not attaching emails violated best

7  evidence rule).

8  **Response to Objection 1:**

9      First, the spreadsheet in question was purely foundational. Mike Christiansen has personal

10  knowledge of the information contained in his Declaration by virtue of his consultation with

11  Defendants' Yardi database. The Yardi database contains data which can be produced in a variety

12  of formats. Mr. Christiansen's interpretation of that data is contained in his Declaration and is

13  based on firsthand knowledge. The spreadsheet was inadvertently omitted from Mr. Christiansen's

14  Declaration, and has since been entered into the record via the Supplemental Declaration of Ryan

15  Matthews. (Dkt. 259.)

16      Second, this spreadsheet was produced in discovery on February 18, 2022. It was Bates

17  Stamped RG000045-000048. The document was created for Robert Griswold, Defendants' expert,

18  and as a result could not have been produced earlier. (Declaration of Ryan Matthews in Support of

19  Defendants' Reply Brief ("Matthews Reply Dec."), par. 2.) As such, Plaintiffs' objection based on

20  the document not having been produced in discovery lacks merit.

21      Plaintiffs' third and fourth objections concerning hearsay and the Best Evidence Rule are

22  both mooted by the inclusion of the spreadsheet in the record on May 26, 2022. However, to the

23  extent the Court is unwilling to consider that evidence, Christiansen's testimony is still admissible.

24  The spreadsheet is merely a visual manifestation of data contained in the Yardi database. Mr.

25  Christiansen is just as easily able to read and relate the contents of that data. Plaintiffs'

26  characterization of Mr. Christiansen's testimony as relating "the contents of the spreadsheet"

27  misses the mark. Mr. Christiansen studied the data contained in the Yardi database, and testified as

28  4887-6126-1089.1

DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR IN THE FURTHER ALTERNATIVE CLASS DECERTIFICATION

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

1  to its meaning. The spreadsheet was included merely for foundational purposes, but is not

2  necessary to prove the truth of Mr. Christiansen's personal knowledge. Fed. Rule Evid. 602.

3       Ultimately, this is basic data that Plaintiffs have had, both because of Defendants'

4  production and because of their own efforts delving into Defendant's database. (Matthews Reply

5  Dec., par. 4.) Plaintiffs cannot refute the data, and so they ask the Court to ignore it. There is no

6  question that only a fraction of Section 8 tenants at Wasatch properties during the relevant period

7  incurred any particular additional service charge. That is the key fact, and the Defendants have

8  offered sufficient admissible evidence to prove it.

9  **Objection 2:**

10       Defendants' Exhibit 4, Declaration of Jarom Johnson in Support of Defendants' Motion for

11  Summary Judgment ¶ 4, 2:22-23

12  **Basis for Objection No. 2:**

13       Plaintiffs object to Jarom Johnson's statement that "[t]hese ASAs allow tenants to select

14  additional amenities which, in their estimation, will enhance their living experience at one of

15  Defendants' properties" because this statement is not based on personal knowledge. Defs.' MSJ,

16  Ex. 4, ECF No. 241-6; Fed. R. Evid. 602; Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration

17  used to support or oppose a motion must be made on personal knowledge."); Block v. City of Los

18  Angeles, 253 F.3d 410, 418-19 (9th Cir. 2001) (finding that district court abused its discretion in

19  relying on an affidavit submitted in opposition to summary judgment where affiant made claims

20  about disciplinary suspensions he was not involved in and did not personally review the records

21  of). Johnson does not have personal knowledge of the mindset of tenants as to additional services,

22  including why tenants select additional amenities or what tenants estimate will enhance their

23  living experience at Defendants' properties, therefore these statements are not based on personal

24  knowledge.

25  **Response to Objection 2:**

26       Defendants concede that Johnson does not have personal knowledge of exactly why a

27  given tenant chooses an additional service. However, Federal Rule of Evidence 701 allows a lay

28  4887-6126-1089.1

DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR IN THE FURTHER ALTERNATIVE CLASS DECERTIFICATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  witness to offer opinion testimony where the testimony is "**(a)** rationally based on the witness's

2  perception; **(b)** helpful to clearly understanding the witness's testimony or to determining a fact in

3  issue; and **(c)** not based on scientific, technical, or other specialized knowledge within the scope

4  of Rule 702." Fed. Rule Evid. 701.

5         Here, Johnson's opinion as to why a given tenant chooses to sign up for an additional

6  service is based on his rational perception of basic human behavior. It is hardly a massive

7  deductive leap to assume that a tenant chooses to have covered parking because they think it will

8  "enhance their living experience". Whether by protecting their vehicle, keeping their vehicle

9  cooler in the summer, or just by making parking easier each and every day after work, people

10 choose to get covered parking because they want it. Regardless, a given tenant's reason for signing

11 up for a charge is not a material fact in this lawsuit.

12 **Objection 3:**

13        Defendants' Exhibit 10, Deposition Testimony of Barbara Cavey, 115:7-118:18

14 **Basis for Objection No. 3:**

15        Plaintiffs object to the testimony of Barbara Cavey at page 115, line 7, to page 118, line

16 18, of her deposition (cited in Defs.' MSJ at 4-5) as improper legal opinion testimony. Defs.' MSJ,

17 Ex. 10, ECF No. 241-12; see Fed. R. Evid. 701; California Found. for Indep. Living Centers v.

18 Cty. of Sacramento, 142 F. Supp. 3d 1035, 1045 (E.D. Cal. 2015) (sustaining objection to

19 testimony which was offered as a legal opinion); Lira v. Cate, No. C00-0905 SI, 2010 WL

20 727979, at *4 n.5 (N.D. Cal. Feb. 26, 2010) (same). In this passage, over an objection by defense

21 counsel that the questions called for a legal conclusion, Cavey provides her interpretation of the

22 Utilities and Appliances section of the HAP Contract. This is squarely prohibited: a "lay witness

23 may not . . . testify as to a legal conclusion, such as the correct interpretation of a contract." United

24 States v. Crawford, 239 F.3d 1086, 1090 (9th Cir. 2001), as amended (Feb. 14, 2001). Yet

25 Defendants cite Cavey's testimony to support their preferred interpretation of the HAP Contract.

26 See Defs.' MSJ at 4-5.

27 **Response to Objection 3:**

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Defendants do not offer the testimony of Barbara Cavey to prove the accuracy of their

2 interpretation of the HAP Contract. They offer the testimony to establish the mindset of a housing

3 authority official with respect to the use of Additional Service Agreements in the Section 8

4 program. Defendants contend that housing authorities are aware of and generally approve of the

5 use of these Additional Service Agreements. Housing authority approval does not automatically

6 confer legality, but their mindset is relevant, particular with respect to the False Claims Act cause

7 of action.

8 **Objection 4:**

9    Defendants' Exhibit 13, Deposition Testimony of Jodi Parker, 55:10-56:9

10 **Basis for Objection No. 4:**

11    Plaintiffs object to the testimony of Jodi Parker at page 55, line 10, to page 56, line 9, of

12 her deposition (cited in Defendants' Separate Statement of Undisputed Material Facts, No. 43,

13 ECF No. 241-17) as improper legal opinion testimony. Defs.' MSJ, Ex. 13, ECF No. 241-15; see

14 Fed. R. Evid. 701; Crawford, 239 F.3d at 1090; California Found. for Indep. Living Centers, 142

15 F. Supp. 3d at 1045; Lira, 2010 WL 727979, at *4 n.5. In the cited passage, defense counsel asks

16 Parker if she has ever seen a document comparable to Wasatch's Additional Services Agreement,

17 then asks her, "is there anything that's improper" or "anything inappropriate or violative of the

18 limitations on the rent to owner provision of Section 8" about an owner offering the services on

19 the form to a Section 8 tenant. Defs.' MSJ, Ex. 13 (Parker Dep. 55:23-56:2, 56:4-8, 56:10-12),

20 ECF No. 241-15. Parker's answers to these questions are legal opinion, and they are offered by

21 Defendants to support their own preferred interpretation of regulations and contract provisions

22 governing the Section 8 program. This testimony should be disregarded on these grounds. See

23 Crawford, 239 F.3d at 1090; California Found. for Indep. Living Centers, 142 F. Supp. 3d at 1045,

24 Lira, 2010 WL 727979, at *4 n.5.

25 **Response to Objection 4:**

26    Defendants do not offer the testimony of Jodi Parker to prove the accuracy of their

27 interpretation of the HAP Contract. They offer the testimony to establish the mindset of a housing

28 4887-6126-1089.1

DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR IN THE FURTHER
ALTERNATIVE CLASS DECERTIFICATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | authority official with respect to the use of Additional Service Agreements in the Section 8

2 | program. Defendants contend that housing authorities are aware of and generally approve of the

3 | use of these Additional Service Agreements. Housing authority approval does not automatically

4 | confer legality, but their mindset is relevant, particular with respect to the False Claims Act cause

5 | of action.

6 | **Objection 5:**

7 |     Defendants' Exhibit 14, Declaration of Shannon Fox, ¶¶ 5-8, 3:1-4:25

8 | **Basis for Objection No. 5:**

9 |     Plaintiffs object to paragraphs 5 through 8 of the declaration testimony of Shannon Fox, a

10 | Housing Program Technician at the Sacramento Housing and Redevelopment Authority

11 | ("SHRA"), as (1) lacking foundation, and (2) constituting improper legal opinion. Defs.' MSJ, Ex.

12 | 14, ECF No. 241-16.

13 |     First, in paragraphs 5 through 8, Fox purports to describe rules and requirements of the

14 | Section 8 program, and practices of the SHRA, related to approval of an owner's lease and any

15 | "separate agreements." Fox's declaration lacks foundation establishing that she has personal

16 | knowledge related to these issues. "Under Federal Rule of Evidence 602, '[a] witness may not

17 | testify to a matter unless evidence is introduced sufficient to support a finding that the witness has

18 | personal knowledge of the matter.'" Bellah v. Am. Airlines Inc., 623 F. Supp. 2d 1183, 1186 (E.D.

19 | Cal. 2009) (quoting Bliesner v. Comm'n Workers of Am., 464 F.3d 910, 915 (9th Cir. 2006)). Nor

20 | will Defendants be able to cure this lack of foundation at trial. Fox's deposition testimony in this

21 | case, taken just one month prior to the date of her declaration, established that she was a low-level

22 | and relatively new housing authority employee. Declaration of Lindsay Nako in Opposition to

23 | Defendants' Motion for Summary Judgment, Ex. 12 at 2-4 (Deposition of Shannon Fox, 22:25-

24 | 23:11, 24:9-10), filed herewith. Fox had no involvement with "separate agreements" addressing

25 | charges beyond rent (id. at 8-9 (49:23-50:2)), had no duties related to analyzing additional service

26 | agreements (id. at 3, 5 (23:8-11, 43:4-11)), had never been asked to approve of such an agreement

27 | and had limited knowledge of approvals by others in her agency (id. at 10-11 (53:17-54:4)), and

28 | 4887-6126-1089.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR IN THE FURTHER
ALTERNATIVE CLASS DECERTIFICATION

1   had never received any training on whether lease agreements complied with the pertinent HUD

2   regulations (id. at 6-7 (46:14-47:14)).

3        Second, Plaintiffs object to Fox's proffered interpretations of HUD regulations, the HAP

4   Contract, and provisions of SHRA's Administrative Plan in paragraphs 5 through 8 as improper

5   legal opinion. See Fed. R. Evid. 701; Crawford, 239 F.3d at 1090; California Found. For Indep.

6   Living Centers, 142 F. Supp. 3d at 1045; Lira, 2010 WL 727979, at *4 n.5. Indeed, Defendants

7   cite Fox's declaration precisely for her legal opinion. See Defs.' MSJ at 9 n.3 (citing Fox

8   declaration for proposition that the PHAs "do not consider [additional service charges] a violation

9   of HUD regulations."); Defendants' Separate Statement of Undisputed Material Facts in Support

10  of Motion for Summary Judgment ("Defs.' UMF"), No. 44 (same), ECF No. 241-17.

11       Plaintiffs respectfully request that the Court sustain the above objections and strike the

12  evidence referred to above.

13  **Response to Objection 5:**

14       Plaintiffs' objection regarding lack of foundation lacks merit. Shannon Fox is an employee

15  of the Sacramento Regional Housing Authority, and, as Plaintiffs acknowledge, has knowledge of

16  approvals of additional service agreements by others in her agency. Items in the paragraphs

17  Plaintiffs object to include the SHRA's Administrative Plan, which Fox, as an employee, would

18  have knowledge of. Indeed, Fox testified as to her personal knowledge of both the plan and these

19  types of agreements at her deposition. (Deposition Transcript of Shannon Fox, 50:3-52:25.)

20  Plainly, Fox testified that she has knowledge of both these types of Additional Service

21  Agreements, which PHAs can approve of, and illegal side deals, which constitute HUD violations.

22       With respect to Plaintiffs' objection regarding improper lay opinion testimony, Defendants

23  do not offer the testimony of Barbara Cavey to prove the accuracy of their interpretation of the

24  HAP Contract. They offer the testimony to establish the mindset of a housing authority official

25  with respect to the use of Additional Service Agreements in the Section 8 program. Defendants

26  contend that housing authorities are aware of and generally approve of the use of these Additional

27  Service Agreements. Housing authority approval does not automatically confer legality, but their

28  4887-6126-1089.1

DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR IN THE FURTHER ALTERNATIVE CLASS DECERTIFICATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  mindset is relevant, particular with respect to the False Claims Act cause of action.

2

3  DATED:  May 27, 2022                    LEWIS BRISBOIS BISGAARD & SMITH LLP

4

5                                          By:      /s/ Ryan Matthews

6                                                RYAN MATTHEWS
                                                Attorneys for Defendants
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR IN THE FURTHER ALTERNATIVE CLASS DECERTIFICATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**1**  **<u>FEDERAL COURT PROOF OF SERVICE</u>**

**2**  USA-Terry v Wasatch Property Management, et al.
Case No. 2:15-cv-00799-KJM-DB

**3**  STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

**4**

**5**  At the time of service, I was over 18 years of age and not a party to the action.  My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833.  I am employed in the office of a member of the bar of this Court at whose direction the service was

**6**  made.

**7**  On May 27, 2022, I served the following document(s):

**8**  - DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE

**9**  ALTERNATIVE SUMMARY ADJUDICATION, OR IN THE FURTHER ALTERNATIVE CLASS DECERTIFICATION

**10**

**11**  I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**12**  **SEE ATTACHED SERVICE LIST**

**13**  The documents were served by the following means:

**14**  ☒ (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification

**15**  of that filing to the persons listed above.

**16**  I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

**17**

**18**  Executed on May 27, 2022, at Sacramento, California.

**19**

_____
/s/ Alicia Crespo
**20**  Alicia Crespo

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**  4887-6126-1089.1                                    1                          Case No. 2:15-cv-00799-KJM-DB


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR IN THE FURTHER ALTERNATIVE CLASS DECERTIFICATION

**SERVICE LIST**
*USA-Terry v Wasatch Property Management, et al.*
*Case No. 2:15-cv-00799-KJM-DB*

| | |
|---|---|
| Andrew Wolff<br>Law Office of Andrew Wolff, PC<br>1956 Webster Street, Suite 275<br>Oakland, CA 94612 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.:  (510) 834-3300<br>Email:  andrew@awolfflaw.com |
| Jesse Newmark<br>CENTRO LEGAL DE LA RAZA<br>3022 International Blvd., Suite 410<br>Oakland, CA 94601 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.:  (510) 437-1554 x115<br>Fax:  (510) 437-9164<br>Email:  jessenewmark@centrolegal.org |
| Laura L. Ho<br>Anne Bellows<br>Stephanie Tilden<br>GOLDSTEIN, BORGEN, DARDARIAN & HO<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612 | ***Attorneys for Plaintiffs and Relators and the Certified Classes***<br><br>Tel:   (510) 763-9800<br>Fax:  (510) 835-1417<br>Email:  ljo@gbdhlegal.com<br>Email:  abellows@gbdhlegal.com<br>Email:  stilden@gbdhlegal.com<br>Email:  sgrimes@gbdhlegal.com<br>Email:  dvaldez@gbdhlegal.com |
| Vincente Antonio Tennerelli<br>United States Attorney's Office<br>2500 Tulare Street, Suite 4401<br>Fresno, CA 93721 | ***Attorney for Intervenor Plaintiff***<br>***United States of America***<br><br>Tel.:   (559) 497-4080<br>Email: Vincente.Tennerelli@usdoj.gov<br>Email: joni.jones@usdoj.gov |
| Jocelyn D. Larkin<br>Lindsay Nako<br>The Impact Fund<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704 | ***Attorney for Plaintiffs***<br><br>Tel: (510) 845-3473 x.306<br>Fax: (510) 845-3654<br>Email: jlarkin@impactfund.org<br>Email: lnako@impactfund.org |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR IN THE FURTHER
ALTERNATIVE CLASS DECERTIFICATION