**LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOSEPH A. SALAZAR JR., SB# 169551
    E-Mail: Joe.Salazar@lewisbrisbois.com
RYAN MATTHEWS, SB# 311674
    E-Mail: Ryan.Matthews@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA, | CASE NO. 2:15-cv-00799-KJM-DB |
| | **DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR IN FURTHER ALTERNATIVE CLASS DECERTIFICATION** |
| Plaintiffs/Relators, | |
| vs. | |
| WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS | Date:        July 8, 2022<br>Time:        10:00 a.m.<br>Crtrm.:    3, 15th Floor<br><br>The Hon. Kimberly J. Mueller<br><br>Trial Date:        None Set |


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

1  APARTMENTS, LLC, POINT NATOMAS
   APARTMENTS, LP, RIVER OAKS
2  HOLDINGS, LLC, SHADOW WAY
   APARTMENTS, LP, SPRING VILLA
3  APARTMENTS, LP, SUN VALLEY
   HOLDINGS, LTD, VILLAGE GROVE
4  APARTMENTS, LP, WASATCH QUAIL
   RUN GP, LLC, WASATCH PREMIER
5  PROPERTIES, LLC, WASATCH POOL
   HOLDINGS III, LLC, and DOES 1-4
6
                Defendants.
7

8       Defendants WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY

9  MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS

10 HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, and LOGAN PARK APARTMENTS,

11 LP hereby submit this Response to Plaintiffs' Response to Separate Statement of Undisputed

12 Material Facts in support of Motion for Summary Judgment, or in the Alternative Summary

13 Adjudication, or in Further Alternative Class Decertification.

14      **Undisputed Material Fact No. 1:**

15      1.      The U.S. Department of Housing and Urban Development ("HUD") governs the

16 Housing Choice Voucher Program (better known as the "Section 8 Program") nationwide.

17      Evidence: Plaintiffs' Fifth Amended Complaint, p. 13, ln. 14-16.

18      **Plaintiffs' Response to Undisputed Material Fact No. 1:**

19      Defendants' Undisputed Material Fact No. 1 is an interpretation of the governing law in

20 this case and is therefore a statement of law, not a statement of fact. See, e.g., Walker v. Fred

21 Meyer, Inc., 953 F.3d 1082, 1086 (9th Cir. 2020) ("[T]he interpretation of a statute is a question of

22 law.").

23      Because this assertion is not a statement of fact, no response is required. See E.D. Cal. L.R.

24 260(b); Colbert v. Leininger, No. 2:13-CV-0382 KJM KJN, 2015 WL 631451, at *5 n.5 (E.D. Cal.

25 Feb. 13, 2015), R&R adopted, 2015 WL 1520340 (E.D. Cal. Mar. 31, 2015) (declining to address

26 purported facts that were "actually statements of law" and thus "are neither subject to an

27 evidentiary showing nor are properly the subject of dispute between the parties").

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Plaintiffs DENY Defendants' description of the Fifth Amended Complaint, which states that HUD "administers the Section 8 program." Pls.' Fifth Amended Comp. ¶ 56, ECF No. 136.

**Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 1:**

Plaintiffs are quibbling. Defendants have no problem with the use of the term "administers" as opposed to "governs." Presumably, the parties can agree that regulations promulgated by HUD apply in the context of the Section 8 Housing Choice Voucher Program.

**Undisputed Material Fact No. 2:**

2.      HUD delegates and authorizes a public housing agency ("PHA") to administer the Section 8 Program at the local level.

Evidence: 24 CFR 982.4 (b).

**Plaintiffs' Response to Undisputed Material Fact No. 2:**

Defendants' Undisputed Material Fact No. 2 is an interpretation of federal regulations and is therefore a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at 1086. Because this assertion is not a statement of fact, no response is required. See E.D. Cal. L.R. 260(b); Colbert, 2015 WL 631451, at *5 n.5.

Plaintiffs DENY that HUD delegates to public housing authorities. The cited regulation, 24 C.F.R. § 982.4(b), defines "public housing agency" to include entities "authorized to administer the program" and does not use the term "delegate."

**Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 2:**

Plaintiffs' response is again pure semantics. Defendants respond that by any reasonable measure of the word, HUD delegates the "authorit[y] to administer the program" to Public Housing Authorities.

**Undisputed Material Fact No. 3:**

3.      These PHAs adopt written administrative plans that establish local polices of administration of the program and these plans must strictly follow HUD requirements and regulations.

Evidence: 24 CFR 982.54 (a),(b).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4890-0407-2225.1                                    3                    Case No. 2:15-cv-00799-KJM-DB
DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

**Plaintiffs' Response to Undisputed Material Fact No. 3:**

Defendants' Undisputed Material Fact No. 3 is an interpretation of federal regulations and is therefore a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at 1086. Because this assertion is not a statement of fact, no response is required. See E.D. Cal. L.R. 260(b); Colbert, 2015 WL 631451, at *5 n.5.

**Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 3:**

Plaintiffs provided no response. The PHAs do, in fact, adopt written administrative plans.

**Undisputed Material Fact No. 4:**

4.       By applying the administrative plans to the local Section 8 Program, PHAs serve as the enforcement wing of HUD's regulations at the local level.

Evidence: 24 CFR 982.407.

**Plaintiffs' Response to Undisputed Material Fact No. 4:**

Defendants' Undisputed Material Fact No. 4 is an interpretation of federal regulations and is therefore a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at 1086. Because this assertion is not a statement of fact, no response is required. See E.D. Cal. L.R. 260(b); Colbert, 2015 WL 631451, at *5 n.5.

Plaintiffs DENY that PHAs serve as HUD's "enforcement wing." The cited regulation, 24 C.F.R. § 982.407, addresses only enforcement of the Housing Quality Standards. The regulation states that Part 982 does not create a right of families to require enforcement of the HQS requirements by the PHA or HUD, or to assert claims against HUD or the PHA for failure to enforce the HQS. The cited regulation does not establish any mandate for PHAs to enforce HQS requirements or any other part of the HUD regulations.

**Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 4:**

Plaintiffs misconstrue Defendants' UMF No. 4. Defendants do not assert that there is a "mandate for PHAs to enforce HQS requirements". Defendants note that PHAs are authorized to do so, and that authorization leads to PHAs enforcing Section 8 regulations at the local level.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4890-0407-2225.1                                    4                          Case No. 2:15-cv-00799-KJM-DB
DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR
IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

1    **Undisputed Material Fact No. 5:**

2    5.    More broadly, PHAs promote the purpose of HUD's Housing Choice Voucher

3    Program: to provide subsidies to families so that they can live in "decent, safe, and sanitary

4    housing."

5    Evidence: 24 CFR 982.1 (a).

6    **Plaintiffs' Response to Undisputed Material Fact No. 5:**

7    Defendants' Undisputed Material Fact No. 5 is an interpretation of federal regulations and

8    is therefore a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at 1086.

9    Because this assertion is not a statement of fact, no response is required. See E.D. Cal. L.R.

10   260(b); Colbert, 2015 WL 631451, at *5 n.5.

11   **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 5:**

12   Plaintiffs provide no response.

13   **Undisputed Material Fact No. 6:**

14   6.    Nothing in the HUD regulations suggests that Section 8 is for assisting and

15   educating families on how to manage their expenses, where to live or what type of housing they

16   should live in.

17   Evidence: Declaration of Ryan Matthews ("Matthews Dec."), par. 2.

18   **Plaintiffs' Response to Undisputed Material Fact No. 6:**

19   Defendants' Undisputed Material Fact No. 6 is an interpretation of the governing law in

20   this case and is therefore a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at

21   1086. Because this assertion is not a statement of fact, no response is required. See E.D. Cal. L.R.

22   260(b); Colbert, 2015 WL 631451, at *5 n.5.

23   **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 6:**

24   This is more than simply a legal interpretation. There is nothing in the HUD regulations

25   regarding any of these topics. Noting the non-existence of a law goes beyond interpreting a

26   statute—it is a fact.

27

28
LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR
IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

1 **Undisputed Material Fact No. 7:**

2 7. Through its PHAs, HUD requires that an owner of a dwelling and local PHA enter

3 into a contract called a Housing Assistance Payments contract

4 Evidence: 24 CFR 982.451 (a).

5 **Plaintiffs' Response to Undisputed Material Fact No. 7:**

6 Defendants' Undisputed Material Fact No. 7 is an interpretation of federal regulations and

7 is therefore a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at 1086.

8 Because this assertion is not a statement of fact, no response is required. See E.D. Cal. L.R.

9 260(b); Colbert, 2015 WL 631451, at *5 n.5.

10 **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 7:**

11 Plaintiffs provide no response, but presumably do not dispute this basic component of the

12 Section 8 Housing Choice Voucher Program, as it is the basis of their lawsuit.

13 **Undisputed Material Fact No. 8:**

14 8. Concurrent with the HAP contract, the PHAs must receive the lease agreement and

15 related documents for the housing unit between an owner and Section 8 tenant, and a tenancy

16 addendum.

17 Evidence: 24 CFR 982.162 (a)(3), 982.308 (b).

18 **Plaintiffs' Response to Undisputed Material Fact No. 8:**

19 Defendants' Undisputed Material Fact No. 8 is an interpretation of federal regulations and

20 is therefore a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at 1086.

21 Because this assertion is not a statement of fact, no response is required. See E.D. Cal. L.R.

22 260(b); Colbert, 2015 WL 631451, at *5 n.5.

23 Plaintiffs DENY that the cited regulations, 24 CFR §§ 982.162(a)(3), 982.308(b), require

24 owners to submit "related documents for the housing unit" to PHAs. The regulations require only

25 that PHAs use "program contracts and other forms required by HUD headquarters" and that

26 owners "enter a written lease for the unit."

27 **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 8:**

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4890-0407-2225.1                                     6                    Case No. 2:15-cv-00799-KJM-DB
DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR
IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

1    There is no dispute that PHAs do, in fact, receive documents beyond just the lease.

2  Defendants do not argue that the PHA requires specific individual types of documents, but instead

3  simply requires all documents that comprise the lease agreement.

4    Evidence: Fifth Amended Complaint, Exh. A.

5    **Undisputed Material Fact No. 9:**

6    9.    The tenancy addendum (Part C of the HAP contract) lists in part the obligations

7  and limitations of the owner and tenant for the term of the lease and HAP contract.

8    Evidence: Fifth Amended Complaint, Exh. A.

9    **Plaintiffs' Response to Undisputed Material Fact No. 9:**

10    ADMIT.

11    **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 9:**

12    No response necessary.

13    **Undisputed Material Fact No. 10:**

14    10.    The tenancy addendum (Part C of the HAP contract) lists in part the obligations

15  and limitations of the owner and tenant for the term of the lease and HAP contract.

16    Evidence: Fifth Amended Complaint, Exh. A.

17    **Plaintiffs' Response to Undisputed Material Fact No. 10:**

18    ADMIT.

19    **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 10:**

20    No response necessary.

21    **Undisputed Material Fact No. 11:**

22    11.    Section 5 regulates the "Family Payment to Owner" and states that the family is

23  responsible for paying the owner any portion of the rent to owner that is not covered by the PHA

24  housing assistance payment.

25    Evidence: Fifth Amended Complaint, Exh. A.

26    **Plaintiffs' Response to Undisputed Material Fact No. 11:**

27    ADMIT.

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR
IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

1  **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 11:**

2  No response necessary.

3  **Undisputed Material Fact No. 12:**

4  12.   "[T]he monthly housing assistance payment shall be credited against the monthly

5  rent to owner for the contract unit."

6  Evidence: Fifth Amended Complaint, Exh. A.

7  **Plaintiffs' Response to Undisputed Material Fact No. 12:**

8  ADMIT.

9  **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 12:**

10  No response necessary.

11  **Undisputed Material Fact No. 13:**

12  13.   Nothing in the HAP Contract or the HUD regulations concerning the Section 8

13  program mandate how a landlord must apply the family's rent to owner.

14  Evidence: Declaration of Ryan Matthews, par. 4.

15  **Plaintiffs' Response to Undisputed Material Fact No. 13:**

16  Defendants' Undisputed Material Fact No. 13 is an interpretation of the governing law and

17  the terms of the HAP Contract and is therefore a statement of law, not a statement of fact. See,

18  e.g., Walker, 953 F.3d at 1086. Because this assertion is not a statement of fact, no response is

19  required. See E.D. Cal. L.R. 260(b); Colbert, 2015 WL 631451, at *5 n.5.

20  Plaintiffs DENY that the HAP Contract or HUD regulations allow for the payment

21  allocation policy used by Wasatch, which applies the family portion of the rent payment to

22  additional service charges before "base rent." HUD has disapproved of similar payment

23  allocations in a range of housing programs.

24  Evidence:

25  Plaintiffs and Relators' Request for Judicial Notice in Support of Motion for Partial

26  Summary Judgment, Exs. 1-3, ECF No. 243.

27  **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 13:**

28  



DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR
IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Like Undisputed Material Fact 6, this fact does not seek to interpret the law, nor does it

2   assert that any particular practice is explicitly allowed. This UMF is solely that neither the Section

3   8 regulations or the HAP Contract contain any language concerning how a landlord must apply the

4   family's rent to owner. That is a fact.

5   **Undisputed Material Fact No. 14:**

6   14.   The HAP contract and HUD regulations forbid an owner from placing charges in

7   the lease for certain, specified amenities. The regulations do not permit a lease to require a tenant

8   or family members to pay charges for (1) meals or (2) supportive services. In the HAP contract,

9   this proscription is extended to a third amenity for furniture provided by the owner.

10   Evidence: Fifth Amended Complaint, Exh. A.

11   **Plaintiffs' Response to Undisputed Material Fact No. 14:**

12   Defendants' Undisputed Material Fact No. 14 is an interpretation of the governing law and

13   the terms of the HAP Contract and is therefore a statement of law, not a statement of fact. See,

14   e.g., Walker, 953 F.3d at 1086. Because this assertion is not a statement of fact, no response is

15   required. See E.D. Cal. L.R. 260(b); Colbert, 2015 WL 631451, at *5 n.5.

16   Plaintiffs DENY that the HAP Contract and HUD regulations prohibit only those charges

17   specifically identified in the Contract and regulations. See Plaintiffs and Relators' Opposition to

18   Defendants' Motion for Summary Judgment 10-11, filed herewith.

19   **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 14:**

20   Plaintiffs' Denial goes beyond the language of the UMF. Defendants do not assert that the

21   HUD regulations prohibit "only those charges specifically identified in the Contract and

22   regulations". Indeed, there is language cited explicitly prohibiting landlords from charging for

23   unspecified amenities which are customarily included in rent in the locality. (UMF 15.) This UMF

24   solely concerns charges which the regulations *do* specifically prohibit, and Plaintiffs do not appear

25   to dispute that.

26   **Undisputed Material Fact No. 15:**

27   15.   Both the HAP contract and HUD regulations also prohibit an owner from charging

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  a tenant extra amounts for items customarily included in rent in the locality.

2        Evidence: 24 CFR 982.510 (c); Fifth Amended Complaint, Exh. A.

3        **Plaintiffs' Response to Undisputed Material Fact No. 15:**

4        Defendants' Undisputed Material Fact No. 15 is an interpretation of the governing law and

5  the terms of the HAP Contract and is therefore a statement of law, not a statement of fact. See,

6  e.g., Walker, 953 F.3d at 1086. Because this assertion is not a statement of fact, no response is

7  required. See E.D. Cal. L.R. 260(b); Colbert, 2015 WL 631451, at *5 n.5.

8        Plaintiffs DENY that the HAP Contract and HUD regulations prohibit only those charges

9  specifically identified in the Contract and regulations. See Pls.' Opp to Defs.' MSJ at 10-11.

10        **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 15:**

11        Plaintiffs' denial has nothing to do with the actual fact contained in this UMF. There can

12  be no serious dispute that 24 CFR 982.510(c) reads the way Defendants say it does, and indeed,

13  the particular regulation is included in Plaintiffs' Complaint.

14        **Undisputed Material Fact No. 16:**

15        16.    The local PHA calculates the rent to owner and family rent to owner that a Section

16  8 tenant pays (only if tenant's income calculation permits) in accordance with HUD regulations

17  and other requirements.

18        Evidence: 24 CFR 982.4 (b), 982.451 (b)(1).

19        **Plaintiffs' Response to Undisputed Material Fact No. 16:**

20        Defendants' Undisputed Material Fact No. 16 is an interpretation of federal regulations and

21  is therefore a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at 1086.

22  Because this assertion is not a statement of fact, no response is required. See E.D. Cal. L.R.

23  260(b); Colbert, 2015 WL 631451, at *5 n.5.

24        **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 16:**

25        Plaintiffs provide no response.

26        **Undisputed Material Fact No. 17:**

27        17.    Rent to owner covers payments for housing services, maintenance and utilities that

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR
IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

1  the owner is required to provide and pay for.

2      Evidence: 24 CFR 982.4 (b).

3      **Plaintiffs' Response to Undisputed Material Fact No. 17:**

4      Defendants' Undisputed Material Fact No. 17 is an interpretation of federal regulations and

5  is therefore a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at 1086.

6  Because this assertion is not a statement of fact, no response is required. See E.D. Cal. L.R.

7  260(b); Colbert, 2015 WL 631451, at *5 n.5.

8      **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 17:**

9      Plaintiffs provide no response.

10      **Undisputed Material Fact No. 18:**

11      18.    Each month, the monthly housing assistance payment by the PHA is credited to the

12  monthly rent to owner under the tenant's lease.

13      Evidence: 24 CFR 982.451 (b)(2).

14      **Plaintiffs' Response to Undisputed Material Fact No. 18:**

15      Defendants' Undisputed Material Fact No. 18 is an interpretation of federal regulations and

16  is therefore a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at 1086.

17  Because this assertion is not a statement of fact, no response is required. See E.D. Cal. L.R.

18  260(b); Colbert, 2015 WL 631451, at *5 n.5.

19      **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 18:**

20      Plaintiffs provide no response.

21      **Undisputed Material Fact No. 19:**

22      19.    If the tenant also makes a monthly "family rent to owner" in conjunction with the

23  monthly PHA payment, the total rent amount received by the owner cannot exceed the

24  predetermined rent to owner amount.

25      Evidence: 24 CFR 982.451 (b)(3).

26      **Plaintiffs' Response to Undisputed Material Fact No. 19:**

27      Defendants' Undisputed Material Fact No. 19 is an interpretation of federal regulations and

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR
IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

1    is therefore a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at 1086.

2    Because this assertion is not a statement of fact, no response is required. See E.D. Cal. L.R.

3    260(b); Colbert, 2015 WL 631451, at *5 n.5.

4         **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 19:**

5         Plaintiffs provide no response.

6         **Undisputed Material Fact No. 20:**

7         20.    The PHA may not approve a lease between a Section 8 tenant and owner until it

8    has determined that the initial rent to owner is a reasonable rent.  To be reasonable, the PHA

9    considers the housing unit's (1) location, quality, size, unity type, and age of the contract unit; and

10   (2) the amenities, housing services, maintenance and utilities to be provided by the owner in

11   accordance with the lease.

12        Evidence: 24 CFR 982.507 (a)(1-4).

13        **Plaintiffs' Response to Undisputed Material Fact No. 20:**

14        Defendants' Undisputed Material Fact No. 20 is an interpretation of federal regulations and

15   is therefore a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at 1086.

16   Because this assertion is not a statement of fact, no response is required. See E.D. Cal. L.R.

17   260(b); Colbert, 2015 WL 631451, at *5 n.5.

18        **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 20:**

19        Plaintiffs provide no response.

20        **Undisputed Material Fact No. 21:**

21        21.    An owner such as Wasatch must comply with the PHA administrative plan and

22   HUD regulations or risk being in breach of the HAP contract. This could lead to termination of

23   housing assistance payments or even termination of the HAP contract by the PHA.

24        Evidence: 24 CFR 982.453 (b).

25        **Plaintiffs' Response to Undisputed Material Fact No. 21:**

26        Defendants' Undisputed Material Fact No. 21 is an interpretation of federal regulations and

27   is therefore a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at 1086.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4890-0407-2225.1                                    12                    Case No. 2:15-cv-00799-KJM-DB
DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR
IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

1   Because this assertion is not a statement of fact, no response is required. See E.D. Cal. L.R.

2   260(b); Colbert, 2015 WL 631451, at *5 n.5.

3        Plaintiffs DENY Defendants' characterization of the cited regulation, which does not

4   mention the PHA administrative plan nor establish that failure to comply with the administrative

5   plan equates to a breach of the HAP Contract. See 24 C.F.R. § 982.507(b)

6        Plaintiffs clarify that owner responsibilities are set forth at 24 C.F.R. § 982.452 and

7   include the owner's responsibility "for performing all of the owner's obligations under the HAP

8   contract and the lease."

9       **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 21:**

10        Defendants fail to understand why Plaintiffs repeatedly quibble with facts establishing the

11   basic administrative framework of the Section 8 Housing Choice Voucher Program. To the extent

12   Plaintiffs believe that Defendants are not required to comply with any requirements set forth in a

13   PHA's administrative plan, Defendants see no reason to argue.

14       **Undisputed Material Fact No. 22:**

15       22.    An owner must maintain the housing unit in accordance with HQS, collect the

16   family rent to owner and enforce the tenant's obligations under the lease.

17       Evidence: 24 CFR 982.453 (b)(2), (5), (6).

18       **Plaintiffs' Response to Undisputed Material Fact No. 22:**

19        Defendants' Undisputed Material Fact No. 22 is an interpretation of federal regulations and

20   is therefore a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at 1086.

21   Because this assertion is not a statement of fact, no response is required. See E.D. Cal. L.R.

22   260(b); Colbert, 2015 WL 631451, at *5 n.5.

23        Plaintiffs clarify that owner responsibilities are set forth at 24 C.F.R. § 982.452.

24       **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 22:**

25       There is no legitimate dispute here.

26       **Undisputed Material Fact No. 23:**

27       23.    During the tenancy, the owner may terminate if the Section 8 tenant commits

28

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR
IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 serious or repeated violations of the terms and conditions of the lease. This includes termination

2 for failure to pay rent or other amounts due under the lease.

3      Evidence: 24 CFR 982.310 (a)(1).)

4      **Plaintiffs' Response to Undisputed Material Fact No. 23:**

5      Defendants' Undisputed Material Fact No. 23 is an interpretation of federal regulations and

6 is therefore a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at 1086.

7 Because this assertion is not a statement of fact, no response is required. See E.D. Cal. L.R.

8 260(b); Colbert, 2015 WL 631451, at *5 n.5.

9      Plaintiffs DENY that a failure to pay "other amounts due," no matter how small,

10 necessarily constitutes a serious violation of the lease warranting termination of tenancy. See Pls.'

11 Opp to Defs.' MSJ at 11-12.

12      **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 23:**

13      The dispute here concerns interpretation of law, and is addressed in the parties' briefing.

14      **Undisputed Material Fact No. 24:**

15      24.    If an owner wishes to evict a tenant for good cause or other lawful reason under the

16 HUD regulations, the owner must institute a court action.

17      Evidence: 24 CFR 982.310 (f).

18      **Plaintiffs' Response to Undisputed Material Fact No. 24:**

19      Defendants' Undisputed Material Fact No. 24 is an interpretation of federal regulations and

20 is therefore a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at 1086.

21 Because this assertion is not a statement of fact, no response is required. See E.D. Cal. L.R.

22 260(b); Colbert, 2015 WL 631451, at *5 n.5.

23      **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 24:**

24      Plaintiffs provide no response.

25      **Undisputed Material Fact No. 25:**

26      25.    Defendants operate dozens of multi-family rental properties across multiple states.

27      Evidence: Yardi Data; Declaration of Mike Christiansen, Exh. A; par. 4.

28

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR
IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  **Plaintiffs' Response to Undisputed Material Fact No. 25:**

2  ADMIT.

3  However, the Declaration of Mike Christiansen is not accompanied by an "Exhibit A."

4  Plaintiffs object to Paragraphs 3-8, 11 of the Declaration of Mike Christiansen on the grounds that

5  they (1) are based on a spreadsheet that is not in the record, (2) are based on evidence that was not

6  produced, (3) contain inadmissible hearsay, and (4) violate the best evidence rule. See Plaintiffs'

7  Objections to Defendants' Evidence in Support of Motion for Summary Judgment ("Pls.'

8  Objection"), No. 1, filed herewith.

9  **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 25:**

10  Defendants' response here is handled in its response to Plaintiffs' Objections to Evidence.

11  **Undisputed Material Fact No. 26:**

12  26.  As part of their general business practices, Defendants offer tenants the opportunity

13  to enter into Additional Service Agreements ("ASA").

14  Evidence: Declaration of Jarom Johnson, par. 3.

15  **Plaintiffs' Response to Undisputed Material Fact No. 26:**

16  ADMIT that Wasatch has a practice of maintaining additional services at their properties,

17  which are documented in Additional Services Agreements.

18  DENY as to the phrase "offer tenants the opportunity," as Defendants have admitted there

19  were mandatory charges at Wasatch properties and Plaintiffs allege additional mandatory charges

20  beyond those identified by Defendants.

21  Evidence:

22  • Defendants' Motion for Summary Judgment ("Defs.' MSJ"), Ex. 6 (Further Amended

23  Response to Interrogatory No. 18), ECF No. 241-08;

24  • See also Response No. 29, infra.

25  **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 26:**

26  Plaintiffs do not dispute that many charges at many properties were and are optional. To

27  the extent adjudication of this case requires a determination of whether mandatory charges were

28  4890-0407-2225.1

Case No. 2:15-cv-00799-KJM-DB

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 imposed on certain tenants, this class should be decertified.

2      **Undisputed Material Fact No. 27:**

3      27.      These ASAs allow tenants to select additional amenities which, in their estimation,

4 will enhance their living experience at one of Defendants' properties.

5      Evidence: Declaration of Jarom Johnson, par. 4.

6      **Plaintiffs' Response to Undisputed Material Fact No. 27:**

7      ADMIT that Wasatch has used Additional Services Agreements to enroll tenants in fixed

8 monthly charges separate from their "base rent" for the duration of their leases.

9      Evidence:

10      • See Plaintiffs and Relators' Statement of Undisputed Facts in Support of their Motion for

11 Partial Summary Judgment ("Pls.' UF"), Nos. 3-6, ECF No. 242-2.

12      DENY as to the phrase "allow tenants to select additional amenities which, in their

13 estimation, will enhance their living experience at one of Defendants' properties," as Defendants

14 have acknowledged there were mandatory charges at Wasatch properties and Plaintiffs allege

15 additional mandatory charges beyond those identified by Defendants.

16      Evidence:

17      • Defs.' MSJ, Ex. 6 (Further Amended Response to Interrogatory No. 18), ECF 241-08;

18      • Declaration of Denika Terry in Support of Plaintiffs' Motion for Class Certification

19 ("Terry Decl.") ¶ 6, ECF 72-3;

20      • Declaration of Roy Huskey III in Support of Plaintiff's Motion for Class Certification

21 ("Huskey Decl.") ¶ 6, ECF 72-2;

22      • See also Response No. 29, infra.

23      Plaintiffs object to paragraph 4 of the Declaration of Jarom Johnson on the grounds that it

24 is not based on personal knowledge. See Pls.' Objection, No. 2; Fed. R. Evid. 602; Fed. R. Civ. P.

25 5(c)(4).

26      **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 27:**

27      Plaintiffs do not dispute that many charges at many properties were and are optional. To

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4890-0407-2225.1                                      16                      Case No. 2:15-cv-00799-KJM-DB

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR
IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

1  the extent adjudication of this case requires a determination of whether mandatory charges were

2  imposed on certain tenants, this class should be decertified.

3  **Undisputed Material Fact No. 28:**

4  28.    These amenities include, but are not limited to, covered parking, in-unit washers

5  and dryers, renter's insurance, media packages, and the Rent Plus service.

6  Evidence: Fifth Amended Complaint, Exh. G.

7  **Plaintiffs' Response to Undisputed Material Fact No. 28:**

8  ADMIT.

9  **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 28:**

10  No response necessary.

11  **Undisputed Material Fact No. 29:**

12  29.    Broadly speaking, these ASAs are optional for all tenants. However, there have

13  been limited instances in which tenants at particular properties were required to enter into ASAs

14  for one or more specific amenities as a condition of leasing.

15  Evidence: Deposition of Jarom Johnson, p. 187, ln. 7-18; Defendants' Third Further

16  Amended Responses to Plaintiff Roy Huskey III's Interrogatories, Set Five.

17  **Plaintiffs' Response to Undisputed Material Fact No. 29:**

18  DENY that additional services are optional for all tenants "[b]roadly speaking" and that

19  there were only "limited instances" in which additional services were mandatory. Defendants'

20  cited evidence identifies numerous mandatory charges during the Relevant Period and Plaintiffs

21  allege additional mandatory charges beyond those identified by Defendants.

22  Evidence:

23  • Defs.' MSJ, Ex. 6 (Further Amended Response to Interrogatory No. 18), ECF 241-08;

24  Pls.' UF Nos. 37-44 (documenting Wasatch's company-wide requirement that tenants

25  purchase renters insurance);

26  • Deposition of Janae Jarvis ("Jarvis Dep.") 51:8-10, 52:15-19, 54:5-18, Sept. 10, 2021,

27  Nako Decl. Ex. 4 at 6-8;

28  4890-0407-2225.1

Case No. 2:15-cv-00799-KJM-DB

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR
IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1     • Deposition of Katie Dao ("Dao Dep.") 105:15-106:22, 116:21-118:4, Nov. 3, 2021, Nako

2  Decl. Ex. 8 at 4-5, 9-11;

3     • Deposition of Denika Terry ("Terry Dep.") 47:15-48:8, 134:3-134:16, 236:23-237:3,

4  June 19, 2017, Nako Decl. Ex. 10 at 4-8;

5     • Deposition of Roy Huskey III ("Huskey Dep.") 88:7-90:11, Aug. 8, 2017, Nako Decl. Ex.

6  11 at 3-5;

7     • Terry Decl. ¶ 6, ECF 72-3;

8     • Huskey Decl. ¶ 6, ECF 72-2.

9     Defendants' cited evidence also references a "corporate policy" exempting Section 8

10  tenants from otherwise mandatory additional service charges. Plaintiffs dispute the existence of

11  any such policy. See Plaintiffs and Relators' Statement of Disputed Facts, Nos. 2-8, filed herewith.

12  **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 29:**

13     There can be no serious argument that all Section 8 tenants were required to incur all

14  additional service charges. Whether "broadly speaking" is a fair characterization is up to the

15  Court. However, the limited proportion of Section 8 tenants both overall and property-by-property

16  that incurred these charges speaks for itself, and is undisputed.

17  **Undisputed Material Fact No. 30:**

18     30.     Generally speaking, Section 8 tenants are provided with the same opportunities to

19  enter into ASAs as non-Section 8 tenants.

20     Evidence: Declaration of Jarom Johnson, par. 5.

21  **Plaintiffs' Response to Undisputed Material Fact No. 30:**

22     ADMIT.

23  **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 30:**

24     No response needed.

25  **Undisputed Material Fact No. 31:**

26     31.     With respect to ASA amenities, non-Section 8 tenants do not receive any benefits

27  that Section 8 tenants are denied. Which is to say, if a Section 8 tenant is charged $10 for covered


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

28  4890-0407-2225.1                    18                    Case No. 2:15-cv-00799-KJM-DB

1  parking, a non-Section 8 tenant will be charged the same amount.

2        Evidence: Declaration of Jarom Johnson, par. 6.

3        **Plaintiffs' Response to Undisputed Material Fact No. 31:**

4        ADMIT.

5        **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 31:**

6        No response needed.

7        **Undisputed Material Fact No. 32:**

8        32.     On a company-wide basis, the data bears out that ASAs are optional for Section 8

9  tenants. Of the Section 8 tenants at Wasatch Property Management properties, only a fraction of

10  the tenants have entered into an ASA of any kind.

11        Evidence: Declaration of Mike Christiansen, par. 3-8; Exh. A.

12        **Plaintiffs' Response to Undisputed Material Fact No. 32:**

13        DENY that "the data bears out that ASAs are optional for Section 8 tenants." Defendants

14  cite evidence that has not been produced or entered in the record. Defendants acknowledge in their

15  Motion for Summary Judgment that there is a dispute as to whether Section 8 tenants were subject

16  to mandatory charges.

17        Evidence:

18        • Defs.' MSJ at 7 n.1, ECF No. 241 (explaining that the parties disagree on whether

19  Section 8 tenants were exempt from mandatory additional service charges at Wasatch properties

20  and stating this issue is "not a component of either party's Motion for Summary Judgment").

21        Defendants have acknowledged there were numerous mandatory charges during the

22  Relevant Period and Plaintiffs allege additional mandatory charges beyond those identified by

23  Defendants.

24        Evidence:

25        • Defs.' MSJ, Ex. 6, ECF 241-08 (Further Amended Response to Interrogatory No. 18);

26        • Pls.' UF Nos. 37-44;

27        • Jarvis Dep. 51:8-10, 52:15-19, 54:5-18, Sept. 10, 2021, Nako Decl. Ex. 4 at 6-8;

28  

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  • Dao Dep. 105:15-106:22, 116:21-118:4, Nov. 3, 2021, Nako Decl. Ex. 8 at 4-5, 9-11;

2  • Terry Dep. 47:15-48:8, 134:3-134:16, 236:23-237:3, June 19, 2017, Nako Decl. Ex. 10 at

3  4-8;

4  • Huskey Dep. 88:7-90:11, Aug. 8, 2017, Nako Decl. Ex. 11 at 3-5;

5  • Terry Decl. ¶ 6, ECF 72-3;

6  • Huskey Decl. ¶ 6, ECF 72-2.

7  DENY that "only a fraction" of Section 8 tenants entered into an Additional Services

8  Agreement. Nearly 2,500 tenants in California alone paid additional service charges during the

9  Relevant Period, totaling over $2,500,000. Hundreds of tenants across California, Washington,

10  Arizona, and Utah paid for mandatory renters insurance each year between 2006 and 2020.

11  • Expert Report of David Breshears ¶¶ 11, 14, ECF No. 242-3.

12  The Declaration of Mike Christiansen is not accompanied by an "Exhibit A." Plaintiffs

13  object to Paragraphs 3-8, 11 of the Declaration of Mike Christiansen on the grounds that they (1)

14  are based on a spreadsheet that is not in the record, (2) are based on evidence that was not

15  produced, (3) contain inadmissible hearsay, and (4) violate the best evidence rule. See Pls.'

16  Objection No. 1.

17  **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 32:**

18  Defendants do not contend that these charges were always optional. However, as noted, the

19  data shows that nowhere near 100% of tenants incurred any particular additional service charge.

20  Plaintiffs had full access to Defendants' Yardi database. If there was data contradicting

21  Defendants' conclusion, Plaintiffs would have produced it. There is no data, and the inescapable

22  conclusion is that these charges were not mandatory on a class-wide basis.

23  **Undisputed Material Fact No. 33:**

24  33.    The data establishes that no ASA charges were incurred by all or even close to all

25  of Wasatch's Section 8 tenants, which shows that there are no ASA charges which were

26  mandatory conditions of leasing which the entire class of plaintiffs was required to incur.

27  Evidence: Declaration of Mike Christiansen, par. 3-8; Exh. A.

28  4890-0407-2225.1

Case No. 2:15-cv-00799-KJM-DB

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR
IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**Plaintiffs' Response to Undisputed Material Fact No. 33:**

DENY that there are no additional service charges that were mandatory for the Classes.

Defendants acknowledge in their Motion for Summary Judgment that there is a dispute as to whether Section 8 tenants were subject to mandatory charges.

Evidence:

• Defs.' MSJ at 7 n.1, ECF No. 241 (explaining that the parties disagree on whether Section 8 tenants were exempt from mandatory additional service charges at Wasatch properties and stating this issue is "not a component of either party's Motion for Summary Judgment").

Until around December 2019, Wasatch required tenants to purchase renters insurance as a condition of living in many Wasatch properties. Wasatch's standard lease required tenants without coverage to "agree to be enrolled in the 'pay along with rent' program and . . . charged accordingly."

• Pls.' UF Nos. 37-44

Defendants have acknowledged there were numerous mandatory charges during the Relevant Period and Plaintiffs allege additional mandatory charges beyond those identified by Defendants.

Evidence:

• Defs.' MSJ, Ex. 6 (Further Amended Response to Interrogatory No. 18), ECF 241-08;

• Pls.' UF Nos. 37-44;

• Jarvis Dep. 51:8-10, 52:15-19, 54:5-18, Sept. 10, 2021, Nako Decl. Ex. 4 at 6-8;

• Dao Dep. 105:15-106:22, 116:21-118:4, Nov. 3, 2021, Nako Decl. Ex. 8 at 4-5, 9-11;

• Terry Dep. 47:15-48:8, 134:3-134:16, 236:23-237:3, June 19, 2017, Nako Decl. Ex. 10 at 4-8;

• Huskey Dep. 88:7-90:11, Aug. 8, 2017, Nako Decl. Ex. 11 at 3-5;

• Terry Decl. ¶ 6, ECF 72-3;

• Huskey Decl. ¶ 6, ECF 72-2.

Nearly 2,500 tenants in California alone paid additional service charges during the


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

1  Relevant Period, totaling over $2,500,000. Hundreds of tenants across California, Washington,

2  Arizona, and Utah paid for mandatory renters insurance each year between 2006 and 2020.

3       Evidence:

4  • Expert Report of David Breshears ¶¶ 11, 14, ECF No. 242-3.

5       The Declaration of Mike Christiansen is not accompanied by an "Exhibit A." Plaintiffs

6  object to Paragraphs 3-8, 11 of the Declaration of Mike Christiansen on the grounds that they (1)

7  are based on a spreadsheet that is not in the record, (2) are based on evidence that was not

8  produced, (3) contain inadmissible hearsay, and (4) violate the best evidence rule. See Pls.'

9  Objection No. 1.

10       **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 33:**

11       Plaintiffs' denial, and the explanation thereof, establishes that they are not denying the fat

12  that Defendants are asserting. Plaintiffs' response is effectively a non-sequitur. Plaintiffs do not

13  appear to dispute that, as Defendants said, "no ASA charges were incurred by all or even close to

14  all of Wasatch's Section 8 tenants, which shows that there are no ASA charges which were

15  mandatory conditions of leasing which the entire class of plaintiffs was required to incur."

16       **Undisputed Material Fact No. 34:**

17       34.    Once a tenant enters into an ASA, the tenant is required to pay the charges for the

18  services they receive.

19       Evidence: Deposition of Jarom Johnson, Vol. 1, p. 59, ln. 10-17.

20       **Plaintiffs' Response to Undisputed Material Fact No. 34:**

21       ADMIT. Throughout the Relevant Period, Wasatch has required tenants to pay the

22  additional charges on the Additional Services Agreement throughout the terms covered by the

23  tenants' leases.

24       Evidence:

25  • See Pls.' UF No. 5.

26       **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 34:**

27       No response needed.

28    4890-0407-2225.1          22        Case No. 2:15-cv-00799-KJM-DB


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**Undisputed Material Fact No. 35:**

35.     Tenant ledgers itemize those charges, in addition to any other amounts due under the lease, including utility charges and rent.

Evidence: Declaration of Mike Christiansen, par. 9.

**Plaintiffs' Response to Undisputed Material Fact No. 35:**

ADMIT.

**Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 35:**

No response needed.

**Undisputed Material Fact No. 36:**

36.     Defendants utilize the Yardi Voyager system to handle tenant accounting.

Evidence: Declaration of Mike Christiansen, par 10.

**Plaintiffs' Response to Undisputed Material Fact No. 36:**

ADMIT.

**Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 36:**

No response needed.

**Undisputed Material Fact No. 37:**

37.     The Yardi accounting software utilizes a payment priority sequence to apply tenant payments to all outstanding charges.

Evidence: Exhibit 3 to the Deposition of Janae Jarvis.

**Plaintiffs' Response to Undisputed Material Fact No. 37:**

ADMIT that the Yardi accounting software utilizes a payment priority sequence.

DENY that Wasatch uses a Yardi default payment priority sequence. The company's custom payment priority sequence is reflected in Exhibit 3 to the Jarvis Deposition.

Evidence:

• Defs.' MSJ, Ex. 7, ECF No. 241-9;

• Declaration of Geoffrey Gelb ("Gelb Decl.") ¶¶ 8-10, filed herewith.

**Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 37:**

1      Defendants does not contend that it was a default sequence. Plaintiffs' denial has nothing

2   to do with the Undisputed Material Fact.

3      **Undisputed Material Fact No. 38:**

4      38.      That payment priority sequence contains a large number of charge codes, and it

5   applies tenant payments in sequence to each outstanding charge.

6      Evidence: Exhibit 3 to the Deposition of Janae Jarvis.

7      **Plaintiffs' Response to Undisputed Material Fact No. 38:**

8      ADMIT.

9      **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 38:**

10      No response needed.

11      **Undisputed Material Fact No. 39:**

12      39.      The final charge in the payment priority sequence is Rent.

13      Evidence: Exhibit 3 to the Deposition of Janae Jarvis.

14      **Plaintiffs' Response to Undisputed Material Fact No. 39:**

15      ADMIT that the final charge in Wasatch's custom payment priority sequence is rent.

16      DENY that the final charge in Yardi's default payment priority sequence is rent.

17      Evidence:

18      • Defs.' MSJ, Ex. 7, ECF No. 241-9;

19      • Declaration of Geoffrey Gelb ("Gelb Decl."), ¶¶ 8-10, filed herewith.

20      **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 39:**

21      Defendants does not contend that it was a default sequence. The sequence is customized to

22   include the particular charge codes used by Defendants. Plaintiffs' denial has nothing to do with

23   the Undisputed Material Fact.

24      **Undisputed Material Fact No. 40:**

25      40.      The result is that if a tenant makes a payment for less than the full amount that said

26   tenant owes, the delinquent amounts will include any remaining rent owed for the month.

27      Evidence: Deposition of Jarom Johnson, Vol. 1, p. 121, ln. 16-p. 123, ln. 3.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    **Plaintiffs' Response to Undisputed Material Fact No. 40:**

2    ADMIT that this is the result of Wasatch's payment sequence.

3    **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 40:**

4    No response needed.

5    **Undisputed Material Fact No. 41:**

6    41.    This accounting practice is industry standard, and is taught to landlords by the

7    Institute of Real Estate Management.

8    Evidence: Deposition of Robert Griswold, p. 173, ln. 6-21.

9    **Plaintiffs' Response to Undisputed Material Fact No. 41:**

10    DENY that the accounting practice is industry standard. HUD has disapproved of similar

11    payment allocations that apply the family portion of the rent payment to additional service charges

12    before "base rent."

13    Evidence:

14    • Pls.' Req. Judicial Notice, ECF No. 243, Exs. 1-3.

15    DENY that Wasatch uses a standard payment priority sequence. The company's custom

16    payment priority sequence is reflected in Exhibit 3 to the Jarvis Deposition.

17    Evidence:

18    • Defs.' MSJ, Ex. 7, ECF No. 241-9;

19    • Gelb Decl. ¶¶ 8-10, filed herewith.

20    **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 41:**

21    The evidence cited by Plaintiffs has nothing to do with the Section 8 program. The Section

22    8 program is fundamentally different from government-owned housing projects because it

23    concerns private landlords. This payment priority sequence is industry-standard for private

24    landlords, not for government housing projects. Evidence: Deposition of Robert Griswold, p. 173,

25    ln. 6-21.

26    **Undisputed Material Fact No. 42:**

27    42.    The purpose of leaving rent as the final charge in the payment priority sequence is

28    
DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR
IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   to allow landlords to pursue evictions for delinquent amounts.

2       Evidence: Deposition of Jarom Johnson, Vol. 1, p. 121, ln. 16-p. 123, ln. 3.

3       **Plaintiffs' Response to Undisputed Material Fact No. 42:**

4       ADMIT that this is the purpose of Wasatch's payment priority sequence.

5       **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 42:**

6       No response needed.

7       **Undisputed Material Fact No. 43:**

8       43.     Housing authorities are generally aware of Defendants' use of Additional Services

9   Agreements with Section 8 tenants.

10      Evidence: Deposition of Mary Rizzo Shuman, p. 65, ln. 11-p. 66, ln. 14; Deposition of

11  Barbara Cavey, p. 43, ln. 5-p. 44, ln. 9; Deposition of Cheryl Syme, p. 26, ln. 14-p. 27, ln. 22;

12  Deposition of Jacqueline Rojas, p. 45, ln. 11-p. 46, ln. 13; Deposition of Jodi Parker, p. 55, ln. 10-

13  p. 56, ln. 9; see also Declaration of Shannon Fox.

14      **Plaintiffs' Response to Undisputed Material Fact No. 43:**

15      DENY. The deposition excerpts relied upon by Defendants do not demonstrate a general

16  awareness of Wasatch's use of Additional Services Agreements with Section 8 tenants. The cited

17  testimony excerpts reference Additional Services Agreements generally or involve the witness

18  being given a Wasatch Additional Services Agreement to review as an exhibit in the deposition.

19      Evidence:

20      • Defs.' MSJ, Exs. 9-13, ECF Nos. 241-11 to 241-15.

21      At deposition, just one month before signing her declaration, Shannon Fox testified that

22  she had never seen separate agreements or Additional Services Agreements from Wasatch

23  properties. She also testified that she had not been involved in any way with separate agreements

24  or side payment issues in her two years working for the Sacramento Housing and Redevelopment

25  Agency.

26      Evidence:

27      • Deposition of Shannon Fox ("Fox Dep.") 22:25-23:4, 43:4-11, 49:23-50:2, 56:5-9, Aug.

28  4890-0407-2225.1                          26                    Case No. 2:15-cv-00799-KJM-DB

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | 7, 2017, Nako Decl. Ex. 12 at 2-3, 5, 8-9, 12.

2 |      The housing authority deponents were not familiar with Wasatch properties or their

3 | Additional Services Agreements.

4 |      Evidence:

5 |      • Deposition of Mary Rizzo-Shuman ("Rizzo-Shuman Dep.") 56:19-22, July 24, 2017,

6 | Nako Decl. Ex. 14 at 5;

7 |      • Deposition of Barbara Cavey ("Cavey Dep.") 127:24-128:24, Aug. 2, 2017, Nako Decl.

8 | Ex. 13 at 4-5;

9 |      • Deposition of Julie Odlum ("Odlum Dep.") 142:7-13, 143:3-8, July 31, 2017, Nako Decl.

10 | Ex. 16 at 9-10.

11 |      Housing authority staff generally do not closely review or analyze lease terms, Additional

12 | Services Agreements, or other related documents provided by owners.

13 |      Evidence:

14 |      • Deposition of Jodi Parker ("Parker Dep.") 65:16-20, 67:2-11, July 17, 2017, Nako Decl.

15 | Ex. 15 at 3-4;

16 |      • Rizzo-Shuman Dep. 36:9-37:9, 69:25-70:11, 84:24-85:5, 102:21-23, July 24, 2017, Nako

17 | Ex. 14 at 3-4, 6-7, 9-10, 12;

18 |      • Odlum Dep. 43:5-10, July 31, 2017, Nako Decl. Ex. 16 at 4.

19 |      Wasatch does not inform housing authorities about its internal policies and practices

20 | related to additional service charges.

21 |      Evidence:

22 |      • Jarvis Dep. 46:19-47:10, Sept. 10, 2021, Nako Decl. Ex. 4 at 3-4;

23 |      • Jarvis Dep. 342:19-344:24, Sept. 14, 2021, Nako Decl. Ex. 4 at 26-28;

24 |      • Deposition of Jarom Johnson ("Johnson Dep.") 72:10-21, July 19, 2021, Nako Decl.

25 | 6 at 7;

26 |      • Deposition of Bradley Mishler ("Mishler Dep.") 108:19-109:6, Nov. 19, 2021, Nako

27 | Decl. Ex. 7 at 3-4;

28 |

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR
IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    • Deposition of Dave Tanforan ("Tanforan Dep.") 69:25-70:9, Aug. 9, 2017, Nako Decl.

2    Ex. 5 at 2-3.

3        Plaintiffs object to the deposition testimony of Jodi Parker (55:10-56:9) as improper legal

4    opinion testimony. See Pls.' Objection No. 4

5        Plaintiffs object to paragraphs 5-8 of the Declaration of Shannon Fox as (1) lacking

6    foundation and (2) improper legal opinion testmony. See Pls.' Objection No. 5.

7        **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 43:**

8        None of this evidence cited by Plaintiffs concerns whether these housing authorities are

9    generally aware of Additional Service Agreements or similar contracts for amenities. The

10   testimony cited by Defendants shows that the housing authority employees deposed by the parties

11   were, in fact, aware of the use of Additional Service Agreements. Plaintiffs do not seriously

12   dispute their overall awareness—instead, Plaintiffs appear to argue that the housing authorities are

13   unaware of the specific internal practices relating to those agreements. That level of specificity is

14   not a part of this undisputed fact.

15       **Undisputed Material Fact No. 44:**

16       44.    Multiple representatives of housing authorities have expressed approval of the use

17   of ASAs in the context of the Housing Choice Voucher Program.

18       Evidence: Deposition of Jodi Parker, p. 55, ln. 10-p. 56; Declaration of Shannon Fox.

19       **Plaintiffs' Response to Undisputed Material Fact No. 44:**

20       DENY. Housing authority staff do not "approve" Additional Services Agreements as

21   compliant with HUD regulations or the HAP Contract or legal on any other basis.

22       Evidence:

23       • Cavey Dep. 65:20-25, Aug. 2, 2017, Nako Decl. Ex. 13 at 3;

24       • Deposition of Cheryl Syme ("Syme Dep.") 61:18-62:9, July 18, 2017, Nako Decl. Ex. 17

25   at 5-6;

26       • Deposition of Mary Rivera ("Rivera Dep.") 110:9-14, July 18, 2017, Nako Decl. Ex. 18

27   at 3;

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   • Parker Dep. 67:2-11, 67:20-25, July 17, 2017, Nako Decl. Ex. 15 at 4;

2   • Deposition of Jacqueline Rojas ("Rojas Dep.") 62:4-13, July 17, 2017, Nako Decl. Ex. 19

3   at 4;

4   Odlum Dep. 103:13-104:14, 105:9-13, 115:13-21, July 31, 2017, Nako Decl. Ex. 16 at 5-8;

5   • Rizzo-Shuman Dep. 78:3-15, 94:7-17, July 24, 2017, Nako Decl. Ex. 14 at 8, 11.

6   At deposition, just one month before signing her declaration, Shannon Fox testified that

7   her job duties were "rent increase requests and ownership changes," and that she was not involved

8   in any way with separate agreements or side payment issues. She had not been given related

9   training, had never been asked to approve of a separate agreement as part of her job duties, and

10  had limited knowledge of approvals by others in her agency.

11  Evidence:

12  • Fox Dep. 23:8-11, 24:2-8, 43:4-11, 46:14-47:14, 49:23-50:2, 53:17-54:4, Aug. 7, 2017,

13  Nako Decl. Ex. 12 at 3-11.

14  Wasatch has never relied on housing authority approval of their Additional Services

15  Agreement in determining their own policies and practices.

16  Evidence:

17  • Def's Resp. to Huskey Interrog., Set 1, No. 2, Nako Decl. Ex. 41;

18  • Jarvis Dep. 345:14-18, Sept. 14, 2021, Nako Decl. Ex. 4 at 29;

19  • Jarvis Dep. 28:3-11, 175:15-176:1, Sept. 10, 2021, Nako Decl. Ex. 4 at 2, 19-20;

20  • Jarvis Dep. 124:24-125:2, 133:7-134:3, 135:8-17, 137:2-4, Aug. 10, 2017, Nako Decl.

21  Ex. 3 at 4-9.

22  Plaintiffs object to the deposition testimony of Jodi Parker (55:10-56:9) as improper legal

23  opinion testimony. See Pls.' Objection No. 4

24  Plaintiffs object to paragraphs 5-8 of the Declaration of Shannon Fox as (1) lacking

25  foundation and (2) improper legal opinion testimony. See Pls.' Objection No. 5.

26  **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 44:**

27  Defendants have not asserted that housing authorities "approve" Additional Service



28

1   Agreements. Defendants' UMF states that multiple housing authority officials "have expressed

2   approval", which is indisputably true.

3   **Undisputed Material Fact No. 45:**

4   45.     Wasatch generally submits the ASAs to the housing authorities as part of the lease

5   packets when entering into HAP Contracts.

6   Evidence: Declaration of Jarom Johnson, par. 7.

7   **Plaintiffs' Response to Undisputed Material Fact No. 45:**

8   DENY. The record includes multiple examples of Wasatch submitting lease packets to

9   housing authorities without the Additional Services Agreements.

10   Evidence:

11   • Collection of communications with agencies administering the Section 8 program, Nako

12   Decl. Ex. 44;

13   • Jarvis Dep. 46:1-23, Sept. 10, 2021, Nako Decl. Ex. 4 at 3.

14   Wasatch properties do not include additional service charges on rent increase notices sent

15   to local housing authorities.

16   • Jarvis Dep. 314:2-25, Sept. 14, 2021, Nako Decl. Ex. 4 at 25.

17   When Additional Services Agreements are signed after the HAP Contract is approved,

18   Wasatch properties do not provide them to the housing authority.

19   • Johnson Dep. 68:14-21, July 19, 2021, Nako Decl. Ex. 6 at 6.

20   Wasatch does not inform housing authorities of its internal policies and practices related to

21   additional service charges.

22   • Jarvis Dep. 46:19-47:10, Sept. 10, 2021, Nako Decl. Ex. 4 at 3-4;

23   • Jarvis Dep. 342:19-344:24, Sept. 14 2021, Nako Decl. Ex. 4 at 26-28;

24   • Tanforan Dep. 69:25-70:9, Aug. 9, 2017, Nako Decl. Ex. 5 at 2-3;

25   • Johnson Dep. 72:10-21, July 19, 2021, Nako Decl. Ex. 6 at 7;

26   • Mishler Dep. 108:19-109:6, Nov. 19, 2021, Nako Decl. Ex. 7 at 3-4.

27   **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 45:**

28   4890-0407-2225.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Case No. 2:15-cv-00799-KJM-DB

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR
IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

1    There being multiple examples does not alter the general practice. This fact is not

2  legitimately disputed.

3    **Undisputed Material Fact No. 46:**

4    46.    There are no facts in evidence to establish that any tenant did not receive the

5  additional services that they signed up and paid for.

6    Evidence: Declaration of Jarom Johnson, par. 8.

7    **Plaintiffs' Response to Undisputed Material Fact No. 46:**

8    ADMIT.

9    **Defendants' Reply to Plaintiffs' Response to Undisputed Material Fact No. 46:**

10    No response needed.

11

12  DATED:  May 27, 2022            LEWIS BRISBOIS BISGAARD & SMITH LLP

13

14                        By:    _/s/ Ryan Matthews_

15                               RYAN MATTHEWS
                                 Attorneys for Defendants
16

17

18

19

20

21

22

23

24

25

26

27

28



DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR
IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

**FEDERAL COURT PROOF OF SERVICE**

USA-Terry v Wasatch Property Management, et al.
Case No. 2:15-cv-00799-KJM-DB

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 27, 2022, I served the following document(s):

- DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR IN FURTHER ALTERNATIVE CLASS DECERTIFICATION

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 27, 2022, at Sacramento, California.

/s/ Alicia Crespo
Alicia Crespo


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4890-0407-2225.1

1

Case No. 2:15-cv-00799-KJM-DB

**SERVICE LIST**
*USA-Terry v Wasatch Property Management, et al.*
**Case No. 2:15-cv-00799-KJM-DB**

| | |
|---|---|
| Andrew Wolff<br>Law Office of Andrew Wolff, PC<br>1956 Webster Street, Suite 275<br>Oakland, CA 94612 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.:  (510) 834-3300<br>Email:  andrew@awolfflaw.com |
| Jesse Newmark<br>CENTRO LEGAL DE LA RAZA<br>3022 International Blvd., Suite 410<br>Oakland, CA 94601 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.:  (510) 437-1554 x115<br>Fax:  (510) 437-9164<br>Email:  jessenewmark@centrolegal.org |
| Laura L. Ho<br>Anne Bellows<br>Stephanie Tilden<br>GOLDSTEIN, BORGEN, DARDARIAN & HO<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612 | ***Attorneys for Plaintiffs and Relators and the Certified Classes***<br><br>Tel:  (510) 763-9800<br>Fax:  (510) 835-1417<br>Email:  ljo@gbdhlegal.com<br>Email:  abellows@gbdhlegal.com<br>Email:  stilden@gbdhlegal.com<br>Email:  sgrimes@gbdhlegal.com<br>Email:  dvaldez@gbdhlegal.com |
| Vincente Antonio Tennerelli<br>United States Attorney's Office<br>2500 Tulare Street, Suite 4401<br>Fresno, CA 93721 | ***Attorney for Intervenor Plaintiff***<br>***United States of America***<br><br>Tel.:  (559) 497-4080<br>Email: Vincente.Tennerelli@usdoj.gov<br>Email: joni.jones@usdoj.gov |
| Jocelyn D. Larkin<br>Lindsay Nako<br>The Impact Fund<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704 | ***Attorney for Plaintiffs***<br><br>Tel: (510) 845-3473 x.306<br>Fax: (510) 845-3654<br>Email: jlarkin@impactfund.org<br>Email: lnako@impactfund.org |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW