**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
  E-Mail: Joe.Salazar@lewisbrisbois.com
RYAN MATTHEWS, SB# 311674
  E-Mail: Ryan.Matthews@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

UNITED STATES OF AMERICA, ex rel.
DENIKA TERRY, ROY HUSKEY III, and
TAMERA LIVINGSTON, and each of them
for themselves individually, and for all other
persons similarly situated and on behalf of the
UNITED STATES OF AMERICA,

              Plaintiffs/Relators,

      vs.

WASATCH ADVANTAGE GROUP, LLC,
WASATCH PROPERTY MANAGEMENT,
INC., WASATCH POOL HOLDINGS, LLC,
CHESAPEAKE APARTMENT HOLDINGS,
LLC, LOGAN PARK APARTMENTS, LLC,
LOGAN PARK APARTMENTS, LP, ASPEN
PARK HOLDINGS, LLC, BELLWOOD
JERRON HOLDINGS, LLC, BELLWOOD
JERRON APARTMENTS, LP, BENT TREE
APARTMENTS, LLC, CALIFORNIA
PLACE APARTMENTS, LLC, CAMELOT
LAKES HOLDINGS, LLC, CANYON CLUB
HOLDINGS, LLC, COURTYARD AT
CENTRAL PARK APARTMENTS, LLC,
CREEKSIDE HOLDINGS, LTD,
HAYWARD SENIOR APARTMENTS, LP,
HERITAGE PARK APARTMENTS, LP,
OAK VALLEY APARTMENTS, LLC, OAK
VALLEY HOLDINGS, LP, PEPPERTREE
APARTMENT HOLDINGS, LP, PIEDMONT
APARTMENTS, LP, POINT NATOMAS

CASE NO. 2:15-cv-00799-KJM-DB

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF DISPUTED FACTS IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR FURTHER ALTERNATIVE DECERTIFICATION**

Date:     July 8, 2022
Time:    10:00 a.m.
Crtrm.:  3, 15th Floor

The Hon. Kimberly J. Mueller

Trial Date:        None Set

4887-9090-0002.1

1

Case No. 2:15-cv-00799-KJM-DB

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  APARTMENTS, LLC, POINT NATOMAS
   APARTMENTS, LP, RIVER OAKS
2  HOLDINGS, LLC, SHADOW WAY
   APARTMENTS, LP, SPRING VILLA
3  APARTMENTS, LP, SUN VALLEY
   HOLDINGS, LTD, VILLAGE GROVE
4  APARTMENTS, LP, WASATCH QUAIL
   RUN GP, LLC, WASATCH PREMIER
5  PROPERTIES, LLC, WASATCH POOL
   HOLDINGS III, LLC, and DOES 1-4
6
            Defendants.
7

8          Defendants WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY

9  MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE COMMONS

10 HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, and LOGAN PARK APARTMENTS,

11 LP hereby submit this Response to Plaintiffs' Statement of Disputed Facts in Opposition to

12 Motion for Summary Judgment, or in the Alternative Summary Adjudication, or in Further

13 Alternative Class Decertification.

14         **Statement of Disputed Fact No. 1:**

15         Wasatch's corporate employees understood that mandatory charges outside of rent to

16 owner are not permitted under the Section 8 program.

17         Evidence:

18         Deposition of Jarom Johnson ("Johnson Dep.") 57:15-58:21, 84:23-85:4, July 19, 2021,

19 Nako Decl. Ex. 6 at 4-5, 11-12;

20         Johnson Dep. 75:16-76:15, Nov. 10, 2021, Nako Decl. Ex. 6 at 49-50;

21         Deposition of Janae Jarvis ("Jarvis Dep.") 247:11- 248:7, Sept. 10, 2021, Nako Decl. Ex. 4

22 at 21-22;

23         Deposition of Shawn Fetter ("Fetter Dep.") 364:7- 21, Oct. 28, 2021, Nako Decl. Ex. 2 at

24 4;

25         Deposition of Katie Dao ("Dao Dep.") 126:2-15, Nov. 3, 2021, Nako Decl. Ex. 8 at 17.

26         **Defendants' Response to Statement of Disputed Fact No. 1:**

27         Defendants dispute that all of its corporate employees had an informed understanding of

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  the legal nuances of the Section 8 program. Defendants acknowledge that each of the employees

2  listed above did acknowledge that this was their understanding.

3  **Statement of Disputed Fact No. 2:**

4  During the Relevant Period, Wasatch did not exempt Section 8 tenants from mandatory

5  charges.

6  Evidence:

7  Dao Dep. 118:12-119:6, Nov. 3, 2021, Nako Decl. Ex. 8 at 11-12;

8  Deposition of Dave Tanforan ("Tanforan Dep.") 97:24-99:5, 99:18-23, Aug. 9, 2017, Nako

9  Decl. Ex. 5 at 4-6;

10  Jarvis Dep. 57:14-24, 115:16-25; 179:20-180:1, Aug. 10, 2017, Nako Decl. Ex. 3 at 2, 3,

11  10-11;

12  Fetter Dep. 127:20-128:7, Aug. 11, 2017, Nako Decl. Ex. 1 at 2-3;

13  Declaration of Denika Terry in Support of Plaintiffs' Motion for Class Certification ¶¶ 3-8,

14  ECF 72-3;

15  Declaration of Roy Huskey III in Support of Plaintiff's Motion for Class Certification ¶¶ 3-

16  8, ECF 72-2.

17  **Defendants' Response to Statement of Disputed Fact No. 2:**

18  Disputed. A number of Defendants' corporate employees expressed their understanding

19  that these charges should be optional for Section 8 tenants. The policy in question is a result of

20  that understanding. Whether that policy was universally implemented at a property-by-property,

21  tenant-by-tenant level is an open question, but the existence of an unwritten policy is a disputed

22  fact.

23  Evidence:

24  Deposition of Jarom Johnson, 215:14-216:17;

25  Deposition of Shawn Fetter, 31:15-31:22; 86:6-19.

26  **Statement of Disputed Fact No. 3:**

27  Wasatch's Standard Residential Rental Agreement does not include any reference to an



28   3  Case No. 2:15-cv-00799-KJM-DB

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  exemption from mandatory charges for Section 8 tenants.

2        Evidence:

3        Bellows Decl. Ex. 14, ECF No. 248-1 (collection of Wasatch Residential Rental

4  Agreements);

5        Johnson Dep. 227:2-229:25, July 19, 2021, Nako Decl. Ex. 6 at 27-29;

6        Residential Rental Agreement for Janice Bush (Johnson Dep. Ex. 28), Nako Decl. Ex. 30;

7        Deposition of Tyler Raymond ("Raymond Dep.") 121:15-123:11, Dec. 7, 2021, Nako

8  Decl. Ex. 9 at 4-6;

9        Residential Rental Agreement for Denika Terry (Raymond Dep. Ex. 3), Nako Decl. Ex. 36.

10       **Defendants' Response to Statement of Disputed Fact No. 3:**

11       Undisputed.

12       **Statement of Disputed Fact No. 4:**

13       Contemporaneous communications by Wasatch personnel do not include any reference to

14  an exemption from mandatory charges for Section 8 tenants.

15       Evidence:

16       Jarvis Dep. 54:5-18, 55:10-56:23, Sept. 10, 2021, Nako Decl. Ex. 4 at 8, 9-10;

17       Email thread regarding "Devonshire Bulk" (Jarvis Dep. Ex. 24), Nako Decl. Ex. 20;

18       Jarvis Dep. 88:8-90:5, Sept. 10, 2021, Nako Decl. Ex. 4 at 12-14;

19       "RENTERS INSURANCE IS MANDATORY!!!!" (Jarvis Dep. Ex. 30), Nako Decl. Ex.

20  21;

21       Johnson Dep. 24:1-33:16, Nov. 10, 2021, Nako Decl. Ex. 6 at 33-42;

22       Email thread regarding "Investigation by DOJ of imposed charges on properties," (Dao

23  Dep. Ex. 6), Nako Decl Ex. 33;

24       Email thread regarding "Tenant Charges" (Johnson Dep. Ex. 39), Nako Decl. Ex. 31;

25       Email thread regarding "Tenant Charges" (Jarvis Dep. Ex. 64), Nako Decl. Ex. 22;

26       Email thread regarding "Tenant Charges" (Jarvis Dep. Ex. 65), Nako Decl. Ex. 23;

27       Email thread regarding "Tenant Charges" (Jarvis Ex. Dep. 66), Nako Decl. Ex. 24;

28



1   Jarvis Dep. 397:12-399:22, Sept. 14, 2021, Nako Decl. Ex. 4 at 36-38.

2   **Defendants' Response to Statement of Disputed Fact No. 4:**

3   Undisputed.

4   **Statement of Disputed Fact No. 5:**

5   Wasatch has no documents referencing an exemption from mandatory charges for Section

6   8 tenants.

7   Evidence:

8   Defendants' Responses to Plaintiff Denika Terry's Request for Admission, Set 4, No. 17,

9   Nako Decl. Ex. 39;

10   Defendants' Further Amended Responses to Plaintiff Roy Huskey III's Interrogatories, Set

11   5, No. 20, Nako Decl. Ex. 42;

12   Johnson Dep. 216:18-25, July 19, 2021, Nako Decl. Ex. 6 at 26.

13   **Defendants' Response to Statement of Disputed Fact No. 5:**

14   Undisputed.

15   **Statement of Disputed Fact No. 6:**

16   Wasatch did not mention an exemption from mandatory charges for Section 8 tenants in

17   their letter responding to the Department of Justice inquiry about this case.

18   Evidence:

19   Letter from U.S. Dept. of Justice, "Investigation of Wasatch Advantage Group, LLC," et

20   al. (Johnson Dep. Ex. 8), Nako Decl. Ex. 28;

21   Letter from Wasatch Acquisitions & Capital, Inc.,

22   "Investigation of Wasatch" (Johnson Dep. Ex. 9), Nako Decl. Ex. 29.

23   **Defendants' Response to Statement of Disputed Fact No. 6:**

24   Undisputed.

25   **Statement of Disputed Fact No. 7:**

26   Wasatch's Associate General Counsel, Tyler Raymond, did not mention an exemption

27   from mandatory charges for Section 8 tenants in his internal summaries of this case.

28



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Evidence:

Raymond Dep. 143:22-145:9, Dec. 7, 2021, Nako Decl. Ex. 9 at 10-12;

Email thread regarding "Quit Tam Case Review" (Raymond Dep. Ex. 6), Nako Decl. Ex. 37;

Raymond Dep. 192:21-193:10, Dec. 7, 2021, Nako Decl. Ex. 9 at 18-19;

Johnson Dep. 53:5-57:8, Nov. 10, 2021, Nako Decl. Ex. 6 at 43-47;

Email thread regarding "Quit Tam Case Review" (Johnson Dep. Ex. 42), Nako Decl. Ex. 32.

**Defendants' Response to Statement of Disputed Fact No. 7:**

Undisputed.

**Statement of Disputed Fact No. 8:**

Wasatch's corporate witnesses first referenced an exemption from mandatory charges for Section 8 tenants in summer 2021.

Evidence:

Johnson Dep. 84:23-86:19, 214:21-216:25, July 19, 2021, Nako Decl. Ex. 6 at 11-13;

Johnson Dep. 10:16-25, November 10, 2021, Nako Decl. Ex. 6 at 32;

Compare Jarvis Dep. 47:11-48:5, 56:16-23, 76:10-24, Sept. 10, 2021, Nako Decl. Ex. 4 at 4-5, 10, 11 with Jarvis Dep. 116:17-119:11, Sept. 10, 2021, Nako Decl. Ex. 4 at 15-18;

Raymond Dep. 193:5-10, Dec. 7, 2021, Nako Decl. Ex. 9 at 19.

**Defendants' Response to Statement of Disputed Fact No. 8:**

Undisputed, to the extent this Fact refers to the references being made to Plaintiffs within the discovery context.

**Statement of Disputed Fact No. 9:**

Wasatch received multiple notices that their practices regarding additional service charges likely conflicted with Section 8 program rules.

Evidence:

Email regarding "wasatch-debulks in Fresno" (Johnson Dep. Ex. 5), Nako Decl. Ex. 26;



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4887-9090-0002.1                                6                    Case No. 2:15-cv-00799-KJM-DB
DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF DISPUTED FACTS IN SUPPORT OF
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION, OR FURTHER ALTERNATIVE DECERTIFICATION

1      Jarvis Dep. 388:7-389:6, Sept. 14, 2021, Nako Decl. Ex. 4 at 31-32;

2      Email thread regarding "Fresno Comcast Bulk Agreement" (Johnson Dep. Ex. 6), Nako

3   Decl. Ex. 27;

4      Letter from U.S. Dept. of Justice, "Investigation of Wasatch Advantage Group, LLC," et

5   al. (Johnson Dep. Ex. 8), Nako Decl. Ex. 28;

6      Letter from Wasatch Acquisitions & Capital, Inc., "Investigation of Wasatch" (Johnson

7   Dep. Ex. 9), Nako Decl. Ex. 29;

8      Dao Dep. 113:9-115:11, Nov. 3, 2021, Nako Decl. Ex. 8 at 6-8;

9      Email thread regarding "Housing Contracts" (Dao Dep. Ex. 9), Nako Decl. Ex. 34;

10      Defendant's Further Supplemental Responses to Plaintiff Denika Terry's Interrogatories,

11   Set Two, No. 25, Nako Decl. Ex. 43;

12      Email thread regarding "Bond Units Credits" (Jarvis Dep. Ex. 67), Nako Decl. Ex. 25;

13      Order on Defendants' Motion to Dismiss at 9-10, ECF No. 61;

14      Raymond Dep. 172:5-176:6, Dec. 7, 2021, Nako Decl. Ex. 9 at 13-17;

15      Email thread regarding "Wasatch Property: Additional Service Agreements" (Raymond

16   Dep. Ex. 11), Nako Decl. Ex. 38;

17      Dao Dep. 152:2-153:22, Nov. 3, 2021, Nako Decl. Ex. 8 at 18-19.

18   **Defendants' Response to Statement of Disputed Fact No. 9:**

19      Disputed to the extent Plaintiffs' characterization of these communications as articulating

20   that unspecified practices "likely conflicted with Section 8 program rules." To that extent,

21   Plaintiffs' Disputed Material Fact No. 9 is an interpretation of federal regulations and is therefore

22   a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at 1086. Because this

23   assertion is not a statement of fact, no response is required. See E.D. Cal. L.R. 260(b); Colbert,

24   2015 WL 631451, at *5 n.5.

25   **Statement of Disputed Fact No. 10:**

26      After being put on notice that their practices regarding additional service charges likely

27   conflicted with Section 8 program rules, Wasatch continued their policies and practices

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   unchanged.

2          Evidence:

3          Raymond Dep. 133:17-134:22, Dec. 7, 2021, Nako Decl. Ex. 9 at 7-8;

4          Jarvis Dep. 394:7-395:12, 395:21-397:11, 430:1- 433:17, Sept. 14, 2021, Nako Decl. Ex. 4

5   at 33-34, 34-36, 39-42;

6          Johnson Dep. 104:9-25, 197:25-201:9, July 19, 2021, Nako Decl. Ex. 6 at 18, 19-23;

7          Dao Dep. 121:11-124:12, Nov. 3, 2021, Nako Decl. Ex. 8 at 13-16;

8          Fetter Dep. 479:9-480:6, Oct. 28, 2021, Nako Decl. Ex. 2 at 5-6.

9    **Defendants' Response to Statement of Disputed Fact No. 10:**

10         Disputed to the extent Plaintiffs' characterization of these communications as articulating

11   that unspecified practices "likely conflicted with Section 8 program rules." To that extent,

12   Plaintiffs' Disputed Material Fact No. 9 is an interpretation of federal regulations and is therefore

13   a statement of law, not a statement of fact. See, e.g., Walker, 953 F.3d at 1086. Because this

14   assertion is not a statement of fact, no response is required. See E.D. Cal. L.R. 260(b); Colbert,

15   2015 WL 631451, at *5 n.5.

16

17   DATED:  May 27, 2022              LEWIS BRISBOIS BISGAARD & SMITH LLP

18

19                                    By:  ____/s/ Ryan Matthews_____

20                                         RYAN MATTHEWS
                                           Attorneys for Defendants
21

22

23

24

25

26

27



28

1  **FEDERAL COURT PROOF OF SERVICE**

2  USA-Terry v Wasatch Property Management, et al.
Case No. 2:15-cv-00799-KJM-DB

3

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

4

5  At the time of service, I was over 18 years of age and not a party to the action.  My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833.  I am employed in the office of a member of the bar of this Court at whose direction the service was

6  made.

7  On May 27, 2022, I served the following document(s):

8  -  DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF DISPUTED FACTS IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY

9  JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR FURTHER ALTERNATIVE DECERTIFICATION

10
I served the documents on the following persons at the following addresses (including fax

11  numbers and e-mail addresses, if applicable):

12  **SEE ATTACHED SERVICE LIST**

13  The documents were served by the following means:

14  ☒  (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification

15  of that filing to the persons listed above.

16  I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

17
Executed on May 27, 2022, at Sacramento, California.

18

19

20  _____/s/ Alicia Crespo_____
Alicia Crespo

21

22

23

24

25

26

27

28  4887-9090-0002.1                                                                 1                              Case No. 2:15-cv-00799-KJM-DB


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF DISPUTED FACTS IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, OR FURTHER ALTERNATIVE DECERTIFICATION

1

## SERVICE LIST
### *USA-Terry v Wasatch Property Management, et al.*
### **Case No. 2:15-cv-00799-KJM-DB**

2

| | |
|---|---|
| Andrew Wolff<br>Law Office of Andrew Wolff, PC<br>1956 Webster Street, Suite 275<br>Oakland, CA 94612 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.:  (510) 834-3300<br>Email:  andrew@awolfflaw.com |
| Jesse Newmark<br>CENTRO LEGAL DE LA RAZA<br>3022 International Blvd., Suite 410<br>Oakland, CA 94601 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.:  (510) 437-1554 x115<br>Fax:  (510) 437-9164<br>Email:  jessenewmark@centrolegal.org |
| Laura L. Ho<br>Anne Bellows<br>Stephanie Tilden<br>GOLDSTEIN, BORGEN, DARDARIAN &<br>HO<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612 | ***Attorneys for Plaintiffs and Relators and the***<br>***Certified Classes***<br><br>Tel:   (510) 763-9800<br>Fax:  (510) 835-1417<br>Email:  ljo@gbdhlegal.com<br>Email:  abellows@gbdhlegal.com<br>Email:  stilden@gbdhlegal.com<br>Email:  sgrimes@gbdhlegal.com<br>Email:  dvaldez@gbdhlegal.com |
| Vincente Antonio Tennerelli<br>United States Attorney's Office<br>2500 Tulare Street, Suite 4401<br>Fresno, CA 93721 | ***Attorney for Intervenor Plaintiff***<br>***United States of America***<br><br>Tel.:  (559) 497-4080<br>Email: Vincente.Tennerelli@usdoj.gov<br>Email: joni.jones@usdoj.gov |
| Jocelyn D. Larkin<br>Lindsay Nako<br>The Impact Fund<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704 | ***Attorney for Plaintiffs***<br><br>Tel: (510) 845-3473 x.306<br>Fax: (510) 845-3654<br>Email: jlarkin@impactfund.org<br>Email: lnako@impactfund.org |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4887-9090-0002.1

2

Case No. 2:15-cv-00799-KJM-DB

DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF DISPUTED FACTS IN SUPPORT OF
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION, OR FURTHER ALTERNATIVE DECERTIFICATION