Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Anne Bellows (SBN 293722)
abellows@gbdhlegal.com
Beth Holtzman (SBN 316400)
bholtzman@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
(510) 834-3300; (510) 834-3377 (Fax)

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
(510) 437-1863; (510) 437-9164 (Fax)

Jocelyn D. Larkin (SBN 110817)
jlarkin@impactfund.org
Lindsay Nako (SBN 239090)
lnako@impactfund.org
THE IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA  94701
(510) 845-3473; (510) 845-3654 (Fax)

Attorneys for Plaintiffs and Relators and the Certified Classes

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA

Plaintiffs/Relators,

vs.

WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY

Case No.: 2:15-CV-00799-KJM-DB

CLASS ACTION

DISCOVERY MATTER

**AFFIDAVIT OF LINDSAY NAKO RE JOINT STATEMENT REGARDING DISCOVERY DISPUTE (PLAINTIFF DENIKA TERRY'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWELVE)**

Date:     March 31, 2023
Time:     10:00 am
Dept:     Courtroom 27, 8th Floor
Before:   Hon. Magistrate Judge
              Deborah Barnes

Trial Date: None Set

1   HOLDINGS, LP, PEPPERTREE APARTMENT
    HOLDINGS, LP, PIEDMONT APARTMENTS,
2   LP, POINT NATOMAS APARTMENTS, LLC,
    POINT NATOMAS APARTMENTS, LP,
3   RIVER OAKS HOLDINGS, LLC, SHADOW
    WAY APARTMENTS, LP, SPRING VILLA
4   APARTMENTS, LP, SUN VALLEY
    HOLDINGS, LTD, VILLAGE GROVE
5   APARTMENTS, LP, WASATCH QUAIL RUN
    GP, LLC, WASATCH PREMIER
6   PROPERTIES, LLC, WASATCH POOL
    HOLDINGS III, LLC, and DOES 1-4,
7
                              Defendants.
8

**AFFIDAVIT OF LINDSAY NAKO**

I, Lindsay Nako, declare as follows:

1.     I am a member in good standing of the Bar of the State of California and the Director of Litigation & Training at the Impact Fund, a legal nonprofit in Berkeley, California. The Court appointed Impact Fund and me Class Counsel on November 2, 2021.  ECF No. 145.  I am providing this Affidavit pursuant to Local Rule 251(d). I have personal knowledge of the facts set forth in this Declaration and could and would testify competently to them.

2.     I conferred with counsel for Defendants as required by Local Rule 251(b) and exhausted meet and confer efforts before filing this Affidavit.

**ISSUES TO BE DETERMINED AT THE HEARING**

3.     The parties' discovery dispute concerns Plaintiff Terry's Request for Production No. 159, which is the sole request in Plaintiff Denika Terry's Request for Production of Documents, Set Twelve, served on January 13, 2023:

> **REQUEST FOR PRODUCTION NO. 159:**
> Please produce ALL HAP CONTRACTS for ALL SECTION 8 tenants at the SUBJECT PROPERTIES who have paid ADDITIONAL SERVICE CHARGES for in-unit washers and dryers at any time since July 1, 2019.

4.     A true and correct copy of Plaintiff Denika Terry's Request for Production of Documents, Set Twelve, is attached as Exhibit A hereto.

5.     Defendants' response was due on February 13, 2023. Defendants have not provided any response.

6.     Plaintiffs respectfully request that the Court order Defendants to provide documents responsive to RFP No. 159 by 5:00 pm Pacific time on Monday, April 3, 2023.

**MEET AND CONFER EFFORTS**

7.     On February 14, I notified Defendants' counsel, Ryan Matthews, by email that Defendants' response to the relevant request for production were past due.  Ex. B (Email dated February 14, 2023).  On February 15, 2023, the parties met and conferred by phone.  On the call,

1

Mr. Matthews stated that they would look into the response and provide an update. *Id*. (Email dated February 15, 2023).

8.      The parties are unable to meet and confer in person because their counsel live and work in different regions of California.

9.      The parties were scheduled to meet and confer by phone again on February 22, 2023.  Ex. C (Email dated February 21, 2023).  Defendants' counsel was unable to attend.  Ex. D (Emails dated February 22 and 27, 2023).

10.     The parties were again scheduled to meet and confer by phone on March 1, 2023. Ex. C (Email dated February 28, 2023).  Defendants' counsel was unable to attend but Mr. Matthews responded to say that he would provide a written update as soon as possible. *Id.* (Email dated March 1, 2023).  Plaintiffs did not receive a written update addressing Defendants' response to Terry Requests for Production of Documents, Set 12.

11.     The parties were again scheduled to meet and confer by phone on March 8, 2023. Ex. C (Email dated March 6, 2023).  Defendants' counsel did not respond to Plaintiffs' counsel's request for their attendance. *Id.*

12.      On March 6, 2023, I notified Mr. Matthews that Plaintiffs were preparing a Joint Statement Regarding Discovery Dispute for Defendants' failure to respond to Plaintiff Denika Terry's Request for Production of Documents, Set Twelve.  Ex. C (Email dated March 6, 2023).

13.     On March 9, 2023, I sent a draft joint statement to Defendants' counsel and requested Defendants' portion by March 10 for filing that same day.  Ex. E.  Defendants did not respond.  Plaintiffs therefore filed a Notice of Motion and Motion to Compel Production of Documents on March 10.  Ex. F (Email dated March 10, 2023); ECF No. 292.

14.     On March 14, 2023, I again asked for Defendants' portion of the Joint Statement Regarding Discovery Dispute.  Ex. F (Email dated March 14, 2023).  I requested a response by end of day on March 16. *Id.*  Defendants did not respond.

15.     On March 15, 2023, Plaintiffs' counsel Anne Bellows attempted to reach Mr. Matthews by telephone but was unsuccessful. *See* Ex. G.  In an email following the call, she again requested Defendants provide their portion of the joint statement. *See id.*

AFFIDAVIT OF LINDSAY NAKO RE DISCOVERY DISPUTE – CASE NO. 2:15-CV-00799 KJM-DB

16.     To date, Plaintiffs have not received any communications from Defendants regarding their response to Terry Requests for Production of Documents, Set 12.

## **PLAINTIFFS' CONTENTIONS REGARDING THE DISCOVERY DISPUTE**

### *Case Background*

17.     Plaintiffs are tenants who receive rental assistance through the federally subsidized Housing Choice Voucher Program commonly known as "Section 8."  Defendants are Wasatch Advantage Group, LLC, and its affiliates, a residential rental and property management company with apartments in the western United States.  Plaintiffs allege Defendants improperly charged class members for additional services such as laundry machines, renters' insurance, and parking. Plaintiffs bring claims under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, as well as certified class claims under California contract, business, and consumer laws.  5th Am. Compl. ¶¶ 212-260, ECF No. 136; *see also* Order Granting Class Certification, ECF No. 92.

18.     On November 23, 2022, the Court granted Plaintiffs' Motion for Summary Judgment, finding Defendants liable for breach of contract and violation of the California Unfair Competition Law.  ECF No. 278, p. 14.  The Court denied Defendants' Cross-Motion for Summary Judgement or, in the Alternative, Class Decertification.  *Id.* at 14-15.  The parties attended a settlement conference with Magistrate Judge Carolyn K. Delaney on March 15, 2023, but were unable to reach a settlement.  ECF No. 293.  The case will therefore proceed to a trial to determine liability under the False Claims Act and Consumer Legal Remedies Act, as well as the amount of damages under all claims.

### *Factual Issues Relevant to Discovery Dispute*

19.     The requested HAP Contracts are relevant to determining the extent of damages resulting from Defendants' violation of the HAP Contract, which will be a key issue in the upcoming trial.

20.     Wasatch routinely charges Section 8 tenants for in-unit washers and dryers separately from the "base rent" that corresponds to the "rent to owner" set out in HAP Contracts. Defendants' Response to Plaintiffs' Statement of Undisputed Facts ("U.F.") No. 32, ECF No.

3

258-1.  Until July 2019, the "Utilities and Appliances" section in Part A of the HAP Contract required that, unless otherwise specified in the HAP Contract, "the owner shall pay for all . . . appliances provided by the owner."  *Id.* at U.F. No. 33; HAP Contract Part A.  Wasatch uniformly failed to specify in Part A that tenants were required to pay fees for in-unit washers and dryers. *Id.* at U.F. No. 34.  Based on these undisputed facts, in November 2022, the Court held at summary judgment that separate charges for washers and dryers were unlawful additional rent under the HAP Contracts using the pre-July 2019 language.  ECF No. 278 at pp. 14-15.

21.     In July 2019, HUD updated the form HAP Contract and removed the relevant language.  *See* Form HUD-52641 (7/2019), https://www.hud.gov/sites/dfiles/OCHCO/ documents/52641.pdf.  But public housing authorities did not immediately implement the revised HAP Contract language for new Section 8 move-ins.  As a result, some HAP Contracts executed by Defendants contain the pre-2019 language, which this Court determined prohibits Defendants' additional charges for washers and dryers.  Other HAP Contracts do not contain this language. The documents requested by Plaintiffs are necessary to determine how many HAP Contracts were executed by Defendants after July 2019 with the pre-July 2019 language, for damages purposes. There is no other way to determine the full extent of damages attributable to this violation.

***Discovery Items in Dispute***

22.     The parties' discovery dispute concerns Defendants' obligation to provide "all HAP Contracts for all Section 8 tenants at the Subject Properties who have paid Additional Service Charges for in-unit washers and dryers at any time since July 1, 2019."  Ex. A (Terry Request for Production No. 159).

***Plaintiffs' Position***

23.     Defendants' obligation to produce responsive HAP Contracts became effective on February 13, 2023. Fed. R. Civ. P. 34(b)(2)(A).  Defendants have not provided a response or identified a production date.

24.     Defendants' failure to timely respond waived all objections.  *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any

4

1   objection.").

2       25.     Plaintiffs respectfully request that the Court order all Defendants to produce all

3   responsive documents by 5:00 pm Pacific time on Monday, April 3, 2023.

4

5       I declare under penalty of perjury under the laws of the State of California and of the

6   United States that the foregoing is true and correct, and that this Affidavit was executed this 17th

7   day of March, 2023, in Berkeley, California.

8

9                                    _____/s/ *Lindsay Nako*_____
                                          Lindsay Nako

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF LINDSAY NAKO RE DISCOVERY DISPUTE – CASE NO. 2:15-CV-00799 KJM-DB

# EXHIBIT A

1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Anne Bellows (SBN 293722)
   abellows@gbdhlegal.com
3  Stephanie Tilden (SBN 341486)
   stilden@gbdhlegal.com
4  GOLDSTEIN, BORGEN, DARDARIAN & HO
   155 Grand Avenue, Suite 900
5  Oakland, CA 94612
   (510) 763-9800; (510) 835-1417 (Fax)
6
   Andrew Wolff (SBN 195092)
7  andrew@awolfflaw.com
   LAW OFFICES OF ANDREW WOLFF, PC
8  1615 Broadway, 4th Floor
   Oakland, CA 94612
9  (510) 834-3300; (510) 834-3377 (Fax)

10 Jesse Newmark (SBN 247488)
   jessenewmark@centrolegal.org
11 CENTRO LEGAL DE LA RAZA
   3022 International Blvd., Suite 410
12 Oakland, CA 94601
   (510) 437-1863; (510) 437-9164
13
   Jocelyn D. Larkin (SBN 110817)
14 Lindsay Nako (SBN 239090)
   lnako@impactfund.org
15 jlarkin@impactfund.org
   THE IMPACT FUND
16 2080 Addison Street, Suite 5
   Berkeley, CA 94701
17 (510) 845-3473; (510) 845-3654 (Fax)

18 Attorneys for Plaintiffs and Relators and the Certified Classes

19                    **UNITED STATES DISTRICT COURT**
                      **EASTERN DISTRICT OF CALIFORNIA**
20                        **SACRAMENTO DIVISION**

21 UNITED STATES OF AMERICA, *ex rel.*        Case No.: 2:15-CV-00799-KJM-DB
   DENIKA TERRY, ROY HUSKEY III, and
22 TAMERA LIVINGSTON, and each of them for    CLASS ACTION
   themselves individually, and for all other persons
23 similarly situated and on behalf of the UNITED   **PLAINTIFF DENIKA TERRY'S TWELFTH**
   STATES OF AMERICA                          **SET OF REQUESTS FOR PRODUCTION**
24                                            **TO DEFENDANTS**
              Plaintiffs/Relators,
25
   vs.
26
   WASATCH ADVANTAGE GROUP, LLC,
27 WASATCH PROPERTY MANAGEMENT, INC.,
   WASATCH POOL HOLDINGS, LLC,
28 CHESAPEAKE APARTMENT HOLDINGS, LLC,

1  LOGAN PARK APARTMENTS, LLC, LOGAN
   PARK APARTMENTS, LP, ASPEN PARK
2  HOLDINGS, LLC, BELLWOOD JERRON
   HOLDINGS, LLC, BELLWOOD JERRON
3  APARTMENTS, LP, BENT TREE
   APARTMENTS, LLC, CALIFORNIA PLACE
4  APARTMENTS, LLC, CAMELOT LAKES
   HOLDINGS, LLC, CANYON CLUB HOLDINGS,
5  LLC, COURTYARD AT CENTRAL PARK
   APARTMENTS, LLC, CREEKSIDE HOLDINGS,
6  LTD, HAYWARD SENIOR APARTMENTS, LP,
   HERITAGE PARK APARTMENTS, LP, OAK
7  VALLEY APARTMENTS, LLC, OAK VALLEY
   HOLDINGS, LP, PEPPERTREE APARTMENT
8  HOLDINGS, LP, PIEDMONT APARTMENTS,
   LP, POINT NATOMAS APARTMENTS, LLC,
9  POINT NATOMAS APARTMENTS, LP, RIVER
   OAKS HOLDINGS, LLC, SHADOW WAY
10 APARTMENTS, LP, SPRING VILLA
   APARTMENTS, LP, SUN VALLEY HOLDINGS,
11 LTD, VILLAGE GROVE APARTMENTS, LP,
   WASATCH QUAIL RUN GP, LLC, WASATCH
12 PREMIER PROPERTIES, LLC, WASATCH
   POOL HOLDINGS III, LLC,
13 and DOES 1-4,

14      Defendants.

**PROPOUNDING PARTY:**     Plaintiff-Relator Denika Terry

**RESPONDING PARTIES:**     Wasatch Advantage Group, LLC, Wasatch Property Management, Inc., Wasatch Pool Holdings, Chesapeake Commons Holdings, LLC, LLC, Logan Park Apartments, LLC, Logan Park Apartments, LP, Aspen Park Holdings, LLC, Bellwood Jerron Apartments, LP, Bellwood Jerron Holdings, LLC, Bent Tree Apartments, LLC, California Place Apartments, LLC, Camelot Lakes Holdings, LLC, Canyon Club Holdings, LLC, Courtyard at Central Park Apartments, LLC, Creekside Holdings, LTD, Hayward Senior Apartments, LP, Oak Valley Apartments, LLC, Point Natomas Apartments, LLC, Point Natomas Apartments, LP, River Oaks Holdings, LLC, Spring Villa Apartments, LP, Sun Valley Holdings, LTD, Wasatch Pool Holdings III, LLC, Wasatch Premier Properties, LLC, and Chesapeake Apartment Holdings, LLC

**SET NUMBER:**     TWELVE (12)

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff-Relator Terry requests that Defendants provide responses in writing to the following requests for production of documents at the offices of Goldstein, Borgen, Dardarian & Ho, 155 Grand Avenue, Suite 900, Oakland, CA 94612, within thirty (30) days from the date of service of these Requests for Production of Documents (as provided in Rule 34(b)(2)(A)), and that Defendants produce responsive documents within thirty (30) days of service hereof to Plaintiffs' counsel of record. These document requests are ongoing and require timely supplementation up to and through the completion of trial in this action.

## **DEFINITIONS**

The following definitions will apply to each of the following Requests for Production of Documents:

1.     "ACTION" means *United States ex rel. Terry, et al. v. Wasatch Advantage Group, et al.*, Case No.: 2:15-CV-00799-KJM-DB (E.D. Cal.).

2.     "ADDITIONAL SERVICE CHARGES" as used in this interrogatory means any charges made to a tenant pursuant to DEFENDANTS' contracting document entitled "Additional Service Agreement."

3.     "ALL" means any and all.

4.     "DEFENDANT" or "DEFENDANTS" shall refer to all of the defendants in this ACTION collectively, and their respective officers, agents, servants, employees, independent contractors, attorneys, predecessors, successors and assigns, representatives, and all other persons acting or who have acted on their behalf.

5.     "HAP CONTRACT" shall refer to the Housing Assistance Payments Contract that is executed by the landlord and the applicable publish housing authority for all SECTION 8 tenancies.

6.     "SECTION 8" shall refer to the Housing Choice Voucher program, commonly called the Section 8 program, funded by the United Stated Department of Housing and Urban Development and administered by local public housing authorities.

7.     "SUBJECT PROPERTY" or "SUBJECT PROPERTIES" shall refer to all properties managed by Defendant Wasatch Property Management during all relevant times in this action and that had one or more Section 8 tenants who were charged ADDITIONAL SERVICE CHARGES beyond the rent to owner set forth in the Housing Assistance Payment Contracts.

## INSTRUCTIONS

The following instructions apply to each of the Requests for Production of Documents:

1.     These discovery requests are being made pursuant to the Federal Rules of Civil Procedure, including, without limitation, Rules 26 and 34.  Accordingly, Defendants' responses to such Requests for Production of Documents must comply with the requirements set forth in the Rules, which are referred to and incorporated herein by reference.

2.     In responding to these Requests for Production of Documents, Defendants are requested to furnish all information, items and documents known or available to Defendants regardless of whether such information, items and documents are directly in Defendants' possession or that of Defendants' agents, representatives or experts.  These Requests for Production of Documents include production of all responsive information, items and documents in the possession, custody or control of Defendants'

2

agents, representatives or other persons directly or indirectly retained by Defendants, or anyone else acting on Defendants' behalf or otherwise subject to Defendants' control.

3. If any requested document or item is no longer in Defendants' possession, custody or control, then Defendants must state the following:

a. What was done with the document or item;

b. When such document or item was created;

c. The identity and address of the current custodian;

d. The reasons for transfer or disposal; and

e. The identity and address of the person who decided to transfer or dispose of the document or item.

4. If any of the Requests for Production of Documents cannot be complied with fully and completely, produce documents to the extent possible, specifying the reasons for your inability to produce the remainder, and state the substance of your knowledge, information and belief concerning the subject matter of the unproduced portion. Such a statement shall include the steps taken to locate any responsive documents or the requested information.

5. If anything has been deleted or redacted from a document produced in response to these Discovery Requests, then state the following in your response:

a. Specify the nature of the material deleted or redacted;

b. Specify the reason for the deletion or redaction; and

c. Identify the person responsible for the deletion or redaction.

6. If an objection is made on the basis of any claim of privilege to producing any document or item, or any portion thereof, or to disclosing any information contained therein, specify in your response the nature of such information, items or documents, along with the nature of the privilege claimed, so that the Court may rule on the propriety of the objection. Specifically, state the following:

a. The title of the document or item;

b. The type of document or item;

c. The author or sender;

1      d.     The addressee;

2      e.     The date of the document or item;

3      f.     The name of each person to whom the original or a copy was shown or
4 circulated;

5      g.     The name(s) appearing on any circulation list relating to the document or item;

6      h.     The basis upon which privilege is claimed; and

7      i.     A summary statement of the subject matter of the document or item in sufficient
8 detail to permit the court to rule on the propriety of the objection.

9      Plaintiffs demand that a privilege log, as detailed above, be served on them no later than thirty
10 (30) days from issuance of these Requests for Production of Documents.

11      7.     Wherever appropriate in these Requests for Production of Documents, the singular
12 form of a word shall include the plural, and vice versa.

13      8.     Documents should be produced as TIFF images with searchable OCR, along with a
14 Summation load file containing metadata properties to be agreed upon in advance of production.
15 However, Plaintiffs expressly reserve the right to request specific records in native form when
16 necessary (e.g., Excel spreadsheets for which formulas embedded in cells are relevant).  As needed,
17 Defendants shall confer with Plaintiffs' counsel regarding the form of production of documents and
18 information stored electronically prior to production, based on the manner in which electronically
19 stored information is created and/or maintained by Defendants.

20 **REQUESTS FOR PRODUCTION**

21 **REQUEST FOR PRODUCTION NO. 159:**

22      Please produce ALL HAP CONTRACTS for ALL SECTION 8 tenants at the SUBJECT
23 PROPERTIES who have paid ADDITIONAL SERVICE CHARGES for in-unit washers and dryers at
24 any time since July 1, 2019.

25

26

27

28

4

Dated:  January 13, 2023

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

Anne P. Bellows

Attorneys for Plaintiffs and Relators

866721.1

**PROOF OF SERVICE**

Case:          *Terry, et al. v. Wasatch Advantage Group, LLC, et al.*
Case No.      2:15-CV-00799 KJM-DB

STATE OF CALIFORNIA       )
                          ) SS
COUNTY OF ALAMEDA         )

     I have an office in the county aforesaid.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 155 Grand Ave., Suite 900, Oakland, California 94612.

     I declare that on the date hereof I served a copy of

**PLAINTIFF DENIKA TERRY'S TWELFTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS**

  SEE ATTACHED SERVICE LIST

☑    **By U.S. Mail:** By placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Oakland, California addressed as set forth below.

☑    **By Electronic Service:** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service address(es) as set forth below

☑    (***Federal***) I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

     Executed at Oakland, California on January 13, 2023

Damon Valdez
Printed Name                                   Signature

## SERVICE LIST

VIA ELECTRONIC SERVICE

Joseph A. Salazar Jr.
Joe.Salazar@lewisbrisbois.com
Ryan Matthews
Ryan.Matthews@lewisbrisbois.com
Alicia Crespo
Alicia.Crespo@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Tel: (916) 564-5400 | Fax: (916) 564-5444

Attorneys for Defendants

VIA US MAIL & ELECTRONIC SERVICE

Jahmy Stanford Graham
jahmy.graham@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
19191 South Vermont Avenue
Suite 900
Torrance, CA 90502

Attorneys for Defendant Hayward Senior
Apartments LP

VIA ELECTRONIC SERVICE

Colleen M. Kennedy
Colleen.m.kennedy@usdoj.gov
Department of Justice
United States Attorney's Office
Eastern District of California
2500 Tulare Street
Suite 4401
Fresno, CA 93721
Tel: (559) 497-4080

Attorneys for United States of America

PL. DENIKA TERRY'S TWELFTH SET OF REQUESTS FOR PRODUCTION TO DEFS. – CASE NO. 2:15-CV-00799 KJM-DB
866721.1

# EXHIBIT B

AFFIDAVIT OF LINDSAY NAKO RE DISCOVERY DISPUTE – CASE NO. 2:15-CV-00799 KJM-DB

**Lindsay Nako**

| | |
|---|---|
| **From:** | Lindsay Nako |
| **Sent:** | Wednesday, February 15, 2023 4:38 PM |
| **To:** | Matthews, Ryan; jahmy.graham@nelsonmullins.com |
| **Cc:** | Anne Bellows |
| **Subject:** | RE: Terry v. Wasatch - Agenda for 2/15 call |

Ryan,

My notes from our call this morning are in blue below. Let me know if you have anything to add or change.

1. Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3
   a. Plaintiffs are waiting for production of:
      i. Housing Choice Voucher ASA Letter
      ii. Housing Voucher Additional Services Agreement Letter – Visual Quick Step
      iii. How To Video for Housing Choice Voucher ASA Letter
      iv. Written communications to Section 8 tenants referenced in Defendants' response to Interrogatory No. 6
      v. Internal communications regarding written communications to tenants referenced in Defendants' response to Interrogatory No. 6, including but not limited to emails to/from staff at individual properties regarding distribution
   b. Ryan agreed to supplement Defendants' response to Interrogatory No. 6 to identify which properties have provided written communications to Section 8 tenants and the date(s) the communications were distributed at each property.  Plaintiffs request that Defendants provide the supplemental response by Thursday, February 16.
   c. Plaintiffs have not received the supplemental document production and are preparing a joint statement regarding discovery dispute to be filed this Friday, February 17.  If Plaintiffs do not receive the supplemental interrogatory response on Feb. 16, we will add that to the joint statement.
   d. Defendants made a supplemental production of documents this morning (Feb. 15). Plaintiffs are currently reviewing the production.
   e. Defendants are awaiting verification for their supplemental interrogatory responses and hope to serve them by Friday.
2. Defendants' responses to Terry RFPDs, Set 12
   a. Defendants' responses were due on Monday, February 13. Plaintiffs have not received any responses.
   b. Ryan will look into it and send an update.
3. Insurance policies required by Rule 26
   a. Defendants produced all insurance agreements in their possession for Wasatch Property Management and Wasatch Advantage Group on February 9.
   b. Ryan confirmed that the individual properties do not have potentially relevant insurance agreements.
4. Supplementation of Yardi data
   a. Ryan will send email to confirm scope of work for Fitech Gelb.
   b. It is possible that the tenant communications were generated by Yardi, though distributed by hand. Ryan will follow up.
5. Supplementation of tenant files (RFPDs 125-130)
   a. No action required this week.
6. Hayward Village's discovery responses
   a. Jahmy sent individual discovery responses for Hayward Village on Feb. 14.
7. Plaintiffs' February 9 letter re Defendants' damages theory
   a. Check in

8. March 7 settlement conference
   a. Plaintiffs and Defendants will exchange settlement conference statements on or before Tuesday, Feb. 28.
   b. Ryan will follow up with his clients about our list of private mediators.

Thanks,
Lindsay

**Lindsay Nako** (she/her) │ **Impact Fund**
P: 510 845 3473 x. 307

---

**From:** Lindsay Nako
**Sent:** Tuesday, February 14, 2023 5:07 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; jahmy.graham@nelsonmullins.com
**Cc:** Anne Bellows <abellows@gbdhlegal.com>
**Subject:** Terry v. Wasatch - Agenda for 2/15 call

Ryan and Jahmy,

Here's a proposed agenda for our call tomorrow. Let me know if you have anything to add.

1. Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3
   a. Plaintiffs are waiting for production of:
      i. Housing Choice Voucher ASA Letter
      ii. Housing Voucher Additional Services Agreement Letter – Visual Quick Step
      iii. How To Video for Housing Choice Voucher ASA Letter
      iv. Written communications to Section 8 tenants referenced in Defendants' response to Interrogatory No. 6
      v. Internal communications regarding written communications to tenants referenced in Defendants' response to Interrogatory No. 6, including but not limited to emails to/from staff at individual properties regarding distribution
   b. Ryan agreed to supplement Defendants' response to Interrogatory No. 6 to identify which properties have provided written communications to Section 8 tenants and the date(s) the communications were distributed at each property.  Plaintiffs request that Defendants provide the supplemental response by Thursday, February 16.
   c. Plaintiffs have not received the supplemental document production and are preparing a joint statement regarding discovery dispute to be filed this Friday, February 17.  If Plaintiffs do not receive the supplemental interrogatory response on Feb. 16, we will add that to the joint statement.
2. Defendants' responses to Terry RFPDs, Set 12
   a. Defendants' responses were due on Monday, February 13. Plaintiffs have not received any responses.
3. Insurance policies required by Rule 26
   a. Defendants produced all insurance agreements in their possession for Wasatch Property Management and Wasatch Advantage Group on February 9.
   b. Ryan to confirm that the individual properties do not have potentially relevant insurance agreements.
4. Supplementation of Yardi data
   a. Ryan to confirm scope of work for Fitech Gelb.
5. Supplementation of tenant files (RFPDs 125-130)
   a. No action required this week.
6. Hayward Village's discovery responses
   a. Jahmy to send individual discovery responses for Hayward Village regarding the damages discovery requests. Plaintiffs agreed to an extension to Tues, 2/14.
7. Plaintiffs' February 9 letter re Defendants' damages theory

a. Check in
8. March 7 settlement conference
    a. Exchanging statements
    b. Private mediators

Thanks,
Lindsay

**Lindsay Nako** | **Impact Fund**
2080 Addison Street, Suite 5│Berkeley, CA 94704
P: 510 845 3473 x. 307
Pronouns: she/her
Website | Map | Email



*This message is intended for the named recipients only. It may contain information protected by attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

**Lindsay Nako**

| | |
|---|---|
| **From:** | Lindsay Nako |
| **Sent:** | Monday, March 6, 2023 10:00 AM |
| **To:** | Matthews, Ryan; Jahmy Graham |
| **Cc:** | Anne Bellows; Jesse Newmark; Laura Ho; andrew@awolfflaw.com; Jocelyn Larkin |
| **Subject:** | RE: Terry v. Wasatch - Agenda for 2/22 call |

Ryan,

We haven't received an update on the outstanding discovery items, including Defendants' responses to Terry RFPs, Set 12, which were due on February 13. Please let us know when to expect your update. Please also let us know if you are planning to attend this week's meet and confer call on Wednesday, March 8, at 1 pm.

In the meantime, we are preparing a joint statement on Defendants' missing responses to Terry RFPs, Set 12. I am planning to get the draft statement to you by noon on Thursday, for filing this Friday, March 10. Please provide Defendants' portion by noon on Friday.

Thanks,
Lindsay

**Lindsay Nako** (she/her)│ **Impact Fund**
P: 510 845 3473 x. 307

---

**From:** Lindsay Nako
**Sent:** Wednesday, March 1, 2023 10:32 AM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; Jahmy Graham <jahmy.graham@nelsonmullins.com>
**Cc:** Anne Bellows <abellows@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Laura Ho <lho@gbdhlegal.com>; andrew@awolfflaw.com; Jocelyn Larkin <jlarkin@impactfund.org>
**Subject:** RE: Terry v. Wasatch - Agenda for 2/22 call

Ryan,

Thanks for letting us know. We look forward to your update on the outstanding discovery items. Please also send Defendant's settlement conference statement at your earliest convenience.

We are disappointed to hear that Defendants are not able to attend next week's settlement conference. Given the circumstances, we will not oppose a request by Defendants to continue the MSC date. Of the days that the Court appears to have available, Plaintiffs can attend on March 17, 21, 22, or 24.

Thanks,
Lindsay

**Lindsay Nako** (she/her)│ **Impact Fund**
P: 510 845 3473 x. 307

---

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Wednesday, March 1, 2023 8:10 AM
**To:** Jahmy Graham <jahmy.graham@nelsonmullins.com>; Lindsay Nako <lnako@impactfund.org>

**Cc:** Anne Bellows <abellows@gbdhlegal.com>
**Subject:** RE: Terry v. Wasatch - Agenda for 2/22 call

All,

I'm stuck in pre-trial hearings and meetings all day and can't make it, but will provide a written update on each agenda item ASAP. Sorry about last week—I was completely swamped.

Separately, WPM's annual investor meetings got moved to next week unexpectedly due to blizzard weather on the originally scheduled date. What that means is that meaningful participation in next week's settlement conference will be challenging, at best. Added to that, Joe and I are starting a trial on Monday. Would you guys be amenable to asking the Court for a minimal continuance on the MSC? Maybe a week, depending on Court availability? If the Court refuses we'll make it work one way or another, but I'd prefer to have it on a date where all the principals can be involved.

Let me know,

Ryan



**Ryan Matthews**
**Attorney**
Ryan.Matthews@lewisbrisbois.com

**T: 916.646.8213 F: 916.564.5444**

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Jahmy Graham <jahmy.graham@nelsonmullins.com>
**Sent:** Tuesday, February 28, 2023 10:33 PM
**To:** Lindsay Nako <lnako@impactfund.org>; Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Anne Bellows <abellows@gbdhlegal.com>
**Subject:** [EXT] Re: Terry v. Wasatch - Agenda for 2/22 call

Hi all,

I'm still in trial and thus can't join the call tomorrow, unfortunately. I don't have anything to add to the agenda. But I owe you a verification, which I should be able to have sent by early next week, if that works. Thanks.

Jahmy



**JAHMY GRAHAM  PARTNER**

jahmy.graham@nelsonmullins.com

PACIFIC GATEWAY | SUITE 900

19191 SOUTH VERMONT AVENUE | TORRANCE, CA 90502

T 424.221.7426   F 424.221.7499

NELSONMULLINS.COM    VCARD   VIEW BIO

---

**From:** Lindsay Nako <lnako@impactfund.org>
**Sent:** Tuesday, February 28, 2023 3:58:10 PM
**To:** Ryan.Matthews@lewisbrisbois.com <Ryan.Matthews@lewisbrisbois.com>; Jahmy Graham <jahmy.graham@nelsonmullins.com>
**Cc:** Anne Bellows <abellows@gbdhlegal.com>
**Subject:** RE: Terry v. Wasatch - Agenda for 2/22 call

◄**External Email**► - From: lnako@impactfund.org

Ryan and Jahmy,

Since our last week's call did not happen, I'm resending the proposed agenda for our meeting tomorrow. Please confirm your attendance and let me know if you have anything to add or update.

Thanks,

Lindsay

**Lindsay Nako** (she/her) │ **Impact Fund**

P: 510 845 3473 x. 307

---

**From:** Lindsay Nako
**Sent:** Tuesday, February 21, 2023 6:15 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; jahmy.graham@nelsonmullins.com
**Cc:** Anne Bellows <abellows@gbdhlegal.com>
**Subject:** Terry v. Wasatch - Agenda for 2/22 call

Ryan and Jamy,

Looking forward to our call tomorrow. Proposed agenda below. Let me know if you have anything to add or change.

1. Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3
   a. Defendants made a supplemental production of documents on Feb. 15.
   b. Plaintiffs sent an email on Feb. 15 (attached) to confirm the identity of the documents, still waiting for a response.
   c. Defendants are awaiting verification for their supplemental interrogatory responses and hoped to serve it by Friday, Feb. 17. Plaintiffs have not received the verification.
2. Defendants' responses to Terry RFPDs, Set 12

   a. Defendants' responses were due on Monday, February 13. Plaintiffs have not received any responses.
   b. Ryan will look into it and send an update. Plaintiffs have not received an update.
3. Insurance policies required by Rule 26

   a. Defendants produced all insurance agreements in their possession for Wasatch Property Management and Wasatch Advantage Group on February 9.
   b. Ryan confirmed that the individual properties do not have potentially relevant insurance agreements.
   c. No action required this week.
4. Supplementation of Yardi data

   a. Ryan will send email to confirm scope of work for Fitech Gelb.
   b. It is possible that the tenant communications were generated by Yardi, though distributed by hand. Ryan will follow up.
   c. Have these two items been completed?
5. Supplementation of tenant files (RFPDs 125-130)

   a. No action required this week.
6. Plaintiffs' February 9 letter re Defendants' damages theory

   a. Check in
7. March 7 settlement conference

   a. Plaintiffs and Defendants will exchange settlement conference statements on or before Tuesday, Feb. 28.
   b. Ryan will follow up with his clients about our list of private mediators.


Thanks,

Lindsay



**Lindsay Nako** │ **Impact Fund**

2080 Addison Street, Suite 5│ Berkeley, CA 94704

P: 510 845 3473 x. 307

Pronouns: she/her

Website │ Map │ Email



*This message is intended for the named recipients only. It may contain information protected by attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.*

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

# EXHIBIT D

AFFIDAVIT OF LINDSAY NAKO RE DISCOVERY DISPUTE – CASE NO. 2:15-CV-00799 KJM-DB

**Lindsay Nako**

| | |
|---|---|
| **From:** | Lindsay Nako |
| **Sent:** | Monday, February 27, 2023 1:15 PM |
| **To:** | 'Matthews, Ryan'; 'jahmy.graham@nelsonmullins.com' |
| **Cc:** | 'Anne Bellows' |
| **Subject:** | RE: Terry v. Wasatch - Agenda for 2/22 call |

Ryan – We did not hear from you regarding last week's meeting. Are you available for this week's meeting on 3/1 at 1 pm?

**Lindsay Nako** (she/her) │ **Impact Fund**
P: 510 845 3473 x. 307

---

**From:** Lindsay Nako
**Sent:** Wednesday, February 22, 2023 1:07 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; jahmy.graham@nelsonmullins.com
**Cc:** Anne Bellows <abellows@gbdhlegal.com>
**Subject:** RE: Terry v. Wasatch - Agenda for 2/22 call

Hi Ryan – Are you able to join our 1 pm call today?

**Lindsay Nako** (she/her) │ **Impact Fund**
P: 510 845 3473 x. 307

---

**From:** Lindsay Nako
**Sent:** Tuesday, February 21, 2023 6:15 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; jahmy.graham@nelsonmullins.com
**Cc:** Anne Bellows <abellows@gbdhlegal.com>
**Subject:** Terry v. Wasatch - Agenda for 2/22 call

Ryan and Jamy,

Looking forward to our call tomorrow. Proposed agenda below. Let me know if you have anything to add or change.

1. Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3
   a. Defendants made a supplemental production of documents on Feb. 15.
   b. Plaintiffs sent an email on Feb. 15 (attached) to confirm the identity of the documents, still waiting for a response.
   c. Defendants are awaiting verification for their supplemental interrogatory responses and hoped to serve it by Friday, Feb. 17. Plaintiffs have not received the verification.
2. Defendants' responses to Terry RFPDs, Set 12
   a. Defendants' responses were due on Monday, February 13. Plaintiffs have not received any responses.
   b. Ryan will look into it and send an update. Plaintiffs have not received an update.
3. Insurance policies required by Rule 26
   a. Defendants produced all insurance agreements in their possession for Wasatch Property Management and Wasatch Advantage Group on February 9.
   b. Ryan confirmed that the individual properties do not have potentially relevant insurance agreements.
   c. No action required this week.
4. Supplementation of Yardi data

    a.  Ryan will send email to confirm scope of work for Fitech Gelb.

    b.  It is possible that the tenant communications were generated by Yardi, though distributed by hand. Ryan will follow up.

    c.  Have these two items been completed?

5.  Supplementation of tenant files (RFPDs 125-130)

    a.  No action required this week.

6.  Plaintiffs' February 9 letter re Defendants' damages theory

    a.  Check in

7.  March 7 settlement conference

    a.  Plaintiffs and Defendants will exchange settlement conference statements on or before Tuesday, Feb. 28.

    b.  Ryan will follow up with his clients about our list of private mediators.


Thanks,
Lindsay

**Lindsay Nako** | **Impact Fund**
2080 Addison Street, Suite 5│Berkeley, CA 94704
P: 510 845 3473 x. 307
Pronouns: she/her
[Website](#) | [Map](#) | [Email](#)



*This message is intended for the named recipients only. It may contain information protected by attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E

**Lindsay Nako**

| | |
|---|---|
| **From:** | Lindsay Nako |
| **Sent:** | Thursday, March 9, 2023 12:10 PM |
| **To:** | Ryan.Matthews@lewisbrisbois.com; Salazar, Joe |
| **Cc:** | Anne Bellows; Laura Ho; Jesse Newmark; Jocelyn Larkin; andrew@awolfflaw.com |
| **Subject:** | Terry v. Wasatch - Joint Statement re Terry RFPs Set 12 |
| **Attachments:** | Terry v. Wasatch_Jt Stmt re HAP Contracts w WD_Draft 03-09-23.docx; Ex A_Terry RFPs Set No. 12.pdf; Ex B_Email 02-15-23.pdf; Ex C_Email 02-22-23.pdf |

Ryan and Joe,

Attached is a draft joint statement regarding Defendants' failure to response to RFP No.  159, Plaintiff Terry's Twelfth Set of Requests for Production. I have also attached the related exhibits. Please provide Defendants' portion by tomorrow, March 10, at 12 pm PT.

Thank you,
Lindsay

**Lindsay Nako** | **Impact Fund**
2080 Addison Street, Suite 5│Berkeley, CA 94704
P: 510 845 3473 x. 307
Pronouns: she/her
<u>Website</u> | <u>Map</u> | <u>Email</u>



*This message is intended for the named recipients only. It may contain information protected by attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.*

1   Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
2   Anne Bellows (SBN 293722)
abellows@gbdhlegal.com
3   GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
4   Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)
5
Andrew Wolff (SBN 195092)
6   andrew@awolfflaw.com
LAW OFFICES OF ANDREW WOLFF, PC
7   1615 Broadway, 4th Floor
Oakland, CA 94612
8   (510) 834-3300; (510) 834-3377 (Fax)

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
(510) 437-1863; (510) 437-9164 (Fax)

Jocelyn D. Larkin (SBN 110817)
jlarkin@impactfund.org
Lindsay Nako (SBN 239090)
lnako@impactfund.org
THE IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA  94701
(510) 845-3473; (510) 845-3654 (Fax)

9   Attorneys for Plaintiffs and Relators and the Certified Classes

10

**UNITED STATES DISTRICT COURT**

11

**EASTERN DISTRICT OF CALIFORNIA**

12

**SACRAMENTO DIVISION**

13

14   UNITED STATES OF AMERICA, *ex rel.*
DENIKA TERRY, ROY HUSKEY III, and
15   TAMERA LIVINGSTON, and each of them for
themselves individually, and for all other persons
16   similarly situated and on behalf of the UNITED
STATES OF AMERICA
17
              Plaintiffs/Relators,
18
vs.
19
WASATCH ADVANTAGE GROUP, LLC,
20   WASATCH PROPERTY MANAGEMENT,
INC., WASATCH POOL HOLDINGS, LLC,
21   CHESAPEAKE APARTMENT HOLDINGS,
LLC, LOGAN PARK APARTMENTS, LLC,
22   LOGAN PARK APARTMENTS, LP, ASPEN
PARK HOLDINGS, LLC, BELLWOOD
23   JERRON HOLDINGS, LLC, BELLWOOD
JERRON APARTMENTS, LP, BENT TREE
24   APARTMENTS, LLC, CALIFORNIA PLACE
APARTMENTS, LLC, CAMELOT LAKES
25   HOLDINGS, LLC, CANYON CLUB
HOLDINGS, LLC, COURTYARD AT
26   CENTRAL PARK APARTMENTS, LLC,
CREEKSIDE HOLDINGS, LTD, HAYWARD
27   SENIOR APARTMENTS, LP, HERITAGE
PARK APARTMENTS, LP, OAK VALLEY
28   APARTMENTS, LLC, OAK VALLEY

Case No.: 2:15-CV-00799-KJM-DB

CLASS ACTION

DISCOVERY MATTER

**JOINT STATEMENT REGARDING
DISCOVERY DISPUTE
(PLAINTIFF DENIKA TERRY'S
TWELFTH SET OF REQUESTS FOR
PRODUCTION)**

Date:     March 17, 2023
Time:     10:00 am
Dept:     Courtroom 27, 8th Floor
Before:  Hon. Magistrate Judge
              Deborah Barnes

Trial Date: None Set

869415.1

HOLDINGS, LP, PEPPERTREE APARTMENT
HOLDINGS, LP, PIEDMONT APARTMENTS,
LP, POINT NATOMAS APARTMENTS, LLC,
POINT NATOMAS APARTMENTS, LP,
RIVER OAKS HOLDINGS, LLC, SHADOW
WAY APARTMENTS, LP, SPRING VILLA
APARTMENTS, LP, SUN VALLEY
HOLDINGS, LTD, VILLAGE GROVE
APARTMENTS, LP, WASATCH QUAIL RUN
GP, LLC, WASATCH PREMIER
PROPERTIES, LLC, WASATCH POOL
HOLDINGS III, LLC, and DOES 1-4,

Defendants.

1  Plaintiffs and Class Representatives Denika Terry, Roy Huskey III, and Tamera

2  Livingston ("Plaintiffs") on behalf of themselves and the certified classes, and on behalf of the

3  United States, and Defendants Wasatch Advantage Group, LLC, Wasatch Property Management,

4  LLC, *et al.* ("Defendants"), submit this Joint Statement Regarding Discovery Disagreement under

5  Local Rule 251(c).

6

7  **INTRODUCTION**

8  Plaintiffs seek Defendants' complete production of "all HAP Contracts for all Section 8

9  tenants at the Subject Properties who have paid Additional Service Charges for in-unit washers

10  and dryers at any time since July 1, 2019."  Ex. A (Plaintiff Denika Terry's Twelfth Set of

11  Requests for Production, Request for Production No. 159).  Plaintiffs served the request on

12  January 13, 2023.  Defendants' response was due on February 13, 2023.  Defendants have not

13  responded or provided any relevant updates.  Plaintiffs seek an order requiring production of all

14  responsive HAP Contracts by Friday, March 24, 2023.

15

16  **MEET AND CONFER EFFORTS**

17  On January 13, 2023, Plaintiffs submitted Plaintiff Denika Terry's Twelfth Set of

18  Requests for Production to Defendants pursuant to Rules 26 and 36 of the Federal Rules of Civil

19  Procedure.  Ex. A.  Defendants were required to produce responsive documents by February 13,

20  2023, 30 days after service of Plaintiffs Request for Production.  *See* Fed. R. Civ. P. 34(b)(2)(A).

21  The parties met and conferred by phone on February 15, 2023.[1]  Ex. B (Feb. 15, 2023

22  email).  Counsel for Plaintiffs notified Counsel for Defendants that Defendants' responses to the

23  relevant requests for production were past due.  *Id.*  Counsel for Defendants stated that they

24  would look into it and provide an update.  *Id.*  The parties were scheduled to meet and confer by

25  phone on February 22, 2023, but Counsel for Defendants was unable to attend.  *Id.* (Feb. 21 and

26  28 emails).  Counsel for Defendants stated via email that they would provide a written update as

27

28
[1] Counsel are unable to meet and confer in person because they live and work in different regions of California.

869415.1

1    soon as possible. *Id.* (March 1, 2023 email). As of the date of this filing, Plaintiffs have not

2    received any update from Defendants on the status of the request for production. *See id.* (March

3    6, 2023 email).

4            Given the quickly approaching close of damages discovery on May 12, 2023, it is

5    imperative that Defendants produce responsive documents in a timely manner. *See* Minute Order

6    Setting Dates, ECF No. 279; Order Re Stipulation to Continue Settlement Conference, ECF No.

7    291.

8

9                                    **CASE NATURE AND POSTURE**

10   **I.      Case Background**

11           Plaintiffs are tenants who receive rental assistance through the federally subsidized

12   Housing Choice Voucher Program commonly known as "Section 8." Defendants are Wasatch

13   Advantage Group, LLC, and its affiliates, a residential rental and property management company

14   with residential apartments in the western United States. Plaintiffs allege Defendants improperly

15   charged class members for additional services such as laundry machines, renters' insurance, and

16   parking. Plaintiffs bring claims under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, as well as

17   certified class claims under California contract, business, and consumer laws. 5th Am. Compl.

18   ¶¶ 212-260, ECF No. 136; *see also* Order Granting Class Certification, ECF No. 92.

19           In November 2022, the Court granted Plaintiffs' Motion for Summary Judgment, finding

20   Defendants liable for breach of contract and violation of the California Unfair Competition Law.

21   ECF No. 278, p. 14. The Court denied Defendants' Cross-Motion for Summary Judgement or, in

22   the Alternative, Class Decertification. *Id.* at 14-15. The Court has ordered the parties to attend a

23   settlement conference with Magistrate Judge Carolyn K. Delaney on March 15, 2023. ECF No.

24   281; ECF No. 291 (order continuing settlement conference to March 15, 2023). If the parties do

25   not reach a settlement, the case will proceed to a trial to determine liability under the False

26   Claims Act and Consumer Legal Remedies Act, as well as the amount of damages under all

27   claims.

28

3

## II.     Factual Issues Relevant to Discovery Dispute

The requested HAP Contracts are relevant to determining the extent of Defendants' financial liability resulting from their violation of the HAP Contract, which will be a key issue in the upcoming trial.

Wasatch routinely charges Section 8 tenants for in-unit washers and dryers separately from the "base rent" that corresponds to the "rent to owner" set out in HAP Contracts. Defendants' Response to Plaintiffs' Statement of Undisputed Facts ("U.F.") No. 32, ECF No. 258-1.  Until July 2019, the "Utilities and Appliances" section in Part A of the HAP Contract required that, unless otherwise specified in the HAP Contract, "the owner shall pay for all . . . appliances provided by the owner."  *Id.* at U.F. No. 33; HAP Contract Part A.  Wasatch uniformly failed to specify in Part A that tenants were required to pay fees for in-unit washers and dryers. *Id.* at U.F. No. 34.  Based on these undisputed facts, in November 2022, the Court held at summary judgment that separate charges for washers and dryers were unlawful additional rent under the HAP Contracts using the pre-July 2019 language.  ECF No. 278 at 14-15.

In July 2019, HUD updated the form HAP Contract and removed the relevant language. *See* Form HUD-52641 (7/2019), https://www.hud.gov/sites/dfiles/OCHCO/documents/52641.pdf. But implementation of the revised HAP Contract language for new Section 8 move-ins was not immediate.  As a result, some HAP Contracts executed by Defendants and members of the certified Classes contain the pre-2019 language, which this Court determined prohibits Defendants' additional charges for washers and dryers.  Other HAP Contracts do not contain this language.  The documents requested by Plaintiffs are necessary to determine, for damages purposes, how many HAP Contracts were executed after July 2019 with the pre-July 2019 language.  There is no other way to determine the full extent of damages attributable to this violation.

## III.     Discovery Items in Dispute and the Parties' Contentions

The parties' discovery dispute concerns Defendants' obligation to provide "all HAP Contracts for all Section 8 tenants at the Subject Properties who have paid Additional Service

4

1   Charges for in-unit washers and dryers at any time since July 1, 2019." Ex. A.

2       **A.   Plaintiffs' Position**

3       Defendants' obligation to produce responsive HAP Contracts became effective on

4   February 13, 2023.  Defendants have not provided a response, nor they have not committed to a

5   production date.  Their failure to timely respond waived all objections.  *See Richmark Corp. v.*

6   *Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a

7   failure to object to discovery requests within the time required constitutes a waiver of any

8   objection.").  The parties' multiple attempts to meet and confer have been unsuccessful.  *See* Exs.

9   B, C.  Plaintiffs respectfully request that the Court order all Defendants to produce all responsive

10  documents by March 24, 2023.

11      **B.   Defendants' Position**

12      [FILL]

13

14  Dated:  March 10, 2023            Respectfully submitted,

15                                   IMPACT FUND

16                                   By: *DRAFT*_____
                                         Lindsay Nako

17
                                     *Attorneys for Plaintiffs and Relators and the Certified Class*
18

19  Dated: March 10, 2023            Respectfully submitted,

20                                   LEWIS BRISBOIS BISGAARD & SMITH LLP

21                                   By: *DRAFT*_____
                                         Ryan Matthews
22
                                     *Attorneys for Defendant*
23

24

25

26

27

28

# EXHIBIT F

## Lindsay Nako

| | |
|---|---|
| **From:** | Lindsay Nako |
| **Sent:** | Tuesday, March 14, 2023 2:01 PM |
| **To:** | Ryan.Matthews@lewisbrisbois.com; Salazar, Joe; Crespo, Alicia; Janus, Koreen; Baughman, Kristi |
| **Cc:** | Anne Bellows; Laura Ho; Jesse Newmark; Jocelyn Larkin; andrew@awolfflaw.com |
| **Subject:** | RE: Terry v. Wasatch - Joint Statement re Terry RFPs Set 12 |
| **Attachments:** | Terry v. Wasatch_Jt Stmt re HAP Contracts w WD_Draft 03-09-23.docx; Ex A_Terry RFPs Set No. 12.pdf; Ex B_Email 02-15-23.pdf; Ex C_Email 02-22-23.pdf |

Ryan and Joe,

Following up on the Joint Statement re Discovery Disagreement for Terry RFPs Set 12. Draft attached with exhibits. Please provide Defendants' portion by 5 pm this Thursday or Plaintiffs will move ahead without Defendants' contribution on Friday (March 17).

Thank you,
Lindsay

**Lindsay Nako** (she/her) | **Impact Fund**
P: 510 845 3473 x. 307

---

**From:** Lindsay Nako
**Sent:** Friday, March 10, 2023 4:53 PM
**To:** 'Ryan.Matthews@lewisbrisbois.com' <Ryan.Matthews@lewisbrisbois.com>; 'Salazar, Joe' <Joe.Salazar@lewisbrisbois.com>
**Cc:** 'Anne Bellows' <abellows@gbdhlegal.com>; 'Laura Ho' <lho@gbdhlegal.com>; 'Jesse Newmark' <jessenewmark@centrolegal.org>; Jocelyn Larkin <jlarkin@impactfund.org>; 'andrew@awolfflaw.com' <andrew@awolfflaw.com>
**Subject:** RE: Terry v. Wasatch - Joint Statement re Terry RFPs Set 12

Ryan and Joe,

We did not hear from you regarding the joint statement (attached). We will file a notice of motion with the court later today.

Thank you,
Lindsay

**Lindsay Nako** (she/her) | **Impact Fund**
P: 510 845 3473 x. 307

---

**From:** Lindsay Nako
**Sent:** Thursday, March 9, 2023 12:10 PM
**To:** Ryan.Matthews@lewisbrisbois.com; Salazar, Joe <Joe.Salazar@lewisbrisbois.com>
**Cc:** Anne Bellows <abellows@gbdhlegal.com>; Laura Ho <lho@gbdhlegal.com>; Jesse Newmark <jessenewmark@centrolegal.org>; Jocelyn Larkin <jlarkin@impactfund.org>; andrew@awolfflaw.com
**Subject:** Terry v. Wasatch - Joint Statement re Terry RFPs Set 12

Ryan and Joe,

Attached is a draft joint statement regarding Defendants' failure to response to RFP No.  159, Plaintiff Terry's Twelfth Set of Requests for Production. I have also attached the related exhibits. Please provide Defendants' portion by tomorrow, March 10, at 12 pm PT.

Thank you,
Lindsay

**Lindsay Nako** | **Impact Fund**
2080 Addison Street, Suite 5│Berkeley, CA 94704
P: 510 845 3473 x. 307
Pronouns: she/her
Website | Map | Email



*This message is intended for the named recipients only. It may contain information protected by attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.*

# EXHIBIT G

AFFIDAVIT OF LINDSAY NAKO RE DISCOVERY DISPUTE – CASE NO. 2:15-CV-00799 KJM-DB

**Lindsay Nako**

| | |
|---|---|
| **From:** | Anne Bellows <abellows@gbdhlegal.com> |
| **Sent:** | Wednesday, March 15, 2023 2:26 PM |
| **To:** | Ryan.Matthews@lewisbrisbois.com |
| **Cc:** | Lindsay Nako |
| **Subject:** | Call? |
| **Attachments:** | Agenda for 3/8/23 call |

Hi Ryan,

I left you a voicemail.  When is a good time to talk this week?  I'd like to debrief a couple things about the settlement conference this morning.  And, given how that ended, we have plenty of litigation-work on both of our plates, including all of the outstanding discovery issues.  I'm attaching the latest meet and confer there.

I'm available the rest of the day today, and anytime tomorrow before 3pm.

Please provide Defendants' portion of the joint statement to Lindsay on Terry RFP Set 12.

Thanks,

Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**Lindsay Nako**

| | |
|---|---|
| **From:** | Anne Bellows <abellows@gbdhlegal.com> |
| **Sent:** | Wednesday, March 8, 2023 10:47 AM |
| **To:** | Ryan.Matthews@lewisbrisbois.com; jahmy.graham@nelsonmullins.com |
| **Cc:** | Lindsay Nako |
| **Subject:** | Agenda for 3/8/23 call |
| **Attachments:** | Terry v. Wasatch - Defs supplemental production re policy changes (Terry RFPDs Set 11) |

Hi Ryan & Jahmy,

Are we on for our call at 1pm?  Here is a proposed agenda:

1. Defendants' responses to Terry RFPDs, Set 12 (HAP Contracts for S8 tenants with washer & dryer charges)
    a. Defendants' responses were due on Monday, February 13. Plaintiffs have not received any responses.
    b. Ryan previously agreed to look into it and send an update. Plaintiffs have not received an update.
    c. <u>Plaintiffs are drafting a joint statement for a motion to compel, will provide a draft on Thursday</u>
2. Insurance policies required by Rule 26
    a. Defendants produced all insurance agreements in their possession for Wasatch Property Management and Wasatch Advantage Group on February 9.
    b. We have reviewed the policies and believe that there should be coverage under, at least:
        i. The D&O policies, since the fraud exclusion there is more stringent than the reckless disregard standard for the FCA.
        ii. The Lexington Commercial General policies, under the wrongful eviction/malicious prosecution/invasion of right of private right of occupancy.  We have see coverage of unlawful rent charges, including some that led to the loss of housing, under very similar language in prior cases.
    c. It appears that we did not receive the full policy language from the Sentinel Insurance Co policies for Wasatch Advantage Group.  Please provide.
    d. Check in
3. Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3
    a. Defendants made a supplemental production of documents on Feb. 15.
    b. Plaintiffs sent an email on Feb. 15 (attached) to confirm the identity of the documents, still waiting for a response.
    c. Defendants are awaiting verification for their supplemental interrogatory responses and hoped to serve it by Friday, Feb. 17. Plaintiffs have still not received the verification.
4. Supplementation of Yardi data
    a. It is possible that the tenant communications were generated by Yardi, though distributed by hand. Ryan will follow up. We are still waiting to hear.
    b. Discuss proposed adjustment to yardi ledger data pull
5. Supplementation of tenant files (RFPDs 125-130)
    a. No action required this week.
6. Plaintiffs' February 9 letter re Defendants' damages theory
    a. Check in
7. Plaintiffs' February 21 letter re policy changes
    a. Check in
8. March 15 settlement conference
    a. We have exchanged settlement conference statements
    b. Who will be attending from Defendants' side?

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.