Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Anne Bellows (SBN 293722)
abellows@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
Tony Ruch (SBN 242717)
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
(510) 834-3300; (510) 834-3377 (Fax)

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
(510) 437-1863; (510) 437-9164

Jocelyn D. Larkin (SBN 110817)
jlarkin@impactfund.org
Lindsay Nako (SBN 239090)
lnako@impactfund.org
THE IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA  94701
(510) 845-3473; (510) 845-3654 (Fax)

Attorneys for Plaintiffs and Relators and Certified Classes

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK | Case No.: 2:15-cv-0799 KJM DB<br><br>CLASS ACTION<br><br>**STIPULATION AND ORDER GRANTING LEAVE TO TAKE ADDITIONAL DEPOSITIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30** |

VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC, and DOES 1-4,

    Defendants.

Plaintiffs Denika Terry, Roy Huskey III, and Tamera Livingston ("Plaintiffs") and Defendants Wasatch Advantage Group, LLC, Wasatch Property Management, Inc., Wasatch Pool Holdings, LLC, Chesapeake Apartment Holdings, LLC, Logan Park Apartments, LLC, Logan Park Apartments, LP, Aspen Park Holdings, LLC, Bellwood Jerron Holdings, LLC, Bellwood Jerron Apartments, LP, Bent Tree Apartments, LLC, California Place Apartments, LLC, Camelot Lakes Holdings, LLC, Canyon Club Holdings, LLC, Courtyard at Central Park Apartments, LLC, Creekside Holdings, Ltd., Hayward Senior Apartments, LP, Heritage Park Apartments, LP, Oak Valley Apartments, LLC, Oak Valley Holdings, LP, Peppertree Apartment Holdings, LP, Piedmont Apartments, LP, Point Natomas Apartments, LLC, Point Natomas Apartments, LP, River Oaks Holdings, LLC, Shadow Way Apartments, LP, Spring Villa Apartments, LP, Sun Valley Holdings, Ltd., Village Grove Apartments, LP, Wasatch Quail Run GP, LLC, Wasatch Premier Properties, LLC, and Wasatch Pool Holdings III, LLC ("Defendants") (collectively, the "Parties"), by and through their respective counsel and pursuant to Local Rule 143, hereby stipulate to permit Plaintiffs and Defendants each to take additional depositions in excess of the ten-deposition limit set forth in Rule 30 of the Federal Rules of Civil Procedure.

WHEREAS, the Court granted partial summary judgment for Plaintiffs on November 23, 2022, finding Defendants liable to the class for breach of contract and violation of the Unfair Competition Law.  ECF No. 278 at p. 14.

WHEREAS, the Court held a scheduling conference on December 1, 2022, and ordered a pre-trial case schedule that includes another phase of fact and expert discovery regarding damages and other remedies.  ECF No. 279.

WHEREAS, the Parties are presently engaged in fact discovery, which closes on June 2, 2023. ECF No. 295.

WHEREAS, the Parties will then proceed to expert discovery, which closes on July 14, 2023. ECF No. 279.

WHEREAS, as of the date of this stipulation, Plaintiffs and Defendants have each taken ten depositions pursuant to Federal Rule of Civil Procedure 30(a)(1).

WHEREAS, the Parties agree that the additional depositions beyond the ten-deposition limit are appropriate given the high stakes and nature of this litigation, which addresses additional service charges Defendants made to Section 8 tenants in four states over an 18-year liability period through claims asserted on behalf of two certified classes and the federal government.

WHEREAS, following the Court's summary judgment order, new factual questions have arisen related to damages and remedies, including: (1) changes made (or not made) by Defendants since November 2022 to their policies and practices relevant to the Court's liability finding at summary judgment, potentially affecting the time period relevant to damages calculations; and (2) factual issues related to Defendants' contention that their costs in providing services and amenities to Section 8 tenants should be considered in determining damages.

WHEREAS, both Parties are currently planning to disclose expert reports during the expert discovery period, and they agree that depositions of those experts are appropriate to test the basis and nature of their opinions and prepare the case for trial.

THEREFORE, THE PARTIES STIPULATE AND JOINTLY REQUEST THAT THE COURT ORDER AS FOLLOWS:

1. Plaintiffs may notice up to two additional depositions of Defendants pursuant to Rule 30(b)(6) regarding Defendants' policies and practices related to their Additional Service Agreements from November 22, 2022 to present, Defendants' theory for reducing their damages by the costs incurred providing additional services, and related topics;

2. Plaintiffs may notice deposition(s) of Defendants' disclosed and rebuttal expert witness(es).

3. Defendants may notice deposition(s) of Plaintiffs' disclosed and rebuttal expert witness(es).

4. This stipulation is not a waiver of any objection to a deposition for any reason other than the ten-deposition limit.

5. This agreement is without prejudice to either side's seeking leave of Court to take additional depositions for good cause.

| | |
|---|---|
| Dated: April 5, 2023 | Respectfully submitted, |
| | GOLDSTEIN, BORGEN, DARDARIAN & HO |
| | |
| | */s/ Anne P. Bellows* |
| | Anne P. Bellows |
| | Attorneys for Plaintiff and Relators |
| Dated: April 5, 2023 | Respectfully submitted, |
| | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| | |
| | */s/ Ryan Matthews* (as authorized on 4/5/23) |
| | Ryan Matthews |
| | Attorneys for Defendants |

**ORDER**

IT IS SO ORDERED.

DATED: April 6, 2023        /s/ DEBORAH BARNES
                            UNITED STATES MAGISTRATE JUDGE