sLaura L. Ho (SBN 173179)
lho@gbdhlegal.com
Anne Bellows (SBN 293722)
abellows@gbdhlegal.com
Stephanie Tilden (SBN 341486)
stilden@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800
Fax: (510) 835-1417

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
Telephone: (510) 834-3300
Fax: (510) 834-3377

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
Telephone: (510) 437-1863
Fax: (510) 437-9164

Jocelyn Larkin (SBN 110817)
jlarkin@impactfund.org
Lindsay Nako (SBN 239090)
lnako@impactfund.org
IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA 94704
Telephone: (510) 845-3473
Fax: (510) 845-3654

Attorneys for Plaintiffs and Relators and the Certified Classes

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

UNITED STATES OF AMERICA, *ex rel.*
DENIKA TERRY, ROY HUSKEY III, and
TAMERA LIVINGSTON, and each of them for
themselves individually, and for all other persons
similarly situated and on behalf of the UNITED
STATES OF AMERICA

        Plaintiffs/Relators,

vs.

WASATCH ADVANTAGE GROUP, LLC,
WASATCH PROPERTY MANAGEMENT,
INC., WASATCH POOL HOLDINGS, LLC,
CHESAPEAKE APARTMENT HOLDINGS,
LLC, LOGAN PARK APARTMENTS, LLC,
LOGAN PARK APARTMENTS, LP, ASPEN
PARK HOLDINGS, LLC, BELLWOOD
JERRON HOLDINGS, LLC, BELLWOOD
JERRON APARTMENTS, LP, BENT TREE
APARTMENTS, LLC, CALIFORNIA PLACE
APARTMENTS, LLC, CAMELOT LAKES
HOLDINGS, LLC, CANYON CLUB
HOLDINGS, LLC, COURTYARD AT
CENTRAL PARK APARTMENTS, LLC,
CREEKSIDE HOLDINGS, LTD, HAYWARD
SENIOR APARTMENTS, LP, HERITAGE
PARK APARTMENTS, LP, OAK VALLEY

Case No.: 2:15-CV-00799-KJM-DB

CLASS ACTION

DISCOVERY MATTER

**JOINT STATEMENT REGARDING
DISCOVERY DISPUTE
(PLAINTIFF DENIKA TERRY'S
REQUEST FOR PRODUCTION OF
DOCUMENTS, SET THIRTEEN)**

Date:    April 14, 2023
Time:    10:00 am
Dept:    Courtroom 27, 8th Floor
Before:  Hon. Magistrate Judge
          Deborah Barnes

Trial Date: None Set

1    APARTMENTS, LLC, OAK VALLEY
HOLDINGS, LP, PEPPERTREE APARTMENT
2    HOLDINGS, LP, PIEDMONT APARTMENTS,
LP, POINT NATOMAS APARTMENTS, LLC,
3    POINT NATOMAS APARTMENTS, LP,
RIVER OAKS HOLDINGS, LLC, SHADOW
4    WAY APARTMENTS, LP, SPRING VILLA
APARTMENTS, LP, SUN VALLEY
5    HOLDINGS, LTD, VILLAGE GROVE
APARTMENTS, LP, WASATCH QUAIL RUN
6    GP, LLC, WASATCH PREMIER
PROPERTIES, LLC, WASATCH POOL
7    HOLDINGS III, LLC, and DOES 1-4,

8       Defendants.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs and Class Representatives Denika Terry, Roy Huskey III, and Tamera Livingston ("Plaintiffs") on behalf of themselves and the certified classes, and on behalf of the United States, and Defendants Wasatch Advantage Group, LLC, Wasatch Property Management, LLC, et al. ("Defendants"), submit this Joint Statement Regarding Discovery Disagreement under Local Rule 251(c).

## INTRODUCTION

Plaintiffs seek Defendants' complete production of documents showing the costs incurred and income received in providing additional services to Section 8 tenants at relevant properties—costs that *Defendants* contend should be used to reduce damages owed to the certified class. Plaintiffs sought documents and data reflecting these costs in Plaintiff Denika Terry's Requests for Production of Documents, Set Thirteen, Nos. 160-185, and Defendants have agreed to the production without raising any substantive objections. *See* Ex. A (Defendants' Amended Responses to Plaintiff Denika Terry's Requests for Production of Documents, Set Thirteen, Nos. 160-185). Specifically, the dispute concerns Requests for Production 160-162, 164-165, 169, 172, 175-176, 180, 183, and 185. Defendants agree that they need to produce the documents soon, but they have not committed to any deadline. To date, Defendants have not produced any documents.

Defendants' costs related to the services will also be the topic of an upcoming Rule 30(b)(6) deposition, which the parties are discussing conducting the week of May 15, 2023. Plaintiffs ask that Defendants be ordered to produce the documents by April 24, 2023, approximately three weeks prior to the anticipated deposition, in order to allow sufficient time for Plaintiffs to analyze the production, seek outstanding documents, and prepare for the deposition.

Plaintiffs move to compel the production of the requested documents on the grounds that Defendants do not oppose production of responsive documents but have not agreed to a date certain for production. In addition, Defendants' remaining objections of "overbroad and unduly burdensome" do not meet the requirements of Rule 37. Prompt production of the requested documents is particularly important because the parties are discussing scheduling Rule 30(b)(6) depositions on this issue the week of May 15, 2023. Accordingly, Plaintiffs seek an order requiring production of all responsive documents by 5 pm Pacific time on Monday, April 24, 2023.

1

## **MEET AND CONFER EFFORTS**

2      On February 9, 2023, Plaintiffs served Plaintiff Denika Terry's Requests for Production of

3   Documents, Set Thirteen.  Ex. B.  The discovery requests sought contracts between Defendants and

4   third-party vendors reflecting the terms of agreements to provide additional services to tenants at

5   Defendants' properties; documents reflecting the costs of providing additional services to tenants at

6   Defendants' properties; and documents reflecting income, profits, and other revenue earned by

7   Defendants as a result of providing additional services.

8      Defendants' responses were due on Monday, March 13, 2023.  On the morning of March 13,

9   counsel for Defendants sent an email requesting a one-week extension, to which counsel for Plaintiffs

10  agreed.  Ex. C.  Defendants served their responses on the afternoon of Monday, March 20.  Ex. D.  The

11  responses did not include the production of responsive documents.  *See id.*  Counsel for Plaintiffs

12  responded that same afternoon and requested a meet and confer as soon as possible.  Ex. E.  Counsel

13  for Plaintiffs asked for confirmation that counsel for Defendants would attend the parties' standing

14  meet and confer call on Wednesday, March 22, and also offered to make themselves available at any

15  other time during the week, as needed.[1]  *Id.*  Counsel for Defendants did not respond.

16     On Tuesday, March 21, 2023, counsel for Plaintiffs emailed counsel for Defendants with a

17  proposed agenda for the March 22 meet and confer call, highlighting this issue as one of urgency.  Ex.

18  F.  Counsel for Defendants responded, and the parties met and conferred by phone on the morning of

19  Thursday, March 23.  Ex. G.  During the meet and confer, counsel for Defendants stated that

20  Defendants would provide a substantive response on Friday, March 24, and complete production early

21  the following week.  *Id.*

22     On Tuesday, March 28, Defendants served amended responses to Plaintiff Denika Terry's

23  Requests for Production of Documents, Set Thirteen.  Ex. A.  The parties met and conferred again on

24  Wednesday, March 29.  Ex. H.  During the meet and confer, counsel for Plaintiffs indicated that they

25

26

27  _____

28  [1] Counsel are unable to meet and confer in person because they live and work in different regions of California.

1  intended to file a motion to compel if Defendants did not complete production by March 31.  *Id.*

2  Defendants did not produce additional responses.

3       The parties met and conferred again on April 5, 2023.  Ex. I.  During the meet and confer,

4  counsel for Defendants did not indicate a date by which they believed they would complete production.

5  *Id.*  As of the date of this filing, Defendants have not produced responsive documents or committed to

6  a date certain for production.

7                           **CASE NATURE AND POSTURE**

8                    **I.        CASE BACKGROUND**

9       Plaintiffs are tenants who receive rental assistance through the federally subsidized Housing

10  Choice Voucher Program commonly known as "Section 8."  Defendants are Wasatch Advantage

11  Group, LLC, and its affiliates, a residential rental and property management company with apartments

12  in the western United States.  Plaintiffs allege Defendants improperly charged class members for

13  additional services such as laundry machines, renters' insurance, and parking.  Plaintiffs bring claims

14  under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, as well as certified class claims under California

15  contract, business, and consumer laws.  5th Am. Compl. ¶¶ 212-260, ECF No. 136; *see also* Order

16  Granting Class Certification, ECF No. 92.

17       On November 23, 2022, the Court granted Plaintiffs' Motion for Summary Judgment, finding

18  Defendants liable for breach of contract and violation of the California Unfair Competition Law.  ECF

19  No. 278, p. 14.  The Court denied Defendants' Cross-Motion for Summary Judgement or, in the

20  Alternative, Class Decertification.  *Id.* at 14-15.  The parties attended a settlement conference with

21  Magistrate Judge Carolyn K. Delaney on March 15, 2023, but were unable to reach a settlement.  ECF

22  No. 293.  The case will therefore proceed to a trial to determine liability under the False Claims Act

23  and Consumer Legal Remedies Act, as well as the amount of damages under all claims.

24              **II.        FACTUAL ISSUES RELEVANT TO DISCOVERY DISPUTE**

25       In its November 23 order, the Court granted summary judgment to Plaintiffs on their class

26  claims for breach of contract.  ECF No. 278 at p. 13.  In so holding, the Court concluded, "Plaintiffs

27  were damaged in the amount of the excess rent they were required to pay, which the court will

28  determine in the second phase of this litigation."  *Id.* at 13-14.

                                       3

1    The Court also granted summary judgment to Plaintiffs on their class claim for violation of the

2    California Unfair Competition Law. *Id.* at 14.  In so holding, the Court concluded, "Plaintiffs have

3    suffered injury in the form of lost money or property as a result of defendants' unlawful practice of

4    requiring plaintiffs to pay additional charges beyond their share of rent set out in the HAP contracts."

5    *Id.*

6    On December 1, 2022, the parties attended a scheduling conference with the Court.  ECF No.

7    279.  Prior to the conference, counsel for the parties met and conferred by phone.  *See* Ex. J (Email

8    dated December 1, 2022).  On the call, counsel for Defendants asserted for the first time their position

9    that the cost to Defendants of providing additional services to tenants should be deducted in any

10   damages calculation.  *See id.*  On the call and by email the same day, counsel for Plaintiffs stated that

11   Plaintiffs do not believe that the cost of providing services is relevant to the damages calculation.  *Id.*

12   Counsel for Plaintiffs requested Defendants' authority for their position.  *Id.*  Counsel for Defendants

13   did not respond.

14   On December 5, 2022, counsel for Plaintiffs followed up on their request for authority for

15   Defendants' position that they are entitled to deduct their costs to provide services from any damages

16   awarded in the case.  Ex. J (Email dated December 5, 2022).  Counsel for Defendants did not respond.

17   On February 9, 2023, counsel for Plaintiffs sent Defendants a letter setting forth Plaintiffs'

18   research demonstrating that Defendants' costs do not affect the calculation of damages on any of

19   Plaintiffs' claims.  Ex. K.  The letter described two paths forward: (1) discovery into the costs incurred

20   and income earned by Defendants in providing additional services to tenants, or (2) a proposed

21   stipulation by the parties to a damages calculation that does not deduct costs incurred by Defendants.

22   *Id.*  The discovery requests and draft stipulation were both served with Plaintiffs' letter.  *Id.*

23   Defendants did not respond.

24   When Defendants' discovery responses came due, they produced only objections, no

25   responsive documents.  Ex D.  Defendants later amended their responses on March 28, 2023, but still

26   did not produce responsive documents.  Ex. A.

27

28

### III.    DISCOVERY ITEMS IN DISPUTE AND THE PARTIES' CONTENTIONS

The Parties' discovery dispute concerns eighteen requests for production of documents and Defendants' responses thereto.  Plaintiffs' Requests, Defendants' Responses, and the Parties' contentions with regard to the dispute follow.

**REQUEST FOR ADMISSION NO. 160:**

Please produce ALL contracts between DEFENDANTS and insurance providers reflecting the terms of ALL agreements to provide renters' insurance policies to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

All responsive documents will be produced.

**A.    Plaintiffs' Position**

A party seeking discovery may move to compel an answer if the served party fails to produce requested documents.  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  Defendants no longer object to production but continue to avoid setting a date for production or producing responsive documents.

Defendants' failure to produce responsive documents is aggravated by the fact that the requested documents are relevant only because Defendants continue to pursue an unsupported argument that damages must be reduced by costs to avoid a windfall to the class of low-income Section 8 tenants.  After multiple unsuccessful attempts to dissuade Defendants from their position that the costs to provide additional services are relevant to the damages calculation on Plaintiffs' claims, Plaintiffs expected—and were entitled to—full and complete responses to related discovery requests.  Instead, Defendants have continued to delay production of the documents that they themselves put at issue.

Defendants must either abandon their argument that class damages should be reduced by their costs offsets or produce responsive documents.  As Defendants have declined to abandon their cost argument, Plaintiffs ask the Court to order production of the relevant documents by 5:00 pm Pacific on Monday, April 24, 2023.


870512.5

**B.**      **Defendants' Position**

Defendants are actively working to ascertain the extent to which they still possess responsive documents.  As noted, the Motion is not opposed as to this Request, and Defendants continue to seek documents which cover nearly two decades of business operations.

**REQUEST FOR PRODUCTION NO. 161:**

Please produce ALL contracts between DEFENDANTS and RentDynamics reflecting the terms of ALL agreements to provide the RentPlus program to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

All responsive documents will be produced.

**A.**      **Plaintiffs' Position**

Plaintiffs incorporate their position as to Request for Production No. 160 here.

**B.**      **Defendants' Position**

Defendants are actively working to ascertain the extent to which they still possess responsive documents.  As noted, the Motion is not opposed as to this Request, and Defendants continue to seek documents which cover nearly two decades of business operations.

**REQUEST FOR PRODUCTION NO. 162:**

Please produce ALL contracts between DEFENDANTS and telecommunications providers reflecting the terms of ALL agreements to provide telecommunications service to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

All responsive documents will be produced.

**A.**      **Plaintiffs' Position**

Plaintiffs incorporate their position as to Request for Production No. 160 here.

**B.**      **Defendants' Position**

Defendants are actively working to ascertain the extent to which they still possess responsive documents.  As noted, the Motion is not opposed as to this Request, and Defendants continue to seek documents which cover nearly two decades of business operations.

**REQUEST FOR PRODUCTION NO. 164:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing renters insurance to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

Defendant responds that all responsive documents will be produced.

**A.**      **Plaintiffs' Position**

Plaintiffs incorporate their position as to Request for Production No. 160 here.

**B.**      **Defendants' Position**

Defendants are actively working to ascertain the extent to which they still possess responsive documents.  As noted, the Motion is not opposed as to this Request, and Defendants continue to seek documents which cover nearly two decades of business operations.

**REQUEST FOR PRODUCTION NO. 165:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing washers and dryers to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

Defendant responds that all responsive documents in its possession will be produced.

**A.**      **Plaintiffs' Position**

Plaintiffs incorporate their position as to Request for Production No. 160 here.

**B.**      **Defendants' Position**

Defendants are actively working to ascertain the extent to which they still possess responsive documents.  As noted, the Motion is not opposed as to this Request, and Defendants continue to seek documents which cover nearly two decades of business operations.

**REQUEST FOR PRODUCTION NO. 169:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing telecommunications services to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

7

870512.5

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

Defendant objects to this request as vague and ambiguous as to "telecommunications services". Subject to and without waiving that objection, Defendant responds: All responsive documents in Defendants' possession will be produced.

**A.**     **Plaintiffs' Position**

Plaintiffs incorporate their position as to Request for Production No. 160 here.

**B.**     **Defendants' Position**

Defendants are actively working to ascertain the extent to which they still possess responsive documents.  As noted, the Motion is not opposed as to this Request, and Defendants continue to seek documents which cover nearly two decades of business operations.

**REQUEST FOR PRODUCTION NO. 172:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing the RentPlus program to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

All responsive documents in Defendants' possession will be produced.

**A.**     **Plaintiffs' Position**

Plaintiffs incorporate their position as to Request for Production No. 160 here.

**B.**     **Defendants' Position**

Defendants are actively working to ascertain the extent to which they still possess responsive documents.  As noted, the Motion is not opposed as to this Request, and Defendants continue to seek documents which cover nearly two decades of business operations.

**REQUEST FOR PRODUCTION NO. 175:**

Please produce ALL documents reflecting gross income, profits, revenues, or commissions earned by any DEFENDANT as a result of providing renters' insurance to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

Defendant objects to this Request as overbroad and unduly burdensome.  Subject to and without waiving that objection, Defendant responds that it will produce all relevant contracts,



1   documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi tenant

2   data regarding the same.

3   **A.    Plaintiffs' Position**

4          Plaintiffs incorporate their position as to Request for Production No. 160 here.  In addition,

5   courts regularly find that boilerplate or general recitations are insufficient to assert evidentiary

6   objections.  *See, e.g.*, *Beard v. Cnty. of Stanislaus*, No. 21-cv-00841-DAD-SAB, 2022 WL 2704856, at

7   *8 (E.D. Cal. July 12, 2022) ("The Court admonishes Defendant that boilerplate objections do not

8   suffice, are not well-received by this Court, and will usually be met with boilerplate overrulings.").

9   Finally, as counsel for Plaintiffs stated in the Parties' March 29 meet and confer, Plaintiffs do not

10  believe Yardi data alone—which shows only tenant payments for services—is sufficient to establish

11  Defendants' revenues.  Plaintiffs seek documents sufficient to determine whether Defendants received

12  income, profits, revenues, or commissions from any source and the amount received.

13  **B.    Defendants' Position**

14         As noted in Defendants' response, Defendants do not intend to rely solely on Yardi data. This

15  request is remarkably broad, and could theoretically include each and every payment made by a tenant

16  receiving this service.  The Yardi data will show the gross revenues to Defendants, all of which come

17  from tenant payments.  Contracts, agreements, and related documents will establish the portion of

18  those tenant payments.  To the extent there are commissions paid to any Defendant above and beyond

19  any margin on the gross revenues, such commissions will be reflected in the relevant contracts.

20         Defendants' objection with respect to overbreadth and undue burden reflects a concern that

21  Plaintiffs seek evidence of each and every payment made to or by Wasatch Property Management for

22  this additional service across many properties and nearly twenty years.  However, based on the parties'

23  meet and confer efforts, Plaintiffs do not seek this type of minutiae, and except to the extent this order

24  would encompass such a vast production, Defendants do not oppose the requested order as to this

25  Request.

26

27

28

870512.5

**REQUEST FOR PRODUCTION NO. 176:**

Please produce ALL documents reflecting gross income, profits, revenues, or commissions earned by any DEFENDANT as a result of providing washers and dryers to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

Defendant objects to this Request as overbroad and unduly burdensome.  Subject to and without waiving that objection, Defendant responds that it will produce all relevant contracts, documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi tenant data regarding the same.

A.      **Plaintiffs' Position**

Plaintiffs incorporate their position as to Request for Production No. 160 here.  In addition, courts regularly find that boilerplate or general recitations are insufficient to assert evidentiary objections.  *See, e.g.*, *Beard v. Cnty. of Stanislaus*, No. 21-cv-00841-DAD-SAB, 2022 WL 2704856, at *8 (E.D. Cal. July 12, 2022) ("The Court admonishes Defendant that boilerplate objections do not suffice, are not well-received by this Court, and will usually be met with boilerplate overrulings.").  Finally, as counsel for Plaintiffs stated in the Parties' March 29 meet and confer, Plaintiffs do not believe Yardi data alone—which shows only tenant payments for services—is sufficient to establish Defendants' revenues.  Plaintiffs seek documents sufficient to determine whether Defendants received income, profits, revenues, or commissions from any source and the amount received.

B.      **Defendants' Position**

As noted in Defendants' response, Defendants do not intend to rely solely on Yardi data.  This request is remarkably broad, and could theoretically include each and every payment made by a tenant receiving this service.  The Yardi data will show the gross revenues to Defendants, all of which come from tenant payments. Contracts, agreements, and related documents will establish the portion of those tenant payments.  To the extent there are commissions paid to any Defendant above and beyond any margin on the gross revenues, such commissions will be reflected in the relevant contracts.

Defendants' objection with respect to overbreadth and undue burden reflects a concern that Plaintiffs seek evidence of each and every payment made to or by Wasatch Property Management for

1    this additional service across many properties and nearly twenty years.  However, based on the parties'

2    meet and confer efforts, Plaintiffs do not seek this type of minutiae, and except to the extent this order

3    would encompass such a vast production, Defendants do not oppose the requested order as to this

4    Request.

5    **REQUEST FOR PRODUCTION NO. 180:**

6        Please produce ALL documents reflecting gross income, profits, revenues, or commissions

7    earned by any DEFENDANT as a result of providing telecommunications services to DEFENDANTS'

8    tenants at any time between April 1, 2005, and the present.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

10       Defendant objects to this Request as overbroad and unduly burdensome.  Subject to and

11    without waiving that objection, Defendant responds that it will produce all relevant contracts,

12    documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi tenant

13    data regarding the same.

14    **A.**    **Plaintiffs' Position**

15       Plaintiffs incorporate their position as to Request for Production No. 160 here.  In addition,

16    courts regularly find that boilerplate or general recitations are insufficient to assert evidentiary

17    objections.  *See, e.g.*, *Beard v. Cnty. of Stanislaus*, No. 21-cv-00841-DAD-SAB, 2022 WL 2704856, at

18    *8 (E.D. Cal. July 12, 2022) ("The Court admonishes Defendant that boilerplate objections do not

19    suffice, are not well-received by this Court, and will usually be met with boilerplate overrulings.").

20    Finally, as counsel for Plaintiffs stated in the Parties' March 29 meet and confer, Plaintiffs do not

21    believe Yardi data alone—which shows only tenant payments for services—is sufficient to establish

22    Defendants' revenues.  Plaintiffs seek documents sufficient to determine whether Defendants received

23    income, profits, revenues, or commissions from any source and the amount received.

24    **B.**    **Defendants' Position**

25       As noted in Defendants' response, Defendants do not intend to rely solely on Yardi data.  This

26    request is remarkably broad, and could theoretically include each and every payment made by a tenant

27    receiving this service.  The Yardi data will show the gross revenues to Defendants, all of which come

28    from tenant payments.  Contracts, agreements, and related documents will establish the portion of

870512.5

1   those tenant payments.  To the extent there are commissions paid to any Defendant above and beyond

2   any margin on the gross revenues, such commissions will be reflected in the relevant contracts.

3           Defendants' objection with respect to overbreadth and undue burden reflects a concern that

4   Plaintiffs seek evidence of each and every payment made to or by Wasatch Property Management for

5   this additional service across many properties and nearly twenty years. However, based on the parties'

6   meet and confer efforts, Plaintiffs do not seek this type of minutiae, and except to the extent this order

7   would encompass such a vast production, Defendants do not oppose the requested order as to this

8   Request.

9   **REQUEST FOR PRODUCTION NO. 183:**

10          Please produce ALL documents reflecting gross income, profits, revenues, or commissions

11   earned by any DEFENDANT as a result of providing the RentPlus program to DEFENDANTS'

12   tenants at any time between April 1, 2005, and the present.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

14          Defendant objects to this Request as overbroad and unduly burdensome.  Subject to and

15   without waiving that objection, Defendant responds that it will produce all relevant contracts,

16   documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi tenant

17   data regarding the same.

18   A.      **Plaintiffs' Position**

19          Plaintiffs incorporate their position as to Request for Production No. 160 here.  In addition,

20   courts regularly find that boilerplate or general recitations are insufficient to assert evidentiary

21   objections.  *See, e.g.*, *Beard v. Cnty. of Stanislaus*, No. 21-cv-00841-DAD-SAB, 2022 WL 2704856, at

22   *8 (E.D. Cal. July 12, 2022) ("The Court admonishes Defendant that boilerplate objections do not

23   suffice, are not well-received by this Court, and will usually be met with boilerplate overrulings.").

24   Finally, as counsel for Plaintiffs stated in the Parties' March 29 meet and confer, Plaintiffs do not

25   believe Yardi data alone—which shows only tenant payments for services—is sufficient to establish

26   Defendants' revenues.  Plaintiffs seek documents sufficient to determine whether Defendants received

27   income, profits, revenues, or commissions from any source and the amount received.

28

870512.5

A.    **Defendants' Position**

As noted in Defendants' response, Defendants do not intend to rely solely on Yardi data.  This request is remarkably broad, and could theoretically include each and every payment made by a tenant receiving this service.  The Yardi data will show the gross revenues to Defendants, all of which come from tenant payments.  Contracts, agreements, and related documents will establish the portion of those tenant payments.  To the extent there are commissions paid to any Defendant above and beyond any margin on the gross revenues, such commissions will be reflected in the relevant contracts.

Defendants' objection with respect to overbreadth and undue burden reflects a concern that Plaintiffs seek evidence of each and every payment made to or by Wasatch Property Management for this additional service across many properties and nearly twenty years. However, based on the parties' meet and confer efforts, Plaintiffs do not seek this type of minutiae, and except to the extent this order would encompass such a vast production, Defendants do not oppose the requested order as to this Request.

**REQUEST FOR PRODUCTION NO. 185:**

Please produce ALL documents reflecting gross income, profits, revenues, or commissions earned by any DEFENDANT as a result of providing security alarms or services to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

Defendant objects to this Request as overbroad and unduly burdensome.  Subject to and without waiving that objection, Defendant responds that it will produce all relevant contracts, documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi tenant data regarding the same.

A.    **Plaintiffs' Position**

Plaintiffs incorporate their position as to Request for Production No. 160 here.  In addition, courts regularly find that boilerplate or general recitations are insufficient to assert evidentiary objections.  *See, e.g.*, *Beard v. Cnty. of Stanislaus*, No. 21-cv-00841-DAD-SAB, 2022 WL 2704856, at *8 (E.D. Cal. July 12, 2022) ("The Court admonishes Defendant that boilerplate objections do not suffice, are not well-received by this Court, and will usually be met with boilerplate overrulings.").

13

1   Finally, as counsel for Plaintiffs stated in the Parties' March 29 meet and confer, Plaintiffs do not

2   believe Yardi data alone—which shows only tenant payments for services—is sufficient to establish

3   Defendants' revenues.  Plaintiffs seek documents sufficient to determine whether Defendants received

4   income, profits, revenues, or commissions from any source and the amount received.

5   **B.**   **Defendants' Position**

6           As noted in Defendants' response, Defendants do not intend to rely solely on Yardi data.  This

7   request is remarkably broad, and could theoretically include each and every payment made by a tenant

8   receiving this service.  The Yardi data will show the gross revenues to Defendants, all of which come

9   from tenant payments.  Contracts, agreements, and related documents will establish the portion of

10  those tenant payments.  To the extent there are commissions paid to any Defendant above and beyond

11  any margin on the gross revenues, such commissions will be reflected in the relevant contracts.

12          Defendants' objection with respect to overbreadth and undue burden reflects a concern that

13  Plaintiffs seek evidence of each and every payment made to or by Wasatch Property Management for

14  this additional service across many properties and nearly twenty years. However, based on the parties'

15  meet and confer efforts, Plaintiffs do not seek this type of minutiae, and except to the extent this order

16  would encompass such a vast production, Defendants do not oppose the requested order as to this

17  Request.

18   Dated:  April 7, 2023                        Respectfully submitted,

19                                                GOLDSTEIN, BORGEN, DARDARIAN & HO

20
                                                 By:  _/s/Anne Bellows_____
21                                                     Anne Bellows

22                                                *Attorneys for Plaintiffs and Relators and the*
                                                 *Certified Class*
23

24   Dated:  April 7, 2023                        Respectfully submitted,

25                                                LEWIS BRISBOIS BISGAARD & SMITH LLP

26
                                                 By:  _/s/Ryan Matthew (as authorized on 4/7/23)_
27                                                     Ryan Matthews

28                                                *Attorneys for Defendant*

# EXHIBIT A

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOSEPH A. SALAZAR JR., SB# 169551
  E-Mail: Joe.Salazar@lewisbrisbois.com
RYAN MATTHEWS, SB# 311674
  E-Mail: Ryan.Matthews@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile:  916.564.5444

Attorneys for Defendants, Wasatch Advantage
Group, LLC; Wasatch Property Management,
Inc.; Wasatch Pool Holdings, LLC, Chesapeake
Apartment Holdings, LLC; Logan Park
Apartments, LLC; Logan Park Apartments, LP;
Sun Valley Holdings, LTD.; Creekside Holdings,
LTD.; Hayward Senior Apartments, LP; Camelot
Lake Holdings, LLC; Wasatch Pool Holdings III,
LLC; Point Natomas Apartments LP; Bellwood
Terron Apartments LP; Spring Villa Apartments
LP; Wasatch Premier Properties, LLC; Wasatch
Pool Holdings III, LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

UNITED STATES OF AMERICA, ex rel.
DENIKA TERRY, ROY HUSKEY III, and
TAMERA LIVINGSTON, and each of them
for themselves individually, and for all other
persons similarly situated and on behalf of the
UNITED STATES OF AMERICA,

          Plaintiffs/Relators,

     vs.

WASATCH ADVANTAGE GROUP, LLC,
WASATCH PROPERTY MANAGEMENT,
INC., WASATCH POOL HOLDINGS, LLC,
CHESAPEAKE APARTMENT HOLDINGS,
LLC, LOGAN PARK APARTMENTS, LLC,
LOGAN PARK APARTMENTS, LP, ASPEN
PARK HOLDINGS, LLC, BELLWOOD
JERRON HOLDINGS, LLC, BELLWOOD
JERRON APARTMENTS, LP, BENT TREE
APARTMENTS, LLC, CALIFORNIA
PLACE APARTMENTS, LLC, CAMELOT
LAKES HOLDINGS, LLC, CANYON CLUB

CASE NO. 2:15-cv-00799-KJM-DB

**DEFENDANTS' RESPONSES TO
PLAINTIFF DENIKA TERRY'S
REQUEST FOR PRODUCTION OF
DOCUMENTS, SET THIRTEEN**

The Hon. Kimberly J. Mueller

Trial Date:     None Set

92369661.1

1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  HOLDINGS, LLC, COURTYARD AT
   CENTRAL PARK APARTMENTS, LLC,
2  CREEKSIDE HOLDINGS, LTD,
   HAYWARD SENIOR APARTMENTS, LP,
3  HERITAGE PARK APARTMENTS, LP,
   OAK VALLEY APARTMENTS, LLC, OAK
4  VALLEY HOLDINGS, LP, PEPPERTREE
   APARTMENT HOLDINGS, LP, PIEDMONT
5  APARTMENTS, LP, POINT NATOMAS
   APARTMENTS, LLC, POINT NATOMAS
6  APARTMENTS, LP, RIVER OAKS
   HOLDINGS, LLC, SHADOW WAY
7  APARTMENTS, LP, SPRING VILLA
   APARTMENTS, LP, SUN VALLEY
8  HOLDINGS, LTD, VILLAGE GROVE
   APARTMENTS, LP, WASATCH QUAIL
9  RUN GP, LLC, WASATCH PREMIER
   PROPERTIES, LLC, WASATCH POOL
10 HOLDINGS III, LLC, and DOES 1-4

11                     Defendants.

12  _____

13  PROPOUNDING PARTY:          Plaintiff/Relator, DENIKA TERRY

14  RESPONDING PARTY:           Defendants,   WASATCH   ADVANTAGE   GROUP,   LLC;

15                              WASATCH PROPERTY MANAGEMENT, INC.; WASATCH

16                              POOL  HOLDINGS,  LLC,  CHESAPEAKE  APARTMENT

17                              HOLDINGS, LLC; LOGAN PARK APARTMENTS, LLC;

18                              LOGAN   PARK   APARTMENTS,   LP;   SUN   VALLEY

19                              HOLDINGS,   LTD.;   CREEKSIDE   HOLDINGS,   LTD.;

20                              HAYWARD SENIOR APARTMENTS, LP; CAMELOT LAKE

21                              HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC;

22                              POINT   NATOMAS   APARTMENTS   LP;   BELLWOOD

23                              TERRON   APARTMENTS   LP;   SPRING   VILLA

24                              APARTMENTS LP; WASATCH PREMIER PROPERTIES,

25                              LLC; WASATCH POOL HOLDINGS III, LLC

26  SET NO.:                    THIRTEEN

27       Defendants, WASATCH ADVANTAGE GROUP, LLC; WASATCH PROPERTY

28  MANAGEMENT, INC.; WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT



HOLDINGS, LLC; LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP; SUN VALLEY HOLDINGS, LTD.; CREEKSIDE HOLDINGS, LTD.; HAYWARD SENIOR APARTMENTS, LP; CAMELOT LAKE HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC; POINT NATOMAS APARTMENTS LP; BELLWOOD TERRON APARTMENTS LP; SPRING VILLA APARTMENTS LP; WASATCH PREMIER PROPERTIES, LLC; WASATCH POOL HOLDINGS III, LLC (hereinafter referred to as "Responding Party") responds to the Requests for Production of Documents, Set Thirteen, of Plaintiff, DENIKA TERRY (hereinafter referred to as the "Propounding Party") as follows:

## **PRELIMINARY STATEMENT**

Responding party has not fully completed its investigation of the facts and circumstances relating to this case and has not fully completed its investigation in this action, nor has it completed its preparations for trial. Additionally, Responding party's attorneys, consultants and investigators have not completed their evaluation, investigation and analysis. Further, under the work product doctrine, the attorney-client privilege and pursuant to the provisions of Code of Civil Procedure sections 2018 and 2034, Responding party declines to disclose materials or information protected by the attorney-client privilege, attorney work product doctrine or other legal privilege against disclosure or premature disclosure. No disclosure herein shall be considered a waiver of these privileges.

Responding party's responses herein are based only upon current information and documents known to Responding party and disclose only those contentions which presently occur to such responding party. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the contentions herein set forth. The following responses are given without prejudice to Responding party's right to produce evidence of any subsequently discovered fact or facts which Responding party may later obtain or recall. Responding party accordingly reserves its right to change, supplement, amend or modify any and all responses herein as additional facts are ascertained, analyses are made, legal research is

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  completed, and contentions are made.

2       The responses contained herein are made in good faith effort to supply as much factual

3  information and as much specification of legal contentions as are presently known, but should in

4  no way be to the prejudice of the Responding party in relation to further discovery, research or

5  analysis.

6       Each of the following responses is subject to all objections as to relevance, materiality,

7  propriety and admissibility and any and all objections and grounds that would result in the

8  exclusion of any statement herein if the requests were asked of or any statement or omission

9  contained herein was made by a witness present and testifying in court.  The Responding party

10 reserves the right to assert all objections and grounds against the admissibility of any response, in

11 whole or in part, that may be asserted at the time of trial.

12                    **GENERAL STATEMENT AND OBJECTIONS**

13       1.      Responding Party generally objects to all Interrogatories insofar as they cause

14 unwarranted annoyance, embarrassment, oppression, and undue burden and expense.

15       2.      Responding Party generally objects to all Interrogatories insofar as they seek

16 information protected by the attorney-client privilege and/or the attorney work product doctrine.

17       3.      Responding Party objects to each and every direction, instruction, and request to

18 the extent that it purports to impose any requirement or discovery obligation on Responding Party

19 other than as set forth in California Code of Civil Procedure and applicable Rules of Court.

20       4.      In providing such responses, Propounding Party is advised that Responding Party

21 and its attorneys have not completed its discovery or preparation for trial, nor have they concluded

22 their analysis of the information gathered to date.  These responses, therefore, are based upon

23 information presently available.  It is anticipated that future discovery and independent

24 investigation may supply additional facts or information, add meaning to known facts, and

25 establish entirely new factual conclusions, all of which may lead to substantial additions to,

26 changes to, and variations from the contentions and facts set forth herein.  Responding Party

27 expressly reserves the right to supplement and/or amend the responses at such future time as

28 additional information is acquired and provides the following responses without prejudice to its

1  right to produce additional evidence at the time of trial.

2  **RESPONSES TO REQUEST FOR PRODUCTIONS**

3  **REQUEST FOR PRODUCTION NO. 160:**

4  Please produce ALL contracts between DEFENDANTS and insurance providers reflecting

5  the terms of ALL agreements to provide renters' insurance policies to DEFENDANTS' tenants at

6  any time between April 1, 2005, and the present.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

8  All responsive documents will be produced.

9  **REQUEST FOR PRODUCTION NO. 161:**

10  Please produce ALL contracts between DEFENDANTS and RentDynamics reflecting the

11  terms of ALL agreements to provide the RentPlus program to DEFENDANTS' tenants at any time

12  between April 1, 2005, and the present.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

14  All responsive documents will be produced.

15  **REQUEST FOR PRODUCTION NO. 162:**

16  Please produce ALL contracts between DEFENDANTS and telecommunications providers

17  reflecting the terms of ALL agreements to provide telecommunications service to

18  DEFENDANTS' tenants at any time between April 1, 2005, and the present.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

20  All responsive documents will be produced.

21  **REQUEST FOR PRODUCTION NO. 163:**

22  Please produce ALL contracts between DEFENDANTS and security service providers

23  reflecting the terms of ALL agreements to provide security alarms or services to DEFENDANTS'

24  tenants at any time between April 1, 2005, and the present.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

26  Defendant responds that after diligent search and reasonable inquiry, Defendant does not

27  have any responsive documents in its possession. Defendant notes that it does not intend to

28  produce evidence as to the costs of providing security alarms or services to the class of tenants at


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

92369661.1

1  trial.

2  **REQUEST FOR PRODUCTION NO. 164:**

3      Please produce ALL documents reflecting the cost to any DEFENDANT of providing

4  renters insurance to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

6      Defendant responds that all responsive documents will be produced.

7  **REQUEST FOR PRODUCTION NO. 165:**

8      Please produce ALL documents reflecting the cost to any DEFENDANT of providing

9  washers and dryers to DEFENDANTS' tenants at any time between April 1, 2005, and the

10  present.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

12      Defendant responds that all responsive documents in its possession will be produced.

13  **REQUEST FOR PRODUCTION NO. 166:**

14      Please produce ALL documents reflecting the cost to any DEFENDANT of providing

15  uncovered parking to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

17      Defendant responds that after diligent search and reasonable inquiry, Defendant does not

18  have any responsive documents in its possession. Defendant notes that it does not intend to

19  produce evidence as to the costs of providing uncovered parking to the class of tenants at trial.

20  **REQUEST FOR PRODUCTION NO. 167:**

21      Please produce ALL documents reflecting the cost to any DEFENDANT of providing

22  covered parking to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

24      Defendant responds that after diligent search and reasonable inquiry, Defendant does not

25  have any responsive documents in its possession. Defendant notes that it does not intend to

26  produce evidence as to the costs of providing covered parking to the class of tenants at trial.

27  **REQUEST FOR PRODUCTION NO. 168:**

28      Please produce ALL documents reflecting the cost to any DEFENDANT of providing


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET THIRTEEN

1  parking garages to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

3      Defendant responds that after diligent search and reasonable inquiry, Defendant does not

4  have any responsive documents in its possession. Defendant notes that it does not intend to

5  produce evidence as to the costs of providing parking garages to the class of tenants at trial.

6  **REQUEST FOR PRODUCTION NO. 169:**

7      Please produce ALL documents reflecting the cost to any DEFENDANT of providing

8  telecommunications services to DEFENDANTS' tenants at any time between April 1, 2005, and

9  the present.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

11      Defendant objects to this request as vague and ambiguous as to "telecommunications

12  services". Subject to and without waiving that objection, Defendant responds: All responsive

13  documents in Defendants' possession will be produced.

14  **REQUEST FOR PRODUCTION NO. 170:**

15      Please produce ALL documents reflecting the cost to any DEFENDANT of providing pet-

16  related services to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

18      Defendant responds that after diligent search and reasonable inquiry, Defendant does not

19  have any responsive documents in its possession. Defendant notes that it does not intend to

20  produce evidence as to the costs of providing pet related services to the class of tenants at trial.

21  **REQUEST FOR PRODUCTION NO. 171:**

22      Please produce ALL documents reflecting the cost to any DEFENDANT of providing

23  month to-month leasing to DEFENDANTS' tenants at any time between April 1, 2005, and the

24  present.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

26      Defendant objects to this Request as not being reasonably calculated to lead to the

27  discovery of admissible evidence. Subject to and without waiving that objection, Defendant

28  responds that it does not intend to produce evidence as to the costs of month to month leasing at



1  trial.

2  **REQUEST FOR PRODUCTION NO. 172:**

3      Please produce ALL documents reflecting the cost to any DEFENDANT of providing the

4  RentPlus program to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

6      All responsive documents in Defendants' possession will be produced.

7  **REQUEST FOR PRODUCTION NO. 173:**

8      Please produce ALL documents reflecting the cost to any DEFENDANT of providing

9  storage to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

11      Defendant responds that after diligent search and reasonable inquiry, Defendant does not

12  have any responsive documents in its possession. Defendant notes that it does not intend to

13  produce evidence as to the costs of providing storage to the class of tenants at trial.

14  **REQUEST FOR PRODUCTION NO. 174:**

15      Please produce ALL documents reflecting the cost to any DEFENDANT of providing

16  security alarms or services to DEFENDANTS' tenants at any time between April 1, 2005, and the

17  present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

19      Defendant responds that after diligent search and reasonable inquiry, Defendant does not

20  have any responsive documents in its possession. Defendant notes that it does not intend to

21  produce evidence as to the costs of providing security alarms or services to the class of tenants at

22  trial.

23  **REQUEST FOR PRODUCTION NO. 175:**

24      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

25  earned by any DEFENDANT as a result of providing renters' insurance to DEFENDANTS'

26  tenants at any time between April 1, 2005, and the present.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

28      Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   without waiving that objection, Defendant responds that it will produce all relevant contracts,

2   documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

3   tenant data regarding the same.

4   **REQUEST FOR PRODUCTION NO. 176:**

5       Please produce ALL documents reflecting gross income, profits, revenues, or commissions

6   earned by any DEFENDANT as a result of providing washers and dryers to DEFENDANTS'

7   tenants at any time between April 1, 2005, and the present.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

9       Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

10  without waiving that objection, Defendant responds that it will produce all relevant contracts,

11  documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

12  tenant data regarding the same.

13  **REQUEST FOR PRODUCTION NO. 177:**

14      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

15  earned by any DEFENDANT as a result of providing uncovered parking to DEFENDANTS'

16  tenants at any time between April 1, 2005, and the present.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

18      Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

19  without waiving that objection, Defendant responds that it will produce all relevant contracts,

20  documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

21  tenant data regarding the same.

22  **REQUEST FOR PRODUCTION NO. 178:**

23      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

24  earned by any DEFENDANT as a result of providing covered parking to DEFENDANTS' tenants

25  at any time between April 1, 2005, and the present.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

27      Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

28  without waiving that objection, Defendant responds that it will produce all relevant contracts,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

2 | tenant data regarding the same.

3 | **REQUEST FOR PRODUCTION NO. 179:**

4 | Please produce ALL documents reflecting gross income, profits, revenues, or commissions

5 | earned by any DEFENDANT as a result of providing parking garages to DEFENDANTS' tenants

6 | at any time between April 1, 2005, and the present.

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

8 | Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

9 | without waiving that objection, Defendant responds that it will produce all relevant contracts,

10 | documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

11 | tenant data regarding the same.

12 | **REQUEST FOR PRODUCTION NO. 180:**

13 | Please produce ALL documents reflecting gross income, profits, revenues, or commissions

14 | earned by any DEFENDANT as a result of providing telecommunications services to

15 | DEFENDANTS' tenants at any time between April 1, 2005, and the present.

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

17 | Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

18 | without waiving that objection, Defendant responds that it will produce all relevant contracts,

19 | documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

20 | tenant data regarding the same.

21 | **REQUEST FOR PRODUCTION NO. 181:**

22 | Please produce ALL documents reflecting gross income, profits, revenues, or commissions

23 | earned by any DEFENDANT as a result of providing pet-related services to DEFENDANTS'

24 | tenants at any time between April 1, 2005, and the present.

25 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

26 | Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

27 | without waiving that objection, Defendant responds that it will produce all relevant contracts,

28 | documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  tenant data regarding the same.

2  **REQUEST FOR PRODUCTION NO. 182:**

3      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

4  earned by any DEFENDANT as a result of providing month-to-month leasing to DEFENDANTS'

5  tenants at any time between April 1, 2005, and the present.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

7      Defendant objects to this Request as not being reasonably calculated to lead to the

8  discovery of admissible evidence. Subject to and without waiving that objection, Defendant

9  responds that it will produce all relevant contracts, documents reflecting costs, and documents

10  sufficient to establish revenues in the form of Yardi tenant data regarding the same.

11  **REQUEST FOR PRODUCTION NO. 183:**

12      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

13  earned by any DEFENDANT as a result of providing the RentPlus program to DEFENDANTS'

14  tenants at any time between April 1, 2005, and the present.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

16      Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

17  without waiving that objection, Defendant responds that it will produce all relevant contracts,

18  documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

19  tenant data regarding the same.

20  **REQUEST FOR PRODUCTION NO. 184:**

21      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

22  earned by any DEFENDANT as a result of providing storage to DEFENDANTS' tenants at any

23  time between April 1, 2005, and the present.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

25      Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

26  without waiving that objection, Defendant responds that it will produce all relevant contracts,

27  documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

28  tenant data regarding the same.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  **REQUEST FOR PRODUCTION NO. 185**:

2       Please produce ALL documents reflecting gross income, profits, revenues, or commissions

3  earned by any DEFENDANT as a result of providing security alarms or services to

4  DEFENDANTS' tenants at any time between April 1, 2005, and the present.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 185**:

6       Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

7  without waiving that objection, Defendant responds that it will produce all relevant contracts,

8  documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

9  tenant data regarding the same.

10

11  DATED:  March 28, 2023                    LEWIS BRISBOIS BISGAARD & SMITH LLP

12

13                                           By: _____

14                                           RYAN MATTHEWS
                                             Attorneys for Defendants, Wasatch Advantage
15                                           Group, LLC; Wasatch Property Management, Inc.;
                                             Wasatch Pool Holdings, LLC, Chesapeake
16                                           Apartment Holdings, LLC; Logan Park
                                             Apartments, LLC; Logan Park Apartments, LP;
17                                           Sun Valley Holdings, LTD.; Creekside Holdings,
                                             LTD.; Hayward Senior Apartments, LP; Camelot
18                                           Lake Holdings, LLC; Wasatch Pool Holdings III,
                                             LLC; Point Natomas Apartments LP; Bellwood
19                                           Terron Apartments LP; Spring Villa Apartments
                                             LP; Wasatch Premier Properties, LLC; Wasatch
20                                           Pool Holdings III, LLC

21

22

23

24

25

26

27

28



92369661.1                                    12

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET THIRTEEN

**VERIFICATION**

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

I have read the foregoing DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THIRTEEN and know its contents.

☐    I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒    I am Executive Vice President of Wasatch Property Management, Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

      ☒    I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

      ☐    The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐    I am one of the attorneys for Wasatch Property Management, Inc., a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March _27_, 2023, at Logan, Utah.

Jarom Johnson                                 
Print Name of Signatory                          Signature

LEWIS
BRISBOIS

1            **<u>FEDERAL COURT PROOF OF SERVICE</u>**

2         USA-Terry v Wasatch Property Management, et al.
             Case No. 2:15-cv-00799-KJM-DB

3

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

4

5       At the time of service, I was over 18 years of age and not a party to the action.  My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833.  I am employed in the office of a member of the bar of this Court at whose direction the service was

6 made.

7       On March 28, 2023, I served the following document(s):

8    -   DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THIRTEEN

9

10       I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

11               **SEE ATTACHED SERVICE LIST**

12       The documents were served by the following means:

13 ☒   (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the

14 documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication

15 that the transmission was unsuccessful.

16       I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

17

18       Executed on March 28, 2023, at Sacramento, California.

19

20                                    Alicia Crespo

21

22

23

24

25

26

27

28



92369661.1

                              1

1

**SERVICE LIST**
*USA-Terry v Wasatch Property Management, et al.*
Case No. 2:15-cv-00799-KJM-DB

2

| | |
|---|---|
| Andrew Wolff<br>Law Office of Andrew Wolff, PC<br>1956 Webster Street, Suite 275<br>Oakland, CA 94612 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.:  (510) 834-3300<br>Email:  andrew@awolfflaw.com |
| Jesse Newmark<br>CENTRO LEGAL DE LA RAZA<br>3022 International Blvd., Suite 410<br>Oakland, CA 94601 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.:  (510) 437-1554 x115<br>Fax:  (510) 437-9164<br>Email:  jessenewmark@centrolegal.org |
| Laura L. Ho<br>Anne Bellows<br>Stephanie Tilden<br>GOLDSTEIN, BORGEN, DARDARIAN &<br>HO<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612 | ***Attorneys for Plaintiffs and Relators and the***<br>***Certified Classes***<br><br>Tel:   (510) 763-9800<br>Fax:  (510) 835-1417<br>Email:  lho@gbdhlegal.com<br>Email:  abellows@gbdhlegal.com<br>Email:  stilden@gbdhlegal.com<br>Email:  sgrimes@gbdhlegal.com<br>Email:  dvaldez@gbdhlegal.com |
| Colleen M. Kennedy<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814 | ***Attorney for Intervenor Plaintiff***<br>***United States of America***<br><br>Tel.: 916-554-2700<br>Fax: 916-554-2900<br>E: colleen.m.kennedy@usdoj.gov<br>E: caseview.ecf@usdoj.gov<br>E: kimberly.siegfried@usdoj.gov<br>E: monica.lee@usdoj.gov<br>E: usacae.ecfsaccv@usdoj.gov |
| Jocelyn D. Larkin<br>Lindsay Nako<br>The Impact Fund<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704 | ***Attorney for Plaintiffs***<br><br>Tel: (510) 845-3473 x.306<br>Fax: (510) 845-3654<br>Email: jlarkin@impactfund.org<br>Email: lnako@impactfund.org |
| Jahmy Graham<br>Nelson Mullins<br>19191 South Vermont Avenue, Suite 900<br>Torrance, CA 90502 | ***Attorneys for Defendant, Hayward Village***<br>***Apartments LP***<br><br>T: 424-221-7426<br>F: 424-221-7499<br>E: jahmy.graham@nelsonmullins.com |

2

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET THIRTEEN

# EXHIBIT B

1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Anne Bellows (SBN 293722)
   abellows@gbdhlegal.com
3  Stephanie Tilden (SBN 341486)
   stilden@gbdhlegal.com
4  GOLDSTEIN, BORGEN, DARDARIAN & HO
   155 Grand Avenue, Suite 900
5  Oakland, CA 94612
   (510) 763-9800; (510) 835-1417 (Fax)
6
   Andrew Wolff (SBN 195092)
7  andrew@awolfflaw.com
   LAW OFFICES OF ANDREW WOLFF, PC
8  1615 Broadway, 4th Floor
   Oakland, CA 94612
9  (510) 834-3300; (510) 834-3377 (Fax)

10 Jesse Newmark (SBN 247488)
   jessenewmark@centrolegal.org
11 CENTRO LEGAL DE LA RAZA
   3022 International Blvd., Suite 410
12 Oakland, CA 94601
   (510) 437-1863; (510) 437-9164
13
   Jocelyn D. Larkin (SBN 110817)
14 Lindsay Nako (SBN 239090)
   lnako@impactfund.org
15 jlarkin@impactfund.org
   THE IMPACT FUND
16 2080 Addison Street, Suite 5
   Berkeley, CA 94701
17 (510) 845-3473; (510) 845-3654 (Fax)

18 Attorneys for Plaintiffs and Relators and the Certified Classes

19                    **UNITED STATES DISTRICT COURT**
                      **EASTERN DISTRICT OF CALIFORNIA**
20                         **SACRAMENTO DIVISION**

21 UNITED STATES OF AMERICA, *ex rel.*          Case No.: 2:15-CV-00799-KJM-DB
   DENIKA TERRY, ROY HUSKEY III, and
22 TAMERA LIVINGSTON, and each of them for      CLASS ACTION
   themselves individually, and for all other persons
23 similarly situated and on behalf of the UNITED   **PLAINTIFF DENIKA TERRY'S**
   STATES OF AMERICA                            **THIRTEENTH SET OF REQUESTS FOR**
24                                              **PRODUCTION TO DEFENDANTS**
            Plaintiffs/Relators,
25
   vs.
26
   WASATCH ADVANTAGE GROUP, LLC,
27 WASATCH PROPERTY MANAGEMENT, INC.,
   WASATCH POOL HOLDINGS, LLC,
28 CHESAPEAKE APARTMENT HOLDINGS, LLC,

1  LOGAN PARK APARTMENTS, LLC, LOGAN
   PARK APARTMENTS, LP, ASPEN PARK
2  HOLDINGS, LLC, BELLWOOD JERRON
   HOLDINGS, LLC, BELLWOOD JERRON
3  APARTMENTS, LP, BENT TREE
   APARTMENTS, LLC, CALIFORNIA PLACE
4  APARTMENTS, LLC, CAMELOT LAKES
   HOLDINGS, LLC, CANYON CLUB HOLDINGS,
5  LLC, COURTYARD AT CENTRAL PARK
   APARTMENTS, LLC, CREEKSIDE HOLDINGS,
6  LTD, HAYWARD SENIOR APARTMENTS, LP,
   HERITAGE PARK APARTMENTS, LP, OAK
7  VALLEY APARTMENTS, LLC, OAK VALLEY
   HOLDINGS, LP, PEPPERTREE APARTMENT
8  HOLDINGS, LP, PIEDMONT APARTMENTS,
   LP, POINT NATOMAS APARTMENTS, LLC,
9  POINT NATOMAS APARTMENTS, LP, RIVER
   OAKS HOLDINGS, LLC, SHADOW WAY
10 APARTMENTS, LP, SPRING VILLA
   APARTMENTS, LP, SUN VALLEY HOLDINGS,
11 LTD, VILLAGE GROVE APARTMENTS, LP,
   WASATCH QUAIL RUN GP, LLC, WASATCH
12 PREMIER PROPERTIES, LLC, WASATCH
   POOL HOLDINGS III, LLC,
13 and DOES 1-4,

14        Defendants.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOUNDING PARTY:**       Plaintiff-Relator Denika Terry

**RESPONDING PARTIES:**      Wasatch Advantage Group, LLC, Wasatch Property Management,
Inc., Wasatch Pool Holdings, LLC, Chesapeake Apartment Holdings,
LLC, Logan Park Apartments, LLC, Logan Park Apartments, LP,
Aspen Park Holdings, LLC, Bellwood Jerron Apartments, LP,
Bellwood Jerron Holdings, LLC, Bent Tree Apartments, LLC,
California Place Apartments, LLC, Camelot Lakes Holdings, LLC,
Canyon Club Holdings, LLC, Courtyard at Central Park Apartments,
LLC, Creekside Holdings, LTD, Hayward Senior Apartments, LP,
Oak Valley Apartments, LLC, Oak Valley Holdings, LP, Peppertree
Apartment Holdings, LP, Piedmont Apartments, LP, Point Natomas
Apartments, LLC, Point Natomas Apartments, LP, River Oaks
Holdings, LLC, Shadow Way Apartments, LP, Spring Villa
Apartments, LP, Sun Valley Holdings, LTD, Village Grove
Apartments, LP, Wasatch Quail Run GP, LLC, Wasatch Pool
Holdings III, LLC,  and Wasatch Premier Properties, LLC

**SET NUMBER:**              THIRTEEN (13)

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff-Relator Terry requests that Defendants provide responses in writing to the following requests for production of documents at the offices of Goldstein, Borgen, Dardarian & Ho, 155 Grand Avenue, Suite 900, Oakland, CA 94612, no later than March 14, 2023, and that Defendants produce responsive documents no later than March 14, 2023 to Plaintiffs' counsel of record. These document requests are ongoing and require timely supplementation up to and through the completion of trial in this action.

### **DEFINITIONS**

The following definitions will apply to each of the following Requests for Production of Documents:

1.      "ACTION" means *United States ex rel. Terry, et al. v. Wasatch Advantage Group, et al.*, Case No.: 2:15-CV-00799-KJM-DB (E.D. Cal.).

868778.1

2. "ADDITIONAL SERVICE CHARGES" as used in this interrogatory means any charges made to a tenant pursuant to DEFENDANTS' contracting document entitled "Additional Service Agreement."

3. "ALL" means any and all.

4. "DEFENDANT" or "DEFENDANTS" shall refer to all of the defendants in this ACTION collectively, and their respective officers, agents, servants, employees, independent contractors, attorneys, predecessors, successors and assigns, representatives, and all other persons acting or who have acted on their behalf.

5. "HAP CONTRACT" shall refer to the Housing Assistance Payments Contract that is executed by the landlord and the applicable publish housing authority for all SECTION 8 tenancies.

6. "SECTION 8" shall refer to the Housing Choice Voucher program, commonly called the Section 8 program, funded by the United Stated Department of Housing and Urban Development and administered by local public housing authorities.

7. "SUBJECT PROPERTY" or "SUBJECT PROPERTIES" shall refer to all properties managed by Defendant Wasatch Property Management during all relevant times in this action and that had one or more Section 8 tenants who were charged ADDITIONAL SERVICE CHARGES beyond the rent to owner set forth in the Housing Assistance Payment Contracts.

## INSTRUCTIONS

The following instructions apply to each of the Requests for Production of Documents:

1. These discovery requests are being made pursuant to the Federal Rules of Civil Procedure, including, without limitation, Rules 26 and 34. Accordingly, Defendants' responses to such Requests for Production of Documents must comply with the requirements set forth in the Rules, which are referred to and incorporated herein by reference.

2. In responding to these Requests for Production of Documents, Defendants are requested to furnish all information, items and documents known or available to Defendants regardless of whether such information, items and documents are directly in Defendants' possession or that of Defendants' agents, representatives or experts. These Requests for Production of Documents include production of all responsive information, items and documents in the possession, custody or control of Defendants'

2

1   agents, representatives or other persons directly or indirectly retained by Defendants, or anyone else

2   acting on Defendants' behalf or otherwise subject to Defendants' control.

3         3.    If any requested document or item is no longer in Defendants' possession, custody or

4   control, then Defendants must state the following:

5         a.    What was done with the document or item;

6         b.    When such document or item was created;

7         c.    The identity and address of the current custodian;

8         d.    The reasons for transfer or disposal; and

9         e.    The identity and address of the person who decided to transfer or dispose of the

10  document or item.

11        4.    If any of the Requests for Production of Documents cannot be complied with fully and

12  completely, produce documents to the extent possible, specifying the reasons for your inability to

13  produce the remainder, and state the substance of your knowledge, information and belief concerning

14  the subject matter of the unproduced portion.  Such a statement shall include the steps taken to locate

15  any responsive documents or the requested information.

16        5.    If anything has been deleted or redacted from a document produced in response to

17  these Discovery Requests, then state the following in your response:

18        a.    Specify the nature of the material deleted or redacted;

19        b.    Specify the reason for the deletion or redaction; and

20        c.    Identify the person responsible for the deletion or redaction.

21        6.    If an objection is made on the basis of any claim of privilege to producing any

22  document or item, or any portion thereof, or to disclosing any information contained therein, specify

23  in your response the nature of such information, items or documents, along with the nature of the

24  privilege claimed, so that the Court may rule on the propriety of the objection.  Specifically, state the

25  following:

26        a.    The title of the document or item;

27        b.    The type of document or item;

28        c.    The author or sender;

3

1    d.    The addressee;

2    e.    The date of the document or item;

3    f.    The name of each person to whom the original or a copy was shown or

4  circulated;

5    g.    The name(s) appearing on any circulation list relating to the document or item;

6    h.    The basis upon which privilege is claimed; and

7    i.    A summary statement of the subject matter of the document or item in sufficient

8  detail to permit the court to rule on the propriety of the objection.

9    Plaintiffs demand that a privilege log, as detailed above, be served on them no later than thirty

10  (30) days from issuance of these Requests for Production of Documents.

11    7.    Wherever appropriate in these Requests for Production of Documents, the singular

12  form of a word shall include the plural, and vice versa.

13    8.    Documents should be produced as TIFF images with searchable OCR, along with a

14  Summation load file containing metadata properties to be agreed upon in advance of production.

15  However, Plaintiffs expressly reserve the right to request specific records in native form when

16  necessary (e.g., Excel spreadsheets for which formulas embedded in cells are relevant).  As needed,

17  Defendants shall confer with Plaintiffs' counsel regarding the form of production of documents and

18  information stored electronically prior to production, based on the manner in which electronically

19  stored information is created and/or maintained by Defendants.

20    **REQUESTS FOR PRODUCTION**

21  **REQUEST FOR PRODUCTION NO. 160:**

22    Please produce ALL contracts between DEFENDANTS and insurance providers reflecting the

23  terms of ALL agreements to provide renters' insurance policies to DEFENDANTS' tenants at any time

24  between April 1, 2005, and the present.

25  **REQUEST FOR PRODUCTION NO. 161:**

26    Please produce ALL contracts between DEFENDANTS and RentDynamics reflecting the terms

27  of ALL agreements to provide the RentPlus program to DEFENDANTS' tenants at any time between

28  April 1, 2005, and the present.

4

**REQUEST FOR PRODUCTION NO. 162:**

Please produce ALL contracts between DEFENDANTS and telecommunications providers reflecting the terms of ALL agreements to provide telecommunications service to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 163:**

Please produce ALL contracts between DEFENDANTS and security service providers reflecting the terms of ALL agreements to provide security alarms or services to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 164:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing renters insurance to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 165:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing washers and dryers to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 166:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing uncovered parking to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 167:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing covered parking to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 168:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing parking garages to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 169:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing telecommunications services to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

868778.1

**REQUEST FOR PRODUCTION NO. 170:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing pet-related services to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 171:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing month-to-month leasing to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 172:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing the RentPlus program to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 173:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing storage to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 174:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing security alarms or services to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 175:**

Please produce ALL documents reflecting gross income, profits, revenues, or commissions earned by any DEFENDANT as a result of providing renters' insurance to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 176:**

Please produce ALL documents reflecting gross income, profits, revenues, or commissions earned by any DEFENDANT as a result of providing washers and dryers to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 177:**

Please produce ALL documents reflecting gross income, profits, revenues, or commissions earned by any DEFENDANT as a result of providing uncovered parking to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

868778.1

1   **REQUEST FOR PRODUCTION NO. 178:**

2      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

3   earned by any DEFENDANT as a result of providing covered parking to DEFENDANTS' tenants at

4   any time between April 1, 2005, and the present.

5   **REQUEST FOR PRODUCTION NO. 179:**

6      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

7   earned by any DEFENDANT as a result of providing parking garages to DEFENDANTS' tenants at

8   any time between April 1, 2005, and the present.

9   **REQUEST FOR PRODUCTION NO. 180:**

10     Please produce ALL documents reflecting gross income, profits, revenues, or commissions

11  earned by any DEFENDANT as a result of providing telecommunications services to DEFENDANTS'

12  tenants at any time between April 1, 2005, and the present.

13  **REQUEST FOR PRODUCTION NO. 181:**

14     Please produce ALL documents reflecting gross income, profits, revenues, or commissions

15  earned by any DEFENDANT as a result of providing pet-related services to DEFENDANTS' tenants

16  at any time between April 1, 2005, and the present.

17  **REQUEST FOR PRODUCTION NO. 182:**

18     Please produce ALL documents reflecting gross income, profits, revenues, or commissions

19  earned by any DEFENDANT as a result of providing month-to-month leasing to DEFENDANTS'

20  tenants at any time between April 1, 2005, and the present.

21  **REQUEST FOR PRODUCTION NO. 183:**

22     Please produce ALL documents reflecting gross income, profits, revenues, or commissions

23  earned by any DEFENDANT as a result of providing the RentPlus program to DEFENDANTS'

24  tenants at any time between April 1, 2005, and the present.

25  **REQUEST FOR PRODUCTION NO. 184:**

26     Please produce ALL documents reflecting gross income, profits, revenues, or commissions

27  earned by any DEFENDANT as a result of providing storage to DEFENDANTS' tenants at any time

28  between April 1, 2005, and the present.

1

2   **<u>REQUEST FOR PRODUCTION NO. 185:</u>**

3        Please produce ALL documents reflecting gross income, profits, revenues, or commissions

4   earned by any DEFENDANT as a result of providing security alarms or services to DEFENDANTS'

5   tenants at any time between April 1, 2005, and the present.

6    Dated:  February 9, 2023               Respectfully submitted,

7                                     GOLDSTEIN, BORGEN, DARDARIAN & HO

8

9                                     Anne P. Bellows

10                                    Attorneys for Plaintiffs and Relators

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

868778.1

# EXHIBIT C

**Lindsay Nako**

| | |
|---|---|
| **From:** | Lindsay Nako |
| **Sent:** | Monday, March 13, 2023 11:46 AM |
| **To:** | Matthews, Ryan; Anne Bellows |
| **Cc:** | Salazar, Joe; Crespo, Alicia; Janus, Koreen; Baughman, Kristi |
| **Subject:** | RE: Terry v. Wasatch - Terry RFPD #13 |

Ryan,

Thanks for the update. We can provide a one-week extension on Terry RFPs Set 13. Please let us know when you will provide an update on the rest of the outstanding items from our weekly call agenda, per your email of 3/1.

Thanks,
Lindsay

**Lindsay Nako** (she/her) | **Impact Fund**
P: 510 845 3473 x. 307

---

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Monday, March 13, 2023 8:45 AM
**To:** Lindsay Nako <lnako@impactfund.org>; Anne Bellows <abellows@gbdhlegal.com>
**Cc:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Crespo, Alicia <Alicia.Crespo@lewisbrisbois.com>; Janus, Koreen <Koreen.Janus@lewisbrisbois.com>; Baughman, Kristi <Kristi.Baughman@lewisbrisbois.com>
**Subject:** Terry v. Wasatch - Terry RFPD #13

Lindsay and Anne,

We're still working on getting these responses together. I can get you the responses to the Livingston ROGs today, but I'm requesting a one-week extension on the Terry RFPDs to March 20, 2023. Please advise if this is acceptable.

Thank you,

Ryan Matthews



**Ryan Matthews**
**Attorney**
Ryan.Matthews@lewisbrisbois.com

**T: 916.646.8213 F: 916.564.5444**

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

# EXHIBIT D

1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOSEPH A. SALAZAR JR., SB# 169551
2     E-Mail: Joe.Salazar@lewisbrisbois.com
RYAN MATTHEWS, SB# 311674
3     E-Mail: Ryan.Matthews@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
4  Sacramento, California 95833
Telephone:  916.564.5400
5  Facsimile:   916.564.5444

6  Attorneys for Defendants, Wasatch Advantage
Group, LLC; Wasatch Property Management,
7  Inc.; Wasatch Pool Holdings, LLC, Chesapeake
Apartment Holdings, LLC; Logan Park
8  Apartments, LLC; Logan Park Apartments, LP;
Sun Valley Holdings, LTD.; Creekside Holdings,
9  LTD.; Hayward Senior Apartments, LP; Camelot
Lake Holdings, LLC; Wasatch Pool Holdings III,
10 LLC; Point Natomas Apartments LP; Bellwood
Terron Apartments LP; Spring Villa Apartments
11 LP; Wasatch Premier Properties, LLC; Wasatch
Pool Holdings III, LLC

12

13              **UNITED STATES DISTRICT COURT**

14           **EASTERN DISTRICT OF CALIFORNIA**

15              **SACRAMENTO DIVISION**

16

17 UNITED STATES OF AMERICA, ex rel.          CASE NO. 2:15-cv-00799-KJM-DB
DENIKA TERRY, ROY HUSKEY III, and
18 TAMERA LIVINGSTON, and each of them        **DEFENDANTS' RESPONSES TO**
for themselves individually, and for all other  **PLAINTIFF DENIKA TERRY'S**
19 persons similarly situated and on behalf of the  **REQUEST FOR PRODUCTION OF**
UNITED STATES OF AMERICA,                  **DOCUMENTS, SET THIRTEEN**
20
              Plaintiffs/Relators,          The Hon. Kimberly J. Mueller
21
         vs.                                Trial Date:      None Set
22
WASATCH ADVANTAGE GROUP, LLC,
23 WASATCH PROPERTY MANAGEMENT,
INC., WASATCH POOL HOLDINGS, LLC,
24 CHESAPEAKE APARTMENT HOLDINGS,
LLC, LOGAN PARK APARTMENTS, LLC,
25 LOGAN PARK APARTMENTS, LP, ASPEN
PARK HOLDINGS, LLC, BELLWOOD
26 JERRON HOLDINGS, LLC, BELLWOOD
JERRON APARTMENTS, LP, BENT TREE
27 APARTMENTS, LLC, CALIFORNIA
PLACE APARTMENTS, LLC, CAMELOT
28 LAKES HOLDINGS, LLC, CANYON CLUB

92184005.1                                              1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  HOLDINGS, LLC, COURTYARD AT
   CENTRAL PARK APARTMENTS, LLC,
2  CREEKSIDE HOLDINGS, LTD,
   HAYWARD SENIOR APARTMENTS, LP,
3  HERITAGE PARK APARTMENTS, LP,
   OAK VALLEY APARTMENTS, LLC, OAK
4  VALLEY HOLDINGS, LP, PEPPERTREE
   APARTMENT HOLDINGS, LP, PIEDMONT
5  APARTMENTS, LP, POINT NATOMAS
   APARTMENTS, LLC, POINT NATOMAS
6  APARTMENTS, LP, RIVER OAKS
   HOLDINGS, LLC, SHADOW WAY
7  APARTMENTS, LP, SPRING VILLA
   APARTMENTS, LP, SUN VALLEY
8  HOLDINGS, LTD, VILLAGE GROVE
   APARTMENTS, LP, WASATCH QUAIL
9  RUN GP, LLC, WASATCH PREMIER
   PROPERTIES, LLC, WASATCH POOL
10 HOLDINGS III, LLC, and DOES 1-4

11            Defendants.

12

13 PROPOUNDING PARTY:        Plaintiff/Relator, DENIKA TERRY

14 RESPONDING PARTY:         Defendants,   WASATCH   ADVANTAGE   GROUP,   LLC;

15                           WASATCH PROPERTY MANAGEMENT, INC.; WASATCH

16                           POOL  HOLDINGS,  LLC,  CHESAPEAKE  APARTMENT

17                           HOLDINGS, LLC; LOGAN PARK APARTMENTS, LLC;

18                           LOGAN   PARK   APARTMENTS,   LP;   SUN   VALLEY

19                           HOLDINGS,  LTD.;  CREEKSIDE  HOLDINGS,  LTD.;

20                           HAYWARD SENIOR APARTMENTS, LP; CAMELOT LAKE

21                           HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC;

22                           POINT  NATOMAS  APARTMENTS  LP;  BELLWOOD

23                           TERRON   APARTMENTS   LP;   SPRING   VILLA

24                           APARTMENTS LP; WASATCH PREMIER PROPERTIES,

25                           LLC; WASATCH POOL HOLDINGS III, LLC

26 SET NO.:                  THIRTEEN

27         Defendants, WASATCH ADVANTAGE GROUP, LLC; WASATCH PROPERTY

28 MANAGEMENT, INC.; WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

92184005.1                            2

1  HOLDINGS, LLC; LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP;

2  SUN VALLEY HOLDINGS, LTD.; CREEKSIDE HOLDINGS, LTD.; HAYWARD SENIOR

3  APARTMENTS, LP; CAMELOT LAKE HOLDINGS, LLC; WASATCH POOL HOLDINGS III,

4  LLC; POINT NATOMAS APARTMENTS LP; BELLWOOD TERRON APARTMENTS LP;

5  SPRING VILLA APARTMENTS LP; WASATCH PREMIER PROPERTIES, LLC; WASATCH

6  POOL HOLDINGS III, LLC (hereinafter referred to as "Responding Party") responds to the

7  Requests for Production of Documents, Set Thirteen, of Plaintiff, DENIKA TERRY (hereinafter

8  referred to as the "Propounding Party") as follows:

9  <u>**PRELIMINARY STATEMENT**</u>

10     Responding party has not fully completed its investigation of the facts and circumstances

11  relating to this case and has not fully completed its investigation in this action, nor has it

12  completed its preparations for trial.  Additionally, Responding party's attorneys, consultants and

13  investigators have not completed their evaluation, investigation and analysis.  Further, under the

14  work product doctrine, the attorney-client privilege and pursuant to the provisions of Code of Civil

15  Procedure sections 2018 and 2034, Responding party declines to disclose materials or information

16  protected by the attorney-client privilege, attorney work product doctrine or other legal privilege

17  against disclosure or premature disclosure.  No disclosure herein shall be considered a waiver of

18  these privileges.

19     Responding party's responses herein are based only upon current information and

20  documents known to Responding party and disclose only those contentions which presently occur

21  to such responding party.  It is anticipated that further discovery, independent investigation, legal

22  research, and analysis will supply additional facts, add meaning to known facts, as well as

23  establish entirely new factual conclusions and legal contentions, all of which may lead to

24  substantial additions to, changes in and variations from the contentions herein set forth.  The

25  following responses are given without prejudice to Responding party's right to produce evidence

26  of any subsequently discovered fact or facts which Responding party may later obtain or recall.

27  Responding party accordingly reserves its right to change, supplement, amend or modify any and

28  all responses herein as additional facts are ascertained, analyses are made, legal research is

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    completed, and contentions are made.

2          The responses contained herein are made in good faith effort to supply as much factual

3    information and as much specification of legal contentions as are presently known, but should in

4    no way be to the prejudice of the Responding party in relation to further discovery, research or

5    analysis.

6          Each of the following responses is subject to all objections as to relevance, materiality,

7    propriety and admissibility and any and all objections and grounds that would result in the

8    exclusion of any statement herein if the requests were asked of or any statement or omission

9    contained herein was made by a witness present and testifying in court.  The Responding party

10   reserves the right to assert all objections and grounds against the admissibility of any response, in

11   whole or in part, that may be asserted at the time of trial.

12                         **GENERAL STATEMENT AND OBJECTIONS**

13         1.     Responding Party generally objects to all Interrogatories insofar as they cause

14   unwarranted annoyance, embarrassment, oppression, and undue burden and expense.

15         2.     Responding Party generally objects to all Interrogatories insofar as they seek

16   information protected by the attorney-client privilege and/or the attorney work product doctrine.

17         3.     Responding Party objects to each and every direction, instruction, and request to

18   the extent that it purports to impose any requirement or discovery obligation on Responding Party

19   other than as set forth in California Code of Civil Procedure and applicable Rules of Court.

20         4.     In providing such responses, Propounding Party is advised that Responding Party

21   and its attorneys have not completed its discovery or preparation for trial, nor have they concluded

22   their analysis of the information gathered to date.  These responses, therefore, are based upon

23   information presently available.  It is anticipated that future discovery and independent

24   investigation may supply additional facts or information, add meaning to known facts, and

25   establish entirely new factual conclusions, all of which may lead to substantial additions to,

26   changes to, and variations from the contentions and facts set forth herein.  Responding Party

27   expressly reserves the right to supplement and/or amend the responses at such future time as

28   additional information is acquired and provides the following responses without prejudice to its

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    right to produce additional evidence at the time of trial.

2    <u>**RESPONSES TO REQUEST FOR PRODUCTIONS**</u>

3    <u>**REQUEST FOR PRODUCTION NO. 160:**</u>

4         Please produce ALL contracts between DEFENDANTS and insurance providers reflecting

5    the terms of ALL agreements to provide renters' insurance policies to DEFENDANTS' tenants at

6    any time between April 1, 2005, and the present.

7    <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**</u>

8         Defendant objects to this Request as overbroad as to time, vague, and ambiguous.

9    <u>**REQUEST FOR PRODUCTION NO. 161:**</u>

10         Please produce ALL contracts between DEFENDANTS and RentDynamics reflecting the

11    terms of ALL agreements to provide the RentPlus program to DEFENDANTS' tenants at any time

12    between April 1, 2005, and the present.

13    <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**</u>

14         Defendant objects to this Request as overbroad as to time, vague, and ambiguous.

15    <u>**REQUEST FOR PRODUCTION NO. 162:**</u>

16         Please produce ALL contracts between DEFENDANTS and telecommunications providers

17    reflecting the terms of ALL agreements to provide telecommunications service to

18    DEFENDANTS' tenants at any time between April 1, 2005, and the present.

19    <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**</u>

20         Defendant objects to this Request as overbroad as to time, vague, and ambiguous.

21    <u>**REQUEST FOR PRODUCTION NO. 163:**</u>

22         Please produce ALL contracts between DEFENDANTS and security service providers

23    reflecting the terms of ALL agreements to provide security alarms or services to DEFENDANTS'

24    tenants at any time between April 1, 2005, and the present.

25    <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**</u>

26         Defendant objects to this Request as overbroad as to time, vague, and ambiguous.

27    <u>**REQUEST FOR PRODUCTION NO. 164:**</u>

28         Please produce ALL documents reflecting the cost to any DEFENDANT of providing



1   renters insurance to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

3       Defendant objects to this Request as overbroad as to time, vague, and ambiguous.

4   **REQUEST FOR PRODUCTION NO. 165:**

5       Please produce ALL documents reflecting the cost to any DEFENDANT of providing

6   washers and dryers to DEFENDANTS' tenants at any time between April 1, 2005, and the

7   present.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

9       Defendant objects to this Request as overbroad as to time, vague, and ambiguous.

10  **REQUEST FOR PRODUCTION NO. 166:**

11      Please produce ALL documents reflecting the cost to any DEFENDANT of providing

12  uncovered parking to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

14      Defendant objects to this Request as overbroad as to time, vague, and ambiguous.

15  **REQUEST FOR PRODUCTION NO. 167:**

16      Please produce ALL documents reflecting the cost to any DEFENDANT of providing

17  covered parking to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

19      Defendant objects to this Request as overbroad as to time, vague, and ambiguous.

20  **REQUEST FOR PRODUCTION NO. 168:**

21      Please produce ALL documents reflecting the cost to any DEFENDANT of providing

22  parking garages to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

24      Defendant objects to this Request as overbroad as to time, vague, and ambiguous.

25  **REQUEST FOR PRODUCTION NO. 169:**

26      Please produce ALL documents reflecting the cost to any DEFENDANT of providing

27  telecommunications services to DEFENDANTS' tenants at any time between April 1, 2005, and

28  the present.



1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

2      Defendant objects to this request as vague and ambiguous as to "telecommunications

3  services".

4  **REQUEST FOR PRODUCTION NO. 170:**

5      Please produce ALL documents reflecting the cost to any DEFENDANT of providing pet-

6  related services to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

8      Defendant objects to this Request as overbroad as to time, vague, and ambiguous.

9  **REQUEST FOR PRODUCTION NO. 171:**

10     Please produce ALL documents reflecting the cost to any DEFENDANT of providing

11  month to-month leasing to DEFENDANTS' tenants at any time between April 1, 2005, and the

12  present.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

14     Defendant objects to this Request as not being reasonably calculated to lead to the

15  discovery of admissible evidence.

16  **REQUEST FOR PRODUCTION NO. 172:**

17     Please produce ALL documents reflecting the cost to any DEFENDANT of providing the

18  RentPlus program to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

20     Defendant objects to this Request as overbroad as to time, vague, and ambiguous.

21  **REQUEST FOR PRODUCTION NO. 173:**

22     Please produce ALL documents reflecting the cost to any DEFENDANT of providing

23  storage to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

25     Defendant objects to this Request as overbroad as to time, vague, and ambiguous.

26  **REQUEST FOR PRODUCTION NO. 174:**

27     Please produce ALL documents reflecting the cost to any DEFENDANT of providing

28  security alarms or services to DEFENDANTS' tenants at any time between April 1, 2005, and the



1  present.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

3      Defendant objects to this Request as overbroad as to time, vague, and ambiguous.

4  **REQUEST FOR PRODUCTION NO. 175:**

5      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

6  earned by any DEFENDANT as a result of providing renters' insurance to DEFENDANTS'

7  tenants at any time between April 1, 2005, and the present.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

9      Defendant objects to this Request as overbroad and unduly burdensome.

10  **REQUEST FOR PRODUCTION NO. 176:**

11      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

12  earned by any DEFENDANT as a result of providing washers and dryers to DEFENDANTS'

13  tenants at any time between April 1, 2005, and the present.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

15      Defendant objects to this Request as overbroad and unduly burdensome.

16  **REQUEST FOR PRODUCTION NO. 177:**

17      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

18  earned by any DEFENDANT as a result of providing uncovered parking to DEFENDANTS'

19  tenants at any time between April 1, 2005, and the present.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

21      Defendant objects to this Request as overbroad and unduly burdensome.

22  **REQUEST FOR PRODUCTION NO. 178:**

23      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

24  earned by any DEFENDANT as a result of providing covered parking to DEFENDANTS' tenants

25  at any time between April 1, 2005, and the present.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

27      Defendant objects to this Request as overbroad and unduly burdensome.

28



1  **REQUEST FOR PRODUCTION NO. 179**:

2      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

3  earned by any DEFENDANT as a result of providing parking garages to DEFENDANTS' tenants

4  at any time between April 1, 2005, and the present.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 179**:

6      Defendant objects to this Request as overbroad and unduly burdensome.

7  **REQUEST FOR PRODUCTION NO. 180**:

8      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

9  earned by any DEFENDANT as a result of providing telecommunications services to

10 DEFENDANTS' tenants at any time between April 1, 2005, and the present.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 180**:

12     Defendant objects to this Request as overbroad and unduly burdensome.

13 **REQUEST FOR PRODUCTION NO. 181**:

14     Please produce ALL documents reflecting gross income, profits, revenues, or commissions

15 earned by any DEFENDANT as a result of providing pet-related services to DEFENDANTS'

16 tenants at any time between April 1, 2005, and the present.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 181**:

18     Defendant objects to this Request as overbroad and unduly burdensome.

19 **REQUEST FOR PRODUCTION NO. 182**:

20     Please produce ALL documents reflecting gross income, profits, revenues, or commissions

21 earned by any DEFENDANT as a result of providing month-to-month leasing to DEFENDANTS'

22 tenants at any time between April 1, 2005, and the present.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 182**:

24     Defendant objects to this Request as not being reasonably calculated to lead to the

25 discovery of admissible evidence.

26 **REQUEST FOR PRODUCTION NO. 183**:

27     Please produce ALL documents reflecting gross income, profits, revenues, or commissions

28 earned by any DEFENDANT as a result of providing the RentPlus program to DEFENDANTS'



1    tenants at any time between April 1, 2005, and the present.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

3         Defendant objects to this Request as overbroad and unduly burdensome.

4    **REQUEST FOR PRODUCTION NO. 184:**

5         Please produce ALL documents reflecting gross income, profits, revenues, or commissions

6    earned by any DEFENDANT as a result of providing storage to DEFENDANTS' tenants at any

7    time between April 1, 2005, and the present.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

9         Defendant objects to this Request as overbroad and unduly burdensome.

10   **REQUEST FOR PRODUCTION NO. 185:**

11        Please produce ALL documents reflecting gross income, profits, revenues, or commissions

12   earned by any DEFENDANT as a result of providing security alarms or services to

13   DEFENDANTS' tenants at any time between April 1, 2005, and the present.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

15        Defendant objects to this Request as overbroad and unduly burdensome.

16

17   DATED:  March 20, 2023              LEWIS BRISBOIS BISGAARD & SMITH LLP

18

19                                      By: _____

20                                          RYAN MATTHEWS
                                            Attorneys for Defendants, Wasatch Advantage
21                                          Group, LLC; Wasatch Property Management, Inc.;
                                            Wasatch Pool Holdings, LLC, Chesapeake
22                                          Apartment Holdings, LLC; Logan Park
                                            Apartments, LLC; Logan Park Apartments, LP;
23                                          Sun Valley Holdings, LTD.; Creekside Holdings,
                                            LTD.; Hayward Senior Apartments, LP; Camelot
24                                          Lake Holdings, LLC; Wasatch Pool Holdings III,
                                            LLC; Point Natomas Apartments LP; Bellwood
25                                          Terron Apartments LP; Spring Villa Apartments
                                            LP; Wasatch Premier Properties, LLC; Wasatch
26                                          Pool Holdings III, LLC
27

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

92184005.1

10

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET THIRTEEN

**FEDERAL COURT PROOF OF SERVICE**

USA-Terry v Wasatch Property Management, et al.
Case No. 2:15-cv-00799-KJM-DB

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

     At the time of service, I was over 18 years of age and not a party to the action.  My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

     On March 20, 2023, I served the following document(s):

-   DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THIRTEEN

     I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

     The documents were served by the following means:

☒    (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

     I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

     Executed on March 20, 2023, at Sacramento, California.

_____
Alicia Crespo



92184005.1

1

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THIRTEEN

**SERVICE LIST**
*USA-Terry v Wasatch Property Management, et al.*
**Case No. 2:15-cv-00799-KJM-DB**

| | |
|---|---|
| Andrew Wolff<br>Law Office of Andrew Wolff, PC<br>1956 Webster Street, Suite 275<br>Oakland, CA 94612 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.:  (510) 834-3300<br>Email:  andrew@awolfflaw.com |
| Jesse Newmark<br>CENTRO LEGAL DE LA RAZA<br>3022 International Blvd., Suite 410<br>Oakland, CA 94601 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.:  (510) 437-1554 x115<br>Fax:  (510) 437-9164<br>Email:  jessenewmark@centrolegal.org |
| Laura L. Ho<br>Anne Bellows<br>Stephanie Tilden<br>GOLDSTEIN, BORGEN, DARDARIAN &<br>HO<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612 | ***Attorneys for Plaintiffs and Relators and the***<br>***Certified Classes***<br><br>Tel:   (510) 763-9800<br>Fax:  (510) 835-1417<br>Email:  lho@gbdhlegal.com<br>Email:  abellows@gbdhlegal.com<br>Email:  stilden@gbdhlegal.com<br>Email:  sgrimes@gbdhlegal.com<br>Email:  dvaldez@gbdhlegal.com |
| Colleen M. Kennedy<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814 | ***Attorney for Intervenor Plaintiff***<br>***United States of America***<br><br>Tel.: 916-554-2700<br>Fax: 916-554-2900<br>E: colleen.m.kennedy@usdoj.gov<br>E: caseview.ecf@usdoj.gov<br>E: kimberly.siegfried@usdoj.gov<br>E: monica.lee@usdoj.gov<br>E: usacae.ecfsaccv@usdoj.gov |
| Jocelyn D. Larkin<br>Lindsay Nako<br>The Impact Fund<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704 | ***Attorney for Plaintiffs***<br><br>Tel: (510) 845-3473 x.306<br>Fax: (510) 845-3654<br>Email: jlarkin@impactfund.org<br>Email: lnako@impactfund.org |
| Jahmy Graham<br>Nelson Mullins<br>19191 South Vermont Avenue, Suite 900<br>Torrance, CA 90502 | ***Attorneys for Defendant, Hayward Village***<br>***Apartments LP***<br><br>T: 424-221-7426<br>F: 424-221-7499<br>E: jahmy.graham@nelsonmullins.com |

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET THIRTEEN

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW





































































































1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



# EXHIBIT E

**Lindsay Nako**

| | |
|---|---|
| **From:** | Lindsay Nako |
| **Sent:** | Monday, March 20, 2023 5:09 PM |
| **To:** | Matthews, Ryan; Salazar, Joe; Crespo, Alicia |
| **Cc:** | andrew@awolfflaw.com; Jesse Newmark; Laura L.  Ho; Anne Bellows; Stephanie Tilden; sgrimes@gbdhlegal.com; dvaldez@gbdhlegal.com; Jocelyn Larkin; jahmy.graham@nelsonmullins.com |
| **Subject:** | RE: Terry v. Wasatch Advantage Group, et al. |

Ryan and Joe,

We have reviewed Defendants' responses and would like to meet and confer as soon as possible.  Are you planning to attend this week's meet and confer call on Wednesday at 1 pm? If not, please let us know other times that work for you. We will make ourselves available as needed to determine whether a motion to compel will need to be filed this Friday.

Thank you,
Lindsay

**Lindsay Nako** (she/her)│ <span style="color:maroon">**Impact Fund**</span>
P: 510 845 3473 x. 307

---

**From:** Crespo, Alicia <Alicia.Crespo@lewisbrisbois.com>
**Sent:** Monday, March 20, 2023 4:48 PM
**To:** andrew@awolfflaw.com; Jesse Newmark <jessenewmark@centrolegal.org>; Laura L. Ho <lho@gbdhlegal.com>; Anne Bellows <abellows@gbdhlegal.com>; Stephanie Tilden <stilden@gbdhlegal.com>; sgrimes@gbdhlegal.com; dvaldez@gbdhlegal.com; colleen.m.kennedy@usdoj.gov; caseview.ecf@usdoj.gov; kimberly.siegfried@usdoj.gov; monica.lee@usdoj.gov; usacae.ecfsaccv@usdoj.gov; Jocelyn Larkin <jlarkin@impactfund.org>; Lindsay Nako <lnako@impactfund.org>; jahmy.graham@nelsonmullins.com
**Cc:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; Salazar, Joe <Joe.Salazar@lewisbrisbois.com>
**Subject:** Terry v. Wasatch Advantage Group, et al.

Counsel,

Please see attached.

Thank you,



**Alicia Crespo**
Legal Assistant to
Joseph A. Salazar, Jr., Ryan J. Matthews,
Christine N. Weil, and Matthew Bradley
<u>Alicia.Crespo@lewisbrisbois.com</u>
T: 916.646.8272 | F: 916.564.5444
2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833

**Representing clients from coast to coast. View our nationwide locations.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored..

# EXHIBIT F

**Lindsay Nako**

| | |
|---|---|
| **From:** | Lindsay Nako |
| **Sent:** | Tuesday, March 21, 2023 5:35 PM |
| **To:** | Ryan.Matthews@lewisbrisbois.com; jahmy.graham@nelsonmullins.com |
| **Cc:** | Anne Bellows |
| **Subject:** | Terry v. Wasatch - Agenda for 3/22 call |
| **Attachments:** | Terry v. Wasatch - Defs supplemental production re policy changes (Terry RFPDs Set 11); Terry v Wasatch_DRAFT Stipulation to Additional Depositions 03-21-23.docx |

Ryan & Jahmy,

I hope we are on for our meet-and-confer call tomorrow (Weds) at 1 pm. Here is a proposed agenda. I have highlighted the main action items for this week. Let me know if you have anything to add.

**Ryan** – We have not heard back from you on multiple emails about your availability for our weekly meet-and-confer calls. I tried calling your office and cell phones today and left voicemails on both lines. If you are not able to meet at our regularly scheduled time, please let us know other times that work for you. In particular, we will make ourselves available any time this week to discuss Defendants' recent discovery responses and the draft stipulation on additional depositions.

1. Stipulation & [Prop] Order Granting Additional Depositions
   a. Plaintiffs have prepared a stipulation and order to allow depositions beyond the 10-deposition limit set by Rule 30, as both sides have reached the limit.
   b. Please review the attached draft and let us know if Defendants will so stipulate or if you have edits/comments.
2. Defendants' responses to Terry RFPDs, Set 13, and Livingston Interrogatories, Set 4 (Defs' costs related to ASA services)
   a. Defendants provided interrogatory responses on March 13.
   b. Defendants responded to Terry RFPDs, Set 13, on March 20 with minimal objections and no documents.
   c. Plaintiffs request a meet and confer about Defendants' responses to determine whether we need to file a motion to compel this Friday. If we do not hear from you, we will file the motion and prepare a Joint Statement Regarding Discovery Dispute on these discovery responses.
3. Defendants' responses to Terry RFPDs, Set 12 (HAP Contracts for S8 tenants with washer & dryer charges)
   a. Defendants' responses were due on Monday, February 13. Plaintiffs have not received any responses.
   b. Plaintiffs filed a Notice of Motion and Motion to Compel on March 10 and an Affidavit re Joint Statement Regarding Discovery Dispute on March 17.
   c. Hearing is scheduled for March 31 at 10 am before Magistrate Judge Barnes.
4. Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3 (Defs' changes following the MSJ order)
   a. Defendants made a supplemental production of documents on Feb. 15.
   b. Plaintiffs sent an email on Feb. 15 (attached) to confirm the identity of the documents, still waiting for a response.
   c. Defendants are awaiting verification for their supplemental interrogatory responses and hoped to serve it by Friday, Feb. 17. Plaintiffs have not received the verification.
5. Supplementation of Yardi data
   a. It is possible that the tenant communications were generated by Yardi, though distributed by hand. Ryan will follow up. We are still waiting to hear.
   b. Discuss proposed adjustment to Yardi ledger data pull
6. Supplementation of tenant files (RFPDs 125-130)

   a.   No action required this week
7.   Plaintiffs' February 9 letter re Defendants' damages theory
      a.   Check in
8.   Plaintiffs' February 21 letter re policy changes
      a.   Check in


**Lindsay Nako** | **Impact Fund**
2080 Addison Street, Suite 5 | Berkeley, CA 94704
P: 510 845 3473 x. 307
Pronouns: she/her
Website | Map | Email



*This message is intended for the named recipients only. It may contain information protected by attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.*

**Lindsay Nako**

| | |
|---|---|
| **From:** | Lindsay Nako <lnako@impactfund.org> |
| **Sent:** | Wednesday, February 15, 2023 4:25 PM |
| **To:** | Ryan.Matthews@lewisbrisbois.com |
| **Cc:** | Anne Bellows; jahmy.graham@nelsonmullins.com |
| **Subject:** | Terry v. Wasatch - Defs supplemental production re policy changes (Terry RFPDs Set 11) |

Ryan,

I have taken a look through this morning's supplemental production. Will you confirm the following:

- The form Housing Choice Voucher ASA Letter is produced at POL002962
- Housing Voucher Additional Services Agreement Letter – Visual Quick Step is produced at POL002955-959
- How To Video for Housing Choice Voucher ASA Letter is produced in native format (documented at POL002963)
- Written communications to Section 8 tenants referenced in Defendants' response to Interrogatory No. 6 are produced at POL002262-2954
- Internal communications regarding written communications to tenants referenced in Defendants' response to Interrogatory No. 6, including but not limited to emails to/from staff at individual properties regarding distribution, are produced at POL002960-962

Thank you,
Lindsay

**Lindsay Nako** | **Impact Fund**
2080 Addison Street, Suite 5│Berkeley, CA 94704
P: 510 845 3473 x. 307
Pronouns: she/her
Website | Map | Email



*This message is intended for the named recipients only. It may contain information protected by attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.*

Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Anne Bellows (SBN 293722)
abellows@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
Tony Ruch (SBN 242717)
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
(510) 834-3300; (510) 834-3377 (Fax)

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
(510) 437-1863; (510) 437-9164

Jocelyn D. Larkin (SBN 110817)
jlarkin@impactfund.org
Lindsay Nako (SBN 239090)
lnako@impactfund.org
THE IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA  94701
(510) 845-3473; (510) 845-3654 (Fax)

Attorneys for Plaintiffs and Relators and Certified Classes

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**STIPULATION AND [PROPOSED] ORDER GRANTING ADDITIONAL DEPOSITIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30**<br><br>Before:  Hon. Kimberly J. Mueller<br><br>Trial Date:    None Set |

869729.1

HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC, and DOES 1-4,

     Defendants.

Plaintiffs Denika Terry, Roy Huskey III, and Tamera Livingston ("Plaintiffs") and Defendants Wasatch Advantage Group, LLC, Wasatch Property Management, Inc., Wasatch Pool Holdings, LLC, Chesapeake Apartment Holdings, LLC, Logan Park Apartments, LLC, Logan Park Apartments, LP, Aspen Park Holdings, LLC, Bellwood Jerron Holdings, LLC, Bellwood Jerron Apartments, LP, Bent Tree Apartments, LLC, California Place Apartments, LLC, Camelot Lakes Holdings, LLC, Canyon Club Holdings, LLC, Courtyard at Central Park Apartments, LLC, Creekside Holdings, Ltd., Hayward Senior Apartments, LP, Heritage Park Apartments, LP, Oak Valley Apartments, LLC, Oak Valley Holdings, LP, Peppertree Apartment Holdings, LP, Piedmont Apartments, LP, Point Natomas Apartments, LLC, Point Natomas Apartments, LP, River Oaks Holdings, LLC, Shadow Way Apartments, LP, Spring Villa Apartments, LP, Sun Valley Holdings, Ltd., Village Grove Apartments, LP, Wasatch Quail Run Gp, LLC, Wasatch Premier Properties, LLC, and Wasatch Pool Holdings III, LLC ("Defendants") (collectively, the "Parties"), by and through their respective counsel and pursuant to Local Rule 143, hereby stipulate to permit Plaintiffs and Defendants each to take additional depositions in excess of the ten-deposition limit set forth in Rule 30 of the Federal Rules of Civil Procedure.

WHEREAS, the Court granted partial summary judgment for Plaintiffs on November 23, 2022, finding Defendants liable to the class for breach of contract and violation of the Unfair Competition Law.  ECF No. 278 at p. 14.

WHEREAS, the Court held a scheduling conference on December 1, 2022, and ordered a pre-trial case schedule that includes another phase of fact and expert discovery regarding damages and other remedies.  ECF No. 279.

WHEREAS, the Parties are presently engaged in fact discovery, which closes on May 12, 2023. *Id.*

WHEREAS, the Parties will then proceed to expert discovery, which closes on July 14, 2023. *Id*.

WHEREAS, as of the date of this stipulation, Plaintiffs and Defendants have each taken ten depositions pursuant to Federal Rule of Civil Procedure 30(a)(1).

1

WHEREAS, the Parties agree that the additional depositions beyond the ten-deposition limit are appropriate given the high stakes and nature of this litigation, which addresses additional service charges Defendants made to Section 8 tenants in four states over an 18-year liability period through claims asserted on behalf of two certified classes and the federal government.

WHEREAS, following the Court's summary judgment order, new factual questions have arisen related to damages and remedies, including: (1) changes made (or not made) by Defendants since November 2022 to their policies and practices relevant to the Court's liability finding at summary judgment, potentially affecting the time period relevant to damages calculations; and (2) factual issues related to Defendants' contention that their costs in providing services and amenities to Section 8 tenants should be considered in determining damages.

WHEREAS, both Parties are currently planning to disclose expert reports during the expert discovery period, and they agree that depositions of those experts are appropriate to test the basis and nature of their opinions and prepare the case for trial.

THEREFORE, THE PARTIES STIPULATE AND JOINTLY REQUEST THAT THE COURT ORDER AS FOLLOWS:

1.      Plaintiffs may notice up to two additional depositions of Defendants pursuant to Rule 30(b)(6) regarding Defendants' policies and practices related to their Additional Service Agreements from November 22, 2022 to present, Defendants' theory for reducing their damages by the costs incurred providing additional services, and related topics;

2.      Plaintiffs may notice deposition(s) of Defendants' disclosed and rebuttal expert witness(es).

3.      Defendants may notice deposition(s) of Plaintiffs' disclosed and rebuttal expert witness(es).

4.      This stipulation is not a waiver of any objection to a deposition for any reason other than the ten-deposition limit.

5.      This agreement is without prejudice to either side's seeking leave of Court to take additional depositions for good cause.

Dated:  March ___, 2023                    Respectfully submitted,

                                           GOLDSTEIN, BORGEN, DARDARIAN & HO

                                           /s/ DRAFT
                                           Anne P. Bellows

                                           Attorneys for Plaintiff and Relators

Dated:  March ___, 2023                    Respectfully submitted,

                                           LEWIS BRISBOIS BISGAARD & SMITH LLP

                                           /s/ DRAFT (as authorized on ___)
                                           Ryan Matthews

                                           Attorneys for Defendants

        IT IS SO ORDERED.

Dated:  _____      _____
                                     Hon. Kimberly J. Mueller

# EXHIBIT G

**Lindsay Nako**

| | |
|---|---|
| **From:** | Lindsay Nako |
| **Sent:** | Thursday, March 23, 2023 2:49 PM |
| **To:** | Ryan.Matthews@lewisbrisbois.com; jahmy.graham@nelsonmullins.com |
| **Cc:** | Anne Bellows |
| **Subject:** | RE: Terry v. Wasatch - Agenda for 3/22 call |

Ryan & Jahmy,

Thanks for the call this morning. My notes are below in blue. Let me know if you have anything to add.

- The meeting time still works for everyone and we should all be available for the foreseeable future.

1. Stipulation & [Prop] Order Granting Additional Depositions
   a. Plaintiffs have prepared a draft stipulation and order to allow depositions beyond the 10-deposition limit set by Rule 30, as both sides have reached the limit.
   b. Please review the attached draft and let us know if Defendants will so stipulate or if you have edits/comments.
   c. The stipulation appears reasonable to counsel for Defendants and they have passed it along for client review. Expect to have a response soon.
2. Defendants' responses to Terry RFPDs, Set 13, and Livingston Interrogatories, Set 4 (Defs' costs related to ASA services)
   a. Defendants provided interrogatory responses on March 13.
   b. Defendants responded to Terry RFPDs, Set 13, on March 20 with minimal objections and no documents.
   c. Plaintiffs request a meet and confer about Defendants' responses to determine whether we need to file a motion to compel this Friday. If we do not hear from you, we will file the motion and prepare a Joint Statement Regarding Discovery Dispute on these discovery responses.
   d. Defendants will provide a substantive response—verified responses and an initial production—tomorrow (Friday, March 24) and additional production shortly early next week. Will be a full production by early next week, not voluminous. Ryan does not anticipate a voluminous production, documentation of hard costs only (RentPlus, renters insurance, media).
   e. If Defendants haven't completed production by next week, Plaintiffs will file a motion to compel on Friday, March 31.
3. Defendants' responses to Terry RFPDs, Set 12 (HAP Contracts for S8 tenants with washer & dryer charges)
   a. Defendants' responses were due on Monday, February 13. Plaintiffs have not received any responses.
   b. Plaintiffs filed a Notice of Motion and Motion to Compel on March 10 and an Affidavit re Joint Statement Regarding Discovery Dispute on March 17.
   c. Hearing is scheduled for March 31 at 10 am before Magistrate Judge Barnes.
   d. Defendants will file a statement of non-opposition tomorrow and are hoping to make a full production before the March 31 hearing.
4. Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3 (Defs' changes following the MSJ order)
   a. Defendants made a supplemental production of documents on Feb. 15.
   b. Plaintiffs sent an email on Feb. 15 (attached) to confirm the identity of the documents, still waiting for a response.
      i. Ryan emailed to confirm the identity of the documents on March 22.
   c. Defendants are awaiting verification for their supplemental interrogatory responses and hoped to serve it by Friday, Feb. 17. Plaintiffs have not received the verification.
5. Supplementation of Yardi data

   a. It is possible that the tenant communications were generated by Yardi, though distributed by hand. Ryan will follow up. We are still waiting to hear.
   b. Discuss proposed adjustment to Yardi ledger data pull.
   c. Defendants will answer John Bailey's outstanding question regarding whether Sandbox is up to date.
   d. Parties discussed focusing the ledger data pull on the following payments and charges: rent, HAP charges, and additional service charges, all limited to months containing both an HAPrent charge and an ASA charge. Plaintiffs will discuss this proposal with their data folks, and if there is no technical concern, they will reach out to John Bailey.
6. Supplementation of tenant files (RFPDs 125-130)
   a. No action required this week
   b. Plaintiffs raised it to start the conversation, as the close of discovery approaches. Defendants will start internal discussions. Parties will confer next week.
   c. Plaintiffs believe the last production of tenant files was in March 2022.
7. Plaintiffs' February 9 letter re Defendants' damages theory
   a. Check in
8. Plaintiffs' February 21 letter re policy changes
   a. Check in
   b. Ryan confirmed that all policy/practice changes have been made. Defendants have no plans to change any other policies, including use of pay-or-quit notices with Section 8 tenants and refusal to accept rent for tenants with outstanding additional service charges.


Thanks,
Lindsay


**Lindsay Nako** (she/her) │ **Impact Fund**
P: 510 845 3473 x. 307

---

**From:** Lindsay Nako
**Sent:** Tuesday, March 21, 2023 5:35 PM
**To:** Ryan.Matthews@lewisbrisbois.com; jahmy.graham@nelsonmullins.com
**Cc:** Anne Bellows <abellows@gbdhlegal.com>
**Subject:** Terry v. Wasatch - Agenda for 3/22 call

Ryan & Jahmy,

I hope we are on for our meet-and-confer call tomorrow (Weds) at 1 pm. Here is a proposed agenda. I have highlighted the main action items for this week. Let me know if you have anything to add.

**Ryan** – We have not heard back from you on multiple emails about your availability for our weekly meet-and-confer calls. I tried calling your office and cell phones today and left voicemails on both lines. If you are not able to meet at our regularly scheduled time, please let us know other times that work for you. In particular, we will make ourselves available any time this week to discuss Defendants' recent discovery responses and the draft stipulation on additional depositions.

1. Stipulation & [Prop] Order Granting Additional Depositions
   a. Plaintiffs have prepared a draft stipulation and order to allow depositions beyond the 10-deposition limit set by Rule 30, as both sides have reached the limit.
   b. Please review the attached draft and let us know if Defendants will so stipulate or if you have edits/comments.
2. Defendants' responses to Terry RFPDs, Set 13, and Livingston Interrogatories, Set 4 (Defs' costs related to ASA services)
   a. Defendants provided interrogatory responses on March 13.

    b.  Defendants responded to Terry RFPDs, Set 13, on March 20 with minimal objections and no documents.

    <mark>c.  Plaintiffs request a meet and confer about Defendants' responses to determine whether we need to file a motion to compel this Friday. If we do not hear from you, we will file the motion and prepare a Joint Statement Regarding Discovery Dispute on these discovery responses.</mark>

3.  Defendants' responses to Terry RFPDs, Set 12 (HAP Contracts for S8 tenants with washer & dryer charges)
    a.  Defendants' responses were due on Monday, February 13. Plaintiffs have not received any responses.
    b.  Plaintiffs filed a Notice of Motion and Motion to Compel on March 10 and an Affidavit re Joint Statement Regarding Discovery Dispute on March 17.
    c.  Hearing is scheduled for March 31 at 10 am before Magistrate Judge Barnes.

4.  Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3 (Defs' changes following the MSJ order)
    a.  Defendants made a supplemental production of documents on Feb. 15.
    <mark>b.  Plaintiffs sent an email on Feb. 15 (attached) to confirm the identity of the documents, still waiting for a response.</mark>
    c.  Defendants are awaiting verification for their supplemental interrogatory responses and hoped to serve it by Friday, Feb. 17. Plaintiffs have not received the verification.

5.  Supplementation of Yardi data
    a.  It is possible that the tenant communications were generated by Yardi, though distributed by hand. Ryan will follow up. We are still waiting to hear.
    b.  Discuss proposed adjustment to Yardi ledger data pull

6.  Supplementation of tenant files (RFPDs 125-130)
    a.  No action required this week

7.  Plaintiffs' February 9 letter re Defendants' damages theory
    a.  Check in

8.  Plaintiffs' February 21 letter re policy changes
    a.  Check in

**Lindsay Nako** | **Impact Fund**
2080 Addison Street, Suite 5│Berkeley, CA 94704
P: 510 845 3473 x. 307
Pronouns: she/her
Website | Map | Email



*This message is intended for the named recipients only. It may contain information protected by attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.*

# EXHIBIT H

**Lindsay Nako**

| | |
|---|---|
| **From:** | Lindsay Nako |
| **Sent:** | Wednesday, March 29, 2023 2:29 PM |
| **To:** | Ryan.Matthews@lewisbrisbois.com |
| **Cc:** | Anne Bellows; Salazar, Joe; jahmy.graham@nelsonmullins.com |
| **Subject:** | RE: Terry v. Wasatch - Agenda for 3/29 call |

Ryan,

Thanks for the call today. I have added notes below in blue where they supplement your written updates, which I have made orange. Let me know if you have any changes.

Best,
Lindsay

**Lindsay Nako** (she/her) | **Impact Fund**
P: 510 845 3473 x. 307

---

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Wednesday, March 29, 2023 12:05 PM
**To:** Lindsay Nako <lnako@impactfund.org>; jahmy.graham@nelsonmullins.com
**Cc:** Anne Bellows <abellows@gbdhlegal.com>; Salazar, Joe <Joe.Salazar@lewisbrisbois.com>
**Subject:** RE: Terry v. Wasatch - Agenda for 3/29 call

Lindsay,

A couple of updates. See below, and attached.



**Ryan Matthews**
**Attorney**
Ryan.Matthews@lewisbrisbois.com

**T: 916.646.8213 F: 916.564.5444**

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833 | LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Lindsay Nako <lnako@impactfund.org>
**Sent:** Tuesday, March 28, 2023 5:23 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; jahmy.graham@nelsonmullins.com
**Cc:** Anne Bellows <abellows@gbdhlegal.com>
**Subject:** [EXT] Terry v. Wasatch - Agenda for 3/29 call

Ryan & Jahmy,

Looking forward to our call tomorrow at 1 pm. Updated agenda is below. Let me know if you have anything to add.

1. Stipulation & [Prop] Order Granting Additional Depositions
   a. Las week, Plaintiffs circulated a draft stipulation and order to allow depositions beyond the 10-deposition limit set by Rule 30, as both sides have reached the limit. Ryan said the stipulation appears reasonable to counsel for Defendants and has passed it along for client review.
   b. Plaintiffs are waiting for Defendants' response. If none is received by Friday, March 31, we will request leave of court for the additional depositions.

   *I'm waiting for final written approval, but anticipate it today or tomorrow. You'll have it by the 31st for sure*

2. Defendants' responses to Terry RFPDs, Set 13, and Livingston Interrogatories, Set 4 (Defs' costs related to ASA services)
   a. Defendants provided interrogatory responses on March 13.
   b. Defendants responded to Terry RFPDs, Set 13, on March 20 with minimal objections and no documents.
   c. Last week, Ryan said Defendants would provide a substantive response—verified responses and an initial production—on Friday, March 24, and complete production by early this week.
   d. Earlier today, Defendants served updated responses to Terry RFPDs, Set 13. Plaintiffs would like to meet and confer about Defendants' Responses to RFPDs Nos. 175-185.
      *The parties discussed Defendants' updated responses to Terry RFPDs Nos. 175-185. Ryan clarified that Defendants believe there is substantial overlap in the documents showing costs and income/profits/commissions received, namely the vendor contracts. Ryan is looking into who kept commissions, whether 100% went to WPM or if it was split between WPM and property owners. The parties agreed that they would all prefer to avoid production of individual banking statements, but Ryan will look to see whether costs/income are reflected in summary financial reports, such as month-end or year-end reports. He anticipates an update in the next 10 days or so that describes the documents that Defendants have, which will provide the basis for a further meet and confer.*
   e. Defendants have not yet served responsive documents. If Defendants haven't completed production by end of day on Thurs, March 30, Plaintiffs will file a motion to compel on Friday, March 31.
      *Plaintiffs are still planning to file a motion to compel on Friday, March 31 and will circulate a joint statement for filing next week.*
   f. Plaintiffs also like to specifically meet and confer about Defendants' response to Livingston Interrogatory No. 9, as it is relevant to the calculation of Defendants' costs in providing additional services to Section 8 tenants.
      *The parties discussed Defendants' response to Livingston Interrogatory No. 9 (Set 4).  Lindsay clarified that Plaintiffs are trying to understand the corporate relationship between Defendants and Rent Dynamics as there are documents indicating that WPM is or was a majority shareholder in Rent Dynamics, which means WPM may have benefited from any funds paid to Rent Dynamics for services rendered.*

   *Verified response has been provided. I've received some of the documents, particularly related to renters' insurance. I am waiting for client approval to produce.*

3. Defendants' responses to Terry RFPDs, Set 12 (HAP Contracts for S8 tenants with washer & dryer charges)
   a. Plaintiffs filed a Notice of Motion and Motion to Compel on March 10 and an Affidavit re Joint Statement Regarding Discovery Dispute on March 17.
   b. The parties received an order from Judge Barnes earlier today. The parties' Joint Statement is now due on May 12 and the hearing is scheduled for May 19.
   c. Last week, Ryan said Defendants would file a statement of non-opposition on Friday, March 25, and were hoping to make a full production before March 31.

d.   Defendants' statement of non-opposition was not filed, and Plaintiffs have not received any documents. Plaintiffs continue to request the full production before March 31.

*Defendants remain in the process of gathering these. There are over 500 of these tenants. I will separately provide a list of the tenants in question, sorted by property. We expect a rolling production beginning in the next few days.*
>   *The parties further discussed a rolling production with a tracking sheet or other tracking mechanism to keep the parties on the same page as to what has been produced when. Ryan was not sure when production would begin, but said that Defendants would send contracts as soon as they are received from the properties.*

4.   Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3 (Defs' changes following the MSJ order)
   a.   Defendants made a supplemental production of documents on Feb. 15.
   b.   Defendants are awaiting verification for their supplemental interrogatory responses and hoped to serve it by Friday, Feb. 17. Plaintiffs have not received the verification.

*I looked back, and this was served on January 17-18. I forwarded the Verification myself after hours on Jan 17, and my assistant provided the Proof of Service the next day. The verification itself is attached here.*

5.   Supplementation of Yardi data
   a.   It is possible that the tenant communications were generated by Yardi, though distributed by hand. Ryan will follow up. We are still waiting to hear.
   b.   Last week, Ryan said Defendants would answer John Bailey's outstanding question regarding whether Sandbox is up to date. Plaintiffs have not seen any communication from Defendants.
   c.   Last week, the parties discussed focusing the ledger data pull on the following payments and charges: rent, HAP charges, and additional service charges, all limited to months containing both an HAPrent charge and an ASA charge. Plaintiffs have discussed this proposal with their data folks and have determined that it is better to remain consistent with the previous ledger data pull.

*I have no issue with this.*
>   *Plaintiffs noted that Fitech Gelb has done the initial data pull and it is ready for Defendants' review. Ryan said that he would look for it.*

6.   Supplementation of tenant files (RFPDs 125-130)
   a.   Last week, the parties began discussing supplemental production. Ryan said Defendants would start internal discussions. Lindsay informed Ryan by email that Plaintiffs believe the last production of tenant files was in March 2022.
   b.   Parties should confer to discuss a production schedule.

*Step 1 is to pull the HAP Contracts. As noted above, it's more tenants than expected. Once they're done with that, I'll assign the tenant file production, and my suggestion is to pull any Section 8 tenant in residence with an ASA charge at a WPM-managed property as of February 1, 2022 to be safe.*
>   *Plaintiffs clarified that RFPDs 125-130 reference only the named plaintiffs and the individuals identified in Plaintiffs' Supplemental Initial Disclosures, which should make it a more limited project.*

7.   FCA trial preparations
   a.   Last week, Ryan noted that the parties should begin a conversation on the upcoming trial. Plaintiffs also think it could be helpful.

*I need to confer with Joe prior to beginning this conversation, but to the extent your office has thoughts, I'm happy to hear them.*
>   *Plaintiffs agreed that cooperation and dialogue regarding structuring trial would be productive. We are open to your thoughts as well. Our preliminary thought on the FCA trial is to put on a single jury proceeding presenting*

*our various theories, including those laid out in our mediation statement.  Plaintiffs also suggested that the Parties plan to begin working on fact stipulations in another four to six weeks to clarify the state of the record and narrow what factual disputes need to be resolved by the jury. Defendants agreed to work on that with us.*

Thanks,
Lindsay

**Lindsay Nako** | **Impact Fund**
2080 Addison Street, Suite 5 | Berkeley, CA 94704
P: 510 845 3473 x. 307
Pronouns: she/her
[Website](Website) | [Map](Map) | [Email](Email)



*This message is intended for the named recipients only. It may contain information protected by attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.*

# EXHIBIT I

**Meredith Dixon**

| | |
|---|---|
| **From:** | Anne Bellows <abellows@gbdhlegal.com> |
| **Sent:** | Wednesday, April 5, 2023 9:04 PM |
| **To:** | Matthews, Ryan; jahmy.graham@nelsonmullins.com |
| **Cc:** | Lindsay Nako; Meredith Dixon; Salazar, Joe |
| **Subject:** | RE: Agenda for 4/5 call |

Hi Ryan,

I put your comments in orange and added my notes from the call in blue.  Let me know if you have any additions or edits.

Thanks,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Wednesday, April 5, 2023 12:09 PM
**To:** Anne Bellows <abellows@gbdhlegal.com>; jahmy.graham@nelsonmullins.com
**Cc:** Lindsay Nako <lnako@impactfund.org>; Meredith Dixon <mdixon@impactfund.org>; Salazar, Joe <Joe.Salazar@lewisbrisbois.com>
**Subject:** RE: Agenda for 4/5 call

Anne,

A few updates below each item before 1:00.

-Ryan



**Ryan Matthews**
**Attorney**
Ryan.Matthews@lewisbrisbois.com

**T: 916.646.8213 F: 916.564.5444**

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

1

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Anne Bellows <abellows@gbdhlegal.com>
**Sent:** Tuesday, April 4, 2023 5:10 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; jahmy.graham@nelsonmullins.com
**Cc:** Lindsay Nako <lnako@impactfund.org>; Meredith Dixon <mdixon@impactfund.org>
**Subject:** [EXT] Agenda for 4/5 call


Hi Ryan and Jahmy –


Here is an agenda for our meet and confer call tomorrow.


1. Stipulation & [Prop] Order Granting Additional Depositions
   1. We first circulated this two weeks ago.  On our prior meet and confer calls, defense counsel indicated that they believe it is reasonable and last week you said that we would have the final written approval by Friday March 31.  We did not receive approval, despite following up by email on Friday and by phone yesterday.
   2. The draft stipulation is attached, with edits to reflect our new discovery dates.
   3. Please provide final written approval as soon as possible.  If we do not receive your approval to sign and file the stip, we will file our motion seeking leave for additional depositions on Friday, April 7.

I've got written approval. You are free to execute the stipulation as drafted, and file with my e-signature.

On the call we began discussing scheduling for the Rule 30(b)(6) depositions, which will focus on Defendants' policy changes (or lack thereof) since November 2022 and Defendants' costs and revenues that they allege are relevant to the damages calculation.  Plaintiffs have availability the weeks of April 24, May 8, and May 15.  Defendants agreed to check for availability within those periods, and suggested that the costs deposition would likely need to happen towards the end of that period, *i.e.*, during the week of May 15.  We discussed the necessity of completing document productions sufficiently in advance of the depositions to allow Plaintiffs time to prepare for the deposition.

2. Defendants' responses to Terry RFPDs, Set 13, and Livingston Interrogatories, Set 4 (Defs' costs related to ASA services)
   1. We have not received any production, despite defendants' assurances.
   2. We filed our motion to compel last Friday.  We will send our draft of the joint statement on Thursday.
   3. Last week we discussed Defendants' obligation to produce documents and data showing the commissions received by any Defendant entity related to, e.g., renters' insurance or media packages.  We are looking for an update on what Defendants will produce.
   4. Last week, Plaintiffs requested that Defendants provide an updated responses to Livingston Interrogatory No. 9, as the relationship between WPM and Rent Dynamics is relevant to Defendants' contention that they should be able to deduct payments to Rent Dynamics from Defendants' revenues. We are waiting on Defendants to provide an updated response.

I am still awaiting approval and documents here. Our two WPM principals have been out since last Thursday. I am actively seeking approval and will provide an update ASAP. I can't get a firm date until I speak with them.

Plaintiffs sought updates about the timeline for production on the call.  Ryan said that he was pressing his clients to complete their work, but was unable to commit to a deadline.  Plaintiffs also asked for updates on the data and documents relevant to showing commissions for, e.g., renters' insurance and media packages.  Defendants did not have an update.  Defendants also did not have an update about Livingston Interrogatory No. 9.

The Parties agreed to move forward with the Joint Statement filing this week.  I will send Plaintiffs' portions of the joint statement under separate cover.

3. Defendants' responses to Terry RFPDs, Set 12 (HAP Contracts for S8 tenants with washer and dryer charges)
    1. Defendants previously stated that they were hoping to make a full production before March 31.  Last Wednesday, Defendants gave the update that they will provide a list of tenants paying washer and dryer charges, sorted by property, and that they anticipated starting  "a rolling production beginning in the next few days."
    2. We are waiting on the production.

We've got significant progress here. Our office is working on uploading the first batch of HAP Contracts for production. The completed properties are as follows:

- 600 Lofts
- Chesapeake Commons
- Enclave
- Providence Place
- Reserve at View 78
- Promontory Point
- Remington

We'll get this production over to you as soon as my staff finishes processing. The remainder should be produced in relatively short order.

We are looking forward to receiving these.  Plaintiffs asked about the timeline for the remaining properties, and Defendants said they believed they would complete production next week.

4. Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3 (Defs' changes following the MSJ order)
    1. I received our discovery correspondence, and on February 9, Defendants agreed to provide a supplemental response to Livingston Interrogatory 6 "to identify which properties have provided written communications to Section 8 tenants and the date(s) the communications were distributed at each property."  We have not received that supplement.
    2. Defendants should also provide a date for the other steps listed in the response to that interrogatory (changing the payment priority sequence and issuing a written directive to property managers).

I still need to finalize these shells, but the dates/properties are easy, and are reflected in the prior document production. I hope to have these done by next Wednesday, though again, it depends on the return of key execs to the office.

On the call we discussed that in addition to the dates that letters were sent out to tenants, Defendants should also provide the date for the other policy changes listed in the interrogatory response.

5. Supplementation of Yardi data.
   1. Our understanding is that Defendants have received the updated yardi datasets and need to approve them for production to Plaintiffs.  Please do so ASAP.

I need refreshed access to the review folder, and have reached out to John Bailey for the same. Assuming I get refreshed access, I'll finalize review this afternoon/tomorrow.

Plaintiffs look forward to Defendants completing their review and authorizing the production.

Thanks,

Anne


Anne P. Bellows

(pronouns: she/her)

Goldstein, Borgen, Dardarian & Ho

155 Grand Avenue, Suite 900

Oakland, CA  94612

(510) 287-4344

www.gbdhlegal.com


Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

# EXHIBIT J

**Lindsay Nako**

| | |
|---|---|
| **From:** | Anne Bellows <abellows@gbdhlegal.com> |
| **Sent:** | Monday, December 5, 2022 10:30 AM |
| **To:** | Matthews, Ryan |
| **Cc:** | Salazar, Joe; Laura Ho; Lindsay Nako; Jocelyn Larkin; jessenewmark; Henrissa Bassey; brenna; andrew@awolfflaw.com; Stephanie Tilden |
| **Subject:** | Authority for defendants' damages theory? |

Hi Ryan,

Following up on my question below, could you share your authority for Defendants' theory that defendants should be able to deduct their costs to provide services from damages in this case?  Conducting discovery and litigation on this issue will require substantial attorney time.

As you are aware, Plaintiffs strongly disagree with this theory.  Additionally, the Court has already ruled that tenants have been "damaged in the amount of the excess rent they were required to pay" with regard to the breach of contract claim.  ECF No. 278 at 13-14.

Thanks,
Anne


Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 763-9800
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Thursday, December 1, 2022 1:51 PM
**To:** 'Matthews, Ryan' <Ryan.Matthews@lewisbrisbois.com>
**Cc:** 'Salazar, Joe' <Joe.Salazar@lewisbrisbois.com>; Laura Ho <lho@gbdhlegal.com>; Lindsay Nako <lnako@impactfund.org>; jlarkin@impactfund.org; jessenewmark <jessenewmark@centrolegal.org>; Henrissa Bassey <hbassey@centrolegal.org>; brenna <brenna@awolfflaw.com>; andrew@awolfflaw.com; Stephanie Tilden <stilden@gbdhlegal.com>
**Subject:** RE: Meet and confer

Hi Ryan,

Thanks for the call earlier today.

Based on the additional fact issues and expert work that Defendants want to introduce into the remedies phase, I've put together a revised proposed schedule with a September 11th start date for trial. See below.  Let me know if this is acceptable to you or if you have any proposed changes.

As I noted on the phone, we do not think the cost of providing the services comes into the damages calculation.  Can you provide your authority for that position?

Anne

| Event | Date |
| --- | --- |
| Trial | Sep. 11 – 22 |
| Pre-trial conference | Week of 8/21 |
| Close of expert discovery | Fri. 7/14 |
| Rebuttal expert reports | Fri. 6/23 |
| Expert reports | Fri. 5/19 |
| Close of discovery | Fri. 5/12 |
| Deadline for data production | Fri. 4/21 |

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 763-9800
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Wednesday, November 30, 2022 5:01 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Laura Ho <lho@gbdhlegal.com>; Lindsay Nako <lnako@impactfund.org>; jlarkin@impactfund.org; jessenewmark <jessenewmark@centrolegal.org>; Henrissa Bassey <hbassey@centrolegal.org>; brenna <brenna@awolfflaw.com>; andrew@awolfflaw.com; Stephanie Tilden <stilden@gbdhlegal.com>
**Subject:** RE: Meet and confer

Hi Ryan,

We will get back to you on potential mediators.

Regarding trial, thanks for sending your schedule.  We suggest setting the trial for July 31, 2023 and blocking out up to two weeks.

Here's the full set of dates that would flow from that (these are all on Mondays just counting weeks back from trial, but I'm fine pushing deadlines to the Fridays before instead):

Trial – July 31

Pre-trial conference – week of July 10

Close of expert discovery – June 5

Expert reports – May 22

Supplemental Class Notice goes out – May 15

Discovery cut-off & deadline to produce data – April 24

If the Court is unavailable for trial during that two week period starting July 31, then we'd want to be looking at dates in early September.

Thoughts?

Anne

Anne P. Bellows

(pronouns: she/her)

Goldstein, Borgen, Dardarian & Ho

155 Grand Avenue, Suite 900

Oakland, CA  94612

(510) 763-9800

www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Wednesday, November 30, 2022 4:10 PM
**To:** Anne Bellows <abellows@gbdhlegal.com>
**Cc:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Laura Ho <lho@gbdhlegal.com>; Lindsay Nako <lnako@impactfund.org>; jlarkin@impactfund.org; jessenewmark <jessenewmark@centrolegal.org>; Henrissa Bassey <hbassey@centrolegal.org>; brenna <brenna@awolfflaw.com>; andrew@awolfflaw.com; Stephanie Tilden <stilden@gbdhlegal.com>
**Subject:** RE: Meet and confer

Hi, Anne. Sorry, I've been tied up. I'm attaching our current trial calendar. Potential dates will have to work around that, and I'm sure your group has a similar scenario.

Separately, while I'm not authorized to agree to mediation, we're certainly willing to take a look at third-party neutral suggestions to the extent you have them. We're taking a look on our end as well. We can inform the Court that, at the very least, the parties are willing to entertain the idea of a mediation, or, to the extent it's available, a settlement conference with somebody affiliated with the Court.

I'm not sure what your idea of the timeline is here. I know there's substantial discovery that needs to get done before we have a trial date, and I'd like to make sure we've got plenty of time to handle both that and any negotiations that might obviate the need for a trial. I can tell you that to the extent June, 2023, looks open on this calendar, that's unrealistic for us—we've been asked to hold it open by a Court in another matter pending assignment of a traveling judge. That's probably too soon anyway, since I know you'll want to issue a supplemental class notice.

Bottom line, let me know what you think about timetables given the restrictions we've got with this calendar.

3

Thanks,

Ryan Matthews

 **Ryan Matthews**
**Attorney**
Ryan.Matthews@lewisbrisbois.com

**T: 916.646.8213 F: 916.564.5444**

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Anne Bellows <abellows@gbdhlegal.com>
**Sent:** Wednesday, November 30, 2022 3:06 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Laura Ho <lho@gbdhlegal.com>; Lindsay Nako <lnako@impactfund.org>; jlarkin@impactfund.org; jessenewmark <jessenewmark@centrolegal.org>; Henrissa Bassey <hbassey@centrolegal.org>; brenna <brenna@awolfflaw.com>; andrew@awolfflaw.com; Stephanie Tilden <stilden@gbdhlegal.com>
**Subject:** [EXT] RE: Meet and confer

Hi Ryan,

I am still hoping to get a chance to connect.  I left a message on your cell earlier this afternoon. Please give me a call this afternoon if you are able.

Thanks,

Anne

Anne P. Bellows

(pronouns: she/her)

Goldstein, Borgen, Dardarian & Ho

155 Grand Avenue, Suite 900

Oakland, CA  94612

(510) 763-9800

www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Tuesday, November 29, 2022 2:07 PM
**To:** Ryan.Matthews@lewisbrisbois.com
**Cc:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Laura Ho <lho@gbdhlegal.com>; Lindsay Nako <lnako@impactfund.org>; jlarkin@impactfund.org; jessenewmark <jessenewmark@centrolegal.org>; Henrissa Bassey <hbassey@centrolegal.org>; brenna <brenna@awolfflaw.com>; andrew@awolfflaw.com; Stephanie Tilden <stilden@gbdhlegal.com>
**Subject:** RE: Meet and confer

Hi Ryan, following up on this.  Are you able to talk this afternoon—and if not, what about tomorrow?

Anne P. Bellows

(pronouns: she/her)

Goldstein, Borgen, Dardarian & Ho

155 Grand Avenue, Suite 900

Oakland, CA  94612

(510) 763-9800

www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Monday, November 28, 2022 3:52 PM
**To:** Ryan.Matthews@lewisbrisbois.com
**Cc:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Laura Ho <lho@gbdhlegal.com>; Lindsay Nako <lnako@impactfund.org>; jlarkin@impactfund.org; jessenewmark <jessenewmark@centrolegal.org>; Henrissa Bassey <hbassey@centrolegal.org>; brenna <brenna@awolfflaw.com>; andrew@awolfflaw.com; Stephanie Tilden <stilden@gbdhlegal.com>
**Subject:** Meet and confer


Hi Ryan –


I hope you had a nice Thanksgiving break.  Are you available for a call tomorrow?  We have our CMC on calendar for Thursday, and I'd like to go in having begun the conversation about setting discovery deadlines and trial dates as the court indicated at the last hearing that it would be setting a pre-trial conference soon after the summary judgment orders.


My schedule tomorrow is flexible.


I also wanted to follow up on our discussions earlier in the case in which Wasatch indicated that it would make sense to discuss potential settlement options after the court's summary judgment ruling.  If we want to get a private mediator before trial, we should start thinking about who that might be as good class action mediators often have busy schedules that require scheduling several months in advance.  Or if we want to ask for a court settlement conference, we should bring that up with the court too.


Anne



Anne P. Bellows

(pronouns: she/her)

Goldstein, Borgen, Dardarian & Ho

155 Grand Avenue, Suite 900

Oakland, CA  94612

(510) 763-9800

www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

# EXHIBIT K

**G | B | D | H**

## Goldstein, Borgen, Dardarian & Ho

Shareholders
Linda M. Dardarian
Laura L. Ho
James Kan
Andrew P. Lee

Of Counsel
Barry Goldstein
David Borgen
Morris J. Baller

February 9, 2023

<u>**Via E-Mail Only**</u>

Joseph Salazar
Ryan Matthews
Lewis Brisbois
2020 West El Camino Avenue, Suite 700
Sacramento, CA 95833

Joe.Salazar@lewisbrisbois.com
Ryan.Matthews@lewisbrisbois.com

  Re: There Is No Offset for Damages on the Class and FCA Claims

Dear Ryan,

  In a meet and confer call, you suggested that Defendants would argue that damages should be reduced by the cost of providing the amenities and services listed on the Additional Services Agreements.  By email on December 1 and December 5, 2022, I asked you to provide authority for this position.  You have yet to do so, and, as described below, our own research confirms the contrary—that Defendants' costs do not affect the calculation of damages in this case.  With the enclosed discovery, Plaintiffs initiate the fact-finding on Defendants' costs that will be necessary if Defendants insist on proceeding with their unsupported theory.  However, before your clients incur the costs, inconvenience, and, ultimately, both sides' attorneys' fees for such discovery, we write in a final attempt to open the lines of communication and offer an alternative path.

  In our review of the law, we do not see any basis for deducting Defendants' costs from the damages award.  Indeed, the Court has already stated that the damages to the class are measured by the total amount they paid in additional service charges.  *See* Summary Judgment Order, ECF No. 278 at 13-14 ("[D]efendants breached the tenancy addendum by requiring tenants to pay excess rent in the form of charges contained in the ASAs . . . .  *Plaintiffs were damaged in the amount of the excess rent they were required to pay*, which the court will determine in the second phase of this litigation." (emphasis added)).

  The Court's ruling is consistent with both the terms of the relevant contract and contract principles. The Tenancy Addendum provides that "[t]he owner must immediately return any excess rent payment to the tenant."  HAP Contract Sec. C, ¶ 5f (incorporating 24 C.F.R. § 982.451(b)(4)(ii)).  Where, as here, "contractual language is clear and explicit, it governs," *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264 (citing Cal. Civ. Code § 1638).  Courts therefore enforce provisions that specify "particular remedies to be available in the event of a breach."  Witkin, Summary 11th Contracts § 880 (2022).

155 Grand Avenue, Suite 900, Oakland, CA  94612  Tel 510. 763. 9800  Fax 510. 835. 1417  www.gbdhlegal.com

868461.7

The same is true for restitution under the Unfair Competition Law.  The Court has already defined Plaintiffs' injury as the "lost money or property as a result of defendants' unlawful practice of requiring plaintiffs to pay additional charges beyond their share of rent set out in the HAP contracts."  ECF No. 278 at 14.  The UCL authorizes courts to make "such orders or judgments . . . as may be necessary to restore to any person in interest any money or property . . . which may have been acquired by means" of an unlawful business practice.  Cal. Bus. & Profs. Code § 17203.  Restitution under the UCL has a dual purpose: first, to "restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest," *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003), and second, to "penalize a defendant for past unlawful conduct and thereby deter future violations,"  *People ex rel. Kennedy v. Beaumont Inv., Ltd.*, 111 Cal. App. 4th 102, 135 *as modified on denial of reh'g* (2003) (quotation marks and citation omitted).

These dual purposes are only served by the full return of the additional charges paid by class members.  Defendants' unlawful business practice was the collection of excess rent from Section 8 tenants, in violation of federal regulations that the owner "may not demand or accept any rent payment from the tenant" in excess of the maximum set by the HAP Contract.  *See* 24 C.F.R. § 982.451(b)(4)(ii).  The same regulation mandates that owners "must immediately return any excess rent payment to the tenant."  *See id.*   This language clearly establishes class members' ongoing ownership interest in the service charges, already found by the Court to be excess rent.  *See Beaumont*, *supra*, 111 Cal. App. 4th at 134-35 (affirming full restitution of unauthorized rent charged in violation of rent regulations, because doing so "accomplishe[d] the statutory objective of restoring to the victims sums acquired through defendants' unfair practices" and "[t]he trial court was not required to place defendants in the status quo ante").

Defendants' "windfall" argument will gain no traction here.  Defendants' position relies on their continued belief that the additional charges should be understood as consideration for the amenities and services listed on the ASAs.  The Court has twice "'rejected outright'" that argument.  Summary Judgment Order, ECF No. 278, at 10.  Defendants—not class members—implemented policies treating the additional charges as rent, and they did so for their own business advantage in eliciting payments from their tenants.  *See, e.g.*, Decl. of Jarom Johnson ¶ 8, ECF No. 78-4 ("Over the course of many years, it has been our experience that Section 8 tenants are motivated to stay in the Section 8 Program and, given the chance, will clear up shortfalls"[1]).  It would be a *windfall to Defendants* to allow them to keep any portion of the excess rent amounts that they charged and received in violation of the HAP Contract and federal law.[2]

Finally, Defendants' costs are also flatly irrelevant to the treble damages and penalties applicable to violations of the False Claims Act under 31 U.S.C. § 3729(a)(1).  The government's damages under the FCA are measured by the "'amount that it paid out by reason of

---

[1] In other words, Defendants' policies that placed Section 8 tenants at risk of eviction and loss of their vouchers were intended to, and effective at, obtaining payment of any past due amounts.

[2] Defendants have also acknowledged that separate additional service charges are a means of maximizing the *rents* they can receive under program rules, demonstrating that this distinction is also illusory in their own decision-making. Johnson Dep. Vol. 2 at 81:3-83:5.

the false statements over and above what it would have paid if the claims had been truthful.'" *United States v. Mackby*, 339 F.3d 1013, 1018 (9th Cir. 2003) (quoting *United States v. Woodbury*, 359 F.2d 370, 379 (9th Cir. 1966)). Relying on the same language of the HAP Contract at issue here, the Ninth Circuit held that the damages in a Section 8 side payment case are "the entire amount [the landlord] received from the government." *Ellis v. Zheng*, 799 Fed. Appx. 551, 552 (9th Cir. 2020). As the Ninth Circuit explained, "[b]ecause the FCA is concerned with fraud on the *government*, damages are determined not by how much [the landlord] overcharged [the tenants], but rather by how much [the landlord] overcharged the government—that is, the amounts she received from the government without lawful entitlement." *Id.* The costs borne by Defendants play no role in this calculation.

Defendants also face government civil penalties for each monthly payment received from a housing authority for a relevant tenant—as each HAP charge is its own "'claim against the government fisc' and thus its own separate FCA violation." *Ellis*, 799 Fed. Appx. at 552 (citing *United States ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1177 (9th Cir. 2006)) (affirming a penalty award of $121,000 for 22 months of housing assistance payments on behalf of a single tenant). The minimum penalty for a single FCA violation is $13,508, and the maximum penalty is $27,018.[3] 28 CFR § 85.5(d). These mandatory penalties are set by statute and non-negotiable, upon a finding of liability.

Because Defendants' costs in providing the services have no bearing on any damages calculation, they will not be admissible at trial. And the road to that ruling will be time-consuming and expensive. Thus, we propose that the Parties instead focus on the amounts that will actually determine damages in this case: (1) "the amount of excess rent," *i.e.*, the additional service charges paid by class members, and (2) the amount of the relevant housing assistance payments received by Defendants from the Section 8 program—both of which are readily determined in the Yardi data. Attached is a proposed Stipulation to that effect.

If Defendants do not agree to the Stipulation, they will not only incur their own attorneys' fees and expert costs to litigate this issue, but they will also cause Plaintiffs to expend significant attorney time and costs on the discovery, expert work, and briefing necessary to counter Defendants' position and any evidence Defendants intend to offer related to their costs. As Plaintiffs have already won a liability ruling on two of the class claims, we are prevailing parties and will be seeking an award of our attorneys' fees, costs, and expenses incurred on the class claims both under California Code of Civil Procedure § 1021.5 and pursuant to the leases. If we are forced to engage in extensive discovery and briefing on this issue, our fees will increase accordingly—and Defendants will foot the bill.

We request that you provide a response within two weeks—*i.e.*, no later than February 23, 2023—regarding whether Defendants will agree to the Stipulation. If you do not so agree, please provide your responses to the enclosed discovery requests no later than March 14, 2023.

---

[3] For violations prior to Nov. 2, 2015, the penalty range is from $5,500 to $11,000. 28 CFR § 89.3.

Plaintiffs believe that embarking on invasive and costly discovery related to Defendants' costs in providing amenities and services would be a waste of your time as well as ours. I hope we can agree to avoid such a needless and time-consuming exercise.

Sincerely,

Anne P. Bellows

cc:    Jahmy Graham
       Andrew Wolff
       Brenna Wood-Fitzpatrick
       Jesse Newmark
       Henrissa Bassey
       Laura Ho
       Stephanie Tilden
       Jocelyn Larkin
       Lindsay Nako

868461.7

**Lindsay Nako**

| | |
|---|---|
| **From:** | Scott Grimes <sgrimes@gbdhlegal.com> |
| **Sent:** | Thursday, February 9, 2023 4:03 PM |
| **To:** | Salazar, Joe; Ryan.Matthews@lewisbrisbois.com; Crespo, Alicia; jahmy.graham@nelsonmullins.com; colleen.m.kennedy@usdoj.gov |
| **Cc:** | Anne Bellows; Laura Ho; Stephanie Tilden; Lindsay Nako; andrew@awolfflaw.com; jessenewmark |
| **Subject:** | Terry v. Wasatch - Terry's 13th Req. for Produc.; Livingston's 4th Interrogs. |
| **Attachments:** | Terry 13th Req for Prod.pdf; Livingston 4th Set of Interrogs.pdf; POS 2023 02 09.pdf |

Counsel,

Attached are:

- PLAINTIFF TAMERA LIVINGSTON'S FOURTH SET OF INTERROGATORIES;
- PLAINTIFF DENIKA TERRY'S THIRTEENTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS;
- PROOF OF SERVICE.

**Scott G. Grimes**
**Senior Paralegal**
**Goldstein, Borgen, Dardarian & Ho**
155 Grand Avenue, Suite 900
Oakland, CA 94612
T: (510) 763-9800
F: (510) 835-1417
www.gbdhlegal.com



Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored. Thank you.

1    Laura L. Ho (SBN 173179)
     lho@gbdhlegal.com
2    Anne Bellows (SBN 293722)
     abellows@gbdhlegal.com
3    Stephanie Tilden (SBN 341486)
     stilden@gbdhlegal.com
4    GOLDSTEIN, BORGEN, DARDARIAN & HO
     155 Grand Avenue, Suite 900
5    Oakland, CA 94612
     Tel: (510) 763-9800 | Fax: (510) 835-1417
6
     Andrew Wolff (SBN 195092)
7    andrew@awolfflaw.com
     LAW OFFICES OF ANDREW WOLFF, PC
8    1615 Broadway, 4th Floor
     Oakland, CA 94612
9    Tel: (510) 834-3300 | Fax: (510) 834-3377

10   Jesse Newmark (SBN 247488)
     jessenewmark@centrolegal.org
11   CENTRO LEGAL DE LA RAZA
     3022 International Blvd., Suite 410
12   Oakland, CA 94601
     Tel: (510) 437-1863 | Fax: (510) 437-9164
13
     Jocelyn Larkin (SBN 110817)
14   jlarkin@impactfund.org
     Lindsay Nako (SBN 239090)
15   lnako@impactfund.org
     THE IMPACT FUND
16   2080 Addison Street, Suite 5
     Berkeley, CA 94704
17   Tel: (510) 845-3473 | Fax: (510) 845-3654

18   Attorneys for Plaintiffs and Relators and the Certified Classes

19              **UNITED STATES DISTRICT COURT**
          **EASTERN DISTRICT OF CALIFORNIA**
20                **SACRAMENTO DIVISION**

21   UNITED STATES OF AMERICA, *ex rel.*          Case No.: 2:15-CV-00799-KJM-DB
     DENIKA TERRY, ROY HUSKEY III, and
22   TAMERA LIVINGSTON, and each of them for      CLASS ACTION
     themselves individually, and for all other persons
23   similarly situated and on behalf of the UNITED   **STIPULATION AND [PROPOSED] ORDER**
     STATES OF AMERICA                             **REGARDING DAMAGES CALCULATION**
24
             Plaintiffs/Relators,                  Trial Date: None Set
25
     vs.
26
     WASATCH ADVANTAGE GROUP, LLC,
27   WASATCH PROPERTY MANAGEMENT, INC.,
     WASATCH POOL HOLDINGS, LLC,
28   CHESAPEAKE APARTMENT HOLDINGS, LLC,
     LOGAN PARK APARTMENTS, LLC, LOGAN

PARK APARTMENTS, LP, ASPEN PARK
HOLDINGS, LLC, BELLWOOD JERRON
HOLDINGS, LLC, BELLWOOD JERRON
APARTMENTS, LP, BENT TREE
APARTMENTS, LLC, CALIFORNIA PLACE
APARTMENTS, LLC, CAMELOT LAKES
HOLDINGS, LLC, CANYON CLUB HOLDINGS,
LLC, COURTYARD AT CENTRAL PARK
APARTMENTS, LLC, CREEKSIDE HOLDINGS,
LTD, HAYWARD SENIOR APARTMENTS, LP,
HERITAGE PARK APARTMENTS, LP, OAK
VALLEY APARTMENTS, LLC, OAK VALLEY
HOLDINGS, LP, PEPPERTREE APARTMENT
HOLDINGS, LP, PIEDMONT APARTMENTS,
LP, POINT NATOMAS APARTMENTS, LLC,
POINT NATOMAS APARTMENTS, LP, RIVER
OAKS HOLDINGS, LLC, SHADOW WAY
APARTMENTS, LP, SPRING VILLA
APARTMENTS, LP, SUN VALLEY HOLDINGS,
LTD, VILLAGE GROVE APARTMENTS, LP,
WASATCH QUAIL RUN GP, LLC, WASATCH
PREMIER PROPERTIES, LLC, WASATCH
POOL HOLDINGS III, LLC,
and DOES 1-4,

  Defendants.

Plaintiffs Denika Terry, Roy Huskey III, and Tamera Livingston on behalf of themselves, the certified classes, and the United States, and Defendants Wasatch Advantage Group, LLC, *et al.*, stipulate as follows:

WHEREAS, on November 23, 2022, the Court issued an order granting Plaintiffs' Motion for Partial Summary Judgment and denying Defendants' Motion for Summary Judgment, or in the Alternative Summary Adjudication, or in the Further Alternative, Class Decertification (ECF No. 278);

WHEREAS, the Court's November 23 Order held that Defendants are liable to the certified classes for breach of contract and unfair business practices in violation of California's Unfair Competition Law (*id.* at 14);

WHEREAS, as to Plaintiffs' class claim for breach of contract, the Court's November 23 Order states, "[D]efendants breached the tenancy addendum by requiring tenants to pay excess rent in the form of charges contained in the ASAs . . . .  Plaintiffs were damaged in the amount of the excess rent they were required to pay, which the court will determine in the second phase of this litigation." (*id.* at 13-14);

WHEREAS, as to Plaintiffs' class claim for violation of the Unfair Competition Law, the Court's November 23 order states, "Plaintiffs have suffered injury in the form of lost money or property as a result of defendants' unlawful practice of requiring plaintiffs to pay additional charges beyond their share of rent set out in the HAP contracts. Here as well, the court will determine exact damages in the second phase of this litigation." (*id.* at 14);

WHEREAS, the Parties are currently engaged in damages discovery in advance of trial with a pre-trial conference scheduled for September 22, 2023;

WHEREAS, the Parties wish to avoid costly discovery and unnecessary litigation further prolonging proceedings on Plaintiffs' class claims for breach of contract and violation of California's Unfair Competition Law;

WHEREAS, the Parties likewise wish to streamline the completion of damages discovery and expert analysis on the False Claims Act claims by narrowing the scope of the issues;

THEREFORE, THE PARTIES STIPULATE AND JOINTLY REQUEST THAT THE COURT ORDER AS FOLLOWS:

1.      That damages or restitution satisfying Defendants' liability on Plaintiffs' class claims for breach of contract and violation of California's Unfair Competition Law shall be equal to the total amount of additional service charges paid by class members from April 4, 2011, through at least November 30, 2022.

2.      The parties may present evidence at trial regarding the total amount of additional service charges paid by class members and the appropriate cut-off date for class damages and/or restitution in light of any changes in Defendants' policies related to the additional service charges.

3.      Any costs that Defendants incurred to provide additional services to tenants are not relevant to the calculation of any damages or restitution on the class claims or the False Claims Act Claim.

Dated:                                  Respectfully submitted,

                                        GOLDSTEIN, BORGEN, DARDARIAN & HO

                                        _____

                                        Anne P. Bellows
                                        Attorneys for Plaintiffs and Relators


Dated:                                  Respectfully submitted,

                                        GOLDSTEIN, BORGEN, DARDARIAN & HO

                                        _____

                                        Ryan Matthews
                                        Attorneys for Defendants

//
//
//
//

2

IT IS SO ORDERED.

Dated:

_____

CHIEF UNITED STATES DISTRICT JUDGE