Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Anne Bellows (SBN 293722)
abellows@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
(510) 834-3300; (510) 834-3377 (Fax)

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
(510) 437-1863; (510) 437-9164 (Fax)

Jocelyn D. Larkin (SBN 110817)
jlarkin@impactfund.org
Lindsay Nako (SBN 239090)
lnako@impactfund.org
THE IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA 94701
(510) 845-3473; (510) 845-3654 (Fax)

Attorneys for Plaintiffs and Relators and the Certified Classes

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA

　　　　　Plaintiffs/Relators,

vs.

WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY

Case No.: 2:15-CV-00799-KJM-DB

CLASS ACTION

DISCOVERY MATTER

**JOINT STATEMENT REGARDING DISCOVERY DISAGREEMENT (PLAINTIFF DENIKA TERRY'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWELVE)**

Date:　　May 19, 2023
Time:　　10:00 am
Dept:　　Courtroom 27, 8th Floor
Before:　Hon. Magistrate Judge
　　　　　Deborah Barnes

Trial Date: None Set

1 | HOLDINGS, LP, PEPPERTREE APARTMENT
2 | HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP,
3 | RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA
4 | APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE
5 | APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER
6 | PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC, and DOES 1-4,

7

8 |                                Defendants.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiffs and Class Representatives Denika Terry, Roy Huskey III, and Tamera

2    Livingston ("Plaintiffs") on behalf of themselves and the certified classes, and on behalf of the

3    United States, and Defendants Wasatch Advantage Group, LLC, Wasatch Property Management,

4    LLC, *et al.* ("Defendants"), submit this Joint Statement Regarding Discovery Disagreement under

5    Local Rule 251(c).

6

7                                    **INTRODUCTION**

8    Plaintiffs seek Defendants' complete production of "all HAP Contracts for all Section 8

9    tenants at the Subject Properties who have paid Additional Service Charges for in-unit washers

10   and dryers at any time since July 1, 2019."  Ex. A (Plaintiff Denika Terry's Twelfth Set of

11   Requests for Production, Request for Production No. 159).  Plaintiffs served the request on

12   January 13, 2023.  Defendants' response was due on February 13, 2023.  Plaintiffs submitted the

13   Affidavit of Lindsay Nako Re Joint Statement Regarding Discovery Dispute ("Nako Affidavit")

14   on March 17, 2023.  ECF No. 294.  The Court thereafter issued an Order resetting discovery dates

15   and ordering Defendants to "show cause as to why they should not be sanctioned for violating the

16   rules of this court."  ECF No. 295.

17   Following the Court's Order, Defendants served their response to Request for Production

18   No. 159 on March 29, 2023.  Ex. B (Defendants' Responses to Plaintiff Denika Terry's Amended

19   Request for Production of Documents, Set Twelve).  They produced two sets of responsive

20   documents on April 12 and 19, Bates numbered HAP000001-2891 and HAP002892-4258

21   respectively.  Exs. C, D (proofs of service).  The production contained documents for only 176

22   tenants who paid additional service charges for in-unit washers and dryers after July 1, 2019,

23   when relevant data indicates that there are 504 such tenants.  Defendants failed to produce

24   responsive documents for 328 tenants.  Plaintiffs seek an order requiring production of all

25   remaining responsive documents by 5 pm on Monday, May 22, 2023.

26   //

27   //

28   //

**MEET AND CONFER EFFORTS**

On January 13, 2023, Plaintiffs submitted Plaintiff Denika Terry's Twelfth Set of Requests for Production to Defendants pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure. Ex. A. Defendants were required to produce responsive documents by February 13, 2023, 30 days after service of Plaintiffs Request for Production. *See* Fed. R. Civ. P. 34(b)(2)(A).

On February 14, 2023, counsel for Plaintiffs notified counsel for Defendants by email that Defendants' response to the relevant discovery request was past due. ECF No. 294 at ¶ 7. On February 15, 2023, the parties met and conferred by phone.[1] *Id.* On the call, counsel for Defendants stated that they would look into it and provide an update. *Id.* Counsel for Defendants then failed to attend scheduled meet and confer calls on February 22, March 1, and March 8. *Id.* at ¶¶ 9-11. Counsel for Defendants also failed to respond to requests for Defendants' portion of a Joint Statement Regarding Discovery Dispute. *Id.* at ¶¶ 13-15. Plaintiffs filed a Notice of Motion and Motion to Compel Production of Documents on March 10 (ECF No. 292) and the Nako Affidavit on March 17 (ECF No. 294).

Following the Court's Order dated March 28, 2023 (ECF No. 295), the parties met and conferred by phone on March 29. Ex. E (email dated March 29, 2023). Counsel for Defendants stated that Defendants were still in the process of gathering responsive documents and "expect[ed] a rolling production beginning in the next few days." *Id.* (notes added to email dated March 28, 2023). The parties met and conferred again on April 5, 2023. Ex. F (email dated April 5, 2023). Counsel for Defendants reported "significant process" gathering responsive documents and preparing them for production. *Id.* (notes added to email dated April 4, 2023).

The parties were scheduled to meet and confer again on April 12. Ex. G (email dated April 11, 2023). Counsel for Defendants was unable to attend but reported that responsive documents would be produced that same day and that the production "is nearly complete." *Id.* (notes added to email dated April 11, 2023). Defendants produced documents bates stamped HAP000001-2891 on April 12. Ex. C (proof of service).

---

[1] Counsel are unable to meet and confer in person because they live and work in different regions of California.

The parties met and conferred on April 19.  Ex. H (email dated April 20, 2023).

Defendants produced a second set of responsive documents the same day, bates stamped

HAP002892-4258.  *Id.*; Ex. D (proof of service).  Counsel for Defendants indicated that "[t]here

are now just a handful of HAP contracts that are missing from the tenant files" and "Defendants

have reached out to local housing authorities to obtain copies."  Ex. H, p. 2.

Counsel for Plaintiffs compared previously produced data on Section 8 tenants with in-

unit washer and dryer charges after July 1, 2019, to the documents that were produced at

HAP000001-4258 and identified missing contracts for 328 tenants.  *See* Ex. I (email attachment

omitted).  They notified counsel for Defendants on May 8, 2023.  *Id.*

## CASE NATURE AND POSTURE

### I.   Case Background

Plaintiffs are tenants who receive rental assistance through the federally subsidized

Housing Choice Voucher Program commonly known as "Section 8."  Defendants are Wasatch

Advantage Group, LLC, and its affiliates, a residential rental and property management company

with residential apartments in the western United States.  Plaintiffs allege Defendants improperly

charged class members for additional services such as laundry machines, renters' insurance, and

parking.  Plaintiffs bring claims under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, as well as

certified class claims under California contract, business, and consumer laws. 5th Am. Compl.

¶¶ 212-260, ECF No. 136; *see also* Order Granting Class Certification, ECF No. 92.

In November 2022, the Court granted Plaintiffs' Motion for Summary Judgment, finding

Defendants liable for breach of contract and violation of the California Unfair Competition Law.

ECF No. 278, p. 14.  The Court denied Defendants' Cross-Motion for Summary Judgement or, in

the Alternative, Class Decertification.  *Id.* at 14-15.  The Parties attended a settlement conference

with Magistrate Judge Carolyn K. Delaney on March 15, 2023, but were unable to reach a

settlement.  ECF No. 293.  The case will therefore proceed to a trial to determine liability under

the False Claims Act and Consumer Legal Remedies Act, as well as the amount of damages under

all claims.

4

## II.    Factual Issues Relevant to Discovery Dispute

The requested HAP Contracts are relevant to determining the extent of damages resulting from Defendants' violation of the HAP Contract, which will be a key issue in the upcoming trial.

Wasatch routinely charges Section 8 tenants for in-unit washers and dryers separately from the "base rent" that corresponds to the "rent to owner" set out in HAP Contracts. Defendants' Response to Plaintiffs' Statement of Undisputed Facts ("U.F.") No. 32, ECF No. 258-1.  Until July 2019, the "Utilities and Appliances" section in Part A of the HAP Contract required that, unless otherwise specified in the HAP Contract, "the owner shall pay for all . . . appliances provided by the owner."  *Id.* at U.F. No. 33; HAP Contract Part A.  Wasatch uniformly failed to specify in Part A that tenants were required to pay fees for in-unit washers and dryers. *Id.* at U.F. No. 34.  Based on these undisputed facts, in November 2022, the Court held at summary judgment that separate charges for washers and dryers were unlawful additional rent under the HAP Contracts using the pre-July 2019 language.  ECF No. 278 at 14-15.

In July 2019, HUD updated the form HAP Contract and removed the relevant language. *See* Form HUD-52641 (7/2019), https://www.hud.gov/sites/dfiles/OCHCO/documents/52641.pdf. But public housing authorities did not immediately implement the revised HAP Contract for new Section 8 move-ins.  As a result, some HAP Contracts executed by Defendants contain the pre-2019 language, which this Court determined prohibits Defendants' additional charges for washers and dryers.  Other HAP Contracts do not contain this language.  The documents requested by Plaintiffs are necessary to determine how many HAP Contracts were executed by Defendants after July 2019 with the pre-July 2019 language, for damages purposes.  There is no other way to determine the full extent of damages attributable to this violation.

## III.    Discovery Items in Dispute and the Parties' Contentions

The parties' discovery dispute concerns Plaintiff Denika Terry's Request for Production No. 159, which requests "all HAP Contracts for all Section 8 tenants at the Subject Properties who have paid Additional Service Charges for in-unit washers and dryers at any time since July 1, 2019."  Ex. A.

**A. Plaintiffs' Position**

Defendants' obligation to produce responsive HAP Contracts became effective on February 13, 2023.  Three months later, Plaintiffs are still awaiting the complete production of responsive documents.  Defendants made no specific objections to Request for Production No. 159, stating instead that "[a]ll responsive documents in Defendants' possession will be produced."  Ex. B at 5.  Defendants agree that they are obligated to produce all responsive documents, yet production is still ongoing with the close of fact discovery rapidly approaching on June 2.

Defendants served general objections to Request for Production No. 159.  Ex. B at 4-5.  Defendants' failure to timely respond waived all objections.  *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").

Plaintiffs respectfully request that the Court order all Defendants to produce all responsive documents by 5 pm on Monday, May 22, 2023.

**B. Defendants' Position**

Defendants believed that they had produced all 508 HAP Contracts for the relevant tenants. Plaintiffs brought the issues discussed above to Defendants' attention, and Defendants are still in the process of investigating the issue. Defendants are committed to supplementing the production, and do not oppose the Motion as currently drafted.

Dated:  May 12, 2023             Respectfully submitted,

IMPACT FUND

By: */s/ Lindsay Nako*
          Lindsay Nako

*Attorneys for Plaintiffs and Relators and the Certified Class*

Dated: May 12, 2023             Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Ryan Matthews* (authorization obtained on 5/12/23)
          Ryan Matthews

*Attorneys for Defendant*

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Anne Bellows (SBN 293722)
   abellows@gbdhlegal.com
3  Stephanie Tilden (SBN 341486)
   stilden@gbdhlegal.com
4  GOLDSTEIN, BORGEN, DARDARIAN & HO
   155 Grand Avenue, Suite 900
5  Oakland, CA 94612
   (510) 763-9800; (510) 835-1417 (Fax)
6
   Andrew Wolff (SBN 195092)
7  andrew@awolfflaw.com
   LAW OFFICES OF ANDREW WOLFF, PC
8  1615 Broadway, 4th Floor
   Oakland, CA 94612
9  (510) 834-3300; (510) 834-3377 (Fax)

10 Jesse Newmark (SBN 247488)
   jessenewmark@centrolegal.org
11 CENTRO LEGAL DE LA RAZA
   3022 International Blvd., Suite 410
12 Oakland, CA 94601
   (510) 437-1863; (510) 437-9164
13
   Jocelyn D. Larkin (SBN 110817)
14 Lindsay Nako (SBN 239090)
   lnako@impactfund.org
15 jlarkin@impactfund.org
   THE IMPACT FUND
16 2080 Addison Street, Suite 5
   Berkeley, CA 94701
17 (510) 845-3473; (510) 845-3654 (Fax)

18 Attorneys for Plaintiffs and Relators and the Certified Classes

19 **UNITED STATES DISTRICT COURT**
   **EASTERN DISTRICT OF CALIFORNIA**
20 **SACRAMENTO DIVISION**

21 UNITED STATES OF AMERICA, *ex rel.*          Case No.: 2:15-CV-00799-KJM-DB
   DENIKA TERRY, ROY HUSKEY III, and
22 TAMERA LIVINGSTON, and each of them for      CLASS ACTION
   themselves individually, and for all other persons
23 similarly situated and on behalf of the UNITED   **PLAINTIFF DENIKA TERRY'S TWELFTH**
   STATES OF AMERICA                            **SET OF REQUESTS FOR PRODUCTION**
24                                              **TO DEFENDANTS**
           Plaintiffs/Relators,
25
   vs.
26
   WASATCH ADVANTAGE GROUP, LLC,
27 WASATCH PROPERTY MANAGEMENT, INC.,
   WASATCH POOL HOLDINGS, LLC,
28 CHESAPEAKE APARTMENT HOLDINGS, LLC,

1  LOGAN PARK APARTMENTS, LLC, LOGAN
   PARK APARTMENTS, LP, ASPEN PARK
2  HOLDINGS, LLC, BELLWOOD JERRON
   HOLDINGS, LLC, BELLWOOD JERRON
3  APARTMENTS, LP, BENT TREE
   APARTMENTS, LLC, CALIFORNIA PLACE
4  APARTMENTS, LLC, CAMELOT LAKES
   HOLDINGS, LLC, CANYON CLUB HOLDINGS,
5  LLC, COURTYARD AT CENTRAL PARK
   APARTMENTS, LLC, CREEKSIDE HOLDINGS,
6  LTD, HAYWARD SENIOR APARTMENTS, LP,
   HERITAGE PARK APARTMENTS, LP, OAK
7  VALLEY APARTMENTS, LLC, OAK VALLEY
   HOLDINGS, LP, PEPPERTREE APARTMENT
8  HOLDINGS, LP, PIEDMONT APARTMENTS,
   LP, POINT NATOMAS APARTMENTS, LLC,
9  POINT NATOMAS APARTMENTS, LP, RIVER
   OAKS HOLDINGS, LLC, SHADOW WAY
10 APARTMENTS, LP, SPRING VILLA
   APARTMENTS, LP, SUN VALLEY HOLDINGS,
11 LTD, VILLAGE GROVE APARTMENTS, LP,
   WASATCH QUAIL RUN GP, LLC, WASATCH
12 PREMIER PROPERTIES, LLC, WASATCH
   POOL HOLDINGS III, LLC,
13 and DOES 1-4,

14          Defendants.

| | |
|---|---|
| **PROPOUNDING PARTY:** | Plaintiff-Relator Denika Terry |
| **RESPONDING PARTIES:** | Wasatch Advantage Group, LLC, Wasatch Property Management, Inc., Wasatch Pool Holdings, Chesapeake Commons Holdings, LLC, LLC, Logan Park Apartments, LLC, Logan Park Apartments, LP, Aspen Park Holdings, LLC, Bellwood Jerron Apartments, LP, Bellwood Jerron Holdings, LLC, Bent Tree Apartments, LLC, California Place Apartments, LLC, Camelot Lakes Holdings, LLC, Canyon Club Holdings, LLC, Courtyard at Central Park Apartments, LLC, Creekside Holdings, LTD, Hayward Senior Apartments, LP, Oak Valley Apartments, LLC, Point Natomas Apartments, LLC, Point Natomas Apartments, LP, River Oaks Holdings, LLC, Spring Villa Apartments, LP, Sun Valley Holdings, LTD, Wasatch Pool Holdings III, LLC, Wasatch Premier Properties, LLC, and Chesapeake Apartment Holdings, LLC |
| **SET NUMBER:** | TWELVE (12) |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff-Relator Terry requests that Defendants provide responses in writing to the following requests for production of documents at the offices of Goldstein, Borgen, Dardarian & Ho, 155 Grand Avenue, Suite 900, Oakland, CA 94612, within thirty (30) days from the date of service of these Requests for Production of Documents (as provided in Rule 34(b)(2)(A)), and that Defendants produce responsive documents within thirty (30) days of service hereof to Plaintiffs' counsel of record. These document requests are ongoing and require timely supplementation up to and through the completion of trial in this action.

## **DEFINITIONS**

The following definitions will apply to each of the following Requests for Production of Documents:

1.      "ACTION" means *United States ex rel. Terry, et al. v. Wasatch Advantage Group, et al.*, Case No.: 2:15-CV-00799-KJM-DB (E.D. Cal.).

2.     "ADDITIONAL SERVICE CHARGES" as used in this interrogatory means any charges made to a tenant pursuant to DEFENDANTS' contracting document entitled "Additional Service Agreement."

3.     "ALL" means any and all.

4.     "DEFENDANT" or "DEFENDANTS" shall refer to all of the defendants in this ACTION collectively, and their respective officers, agents, servants, employees, independent contractors, attorneys, predecessors, successors and assigns, representatives, and all other persons acting or who have acted on their behalf.

5.     "HAP CONTRACT" shall refer to the Housing Assistance Payments Contract that is executed by the landlord and the applicable publish housing authority for all SECTION 8 tenancies.

6.     "SECTION 8" shall refer to the Housing Choice Voucher program, commonly called the Section 8 program, funded by the United Stated Department of Housing and Urban Development and administered by local public housing authorities.

7.     "SUBJECT PROPERTY" or "SUBJECT PROPERTIES" shall refer to all properties managed by Defendant Wasatch Property Management during all relevant times in this action and that had one or more Section 8 tenants who were charged ADDITIONAL SERVICE CHARGES beyond the rent to owner set forth in the Housing Assistance Payment Contracts.

## **INSTRUCTIONS**

The following instructions apply to each of the Requests for Production of Documents:

1.     These discovery requests are being made pursuant to the Federal Rules of Civil Procedure, including, without limitation, Rules 26 and 34.  Accordingly, Defendants' responses to such Requests for Production of Documents must comply with the requirements set forth in the Rules, which are referred to and incorporated herein by reference.

2.     In responding to these Requests for Production of Documents, Defendants are requested to furnish all information, items and documents known or available to Defendants regardless of whether such information, items and documents are directly in Defendants' possession or that of Defendants' agents, representatives or experts.  These Requests for Production of Documents include production of all responsive information, items and documents in the possession, custody or control of Defendants'

2

agents, representatives or other persons directly or indirectly retained by Defendants, or anyone else acting on Defendants' behalf or otherwise subject to Defendants' control.

3.      If any requested document or item is no longer in Defendants' possession, custody or control, then Defendants must state the following:

        a.      What was done with the document or item;

        b.      When such document or item was created;

        c.      The identity and address of the current custodian;

        d.      The reasons for transfer or disposal; and

        e.      The identity and address of the person who decided to transfer or dispose of the document or item.

4.      If any of the Requests for Production of Documents cannot be complied with fully and completely, produce documents to the extent possible, specifying the reasons for your inability to produce the remainder, and state the substance of your knowledge, information and belief concerning the subject matter of the unproduced portion.  Such a statement shall include the steps taken to locate any responsive documents or the requested information.

5.      If anything has been deleted or redacted from a document produced in response to these Discovery Requests, then state the following in your response:

        a.      Specify the nature of the material deleted or redacted;

        b.      Specify the reason for the deletion or redaction; and

        c.      Identify the person responsible for the deletion or redaction.

6.      If an objection is made on the basis of any claim of privilege to producing any document or item, or any portion thereof, or to disclosing any information contained therein, specify in your response the nature of such information, items or documents, along with the nature of the privilege claimed, so that the Court may rule on the propriety of the objection.  Specifically, state the following:

        a.      The title of the document or item;

        b.      The type of document or item;

        c.      The author or sender;

1          d.      The addressee;

2          e.      The date of the document or item;

3          f.      The name of each person to whom the original or a copy was shown or

4    circulated;

5          g.      The name(s) appearing on any circulation list relating to the document or item;

6          h.      The basis upon which privilege is claimed; and

7          i.      A summary statement of the subject matter of the document or item in sufficient

8    detail to permit the court to rule on the propriety of the objection.

9          Plaintiffs demand that a privilege log, as detailed above, be served on them no later than thirty

10   (30) days from issuance of these Requests for Production of Documents.

11         7.      Wherever appropriate in these Requests for Production of Documents, the singular

12   form of a word shall include the plural, and vice versa.

13         8.      Documents should be produced as TIFF images with searchable OCR, along with a

14   Summation load file containing metadata properties to be agreed upon in advance of production.

15   However, Plaintiffs expressly reserve the right to request specific records in native form when

16   necessary (e.g., Excel spreadsheets for which formulas embedded in cells are relevant).  As needed,

17   Defendants shall confer with Plaintiffs' counsel regarding the form of production of documents and

18   information stored electronically prior to production, based on the manner in which electronically

19   stored information is created and/or maintained by Defendants.

20                          **REQUESTS FOR PRODUCTION**

21   **REQUEST FOR PRODUCTION NO. 159:**

22         Please produce ALL HAP CONTRACTS for ALL SECTION 8 tenants at the SUBJECT

23   PROPERTIES who have paid ADDITIONAL SERVICE CHARGES for in-unit washers and dryers at

24   any time since July 1, 2019.

25

26

27

28

Dated:  January 13, 2023

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

Anne P. Bellows

Attorneys for Plaintiffs and Relators

866721.1

**<u>PROOF OF SERVICE</u>**

Case:        *Terry, et al. v. Wasatch Advantage Group, LLC, et al.*
Case No.      2:15-CV-00799 KJM-DB

STATE OF CALIFORNIA      )
                         ) SS
COUNTY OF ALAMEDA       )

     I have an office in the county aforesaid.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 155 Grand Ave., Suite 900, Oakland, California 94612.

     I declare that on the date hereof I served a copy of

**PLAINTIFF DENIKA TERRY'S TWELFTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS**

  SEE ATTACHED SERVICE LIST

☑   **By U.S. Mail:**  By placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Oakland, California addressed as set forth below.

☑   **By Electronic Service:**  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service address(es) as set forth below

☑   (***Federal***)  I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

     Executed at Oakland, California on January 13, 2023

Damon Valdez
Printed Name                                Signature

PL. DENIKA TERRY'S TWELFTH SET OF REQUESTS FOR PRODUCTION TO DEFS. – CASE NO. 2:15-CV-00799 KJM-DB
866721.1

## SERVICE LIST

VIA ELECTRONIC SERVICE

Joseph A. Salazar Jr.
Joe.Salazar@lewisbrisbois.com
Ryan Matthews
Ryan.Matthews@lewisbrisbois.com
Alicia Crespo
Alicia.Crespo@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Tel: (916) 564-5400 | Fax: (916) 564-5444

Attorneys for Defendants

VIA US MAIL & ELECTRONIC SERVICE

Jahmy Stanford Graham
jahmy.graham@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
19191 South Vermont Avenue
Suite 900
Torrance, CA 90502

Attorneys for Defendant Hayward Senior
Apartments LP

VIA ELECTRONIC SERVICE

Colleen M. Kennedy
Colleen.m.kennedy@usdoj.gov
Department of Justice
United States Attorney's Office
Eastern District of California
2500 Tulare Street
Suite 4401
Fresno, CA 93721
Tel: (559) 497-4080

Attorneys for United States of America

PL. DENIKA TERRY'S TWELFTH SET OF REQUESTS FOR PRODUCTION TO DEFS. – CASE NO. 2:15-CV-00799 KJM-DB
866721.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   JOSEPH A. SALAZAR JR., SB# 169551
2    E-Mail: Joe.Salazar@lewisbrisbois.com
   RYAN MATTHEWS, SB# 311674
3    E-Mail: Ryan.Matthews@lewisbrisbois.com
   2020 West El Camino Avenue, Suite 700
4  Sacramento, California 95833
   Telephone:  916.564.5400
5  Facsimile:   916.564.5444

6  Attorneys for Defendants, Wasatch Advantage
   Group, LLC; Wasatch Property Management,
7  Inc.; Wasatch Pool Holdings, LLC, Chesapeake
   Apartment Holdings, LLC; Logan Park
8  Apartments, LLC; Logan Park Apartments, LP;
   Sun Valley Holdings, LTD.; Creekside Holdings,
9  LTD.; Hayward Senior Apartments, LP; Camelot
   Lake Holdings, LLC; Wasatch Pool Holdings III,
10 LLC; Point Natomas Apartments LP; Bellwood
   Terron Apartments LP; Spring Villa Apartments
11 LP; Wasatch Premier Properties, LLC; Wasatch
   Pool Holdings III, LLC

12

13              **UNITED STATES DISTRICT COURT**

14            **EASTERN DISTRICT OF CALIFORNIA**

15                **SACRAMENTO DIVISION**

16

17 UNITED STATES OF AMERICA, ex rel.          CASE NO. 2:15-cv-00799-KJM-DB
   DENIKA TERRY, ROY HUSKEY III, and
18 TAMERA LIVINGSTON, and each of them        **DEFENDANTS' RESPONSES TO**
   for themselves individually, and for all other   **PLAINTIFF DENIKA TERRY'S**
19 persons similarly situated and on behalf of the  **AMENDED REQUEST FOR**
   UNITED STATES OF AMERICA,                **PRODUCTION OF DOCUMENTS, SET**
20                                           **TWELVE**
                Plaintiffs/Relators,
21                                          The Hon. Kimberly J. Mueller
            vs.
22                                          Trial Date:     None Set
   WASATCH ADVANTAGE GROUP, LLC,
23 WASATCH PROPERTY MANAGEMENT,
   INC., WASATCH POOL HOLDINGS, LLC,
24 CHESAPEAKE APARTMENT HOLDINGS,
   LLC, LOGAN PARK APARTMENTS, LLC,
25 LOGAN PARK APARTMENTS, LP, ASPEN
   PARK HOLDINGS, LLC, BELLWOOD
26 JERRON HOLDINGS, LLC, BELLWOOD
   JERRON APARTMENTS, LP, BENT TREE
27 APARTMENTS, LLC, CALIFORNIA
   PLACE APARTMENTS, LLC, CAMELOT
28 LAKES HOLDINGS, LLC, CANYON CLUB

80259021.1                                   1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

HOLDINGS, LLC, COURTYARD AT
CENTRAL PARK APARTMENTS, LLC,
CREEKSIDE HOLDINGS, LTD,
HAYWARD SENIOR APARTMENTS, LP,
HERITAGE PARK APARTMENTS, LP,
OAK VALLEY APARTMENTS, LLC, OAK
VALLEY HOLDINGS, LP, PEPPERTREE
APARTMENT HOLDINGS, LP, PIEDMONT
APARTMENTS, LP, POINT NATOMAS
APARTMENTS, LLC, POINT NATOMAS
APARTMENTS, LP, RIVER OAKS
HOLDINGS, LLC, SHADOW WAY
APARTMENTS, LP, SPRING VILLA
APARTMENTS, LP, SUN VALLEY
HOLDINGS, LTD, VILLAGE GROVE
APARTMENTS, LP, WASATCH QUAIL
RUN GP, LLC, WASATCH PREMIER
PROPERTIES, LLC, WASATCH POOL
HOLDINGS III, LLC, and DOES 1-4

        Defendants.

PROPOUNDING PARTY:    Plaintiff/Relator, DENIKA TERRY

RESPONDING PARTY:    Defendants, WASATCH ADVANTAGE GROUP, LLC;
WASATCH PROPERTY MANAGEMENT, INC.; WASATCH
POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT
HOLDINGS, LLC; LOGAN PARK APARTMENTS, LLC;
LOGAN PARK APARTMENTS, LP; SUN VALLEY
HOLDINGS, LTD.; CREEKSIDE HOLDINGS, LTD.;
HAYWARD SENIOR APARTMENTS, LP; CAMELOT LAKE
HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC;
POINT NATOMAS APARTMENTS LP; BELLWOOD
TERRON APARTMENTS LP; SPRING VILLA
APARTMENTS LP; WASATCH PREMIER PROPERTIES,
LLC; WASATCH POOL HOLDINGS III, LLC

SET NO.:    TWELVE

    Defendants, WASATCH ADVANTAGE GROUP, LLC; WASATCH PROPERTY

MANAGEMENT, INC.; WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  HOLDINGS, LLC; LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP;

2  SUN VALLEY HOLDINGS, LTD.; CREEKSIDE HOLDINGS, LTD.; HAYWARD SENIOR

3  APARTMENTS, LP; CAMELOT LAKE HOLDINGS, LLC; WASATCH POOL HOLDINGS III,

4  LLC; POINT NATOMAS APARTMENTS LP; BELLWOOD TERRON APARTMENTS LP;

5  SPRING VILLA APARTMENTS LP; WASATCH PREMIER PROPERTIES, LLC; WASATCH

6  POOL HOLDINGS III, LLC (hereinafter referred to as "Responding Party") responds to the

7  Requests for Production of Documents, Set Twelve, of Plaintiff, DENIKA TERRY (hereinafter

8  referred to as the "Propounding Party") as follows:

9  <u>**PRELIMINARY STATEMENT**</u>

10        Responding party has not fully completed its investigation of the facts and circumstances

11  relating to this case and has not fully completed its investigation in this action, nor has it

12  completed its preparations for trial.  Additionally, Responding party's attorneys, consultants and

13  investigators have not completed their evaluation, investigation and analysis.  Further, under the

14  work product doctrine, the attorney-client privilege and pursuant to the provisions of Code of Civil

15  Procedure sections 2018 and 2034, Responding party declines to disclose materials or information

16  protected by the attorney-client privilege, attorney work product doctrine or other legal privilege

17  against disclosure or premature disclosure.  No disclosure herein shall be considered a waiver of

18  these privileges.

19        Responding party's responses herein are based only upon current information and

20  documents known to Responding party and disclose only those contentions which presently occur

21  to such responding party.  It is anticipated that further discovery, independent investigation, legal

22  research, and analysis will supply additional facts, add meaning to known facts, as well as

23  establish entirely new factual conclusions and legal contentions, all of which may lead to

24  substantial additions to, changes in and variations from the contentions herein set forth.  The

25  following responses are given without prejudice to Responding party's right to produce evidence

26  of any subsequently discovered fact or facts which Responding party may later obtain or recall.

27  Responding party accordingly reserves its right to change, supplement, amend or modify any and

28  all responses herein as additional facts are ascertained, analyses are made, legal research is

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S AMENDED REQUEST FOR PRODUCTION
OF DOCUMENTS, SET TWELVE

1  completed, and contentions are made.

2       The responses contained herein are made in good faith effort to supply as much factual

3  information and as much specification of legal contentions as are presently known, but should in

4  no way be to the prejudice of the Responding party in relation to further discovery, research or

5  analysis.

6       Each of the following responses is subject to all objections as to relevance, materiality,

7  propriety and admissibility and any and all objections and grounds that would result in the

8  exclusion of any statement herein if the requests were asked of or any statement or omission

9  contained herein was made by a witness present and testifying in court.  The Responding party

10 reserves the right to assert all objections and grounds against the admissibility of any response, in

11 whole or in part, that may be asserted at the time of trial.

12              **GENERAL STATEMENT AND OBJECTIONS**

13      1.      Responding Party generally objects to all Interrogatories insofar as they cause

14 unwarranted annoyance, embarrassment, oppression, and undue burden and expense.

15      2.      Responding Party generally objects to all Interrogatories insofar as they seek

16 information protected by the attorney-client privilege and/or the attorney work product doctrine.

17      3.      Responding Party objects to each and every direction, instruction, and request to

18 the extent that it purports to impose any requirement or discovery obligation on Responding Party

19 other than as set forth in California Code of Civil Procedure and applicable Rules of Court.

20      4.      In providing such responses, Propounding Party is advised that Responding Party

21 and its attorneys have not completed its discovery or preparation for trial, nor have they concluded

22 their analysis of the information gathered to date.  These responses, therefore, are based upon

23 information presently available.  It is anticipated that future discovery and independent

24 investigation may supply additional facts or information, add meaning to known facts, and

25 establish entirely new factual conclusions, all of which may lead to substantial additions to,

26 changes to, and variations from the contentions and facts set forth herein.  Responding Party

27 expressly reserves the right to supplement and/or amend the responses at such future time as

28 additional information is acquired and provides the following responses without prejudice to its

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | right to produce additional evidence at the time of trial.

2 | **RESPONSES TO REQUEST FOR PRODUCTIONS**

3 | **REQUEST FOR PRODUCTION NO. 159:**

4 | Please produce ALL HAP CONTRACTS for ALL SECTION 8 tenants at the SUBJECT

5 | PROPERTIES who have paid ADDITIONAL SERVICE CHARGES for in-unit washers and

6 | dryers at any time since July 1, 2019.

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

8 | All responsive documents in Defendants' possession will be produced.

10 | DATED: March 29, 2023          LEWIS BRISBOIS BISGAARD & SMITH LLP

12 | By: _____

13 | RYAN MATTHEWS
Attorneys for Defendants, Wasatch Advantage
Group, LLC; Wasatch Property Management, Inc.;
Wasatch Pool Holdings, LLC, Chesapeake
Apartment Holdings, LLC; Logan Park
Apartments, LLC; Logan Park Apartments, LP;
Sun Valley Holdings, LTD.; Creekside Holdings,
LTD.; Hayward Senior Apartments, LP; Camelot
Lake Holdings, LLC; Wasatch Pool Holdings III,
LLC; Point Natomas Apartments LP; Bellwood
Terron Apartments LP; Spring Villa Apartments
LP; Wasatch Premier Properties, LLC; Wasatch
Pool Holdings III, LLC



**VERIFICATION**

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

I have read the foregoing DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S AMENDED REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWELVE and know its contents.

☐   I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒   I am Executive Vice President of Wasatch Property Management, Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

    ☒   I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

    ☐   The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐   I am one of the attorneys for Wasatch Property Management, Inc., a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 29, 2023, at Logan, Utah.


_Jarom Johnson_____                _____
Print Name of Signatory                                        Signature

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S AMENDED REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWELVE

LEWIS BRISBOIS

## FEDERAL COURT PROOF OF SERVICE

USA-Terry v Wasatch Property Management, et al.
Case No. 2:15-cv-00799-KJM-DB

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 29, 2023, I served the following document(s):

- DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S AMENDED REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWELVE

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 29, 2023, at Sacramento, California.

_____
Alicia Crespo



80259021.1

1

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S AMENDED REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWELVE

**SERVICE LIST**
*USA-Terry v Wasatch Property Management, et al.*
**Case No. 2:15-cv-00799-KJM-DB**

| | |
|---|---|
| Andrew Wolff<br>Law Office of Andrew Wolff, PC<br>1956 Webster Street, Suite 275<br>Oakland, CA 94612 | **Attorney for Plaintiffs**<br>**Denika Terry and Roy Huskey, III**<br><br>Tel.:  (510) 834-3300<br>Email:  andrew@awolfflaw.com |
| Jesse Newmark<br>CENTRO LEGAL DE LA RAZA<br>3022 International Blvd., Suite 410<br>Oakland, CA 94601 | **Attorney for Plaintiffs**<br>**Denika Terry and Roy Huskey, III**<br><br>Tel.:  (510) 437-1554 x115<br>Fax:  (510) 437-9164<br>Email:  jessenewmark@centrolegal.org |
| Laura L. Ho<br>Anne Bellows<br>Stephanie Tilden<br>GOLDSTEIN, BORGEN, DARDARIAN &<br>HO<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612 | **Attorneys for Plaintiffs and Relators and the**<br>**Certified Classes**<br><br>Tel:   (510) 763-9800<br>Fax:  (510) 835-1417<br>Email:  lho@gbdhlegal.com<br>Email:  abellows@gbdhlegal.com<br>Email:  stilden@gbdhlegal.com<br>Email:  sgrimes@gbdhlegal.com<br>Email:  dvaldez@gbdhlegal.com |
| Colleen M. Kennedy<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814 | **Attorney for Intervenor Plaintiff**<br>**United States of America**<br><br>Tel.: 916-554-2700<br>Fax: 916-554-2900<br>E: colleen.m.kennedy@usdoj.gov<br>E: caseview.ecf@usdoj.gov<br>E: kimberly.siegfried@usdoj.gov<br>E: monica.lee@usdoj.gov<br>E: usacae.ecfsaccv@usdoj.gov |
| Jocelyn D. Larkin<br>Lindsay Nako<br>The Impact Fund<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704 | **Attorney for Plaintiffs**<br><br>Tel: (510) 845-3473 x.306<br>Fax: (510) 845-3654<br>Email: jlarkin@impactfund.org<br>Email: lnako@impactfund.org |
| Jahmy Graham<br>Nelson Mullins<br>19191 South Vermont Avenue, Suite 900<br>Torrance, CA 90502 | **Attorneys for Defendant, Hayward Village**<br>**Apartments LP**<br><br>T: 424-221-7426<br>F: 424-221-7499<br>E: jahmy.graham@nelsonmullins.com |

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S AMENDED REQUEST FOR PRODUCTION
OF DOCUMENTS, SET TWELVE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT C

**FEDERAL COURT PROOF OF SERVICE**
USA-Terry v Wasatch Property Management, et al.
Case No. 2:15-cv-00799-KJM-DB

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On April 12, 2023, I served the following document(s):

-   DOCUMENT PRODUCTION BATES STAMPED HAP000001 – HAP002891 VIA SHARE FILE LINK

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒   (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on April 12, 2023, at Sacramento, California.

_____
Alicia Crespo

93350757.1

1

**SERVICE LIST**
*USA-Terry v Wasatch Property Management, et al.*
Case No. 2:15-cv-00799-KJM-DB

2

| | |
|---|---|
| Andrew Wolff<br>Law Office of Andrew Wolff, PC<br>1956 Webster Street, Suite 275<br>Oakland, CA 94612 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.:  (510) 834-3300<br>Email:  andrew@awolfflaw.com |
| Jesse Newmark<br>CENTRO LEGAL DE LA RAZA<br>3022 International Blvd., Suite 410<br>Oakland, CA 94601 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.:  (510) 437-1554 x115<br>Fax:  (510) 437-9164<br>Email:  jessenewmark@centrolegal.org |
| Laura L. Ho<br>Anne Bellows<br>Stephanie Tilden<br>GOLDSTEIN, BORGEN, DARDARIAN &<br>HO<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612 | ***Attorneys for Plaintiffs and Relators and the***<br>***Certified Classes***<br><br>Tel:   (510) 763-9800<br>Fax:  (510) 835-1417<br>Email: lho@gbdhlegal.com<br>Email:  abellows@gbdhlegal.com<br>Email:  stilden@gbdhlegal.com<br>Email:  sgrimes@gbdhlegal.com<br>Email:  dvaldez@gbdhlegal.com |
| Colleen M. Kennedy<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814 | ***Attorney for Intervenor Plaintiff***<br>***United States of America***<br><br>Tel.: 916-554-2700<br>Fax: 916-554-2900<br>E: colleen.m.kennedy@usdoj.gov<br>E: caseview.ecf@usdoj.gov<br>E: kimberly.siegfried@usdoj.gov<br>E: monica.lee@usdoj.gov<br>E: usacae.ecfsaccv@usdoj.gov |
| Jocelyn D. Larkin<br>Lindsay Nako<br>The Impact Fund<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704 | ***Attorney for Plaintiffs***<br><br>Tel: (510) 845-3473 x.306<br>Fax: (510) 845-3654<br>Email: jlarkin@impactfund.org<br>Email: lnako@impactfund.org |
| Jahmy Graham<br>Nelson Mullins<br>19191 South Vermont Avenue, Suite 900<br>Torrance, CA 90502 | ***Attorneys for Defendant, Hayward Village***<br>***Apartments LP***<br><br>T: 424-221-7426<br>F: 424-221-7499<br>E: jahmy.graham@nelsonmullins.com |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

**FEDERAL COURT PROOF OF SERVICE**
USA-Terry v Wasatch Property Management, et al.
Case No. 2:15-cv-00799-KJM-DB

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On April 19, 2023, I served the following document(s):

-   DOCUMENT PRODUCTION BATES STAMPED HAP002892 – HAP004258 VIA SHARE FILE LINK

-   DOCUMENT PRODUCTION BATES STAMPED VC000001 - VC000844 VIA SHARE FILE LINK

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒   (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on April 19, 2023, at Sacramento, California.

Alicia Crespo

93655418.1

1

2

**SERVICE LIST**
*USA-Terry v Wasatch Property Management, et al.*
**Case No. 2:15-cv-00799-KJM-DB**

| | |
|---|---|
| Andrew Wolff<br>Law Office of Andrew Wolff, PC<br>1956 Webster Street, Suite 275<br>Oakland, CA 94612 | **Attorney for Plaintiffs**<br>**Denika Terry and Roy Huskey, III**<br><br>Tel.:  (510) 834-3300<br>Email:  andrew@awolfflaw.com |
| Jesse Newmark<br>CENTRO LEGAL DE LA RAZA<br>3022 International Blvd., Suite 410<br>Oakland, CA 94601 | **Attorney for Plaintiffs**<br>**Denika Terry and Roy Huskey, III**<br><br>Tel.:  (510) 437-1554 x115<br>Fax:  (510) 437-9164<br>Email:  jessenewmark@centrolegal.org |
| Laura L. Ho<br>Anne Bellows<br>Stephanie Tilden<br>GOLDSTEIN, BORGEN, DARDARIAN &<br>HO<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612 | **Attorneys for Plaintiffs and Relators and the**<br>**Certified Classes**<br><br>Tel:   (510) 763-9800<br>Fax:  (510) 835-1417<br>Email: lho@gbdhlegal.com<br>Email:  abellows@gbdhlegal.com<br>Email:  stilden@gbdhlegal.com<br>Email:  sgrimes@gbdhlegal.com<br>Email:  dvaldez@gbdhlegal.com |
| Colleen M. Kennedy<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814 | **Attorney for Intervenor Plaintiff**<br>**United States of America**<br><br>Tel.: 916-554-2700<br>Fax: 916-554-2900<br>E: colleen.m.kennedy@usdoj.gov<br>E: caseview.ecf@usdoj.gov<br>E: kimberly.siegfried@usdoj.gov<br>E: monica.lee@usdoj.gov<br>E: usacae.ecfsaccv@usdoj.gov |
| Jocelyn D. Larkin<br>Lindsay Nako<br>The Impact Fund<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704 | **Attorney for Plaintiffs**<br><br>Tel: (510) 845-3473 x.306<br>Fax: (510) 845-3654<br>Email: jlarkin@impactfund.org<br>Email: lnako@impactfund.org |
| Jahmy Graham<br>Nelson Mullins<br>19191 South Vermont Avenue, Suite 900<br>Torrance, CA 90502 | **Attorneys for Defendant, Hayward Village**<br>**Apartments LP**<br><br>T: 424-221-7426<br>F: 424-221-7499<br>E: jahmy.graham@nelsonmullins.com |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E

**Lindsay Nako**

| | |
|---|---|
| **From:** | Lindsay Nako |
| **Sent:** | Wednesday, March 29, 2023 2:29 PM |
| **To:** | Ryan.Matthews@lewisbrisbois.com |
| **Cc:** | Anne Bellows; Salazar, Joe; jahmy.graham@nelsonmullins.com |
| **Subject:** | RE: Terry v. Wasatch - Agenda for 3/29 call |

Ryan,

Thanks for the call today. I have added notes below in blue where they supplement your written updates, which I have made orange. Let me know if you have any changes.

Best,
Lindsay

**Lindsay Nako** (she/her) | **Impact Fund**
P: 510 845 3473 x. 307

---

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Wednesday, March 29, 2023 12:05 PM
**To:** Lindsay Nako <lnako@impactfund.org>; jahmy.graham@nelsonmullins.com
**Cc:** Anne Bellows <abellows@gbdhlegal.com>; Salazar, Joe <Joe.Salazar@lewisbrisbois.com>
**Subject:** RE: Terry v. Wasatch - Agenda for 3/29 call

Lindsay,

A couple of updates. See below, and attached.



**Ryan Matthews**
**Attorney**
Ryan.Matthews@lewisbrisbois.com

**T: 916.646.8213 F: 916.564.5444**

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833 | LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Lindsay Nako <lnako@impactfund.org>
**Sent:** Tuesday, March 28, 2023 5:23 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; jahmy.graham@nelsonmullins.com
**Cc:** Anne Bellows <abellows@gbdhlegal.com>
**Subject:** [EXT] Terry v. Wasatch - Agenda for 3/29 call

Ryan & Jahmy,

Looking forward to our call tomorrow at 1 pm. Updated agenda is below. Let me know if you have anything to add.

1. Stipulation & [Prop] Order Granting Additional Depositions
   a. Las week, Plaintiffs circulated a draft stipulation and order to allow depositions beyond the 10-deposition limit set by Rule 30, as both sides have reached the limit. Ryan said the stipulation appears reasonable to counsel for Defendants and has passed it along for client review.
   b. Plaintiffs are waiting for Defendants' response. If none is received by Friday, March 31, we will request leave of court for the additional depositions.

*I'm waiting for final written approval, but anticipate it today or tomorrow. You'll have it by the 31st for sure*

2. Defendants' responses to Terry RFPDs, Set 13, and Livingston Interrogatories, Set 4 (Defs' costs related to ASA services)
   a. Defendants provided interrogatory responses on March 13.
   b. Defendants responded to Terry RFPDs, Set 13, on March 20 with minimal objections and no documents.
   c. Last week, Ryan said Defendants would provide a substantive response—verified responses and an initial production—on Friday, March 24, and complete production by early this week.
   d. Earlier today, Defendants served updated responses to Terry RFPDs, Set 13. Plaintiffs would like to meet and confer about Defendants' Responses to RFPDs Nos. 175-185.
      *The parties discussed Defendants' updated responses to Terry RFPDs Nos. 175-185. Ryan clarified that Defendants believe there is substantial overlap in the documents showing costs and income/profits/commissions received, namely the vendor contracts. Ryan is looking into who kept commissions, whether 100% went to WPM or if it was split between WPM and property owners. The parties agreed that they would all prefer to avoid production of individual banking statements, but Ryan will look to see whether costs/income are reflected in summary financial reports, such as month-end or year-end reports. He anticipates an update in the next 10 days or so that describes the documents that Defendants have, which will provide the basis for a further meet and confer.*
   e. Defendants have not yet served responsive documents. If Defendants haven't completed production by end of day on Thurs, March 30, Plaintiffs will file a motion to compel on Friday, March 31.
      *Plaintiffs are still planning to file a motion to compel on Friday, March 31 and will circulate a joint statement for filing next week.*
   f. Plaintiffs also like to specifically meet and confer about Defendants' response to Livingston Interrogatory No. 9, as it is relevant to the calculation of Defendants' costs in providing additional services to Section 8 tenants.
      *The parties discussed Defendants' response to Livingston Interrogatory No. 9 (Set 4).  Lindsay clarified that Plaintiffs are trying to understand the corporate relationship between Defendants and Rent Dynamics as there are documents indicating that WPM is or was a majority shareholder in Rent Dynamics, which means WPM may have benefited from any funds paid to Rent Dynamics for services rendered.*

*Verified response has been provided. I've received some of the documents, particularly related to renters' insurance. I am waiting for client approval to produce.*

3. Defendants' responses to Terry RFPDs, Set 12 (HAP Contracts for S8 tenants with washer & dryer charges)
   a. Plaintiffs filed a Notice of Motion and Motion to Compel on March 10 and an Affidavit re Joint Statement Regarding Discovery Dispute on March 17.
   b. The parties received an order from Judge Barnes earlier today. The parties' Joint Statement is now due on May 12 and the hearing is scheduled for May 19.
   c. Last week, Ryan said Defendants would file a statement of non-opposition on Friday, March 25, and were hoping to make a full production before March 31.

    d.  Defendants' statement of non-opposition was not filed, and Plaintiffs have not received any documents. Plaintiffs continue to request the full production before March 31.

*Defendants remain in the process of gathering these. There are over 500 of these tenants. I will separately provide a list of the tenants in question, sorted by property. We expect a rolling production beginning in the next few days.*

    *The parties further discussed a rolling production with a tracking sheet or other tracking mechanism to keep the parties on the same page as to what has been produced when. Ryan was not sure when production would begin, but said that Defendants would send contracts as soon as they are received from the properties.*

4.  Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3 (Defs' changes following the MSJ order)
    a.  Defendants made a supplemental production of documents on Feb. 15.
    b.  Defendants are awaiting verification for their supplemental interrogatory responses and hoped to serve it by Friday, Feb. 17. Plaintiffs have not received the verification.

*I looked back, and this was served on January 17-18. I forwarded the Verification myself after hours on Jan 17, and my assistant provided the Proof of Service the next day. The verification itself is attached here.*

5.  Supplementation of Yardi data
    a.  It is possible that the tenant communications were generated by Yardi, though distributed by hand. Ryan will follow up. We are still waiting to hear.
    b.  Last week, Ryan said Defendants would answer John Bailey's outstanding question regarding whether Sandbox is up to date. Plaintiffs have not seen any communication from Defendants.
    c.  Last week, the parties discussed focusing the ledger data pull on the following payments and charges: rent, HAP charges, and additional service charges, all limited to months containing both an HAPrent charge and an ASA charge. Plaintiffs have discussed this proposal with their data folks and have determined that it is better to remain consistent with the previous ledger data pull.

*I have no issue with this.*

    *Plaintiffs noted that Fitech Gelb has done the initial data pull and it is ready for Defendants' review. Ryan said that he would look for it.*

6.  Supplementation of tenant files (RFPDs 125-130)
    a.  Last week, the parties began discussing supplemental production. Ryan said Defendants would start internal discussions. Lindsay informed Ryan by email that Plaintiffs believe the last production of tenant files was in March 2022.
    b.  Parties should confer to discuss a production schedule.

*Step 1 is to pull the HAP Contracts. As noted above, it's more tenants than expected. Once they're done with that, I'll assign the tenant file production, and my suggestion is to pull any Section 8 tenant in residence with an ASA charge at a WPM-managed property as of February 1, 2022 to be safe.*

    *Plaintiffs clarified that RFPDs 125-130 reference only the named plaintiffs and the individuals identified in Plaintiffs' Supplemental Initial Disclosures, which should make it a more limited project.*

7.  FCA trial preparations
    a.  Last week, Ryan noted that the parties should begin a conversation on the upcoming trial. Plaintiffs also think it could be helpful.

*I need to confer with Joe prior to beginning this conversation, but to the extent your office has thoughts, I'm happy to hear them.*

    *Plaintiffs agreed that cooperation and dialogue regarding structuring trial would be productive. We are open to your thoughts as well. Our preliminary thought on the FCA trial is to put on a single jury proceeding presenting*

*our various theories, including those laid out in our mediation statement. Plaintiffs also suggested that the Parties plan to begin working on fact stipulations in another four to six weeks to clarify the state of the record and narrow what factual disputes need to be resolved by the jury. Defendants agreed to work on that with us.*

Thanks,
Lindsay

**Lindsay Nako** │ **Impact Fund**
2080 Addison Street, Suite 5│Berkeley, CA 94704
P: 510 845 3473 x. 307
Pronouns: she/her
Website | Map | Email



*This message is intended for the named recipients only. It may contain information protected by attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.*

# EXHIBIT F

**Lindsay Nako**

| | |
|---|---|
| **From:** | Anne Bellows <abellows@gbdhlegal.com> |
| **Sent:** | Wednesday, April 5, 2023 9:04 PM |
| **To:** | Matthews, Ryan; jahmy.graham@nelsonmullins.com |
| **Cc:** | Lindsay Nako; Meredith Dixon; Salazar, Joe |
| **Subject:** | RE: Agenda for 4/5 call |

Hi Ryan,

I put your comments in orange and added my notes from the call in blue.  Let me know if you have any additions or edits.

Thanks,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Wednesday, April 5, 2023 12:09 PM
**To:** Anne Bellows <abellows@gbdhlegal.com>; jahmy.graham@nelsonmullins.com
**Cc:** Lindsay Nako <lnako@impactfund.org>; Meredith Dixon <mdixon@impactfund.org>; Salazar, Joe <Joe.Salazar@lewisbrisbois.com>
**Subject:** RE: Agenda for 4/5 call

Anne,

A few updates below each item before 1:00.

-Ryan



**Ryan Matthews**
**Attorney**
Ryan.Matthews@lewisbrisbois.com

**T: 916.646.8213 F: 916.564.5444**

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

1

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Anne Bellows <abellows@gbdhlegal.com>
**Sent:** Tuesday, April 4, 2023 5:10 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; jahmy.graham@nelsonmullins.com
**Cc:** Lindsay Nako <lnako@impactfund.org>; Meredith Dixon <mdixon@impactfund.org>
**Subject:** [EXT] Agenda for 4/5 call


Hi Ryan and Jahmy –


Here is an agenda for our meet and confer call tomorrow.


1. Stipulation & [Prop] Order Granting Additional Depositions
    1. We first circulated this two weeks ago.  On our prior meet and confer calls, defense counsel indicated that they believe it is reasonable and last week you said that we would have the final written approval by Friday March 31.  We did not receive approval, despite following up by email on Friday and by phone yesterday.
    2. The draft stipulation is attached, with edits to reflect our new discovery dates.
    3. Please provide final written approval as soon as possible.  If we do not receive your approval to sign and file the stip, we will file our motion seeking leave for additional depositions on Friday, April 7.

I've got written approval. You are free to execute the stipulation as drafted, and file with my e-signature.

On the call we began discussing scheduling for the Rule 30(b)(6) depositions, which will focus on Defendants' policy changes (or lack thereof) since November 2022 and Defendants' costs and revenues that they allege are relevant to the damages calculation.  Plaintiffs have availability the weeks of April 24, May 8, and May 15.  Defendants agreed to check for availability within those periods, and suggested that the costs deposition would likely need to happen towards the end of that period, *i.e.*, during the week of May 15.  We discussed the necessity of completing document productions sufficiently in advance of the depositions to allow Plaintiffs time to prepare for the deposition.

2. Defendants' responses to Terry RFPDs, Set 13, and Livingston Interrogatories, Set 4 (Defs' costs related to ASA services)
    1. We have not received any production, despite defendants' assurances.
    2. We filed our motion to compel last Friday.  We will send our draft of the joint statement on Thursday.
    3. Last week we discussed Defendants' obligation to produce documents and data showing the commissions received by any Defendant entity related to, e.g., renters' insurance or media packages.  We are looking for an update on what Defendants will produce.
    4. Last week, Plaintiffs requested that Defendants provide an updated responses to Livingston Interrogatory No. 9, as the relationship between WPM and Rent Dynamics is relevant to Defendants' contention that they should be able to deduct payments to Rent Dynamics from Defendants' revenues. We are waiting on Defendants to provide an updated response.

I am still awaiting approval and documents here. Our two WPM principals have been out since last Thursday. I am actively seeking approval and will provide an update ASAP. I can't get a firm date until I speak with them.

Plaintiffs sought updates about the timeline for production on the call.  Ryan said that he was pressing his clients to complete their work, but was unable to commit to a deadline.  Plaintiffs also asked for updates on the data and documents relevant to showing commissions for, e.g., renters' insurance and media packages.  Defendants did not have an update.  Defendants also did not have an update about Livingston Interrogatory No. 9.

The Parties agreed to move forward with the Joint Statement filing this week.  I will send Plaintiffs' portions of the joint statement under separate cover.

3. Defendants' responses to Terry RFPDs, Set 12 (HAP Contracts for S8 tenants with washer and dryer charges)
   1. Defendants previously stated that they were hoping to make a full production before March 31.  Last Wednesday, Defendants gave the update that they will provide a list of tenants paying washer and dryer charges, sorted by property, and that they anticipated starting  "a rolling production beginning in the next few days."
   2. We are waiting on the production.

We've got significant progress here. Our office is working on uploading the first batch of HAP Contracts for production. The completed properties are as follows:

   -600 Lofts
   -Chesapeake Commons
   -Enclave
   -Providence Place
   -Reserve at View 78
   -Promontory Point
   -Remington

We'll get this production over to you as soon as my staff finishes processing. The remainder should be produced in relatively short order.

We are looking forward to receiving these.  Plaintiffs asked about the timeline for the remaining properties, and Defendants said they believed they would complete production next week.

4. Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3 (Defs' changes following the MSJ order)
   1. I received our discovery correspondence, and on February 9, Defendants agreed to provide a supplemental response to Livingston Interrogatory 6 "to identify which properties have provided written communications to Section 8 tenants and the date(s) the communications were distributed at each property."  We have not received that supplement.
   2. Defendants should also provide a date for the other steps listed in the response to that interrogatory (changing the payment priority sequence and issuing a written directive to property managers).

I still need to finalize these shells, but the dates/properties are easy, and are reflected in the prior document production. I hope to have these done by next Wednesday, though again, it depends on the return of key execs to the office.

On the call we discussed that in addition to the dates that letters were sent out to tenants, Defendants should also provide the date for the other policy changes listed in the interrogatory response.

5. Supplementation of Yardi data.
   1. Our understanding is that Defendants have received the updated yardi datasets and need to approve them for production to Plaintiffs.  Please do so ASAP.

I need refreshed access to the review folder, and have reached out to John Bailey for the same. Assuming I get refreshed access, I'll finalize review this afternoon/tomorrow.

Plaintiffs look forward to Defendants completing their review and authorizing the production.

Thanks,

Anne


Anne P. Bellows

(pronouns: she/her)

Goldstein, Borgen, Dardarian & Ho

155 Grand Avenue, Suite 900

Oakland, CA  94612

(510) 287-4344

www.gbdhlegal.com


Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT G

**Lindsay Nako**

| | |
|---|---|
| **From:** | Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com> |
| **Sent:** | Wednesday, April 12, 2023 10:53 AM |
| **To:** | Lindsay Nako; jahmy.graham@nelsonmullins.com |
| **Cc:** | Salazar, Joe; Anne Bellows |
| **Subject:** | RE: Terry v. Wasatch - Agenda for 4/12 Call |

All,

Apologies, but I won't be able to attend at 1:00. I'm open for a call any time tomorrow. In the interim, I've posted updates to each of the items below. Do you have availability at any time tomorrow?

Thank you,

Ryan Matthews



**Ryan Matthews**
**Attorney**
**Ryan.Matthews@lewisbrisbois.com**

**T: 916.646.8213 F: 916.564.5444**

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833 | LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Lindsay Nako <lnako@impactfund.org>
**Sent:** Tuesday, April 11, 2023 5:25 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; jahmy.graham@nelsonmullins.com
**Cc:** Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Anne Bellows <abellows@gbdhlegal.com>
**Subject:** [EXT] Terry v. Wasatch - Agenda for 4/12 Call

Hi Ryan and Jahmy,

Here is a proposed agenda for our meet and confer call tomorrow at 1 pm:

1. Rule 30(b)(6) Depositions
   - The stipulation was filed on April 5 and signed by the Court on April 7.
   - The parties are looking at the week of May 15 for depositions and have discussed the necessity of completing document productions sufficiently in advance of the depositions to allow Plaintiffs time to prepare for the deposition.
   - We should continue discussing scheduling.

I believe that week of May 15 makes sense and am working on confirming with the client.

2. Defendants' responses to Terry RFPDs, Set 13, and Livingston Interrogatories, Set 4 (Defs' costs related to ASA services)

- Plaintiffs' discovery requests were served on February 9. Defendants' responses to Livingston Interrogatories Set 4 were due on March 13. Defendants' responses to Terry RFPDs Set 13 were due on March 20, by party agreement.
- The parties' Joint Statement regarding Terry RFPDs Set 13 was filed on April 7. The hearing has not yet been set.
- Plaintiffs still have not received any document production and continue to request updates on a timeline for production of documents, including data and documents relevant to showing commissions received by Defendants related to the provision of additional services.
- Plaintiffs also request an update on Defendants' further response to Livingston Interrogatory No. 9.

I have been assured that additional documents will be uploaded to our office today, but have not had communication with the client regarding the additional types of documentation we discussed on the calls the last two weeks. I am actively seeking an update.

3. Defendants' responses to Terry RFPDs, Set 12 (HAP Contracts for S8 tenants with washer and dryer charges)
   - Plaintiffs' discovery requests were served on January 13. Defendants' responses were due on February 13.
   - Plaintiffs' affidavit regarding the discovery dispute was filed on March 17. The hearing has been set for May 19.
   - Last week, counsel reported progress on gathering and uploading the first batch of HAP contracts for seven properties. Ryan believed Defendants would complete production this week.
   - Plaintiffs have not received any documents and continue to request a timeline for production of the first and all subsequent batches of documents.

Documents are being produced today. I've reviewed and approved said production. It is nearly complete, but I've noticed a few tenant-specific holes in it. I am actively working with the client to fill in the gaps.

4. Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3 (Defs' changes following the MSJ order)
   - Last week, the parties discussed Defendants' previous agreement on February 9 to provide a supplemental response to Livingston Interrogatory No. 6 "to identify which properties have provided written communications to Section 8 tenants and the date(s) the communications were distributed at each property."
   - Ryan said he was preparing supplemental responses including the dates and properties for written communications, as well as dates for other policy changes listed in the interrogatory responses. He hoped to complete them by April 12, but said it would depend on the availability of Defendants' executive staff.
   - Plaintiffs have not yet received supplemental responses and request an update.

I have completed the Interrogatory response and am waiting on a verification.

5. Supplementation of Yardi data.
   - Defendants have received the updated Yardi datasets and need to approve them for production to Plaintiffs. Last week, Ryan needed refreshed access to the review folder and, assuming he could get that, planned to complete review by April 5 or 6.
   - Plaintiffs have not yet received the production and request an update.

I have fully approved the data in the review folder for transfer to the approved folder.

Thanks,
Lindsay

**Lindsay Nako** | **Impact Fund**
2080 Addison Street, Suite 5 | Berkeley, CA 94704
P: 510 845 3473 x. 307
Pronouns: she/her
Website | Map | Email



*This message is intended for the named recipients only. It may contain information protected by attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.*

# EXHIBIT H

**Lindsay Nako**

| | |
|---|---|
| **From:** | Lindsay Nako |
| **Sent:** | Thursday, April 20, 2023 9:48 AM |
| **To:** | Matthews, Ryan; jahmy.graham@nelsonmullins.com |
| **Cc:** | Anne Bellows |
| **Subject:** | RE: Terry v. Wasatch - Agenda for 4/19 Call |

Ryan,

Thanks for the call yesterday.  My notes from our call are in blue below. Feel free to add or correct.

1. Rule 30(b)(6) Depositions
   - The stipulation was filed on April 5 and signed by the Court on April 7.
   - The parties are looking at the week of May 15 for the deposition on costs/income related to the provision of additional services. Plaintiffs would like to continue looking for earlier dates for the deposition on policy changes.
   - Janae Jarvis is likely to be the 30(b)(6) deponent for the policy changes deposition and Jarom Johnson is likely to be the 30(b)(6) deponent for the additional services costs/income deposition. Ryan is checking with Janae for her availability the week of May 8. Jarom has indicated that he has availability the week of May 15; Ryan will confirm specific dates.

2. Defendants' responses to Terry RFPDs, Set 13, and Livingston Interrogatories, Set 4 (Defs' costs related to ASA services)
   - Plaintiffs' discovery requests were served on February 9. Defendants' responses to Livingston Interrogatories Set 4 were due on March 13. Defendants' responses to Terry RFPDs Set 13 were due on March 20, by party agreement.
   - The parties' Joint Statement regarding Terry RFPDs Set 13 was filed on April 7. The hearing was set for May 19.
   - Plaintiffs still have not received any document production and continue to request updates on a timeline for production of documents, including data and documents relevant to showing commissions received by Defendants related to the provision of additional services.
   - Plaintiffs also request an update on Defendants' further response to Livingston Interrogatory No. 9.
   - Defendants produced all contracts for renters insurance and media services on the morning of April 19. They are now working on the documents that show what actually happened in terms of costs paid and income received. For now, renters insurance and media packages are the only two services that will definitely be put forward as part of Defendants' offset argument. Defendants might also include washers & dryers, but they are still working on reviewing relevant documents.
   - Ryan is working on a supplemental response to Livingston Interrogatory No. 9, which will provide the requested information for any Defendant entity that owns shares of Rent Dynamics.

3. Defendants' responses to Terry RFPDs, Set 12 (HAP Contracts for S8 tenants with washer and dryer charges)
   - Plaintiffs' discovery requests were served on January 13. Defendants' responses were due on February 13.
   - Plaintiffs' affidavit regarding the discovery dispute was filed on March 17. The hearing has been set for May 19.
   - On April 5, counsel reported progress on gathering and uploading the first batch of HAP contracts for seven properties.
   - Plaintiffs received the first batch of documents on April 12. We'd like to know if there will be additional productions and the expected timeline.

- Defendants produced a second batch of documents on the morning of April 19. There are now just a handful of HAP contracts that are missing from tenant files. Defendants have reached out to local housing authorities to obtain copies.

4. Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3 (Defs' changes following the MSJ order)
    - Last week, the parties discussed Defendants' previous agreement on February 9 to provide a supplemental response to Livingston Interrogatory No. 6 "to identify which properties have provided written communications to Section 8 tenants and the date(s) the communications were distributed at each property."
    - Ryan said he was preparing supplemental responses including the dates and properties for written communications, as well as dates for other policy changes listed in the interrogatory responses. He hoped to complete them by April 12, but said it would depend on the availability of Defendants' executive staff.
    - Plaintiffs have not yet received supplemental responses and request an update.
    - Ryan is working on a supplemental response to Livingston Interrogatory No. 6. It is drafted and awaiting client review. On the call, we talked about the dates and properties for written communications, but the updated response should also include the dates for all of the policy changes identified in the interrogatory responses, as described above.

Thanks,
Lindsay

**Lindsay Nako** (she/her) | **Impact Fund**
P: 510 845 3473 x. 307

---

**From:** Lindsay Nako
**Sent:** Tuesday, April 18, 2023 5:15 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; jahmy.graham@nelsonmullins.com
**Cc:** Anne Bellows <abellows@gbdhlegal.com>
**Subject:** Terry v. Wasatch - Agenda for 4/19 Call

Ryan and Jahmy,

Here is a proposed agenda for our meet and confer call tomorrow at 1 pm:

1. Rule 30(b)(6) Depositions
    - The stipulation was filed on April 5 and signed by the Court on April 7.
    - The parties are looking at the week of May 15 for the deposition on costs/income related to the provision of additional services. Plaintiffs would like to continue looking for earlier dates for the deposition on policy changes.

2. Defendants' responses to Terry RFPDs, Set 13, and Livingston Interrogatories, Set 4 (Defs' costs related to ASA services)
    - Plaintiffs' discovery requests were served on February 9. Defendants' responses to Livingston Interrogatories Set 4 were due on March 13. Defendants' responses to Terry RFPDs Set 13 were due on March 20, by party agreement.
    - The parties' Joint Statement regarding Terry RFPDs Set 13 was filed on April 7. The hearing was set for May 19.
    - Plaintiffs still have not received any document production and continue to request updates on a timeline for production of documents, including data and documents relevant to showing commissions received by Defendants related to the provision of additional services.

2

- Plaintiffs also request an update on Defendants' further response to Livingston Interrogatory No. 9.

3. Defendants' responses to Terry RFPDs, Set 12 (HAP Contracts for S8 tenants with washer and dryer charges)
   - Plaintiffs' discovery requests were served on January 13. Defendants' responses were due on February 13.
   - Plaintiffs' affidavit regarding the discovery dispute was filed on March 17. The hearing has been set for May 19.
   - On April 5, counsel reported progress on gathering and uploading the first batch of HAP contracts for seven properties.
   - Plaintiffs received the first batch of documents on April 12. We'd like to know if there will be additional productions and the expected timeline.

4. Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3 (Defs' changes following the MSJ order)
   - Last week, the parties discussed Defendants' previous agreement on February 9 to provide a supplemental response to Livingston Interrogatory No. 6 "to identify which properties have provided written communications to Section 8 tenants and the date(s) the communications were distributed at each property."
   - Ryan said he was preparing supplemental responses including the dates and properties for written communications, as well as dates for other policy changes listed in the interrogatory responses. He hoped to complete them by April 12, but said it would depend on the availability of Defendants' executive staff.
   - Plaintiffs have not yet received supplemental responses and request an update.

Thanks,
Lindsay

**Lindsay Nako** | **Impact Fund**
2080 Addison Street, Suite 5 | Berkeley, CA 94704
P: 510 845 3473 x. 307
Pronouns: she/her
Website | Map | Email



*This message is intended for the named recipients only. It may contain information protected by attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT I

**Lindsay Nako**

| | |
|---|---|
| **From:** | Lindsay Nako |
| **Sent:** | Monday, May 8, 2023 3:16 PM |
| **To:** | Ryan.Matthews@lewisbrisbois.com; Salazar, Joe; Alicia.Crespo@lewisbrisbois.com |
| **Cc:** | Anne Bellows; Laura Ho; Jesse Newmark |
| **Subject:** | Wasatch - Terry RFPDs, Set 12 |
| **Attachments:** | Wasatch - Tenant w Washer Charge and No Contract Prod.xlsx |

Dear Ryan and Joe,

We have reviewed Defendants' two productions responding to Terry RFPDs, Set 12 (RFP No. 159), requesting HAP contracts for Section 8 tenants with in-unit washer and dryers for the period July 1, 2019 to the present.  On our recent meet and confer calls, Ryan indicated that only 4 contracts were missing from tenant files and had been requested from the local housing authorities.  After comparing the data on Section 8 tenants with in-unit washer and dryer charges after 7/1/2019 to the contracts that were produced, we found 328 missing contracts.  The list of missing contracts is attached.  Please review and let us know if you can determine the issue.

Relatedly, our updated Joint Statements on this request (Terry RFPDs, Set 12) and Terry RFPDs, Set 13, and Livingston Interrogatories, Set 4, are due this Friday for our May 19 hearing on the two Motions to Compel and the Order to Show Cause.  I will circulate drafts for your review tomorrow afternoon or Wednesday morning, so that we discuss on our meet and confer call on Wednesday at 1 pm.

Thanks,
Lindsay

**Lindsay Nako** | **Impact Fund**
2080 Addison Street, Suite 5│Berkeley, CA 94704
P: 510 845 3473 x. 307
Pronouns: she/her
Website | Map | Email



*This message is intended for the named recipients only. It may contain information protected by attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.*