Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Anne Bellows (SBN 293722)
abellows@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
(510) 834-3300; (510) 834-3377 (Fax)

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
(510) 437-1863; (510) 437-9164 (Fax)

Jocelyn D. Larkin (SBN 110817)
jlarkin@impactfund.org
Lindsay Nako (SBN 239090)
lnako@impactfund.org
THE IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA  94701
(510) 845-3473; (510) 845-3654 (Fax)

Attorneys for Plaintiffs and Relators and the Certified Classes

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>DISCOVERY MATTER<br><br>**JOINT STATEMENT REGARDING DISCOVERY DISAGREEMENT (PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THIRTEEN)**<br><br>Date:     May 19, 2023<br>Time:    10:00 am<br>Dept:    Courtroom 27, 8th Floor<br>Before: Hon. Magistrate Judge<br>             Deborah Barnes<br><br>Trial Date: None Set |

HOLDINGS, LP, PEPPERTREE APARTMENT
HOLDINGS, LP, PIEDMONT APARTMENTS,
LP, POINT NATOMAS APARTMENTS, LLC,
POINT NATOMAS APARTMENTS, LP,
RIVER OAKS HOLDINGS, LLC, SHADOW
WAY APARTMENTS, LP, SPRING VILLA
APARTMENTS, LP, SUN VALLEY
HOLDINGS, LTD, VILLAGE GROVE
APARTMENTS, LP, WASATCH QUAIL RUN
GP, LLC, WASATCH PREMIER
PROPERTIES, LLC, WASATCH POOL
HOLDINGS III, LLC, and DOES 1-4,

                                    Defendants.

1  Plaintiffs and Class Representatives Denika Terry, Roy Huskey III, and Tamera

2  Livingston ("Plaintiffs") on behalf of themselves and the certified classes, and on behalf of the

3  United States, and Defendants Wasatch Advantage Group, LLC, Wasatch Property Management,

4  LLC, *et al.* ("Defendants"), submit this Joint Statement Regarding Discovery Dispute under Local

5  Rule 251(c).

6

7  <u>**INTRODUCTION**</u>

8  Plaintiffs seek Defendants' complete production of documents showing the costs incurred

9  and income received in providing additional services to Section 8 tenants at relevant properties—

10  costs that Defendants contend should be used to reduce damages owed to the certified class.

11  Plaintiffs sought documents and data reflecting these costs in Plaintiff Denika Terry's Requests

12  for Production of Documents, Set Thirteen, Nos. 160-185, and Defendants agreed to the

13  production without raising any substantive objections.  *See* Ex. A (Defendants' Amended

14  Responses to Plaintiff Denika Terry's Requests for Production of Documents, Set Thirteen, Nos.

15  160-185).  Defendants agree that the documents are relevant, but they have not committed to a

16  deadline to complete production.

17  Defendants' costs incurred and income received in providing additional services to

18  Section 8 tenants will also be the topic of an upcoming Rule 30(b)(6) deposition, which the

19  parties are discussing conducting between May 18 and 23, provided that Defendants complete

20  production by 5 pm on Friday, May 12.

21  The parties filed a Joint Statement Regarding Discovery Dispute on April 7, 2023, ECF

22  No. 300, which was set for hearing on May 19.  To date, Defendants have produced relevant

23  vendor contracts (VC000001-844) but have failed to produce other responsive documents,

24  including data or documents sufficient to show the actual costs incurred by Defendants in

25  providing the services and the profits, revenues, and commissions actually earned by Defendants

26  related to the services.  The current dispute concerns Requests for Production 164, 169, 175, and

27  180.

28  Plaintiffs move to compel the production of the requested documents on the grounds that

2

1  Defendants do not oppose production of responsive documents but have not agreed to a date

2  certain for production.  In addition, Defendants' remaining objections of "overbroad and unduly

3  burdensome" do not meet the requirements of Rule 37.  Accordingly, Plaintiffs seek an order

4  requiring production of all responsive documents by 5 pm Pacific time on Monday, May 22,

5  2023, with the Rule 30(b)(6) deposition following thereafter.

6

7  **MEET AND CONFER EFFORTS**

8  On February 9, 2023, Plaintiffs served Plaintiff Denika Terry's Requests for Production of

9  Documents, Set Thirteen.  Ex. B.  The discovery requests sought contracts between Defendants

10  and third-party vendors reflecting the terms of agreements to provide additional services to

11  tenants at Defendants' properties; documents reflecting the costs of providing additional services

12  to tenants at Defendants' properties; and documents reflecting income, profits, and other revenue

13  earned by Defendants as a result of providing additional services.

14  Defendants' responses were due on March 13, 2023.  On the morning of March 13,

15  counsel for Defendants sent an email requesting a one-week extension, to which counsel for

16  Plaintiffs agreed.  ECF No. 300, Ex. C.  Defendants served their responses on the afternoon of

17  Monday, March 20.  *Id.*, Ex. D.  The responses did not include the production of responsive

18  documents.  *See id.*  Counsel for Plaintiffs responded that same afternoon and requested a meet

19  and confer as soon as possible.  *Id.*, Ex. E.

20  After multiple attempts to meet and confer by phone, counsel for Defendants was unable

21  to confirm a date certain for production of relevant documents.[1]  *See* ECF No. 300, Exs. F, G, H,

22  I.  Plaintiffs filed a Notice of Motion and Motion to Compel Production of Documents on March

23  31 (ECF No. 296), and the parties filed a Joint Statement Regarding Discovery Dispute on April

24  7.  ECF No. 300.

25  After the parties filed the Joint Statement, Defendants produced a set of vendor contracts

26  for renters insurance and media packages provided to Section 8 tenants on April 19.  Ex. C (proof

27

28  [1] Counsel are unable to meet and confer in person because they live and work in different regions of California.

of service).  The parties met and conferred on April 19 and counsel for Defendants indicated that Defendants "are now working on the documents that show what actually happened in terms of costs paid and income received."  Ex. D (email dated April 20, 2023).

Counsel for Defendants was unable to attend the meet and confer call scheduled for April 26.  Ex. E (emails dated April 26-28, 2023).  The parties met and conferred again on May 3, 2023.  Ex. F (email dated May 3, 2023).  Counsel for Defendants wrote that "Defendants are still tracking down more granular documents relating to renters' insurance and media packages." *Id.* (notes added to email dated May 2, 2023).  He also "confirmed that Defendants are planning to argue the offset defense for only renters insurance and media packages, nothing else." *Id.*  After the meet and confer call, counsel for Plaintiffs emailed to propose dates for the related Rule 30(b)(6) deposition, contingent on the production of all relevant discovery by 5 pm on Friday, May 12. *Id.* (email dated May 3, 2023).

Earlier today, the Parties filed a stipulation limiting Defendants' defense to only renters insurance and media packages.  As a result, the current disagreement has narrowed from the Parties' April 7 Joint Statement.

## CASE NATURE AND POSTURE

### I.    Case Background

Plaintiffs are tenants who receive rental assistance through the federally subsidized Housing Choice Voucher Program commonly known as "Section 8."  Defendants are Wasatch Advantage Group, LLC, and its affiliates, a residential rental and property management company with apartments in the western United States.  Plaintiffs allege Defendants improperly charged class members for additional services such as laundry machines, renters' insurance, and parking.  Plaintiffs bring claims under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, as well as certified class claims under California contract, business, and consumer laws.  5th Am. Compl. ¶¶ 212-260, ECF No. 136; *see also* Order Granting Class Certification, ECF No. 92.

On November 23, 2022, the Court granted Plaintiffs' Motion for Summary Judgment, finding Defendants liable for breach of contract and violation of the California Unfair

4

1    Competition Law.  ECF No. 278, p. 14.  The Court denied Defendants' Cross-Motion for

2    Summary Judgement or, in the Alternative, Class Decertification.  *Id.* at 14-15.  The parties

3    attended a settlement conference with Magistrate Judge Carolyn K. Delaney on March 15, 2023,

4    but were unable to reach a settlement.  ECF No. 293.  The case will therefore proceed to a trial to

5    determine liability under the False Claims Act and Consumer Legal Remedies Act, as well as the

6    amount of damages under all claims.

7

8    **II.      Factual Issues Relevant to Discovery Dispute**

9           In its November 23 order, the Court granted summary judgment to Plaintiffs on their class

10   claims for breach of contract.  ECF No. 278 at p. 13.  In so holding, the Court concluded,

11   "Plaintiffs were damaged in the amount of the excess rent they were required to pay, which the

12   court will determine in the second phase of this litigation."  *Id.* at 13-14.

13          The Court also granted summary judgment to Plaintiffs on their class claim for violation

14   of the California Unfair Competition Law.  *Id.* at 14.  In so holding, the Court concluded,

15   "Plaintiffs have suffered injury in the form of lost money or property as a result of defendants'

16   unlawful practice of requiring plaintiffs to pay additional charges beyond their share of rent set

17   out in the HAP contracts."  *Id.*

18          On December 1, 2022, the parties attended a scheduling conference with the Court.  ECF

19   No. 279.  Prior to the conference, counsel for the parties met and conferred by phone.  *See* ECF

20   No. 300, Ex. J (email dated December 1, 2022).  On the call, counsel for Defendants asserted for

21   the first time their position that the cost to Defendants of providing additional services to tenants

22   should be deducted in any damages calculation.  *See id.*  On the call and by email the same day,

23   counsel for Plaintiffs stated that Plaintiffs do not believe that the cost of providing services is

24   relevant to the damages calculation.  *Id.*  Counsel for Plaintiffs requested Defendants' authority

25   for their position.  *Id.*  Counsel for Defendants did not respond.

26          On December 5, 2022, counsel for Plaintiffs followed up on their request for authority for

27   Defendants' position that they are entitled to deduct their costs to provide services from any

28   damages awarded in the case.  ECF No. 300, Ex. J (email dated December 5, 2022).  Counsel for

5

Defendants did not respond.

On February 9, 2023, counsel for Plaintiffs sent Defendants a letter setting forth Plaintiffs' research demonstrating that Defendants' costs do not affect the calculation of damages on any of Plaintiffs' claims.  ECF No. 300, Ex. K.  The letter described two paths forward: (1) discovery into the costs incurred and income earned by Defendants in providing additional services to tenants, or (2) a proposed stipulation by the parties to a damages calculation that does not deduct costs incurred by Defendants.  *Id.*  The discovery requests and draft stipulation were both served with Plaintiffs' letter.  *Id.*  Defendants did not respond.

When Defendants' discovery responses came due, they produced only objections, no responsive documents.  ECF No. 300, Ex D.  Defendants later amended their responses on March 28, 2023, but still did not produce responsive documents.  ECF No. 300, Ex. A.  Defendants then made a partial production of relevant vendor contracts on April 19 (Ex. C) but have not produced any other responsive documents.  Specifically, Defendants have not produced documents or data reflecting the actual costs incurred in providing renters insurance or media packages, or documents or data reflecting income, revenue, and commissions actually earned on those services.

III.     **Discovery Items in Dispute and the Parties' Contentions**

The Parties' discovery dispute concerns four requests for production of documents and Defendants' responses thereto.  Plaintiffs' Requests, Defendants' Responses, and the Parties' contentions with regard to the dispute follow.

**REQUEST FOR PRODUCTION NO. 164:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing renters insurance to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

Defendant responds that all responsive documents will be produced.

### A.  Plaintiffs' Position

A party seeking discovery may move to compel an answer if the served party fails to produce requested documents.  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  Defendants no longer object to production but continue to avoid setting a date for production or producing responsive documents.

Defendants' failure to produce responsive documents is aggravated by the fact that the requested documents are relevant only because Defendants continue to pursue an unsupported argument that damages must be reduced by costs to avoid a windfall to the class of low-income Section 8 tenants.  After multiple unsuccessful attempts to dissuade Defendants from their position that the costs to provide additional services are relevant to the damages calculation on Plaintiffs' claims, Plaintiffs expected—and were entitled to—full and complete responses to related discovery requests.  Instead, Defendants have continued to delay production of the documents that they themselves put at issue.

Defendants must either abandon their argument that class damages should be reduced by their costs offsets or produce responsive documents.  As Defendants have declined to abandon their cost argument, Plaintiffs ask the Court to order production of the relevant documents by 5:00 pm Pacific on Monday, May 22, 2023.

### B.  Defendants' Position

Defendants are in the process of producing responsive documents and intend to do so prior to the upcoming deposition of Defendants' Person Most Knowledgeable as to this topic. The Motion is not opposed as to this Request.

**REQUEST FOR PRODUCTION NO. 169:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing telecommunications services to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

Defendant objects to this request as vague and ambiguous as to "telecommunications services". Subject to and without waiving that objection, Defendant responds: All responsive documents in Defendants' possession will be produced.

**A. Plaintiffs' Position**

Plaintiffs incorporate their position as to Request for Production No. 164 here.

**B. Defendants' Position**

Defendants are in the process of producing responsive documents and intend to do so prior to the upcoming deposition of Defendants' Person Most Knowledgeable as to this topic. The Motion is not opposed as to this Request.

**REQUEST FOR PRODUCTION NO. 175:**

Please produce ALL documents reflecting gross income, profits, revenues, or commissions earned by any DEFENDANT as a result of providing renters' insurance to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

Defendant objects to this Request as overbroad and unduly burdensome. Subject to and without waiving that objection, Defendant responds that it will produce all relevant contracts, documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi tenant data regarding the same.

**A. Plaintiffs' Position**

Plaintiffs incorporate their position as to Request for Production No. 164 here. In addition, courts regularly find that boilerplate or general recitations are insufficient to assert evidentiary objections. *See, e.g.*, *Beard v. Cnty. of Stanislaus*, No. 21-cv-00841-DAD-SAB, 2022 WL 2704856, at *8 (E.D. Cal. July 12, 2022) ("The Court admonishes Defendant that boilerplate objections do not suffice, are not well-received by this Court, and will usually be met with boilerplate overrulings."). Finally, as counsel for Plaintiffs stated in the Parties' March 29 meet and confer, Plaintiffs do not believe Yardi data alone—which shows only tenant payments for

8

services—is sufficient to establish Defendants' revenues.  Plaintiffs seek documents sufficient to determine whether Defendants received income, profits, revenues, or commissions from any source and the amount received.

**B. Defendants' Position**

Defendants are in the process of producing responsive documents and intend to do so prior to the upcoming deposition of Defendants' Person Most Knowledgeable as to this topic. The Motion is not opposed as to this Request.

**REQUEST FOR PRODUCTION NO. 180:**

Please produce ALL documents reflecting gross income, profits, revenues, or commissions earned by any DEFENDANT as a result of providing telecommunications services to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

Defendant objects to this Request as overbroad and unduly burdensome.  Subject to and without waiving that objection, Defendant responds that it will produce all relevant contracts, documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi tenant data regarding the same.

**A. Plaintiffs' Position**

Plaintiffs incorporate their position as to Request for Production No. 175 here.

**B. Defendants' Position**

Defendants are in the process of producing responsive documents and intend to do so prior to the upcoming deposition of Defendants' Person Most Knowledgeable as to this topic. The Motion is not opposed as to this Request.

Dated:  May 12, 2023          Respectfully submitted,

IMPACT FUND

By:  */s/ Lindsay Nako*
          Lindsay Nako

*Attorneys for Plaintiffs and Relators and the Certified Classes*

9

1

2

Dated: May 12, 2023                     Respectfully submitted,

3

LEWIS BRISBOIS BISGAARD & SMITH LLP

4

By:  /s/ Ryan Matthews (as authorized on 5/12/23)
       Ryan Matthews

5

*Attorneys for Defendant*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOSEPH A. SALAZAR JR., SB# 169551
2   E-Mail: Joe.Salazar@lewisbrisbois.com
RYAN MATTHEWS, SB# 311674
3   E-Mail: Ryan.Matthews@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
4  Sacramento, California 95833
Telephone: 916.564.5400
5  Facsimile:  916.564.5444

6  Attorneys for Defendants, Wasatch Advantage
Group, LLC; Wasatch Property Management,
7  Inc.; Wasatch Pool Holdings, LLC, Chesapeake
Apartment Holdings, LLC; Logan Park
8  Apartments, LLC; Logan Park Apartments, LP;
Sun Valley Holdings, LTD.; Creekside Holdings,
9  LTD.; Hayward Senior Apartments, LP; Camelot
Lake Holdings, LLC; Wasatch Pool Holdings III,
10  LLC; Point Natomas Apartments LP; Bellwood
Terron Apartments LP; Spring Villa Apartments
11  LP; Wasatch Premier Properties, LLC; Wasatch
Pool Holdings III, LLC

12

13         **UNITED STATES DISTRICT COURT**

14        **EASTERN DISTRICT OF CALIFORNIA**

15           **SACRAMENTO DIVISION**

16

17  UNITED STATES OF AMERICA, ex rel.          CASE NO. 2:15-cv-00799-KJM-DB
DENIKA TERRY, ROY HUSKEY III, and
18  TAMERA LIVINGSTON, and each of them      **DEFENDANTS' RESPONSES TO**
for themselves individually, and for all other   **PLAINTIFF DENIKA TERRY'S**
19  persons similarly situated and on behalf of the  **REQUEST FOR PRODUCTION OF**
UNITED STATES OF AMERICA,                **DOCUMENTS, SET THIRTEEN**
20
Plaintiffs/Relators,           The Hon. Kimberly J. Mueller
21
vs.                       Trial Date:      None Set
22
WASATCH ADVANTAGE GROUP, LLC,
23  WASATCH PROPERTY MANAGEMENT,
INC., WASATCH POOL HOLDINGS, LLC,
24  CHESAPEAKE APARTMENT HOLDINGS,
LLC, LOGAN PARK APARTMENTS, LLC,
25  LOGAN PARK APARTMENTS, LP, ASPEN
PARK HOLDINGS, LLC, BELLWOOD
26  JERRON HOLDINGS, LLC, BELLWOOD
JERRON APARTMENTS, LP, BENT TREE
27  APARTMENTS, LLC, CALIFORNIA
PLACE APARTMENTS, LLC, CAMELOT
28  LAKES HOLDINGS, LLC, CANYON CLUB

92369661.1                                        1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | HOLDINGS, LLC, COURTYARD AT
CENTRAL PARK APARTMENTS, LLC,
2 | CREEKSIDE HOLDINGS, LTD,
HAYWARD SENIOR APARTMENTS, LP,
3 | HERITAGE PARK APARTMENTS, LP,
OAK VALLEY APARTMENTS, LLC, OAK
4 | VALLEY HOLDINGS, LP, PEPPERTREE
APARTMENT HOLDINGS, LP, PIEDMONT
5 | APARTMENTS, LP, POINT NATOMAS
APARTMENTS, LLC, POINT NATOMAS
6 | APARTMENTS, LP, RIVER OAKS
HOLDINGS, LLC, SHADOW WAY
7 | APARTMENTS, LP, SPRING VILLA
APARTMENTS, LP, SUN VALLEY
8 | HOLDINGS, LTD, VILLAGE GROVE
APARTMENTS, LP, WASATCH QUAIL
9 | RUN GP, LLC, WASATCH PREMIER
PROPERTIES, LLC, WASATCH POOL
10 | HOLDINGS III, LLC, and DOES 1-4

11 |                    Defendants.

12 |

13 | PROPOUNDING PARTY:        Plaintiff/Relator, DENIKA TERRY

14 | RESPONDING PARTY:         Defendants, WASATCH ADVANTAGE GROUP, LLC;

15 |                          WASATCH PROPERTY MANAGEMENT, INC.; WASATCH

16 |                          POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT

17 |                          HOLDINGS, LLC; LOGAN PARK APARTMENTS, LLC;

18 |                          LOGAN PARK APARTMENTS, LP; SUN VALLEY

19 |                          HOLDINGS, LTD.; CREEKSIDE HOLDINGS, LTD.;

20 |                          HAYWARD SENIOR APARTMENTS, LP; CAMELOT LAKE

21 |                          HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC;

22 |                          POINT NATOMAS APARTMENTS LP; BELLWOOD

23 |                          TERRON APARTMENTS LP; SPRING VILLA

24 |                          APARTMENTS LP; WASATCH PREMIER PROPERTIES,

25 |                          LLC; WASATCH POOL HOLDINGS III, LLC

26 | SET NO.:                  THIRTEEN

27 |         Defendants, WASATCH ADVANTAGE GROUP, LLC; WASATCH PROPERTY

28 | MANAGEMENT, INC.; WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

92369661.1                                          2
DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET THIRTEEN

1  HOLDINGS, LLC; LOGAN PARK APARTMENTS, LLC; LOGAN PARK APARTMENTS, LP;

2  SUN VALLEY HOLDINGS, LTD.; CREEKSIDE HOLDINGS, LTD.; HAYWARD SENIOR

3  APARTMENTS, LP; CAMELOT LAKE HOLDINGS, LLC; WASATCH POOL HOLDINGS III,

4  LLC; POINT NATOMAS APARTMENTS LP; BELLWOOD TERRON APARTMENTS LP;

5  SPRING VILLA APARTMENTS LP; WASATCH PREMIER PROPERTIES, LLC; WASATCH

6  POOL HOLDINGS III, LLC (hereinafter referred to as "Responding Party") responds to the

7  Requests for Production of Documents, Set Thirteen, of Plaintiff, DENIKA TERRY (hereinafter

8  referred to as the "Propounding Party") as follows:

9  <u>**PRELIMINARY STATEMENT**</u>

10       Responding party has not fully completed its investigation of the facts and circumstances

11  relating to this case and has not fully completed its investigation in this action, nor has it

12  completed its preparations for trial.  Additionally, Responding party's attorneys, consultants and

13  investigators have not completed their evaluation, investigation and analysis.  Further, under the

14  work product doctrine, the attorney-client privilege and pursuant to the provisions of Code of Civil

15  Procedure sections 2018 and 2034, Responding party declines to disclose materials or information

16  protected by the attorney-client privilege, attorney work product doctrine or other legal privilege

17  against disclosure or premature disclosure.  No disclosure herein shall be considered a waiver of

18  these privileges.

19       Responding party's responses herein are based only upon current information and

20  documents known to Responding party and disclose only those contentions which presently occur

21  to such responding party.  It is anticipated that further discovery, independent investigation, legal

22  research, and analysis will supply additional facts, add meaning to known facts, as well as

23  establish entirely new factual conclusions and legal contentions, all of which may lead to

24  substantial additions to, changes in and variations from the contentions herein set forth.  The

25  following responses are given without prejudice to Responding party's right to produce evidence

26  of any subsequently discovered fact or facts which Responding party may later obtain or recall.

27  Responding party accordingly reserves its right to change, supplement, amend or modify any and

28  all responses herein as additional facts are ascertained, analyses are made, legal research is

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

92369661.1

3

1   completed, and contentions are made.

2       The responses contained herein are made in good faith effort to supply as much factual

3   information and as much specification of legal contentions as are presently known, but should in

4   no way be to the prejudice of the Responding party in relation to further discovery, research or

5   analysis.

6       Each of the following responses is subject to all objections as to relevance, materiality,

7   propriety and admissibility and any and all objections and grounds that would result in the

8   exclusion of any statement herein if the requests were asked of or any statement or omission

9   contained herein was made by a witness present and testifying in court.  The Responding party

10  reserves the right to assert all objections and grounds against the admissibility of any response, in

11  whole or in part, that may be asserted at the time of trial.

12                  **<u>GENERAL STATEMENT AND OBJECTIONS</u>**

13      1.      Responding Party generally objects to all Interrogatories insofar as they cause

14  unwarranted annoyance, embarrassment, oppression, and undue burden and expense.

15      2.      Responding Party generally objects to all Interrogatories insofar as they seek

16  information protected by the attorney-client privilege and/or the attorney work product doctrine.

17      3.      Responding Party objects to each and every direction, instruction, and request to

18  the extent that it purports to impose any requirement or discovery obligation on Responding Party

19  other than as set forth in California Code of Civil Procedure and applicable Rules of Court.

20      4.      In providing such responses, Propounding Party is advised that Responding Party

21  and its attorneys have not completed its discovery or preparation for trial, nor have they concluded

22  their analysis of the information gathered to date.  These responses, therefore, are based upon

23  information presently available.  It is anticipated that future discovery and independent

24  investigation may supply additional facts or information, add meaning to known facts, and

25  establish entirely new factual conclusions, all of which may lead to substantial additions to,

26  changes to, and variations from the contentions and facts set forth herein.  Responding Party

27  expressly reserves the right to supplement and/or amend the responses at such future time as

28  additional information is acquired and provides the following responses without prejudice to its

92369661.1

4

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  right to produce additional evidence at the time of trial.

2  <u>**RESPONSES TO REQUEST FOR PRODUCTIONS**</u>

3  <u>**REQUEST FOR PRODUCTION NO. 160:**</u>

4      Please produce ALL contracts between DEFENDANTS and insurance providers reflecting

5  the terms of ALL agreements to provide renters' insurance policies to DEFENDANTS' tenants at

6  any time between April 1, 2005, and the present.

7  <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**</u>

8      All responsive documents will be produced.

9  <u>**REQUEST FOR PRODUCTION NO. 161:**</u>

10      Please produce ALL contracts between DEFENDANTS and RentDynamics reflecting the

11  terms of ALL agreements to provide the RentPlus program to DEFENDANTS' tenants at any time

12  between April 1, 2005, and the present.

13  <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**</u>

14      All responsive documents will be produced.

15  <u>**REQUEST FOR PRODUCTION NO. 162:**</u>

16      Please produce ALL contracts between DEFENDANTS and telecommunications providers

17  reflecting the terms of ALL agreements to provide telecommunications service to

18  DEFENDANTS' tenants at any time between April 1, 2005, and the present.

19  <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**</u>

20      All responsive documents will be produced.

21  <u>**REQUEST FOR PRODUCTION NO. 163:**</u>

22      Please produce ALL contracts between DEFENDANTS and security service providers

23  reflecting the terms of ALL agreements to provide security alarms or services to DEFENDANTS'

24  tenants at any time between April 1, 2005, and the present.

25  <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**</u>

26      Defendant responds that after diligent search and reasonable inquiry, Defendant does not

27  have any responsive documents in its possession. Defendant notes that it does not intend to

28  produce evidence as to the costs of providing security alarms or services to the class of tenants at


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  trial.

2  **REQUEST FOR PRODUCTION NO. 164:**

3  Please produce ALL documents reflecting the cost to any DEFENDANT of providing

4  renters insurance to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

6  Defendant responds that all responsive documents will be produced.

7  **REQUEST FOR PRODUCTION NO. 165:**

8  Please produce ALL documents reflecting the cost to any DEFENDANT of providing

9  washers and dryers to DEFENDANTS' tenants at any time between April 1, 2005, and the

10  present.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

12  Defendant responds that all responsive documents in its possession will be produced.

13  **REQUEST FOR PRODUCTION NO. 166:**

14  Please produce ALL documents reflecting the cost to any DEFENDANT of providing

15  uncovered parking to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

17  Defendant responds that after diligent search and reasonable inquiry, Defendant does not

18  have any responsive documents in its possession. Defendant notes that it does not intend to

19  produce evidence as to the costs of providing uncovered parking to the class of tenants at trial.

20  **REQUEST FOR PRODUCTION NO. 167:**

21  Please produce ALL documents reflecting the cost to any DEFENDANT of providing

22  covered parking to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

24  Defendant responds that after diligent search and reasonable inquiry, Defendant does not

25  have any responsive documents in its possession. Defendant notes that it does not intend to

26  produce evidence as to the costs of providing covered parking to the class of tenants at trial.

27  **REQUEST FOR PRODUCTION NO. 168:**

28  Please produce ALL documents reflecting the cost to any DEFENDANT of providing


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET THIRTEEN

1  parking garages to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

3  Defendant responds that after diligent search and reasonable inquiry, Defendant does not

4  have any responsive documents in its possession. Defendant notes that it does not intend to

5  produce evidence as to the costs of providing parking garages to the class of tenants at trial.

6  **REQUEST FOR PRODUCTION NO. 169:**

7  Please produce ALL documents reflecting the cost to any DEFENDANT of providing

8  telecommunications services to DEFENDANTS' tenants at any time between April 1, 2005, and

9  the present.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

11 Defendant objects to this request as vague and ambiguous as to "telecommunications

12 services". Subject to and without waiving that objection, Defendant responds: All responsive

13 documents in Defendants' possession will be produced.

14 **REQUEST FOR PRODUCTION NO. 170:**

15 Please produce ALL documents reflecting the cost to any DEFENDANT of providing pet-

16 related services to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

18 Defendant responds that after diligent search and reasonable inquiry, Defendant does not

19 have any responsive documents in its possession. Defendant notes that it does not intend to

20 produce evidence as to the costs of providing pet related services to the class of tenants at trial.

21 **REQUEST FOR PRODUCTION NO. 171:**

22 Please produce ALL documents reflecting the cost to any DEFENDANT of providing

23 month to-month leasing to DEFENDANTS' tenants at any time between April 1, 2005, and the

24 present.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

26 Defendant objects to this Request as not being reasonably calculated to lead to the

27 discovery of admissible evidence. Subject to and without waiving that objection, Defendant

28 responds that it does not intend to produce evidence as to the costs of month to month leasing at


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

92369661.1

1  trial.

2  **REQUEST FOR PRODUCTION NO. 172:**

3      Please produce ALL documents reflecting the cost to any DEFENDANT of providing the

4  RentPlus program to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

6      All responsive documents in Defendants' possession will be produced.

7  **REQUEST FOR PRODUCTION NO. 173:**

8      Please produce ALL documents reflecting the cost to any DEFENDANT of providing

9  storage to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

11      Defendant responds that after diligent search and reasonable inquiry, Defendant does not

12  have any responsive documents in its possession. Defendant notes that it does not intend to

13  produce evidence as to the costs of providing storage to the class of tenants at trial.

14  **REQUEST FOR PRODUCTION NO. 174:**

15      Please produce ALL documents reflecting the cost to any DEFENDANT of providing

16  security alarms or services to DEFENDANTS' tenants at any time between April 1, 2005, and the

17  present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

19      Defendant responds that after diligent search and reasonable inquiry, Defendant does not

20  have any responsive documents in its possession. Defendant notes that it does not intend to

21  produce evidence as to the costs of providing security alarms or services to the class of tenants at

22  trial.

23  **REQUEST FOR PRODUCTION NO. 175:**

24      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

25  earned by any DEFENDANT as a result of providing renters' insurance to DEFENDANTS'

26  tenants at any time between April 1, 2005, and the present.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

28      Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  without waiving that objection, Defendant responds that it will produce all relevant contracts,

2  documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

3  tenant data regarding the same.

4  **REQUEST FOR PRODUCTION NO. 176:**

5      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

6  earned by any DEFENDANT as a result of providing washers and dryers to DEFENDANTS'

7  tenants at any time between April 1, 2005, and the present.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

9      Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

10  without waiving that objection, Defendant responds that it will produce all relevant contracts,

11  documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

12  tenant data regarding the same.

13  **REQUEST FOR PRODUCTION NO. 177:**

14      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

15  earned by any DEFENDANT as a result of providing uncovered parking to DEFENDANTS'

16  tenants at any time between April 1, 2005, and the present.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

18      Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

19  without waiving that objection, Defendant responds that it will produce all relevant contracts,

20  documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

21  tenant data regarding the same.

22  **REQUEST FOR PRODUCTION NO. 178:**

23      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

24  earned by any DEFENDANT as a result of providing covered parking to DEFENDANTS' tenants

25  at any time between April 1, 2005, and the present.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

27      Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

28  without waiving that objection, Defendant responds that it will produce all relevant contracts,


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

2  tenant data regarding the same.

3  **REQUEST FOR PRODUCTION NO. 179:**

4      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

5  earned by any DEFENDANT as a result of providing parking garages to DEFENDANTS' tenants

6  at any time between April 1, 2005, and the present.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

8      Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

9  without waiving that objection, Defendant responds that it will produce all relevant contracts,

10  documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

11  tenant data regarding the same.

12  **REQUEST FOR PRODUCTION NO. 180:**

13      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

14  earned by any DEFENDANT as a result of providing telecommunications services to

15  DEFENDANTS' tenants at any time between April 1, 2005, and the present.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

17      Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

18  without waiving that objection, Defendant responds that it will produce all relevant contracts,

19  documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

20  tenant data regarding the same.

21  **REQUEST FOR PRODUCTION NO. 181:**

22      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

23  earned by any DEFENDANT as a result of providing pet-related services to DEFENDANTS'

24  tenants at any time between April 1, 2005, and the present.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

26      Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

27  without waiving that objection, Defendant responds that it will produce all relevant contracts,

28  documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

92369661.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  tenant data regarding the same.

2  **REQUEST FOR PRODUCTION NO. 182:**

3      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

4  earned by any DEFENDANT as a result of providing month-to-month leasing to DEFENDANTS'

5  tenants at any time between April 1, 2005, and the present.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

7      Defendant objects to this Request as not being reasonably calculated to lead to the

8  discovery of admissible evidence. Subject to and without waiving that objection, Defendant

9  responds that it will produce all relevant contracts, documents reflecting costs, and documents

10  sufficient to establish revenues in the form of Yardi tenant data regarding the same.

11  **REQUEST FOR PRODUCTION NO. 183:**

12      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

13  earned by any DEFENDANT as a result of providing the RentPlus program to DEFENDANTS'

14  tenants at any time between April 1, 2005, and the present.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

16      Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

17  without waiving that objection, Defendant responds that it will produce all relevant contracts,

18  documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

19  tenant data regarding the same.

20  **REQUEST FOR PRODUCTION NO. 184:**

21      Please produce ALL documents reflecting gross income, profits, revenues, or commissions

22  earned by any DEFENDANT as a result of providing storage to DEFENDANTS' tenants at any

23  time between April 1, 2005, and the present.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

25      Defendant objects to this Request as overbroad and unduly burdensome. Subject to and

26  without waiving that objection, Defendant responds that it will produce all relevant contracts,

27  documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi

28  tenant data regarding the same.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 185**:

Please produce ALL documents reflecting gross income, profits, revenues, or commissions earned by any DEFENDANT as a result of providing security alarms or services to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 185**:

Defendant objects to this Request as overbroad and unduly burdensome. Subject to and without waiving that objection, Defendant responds that it will produce all relevant contracts, documents reflecting costs, and documents sufficient to establish revenues in the form of Yardi tenant data regarding the same.

DATED:  March 28, 2023                    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
RYAN MATTHEWS
Attorneys for Defendants, Wasatch Advantage Group, LLC; Wasatch Property Management, Inc.; Wasatch Pool Holdings, LLC, Chesapeake Apartment Holdings, LLC; Logan Park Apartments, LLC; Logan Park Apartments, LP; Sun Valley Holdings, LTD.; Creekside Holdings, LTD.; Hayward Senior Apartments, LP; Camelot Lake Holdings, LLC; Wasatch Pool Holdings III, LLC; Point Natomas Apartments LP; Bellwood Terron Apartments LP; Spring Villa Apartments LP; Wasatch Premier Properties, LLC; Wasatch Pool Holdings III, LLC



**VERIFICATION**

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

I have read the foregoing DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THIRTEEN and know its contents.

☐   I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒   I am Executive Vice President of Wasatch Property Management, Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

☒   I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

☐   The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐   I am one of the attorneys for Wasatch Property Management, Inc., a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 27, 2023, at Logan, Utah.


Jarom Johnson
Print Name of Signatory                              Signature

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THIRTEEN

LEWIS
BRISBOIS

## **FEDERAL COURT PROOF OF SERVICE**

USA-Terry v Wasatch Property Management, et al.
Case No. 2:15-cv-00799-KJM-DB

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

      At the time of service, I was over 18 years of age and not a party to the action.  My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      On March 28, 2023, I served the following document(s):

-   DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THIRTEEN

      I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

### **SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒   (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

      I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

      Executed on March 28, 2023, at Sacramento, California.

_____
Alicia Crespo



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

92369661.1

1

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THIRTEEN

1

**SERVICE LIST**
*USA-Terry v Wasatch Property Management, et al.*
Case No. 2:15-cv-00799-KJM-DB

2

| | |
|---|---|
| Andrew Wolff<br>Law Office of Andrew Wolff, PC<br>1956 Webster Street, Suite 275<br>Oakland, CA 94612 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.:  (510) 834-3300<br>Email:  andrew@awolfflaw.com |
| Jesse Newmark<br>CENTRO LEGAL DE LA RAZA<br>3022 International Blvd., Suite 410<br>Oakland, CA 94601 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.:  (510) 437-1554 x115<br>Fax:  (510) 437-9164<br>Email:  jessenewmark@centrolegal.org |
| Laura L. Ho<br>Anne Bellows<br>Stephanie Tilden<br>GOLDSTEIN, BORGEN, DARDARIAN &<br>HO<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612 | ***Attorneys for Plaintiffs and Relators and the***<br>***Certified Classes***<br><br>Tel:   (510) 763-9800<br>Fax:  (510) 835-1417<br>Email:  lho@gbdhlegal.com<br>Email:  abellows@gbdhlegal.com<br>Email:  stilden@gbdhlegal.com<br>Email:  sgrimes@gbdhlegal.com<br>Email:  dvaldez@gbdhlegal.com |
| Colleen M. Kennedy<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814 | ***Attorney for Intervenor Plaintiff***<br>***United States of America***<br><br>Tel.: 916-554-2700<br>Fax: 916-554-2900<br>E: colleen.m.kennedy@usdoj.gov<br>E: caseview.ecf@usdoj.gov<br>E: kimberly.siegfried@usdoj.gov<br>E: monica.lee@usdoj.gov<br>E: usacae.ecfsaccv@usdoj.gov |
| Jocelyn D. Larkin<br>Lindsay Nako<br>The Impact Fund<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704 | ***Attorney for Plaintiffs***<br><br>Tel: (510) 845-3473 x.306<br>Fax: (510) 845-3654<br>Email: jlarkin@impactfund.org<br>Email: lnako@impactfund.org |
| Jahmy Graham<br>Nelson Mullins<br>19191 South Vermont Avenue, Suite 900<br>Torrance, CA 90502 | ***Attorneys for Defendant, Hayward Village***<br>***Apartments LP***<br><br>T: 424-221-7426<br>F: 424-221-7499<br>E: jahmy.graham@nelsonmullins.com |


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' RESPONSES TO PLAINTIFF DENIKA TERRY'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET THIRTEEN

# EXHIBIT B

1   Laura L. Ho (SBN 173179)
    lho@gbdhlegal.com
2   Anne Bellows (SBN 293722)
    abellows@gbdhlegal.com
3   Stephanie Tilden (SBN 341486)
    stilden@gbdhlegal.com
4   GOLDSTEIN, BORGEN, DARDARIAN & HO
    155 Grand Avenue, Suite 900
5   Oakland, CA 94612
    (510) 763-9800; (510) 835-1417 (Fax)
6
    Andrew Wolff (SBN 195092)
7   andrew@awolfflaw.com
    LAW OFFICES OF ANDREW WOLFF, PC
8   1615 Broadway, 4th Floor
    Oakland, CA 94612
9   (510) 834-3300; (510) 834-3377 (Fax)

10  Jesse Newmark (SBN 247488)
    jessenewmark@centrolegal.org
11  CENTRO LEGAL DE LA RAZA
    3022 International Blvd., Suite 410
12  Oakland, CA 94601
    (510) 437-1863; (510) 437-9164
13
    Jocelyn D. Larkin (SBN 110817)
14  Lindsay Nako (SBN 239090)
    lnako@impactfund.org
15  jlarkin@impactfund.org
    THE IMPACT FUND
16  2080 Addison Street, Suite 5
    Berkeley, CA 94701
17  (510) 845-3473; (510) 845-3654 (Fax)

18  Attorneys for Plaintiffs and Relators and the Certified Classes

19                    **UNITED STATES DISTRICT COURT**
                     **EASTERN DISTRICT OF CALIFORNIA**
20                        **SACRAMENTO DIVISION**

21  UNITED STATES OF AMERICA, *ex rel.*          Case No.: 2:15-CV-00799-KJM-DB
    DENIKA TERRY, ROY HUSKEY III, and
22  TAMERA LIVINGSTON, and each of them for      CLASS ACTION
    themselves individually, and for all other persons
23  similarly situated and on behalf of the UNITED   **PLAINTIFF DENIKA TERRY'S**
    STATES OF AMERICA                            **THIRTEENTH SET OF REQUESTS FOR**
24                                               **PRODUCTION TO DEFENDANTS**
              Plaintiffs/Relators,
25
    vs.
26
    WASATCH ADVANTAGE GROUP, LLC,
27  WASATCH PROPERTY MANAGEMENT, INC.,
    WASATCH POOL HOLDINGS, LLC,
28  CHESAPEAKE APARTMENT HOLDINGS, LLC,

1  LOGAN PARK APARTMENTS, LLC, LOGAN
   PARK APARTMENTS, LP, ASPEN PARK
2  HOLDINGS, LLC, BELLWOOD JERRON
   HOLDINGS, LLC, BELLWOOD JERRON
3  APARTMENTS, LP, BENT TREE
   APARTMENTS, LLC, CALIFORNIA PLACE
4  APARTMENTS, LLC, CAMELOT LAKES
   HOLDINGS, LLC, CANYON CLUB HOLDINGS,
5  LLC, COURTYARD AT CENTRAL PARK
   APARTMENTS, LLC, CREEKSIDE HOLDINGS,
6  LTD, HAYWARD SENIOR APARTMENTS, LP,
   HERITAGE PARK APARTMENTS, LP, OAK
7  VALLEY APARTMENTS, LLC, OAK VALLEY
   HOLDINGS, LP, PEPPERTREE APARTMENT
8  HOLDINGS, LP, PIEDMONT APARTMENTS,
   LP, POINT NATOMAS APARTMENTS, LLC,
9  POINT NATOMAS APARTMENTS, LP, RIVER
   OAKS HOLDINGS, LLC, SHADOW WAY
10 APARTMENTS, LP, SPRING VILLA
   APARTMENTS, LP, SUN VALLEY HOLDINGS,
11 LTD, VILLAGE GROVE APARTMENTS, LP,
   WASATCH QUAIL RUN GP, LLC, WASATCH
12 PREMIER PROPERTIES, LLC, WASATCH
   POOL HOLDINGS III, LLC,
13 and DOES 1-4,

14         Defendants.

868778.1

**PROPOUNDING PARTY:**   Plaintiff-Relator Denika Terry

**RESPONDING PARTIES:**   Wasatch Advantage Group, LLC, Wasatch Property Management, Inc., Wasatch Pool Holdings, LLC, Chesapeake Apartment Holdings, LLC, Logan Park Apartments, LLC, Logan Park Apartments, LP, Aspen Park Holdings, LLC, Bellwood Jerron Apartments, LP, Bellwood Jerron Holdings, LLC, Bent Tree Apartments, LLC, California Place Apartments, LLC, Camelot Lakes Holdings, LLC, Canyon Club Holdings, LLC, Courtyard at Central Park Apartments, LLC, Creekside Holdings, LTD, Hayward Senior Apartments, LP, Oak Valley Apartments, LLC, Oak Valley Holdings, LP, Peppertree Apartment Holdings, LP, Piedmont Apartments, LP, Point Natomas Apartments, LLC, Point Natomas Apartments, LP, River Oaks Holdings, LLC, Shadow Way Apartments, LP, Spring Villa Apartments, LP, Sun Valley Holdings, LTD, Village Grove Apartments, LP, Wasatch Quail Run GP, LLC, Wasatch Pool Holdings III, LLC,  and Wasatch Premier Properties, LLC

**SET NUMBER:**   THIRTEEN (13)

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff-Relator Terry requests that Defendants provide responses in writing to the following requests for production of documents at the offices of Goldstein, Borgen, Dardarian & Ho, 155 Grand Avenue, Suite 900, Oakland, CA 94612, no later than March 14, 2023, and that Defendants produce responsive documents no later than March 14, 2023 to Plaintiffs' counsel of record. These document requests are ongoing and require timely supplementation up to and through the completion of trial in this action.

## **DEFINITIONS**

The following definitions will apply to each of the following Requests for Production of Documents:

1.    "ACTION" means *United States ex rel. Terry, et al. v. Wasatch Advantage Group, et al.*, Case No.: 2:15-CV-00799-KJM-DB (E.D. Cal.).

1

Pl. Terry's 13th Set of Reqs. For Produc. to Defs.– Case No. 2:15-CV-00799 KJM-DB

2. "ADDITIONAL SERVICE CHARGES" as used in this interrogatory means any charges made to a tenant pursuant to DEFENDANTS' contracting document entitled "Additional Service Agreement."

3. "ALL" means any and all.

4. "DEFENDANT" or "DEFENDANTS" shall refer to all of the defendants in this ACTION collectively, and their respective officers, agents, servants, employees, independent contractors, attorneys, predecessors, successors and assigns, representatives, and all other persons acting or who have acted on their behalf.

5. "HAP CONTRACT" shall refer to the Housing Assistance Payments Contract that is executed by the landlord and the applicable publish housing authority for all SECTION 8 tenancies.

6. "SECTION 8" shall refer to the Housing Choice Voucher program, commonly called the Section 8 program, funded by the United Stated Department of Housing and Urban Development and administered by local public housing authorities.

7. "SUBJECT PROPERTY" or "SUBJECT PROPERTIES" shall refer to all properties managed by Defendant Wasatch Property Management during all relevant times in this action and that had one or more Section 8 tenants who were charged ADDITIONAL SERVICE CHARGES beyond the rent to owner set forth in the Housing Assistance Payment Contracts.

## **INSTRUCTIONS**

The following instructions apply to each of the Requests for Production of Documents:

1. These discovery requests are being made pursuant to the Federal Rules of Civil Procedure, including, without limitation, Rules 26 and 34. Accordingly, Defendants' responses to such Requests for Production of Documents must comply with the requirements set forth in the Rules, which are referred to and incorporated herein by reference.

2. In responding to these Requests for Production of Documents, Defendants are requested to furnish all information, items and documents known or available to Defendants regardless of whether such information, items and documents are directly in Defendants' possession or that of Defendants' agents, representatives or experts. These Requests for Production of Documents include production of all responsive information, items and documents in the possession, custody or control of Defendants'

868778.1

1    agents, representatives or other persons directly or indirectly retained by Defendants, or anyone else

2    acting on Defendants' behalf or otherwise subject to Defendants' control.

3         3.     If any requested document or item is no longer in Defendants' possession, custody or

4    control, then Defendants must state the following:

5              a.     What was done with the document or item;

6              b.     When such document or item was created;

7              c.     The identity and address of the current custodian;

8              d.     The reasons for transfer or disposal; and

9              e.     The identity and address of the person who decided to transfer or dispose of the

10   document or item.

11        4.     If any of the Requests for Production of Documents cannot be complied with fully and

12   completely, produce documents to the extent possible, specifying the reasons for your inability to

13   produce the remainder, and state the substance of your knowledge, information and belief concerning

14   the subject matter of the unproduced portion.  Such a statement shall include the steps taken to locate

15   any responsive documents or the requested information.

16        5.     If anything has been deleted or redacted from a document produced in response to

17   these Discovery Requests, then state the following in your response:

18             a.     Specify the nature of the material deleted or redacted;

19             b.     Specify the reason for the deletion or redaction; and

20             c.     Identify the person responsible for the deletion or redaction.

21        6.     If an objection is made on the basis of any claim of privilege to producing any

22   document or item, or any portion thereof, or to disclosing any information contained therein, specify

23   in your response the nature of such information, items or documents, along with the nature of the

24   privilege claimed, so that the Court may rule on the propriety of the objection.  Specifically, state the

25   following:

26             a.     The title of the document or item;

27             b.     The type of document or item;

28             c.     The author or sender;

3

868778.1

d.      The addressee;

e.      The date of the document or item;

f.      The name of each person to whom the original or a copy was shown or circulated;

g.      The name(s) appearing on any circulation list relating to the document or item;

h.      The basis upon which privilege is claimed; and

i.      A summary statement of the subject matter of the document or item in sufficient detail to permit the court to rule on the propriety of the objection.

Plaintiffs demand that a privilege log, as detailed above, be served on them no later than thirty (30) days from issuance of these Requests for Production of Documents.

7.      Wherever appropriate in these Requests for Production of Documents, the singular form of a word shall include the plural, and vice versa.

8.      Documents should be produced as TIFF images with searchable OCR, along with a Summation load file containing metadata properties to be agreed upon in advance of production. However, Plaintiffs expressly reserve the right to request specific records in native form when necessary (e.g., Excel spreadsheets for which formulas embedded in cells are relevant).  As needed, Defendants shall confer with Plaintiffs' counsel regarding the form of production of documents and information stored electronically prior to production, based on the manner in which electronically stored information is created and/or maintained by Defendants.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 160:**

Please produce ALL contracts between DEFENDANTS and insurance providers reflecting the terms of ALL agreements to provide renters' insurance policies to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 161:**

Please produce ALL contracts between DEFENDANTS and RentDynamics reflecting the terms of ALL agreements to provide the RentPlus program to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

4

**REQUEST FOR PRODUCTION NO. 162:**

Please produce ALL contracts between DEFENDANTS and telecommunications providers reflecting the terms of ALL agreements to provide telecommunications service to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 163:**

Please produce ALL contracts between DEFENDANTS and security service providers reflecting the terms of ALL agreements to provide security alarms or services to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 164:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing renters insurance to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 165:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing washers and dryers to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 166:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing uncovered parking to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 167:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing covered parking to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 168:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing parking garages to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 169:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing telecommunications services to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 170:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing pet-related services to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 171:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing month-to-month leasing to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 172:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing the RentPlus program to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 173:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing storage to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 174:**

Please produce ALL documents reflecting the cost to any DEFENDANT of providing security alarms or services to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 175:**

Please produce ALL documents reflecting gross income, profits, revenues, or commissions earned by any DEFENDANT as a result of providing renters' insurance to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 176:**

Please produce ALL documents reflecting gross income, profits, revenues, or commissions earned by any DEFENDANT as a result of providing washers and dryers to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 177:**

Please produce ALL documents reflecting gross income, profits, revenues, or commissions earned by any DEFENDANT as a result of providing uncovered parking to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

1  **REQUEST FOR PRODUCTION NO. 178:**

2       Please produce ALL documents reflecting gross income, profits, revenues, or commissions

3  earned by any DEFENDANT as a result of providing covered parking to DEFENDANTS' tenants at

4  any time between April 1, 2005, and the present.

5  **REQUEST FOR PRODUCTION NO. 179:**

6       Please produce ALL documents reflecting gross income, profits, revenues, or commissions

7  earned by any DEFENDANT as a result of providing parking garages to DEFENDANTS' tenants at

8  any time between April 1, 2005, and the present.

9  **REQUEST FOR PRODUCTION NO. 180:**

10       Please produce ALL documents reflecting gross income, profits, revenues, or commissions

11  earned by any DEFENDANT as a result of providing telecommunications services to DEFENDANTS'

12  tenants at any time between April 1, 2005, and the present.

13  **REQUEST FOR PRODUCTION NO. 181:**

14       Please produce ALL documents reflecting gross income, profits, revenues, or commissions

15  earned by any DEFENDANT as a result of providing pet-related services to DEFENDANTS' tenants

16  at any time between April 1, 2005, and the present.

17  **REQUEST FOR PRODUCTION NO. 182:**

18       Please produce ALL documents reflecting gross income, profits, revenues, or commissions

19  earned by any DEFENDANT as a result of providing month-to-month leasing to DEFENDANTS'

20  tenants at any time between April 1, 2005, and the present.

21  **REQUEST FOR PRODUCTION NO. 183:**

22       Please produce ALL documents reflecting gross income, profits, revenues, or commissions

23  earned by any DEFENDANT as a result of providing the RentPlus program to DEFENDANTS'

24  tenants at any time between April 1, 2005, and the present.

25  **REQUEST FOR PRODUCTION NO. 184:**

26       Please produce ALL documents reflecting gross income, profits, revenues, or commissions

27  earned by any DEFENDANT as a result of providing storage to DEFENDANTS' tenants at any time

28  between April 1, 2005, and the present.

**REQUEST FOR PRODUCTION NO. 185:**

Please produce ALL documents reflecting gross income, profits, revenues, or commissions earned by any DEFENDANT as a result of providing security alarms or services to DEFENDANTS' tenants at any time between April 1, 2005, and the present.

Dated:  February 9, 2023

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

Anne P. Bellows

Attorneys for Plaintiffs and Relators

868778.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

1

**FEDERAL COURT PROOF OF SERVICE**
USA-Terry v Wasatch Property Management, et al.

2

Case No. 2:15-cv-00799-KJM-DB

3

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

4

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833.  I am

5

employed in the office of a member of the bar of this Court at whose direction the service was made.

6

On April 19, 2023, I served the following document(s):

7

-   DOCUMENT PRODUCTION BATES STAMPED HAP002892 – HAP004258 VIA

8

SHARE FILE LINK

9

-   DOCUMENT PRODUCTION BATES STAMPED VC000001 - VC000844 VIA SHARE FILE LINK

10

I served the documents on the following persons at the following addresses (including fax

11

numbers and e-mail addresses, if applicable):

12

**SEE ATTACHED SERVICE LIST**

13

The documents were served by the following means:

14

☒    (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the

15

documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication

16

that the transmission was unsuccessful.

17

I declare under penalty of perjury under the laws of the United States of America and the

18

State of California that the foregoing is true and correct.

19

Executed on April 19, 2023, at Sacramento, California.

20

21

_____
Alicia Crespo

22

23

24

25

26

27

28

93655418.1

1
2

**SERVICE LIST**
*USA-Terry v Wasatch Property Management, et al.*
**Case No. 2:15-cv-00799-KJM-DB**

| | |
|---|---|
| Andrew Wolff<br>Law Office of Andrew Wolff, PC<br>1956 Webster Street, Suite 275<br>Oakland, CA 94612 | **Attorney for Plaintiffs**<br>**Denika Terry and Roy Huskey, III**<br><br>Tel.:  (510) 834-3300<br>Email:  andrew@awolfflaw.com |
| Jesse Newmark<br>CENTRO LEGAL DE LA RAZA<br>3022 International Blvd., Suite 410<br>Oakland, CA 94601 | **Attorney for Plaintiffs**<br>**Denika Terry and Roy Huskey, III**<br><br>Tel.:  (510) 437-1554 x115<br>Fax:  (510) 437-9164<br>Email:  jessenewmark@centrolegal.org |
| Laura L. Ho<br>Anne Bellows<br>Stephanie Tilden<br>GOLDSTEIN, BORGEN, DARDARIAN &<br>HO<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612 | **Attorneys for Plaintiffs and Relators and the**<br>**Certified Classes**<br><br>Tel:   (510) 763-9800<br>Fax:  (510) 835-1417<br>Email: lho@gbdhlegal.com<br>Email:  abellows@gbdhlegal.com<br>Email:  stilden@gbdhlegal.com<br>Email:  sgrimes@gbdhlegal.com<br>Email:  dvaldez@gbdhlegal.com |
| Colleen M. Kennedy<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814 | **Attorney for Intervenor Plaintiff**<br>**United States of America**<br><br>Tel.: 916-554-2700<br>Fax: 916-554-2900<br>E: colleen.m.kennedy@usdoj.gov<br>E: caseview.ecf@usdoj.gov<br>E: kimberly.siegfried@usdoj.gov<br>E: monica.lee@usdoj.gov<br>E: usacae.ecfsaccv@usdoj.gov |
| Jocelyn D. Larkin<br>Lindsay Nako<br>The Impact Fund<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704 | **Attorney for Plaintiffs**<br><br>Tel: (510) 845-3473 x.306<br>Fax: (510) 845-3654<br>Email: jlarkin@impactfund.org<br>Email: lnako@impactfund.org |
| Jahmy Graham<br>Nelson Mullins<br>19191 South Vermont Avenue, Suite 900<br>Torrance, CA 90502 | **Attorneys for Defendant, Hayward Village**<br>**Apartments LP**<br><br>T: 424-221-7426<br>F: 424-221-7499<br>E: jahmy.graham@nelsonmullins.com |

1
2
3
4
5
6
7
8
9
10
11

# EXHIBIT D

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Lindsay Nako**

| | |
|---|---|
| **From:** | Lindsay Nako |
| **Sent:** | Thursday, April 20, 2023 9:48 AM |
| **To:** | Matthews, Ryan; jahmy.graham@nelsonmullins.com |
| **Cc:** | Anne Bellows |
| **Subject:** | RE: Terry v. Wasatch - Agenda for 4/19 Call |

Ryan,

Thanks for the call yesterday.  My notes from our call are in blue below. Feel free to add or correct.

1. Rule 30(b)(6) Depositions
   - The stipulation was filed on April 5 and signed by the Court on April 7.
   - The parties are looking at the week of May 15 for the deposition on costs/income related to the provision of additional services. Plaintiffs would like to continue looking for earlier dates for the deposition on policy changes.
   - Janae Jarvis is likely to be the 30(b)(6) deponent for the policy changes deposition and Jarom Johnson is likely to be the 30(b)(6) deponent for the additional services costs/income deposition. Ryan is checking with Janae for her availability the week of May 8. Jarom has indicated that he has availability the week of May 15; Ryan will confirm specific dates.

2. Defendants' responses to Terry RFPDs, Set 13, and Livingston Interrogatories, Set 4 (Defs' costs related to ASA services)
   - Plaintiffs' discovery requests were served on February 9. Defendants' responses to Livingston Interrogatories Set 4 were due on March 13. Defendants' responses to Terry RFPDs Set 13 were due on March 20, by party agreement.
   - The parties' Joint Statement regarding Terry RFPDs Set 13 was filed on April 7. The hearing was set for May 19.
   - Plaintiffs still have not received any document production and continue to request updates on a timeline for production of documents, including data and documents relevant to showing commissions received by Defendants related to the provision of additional services.
   - Plaintiffs also request an update on Defendants' further response to Livingston Interrogatory No. 9.
   - Defendants produced all contracts for renters insurance and media services on the morning of April 19. They are now working on the documents that show what actually happened in terms of costs paid and income received. For now, renters insurance and media packages are the only two services that will definitely be put forward as part of Defendants' offset argument. Defendants might also include washers & dryers, but they are still working on reviewing relevant documents.
   - Ryan is working on a supplemental response to Livingston Interrogatory No. 9, which will provide the requested information for any Defendant entity that owns shares of Rent Dynamics.

3. Defendants' responses to Terry RFPDs, Set 12 (HAP Contracts for S8 tenants with washer and dryer charges)
   - Plaintiffs' discovery requests were served on January 13. Defendants' responses were due on February 13.
   - Plaintiffs' affidavit regarding the discovery dispute was filed on March 17. The hearing has been set for May 19.
   - On April 5, counsel reported progress on gathering and uploading the first batch of HAP contracts for seven properties.
   - Plaintiffs received the first batch of documents on April 12. We'd like to know if there will be additional productions and the expected timeline.

- Defendants produced a second batch of documents on the morning of April 19. There are now just a handful of HAP contracts that are missing from tenant files. Defendants have reached out to local housing authorities to obtain copies.

4. Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3 (Defs' changes following the MSJ order)
   - Last week, the parties discussed Defendants' previous agreement on February 9 to provide a supplemental response to Livingston Interrogatory No. 6 "to identify which properties have provided written communications to Section 8 tenants and the date(s) the communications were distributed at each property."
   - Ryan said he was preparing supplemental responses including the dates and properties for written communications, as well as dates for other policy changes listed in the interrogatory responses. He hoped to complete them by April 12, but said it would depend on the availability of Defendants' executive staff.
   - Plaintiffs have not yet received supplemental responses and request an update.
   - Ryan is working on a supplemental response to Livingston Interrogatory No. 6. It is drafted and awaiting client review. On the call, we talked about the dates and properties for written communications, but the updated response should also include the dates for all of the policy changes identified in the interrogatory responses, as described above.

Thanks,
Lindsay

**Lindsay Nako** (she/her) | **Impact Fund**
P: 510 845 3473 x. 307

---

**From:** Lindsay Nako
**Sent:** Tuesday, April 18, 2023 5:15 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; jahmy.graham@nelsonmullins.com
**Cc:** Anne Bellows <abellows@gbdhlegal.com>
**Subject:** Terry v. Wasatch - Agenda for 4/19 Call

Ryan and Jahmy,

Here is a proposed agenda for our meet and confer call tomorrow at 1 pm:

1. Rule 30(b)(6) Depositions
   - The stipulation was filed on April 5 and signed by the Court on April 7.
   - The parties are looking at the week of May 15 for the deposition on costs/income related to the provision of additional services. Plaintiffs would like to continue looking for earlier dates for the deposition on policy changes.

2. Defendants' responses to Terry RFPDs, Set 13, and Livingston Interrogatories, Set 4 (Defs' costs related to ASA services)
   - Plaintiffs' discovery requests were served on February 9. Defendants' responses to Livingston Interrogatories Set 4 were due on March 13. Defendants' responses to Terry RFPDs Set 13 were due on March 20, by party agreement.
   - The parties' Joint Statement regarding Terry RFPDs Set 13 was filed on April 7. The hearing was set for May 19.
   - Plaintiffs still have not received any document production and continue to request updates on a timeline for production of documents, including data and documents relevant to showing commissions received by Defendants related to the provision of additional services.

2

- Plaintiffs also request an update on Defendants' further response to Livingston Interrogatory No. 9.

3. Defendants' responses to Terry RFPDs, Set 12 (HAP Contracts for S8 tenants with washer and dryer charges)
   - Plaintiffs' discovery requests were served on January 13. Defendants' responses were due on February 13.
   - Plaintiffs' affidavit regarding the discovery dispute was filed on March 17. The hearing has been set for May 19.
   - On April 5, counsel reported progress on gathering and uploading the first batch of HAP contracts for seven properties.
   - Plaintiffs received the first batch of documents on April 12. We'd like to know if there will be additional productions and the expected timeline.

4. Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3 (Defs' changes following the MSJ order)
   - Last week, the parties discussed Defendants' previous agreement on February 9 to provide a supplemental response to Livingston Interrogatory No. 6 "to identify which properties have provided written communications to Section 8 tenants and the date(s) the communications were distributed at each property."
   - Ryan said he was preparing supplemental responses including the dates and properties for written communications, as well as dates for other policy changes listed in the interrogatory responses. He hoped to complete them by April 12, but said it would depend on the availability of Defendants' executive staff.
   - Plaintiffs have not yet received supplemental responses and request an update.

Thanks,
Lindsay

**Lindsay Nako** | **Impact Fund**
2080 Addison Street, Suite 5│Berkeley, CA 94704
P: 510 845 3473 x. 307
Pronouns: she/her
Website | Map | Email



*This message is intended for the named recipients only. It may contain information protected by attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E

**Lindsay Nako**

---

| | |
|---|---|
| **From:** | Lindsay Nako |
| **Sent:** | Friday, April 28, 2023 4:26 PM |
| **To:** | Matthews, Ryan; jahmy.graham@nelsonmullins.com |
| **Cc:** | Anne Bellows |
| **Subject:** | RE: Terry v. Wasatch - Agenda for 4/26 Call |

Ryan,

We never heard from you about rescheduling our meet and confer for this week. Will you be available next week any time before our regularly scheduled call on Weds at 1 pm?

**Lindsay Nako** (she/her)│ **Impact Fund**
P: 510 845 3473 x. 307

---

**From:** Lindsay Nako
**Sent:** Thursday, April 27, 2023 9:46 AM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; jahmy.graham@nelsonmullins.com
**Cc:** Anne Bellows <abellows@gbdhlegal.com>
**Subject:** RE: Terry v. Wasatch - Agenda for 4/26 Call

Ryan,

Please let us know your availability for a meet and confer call today. We have a few urgent items on the agenda, including the upcoming 30(b)(6) depositions and Defendants' responses to Terry RFAs, Set 8, and Terry RFPDs, Set 14.

Thanks,
Lindsay

**Lindsay Nako** (she/her)│ **Impact Fund**
P: 510 845 3473 x. 307

---

**From:** Lindsay Nako <lnako@impactfund.org>
**Sent:** Wednesday, April 26, 2023 9:43 AM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; jahmy.graham@nelsonmullins.com
**Cc:** Anne Bellows <abellows@gbdhlegal.com>
**Subject:** Re: Terry v. Wasatch - Agenda for 4/26 Call

Hi Ryan – Anne and I are available tomorrow 11:30–12 and 2:30–5. Let us know what works for you.

Lindsay Nako  │  Impact Fund
P: 510 845 3473 x. 307
Pronouns: she/her

---

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Wednesday, April 26, 2023 6:56 AM

**To:** Lindsay Nako <lnako@impactfund.org>; jahmy.graham@nelsonmullins.com <jahmy.graham@nelsonmullins.com>
**Cc:** Anne Bellows <abellows@gbdhlegal.com>
**Subject:** RE: Terry v. Wasatch - Agenda for 4/26 Call

Lindsay,

I got called in for jury duty today, so I won't be able to make our call. Can we push to tomorrow? I highly doubt they'll actually empanel me.

Thanks,

Ryan



**Ryan Matthews**
**Attorney**
Ryan.Matthews@lewisbrisbois.com

**T: 916.646.8213 F: 916.564.5444**

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833 | LewisBrisbois.com

Representing clients from coast to coast. View our locations nationwide.

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Lindsay Nako <lnako@impactfund.org>
**Sent:** Tuesday, April 25, 2023 7:04 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; jahmy.graham@nelsonmullins.com
**Cc:** Anne Bellows <abellows@gbdhlegal.com>
**Subject:** [EXT] Terry v. Wasatch - Agenda for 4/26 Call

Ryan,

Here is a proposed agenda for our meet and confer call tomorrow at 1 pm:

1. Rule 30(b)(6) Depositions
   - The stipulation was filed on April 5 and signed by the Court on April 7.
   - Ryan to provide status update on depo scheduling: Janae Jarvis as the 30(b)(6) deponent for the policy changes deposition during the week of May 8, and Jarom Johnson as the 30(b)(6) deponent for the additional services costs/income deposition during the week of May 15.

2. Defendants' responses to Terry RFAs, Set 8, and Terry RFPDs, Set 14 (further discovery on Defs' changes following the MSJ order)
   - Plaintiffs' discovery requests were served on March 21.
   - Defendants served their responses earlier today, April 25, by party agreement.
   - Defendants' brief blanket objections are inadequate, and Plaintiffs would like to meet and confer tomorrow.

3. Defendants' responses to Terry RFPDs, Set 13, and Livingston Interrogatories, Set 4 (Defs' costs related to ASA services)
   - Plaintiffs' discovery requests were served on February 9. Defendants' responses to Livingston Interrogatories Set 4 were due on March 13. Defendants' responses to Terry RFPDs Set 13 were due on March 20, by party agreement.
   - The parties' Joint Statement regarding Terry RFPDs Set 13 was filed on April 7. The hearing has been set for May 19.
   - Plaintiffs received the first set of documents (contracts for renters insurance and media services) on April 19. Ryan to provide update on the second set of documents (what actually happened in terms of costs paid and income received).
   - Plaintiffs would also like further confirmation on which additional services are subject to the offset defense and which are not (including Rent Plus and in-unit washers and dryers).
   - Plaintiffs also request an update on the timing of Defendants' further response to Livingston Interrogatory No. 9.

4. Defendants' responses to Terry RFPDs, Set 12 (HAP Contracts for S8 tenants with washer and dryer charges)
   - Plaintiffs' discovery requests were served on January 13. Defendants' responses were due on February 13.
   - Plaintiffs' affidavit regarding the discovery dispute was filed on March 17. The hearing has been set for May 19.
   - As of April 19, the majority of HAP contracts have been produced. Just a handful of HAP contracts were missing from tenant files. Defendants have reached out to local housing authorities to obtain copies. Plaintiffs request an update.

5. Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3 (Defs' changes following the MSJ order)
   - Last week, the parties discussed Defendants' previous agreement on February 9 to provide a supplemental response to Livingston Interrogatory No. 6 "to identify which properties have provided written communications to Section 8 tenants and the date(s) the communications were distributed at each property."
   - Ryan said he was preparing supplemental responses including the dates and properties for written communications, as well as dates for other policy changes listed in the interrogatory responses. He hoped to complete them by April 12, but said it would depend on the availability of Defendants' executive staff.
   - Plaintiffs have not yet received supplemental responses and request an update.

Thanks,
Lindsay

**Lindsay Nako** │ **Impact Fund**
2080 Addison Street, Suite 5│Berkeley, CA 94704
P: 510 845 3473 x. 307
Pronouns: she/her
Website │ Map │ Email



*This message is intended for the named recipients only. It may contain information protected by attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT F

**Lindsay Nako**

| | |
|---|---|
| **From:** | Anne Bellows <abellows@gbdhlegal.com> |
| **Sent:** | Friday, May 5, 2023 12:27 PM |
| **To:** | Lindsay Nako; Matthews, Ryan; jahmy.graham@nelsonmullins.com |
| **Cc:** | Salazar, Joe; Crespo, Alicia |
| **Subject:** | RE: Terry v. Wasatch - Agenda for 5/2 Call |
| **Attachments:** | Terry v. Wasatch_Stip re Offset Defense.DOCX; Terry v. Wasatch_Stip to Reset Expert Deadlines_ 05-04-23.DOCX |

Hi,

Here are the two stips we discussed on Wednesday.  Please take a look and let me know if you have any edits or if we have your authorization to sign and file.

Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Lindsay Nako <lnako@impactfund.org>
**Sent:** Wednesday, May 3, 2023 3:46 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; jahmy.graham@nelsonmullins.com
**Cc:** Anne Bellows <abellows@gbdhlegal.com>; Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Crespo, Alicia <Alicia.Crespo@lewisbrisbois.com>
**Subject:** RE: Terry v. Wasatch - Agenda for 5/2 Call

Thanks for the call today, Ryan. I've updated our notes below, summarizing the call. Your notes are in blue, mine are in orange.

One item that we forgot to return to – proposed dates for Jarom Johnson's deposition. As noted below, Plaintiffs are available to depose Mr. Johnson on May 18-19 (1-5 pm each day) or May 22 or 23, provided that all relevant discovery is completed by 5 pm on Friday, May 12.

There's a lot coming up in the next few weeks, so please keep us updated as deadlines approach.

Thanks,
Lindsay

**Lindsay Nako** (she/her) │ **Impact Fund**
P: 510 845 3473 x. 307

**From:** Lindsay Nako <lnako@impactfund.org>
**Sent:** Tuesday, May 2, 2023 4:43 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; jahmy.graham@nelsonmullins.com
**Cc:** Anne Bellows <abellows@gbdhlegal.com>
**Subject:** [EXT] Terry v. Wasatch - Agenda for 5/2 Call


Ryan,

Since we were not able to meet last week, please confirm that you will be available tomorrow at 1 pm for our regularly scheduled meet and confirm call.  Here is a proposed agenda:

1. Rule 30(b)(6) Depositions
   - The stipulation was filed on April 5 and signed by the Court on April 7.
   - Plaintiffs prepared a draft notice; attached for Defendants' review.
     - Ryan will review the draft notice this week and let us know of any issues by the end of the week.
   - Ryan to provide status update on depo scheduling:
     - Janae Jarvis as the 30(b)(6) deponent for the policy changes deposition during the week of May 8 – Plaintiffs are available May 11 or 12; can do May 15, if necessary.

       Janae Jarvis is available on May 12 or May 18
       Plaintiffs are available to depose Ms. Jarvis on Friday, May 12, provided that all relevant discovery is completed by 5 pm on Tuesday, May 9.

     - Jarom Johnson as the 30(b)(6) deponent for the additional services costs/income deposition during the week of May 15 – Parties need to meet and confer about scheduling, given the delays in Defendants' second document production (see Item #5 below).

       Jarom Johnson is available throughout the week of May 15.
       We didn't discuss, but given Plaintiffs are available to depose Mr. Johnson on May 18 & 19 (1-5 pm each day) or May 22 or 23, provided that all relevant discovery is completed by 5 pm on Friday, May 12.

2. Updated class list
   - Anne emailed on 4/26 to request a supplement to the class list, last produced in approx. March 2020 (email attached).
   - Will defendants produce an updated class list? What is a reasonable date for production?

     Defendants are willing to produce a new list. Would Plaintiffs like a comprehensive new list beginning from the start of the class period? Or simply an updated list with any new additions since March, 2020?
       Plaintiffs request a comprehensive new list beginning from the start of the class period, same format as the last pull. Mike Christensen should be able to turn to this next week.

3. New deadlines for expert discovery
   - Given the Court's extension of the parties' fact discovery cut off to June 2, Plaintiffs propose the parties stipulate to reset the expert discovery deadlines accordingly.
   - Here is a proposed schedule:
     - Expert Disclosures – July 11
     - Rebuttal Expert Disclosures – August 14
     - Close of Expert Discovery – September 1

     Defendants have no issue with these deadlines.
       Plaintiffs will draft a stipulation to extend the deadlines and send it over by the end of the week.

4.  Defendants' responses to Terry RFAs, Set 8, and Terry RFPDs, Set 14 (further discovery on Defs' changes following the MSJ order)
    - Plaintiffs' discovery requests were served on March 21.
    - Defendants initially responded on April 25, by party agreement. The initial response contained only objections. Defendants provided their responses yesterday, May 1.
    - Plaintiffs would like to meet and confer about RFPDs Nos. 196 and 197. Defendants objected on the grounds that the documents are protected by attorney-client privilege. Are there any non-privileged responsive documents, or are Defendants taking the position that all responsive documents are attorney-client privileged? If the latter, when can Plaintiffs expect to receive a privilege log?

        Defendants will need to follow up on this issue. There certainly are a large number of privileged communications, but Defendants will need to sort out whether anything is non-privileged.
        Defendants agreed to review the documents and produce responsive documents by early next week (5 pm on Tuesday, May 9) because they are needed for Ms. Johnson's depo on May 12.

5.  Defendants' responses to Terry RFPDs, Set 13, and Livingston Interrogatories, Set 4 (Defs' costs related to ASA services)
    - Plaintiffs' discovery requests were served on February 9. Defendants' responses to Livingston Interrogatories Set 4 were due on March 13. Defendants' responses to Terry RFPDs Set 13 were due on March 20, by party agreement.
    - The parties' Joint Statement regarding Terry RFPDs Set 13 was filed on April 7. The hearing has been set for May 19.
    - Plaintiffs received the first set of documents (contracts for renters insurance and media services) on April 19. Ryan to provide update on the second set of documents (what actually happened in terms of costs paid and income received). The second production needs to be completed before the related Rule 30(b)(6) depo (see Item #1 above).
    - Plaintiffs would also like further confirmation on which additional services are subject to the offset defense and which are not (including Rent Plus and in-unit washers and dryers).
    - Plaintiffs also request an update on the timing of Defendants' further response to Livingston Interrogatory No. 9.

    Defendants are still tracking down more granular documents relating to renters' insurance and media packages. Defendants can confirm that Rent Plus and in-unit washers and dryers will not be subject to the offset defense. Ryan confirmed that Defendants are planning to argue the offset defense for only renters insurance and media packages, nothing else. Defendants are open to a stipulation to that effect, which Plaintiffs will prepare. If the parties are able to get a stipulation on file, Plaintiffs will not require a further response to Livingston Interrogatory No. 9 or responses to Terry Requests for Admission, Set 9, which were served last night.

6.  Defendants' responses to Terry RFPDs, Set 12 (HAP Contracts for S8 tenants with washer and dryer charges)
    - Plaintiffs' discovery requests were served on January 13. Defendants' responses were due on February 13.
    - Plaintiffs' affidavit regarding the discovery dispute was filed on March 17. The hearing has been set for May 19.
    - As of April 19, the majority of HAP contracts have been produced. Just a handful of HAP contracts are missing from tenant files. Defendants have reached out to local housing authorities to obtain copies. Plaintiffs request an update.

    I will need to follow up with the client regarding the status of getting the final four HAP Contracts from the housing authorities. I have asked that question this morning and have yet to get a response.
    No further updates.

7.  Defendants' responses to Terry RFPDs, Set 11, and Livingston Interrogatories, Set 3 (Defs' changes following the MSJ order)

3

- Last week, the parties discussed Defendants' previous agreement on February 9 to provide a supplemental response to Livingston Interrogatory No. 6 "to identify which properties have provided written communications to Section 8 tenants and the date(s) the communications were distributed at each property."
- Ryan said he was preparing supplemental responses including the dates and properties for written communications, as well as dates for other policy changes listed in the interrogatory responses. He hoped to complete them by April 12, but said it would depend on the availability of Defendants' executive staff.
- Plaintiffs have not yet received supplemental responses and request an update.

Defendants' list of properties for written communications:

> 600 Lofts
> Arcadia
> Arcadia II
> Aspen Park Apartments
> Aztec Springs Apartments
> Bent Tree Apartments
> California Place Apartments
> Canyon Club Apartments
> Canyon Ridge Apartments
> Chesapeake Commons Apartments
> Cimmaron Place Apartments
> Courtyard at Central Park
> Creekside Villa Apartments
> Crossroads Apartments
> Devonshire Court West
> Enclave at 1400 South
> Garden Lofts
> Glen Oaks Apartments
> Heritage Park
> Kimpton Square
> Meadows at Homestead
> Metropolitan Place Apartments
> Promontory Point Apartments
> Providence Place
> Ranchwood Apartments
> Remington Apartments
> Revo 225
> Rio Seco Apartments
> River Point Apartments
> Sands Apartments
> Shadow Way Apartments
> The Reserve at View 78
> The Sage
> Veranda
> Village Grove Apartments

Defendants will provide supplemental responses to list the policy changes and their effective dates by early next week.

Thanks,
Lindsay

**Lindsay Nako | Impact Fund**

4

2080 Addison Street, Suite 5│Berkeley, CA 94704
P: 510 845 3473 x. 307
Pronouns: she/her
Website | Map | Email



*This message is intended for the named recipients only. It may contain information protected by attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.*