1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Anne Bellows (SBN 293722)
   abellows@gbdhlegal.com
3  Stephanie Tilden (SBN 341486)
   stilden@gbdhlegal.com
4  GOLDSTEIN, BORGEN, DARDARIAN & HO
   155 Grand Avenue, Suite 900
5  Oakland, CA 94612
   Tel: (510) 763-9800 ǀ Fax: (510) 835-1417
6
   Andrew Wolff (SBN 195092)
7  andrew@awolfflaw.com
   LAW OFFICES OF ANDREW WOLFF, PC
8  1615 Broadway, 4th Floor
   Oakland, CA 94612
9  Tel: (510) 834-3300 ǀ Fax: (510) 834-3377

10 Jesse Newmark (SBN 247488)
   jessenewmark@centrolegal.org
11 CENTRO LEGAL DE LA RAZA
   3022 International Blvd., Suite 410
12 Oakland, CA 94601
   Tel: (510) 437-1863 ǀ Fax: (510) 437-9164
13
   Jocelyn Larkin (SBN 110817)
14 jlarkin@impactfund.org
   Lindsay Nako (SBN 239090)
15 lnako@impactfund.org
   THE IMPACT FUND
16 2080 Addison Street, Suite 5
   Berkeley, CA 94704
17 Tel: (510) 845-3473 ǀ Fax: (510) 845-3654

18 Attorneys for Plaintiffs and Relators and the Certified Classes

19          **UNITED STATES DISTRICT COURT**
            **EASTERN DISTRICT OF CALIFORNIA**
20               **SACRAMENTO DIVISION**

21 UNITED STATES OF AMERICA, *ex rel.*          Case No.: 2:15-CV-00799-KJM-DB
22 DENIKA TERRY, ROY HUSKEY III, and
   TAMERA LIVINGSTON, and each of them for      CLASS ACTION
23 themselves individually, and for all other persons
   similarly situated and on behalf of the UNITED   **STIPULATION AND ORDER REGARDING**
24 STATES OF AMERICA                             **DAMAGES CALCULATION**

25          Plaintiffs/Relators,                Trial Date: None Set

26 vs.

27 WASATCH ADVANTAGE GROUP, LLC,
   WASATCH PROPERTY MANAGEMENT, INC.,
28 WASATCH POOL HOLDINGS, LLC,
   CHESAPEAKE APARTMENT HOLDINGS, LLC,

LOGAN PARK APARTMENTS, LLC, LOGAN
PARK APARTMENTS, LP, ASPEN PARK
HOLDINGS, LLC, BELLWOOD JERRON
HOLDINGS, LLC, BELLWOOD JERRON
APARTMENTS, LP, BENT TREE
APARTMENTS, LLC, CALIFORNIA PLACE
APARTMENTS, LLC, CAMELOT LAKES
HOLDINGS, LLC, CANYON CLUB HOLDINGS,
LLC, COURTYARD AT CENTRAL PARK
APARTMENTS, LLC, CREEKSIDE HOLDINGS,
LTD, HAYWARD SENIOR APARTMENTS, LP,
HERITAGE PARK APARTMENTS, LP, OAK
VALLEY APARTMENTS, LLC, OAK VALLEY
HOLDINGS, LP, PEPPERTREE APARTMENT
HOLDINGS, LP, PIEDMONT APARTMENTS,
LP, POINT NATOMAS APARTMENTS, LLC,
POINT NATOMAS APARTMENTS, LP, RIVER
OAKS HOLDINGS, LLC, SHADOW WAY
APARTMENTS, LP, SPRING VILLA
APARTMENTS, LP, SUN VALLEY HOLDINGS,
LTD, VILLAGE GROVE APARTMENTS, LP,
WASATCH QUAIL RUN GP, LLC, WASATCH
PREMIER PROPERTIES, LLC, WASATCH
POOL HOLDINGS III, LLC,
and DOES 1-4,

     Defendants.

Plaintiffs Denika Terry, Roy Huskey III, and Tamera Livingston on behalf of themselves, the certified classes, and the United States, and Defendants Wasatch Advantage Group, LLC, *et al.*, stipulate as follows:

WHEREAS, on November 23, 2022, the Court issued an order granting Plaintiffs' Motion for Partial Summary Judgment and denying Defendants' Motion for Summary Judgment, or in the Alternative Summary Adjudication, or in the Further Alternative, Class Decertification (ECF No. 278);

WHEREAS, the Court's November 23 Order held that Defendants are liable to the certified classes for breach of contract and unfair business practices in violation of California's Unfair Competition Law (*id.* at 14);

WHEREAS, as to Plaintiffs' class claim for breach of contract, the Court's November 23 Order states, "[D]efendants breached the tenancy addendum by requiring tenants to pay excess rent in the form of charges contained in the ASAs . . . . Plaintiffs were damaged in the amount of the excess rent they were required to pay, which the court will determine in the second phase of this litigation." (*id.* at 13-14);

WHEREAS, as to Plaintiffs' class claim for violation of the Unfair Competition Law, the Court's November 23 order states, "Plaintiffs have suffered injury in the form of lost money or property as a result of defendants' unlawful practice of requiring plaintiffs to pay additional charges beyond their share of rent set out in the HAP contracts. Here as well, the court will determine exact damages in the second phase of this litigation." (*id.* at 14);

WHEREAS, Defendants informed Plaintiffs that they plan to argue that Defendants' costs incurred in providing those additional services to Section 8 tenants should be considered in any damages calculation on the class claims;

WHEREAS, Defendants have clarified that they plan to argue that only the value of and costs incurred in providing renters insurance and media packages to Section 8 tenants should be considered in any damages calculation on the class claims in this litigation;

WHEREAS, Plaintiffs dispute that there is any validity to Defendants' argument that they are entitled to an offset for the value of any service and/or the cost of providing any service to Section 8

tenants;

WHEREAS, the Parties wish to avoid costly discovery and unnecessary litigation on Plaintiffs' class claims for breach of contract and violation of California's Unfair Competition Law by narrowing the scope of the issues;

THEREFORE, THE PARTIES STIPULATE AND JOINTLY REQUEST THAT THE COURT ORDER AS FOLLOWS:

1.     Defendants reserve their right to argue that the value of the renters' insurance and media packages received by class tenants and the cost to Defendants of providing renters' insurance and media packages to class members should be considered in the calculation of any damages or restitution awarded to the class.  As to all other services, including RentPlus, security alarms and services, in-unit washers and dryers, uncovered parking, covered parking, parking garages, pet-related services, month-to-month leasing, and storage, Defendants waive any argument that the costs of providing the services or the value of those services are relevant to the calculation of damages or restitution.

2.     Defendants' arguments concerning the value of renters' insurance and media packages and the cost of providing renters insurance and media packages to Section 8 tenants are limited to the calculation of damages or restitution on Plaintiffs' certified class claims. Any costs that Defendants incurred to provide additional services are not relevant to Plaintiffs' claim brought under the False Claims Act.

Dated: May 12, 2023          Respectfully submitted,

IMPACT FUND

*/s/ Lindsay Nako*
Lindsay Nako
*Attorneys for Plaintiffs and Relators and the Certified Classes*

Dated: May 12, 2023          Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Ryan Matthews* (authorization obtained on 5/12/23)
Ryan Matthews
*Attorneys for Defendants*

IT IS SO ORDERED.

Dated:  May 17, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE