Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Anne Bellows (SBN 293722)
abellows@gbdhlegal.com
Stephanie Tilden (SBN 341486)
stilden@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 | (Fax) (510) 835-1417

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
Telephone: (510) 834-3300 | (Fax) (510) 834-3377

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
Telephone: (510) 437-1863 | (Fax) (510) 437-9164

Jocelyn Larkin (SBN 110817)
jlarkin@impactfund.org
Lindsay Nako (SBN 239090)
lnako@impactfund.org
IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA 94704
Telephone: (510) 845-3473 | (Fax) (510) 845-3654

Attorneys for Plaintiffs and Relators and the Certified Classes

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE COMPLAINT AND REQUEST TO SET AN END DATE ON THE CLASS DEFINITION**<br><br>Date:  September 15, 2023<br>Time:  10:00 am<br>Dept:  Courtroom 3; 15th Floor<br>Before: Hon. Kimberly J. Mueller |

NOTICE OF MOT. AND MOT. FOR LEAVE TO AMEND THE COMPLAINT AND REQUEST TO SET AN END DATE ON THE CLASS DEFINITION – CASE NO. 2:15-CV-00799 KJM-DB

874569.7

| | |
|---|---|
| CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC, and DOES 1-4,<br><br>    Defendants. | Trial Date:   None Set |

NOTICE OF MOT. AND MOT. FOR LEAVE TO AMEND THE COMPLAINT AND REQUEST TO SET AN END DATE ON THE CLASS DEFINITION – CASE NO. 2:15-CV-00799 KJM-DB

874569.7

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 2

I. INTRODUCTION ......................................................................................................... 2

II. STATEMENT OF RELEVANT FACTS ...................................................................... 2

    A. Remedies Discovery Uncovered Important Changes to the Factual Record Related to the Period Following the Court's Summary Judgment Order, Necessitating Amendment of the Complaint. .................................................. 2

    B. Plaintiffs' Diligent Meet and Confer Efforts and Defendants' Non-Responsiveness. ............................................................................................... 4

III. ARGUMENT ................................................................................................................. 5

    A. Plaintiffs Have "Good Cause" Under Rule 16 to Amend the Scheduling Order to Allow for a Sixth Amended Complaint. ............................................ 5

    B. Rule 15 Affords Parties Liberal Leave to Amend. .......................................... 7

    C. Amending the Definition of the Rule 23(b)(3) Class and the Scope of Their Damages Claims Will Streamline Trial. ............................................... 10

IV. CONCLUSION ............................................................................................................ 12

NOTICE OF MOT. AND MOT. FOR LEAVE TO AMEND THE COMPLAINT AND REQUEST TO SET AN END DATE ON THE CLASS DEFINITION – CASE NO. 2:15-CV-00799 KJM-DB

874569.7

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
 465 F.3d 946 (9th Cir. 2006) .................................................................................................. 8

*Armstrong v. Davis*,
 275 F.3d 849 (9th Cir. 2001) ................................................................................................ 10

*Baker v. Nutrien Ag Sols., Inc.*,
 No. 1:21-cv-01490-ADA-SKO, 2023 WL 4352658 (E.D. Cal. July 5, 2023) ..................... 8, 9

*BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*,
 No. 1:08–cv–01086–AWI–SMS, 2011 WL 3328398 (E.D. Cal. Aug. 2, 2011) ..................... 8

*Bowles v. Reade*,
 198 F.3d 752 (9th Cir. 1999) .............................................................................................. 7, 8

*Eminence Cap., LLC v. Aspeon, Inc.*,
 316 F.3d 1048 (9th Cir. 2003) ................................................................................................ 7

*Foman v. Davis*,
 371 U.S. 178 (1962) ................................................................................................................ 8

*Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*,
 No. 2:05-cv-00583-LKK-GGH, 2006 WL 3733815 (E.D. Cal. Dec. 15, 2006) ................. 5, 7

*Gen. Tel. Co. v. Falcon*,
 457 U.S. 147 (1982) .............................................................................................................. 10

*Grant v. United States*,
 No. 2:11-cv-00360 LKK, 2011 WL 5554878 (E.D. Cal. Nov. 15, 2011) ............................... 5

*Hood v. Hartford Life & Acc. Ins. Co.*,
 567 F. Supp. 2d 1221 (E.D. Cal. 2008) ............................................................................... 5, 7

*Johnson v. Buckley*,
 356 F.3d 1067 (9th Cir. 2004) ................................................................................................ 8

*Johnson v. Mammoth Recreations, Inc.*,
 975 F.2d 604 (9th Cir. 1992) .................................................................................................. 5

*Missouri ex rel. Koster v. Harris*,
 847 F.3d 646 (9th Cir. 2017) .................................................................................................. 9

*Logan v. U.S. Bank Nat. Ass'n*,
 722 F.3d 1163 (9th Cir. 2013) ................................................................................................ 9

Notice of Mot. and Mot. For Leave to Amend the Complaint and Request to Set An End Date on the Class Definition – Case No. 2:15-CV-00799 KJM-DB

874569.7

*Lyon v. U.S. Immigration & Customs Enf't*,
    308 F.R.D. 203 (N.D. Cal. 2015) ................................................................................................10

*Ms. L. v. U.S. Immigration & Customs Enf't*,
    330 F.R.D. 284 (S.D. Cal. 2019) .................................................................................................10

*Murray v. Schriro*,
    745 F.3d 984 (9th Cir. 2014) ........................................................................................................9

*Nucal Foods, Inc. v. Quality Egg LLC*,
    No. 2:10-cv-03105-KJM-CKD, 2012 WL 260078 (E.D. Cal. Jan. 27, 2012) ..........................6, 7

*Rang Dong Joint Stock Co. v. J.F. Hillebrand USA, Inc.*,
    No. 2:18-cv-03195-KJM-KJN, 2020 WL 3841185 (E.D. Cal. July 8, 2020) ............................10

*SAES Getters S.p.A. v. Aeronex, Inc.*,
    219 F. Supp. 2d 1081 (S.D. Cal. 2002) ........................................................................................9

*In re TFT-LCD Antitrust Litig.*,
    267 F.R.D. 583 (N.D. Cal. 2010) ...............................................................................................10

*Westfall v. Ball Metal Beverage Container Corp.*,
    No. 2:16-cv-02632 KJM GGH, 2018 WL 705534 (E.D. Cal. Feb. 5, 2018) .............................11

**Federal Statutes**

False Claims Act ............................................................................................................................4, 11

**Rules**

Fed. R. of Civ. Proc.
    15 ................................................................................................................................................1, 7
    15(a) ...........................................................................................................................................5, 8
    16 ........................................................................................................................................1, 5, 6, 7
    16(b) .................................................................................................................................................5
    23 ..............................................................................................................................................1, 10
    23(a) ................................................................................................................................................10
    23(b) ................................................................................................................................................10
    23(b)(3) .................................................................................................................................*passim*
    23(c)(1)(C) ......................................................................................................................................10
    30(b)(6) .............................................................................................................................................6

NOTICE OF MOT. AND MOT. FOR LEAVE TO AMEND THE COMPLAINT AND REQUEST TO SET AN END DATE ON THE CLASS DEFINITION – CASE NO. 2:15-CV-00799 KJM-DB

874569.7

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on September 15, 2023, at 10:00 am, or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Judge Kimberly J. Mueller, located at 501 I Street, Sacramento, CA 95814, Plaintiffs-Relators Denika Terry, Roy Huskey III, and Tamera Livingston ("Plaintiffs"), on behalf of themselves, the Certified Classes, and the United States of America, will move and hereby do move this Court under Federal Rules of Civil Procedure 16 and 15, for an order granting leave for Plaintiffs to amend the operative complaint and file a Sixth Amended Complaint to conform the operative complaint to facts recently discovered regarding actions taken by Defendant in response the Court's November 23, 2022 summary judgment Order (ECF No. 278). Plaintiffs also move this Court under Federal Rule of Civil Procedure 23 to modify the existing Rule 23(b)(3) class definition (ECF No. 226) to set an end date for the class membership and damages claims of November 30, 2022 in order to streamline trial by limiting it to the period for which the Court has already found liability.

This motion is based on this Notice and Motion, Memorandum of Points and Authorities, the [Proposed] Order, the declaration of Anne Bellows and the exhibits attached thereto, and the files and records in this case. The proposed amendment to the Plaintiffs' complaint is attached as Exhibit 1 to the Declaration of Anne Bellows, filed herewith.

Dated: August 18, 2023

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

*/s/ Anne Bellows*
Anne Bellows

*Attorney for Plaintiffs and Relators and the Certified Class*

874569.7

1

NOTICE OF MOT. AND MOT. FOR LEAVE TO AMEND THE COMPLAINT AND REQUEST TO SET AN END DATE ON THE CLASS DEFINITION – CASE NO. 2:15-CV-00799 KJM-DB

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs-Relators Denika Terry, Roy Huskey III, and Tamera Livingston ("Plaintiffs"), on behalf of themselves, the Certified Classes, and the United States of America, respectfully submit this Motion for Leave to Amend the Complaint and Request to Set an End Date on the Class Definition. The proposed Sixth Amended Complaint ("6AC"), attached as Exhibit 1 to the Declaration of Anne Bellows ("Bellows Decl.") filed herewith, conforms the pleading to the proof by addressing new facts unearthed in remedies discovery that affect Plaintiffs' request for injunctive relief. Additionally, to streamline trial, Plaintiffs request to set an end date to the definition of the Federal Rule of Civil Procedure ("Rule") 23(b)(3) class to cut off class damages and membership as of November 30, 2022.

## II. STATEMENT OF RELEVANT FACTS

**A. Remedies Discovery Uncovered Important Changes to the Factual Record Related to the Period Following the Court's Summary Judgment Order, Necessitating Amendment of the Complaint.**

On November 23, 2022, this Court held in ruling on the Parties' cross motions for summary judgment ("Summary Judgment Order") that Defendants' practices effectively treated additional service charges as rent, that Defendants' washer and dryer charges under the HAP Contracts in place prior to July 1, 2019 were unlawful, and that Defendants' mandatory renters' insurance charges were excess rent. The Court accordingly held that under Defendants' policies and practices, the excess charges "outlined in the Additional Services Agreements constitute impermissible rent in violation of both the HAP contracts and federal law." ECF No. 278 at 9-13.

Following the Court's Summary Judgment Order on November 23, 2022, Defendants made several changes to their policies and practices related to the additional service charges that are at issue in this lawsuit. Yet, as Plaintiffs learned through remedies discovery, Defendants have nonetheless continued several of the practices that require Section 8 tenants to pay the additional service charges to preserve their tenancy, which the Court explained is unlawful. *See id.*

Plaintiffs seek to amend the operative complaint to reflect information recently obtained through remedies discovery regarding the policy changes made by Defendants as well as the

2
NOTICE OF MOT. AND MOT. FOR LEAVE TO AMEND THE COMPLAINT AND REQUEST TO SET AN END DATE ON THE CLASS DEFINITION – CASE NO. 2:15-CV-00799 KJM-DB

874569.7

continuation of other policies and practices since the Court's Summary Judgment Order. Remedies discovery closed on June 16, 2023. ECF No. 310. Plaintiffs first provided Defendants the proposed Sixth Amended Complaint and a draft stipulation four days later, on June 20, 2023. Bellows Decl. ¶ 7.

Plaintiffs' proposed Sixth Amended Complaint modifies prior allegations to conform the pleadings to the evidence regarding Defendants' policy changes since November 2022, as well as the evidence of continued application of policies that require Section 8 tenants to pay additional service charges to maintain their tenancy.

- On or around November 29, 2022, Defendants altered their payment priority sequence to apply tenant charges to rent before applying them to additional service charges.
- Defendants' Section 8 tenants who were required to pay additional service charges as a condition of leasing were informed for the first time that the charges were optional in a letter disseminated by Defendants on or around January 17, 2023. 6AC ¶ 15.
- However, Defendants continue to use form documents that describe the additional charges as part of the total monthly obligation or rental rate, or that combine additional charges and rent. 6AC ¶ 17.
- Defendants also continue to maintain policies and practices that require Section 8 tenants to pay their additional service charges to maintain their tenancy, including serving eviction notices for failing to pay additional service charges and refusing to accept rent payments if tenants have unpaid prior additional service charges, and otherwise treating a failure to pay additional charges as a breach of the lease and grounds to terminate tenancy. 6AC ¶ 18.
- Defendants have never informed their Section 8 tenants that they cannot be evicted for failure to pay additional service charges. 6AC ¶ 19.
- Plaintiff Tamera Livingston and members of the Rule 23(b)(2) Injunctive Relief Class remain subject to present and future harm due to Defendants' continued collection of unlawful additional rent. 6AC ¶ 20.

In addition, based on the date of the change in payment sequencing and to streamline the upcoming damages trial, the proposed Sixth Amended Complaint also sets an end date to class

3

NOTICE OF MOT. AND MOT. FOR LEAVE TO AMEND THE COMPLAINT AND REQUEST TO SET AN END DATE ON THE CLASS DEFINITION – CASE NO. 2:15-CV-00799 KJM-DB

874569.7

damages and membership in the Rule 23(b)(3) class to November 30, 2022.  *See* 6AC ¶ 77.  Because the Court has already ruled that the additional service charges were unlawful side charges based on Defendants' policies and practices during this period, these amendments will simplify and limit the issues to the presented at trial.  The Sixth Amended Complaint also cuts off damages for the False Claims Act as of December 30, 2022, the last full month before Defendants informed their Section 8 tenants that the charges were optional and could be canceled at any time.[1]

### B. **Plaintiffs' Diligent Meet and Confer Efforts and Defendants' Non-Responsiveness.**

Once Plaintiffs determined during the course of remedies discovery that it was necessary to amend the complaint to better plead the remaining injunctive relief remedy and to clarify the scope of the damages claim, Plaintiffs diligently attempted to stipulate with Defendants.  Bellows Decl. ¶ 5.  But Defendants repeatedly failed to attend the Parties' scheduled weekly meet and confer call—in fact, the last meet and confer call that Defendants attended before August 10, 2023 was May 24, 2023 at which time Plaintiffs informed Defendants of the planned amendment and Defendants agreed to review the proposed redlines, once provided, to determine if they could stipulate to the amendment.  *Id.* ¶ 6.  On that call, Defendants expressed no substantive or procedural concerns about proceeding with a Sixth Amended Complaint reflecting the new factual record.  *Id.*

As mentioned above, Plaintiffs first provided Defendants the proposed Sixth Amended Complaint on June 20, four days after the close of remedies discovery.  Plaintiffs followed up with written requests on June 24, July 12, 19, 27, 28 and August 8 and multiple attempts to reach Defendants by phone over the same period.  Bellows Decl. 8.  Defendants' counsel repeatedly promised Plaintiffs' counsel by email that they would look into it, but week after week failed to provide a written response.  Bellows Decl. ¶¶ 14-18.  On August 10, the Parties spoke by phone and Defendants agreed to provide a response regarding the Sixth Amended Complaint on Tuesday, August 15.  Bellows Decl. ¶ 13.  However, on August 15, Defendants asked to defer the call until Thursday, August 17.  Bellows Decl. ¶ 14.   Plaintiffs confirmed that they were available at 2:30pm on Thursday,

---

[1] On July 27, Plaintiffs contacted Defendants to propose these amendments related to cutting off the damages claims.  Bellows Decl. ¶ 12.

August 17. *Id*. Defendants never responded to request a different time. *Id*. ¶ 15. Defendants did not attend the 2:30pm call, nor did they respond to Plaintiffs' follow-up emails offering to talk at any time before 5pm that day. *Id*. As of this filing, Plaintiffs have not heard from Defendants regarding the proposed Sixth Amended Complaint or even an alternative time for a call. *Id*. ¶ 16.

Based on Defendants' failure to respond and to avoid further delay, Plaintiffs now seek leave of Court to amend the complaint. Further, Plaintiffs respectfully request that the Court modify the definition of the Rule 23(b)(3) class to and set an end date of November 30, 2022.

### III.    ARGUMENT

Per this Court's scheduling order and Rule 16(b), Plaintiffs must show "good cause" to modify the scheduling order which "primarily considers the diligence of the party seeking the amendment," then when "justice so requires" apply Rule 15(a). *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 608-09 (9th Cir. 1992); ECF No. 103.

**A.    Plaintiffs Have "Good Cause" Under Rule 16 to Amend the Scheduling Order to Allow for a Sixth Amended Complaint.**

This Court applies a three part test to show diligence under Rule 16's "good cause" standard: a plaintiff must demonstrate "(1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order." *Grant v. United States*, No. 2:11-cv-00360 LKK, 2011 WL 5554878, at * 4 (E.D. Cal. Nov. 15, 2011).

"Allowing parties to amend based on information obtained through discovery is common and well established," and is routinely held to satisfy the good cause requirement. *Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.,* No. 2:05-cv-00583-LKK-GGH, 2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006) (collecting cases); *see also, e.g.*, *Hood v. Hartford Life & Acc. Ins. Co*., 567 F. Supp. 2d 1221 (E.D. Cal. 2008) (finding good cause when new information was brought to light, and an amendment would not require discovery be reopened, or delay the trial, and there was no evidence of

prejudice); *Nucal Foods, Inc. v. Quality Egg LLC*, No. 2:10-cv-03105-KJM-CKD, 2012 WL 260078, at *5-6 (E.D. Cal. Jan. 27, 2012) (leave to amend and modification of scheduling order warranted based on facts uncovered during discovery and plaintiffs' diligence).

Plaintiffs have met all of the good cause requirements. First, since the outset of the case, Plaintiffs have been diligent in assisting the Court to create a workable Rule 16 order. Plaintiffs amended the complaint twice prior to the deadline, and since then have worked with Defendants to stipulate to any other amendments.

Second, Plaintiffs could not have foreseen the need to amend based on Defendants' policy changes at the time of the Rule 16 scheduling conference on December 13, 2018. The present proposed amendments arose following this Court's Summary Judgment Order, and the new facts uncovered through remedies discovery regarding Defendants' changes to some, but not all, of the policies this Court held were in violation of the HAP Contract and federal law. The scheduling order was issued in December 2018, well before the Court's November 2022 order and Defendants' subsequent policy changes.

Third, Plaintiffs acted diligently in seeking agreement from Defendants' counsel, and now seeking leave of court, shortly after completing discovery regarding the new facts that affect Plaintiffs' complaint. Defendants first represented to Plaintiffs that they were changing some policies in early December 2022; however, they provided no details at that time and required Plaintiffs to conduct formal discovery to find out what those changes would be. Bellows Decl. ¶ 3. Over the following six months of remedies discovery, Plaintiffs obtained documents, Rule 30(b)(6) deposition testimony, and written discovery responses illuminating the scope and limitations of those changes, as well as the timeline and manner of their implementation. *Id.* ¶ 4. This discovery confirmed that while Defendants had changed some practices, they had not fully changed all the policies and practices that Plaintiffs presented to the Court in their Motion for Partial Summary Judgment, which the Court granted in full in November. *Id.*

Plaintiffs determined that Defendants' policy changes warranted an update to the complaint to better and more accurately plead Plaintiffs' request for injunctive relief, and to clarify and streamline

6
NOTICE OF MOT. AND MOT. FOR LEAVE TO AMEND THE COMPLAINT AND REQUEST TO SET AN END DATE ON THE CLASS DEFINITION – CASE NO. 2:15-CV-00799 KJM-DB

874569.7

the scope of the damages claims.  Bellows Decl. ¶ 5.  Immediately, Plaintiffs raised the issue during a meet and confer call with Defendants' counsel, and after providing a proposed amended complaint repeatedly asked if Defendants were amenable to a stipulation.  *Id.* ¶¶ 5, 8.  Defendants' counsel never provided a substantive response, despite stating repeatedly that they would get back to Plaintiffs' counsel, or that the amendment had been passed along to Defendants.  *Id.* ¶ 9.  After weeks of trying to resolve this issue between parties without any substantive answer one way or the other from Defendants, Plaintiffs now seek leave to Court.  Notably, Defendants have raised no objections or concerns about the proposed amendments.

Plaintiffs have met all three requirements for demonstrating "good cause" per this Court's scheduling order and Rule 16.  *Fru-Con Const. Corp.*, 2006 WL 3733815, at *4 (defendant "acted with reasonable diligence" in moving for leave to amend its counterclaim "roughly two months" after learning new facts at a deposition).  Additionally, this court has repeatedly found good cause when new facts came to light through discovery.  *Id.*; *see also, e.g.*, *Hood*, 567 F. Supp. 2d 1221 ; *Nucal Foods, Inc.*, 2012 WL 260078, at *5-6.   While the good cause standard looks to the diligence of the moving party, the fact that there is no prejudice to defendant in the proposed amendments further supports the modification of the scheduling order to amend the complaint.  *See Fru-Con Const. Corp.*, 2006 WL 3733815, at *3 (finding that an amendment adding in information already in the hands of the opposing party is not prejudicial to them).  Trial has yet to be scheduled, the amendments do not affect discovery, and Plaintiffs' expert report calculating damages incorporates the new cutoff date.  Bellows Decl. ¶ 10.  Defendants have not provided any damages calculations.  *Id.* ¶ 11.

**B.     Rule 15 Affords Parties Liberal Leave to Amend.**

Rule 15 states that courts "should freely give leave [to amend] when justice so requires." 15(a)(2).  The Ninth Circuit has repeatedly stated that "this policy is to be applied with extreme liberality."  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted).

District courts often apply five factors when evaluating a motion to amend under Rule 15: "bad faith, undue delay,[2] prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Baker v. Nutrien Ag Sols., Inc.*, No. 1:21-cv-01490-ADA-SKO, 2023 WL 4352658, at *5 (E.D. Cal. July 5, 2023) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d at 1052).

All five factors weigh in favor of allowing this amendment to the complaint. *First,* this amendment is made in good faith to address policy changes recently implemented by Defendants that affect Plaintiffs' claims. *See Baker*, 2023 WL 4352658, at *6 (finding no bad faith when there was no evidence that the plaintiff was seeking to amend the complaint in an attempt to "unnecessarily protract the litigation" and instead was amending diligently following new information as a result of recent discovery).

*Second,* there is no undue delay. "Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 1:08–cv–01086–AWI–SMS, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011) (citing *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004)). Here, Plaintiffs were diligent in sending the redlined complaint over to Defendants as soon as it was drafted, only days after the close of remedies discovery, and they explained why the amendment was necessary. From the close of discovery to filing this motion, only two months have passed, far less time than previously found to be unreasonable. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir.1991)) (reiterating prior Ninth Circuit holdings that "an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable"). Moreover, the two months' delay in presenting this request to the Court,

---

[2] Undue delay by itself "is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). There must also be either (1) prejudice to the opposing party, (2) bad faith by the moving party, or (3) a finding of futility as to the amendment. *Id.*

far from prejudicing Defendants, is due to *Defendants' own failure* to respond to the proposed Sixth Amended Complaint despite Plaintiffs' diligent efforts and Defendants' repeated promises.

*Third*, the amendment will not prejudice Defendants. "'Undue prejudice' means substantial prejudice or substantial negative effect." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). The new information regarding Defendants' policies is already well known to Defendants and relates to changes that Defendants have made in response to the Court's latest order in this very case, thus it should not come as a surprise to them. This amendment does not require any other modification to discovery deadlines or trial dates. Plaintiffs' expert reports, served on July 11, 2023, addressed these changes already and calculated damages based on the November 30, 2022 class ending date. Expert discovery has not closed, and a trial date has not been set. *See Baker*, 2023 WL 4352658, at *5 (finding opposing party to motion for leave would not be prejudiced because "there are no pending dispositive motions, no looming trial date, and no final pretrial conference has been held.").

*Fourth*, this amendment is not futile. Proposed amendments are futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense," *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation omitted), or when they "are either duplicative of existing claims or patently frivolous," *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (citation omitted). The Court has already held Defendants' combined policies practices of treating Section 8 tenants' payment of the additional services as conditions of living on the property amounted to charging excess rent in violation of the HAP contracts and federal law. ECF No. 278 at 9-13. Defendants' failure to change policies that require Section 8 tenants to pay additional service charges to maintain their tenancy underscores the need for injunctive relief to protect the Rule 23(b)(3) class from further unlawful demands to pay the additional charges or face loss of their tenancy. *See Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1166 (9th Cir. 2013) (holding injunctive relief is proper even after defendants had voluntarily dismissed an unlawful detainer because the risk to the plaintiff of defendants unlawfully evicting them in the future remained). Injunctive relief is a critical component of the relief required to properly remedy Defendants' harm. Properly and

9
NOTICE OF MOT. AND MOT. FOR LEAVE TO AMEND THE COMPLAINT AND REQUEST TO SET AN END DATE ON THE CLASS DEFINITION – CASE NO. 2:15-CV-00799 KJM-DB

874569.7

specifically pleading injunctive relief is necessary to ensure the remaining pretrial motions, pretrial conference, and trial are all able to proceed efficiently for both parties and this Court.

*Finally*, although Plaintiffs have amended their complaint before, this case has been ongoing for more than 8 years. In prior amendments, Plaintiffs identified Doe Defendants, added in additional class counsel, and an additional plaintiff. The number of amendments is reasonable in the context of the years of discovery completed over the course of this case, which have necessarily and reasonably contributed to the need to update the complaint periodically. *See Rang Dong Joint Stock Co. v. J.F. Hillebrand USA, Inc.*, No. 2:18-cv-03195-KJM-KJN, 2020 WL 3841185, at *7 (E.D. Cal. July 8, 2020) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (holding that while plaintiff had previously amended its complaint, it had not "repeated[ly] fail[ed] to cure deficiencies by amendments previously allowed").

## C. Amending the Definition of the Rule 23(b)(3) Class and the Scope of Their Damages Claims Will Streamline Trial.

"Federal Rule of Civil Procedure 23 provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court." *Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001). "An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. of Civ. Proc. 23(c)(1)(C); *see also Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."). Modifying class definitions is appropriate when "the proposed modifications are minor, require no additional discovery, and cause no prejudice to [the opposing party]." *In re TFT-LCD Antitrust Litig.*, 267 F.R.D. 583, 590-91 (N.D. Cal. 2010).

"In order for the Court to modify the Class Certification Order, the modified class must meet the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a)," as well as the requirements for certification under Rule 23(b). *Lyon v. U.S. Immigration & Customs Enf't*, 308 F.R.D. 203, 210-11 (N.D. Cal. 2015); *see also Ms. L. v. U.S. Immigration & Customs Enf't*, 330 F.R.D. 284, 287 (S.D. Cal. 2019).

The proposed minor modification to narrow the scope of the damages class does not affect the

10

NOTICE OF MOT. AND MOT. FOR LEAVE TO AMEND THE COMPLAINT AND REQUEST TO SET AN END DATE ON THE CLASS DEFINITION – CASE NO. 2:15-CV-00799 KJM-DB

874569.7

Court's previous analysis of Rule 23(a) and Rule 23(b)(3) requirements.  ECF No. 72-1 (Memorandum of Points and Authorities in Support of Motion for Class Certification); ECF No. 92 (Order Granting Class Certification); ECF No. 114; (Clarification of Class Definition); ECF No. 226 (Order Modifying Class Certification).  The updated class definition will streamline trial by focusing on the period for which the Court has already found liability on the class claims.  Reducing the claims to issues already fully briefed and decided on through the Summary Judgment Order proceedings saves party resources and serves judicial economy.  Defendants are not prejudiced by this modification.

The damages class is still sufficiently numerous, composed of more than 2,500 class members.  Bellows Decl. ¶ 17.  All previously notified class members will remain in the class, with the addition of class members who were charged additional rent since the previous class notice was sent three years ago.  ECF No. 92 at 16. ("Plaintiffs have satisfied the numerosity requirement. See *Westfall v. Ball Metal Beverage Container Corp*., No. 2:16-cv-02632 KJM GGH, 2018 WL 705534, at *5 (E.D. Cal. Feb. 5, 2018) (finding "approximately 140 to 150 members of the proposed class. . . . satisfies the numerosity requirement").

The class members continue to share common questions of law and fact.  *Id*. at 25. ("Here, plaintiffs have established common questions of law that apply to all class members' claims. Plaintiffs' claims all involve the resolution of whether defendants' "additional charges set forth in Additional Services Agreements" violated defendants' HAP Contract provisions with Section 8 tenants or federal law.  *See* TAC ¶¶ 44-45.  Resolving this issue would resolve plaintiffs' breach of contract claim, CLRA claim, UCL claim under any prong, and even the non-class False Claims Act claim.").

Plaintiffs' claims continue to be representative of the class.  *Id*. at 17. ("The court finds the claims of the named plaintiffs typical of the claims and defenses of the class. Here, plaintiffs claim defendants treated additional charges as rent in violation of state law and contrary to standard form contracts between defendants and their Section 8 tenants. The contracts for Terry, Huskey and the other tenants are substantially identical.").

Plaintiffs and Class Counsel remain adequate class representatives.  *Id*. at 20 ("Plaintiffs have satisfied the adequacy requirement.").  Since the original order, additional qualified class counsel (ECF

11
NOTICE OF MOT. AND MOT. FOR LEAVE TO AMEND THE COMPLAINT AND REQUEST TO SET AN END DATE ON THE CLASS DEFINITION – CASE NO. 2:15-CV-00799 KJM-DB

874569.7

Nos. 105, 141) and an additional plaintiff (ECF No. 98) have been added, but there are no changed circumstances that disturb the Court's findings.

The modified definition still follows this Court's previous ruling on a 23(b)(3) class that "on balance, the four factors suggest a class action is the superior means to try the common questions of law and fact that predominate here." ECF No. 92 at 34.

## IV.   CONCLUSION

Plaintiffs' motion for leave to amend should be granted. Plaintiffs have shown "good cause" to amend the scheduling order, and the Court should follow the generally liberal policy of allowing leave to amend. Plaintiffs' request to set an end date for the Rule 23(b)(3) class should also be granted. The modified damages class definition works to save judicial resources and is not prejudicial to Defendants.

Dated: August 18, 2023

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

*/s/ Anne Bellows*
Anne Bellows

*Attorney for Plaintiffs and Relators and the Certified Class*