1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Anne Bellows (SBN 293722)
   abellows@gbdhlegal.com
3  Stephanie Tilden (SBN 341486)
   stilden@gbdhlegal.com
4  GOLDSTEIN, BORGEN, DARDARIAN & HO
   155 Grand Avenue, Suite 900
5  Oakland, CA 94612
   Telephone: (510) 763-9800 | (Fax) (510) 835-1417
6
   Andrew Wolff (SBN 195092)
7  andrew@awolfflaw.com
   LAW OFFICES OF ANDREW WOLFF, PC
8  1615 Broadway, 4th Floor
   Oakland, CA 94612
9  Telephone: (510) 834-3300 | (Fax) (510) 834-3377

10 Jesse Newmark (SBN 247488)
   jessenewmark@centrolegal.org
11 CENTRO LEGAL DE LA RAZA
   3022 International Blvd., Suite 410
12 Oakland, CA 94601
   Telephone: (510) 437-1863 | (Fax) (510) 437-9164
13
   Jocelyn Larkin (SBN 110817)
14 jlarkin@impactfund.org
   Lindsay Nako (SBN 239090)
15 lnako@impactfund.org
   IMPACT FUND
16 2080 Addison Street, Suite 5
   Berkeley, CA 94704
17 Telephone: (510) 845-3473 | (Fax) (510) 845-3654

18 Attorneys for Plaintiffs and Relators and the Certified Classes

19              **UNITED STATES DISTRICT COURT**
               **EASTERN DISTRICT OF CALIFORNIA**
20                  **SACRAMENTO DIVISION**

21 UNITED STATES OF AMERICA, *ex rel.*          Case No.: 2:15-CV-00799-KJM-DB
   DENIKA TERRY, ROY HUSKEY III, and
22 TAMERA LIVINGSTON, and each of them for      CLASS ACTION
   themselves individually, and for all other persons   DISCOVERY MATTER
23 similarly situated and on behalf of the UNITED
   STATES OF AMERICA                           **AFFIDAVIT OF STEPHANIE TILDEN RE**
24                                             **JOINT STATEMENT RE DISCOVERY**
          Plaintiffs/Relators,                **DISPUTE (MCCURLEY SUBPOENA)**
25
   vs.                                         Date:    October 13, 2023
26                                             Time:    10:00 am
                                               Dept:    Courtroom 27, 8th Floor
27 WASATCH ADVANTAGE GROUP, LLC,               Before:  Hon. Magistrate Judge Deborah Barnes
   WASATCH PROPERTY MANAGEMENT, INC.,
28 WASATCH POOL HOLDINGS, LLC,                 Trial Date:   None Set
   CHESAPEAKE APARTMENT HOLDINGS, LLC,

1  LOGAN PARK APARTMENTS, LLC, LOGAN
   PARK APARTMENTS, LP, ASPEN PARK
2  HOLDINGS, LLC, BELLWOOD JERRON
   HOLDINGS, LLC, BELLWOOD JERRON
3  APARTMENTS, LP, BENT TREE
   APARTMENTS, LLC, CALIFORNIA PLACE
4  APARTMENTS, LLC, CAMELOT LAKES
   HOLDINGS, LLC, CANYON CLUB HOLDINGS,
5  LLC, COURTYARD AT CENTRAL PARK
   APARTMENTS, LLC, CREEKSIDE HOLDINGS,
6  LTD, HAYWARD SENIOR APARTMENTS, LP,
   HERITAGE PARK APARTMENTS, LP, OAK
7  VALLEY APARTMENTS, LLC, OAK VALLEY
   HOLDINGS, LP, PEPPERTREE APARTMENT
8  HOLDINGS, LP, PIEDMONT APARTMENTS,
   LP, POINT NATOMAS APARTMENTS, LLC,
9  POINT NATOMAS APARTMENTS, LP, RIVER
   OAKS HOLDINGS, LLC, SHADOW WAY
10 APARTMENTS, LP, SPRING VILLA
   APARTMENTS, LP, SUN VALLEY HOLDINGS,
11 LTD, VILLAGE GROVE APARTMENTS, LP,
   WASATCH QUAIL RUN GP, LLC, WASATCH
12 PREMIER PROPERTIES, LLC, WASATCH
   POOL HOLDINGS III, LLC,
13 and DOES 1-4,

14         Defendants.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

885200.4

## AFFIDAVIT OF STEPHANIE TILDEN

I, Stephanie Tilden, declare:

1.      I am a member in good standing of the Bar of the State of California, and I am an associate of the law firm of Goldstein, Borgen, Dardarian & Ho.  The Court appointed Goldstein, Borgen, Dardarian & Ho Class Counsel on May 21, 2019.  ECF No. 106.  I am familiar with the facts set forth in this Declaration and if called as a witness I would and could competently testify thereto.

2.      I attempted to secure cooperation of counsel for the Defendants in arranging the required conference and in preparing and executing the required statement, and I exhausted efforts to meet and confer before filing this Affidavit, as required by Local Rule 251(d).

### I.       ISSUES TO BE DETERMINED AT THE HEARING

3.      The parties' discovery dispute concerns Defendants' failure to produce documents that were identified as responsive to Plaintiffs' Subpoena to Produce Documents, Information, or Objects to James McCurley ("McCurley Subpoena"), served on July 21, 2023, during the September 5th deposition of Defendants' expert witness James W. McCurley.  A true and correct copy of the McCurley Subpoena is attached as Exhibit A hereto.

4.      The documents are responsive to Plaintiffs' Demand for Production Numbers 2, 4, and 5.  These demands for production, and Defendants' Objections are as follows:

**DEMAND FOR PRODUCTION NO. 2:**

All bills, invoices, and time records that relate to YOUR work related to this ACTION.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 2:**

This request is overbroad and seeks information protected by the work product privilege.

**DEMAND FOR PRODUCTION NO. 4:**

All DOCUMENTS that Defendants and/or their agents, law firms, attorneys, or anyone acting on their behalf provided to YOU regarding this ACTION.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 4:**

This request is overbroad and seeks information protected by the work product privilege.

885200.4

**DEMAND FOR PRODUCTION NO. 5:**

All DOCUMENTS identifying facts or data that were reviewed by YOU in forming your expert opinions in this ACTION.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 5:**

This request is overbroad and seeks information protected by the work product privilege.

5. Plaintiffs initially filed a motion to compel production of documents responsive to the McCurley Subpoena on August 18, 2023, as they had received no production and only boiler plate responses. ECF No. 313. On August 24, 2023, Defendants made a production and, on a meet and confer call the same day indicated that they had produced all responsive documents and had not withheld anything.

6. In reliance on Defendants' representation, Plaintiffs withdrew their motion to compel. ECF No. 317.

7. Specifically, Plaintiffs learned during Mr. Curley's deposition that there are additional time records for the period between August 18, 2023 and the present related to Mr. McCurley's work in this action and that there are additional emails from Defendants' counsel and/or agents to Mr. McCurley attaching or granting access to documents with facts or data that were reviewed by him. Both categories of documents are responsive to Plaintiffs' document subpoena.

8. During the September 5th deposition, Mr. McCurley and Defendants' counsel agreed to produce these documents, and Mr. McCurley represented that they could be produced within days. However, over the 24 days that have passed, Defendants' counsel have not produced the additional documents or responded to any inquiry regarding the status of these documents.

9. While Defendants have not opposed the requested production, they have a well-established history in this case of failing to timely follow through with their discovery obligations.[1]

---

[1] *See, e.g.*, Order, March 23, 2023, ECF No. 295 (ordering Defendants to show cause why they should not be sanctioned after their failure to meet and confer regarding a prior motion to compel); Joint Statement re Discovery Disagreement, May 12, 2023, ECF No. 305 (setting forth Defendants' position that they did not oppose Plaintiffs' discovery requests even though they failed to timely produce responsive documents); Joint Statement re Discovery Disagreement, Feb. 3, 2023, ECF No. 286 (setting forth Defendants' position that they intended to produce insurance agreements pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv) although they had not yet done so); The Parties Second Updated Joint Statement Re their Discovery Disputes, Dec. 30, 2021, ECF No. 217 (describing Defendants'

885200.4

10.     Consequently, Plaintiffs respectfully request that the Court order Defendants to provide the time records and emails responsive to the McCurley Subpoena.

11.     Additionally, as Plaintiffs only learned of the additional responsive documents on the eve of the close of expert discovery, and had withdrawn their previously filed motion to compel regarding this subpoena based on Defendants' representation that they had produced all responsive documents without withholding anything, Plaintiffs respectfully request that the Court extend the discovery deadline to October 20, 2023 for the limited purpose of allowing the production.

## II.     MEET AND CONFER EFFORTS

12.     Defendants disclosed James McCurley as a testifying expert on July 20, 2023, Ex. B (Defendants' Disclosure of Expert Witness Testimony, including James McCurley's expert report), and Plaintiffs served the McCurley Subpoena on July 21, 2023.

13.     Defendants responded to the McCurley Subpoena on August 4, 2023 with uniform boilerplate objections of overbreadth and work product, and they produced no documents.  Ex. C (Defendants' Objection to McCurley Subpoena and proof of service).  Mr. McCurley did not separately respond to the subpoena.

14.     After meet and confer efforts, Plaintiffs filed a motion to compel production of documents responsive to the McCurley Subpoena on August 18, 2023 (ECF No. 313), and the hearing was noticed for September 8, 2023.  On August 24, 2023, Defendants produced documents responsive to the McCurley Subpoena.

15.     During a meet and confer call, Defendants' counsel represented that they produced all documents in Mr. McCurley's possession that were responsive to the McCurley Subpoena and that they were not withholding anything.  Ex. D (Bellows Email Summarizing 8/24 Meet and Confer Call).

16.     Based on these representations, Plaintiffs withdrew their motion to compel (ECF No. 317) and the Court vacated the hearing on the motion to compel (ECF No. 318).

---

insufficient responses to Huskey Interrogatory 18 in light of corporate testimony on the same topic).

17.     On September 5, 2023, Plaintiffs deposed Mr. McCurley.  Mr. McCurley stated that he has additional time records in this case from the period after August 18, 2023, which were not listed in the only invoice produced with Defendants' August 24, 2023 production.

18.     Mr. McCurley also stated that Defendants' counsel and/or their agents sent him emails attaching documents and/or granting him access to a portal that contained documents he reviewed in connection with his report.  These emails were also not included in the August 24, 2023 production.

19.     Mr. McCurley confirmed that he likely would be able to produce these emails and time records in a couple days.  Defendants' counsel agreed to the production.

20.     On September 5, 2023, immediately following the deposition of Mr. McCurley, Plaintiffs' and Defendants' counsel agreed to stipulate to extend the close of expert discovery to September 22, 2023 for the limited purpose of allowing Mr. McCurley to produce additional time records and emails.

21.     On September 6, 2023, Plaintiffs' counsel emailed Defendants' counsel attaching a draft of the joint stipulation to extend the expert discovery deadline and requesting that the supplemental document production be completed by 12:00 pm on September 8, 2023.  Ex. E (Tilden September 6, 2023 Email).  Plaintiffs' counsel explained that Plaintiffs would need to file a motion to compel by September 8 if Defendants did not complete their supplemental production.

22.     On September 7, 2023, Plaintiffs' counsel emailed Defendants' counsel, sending Defendants' counsel a draft of this joint statement and requesting that Defendants' counsel either produce the documents or fill out Defendants' sections of the joint statement.  *Id.*  (Tilden September 7, 2023 Email).

23.     On September 8, Plaintiffs' counsel emailed Defendants' counsel, asking if Defendants would produce the McCurley documents or send the joint statement.  *Id.*  (Tilden September 8, 2023 Email).

24.     Defendants' counsel did not respond to any of the emails sent between September 6 and September 8th.

25.     On September 8th, Plaintiffs filed their Notice of Motion and Motion to Compel Production of Documents, which also moved the court to extend the expert discovery deadline for the

6

1   limited purpose of allowing Defendants to produce the McCurley documents and to permit a hearing

2   on this Motion if responsive documents were not produced.  ECF No. 319.

3       26.     Pursuant to instructions from the Court, Plaintiffs filed an Amended Notice of Motion

4   and Motion to Compel Production of Documents on September 11, 2023, which noticed the hearing

5   date for this motion for October 13, 2023 and requested that the Court extend the expert discovery

6   deadline from September 8, 2023 to October 20, 2023 for the limited purpose of allowing the

7   production.  ECF No. 320.

8       27.     Defendants' counsel and Plaintiffs' counsel were scheduled to have meet and confer

9   calls on September 13th and 20th.  Plaintiffs' counsel sent Defendants' counsel emailed agendas for

10  these meetings, but Defendants' counsel notified plaintiffs' counsel shortly before the scheduled calls

11  that he would be unable to attend.  Ex. F (Bellows and Matthews Email Chain, September 12-20,

12  2023).  In place of the calls, he promised to provide a written update on the agenda items, including the

13  McCurley documents, but Plaintiffs never received a written update.  *Id.*

14      28.     On September 25, 2023 Plaintiffs' counsel emailed Defendants' counsel inquiring about

15  the McCurley documents and reminding Defendants' counsel that the joint statement would be due

16  September 29th.  Ex E (Tilden September 25, 2023 Email).

17      29.     On September 26th, Plaintiffs' counsel sent Defendants' counsel an agenda for their

18  meet and confer call scheduled for September 27, 2023, which again attached the draft of the joint

19  stipulation and reminded Defendants' counsel about producing the McCurley documents.  Ex. G

20  (Bellows September 26, 2023 Email).  Defendants' counsel's assistant emailed Plaintiffs' counsel

21  requesting that the parties delay their meet and confer until Friday, September 29, which Plaintiffs'

22  counsel agreed to.  Ex. H (Crespo September 27, 2023 Emails, Bellows September 27, 2023 Emails).

23      30.     Plaintiffs' counsel also reminded Defendants' counsel about the McCurley production

24  by email on September 27 and 28th.  Ex. G. (Bellows September 27 and September 28, 2023 Emails);

25  Ex. E (Tilden September 28, 2023 Email).

26      31.     Immediately prior to the meet and confer call scheduled for September 29, Defendants'

27  counsel's assistant informed Plaintiffs' counsel that Defendants' counsel would not be able to attend

28  the meet and confer. Ex. H (Crespo September 29, 2023 Email).  Plaintiffs' counsel inquired regarding

the joint statement and explained that Plaintiffs would proceed with a one-sided filing if they did not

hear back from Defendants' counsel by 5:00 pm.  *Id.* (Bellows September 29 Emails).  Plaintiffs did

not hear a response from Defendants' counsel before 5:00 pm.  Ex. H.

32.     Plaintiffs and Defendants are unable to meet in person because they live and work in

different parts of California.

**III.     PLAINTIFFS CONTENTIONS REGARDING THE DISCOVERY DISPUTE**

**A.     Case Background**

33.     Plaintiffs are tenants who receive rental assistance through the federally subsidized

Housing Choice Voucher Program commonly known as "Section 8."  Defendants are Wasatch

Advantage Group, LLC, and its affiliates, a residential rental and property management company with

apartments in the western United States.  Plaintiffs allege Defendants improperly charged class

members for additional services such as laundry machines, renters' insurance, and parking.  Plaintiffs

bring claims under the False Claims Act, 31 U.S.C. § 3729 et seq., as well as certified class claims

under California contract, business, and consumer laws.  5th Am. Compl. ¶¶ 212 260, ECF No. 136;

*see also* Order Granting Class Certification, ECF No. 92.

34.     On November 23, 2022, the Court granted Plaintiffs' Motion for Summary Judgment,

finding Defendants liable for breach of contract and violation of the California Unfair Competition

Law.  ECF No. 278, p. 14.

35.     The parties have been engaged in remedies discovery.  ECF No. 312.  Non-expert

discovery on remedies concluded on June 16, 2022, and the parties disclosed their damages and

remedies experts on July 20, 2023.  *Id.*  Rebuttal expert disclosures were completed on August 24,

2023, and the expert discovery cut-off was September 8, 2023.  *Id.*

36.     Although the Parties agreed to submit a joint stipulation to extend the expert discovery

deadline for the limited purpose of allowing Mr. McCurley to complete his supplemental document

production, Defendants did not sign the joint stipulation Plaintiffs drafted to extend the deadline.

**B.     Factual Issues Relevant to Discovery Dispute**

37.     On July 20, 2023, Defendants designated forensic accountant James McCurley as a

testifying expert.  Ex. B.  In his July 20 report, Mr. McCurley offers his opinions as to remedies in this

case.  Plaintiffs' discovery related to Mr. McCurley's work has included efforts to determine whether he complied with forensic accounting standards to gather "sufficient relevant data" and apply "due care" in developing his expert opinions.  Mr. McCurley's time records and factual communications with Defendants are relevant and directly probative on these issues.

38.     During his September 5, 2023 deposition, Mr. McCurley stated that he had additional time records from after August 18, 2023 for his work on this action.  He also stated that he had emails from Defendants' counsel and/or their agents transmitting documents he reviewed for his report.  Both are responsive for Plaintiffs' Demands for Production, as outlined below.

39.     Mr. McCurley explained that he did not have specific records of work on this matter from prior to July 19, 2023 (*i.e.*, the day prior to the submission of his report).  Nonetheless, he stated that he may have begun his expert analysis in the weeks preceding July 19.

40.     Emails transmitting documents will allow Plaintiffs to understand the timeline of Mr. McCurley's work on this case, and to support their contention that he did not comply with the standards of forensic accounting, which require due professional care and sufficient relevant data.  Namely, it appears that Mr. McCurley may have issued his report only a day after receiving the documents he claims to have reviewed and considered.  If the outstanding documents confirm this timeline, they will have important value in undermining the credibility and reliability of Mr. McCurley's testimony at trial.

C.     **Discovery Items in Dispute and Plaintiffs' Contentions**

41.     Plaintiffs request that Defendants supplement the response to the McCurley Subpoena with additional responsive documents identified during his September 5, 2023 deposition.

1.     **Demand for Production No. 2**

42.     With respect to Plaintiffs' Demand for Production No. 2 ("All bills, invoices, and time records that relate to YOUR work related to this ACTION), Mr. McCurley agreed during his deposition to produce the additional records which are sought by Plaintiffs and responsive to Plaintiffs' demand for production No. 2.

43.     Although Defendants previously objected to this request on August 4, 2023, Defendants then produced an invoice from Mr. McCurley dated August 23, 2023, which lists Mr. McCurley's time records for his work on this action between July 19, 2023 and August 18, 2023.

44.     Mr. McCurley stated during his deposition that there were additional time entries from after August 18, 2023, which are not listed in this invoice.  Mr. McCurley agreed that he would likely be able to produce these time records in a couple days.  Defendants' counsel did not object to this request to supplement Mr. McCurley's responses, and agreed to stipulate to extend the expert discovery deadline so that he could do so.

45.     Defendants have not represented that they are relying on their previous objections, but they have not yet produced the time records.

46.     Plaintiffs' demand is narrowly tailored and requests documents relevant to determining Mr. McCurley's activities for this case.  Plaintiffs do not request any documents protected from disclosure by Rule 26(b)(4) of the Federal Rules of Civil Procedure, nor do they request any documents prepared by an attorney in anticipation of litigation or for trial or for Defendants alone. Fed. R. Civ. P. 26(b)(3)(A); Fed. R. Evid. 502(g)(2).

47.     In addition, in their objection asserting "work product privilege," Defendants have failed to "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that . . . . will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A)(ii).  In previous cases, similar boilerplate objections have been deemed unacceptable and overruled.  *See, e.g.*, *Dolarian Capital, Inc. v. SOC, LLC*, No. 1:11-CV-0031-LJO, 2012 WL 4026818, at *2 (E.D. Cal. Sept. 12, 2012); *Marti v. Baires*, No. 1:08-CV-00653-AWI, 2012 WL 2029720, at *24 (E.D. Cal. June 5, 2012).

## 2.     <u>Demand for Production No. 4</u>

48.     With respect to Plaintiffs Demand for Production No. 4 ("All DOCUMENTS that Defendants and/or their agents, law firms, attorneys, or anyone acting on their behalf provided YOU regarding this ACTION"), Mr. McCurley agreed during his deposition to produce the emails he received from Defendants attaching or providing access to documents that he reviewed for his report. These documents are responsive to Plaintiffs' Demand for Production No. 4.  Mr. McCurley confirmed

10

1  the existence of these documents during his deposition.  Mr. McCurley agreed that he would be able to

2  produce these emails in a couple days.

3      49.     Defendants' counsel did not object to this request to supplement Mr. McCurley's

4  responses with these emails, and agreed to stipulate to extend the expert discovery deadline so that he

5  could do so.  Defendants have not expressed that they are relying on their previous objections, but they

6  have not yet produced the emails.

7      50.     Plaintiffs' demand is narrowly tailored and requests documents relevant to determining

8  Mr. McCurley's activities for this case, including the facts, data, and assumptions provided by counsel

9  for Defendants, which are expressly discoverable under Rule 26(b)(4)(C).  Plaintiffs do not request any

10  documents protected from disclosure by Rule 26(b)(4) of the Federal Rules of Civil Procedure, nor do

11  they request any documents prepared by an attorney in anticipation of litigation or for trial or for

12  Defendants alone.  Fed. R. Civ. P. 26(b)(3)(A); Fed. R. Evid. 502(g)(2).

13      51.     In addition, in asserting "work product privilege," Defendants have failed to "describe

14  the nature of the documents, communications, or tangible things not produced or disclosed . . . in a

15  manner that . . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii).  In

16  previous cases, similar boilerplate objections have been deemed unacceptable and overruled. *See, e.g.*,

17  *Dolarian Capital*, 2012 WL 4026818 at *2; *Marti*, 2012 WL 2029720 at *24.

18      **3.     Demand for Production No. 5**

19      52.     With respect to Plaintiffs' Demand for Production No. 5 ("All Documents identifying

20  facts or data that were reviewed by YOU in forming your expert opinion in this ACTION"), Plaintiffs'

21  arguments with regard to Demand for Production No. 4 apply here as well.  Mr. McCurley has

22  confirmed the existence of emails transmitting evidence, which are responsive to this request, and he

23  agreed to the production of the emails, but Defendants have not yet made the production.

24      I declare under penalty of perjury under the laws of the United States of America and the State

25  of California that the foregoing is true and correct and that this affidavit is executed on September 29,

26  2023, at Oakland, California.

27                          */s/ Stephanie Tilden*
                          Stephanie Tilden

28

885200.4

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| United States ex rel. Denika Terry et al | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) |
| Wasatch Advatnage Group et al | ) |
| *Defendant* | ) |

Civil Action No.  15-cv-00799-KJM-DB

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          James McCurley

_____
*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Goldstein, Borgen, Dardarian & Ho<br>155 Grand Ave., Suite 900<br>Oakland, CA 94612 | Date and Time:<br><br>08/04/2023 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/20/2023

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Denika Terry et al
_____ , who issues or requests this subpoena, are:

Anne P. Bellows, 155 Grand Avenue, Suite 900, Oakland, CA 94612, abellows@gbdhlegal.com, 510-287-4344

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*United States ex rel Denika Terry, et al v. Wasatch Advantage Group, et al*
U.S. District Court ‑ Eastern California
Case No. 15-cv-00799-KJM-DB

**ATTACHMENT A**
Subpoena to Produce Documents, Information, or Objects in a Civil Action
**James M. McCurley**
**Baker Tilly US, LLP**

## Definitions

1. "ACTION" shall refer to *United States ex rel. Denika Terry, et al. v. Wasatch Advantage Group, et al.*, Case No. 15-cv-0799-KJM-DB (E.D. Cal.).

2. "DOCUMENT" shall have the most expansive possible meaning under the Federal Rules of Civil Procedure, and shall be construed broadly to include any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the following, whether printed, typewritten, recorded, filmed or reproduced by any mechanical process or written or produced by hand, and whether an original, master or copy, and whether or not claimed to be privileged from discovery, including: worksheets, agreements, books, records, letters, accounts, notes, summaries, forecasts, appraisals, surveys, estimates, diaries, desk calendars, reports, communications (including intra-company communications), correspondence, facsimiles, electronic mail messages, telegrams, memoranda (including intra-company memoranda), summaries, notes and records of telephone conversations (including voicemail messages), meetings, and conferences, notes in reference to personal conversations or interviews, contracts, notices, drafts of any document, business records, charts, schedules, diaries, computer printouts, computer-stored data (including e-mails), computer tapes or computer disks, microfilm, microfiche, photographs, slides, negatives, motion pictures, video recordings, tape or other voice recordings and transcriptions thereof, data compilations from which information can be obtained or translated and any other information contained on paper, in writing, in graphical media, in any computer readable media, or in any other physical form in your actual or constructive possession, custody or control.

3. "HOUSING CHOICE VOUCHER PROGRAM" shall refer to the Housing Choice Voucher (HCV) program funded by the U.S. Department of Housing and Urban Development, also commonly called "Section 8."

4. "YOU" or "YOUR" shall refer to James W. McCurley, Baker Tilly US, LLP and any and all employees, partners or other staff at Baker Tilly US, LLP who have assisted in Mr. McCurley's work in his expert engagement in the ACTION.

5. "MCCURLEY REPORT" shall refer to the expert report authored by James M. McCurley in this ACTION, dated July 20, 2023, and attached to this as **Exhibit 1**.

6. EXPERT REPORTS shall refer to any reports written by or on behalf of a retained or appointed expert in connection with litigation.

**Instructions**

1. The time period covered by each document request is from April 1, 2005, through the present, unless otherwise specified.

2. Each request contained herein extends to all DOCUMENTS in YOUR possession, custody, or control.

3. These requests specifically require the production of all responsive DOCUMENTS, including all responsive electronically stored information ("ESI").

4. All ESI that does not exist in a standard file format shall be translated by YOU into a reasonably usable format.

5. If DOCUMENTS exist in both electronic and non-electronic form, or if multiple copies of the same document exist in the same form, YOU shall produce all copies and may not selectively choose which format or version will be produced.

6. If DOCUMENTS responsive to any request have been destroyed, state the circumstances of their destruction.

7. In construing any request, the singular form of a word shall be interpreted as plural and plural as singular as necessary to bring within the scope of the request any information or documents which might otherwise be construed to be outside its scope.

8. In construing any request, whenever appropriate, "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information which might otherwise be construed to be outside its scope; and "all" shall mean "any and all," unless the context requires otherwise.

9. Each request shall be construed independently and not with reference to any other request herein for purposes of limitation, unless a request so specifies.

873913.1

**Documents to be Produced**

1. All contracts, agreements, retainers, engagement letters, or similar DOCUMENTS between YOU and any Defendant, attorney, law firm, or agent(s) thereof that refer or relate to this ACTION.

2. All bills, invoices, and time records that relate to YOUR work related to this ACTION.

3. All DOCUMENTS reflecting communications between YOU and any persons other than Defendants' counsel concerning this ACTION.

4. All DOCUMENTS that Defendants and/or their agents, law firms, attorneys, or anyone acting on their behalf provided to YOU regarding this ACTION.

5. All DOCUMENTS identifying facts or data that were reviewed by YOU in forming your expert opinions in this ACTION

6. All DOCUMENTS identifying assumptions that YOU relied upon in forming YOUR expert opinions in this ACTION.

7. All DOCUMENTS, other than draft reports, prepared and/or generated by YOU that refer or relate to this ACTION.

8. All EXPERT REPORTS written by YOU or by others on YOUR behalf in the last five years.

9. All EXPERT REPORTS written by YOU or by others on YOUR behalf that reference the HOUSING CHOICE VOUCHER PROGRAM.

10. All deposition or trial transcripts containing testimony by YOU that referenced or related to the HOUSING CHOICE VOUCHER PROGRAM.

11. All EXPERT REPORTS written by YOU or by others on YOUR behalf that refer or relate to measuring the economic or market value of goods or services.

12. All deposition or trial transcripts containing testimony by YOU that referenced or related to measuring the economic or market value of goods or services.

13.  All EXPERT REPORTS written by YOU or by others on YOUR behalf that refer or relate to damages for breach of contract.

14.  All deposition or trial transcripts in containing testimony by YOU that referenced or related to damages for breach of contract.

1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Anne Bellows (SBN 293722)
   abellows@gbdhlegal.com
3  Stephanie Tilden (SBN 341486)
   stilden@gbdhlegal.com
4  GOLDSTEIN, BORGEN, DARDARIAN & HO
   155 Grand Avenue, Suite 900
5  Oakland, CA 94612
   (510) 763-9800; (510) 835-1417 (Fax)
6
   Andrew Wolff (SBN 195092)
7  andrew@awolfflaw.com
   LAW OFFICES OF ANDREW WOLFF, PC
8  1615 Broadway, 4th Floor
   Oakland, CA 94612
9  (510) 834-3300; (510) 834-3377 (Fax)

10 Jesse Newmark (SBN 247488)
   jessenewmark@centrolegal.org
11 CENTRO LEGAL DE LA RAZA
   3022 International Blvd., Suite 410
12 Oakland, CA 94601
   (510) 437-1863; (510) 437-9164
13
   Jocelyn D. Larkin (SBN 110817)
14 Lindsay Nako (SBN 239090)
   lnako@impactfund.org
15 jlarkin@impactfund.org
   THE IMPACT FUND
16 2080 Addison Street, Suite 5
   Berkeley, CA 94701
17 (510) 845-3473; (510) 845-3654 (Fax)

18 Attorneys for Plaintiffs and Relators and the Certified Classes

19                    **UNITED STATES DISTRICT COURT**
                      **EASTERN DISTRICT OF CALIFORNIA**
20                       **SACRAMENTO DIVISION**

21

22  UNITED STATES OF AMERICA, *ex rel.*          Case No.: 2:15-CV-00799-KJM-DB
    DENIKA TERRY, ROY HUSKEY III, and
23  TAMERA LIVINGSTON, and each of them for       CLASS ACTION
    themselves individually, and for all other persons
    similarly situated and on behalf of the UNITED    **PROOF OF SERVICE**
24  STATES OF AMERICA

25         Plaintiffs/Relators,

26  vs.

27  WASATCH ADVANTAGE GROUP, LLC,
    WASATCH PROPERTY MANAGEMENT, INC.,
28  WASATCH POOL HOLDINGS, LLC,
    CHESAPEAKE APARTMENT HOLDINGS, LLC,

LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON, CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC, and DOES 1-4,

     Defendants.

873921.1

**<u>PROOF OF SERVICE</u>**

Case:          *Terry, et al. v. Wasatch Advantage Group, LLC, et al.*
Case No.       2:15-CV-00799 KJM-DB

STATE OF CALIFORNIA     )
                        ) SS
COUNTY OF ALAMEDA       )

     I have an office in the county aforesaid.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 155 Grand Ave., Suite 900, Oakland, California 94612.

     I declare that on the date hereof I served a copy of

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL TO JAMES MCCURLEY**

  SEE ATTACHED SERVICE LIST

☒    **By Electronic Service:**  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service address(es) as set forth below

☑    (***Federal***)  I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

     Executed at Oakland, California on July 21, 2023

  Scott G. Grimes
Printed Name                    Signature

873921.1

1

## SERVICE LIST

2

3
Joseph A. Salazar Jr.
Joe.Salazar@lewisbrisbois.com
Ryan Matthews

4
Ryan.Matthews@lewisbrisbois.com
Alicia Crespo

5
Alicia.Crespo@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP

6
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833

7
Tel: (916) 564-5400 | Fax: (916) 564-5444

8
Attorneys for Defendants

9
Jahmy Stanford Graham
jahmy.graham@nelsonmullins.com

10
Nelson Mullins Riley & Scarborough LLP
19191 South Vermont Avenue

11
Suite 900
Torrance, CA 90502

12

13
Attorneys for Defendant Hayward Senior
Apartments LP

Colleen M. Kennedy
Colleen.m.kennedy@usdoj.gov
Department of Justice
United States Attorney's Office
Eastern District of California
2500 Tulare Street
Suite 4401
Fresno, CA 93721
Tel: (559) 497-4080

Attorneys for United States of America

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

873921.1

# EXHIBIT B

1 **LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOSEPH A. SALAZAR JR., SB# 169551
2     E-Mail: Joe.Salazar@lewisbrisbois.com
RYAN MATTHEWS, SB# 311674
3     E-Mail: Ryan.Matthews@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
4 Sacramento, California 95833
Telephone: 916.564.5400
5 Facsimile: 916.564.5444

6 Attorneys for Defendants

7

8                **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10                    **SACRAMENTO DIVISION**

11

12 | UNITED STATES OF AMERICA, ex rel. | CASE NO. 2:15-cv-00799-KJM-DB
DENIKA TERRY, ROY HUSKEY III, and
13 TAMERA LIVINGSTON, and each of them | **DEFENDANTS' DISCLOSURE OF**
for themselves individually, and for all other | **EXPERT WITNESS TESTIMONY**
14 persons similarly situated and on behalf of the
UNITED STATES OF AMERICA, | The Hon. Kimberly J. Mueller
15
              Plaintiffs/Relators, | Trial Date:      None Set
16
17        vs.

18 WASATCH ADVANTAGE GROUP, LLC,
WASATCH PROPERTY MANAGEMENT,
19 INC., WASATCH POOL HOLDINGS, LLC,
CHESAPEAKE APARTMENT HOLDINGS,
20 LLC, LOGAN PARK APARTMENTS, LLC,
LOGAN PARK APARTMENTS, LP, ASPEN
21 PARK HOLDINGS, LLC, BELLWOOD
JERRON HOLDINGS, LLC, BELLWOOD
22 JERRON APARTMENTS, LP, BENT TREE
APARTMENTS, LLC, CALIFORNIA
23 PLACE APARTMENTS, LLC, CAMELOT
LAKES HOLDINGS, LLC, CANYON CLUB
24 HOLDINGS, LLC, COURTYARD AT
CENTRAL PARK APARTMENTS, LLC,
25 CREEKSIDE HOLDINGS, LTD,
HAYWARD SENIOR APARTMENTS, LP,
26 HERITAGE PARK APARTMENTS, LP,
OAK VALLEY APARTMENTS, LLC, OAK
27 VALLEY HOLDINGS, LP, PEPPERTREE
APARTMENT HOLDINGS, LP, PIEDMONT
28 APARTMENTS, LP, POINT NATOMAS
APARTMENTS, LLC, POINT NATOMAS


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

127087034.1                          1                    Case No. 2:15-cv-00799-KJM-DB

1  APARTMENTS, LP, RIVER OAKS
   HOLDINGS, LLC, SHADOW WAY
2  APARTMENTS, LP, SPRING VILLA
   APARTMENTS, LP, SUN VALLEY
3  HOLDINGS, LTD, VILLAGE GROVE
   APARTMENTS, LP, WASATCH QUAIL
4  RUN GP, LLC, WASATCH PREMIER
   PROPERTIES, LLC, WASATCH POOL
5  HOLDINGS III, LLC, and DOES 1-4

6          Defendants.

7

8  TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

9          Defendants submit this Expert Disclosure pursuant to Federal Rule of Civil Procedure

10 26(a)(2). Defendants have retained Robert Griswold to provide expert testimony regarding the

11 facts and issues of this litigation. The subjects of Mr. Griswold's expected testimony are contained

12 in his report pursuant to FRCP 26(a)(2)(B), which is submitted concurrently with this Disclosure.

13 Mr. Griswold is a Certified Property Manager, as designated by IREM, and has worked in the

14 residential property management field as a manager, consultant, and expert witness since 1987.

15 Mr. Griswold's report is attached hereto as Exhibit A. This Report is the same Report that was

16 previously produced in the parties' prior expert disclosure.

17         Defendants have also retained James McCurley to provide expert testimony regarding the

18 facts and issues of this litigation. The subjects of Mr. McCurley's expected testimony are

19 contained in his report pursuant to FRCP 26(a)(2)(B), which is submitted concurrently with this

20 Disclosure. Mr. Griswold is a Forensic Accountant and licensed CPA in the State of California,

21 and has worked in the accounting field as a CPA as detailed in his resume.. Mr. McCurley's report

22 is attached hereto as Exhibit B.

23

24 DATED:  July 20, 2023              LEWIS BRISBOIS BISGAARD & SMITH LLP

25

26                          By:     /s/ Ryan Matthews

27                                  RYAN MATTHEWS
                                    Attorneys for Defendants
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Exhibit A

**GRISWOLD** REAL ESTATE MANAGEMENT



Griswold Corporate Center
5703 Oberlin Drive, Suite 300
San Diego, CA 92121-1743
858-597-6100
Fax 858-597-6161

January 28, 2022

Joseph A. Salazar, Jr., Esquire
Ryan Matthews, Esquire
Lewis, Brisbois, Bisgaard & Smith, LLP
2020 W. El Camino Avenue, Suite 700
Sacramento, CA 95834
(916) 646-8213; Facsimile (916) 564-5444

Re: Terry v. Wasatch Property Management, et al; Case No. 2:15-cv-00799-KJM-DB – Rule 26 report

Dear Mr. Salazar and Mr. Matthews,

Please accept this letter as my findings and opinions concerning the standards of care and/or the custom and practice in the field of residential multi-family rental housing industry ownership, operation, property management, maintenance, plus specifically the standard of care and standards of practice for the Housing Choice Voucher Program (aka Section 8), as it pertains to the allegations and issues presented in the above lawsuit.

This letter comprises my report as to the opinions I expect to offer in this action. It further acknowledges that I have been retained as an expert to testify both at deposition and at trial, as necessary. I am familiar with the subject matter of this case, and I am prepared to offer the opinions expressed below.

In formulating these preliminary findings and opinions, I have utilized my extensive education, training and experience in many aspects of residential real estate management and specifically the professional management of residential multi-family apartment communities like the subject property. My qualifications in real estate are outlined in my Curriculum Vitae are attached as Exhibit "A".

I charge for my time as an expert witness and consultant on an hourly basis. The 2022 rates for this matter are $545 per hour for non-sworn testimony and $575 per hour for sworn testimony. I have also enclosed a copy of my current Terms of Engagement for consulting assignments which is attached as Exhibit "B".

I have also attached Exhibit "C" which is a listing of all cases in which I have consulted as an expert witness, including a list of all matters in which I have proffered sworn testimony in deposition, arbitration or trial through May 1, 2020.

Joseph A. Salazar, Jr., Esquire
Ryan Matthews, Esquire
Lewis, Brisbois, Bisgaard & Smith, LLP
January 28, 2022
Page 2

I also have authored eleven (11) books and many articles on property management topics.  My
first book is entitled "*Property Management for Dummies*" and was published by Wiley & Sons
in April 2001.  To date this book has sold over 100,000 copies. My second book was co-authored
with Eric Tyson and is entitled "*Real Estate Investing for Dummies*" and was published by Wiley
& Sons in November 2004. This book has also sold over 100,000 copies. My third book is a
complete re-write of "*Property Management for Dummies*" with the addition of extensive
collateral materials on federal, state and local laws plus nearly 100 forms and is entitled
"*Property Management Kit for Dummies*" and was published September 2, 2008.

My fourth book is the fully updated 2nd edition of "*Real Estate Investing for Dummies*" which
was published in February 2009. My 5th book is the completely updated 3rd edition of "*Property
Management Kit for Dummies*" published in 2013.

My sixth book is co-authored with Attorney Laurence Harmon and is entitled "*Landlord's Legal
Kit for Dummies*" which was published in June 2014. Then, the seventh book is a completely
updated 3rd edition of "*Real Estate Investing for Dummies*". In 2017, Wiley & Sons published
my eighth book entitled "*Mortgage Management for Dummies*" which I co-authored with Eric
Tyson. In 2018, a new book entitled "*Back to Basics – Real Estate Investing*" was also published
by John Wiley & Sons especially for Barnes and Noble. In October 2019, the 4th edition of "*Real
Estate Investing for Dummies*" was published and the 4th edition of "*Property Management Kit
for Dummies*" was published 12/14/2021. All eleven books are available at all major bookstores
and online sellers of books.

I also have written real estate columns that ran in many major newspapers throughout California
and nationally for nearly 15 years.  The syndicated "Rental Roundtable" column was written
exclusively for California appeared in the San Diego Union-Tribune, the Los Angeles Times,
and the San Francisco Chronicle.  The "Rental Forum" column was written for a national
audience (including some smaller newspapers in California) and was nationally syndicated by
Inman News Features.  Copies of these columns are available at the Inman website:
www.inman.com.

Joseph A. Salazar, Jr., Esquire
Ryan Matthews, Esquire
Lewis, Brisbois, Bisgaard & Smith, LLP
January 28, 2022
Page 3

Note that I have reviewed the following materials:

- Fifth Amended Class Action Complaint For Damages and Injunctive Relief, And For Relief Pursuant to False Claims filed 8/17/2021
- Defendants' Memorandum of Points And Authorities In Support Of Its Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted filed 9/14/2016
- Plaintiffs' Memorandum Of Points And Authorities In Support Of Their Opposition To Defendants' Motion To Dismiss Class Action filed 10/14/2016
- Defendants' Opposition to Motion for Class Certification dated 9/8/2017
- Order Re Motion To Amend Complaint And For Class Certification filed 7/30/2018
- Defendants' Second Further Amended Responses to Plaintiff Roy Huskey III's Interrogatories, Set Five dated 12/13/2021
- Deposition of Janae Jarvis + exhibit 3 taken on 8/10/2017
- Deposition of Shannon Fox taken on 8/7/2017
- Declaration of Shannon Fox dated 9/7/2017
- Spreadsheet entitled "S8 to ASA Adoption 1/2014 to 1/2022" – taken from Defendants' Yardi accounting and property management software (which my company uses exclusively)

To the extent my testimony requires exhibits, they may include any of the following:

- Lease packets of the representative Plaintiffs in this action, Denika Terry, Roy Huskey, and Tamera Livingston. This may include Residential Rental Agreements, Additional Service Agreements, or HAP Contracts.
- Data downloaded from Defendants' Yardi database regarding Section 8 Tenants and Additional Service Agreements.
- Pertinent sections of the Section 8 regulations promulgated by HUD and contained in Part 24 of the Code of Federal Regulations.
- Declaration of Shannon Fox dated 9/7/2017

Joseph A. Salazar, Jr., Esquire
Ryan Matthews, Esquire
Lewis, Brisbois, Bisgaard & Smith, LLP
January 28, 2022
Page 4

## Statement of Opinions

1. Additional Service Agreements (aka "ASA") like the ones utilized by Wasatch Property Management, Inc. in this case are commonplace in the multifamily residential rental property industry, including with Housing Choice Voucher Program (commonly referred to in the rental housing industry as well as by Public Housing Authorities (PHA) as "Section 8") applicants and residents. They offer residents options to enhance their living experience with amenities above and beyond what is included in "base rent" at the property.

2. Based on my review of some of Wasatch Property Management's Additional Service Agreements, I see nothing different in character about them or unique as compared with other Additional Service Agreements commonly used in the multifamily residential rental property industry, including with Housing Choice Voucher Program applicants and residents.

3. There is nothing inherently wrong or unlawful about offering tenants participating in the Housing Choice Voucher Program (HCV) the opportunity to enroll in an Additional Services Agreement. The Department of Housing and Urban Development ("HUD") has, to my knowledge, implemented no rule or regulation prohibiting the use of such agreements with Section 8 tenants.

4. The availability of ASAs is actually desirable, and many times these additional ASA items are amenities and features that will attract an HCV holder to a specific property versus another property without or with more limited or less desirable features and amenities. The whole goal of the HCV program is that the HCV holder can go into the conventional, competitive, non-subsidized rental market and find housing that best meets their needs. Many times a HCV holder will even agree to pay more than their HCV may authorize, including even base rent. This supports my opinion that the HCV program gives the HCV holder many options in a free market to optimize and locate and even participate in paying for the best housing option that meets their specific needs.

5. Based on my knowledge of the Housing Choice Voucher program, not allowing HCV holders to enroll in Additional Service Agreements based on their HCV status would amount to discrimination, as those HCV holders would not be given the same opportunities as non-HCV residents.

Joseph A. Salazar, Jr., Esquire
Ryan Matthews, Esquire
Lewis, Brisbois, Bisgaard & Smith, LLP
January 28, 2022
Page 5

6. The HUD regulations controlling the HCV program specifically contemplate an HCV resident being obligated to pay amounts to the landlord other than rent. The landlord is specifically entitled to terminate an HCV tenancy based on the HCV resident's nonpayment of those non-rent amounts due under the lease.

7. Public Housing Authorities consistently approve HCV tenancies and HAP contracts with these Additional Services Agreements. The Declaration of Shannon Fox submitted with Defendants' Opposition to the Motion for Class Certification confirms my experience with Public Housing Authorities and their attitudes toward Additional Service Agreements as they pertain to the HCV program. It further is consistent with my knowledge of the HCV regulations contained in Part 24 of the Code of Federal Regulations.

8. I have reviewed Wasatch's Payment Processing Sequence, which to my understanding applies tenant payments first to outstanding non-rent amounts, such as Additional Services Charges, before applying the remainder to any outstanding rent. This accounting method is the custom and practice in the multi-family rental housing industry and meets the standard of care. This method of accounting is taught by the Institute of Real Estate Management (IREM as well as the National Apartment Association (NAA). Based on my experience with the HCV program, and my knowledge of the HUD regulations contained in Part 24 of the Code of Federal Regulations, there is nothing improper or inappropriate about this common method of accounts receivable processing. These other amounts, including Additional Service Agreement charges, are treated differently from rent amounts because they are not rent.

9. Based on my review of data provided to me from Defendants' Yardi system, roughly half of the HCV residents since 2005 have entered into an Additional Service Agreement. My understanding of the allegations of the Fifth Amended Complaint is that Plaintiffs contend that these Additional Service Agreements are mandatory. Based on my experience in the industry, this Yardi data provides clear evidence that on a company-wide basis, the ASA's are not mandatory.

10. Multifamily residential buildings frequently have different types of units and floorplans. Often, some units contain amenities like washers and dryers, while others in the same complex will not. Where a multifamily residential project's only available units contain an amenity like a washer and dryer, which is separately charged, nothing in the HUD regulations contained in Part 24 of the Code of Federal Regulations or HAP Contract requires the landlord to remove the washer and dryer to make a lower-tier unit available for an HCV resident. The voucher-holder has a meaningful choice to wait for a unit without that amenity to become available, or to search elsewhere.

Joseph A. Salazar, Jr., Esquire
Ryan Matthews, Esquire
Lewis, Brisbois, Bisgaard & Smith, LLP
January 28, 2022
Page 6

11. Section 8 of the HAP Contract, which lists utilities and appliances and apportions responsibility for payment of the same as between the tenant and the owner, lists utilities and appliances which are typically required under HUD's Housing Quality Standards. (HQS.) In my experience, and based on my knowledge of the HCV regulations contained in Part 24 of the Code of Federal Regulations, there is no requirement that appliances which would not fall under the HQS be listed in that section. Non-HQS appliances could include a washer and dryer, a dishwasher, a microwave, or any number of other optional amenities.

**All of the above opinions, in response to the specific allegations made in the Fifth Amended Class Action Complaint, are expressed within a reasonable degree of certainty for the residential multi-family rental housing industry ownership, operation, property management, maintenance, including specifically the standard of care and standards of practice for the Housing Choice Voucher Program (aka "Section 8") in the multi-family residential rental housing industry.**

I will be glad to answer any questions you may have or provide additional information that supports my findings and opinions. I reserve the right to add, amend or further clarify these opinions as additional deposition transcripts and other information, documents and/or materials becomes available. I also intend to review the reports of any other relevant experts and may have additional, supplemental or rebuttal opinions at that time.

Please feel free to contact me if you have any questions or need clarification on any aspect of this opinion letter.

Sincerely,

Robert S. Griswold, CRE®, CPM®, CCIM®, RPA®, PCAM®, CCAM®, GRI®, ARM®
President

Exhibit B



Baker Tilly US, LLP
50 Fremont Street, Suite 4000
San Francisco, CA 94105
United States of America

T: +1 (415) 956 8323
bakertilly.com

July 20, 2023

Ryan Matthews, Esq.
Joseph Salazar, Esq.
Lewis Brisbois
2020 West El Camino Avenue, Suite 700
Sacramento, CA 95833

Re:    Denika Terry et al. v. Wasatch Advantage Group LLC et al.
       United States District Court, Eastern District of California
       Case 2:15-cv-00799-KMJ-DB

Dear Mr. Matthews and Mr. Salazar

We are pleased to submit the following information related to our ongoing review in connection
with the referenced case.  Our review to date has been limited to the scope of work outlined by
you and to materials provided pertinent to the captioned matter.  A list of documents and
information relied upon by me is contained below.


## PERSONAL QUALIFICATIONS

I have been in the field of forensic accounting for over 35 years, calculating economic damages
across many business lines and industries.  I am a Director with Baker Tilly US, LLP.

My CV and 5 year testifying experience are attached.  My rate of compensation is $510 per hour
plus expenses.  My fee is based on actual hours worked and is not contingent upon the
outcome of this case.


## BACKGROUND

I understand the issues for our consideration are related to the quantification of additional
service charges by the Defendants to Plaintiffs during a specified period defined by the Court.
Specifically, I have been asked to opine on the reasonable basis for determining the economic
value of additional charges associated with rental insurance and media packages (i.e., internet
and cable television services).  For purposes of this report, I have not been asked to provide a
final accounting of these matters as I understand the data set is not yet final.  Accordingly, I
anticipate providing additional, detailed reporting associated with this matter.

Baker Tilly US, LLP trading as Baker Tilly is a member of the global network of Baker Tilly International Ltd., the members of which
are separate and independent legal entities. ©2020 Baker Tilly US, LLP

Terry v Wasatch
July 20, 2023
Page 2

## SOURCES OF INFORMATION

In conducting my review, I relied upon the following data to date:

1. Fifth Amended Class Action Complaint for Damages and Injunctive Relief, and for Relief Pursuant to False Claims Act
2. Order Granting Pltfs MSJ and Denying Defs MSJMDD Review Folder dated 11/23/2022.
3. Expert Report of David Breshears filed 4/22/2022.
4. American Bankers Insurance Co of FL monthly invoices and detailed statements in Excel from May 2021 through April 2023
5. Account Current Statement for Freedom Advisors LLC for 01/2014 through 04/2023 in Excel.
6. Net Revenue – CA Only Excel spreadsheet.
7. Remote Deposition & Exhibits of Jarom Johnson dated May 31, 2023

## GENERAL COMMENTS

I understand Defendant companies utilize Yardi Property Management Software for accounting and data management and that the data available for our review is sourced from that software. Yardi is a widely used service provider in this arena offering a variety of products to both domestic and international property management companies. We have relied upon reports from Yardi in conducting forensic accounting reviews in prior matters. Consequently, I believe the revenue and cost data produced from their reporting processes conforms to industry standards and is accurate and reliable.

Of the charges included in the Additional Services Agreements, renter's insurance and the various media packages have a measurable economic value in the marketplace.  That value is established in each market by the cost of that product to consumers.  Under the circumstances, it is reasonable to assume that cost paid for these services by Wasatch is an appropriate measure of its value.  Accordingly, we believe a reasonable estimate of the damages incurred by the tenants for renter's insurance and media packages is the difference between the amounts paid to Wasatch as additional monthly service charges and the cost of those services incurred by Wasatch.  I understand there are other categories of additional service charge payments that do not fall into this category because they do not have direct associated costs (i.e parking, storage, etc.).  Those categories of payments would not be included in such an analysis.

Based on my review of the data provided to date, along with the deposition testimony of Mr. Johnson, I believe the specific payment amounts by tenants and the direct cost of both renters' insurance and media packages to Wasatch are readily available and can be reasonably measured during the relevant period.

Finally, it should be noted that at present I have not been asked to prepare a tenant-by-tenant analysis of the incremental payments described above.  I understand those costs are still accumulating.  While an analysis of the available data would be time-consuming, I, along with appropriate staff, would be able to accomplish this task in a timely manner.

Terry v Wasatch
July 20, 2023
Page 3

I trust the information above is clear.  If you should have any questions, please contact the undersigned.

Sincerely,

Baker Tilly US, LLP

James W. McCurley
Director

**FEDERAL COURT PROOF OF SERVICE**

USA-Terry v Wasatch Property Management, et al.
Case No. 2:15-cv-00799-KJM-DB

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 20, 2023, I served the following document(s):

-   DEFENDANTS' DISCLOSURE OF EXPERT WITNESS TESTIMONY

-   EXHIBITS A-D TO ROBERT GRISWOLD REPORT – BOX.COM SHAREFILE LINK

-   EXHIBITS A-I TO JAMES MCCURLEY REPORT – BOX.COM SHAREFILE LINK

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒   (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 20, 2023, at Sacramento, California.

_____
/s/ Alicia Crespo
Alicia Crespo

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## SERVICE LIST
*USA-Terry v Wasatch Property Management, et al.*
**Case No. 2:15-cv-00799-KJM-DB**

2

| | |
|---|---|
| Andrew Wolff<br>Law Office of Andrew Wolff, PC<br>1956 Webster Street, Suite 275<br>Oakland, CA 94612 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.:  (510) 834-3300<br>Email:  andrew@awolfflaw.com |
| Jesse Newmark<br>CENTRO LEGAL DE LA RAZA<br>3022 International Blvd., Suite 410<br>Oakland, CA 94601 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.:  (510) 437-1554 x115<br>Fax:  (510) 437-9164<br>Email:  jessenewmark@centrolegal.org |
| Laura L. Ho<br>Anne Bellows<br>Stephanie Tilden<br>GOLDSTEIN, BORGEN, DARDARIAN &<br>HO<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612 | ***Attorneys for Plaintiffs and Relators and the***<br>***Certified Classes***<br><br>Tel:   (510) 763-9800<br>Fax:  (510) 835-1417<br>Email:  lho@gbdhlegal.com<br>Email:  abellows@gbdhlegal.com<br>Email:  stilden@gbdhlegal.com<br>Email:  sgrimes@gbdhlegal.com<br>Email:  dvaldez@gbdhlegal.com |
| Colleen M. Kennedy<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814 | ***Attorney for Intervenor Plaintiff***<br>***United States of America***<br><br>Tel.: 916-554-2700<br>Fax: 916-554-2900<br>E: colleen.m.kennedy@usdoj.gov<br>E: caseview.ecf@usdoj.gov<br>E: kimberly.siegfried@usdoj.gov<br>E: monica.lee@usdoj.gov<br>E: usacae.ecfsaccv@usdoj.gov |
| Jocelyn D. Larkin<br>Lindsay Nako<br>The Impact Fund<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704 | ***Attorney for Plaintiffs***<br><br>Tel: (510) 845-3473 x.306<br>Fax: (510) 845-3654<br>Email: jlarkin@impactfund.org<br>Email: lnako@impactfund.org |
| Jahmy Graham<br>Nelson Mullins<br>19191 South Vermont Avenue, Suite 900<br>Torrance, CA 90502 | ***Attorneys for Defendant, Hayward Village***<br>***Apartments LP***<br><br>T: 424-221-7426<br>F: 424-221-7499<br>E: jahmy.graham@nelsonmullins.com |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT C

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JOSEPH A. SALAZAR JR., SB# 169551
2    E-Mail: Joe.Salazar@lewisbrisbois.com
   RYAN MATTHEWS, SB# 311674
3    E-Mail: Ryan.Matthews@lewisbrisbois.com
   2020 West El Camino Avenue, Suite 700
4  Sacramento, California 95833
   Telephone: 916.564.5400
5  Facsimile: 916.564.5444

6  Attorneys for Defendants

7

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10                **SACRAMENTO DIVISION**

11

12  UNITED STATES OF AMERICA, ex rel.       CASE NO. 2:15-cv-00799-KJM-DB
    DENIKA TERRY, ROY HUSKEY III, and
13  TAMERA LIVINGSTON, and each of them     **OBJECTION TO PLAINTIFFS'**
    for themselves individually, and for all other  **SUBPOENA TO PRODUCE**
14  persons similarly situated and on behalf of the  **DOCUMENTS, INFORMATION, OR**
    UNITED STATES OF AMERICA,               **OBJECTS TO JAMES MCCURLEY**
15
                 Plaintiffs/Relators,       The Hon. Kimberly J. Mueller
16
          vs.                               Trial Date:        None Set
17
    WASATCH ADVANTAGE GROUP, LLC,
18  WASATCH PROPERTY MANAGEMENT,
    INC., WASATCH POOL HOLDINGS, LLC,
19  CHESAPEAKE APARTMENT HOLDINGS,
    LLC, LOGAN PARK APARTMENTS, LLC,
20  LOGAN PARK APARTMENTS, LP, ASPEN
    PARK HOLDINGS, LLC, BELLWOOD
21  JERRON HOLDINGS, LLC, BELLWOOD
    JERRON APARTMENTS, LP, BENT TREE
22  APARTMENTS, LLC, CALIFORNIA
    PLACE APARTMENTS, LLC, CAMELOT
23  LAKES HOLDINGS, LLC, CANYON CLUB
    HOLDINGS, LLC, COURTYARD AT
24  CENTRAL PARK APARTMENTS, LLC,
    CREEKSIDE HOLDINGS, LTD,
25  HAYWARD SENIOR APARTMENTS, LP,
    HERITAGE PARK APARTMENTS, LP,
26  OAK VALLEY APARTMENTS, LLC, OAK
    VALLEY HOLDINGS, LP, PEPPERTREE
27  APARTMENT HOLDINGS, LP, PIEDMONT
    APARTMENTS, LP, POINT NATOMAS
28  APARTMENTS, LLC, POINT NATOMAS

127734104.1                                    1                    Case No. 2:15-cv-00799-KJM-DB

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  APARTMENTS, LP, RIVER OAKS
   HOLDINGS, LLC, SHADOW WAY
2  APARTMENTS, LP, SPRING VILLA
   APARTMENTS, LP, SUN VALLEY
3  HOLDINGS, LTD, VILLAGE GROVE
   APARTMENTS, LP, WASATCH QUAIL
4  RUN GP, LLC, WASATCH PREMIER
   PROPERTIES, LLC, WASATCH POOL
5  HOLDINGS III, LLC, and DOES 1-4

6          Defendants.

7

8          Defendants WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY

9  MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT

10 HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP,

11 ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD

12 JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE

13 APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS,

14 LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS,

15 LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP,

16 OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE

17 APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS

18 APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS,

19 LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN

20 VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL

21 RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS

22 III, LLC, hereby serves this objection to the Subpoena to Produce Documents, Information, or

23 Objects to or to permit Inspection of Premises in a Civil Action to James McCurley to Produce

24 Documents as the requests are overbroad.

25         Further, as to the specific categories of requested documentation:

26                 **DOCUMENTS AND THINGS TO BE PRODUCED**

27 **DEMAND FOR PRODUCTION NO. 1:**

28         All contracts, agreements, retainers, engagement letters, or similar DOCUMENTS between

OBJECTION TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO
JAMES MCCURLEY

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  YOU and any Defendant, attorney, law firm, or agent(s) thereof that refer or relate to this

2  ACTION.

3  **OBJECTION TO DEMAND FOR PRODUCTION NO. 1:**

4      This request is overbroad and seeks information protected by the work product privilege.

5  **DEMAND FOR PRODUCTION NO. 2:**

6      All bills, invoices, and time records that relate to YOUR work related to this ACTION.

7  **OBJECTION TO DEMAND FOR PRODUCTION NO. 2:**

8      This request is overbroad and seeks information protected by the work product privilege.

9  **DEMAND FOR PRODUCTION NO. 3:**

10      All DOCUMENTS reflecting communications between YOU and any persons other than

11  Defendants' counsel concerning this ACTION.

12  **OBJECTION TO DEMAND FOR PRODUCTION NO. 3:**

13      This request is overbroad and seeks information protected by the work product privilege.

14  **DEMAND FOR PRODUCTION NO. 4:**

15      All DOCUMENTS that Defendants and/or their agents, law firms, attorneys, or anyone

16  acting on their behalf provided to YOU regarding this ACTION.

17  **OBJECTION TO DEMAND FOR PRODUCTION NO. 4:**

18      This request is overbroad and seeks information protected by the work product privilege.

19  **DEMAND FOR PRODUCTION NO. 5:**

20      All DOCUMENTS identifying facts or data that were reviewed by YOU in forming your

21  expert opinions in this ACTION

22  **OBJECTION TO DEMAND FOR PRODUCTION NO. 5:**

23      This request is overbroad and seeks information protected by the work product privilege.

24  **DEMAND FOR PRODUCTION NO. 6:**

25      All DOCUMENTS identifying assumptions that YOU relied upon in forming YOUR

26  expert opinions in this ACTION.

27  **OBJECTION TO DEMAND FOR PRODUCTION NO. 6:**

28      This request is overbroad and seeks information protected by the work product privilege.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

127734104.1                                    3                    Case No. 2:15-cv-00799-KJM-DB

OBJECTION TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO
JAMES MCCURLEY

1  **DEMAND FOR PRODUCTION NO. 7:**

2      All DOCUMENTS, other than draft reports, prepared and/or generated by YOU that refer

3  or relate to this ACTION.

4  **OBJECTION TO DEMAND FOR PRODUCTION NO. 7:**

5      This request is overbroad and seeks information protected by the work product privilege.

6  **DEMAND FOR PRODUCTION NO. 8:**

7      All EXPERT REPORTS written by YOU or by others on YOUR behalf in the last five

8  years.

9  **OBJECTION TO DEMAND FOR PRODUCTION NO. 8:**

10      This request is overbroad and seeks information protected by the work product privilege.

11  **DEMAND FOR PRODUCTION NO. 9:**

12      All EXPERT REPORTS written by YOU or by others on YOUR behalf that reference the

13  HOUSING CHOICE VOUCHER PROGRAM.

14  **OBJECTION TO DEMAND FOR PRODUCTION NO. 9:**

15      This request is overbroad and seeks information protected by the work product privilege.

16  **DEMAND FOR PRODUCTION NO. 10:**

17      All deposition or trial transcripts containing testimony by YOU that referenced or related

18  to the HOUSING CHOICE VOUCHER PROGRAM.

19  **OBJECTION TO DEMAND FOR PRODUCTION NO. 10:**

20      This request is overbroad and seeks information protected by the work product privilege.

21  **DEMAND FOR PRODUCTION NO. 11:**

22      All EXPERT REPORTS written by YOU or by others on YOUR behalf that refer or relate

23  to measuring the economic or market value of goods or services.

24  **OBJECTION TO DEMAND FOR PRODUCTION NO. 11:**

25      This request is overbroad and seeks information protected by the work product privilege.

26  **DEMAND FOR PRODUCTION NO. 12:**

27      All deposition or trial transcripts containing testimony by YOU that referenced or related

28  to measuring the economic or market value of goods or services.



OBJECTION TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO
JAMES MCCURLEY

1   **OBJECTION TO DEMAND FOR PRODUCTION NO. 12:**

2       This request is overbroad and seeks information protected by the work product privilege.

3   **DEMAND FOR PRODUCTION NO. 13:**

4       All EXPERT REPORTS written by YOU or by others on YOUR behalf that refer or relate

5   to damages for breach of contract.

6   **OBJECTION TO DEMAND FOR PRODUCTION NO. 13:**

7       This request is overbroad and seeks information protected by the work product privilege.

8   **DEMAND FOR PRODUCTION NO. 14:**

9       All deposition or trial transcripts in containing testimony by YOU that referenced or

10  related to damages for breach of contract.

11  **OBJECTION TO DEMAND FOR PRODUCTION NO. 14:**

12      This request is overbroad and seeks information protected by the work product privilege.

13  DATED:  August 4, 2023            LEWIS BRISBOIS BISGAARD & SMITH LLP

14

15                          By: _____

16                              RYAN MATTHEWS
                                Attorneys for Defendants

17

18

19

20

21

22

23

24

25

26

27

28



**FEDERAL COURT PROOF OF SERVICE**

USA-Terry v Wasatch Property Management, et al.
Case No. 2:15-cv-00799-KJM-DB

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 4, 2023, I served the following document(s):

- OBJECTION TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO JAMES MCCURLEY

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 4, 2023, at Sacramento, California.

_____
Alicia Crespo



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## SERVICE LIST
*USA-Terry v Wasatch Property Management, et al.*
**Case No. 2:15-cv-00799-KJM-DB**

2

| | |
|---|---|
| 3<br>4<br>5<br><br>Andrew Wolff<br>Law Office of Andrew Wolff, PC<br>1956 Webster Street, Suite 275<br>Oakland, CA 94612 | *Attorney for Plaintiffs*<br>*Denika Terry and Roy Huskey, III*<br><br>Tel.:  (510) 834-3300<br>Email:  andrew@awolfflaw.com |
| 6<br>7<br>8<br>9<br><br>Jesse Newmark<br>CENTRO LEGAL DE LA RAZA<br>3022 International Blvd., Suite 410<br>Oakland, CA 94601 | *Attorney for Plaintiffs*<br>*Denika Terry and Roy Huskey, III*<br><br>Tel.:  (510) 437-1554 x115<br>Fax:  (510) 437-9164<br>Email:  jessenewmark@centrolegal.org |
| 10<br>11<br>12<br>13<br>14<br><br>Laura L. Ho<br>Anne Bellows<br>Stephanie Tilden<br>GOLDSTEIN, BORGEN, DARDARIAN &<br>HO<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612 | *Attorneys for Plaintiffs and Relators and the*<br>*Certified Classes*<br><br>Tel:   (510) 763-9800<br>Fax:  (510) 835-1417<br>Email:  lho@gbdhlegal.com<br>Email:  abellows@gbdhlegal.com<br>Email:  stilden@gbdhlegal.com<br>Email:  sgrimes@gbdhlegal.com<br>Email:  dvaldez@gbdhlegal.com |
| 15<br>16<br>17<br>18<br>19<br>20<br><br>Colleen M. Kennedy<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814 | *Attorney for Intervenor Plaintiff*<br>*United States of America*<br><br>Tel.: 916-554-2700<br>Fax: 916-554-2900<br>E: colleen.m.kennedy@usdoj.gov<br>E: caseview.ecf@usdoj.gov<br>E: kimberly.siegfried@usdoj.gov<br>E: monica.lee@usdoj.gov<br>E: usacae.ecfsaccv@usdoj.gov |
| 21<br>22<br>23<br><br>Jocelyn D. Larkin<br>Lindsay Nako<br>The Impact Fund<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704 | *Attorney for Plaintiffs*<br><br>Tel: (510) 845-3473 x.306<br>Fax: (510) 845-3654<br>Email: jlarkin@impactfund.org<br>Email: lnako@impactfund.org |
| 24<br>25<br>26<br>27<br><br>Jahmy Graham<br>Nelson Mullins<br>19191 South Vermont Avenue, Suite 900<br>Torrance, CA 90502 | *Attorneys for Defendant, Hayward Village*<br>*Apartments LP*<br><br>T: 424-221-7426<br>F: 424-221-7499<br>E: jahmy.graham@nelsonmullins.com |

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



# EXHIBIT D

**Stephanie Tilden**

| | |
|---|---|
| **From:** | Anne Bellows |
| **Sent:** | Thursday, August 24, 2023 10:19 PM |
| **To:** | Ryan.Matthews@lewisbrisbois.com; Lindsay Nako; jahmy.graham@nelsonmullins.com |
| **Subject:** | 8/24 M& C meeting notes |

Hi Ryan & Jahmy,

Below are my notes from our meet and confer call this afternoon.  Please let me know if you believe any of this is incorrect.

***McCurley Document Production.***  Defendants confirmed that they have produced everything in McCurley's possession that was responsive to the document subpoena.  Regarding deposition testimony related to contract damages, McCurley checked to see if he had any transcripts and did not find any.  Similarly, McCurley did not have any documents related to the communication of facts, assumptions or data related to the case beyond what was produced with his expert report.  Defendants will provide a revised subpoena response confirming what was produced and what did not exist.

Based on these representations, Plaintiffs will withdraw their discovery motion filed last Friday.

***McCurley Deposition.***  The deposition date is confirmed for September 5 at 10am.  Plaintiffs will follow up with any information about the technological aspects of working with the new court reporting company.

***Sixth Amended Complaint.***  You told us that you have not yet been able to talk to the clients about it, but you do not anticipate filing an opposition at this stage.  Plaintiffs proposed that if Defendants do not oppose the filing of the Sixth Amended Complaint, the parties execute a stipulation similar to the one we previously shared but with added language addressing the fact the motion has been filed.  You agreed to follow up on this.

***Stipulation Related to the HAP Contracts.***  We discussed the fact that Defendants' failure to sign the stipulation related to the HAP Contracts is creating a likelihood that they will need to produce each of the HAP Contracts at issue, across all of their properties, as the Court has already ordered.

On May 16 of this year, Magistrate Judge Barnes ***granted*** Plaintiffs' motion to compel production related to RFP No. 159, which requested "All HAP Contracts for ALL SECTION 8 tenants at the SUBJECT PROPERTIES who have paid ADDITIONAL SERVICE CHARGES for in-unit washers and dryers at any time since July 1, 2019."  *See* ECF No. 306 (granting ECF No. 292).

That is, Defendants are already under a court order to produce the documents.  Plaintiffs will hold them to that order if they do not agree to the stipulation, which Plaintiffs originally proposed as a means of saving time and effort for both parties by resolving a basic fact (the language of the relevant HAP Contracts) that we do not believe is actually disputed.

If Defendants do not agree to sign the stipulation, they must produce the documents, and given the passage of time since the court's order on the motion to compel, they must do so quickly.  Plaintiffs are reviewing their options for next steps.

***Class list update –*** Plaintiffs agreed that once we have a complete class list, we would provide Defendants with a list of the tenant IDs that we believed were omitted from the class list Defendants produced.

***Huskey RFAs re authentication*** – you stated that you hoped to be able to provide an update on this after speaking with your clients.

***Mediation*** – you have not yet been able to connect with your clients about this, but will provide an update after speaking with them.

Thanks,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

# EXHIBIT E

**Stephanie Tilden**

| | |
|---|---|
| **From:** | Stephanie Tilden |
| **Sent:** | Thursday, September 28, 2023 5:44 PM |
| **To:** | Matthews, Ryan |
| **Cc:** | Anne Bellows; Lindsay Nako |
| **Subject:** | RE: Wasatch - joint stipulation extending expert discovery deadline |
| **Attachments:** | Jt Statement re MTC McCurley Supp Docs.DOCX |

Hi Ryan,

I am attaching a draft of the joint statement regarding the discovery dispute. It has been updated to reflect recent meet and confer efforts.

Our joint statement is due tomorrow (9/29). Please either produce the McCurley documents or fill in Defendants' sections of the joint statement. We will need a response early tomorrow so that we can timely file the joint statement if we need to.

Thank you.

---

**From:** Stephanie Tilden
**Sent:** Monday, September 25, 2023 2:23 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Anne Bellows <abellows@gbdhlegal.com>; Lindsay Nako <lnako@impactfund.org>
**Subject:** RE: Wasatch - joint stipulation extending expert discovery deadline

Hi Ryan,

Checking in on the supplemental production of Mr. McCurley's documents. Are you able to produce those to us? Our joint statement for this discovery dispute is due this Friday 9/29, so we will have to file that if we don't get the requested documents. Thank you.

---

**From:** Stephanie Tilden
**Sent:** Friday, September 8, 2023 9:28 AM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Anne Bellows <abellows@gbdhlegal.com>; Lindsay Nako <lnako@impactfund.org>
**Subject:** RE: Wasatch - joint stipulation extending expert discovery deadline

Hi Ryan,

I wanted to check in on the stipulation to extend the expert deadline. May I add your signature and file it?

We also need the supplemental production of Mr. McCurley's documents or your sections of the joint statement re discovery dispute by noon today. Can you give me any update on the status of the document production?

Thank you.

---

**From:** Stephanie Tilden
**Sent:** Thursday, September 7, 2023 4:23 PM

**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Anne Bellows <abellows@gbdhlegal.com>; Lindsay Nako <lnako@impactfund.org>
**Subject:** RE: Wasatch - joint stipulation extending expert discovery deadline

Hi Ryan,

Attached please see a draft joint statement re discovery dispute, which I mentioned in my email yesterday.

Please either produce Mr. McCurley's supplemental document production or return this joint statement with Defendants' sections filled out by tomorrow, September 8, at 12:00 pm.

Also, please let me know if you agree to sign off on the Stipulation to extend the expert discovery deadline.  Thank you!

Best,
Stephanie

**From:** Stephanie Tilden <stilden@gbdhlegal.com>
**Sent:** Wednesday, September 6, 2023 6:05 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Anne Bellows <abellows@gbdhlegal.com>; Lindsay Nako <lnako@impactfund.org>
**Subject:** Re: Wasatch - joint stipulation extending expert discovery deadline

Hi Ryan,

There is a small typo in the Stipulation.  The Subpoena to Produce Documents was served on July 21st and not July 20th.  When you sign off on the stipulation, I will make that edit before we file. Thanks.

**From:** Stephanie Tilden
**Sent:** Wednesday, September 6, 2023 4:09 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** Anne Bellows <abellows@gbdhlegal.com>; Lindsay Nako <lnako@impactfund.org>
**Subject:** Wasatch - joint stipulation extending expert discovery deadline

Hi Ryan,

Please see attached a draft Stipulation extending the expert discovery deadline for the limited purpose of Mr. McCurley's supplemental responses to Plaintiffs' document subpoena.  If you approve of the Stipulation, please let us know if we can add your signature and get it on file.

The stipulation extends the discovery deadline for this limited purpose until September 22, 2023, which is the date we discussed yesterday.  Please note that this deadline contemplates that, in the event that Plaintiffs do not receive the documents, Plaintiffs will have to move to compel production of these documents this Friday, September 8th and will submit a joint statement that day in order to schedule a hearing on September 22.  Consequently, we are drafting a Joint Statement re Discovery Dispute and will send you a draft of this statement by tomorrow afternoon.

**Can we agree that by Friday, September 8 at 12:00 pm, we will either receive Mr. McCurley's supplemental document production OR Defendant's portion of the Joint Statement re Discovery Dispute?**

Also, would you be able to ask Mr. McCurley to give us the name of the case he described where he was asked to opine on whether or not there was sufficient relevant data to perform a damages analysis? During the deposition, Mr. McCurley said he'd be able to get us the name of this case.   Thank you!

Stephanie Tilden (she/her)

Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA 94612
Direct: (510) 287-4327
Main: (510) 763-9800
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

# EXHIBIT F

**Stephanie Tilden**

---

| | |
|---|---|
| **From:** | Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com> |
| **Sent:** | Wednesday, September 20, 2023 12:46 PM |
| **To:** | Anne Bellows |
| **Cc:** | jahmy.graham@nelsonmullins.com; Lindsay Nako |
| **Subject:** | RE: 9/13 meet & confer agenda |

Anne,

I can't make it, but I know you need an update from last week. I've followed up on my end and will get you answers as soon as I have them.

Thanks,

Ryan



**Ryan Matthews**
**Attorney**
**Ryan.Matthews@lewisbrisbois.com**

**T: 916.646.8213 F: 916.564.5444**

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833 | LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Anne Bellows <abellows@gbdhlegal.com>
**Sent:** Tuesday, September 19, 2023 2:11 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** jahmy.graham@nelsonmullins.com; Lindsay Nako <lnako@impactfund.org>
**Subject:** [EXT] RE: 9/13 meet & confer agenda

Hi Ryan,

Can you confirm whether you'll be on the meet and confer call tomorrow?  Here is our agenda, same as last week.

1. McCurley documents – please produce ASAP
2. Class List – need Ryan's authorization for Fitech Gelb to investigate the omitted class members
3. HAP Contract Stip & RFAs re: authentication
4. Prospective trial dates

5. Proposed schedule for pre-trial work
   1. Parties exchange proposed factual stipulations:  Oct. 6
   2. Plaintiffs provide draft of pre-trial statement:  Oct. 20
   3. Parties exchange witness lists, exhibit lists, and written discovery designations:  Oct. 20
   4. Parties exchange deposition designations:  Nov. 3
   5. Parties exchange final witness lists, exhibit lists, and discovery designations:  Nov. 10
   6. Parties file joint pre-trial statement and any motions in limine:  Nov. 17
6. Mediation


Thanks,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Tuesday, September 19, 2023 10:35 AM
**To:** 'Matthews, Ryan' <Ryan.Matthews@lewisbrisbois.com>
**Cc:** 'jahmy.graham@nelsonmullins.com' <jahmy.graham@nelsonmullins.com>; Lindsay Nako <lnako@impactfund.org>
**Subject:** RE: 9/13 meet & confer agenda

Hi Ryan, we did not receive a written update yet.  Additionally, could you please authorize John Bailey to move forward?

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Thursday, September 14, 2023 12:53 PM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** jahmy.graham@nelsonmullins.com; Lindsay Nako <lnako@impactfund.org>
**Subject:** RE: 9/13 meet & confer agenda

Hi Ryan, can we still expect a written update?  The most time sensitive thing is getting authorization for John Bailey to investigate the potential class members whose data we did not receive.  If you could at least respond to him to confirm Defendants' authorization that would be great.

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Wednesday, September 13, 2023 9:52 AM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** jahmy.graham@nelsonmullins.com; Lindsay Nako <lnako@impactfund.org>
**Subject:** RE: 9/13 meet & confer agenda

Ok, thanks for letting me know.  Looking forward to the written update.

Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Sent:** Wednesday, September 13, 2023 9:51 AM
**To:** Anne Bellows <abellows@gbdhlegal.com>
**Cc:** jahmy.graham@nelsonmullins.com; Lindsay Nako <lnako@impactfund.org>
**Subject:** RE: 9/13 meet & confer agenda

Anne,

Sorry, I was in mediation until late yesterday, and I'm in depos all day today, so I can't attend. I'll get you a written update this afternoon.

Thanks,

Ryan

3



**Ryan Matthews**
**Attorney**
Ryan.Matthews@lewisbrisbois.com

**T: 916.646.8213 F: 916.564.5444**

2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Anne Bellows <abellows@gbdhlegal.com>
**Sent:** Wednesday, September 13, 2023 9:44 AM
**To:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Cc:** jahmy.graham@nelsonmullins.com; Lindsay Nako <lnako@impactfund.org>
**Subject:** [EXT] RE: 9/13 meet & confer agenda

HI Ryan, pinging you again.  Will you be on the 1pm call?

Anne P. Bellows

(pronouns: she/her)

Goldstein, Borgen, Dardarian & Ho

155 Grand Avenue, Suite 900

Oakland, CA  94612

(510) 287-4344

www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Tuesday, September 12, 2023 2:20 PM
**To:** Ryan.Matthews@lewisbrisbois.com
**Cc:** jahmy.graham@nelsonmullins.com; Lindsay Nako <lnako@impactfund.org>
**Subject:** 9/13 meet & confer agenda

Hi Ryan and Jahmy,

I'm going to send a zoom invite for our meet and confer call at 1pm tomorrow as Lindsay will be out.  Please confirm that you'll be there or propose an alternative time.  Here is a draft agenda:

1. McCurley documents – please produce ASAP
2. Class List – need Ryan's authorization for Fitech Gelb to investigate the omitted class members
3. HAP Contract Stip & RFAs re: authentication
4. Prospective trial dates
5. Proposed schedule for pre-trial work
    1. Parties exchange proposed factual stipulations:  Oct. 6
    2. Plaintiffs provide draft of pre-trial statement:  Oct. 20
    3. Parties exchange witness lists, exhibit lists, and written discovery designations:  Oct. 20
    4. Parties exchange deposition designations:  Nov. 3
    5. Parties exchange final witness lists, exhibit lists, and discovery designations:  Nov. 10
    6. Parties file joint pre-trial statement and any motions in limine:  Nov. 17
6. Mediation

Thanks,

Anne

Anne P. Bellows

(pronouns: she/her)

Goldstein, Borgen, Dardarian & Ho

155 Grand Avenue, Suite 900

Oakland, CA  94612

(510) 287-4344

[www.gbdhlegal.com](www.gbdhlegal.com)

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

EXHIBIT G

**Stephanie Tilden**

| | |
|---|---|
| **From:** | Anne Bellows |
| **Sent:** | Thursday, September 28, 2023 2:19 PM |
| **To:** | Ryan.Matthews@lewisbrisbois.com |
| **Cc:** | jahmy.graham@nelsonmullins.com; Lindsay Nako; Stephanie Tilden |
| **Subject:** | RE: 9/27 meeting agenda |

Hi Ryan, pinging you again on these two items.

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Wednesday, September 27, 2023 2:53 PM
**To:** 'Ryan.Matthews@lewisbrisbois.com' <Ryan.Matthews@lewisbrisbois.com>
**Cc:** 'jahmy.graham@nelsonmullins.com' <jahmy.graham@nelsonmullins.com>; 'Lindsay Nako' <lnako@impactfund.org>; Stephanie Tilden <stilden@gbdhlegal.com>
**Subject:** RE: 9/27 meeting agenda

Hi Ryan,

Looking forward to talking at 3:30pm on Friday.  In the meantime, can you (1) authorize John Bailey to move forward with looking at the class list issues, and (2) produce the McCurley documents?

Thanks,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Anne Bellows
**Sent:** Tuesday, September 26, 2023 2:17 PM
**To:** Ryan.Matthews@lewisbrisbois.com
**Cc:** jahmy.graham@nelsonmullins.com; Lindsay Nako <lnako@impactfund.org>; Stephanie Tilden <stilden@gbdhlegal.com>
**Subject:** 9/27 meeting agenda

Hi Ryan,

Below is a meet and confer agenda.  Please confirm the call at 1pm tomorrow or propose another time to talk tomorrow or Thursday.  With the joint statement about the McCurley documents due on Friday and the other items listed below, we have a number of time sensitive issues to discuss, and we cannot afford to continue waiting for written updates that never materialize.

(Note that I will be sending a zoom invite for our meeting. Please use that and disregard the conference-call calendar invite.)

**Agenda:**
1. Motion for Summary Judgment
   a. Plaintiffs plan to file a motion for summary judgment on the amount of class damages. Pursuant to the Court's standing order, we request the opportunity to meet and confer about the motion.
2. McCurley documents
   a. These should be produced ASAP. Otherwise, please provide your sections for the joint statement for filing on Friday. I'm attaching the most recent version we sent you (on 9/7) here, though it will need some minor updates to account for the weeks that have passed without Defendants making the production.
3. Class list – please provide your authorization for Fitech Gelb's further work investigating omitted class members and pulling contact information for all class members
4. HAP Contract Stip & RFAs re: authentication
5. Prospective trial dates
6. Updated proposed schedule for pre-trial work:
   a. Parties exchange proposed factual stipulations: Oct. 13
   b. Plaintiffs provide draft of pre-trial statement: Oct. 20
   c. Parties exchange initial witness lists, exhibit lists, and discovery designations:  Oct. 20
   d. Parties exchange deposition designations:  Nov. 3
   e. Parties exchange final witness lists, exhibit lists, and discovery designations: Nov. 10
   f. Parties file joint pre-trial statement and any motions in limine: Nov. 17
7. Mediation

Thanks,
Anne


Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

# EXHIBIT H

**Stephanie Tilden**

| | |
|---|---|
| **From:** | Anne Bellows |
| **Sent:** | Friday, September 29, 2023 4:09 PM |
| **To:** | Crespo, Alicia; Lindsay Nako |
| **Cc:** | Matthews, Ryan; Stephanie Tilden |
| **Subject:** | RE: Terry - Call Today |

Understood.  We will proceed with a one-sided filing by 5pm if we do not hear otherwise.

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Crespo, Alicia <Alicia.Crespo@lewisbrisbois.com>
**Sent:** Friday, September 29, 2023 3:48 PM
**To:** Anne Bellows <abellows@gbdhlegal.com>; Lindsay Nako <lnako@impactfund.org>
**Cc:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; Stephanie Tilden <stilden@gbdhlegal.com>
**Subject:** RE: Terry - Call Today

I will ask, but I am not sure if I will get an answer in time given the emergent ex parte.

**Alicia Crespo**
**Legal Secretary**
Sacramento
916.646.8272 or x9168272

**From:** Anne Bellows <abellows@gbdhlegal.com>
**Sent:** Friday, September 29, 2023 3:31 PM
**To:** Crespo, Alicia <Alicia.Crespo@lewisbrisbois.com>; Lindsay Nako <lnako@impactfund.org>
**Cc:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>; Stephanie Tilden <stilden@gbdhlegal.com>
**Subject:** [EXT] RE: Terry - Call Today
**Importance:** High

Hi Alicia,

I am open to rescheduling the call for Monday, but we have a joint statement due to be filed today on Plaintiffs' Motion to Compel and we have not received either the production or Defendants' portions of the joint statement (which I am attaching for your convenience).  Will Ryan be providing Defendants' portions of the joint statement?

Thanks,
Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Crespo, Alicia <Alicia.Crespo@lewisbrisbois.com>
**Sent:** Friday, September 29, 2023 3:29 PM
**To:** Anne Bellows <abellows@gbdhlegal.com>; Lindsay Nako <lnako@impactfund.org>
**Cc:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Subject:** RE: Terry - Call Today
**Importance:** High

Ms. Bellows,

Ryan is currently working on an emergent ex parte that we are required to file with the Court this afternoon. Can this call be rescheduled to Monday?

Thank you and apologies for the late notice.

**Alicia Crespo**
**Legal Secretary**
Sacramento
916.646.8272 or x9168272

**From:** Anne Bellows <abellows@gbdhlegal.com>
**Sent:** Wednesday, September 27, 2023 10:58 AM
**To:** Crespo, Alicia <Alicia.Crespo@lewisbrisbois.com>; Lindsay Nako <lnako@impactfund.org>
**Cc:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Subject:** [EXT] RE: Terry - Call Today

Hi Alicia, 3:30pm would work on Friday.

Anne P. Bellows
(pronouns: she/her)

Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Crespo, Alicia <Alicia.Crespo@lewisbrisbois.com>
**Sent:** Wednesday, September 27, 2023 10:43 AM
**To:** Anne Bellows <abellows@gbdhlegal.com>; Lindsay Nako <lnako@impactfund.org>
**Cc:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Subject:** RE: Terry - Call Today

I am trying to confirm if a deposition is going forward Friday morning, if it does not then yes 1 pm will work. If it does go forward then would 3pm be okay?

Thank you,

**Alicia Crespo**
**Legal Secretary**
Sacramento
916.646.8272 or x9168272

**From:** Anne Bellows <abellows@gbdhlegal.com>
**Sent:** Wednesday, September 27, 2023 10:12 AM
**To:** Crespo, Alicia <Alicia.Crespo@lewisbrisbois.com>; Lindsay Nako <lnako@impactfund.org>
**Cc:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Subject:** [EXT] RE: Terry - Call Today


Hi Alicia, thanks for reaching out and for letting us know. How is 1pm on Friday?

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.

**From:** Crespo, Alicia <Alicia.Crespo@lewisbrisbois.com>
**Sent:** Wednesday, September 27, 2023 10:11 AM
**To:** Anne Bellows <abellows@gbdhlegal.com>; Lindsay Nako <lnako@impactfund.org>

**Cc:** Matthews, Ryan <Ryan.Matthews@lewisbrisbois.com>
**Subject:** Terry - Call Today

Good Morning,

Ryan Matthews is out of reach today and won't be able to make the call this afternoon. Can we have this call rescheduled for Friday afternoon?

Thank you,



**Alicia Crespo**
Legal Assistant to
Joseph A. Salazar, Jr., Ryan J. Matthews,
Christine N. Weil, Jay C. Patterson, and Keaton Mendoza
Alicia.Crespo@lewisbrisbois.com
T: 916.646.8272 | F: 916.564.5444
2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833

**Representing clients from coast to coast. View our nationwide locations.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored..