1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Anne Bellows (SBN 293722)
   abellows@gbdhlegal.com
3  Stephanie Tilden (SBN 341486)
   stilden@gbdhlegal.com
4  GOLDSTEIN, BORGEN, DARDARIAN & HO
   155 Grand Avenue, Suite 900
5  Oakland, CA 94612
   Telephone: (510) 763-9800 | (Fax) (510) 835-1417
6
   Andrew Wolff (SBN 195092)
7  andrew@awolfflaw.com
   LAW OFFICES OF ANDREW WOLFF, PC
8  1615 Broadway, 4th Floor
   Oakland, CA 94612
9  Telephone: (510) 834-3300 | (Fax) (510) 834-3377

10 Jesse Newmark (SBN 247488)
   jessenewmark@centrolegal.org
11 CENTRO LEGAL DE LA RAZA
   3022 International Blvd., Suite 410
12 Oakland, CA 94601
   Telephone: (510) 437-1863 | (Fax) (510) 437-9164
13
   Jocelyn Larkin (SBN 110817)
14 jlarkin@impactfund.org
   Lindsay Nako (SBN 239090)
15 lnako@impactfund.org
   IMPACT FUND
16 2080 Addison Street, Suite 5
   Berkeley, CA 94704
17 Telephone: (510) 845-3473 | (Fax) (510) 845-3654

18 Attorneys for Plaintiffs and Relators and the Certified Classes

19                    **UNITED STATES DISTRICT COURT**
                      **EASTERN DISTRICT OF CALIFORNIA**
20                          **SACRAMENTO DIVISION**

21 | | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT RE REMEDIES**<br><br>Date:   December 8, 2023<br>Time:   10:00 a.m.<br>Dept:   Courtroom 3, 15th Floor<br>Before: Hon. Chief Judge Kimberly J. Mueller<br><br>Trial Date:   None Set |

Pls.' Stmt. of Undisputed Facts in Supp. Mot. Summ. J. re Remedies – Case No. 2:15-CV-00799 KJM-DB

885990.3

| | |
|---|---|
| 1 | LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC, and DOES 1-4,<br><br>　　　　Defendants. |

## I.  PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS

Plaintiffs and Relators ("Plaintiffs") provide the following Statement of Undisputed Facts in support of their Motion for Partial Summary Judgment Regarding Remedies (filed herewith). For clarity and brevity, Plaintiffs provide the following definitions of terms used in the Statement.

1. "Section 8" shall refer to the Housing Choice Voucher program, commonly called the Section 8 program, funded by the United Stated Department of Housing and Urban Development and administered by local public housing agencies.

2. "HAP Contract" shall refer to the Housing Assistance Payment Contract that is required to be executed by the landlord and the applicable public housing agency for all Section 8 tenancies.

3. "Additional Service Charges" shall refer to charges assessed on Defendants' tenants pursuant to Additional Service Agreements.

4. "Class Damages Period" shall refer to the period from April 14, 2011 to the present. Order 10, ECF No. 114.

5. "Class Members" shall refer to all members of the certified Rule 23(b)(3) class. *See* Class Certification Order 13, 37, ECF No. 92; Order 10, ECF No. 114.

**A.  Facts Relating to the Calculation of Class Wide Damages, Restitution, and Interest.**

| Statement of Undisputed Fact | Evidence |
|---|---|
| 1. Defendants' policies and practices related to Additional Service Charges assessed on Section 8 tenants, which were established in the prior summary judgment briefing (*see* Summ. J. Order, ECF No. 278), continued without change until November 30, 2022. | Defs' Resp. to Livingston Interrogs., Set 3 No. 7, Bellows Decl. Ex. 9, filed wherewith.<br><br>Defs' Revised Amended Resp. to Livingston Interrog., Set 3 No. 6, Bellows Decl. Ex. 10 (identifying November 30, 2023 as the date the first policy change was implemented). |
| 2. On November 30, 2022, Defendants changed their payment priority sequence as a result of the Court's prior Summary Judgment Order. | Defs' Revised Amended Resp. to Livingston Interrog., Set 3 No. 6, Bellows Decl. Ex. 10. |

| Statement of Undisputed Fact | Evidence |
|---|---|
| 3. The Additional Service Charges paid by Class Members during the class period are documented in the tenant ledger data maintained by Defendants in their Yardi property management database, which records all tenant charges and payments. | Joint Fact Stipulation Regarding Yardi Data ¶ 23, ECF No. 242-4.<br><br>Gelb Decl. ¶ 8, filed herewith. |
| 4. The Yardi ledger data contains "charge codes" identify charges for particular Additional Service Charges, as follows:<br>• Security alarm (charge code "alarm")<br>• Cable package (charge code "cable")<br>• Common garage (charge code "garage")<br>• Furniture (charge code "furn")<br>• Renters' insurance (charge code "insur")<br>• Media Package (charge code "media")<br>• Month-to-month fees (charge code "mtm")<br>• Covered parking (charge code "park")<br>• Pet rent (charge code "pet")<br>• Storage (charge code "storage")<br>• Uncovered parking (charge code "uncpark")<br>• In-unit washer and dryer (charge code "wash")<br>• RentPlus (charge code "rentplus") | Joint Fact Stipulation Regarding Yardi Data ¶ 14, ECF No. 242-4 |
| 5. Class Members' tenant ledger data was extracted from Defendants' Yardi database by a firm jointly retained by the Parties and produced to Plaintiffs in this action. | Gelb Decl. ¶¶ 4, 8 |
| 6. The Class Member ledger data produced in this action is accurate and authentic. | Gelb Decl. ¶¶ 4, 8<br><br>*See also* McCurley Expert Report at 2, Bellows Decl. Ex. 5 (opining that data maintained by Defendants in Yardi "conforms to industry standards and is accurate and reliable"). |
| 7. Plaintiffs' expert David Breshears is an experienced Certified Public Accountant who is qualified to provide expert testimony on forensic accounting. | Breshears Decl. ¶¶ 9-11 & Ex. A, filed herewith. |

2

Pls.' Stmt. of Undisputed Facts in Supp. Mot. Summ. J. re Remedies - Case No. 2:15-cv-00799 KJM-DB

885990.3

| Statement of Undisputed Fact | Evidence |
|---|---|
| 8. Based on the Class Member ledger data produced in this action, Class Members paid $2,800,185 to Defendants in Additional Service Charges during the period from May 2011 through November 2022. | Breshears Decl. ¶¶ 12, 20, 37 & Ex. 2. |
| 9. Based on the Class Member ledger data produced in this action, Class Members paid $91,978 to Defendants in charges for media or cable packages during the period from May 2011 through November 2022. | Breshears Decl. ¶ 12 & Ex. 2. |
| 10. Based on the Class Member ledger data produced in this action, Class Members paid $1,088,081 to Defendants in charges for renters' insurance during the period from May 2011 through November 2022. | Breshears Decl ¶ 12 & Ex. 2 |
| 11. Based on the Class Member ledger data produced in this action, Class Members paid $1,620,126 in Additional Service Charges other than charges for renters' insurance and media or cable packages during the class period from May 2011 through November 2022. | *See* Breshears Decl ¶ 12 & Ex. 2 |
| 12. Defendants have not disclosed any rebuttal expert analysis or other evidence contesting the amount of Class Member payments of Additional Service Charges calculated by Breshears. | Bellows Decl. ¶ 26. |
| 13. The form HAP Contracts signed by Defendants relating to Class Members tenancies do not set an interest rate for amounts owed under the contract. | Exemplars of HAP Contracts, Bellows Decl. Ex. 7 (omitting any interest rate and stating "[u]se of this HAP contract is required by HUD. Modifications to the HAP contract is not permitted.  The HAP contract must be word-for-word in the form prescribed by HUD"). |
| 14. The form Residential Rental Agreements used by Defendants in leasing apartments to Section 8 tenants throughout the Class Damages Period do not set an interest rate for amounts owed under the contract. | Exemplars of Residential Rental Agreements, Bellows Decl. Ex. 8.<br><br>Fetter Dep. 210:1-211:4, Bellows Decl. Ex. 4 (explaining that Wasatch Property Management uses a standard lease form). |

| Statement of Undisputed Fact | Evidence |
|---|---|
| 15. Prejudgment interest on the amount of payments made by Class Members' related to Additional Service Charges from the date of payment, at 10% per annum, was $2,062,690 through July 20, 2023 based on the Class Member ledger data produced in this action. | Breshears Decl. ¶¶ 13, 38-39 |
| 16. After July 20, 2023, daily interest on Class Members' Additional Service Charge payments accrues at a daily rate of $767.17. | Breshears Decl. ¶ 13. |
| 17. Plaintiffs have identified 28 tenants who may qualify as Class Members, but for whom ledger data has not been produced. | Bellows Decl. ¶ 12. |
| 18. If any of the 28 possible Class Members do qualify for membership in the Rule 23(b)(3) Class, the joint data expert can extract their ledger and other relevant data from Defendants' Yardi database and produce it to Plaintiffs. | Gelb Decl. ¶ 11. |
| 19. The amount of payments made by any of the 28 possible Class Members related to Additional Service Charges, and prejudgment interest thereon, can be accurately calculated by Plaintiffs' expert David Breshears using the same methods he used to calculate payments and interest for other Class Members. | Breshears Decl. ¶¶ 29-40. |

Dated: October 6, 2023

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

 /s/Anne Bellows
Anne Bellow

Attorneys for Plaintiffs and Relators