**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
  E-Mail: Joe.Salazar@lewisbrisbois.com
RYAN MATTHEWS, SB# 311674
  E-Mail: Ryan.Matthews@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA,<br><br>              Plaintiffs/Relators,<br><br>     vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY | CASE NO. 2:15-cv-00799-KJM-DB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT RE REMEDIES**<br><br>Date:     December 8, 2023<br>Time:    10:00 a.m.<br>Dept.:   Courtroom 3, 15th Floor<br>Before:  Hon. Chief Judge<br>         Kimberly J. Mueller<br><br>The Hon. Kimberly J. Mueller<br><br>Trial Date:    None Set |

1  APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE
2  APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT
3  NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP,
4  RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP,
5  SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD,
6  VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC,
7  WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III,
8  LLC, and DOES 1-4

9        Defendants.

10

11   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

12        Defendants hereby submit their Opposition to Plaintiffs' Memorandum of Points

13 and Authorities in support of their Motion For Partial Summary Judgment Re Remedies.

14 **I.   INTRODUCTION**

15        Plaintiffs seek summary adjudication as to the measure of class damages in this

16 action. Fundamentally, they seek three separate forms of relief from the Court. First, they

17 ask the Court to order that the damages to the class total $2,800,185.00. Second, they ask

18 the Court to determine the prejudgment interest available to the class: $2,062,690.00

19 through July 20, 2023, and $767.17 per day afterwards. Third, they ask the Court to find

20 that if an additional 28 tenants are found to be class members, that the same methodology

21 of damages calculation be applied to them.

22        Plaintiffs improperly ask this Court to usurp the role of the jury and decide factual

23 issues related to the proper measure of damages. Beyond that, Plaintiffs' request that the

24 Court set the amount of prejudgment interest relies on an obviously and spectacularly false

25 premise. Plaintiffs' expert, David Breshears, conducted his simple interest calculations—at

26 seven and ten percent—under the assumption that the entirety of Plaintiffs' proposed

27 $2,800,185.00 in damages accrued in April, 2011. That assumption is demonstrably false.

28 The class Plaintiffs incurred their damages—and thus accrued their claims—at varying

times between 2011 and 2022. To simply apply a start date of April, 2011 en masse would result in a massive and unwarranted interest windfall to the class Plaintiffs, some of whom did not even begin their tenancy at a Wasatch property until years later.

In all, Plaintiffs' Motion can be read two different ways. First, a request that the Court not allow the jury to consider the variable factors in the class Plaintiffs' contract damages, and set the actual measure of damages prior to trial. In the same vein, that the Court assume that each and every class Plaintiffs' claim accrued in April, 2011, and set the measure of prejudgment interest through July, 2023 accordingly. For the reasons set forth below, the Court should not do either.

The second, more reasonable way to read Plaintiffs' Motion is that Plaintiffs ask that the Court accept what Plaintiffs' expert has done—basic arithmetic—as a reasonable method of calculating damages. Defendants have no objection to this, provided that the the jury is allowed to consider the value of the services Plaintiffs received as part of the Additional Service Agreements, and provided that prejudgment interest—at the time of judgment—is calculated on an individualized basis from when each Plaintiffs' damages were incurred. Given that Plaintiffs' Motion seems to ask the Court to go well beyond these principled requests, the Motion should be denied in its entirety.

## II.  STATEMENT OF FACTS

This case is effectively two cases in one. First is the Class Action complaint by the Class Plaintiffs against Defendants for Breach of Contract and under California's Unfair Competition Law. Second is a Qui Tam action under the federal False Claims Act. The former is before the Court on the instant Motion. Plaintiffs' claim for damages on their Breach of Contract and Unfair Competition Law claims stem from the Court's ruling on Plaintiffs' prior Motion for Summary Adjudication. (Declaration of Ryan Matthews ("Matthews Dec."), Exh. A.) Plaintiffs now ask the Court to declare that each and every penny of the payments made by the Class Plaintiffs in exchange for Additional Service Charges be awarded as damages.

Plaintiffs have submitted no evidence to establish that the Class Plaintiffs did not

receive they services they contracted to receive and pay for. Defendants have designated a retained expert, James McCurley, to opine as to the fixed value of two of Defendants' Additional Service offerings—renters' insurance and media packages. (Matthews Dec., par. 3; Exh. B.) Plaintiffs took Mr. McCurley's deposition, during which he offered those opinions. (Matthews Dec., par. 5; Exh. C.) Plaintiffs have designated a large number of witnesses through their Rule 26 disclosures, all of whom have varying periods of tenancy in the properties managed by Defendants. Plaintiffs have submitted no evidence with this Motion to establish that each and every Class Plaintiff was already incurring Additional Service Charges as of 2011. (Matthews Dec, par. 5.)

## III. STANDARD ON MOTIONS FOR SUMMARY ADJUDICATION

A court should grant summary judgment if "pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Where the opposing party has the burden of proof at trial, however, the movant can satisfy its summary judgment burden by simply pointing to deficiencies in the opposing party's proof – i.e., by demonstrating that the opposing party lacks sufficient evidence to support a jury finding in his favor on one or more elements of his case. *Catrett*, at 322-23. The movant does not need to present affirmative evidence disproving an element of the opposing party's case. *Id*. at 323.

Once the movant has satisfied its burden of demonstrating the absence of a genuine issue of material fact, the opposing party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324. In the case *sub judice*, there is no genuine issue of material fact as to Plaintiff's inability to prove one or more essential elements of his claim and, thus, Defendant is entitled to judgment as a matter of law.

## IV. ARGUMENT

Plaintiffs have not submitted evidence to establish the measure of Class Plaintiffs' damages as a matter of law. As to the measure of prejudgment interest, Plaintiffs' argument that the entirety of the Class Plaintiffs' damages should begin accruing interest as of April 4, 2011 is so specious as to be offensive, and given its complete disregard for objective facts, is arguably sanctionable under Rule 11. Defendants do not seek sanctions. However, as further discussed below, this Motion should be denied in its entirety.

### A. The Court Must Apply State Law to Determine Damages Stemming From State Law Claims

Federal courts are required to apply state common law to non-federal questions. As Justice Brandeis explained, "There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature or 'general,' be they commercial law or a part of the law of torts. And no clause in the Constitution purports to confer such a power upon the federal courts." *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78. For this reason, the Court declared that "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the State." *Id.* It added, finally, that "whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. *Id.* As such, as to the measure of damages in this case, the Court must apply California law.

### B. There Are Disputed Facts As To The Measure of Class Damages

The statutory measure of damages for breach of contract is 'the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom.' 'Contract damages seek to approximate the agreed-upon performance. "[I]n the law of contracts the theory is that the party injured by breach should receive as nearly as possible the equivalent of the benefits of performance." *Copenbarger v. Morris Cerullo World Evangelism, Inc.* (2018) 29 Cal.App.5th 1, 9. "This aim can never be exactly attained yet that is the problem the

trial court is required to resolve." *Brandon & Tibbs v. George Kevorkian Accountancy Corp.* (1990) 226 Cal.App.3d 442, 455. "[D]amages may not exceed the benefit which it would have received had the promisor performed." *Id.* at 468.

"The rules of law governing the recovery of damages for breach of contract are very flexible. Their application in the infinite number of situations that arise is beyond question variable and uncertain. Even more than in the case of other rules of law, they must be regarded merely as guides to the court, leaving much to the individual feeling of the court created by the special circumstances of the particular case." *Id.* at 455.

The necessary conclusion of this weight of authority is that determining the extent to which a plaintiff is actually damaged by a breach of a contract is a case-specific, fact-intensive inquiry. That inquiry is properly the province of the jury. Defendants have produced and will introduce evidence showing that the Plaintiffs received tangible benefits as a result of the Additional Service Agreements which this Court has held to be breaches of the Housing Assistance Payment contracts. The analysis of what the "benefit of performance" for a given Plaintiff was can and must include evaluation of what the particular Plaintiff received. To hold, on summary judgment, that the jury is not entitled to consider benefits Plaintiffs received when evaluating monetary compensation awarding them of the "benefit of performance" would be absurd. Defendants are entitled have the jury consider these factors, and these factors—issues of fact—certainly cannot be summarily adjudicated under Rule 56. As such, Plaintiffs' Motion should be denied as to the measure of damages.

### C. Plaintiffs Have Not Established Their Entitlement to Prejudgment Interest Calculated Via Their Facially Flawed Methodology

As discussed above, Plaintiffs are not entitled to summary adjudication as to the amount of their damages based on the evidence presented in this Motion—that, on its own, precludes a premature calculation of prejudgment interest. Beyond that, however, Plaintiffs; proposed calculation is demonstrably flawed. Plaintiffs ask this Court to assume the each and every Class Plaintiffs' claim accrued on the earliest possible date based on the

applicable statute of limitations—April 4, 2011. They instructed their expert to calculate the simple interest using that date. (Declaration of David Breshears.)

That is obviously not a legitimate way to calculate the appropriate prejudgment interest. It should go without saying that you cannot accrue prejudgment interest based on a damage that has not yet occurred. While case law is inconsistent as to the correct computational method for calculating prejudgment interest, there is no authority—and Plaintiffs certainly do not cite any—which suggests that a Plaintiff is entitled to prejudgment interest accruing from a date prior to when he incurs his damages. Christopher P. Bowers, Comment, *Courts, Contracts, and the Appropriate Discount Rate: A Quick Fix for the Legal Lottery*, 63 U. CHI. L. RBV. 1099 (1996) (describing the case law setting the appropriate rate to discount future damages as inconsistent and in disarray and proposing that courts adopt a uniform market peg).

There are numerous examples in this case of Plaintiffs who did no accrue claims until well after 2011. By way of example, Defendants cite only one: Alesia Young, a tenant of Peppertree Apartments in Spring Valley, California, whose tenancy began in 2015. (Matthews Dec., Exh. D.) To suggest that she is entitled to interest beginning in 2011 is facially absurd. This is true for numerous other tenants as well. As such, to the extent that Plaintiffs ask for an en masse interest calculation based on the woefully incomplete information provided both to their expert and to this Court, this Motion should be denied.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## V. CONCLUSION

For the reasons set forth above, this Motion should be denied in its entirety, and the questions of damages should be left to the jury as required by law.

DATED: October 20, 2023             LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Ryan Matthews
RYAN MATTHEWS
Attorneys for Defendants



# FEDERAL COURT PROOF OF SERVICE

USA-Terry v Wasatch Property Management, et al.
Case No. 2:15-cv-00799-KJM-DB

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On October 20, 2023, I served the following document(s):

- DEFENDANTS' OPPOSITION TO PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT RE REMEDIES

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on October 20, 2023, at Sacramento, California.

/s/ Alicia Crespo
Alicia Crespo



130606042.1

1

Case No. 2:15-cv-00799-KJM-DB

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT RE REMEDIES

**SERVICE LIST**
*USA-Terry v Wasatch Property Management, et al.*
Case No. 2:15-cv-00799-KJM-DB

| | |
|---|---|
| Andrew Wolff<br>Law Office of Andrew Wolff, PC<br>1956 Webster Street, Suite 275<br>Oakland, CA 94612 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.: (510) 834-3300<br>Email: andrew@awolfflaw.com |
| Jesse Newmark<br>CENTRO LEGAL DE LA RAZA<br>3022 International Blvd., Suite 410<br>Oakland, CA 94601 | ***Attorney for Plaintiffs***<br>***Denika Terry and Roy Huskey, III***<br><br>Tel.: (510) 437-1554 x115<br>Fax: (510) 437-9164<br>Email: jessenewmark@centrolegal.org |
| Laura L. Ho<br>Anne Bellows<br>Stephanie Tilden<br>GOLDSTEIN, BORGEN, DARDARIAN & HO<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612 | ***Attorneys for Plaintiffs and Relators and the Certified Classes***<br><br>Tel: (510) 763-9800<br>Fax: (510) 835-1417<br>Email: lho@gbdhlegal.com<br>Email: abellows@gbdhlegal.com<br>Email: stilden@gbdhlegal.com<br>Email: sgrimes@gbdhlegal.com<br>Email: dvaldez@gbdhlegal.com |
| Colleen M. Kennedy<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814 | ***Attorney for Intervenor Plaintiff***<br>***United States of America***<br><br>Tel.: 916-554-2700<br>Fax: 916-554-2900<br>E: colleen.m.kennedy@usdoj.gov<br>E: caseview.ecf@usdoj.gov<br>E: kimberly.siegfried@usdoj.gov<br>E: monica.lee@usdoj.gov<br>E: usacae.ecfsaccv@usdoj.gov |
| Jocelyn D. Larkin<br>Lindsay Nako<br>The Impact Fund<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704 | ***Attorney for Plaintiffs***<br><br>Tel: (510) 845-3473 x.306<br>Fax: (510) 845-3654<br>Email: jlarkin@impactfund.org<br>Email: lnako@impactfund.org |
| Jahmy Graham<br>Nelson Mullins<br>19191 South Vermont Avenue, Suite 900<br>Torrance, CA 90502 | ***Attorneys for Defendant, Hayward Village Apartments LP***<br><br>T: 424-221-7426<br>F: 424-221-7499<br>E: jahmy.graham@nelsonmullins.com |