Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Anne Bellows (SBN 293722)
abellows@gbdhlegal.com
Stephanie Tilden (SBN 341486)
stilden@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 | (Fax) (510) 835-1417

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
Telephone: (510) 834-3300 | (Fax) (510) 834-3377

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
Telephone: (510) 437-1863 | (Fax) (510) 437-9164

Jocelyn Larkin (SBN 110817)
jlarkin@impactfund.org
Lindsay Nako (SBN 239090)
lnako@impactfund.org
IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA 94704
Telephone: (510) 845-3473 | (Fax) (510) 845-3654

Attorneys for Plaintiffs and Relators and the Certified Classes

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>   Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**PLAINTIFFS' RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS**<br><br>Date: December 8, 2023<br>Time: 10:00 a.m.<br>Dept: Courtroom 3, 15th Floor<br>Before: Hon. Kimberly J. Mueller<br><br>Trial Date: None Set |

1  LOGAN PARK APARTMENTS, LLC, LOGAN
   PARK APARTMENTS, LP, ASPEN PARK
2  HOLDINGS, LLC, BELLWOOD JERRON
   HOLDINGS, LLC, BELLWOOD JERRON
3  APARTMENTS, LP, BENT TREE
   APARTMENTS, LLC, CALIFORNIA PLACE
4  APARTMENTS, LLC, CAMELOT LAKES
   HOLDINGS, LLC, CANYON CLUB HOLDINGS,
5  LLC, COURTYARD AT CENTRAL PARK
   APARTMENTS, LLC, CREEKSIDE HOLDINGS,
6  LTD, HAYWARD SENIOR APARTMENTS, LP,
   HERITAGE PARK APARTMENTS, LP, OAK
7  VALLEY APARTMENTS, LLC, OAK VALLEY
   HOLDINGS, LP, PEPPERTREE APARTMENT
8  HOLDINGS, LP, PIEDMONT APARTMENTS,
   LP, POINT NATOMAS APARTMENTS, LLC,
9  POINT NATOMAS APARTMENTS, LP, RIVER
   OAKS HOLDINGS, LLC, SHADOW WAY
10 APARTMENTS, LP, SPRING VILLA
   APARTMENTS, LP, SUN VALLEY HOLDINGS,
11 LTD, VILLAGE GROVE APARTMENTS, LP,
   WASATCH QUAIL RUN GP, LLC, WASATCH
12 PREMIER PROPERTIES, LLC, WASATCH
   POOL HOLDINGS III, LLC,
13 and DOES 1-4,

14      Defendants.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS

Plaintiffs offer the following responses to Defendants' ("Wasatch's") evidentiary objections to the Declaration of David Breshears filed by Plaintiffs with their Motion for Partial Summary Judgment re Remedies. *See* Defs.' Evid. Objs. to Breshears Decl., ECF No. 326-2; Breshears Decl., ECF No. 323-4.

**A.    Wasatch's General Objection**

Wasatch states the following "general objection" to Mr. Breshears' declaration:

> This is a brazen attempt to repurpose a Rule 26 expert report as testimony and thereby overcome a straightforward hearsay objection.  Defendants object to this "Declaration" in its entirety on this basis, and submit further specific objections below.

***Plaintiffs' Response:*** The Declaration of David Breshears is an unsworn declaration that that is made and signed by him under penalty of perjury, which renders it equivalent to a sworn statement. Breshears Decl. 15; 28 U.S.C. § 1746.  Breshears' declaration also meets the requirements of Local Rule 142(a) and may be considered by the Court in evaluating Plaintiffs' Motion for Partial Summary Judgment re Remedies.

**B.    Wasatch's Objections to Particular Paragraphs of Breshears' Declaration**

**1.    Wasatch's Objection No. 10**

This objection concerns paragraph 12 of the Breshears Declaration, which reads:

> I have calculated, based on the payments for additional service charges in the tenant ledger files, the following amounts paid by 2,545 Class Members in California from May 2011 through November 2022, totaling $2,800,185.

Wasatch states the following objection:

> This is a foundational objection. Mr. Breshears lacks any basis to opine as to the correct measure of damages. Defendants have and will submit evidence regarding the correct measure of damages. Defendants do not object to the arithmetic, but Mr. Breshears is not qualified to make the far-reaching legal conclusion as to what the trier of fact may consider when coming up with a total for damages. As such, this should be excluded under *Daubert*.

1

Pls.' Resp. to Defs.' Evidentiary Objs. – Case No. 2:15-CV-00799 KJM-DB

887464.3

***Plaintiffs' Response:*** Breshears does not opine as to the correct measure of damages. As Breshears states earlier in his Declaration:

> For purposes of this report, I have been asked to review the records from Defendants' centralized Yardi property management database, as they relate to Class Members' claims for breach of contract, violation of the Unfair Competition Law, Bus. & Profs. Code §§ 17200 et seq., and violation of the Consumer Legal Remedies Act, Civil Code § 1750, to assess the extent of charges made to Section 8 tenants pursuant to additional service agreements, and *amounts paid by Section 8 tenants towards additional service charges during the class period.*

Breshears Decl. ¶ 6 (emphasis added). Breshears calculated the total amounts charged to and paid by class members for additional service charges during the relevant period. He offers no opinion as to what the Court may or should consider when determining class damages and restitution.

Moreover, Wasatch has admitted that the amount of payments for additional service charges stated in paragraph 12 of Breshears' Declaration is undisputed. *See* Defs.' Opp'n to UF 8, ECF No. 326-1. The foundation for this calculation is also undisputed, as Wasatch has admitted the authenticity and accuracy of the data as well as Breshears' qualifications as a forensic accountant. *See id.* at UF 3-7 (citing, *inter alia*, Jt. Fact Stip. Re: Yardi Data, ECF No. 242-4).

### 2. <u>Wasatch's Objection No. 11</u>

This objection concerns paragraph 13 of the Breshears Declaration, which reads:

> Based on these payments (as discussed above in paragraph 12), I have calculated, through July 20, 2023, simple interest at 10% of approximately $2,062,690, or alternatively, simple interest at 7% of approximately $1,443,883.

Wasatch states the following objection:

> This is a foundational objection. Mr. Breshears lacks any basis to opine as to the correct measure of prejudgment interest for two reasons. First, he cannot opine as to the underlying judgment for which interest is accruing, as that has yet to be determined by the trier of fact. Second, purely by direction of counsel, he has improperly designated 2011 as the beginning of the accrual of interest on the entirety of the class damages. This is improper, lack foundation, and should be excluded under *Daubert*.

***Plaintiffs' Response:*** First, Breshears does not offer any opinion as to the correct measure of prejudgment interest. Rather, as he explains in Paragraphs 13 and 29 of his Declaration, at counsel's

887464.3

instruction he calculated 10% simple interest and 7% simple interest on the total amount of additional service charges.  He offers no opinion as to what the Court may or should consider when determining prejudgment interest.

Second, Breshears offers no opinion as to the ultimate judgment in this case.  If the underlying amount used to calculate prejudgment interest were to change following a ruling from this Court, the results of Breshears' prejudgment interest calculation would also change.

Third, contrary to Wasatch's unfounded accusation, Breshears calculated prejudgment interest beginning with the end of each month in which the relevant additional service charges were paid by Section 8 tenants, not at the beginning of the class period in 2011.  As he explains, "For purposes of this report, I have been asked by Plaintiffs' Counsel to calculate simple interest at 10% on these additional service payments made on Class Members' accounts . . . from the end of each month through July 20, 2023."  Breshears Decl. ¶ 39.

   **3.**     **Wasatch's Objections Nos. 13-16**

Wasatch also asserts relevance objections to Paragraphs 15 through 18 of the Breshears Declaration.  Plaintiffs do not rely on any portions of these paragraphs in their Motion for Partial Summary Judgment Regarding Remedies.  Wasatch's objections are therefore superfluous.

 Dated:  October 30, 2023

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

*/s/ Anne P. Bellows*
Anne P. Bellows

Attorneys for Plaintiffs and Relators

3

Pls.' Resp. to Defs.' Evidentiary Objs. – Case No. 2:15-CV-00799 KJM-DB

887464.3