1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Anne Bellows (SBN 293722)
   abellows@gbdhlegal.com
3  Stephanie Tilden (SBN 341486)
   stilden@gbdhlegal.com
4  GOLDSTEIN, BORGEN, DARDARIAN & HO
   155 Grand Avenue, Suite 900
5  Oakland, CA 94612
   Telephone: (510) 763-9800 | (Fax) (510) 835-1417
6
   Andrew Wolff (SBN 195092)
7  andrew@awolfflaw.com
   LAW OFFICES OF ANDREW WOLFF, PC
8  1615 Broadway, 4th Floor
   Oakland, CA 94612
9  Telephone: (510) 834-3300 | (Fax) (510) 834-3377

10 Jesse Newmark (SBN 247488)
   jessenewmark@centrolegal.org
11 CENTRO LEGAL DE LA RAZA
   3022 International Blvd., Suite 410
12 Oakland, CA 94601
   Telephone: (510) 437-1863 | (Fax) (510) 437-9164
13
   Jocelyn Larkin (SBN 110817)
14 jlarkin@impactfund.org
   Lindsay Nako (SBN 239090)
15 lnako@impactfund.org
   IMPACT FUND
16 2080 Addison Street, Suite 5
   Berkeley, CA 94704
17 Telephone: (510) 845-3473 | (Fax) (510) 845-3654

18 Attorneys for Plaintiffs and Relators and the Certified Classes

19                      **UNITED STATES DISTRICT COURT**
                       **EASTERN DISTRICT OF CALIFORNIA**
20                          **SACRAMENTO DIVISION**

21 | UNITED STATES OF AMERICA, *ex rel.* | Case No.: 2:15-CV-00799-KJM-DB |
22 | DENIKA TERRY, ROY HUSKEY III, and | |
   | TAMERA LIVINGSTON, and each of them for | CLASS ACTION |
23 | themselves individually, and for all other persons | |
   | similarly situated and on behalf of the UNITED | **SUPPLEMENTAL EXPERT** |
24 | STATES OF AMERICA | **DECLARATION AND REPORT OF DAVID** |
   | | **BRESHEARS RE REMEDIES** |
25 |             Plaintiffs/Relators, | |
   | | Before:  Hon. Chief Judge Kimberly J. Mueller |
26 | vs. | |
   | | Trial Date:    None Set |
27 | WASATCH ADVANTAGE GROUP, LLC, | |
   | WASATCH PROPERTY MANAGEMENT, INC., | |
28 | WASATCH POOL HOLDINGS, LLC, | |
   | CHESAPEAKE APARTMENT HOLDINGS, LLC, | |

1  LOGAN PARK APARTMENTS, LLC, LOGAN
   PARK APARTMENTS, LP, ASPEN PARK
2  HOLDINGS, LLC, BELLWOOD JERRON
   HOLDINGS, LLC, BELLWOOD JERRON
3  APARTMENTS, LP, BENT TREE
   APARTMENTS, LLC, CALIFORNIA PLACE
4  APARTMENTS, LLC, CAMELOT LAKES
   HOLDINGS, LLC, CANYON CLUB HOLDINGS,
5  LLC, COURTYARD AT CENTRAL PARK
   APARTMENTS, LLC, CREEKSIDE HOLDINGS,
6  LTD, HAYWARD SENIOR APARTMENTS, LP,
   HERITAGE PARK APARTMENTS, LP, OAK
7  VALLEY APARTMENTS, LLC, OAK VALLEY
   HOLDINGS, LP, PEPPERTREE APARTMENT
8  HOLDINGS, LP, PIEDMONT APARTMENTS,
   LP, POINT NATOMAS APARTMENTS, LLC,
9  POINT NATOMAS APARTMENTS, LP, RIVER
   OAKS HOLDINGS, LLC, SHADOW WAY
10 APARTMENTS, LP, SPRING VILLA
   APARTMENTS, LP, SUN VALLEY HOLDINGS,
11 LTD, VILLAGE GROVE APARTMENTS, LP,
   WASATCH QUAIL RUN GP, LLC, WASATCH
12 PREMIER PROPERTIES, LLC, WASATCH
   POOL HOLDINGS III, LLC,
13 and DOES 1-4,

14        Defendants.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I, David Breshears, declare as follows:

**Introduction**

1.  The facts set forth herein are personally known to me, and I have firsthand knowledge of the same. If called as a witness, I could and would competently testify herein.

2.  The opinions expressed in this report are my present opinions subject to the following reservations. Amendments or additions to this report may be required as a result of developments prior to or at trial, including, but not limited to, the discovery of new evidence, expert discovery, and/or the testimony of any other witness in deposition or at trial.

3.  I anticipate using at trial selected exhibits attached to this report, documents reviewed in connection with their preparation, enhanced graphic versions of selected exhibits included in this report (i.e., redrafted to improve their presentation quality) and additional graphics illustrating concepts described in this report.

**Assignment**

4.  I have been retained by Plaintiffs' Counsel in the matter of *United States ex rel. Denika Terry, et al. vs. Wasatch Advantage Group, LLC, et al.* Plaintiffs and Relators Denika Terry, Roy Huskey III, and Tamera Livingston, who currently reside or have resided in Defendants' rental properties and are or were Section 8 tenants, have alleged that Defendants' policy and practice of charging and collecting additional service payments from Section 8 tenants beyond the rent amounts agreed to in their Housing Assistance Payment Contracts is unlawful. I understand the Court held on November 23, 2022 that Defendants' additional service charges to Section 8 tenants are unlawful excess rent charges, and that it found that Plaintiffs had established liability on the certified California class claims for breach of contract and violation of the Unfair Competition Law.[1]  I understand that the amount Defendants owe to the California class will be resolved at trial, along with liability and damages for the remaining claims in the case.

5.  I previously issued an expert report, dated January 28, 2022, where I reviewed records from Defendants' centralized Yardi property management database to (a) assess the extent of additional

---

[1] Order on Summary Judgment at 9-14, ECF No. 278.

service charges to and payments by Class Members[2], (b) assess the extent of additional service charges to and payments by Section 8 tenants, as well as housing assistance payments made by the Section 8 program on behalf of relevant tenants for the False Claims Act, and (c) determine the extent of renter's insurance payments to Defendants by Section 8 tenants who were subject to Defendants' policy of requiring tenants to have renter's insurance, according to the assumptions I was provided by Plaintiffs' Counsel.

6. I also previously issued a declaration, dated July 20, 2023, where I reviewed the records from Defendants' centralized Yardi property management database, as they relate to Class Members' claims for breach of contract, violation of the Unfair Competition Law, Bus. & Profs. Code §§ 17200 et seq., and violation of the Consumer Legal Remedies Act, Civil Code § 1750, to assess the extent of charges made to Section 8 tenants pursuant to additional service agreements, and amounts paid by Section 8 tenants towards additional service charges during the class period. Class Members are current and former tenants of Defendants' California rental properties who have both participated in Section 8 in connection with their tenancies and paid additional service charges from April 14, 2011. These additional service charges include (a) renter's insurance, (b) washer/dryer rental, (c) covered parking charges, (d) media package, (e) garage rental, (f) pet rent, (g) month to month fee, (h) rent plus service, (i) storage rental, (j) security alarm system, (k) uncovered parking, and (l) common garage. I was also asked to review the records from Defendants' centralized property management database as they relate to the alleged violation of the False Claims Act, 32 U.S.C. § 3729(a) ("FCA"), to assess the extent of additional service charges and payments by Section 8 tenants, and the amount of housing assistance payments made by the Section 8 program on behalf of relevant tenants at Wasatch's properties in California, Arizona, Utah, and Washington during the FCA liability period.

7. For purposes of this report, I have been asked to review the records from Defendants' centralized Yardi property management database for 28 additional tenants, as they relate to Class Members'

---

[2] I understand that Class Members are Section 8 tenants at Defendants' California properties who have paid additional service charges since April 14, 2011.

claims for breach of contract, violation of the Unfair Competition Law, Bus. & Profs. Code §§ 17200 et seq., and violation of the Consumer Legal Remedies Act, Civil Code § 1750, to identify if any of the 28 additional tenants are Class Members, and if so, to assess the amounts paid by those Class Members towards additional service charges during the class period. For purposes of this report, I use the same definition of class membership as I used for my July 20, 2023 report: Class Members are current and former tenants of Defendants' California rental properties who have both participated in Section 8 in connection with their tenancies and paid additional service charges from April 14, 2011 through November 30, 2022.

8. If additional data or other information is provided, or if there are any rulings or findings by the Court relevant to my analysis, I can update my analysis accordingly.

**Summary of Expert Qualifications**

9. I am a Certified Public Accountant, licensed in the State of California, and Certified in Financial Forensics. I am currently a partner at Hemming Morse, LLP, CPAs, Forensic and Financial Consultants. My work in the accounting profession includes experience as an auditor and as a consultant. My expert qualifications, including my testimony, are described in **Exhibit A** hereto.

10. I have been a forensic and financial consultant for over 20 years, specializing in litigation consulting, economic and financial research, and database analysis. I have consulted on and/or testified in over 450 matters involving class action-related disputes, including those arising under state and federal law. I have performed analyses for large and small companies in the private sector, public companies, and government agencies. These have involved reviewing contemporaneous cost accounting systems and their structures, as well as analyzing voluminous system generated records as they relate to the facts at issue in each case.

11. My firm has been compensated for my review and analysis in this matter at my standard hourly rate of $570 per hour. Others have assisted me in my work and my firm has been compensated for their work at their standard hourly rates.

**Summary of Opinions**

12. Based on the additional tenant ledger files, I determined that eight of the additional tenants qualify as Class Members, in that they participated in the Section 8 voucher program in connection with

their tenancy, as indicated by "rentHAP" charges and payments on their ledger, and that they paid qualifying additional service charges, during the period from April 14, 2011 through November 30, 2022. This brings the total number of Class Members to 2,553.

13. Based on the payments for additional service charges in the additional tenant ledger files, I have calculated the following amounts paid by the eight additional Class Members in California from May 2011 through November 2022, totaling $2,894.

| Additional Service Charge | Payments |
|---|---|
| Garage Rental Payments | $ 1,760 |
| Renter's Insurance Payments | $ 857 |
| Covered Parking Payments | $ 236 |
| Rent Plus Service Payments | $ 42 |
| **Total** | **$ 2,894** |

14. Based on these payments (as discussed above in paragraph 13), I have calculated, from the month each payment was made through July 20, 2023, simple interest at 10% of approximately $2,442, or alternatively, simple interest at 7% of approximately $1,709.

| Prejudgment Interest | Additional Service Payments | Interest | Total | Daily Interest Thereafter |
|---|---|---|---|---|
| 10% | $ 2,894 | $ 2,442 | $ 5,336 | $ 0.79 |

| Prejudgment Interest | Additional Service Payments | Interest | Total | Daily Interest Thereafter |
|---|---|---|---|---|
| 7% | $ 2,894 | $ 1,709 | $ 4,604 | $ 0.55 |

15. Adding these payments for additional service charges to those in the tenant ledger files paid by the other 2,545 Class Members in California from May 2011 through November 2022, as discussed in my prior declaration dated July 20, 2023, I have calculated the following total amounts paid by the

2,553 Class Members in California (i.e., 2,545 + 8) from May 2011 through November 2022, totaling $2,803,080 (i.e., $2,800,185 + $2,894).

| Additional Service Charge | Payments |
|---|---|
| Media Package (Cable) Payments | $    91,978 |
| Common Garage Payments | $         75 |
| Garage Rental Payments | $   231,006 |
| Renter's Insurance Payments | $ 1,088,938 |
| Month to Month Fee Payments | $      1,389 |
| Covered Parking Payments | $   491,478 |
| Pet Rent Payments | $   133,190 |
| Rent Plus Service Payments | $    70,323 |
| Storage Rental Payments | $    76,939 |
| Washer/Dryer Rental Payments | $   617,763 |
| **Total** | **$ 2,803,080** |

16. Likewise, adding  the simple interest on payments for the 8 Class Members to the interest calculated for the other 2,545 Class Members, as discussed in my prior declaration dated July 20, 2023, I have calculated, from the month each payment was made through July 20, 2023, simple interest at 10% of approximately $2,065,132 (i.e., $2,062,690 + $2,442), or alternatively, simple interest at 7% of approximately $1,445,592 (i.e., $1,443,883 + $1,709).

| Prejudgment Interest | Additional Service Payments | Interest | Total | Daily Interest Thereafter |
|---|---|---|---|---|
| 10% | $       2,803,080 | $ 2,065,132 | $ 4,868,211 | $ 767.96 |

| Prejudgment Interest | Additional Service Payments | Interest | Total | Daily Interest Thereafter |
|---|---|---|---|---|
| 7% | $       2,803,080 | $ 1,445,592 | $ 4,248,672 | $ 537.57 |

**Evidence Considered**

17. In undertaking my assignment, I have considered information from a variety of sources, each of which is of a type that is reasonably relied upon by experts in my field. Those sources are identified throughout this report, as well as **Exhibit B** to my prior reports.

18. Since my prior declaration dated July 20, 2023, I have been provided with "Additional 28 tenants in Data5 Formatting10.31.2023.csv". It is my understanding that this file reflects tenant ledger data for 28 additional Section 8 tenants who have been assessed and paid one or more of the additional service charges at issue in this litigation.

**Basis of Opinions**

19. The tenant ledger files (as discussed above in paragraph 18) contain, among other data, the following information: (a) property code, (b) tenant code, (c) charge code, (d) original control, (e) item date post date, (f) date received, (g) post month, (h) charge amount, and (i) receipt amount.

20. For purposes of this report, I have identified charges to be the first instance of each unique original control starting with a "C" and the related charge amount to be in the "charge amount" field of the tenant ledger files. It appears that charges that increase a tenant code's balance are reflected as positive charge amounts. I have assumed the related month to be that of the item date post date.

21. I have identified receipts (or payments) to be those entries with an original control starting with a "R" and the related receipt amount to be in the "receipt amount" field of the tenant ledger files. It appears that receipts that decrease a tenant code's balance are reflected as positive receipt amounts. I have assumed the related month to be that of the date received.

22. With respect to the receipts, I have also identified which entries appear to reflect payments and which appear to reflect non-cash credits. If a receipt's original control matches to another receipt with the same original control as well as a charge code of "bad" (i.e., Bad Debt Write Off), I have assumed the related receipt amount is a non-cash credit; otherwise, I have assumed the related receipt amount is a payment.

23. Unless otherwise noted, my analyses are based on tenant codes and months in the tenant ledger files with (a) a net charge amount (i.e., greater than zero) related to the charge code of "renthap"

(i.e., Housing Assistance Charge) and (b) a net charge amount related to the additional service charge codes. I am informed by Plaintiffs' Counsel that the additional service charge codes, as discussed above in paragraph 6, are as follows: (c) "insur" or Renter's Insurance (d) "wash" or Washer/Dryer Rental, (e) "park" or Covered Parking Charges, (f) "cable" or Media Package, (g) "garage" or Garage Rental, (h) "pet' or Pet Rent, (i) "media" or also Media Package, (j) "mtm" or Month to Month Fee, (k) "rentplus" or Rent Plus Service, (l) "xins" or Renter's Insurance – DO NOT USE, (m) "storage" or Storage Rental, (n) "alarm" or Security Alarm System, (o) "uncpark" or Uncovered Parking, and (p) "cgarage" or Common Garage.

24. For each tenant code and month with a net Housing Assistance Charge as well as net additional service charges, I have summarized the charge amounts and the receipt amounts less any related Bad Debt Write Off (as discussed above in paragraph 22) by charge code.

**Expert Opinions**

**A.  California Class Membership, Damages and Interest**

25. Based on the additional tenant ledger files, I determined that eight of the additional tenants qualify as Class Members, in that they participated in the Section 8 voucher program in connection with their tenancy, as indicated by "rentHAP" charges and payments on their ledger, and that they paid qualifying additional service charges, during the period from April 14, 2011 through November 30, 2022.  This brings the total number of Class Members to 2,553.

26. Beginning from the month of May 2011, the additional service *payments* made on the eight additional Class Members' accounts total approximately $2,894 through the month of November 2022.[3,4] This brings the total additional service payments made by Class Members in connection with their Section 8 tenancy to $2,803,080.

---

[3] For the month of April 2011, some, or all, of approximately $31.04 in additional service payments could relate to Class Members' accounts beginning from April 14, 2011.

[4] Unless otherwise noted, if the net payment by additional service charge and tenant for the related period (e.g., from the month of February 2006 through the month of November 2022) is less than $0 (e.g., write-offs or credits in excess of those amounts paid in months included in my analysis), it has been excluded from the additional service payments made on tenants' accounts.

27. For purposes of this report, I have been asked by Plaintiffs' Counsel to calculate simple interest at 10% on these additional service payments made on the eight additional Class Members' accounts (as discussed above in paragraph 26) beginning from the end of each month in which a payment was made through July 20, 2023, and the daily interest accumulating after that date. Interest at 10% for these eight additional Class Members totals approximately $2,442 as of July 20, 2023 and $.79 per day thereafter.  With the eight additional Class Members included, interest at 10% for all Class Members totals $2,065,132 as of July 20, 2023 and $767.96 each day thereafter.

28. As an alternative, I have been asked by Plaintiffs' Counsel to calculate simple interest at 7% on these additional service payments made on the eight additional Class Members' accounts (as discussed above in paragraph 26) beginning from the end of each month in which a payment was made through July 20, 2023, and the daily interest accumulating after that date. Interest at 7% for these eight additional Class Members totals approximately $1,709 as of July 20 ,2023 and $.55 per day thereafter.  With the eight additional Class Members included, interest at 7% for all Class Members totals $1,445,592 as of July 20, 2023 and $537.57 each day thereafter.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on November 17, 2023 at Concord, California.

David M. Breshears, CPA/CFF

# HEMMING | MORSE
## FORENSIC & FINANCIAL CONSULTANTS

**CURRICULUM VITAE**

**CONCORD OFFICE**
1390 Willow Pass Road | Suite 410
Concord, CA 94520
T: 415.836.4000

# DAVID M. BRESHEARS, CPA/CFF

HEMMING.COM

## Employment & Education

| | |
|---|---|
| 2012 – Present | Hemming Morse, LLP<br>Certified Public Accountants,<br>Forensic and Financial Consultants<br>Partner |
| 1999 – 2011 | Hemming Morse, Inc.<br>Director, 2011<br>Manager, 2006-2010<br>Associate<br>Staff Accountant |
| 1998 | California State University, Chico<br>B.S. Accounting |

## Professional & Service Affiliations

- Certified Public Accountant, State of California
  – Since 2006

- Certified in Financial Forensics
  – Since 2008

- American Institute of Certified Public Accountants

- California Society of Certified Public Accountants

- Association of Certified Fraud Examiners
  – Associate Member

**CURRICULUM VITAE**

# HEMMING | MORSE
FORENSIC & FINANCIAL CONSULTANTS

**CONCORD OFFICE**
1390 Willow Pass Road | Suite 410
Concord, CA 94520
T: 415.836.4000

## DAVID M. BRESHEARS, CPA/CFF

HEMMING.COM

### Presentations & Seminars

- "Wage and Hour Law in the Era of the Wandering Workforce and Great Reshuffle", ABA 17th Annual Labor and Employment Law Conference, November 2023

- "E-Discovery & Electronically Stored Information 101" Beeson Tayer & Bodine, May 2013

- "How to Collect, Produce, and Use E-Documents: A Practical Primer", BASF - Labor & Employment Conference, Yosemite, February 2013

- "Forensic Accounting for Today's Busiest Practice Areas", Continuing Education of the Bar-California, March 2012

- "Utilizing Experts in Wage and Hour Litigation" Buchalter Nemer, July 2011

- "Class Action Employment Litigation" California Socity of Certified Public Accountants-State Steering Committee, August 2010

### Testimony

#### Trial

- Munguia-Brown et al. v. Equity Residential et al (2023), U.S. District Court, Northern District Of California Oakland Division, Case No. 4:16-cv-01225-JSW-TSH

- Jose Hernandez v. The Bundox Restaurant Corp. (2019), Superior Court of the State of California County of San Francisco, Case No. CGC-18-570243

- William Lloyd Helmick, et al. v. Air Methods Corporation (2019), Superior Court of the State of California County of Alameda, Case No. RG13665373

- Julie Gunther v. Alaska Airlines, Inc. et al (2019) Superior Court of the State of California County of San Diego North County Branch Case No. 37-2017-00037849-CU-OE-NC

- Stacy Ernst, et al v. City of Chicago (2017) U.S. District Court, Northern District of Illinois, Eastern Division, Case No. 1:08-cv-04370

- Sanchez, et al. v. McDonald's Restaurants of California, Inc. (2017), Superior Court of the State of California County of Los Angeles, Case No. BC499888

- Honora Keller et al v. The Board of Trustees of California State University (2015) Superior Court of the State of California County of San Francisco, Case No. CGC-09-490977

- Amanda Quiles, et al v. Koji's Japan Incorporated, et al. (2014), Superior Court of the State of California County of Orange, Case No. 30-2010-00425532-CU-OE-CXC

# HEMMING | MORSE
## FORENSIC & FINANCIAL CONSULTANTS

**CONCORD OFFICE**
1390 Willow Pass Road | Suite 410
Concord, CA 94520
T: 415.836.4000

# DAVID M. BRESHEARS, CPA/CFF

HEMMING.COM

## Testimony

### Trial continued

- Ming-Hsiang Kao v. Joy Holiday, Joy Express, Inc., et al. (2014), Superior Court of the State of California County of San Mateo, Case No. CIV509729

- Salinas, et al. v. Imperial Irrigation District (2014) Superior Court of the State of California City and County of Riverside, Case No. 10017367

- Amerman v. Gurvinder Musafar (2013) Superior Court of the State of California County of Santa Clara, Case No. 112CV226364

- Michael J. Pexa v. Farmers Group, Inc. (2012) Superior Court of the State of California County of Sacramento, Case No. 34-2009-00034950

- Marina Puchalski and Rajeev Chhibber v. Taco Bell Corp. (2012), Superior Court of the State of California County of San Diego, Case No. GIC 870429

- Maria Martinez and Juana Guzman v. Jatco, Inc. (2011), Superior Court of the State of California County of Alameda, Case No. RG08397316

## Testimony

### Deposition

- Ruby Bonner et al. v. Providence Health System – Southern California (2023), Superior Court of California, Los Angeles, Case No. 21STCV09585

- Edward Bouissey, et al. v. Swift Transportation Co., Inc., et al. (2023), United States District Court, Central District of California, Case No. 2:19-cv-03203-VAP-KKx

- Joseph Gross v. Central Towing & Transport, LLC, et al. (2023), Superior Court of California, Alameda, Case No. 23CV031629

- LBF Travel Management Corp., and Michael Thomas v. Thomas DeRosa (2023), United States District Court, Southern District of California, Case No. 3:20-cv-02404-MMA-AGS

- Sally Packard et al. v. Saddleback Memorial Medical Center (2023), Superior Court of California, County of Orange, Case No. 30-2017-00952714-CU-OE-CXC

- Cody Lopez et al. v. Giorgio Armani Corp. (2022), Superior Court of California, County of Los Angeles, Central District, Case No. BC717329

- Chacon et al. v. Express Fashion Operations, LLC. (2022), United States District Court, Central District of California, Case No. 8:19-cv-00564

- Cody Meeks et al. v. Skywest Airlines, Inc. (2021), U.S. District Court, Northern District Of California, Case No. 17-cv-01012-JD



**CURRICULUM VITAE**

HEMMING | MORSE
FORENSIC & FINANCIAL CONSULTANTS

CONCORD OFFICE
1390 Willow Pass Road | Suite 410
Concord, CA 94520
T: 415.836.4000

## DAVID M. BRESHEARS, CPA/CFF

HEMMING.COM

## Testimony

Deposition continued

- Munguia-Brown et al. v. Equity Residential et al (2021), U.S. District Court, Northern District Of California Oakland Division, Case No. 4:16-cv-01225-JSW-TSH

- Hernan Hernandez, et al. v. Restoration Hardware,Inc. and HomeDeliveryLink, Inc. (2021), Superior Court of California, County of San Bernardino, Case CIVDS1723322

- Yessica Rodriguez, et al. v. California Payroll Group, Inc., et al. (2021), Superior Court of the State of California, County of San Bernardino, Case No CIVDS 1829017

- Sandy Duvet, et al. v. Pine Valley Center for Rehabilitation and Nursing (2021), Superior Court of California, County of San Bernardino, Case CIVDS1723322

- Omid Ahmad v. Lyft, Inc. (2020), The American Arbitration Association, Case No. 01-20-0001-7550

- Hernandez-Angel v. The Bundox Restaurant Corporation (2019), Superior Court Of The State Of California County Of San Francisco, Case No. CGC-18-570243

- Nicole Lopes, et al. v. Kohl's Department Stores, Inc. (2019), Superior Court of the State of California County of Alameda, Case No. RG08380189

- Paulette Diaz, et al. v. MDC Restaurants, LLC, et al (2019), Eighth Judicial District Court In and For Clark County, State of Nevada, Case No. A-14-701633

- Julie Gunther v. Alaska Airlines, Inc. et al (2019) Superior Court of the State of California County of San Diego North County Branch Case No. 37-2017-00037849-CU-OE-NC

- Matthew Carr, et al. v. Flower Foods, Inc. and Flowers Baking Co. of Oxford, LLC (2019) U.S. District Court, Eastern District of Pennsylvania Case No. 15-6391

- Luke Boulange, et al. v. Flower Foods, Inc. and Flowers Baking Co. of Oxford, LLC (2019) U.S. District Court, District of New Jersey Case No. 16-2581

- Abdul Nevarez et al v. Forty Niners Football Company, LLC. (2018) U.S. District Court, Northern District of California, San Jose Division, Case No. 5:16-cv-07013-LHK

- William Lloyd Helmick, et al. v. Air Methods Corporation (2018) Superior Court of the State of California County of Alameda, Case No. RG13665373

- Melissa J. Clothier, et al v. Spar Marketing Services, Inc. (2018), Superior Court of the State of California County of Alameda, Case No. RG12639317



# DAVID M. BRESHEARS, CPA/CFF

HEMMING.COM

## Testimony

### Deposition continued

- Michael Carrow, et al v. FedEx Ground Package Systems, Inc., (2018), U.S. District Court, District of New Jersey, Case No. 1:16-cv-3026-RBK-JS

- Paula L. Blair, et al v. Rent-A-Center, Inc., (2018) U.S. District Court, Northern District of California, San Francisco Division, Case No. 3:17-cv-02335-WHA

- Nick Neff, et al. v. Flower Foods, Inc., Lepage Bakeries Inc., and CK Sales Co., LLC (2018) U.S. District Court, District of Vermont Case No. 5:15-cv-00254

- Timothy Noll, et al. v. Flower Foods, Inc., Lepage Bakeries Inc., and CK Sales Co., LLC (2018) U.S. District Court, District of Maine Case No. 1:15-cv-00493-JAW

- Som Swamy, et al. v. Title Source, Inc (2018) U.S. District Court, Northern District of California Case No. 17-CV-01175-JCS

- Bernstein, et al. v. Virgin America, Inc. (2017) U.S. District Court, Northern District of California Case No. 15-CV-02277-JST

- Marley Castro et al v. ABM Industries, Inc. et al (2017), Superior Court of the State of California County of Alameda, Case No. RG14745764

- Starvona Harris and Jonathan Strickland v. Best Buy Stores, L.P. (2017), U.S. District Court, Northern District Of California Oakland Division, Case No. 4:17-CV-00446HSG

- David Collinge, et al. v Intelliquick Delivery, Inc., et al. (July 2017), U.S. District Court, District of Arizona Case No. CV12-00824-PHX-JWS

- Stacy Ernst, et al v. City of Chicago (2017) U.S. District Court, Northern District of Illinois, Eastern Division, Case No. 1:08-cv-04370

- Sanchez, et al. v. McDonald's Restaurants of California, Inc. (2017), Superior Court of the State of California County of Los Angeles, Case No. BC499888

- David Collinge, et al. v Intelliquick Delivery, Inc., et al. (February 2017), U.S. District Court, District of Arizona, Case No. CV12-00824-PHX-JWS

- Salazar, et al. v. McDonald's Corp., et al. (2016) U.S. District Court, Northern District of California Case No. 3:14-cv-02096-RS

- Jamie Steeb v. Overlake Hospital Medical Center (2016), Superior Court of the State of Washington for King County, Case No. 15-2-16399-0 SEAS

- Bernstein, et al. v. Virgin America, Inc. (2016) U.S. District Court, Northern District of California Case No. 15-CV-02277-JSTS

# HEMMING | MORSE
### FORENSIC & FINANCIAL CONSULTANTS

CONCORD OFFICE
1390 Willow Pass Road | Suite 410
Concord, CA 94520
T: 415.836.4000

## DAVID M. BRESHEARS, CPA/CFF

HEMMING.COM

## Testimony

### Deposition continued

- John Hance, et al. v. Super Store Industries (2016)
  Superior Court of the State of California County of
  Stanislaus, Case No. 673904

- Daniel Villalpando v. Exel Direct Inc. (2016)
  U.S. District Court, Northern District of California Case
  No. 3:12-cv-04137-JCS

- Chris Elliott, et al. v. Schlumberger Technology
  Corporation (2016), U.S. District Court, District Court
  of North Dakota, Fargo Division
  Civil Action No. 3:13-cv-00079

- Sanchez, et al. v. McDonald's Restaurants of
  California, Inc. (2015), Superior Court of the State of
  California County of Los Angeles, Case No. BC499888

- Betelhem Shiferaw v. Sunrise Senior Living
  Management, Inc. (2015)
  U.S. District Court, Central District of California
  Case No. 2:13-cv-02171-JAK-PLA

- Honora Keller et al v. The Board of Trustees of
  California State University (2015)
  Superior Court of the State of California County of San
  Francisco, Case No. CGC-09-490977

- Ming-Hsiang Kao v. Joy Holiday, Joy Express, Inc.,
  et al. (2014), Superior Court of the State of California
  County of San Mateo, Case No. CIV509729

- Fraser, et al. v. Patrick O'Connor & Associates, L.P.
  (2014), U.S. District Court, Southern District of Texas
  Case No. 4:11-cv-03890

- Salinas, et al. v. Imperial Irrigation District (2014)
  Superior Court of the State of California City and
  County of Riverside, Case No. 10017367

- Smith, et al. v. Family Video Movie Club, Inc.
  (2013), U.S. District Court, Northern District of Louisiana
  Case No. 1:11-cv-01773

- Lang v. DirecTV, Inc. (2013)
  U.S. District Court, Eastern District of Louisiana
  Case No. 2:10-cv-01085-NJB-SS

- Sabas Arredondo, et al. v. Delano Farms Company,
  et al. (2013), Eastern District of California, Fresno
  Division Case No. 1:09-cv-01247-LJO-DLB

- Gabriel Fayerweather v. Comcast Corporation
  (2012), Superior Court of the State of California County
  of San Diego, Case No. C-08-01470

- Green v. Konica Minolta Business Solutions U.S.A.,
  Inc. (2012), U.S. District Court, Northern District of
  Illinois Eastern Division, Case No. 11-CV-03745 (N.D. III.)

- Marina Puchalski and Rajeev Chhibber v. Taco Bell
  Corp. (May 2012), Superior Court of the State of
  California County of San Diego, Case No. GIC 870429

**CURRICULUM VITAE**

# HEMMING | MORSE
### FORENSIC & FINANCIAL CONSULTANTS

**CONCORD OFFICE**
1390 Willow Pass Road | Suite 410
Concord, CA 94520
T: 415.836.4000

## DAVID M. BRESHEARS, CPA/CFF

HEMMING.COM

### Testimony

**Deposition** continued

- Marina Puchalski and Rajeev Chhibber v. Taco Bell Corp. (April 2012), Superior Court of the State of California County of San Diego, Case No. GIC 870429

- Martin Marine v. Interstate Distributor Co. (2012) Superior Court of the State of California County of Alameda, Case No. RG073582777

- Maria Martinez and Juana Guzman v. Jatco, Inc. (2011), Superior Court of the State of California County of Alameda, Case No. RG08397316

### Selected Case Experience

- Engaged as damage expert by plaintiff, to analyze and quantify; meal and rest period claims, improper distribution of gratuities, and off-the-clock hours, for an upscale restaurant chain.

- Engaged as damage expert by defendant, a farm labor contractor, to evaluate claims related to off-the-clock hours worked and expense reimbursement for small tools for over 20,000 employees.

- Engaged as neutral accounting expert by plaintiff and defendant to calculate potential unpaid hours worked and additional overtime premiums for commission bonuses, for a manufacturing/engineering firm.

- Expert for the plaintiff. Retained to determine the frequency and magnitude of time shaving claims of a mid-size manufacturing firm.

- Provided consulting services to defense counsel in a class-action wage and hour matter, which alleged that hundreds of County employees were paid improper overtime wages under the FLSA. Prepared analyses using hours worked records, compensation data, employee records, and other data to determine the proper calculation of employees' regular rate of pay and related overtime compensation.

- Assisted counsel in preparing a case involving unpaid overtime, meal and rest break violations, and off-the clock time for an employee of a hotel chain. Reviewed employment history files, time records, and other documents to determine the number of potential violations and to quantify damages.

**CURRICULUM VITAE**

# HEMMING|MORSE
FORENSIC & FINANCIAL CONSULTANTS

**CONCORD OFFICE**
1390 Willow Pass Road | Suite 410
Concord, CA 94520
T: 415.836.4000

## DAVID M. BRESHEARS, CPA/CFF

HEMMING.COM

### Selected Case Experience continued

- Assisted expert for plaintiffs' counsel in a class-action wage and hour matter, which alleged that over 250 small business banking officers were improperly classified as exempt. Reviewed statistical sample of hours worked, salary and commission related earnings, paid time off records, and other data to determine the damages related to unpaid overtime and missed meal breaks.

- Assisted expert for plaintiffs' counsel in a class action matter against a fortune 500 company, which alleged that a class of several hundred individuals was misclassified as independent contractors in the state of Washington. Prepared analysis of average earnings across all class members and performed comparison to national averages for similarly situated employees and independent businesses. Performed business valuation services to determine economic value of independent contractor assets and to incorporate any discounts that may apply related to the controls and requirements of the customer/employer operating agreement.

- Assisted expert for plaintiffs' counsel in a class-action matter against a Fortune 500 company, which alleged that over 75,000 California employees were required to pool their tips with supervisory employees in direct violation of the California Labor Code.

- Provided consulting services to plaintiffs' counsel in a class-action wage and hour matter, which alleged that hundreds of employees were not paid the proper "living wage" in accordance with the company's contractual obligation. Created a database of hours worked and earnings information from paper and electronic records, and then providing damages estimates based on a variety of assumptions and legal theories.

- Advised counsel on class certification issues by applying economic and statistical approaches to analyze evidence relating to class member variation, if any, and to determine both liability and damages.

- Consulted for Health Provider in a dispute involving a guaranteed maximum price contract for the construction of various structures. Assisted the expert in analyzing construction costs incurred and calculating the amount due to the general contractor.

- Performed statistical and contractual analysis for labor settlement or arbitration purposes, including analysis of pay and benefits, job content, productivity, labor costs, and profitability.

- Consulted clients in their efforts to identify overpayments of construction projects; discover errors and identify unreasonable project charges; identify weaknesses in contractual agreements; reduce risks of fraud, waste, and abuse; and recover payments made in error.

# HEMMING | MORSE
### FORENSIC & FINANCIAL CONSULTANTS

**CURRICULUM VITAE**

**CONCORD OFFICE**
1390 Willow Pass Road | Suite 410
Concord, CA 94520
T: 415.836.4000

## DAVID M. BRESHEARS, CPA/CFF

HEMMING.COM

**Selected Case Experience** continued

- Prepared financial analyses in connection with assignments involving fraud, contract disputes and lost profits.

- Performed extensive research for a variety of cases, including cases involving fraud, contract disputes, and lost profits.

- Created various databases and/or tested the accuracy of databases created by others in order to assimilate large amounts of information to be presented in a meaningful manner.

- Managed audit engagements from planning to reporting, including delegation and review of staff assignments and control of time and expenses.

- Prepared and examined financial reports including research and analysis of technical accounting issues.

- Analyzed client accounting systems and related controls and developed specific recommendations for improvements.