UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIKA TERRY, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>WASATCH ADVANTAGE GROUP, LLC, et al.,<br><br>    Defendants. | No. 2:15-cv-0799 KJM DB<br><br>ORDER |

Plaintiffs ask this court for leave to amend their complaint and to alter the class cut-off date. For the reasons below, the court **grants the motion**.

**I.  BACKGROUND**

Plaintiffs, on behalf of a class of individuals, are tenants who receive rental assistance through the federally subsidized Section 8 Housing Choice Voucher Program. They claim defendant lessors improperly charged plaintiffs for additional services and required them to purchase renter's insurance. Plaintiffs argue these services and the insurance requirement constitute impermissible rent under the Section 8 contracts and applicable regulations, and defendants therefore violated the Section 8 contracts and submitted false claims for reimbursement under the federal program. Plaintiffs now file this unopposed motion for leave to amend their complaint in response to new information obtained during remedies discovery. *See* Mot. at 2, ECF No. 314. Additionally, plaintiffs "request to set an end date to the definition of

the Federal Rule of Civil Procedure ("Rule") 23(b)(3) class to cut off class damages and membership as of November 30, 2022." *Id.* at 2.

## II. LEGAL STANDARD

A party seeking leave to amend pleadings after the deadline specified in the scheduling order must first satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992). Rule 16(b)(4) states a "schedule may be modified only for good cause and with the judge's consent." This good cause evaluation "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson*, 975 F.2d at 609. Distinct from Rule 15(a)'s liberal amendment policy, Rule 16(b)'s good cause standard focuses primarily on the diligence of the moving party, *id.*, and the moving party's reasons for seeking modification. *Cf. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

If good cause exists, the party next must satisfy Rule 15(a). Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'" *Leighton*, 833 F.2d at 186 (quoting *Webb*, 655 F.2d at 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props.*, 866 F.2d at 1160 (citing *Leighton*, 833 F.2d at 186). In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'" *Id.* at 1161 (alteration in original) (quoting *Leighton*, 833 F.2d at 186 n.3).

Under Federal Rule of Civil Procedure Rule 23, district judges have an obligation to "define, redefine, subclass and decertify as appropriate in response to the progression of the case from assertion to facts." *Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983). This is because "the class certification is usually made early in the case," and therefore "it may become necessary to modify the class definition after further discovery or other events which alter the parameters of the class." *Moeller v. Taco Bell Corp.*, No. C 02-5849 MJJ, 2004 WL 5669683, at *1 (N.D. Cal. Dec. 7, 2004) (citation and internal quotations marks omitted).

### III. DISCUSSION

Plaintiffs seek leave to amend under Rule 16 because they say they have encountered new evidence, which they argue affects their request for injunctive relief. During remedies discovery, plaintiffs learned defendants made some but not all the changes necessary to comply with the court's order granting plaintiffs' motion for summary judgment. *See* Summ. at 9-18, ECF No. 278; Mot. at 2.

Granting leave to amend in response to new evidence attained in discovery is a common practice. *See Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. 05-583, 2006 WL 3733815 (E.D. Cal. Dec. 15, 2006); *Orozco v. Midland Credit Mgmt. Inc.*, No. 12 -02585, 2013 WL 3941318 (E.D. Cal. July 30, 2013). And here, the proposed Sixth Amended Complaint conforms plaintiffs' pleadings to the newly discovered evidence. *See* Mot. at 3. Moreover, plaintiffs have diligently attempted to meet and confer with defendants despite defendants' record of non-responsiveness. *See* Mot. at 4-5; *Johnson*, 975 F.2d at 609. Defendants have not opposed the pending motion. The **court** finds good cause exists.

Additionally, none of Rule 15(b)'s limitations on the policy of liberality in granting leave to amend applies here. *Ascon Props.*, 866 F.2d at 1160. Defendants are not unduly prejudiced by permitting plaintiffs to conform their claims to the facts plaintiffs obtained during remedies discovery, of which defendants were already aware. *See Orozco*, 2013 WL 3941318, at *4 (finding defendant not prejudiced under Rule 15 limitations when defendant was already aware of pertinent new information underlying request for leave to amend). Defendants have not demonstrated plaintiffs seek leave to amend in bad faith. And granting leave to amend will not be

futile because it is not "patently obvious that the plaintiff[s] could not prevail on the facts alleged." *Cohen v. Longshore*, 621 F.3d 1311, 1314-15 (10th Cir. 2010) (quotation marks and internal citation omitted). Lastly, there is no indication granting leave would create undue delay. Though this would be plaintiffs' sixth amended complaint, the circumstances warrant the additional amendment. Accordingly, the court finds the plaintiffs' request satisfies Rule 15(b), and **grants plaintiff's motion for leave to amend their complaint**.

Plaintiffs also request to set November 30, 2022 as the class cut-off date for damages and membership. Plaintiffs' proposed class period definition specifies a reasonable end date in place of the imprecise existing language: "the final resolution of this matter." Sixth Am. Compl. Ex., Bellows Decl. at 17, ECF 314-1. Plaintiffs' damages expert recommends the new cut-off date, which "corresponds to the time period for which the policies underlying the [c]ourt's summary judgment decision were in place." *See* Bellows Decl. at 2, ECF 314-1. In contrast to the preexisting language, the new cut-off date is ascertainable and in the "interest[] of clarity and finality." *Taylor v. Autozone, Inc.*, No. 10-8125, 2011 WL 2357652, at *1 (D. Ariz. June 14, 2011) ("A specified end date also helps ensure that plaintiff-specific discovery will be completed in a timely manner."); *see Blackwell v. Com. Refrigeration Specialists, Inc.*, No. 20-1968, 2022 WL 10626473 (E.D. Cal. Oct. 18, 2022) (defining end date so as to resolve similar ascertainability issue in defining class period). The court **grants plaintiffs' request to set November 30, 2022 as the class cut-off date.**

## IV.   CONCLUSION

Plaintiffs' motion for leave to file the Sixth Amended Complaint is **granted**. Plaintiffs are **directed to file the Sixth Amended Complaint within seven days of the filing of this order.**

Additionally, the court **grants plaintiffs' request to set an end date for the Rule 23(b)(3) class**. The certified class for damages or restitution is now defined as follows:

> All persons who, in the time period starting on April 14, 2011 (four years prior to the date of filing the initial Complaint in this action) through November 30, 2022, (1) have been tenants at any of Defendants' California properties; (2) have participated in the "Section 8" Housing Choice Voucher Program in connection with their tenancies at the California properties; and (3) have paid additional charges set forth in Additional

Services Agreements in excess of their individual portions of the contract rent set forth in the HAP Contracts. ECF Nos. 92, 114.

This order resolves ECF No. 314.

IT IS SO ORDERED.

DATED: November 27, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE