**LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOSEPH A. SALAZAR JR., SB# 169551
    E-Mail: Joe.Salazar@lewisbrisbois.com
RYAN MATTHEWS, SB# 311674
    E-Mail: Ryan.Matthews@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant, WASATCH
PROPERTY MANAGEMENT, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

UNITED STATES OF AMERICA, ex rel.
DENIKA TERRY, ROY HUSKEY III, and
TAMERA LIVINGSTON, and each of them
for themselves individually, and for all other
persons similarly situated and on behalf of the
UNITED STATES OF AMERICA,

                Plaintiffs/Relators,

      vs.

WASATCH ADVANTAGE GROUP, LLC,
WASATCH PROPERTY MANAGEMENT,
INC., WASATCH POOL HOLDINGS, LLC,
CHESAPEAKE APARTMENT HOLDINGS,
LLC, LOGAN PARK APARTMENTS, LLC,
LOGAN PARK APARTMENTS, LP, ASPEN
PARK HOLDINGS, LLC, BELLWOOD
JERRON HOLDINGS, LLC, BELLWOOD
JERRON APARTMENTS, LP, BENT TREE
APARTMENTS, LLC, CALIFORNIA
PLACE APARTMENTS, LLC, CAMELOT
LAKES HOLDINGS, LLC, CANYON CLUB
HOLDINGS, LLC, COURTYARD AT
CENTRAL PARK APARTMENTS, LLC,
CREEKSIDE HOLDINGS, LTD,
HAYWARD SENIOR APARTMENTS, LP,
HERITAGE PARK APARTMENTS, LP,
OAK VALLEY APARTMENTS, LLC, OAK
VALLEY HOLDINGS, LP, PEPPERTREE
APARTMENT HOLDINGS, LP, PIEDMONT
APARTMENTS, LP, POINT NATOMAS

CASE NO. 2:15-cv-00799-KJM-DB

**WASATCH PROPERTY MANAGEMENT,
INC.'S ANSWER TO SIXTH AMENDED
COMPLAINT**

The Hon. Kimberly J. Mueller

Trial Date:     None Set

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

APARTMENTS, LLC, POINT NATOMAS
APARTMENTS, LP, RIVER OAKS
HOLDINGS, LLC, SHADOW WAY
APARTMENTS, LP, SPRING VILLA
APARTMENTS, LP, SUN VALLEY
HOLDINGS, LTD, VILLAGE GROVE
APARTMENTS, LP, WASATCH QUAIL
RUN GP, LLC, WASATCH PREMIER
PROPERTIES, LLC, WASATCH POOL
HOLDINGS III, LLC, and DOES 1-4

Defendants.

Defendant WASATCH PROPERTY MANAGEMENT, INC. ("Defendant"), hereby respond to Plaintiffs' Sixth Amended Complaint for Damages and Injunctive Relief Pursuant to False Claims Act 31 U.S.C. section 3729, *et seq.* as follows:

**INTRODUCTION**

1. Paragraph 1 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

2. Defendant deny the allegations of paragraph 2 in the Sixth Amended Complaint.

3. Defendant deny the allegations of paragraph 3 in the Sixth Amended Complaint.

4. Defendant admit that for a period of time plaintiff Denika Terry was a tenant at the property located on Data Drive in Rancho Cordova, California.

5. Defendant admit that for a period of time, plaintiff Roy Huskey, III was a tenant at the Palm Avenue property.

6. Defendant admit that for a period of time, Plaintiff Tamera Livingston was Defendant's tenant at the Data Drive property.

7. Defendant admit that they rent apartments at the subject properties to tenants that receive housing assistance payments through the program known as "Section 8". As to the balance of the allegations in paragraph 7, Defendant lack sufficient knowledge to admit or deny the allegations and upon that basis deny the same.

8. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 8 and upon that basis deny the allegations contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

9.      Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 9 and upon that basis deny the allegations contained therein.

10.     Defendant admit that some of the defendants were parties to housing assistance payment contracts with the two named plaintiffs and the Sacramento Housing & Redevelopment Agency.

11.     Defendant deny the allegations of paragraph 11 in the Sixth Amended Complaint.

12.     Defendant deny the allegations of paragraph 12 in the Sixth Amended Complaint.

13.     Paragraph 13 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

14.     Paragraph 14 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

15.     Paragraph 15 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

16.     Defendant deny the allegations of paragraph 16 in the Sixth Amended Complaint.

17.     Defendant admit that some of the named defendants are owners of the Subject Properties.  As to the balance of the allegations in Paragraph 17, Defendants lack sufficient knowledge to admit or deny the allegations and upon that basis deny the same.

18.     Defendant deny the allegations of paragraph 18 in the Sixth Amended Complaint.

19.     Defendant admit the allegations of paragraph 19 in the Sixth Amended Complaint, except to note that the named entity is a Limited Liability Company, not a Limited Liability Corporation.

20.     Defendant admit the named defendant in this paragraph is a limited liability company, registered to do business in the state of California.  As to the balance of the allegations in Paragraph 20, Defendant lack sufficient knowledge to admit or deny the allegations and upon that basis deny the same.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

21.     Defendant admit the named defendant in this paragraph is a corporation, registered to do business in the state of California.  As to the balance of the allegations in Paragraph 21, Defendant lack sufficient knowledge to admit or deny the allegations and upon that basis deny the same.

22.     Defendant admit the allegations of paragraph 22 in the Sixth Amended Complaint.

**PARTIES**

23.     Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 23 and upon that basis deny the allegations contained therein.

24.     Defendant admit the named defendants in this paragraph are a limited liability company and limited partnership, respectively, registered to do business in the state of California. As to the balance of the allegations in paragraph 24, Defendant lack sufficient knowledge to admit or deny the allegations and upon that basis deny the same.

25.     Defendant admit the named defendant in this paragraph is a limited liability company, registered to do business in the state of California.  As to the balance of the allegations in paragraph 25, Defendant lack sufficient knowledge to admit or deny the allegations and upon that basis deny the same.

26.     Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 26 and upon that basis deny the allegations contained therein.

27.     Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 27 and upon that basis deny the allegations contained therein.

28.     Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 28 and upon that basis deny the allegations contained therein.

29.     Paragraph 29 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

30.     Defendant admit the allegations of this paragraph, except to note that the entity in question is a Limited Liability Company, not a Limited Liability Corporation.

31.     Defendant admit the allegations of this paragraph, except to note that the entity in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  question is a Limited Liability Company, not a Limited Liability Corporation.

2      32.     Defendant admit the allegations of this paragraph, except to note that the entity in

3  question is a Limited Liability Company, not a Limited Liability Corporation.

4      33.     Defendant admit the allegations of this paragraph.

5      34.     Defendant admit the allegations of this paragraph.

6      35.     Defendant admit the allegations of this paragraph, except to note that the entity in

7  question is a Limited Partnership, not a limited partnership corporation.

8      36.     Defendant admit the allegations of this paragraph, except to note that the entity in

9  question is a Limited Liability Company, not a Limited Liability Corporation.

10      37.     Defendant admit the allegations of this paragraph.

11      38.     Defendant admit the allegations of this paragraph.

12      39.     Defendant admit the allegations of this paragraph.

13      40.     Defendant admit the allegations of this paragraph.

14      41.     Defendant admit the allegations of this paragraph, except to note that the entity in

15  question is a Limited Liability Company, not a Limited Liability Corporation.

16      42.     Defendant admit the allegations of this paragraph.

17      43.     Defendant admit the allegations of this paragraph.

18      44.     Defendant admit the allegations of this paragraph.

19      45.     Defendant admit the allegations of this paragraph.

20      46.     Defendant admit the allegations of this paragraph, except to note that the entity in

21  question is a Limited Liability Company, not a Limited Liability Corporation.

22      47.     Defendant admit the allegations of this paragraph, except to note that the entity in

23  question is a Limited Liability Company, not a Limited Liability Corporation.

24      48.     Defendant admit the allegations of this paragraph, except to note that the entity in

25  question is a Limited Liability Company, not a Limited Liability Corporation. .

26      49.     Defendant lack sufficient knowledge to admit or deny the allegations in paragraph

27  49 and upon that basis deny the allegations contained therein.

28      50.     Defendant lack sufficient knowledge to admit or deny the allegations in paragraph

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    50 and upon that basis deny the allegations contained therein.

2         51.    Defendant lack sufficient knowledge to admit or deny the allegations in paragraph

3    51 and upon that basis deny the allegations contained therein.

4         52.    The allegations in this paragraph are legal conclusions which do not require a

5    response.

6         53.    Paragraph 53 of the Sixth Amended Complaint contains only legal allegations for

7    which there is no requirement to admit or deny the same. To the extent such an obligation exists,

8    Defendant deny the allegations contained therein.

9         54.    Defendant admit the location of the Subject Properties. As to the balance of the

10   allegations, they contain only legal conclusions for which there is no requirement to admit or deny

11   the same. To the extent, such an obligation exists, Defendant lack sufficient knowledge and upon

12   that basis deny the balance of the allegations.

13        55.    Paragraph 55 of the Sixth Amended Complaint contains only legal allegations for

14   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

15   Defendant deny the allegations contained therein.

16        56.    Paragraph 56 of the Sixth Amended Complaint contains only legal allegations for

17   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

18   Defendant deny the allegations contained therein.

19        57.    Paragraph 57 of the Sixth Amended Complaint contains only legal allegations for

20   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

21   Defendant deny the allegations contained therein.

22        58.    Paragraph 58 of the Sixth Amended Complaint contains only legal allegations for

23   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

24   Defendant deny the allegations contained therein.

25        59.    Paragraph 59 of the Sixth Amended Complaint contains only legal allegations for

26   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

27   Defendant deny the allegations contained therein.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**JURISDICTION**

2      60.     Paragraph 60 of the Sixth Amended Complaint contains only legal allegations for

3  which there is no requirement to admit or deny the same.  To the extent such an obligation exists,

4  Defendant deny the allegations contained therein.

5      61.     Paragraph 61 of the Sixth Amended Complaint contains only legal allegations for

6  which there is no requirement to admit or deny the same.  To the extent such an obligation exists,

7  Defendant deny the allegations contained therein.

8  **HOUSING CHOICE VOUCHER PROGRAM ("SECTION 8")**

9      62.     Paragraph 62 of the Sixth Amended Complaint contains only legal allegations for

10  which there is no requirement to admit or deny the same.  To the extent such an obligation exists,

11  Defendant deny the allegations contained therein.

12      63.     Paragraph 63 of the Sixth Amended Complaint contains only legal allegations for

13  which there is no requirement to admit or deny the same.  To the extent such an obligation exists,

14  Defendant deny the allegations contained therein.

15      64.     Paragraph 64 of the Sixth Amended Complaint contains only legal allegations for

16  which there is no requirement to admit or deny the same.  To the extent such an obligation exists,

17  Defendant deny the allegations contained therein

18      65.     Paragraph 65 of the Sixth Amended Complaint contains only legal allegations for

19  which there is no requirement to admit or deny the same.  To the extent such an obligation exists,

20  Defendant deny the allegations contained therein.

21      66.     Paragraph 66 of the Sixth Amended Complaint contains only legal allegations for

22  which there is no requirement to admit or deny the same.  To the extent such an obligation exists,

23  Defendant deny the allegations contained therein.

24      67.     Paragraph 67 of the Sixth Amended Complaint contains only legal allegations for

25  which there is no requirement to admit or deny the same.  To the extent such an obligation exists,

26  Defendant deny the allegations contained therein.

27      68.     Paragraph 68 of the Sixth Amended Complaint contains only legal allegations for

28  which there is no requirement to admit or deny the same.  To the extent such an obligation exists,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Defendant deny the allegations contained therein.

69.     Paragraph 69 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

70.     Paragraph 70 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

71.     Paragraph 71 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

72.     Paragraph 72 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

73.     Paragraph 73 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

74.     Paragraph 74 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

75.     Paragraph 75 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

## CLASS DEFINITION AND GENERAL ALLEGATIONS

76.     Defendant deny the allegations of paragraph 76 in the Sixth Amended Complaint.

77.     Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 77 and upon that basis deny the allegations contained therein.

78.     Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 78 and upon that basis deny the allegations contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

79.     Paragraph 79 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

80.     Paragraph 80 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

81.     Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 81 and upon that basis deny the allegations contained therein.

82.     Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 82 and upon that basis deny the allegations contained therein.

**Defendants Unlawfully Demand Additional Rental Charges**

83.     Defendant deny the allegations of paragraph 83 in the Sixth Amended Complaint.

84.     Paragraph 84 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendants deny the allegations contained therein.

85.     Paragraph 85 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

86.     Paragraph 86 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

87.     Paragraph 87 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

88.     Paragraph 88 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

89.     Answering Defendant lack sufficient information to admit or deny the factual

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   allegations contained in Paragraph 89, and on that basis, deny them. The balance of the allegations

2   are legal conclusions for which there is no requirement to admit or deny the same. To the extent

3   such an obligation exists, Defendant deny the allegations contained therein.

4        90.     Answering Defendant lack sufficient information to admit or deny the factual

5   allegations contained in Paragraph 90, and on that basis, deny them. The balance of the allegations

6   are legal conclusions for which there is no requirement to admit or deny the same. To the extent

7   such an obligation exists, Defendant deny the allegations contained therein.

8        91.     Answering Defendant lack sufficient information to admit or deny the factual

9   allegations contained in Paragraph 91, and on that basis, deny them. The balance of the allegations

10  are legal conclusions for which there is no requirement to admit or deny the same. To the extent

11  such an obligation exists, Defendant deny the allegations contained therein.

12       92.     Answering Defendant lack sufficient information to admit or deny the factual

13  allegations contained in Paragraph 92, and on that basis, deny them. The balance of the allegations

14  are legal conclusions for which there is no requirement to admit or deny the same. To the extent

15  such an obligation exists, Defendant deny the allegations contained therein.

16       93.     Answering Defendant lack sufficient information to admit or deny the factual

17  allegations contained in Paragraph 93, and on that basis, deny them. The balance of the allegations

18  are legal conclusions for which there is no requirement to admit or deny the same. To the extent

19  such an obligation exists, Defendant deny the allegations contained therein.

20       94.     Answering Defendant lack sufficient information to admit or deny the factual

21  allegations contained in Paragraph 94, and on that basis, deny them. The balance of the allegations

22  are legal conclusions for which there is no requirement to admit or deny the same. To the extent

23  such an obligation exists, Defendant deny the allegations contained therein.

24       95.     Answering Defendant lack sufficient information to admit or deny the factual

25  allegations contained in Paragraph 95, and on that basis, deny them. The balance of the allegations

26  are legal conclusions for which there is no requirement to admit or deny the same. To the extent

27  such an obligation exists, Defendant deny the allegations contained therein.

28       96.     Answering Defendant lack sufficient information to admit or deny the factual

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  allegations contained in Paragraph 96, and on that basis, deny them. The balance of the allegations

2  are legal conclusions for which there is no requirement to admit or deny the same. To the extent

3  such an obligation exists, Defendant deny the allegations contained therein.

4       97.    Answering Defendant lack sufficient information to admit or deny the factual

5  allegations contained in Paragraph 97, and on that basis, deny them. The balance of the allegations

6  are legal conclusions for which there is no requirement to admit or deny the same. To the extent

7  such an obligation exists, Defendant deny the allegations contained therein.

8       98.    Defendant admit the allegations in paragraph 98.

9       99.    Defendant admit the allegations in paragraph 99.

10       100.    Defendant admit the allegations in paragraph 100.

11       101.    Answering Defendant lack sufficient information to admit or deny the factual

12  allegations contained in Paragraph 101, and on that basis, deny them. The balance of the

13  allegations are legal conclusions for which there is no requirement to admit or deny the same. To

14  the extent such an obligation exists, Defendant deny the allegations contained therein.

15  **Defendant Are Liable For Their Unlawful Conduct Under Alter Ego, Single**

16  **Enterprise, Agency, And Other Theories Of Vicarious Liability**

17       102.    Answering Defendant lack sufficient information to admit or deny the factual

18  allegations contained in Paragraph 102, and on that basis, deny them. The balance of the

19  allegations are legal conclusions for which there is no requirement to admit or deny the same. To

20  the extent such an obligation exists, Defendant deny the allegations contained therein.

21       103.    Answering Defendant lack sufficient information to admit or deny the factual

22  allegations contained in Paragraph 103, and on that basis, deny them. The balance of the

23  allegations are legal conclusions for which there is no requirement to admit or deny the same. To

24  the extent such an obligation exists, Defendant deny the allegations contained therein.

25       104.    Answering Defendant lack sufficient information to admit or deny the factual

26  allegations contained in Paragraph 104, and on that basis, deny them. The balance of the

27  allegations are legal conclusions for which there is no requirement to admit or deny the same. To

28  the extent such an obligation exists, Defendant deny the allegations contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

105.     Answering Defendant lack sufficient information to admit or deny the factual allegations contained in Paragraph 105 and on that basis, deny them. The balance of the allegations are legal conclusions for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

106.     Answering Defendant lack sufficient information to admit or deny the factual allegations contained in Paragraph 106, and on that basis, deny them. The balance of the allegations are legal conclusions for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

107.     Answering Defendant lack sufficient information to admit or deny the factual allegations contained in Paragraph 107, and on that basis, deny them. The balance of the allegations are legal conclusions for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

108.     Answering Defendant lack sufficient information to admit or deny the factual allegations contained in Paragraph 108, and on that basis, deny them. The balance of the allegations are legal conclusions for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

109.     Answering Defendant lack sufficient information to admit or deny the factual allegations contained in Paragraph 109, and on that basis, deny them. The balance of the allegations are legal conclusions for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

110.     Defendant deny the allegations in Paragraph 110 of the Sixth Amended Complaint.

111.     Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 111 and upon that basis deny the allegations contained therein.

112.     Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 112 and upon that basis deny the allegations contained therein.

113.     Paragraph 113 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133179729.1                                      12                    Case No. 2:15-cv-00799-KJM-DB

WASATCH PROPERTY MANAGEMENT, INC.'S ANSWER TO SIXTH AMENDED COMPLAINT

114. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 114 and upon that basis deny the allegations contained therein.

115. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 115 and upon that basis deny the allegations contained therein.

116. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 116 and upon that basis deny the allegations contained therein.

117. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 117 and upon that basis deny the allegations contained therein.

118. Paragraph 118 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

119. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 119 and upon that basis deny the allegations contained therein.

120. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 120 and upon that basis deny the allegations contained therein.

121. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 121 and upon that basis deny the allegations contained therein.

122. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 122 and upon that basis deny the allegations contained therein.

123. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 123 and upon that basis deny the allegations contained therein.

124. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 124 and upon that basis deny the allegations contained therein.

125. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 125 and upon that basis deny the allegations contained therein.

126. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 126 and upon that basis deny the allegations contained therein.

**Defendant Treat Additional Charges as Rent**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

127. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 127 and upon that basis deny the allegations contained therein.

128. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 128 and upon that basis deny the allegations contained therein.

129. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 129 and upon that basis deny the allegations contained therein.

130. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 130 and upon that basis deny the allegations contained therein.

131. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 131 and upon that basis deny the allegations contained therein.

132. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 132 and upon that basis deny the allegations contained therein.

133. Defendant admit that during certain portions of time, Denika Terry received housing assistance from the Sacramento Housing & Redevelopment Agency pursuant to the Section 8 program. As to the balance of the allegations, they are denied.

134. Paragraph 134 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

**Defendant Treat Additional Charges as Grounds for Eviction**

135. Defendant admit the allegations of paragraph 135 in the Sixth Amended Complaint.

136. Defendant admit that Sacramento Housing & Redevelopment Agency, Denika Terry and the relevant defendant approved the Rental Agreement and entered into a HAP contract for a contract unit at the Data Drive property. As to the balance of the allegations, Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 136 and upon that basis deny the allegations contained therein.

137. Defendant deny the allegations of paragraph 137 in the Sixth Amended Complaint.

138. Defendant deny the allegations of paragraph 138 in the Sixth Amended Complaint.

139. Defendant lack sufficient knowledge to admit or deny the allegations in paragraph

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   139 and upon that basis deny the allegations contained therein.

2       140.    Defendant lack sufficient knowledge to admit or deny the allegations in paragraph

3   140 and upon that basis deny the allegations contained therein.

4       141.    Defendant lack sufficient knowledge to admit or deny the allegations in paragraph

5   141 and upon that basis deny the allegations contained therein.

6       142.    Defendant deny the allegations of paragraph 142 in the Sixth Amended Complaint.

7       143.    Defendant deny the allegations of paragraph 143 in the Sixth Amended Complaint.

8   **Defendant Additional Charges Are Conditions of Leasing**

9       144.    Defendant deny the allegations of paragraph 144 in the Sixth Amended Complaint.

10      145.    Defendant deny the allegations of paragraph 145 in the Sixth Amended Complaint.

11      146.    Defendant deny the allegations of paragraph 146 in the Sixth Amended Complaint.

12      147.    Defendant deny the allegations of paragraph 147 in the Sixth Amended Complaint.

13      148.    Defendant deny the allegations of paragraph 148 in the Sixth Amended Complaint.

14      149.    Defendant deny the allegations of paragraph 149 in the Sixth Amended Complaint.

15      150.    Defendant deny the allegations of paragraph 150 in the Sixth Amended Complaint.

16      151.    Defendant deny the allegations of paragraph 151 in the Sixth Amended Complaint.

17                          <u>CLASS REPRESENTATIVES</u>

18  **Plaintiff Denika Terry**

19      152.    Defendant deny the allegations of paragraph 152 in the Sixth Amended Complaint.

20      153     Defendant lack sufficient knowledge to admit or deny the allegations in paragraph

21  153 and upon that basis deny the allegations contained therein.

22      154.    Defendant lack sufficient knowledge to admit or deny the allegations in paragraph

23  154 and upon that basis deny the allegations contained therein.

24      155.    Defendant admit that during a certain period of time, Plaintiff Roy Huskey III

25  received housing assistance payments pursuant to the Section 8 program.  As to the balance of the

26  allegations regarding the time frame, Defendant lack sufficient knowledge to admit or deny the

27  allegations in Paragraphs 155 and upon that basis deny the same.

28      156.    Defendant lack sufficient knowledge to admit or deny the allegations in paragraph

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133179729.1                                    15                      Case No. 2:15-cv-00799-KJM-DB

WASATCH PROPERTY MANAGEMENT, INC.'S ANSWER TO SIXTH AMENDED COMPLAINT

1    156 and upon that basis deny the allegations contained therein.

2         157.    Defendant lack sufficient knowledge to admit or deny the allegations in paragraph

3    157 and upon that basis deny the allegations contained therein.

4         158.    Defendant admit that the Sacramento Housing & Redevelopment Agency approved

5    the Lease Agreement and HAP contract for Mr. Huskey.  As to the balance of the allegations,

6    Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 158 and upon

7    that basis deny the allegations contained therein.

8         159.    Defendant admit the allegations of paragraph 159 in the Sixth Amended Complaint.

9         160.    Defendant deny the allegations of paragraph 160 in the Sixth Amended Complaint.

10        161.    Defendant deny the allegations of paragraph 161 in the Sixth Amended Complaint.

11        162.    Defendant deny the allegations of paragraph 162 in the Sixth Amended Complaint.

12        163.    Defendant deny the allegations of paragraph 163 in the Sixth Amended Complaint.

13        164.    Defendant deny the allegations of paragraph 164 in the Sixth Amended Complaint.

14        165.    Defendant deny the allegations of paragraph 165 in the Sixth Amended Complaint.

15        166.    Defendant deny the allegations of paragraph 166 in the Sixth Amended Complaint.

16        167.    Defendant deny the allegations of paragraph 167 in the Sixth Amended Complaint.

17        168.    Defendant deny the allegations of paragraph 168 in the Sixth Amended Complaint.

18        169.    Defendant deny the allegations of paragraph 169 in the Sixth Amended Complaint.

19        170.    Defendant deny the allegations of paragraph 170 in the Sixth Amended Complaint.

20        171.    Defendant deny the allegations of paragraph 171 in the Sixth Amended Complaint.

21        172.    Defendant deny the allegations of paragraph 172 in the Sixth Amended Complaint.

22        173.    Defendant deny the allegations of paragraph 173 in the Sixth Amended Complaint.

23   **Plaintiff Roy Huskey III**

24        174.    Defendant deny the allegations of paragraph 174 in the Sixth Amended Complaint.

25        175.    Defendant admit that during a certain period of time, Tamera Livingston received

26   housing assistance payments pursuant to the Section 8 program.  As to the balance of the

27   allegations regarding the time frame, Defendant lack sufficient knowledge to admit or deny the

28   allegations in Paragraphs 175 and upon that basis deny the same.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  176.  Defendant lack sufficient knowledge to admit or deny the allegations in paragraph

2  176 and upon that basis deny the allegations contained therein.

3  177.  Defendant lack sufficient knowledge to admit or deny the allegations in paragraph

4  177 and upon that basis deny the allegations contained therein.

5  178.  Defendant admit that the Sacramento Housing & Redevelopment Agency approved

6  the Lease Agreement and HAP contract for Mr. Huskey.  As to the balance of the allegations,

7  Defendant lack sufficient knowledge to admit or deny the allegations in paragraph 178 and upon

8  that basis deny the allegations contained therein.

9  179.  Defendant admit the allegations of paragraph 179 in the Sixth Amended Complaint.

10  180.  Defendant deny the allegations of paragraph 180 in the Sixth Amended Complaint.

11  181.  Defendant deny the allegations of paragraph 181 in the Sixth Amended Complaint.

12  182.  Defendant deny the allegations of paragraph 182 in the Sixth Amended Complaint.

13  183.  Defendant deny the allegations of paragraph 183 in the Sixth Amended Complaint.

14  184.  Defendant deny the allegations of paragraph 184 in the Sixth Amended Complaint.

15  185.  Defendant deny the allegations of paragraph 185 in the Sixth Amended Complaint.

16  186.  Defendant deny the allegations of paragraph 186 in the Sixth Amended Complaint.

17  187.  Defendant deny the allegations of paragraph 187 in the Sixth Amended Complaint.

18  188.  Defendant deny the allegations of paragraph 188 in the Sixth Amended Complaint.

19  189.  Defendant deny the allegations of paragraph 189 in the Sixth Amended Complaint.

20  190.  Defendant deny the allegations of paragraph 190 in the Sixth Amended Complaint.

21  191.  Defendant deny the allegations of paragraph 191 in the Sixth Amended Complaint.

22  192.  Defendant deny the allegations of paragraph 192 in the Sixth Amended Complaint.

23  193.  Defendant deny the allegations of paragraph 193 in the Sixth Amended Complaint.

24  **Plaintiff Tamera Livingston**

25  194.  Defendant deny the allegations of paragraph 194 in the Sixth Amended Complaint.

26  195.  Defendant deny the allegations of paragraph 195 in the Sixth Amended Complaint.

27  196.  Defendant lack sufficient knowledge to admit or deny the allegations in paragraph

28  196 and upon that basis deny the allegations contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133179729.1

17

Case No. 2:15-cv-00799-KJM-DB

WASATCH PROPERTY MANAGEMENT, INC.'S ANSWER TO SIXTH AMENDED COMPLAINT

1    197.    Defendant deny the allegations of paragraph 197 in the Sixth Amended Complaint.

2    198.    Paragraph 198 of the Sixth Amended Complaint contains only legal allegations for

3    which there is no requirement to admit or deny the same. To the extent such an obligation exists,

4    Defendant deny the allegations contained therein.

5    199.    Paragraph 199 of the Sixth Amended Complaint contains only legal allegations for

6    which there is no requirement to admit or deny the same. To the extent such an obligation exists,

7    Defendant deny the allegations contained therein.

8    200.    Paragraph 200 of the Sixth Amended Complaint contains only legal allegations for

9    which there is no requirement to admit or deny the same. To the extent such an obligation exists,

10   Defendant deny the allegations contained therein.

11   201.    Paragraph 201 of the Sixth Amended Complaint contains only legal allegations for

12   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

13   Defendant deny the allegations contained therein.

14   202.    Paragraph 202 of the Sixth Amended Complaint contains only legal allegations for

15   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

16   Defendant deny the allegations contained therein.

17   203.    Paragraph 203 of the Sixth Amended Complaint contains only legal allegations for

18   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

19   Defendant deny the allegations contained therein.

20   204.    Paragraph 204 of the Sixth Amended Complaint contains only legal allegations for

21   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

22   Defendant deny the allegations contained therein.

23   205.    Paragraph 205 of the Sixth Amended Complaint contains only legal allegations for

24   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

25   Defendant deny the allegations contained therein.

26   206.    Paragraph 206 of the Sixth Amended Complaint contains only legal allegations for

27   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

28   Defendant deny the allegations contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

207. Paragraph 207 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

208. Paragraph 208 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

209. Paragraph 209 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

210. Paragraph 210 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

211. Paragraph 211 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

212. Defendant incorporate all the prior responses in paragraphs 1 through 167 as those set forth fully herein.

213. Paragraph 213 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

214. Paragraph 214 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

## CLASS ALLEGATIONS

215. Paragraph 215 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

216. Paragraph 216 of the Sixth Amended Complaint contains only legal allegations for

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   which there is no requirement to admit or deny the same.  To the extent such an obligation exists,

2   Defendant deny the allegations contained therein.

3   217.   Paragraph 217 of the Sixth Amended Complaint contains only legal allegations for

4   which there is no requirement to admit or deny the same.  To the extent such an obligation exists,

5   Defendant deny the allegations contained therein.

6   218.   Paragraph 218 of the Sixth Amended Complaint contains only legal allegations for

7   which there is no requirement to admit or deny the same.  To the extent such an obligation exists,

8   Defendant deny the allegations contained therein.

9   219.   Paragraph 219 of the Sixth Amended Complaint contains only legal allegations for

10  which there is no requirement to admit or deny the same.  To the extent such an obligation exists,

11  Defendant deny the allegations contained therein.

12  220.   Defendant deny the allegations of paragraph 220 in the Sixth Amended Complaint.

13  221.   Defendant deny the allegations of paragraph 221 in the Sixth Amended Complaint.

14  222.   Defendant deny the allegations of paragraph 222 in the Sixth Amended Complaint.

15  223.   Defendant deny the allegations of paragraph 223 in the Sixth Amended Complaint.

16  224.   Defendant deny the allegations of paragraph 224 in the Sixth Amended Complaint.

17  225.   Defendant deny the allegations of paragraph 225 in the Sixth Amended Complaint.

18  226.   Defendant deny the allegations of paragraph 226 in the Sixth Amended Complaint.

19  **RELIEF AND CLAIMS**

20  227.   Defendant incorporate each of the prior specific responses to allegations contained

21  in paragraphs 1 through 182 as though set forth fully herein.

22  228.   Defendant deny the allegations of paragraph 228 in the Sixth Amended Complaint.

23  229.   Defendant deny the allegations of paragraph 229 in the Sixth Amended Complaint.

24  230.   Defendant deny the allegations of paragraph 230 in the Sixth Amended Complaint.

25  **FIRST CAUSE OF ACTION**

26  **(VIOLATION OF THE FEDERAL FALSE CLAIMS ACT)**

27  231.   Defendant deny the allegations of paragraph 231 in the Sixth Amended Complaint.

28  232.   Defendant deny the allegations of paragraph 232 in the Sixth Amended Complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

233.     Paragraph 233 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

234.     Defendant reincorporate all of their responses to the allegations in paragraphs 1 through 189 as set forth above and as fully contained therein.

235.     Paragraph 235 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

236.     Paragraph 236 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

237.     Paragraph 237 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

238.     Paragraph 238 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

239.     Paragraph 239 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

240.     Paragraph 240 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

241.     Paragraph 241 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists, Defendant deny the allegations contained therein.

242.     Paragraph 242 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same.  To the extent such an obligation exists,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133179729.1                    Case No. 2:15-cv-00799-KJM-DB
WASATCH PROPERTY MANAGEMENT, INC.'S ANSWER TO SIXTH AMENDED COMPLAINT

1   Defendant deny the allegations contained therein.

2         243.    Paragraph 243 of the Sixth Amended Complaint contains only legal allegations for

3   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

4   Defendant deny the allegations contained therein.

5         244.    Paragraph 244 of the Sixth Amended Complaint contains only legal allegations for

6   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

7   Defendant deny the allegations contained therein.

8         245.    Paragraph 245 of the Sixth Amended Complaint contains only legal allegations for

9   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

10   Defendant deny the allegations contained therein.

11   <u>**SECOND CAUSE OF ACTION**</u>

12   **(BREACH OF CONTRACT)**

13         246.    Defendant reincorporate all of their responses to the allegations in paragraphs 1

14   through 201 as set forth above and as fully contained therein.

15         247.    Paragraph 247 of the Sixth Amended Complaint contains only legal allegations for

16   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

17   Defendant deny the allegations contained therein.

18         248.    Paragraph 248 of the Sixth Amended Complaint contains only legal allegations for

19   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

20   Defendant deny the allegations contained therein.

21         249.    Paragraph 249 of the Sixth Amended Complaint contains only legal allegations for

22   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

23   Defendant deny the allegations contained therein.

24         250.    Paragraph 250 of the Sixth Amended Complaint contains only legal allegations for

25   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

26   Defendant deny the allegations contained therein.

27         251.    Paragraph 251 of the Sixth Amended Complaint contains only legal allegations for

28   which there is no requirement to admit or deny the same. To the extent such an obligation exists,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133179729.1                22             Case No. 2:15-cv-00799-KJM-DB

WASATCH PROPERTY MANAGEMENT, INC.'S ANSWER TO SIXTH AMENDED COMPLAINT

Defendant deny the allegations contained therein.

252.     Paragraph 252 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

## THIRD CAUSE OF ACTION

## (CONSUMERS LEGAL REMEDIES ACT)

253.     Paragraph 253 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

254.     Paragraph 254 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

255.     Paragraph 255 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

256.     Paragraph 256 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

257.     Paragraph 257 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

258.     Paragraph 258 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

259.     Paragraph 259 of the Sixth Amended Complaint contains only legal allegations for which there is no requirement to admit or deny the same. To the extent such an obligation exists, Defendant deny the allegations contained therein.

260.     Paragraph 260 of the Sixth Amended Complaint contains only legal allegations

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1      261.      Defendant hereby demand a trial by jury.

2      262.      Defendant deny the allegations of Paragraph 262.

3      263.      Defendant deny the allegations of Paragraph 263.

4      264.      Paragraph 264 of the Sixth Amended Complaint contains only legal allegations for

5 which there is no requirement to admit or deny the same. To the extent such an obligation exists,

6 Defendant deny the allegations contained therein.

7

8 **FOURTH CAUSE OF ACTION**

9 **(UNFAIR BUSINESS PRACTICES)**

10      265.      Paragraph 265 of the Sixth Amended Complaint contains only legal allegations for

11 which there is no requirement to admit or deny the same. To the extent such an obligation exists,

12 Defendant deny the allegations contained therein.

13      266.      Paragraph 266 of the Sixth Amended Complaint contains only legal allegations for

14 which there is no requirement to admit or deny the same. To the extent such an obligation exists,

15 Defendant deny the allegations contained therein.

16      267.      Paragraph 267 of the Sixth Amended Complaint contains only legal allegations for

17 which there is no requirement to admit or deny the same. To the extent such an obligation exists,

18 Defendant deny the allegations contained therein.

19      268.      Paragraph 268 of the Sixth Amended Complaint contains only legal allegations for

20 which there is no requirement to admit or deny the same. To the extent such an obligation exists,

21 Defendant deny the allegations contained therein.

22      269.      Paragraph 269 of the Sixth Amended Complaint contains only legal allegations for

23 which there is no requirement to admit or deny the same. To the extent such an obligation exists,

24 Defendant deny the allegations contained therein.

25      270.      Paragraph 270 of the Sixth Amended Complaint contains only legal allegations for

26 which there is no requirement to admit or deny the same. To the extent such an obligation exists,

27 Defendant deny the allegations contained therein.

28      271.      Paragraph 271 of the Sixth Amended Complaint contains only legal allegations for

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 which there is no requirement to admit or deny the same. To the extent such an obligation exists,

2 Defendant deny the allegations contained therein.

3      272. Paragraph 272 of the Sixth Amended Complaint contains only legal allegations for

4 which there is no requirement to admit or deny the same. To the extent such an obligation exists,

5 Defendant deny the allegations contained therein.

6      273. Paragraph 273 of the Sixth Amended Complaint contains only legal allegations for

7 which there is no requirement to admit or deny the same. To the extent such an obligation exists,

8 Defendant deny the allegations contained therein.

9      274. Paragraph 274 of the Sixth Amended Complaint contains only legal allegations for

10 which there is no requirement to admit or deny the same. To the extent such an obligation exists,

11 Defendant deny the allegations contained therein.

12      275. Paragraph 275 of the Sixth Amended Complaint contains only legal allegations for

13 which there is no requirement to admit or deny the same. To the extent such an obligation exists,

14 Defendant deny the allegations contained therein.

15      276. Paragraph 276 of the Sixth Amended Complaint contains only legal allegations for

16 which there is no requirement to admit or deny the same. To the extent such an obligation exists,

17 Defendant deny the allegations contained therein.

18      277. Paragraph 277 of the Sixth Amended Complaint contains only legal allegations for

19 which there is no requirement to admit or deny the same. To the extent such an obligation exists,

20 Defendant deny the allegations contained therein.

21      278. Paragraph 278 of the Sixth Amended Complaint contains only legal allegations for

22 which there is no requirement to admit or deny the same. To the extent such an obligation exists,

23 Defendant deny the allegations contained therein.

24      279. Paragraph 279 of the Sixth Amended Complaint contains only legal allegations for

25 which there is no requirement to admit or deny the same. To the extent such an obligation exists,

26 Defendant deny the allegations contained therein.

27                      **<u>REQUEST FOR JURY TRIAL</u>**

28      280. Paragraph 280 of the Sixth Amended Complaint contains a demand for a jury trial

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 which requires no response.

2 **PRAYER FOR RELIEF**

3 281. Paragraph 281 of the Sixth Amended Complaint contains only legal allegations for

4 which there is no requirement to admit or deny the same. To the extent such an obligation exists,

5 Defendant deny the allegations contained therein.

6 **AFFIRMATIVE DEFENSES**

7 **FIRST AFFIRMATIVE DEFENSE**

8 **(Failure to Mitigate)**

9 Any and all damages sustained by Plaintiffs, if any, are the direct and proximate cause of

10 Plaintiffs' failure to mitigate their damages.

11 **SECOND AFFIRMATIVE DEFENSE**

12 **(Fault of Others)**

13 Defendant assert that Plaintiffs' alleged damages and injuries, if any, were caused by

14 factors and circumstances unrelated to any alleged wrongful acts or omissions by Defendant. The

15 alleged damages in question were caused by the fault of others, including third parties who are not

16 parties to this litigation. Any recovery on behalf of Plaintiffs herein for general damages must be

17 proportional to Defendant's fault, if any, and must take into account the fault of others including

18 but not limited to third parties who have not been sued.

19 **THIRD AFFIRMATIVE DEFENSE**

20 **(Additional Defenses)**

21 Defendant does not presently have sufficient knowledge or information on which to form a

22 belief as to whether they may have additional, as yet unstated, defenses available such that

23 Defendant reserve their right to assert additional defenses if, based on discovery, such defenses are

24 determined to be appropriate.

25 **FOURTH AFFIRMATIVE DEFENSE**

26 **(Comparative Fault – Plaintiffs)**

27 Plaintiffs' claims are barred, in whole or in part, because if Plaintiffs suffered or sustained

28 any damage, injury, or detriment as alleged in the Sixth Amended Complaint, any such damages,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

injuries, or detriments sustained by Plaintiffs, if any, were proximately caused and contributed to by the actions, intentional or negligent, of Plaintiffs.

<b><u>SIXTH AFFIRMATIVE DEFENSE</u></b>

<b>(Failure to Plead with Specificity)</b>

Plaintiffs have failed to plead and cannot prove their claims with the required specificity.

<b><u>SIXTH AFFIRMATIVE DEFENSE</u></b>

<b>(Failure to State a Claim)</b>

Plaintiffs' Sixth Amended Complaint and each and every cause of action therein, fails to state a claim upon which relief can be granted.

<b><u>SEVENTH AFFIRMATIVE DEFENSE</u></b>

<b>(Unclean Hands)</b>

Plaintiffs' Sixth Amended Complaint, in whole or in part, is barred by the principle of unclean hands.

<b><u>EIGHTH AFFIRMATIVE DEFENSE</u></b>

<b>(Reliance on Representation of Others)</b>

Defendant has exercised due diligence and relied in good faith on the representations of others, and is not aware of and had no way of becoming aware of any alleged wrongdoing or omissions.

<b><u>NINTH AFFIRMATIVE DEFENSE</u></b>

<b>(Avoidance)</b>

Plaintiffs failed to take precautions that would have avoided and/or diminished their injuries and damages, if any.

<b><u>TENTH AFFIRMATIVE DEFENSE</u></b>

<b>(Compliance with Law)</b>

Plaintiffs' claims are barred from obtaining relief against Defendant because Defendant's conduct was at all times reasonable, proper, in good faith, and in compliance with applicable law

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## ELEVENTH AFFIRMATIVE DEFENSE

### (Public Disclosure Rule)

Plaintiffs' qui tam claims are precluded by the Public Disclosure bar of the False Claims Act, which prevents a person from pursuing an action based on certain publicly disclosed information unless that person qualifies as an "original source" of the information.

## TWELFTH AFFIRMATIVE DEFENSE

### (First-to-File Rule)

Plaintiffs' qui tam claims are barred by the first-to-file rule.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Government Knowledge Rule)

Plaintiffs' qui tam claims are barred by the government knowledge rule.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Plead Fraud with Particularity)

Plaintiffs have failed to plead fraud with particularity the circumstances constituting fraud.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata / Collateral Estoppel)

Plaintiffs' claims are barred by the doctrine of res judicata and/or collateral estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statutes of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiffs have approved and ratified the alleged acts of Defendant of which Plaintiffs now complain.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Knowledge of Foreseeable Risks)

The damages alleged by Plaintiff were caused by foreseen risks which Plaintiff had knowledge of and assumed.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Failure to Plead False Claims Act with Specificity)**

Plaintiffs have failed to plead with specificity any factual allegations to establish the requisite statutory elements. Plaintiffs have failed to set forth adequate or ultimate facts necessary to show or establish that the Plaintiffs are entitled to Relief under the False Claims Act.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(False Claims Act – No False or Fraudulent Claim for Payment or Approval)**

The Sixth Amended Complaint is barred because this Defendant never knowingly presented a false or fraudulent claim for payment or approval.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(False Claims Act – No False Record or Statement Material to a False or Fraudulent Claim)**

The Sixth Amended Complaint is barred because this Defendant never knowingly made, used or caused to be made or used, a false record or statement material to a false or fraudulent claim.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

Defendant allege that the award of statutory penalties against Defendant would violate the prohibition against excessive fines of the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant, WASATCH PROPERTY MANAGEMENT, INC., pray for judgment against Plaintiff, UNITED STATES OF AMERICA, *ex rel*. DENIKA TERRY and ROY HUSKEY III, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA, as follows:

1.     Denial of all right to injunctive relief, declaratory judgment, civil and statutory penalties and/or damages pursuant to all claims for relief in Plaintiffs' Sixth Amended Complaint;

2.     Denial of any and all damages, including attorney fees, litigation expenses, costs and punitive damages;

3.     For reasonable attorney fees and litigation expenses and costs in defense of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Plaintiff's Sixth Amended Complaint; and

    4.        Such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMAND**

    Answering Defendant hereby demand trial by jury of any and all issues so triable.

DATED: December 11, 2023        LEWIS BRISBOIS BISGAARD & SMITH LLP


By:     */s/ Ryan Matthews*
        RYAN MATTHEWS
        Attorneys for Defendant, WASATCH
        PROPERTY MANAGEMENT, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## FEDERAL COURT PROOF OF SERVICE

USA-Terry v Wasatch Property Management, et al.
Case No. 2:15-cv-00799-KJM-DB

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On December 14, 2023, I served the following document(s):

-   DEFENDANT WASATCH PROPERTY MANAGEMENT, INC.'S ANSWER TO SIXTH AMENDED COMPLAINT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

### SEE ATTACHED SERVICE LIST

The documents were served by the following means:

☒    (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on December 14, 2023, at Sacramento, California.


_____
/s/ Alicia Crespo
Alicia Crespo

WASATCH PROPERTY MANAGEMENT, INC.'S ANSWER TO SIXTH AMENDED COMPLAINT

**SERVICE LIST**
*USA-Terry v Wasatch Property Management, et al.*
Case No. 2:15-cv-00799-KJM-DBCase No. 2:15-cv-00799-KJM-DB

| | |
|---|---|
| Andrew Wolff<br>Law Office of Andrew Wolff, PC<br>1956 Webster Street, Suite 275<br>Oakland, CA 94612 | *Attorney for Plaintiffs*<br>*Denika Terry and Roy Huskey, III*<br><br>Tel.:  (510) 834-3300<br>Email:  andrew@awolfflaw.com |
| Jesse Newmark<br>CENTRO LEGAL DE LA RAZA<br>3022 International Blvd., Suite 410<br>Oakland, CA 94601 | *Attorney for Plaintiffs*<br>*Denika Terry and Roy Huskey, III*<br><br>Tel.:  (510) 437-1554 x115<br>Fax:  (510) 437-9164<br>Email:  jessenewmark@centrolegal.org |
| Laura L. Ho<br>Anne Bellows<br>Stephanie Tilden<br>GOLDSTEIN, BORGEN, DARDARIAN &<br>HO<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612 | *Attorneys for Plaintiffs and Relators and the*<br>*Certified Classes*<br><br>Tel:   (510) 763-9800<br>Fax:  (510) 835-1417<br>Email:  lho@gbdhlegal.com<br>Email:  abellows@gbdhlegal.com<br>Email:  stilden@gbdhlegal.com<br>Email:  sgrimes@gbdhlegal.com<br>Email:  dvaldez@gbdhlegal.com |
| Colleen M. Kennedy<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814 | *Attorney for Intervenor Plaintiff*<br>*United States of America*<br><br>Tel.: 916-554-2700<br>Fax: 916-554-2900<br>E: colleen.m.kennedy@usdoj.gov<br>E: caseview.ecf@usdoj.gov<br>E: kimberly.siegfried@usdoj.gov<br>E: monica.lee@usdoj.gov<br>E: usacae.ecfsaccv@usdoj.gov |
| Jocelyn D. Larkin<br>Lindsay Nako<br>The Impact Fund<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704 | *Attorney for Plaintiffs*<br><br>Tel: (510) 845-3473 x.306<br>Fax: (510) 845-3654<br>Email: jlarkin@impactfund.org<br>Email: lnako@impactfund.org |
| Jahmy Graham<br>Nelson Mullins<br>19191 South Vermont Avenue, Suite 900<br>Torrance, CA 90502 | *Attorneys for Defendant, Hayward Village*<br>*Apartments LP*<br><br>T: 424-221-7426<br>F: 424-221-7499<br>E: jahmy.graham@nelsonmullins.com |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW