ARNALL GOLDEN GREGORY LLP
Richard T. Collins (Bar No. 166577)
rich.collins@agg.com
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Telephone:    202.677.4030

*Counsel for Defendants:*

WASATCH ADVANTAGE GROUP, LLC;
CHESAPEAKE APARTMENT HOLDINGS, LLC;
ASPEN PARK HOLDINGS, LLC; BENT TREE
APARTMENTS, LLC; CALIFORNIA PLACE
APARTMENTS, LLC; CANYON CLUB HOLDINGS,
LLC; COURTYARD AT CENTRAL PARK
APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD;
RIVER OAKS HOLDINGS, LLC; WASATCH PREMIER
PROPERTIES, LLC; WASATCH POOL HOLDINGS III,
LLC; WASATCH POOL HOLDINGS, LLC

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**OWNER DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR A BRIEF 90-DAY CONTINUANCE OF THE FINAL PRETRIAL CONFERENCE AND ALL ASSOCIATED FILING DEADLINES**<br><br>Before:    Hon. Kimberly J. Mueller<br><br>Trial Date:    None Set |

HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC, and DOES 1-4,

        Defendant.

ii

OWNER DEFENDANTS' *EX PARTE* APPLICATION FOR BRIEF 90-DAY CONTINUANCE OF FINAL PRETRIAL CONFERENCE AND ALL ASSOCIATED DEADLINES

# EX PARTE APPLICATION

This *ex parte* application for a brief 90-day continuance of the Final Pretrial Conference ("FPC"), set for February 16, 2024, along with all associated filing deadlines, scheduled for February 2, 2024 (*See* Order, ECF 336), is brought by Defendants Wasatch Advantage Group, LLC, Wasatch Pool Holdings, LLC, Chesapeake Apartment Holdings, LLC, Aspen Park Holdings, LLC, Bent Tree Apartments, LLC, California Place Apartments, LLC, Canyon Club Holdings, LLC, Courtyard at Central Park Apartments, LLC, Creekside Holdings, LTD, River Oaks Holdings, LLC, Wasatch Premier Properties, LLC, and Wasatch Pool Holdings III, LLC (collectively "Owner Defendants").

This *ex parte* application is brought under Rules 6(b)(1)(A) and 16(b)(4) of the Federal Rules of Civil Procedure, as well as Local Rules 144(c) and 230(f), and is made on the ground that good cause exists to continue the FPC and all associated deadlines for 90-days. (*See* Order, ECF 336.) The good cause stems from a conflict of interest between defendant Wasatch Property Management, Inc. ("WPM") and Owner Defendants, which was first communicated to Owner Defendants in December 2023. Given their respective roles as property manager and property owners, defendants possess divergent interests, rendering representation by a single law firm infeasible, if not impermissible. This conflict led to Owner Defendants' engagement of the undersigned, Arnall Golden Gregory LLP ("AGG"), on January 19, 2024, to substitute into the action and represent their interests and rights going forward. The decision to substitute counsel was also prompted by the direct impact of the Phase 1 trial on Owner Defendants' interests in this action, including the Phase 2 trial. Further good cause exists for a brief continuance to confirm the legal representation for eight of the nine defendants who underwent an ownership change at some point before or during this litigation and are no longer associated with the other defendants, and possibly not represented by counsel in this action.

AGG needs an additional 90-days to adequately represent Owner Defendants given the duration and complexity of this action, which includes, *inter alia*, 27 depositions, the production

1

Owner Defendants' *Ex Parte* Application for Brief 90-day Continuance of Final Pretrial Conference and all Associated Deadlines

of millions of pages of documents, and hundreds of docket entries.  The requested additional time is needed to thoroughly analyze the record and meaningfully participate in the FPC and associated filings, including the required joint statement, witness and exhibit lists, disputed and undisputed facts and evidentiary issues for the Phase 1 trial.  The additional time will also allow AGG to confirm the legal representation of the eight defendants who underwent an ownership change to ensure they are represented by counsel in this action and not deprived of a defense.  In sum, the requested additional time is crucial to ensuring a comprehensive and fair resolution in this matter for all parties.

On January 26, 2024, AGG met and conferred with Plaintiffs' counsel, Anne Bellows and Lindsay Nako, and counsel for WPM, Ryan Matthews of Lewis Brisbois Bisgard & Smith, LLP ("Lewis Brisbois"), in advance of the FPC.  During this conference, AGG proposed a stipulation for the requested 90-day continuance of the FPC and associated deadlines. Plaintiffs' counsel declined to stipulate to the requested continuance.  AGG informed opposing counsel that Owner Defendants intended to seek the continuance *ex parte*, with Plaintiffs expressing their intent to oppose such an application.  (*See* Decl. R. Collins, ¶¶10-11.)

On January 26, 2024, AGG also contacted Jahmy Stanford Graham of Nelson Mullins Riley & Scarborough LLP.  Mr. Stanford confirmed that he represents property owner defendant Hayward Senior Apartment, LP, one of the nine defendants who underwent an ownership change during the litigation.  Mr. Graham also confirmed that he does not oppose Owner Defendants' *ex parte* request for a brief 90-day continuance of the FPC and all associated filing deadlines. (*See* Decl. R. Collins, ¶12.)  WPM has also confirmed that it does not oppose this request for a 90-continuance. (*See* Decl. R. Matthews, ¶¶9-11.)

This application will be based on the present application, the accompanying memorandum of points and authorities, the declarations of Richard Collins and Ryan Matthews filed in support of the application, the record in this action, and any arguments presented by counsel during the hearing on this application, should the Court request one.

2

OWNER DEFENDANTS' *EX PARTE* APPLICATION FOR BRIEF 90-DAY CONTINUANCE OF FINAL PRETRIAL CONFERENCE AND ALL ASSOCIATED DEADLINES

Dated: January 29, 2024

**ARNALL GOLDEN GREGORY LLP**

By: /s/ *Richard T. Collins*
    Richard T. Collins
    Attorneys for Defendants:

WASATCH ADVANTAGE GROUP, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; RIVER OAKS HOLDINGS, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH POOL HOLDINGS III, LLC; WASATCH POOL HOLDINGS, LLC.

3

OWNER DEFENDANTS' *EX PARTE* APPLICATION FOR BRIEF 90-DAY CONTINUANCE OF FINAL PRETRIAL CONFERENCE AND ALL ASSOCIATED DEADLINES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Owner Defendants[1] hereby request a brief 90-day continuance of the Final Pretrial Conference ("FPC") currently set for February 16, 2024, along with all associated filing deadlines, currently scheduled for February 2, 2024.  The requested continuance is crucial to ensuring a comprehensive and fair resolution of the action for all parties.  In the absence of a continuance, Owner Defendants would be unduly prejudiced and irreparably harmed.

Good cause exists for the 90-day continuance and stems from a conflict of interest between defendant Wasatch Property Management, Inc. ("WPM") and Owner Defendants, which was first communicated to Owner Defendants in December 2023.  WPM's rights and interests in this action as the manager of the properties owned by Owner Defendants conflicts with the Owner Defendants' interests and rights.  As a result, all defendants cannot be represented by a single law firm.  This conflict caused Owner Defendants to promptly engage the undersigned, Arnall Golden Gregory LLP ("AGG"), on January 19, 2024, to substitute into the action and represent their interests and rights.  Moreover, given the direct implications that the Phase 1 trial will have on Owner Defendants' interests in the Phase 2 trial, Owner Defendants must have their own separate and independent legal counsel defending their interests at the Phase 1 trial.

The order bifurcating trial (ECF 135) states that "Phase 1 will determine whether Wasatch Property Management has violated the False Claims Act; the Housing Assistance Payments (HAP) Contract, the Unfair Competition Law, or the Consumer Legal Remedies Act (the Class Claims); and if so, the amount of actual damages and restitution" (*id*. at p. 6 of 9, lines 9-12), and that "Phase 2 will determine whether the other Defendants for the Class Claims and the other Defendants

---

[1] Owner Defendants means the following 12 defendants in the above-captioned class action: Wasatch Advantage Group, LLC, Wasatch Pool Holdings, LLC, Chesapeake Apartment Holdings, LLC, Aspen Park Holdings, LLC, Bent Tree Apartments, LLC, California Place Apartments, LLC, Canyon Club Holdings, LLC, Courtyard at Central Park Apartments, LLC, Creekside Holdings, LTD, River Oaks Holdings, LLC, Wasatch Premier Properties, LLC, and Wasatch Pool Holdings III, LLC.

4

ARNALL GOLDEN GREGORY LLP
LIMITED LIABILITY PARTNERSHIP
2100 Pennsylvania Ave., NW
Suite 350S
Washington, DC 20037
Telephone: 202.677.4040

named as to the False Claims Act claim, respectively, are liable for any violations found in Phase 1 based on alter ego liability, the single enterprise doctrine, the existence of a joint venture agency principles, or Defendants' receipt of a benefit from the unlawful charges; and penalties and treble damages under the False Claims Act" (*id*. at 6:12-16). If the Owner Defendants' liability is dependent upon the determination of WPM's liability in Phase 1, they have a right to defend themselves at the Phase 1 trial. If the liability of eight defendants for whom representation has not been confirmed is dependent upon the determination of WPM's liability in Phase 1, a brief continuance should be permitted to confirm those defendants are represented.

AGG needs the additional 90-days to adequately represent Owner Defendants given the duration and complexity of this action, which includes, *inter alia*, 27 depositions, the production of millions of pages of documents, and hundreds of docket entries. The requested additional time is needed to thoroughly analyze the record and meaningfully participate in the FPC and associated filings, including the required joint statement, witness and exhibit lists, disputed and undisputed facts and evidentiary issues for the Phase 1 trial. The additional time will also allow AGG to confirm the legal representation of eight defendants who underwent an ownership change to ensure they are represented by counsel in this action and not deprived of a defense.

## II.   BRIEF STATEMENT OF RELEVANT FACTS

In early December 2023, Lewis Brisbois Bisgaard & Smith, LLP ("Lewis Brisbois"), while preparing for the upcoming Phase 1 trial, realized that their representation of WPM in the Phase 1 trial creates a conflict of interest between WPM and the Owner Defendants. The conflict stems from the parties' divergent interests in this action as the property manager and property owners. (*See* Decl. R. Matthews, ¶3.) On December 4, 2023, Lewis Brisbois informed Owner Defendants of the conflict, and advised them to seek separate representation. (*Id.*) Owner Defendants, who consist of 12 separate entities with widely varying ownership interests, promptly engaged AGG to substitute into the action and represent their interests. (*See* Decl. R. Collins, ¶¶ 3-4.) Given the varying ownership interests, which necessitated extensive

5

coordination amongst multiple parties being sued by Plaintiffs, AGG only formally became engaged by Owner Defendants as of January 19, 2024. (*Id.*) Further, AGG is also in the process of confirming representation of the following 10 property owner defendants: Logan Park Apartments, LLC; Bellwood Jerron Holdings, LLC; Heritage Park Apartments, LP; Oak Valley Apartments, LLC; Peppertree Apartment Holdings, LP; Point Natomas Apartments, LLC; Shadow Way Apartments, LP; Sun Valley Holdings, LTD; Village Grove Apartments, LP; Wasatch Quail Run GP, LLC. (*Id.* at ¶5.) AGG is moving as expeditiously as possible to confirm representation of these 10 defendants and move to substitute as counsel.

Additionally, the following nine property owner defendants underwent a change of ownership during the litigation and are no longer associated with the other defendants: Logan Park Apartments, LP, Bellwood Jerron Apartments, LP, Camelot Lakes Holdings, LLC, Oak Valley Holdings LP, Piedmont Apartments, LP, Point Natomas Apartments, LP, Sun Valley Holdings, LP, Spring Villa Apartments LP, and Hayward Senior Apartments, L.P. ("Hayward Senior Apartments"). Hayward Senior Apartments is represented by Jahmy Stanford Graham of Nelson Mullins Riley & Scarborough LLP. However, the remaining eight property owner defendants who underwent an ownership change appear to be unrepresented in this action. (*Id.*, at ¶¶6-7.) AGG is currently performing due diligence to contact these new owners and confirm their legal representation.[2] (*Id.*)

AGG needs the additional 90-days to adequately represent Owner Defendants given the duration and complexity of this action. Specifically, the discovery in this action is extensive and voluminous. For instance, there have been 27 depositions and more than 11 terabytes of documents have been produced and are stored on three separate external hard drives. One of the hard drives alone contains more than three million pages of documents, with a Bates range of

---

[2] Bellwood Jerron Apartments, LLC and Sun Vallue Holdings LP, appear to be named as defendants in Plaintiffs' Sixth Amended Complaint. *See* Sixth Amend. Compl., ECF No. 331, at ¶¶ 34, 51. However, neither entity appears in the parties' case caption or CM/ECF as a defendant in this action. Counsel is endeavoring to determine each party's need for representation.

6

Owner Defendants' *Ex Parte* Application for Brief 90-day Continuance of Final Pretrial Conference and all associated Deadlines

WESI 0000001—WESI 3005207.  Additionally, tens of thousands of pages of lease documents, HAP Contracts, Additional Services Agreements, and other rental-related documents from numerous properties have been produced.  Further, Plaintiffs were provided access to WPM's Yardi system, which contains essentially every piece of data retained on tenants.  The numerous different data pulls from Yardi are available on a server being maintained by a jointly retained independent Yardi consultant, GelbGroup.  This action also consists of hundreds of docket entries, numerous written discovery requests and responses, and expert reports.  (*See* Decl. R. Matthews, ¶8.)

The requested additional time is needed so that AGG can thoroughly analyze the record and meaningfully participate in the FPC and associated filings, including the required joint statement, witness and exhibit lists, disputed and undisputed facts and evidentiary issues for the Phase 1 trial.  The additional time will also allow AGG to confirm the legal representation of eight defendants who underwent an ownership change to ensure they are represented by counsel in this action and not deprived of a defense.

### III. GOOD CAUSE EXISTS FOR A BRIEF 90-DAY CONTINUANCE OF THE FINAL PRETRIAL CONFERENCE AND ASSOCIATED DEADLINES

The pretrial scheduling order is designed to allow the district court to better manage its calendar and to facilitate the more efficient disposition of cases by settlement or by trial. *See Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Advisory Committee Notes, 1983 Amendment ("The exact words used to describe the standard for amending the pretrial order probably are less important than the meaning given them in practice. By not imposing any limitation on the ability to modify a pretrial order, the rule reflects the reality that in any process of continuous management, what is done at one conference may have to be altered at the next.").

The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. *Id.* The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. *Id.* In this regard, courts have "broad discretion" in granting a requested continuance, and this "will not be disturbed on appeal absent clear abuse of that discretion." *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985).

Moreover, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time [] with or without motion or notice if the acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). "Requests for continuances of hearings on the motion calendar, upon stipulation or otherwise, shall be made [] at least seven (7) days before the scheduled hearing date." E.D. Cal. L.R. 230(f). "The Court may, in its discretion, grant an initial extension *ex parte* upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary." *Id.* at L.R. 144(c).

Here, good cause exists for the continuance of the FPC and all associated deadlines. Given their respective roles as property manager and property owners, defendants possess divergent interests. This creates a clear conflict of interest preventing any single law firm from representing all defendants. For example, pursuant to federal regulations, Section 8 tenants can exercise a right or remedy under a lease agreement, and/or under the tenancy addendum to a HAP contract, *against the owner of the property*. See 24 C.F.R. § 982.456. Owner Defendants anticipate that it will be in WPM's interests to argue at trial that any liability or damages that Plaintiffs seek to impose on WPM under the HAP Contract or lease, can in fact only be imposed on Owner Defendants, not WPM as the property manager. Thus, while AGG understands that

8

Lewis Brisbois previously believed they could continue representing Owner Defendants, in addition to WPM, Lewis Brisbois cannot now represent Owner Defendants, or the remaining eight defendants currently without representation, due to this conflict. Accordingly, Owner Defendants strenuously request that they be given the opportunity to participate in the Phase 1 trial to ensure their interests are represented given that the questions of facts and law that will be decided at the Phase 1 trial will have a direct impact on Owner Defendants and the Phase 2 proceedings. To exclude Owner Defendants at this stage in the litigation would unfairly prejudice them.

On a separate but related issue, eight defendants, specifically, Logan Park Apartments, LP, Bellwood Jerron Apartments, LP, Camelot Lakes Holdings, LLC, Oak Valley Holdings LP, Piedmont Apartments, LP, Point Natomas Apartments, LP, Sun Valley Holdings, LP, Spring Villa Apartments LP, are not currently represented in this action because of the conflict of interest identified above and given that the ownership interests in these entities were sold in arm's length transactions to unrelated third-parties in 2016. Even if the events alleged in the Sixth Amended Complaint occurred prior to those sales, those allegations are distinct from the question of how these parties' interests are represented in this action. The undersigned counsel is currently engaged to represent the 12 defendants making this motion, and the undersigned is actively working to contact the remaining eight defendants currently without representation.

Based on communications between counsel, Owner Defendants anticipate Plaintiffs will point to Mr. Orlando Cabrera's attendance at a previous confidential settlement conference to argue that AGG has somehow been involved in this litigation previously. This contention would be misplaced. Mr. Cabrera is an AGG partner who has previously advised defendants regarding housing policies and regulations, and the impact of potential settlement discussions regarding the same. However, at that time Mr. Cabrera was not engaged to assist in any defendants' defense in this litigation, and neither Mr. Cabrera, nor AGG, were familiar with the specific facts, evidence,

9

OWNER DEFENDANTS' *EX PARTE* APPLICATION FOR BRIEF 90-DAY CONTINUANCE OF FINAL PRETRIAL CONFERENCE AND ALL ASSOCIATED DEADLINES

and arguments at play in this vast litigation. Furthermore, the litigation team at AGG that will be at trial had no involvement in this matter until recently being engaged by Owner Defendants.

Due to the length of this litigation, Owner Defendants contend that a brief 90-day continuance would not result in any unfair prejudice to Plaintiffs. There currently is no trial date, the court still needs to rule on Plaintiffs' motion for summary judgment on the alleged breach of contract and UCL damages, and amended notice to the class still needs to be completed. Moreover, counsel for Owner Defendants is currently reviewing the pleadings, orders, and discovery materials as expeditiously as possible; however, given quantity of documents, filings, and transcripts necessitating review, counsel's review will not be completed in time to meaningful participate in the FPC and related filing deadlines currently scheduled for February 16, 2024, and February 2, 2024, respectively.

Owner Defendants' counsel needs more time to adequately prepare and provide Owner Defendants with a proper defense at the Phase 1 trial, where Owner Defendants' interests will be directly at issue. Accordingly, and under the circumstances described above, Owner Defendants are requesting a 90-day continuance.

## IV.   CONCLUSION

Based on the foregoing, good cause exists to continue the FPC and all associated deadlines by 90-days. In the absence of a continuance, Owner Defendants would be unduly prejudiced and irreparably harmed. Accordingly, Owner Defendants respectfully request a brief 90-day continuance of the FPC and all associated deadlines.

10

OWNER DEFENDANTS' *EX PARTE* APPLICATION FOR BRIEF 90-DAY CONTINUANCE OF FINAL PRETRIAL CONFERENCE AND ALL ASSOCIATED DEADLINES

Dated: January 29, 2024

**ARNALL GOLDEN GREGORY LLP**

By: /s/  *Richard T. Collins*
    Richard T. Collins
    Attorneys for Defendants:

 WASATCH ADVANTAGE GROUP, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD;  RIVER OAKS HOLDINGS, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH POOL HOLDINGS III, LLC; WASATCH POOL HOLDINGS, LLC.