UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Denika Terry, et al., | No. 2:15-cv-00799-KJM-DB |
| Plaintiffs, | ORDER |
| v. | |
| Wasatch Advantage Group, LLC, et al., | |
| Defendants. | |

Plaintiffs are tenants who receive rental assistance through the federally subsidized Section 8 Housing Choice Voucher Program. They claim defendant lessors improperly charged plaintiffs, as well as the class members they represent, for additional services and required them to purchase renter's insurance. Plaintiffs argue these services and the insurance requirement constitute impermissible rent under the Section 8 contracts and applicable regulations, and defendants therefore violated the Section 8 contracts and submitted false claims for reimbursement under the federal program. The court granted plaintiffs' prior motion for partial summary judgment on the breach of contract and Unfair Competition Law (UCL) claims and denied defendants' cross-motion for summary judgment. Plaintiffs now have filed a partial motion for summary judgment on remedies. The court **grants plaintiffs' motion**.

1

## I. BACKGROUND

This court previously found defendants liable class-wide for the breach of contract and UCL claims. Prior Order at 13–14, ECF No. 278. The court held "[p]laintiffs were damaged in the amount of the excess rent they were required to pay." *Id*. The court also has granted plaintiffs leave to amend their complaint to specify a class cut-off date as November 30, 2022, *see* Am. Order, ECF No. 329, and they have done so, *see* Sixth Am. Compl., ECF No. 331. The parties have completed discovery on remedies. *See* Stip. & Order at 1, ECF No. 312. Plaintiffs move for partial summary judgment on their remedies, including damages to eight newly discovered tenants who qualify as members of the class. *See* Mot. Summ. J. (MSJ), ECF No. 323; Notice at 1–2, ECF No. 328. At hearing, defendants did not dispute the eight newly discovered tenants should be included in the class and so the court treats them as class members. That motion is now fully briefed. *See* Opp'n, ECF No. 326; Reply, ECF No. 327. The court heard arguments on December 8, 2023. Mins., ECF No. 332. Anne Bellows, Stephanie Tilden and Lindsay Nako appeared for plaintiffs and Ryan Matthews appeared for defendants. *Id.*

The relevant facts are undisputed. Plaintiffs retained a forensic accounting expert, David Breshears, to assess the relevant class damages. Breshears analyzed ledger data and calculated class members paid $2,800,185 in additional service charges between May 2011 and November 2022. *See* Breshears Decl. ¶¶ 12, 20, 37 & Ex. 2, ECF No. 323-4; Pl.'s Remedies MSJ Mem. at 5, ECF No. 323-1. He also estimated prejudgment interest was $2,062,690 as of July 20, 2023, plus $767.17 per day thereafter. *See* Breshears Decl. ¶¶ 13, 38–39; Pl.'s Remedies Mem. at 15. He later updated these figures to include damages to the eight additional tenants, bringing the total excess rent to $2,803,080 and the total prejudgment interest to $2,065,132 as of July 20, 2023, with $767.96 accumulating per day thereafter. *See* Notice at 1. Defendants disagree with plaintiffs' proposed method for calculating damages and prejudgment interest, but they do not dispute the facts behind plaintiffs' proposal.

## II. LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is

2

"genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* The parties must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1). The court then views the record in the light most favorable to the nonmoving party and draws reasonable inferences in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

## III.  ANALYSIS

### A.  Total Damages

The parties disagree whether damages should be reduced to account for the value of the renters' insurance and media packages defendants provided plaintiffs. Opp'n at 1–4; Reply at 2–5. This dispute relates to both the contract and UCL claims. The court begins with the contract claims.

California law applies a liberal rule in allowing a court or jury to determine the amount of damages. *Hunt Foods v. Phillips*, 248 F.2d 23, 33 (9th Cir. 1957); *Cal. Lettuce Growers v. Union Sugar Co.*, 45 Cal. 2d 474, 486–87 (1955). California law also limits contract damages to those reasonably within the contemplation of the parties as a probable result of a breach at the time the contract was formed. *Brandon & Tibbs v. George Kevorkian Accountancy Corp.*, 226 Cal. App. 3d 442, 457 (1990). The California Civil Code provides, "[n]o damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin." Cal. Civ. Code § 3301. Moreover, "[i]t is well established that '[p]arties may, by contract, limit the remedies available to them in the event of breach,'" *San Pasqual Band of Mission Indians v. California*, 194 Cal. Rptr. 3d 231, 238–29 (2015) (internal citation omitted), and "in reviewing a written contract, [courts] look to the *objective manifestation* of the parties' intent as expressed by the language of the agreement," *see id.* at 238 (citing Cal. Civ. Code. § 1638) (emphasis in original).

The remedy plaintiffs suggest—complete recovery of the excess rent—is the same remedy provided in the Housing Assistance Payment ("HAP") Contract at issue in the breach of contract

3

claim. The contract states in the event the owner demands excess rent, the owner "must immediately return any excess rent payment to the tenant." *See* HAP Contract, Part C, ¶ 5(f), ECF No. 323-3; 24 C.F.R. § 982.451(b)(3)−(4). The language of the contract is unambiguous. Nonetheless, defendants attempt to rewrite the contract by suggesting they are owed compensation for the services in question. If the parties had intended for defendants to be compensated for the value of any services provided in the event of breach or excess payment, they could have provided for that in the contract.

Moreover, this court previously determined the charges for both the media packages and renters' insurance constituted unlawful "rent" and "[p]laintiffs were damaged in the amount of the excess rent they were required to pay[.]" Prior Order at 12–14. Defendants' position relies on the premise that at least some of these payments were not rent, but rather payments for services. Defendants' argument runs afoul of the court's previous order. As there is no genuine dispute of material fact, and in accordance with the court's prior order, plaintiffs are entitled to the excess rent payments under the contract. *See Arch Ins. Co. v. Sierra Equip. Rental, Inc.*, No. 12-00617, 2016 WL 4000932, at *5–6 (E.D. Cal. July 25, 2016) (granting summary judgment on ascertainable measure of damages from a breach of contract claim); *cf.*, *Coremetrics, Inc. v. Atomic Park.com, LLC*, No. 04-0222, 2005 WL 3310093, at *6–8 (N.D. Cal. Dec. 7, 2005) (finding summary judgment inappropriate as to the measure of damages requested when there was a disputed issue of material fact).

Defendants also argue reductions should be made to account for the benefit of the bargain plaintiffs enjoyed. Opp'n at 5–6. However, defendants charged plaintiffs for the disputed services as rent. *See* Prior Order at 13–14. Defendants cannot now portray the excess rent payments as an agreement to buy renters' insurance and media packages. *See Rodman v. Safeway Inc.*, 125 F. Supp. 3d 922, 933 (N.D. Cal. 2015), *aff'd*, 694 F. App'x 612 (9th Cir. 2017) (rejecting deductions from damages proposed by defendants when they were "hidden benefits" not "part of the bargain entered into by class members"). Plaintiffs never bargained for the benefits of nor decided to purchase the services; instead, they had no choice but to pay the

disputed amounts if they wanted to continue renting the apartments. For these reasons, the defense cannot rely on arguments about the benefit of the bargain to contradict the contract.

Turning to the UCL claim, California courts have held equitable remedies are not available under the UCL if plaintiffs have an adequate remedy at law. *See Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022), *cert. denied sub nom. Polaris Indus. Inc. v. Albright*, 143 S. Ct. 2612 (2023) ("'[F]ederal courts must apply equitable principles derived from federal common law to claims for equitable restitution under California's [UCL] and [CLRA],' including 'the principle precluding courts from awarding equitable relief when an adequate legal remedy exists.'") (quoting and citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 837, 842 (9th Cir. 2020)). Plaintiffs have shown they have an adequate remedy at law: their contract damages will compensate them for the excess rent paid. At hearing, plaintiffs also confirmed their remedy under the contract claim is sufficient. For these reasons, plaintiffs are not entitled to summary judgment on remedies under the UCL.

In sum, because defendants do not disagree with plaintiffs' total measure of damages, and because the court finds defendants are not entitled to their proposed reductions under California contract law, the court **finds as a matter of law the total measure of damages from the excess rent paid amounts to $2,803,080**.

### B. Pre-Judgment Interest

Defendants do not dispute plaintiffs are entitled to prejudgment interest. *See* Opp'n at 3 (confirming "[d]efendants have no objection [to] prejudgment interest—at the time of judgment—[being] calculated on an individualized basis from when each Plaintiff's damages were incurred"). They dispute only the proposed calculation of pre-judgment interest. Opp'n at 2−3, 6−7.

"Section 3287 [of the California Civil Code] provides for an award of prejudgment interest whenever a plaintiff prevails in a breach of contract claim for an amount of damages that is certain or is capable of being made certain by calculation." *Unocal Corp. v. United States*, 222 F.3d 528, 541 (9th Cir. 2000) (citing Cal. Civ. Code § 3287). California law provides the

rate of interest for breach of contract is "10 percent per annum after a breach." Cal. Civ. Code § 3289(b).

Though defendants' opposition suggests the parties disagree on how interest is calculated, plaintiffs' reply suggests the parties in fact agree interest should be individually calculated based on the date each plaintiff incurred damages, and plaintiffs contend their interest calculation does estimate prejudgment interest individually. Reply at 1, 5–7. At hearing, defendants confirmed they have no objection to plaintiffs' method of prejudgment interest calculation as clarified in plaintiffs' reply. Moreover, defendants did not retain their own expert to calculate prejudgment interest and have proposed no meaningful alternative calculation. Because the parties agree plaintiffs are entitled to prejudgment interest only for the period between each plaintiff's injury and the judgment, the court finds the amount of damages is calculable and undisputed. In addition, because defendants have not provided "affirmative evidence to create a fact issue," *F.T.C. v. Stefanchik*, 559 F.3d 924, 931 (9th Cir. 2009) (internal citation omitted), the court **grants plaintiffs' motion for summary judgment as to the prejudgment interest and its calculation, totaling $2,065,132 as of July 20, 2023 and $767.96 per day thereafter**.

IV.   **CONCLUSION**

The court **grants plaintiffs' motion for summary judgment as to the measure of damages and the prejudgment interest rate on the contract claim and denies plaintiffs' motion as to the UCL claim.**

This order resolves ECF No. 323.

IT IS SO ORDERED.

DATED: January 31, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE