ARNALL GOLDEN GREGORY LLP
Richard T. Collins (Bar No. 166577)
rich.collins@agg.com
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Telephone:    202.677.4030

*Counsel for Defendants:*

ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**DECLARATION OF RICHARD COLLINS IN SUPPORT OF OWNER AND NON-OWNER DEFENDANTS' MOTION TO MODIFY THE COURT'S AUGUST 16, 2021, BIFURCATION ORDER**<br><br>Before:    Hon. Kimberly J. Mueller<br><br>Trial Date:    None Set |

4895-5592-6710.v1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC,<br>and DOES 1-4,<br><br>            Defendant. |

# DECLARATION OF RICHARD T. COLLINS

I, Richard T. Collins, declare and state as follows:

1. I am an attorney, duly admitted to practice law before all courts in the State of California and the United States District Court for the Eastern District of California, and I am a partner in the law firm, Arnall Golden Gregory LLP ("AGG").

2. I represent the following Defendants in this action: Defendants (1) Aspen Park Holdings, LLC, (2) Bent Tree Apartments, LLC, (3) California Place Apartments, LLC, (4) Camelot Lake Holdings, LLC, (5) Canyon Club Holdings, LLC, (6) Chesapeake Apartment Holdings, LLC, (7) Courtyard at Central Park Apartments, LLC, (8) Creekside Holdings, LTD, (9) Heritage Park Apartments, LP, (10) Peppertree Apartment Holdings, LP, (11) River Oaks Holdings, LLC, (12) Shadow Way Apartments, LP, (13) Wasatch Advantage Group, LLC, (14) Wasatch Pool Holdings, LLC, (15) Wasatch Pool Holdings III, LLC, (16) Wasatch Premier Properties, LLC, and (17) Wasatch Quail Run GP, LLC (collectively "Owner and Non-Owner Defendants").

3. Attached hereto as Exhibit 1 is a true and correct copy of an email exchange between myself and Plaintiffs' counsel regarding the parties' Supplemental Joint Pretrial Statement with the subject line: "RE: Meet and confer email re: 4/12 supplemental statement".

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct, and that this declaration was executed on April 12, 2024, in Washington, D.C.

Dated: April 12, 2024

By: /s/ Richard T. Collins
    Richard T. Collins

1
DECLARATION OF RICHARD T. COLLINS

# EXHIBIT 1

**Archived:** Tuesday, April 9, 2024 5:24:23 PM
**From:** Collins, Richard T.
**Sent:** Monday, April 8, 2024 4:39:23 PM
**To:** Anne Bellows
**Cc:** Laura Ho; Lori Rifkin; Jesse Newmark; Ryan.Matthews@lewisbrisbois.com; Salazar, Joe; Lord, Sara M.; Eisenbrey, Damon D.; Cabrera, Orlando J.; Ferraro, Justin F.; Carter, Avery E.
**Subject:** RE: Meet and confer email re: 4/12 supplemental statement
**Sensitivity:** Normal

---

Anne,

Thank you for your email. We hope you and your family are recovering and feeling better.

Due to calendar conflicts on our end, we request that our call tomorrow begin at 12 PM PT / 3 PM ET. Please confirm this works for plaintiffs. Below are our comments on the topics to be addressed tomorrow.

**Mediation**

We propose the following mediators, and we propose scheduling two hearings in close proximity during the months of June and July.

>   Hon. Daniel Weinstein – (availability pending)
>   Viggo Boserup – June 3-7, 25-28, July 1-3, 8-12, 15-19, 22-23, 25-26
>   Hon. Daniel J. Buckley – June 8, 22, 29, July 5, 6, 10, 15
>   Hon. Amy D. Hogue – June 7, 20, July 12, 18, 26, 30
>   Hon. Mary H. Strobel – June 17-21, 24-28, July 1-3, 8-12, 15-19

We will provide Judge Weinstein's availability once we receive that information.

**Trial Scheduling**

We cannot agree to the October 8th trial date due to Sara Lord's unavailability October 9-25, 2024, for a long-planned, non-refundable vacation. For the reasons below, the July 30th date does not work for this case.

**Trial Scope and Length**

Judge Mueller's trial days/hours are as follows: Mondays, 1:30 PM - 4:30 PM, Tuesdays, Wednesdays, and Thursdays, 8:30 AM - 1:30 PM, and dark on Fridays. Lunch on full days, if any, is 12:00 PM - 1:30 PM, and breaks on other days are approximately 10:15 AM and 11:45 AM. Given these limitations, we strongly disagree that the trial of the FCA case can be completed in two weeks.

Assuming the Court would allow a July 30th trial to run through Monday, August 12th, and given that Judge Mueller has another trial starting August 13th, that would leave the parties with only six full trial days (4 + .5 + .5). There is no realistic way for the parties to get through *voir dire*, openings, all of the evidence, and closings in that time, even if we anticipated a trial such as the one plaintiffs envision.

As is now very clear, we have very different theories concerning this case, stemming largely but not wholly from our dispute regarding the definition of "rent" that should apply under the FCA claim and the liability being alleged.

1

Regardless of whether a definition of rent based on policies and practices was appropriate under the breach of contract and UCL claims, it cannot be applied to a claim under the FCA, which looks to the specific requirements governing the contractual relationship and submission of the claim. In this case, that includes the specific requirements and definitions that are laid out in the statute and regulations, and that govern the HAP Contract.

Even if, however, the case is to be tried on the basis of the definition of rent that has been urged to date, this case will not be completed in two weeks. Again, our dispute on this point stems from our different understandings of the liability that can be alleged under the FCA. First, to the extent that your case rests on a definition of rent based on policies and practices, the definitions of "falsity" and "materiality" under the FCA will be affected by the housing laws in each of the four states in which the Defendants own properties. (Note – as stated throughout, we disagree that this is the case, but if the case is to be tried on this basis, these are the questions that will arise for our case.)

Second, "materiality" under the FCA requires examination of the claims submission process and the expectations governing the submission. Every PHA has its own Admin Plan, including its own processes for entering into the HAP Contract and paying the claim.

Third, we also disagree with your assertion that "WPM witnesses have testified that this alleged policy applied equally to all properties," as either a statement of fact or – more importantly – as a basis for curtailing the proof required in this case. This is not a single enterprise case involving thousands of claims submitted under the same terms and conditions, but a case in which plaintiffs are seeking to hold multiple owners in four states liable for hundreds of millions of dollars by extrapolating from the alleged policies and practices at a few properties in one part of California and applying them across the board. With so much at stake for our clients, we cannot agree that this case can be summarily tried based on an untested unitary theory of the case.

Last, the bifurcation of the case between Phase 1 and Phase 2 rests on the belief that this case rises and falls on WPM's actions. It does not and it cannot. WPM is not a party to the HAP Contracts. The owners, not WPM, are the presenters of the claims. Because of that indisputable fact, the owners must participate in Phase 1 of the trial.

We anticipate calling witnesses and introducing evidence as to each property implicated by plaintiffs' FCA claims, as indicated in our attachment to the joint pretrial statement. We estimate it will take a minimum of 12-14 days for our clients to put on their defense. When you factor in the Court's trial schedule, the evidence to be introduced by plaintiffs and all defendants, the additional time for *voir dire*, openings and closings, it is apparent how we came up with our estimation that this trial will last 7-8 weeks.

**Motions *in Limine***

We prefer to have motions *in limine* handled in accordance with Judge Mueller's standing order (as modified by ECF No. 332) as to the filing, length and format of motions.

We look forward to discussing these items during our call tomorrow.

Rich Collins
**PARTNER**
d 202.677.4917

**ARNALL GOLDEN GREGORY LLP**
*Celebrating 75 Years*

---

**From:** Anne Bellows <abellows@gbdhlegal.com>

**Sent:** Friday, April 5, 2024 11:54 AM
**To:** Ryan.Matthews@lewisbrisbois.com; Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Lord, Sara M. <sara.lord@agg.com>; Collins, Richard T. <Rich.Collins@AGG.com>; Eisenbrey, Damon D. <Damon.Eisenbrey@AGG.com>; Cabrera, Orlando J. <orlando.cabrera@agg.com>; Ferraro, Justin F. <Justin.Ferraro@AGG.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Lori Rifkin <lrifkin@impactfund.org>; Jesse Newmark <jessenewmark@centrolegal.org>
**Subject:** [EXTERNAL] Re: Meet and confer email re: 4/12 supplemental statement

Sorry, I meant to write that the second group of MILs should be filled on June 24.

Sent from my mobile device. Please excuse brevity and typos.

---

**From:** Anne Bellows
**Sent:** Friday, April 5, 2024 7:53:27 AM
**To:** Ryan.Matthews@lewisbrisbois.com <Ryan.Matthews@lewisbrisbois.com>; Salazar, Joe <Joe.Salazar@lewisbrisbois.com>; Lord, Sara M. <sara.lord@agg.com>; Collins, Richard T. <Rich.Collins@AGG.com>; Eisenbrey, Damon D. <Damon.Eisenbrey@AGG.com>; orlando.cabrera@agg.com <orlando.cabrera@agg.com>; Ferraro, Justin F. <Justin.Ferraro@AGG.com>
**Cc:** Laura Ho <lho@gbdhlegal.com>; Lori Rifkin <lrifkin@impactfund.org>; jessenewmark <jessenewmark@centrolegal.org>
**Subject:** Meet and confer email re: 4/12 supplemental statement

Dear All,

As agreed after the pretrial conference last Friday, we are writing to address some of the questions discussed that could impact the parties' supplemental joint pretrial statement.  We suggest meeting and conferring on Tuesday, April 9 at 11am pacific in order to leave the parties enough time to draft, review, and circulate edits on the supplemental filing due April 12.  Please let us know if that time will work for you.

Our understanding of the topics we are to address in the April 12 filing are:

1. Trial length
2. Trial date (July 30 or October 8)
3. Mediation
4. Supplemental class notice

We also propose jointly addressing a schedule for filing Motions in Limine in the April 12 filing.

**Trial length**

For the FCA jury trial, we are confident the trial can be completed in two weeks.

Relating to the trial length, Defendants had asked about the tenant witnesses we anticipate calling at trial.  At this time we plan to call 3-5 tenant witnesses in addition to any Plaintiff-Relators.  We anticipate that the testimony of each of these witnesses will be short (direct estimated in the 20 minute range).

Defendants also asked if we plan to call any tenant witnesses relating to properties outside of California.  At this time, and depending upon availability, the answer is yes.

We understand that Defendants plan to call PHA witnesses and on Friday, Defendants referred to those witnesses as one reason for anticipating a lengthy trial.  Defendants disclosed 6 PHA witnesses on the witness list.  Can you clarify how much trial time you expect those witnesses to take?  (See also our notes below on potential stipulations.)

In response to Defendants' questions on Friday, we also want to clarify that we do not believe that this case needs to be tried to the jury on a property-by-property basis in Phase 1 of the bifurcated FCA trial.  In particular, Phase 1 is limited to FCA liability based on WPM's actions, which were largely identical across all properties at issue in the FCA trial.  Thus, there are

3

numerous undisputed facts for the 90 properties. For example, it is undisputed that WPM used the same process to apply tenant payments to rent and additional charges at every property and had company-wide practices that applied to collecting outstanding sums, including the service of eviction notices requesting the payment of additional service charges in every state. Additionally, the existence of mandatory charges at the specific properties Plaintiffs identified in their expert disclosure and in their proposed fact stipulations is undisputed. We understand there is a disputed issue whether there was an exception on mandatory charges for Section 8 tenants, but again WPM witnesses have testified that this alleged policy applied equally to all properties. Accordingly, we do not see why this disputed factual issue necessitates more than two weeks of trial.

On that note, we welcome a meaningful discussion of fact stipulations by the parties. Defendants have had our proposed stipulated facts for months, but have not provided any substantive response on any of them, nor have Defendants proposed any of their own. We are happy to consider any proposed stipulated facts that Defendants believe could narrow the scope and length of trial—for example, are there any potential stipulated facts that could address Defendants' concerns about needing to put on extensive PHA testimony, which is the main concern Defendants raised on Friday? We believe it's likely the parties could reach agreement on much of that testimony.

**Trial Date**

Plaintiffs understand that defense counsel has a substantial conflict with the October trial date. We propose jointly stipulating to the July trial date.

**Mediation**

On Friday, the parties discussed exchanging lists of proposed mediators who are available prior to July 30. Plaintiffs propose Howard Hermann (https://www.jamsadr.com/herman/ ) and Jay Gandhi (https://www.jamsadr.com/gandhi/). Here is their current availability:

Hermann:  May 1, 3, 9, 13-14, 16, 23; June 25, 27; July 9-11, 16-17
Gandhi:  May 17, 13; June 5-7, 11, 18, 21, 25-28; July 2-3, 9-12, 16-19

Plaintiffs reiterate our position that mediation cannot delay trial—particularly since we have twice provided names of proposed mediators to then-counsel for all Defendants, and Defendants declined to respond. With that said, we are happy to consider any mediators you may suggest who have availability in June or July.

**Supplemental Class Notice**

To clarify an issue raised by the Court, the class notice concerns the class claims against all Defendants.

Otherwise, we are awaiting a response by Defendants on this issue, but reiterate that the class notice has nothing to do with the upcoming Phase 1 FCA trial.

**Motion in Limine Schedule**

If the Court does move forward with a July 30 date, it benefits the parties to propose an MIL schedule. It appeared based on the pretrial conference that the Court heard immediately before ours that the Court is open to deciding MILs in two phases, which a select number decided earlier so that the parties can more efficiently prepare for trial.

In the Amended Pretrial Statement, all parties listed MILs relating to: 1), expert testimony, and 2) the impact of the Court's prior summary judgment rulings on trial. Additionally, Plaintiffs intend to file motions in limine regarding Phase 2 issues and regarding witnesses and evidence not timely disclosed. Given the impact these will have on all parties' trial preparation, we propose that the parties ask the Court to hear and rule on MILs relating to these topics on the available May 17 hearing date, with the remaining MILs heard and decided closer to trial.

Proposed May 17 MIL Schedule:

4

MILS filed:  April 19
Oppositions filed:  May 3
Hearing: May 17

Proposed July MIL Schedule:
MILs filed:  April 12
Oppositions filed:  July 8
Hearing:  July 19

Plaintiffs already proposed in the pretrial statement that MILs be limited to 5 pages per motion, and 10 MILs per party "grouping."  We are open to meeting and conferring further on this as is pertains to the proposed schedule above.

Anne

Anne P. Bellows
(pronouns: she/her)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA  94612
(510) 287-4344
www.gbdhlegal.com

Please Note: The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above.  If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message.  If you have received this E-mail in error, please notify the sender as soon as possible.  In addition, please delete the erroneously received message from any device/media where the message is stored.