Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Anne Bellows (SBN 293722)
abellows@gbdhlegal.com
Stephanie Tilden (SBN 341486)
stilden@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 | (Fax) (510) 835-1417

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
Telephone: (510) 834-3300 | (Fax) (510) 834-3377

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
Telephone: (510) 437-1863 | (Fax) (510) 437-9164

Lindsay Nako (SBN 239090)
lnako@impactfund.org
Lori Rifkin (SBN 244081)
lrifkin@impactfund.org
IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA 94704
Tel: (510) 845-3473 | Fax: (510) 845-3654

Attorneys for Plaintiffs and Relators and the Certified Classes

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**STIPULATION AND ORDER FOR SUPPLEMENTAL CLASS NOTICE**<br><br>Before: Hon. Chief Judge Kimberly J. Mueller<br><br>Trial Date: None Set |

| | |
|---|---|
| 1 | PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC, and DOES 1-4, <br><br>         Defendants. |

**STIPULATION AND ORDER FOR SUPPLEMENTAL CLASS NOTICE**

Plaintiffs and Relators Danika Terry, Roy Huskey III, and Tamera Livingston and Defendants Wasatch Advantage Group, LLC, *et al.* (together, "the Parties"), by and through their undersigned counsel, hereby stipulate as follows:

WHEREAS, the Court has certified a damages or restitution class under Federal Rule of Civil Procedure 23(b)(3) comprising tenants in Defendants' California properties who participated in the Section 8 Housing Choice Voucher Program ("Section 8") and paid additional charges set forth in Additional Services Agreements in excess of their individual portions of the contract rent set forth in the HAP Contracts at any time from April 14, 2011 through November 30, 2022 (ECF No. 92 at 13, 37; ECF No. 114 at 10; ECF No. 329 at 4);

WHEREAS, on January 15, 2020, the Court ordered Defendants to produce a class list, approved Plaintiffs' proposed notice forms and procedures to members of the Rule 23(b)(3) class, and appointed KCC Class Action Services as the class action administrator (ECF No. 114 at 10-11);

WHEREAS, Defendants thereafter produced a class list and notice was administered by KCC Class Action Services in the spring of 2020;

WHEREAS, in their Joint Status Report filed on September 30, 2021, the Parties agreed that they would issue supplemental class notice "following the Court's ruling on the summary judgment motions [re: liability] and prior to the Phase 1 trial" (ECF No. 140 at 6);

WHEREAS, on November 23, 2022, the Court issued its ruling on the Parties' cross summary judgment motions regarding liability, finding Wasatch Property Management, Inc. liable on the class claims for breach of contract and violation of the Unfair Competition Law (ECF No. 278 at 13-14);

WHEREAS, following the completion of class notice in the Spring of 2020, additional Section 8 tenants have moved into Defendants' California properties and paid additional service charges in addition to their share of the rent, satisfying the criteria for membership in the Rule 23(b)(3) class;

WHEREAS, the Parties have also recently identified several class members whose data had been inadvertently omitted from prior productions (*see* ECF No. 328);

WHEREAS, the Parties have now compiled a complete class list identifying, to the best of the Parties' ability, all tenants who meet the class criteria, including tenants who moved into Defendants'

properties after the prior round of class notice in 2020 and therefore were not included in that round of notice;

WHEREAS, in total there are approximately 50 tenants who qualify for class membership and have not yet received notice;

WHEREAS, subject to Court approval, the Parties have agreed to language for the proposed supplemental Class Notice Form, which complies with the requirements of Rule 23(c)(2)(B), and which is set out as Exhibit A to this Stipulation and [Proposed] Order;

WHEREAS, the proposed supplemental Class Notice Form is materially identical to the notice previously approved by the Court except to the extent it has been updated to reflect developments in the litigation, including the Court's Summary Judgment Order (ECF No. 278), the new end date to the class period, and the addition of class counsel;

WHEREAS, the Parties propose to send the supplemental Class Notice Form to tenants who meet the criteria for class membership but have not yet been provided notice;

WHEREAS, the Parties agree to use the same procedures as previously approved by this Court, including the mailing of class notice by U.S. mail and the provision of a 35-day opt-out period (*see* ECF No. 114 at 11);

THEREFORE, the Parties jointly stipulate and request that the Court order (1) that the proposed Class Notice attached as Exhibit A hereto be approved; (2) that notice be sent to tenants who meet the criteria for class membership and were not included in the prior round of class notice; (3) that notice be send by U.S. Mail; and (4) that the newly-noticed class members be provided 35 days from the date of mailing to opt out.

Dated: April 12, 2024

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

*/s/ Anne P. Bellows*
Anne P. Bellows

Attorneys for PLAINTIFFS and RELATORS

| | | |
|---|---|---|
| Dated: April 12, 2024 | | Respectfully submitted, |
| | | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| | | */s/ Ryan Matthews (as authorized 4/12/24)* <br> Ryan Matthews |
| | | Attorneys for WPM Defendants WASATCH PROPERTY MANAGEMENT, INC., LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, HAYWARD SENIOR APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP |
| Dated: April 12, 2024 | | Respectfully submitted, |
| | | ARNALL GOLDEN GREGORY LLP |
| | | */s/ Damon D. Eisenbrey (as authorized 4/12/24)* <br> Damon D. Eisenbrey |
| | | Attorneys for ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC |

**ORDER**

Good cause appearing, the court grants the parties' request.

IT IS SO ORDERED.

DATED: April 23, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT A

US ex rel Terry v. Wasatch Advantage Group
Claims Administrator
P.O. Box 43502
Providence, RI 02940-3502

# WGU

«Barcode»
Postal Service: Please do not mark barcode
Claim#: WGU-«Claim8»-«CkDig»
«FirstName» «LastName»
«Addr1» «Addr2»
«City», «St»«FProv»  «Zip»«FZip»
«Country»

### UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

*Terry, et al., v. Wasatch Advantage Group, LLC, et al.*, Case No. 2:15-cv-00799-KJM-DB

**If you are or were a tenant of a Wasatch property in California at any time from April 14, 2011 to November 30, 2022, and participate or have participated in the "Section 8" Housing Choice Voucher Program in connection with your tenancy at the Wasatch property, and have paid additional charges to your landlord under an Additional Services Agreement, this class action lawsuit may affect your rights.**

A federal court authorized this notice. This is not an advertisement.
You are a potential Reimbursement and/or Injunctive Relief Class member in this lawsuit.

**PLEASE READ THIS NOTICE ENTIRELY.**

- The purpose of this Notice is to inform you that your rights may be affected by the proceedings in a class action lawsuit pending before Judge Kimberly J. Mueller of the United States District Court of California ("The Court").

- The Court has ordered that this Notice be sent to you so that you can be fully informed about the lawsuit and your rights and options in connection with it.

- Three current and former Wasatch tenants in California ("Plaintiffs") have brought a class action lawsuit against Wasatch Advantage Group, LLC, et al. ("Defendants"), arguing that Wasatch's policy of demanding and/or collecting from their Section 8 tenants additional rent payments under its Additional Services Agreements, in excess of the tenants' portion of the contract rent in the relevant Housing Assistance Payment (HAP) Contracts, violates Federal and California law.

- The Court has ruled that the lawsuit can proceed as a "class action" on behalf of "classes" of tenants. According to Wasatch's records, you are potentially a member of one of the classes, called the Reimbursement Class (see Paragraph 6 below).

- On November 23, 2022, the Court ruled that Wasatch Property Management, Inc.'s practices treating Additional Services Agreement charges like rent violated the Section 8 program's prohibition on charging excess rent, the terms of the Section 8 contract, and California law. However, because the parties are still litigating the claims and there are still other issues to be decided, the Court has not yet ordered Wasatch to pay any money back to the class.

- There is no money available to you now, and no guarantee there will be. However, your legal rights are affected, and **you have two options at this point:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **REMAIN PART OF THE REIMBURSEMENT CLASS (REQUIRES NO ACTION BY YOU AT THIS TIME)** | **Stay in this lawsuit. Keep the right to recover money in this case. Give up the right to bring your own case.** By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement in this case. But you may give up the right to bring your own independent lawsuit against Wasatch challenging its policy of demanding and/or collecting from Section 8 tenants additional rent payments under its Additional Services Agreements. |
| **ASK TO BE EXCLUDED FROM THE REIMBURSEMENT CLASS (REQUIRES ACTION BY)** | **Exclude yourself from the Reimbursement Class. Get no benefits from it. Keep the right to bring your own case.** If you ask to be excluded from the Reimbursement Class, you cannot recover any money through this case. But you will keep the right to bring your own case against Wasatch seeking reimbursement due to its challenged policy of demanding and/or collecting from Section 8 tenants additional rent payments under its Additional Services Agreements. |

**Si necesita esta noticia en Español, favor de contactar el administrador de la Clase a 1-888-791-1286 o los abogados de la Clase en Cuestión 12.**

889848.7                                        1

**BASIC INFORMATION**

1. **Why did I get this notice?**

    Wasatch's records show that you lived at a Wasatch property in California at any time from April 14, 2011 to November 30, 2022, you have participated in the "Section 8" Housing Choice Voucher Program in connection with your tenancy at a Wasatch property, and you have paid additional charges pursuant to an Additional Services Agreement for any of the following: washers and dryers, renter's insurance, parking (covered and uncovered), garage rental, storage space rental, month-to-month lease fees, "Rent Plus" (a credit reporting service), pest and bedbug control, pet rent and other pet fees, and internet and cable services. The Court has allowed, or "certified," a class action lawsuit on behalf of Section 8 tenants who were charged such additional charges in excess of their individual portions of the contract rent set forth in the Housing Assistance Payment (HAP) Contracts. You have legal rights and options that you may exercise before the Court holds a trial. The Honorable Kimberly J. Mueller, a Judge in the United States District Court for the Eastern District of California, is overseeing this lawsuit. The case is called *Terry, et al., v. Wasatch Advantage Group, LLC, et al.*, Case No. 2:15-cv-00799-KJM-DB (E.D. Cal.).

2. **What is this lawsuit about?**

    This lawsuit is about whether Wasatch's policy of requiring and/or collecting additional payments for additional services or amenities from Section 8 tenants under the company's Additional Services Agreements that are included with its leases complies with Federal and California law. Specifically, Plaintiffs claim that this policy violates Wasatch's contracts with its Section 8 tenants. Plaintiffs have additional claims under California's Consumer Legal Remedies Act and Unfair Competition Law. Defendants contend that their actions are lawful. On November 23, 2022, the Court issued an Order (called a "Summary Judgment Order") ruling that Wasatch Property Management, Inc.'s practices treating Additional Services Agreement charges like rent violated the Section 8 program's prohibition on charging excess rent, the terms of the Section 8 contract, and California law. There are still other issues to be decided. The Court has not yet ordered Wasatch to pay any money back to the class.

    You can read the Plaintiffs' Complaint and the Court's Summary Judgment Order at www.gbdhlegal.com.

3. **What is a class action and who is involved?**

    In class action lawsuits, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The Class Representatives are called the Plaintiffs. The persons or entities they sue (in this case, Wasatch and some of its subsidiaries) are called the "Defendants." One court resolves the issues for all Class Members. The Court has appointed the Plaintiffs' lawyers (names and contact information below) to represent the Classes.

4. **What are the Plaintiffs asking for?**

    The Court found that Wasatch Property Management, Inc.'s policy of requiring and/or collecting additional payments for additional services or amenities from Section 8 tenants under the Additional Services Agreements included with its leases, in excess of the tenants' portion of the contract rent in the relevant Housing Assistance Payment (HAP) Contracts, is unlawful. The Plaintiffs are now asking the Court to require Wasatch to return or reimburse all payments which were unlawfully obtained. In December 2022, Wasatch changed some of its policies related to demanding and/or collecting additional payments from Section 8 tenants under the Additional Services Agreements. Because of these changes to Wasatch's policies, Plaintiffs are not asking the Court to return or reimburse payments from Section 8 tenants that were paid after November 30, 2022.

    Plaintiffs are also asking the Court to require Wasatch to keep in place the changes it made in December 2022 and to make additional changes to its policy of demanding and/or collecting additional payments from Section 8 tenants under the Additional Services Agreements. This is called "injunctive relief." You cannot opt out of the injunctive relief sought in this case.

    Plaintiffs also seek recovery of attorneys' fees, the costs of bringing the lawsuit, and interest. Aside from the Summary Judgment Order, the Court has not yet ruled on the merits of any of the positions taken by Plaintiffs or Wasatch.

5. **Is there any money available now?**

    No money is available now because the case is not yet over and the Court has not ordered Wasatch to pay any money to back to the class, and the parties have not settled the case. There is no guarantee that money or benefits will ever be obtained as a result of this case. If they are and you do not ask to be excluded, you will be notified and will be given information about any monetary award to which you may be entitled.

**WHO IS INCLUDED IN THE LAWSUIT**

6. **The classes of tenants**

    You are receiving this notice because you are a potential member of the Reimbursement Class, which consists of Wasatch tenants who participated in the "Section 8" Housing Choice Voucher Program and paid additional rent payments, or "side payments," at any time from April 14, 2011 to November 30, 2022. The two classes are:

- **Reimbursement Class:** All persons who, in the time period starting four years prior to the date of filing this Complaint through November 30, 2022, (1) have been tenants at any of Defendants' California properties;
  (2) have participated in the "Section 8" Housing Choice Voucher Program in connection with their tenancies at the California

properties; and (3) have paid additional charges set forth in Additional Services Agreements in excess of their individual portions of the contract set forth in the HAP Contracts.

- **Injunctive Relief Class:** All persons who: (1) are or will become tenants at any of Defendants' California properties; (2) participate or will participate in the "Section 8" Housing Choice Voucher Program in connection with their tenancies at the California properties; and (3) pay or will pay additional charges set forth in Additional Services Agreements in excess of their individual portions of the contract rent set forth in the HAP Contracts.

7. **Can I be part of this lawsuit?**

We believe you are a member of the Reimbursement Class. If you are a member of the Reimbursement Class, you will automatically be included as a member of this class unless you take affirmative steps to exclude yourself from this case. This class consists of people who: (1) lived at a Wasatch property in California at any time from April 14, 2011 to November 30, 2022; (2) participated in the "Section 8" Housing Choice Voucher Program; and (3) were charged at least one additional payment under an Additional Services Agreement. Both current and former tenants can be part of this lawsuit.

8. **I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get free help by calling, writing, or emailing the lawyers in this case, at the phone number or addresses listed below in Paragraph 12.

**YOUR LEGAL RIGHTS AND OPTIONS**

9. **What happens if I do nothing at all?**

If you do nothing, you will automatically be included as a member of the Reimbursement Class, which means that you will keep the possibility of getting money from this lawsuit. If you remain part of the Reimbursement Class and the Plaintiffs obtain money as a result of either a trial or a settlement, you will be notified about how to obtain any share to which you may be entitled. If you do nothing now, regardless of whether the Plaintiffs win or lose, you will not be able to sue the Defendants as part of any other lawsuit seeking reimbursement for the additional rent payments or "side payments" made between April 14, 2011 to November 30, 2022 at issue in this lawsuit. You will also be legally bound by all orders and judgments of the Court. If Plaintiffs lose the case, you will not be penalized or have to pay anything to Wasatch as a result.

10. **Why would I ask to be excluded?**

Members of the Reimbursement Class have the right to be excluded from the Reimbursement Class. This is also called "opting out" of the class. If you exclude yourself, you won't get any money from this lawsuit even if Plaintiffs obtain it as a result of a trial or settlement. You will keep the right to pursue your own money claims with lawyers of your own choice, provided you pursue those claims within certain legal deadlines. If you do exclude yourself so that you can start your own lawsuit against Wasatch, you should talk to your own lawyer right away to determine any deadlines you have. You cannot opt out of the injunctive relief sought in this case.

To ask to be excluded from the Reimbursement Class, you must send an "Exclusion Request" in the form of a letter sent by mail stating that you want to be excluded from the Reimbursement Class in this case. The letter must include your name, address, telephone number, and signature. You must mail this letter postmarked by _____ to the Claims Administrator at the following address:

US ex rel Terry v. Wasatch Advantage Group  
Claims Administrator  
P.O. Box 43502  
Providence, RI 02940-3502

11. **What is the deadline to ask to be excluded?**

If you do <u>not</u> want to participate in the Reimbursement Class, then you must postmark the Exclusion Request letter by _____.

**THE LAWYERS REPRESENTING THE CLASSES**

12. **Do I have a lawyer in this case?**

The Court appointed the Plaintiffs' lawyers in this case to represent the Classes ("Class Counsel"). Those lawyers are: Goldstein, Borgen, Dardarian & Ho in Oakland, California; Law Offices of Andrew Wolff, PC in Oakland, California; Centro Legal De La Raza, in Oakland, California, and Impact Fund in Berkeley, California. The Court determined that these attorneys are qualified to represent the interests of the Classes in this lawsuit. More information about these firms, their practices, and their lawyers' experience is available on their websites: www.gbdhlegal.com, http://awolfflaw.com/, https://centrolegal.org/, www.impactfund.org.

The following attorneys from the firms are handling the case, and you may contact them at 1-888-316-8870 or wasatchclassaction@gbdhlegal.com with any questions you have about the case:

| | |
|---|---|
| Laura L. Ho, Esq. Anne Bellows, Esq. <br> Stephanie Tilden, Esq. <br> GOLDSTEIN, BORGEN, <br>   DARDARIAN & HO <br> 300 Lakeside Drive, Suite 1000 <br> Oakland, CA 94612 | Andrew Wolff, Esq. <br> LAW OFFICES OF <br>   ANDREW WOLFF, PC <br> 1615 Broadway, 4th Floor <br> Oakland, CA 94612 |
| Jesse Newmark, Esq. <br> CENTRO LEGAL DE LA RAZA <br> 3022 International Blvd., Suite 410 <br> Oakland, CA 94601 | Jocelyn Larkin, Esq. <br> Lindsay Nako, Esq. <br> IMPACT FUND <br> 2080 Addison Street, <br> Berkeley, CA, 94704 |

**13.  Should I get my own lawyer?**

You may if you want, but you do not need to hire your own lawyer, because Class Counsel represent the Classes. For example, you can hire a lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you. If you hire your own lawyer, you will be responsible for the charges that lawyer requires you to pay for representing you.

**14.  How will Class Counsel get paid?**

If Plaintiffs prevail at trial, Class Counsel will ask the Court to require Wasatch to pay their attorneys' fees and expenses. If there is a settlement of this case, Class Counsel will request either that Wasatch pay the fees and expenses, or that the Court allow a portion of the settlement fund to be used to pay attorneys' fees and costs. Any such award of attorneys' fees would be subject to Court approval. You will not have to pay Class Counsel any fees or expenses out of your own pocket.

## THE NEXT STEPS IN THE LAWSUIT

**15.  What happens next in the lawsuit?**

Unless the case is resolved by a settlement or legal ruling before trial, Class Counsel will have to prove the Plaintiffs' claims and money losses at a trial. The trial has not been scheduled yet. It will take place in the United States District Court for the Eastern District of California, 501 I Street, Sacramento, CA 95814. During the trial, the trier of fact will hear all of the evidence and reach a decision about whether the Plaintiffs or Defendants are right about the claims in the lawsuit. Additionally, after trial, there may be additional legal proceedings about the responsibility of other defendants for the violations.

**16.  Do I have to come to the trial?**

You do not need to appear in court or otherwise participate in the trial to be a Class Member or to be eligible for a monetary recovery should the Plaintiffs prevail on their claims. However, it is possible that a small percentage of the Class Members may be called to testify as witnesses in either a deposition or a trial. You are welcome to attend any trial at your own expense.

**17.  Will I get money after the trial?**

If the Reimbursement Class obtains money or benefits as a result of a trial or settlement, members of the Reimbursement Class will be notified about how they may qualify to receive a portion of any money or benefits obtained. We do not know how long this will take.

## GETTING MORE INFORMATION

**18.  How can I get additional information?**

You can visit the website www.gbdhlegal.com where you will find the Court's Order Certifying the Class, the Court's Summary Judgment Order, the Plaintiffs' Complaint, and Defendants' Answer to the Complaint. You may also contact Class Counsel at any time by calling, writing, or emailing them at the contact information in Paragraph 12, above.

**PLEASE DO NOT CALL OR WRITE THE JUDGE OR CLERK OF THE COURT. DIRECT ALL INQUIRIES TO CLASS COUNSEL OR AN ATTORNEY OF YOUR OWN CHOOSING.**

*By order of the United States District Court for the Eastern District of California*