UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Denika Terry, et al., | No. 2:15-cv-00799-KJM-DB |
| Plaintiffs, | FINAL PRETRIAL ORDER |
| v. | |
| Wasatch Advantage Group, LLC, et al., | |
| Defendants. | |

On March 29, 2024, the court conducted a final pretrial conference.  Hr'g Mins., ECF No. 380.  Lori Rifkin, Jesse Newmark, Lawrence Organ, and Lindsay Nako appeared for plaintiffs Denika Terry, et al.  Joseph Salazar Jr. and Ryan Matthews appeared for defendants Wasatch Property Management Inc., Logan Park Apartments LLC, Logan Park Apartments LP, Bellwood Jerron Holdings LLC, Bellwood Jerron Holdings LP, Hayward Senior Apartments LP, Oak Valley Apartments LLC, Oak Valley Holdings LP, Piedmont Apartments LP, Point Natomas Apartments LLC, Point Natomas Apartments LP, Spring Villa Apartments LP, Sun Valley Holdings LTD, and Village Grove Apartments LP.  Attorneys Richard Collins, Damon Eisenbrey, Justin Ferraro, Orlando Cabrera and Sara Lord appeared for defendants Owner and Non-Owner/WAG defendants, Wasatch Advantage Group LLC, Chesapeake Apartment Holdings LLC, Aspen Park Holdings LLC, Bent Tree Apartments LLC, California Place Apartments LLC, Canyon Club Holdings LLC, Courtyard at Central Park Apartments LLC, Creekside Holdings

1

1    LTD, River Oaks Holdings LLC, Wasatch Premier Properties LLC, Wasatch Pool Holdings III

2    LLC, Wasatch Pool Holdings LLC, Camelot Lakes Holdings LLC, Heritage Park Apartments LP,

3    Peppertree Apartment Holdings LP, Shadow Way Apartments LP, and Wasatch Quail Run GP

4    LLC.  After hearing, and good cause appearing, the court makes the following findings and

5    orders:

6    **JURISDICTION AND VENUE**

7         This court has federal subject matter jurisdiction under 28 U.S.C. § 1331 because

8    plaintiffs bring this action pursuant to the United States False Claims Act ("FCA"), 31 U.S.C.

9    § 3729 et seq.  The court has authority to exercise jurisdiction over plaintiffs' state law claims

10   based on 28 U.S.C. § 1367(a).

11        Venue is proper in this court based on 28 U.S.C. § 1391(b) and 31 U.S.C. § 3732(a).

12        Subject matter jurisdiction over the class claims is properly based on 28 U.S.C.

13   § 1367(a)'s provision of supplemental jurisdiction over "all other claims that are so related to" the

14   FCA claim "that they form part of the same case or controversy."   Here, all claims share a

15   common nucleus of fact related to defendants' unlawful excess rent charges as the court already

16   has found.

17   **SEPARATE TRIAL OF ISSUES**

18        The court bifurcated this case for discovery and trial in August 2021.  Bifurcation Order,

19   ECF No. 135.  The case is currently in Phase 1, which addresses WPM's liability under the FCA,

20   liability on the class claims, and the amount of actual damages and restitution on all claims.  *Id.* at

21   5, ECF No. 135.  Additionally, the parties agree that plaintiffs' injunctive relief claims against

22   WPM are ripe for trial at this time.  Defendants' motion for judgment on the pleadings, ECF No.

23   387, and motion to modify the court's August 16, 2021 bifurcation, ECF No. 388, are set for

24   hearing on May 17, 2024.  Plaintiffs oppose both motions.  This order does not make any

25   assumptions or prejudgments about the outcome of those motions.

26        The court has already found liability on the class claims for breach of contract and

27   violation of the ECF and ruled on the amount of damages and interest on the class contract

28   claims.  Order (Nov. 23, 2022), ECF No. 278, Order (Feb. 1, 2024), ECF No. 352.

1    The jury trial portion of the Phase 1 trial will determine whether WPM is liable under the

2    FCA, and if so, the amount of damages.

3    The bench trial portion of the Phase 1 trial, which plaintiffs and WPM Defendants propose

4    should immediately follow the jury trial, will address injunctive relief issues, including WPM's

5    liability under the CLRA.

6    **JURY / NON-JURY**

7    The parties have each demanded a jury trial.  Sixth Am. Compl., ECF No. 331; Answer to

8    Sixth Am. Compl., ECF No. 333; Wasatch Prop. Mgmt., Inc.'s Answer to Sixth Am. Compl.,

9    ECF No. 334.  The court will convene a jury trial as proper on the FCA claim.  *Trustees ex rel. N.*

10   *Cal. Gen. Teamsters Sec. Fund v. Fresno French Bread Bakery, Inc.*, No. 1:12-cv-0187 BAM,

11   2012 WL 5304765, at *2 (E.D. Cal. Oct. 25, 2012) (citing *Chauffeurs, Teamsters & Helpers*

12   *Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990)) (describing right to jury trial "where legal

13   rights are at issue").

14   Plaintiffs' certified class claims for injunctive relief under the California Unfair

15   Competition Law ("UCL") and the California Consumer Legal Remedies Act ("CLRA") are

16   equitable in nature and therefore will be tried to the court.  *See Danjaq LLC v. Sony Corp.*,

17   263 F.3d 942, 962 (9th Cir. 2001) (equitable issues may be tried to the judge).

18   The court accepts the parties' proposal for sequencing of trial.  The injunctive relief trial,

19   limited to injunctive relief claims against Wasatch Property Management, will immediately

20   follow the conclusion of the jury trial on the FCA claim.  Any factual issues that are common to

21   both the legal and equitable claims in this case will be heard by the jury and the jury's

22   determinations will be treated as binding.  *See Beacon Theater, Inc. v. Westover*, 359 U.S. 500

23   (1959); *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989).

24   **UNDISPUTED FACTS**

25   Although plaintiffs suggest there are numerous undisputed facts established by

26   defendants' responses to plaintiffs' statements of material fact in connection with the three

27   dispositive motions ruled on by this court, *see* Defs.' Response to Plaintiffs' Statement of

28   Undisputed Material Facts, ECF No. 258-1; Defs.' Response to Plaintiffs' Statement of Disputed

Facts, ECF No. 263-4; Defs.' Opp. to Plaintiffs' Statement of Undisputed Material Facts re Remedies, ECF No. 326-1, and have proposed the fact stipulations, defendants have not agreed to any stipulations.  The court thus observes that at this point there are no undisputed facts.

## DISPUTED FACTUAL ISSUES[1]

### A.    False Claims Act (Jury)

#### 1.    Plaintiffs' and WPM Defendants' Statement

Plaintiffs suggest these are the relevant disputed factual questions:

(1)    Whether WPM acted with actual knowledge, reckless disregard, or deliberate ignorance of the falsity of its HAP Contract certifications that defendants would not receive additional payment or other consideration for rent of the unit beyond the amount of rent to owner specified in each HAP Contract, despite requiring Section 8 tenants to pay additional service charges to live in their units.

(2)    Whether WPM was placed on notice that its policies and practices related to charging Section 8 tenants additional service fees violated the HAP Contract and the rules governing the Section 8 program.

(3)    Whether, despite being put on notice that its policies and practices related to additional service charges to Section 8 tenants violated program rules and HAP Contract certifications, WPM nonetheless failed to cure the violations.

(4)    Whether WPM maintained a policy exempting Section 8 tenants from mandatory additional service charges.

(5)    Whether the WPM's false certifications of compliance with the HAP Contract and Section 8 program rules were material to (i.e., had a "natural tendency to influence" or were "capable of influencing") the payment of U.S. Government funds pursuant to individual HAP Contracts.

/////

---

[1] The court reproduces here the relevant portions of the parties' joint pretrial statement, while noting that several of the matters a party styles as "disputed facts" appear to be mixed questions of law and fact.

(6)      The number of false claims submitted by WPM for payment with U.S. Government funds.

(7)      The amount of the United States' damages resulting from payments made as a result of WPM's false claims.

(8)      Whether the six-year or 10-year statute of limitations applies to Plaintiff-Relators' cause of action under 31 U.S.C. § 3731(b).

2.      **Owner and Non-Owner Defendants suggest these are the disputed facts:**

(1)      Which amenities are included in the definition of the "rent to owner" that is agreed to in the HAP contract, and is the subject of the alleged false certification.

(2)      Whether there are other factors that are reflected in or that affect the definition of "rent to owner" in the HAP contract, that is the subject of the alleged false certification.

(3)      Whether the "rent to owner" paid to the Owner-Defendants in this case complied with the statutory, regulatory, and HAP contract terms governing the program.

(4)      Whether, under the HCV program, Owners may require tenants to pay for additional amenities that are not included in the "rent to owner," as that term is defined by the HAP contract and the regulations.

(5)      Whether the amenities and services at issue in this case were included in the "rent to owner" under the HAP contract or not.

(6)      Whether the charges were actually paid to the owner or to a third party.

(7)      Whether the charges for the amenities and services at issue in this case meet the definition of "excess rent payments" under the HAP contract.

(8)      Whether the certifications were, in fact, false certifications and which certifications under 24 CFR § 982.507(d) were violated by the applicable owners.

(9)      Whether the additional charges were disclosed to the PHA.

(10)     If the additional charges were not disclosed to the PHA, whether the PHA would have declined to pay the claim.

/////

5

(11)    If the additional charges were not disclosed and if the PHA would have declined to pay the claim, whether Owner and Non-Owner Defendants knew they were falsely certifying a material fact in order to receive payment.

**B.      Liability Under the Consumer Legal Remedies Act (Bench Trial)**

Plaintiffs will seek a liability finding against WPM under the CLRA during the bench-trial portion of the proceedings, reserving their CLRA claims against other defendants associated with the Wasatch Group for Phase 2 of the litigation.  (Plaintiffs do not seek injunctive relief against defendants no longer associated with the Wasatch Group.)  The following facts relevant to the CLRA claim are disputed:

(1)      Whether WPM's representation that it was lawfully allowed to demand payment of additional service charges through policies that treated the charges as rent was likely to mislead a reasonable consumer.

(2)      Whether a reasonable person would attach importance to the existence or non-existence of WPM's representation that it was lawfully allowed to demand payment for additional service charges through policies that treated the charges as rent.

(3)      Whether WPM knew or had reason to know that Section 8 tenants attach importance to its representation that it was lawfully allowed to demand payment for additional service charges through policies that treated the charges as rent.

(4)      Whether WPM continues to represent that it is lawfully allowed to demand payment of additional service charges through policies that continue to treat the charges as rent.

(5)      Whether a lease of real property constitutes a transaction for goods or service under the Consumer Legal Remedies Act.  (Plaintiffs regard this as a legal issue, and one that defendants have waived, as addressed in plaintiffs' Points of Law.  WPM asserts that this argument has not been waived, as it could not have been raised until this court's ruling that the additional service charges are solely defined as excess rent, as clarified in WPM's Points of Law.)

/////

/////

/////

6

**C.    Injunctive Relief Under the Unfair Competition Law and Consumer Legal Remedies Act (Bench Trial)**

The court has already ruled that Wasatch WPM is liable under the UCL.  Order (Nov. 23, 2022) at 12–14.  During the bench trial portion of the Phase 1 trial, the court will determine if WPM is also liable under the CLRA.  The following disputed factual and legal questions are relevant to whether injunctive relief as to WPM is appropriate under either statute:

(1)    Whether WPM's collection of excess rent, including its practices around collecting payment for additional service charges, has irreparably injured members of the class.

(2)    Whether WPM's practices around collecting payment for additional service charges have harmed the Section 8 program's goals of secure and stable housing.

(3)    Whether damages alone are inadequate to compensate for the injury WPM's practices caused to class members.

(4)    Whether the changes WPM made to its practices after the Court's November 23, 2022 Summary Judgment Order were sufficient to cure the violation, or whether WPM's forms and practices continue to treat additional service charges as rent.

(5)    Whether WPM can easily revert its Payment Priority Sequence, which they changed after this court's November 23, 2022 Summary Judgment Order, to a Payment Priority Sequence that applies tenant payments to additional service charges first before applying payments to rent.

(6)    Whether WPM can easily revert to practices requiring Section 8 tenants to pay additional service charges as a condition of leasing.

(7)    Whether WPM's one-time letter sent to Section 8 tenants and WPM property employees stating that additional service charges must be optional for Section 8 tenants is sufficient to continue to prevent WPM from making additional service charges mandatory for Section 8 tenant.

(8)    Whether WPM has enacted policies around collecting payment for additional service charges to ensure that they could have the power of the courts to collect on unpaid amounts, including for additional service fees.

7

1     (9)    Whether WPM's practice of treating additional service charges like rent created a

2    financial burden for Section 8 tenants.

3     (10)    Whether injunctive relief is warranted after balancing the hardships to defendants

4    and the plaintiff class.

5     (11)    Whether preventing defendants from exceeding rent limitations under the HAP

6    Contracts through their practices related to additional service charges advances the public interest,

7    including the goals of the Section 8 program.

8     (12)    Whether policy changes implemented by WPM in the immediate aftermath of the

9    court's November 2022 ruling sufficiently address the concerns identified by the court such that

10    injunctive relief is unwarranted.

11    **DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE**

12    Defendants collectively propose twenty-five motions in limine and WAG Defendants

13    further propose to file six additional substantive motions.  To timely and efficiently resolve the

14    parties' pretrial motions, plaintiffs request that the court set a briefing schedule, page limits, and a

15    maximum number of motions each group of represented parties (i.e., plaintiffs, WPM Defendants,

16    and WAG Defendants) may file.

17    Plaintiffs propose that each group of represented parties be limited to 10 pretrial motions,

18    evidentiary or otherwise, and that the schedule be set as follows: (1) opening briefs due on June 7,

19    2024, with briefs for each motion limited to five pages (excluding the notice of motion and

20    supporting evidence); (2) opposing briefs due June 21, 2024, limited to five pages (excluding

21    supporting declarations); (3) reply briefs of no more than three pages each due on July 1, 2024;

22    and (4) a hearing on July 12, 2024.  The court confirms this schedule.  *See Luce v. United States*,

23    469 U.S. 38, 41 n.4; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (inherent powers are

24    "necessarily vested in courts to manage their own affairs so as to achieve the orderly and

25    expeditious disposition of cases.").

26    **A.**    **Plaintiffs' Proposed Motions In Limine**

27    (1)    Request for Judicial Notice of Public Documents.

28    */////*

(2)  Motion in Limine Regarding Summary Judgment Findings and Defendants' Admissions of Undisputed Facts.

(3)  Motion in Limine to Exclude Reference to Issues Reserved for Phase 2 of this Litigation.

(4)  Motion in Limine Regarding FCA Remedies.

(5)  Motion in Limine Regarding Government Non-Intervention.

(6)  Motion in Limine to Exclude Irrelevant Personal Information About Plaintiffs and Tenant Witnesses.

(7)  Motion in Limine to Exclude the Expert Report and Testimony of Robert S. Griswold.

(8)  Motion in Limine Regarding the Examination of Witnesses Associated with Defendants.

(9)  Motion in Limine to Exclude Witnesses and Exhibits Not Timely Disclosed.

**B.    Defendant WPM's  Proposed Motions in Limine**

(1)  Preclude Expert from Testifying re Damages to United States.

(2)  Preclude Introduction of Hearsay HUD Video Exhibit.

(3)  Preclude Hearsay Evidence re Conversations Between WPM Personnel and Non-Witness Tenants.

(4)  Preclude Reference to WPM Personnel Filling Out HAP Contracts.

(5)  Preclude Speculative Testimony re Knowledge of WPM Personnel.

(6)  Preclude Reference to Renters' Insurance Being Required at LIHTC Properties.

(7)  Preclude Reference to Actual Evictions for Non-Payment of Additional Service Charges.

(8)  Preclude Reference to Established Violations of Law Prior to 11/22/2023

(9)  Preclude Introduction of Expert Reports.

(10)  Preclude Introduction of Hearsay News Article Exhibits.

WPM joins the Owner and Non-Owner Defendants' position below, and reserves the right to join in any additional evidentiary motions they might bring.

### C.   Owner and Non-Owner Defendants' Motions in Limine

Owner and Non-Owner Defendants intend to join in Defendant WPM's motions in limine and to file their own evidentiary motions as follows:

(1)   Request for judicial notice of public documents.

(2)   Exclude mention or reference to the summary judgment findings on the state law claims during the FCA portion of the trial.

(3)   Exclude mention or reference to subsequent remedial measures taken by property owners during the FAC trial.

(4)   Exclude hearsay news articles and videos.

(5)   Exclude unauthenticated documents.

(6)   Exclude mention or reference to previous or other lawsuits involving defendants.

(7)   Exclude the expert report and testimony of David Breshears.

(8)   Exclude the expert report and testimony of MaryAnn Russ.

(9)   Exclude evidence irrelevant to and inconsistent with FCA elements, burdens of proof, and remedies, including but not limited to the statute of limitations period.

(10)   Allow evidence of relevant industry standards.

(11)   Exclude any mention of defendants' insurance coverage.

(12)   Exclude evidence of defendants' financial status.

(13)   Exclude character evidence.

(14)   Exclude emotional testimony and evidence of Plaintiffs' financial status.

(15)   Exclude evidence of attorney-client communications.

## STIPULATIONS / AGREED STATEMENTS

The parties agree that it is neither feasible nor advisable to present any part of the action upon an Agreed Statement of Facts.

## RELIEF SOUGHT

### A.   Qui Tam Claims

Under the FCA, plaintiffs as relators on behalf of the U.S. government seek:  (1) damages corresponding to the housing assistance payments made to defendants for Section 8 tenants as to

10

1  whom WPM submitted false claims; (2) trebling of those damages and imposition of penalties

2  pursuant to 31 U.S.C. § 3729(a)(1); (3) an award to relators of the maximum amount allowed

3  pursuant to 31 U.S.C. § 3730(d)(2) upon recovery by the United States and (4) an award of

4  attorneys' fees, costs and expenses against defendants pursuant to 31 U.S.C. § 3730(d)(2).

5  Of these remedies, only the amount of damages is at issue in the Phase 1 trial.  That issue

6  will be tried to the jury along with liability under the FCA.

7  **B.   Class Claims**

8  The amount of Class damages for breach of contract claims has been resolved by

9  summary judgment.  *See* Order (Feb. 1, 2024) at 5.

10  On behalf of the injunctive relief class certified under Rule 23(b)(2), plaintiffs seek

11  injunctive relief against WPM under the UCL and the CLRA to ensure that defendants do not

12  require any of their Section 8 tenants to agree to or pay any additional service fees in order to

13  remain in their homes, and to ensure that defendants' current and future Section 8 tenants are

14  fully and adequately informed of their rights with regard to additional service charges.  Issues

15  related to injunctive relief against WPM will be tried to the court in the Phase 1 bench trial.

16  At the conclusion of the case, plaintiffs will also seek attorneys' fees, costs and expenses

17  for their work on behalf of both classes under California Code of Civil Procedure section 1021.5,

18  California Civil Code section 1780(e), a common fund theory and plaintiffs' and class members'

19  leases.

20  **POINTS OF LAW**

21  The court has reviewed the parties' statement in their joint pretrial statement.  The parties

22  shall clarify for the court their focused disputes about the applicable law and legal standards in

23  trial briefs limited to twenty pages per party or group of defendants addressing these points more

24  completely.  Trial briefs shall be filed with the court no later than seven days prior to the date of

25  trial in accordance with Local Rule 285.

26  /////

27  /////

11

1    **ABANDONED ISSUES**

2            As to the False Claims Act, plaintiffs are not pursuing liability as to charges made to

3    Section 8 tenants that were not a condition of leasing, except for washer and dryer charges in the

4    "Utilities and Appliances" section of the HAP Contract prior to July 1, 2019.

5    **WITNESSES**

6            Plaintiffs' list of prospective witnesses is set out at **Exhibit A**.  WPM Defendants' list of

7    prospective witnesses is set out at **Exhibit B**.  Owner and Non-Owner Defendants' list of

8    prospective witnesses is set out at **Exhibit C**.  Each party may call any witnesses designated by

9    the other.

10           A.    The court will not permit any other witness to testify unless:

11                 (1)    The party offering the witness demonstrates that the witness is for the

12                        purpose of rebutting evidence that could not be reasonably anticipated at

13                        the pretrial conference, or

14                 (2)    The witness was discovered after the pretrial conference and the proffering

15                        party makes the showing required in "B," below.

16           B.    Upon the post pretrial discovery of any witness a party wishes to present at trial,

17                 the party shall promptly inform the court and opposing parties of the existence of

18                 the unlisted witnesses so the court may consider whether the witnesses shall be

19                 permitted to testify at trial.  The witnesses will not be permitted unless:

20                 (1)    The witness could not reasonably have been discovered prior to the

21                        discovery cutoff;

22                 (2)    The court and opposing parties were promptly notified upon discovery of

23                        the witness;

24                 (3)    If time permitted, the party proffered the witness for deposition; and

25                 (4)    If time did not permit, a reasonable summary of the witness's testimony

26                        was provided to opposing parties.

1  **EXHIBITS, SCHEDULES AND SUMMARIES**

2      Plaintiffs' list of documents and other exhibits to be offered at trial is set out at **Exhibit D**.

3  WPM Defendants' list of documents and other exhibits to be offered at trial is set out at

4  **Exhibit E**.

5      Owner and Non-Owner Defendants' list of documents and other exhibits to be offered at

6  trial is set out at **Exhibit F**.

7      At trial, plaintiffs' exhibits shall be listed numerically.  WPM Defendant's exhibits shall

8  be identified as WPM and listed numerically, e.g., WPM-1, WPM-2.  Owner and Non-Owner

9  Defendants' exhibits shall be listed alphabetically, first A, B, C, etc., then AB, AB, AC, etc., then

10  BA, BB, BC, and so on through ZZ.  The court encourages the parties to generate a joint exhibit

11  list to the extent possible.  Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-

12  1, JX-2.

13      All exhibits must be premarked.

14      The parties must prepare exhibit binders for use by the court at trial, with a side tab

15  identifying each exhibit in accordance with the specifications above.  Each binder shall have an

16  identification label on the front and spine.

17      The parties must exchange exhibits no later than **twenty-eight days before trial**.  Any

18  objections to exhibits are due no later than **fourteen days before trial**.

19      A.    The court will not admit exhibits other than those identified on the exhibit lists

20          referenced above unless:

21          1.    The party proffering the exhibit demonstrates that the exhibit is for the

22              purpose of rebutting evidence that could not have been reasonably

23              anticipated, or

24          2.    The exhibit was discovered after the issuance of this order and the

25              proffering  party makes the showing required in Paragraph "B," below.

26      B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly

27          inform the court and opposing parties of the existence of such exhibits so that the

28  /////

court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    1.     The exhibits could not reasonably have been discovered earlier;

    2.     The court and the opposing parties were promptly informed of their existence; and

    3.     The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**DEPOSITION TRANSCRIPTS**

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court on the first day of trial.  Depositions transcripts may be used for impeachment or refreshing recollection of witnesses during their examinations while on the witness stand.

Plaintiffs' list of deposition excerpts to be used at trial is set out at **Exhibit G** and their list of discovery excerpts to be used at trial is set out at **Exhibit H**.

WPM Defendants' list of deposition and discovery excerpts to be used at trial is set out at **Exhibit I**.

**FURTHER DISCOVERY OR MOTIONS**

Owner and Non-Owner Defendants represent they intend to bring the following motions:

(1)    Motion to modify the court's scheduling order(s) (ECF Nos. 39, 103, 111, 126, 130, 132, 237) to extend the deadline for dispositive motions;

(2)    Motion for judgment on the pleadings regarding Plaintiffs' FCA claim;

(3)    Motion for judgment on the pleadings regarding the remaining portions of Plaintiffs' state law claims;

(4)    Motion for leave to file amend answer and affirmative defenses; and

(5)    Motion for leave to file crossclaims against applicable Public Housing Agencies.

/////

1        Plaintiffs believe WAG Defendants have waived any objections to the Bifurcation Order

2    first by expressly agreeing to it and then by allowing the litigation to proceed under its auspices,

3    changing their position so close to  trial.  Plaintiffs object to any motion practice on the issue.

4    The court's legal conclusions on the undisputed record are law of the case which should not be

5    disturbed except in narrow and demanding circumstances not present here.  *See United States v.*

6    *Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).  Owner and Non-Owner Defendants intend to

7    move the court to revise those Orders according to proof at trial.

8        The court directs the parties to file any motions *in limine* ahead of trial in accordance

9    Local Rules 230.  Under the requirements of the local rules, the earliest and only date on which a

10    motion now filed can be heard prior to trial is July 12, 2024.

11    **SETTLEMENT**

12        The parties attended a court-ordered settlement conference on March 15, 2023, which

13    concluded unsuccessfully after only a few hours.

14        The parties have now agreed to and confirmed a two-day private mediation with the Hon.

15    Jay Gandhi (retired) of JAMS to take place in Los Angeles on June 20 and 21, 2024.  The court

16    directs the parties to report the outcome of the settlement proceedings promptly upon their

17    completion.

18    **IMPARTIAL EXPERTS OR LIMITATIONS OF EXPERTS**

19        Plaintiffs have disclosed two experts: David Breshears, a forensic accountant, and

20    MaryAnn Russ, an expert in federal affordable housing programs, including the Section 8

21    Housing Choice Voucher program.

22    **ATTORNEYS' FEES**

23        As noted above, plaintiffs seek attorneys' fees, costs, and expenses for the class claims

24    based on California Code of Civil Procedure section 1021.5, California Civil Code section

25    1780(e), a common fund theory, and plaintiffs' and class members' leases.  Additionally,

26    plaintiffs will seek appropriate attorneys' fees, costs, and expenses under 31 U.S.C. § 3730(d)(2).

27    Plaintiffs will move for attorneys' fees following the entry of judgment.  *See* L.R. 293.

**TRIAL DATE AND ESTIMATED LENGTH OF TRIAL**

A jury trial is set for **Tuesday, July 30, 2024 at 9:00 a.m.** in Courtroom Three before the Honorable Kimberly J. Mueller.  On **Monday, July 29, 2024 at 1:30 p.m.**, the court will hold a Final Pretrial Session with the parties, outside the presence of the jury pool.  Trial is anticipated to last two weeks.  The parties are directed to Judge Mueller's default trial schedule which may be refined closer to trial, outlined on her web page on the court's website.

**PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS**

The parties shall file any proposed jury voir dire seven days before trial.  Each party will be limited to ten minutes of jury voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions fourteen days before trial, identified as "Jury Instructions and Verdicts Without Objection."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due fourteen days before trial.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than fourteen days before trial; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed seven days before trial; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

**OBJECTIONS TO THIS ORDER AND CONCLUSION**

Each party is granted fourteen days from the date of this order to file objections to the same.  If no objections are filed, the order will become final without further order of this court.

DATED: May 7, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE

**EXHIBIT A: PLAINTIFFS' AND RELATORS' WITNESS LIST**

**Witnesses associated with Wasatch Property Management**

1. Jarom Johnson
2. Janae Jarvis
3. Shawn Fetter
4. Brad Mishler
5. David Tanforan
6. Sylvia Gamboa
7. Tyler Raymond
8. Katie Dao
9. David Scharlach

**Expert witnesses**

1. David Breshears
2. MaryAnn Russ

**Plaintiffs/Relators**

1. Denika Terry
2. Roy Huskey III
3. Tamera Livingston

**Current and former Wasatch tenants**

1. Tania Borjas
2. Elizabeth Brooks
3. Brittney Bryson
4. Jerame Carter
5. Frances Crawley
6. Mike Cremer
7. Charles Crooks
8. Dana Davis-Lobo
9. Bobby Hanselman
10. Patricia Henderson

1      11. Denise Higgins

2      12. Ashley Mays

3      13. Edward McIlroy

4      14. Jamila Meadors

5      15. Douglas Peterson

6      16. Abraham Sheriff

7      17. Zakiyiah Smith

8      18. Maureen Stevens

9      19. Vicky Lynn Teista

10     20. Christopher Toney

11     21. James Walton

12     22. Marsha Young

13     23. Wendy Cottingham

14     24. Alicia Lee

15     25. Timothy Naerebout

16     26. Kassandra Olvera

17     27. Penny Paxman

18     28. Sylvia Rubio

19     29. Damon Weathersby

20

21     **<u>Current and former Public Housing Authority Employees</u>**

22     1.   Barbara Cavey

23     2.   Shannon Fox

24     3.   Jacqueline Rojas

25     4.   Jodi Parker

26     5.   Mary Rizzo Shuman

27     6.   Cheryl Syme

28     7.   Sonia Ramirez

29     8.   Sylvia de Leon

30

31     **<u>Other witnesses</u>**

32     1.   Geoffrey Gelb

1      2.  John Bailey

2      3.  Scott Grimes

3

## EXHIBIT B: WASATCH PROPERTY MANAGEMENT WITNESS LIST

**Plaintiffs**

1. Tamera Livingston

2. Roy Huskey III

3. Denika Terry

**Wasatch Property Management-Related Witnesses**

1. Jarom Johnson

2. Janae Jarvis

3. Sean Fetter

4. Brad Mishler

5. Dave Tanforan

6. Warren Smith

**Expert Witnesses**

1. Robert Griswold

2. James McCurley

**Housing Authority Employees**

1. Barbara Cavey

2. Shannon Fox

3. Jacqueline Rojas

4. Jodi Parker

5. Mary Rizzo Shuman

6. Cheryl Syme

### EXHIBIT C: OWNER AND NON-OWNER DEFENDANTS' WITNESS LIST

**Plaintiffs**

1. Tamera Livingston

2. Roy Huskey III

3. Denika Terry.

**Owner and Non-Owner Defendants – Corporate Representatives**

1. Wasatch Property Management, Inc.

2. Wasatch Advantage Group, LLC

3. Chesapeake Apartment Holdings, LLC

4. Wasatch Property Management, Inc.

5. Logan Park Apartments, LLC

6. Wasatch Pool Holdings, LLC

7. Aspen Park Holdings, LLC

8. Bellwood Jerron Apartments, LP

9. Bent Tree Apartments, LLC

10. California Place Apartments, LLC

11. Camelot Lakes Holdings, LLC

12. Canyon Club Holdings, LLC

13. Courtyard at Central Park Apartments, LLC

14. Creekside Holdings, LTD

15. Hayward Senior Apartments, LP

16. Heritage Park Apartments, LP

17. Oak Valley Apartments, LLC

18. Oak Valley Holdings, LP

19. Peppertree Apartment Holdings, LP

20. Piedmont Apartments, LP

21. Point Natomas Apartments, LP

22. River Oaks Holdings, LLC

23. Shadow Way Apartments, LP

24. Spring Villa Apartments, LP

25. Sun Valley Holdings, LP

26. Village Grove Apartments, LP

27. Wasatch Quail Run GP, LLC

28. Wasatch Premier Properties, LLC

29. Wasatch Pool Holdings III, LLC.

**Experts**

1. David Breshears

2. MaryAnn Russ

3. Robert Griswold

4. James McCurley.

**Additional Witnesses by Property**

1. Logan Park Apartments: former and current tenants; former and current Wasatch Property Management, Inc. ("WPM") employees; former and current Wasatch Advantage Group, LLC employees; former and current U.S. Department of housing and Urban Development ("HUD") employees; former and current employees of the Public Housing Agency ("PHA").

2. Chesapeake Commons Apartments: former and current tenants; former and current WPM employees; former and current Chesapeake Apartment Holdings, LLC employees; former and current HUD employees; former and current employees of the PHA.

3. Logan Park Apartments and Chesapeake Commons Apartments: former and current tenants; former and current WPM employees; former and current HUD employees; former and current employees of the PHA.

4.  Logan Park Apartments: former and current tenants; former and current WPM employees; former and current Logan Park Apartments, LLC employees; former and current HUD employees; former and current employees of the PHA.

5.  Chesapeake Commons Apartments: former and current tenants; former and current WPM employees; former and current Wasatch Pool Holdings, LLC employees; former and current HUD employees; former and current employees of the PHA.

6.  Aspen Park Apartments: former and current tenants; former and current WPM employees; former and current Aspen Park Holdings, LLC employees; former and current HUD employees; former and current employees of the PHA.

7.  Bellwood Park Apartments and Jerron Place: former and current tenants; former and current WPM employees; former and current Bellwood Jerron Apartments, LP employees; former and current HUD employees; former and current employees of the PHA.

8.  Bent Tree Apartments: former and current tenants; former and current WPM employees; former and current Bent Tree Apartments, LLC employees; former and current HUD employees; former and current employees of the PHA.

9.  California Place Apartments: former and current tenants; former and current WPM employees; former and current California Place Apartments, LLC employees; former and current HUD employees; former and current employees of the PHA.

10. Landing at Fancher Creek Apartments: former and current tenants; former and current WPM employees; former and current Camelot Lakes Holdings, LLC employees; former and current HUD employees; former and current employees of the PHA.

11. Canyon Club Apartments: former and current tenants; former and current WPM employees; former and current Canyon Club Holdings, LLC employees; former and current HUD employees; former and current employees of the PHA.

12. Courtyard at Central Park Apartments: former and current tenants; former and current WPM employees; former and current Courtyard at Central Park Apartments, LLC employees; former and current HUD employees; former and current employees of the PHA.

13. Creekside Villa Apartments: former and current tenants; former and current WPM employees; former and current Creekside Holdings, LTD employees; former and current HUD employees; former and current employees of the PHA.

14. Hayward Village Apartments: former and current tenants; former and current WPM employees; former and current Hayward Senior Apartments, LP employees; former and current HUD employees; former and current employees of the PHA.

15. Heritage Park Apartments: former and current tenants; former and current WPM employees; former and current Heritage Park Apartments, LP employees; former and current HUD employees; former and current employees of the PHA.

16. Oak Valley Apartments: former and current tenants; former and current WPM employees; former and current Oak Valley Apartments, LLC employees; former and current HUD employees; former and current employees of the PHA.

17. Bridges at Five Oaks Apartments: former and current tenants; former and current WPM employees; former and current Oak Valley Holdings, LP employees; former and current HUD employees; former and current employees of the PHA.

18. Peppertree Senior Apartments: former and current tenants; former and current WPM employees; former and current Peppertree Apartment Holdings, LP employees; former and current HUD employees; former and current employees of the PHA.

19. Piedmont Apartments: former and current tenants; former and current WPM employees; former and current Piedmont Apartments, LP employees; former and current HUD employees; former and current employees of the PHA.

20. Point Natomas Apartments: former and current tenants; former and current WPM employees; former and current Point Natomas Apartments, LP employees; former and current HUD employees; former and current employees of the PHA.

21. River Oaks Apartments: former and current tenants; former and current WPM employees; former and current River Oaks Holdings, LLC employees; former and current HUD employees; former and current employees of the PHA.

22. Shadow Way Apartments: former and current tenants; former and current WPM

employees; former and current Shadow Way Apartments, LP employees; former and current HUD employees; former and current employees of the PHA.

23. Spring Villa Apartments: former and current tenants; former and current WPM employees; former and current Spring Villa Apartments, LP employees; former and current HUD employees; former and current employees of the PHA.

24. Sun Valley Apartments: former and current tenants; former and current WPM employees; former and current Sun Valley Holdings, LP employees; former and current HUD employees; former and current employees of the PHA.

25. Village Grove Apartments: former and current tenants; former and current WPM employees; former and current Village Grove Apartments, LP employees; former and current HUD employees; former and current employees of the PHA.

26. Quail Run Apartments: former and current tenants; former and current WPM employees; former and current Wasatch Quail Run GP, LLC employees; former and current HUD employees; former and current employees of the PHA.

**EXHIBIT D: PLAINTIFFS' AND RELATORS' EXHIBIT LIST**

1

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 1 | Undated | File Cover Commission Sheet, Bates No. AP000389 (Jarvis Ex. 44) |
| 2 | 3/2/2016 | Lease Addenda re: C. Crooks, Mar. 2, 2016, Bates Nos. BT003001-04 |
| 3 | 12/23/2014 | Rental Agreement re: C. Crooks, Dec. 23, 2014, Bates Nos. BT003006-23 |
| 4 | 12/27/2016 | Rental Agreement re: C. Crooks, Dec. 27, 2016, Bates Nos. BT003082-100 |
| 5 | 2/7/2014 | HAP Contract re: C. Crooks, Feb. 7, 2014, Bates Nos. BT003126-33 |
| 6 | 2/17/2014 | Lease Supplemental Agreement re: C. Crooks, Feb. 17, 2014, Bates No. BT003150 |
| 7 | 12/29/2013 | Request for Tenancy Approval re: C. Crooks, Dec. 29, 2013, Bates Nos. BT003168-73 |
| 8 | 11/10/2015 | Resident Ledger re: E. Brooks, Nov. 10, 2015, Bates No. BT005098 |
| 9 | 12/10/2015 | Lease Supplemental Agreement re: E. Brooks, Dec. 10, 2015, Bates Nos. BT005109-10 |
| 10 | 12/10/2015 | HAP Contract re: E. Brooks, Dec. 10, 2015, Bates Nos. BT005111-23 |
| 11 | 10/6/2015 | Request for Tenancy Approval re: E. Brooks, Oct. 6, 2015, Bates Nos. BT005127-28 |
| 12 | 11/10/2015 | Rental Agreement re: E. Brooks, Nov. 10, 2015, Bates Nos. BT005176-81 |
| 13 | 11/10/2015 | Additional Services Agreement re: E. Brooks, Nov. 10, 2015, Bates No. BT005182 |
| 14 | 11/10/2015 | Rental Agreement Addenda re: E. Brooks, Nov. 10, 2015, Bates Nos. BT005183-90 |
| 15 | 7/7/2016 | July 2016 Marketing Plan for Heritage Park, Bates No. CL00000026 (Jarvis Ex. 39) |
| 16 | 8/2/2016 | Aug. 2, 2016 letter from L. Hassell, Bates No. CP000465 (Tanforan Ex. 12) |
| 17 | 9/15/2016 | HAP Contract re: A. Sheriff, Sept. 15, 2016, Bates Nos. CP004814-24 |
| 18 | 7/20/2016 | Request for Tenancy Approval re: A. Sheriff, July 20, 2016, Bates Nos. CP004829-32 |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 19 | 6/2/2016 | HCV Voucher re: A. Sheriff, Jun. 2, 2016, Bates No. CP004839 |
| 20 | 7/4/1905 | Initial Lease Agreement on Bond Year 2012, Bates Nos. CP006427-715 (Tanforan Ex. 23) |
| 21 | 9/1/2016 | Residential Rental Agreement re: A. Sheriff, Sept. 1, 2016, Bates Nos. CPC008541-53 |
| 22 | 9/5/2014 | Residential Rental Agreement and Lease Packet re: Damon Weathersby, Sep. 05, 2014, Bates Nos. CP009321-37 |
| 23 | 8/9/2016 | Eviction Warning and Three-Day Notice to Pay Rent or Quit re: D. Weathersby, Aug. 9, 2016, Bates Nos. CP009381-82 |
| 24 | 8/16/2014 | Request for Tenancy Approval re: D. Weathersby, Aug. 16, 2014, Bates Nos. CP009398-410 |
| 25 | 7/17/2014 | Voucher – Resident's Copy, Bates Nos. CP009411-13 |
| 26 | Undated | Balance Due Notice re: D. Weathersby, Bates No. CP009414 |
| 27 | 1/9/2016 | Eviction Warning re: D. Weathersby, Bates No. CP009418 |
| 28 | 1/4/2016 | Three-Day Notice to Pay Rent or Quit Notice re: D. Weathersby, Bates No. CP009420 |
| 29 | 9/17/2014 | SHRA Lease Supplemental Agreement and HAP contract re: D. Weathersby, Sep. 17, 2014, Bates Nos. CP009433-49 |
| 30 | Undated | Balance Due Notice re: D. Weathersby, Bates No. CP009451 |
| 31 | 3/28/2012 | Rental Agreement re: A. Mays, Mar. 28, 2012, Bates Nos. CPC010544-50 |
| 32 | 3/28/2012 | Additional Services Agreement re: A. Mays, Mar. 28, 2012, Bates No. CPC010551 |
| 33 | 3/28/2012 | Lease Addenda re: A. Mays, Mar. 28, 2012, Bates Nos. CPC010552-60 |
| 34 | 3/30/2011 | Rental Agreement re: A. Mays, Mar. 30, 2011, Bates Nos. CPC010574-80 |
| 35 | 3/30/2011 | Additional Services Agreement re: A. Mays, Mar. 30, 2011, Bates Nos. CPC010581-83 |
| 36 | 3/30/2011 | Lease Addenda re: A. Mays, Mar. 30, 2011, Bates Nos. CPC010584-97 |
| 37 | 4/6/2010 | Notice of Change to Lease and Contract re: A. Mays, Apr. 6, 2010, Bates Nos. CPC010611-12 |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 38 | 3/13/2014 | Resident Ledger re: A. Mays, Mar. 13, 2014, Bates Nos. CPC010682-87 |
| 39 | 8/5/2013 | 3 Day Notice to Perform Financial Covenant of Lease or Quit re: A. Mays, Aug. 5, 2013, Bates No. CPC010700 |
| 40 | 9/9/2013 | 3 Day Notice to Perform Financial Covenant of Lease or Quit re: A. Mays, Sept. 9, 2013, Bates No. CPC010701 |
| 41 | 1/7/2013 | 3 Day Notice to Perform Financial Covenant of Lease or Quit re: A. Mays, Jan. 7, 2013, Bates No. CPC010709 |
| 42 | 3/4/2011 | 3 Day Notice to Pay Rent or Quit re: A. Mays, Mar. 4, 2011, Bates No. CPC010723 |
| 43 | 11/10/2011 | 3 Day Notice to Perform Financial Covenant of Lease or Quit re: A. Mays, Nov. 10, 2011, Bates No. CPC010739 |
| 44 | 4/11/2011 | HAP Contract re: A. Mays, Apr. 11, 2011, Bates Nos. CPC010746-54 |
| 45 | 4/8/2011 | Lease Supplemental Agreement re: A. Mays, Apr. 8, 2011, Bates No. CPC010755 |
| 46 | 4/8/2011 | Tenancy Addendum re: A. Mays, Apr. 8, 2011, Bates Nos. CPC010756-57 |
| 47 | 3/7/2011 | Voucher re: A. Mays, Mar. 7, 2011, Bates Nos. CPC010764-65 |
| 48 | 8/1/2012 | Residential Rental Agreement, Addenda, ASA re: T. Livingston, Aug. 01, 2012, Bates Nos. CPC038943-56 |
| 49 | 12/23/2014 | 90 Day Notice of Termination of Tenancy re: T. Livingston, Dec. 23, 2014, Bates Nos. CPC038970-72 |
| 50 | 8/25/2012 | HAP Contract re: T. Livingston, Aug. 25, 2012, Bates Nos. CPC038995-39000 |
| 51 | 7/11/2012 | Request for Tenancy Approval re: T. Livingston, Jul. 11, 2012, Bates Nos. CPC039007-08 |
| 52 | 9/17/2014 | Balance Due Notice  re: T. Livingston, Sep. 17, 2014, Bates Nos. CPC039080-81 |
| 53 | 5/8/2013 | Resident Ledger re: T. Livingston, May. 08, 2013, Bates Nos. CPC039140-44 |
| 54 | 2/4/2015 | 3 Day Notice to Pay or Quit re: T. Livingston, Feb. 04, 2015, Bates Nos. CPC039152-53 |
| 55 | 8/6/2015 | HAP Contract re: J. Meadors, Aug. 6, 2015, Bates Nos. CV002090-100 |
| 56 | 7/8/2015 | 3 Day Notice to Perform Financial Covenant of Lease or Quit re: J. Meadors, July 8, 2015, Bates Nos. CV002104-05 |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 57 | 7/29/2015 | Addendum to Lease re: J. Meadors, July 29, 2015, Bates No. CV002144 |
| 58 | Undated | Tenancy Addendum re: J. Meadors, Bates Nos. CV002145-48 |
| 59 | 7/29/2015 | Addendum to Lease re: J. Meadors, July 29, 2015, Bates No. CV002152 |
| 60 | 7/21/2015 | Resident Ledger re: J. Meadors, July 21, 2015, Bates No. CV002164 |
| 61 | 6/25/2015 | Residential Rental Agreement re: J. Meadors, Jun. 25, 2015, Bates Nos. CV002166-81 |
| 62 | 4/30/2015 | Voucher re: J. Meadors, Apr. 30, 2015, Bates Nos. CV002196-98 |
| 63 | 2/21/2016 | Resident Ledger re: T. Borjas, Feb. 21, 2016, Bates No. CY002060 |
| 64 | 2/8/2016 | Residential Rental Agreement re: T. Borjas, Feb. 8, 2016, Bates Nos. CY002087-92 |
| 65 | 2/8/2016 | Additional Services Agreement re: T. Borjas, Feb. 8, 2016, Bates No. CY002093 |
| 66 | 2/8/2016 | Lease Addenda re: T. Borjas, Feb. 8, 2016, Bates Nos. CY002094-101 |
| 67 | 10/28/2016 | HAP Contract Amendment re: T. Borjas, Oct. 28, 2016, Bates No. CY002117 |
| 68 | 11/22/2016 | HAP Contract Amendment re: T. Borjas, Nov. 22, 2016, Bates No. CY002118 |
| 69 | 2/11/2016 | HAP Contract re: T. Borjas, Feb. 11, 2016, Bates No. CY002119 |
| 70 | 3/17/2016 | Rider to Lease Agreement re: T. Borjas, Mar. 17, 2016, Bates No. CY002120 |
| 71 | 2/11/2016 | Utilities and Appliances Page of HAP Contract re: T. Borjas, Feb. 11, 2016, Bates No. CY002121 |
| 72 | 2/1/2016 | Request for Tenancy Approval re: T. Borjas, Feb. 1, 2016, Bates No. CY002125 |
| 73 | 1/26/2016 | Rent Affordability Calculator re: T. Borjas Jan. 26, 2016, Bates No. CY002126 |
| 74 | 1/19/2016 | Request for Tenancy Approval Supplemental Form re: T. Borjas Jan. 19, 2016, Bates No. CY002127 |
| 75 | 6/13/2011 | Lease Packet re: B. Bryson, Jun. 13, 2011, Bates Nos. CY008458-81 |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 76 | 9/28/2011 | Fresno Housing Authority - HAP Contract excerpts re: B. Bryson, Sep. 28, 2011, Bates Nos. CY008505-18 |
| 77 | 6/13/2011 | Residential Rental Agreement re: B. Bryson, Jun. 13, 2011, Bates Nos. CY008543-46 |
| 78 | 10/16/2015 | Three-Day Notice to Pay Rent or Quit re: J. Carter, Bates No. CY021313 |
| 79 | 10/4/2015 | Three-Day Notice to Pay Rent or Quit re: J. Carter, Bates No. CY021322 |
| 80 | 10/16/2015 | Tenant Ledger re: J. Carter, Bates No. CY021314-21 |
| 81 | 8/16/2013 | Lease Packet re: J. Carter, Aug. 16, 2013, Bates Nos. CY021399-410 |
| 82 | 8/16/2013 | Residential Rental Agreement re: J. Carter, Bates Nos. CY021414-17 |
| 83 | 8/20/2013 | Fresno Housing Authority -- HAP Contract excerpts re: J. Carter, Aug. 20, 2013, Bates Nos. CY021433-40 |
| 84 | Undated | Addendum A to Lease re: V. Teista, Bates No. FC001065 |
| 85 | 9/14/2013 | Residential Rental Agreement re: V. Teista, Sept. 14, 2013, Bates Nos. FC001071-74 |
| 86 | 2/13/2012 | Rental Agreement and Lease Packet re: B. Hanselman, Feb. 13, 2012, Bates Nos. FOT002457-84 |
| 87 | 3/12/2012 | HAP Contract and Lease Supplemental Agreement re: B. Hanselman, Mar. 12, 2012, Bates Nos. FOT002593-605 |
| 88 | 1/8/2013 | Residential Rental Agreement and Lease Packet re: C. Toney, Jan. 08, 2013, Bates Nos. FOT003386-401 |
| 89 | 2/5/2013 | HAP Contract excerpts re: C. Toney, Feb. 05, 2013, Bates Nos. FOT003453-58 |
| 90 | 1/28/2013 | SHRA Lease Supplemental Agreement and HAP Contract excerpts re C. Toney, Jan. 28, 2013, Bates Nos. FOT003520-24 |
| 91 | 3/23/2015 | Residential Rental Agreement re: D. Higgins, Mar. 23, 2015, Bates Nos. LPT008377-83 |
| 92 | 7/15/2013 | Puckett & Redford PLLC "Please Start Eviction Procedures" form, Bates No. MP000673 (Jarvis Ex. 16) |
| 93 | | Housing Choice Voucher Program Guidebook, Chapter 22, Bates Nos. TERRY018054-72 |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 94 | 1/29/2024 | [Proposed] Consent Orders Granting Substitution of Attorney for Aspen Park Holdings, Bent Tree Apartments, California Place Apartments, Canyon Club Holdings, Chesapeake Apartment Holdings, Courtyard at Central Park Apartments, Creekside Holdings, River Oaks Holdings, Wasatch Advantage Group, Wasatch Pool Holdings III, Wasatch Pool Holdings, and Wasatch Premier Properties, Jan. 29, 204, ECF Nos. 337-48 |
| 95 | | Chart regarding HAP Contract Part A excerpts and washer and dryer charges (Exhibit 46 to Bellows Decl. in Supp. Mot. Part. Summ. J., Apr. 22, 2022, ECF No. 252-6) |
| 96 | 6/3/2015 | June 3, 2015 Notice to pay or vacate letter, Bates No. OP000163 (Fetter Ex. 7) |
| 97 | 5/11/2016 | SHRA Subsidy Adjustment Notice, Bates No. PNT000093 |
| 98 | 9/18/2014 | Residential rental agreement re: Z. Smith, Sep. 18, 2014, Bates Nos. PNT000157-63 |
| 99 | 11/29/2022 | Payment Sequencing Adjustment - Payment Sequence as of Nov. 29, 2022 - Yardi Voyager - Admin - Accounts and Options - Receivable Accounts, Bates No. POL000007 (Jarvis Ex. 72) |
| 100 | 11/26/2019 | Nov. 26, 2019 email from R. Hemsley to All Office, Regionals re: Renters Insurance Requirement Change Information, including attachment, Bates Nos. POL000009-10 (Jarvis Ex. 80) |
| 101 | 1/17/2023 | Jan. 17, 2023 Email from M. Christiansen to R. Matthews, J. Jarvis re: Housing_Voucher_ASA_Letter_All_Properties, including attachment, Bates Nos. POL0002261-2954 (Jarvis Ex. 74) |
| 102 | 1/17/2023 | Jan. 17, 2023 email from D. Withers to All Managers and All Financials re: Housing Choice Voucher Program (formerly Section 8), including attachments, Bates Nos. POL0002966-79 (Jarvis Ex. 77) |
| 103 | 1/17/2023 | Jan. 17, 2023 Email chain from J. Jarvis re: Housing Choice Voucher Program (Formally Section 8), Bates No. POL002961 (Jarvis Ex. 75) |
| 104 | 2/15/2023 | Template Letter to Housing Choice Voucher Tenants, Bates No. POL002962 (Jarvis Ex. 76) |
| 105 | 1/17/2023 | Jan. 17, 2023 email from D. Withers to J. Jarvis re: Housing Choice Voucher Policy (003), Bates Nos. POL002995-96 (Jarvis Ex. 79) |
| 106 | 12/5/2022 | Dec. 15, 2022 Email from R. Hemsley to J. Jarvis re: Housing Choice Voucher Program & Policy, Bates Nos. POL003149-50 (Jarvis Ex. 78) |
| 107 | Undated | R. Griswold document production, Bates Nos. RG000001-545 (Griswold Ex. 7) |
| 108 | 1/28/2022 | Jan. 28, 2022 (5:13 p.m.) email from R. Matthews re Draft - Terry v. Wasatch Property Management, et al; Case No. 2:15-cv-00799-KJM-DB – Rule 26 report, Bates Nos. RG000017-24 (Griswold Ex. 15) |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 109 | 6/24/2020 | June 24, 2020 E-mail re Terry v. Wasatch, et al. - Class Action Litigation - Potential Expert Retention, Bates Nos. RG000025-28 (Griswold Ex. 8) |
| 110 | 1/28/2022 | Jan. 28, 2022 Email (2:10 p.m.) re Terry v. Wasatch - Docs for Disclosure, Bates Nos. RG000043-48 (Griswold Ex. 14) |
| 111 | 1/28/2022 | Jan. 28, 2022 (8:04 a.m.) email re Terry v. Wasatch Property Management, et al, Bates Nos. RG000049-52 (Griswold Ex. 10) |
| 112 | 1/28/2022 | Jan. 28, 2022 (7:30 a.m.) Email (and 8 attachments thereto) re Terry v. Wasatch Property Management, et al, Bates Nos. RG000053-530 (Griswold Ex. 11) |
| 113 | 1/27/2022 | Jan. 27, 2022 Email re Terry v. Wasatch Property Management, et al. - Expert Witness Consultation - Confidential -, Bates Nos. RG000531-33 (Griswold Ex. 9) |
| 114 | 1/28/2022 | Jan. 28, 2022 (10:05 a.m.) Email re Terry v. Wasatch - Docs for Disclosure, Bates Nos. RG000535-42 (Griswold Ex. 13) |
| 115 | 1/28/2022 | Jan. 28, 2022 (9:13 a.m.) Email re Terry v. Wasatch Documents, Bates Nos. RG000543-44 (Griswold Ex. 12) |
| 116 | 9/5/2012 | Residential Rental Agreement, Sept. 5, 2012, Bates Nos. TERRY000113-16 |
| 117 | 9/5/2012 | Additional Services Agreement, Sept. 5, 2012, Bates No. TERRY000119 |
| 118 | 3/22/2013 | D. Terry Tenant Ledger, Bates Nos. TERRY000182-87 (Terry Ex. 3 at 47-52) |
| 119 | Various | Terry Residential Rental Agreements and Additional Service Agreements 2010-2011, 2011-2012, 2012-2013; Huskey Residential Rental Agreements and Additional Services Agreements: 2011-2012, 2014-2015, Bates Nos. TERRY000191-206; TERRY000537-52; TERRY000113-26; TERRY000571-96; TERRY000601-14 |
| 120 | 7/5/2011 | Housing Assistance Payments Contract and Lease re: R. Huskey, Bates No. TERRY000387 |
| 121 | 6/20/2011 | Terms and Conditions of Additional Services Agreement re: R. Huskey, Bates Nos. TERRY000437-38 |
| 122 | 6/30/2011 | Logan Park Community Policies, Bates Nos. TERRY000440-42 |
| 123 | 9/20/2010 | Residential Rental Agreement, Sept. 20, 2010, Bates Nos. TERRY000510-13 |
| 124 | 9/20/2010 | Additional Services Agreement, Sept. 20, 2010, Bates No. TERRY000517 |
| 125 | 8/30/2011 | Residential Rental Agreement dated Aug. 30, 2011, Bates Nos. TERRY000537-40 |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 126 | 8/30/2011 | Additional Services Agreement, Aug. 30, 2011, Bates No. TERRY000544 |
| 127 | 9/5/2012 | Residential Rental Agreement for D. Terry, Bates Nos. TERRY000553-66 (Raymond Ex. 3) |
| 128 | 6/30/2011 | Residential Lease Agreement, Bates Nos. TERRY000571-77 |
| 129 | 6/30/2011 | Additional Services Agreement, Bates No. TERRY000578 |
| 130 | 11/26/2014 | Residential Rental Agreement, Bates Nos. TERRY000601-07 |
| 131 | 11/23/2021 | Press Release, "Chelsea Landlord & Property Manager Agree to $80,000," Bates Nos. TERRY001141-55 |
| 132 | 4/26/2013 | Press Release, "United States Successful In False Claims Act Cases Against Landlords Charging Housing Choice Voucher Tenants Excess Rents," Bates Nos. TERRY001156-57 |
| 133 | 9/16/2015 | Press Release, "Twin City Landlords to Pay $130,000 to Resolve Alleged Section 8 Housing Assistance Violations" Sept 16, 2015; related settlement agreement, Bates Nos. TERRY001160-78 |
| 134 | 8/4/2021 | Press Release, "Tacoma Landlord Agrees to Pay $16,618 for Overcharging Homeless Veteran Tenant and Fraudulently Obtaining Federal Funds," Aug 4, 2021; related settlement agreement, Bates Nos. TERRY001179-95 |
| 135 | 3/6/2020 | Press Release, Chelsea Landlord Agrees to Settle False Claims Act Allegations," Mar. 6, 2020, Bates Nos. TERRY001196-97 |
| 136 | 6/11/2018 | Press Release, "Dorchester Landlords and Property Manager Agree to Settle False Claims Act Allegations," Jun. 11, 2018, Bates Nos. TERRY001198-99 |
| 137 | 3/7/2019 | Press Release, "FHA Program Landlord Agrees to False Claims Act Settlement," Mar. 7, 2019, Bates Nos. TERRY001200-01 |
| 138 | 9/24/2020 | Press Release, "Roxbury Landlord Agrees to Settle False Claims Act Allegations," Sept. 24, 2020, Bates Nos. TERRY001202-03 |
| 139 | 11/28/2016 | Press Release, "Sacramento Landlord Pays $75,000 to settle 'Section8' False Claims Act Allegations," Nov. 28, 2016, Bates Nos. TERRY001204-05 |
| 140 | 12/3/2020 | Press Release, "U.S. Attorney's Office Reaches Settlement Under the False Claims Act Over Allegations that Defendants Collected Excess Rent," Dec. 3, 2020, Bates Nos. TERRY001206-07 |
| 141 | 10/3/2016 | Press Release, "United States Reaches Settlement with Section 8 Landlords," Oct. 3, 2016, Bates Nos. TERRY001208-09 |
| 142 | 8/15/2018 | Press Release, "United States Resolves False Claims Act Investigation Against Landlord Charging Housing Voucher Tenants Excess Rents," Aug. 15, 2018, Bates Nos. TERRY001210-12 |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 143 | 11/21/2019 | Housing Authority of the County of Alameda (HACA) Housing Choice Voucher Program (excerpts), Nov. 21, 2019, Bates Nos. TERRY001221-22, TERRY001543, TERRY001629, TERRY001644-45 |
| 144 | 2/2/2022 | Housing Authority of the County of Alameda (HACA) Housing Choice Voucher Program (excerpts), Feb. 2, 2022, Bates Nos. TERRY001886-87, TERRY002208, TERRY002294, TERRY002309-10 |
| 145 | 3/8/2023 | Housing Authority of the County of Alameda (HACA) Housing Choice Voucher Program (excerpts), Mar. 8, 2023, Bates Nos. TERRY002608-10, TERRY002923, TERRY003009, TERRY003024-25 |
| 146 | 1/1/2012 | Administrative Plan for the Housing Authority of Fresno County (excerpts), Jan. 1, 2012, Bates Nos. TERRY003407, TERRY003545, TERRY003700 |
| 147 | 1/1/2019 | Administrative Plan for the Housing Authority of Fresno County (excerpts), Jan. 1, 2019, Bates Nos. TERRY003741, TERRY003900-01, TERRY004081 |
| 148 | 1/1/2020 | Administrative Plan for the Housing Authority of Fresno County (excerpts), Jan. 1, 2020, Bates Nos. TERRY004143, TERRY004300-01, TERRY004478-79 |
| 149 | 4/3/2018 | Housing Authority of the City of Glendale's Section 8 Administrative Plan (excerpts), Apr. 3, 2018, Bates Nos. TERRY004948, TERRY005031, TERRY005046-47 |
| 150 | 7/1/2018 | Administrative Plan: Housing Choice Voucher Program for the City of Mesa Housing Authority (excerpts), July 1, 2018 (revised), Bates Nos. TERRY007053, TERRY007356, TERRY007357, TERRY007456, TERRY007471-72 |
| 151 | 7/1/2021 | Administrative Plan: Housing Choice Voucher Program for the City of Mesa Housing Authority (excerpts), July 1, 2021 (revised), Bates Nos. TERRY008301, TERRY008608-09, TERRY008711, TERRY008727-28 |
| 152 | 7/1/2022 | Administrative Plan: Housing Choice Voucher Program for the City of Mesa Housing Authority (excerpts), July 1, 2022 (revised), Bates Nos. TERRY008942, TERRY009158-59, TERRY009230, TERRY009242-43 |
| 153 | 4/20/2006 | Administrative Plan from the Oakland Housing Authority (excerpts), Apr. 20, 2006, Bates Nos. TERRY010242, TERRY010311, TERRY010325 |
| 154 | 3/24/2014 | Administrative Plan from the Oakland Housing Authority (excerpts), Mar. 24, 2014 (updated), Bates Nos. TERRY010416, TERRY010713, TERRY010798, TERRY010817 |
| 155 | 2/19/2024 | Administrative Plan from the Oakland Housing Authority (excerpts), Feb. 2019 (updated & approved), Bates Nos. TERRY010964, TERRY011244, TERRY011328, TERRY011346 |
| 156 | 12/15/2021 | HCV Administrative Plan for the Oceanside Housing Authority excerpts), Dec. 15, 2021 (effective), Bates Nos. TERRY011631-32, TERRY011961, TERRY012045, TERRY012060-61 |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 157 | 1/7/2022 | Administrative Plan for the Housing Choice Voucher Program for the Renton Housing Authority (excerpts), Jan. 7, 2022, Bates Nos. TERRY012561, TERRY012866, TERRY012950, TERRY012966-67 |
| 158 | 7/11/1905 | Housing Authority of the County of Sacramento's Administrative Plan for the Housing Choice Voucher Program (excerpts), 2019, Bates Nos. TERRY014358, TERRY014444-45, TERRY014523-24 |
| 159 | 7/14/1905 | Housing Authority of the County of Sacramento's Administrative Plan for the Housing Choice Voucher Program (excerpts), 2022, Bates Nos. TERRY014679, TERRY014769-70, TERRY014851-52 |
| 160 | 7/11/1905 | 2019 Housing Authority of the County of Salt Lake's Housing Connect – Housing Choice Voucher Administrative Plan (excerpts), Bates Nos. TERRY014984, TERRY015205-06, TERRY015271, TERRY015282-83, TERRY015357 |
| 161 | 7/15/1905 | 2023 Housing Authority of the County of Salt Lake's Housing Connect – Housing Choice Voucher Administrative Plan (excerpts), Bates Nos. TERRY015445, TERRY015699-97, TERRY015764, TERRY015777-78 |
| 162 | 6/20/2014 | San Diego Housing Commission Administrative Plan for the Section 8 Rental Assistance Program (excerpts), June 20, 2014, Bates Nos. TERRY016061, TERRY016138-39 |
| 163 | 6/15/2018 | San Diego Housing Commission Administrative Plan for the Section 8 Rental Assistance Program (excerpts), June 15, 2018, Bates Nos. TERRY016685, TERRY016765-66 |
| 164 | 9/9/2021 | San Diego Housing Commission Administrative Plan for the Section 8 Rental Assistance Program (excerpts), Sept. 9, 2021, Bates Nos. TERRY017453, TERRY017534-35 |
| 165 | 7/15/2022 | San Diego Housing Commission Administrative Plan for the Section 8 Rental Assistance Program (excerpts), July 15, 2022, Bates Nos. TERRY017714, TERRY017795-96 |
| 166 | 12/1/2017 | GAO Report to Congress, HCV Program, Dec. 2017, Bates Nos. TERRY017973-8027 |
| 167 | 2/8/2023 | Press Release, "Holyoke Landlord Agrees to $15,000 Settlement for FCA Violations," Feb. 8, 2023, Bates Nos. TERRY018104-08 |
| 168 | 7/10/2008 | OIG Fraud Alert: Bulletin on Charging Excess Rent in Housing Choice Voucher Program, July 10, 2008, Bates Nos. TERRY018120-21 |
| 169 | | "Financial Overcharging Schemes" webpage, https://www.hudoig.gov/newsroom/video-library/financial-overcharging-schemes, Bates Nos. TERRY018122-24 |
| 170 | | Video "Financial Overcharging Schemes" https://www.hudoig.gov/newsroom/video-library/financial-overcharging-schemes, Bates No. TERRY018125 |
| 171 | 5/10/2023 | Housing Authority of the County of Alameda (HACA) Housing Choice Voucher Program (excerpts), May 10, 2023, Bates Nos. TERRY018127-28, TERRY018426-27, TERRY018508, TERRY018523-24 |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 172 | 7/1/2023 | Administrative Plan: Housing Choice Voucher Program for the City of Mesa Housing Authority (excerpts), July 1, 2023 (revised), Bates Nos. TERRY018950, TERRY019174-75, TERRY019246, TERRY019258-59 |
| 173 | 4/11/2023 | Davis Community Housing Authority Administrative Plan for the Housing Choice Voucher Program (excerpts), Mar. 2023 (revised), Apr. 11, 2023, Bates Nos. TERRY019477, TERRY019749, TERRY019827, TERRY019843 |
| 174 | 1/1/2023 | 2023 Administrative Plan for the Housing Authority of the City of Fresno (excerpts), Jan. 1, 2023, Bates Nos. TERRY020061, TERRY020221, TERRY020431-32 |
| 175 | 1/1/2023 | Administrative Plan for the Housing Authority of Fresno County (excerpts), Jan. 1, 2023, Bates Nos. TERRY020530, TERRY020724-25, TERRY020974-75 |
| 176 | 4/23/2024 | Administrative Plan from the Oakland Housing Authority (excerpts), Apr. 2023 (updated & approved), Bates Nos. TERRY021061, TERRY021341, TERRY021426, TERRY021444-45 |
| 177 | 7/15/1905 | Housing Authority of the County of Sacramento's Administrative Plan for the Housing Choice Voucher Program (excerpts), 2023, Bates Nos. TERRY021641, TERRY021732-33, TERRY021815-16 |
| 178 | 11/27/2023 | Housing Authority of Salt Lake City's Administrative Plan for the Housing Choice Voucher Program (excerpts), Nov. 27, 2023, Bates Nos. TERRY021949, TERRY022250, TERRY022330, TERRY022346-47 |
| 179 | 6/15/2023 | San Diego Housing Commission Administrative Plan for the Section 8 Rental Assistance Program (excerpts), June 15, 2023, Bates Nos. TERRY022694, TERRY022776-77 |
| 180 | Undated | 3 Day Notice re: D. Terry, Bates No. WAS000001 |
| 181 | 1/7/2013 | 3 Day Notice to Pay or Quit to D. Terry, Bates Nos. WAS000011-12 |
| 182 | 9/15/2012 | Residential Rental Agreement and Lease Packet re: D. Terry, Sep. 15, 2012, Bates Nos. WAS000097-100, 103-13 |
| 183 | 3/1/2013 | Stipulation in Settlement Chesapeake Commons v. Terry re: D. Terry, Mar. 01, 2013, Bates Nos. WAS000116-20 |
| 184 | 2/5/2013 | Three-Day Notice to Pay Rent or Quit to D. Terry, Bates No. WAS000122 (Terry Ex. 5) |
| 185 | 2/14/2013 | D. Terry Tenant Ledger, Bates Nos. WAS000123-27 (Terry Ex. 3) |
| 186 | | Notice to D. Terry re Eviction process, Bates No. WAS000128 (Terry Ex. 5, p. 1) |
| 187 | 12/12/2012 | Letter dated Dec. 12, 2012 from Fin. Mgr., Chesapeake Commons Apts. to D. Terry re balance owing, Bates No. WAS000129 |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 188 | 10/20/2011 | 3 Day Notice to Pay or Quit re: D. Terry, Bates No. WAS000132 |
| 189 | 2/15/2013 | 3 Day Notice to Pay or Quit to D. Terry, Bates No. WAS000137 |
| 190 | 2/14/2013 | 60 Day Notice to Vacate Guide re: D. Terry, Feb. 14, 2013, Bates Nos. WAS000139-46 |
| 191 | Undated | Monthly Cost Breakdown re: D. Terry, Bates No. WAS000149 |
| 192 | 8/30/2011 | Residential Rental Agreement and Lease Packet re: D. Terry, Aug. 30, 2011, Bates Nos. WAS000150-65 |
| 193 | | Monthly Cost Breakdown for D. Terry, Bates No. WAS000166 |
| 194 | | Monthly Cost Breakdown for D. Terry, Bates No. WAS000168 |
| 195 | 9/20/2010 | Residential Rental Agreement and Lease Packet re: D. Terry, Sep. 20, 2010, Bates Nos. WAS000169-93 |
| 196 | 9/11/2010 | Wasatch Move In Statement for D. Terry, Bates No. WAS000200 |
| 197 | 8/18/2010 | Wasatch Move In Statement for D. Terry, Bates No. WAS000201 |
| 198 | 8/2/2010 | Wasatch Move In Statement for D. Terry, Bates No. WAS000202 |
| 199 | 8/30/2010 | Request for Tenancy Approval docs re: D. Terry, Aug. 30, 2010, Bates Nos. WAS000206-09 |
| 200 | 9/26/2010 | HAP Contract excerpt for D. Terry, Bates No. WAS000215 |
| 201 | 10/18/2010 | SHRA Lease Supplemental Agreement re: D. Terry, Oct. 18, 2010, Bates Nos. WAS000216-17 |
| 202 | 6/30/2011 | Monthly Cost Breakdown for R. Huskey, Bates No. WAS000327 |
| 203 | 6/30/2011 | Residential Rental Agreement and Lease Packet re: R. Huskey, Jun. 30, 2011, Bates Nos. WAS000328-56 |
| 204 | 11/26/2014 | Residential Rental Agreement and Lease Packet re: R. Huskey, Nov. 26, 2014, Bates Nos. WAS000358-72 |
| 205 | 7/9/2011 | SHRA HCV Program Lease Supplemental Agreement re: R. Huskey, Jul. 09, 2011, Bates Nos. WAS000374-76 |
| 206 | 7/18/2011 | HAP Contract re: R. Huskey, Jul. 18, 2011, Bates Nos. WAS000377-87 |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 207 | 7/9/2011 | Lease Supplemental Agreement re: R. Huskey, Bates Nos. WAS000401-02 (Huskey Ex. 34) |
| 208 | 8/31/2011 | Letter re renters insurance for R. Huskey, Bates No. WAS000429 |
| 209 | 6/30/2011 | Wasatch Welcome Letter for R. Huskey, Bates No. WAS000439 |
| 210 | 5/27/2011 | Wasatch breakdown of move-in costs for R. Huskey, Bates No. WAS000440 |
| 211 | | Wasatch Property Management Leadership Team, Bates Nos. WCDS 000329-46 (Johnson Ex. 2) |
| 212 | 9/6/2017 | Sep. 6, 2017 email from M. LaFollette to Promontory Point Office re August RI audit, Bates Nos. WCDS 010051-52 |
| 213 | 3/2/2016 | Mar. 2, 2016 email from C. Knowles to S. Stettler, R. Thatcher, J. Johnson re: WPM – Resume, including attachment, Bates Nos. WCDS 019301-25 |
| 214 | 3/21/2017 | Mar. 21, 2017 email from D. Halliday to K. Dao re: Updated Compliance How-Tos, including attachment #TC106 Voucher Rents, Bates Nos. WCDS 032627, WCDS 032644-47 (Johnson Ex. 10) |
| 215 | 6/5/2015 | Jun. 5, 2015 email from K. Dao to B. Mishler, J. Johnson re:, Bates Nos. WCDS 035743-46 (Johnson Ex. 11 & Johnson Ex. 12) |
| 216 | 2/1/2016 | Feb. 1, 2016 email from California Place Manager to K. Dao re: Housing Contracts, Bates No. WCDS 041154 |
| 217 | 4/28/2016 | Apr. 28, 2016 Email from D. Tanforan to B. Johnson, K. Dao, S. Fetter, J. Johnson re: Bond Units Credits, Bates No. WCDS 042227 (Jarvis Ex. 67) |
| 218 | 6/6/2015 | Jun. 6, 2015 Email from D. Tanforan to B. Johnson, K. Dao, S. Fetter, J. Johnson re: Bond Units Credits, Bates Nos. WCDS 044753-56 (Johnson Ex. 24) |
| 219 | 4/22/2019 | Apr. 22, 2019 emails from D. Wiles re: AR Summary, Bates Nos. WCDS 045916-17, WCDS 054797-98, WCDS 972167-68, WCDS 951181-83, WCDS 985185-87 (Jarvis Ex. 85; Fetter Ex. 39; Johnson Ex. 17) |
| 220 | 2/1/2016 | Feb 1, 2016 Email from K. Dao to J. Johnson re: Housing Contracts, Bates No. WCDS 056831 (Johnson Ex. 31) |
| 221 | 2/1/2016 | Feb. 1, 2016 email from K. Dao to J. Johnson re: Housing Contracts, with attachment, Bates Nos. WCDS 056831-32 (Dao Ex. 7, Johnson Ex. 31 & Johnson Ex. 32) |
| 222 | Apr. 2015 | HUD form HUD-60641, Bates No. WCDS 056832 (Johnson Ex. 32) |
| 223 | 6/5/2015 | June 5, 2015 email from J. Johnson to K. Dao, J. Jarvis, B. Mishler, R. Thatcher, S. Fetter, and S. Stocker re: Utah Section 8 Rent Increases, Bates No. WCDS 058075 (Jarvis Ex. 48) |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 224 | 12/1/2017 | Dec. 1, 2017 email from J. Jarvis to S. Evans re: Garden Lofts Due Diligence and attachment entitled Wasatch Resume, Bates Nos. WCDS 060137-38, WCDS 060161-87 |
| 225 | 2/1/2016 | Feb. 2, 2016 email from K. Dao re: Housing Contracts, with attachment, Bates Nos. WCDS 063913-14 (Dao Ex. 9) |
| 226 | 2/1/2016 | Feb. 1, 2016 Emails from Chesapeake Commons Financial Re: Tenant Charges, Bates Nos. WCDS 072009-10 |
| 227 | 6/6/2015 | June 5, 2015 email from Scott Stettler [no email subject line, transmitting attachments], Bates No. WCDS 085381 (Fetter Ex. 33) |
| 228 | 5/15/2024 | May 2015 Month End Table of Contents / Agenda, Bates No. WCDS 085382 (Fetter Ex. 34) |
| 229 | 5/15/2024 | Ancillary Revenue Review, May 2015, Bates Nos. WCDS 085404-06 (Fetter Ex. 35) |
| 230 | 5/2/2016 | May 2, 2016 email from D. Tanforan Re: Washers Dryers and Parking Chesapeake, Bates No. WCDS 090154 |
| 231 | 2/1/2016 | Feb. 1, 2016 Email from Katie Dao re: Tenant Charges, Bates Nos. WCDS 090168-70 (Dao Ex. 10) |
| 232 | 12/12/2011 | Dec. 12, 2011 email from S. Stettler to B. Mishler re: Updated Budget summary, Bates Nos. WCDS 099711-16 (Mishler Ex. 2) |
| 233 | 5/4/2016 | May 4, 2016 email from Dave Tanforan to J. Johnson, K. Dao re: Washers Dryers and Parking Chesapeake, Bates Nos. WCDS 106748-50 (Johnson Ex. 21) |
| 234 | 1/29/2020 | Jan. 29, 2020 email from I. Furrow to T. Sullins, Bates Nos. WCDS 1138229-31 (Jarvis Ex. 28) |
| 235 | 9/16/2019 | Email from H. Palutke to T. Raymond, re: Terry et al v. Wasatch Advantage Group, LLC et al, Bates Nos. WCDS 116461-63 |
| 236 | 2/10/2016 | Feb. 10, 2016 letter from T. Raymond to V. Tenerelli re: Investigation of Wasatch, Bates Nos. WCDS 1165354-55 (Johnson Ex. 9) |
| 237 | 4/26/2016 | Apr. 26, 2016 email from T. Raymond to J. Johnson and others re: Qui Tam Case Review, Bates Nos. WCDS 1165467-70 (Raymond Ex. 6, Johnson Ex. 42) |
| 238 | 5/2/2016 | May 2, 2016 email from R. Funk to J. Johnson re: Qui Tam Case Review, Bates Nos. WCDS 1165471-73 (Johnson Ex. 43) |
| 239 | 2/10/2016 | Feb 10, 2016 email from R. Funk to T. Raymond re: Huskey Scans and attachment, Bates Nos. WCDS 1165517-20 |
| 240 | 2/10/2016 | Feb. 10, 2016 email from T. Raymond to J. Johnson re: Huskey Scans, with attachment, Bates Nos. WCDS 1165521-24 |
| 241 | 7/3/2016 | July 3, 2016 letter from Phillip A. Talbert, Assistant. U.S. Attorney re: U.S. ex rel. Terry v. Wasatch, No. 2:15-cv-0799 KJM-AC (E.D.CA.), Bates No. WCDS 1165738 (Raymond Ex. 5) |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 242 | 2/8/2019 | Feb. 8, 2019 from T. Raymond re: Summary, Bates Nos. WCDS 1165870-72 (Raymond Ex. 15) |
| 243 | 1/28/2019 | Jan. 28, 2019 email from M. Treitler re: Case of importance for CAA and NAA, Bates Nos. WCDS 1165987-94 (Raymond Ex. 8) |
| 244 | 9/10/2019 | Email from T. Raymond to M. Treitler, including selected attachments, Bates Nos. WCDS 1166266-80 (Johnson Ex. 45, Raymond Ex. 9) |
| 245 | 9/19/2019 | Sept. 19, 2019 email from T. Raymond re: Terry et al v. Wasatch Advantage Group, LIC et al; 2:15cv0799-KJM-DB, Bates No. WCDS 1166404 (Raymond Ex. 10) |
| 246 | 9/13/2019 | Sept. 13, 2019 email from T. Raymond to CAA re: Terry et al v. Wasatch Advantage Group, and excerpt of attachment, Bates Nos. WCDS 1166404-08 |
| 247 | 9/17/2019 | Sept. 17, 2019 email from L. Baker to T. Raymond re: Wasatch Property: Additional Service Agreements, Bates Nos. WCDS 1166464-69 (Raymond Ex. 11) |
| 248 | 2/9/2016 | Feb. 9, 2016 Email from T. Raymond re: Huskey Scans, Bates Nos. WCDS 1166470-72 (Raymond Ex. 2) |
| 249 | 9/17/2019 | Sept. 17, 2019 email from L. Baker to T. Raymond re: Wasatch Property: Additional Service Agreements, Bates Nos. WCDS 1167041-46 |
| 250 | 2/25/2019 | Feb. 25, 2019 memo from J. Johnson to California Apartment Association re: Potential Industry Impact of Terry et al v. Wasatch Advantage Group, LLC et al, Bates Nos. WCDS 1167051-59 (Jarvis Ex. 62) |
| 251 | 2/1/2016 | Feb. 1, 2016 email from Logan Park Leasing re: Tenant Charges, Bates Nos. WCDS 117470-71 (Dao Ex. 8) |
| 252 | 5/18/2017 | May 18, 2017 email from D. Baker re: ** Rent Increases - Section 8 Participates**, Bates No. WCDS 121750 (Jarvis Ex. 49) |
| 253 | 9/24/2015 | Sept. 24, 2015 email from California Place Manager re: Available Units, Bates No. WCDS 1230295 |
| 254 | 4/28/2016 | Apr. 28, 2016 Email from D. Tanforan to Chesapeake Commons Managers re: Bond Units Credits, including attachments, Bates Nos. WCDS 1238213-318 |
| 255 | Various | Various emails re: parking at Promontory Point Apartments, Bates Nos. WCDS 1238688-89; WCDS 1455768; WCDS 1450295-98; WCDS 1433035-37; WCDS 1337751-57; WCDS 1313136-38; WCDS 1309940; WCDS 1242865-66 |
| 256 | 12/8/2016 | Dec. 8, 2016 Email from Chesapeake Commons Manager re: Questions from Review, Bates No. WCDS 1313059 |
| 257 | 2/1/2016 | Feb. 1, 2016 email from K. Dao to Cal. Place Manager re: Property Charges with attachment, Bates Nos. WCDS 1318066-68 |
| 258 | 7/4/2015 | 7/14/15 Quote for apartment at California Place, Bates No. WCDS 1327498 |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 259 | 3/23/2017 | Mar. 23, 2017 email from D. Tanforan to J. Johnson re: Additional Services Sacramento, Bates Nos. WCDS 1472358-59 |
| 260 | 4/14/2016 | Apr. 14, 2016 email from M. Clegg to K. Dao re: California Place Audit and attachment, Bates Nos. WCDS 1480558-59 |
| 261 | 4/19/2016 | Apr. 19, 2016 email from K. Dao to D. Tanforan and J. Johnson re: Cal Place & Bent Tree, Bates Nos. WCDS 1480608-10 |
| 262 | 2/1/2016 | Feb. 1, 2016 email from Chesapeake Commons Financial Manager to K. Dao re: Housing Contracts, Bates No. WCDS 226679 |
| 263 | 2/1/2016 | Feb. 1, 2016 Email from Sun Valley Manager to K. Dao, Bates Nos. WCDS 229769-71 (Johnson Ex. 39) |
| 264 | 2/1/2016 | Feb. 1, 2016 email from K. Dao to Cal. Place Manager re: Property Charges with attachment, Bates Nos. WCDS 229772-74 |
| 265 | 2/1/2016 | Feb. 1, 2016 email from L. Tabler (Chesapeake Commons Financial) to K. Dao, J. Johnson, Chesapeake Commons Manager, Subject: Tenant Charges, 2/1/16, Bates Nos. WCDS 234861-62 (Jarvis Ex. 64) |
| 266 | 6/13/2016 | Jun. 13, 2016 email from Florentine Villas Manager, re: All company totals May 2016, Bates Nos. WCDS 236481-82 (Jarvis Ex. 38) |
| 267 | 9/17/2010 | Sep. 17, 2010 email from B. Mishler to Area Leaders and other WPM staff re: Best Practice Call Minutes 9/16/10, Bates Nos. WCDS 264403-06 (Mishler Ex. 5) |
| 268 | 3/24/2017 | Mar. 24, 2017 email from L. Levanger to J. Johnson re: PEER including attachment "Financial Training Notes Outline", Bates Nos. WCDS 265415-16, WCDS 265420-21 |
| 269 | 9/16/2011 | Sept. 16, 2011 email from Reese Thatcher re: Renters Insurance on Tax Credit/ Important!!!, Bates Nos. WCDS 288818-19 (Jarvis Ex. 33) |
| 270 | 2/1/2016 | Feb. 1, 2016 Email from K. Dao to Logan Park Leasing re: tenant Charges, Bates Nos. WCDS 300625-26 (Jarvis Ex. 66) |
| 271 | 8/12/2014 | Aug. 12, 2014 email from C. Knowles to S. Stettler re: Month End, including attachment, Bates Nos. WCDS 312817-944 |
| 272 | 10/15/2020 | Oct. 15, 2020 email from Lofts Financial Manager to RentDynamics employee re: Media Package Question, Bates Nos. WCDS 3207359-61 |
| 273 | 2/23/2017 | Feb. 23, 2017 Email from S. Settler re: RentPlus Report, Bates Nos. WCDS 327944-45 |
| 274 | 2/1/2016 | Feb. 1, 2016 email from California Place Manager to K. Dao re: Tenant Charges, Bates Nos. WCDS 329050-51 (Jarvis Ex. 65) |
| 275 | 12/17/2019 | Housing Authority of Maricopa County Section 8 Voucher Program - Notice of Change, Bates No. WCDS 3343900 |
| 276 | 11/30/2020 | Email chain re A. Lee lease renewal, Bates Nos. WCDS 3440369-70 |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 277 | 11/24/2020 | Housing Authority notice of change in lease and contract, Bates No. WCDS 3440371 |
| 278 | 11/28/2020 | Email chain re A. lease renewal, Bates Nos. WCDS 3452610-11 |
| 279 | 2/26/2021 | Feb. 26, 2021 Email from J. Britton re: Florentine Villas Past Due Account, Bates Nos. WCDS 3452785-86 |
| 280 | Undated | Renters' Insurance Requirement Change, Bates No. WCDS 387429 (Johnson Ex. 26) |
| 281 | 11/22/2011 | Nov. 22, 2011 email from R. Hansch to B. Mishler, J. Johnson, and S. Stettler re Wasatch-debulks in Fresno, Bates Nos. WCDS 397714-15 (Johnson Ex. 5) |
| 282 | 11/22/2011 | Nov. 22, 2011 Email from W. Smith to R. Hansch, B. Mishler, S. Stettler, J. Johnson re: Fresno Comcast Bulk Agreement, Bates Nos. WCDS 406006-07 (Johnson Ex. 6) |
| 283 | Undated | Katie Dao - Compliance Director biography, Bates No. WCDS 441746 (Dao Ex. 2) |
| 284 | 2/1/2016 | Feb. 1, 2016 email from K. Dao to Cal. Place Manager and Chesapeake Commons Financial Re: Housing Contracts, Bates Nos. WCDS 519136-37 |
| 285 | 2/1/2016 | Feb. 2, 2016 email from J. Johnson to K. Dao re: Housing Contracts, Bates Nos. WCDS 521498-99 (Johnson Ex. 33) |
| 286 | 5/5/2015 | May 5, 2015 Email from K. Dao re: Section 8 Residents, Bates No. WCDS 547526 (Dao Ex. 3) |
| 287 | 2/13/2019 | Feb. 13, 2019 email from R. Hemsley to "All Managers" and "All Financial" re: Financial Forum, including attachment Rent Collection Best Practices How-To, Bates Nos. WCDS 551576-83 (Johnson Ex. 16) |
| 288 | 2/13/2019 | Feb. 13, 2019 email from R. Hemsley to "All Managers" and "All Financial" re: Financial Forum, and attachment, Bates Nos. WCDS 551576-83 (Jarvis Ex. 81, Johnson Ex. 16) |
| 289 | 5/29/2015 | May 29, 2015 email from B. Mishler to K. Dao, J. Johnson re: Utah – Section 8, Bates No. WCDS 565328 (Jarvis Ex. 47) |
| 290 | 2/1/2016 | Feb. 1, 2016 email from R. Thatcher re: Investigation by DOJ of imposed charges on properties, Bates Nos. WCDS 640758-59 (Dao Ex. 6) |
| 291 | 2/6/2018 | Feb. 6, 2018 email from B. Stewart to S. Gonzalez, Bates Nos. WCDS 654056-59 (Jarvis Ex. 27) |
| 292 | 4/28/2016 | Apr. 28, 2016 email from B. Johnson to K. Dao, D. Tanforan, and J. Johnson re: Bond Units Credits, Bates Nos. WCDS 682424-26 |
| 293 | 4/28/2016 | Spreadsheet, Bates No. WCDS 682529 (Jarvis Ex. 68) |
| 294 | 12/5/2015 | December 5, 2015 email from M. LaFollette to Canyon Club Office re: November RI audit, Bates Nos. WCDS 719978-79 |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 295 | Undated | Renters Insurance Is Mandatory !!!!, Bates No. WCDS 791693 (Jarvis Ex. 30) |
| 296 | 6/5/2020 | Jun. 5, 2020 email from Devonshire Manager attaching draft FAQ re: Xfinity package, Bates Nos. WCDS 856225-26 |
| 297 | 2/20/2019 | Feb. 20, 2019 email from J. Miller to K. Manduca, J.B. Johnson, and Z. Haycock re: Devonshire Bulk, with attachment, Bates Nos. WCDS 876414-17 (Jarvis Ex. 24, Jarvis Ex. 25) |
| 298 | 9/3/2020 | Residential Rental Agreement, W9, Request for Tenancy Approval, Voucher re: Kassandra Olvera, Sep. 03, 2020, Bates Nos. WCDS3440203-22 |
| 299 | 9/3/2020 | Residential Rental Agreement, W9, Voucher form re: K. Olvera, Sep. 03, 2020, Bates Nos. WCDS3440226-46 |
| 300 | 10/27/2020 | HAP Contract excerpt re: K. Olvera, Oct. 27, 2020, Bates Nos. WCDS3440250-51 |
| 301 | 10/23/2020 | Residential Rental Agreement re: K. Olvera, Oct. 23, 2020, Bates Nos. WCDS3440302-19 |
| 302 | 9/25/2015 | HAP contract re: K. Olvera, Sep. 25, 2015, Bates Nos. WCDS3440322-33 |
| 303 | 2/26/2021 | Final Notice of Account Balance re: P. Paxman, Feb. 26, 2021, Bates Nos. WCDS3452785-86 |
| 304 | 1/25/2018 | Submissions of HAP Contract for B. Gonzales, WEAU00000237-60 |
| 305 | 4/25/2016 | Apr. 25, 2016 email from M. Tran re: Chesapeake Commons tenant issue, Bates Nos. WEAU00005586-89 (Dao Ex. 4) |
| 306 | 4/16/2024 | Apr. 15, 2016 email from M. Tran re: Bond Rents, Bates Nos. WEAU00011197-200 (Dao Ex. 5) |
| 307 | 9/16/2016 | Submission of HAP Contract for R. Brown, WEAU00013290-307 |
| 308 | 8/30/2015 | Submission of HAP Contract for S. Veng, WEAU00023246-52 |
| 309 | 3/20/2006 | Completing the Delinquency Tracker, Bates Nos. WTM000098-99 (Fetter Ex. 23) |
| 310 | 5/1/2021 | Invoice for Payment of Non-Rent Amounts from Renton, WA May/June 2021, Bates No. WTM000109 (Fetter Ex. 29, Fetter Ex. 30) |
| 311 | Various | Compilation of sample move-in cost forms, Bates Nos. AP000080, CY006662, CV000004, PST000063, CP000218, AP000078, CY032954, CV000439, PST003915, CY032794 (Fetter Ex. 41), and OP000179; BR002415 |
| 312 | Various | Collection of eviction notices including rent and additional service fees from produced tenant files (2017 and earlier), Bates Nos. AP000756-66, CPC034205-24, SVT008140-48. |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 313 | Various | Exemplars of HAP Contract Part A excerpts related to undisclosed washer and dryer charges (Ex. 44 to Bellows Decl. in Supp. Mot. Part. Summ. J., Apr. 22, 2022, ECF No. 252-4), Bates Nos. AZ000162, RM000177-78, ENCLAVE000183-84, RM000305-06, ENCLAVE000307-08, CR000433-34, ENCLAVE000543-44, AV000655-56, PP000682-84, AV000828-29, JPT001506-15, BR002111-12, CAP002158-59, JPT002233-34, BWT002393-95, WEAU005214-15, CAP009788-89, CP0011482-83, AZ0011625, BT012741-42, WEAU00017340-41, WEAU0019492-93, CPC026303-04, WEAU00027536-37, WEAU00027683-84, WEAU00028163-64, WCDS 625193-95, WCDS 1201234-35, WCDS 1277757-58, WCDS 1451231-32 |
| 314 | Various | Compilation of sample Monthly Cost Breakdowns, Bates Nos. BU000353, BU000051, CP00123, CP000225, CV00359, CV005562, MP000479, RO000243, CV005562, R0000243, CP000225, CY033033, CV000359, CP000123, CY032854 |
| 315 | Various | Collection of Pay or Quit Notices from Arizona, Bates Nos. CM000560, RS007132, SA002852, SA003447, AZ000324, RS000370 (Fetter Ex. 28) |
| 316 | Various | Compilation of sample Residential Rental Agreements, Bates Nos. CP000219-23, AV000110-13, CV000535-38, BR000914-18, CP000308-12, MP000052-56, CP000124-28, CV000473-77, RS000071-74, CV000412-16, MP000174-77, CP000263-67, CPC021026-32, WEAU000003566-71, WEAU0035557-61, WCDS0984056-60, LPT000030-36, ENCLAVE000922-28, WEAU00008976-97, BT000107-10, WEAU00000242-60, BT004691-97 |
| 317 | Various | Compilation of sample Housing Assistance Payment Contracts, Bates Nos. CP000688-97, WEAU00000464-75, WEAU00016124-35, WCDS625193-204, WEAU00020649-60, WCDS 1496403-15 |
| 318 | Various | Collection of Consent Forms, Bates Nos. CY032916, CV000011, AP000248, CP000462 (Fetter Ex. 36) |
| 319 | Various | Collection of Three Day Notices to Pay or Vacate from Utah, Bates Nos. ENCLAVE001784, CR001579, SPW004951, SPW002008 (Fetter Ex. 27) |
| 320 | Various | Compilation of sample Renewal Notification Letters, Bates Nos. MP000010, BR002219, BR001861, CM003333, RP00376, WAS000919, CR004671, WAS000595, CP014105, CM004363, CM000116 |
| 321 | Various | Compilation of sample Monthly Statement of Rental Account, Bates Nos. MP000723, CR005364, CM000404, BR001475, CV003647, CV005614, CR002390 |
| 322 | Various | Collection of 10-Day Notices to Comply with Lease or Quit Premises, Bates Nos. MP000819, MP000665, MP000119, BU000107 (Fetter Ex. 26) |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 323 | Various | Compilation of sample Additional Service Agreements, Bates Nos. AZ003410, AZ003548, RW000204-06, BR000921-23, CP000045-47, CPC000300, RW000160, ENCLAVE000929, MP000180, FALLS00142, WEAU00000249, WEAU00035564, WCDS0984063, WEAU00008084 |
| 324 | Various | Compilation of eviction notices for unpaid additional service fees (Nov. 2022 and later), Bates Nos. TDN000004-000006, TDN000015-000018, TDN000028-000039, TDN000055-000056, TDN000075, TDN000142, TDN000143-45 TDN000159, TDN000160-000161 (Jarvis Ex. 82, Jarvis Ex. 83, Jarvis Ex. 84) |
| 325 | Various | Compilation of Additional Services Agreements for J. Bass, B. Lambert, R. Lewis, C. McKoy, D. Williams, V. Yevdich, A. Mitchell, J. Goodspeed, R. Bennett, N. Pace, A. Chinhugh, S. Cordodor, V. Pierce-Swift, K. Shea, V. Rubio, J. Archibeque, A. Crookston, K. Laing, A. Nissi-Saphir, L. Bond, E. Lowe, H. Amir, M. McArthur, L. Fambrough, A. Lihovidov, N. Bilikas, C. Clark, C. Charns, J. Padilla, and S. Aguilar |
| 326 | Various | Compilation of eviction notices for unpaid additional service fees from produced tenant files (2017 and earlier), Bates Nos. listed on attached Ex. 1 |
| 327 | Various | Various leasing emails re: media charges at Broadmoor Apartments, Bates Nos. WCDS 849872-7, WCDS 881460, WCDS 1316551-54; WCDS 1316613; WCDS 1352286, WCDS 1415513; WCDS 1419438-40; WCDS 1419791 |
| 328 | Various | Compilation of Arcadia emails related to washers and dryer, Bates Nos. WCDS 1138229-31, WCDS 1177243-44, WCDS 1191263, WCDS 1198076-77, WCDS 1207501, WCDS 1245478-84, WCDS 1246154-55, WCDS 1253238, WCDS 1277723, WCDS 1309799-801, WCDS 1312510-11, WCDS 1323621-22 |
| 329 | Various | Compilation of Florentine Villas emails related to washers and dryers, Bates Nos. WCDS 1227572-73, WCDS 1244817-18, WCDS 1309967-68, WCDS 1309969-70, WCDS 1319495-96, WCDS 1320574-75, WCDS 1325871, WCDS 1332187, WCDS 1340402-04, WCDS 1351647-48, WCDS 1351692-93, WCDS 1357687-88, WCDS 1360286-87, WCDS 1361709-10, WCDS 1361848-49, WCDS 1367971-72, WCDS 1459476 |
| 330 | Various | Collection of Manager Bonus Worksheets, Bates Nos. WCDS 653356-60 (Jarvis Ex. 34) |
| 331 | Various | Collection of emails from Mary LaFollette re: various monthly RI audits, Bates Nos. WCDS 780066-67, WCDS 834752-53, WCDS 753689-90, WCDS 836304-05, WCDS 284249-50, WCDS 318363-64, WCDS 369135-36, WCDS 818313-14, WCDS 751581-82, WCDS 593405-06, WCDS 838747-48, WCDS 750884-85, WCDS 791691-93, WCDS 364368-70, WCDS 290120-21, WCDS 811625-26, WCDS 293589-90, WCDS 751558-59, WCDS 379830-31, WCDS 807958-59, WCDS 290122-23, WCDS 158281-82, WCDS 761906-07, WCDS 835596-97, WCDS 394680-81, WCDS 779720-21, WCDS 806491-92, WCDS 780526-27, WCDS 838306-07, WCDS 834750-51 (Jarvis Ex. 31) |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 332 | Various | Compilation of emails between Wasatch and local housing agencies, Bates Nos. WEAU00000271-96, WEAU00002454-63, WEAU00002837-41, WEAU00007611-16, WEAU00008961-70, WEAU00018899-907, WEAU00021435-43, WEAU00023246-52, WEAU00026269-77, WEAU00031321-28 |
| 333 | 10/1/2021 | Subpoena To Testify at a Deposition in a Civil Action to K. Dao (Dao Ex. 1) |
| 334 | 7/28/2017 | Notice of Taking Deposition Pursuant to FRCP 30 with Request for Production of Documents (Fetter Ex. 1) |
| 335 | 10/11/2021 | Second Am. Notice of Dep. (Shawn Fetter) (Fetter Ex. 21) |
| 336 | Undated | Is renters insurance required? (Fetter Ex. 3) |
| 337 | 1/28/2022 | Defs.' Disclosure of Expert Test. Pursuant to Fed. R. Civ. P. 26(a)(2), Jan. 28, 2022 (Griswold Ex. 1) |
| 338 | 1/28/2022 | Jan. 28, 2022 Letter from R. Griswold to J. Salazar and R. Matthews re Terry v. Wasatch Property Management, et al; Case No. 2:15-cv-00799-KJM-.DB - Rule 26 (Griswold Ex. 17) |
| 339 | 2/3/2022 | Subpoena to Produce Docs., Info., or Objects or to Permit Inspection of Premises Civ. Action to Robert S. Griswold, Feb. 3, 2022 (Griswold Ex. 5) |
| 340 | 2/11/2022 | R. Griswold's Resp. to Pls.' Subpoena Documents Pursuant to Fed. R. Civ. P. 45, Feb. 11, 2022 (Griswold Ex. 6) |
| 341 | 3/3/2022 | Inman Real Estate News for Realtors & Brokers (Griswold Ex. 22) |
| 342 | 3/3/2022 | Inman Real Estate News for Realtors & Brokers Section 8 (Griswold Ex. 23) |
| 343 | 3/15/2022 | Subpoena to Testify at a Deposition in Civil Action to Robert S. Griswold, Mar. 15, 2022 (Griswold Ex. 2) |
| 344 | Undated | List of Robert Griswold Deposition and Trial testimony (Griswold Ex. 3) |
| 345 | Undated | Register of Experts Directory, Robert S. Griswold (Griswold Ex. 4) |
| 346 | Undated | R. Griswold Curriculum Vitae (Griswold Ex. 19) |
| 347 | | R. Griswold Terms of Engagement, Rev. 1/1/22 (Griswold Ex. 16) |
| 348 | | R.S. Griswold, Property Management Kit for Dummies (4th ed.) (Griswold Ex. 20) |
| 349 | | L. Harmon & R.S. Griswold, Landlords Legal Kit for Dummies (Griswold Ex. 21) |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 350 | 7/28/2017 | Notice of Taking Deposition Pursuant to FRCP 30 with Request for Production of Documents (Jarvis Ex. 1) |
| 351 | 8/20/2021 | Notice of Deposition of Defendants Wasatch Advantage Group, LLC, Wasatch Property Management, Inc., and Wasatch Pool Holdings, LLC Pursuant to Federal 11 Rule of Civil Procedure 30(b)(6); Notice of Deposition of Janae Jarvis (Jarvis Ex. 23) |
| 352 | 3/20/2023 | Spreadsheet: Data_ChargeCodeMappingPayOrder (Payment Sequence) 032023 (Jarvis Ex. 73) |
| 353 | 5/5/2023 | Plaintiffs' Amended Notice of Date and Time For Federal Rule Of Civil Procedure 30(b)(6) Corporate Deposition(s) of Defendants (Selected Damages Topics) (Jarvis Ex. 69) |
| 354 | Various | Metropolitan Collection, Happy Holidays! Here is a Gift from Us to You! and Renewal Notification to Elena Galura (Jarvis Ex. 17) |
| 355 | | YVS207.02 – "Payment Sequence" for Receipting Payments (Jarvis Ex. 3, Johnson Ex. 13) |
| 356 | 1/29/2016 | Letter from V. Tennerelli (Johnson Ex. 8) |
| 357 | 7/21/2017 | Order on Defendants' Motion to Dismiss, ECF No. 61 (Johnson Ex. 25) |
| 358 | 9/8/2017 | Johnson Decl. in Supp. of Defs.' Opp'n to Mot. for Class Certification, Sept. 8, 2017, ECF No. 78-4 (Johnson Ex. 14) |
| 359 | 5/26/2023 | Plaintiffs' Notice of Federal Rule of Civil Procedure 30(b)(6) Corporate Depositions of Defendants (Damages Topics), May 26, 2023 (Johnson Ex. 69) |
| 360 | Aug. 2009 | Housing Assistance Payments Contract (HAP Contract), Aug. 2009 (Johnson Ex. 3) |
| 361 | 10/11/2021 | Plaintiffs' Notice of Deposition of Tyler Raymond (Raymond Ex. 1) |
| 362 | 10/22/2021 | Subpoena to Produce Documents Information, or Objects or to Permit Inspection of Premises in a Civil Action, Oct. 22, 2021 (Scharlach Ex. 2) |
| 363 | 7/28/2017 | Notice of Taking Deposition Pursuant to FRCP 30 with Request for Production of Documents, Jul. 28, 2017 (Tanforan Ex. 1) |
| 364 | 8/6/2017 | Aug. 6, 2017 Email from J. Newmark re: Is Renters Insurance Required, (Tanforan Ex. 2) |
| 365 | 7/9/1905 | Housing Authority of the County of Sacramento's Administrative Plan for the Housing Choice Voucher Program (excerpts), 2017 (Fox Ex. 32) |
| 366 | 1/1/2017 | Administrative Plan for the Housing Authority of Fresno County (excerpts), Jan. 1, 2017 (Cavey Ex. 5) |
| 367 | 7/20/2023 | Expert Report of MaryAnn Russ with exhibits, July 20, 2023 |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 368 | | Data_ChargeCodeMappingPayOrder(Payment_Sequence)032023 |
| 369 | | Data01_TenantwithHAPandOther_032723 |
| 370 | | Data03_PropertyInfo_032723 |
| 371 | | Data04_TenantLeaseCharges_032723 |
| 372 | | Data21_ChargeTypeAnalysis02092022 |
| 373 | | Data21_ChargeTypeAnalysis_Data_Defeinitions |
| 374 | | Data21_ChargeTypeAnalysis_07.18.2023 |
| 375 | | Excerpt of Data1_TenantswithHAPandOther_082721.csv related to undisclosed washer and dryer charges (Exhibit 45 to Bellows Decl. in Supp. Mot. Part. Summ. J.,  Apr. 22, 2022, ECF No. 252-5) |
| 376 | | Housing Authority of the County of Alameda (HACA) Housing Choice Voucher Program (excerpts), Jul. 24, 2017 (Rizzo-Shuman Ex 14) |
| 377 | | Tenant ledger for Abraham Sheriff (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 378 | | Tenant ledger for Alicia Lee (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 379 | | Tenant ledger for Ashley Mays (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 380 | | Tenant ledger for Bobby Hanselman (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 381 | | Tenant ledger for Brittney Bryson (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 382 | | Tenant ledger for Charles Crooks (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 383 | | Tenant ledger for Christopher Toney (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 384 | | Tenant ledger for Damon Weathersby (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 385 | | Tenant ledger for Dana Davis-Lobo (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 386 | | Tenant ledger for Denise Higgins (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 387 | | Tenant ledger for Edward Mcilroy (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 388 | | Tenant ledger for Elizabeth Brooks (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 389 | | Tenant ledger for Frances Crawley (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 390 | | Tenant ledger for James Walton (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 391 | | Tenant ledger for Jamila Meadors (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 392 | | Tenant ledger for Jerame Carter (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 393 | | Tenant ledger for Jerame Carter (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 394 | | Tenant ledger for Kassandra Olvera (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 395 | | Tenant ledger for Marsha Young (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 396 | | Tenant ledger for Maureen Stevens (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 397 | | Tenant ledger for Mike Cremer (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 398 | | Tenant ledger for Patricia Henderson (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 399 | | Tenant ledger for Penny Paxman (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 400 | | Tenant ledger for Tania Borjas (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 401 | | Tenant ledger for Timothy Naerebout (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 402 | | Tenant ledger for Vicky Lynn Teista (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 403 | | Tenant ledger for Violet Rubio (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 404 | | Tenant ledger for Wendy Cottingham (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 405 | | Tenant ledger for Zakiyiah Smith (excerpt of Data5 files produced by Fitech Gelb on July 14, 2023) |
| 406 | | Summary of tenant ledger files (Data05, produced by Fitech Gelb on July 14, 2023) |
| 407 | | Breshears, Feb. 25, 2022 Expert Report, without exhibits ("Breshears Feb. 25, 2022 Report) |
| 408 | | Tables summarizing percentage enrollment in selected charges at selected properties as disclosed in Breshears Feb. 25, 2022 Report |
| 409 | | Chart re cable charges at Courtyard at Central Park (Breshears Feb 25, 2022 Report Ex. B.1) |
| 410 | | Chart re cable charges at Landing at Fancher Creek (Breshears Feb 25, 2022 Report Ex. B.2) |
| 411 | | Chart re cable charges at River Oaks (Breshears Feb 25, 2022 Report Ex. B.3) |
| 412 | | Chart re: washer and dryer charges at Chesapeake Commons (Breshears Feb 25, 2022 Report Ex. B.4) |
| 413 | | Chart re: parking charges at Chesapeake Commons (Breshears Feb 25, 2022 Report Ex. B.5) |
| 414 | | Chart re: washer and dryer charges at California Place (Breshears Feb 25, 2022 Report Ex. B.6) |
| 415 | | Chart re: washer and dryer charges at Logan Park (Breshears Feb 25, 2022 Report Ex. B.7) |
| 416 | | Chart re: parking charges at Crossroads Apartments (Breshears Feb 25, 2022 Report Ex. B.9) |
| 417 | | Chart re: parking charges at Promontory Point Apartments (Breshears Feb 25, 2022 Report Ex. B.10) |
| 418 | | Chart re: cable charges at Broadmoor Village Apartments (Breshears Feb 25, 2022 Report Ex. B.15) |
| 419 | | Chart re: cable charges at Canyon Ridge Apartments (Breshears Feb 25, 2022 Report Ex. B.15) |
| 420 | | Chart re: cable charges at Devonshire Court East (Breshears Feb 25, 2022 Report Ex. B.18) |
| 421 | | Chart re: cable charges at Devonshire Court East (Breshears Feb 25, 2022 Report Ex. B.19) |
| 422 | | Chart re: cable charges at Falls at Hunters Pointe (Breshears Feb 25, 2022 Report Ex. B.20) |
| 423 | | Chart re: cable charges at Goldstone (Breshears Feb 25, 2022 Report Ex. B.21) |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 424 | | Chart re: cable charges at Lofts at 7800 (Breshears Feb 25, 2022 Report Ex. B.22) |
| 425 | | Chart re: cable charges at Metropolitan Place Apartments (Breshears Feb 25, 2022 Report Ex. B.23) |
| 426 | | Chart re: cable charges at Rio Seco (Breshears Feb 25, 2022 Report Ex. B.24) |
| 427 | | Summary of Section 8 and non-Section 8 Tenant Months with ASA Charges by Property and Tenant Month (Breshears Feb 25, 2022 Report Ex. C) |
| 428 | | Breshears July 20, 2023 Report |
| 429 | | Breshears curriculum vitae (Breshears July 20, 2023 Report Ex. A) |
| 430 | | Appendix to Breshears July 20, 2023 Report |
| 431 | | Calculations Related to Section 8 Tenants Who Paid Required Renters' Insurance Payments from February 2006 through November 2020 (Breshears July 20, 2023 Report Ex. 6) |
| 432 | | Calculations Related to Section 8 Tenants Who Paid Required Renters' Insurance Payments from November 2011 through November 2020 (Breshears July 20, 2023 Report Ex. 7) |
| 433 | | Calculations Related to Section 8 Tenants Who Paid Washer/Dryer Charges from February 2006 through June 2019 (Breshears July 20, 2023 Report Ex. 8) |
| 434 | | Calculations Related to Section 8 Tenants Who Paid Washer/Dryer Charges from August 2017 through June 2019 (Breshears July 20, 2023 Report Ex. 9) |
| 435 | | Mandatory Media Package Payments from Month of February 2006 through Month of December 2022 (Breshears July 20, 2023 Report Ex. 9) |
| 436 | | Mandatory Washer/Dryer Rental Payments from Month of February 2006 through month of December 2022 (Breshears July 20, 2023 Report Ex. 11) |
| 437 | | Mandatory Parking-Related Payments from Month of February 2006 through Month of December 2022 (Breshears July 20, 2023 Report Ex. 12) |
| 438 | | Mandatory Media Package Payments from Month of December 2011 through Month of December 2022 (Breshears July 20, 2023 Report Ex. 13) |
| 439 | | Mandatory Washer/Dryer Rental Payments from Month of December 2011 through Month of December 2022 (Breshears July 20, 2023 Report Ex. 14) |
| 440 | | Mandatory Parking-Related Payments from Month of December 2011 through Month of December 2022 (Breshears July 20, 2023 Report Ex. 15) |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 441 | | Tables summarizing Breshears' calculations related to Section 8 tenants paying additional service charges and corresponding housing assistance payments to Defendants as disclosed in Breshears July 20, 2023 Report |
| 442 | 4/1/2023 | HAP Contract and Tenancy Addendum (HUD form 52641), https://www.hud.gov/sites/dfiles/OCHCO/documents/52641.pdf |
| 443 | | Russ Curriculum Vitae |
| 444 | 8/16/2021 | Stipulation and Order Granting Leave to File Fifth Amended Complaint, Bifurcation the Case for Discovery and Trial, and Vacating Case Deadlines, Aug. 16, 2021, ECF No. 135 |
| 445 | 5/13/2022 | Gelb Decl., May 14, 2022, ECF No. 257-3 |
| 446 | 1/5/2022 | Stipulation and Order to Amend the Class Certification Order, Jan. 5, 2022, ECF No. 226 |
| 447 | 10/6/2023 | Gelb Decl., Oct 6, 2023, ECF No. 323-5 |
| 448 | 11/22/2023 | Gelb Decl., Nov. 22, 2023, ECF No. 328-1 |
| 449 | 11/23/2022 | MSJ Order, ECF No. 278 |
| 450 | 3/29/1977 | Letter from H.U.D. Director C. Lucas to R. Fitzgerald, Mar. 29,1977, Ex. 1 to Req. Judicial Notice, ECF No. 243 |
| 451 | 10/21/1985 | Letter from H.U.D. Branch Chief F. Malone to K. Calhoon, Oct. 21, 1985, Ex. 3 to Req. Judicial Notice, ECF No. 243 |
| 452 | 7/29/1991 | Letter from H.U.D. Director L. Jenkins to M. Varieur, July 29, 1991, Ex. 2 to Req. Judicial Notice, ECF No. 243 |
| 453 | 3/25/2022 | Jt. Fact Stip. Re: Data Produced from Defs.' Yardi Property Management Database, Mar. 25, 2022 |
| 454 | 5/13/2022 | May 13, 2022 Response by Defendants to Plaintiffs' Statement of Undisputed Facts re Plaintiffs' Motion for Partial Summary Judgment, ECF No. 258-1 |
| 455 | 5/27/2022 | May 27, 2022 Response by Defendants to Plaintiffs' Statement of Disputed Facts re Defendants' Motion for Summary Judgment, ECF No. 263-4 |
| 456 | 5/17/2023 | Stip. & Order Re: Damages Calculation, May 17, 2023, ECF No. 308 |
| 457 | 10/20/2023 | Oct. 20, 2023 Response by Defendants to Plaintiffs' Statement of Undisputed Facts re: Plaintiffs' Motion for Partial Summary Judgment re Remedies, ECF No. 326-1 |
| 458 | | 42 U.S.C.A. § 5301 |

| Pls.' Ex No | Doc. Date | Description |
|---|---|---|
| 459 | | 24 CFR § 982.451 |

Exhibit A

Pls.' Ex. 416,

Compilation of eviction notices for unpaid additional service fees

from produced tenant files (2017 and earlier)

AP000662-63, AP000762-63, AP002356, AP002806, BR000003-05, BR002158, BT000178,

BT000189, BT000190, BT000191, BT000505, BT000519, BT000602, BT000603, BT000628,

BT000643, BT003816, BT003841-43, BT003846, BT003862, BT004182, BT004188,

BT004290, BT004295, BT004421, BT004459, BT007015, BT007024, BT008096, BT010946,

BT010954, BT010958, BT010966, BT011015, BT011017, BU000127, CAP004390,

CAP007193, CAP008222, CP009887-88, CP009889-90, CPC000654-55, CPC000656-57,

CPC000658-59, CPC000660-61, CPC009005, CPC010700, CPC015825, CPC016159,

CPC016980, CPC020517, CPC021867-68, CPC023341, CPC023342, CPC023344, CPC026834,

CPC028201, CPC033675, CPC033676, CPC033677, CPC033678, CPC034580, CPC034581,

CPC034585, CPC034586, CPC034660, CPC036853-54, CPC036904, CPC036928, CPC036933,

CPC036945, CPC036953, CPC036974, CPC038384, CPC038385, CPC039842-43, CR000522,

CR001502, CR001579, CR002292, CR002303, CR002306, CR002406, CR003352, CR003358,

CR003583, CR003699, CR003815, CR004019, CR004397, CR004733, CR004939, CV000502-

03, CV002104-05, CV002536, CV002966, CV003577, CV004056, CV004356, CV005701,

CV005707, CV006060, CY002348, CY005083, CY017492, CY021234, CY021482, CY021493,

CY026242, ENCLAVE000317, ENCLAVE000320, ENCLAVE001666, ENCLAVE001667,

ENCLAVE001669, ENCLAVE001671, ENCLAVE001672, ENCLAVE001674,

ENCLAVE001784, ENCLAVE001790, ENCLAVE001792, ENCLAVE002677,

ENCLAVE002833, ENCLAVE003290, ENCLAVE003896, ENCLAVE003898,

1    ENCLAVE003899, FOT001104, MP000119, MP000128, MP000196, MP000327, MP000599,

2    MP000663, MP000665, MP000691, MP000703, MP000716, MP000764, MP000819,

3    MP000866, PP000518, SPW000805, SPW001965, SPW001966, SPW001975, SPW001980,

4    SPW001983, SPW001988, SPW001989, SPW002008, SPW002765, SPW003135, SPW003185,

5    SPW004039, SPW004085, SPW004951, SPW004971, SPW005455, SPW005654, SPW005925,

6    SPW005992, SPW006003, SPW006004, SPW006264, SPW006437, SVT002679-80,

7    SVT002688, SVT002748, SVT003843, SVT003884, SWT000374, SWT002357, SWT002824,

8    SWT003319, SWT003323, SWT003325, SWT003390, SWT003599, SWT003636, SWT004032,

9    SWT004525, SWT004539, SWT004576, SWT004582, SWT004586, SWT004588, SWT004607,

10   SWT004615, SWT004618, SWT004622, SWT004631, SWT004635, SWT004650, SWT004657,

11   SWT004661, SWT004671, SWT004674, SWT004675, SWT004679, SWT004684, SWT004972,

12   SWT004975, SWT004999, SWT005015, SWT005018, SWT005020, SWT005023, SWT005025,

13   SWT005028, SWT005037, SWT005039, SWT005050, SWT005058, SWT005060, SWT005062,

14   SWT005063, SWT005065, SWT005074, SWT005084, SWT005085, SWT005088, SWT005101,

15   SWT005661, SWT005668, SWT005682, SWT005683, SWT005684, SWT005710, SWT005747,

16   SWT005862, SWT006370, SWT006371, SWT006379, SWT006393, SWT006402, SWT006425,

17   SWT006659, SWT006662, SWT006853, SWT006876, SWT007480, SWT007481, SWT007484,

18   SWT007485, SWT007499, SWT007684, SWT007689, SWT007693, SWT007696, SWT007698,

19   SWT007703, SWT007710, SWT007711, SWT007716, SWT007722, SWT007723, SWT007748,

20   SWT007924, SWT007928, SWT007932, SWT008223, SWT008279, SWT008589, SWT008594,

21   SWT008598, SWT008601, SWT008604, SWT008608, SWT008611, SWT008612, SWT008615,

22   SWT008618, SWT008619, SWT008626, SWT008628, SWT008635, SWT008638, SWT008643,

23   SWT008644, SWT008645, SWT008657, SWT008661, SWT008670, SWT008671, SWT008676,

24   SWT008680, SWT009043, SWT009318, SWT009322, SWT009324, SWT009329, SWT009335,

25   SWT009337, SWT009340, SWT009341, SWT009359, SWT009364, SWT009366, SWT009369,

26   SWT009381, SWT009385, SWT009387, SWT009388, SWT009680, SWT009683, SWT009688,

27   SWT009694, SWT009697, SWT009701, SWT009705, SWT009716, SWT009718, SWT009739,

28   SWT009745, SWT010043, SWT010047, SWT010374, SWT010377, SWT010382, SWT010386,

1   SWT010390, SWT010394, SWT010397, SWT010400, SWT010403, SWT010411, SWT010518,

2   SWT010530, SWT010532, SWT010533, SWT010536, SWT010549, SWT011019, SWT011244,

3   SWT011271, SWT011675, SWT011676, SWT011677, SWT012386, SWT012414, SWT012421,

4   SWT012957, SWT012982, SWT012984, SWT012985, SWT012994, SWT013014, SWT013016,

5   SWT013020, SWT013022, SWT013032, SWT013368, SWT013654, SWT014378, SWT015070,

6   SWT015090, SWT015996, VIT002190, VIT004784.

7

## EXHIBIT E: PLAINTIFFS' AND RELATORS' EXHIBIT LIST

| Number | Description | Citation |
|---|---|---|
| 301 | Denika Terry Lease Agreement | Exhibit to Plaintiffs' Sixth Amended Complaint. |
| 302 | Denika Terry HAP Contract | Exhibit to Plaintiffs' Sixth Amended Complaint. |
| 303 | Denika Terry ASA | Exhibit to Plaintiffs' Sixth Amended Complaint. |
| 304 | Denika Terry 3-Day Notices | Exhibit to Plaintiffs' Sixth Amended Complaint. |
| 305 | Denika Terry Ledger | Yardi Data from GelbGroup |
| 306 | Roy Huskey III Lease Agreement | Exhibit to Plaintiffs' Sixth Amended Complaint. |
| 307 | Roy Huskey III HAP Contract | Exhibit to Plaintiffs' Sixth Amended Complaint. |
| 308 | Roy Huskey III ASA | Exhibit to Plaintiffs' Sixth Amended Complaint. |
| 309 | Roy Huskey III 3-Day Notice | Exhibit to Plaintiffs' Sixth Amended Complaint. |
| 310 | Roy Huskey III Ledger | Yardi Data from GelbGroup |
| 311 | Tamera Livingston Lease Agreement | Exhibit to Plaintiffs' Sixth Amended Complaint. |
| 312 | Tamera Livingston HAP Contract | Exhibit to Plaintiffs' Sixth Amended Complaint. |
| 313 | Tamera Livingston ASA | Exhibit to Plaintiffs' Sixth Amended Complaint. |
| 314 | Tamera Livingston 3-Day Notice | Exhibit to Plaintiffs' Sixth Amended Complaint. |
| 315 | Tamera Livingston Ledger | Yardi Data |
| 316 | Correspondence Between WPM and Roy Huskey III | Deposition of Roy Huskey, Exh. 38. |
| 317 | Correspondence Between WPM and Denika Terry | Deposition of Denika Terry, Exh. 182, 188. |
| 318 | WPM Additional Services Agreement Presented to Jacqueline Rojas | Deposition of Jacqueline Rojas, Exh. 6. |
| 319 | WPM Additional Services Agreement Presented to Jodi Parker | Deposition of Jodi Parker, Exh. 6. |
| 320 | WPM Additional Services Agreement Presented to Barbara Cavey | Deposition of Barbara Cavey, Exh. 3. |
| 321 | Yardi Data re Rates of Enrollment by Class Members in Renters' Insurance Services, By Property, By Year | Yardi Data, GelbGroup |
| 322 | Yardi Data re Rates of Enrollment by Class Members in Parking Services, By Property, By Year | Yardi Data, GelbGroup |

| 323 | Yardi Data re Rates of Enrollment by Class Members in Media Package Services, By Property, By Year | Yardi Data, GelbGroup |
|---|---|---|
| 324 | Yardi Data re Rates of Enrollment by Class Members in Washer/Dryer Services, By Property, By Year | Yardi Data, GelbGroup |
| 325 | Exhibits re Costs Incurred to Provide Renters' Insurance to Tenants | Deposition of Jarom Johnson as PMK for WPM, Exh. 70-79. |
| 326 | Exhibits re Costs Incurred to Provide Media Packages to Tenants | Deposition of Jarom Johnson as PMK for WPM, Exh. 76-83. |
| 327 | Policy Change Document re WPM Tenant Payment Sequence | Deposition of Janae Jarvis as PMK for WPM, Exh. 72. |
| 328 | Payment Priority Sequence | Deposition of Janae Jarvis, Exh. 3. |
| 329 | Notice to Tenants re Additional Services Remaining Optional | Deposition of Janae Jarvis as PMK for WPM re Actions Taken Post 11/22/2022, Exh. 76. |
| 330 | Email to Staff re Policy of Additional Service Agreements Remaining Optional | Deposition of Janae Jarvis as PMK for WPM re Actions Taken Post 11/22/2022, Exh. 78 |
| 331 | Property Management for Dummies by Robert Griswold | Expert Report of Robert Griswold |
| 332 | Declaration of Shannon Fox | Exhibit to Defendants' Motion for Summary Adjudication. |
| 333 | Policy re Additional Service Agreements | Deposition of Janae Jarvis as PMK for WPM re Actions Taken Post 11/22/2022, Exh. 77 |

1

**EXHIBIT F: OWNER AND NON-OWNER DEFENDANTS' EXHIBIT LIST**

1  **Plaintiffs**

2  1.  Tamera Livingston, Roy Huskey III, and Denika Terry: All documents and

3      communications related to their units, including, but not limited to, all applications, leases,

4      additional services agreements, tenancy addendums, HAP contracts, and all related

5      communications with and documents provided to or received by Wasatch Property

6      Management, Inc. ("WPM"), property owners, the Public Housing Agency ("PHA"), and

7      the U.S. Department of Housing and Urban Development ("HUD").

8

9  **By Property**

10  1.  Logan Park Apartments.  Former and current tenants: All documents and communications

11      related to their units, including, but not limited to, all applications, leases, additional

12      services agreements, tenancy addendums, HAP contracts, and all related communications

13      with and documents provided to or received by WPM, property owners, the PHA, and

14      HUD.

15  2.  Chesapeake Commons Apartments.  Former and current tenants: All documents and

16      communications related to their units, including, but not limited to, all applications, leases,

17      additional services agreements, tenancy addendums, HAP contracts, and all related

18      communications with and documents provided to or received by WPM, property owners,

19      the PHA, and HUD.

20  3.  Logan Park Apartments and Chesapeake Commons Apartments.  Former and current

21      tenants: All documents and communications related to their units, including, but not

22      limited to, all applications, leases, additional services agreements, tenancy addendums,

23      HAP contracts, and all related communications with and documents provided to or

24      received by WPM, property owners, the PHA, and HUD.

25  4.  Logan Park Apartments. Former and current tenants: All documents and communications

26      related to their units, including, but not limited to, all applications, leases, additional

services agreements, tenancy addendums, HAP contracts, and all related communications with and documents provided to or received by WPM, property owners, the PHA, and HUD.

5. Chesapeake Commons Apartments.  Former and current tenants: All documents and communications related to their units, including, but not limited to, all applications, leases, additional services agreements, tenancy addendums, HAP contracts, and all related communications with and documents provided to or received by WPM, property owners, the PHA, and HUD.

6. Aspen Park Apartments.  Former and current tenants: All documents and communications related to their units, including, but not limited to, all applications, leases, additional services agreements, tenancy addendums, HAP contracts, and all related communications with and documents provided to or received by WPM, property owners, the PHA, and HUD.

7. Bellwood Park Apartments and Jerron Place.  Former and current tenants: All documents and communications related to their units, including, but not limited to, all applications, leases, additional services agreements, tenancy addendums, HAP contracts, and all related communications with and documents provided to or received by WPM, property owners, the PHA, and HUD.

8. Bent Tree Apartments.  Former and current tenants: All documents and communications related to their units, including, but not limited to, all applications, leases, additional services agreements, tenancy addendums, HAP contracts, and all related communications with and documents provided to or received by WPM, property owners, the PHA, and HUD.

9. California Place Apartments.  Former and current tenants: All documents and communications related to their units, including, but not limited to, all applications, leases, additional services agreements, tenancy addendums, HAP contracts, and all related communications with and documents provided to or received by WPM, property owners, the PHA, and HUD.

10. Landing at Fancher Creek Apartments.  Former and current tenants: All documents and communications related to their units, including, but not limited to, all applications, leases, additional services agreements, tenancy addendums, HAP contracts, and all related communications with and documents provided to or received by WPM, property owners, the PHA, and HUD.

11. Canyon Club Apartments.  Former and current tenants: All documents and communications related to their units, including, but not limited to, all applications, leases, additional services agreements, tenancy addendums, HAP contracts, and all related communications with and documents provided to or received by WPM, property owners, the PHA, and HUD.

12. Courtyard at Central Park Apartments.  Former and current tenants: All documents and communications related to their units, including, but not limited to, all applications, leases, additional services agreements, tenancy addendums, HAP contracts, and all related communications with and documents provided to or received by WPM, property owners, the PHA, and HUD.

13. Creekside Villa Apartments.  Former and current tenants: All documents and communications related to their units, including, but not limited to, all applications, leases, additional services agreements, tenancy addendums, HAP contracts, and all related communications with and document provided to or received by WPM, property owners, the PHA, and HUD.

14. Hayward Village Apartments.  Former and current tenants: All documents and communications related to their units, including, but not limited to, all applications, leases, additional services agreements, tenancy addendums, HAP contracts, and all related communications with and documents provided to or received by WPM, property owners, the PHA, and HUD.

15. Heritage Park Apartments.  Former and current tenants: All documents and communications related to their units, including, but not limited to, all applications, leases, additional services agreements, tenancy addendums, HAP contracts, and all related

communications with and documents provided to or received by WPM, property owners, the PHA, and HUD.

16. Oak Valley Apartments.  Former and current tenants: All documents and communications related to their units, including, but not limited to, all applications, leases, additional services agreements, tenancy addendums, HAP contracts, and all related communications with and documents provided to or received by WPM, property owners, the PHA, and HUD.

17. Bridges at Five Oaks Apartments.  Former and current tenants: All documents and communications related to their units, including, but not limited to, all applications, leases, additional services agreements, tenancy addendums, HAP contracts, and all related communications with and documents provided to or received by WPM, property owners, the PHA, and HUD.

18. Peppertree Senior Apartments.  Former and current tenants: All documents and communications related to their units, including, but not limited to, all applications, leases, additional services agreements, tenancy addendums, HAP contracts, and all related communications with and documents provided to or received by WPM, property owners, the PHA, and HUD.

19. Piedmont Apartments.  Former and current tenants: All documents and communications related to their units, including, but not limited to, all applications, leases, additional services agreements, tenancy addendums, HAP contracts, and all related communications with and documents provided to or received by WPM, property owners, the PHA, and HUD.

20. Point Natomas Apartments.  Former and current tenants: All documents and communications related to their units, including, but not limited to, all applications, leases, additional services agreements, tenancy addendums, HAP contracts, and all related communications with and documents provided to or received by WPM, property owners, the PHA, and HUD.

21. River Oaks Apartments.  Former and current tenants: All documents and communications

related to their units, including, but not limited to, all applications, leases, additional
services agreements, tenancy addendums, HAP contracts, and all related communications
with and documents provided to or received by WPM, property owners, the PHA, and
HUD.

22. Shadow Way Apartments.  Former and current tenants: All documents and
communications related to their units, including, but not limited to, all applications, leases,
additional services agreements, tenancy addendums, HAP contracts, and all related
communications with and documents provided to or received by WPM, property owners,
the PHA, and HUD.

23. Spring Villa Apartments.  Former and current tenants: All documents and
communications related to their units, including, but not limited to, all applications, leases,
additional services agreements, tenancy addendums, HAP contracts, and all related
communications with and documents provided to or received by WPM, property owners,
the PHA, and HUD.

24. Sun Valley Apartments.  Former and current tenants: All documents and communications
related to their units, including, but not limited to, all applications, leases, additional
services agreements, tenancy addendums, HAP contracts, and all related communications
with and documents provided to or received by WPM, property owners, the PHA, and
HUD.

25. Village Grove Apartments.  Former and current tenants: All documents and
communications related to their units, including, but not limited to, all applications, leases,
additional services agreements, tenancy addendums, HAP contracts, and all related
communications with and documents provided to or received by WPM, property owners,
the PHA, and HUD.

26. Quail Run Apartments.  Former and current tenants: All documents and communications
related to their units, including, but not limited to, all applications, leases, additional
services agreements, tenancy addendums, HAP contracts, and all related communications
with and documents provided to or received by WPM, property owners, the PHA, and

HUD.

**Other**

1. 31 U.S.C. sections 3729 through 3733.

2. 42 U.S.C. sections 1437, et seq., including all amendments since 1987 ("Housing Act of 1937"), in effect during the applicable facts and including amendments through the date of the filing to the conclusion of trial.

3. 42 U.S.C. sections 3531, et seq. ("Housing Act of 1989"), in effect during the applicable facts and including amendments through the date of the filing to the conclusion of trial.

4. All appropriations act from October 1, 1998, through the conclusion of trial, including continuing resolutions in effect during the applicable facts and including amendments through the date of the filing to the conclusion of trial.

5. 15 U.S.C. sections 2601, et seq. ("Toxic Substances Act") in effect during the applicable facts and including amendments through the date of the filing to the conclusion of trial.

6. 24 C.F.R. Part 982, as amended, including all prior years as applicable during all times pertinent through the conclusion of trial.

7. 24 C.F.R. Part 903, as amended, including all prior years as applicable during all times pertinent through the conclusion of trial.

8. 24 C.F.R. Part 888, as amended, including all prior years as applicable during all times pertinent through the conclusion of trial.

9. 24 C.F.R. Part 35, as amended, including all prior years as applicable during all times pertinent through the conclusion of trial.

10. 24 C.F.R. Part 5, as amended, including all prior years as applicable during all times pertinent through the conclusion of trial.

11. 40 C.F.R. Part 745, as amended, including all prior years as applicable during all times pertinent through the conclusion of trial.

12. All notices published by the U.S. Department of Housing and Urban ("HUD") Office of Policy Development and Research ("PDR"), as applicable during all times pertinent

through the conclusion of trial.

13. All published opinions of the HUD Office of General Counsel ("OGC"), as applicable during all times pertinent through the conclusion of trial.

14. All Federal Register notices on any issues related to HUD, the Housing Choice Voucher program ("HCV"), all HUD Small Area Fair Market Rent ("HUD SAFMR" or "SAFMR") guidelines, and all U.S. Department of Commerce, Office of the Census Bureau, American Community Survey related materials, as applicable during all times pertinent through the conclusion of trial.

15. All HUD Office of Public and Indian Housing ("PIH") Notices from October 1, 1998, through the conclusion of trial.

16. All HCV Guidebooks published by or on behalf of HUD PIH from October 1, 1998, through the conclusion of trial, including, but not limited to, HCV Guidebook (April 2001)(7420.10G), HCV Guidebook (2015)(7420.10G), and HCV Guidebook at (7420.10(G)).

17. All HUD HCV Landlord Guidebooks (all versions) published at https://files.hudexchange.info/resources/documents/PIH-HCV-Landlord-Strategies-Guidebook-for-PHAs.pdf, as applicable during all times pertinent through the conclusion of trial.

18. All HUD Forms published by HUD from October 1, 1998, through the conclusion of trial that were approved by the White House Office of Management and Budget ("OMB") and possessing an OMB number and OMB expiration date, specifically including each PHA's annual contribution contract with HUD and all amendments.

19. All HUD informational, training, and other videos related to the HCV program, whether produced by HUD directly or by any technical advisor on HUD's behalf and as posted on HUD's website or any commercially available website used by HUD, including without limitation, YouTube, as applicable during all times pertinent through the conclusion of trial.

20. All PHA HCV administrative and other administrative plans, annual plans, five year plans

and other submittals to HUD made in compliance with the Housing Act of 1937, including, but not limited to, all PHA Administrative Plans filed by the Sacramento Housing and Redevelopment Agency and the Fresno Housing Authority, whether or not sanctioned by HUD (meaning those submitted and not sanctioned initially and subsequently accepted and those that were accepted by HUD) including all HUD, federal, State of California, County, and City, as applicable, materials cited therein.

21. The California Government Code, Civil Code, and Health and Safety Code, and amendments thereto.

22. The California Administrative Code, and all amendments thereto, from October 1, 1998 through the conclusion of trial.

23. The Sacramento County Code, as applicable during all times pertinent through the conclusion of trial.

24. The City of Sacramento Code Ordinance, as applicable during all times pertinent through the conclusion of trial.

25. The Fresno County Code, as applicable during all times pertinent through the conclusion of trial.

26. The City of Fresno Code of Ordinances, as applicable during all times pertinent through the conclusion of trial.

27. All publications, reports, bulletins, memoranda, audits, of HUD OIG, as applicable during all times pertinent through the conclusion of trial.

28. All official U.S. government or government contracted websites for all the above.

29. The California, Utah, Arizona, and Washington Secretary of State records related to Defendants and/or the properties at issue.

30. The California, Utah, Arizona, and Washington Real Estate Brokerage and Licensing Division/Agency records related to Defendants and/or the properties at issue.

**EXHIBIT G: PLAINTIFFS' AND RELATORS' DEPOSITION DESIGNATIONS**

Pursuant to Local Rules 281(b)(12), Plaintiffs provide the following designations of deposition testimony to be used at trial.  In addition to Cover Pages, Reporter's Certificates and the witness's swearing in, Plaintiffs designate, by page and line number, the testimony of:

**Dao, Katie - Nov. 3, 2021**

7:6-14

9:21-10:5

10:15-14:9

17:1-18:6

19:7-20:12

20:24-21:8

22:15-24:17

27:18-31:12

34:2-16

36:19-37:22

37:25-38:22

46:25-47:22

48:23-49:10

49:19-52:4

52:14-54:2

68:11-71:9

73:23-75:20

80:17-21

86:3-98:13

99:13-116:12

116:21-119:6

| | |
|---|---|
| 1 | 120:6-14 |
| 2 | 121:11-125:20 |
| 3 | 126:2-15 |
| 4 | 127:8-24 |
| 5 | 131:15-134:17 |
| 6 | 135:11-14 |
| 7 | 150:19-21 |
| 8 | 152:2-153:22 |
| 9 | |
| 10 | **Fetter, Shawn – Aug. 11, 2017** |
| 11 | 5:2-4 |
| 12 | 10:1-11:8 |
| 13 | |
| 14 | **Fetter, Shawn – Aug. 11, 2017 (continued)** |
| 15 | 11:20-24 |
| 16 | 12:19-22 |
| 17 | 13:10-14:12 |
| 18 | 14:15-27:21 |
| 19 | 28:4-36:22 |
| 20 | 38:22-40:24 |
| 21 | 42:12-43:19 |
| 22 | 44:12-20 |
| 23 | 47:10-50:18 |
| 24 | 50:24-52:18 |
| 25 | 52:23-54:12 |
| 26 | 55:3-57:6 |
| 27 | 57:15-58:12 |
| 28 | 59:7-20 |

| | |
|---|---|
| 1 | 70:3-72:10 |
| 2 | 72:21-73:19 |
| 3 | 73:22-77:9 |
| 4 | 80:1-83:13 |
| 5 | 85:8-12 |
| 6 | 88:13-93:19 |
| 7 | 94:6-96:5 |
| 8 | 98:1-99:1 |
| 9 | 100:14-110:8 |
| 10 | 112:7-113:3 |
| 11 | 116:16-117:22 |
| 12 | 119:8-120:8 |
| 13 | 121:13-126:23 |
| 14 | 127:1-13 |
| 15 | 127:16-128:7 |
| 16 | 137:4-139:14 |
| 17 | 140:13-16 |
| 18 | 142:5-19 |
| 19 | 142:21-144:21 |
| 20 | 145:24-147:3 |
| 21 | 151:2-154:22 |
| 22 | 158:18-159:15 |
| 23 | 159:18-161:21 |
| 24 | 163:15-165:13 |
| 25 | 173:1-18 |
| 26 | |
| 27 | **Fetter, Shawn – Aug. 11, 2017 (continued)** |
| 28 | 177:13-178:21 |

1   181:11-185:10

2   196:23-197:7

3   198:8-20

4   200:22-201:22

5   203:24-207:23

6   208:7-209:3

7   210:14-212:13

8   212:23-214:6

9   226:19-227:14

10

11   **Fetter, Shawn –Oct. 27, 2021**

12   8:3-22

13   11:22-13:4

14   13:25-15:12

15   16:8-17:15

16   18:19-28:24

17   29:8-30:3

18   30:15-35:10

19   35:21-37:17

20   37:20-39:11

21   46:6-24

22   50:20-60:10

23   60:25-70:18

24   77:13-77:25

25   78:18-79:25

26   82:6-84:1

27   90:25-91:3

28   99:7-116:18

69

| | |
|---|---|
| 1 | 117:5-124:15 |
| 2 | 124:25-126:24 |
| 3 | 127:2-128:19 |
| 4 | 129:3-24 |
| 5 | 131:1-134:4 |
| 6 | 138:3-139:3 |
| 7 | 142:10-144:16 |
| 8 | 146:6-147:13 |
| 9 | 152:22-155:18 |
| 10 | 157:15-25 |
| 11 | |
| 12 | **Fetter, Shawn –Oct. 27, 2021 (continued)** |
| 13 | 158:7-16 |
| 14 | 159:10-162:8 |
| 15 | 162:11-16 |
| 16 | 163:1-4 |
| 17 | 163:21-166:11 |
| 18 | 166:14-169:1 |
| 19 | 169:8-14 |
| 20 | 170:5-11 |
| 21 | 171:15-173:13 |
| 22 | 174:4-175:3 |
| 23 | 175:12-16 |
| 24 | 176:20-23 |
| 25 | 177:4-8 |
| 26 | 177:14-178:4 |
| 27 | 181:8-20 |
| 28 | 182:3-15 |

1    183:10-19

2    184:11-185:25

3    186:8-23

4    187:4-9

5    187:19-188:9

6    189:14-192:22

7    193:4-18

8    194:8-195:15

9    195:18-25

10   196:15-22

11   197:5-25

12   198:13-199:17

13   200:21-201:3

14   201:14-21

15   202:2-203:11

16   204:20-205:15

17   206:4-10

18   208:21-209:12

19   210:1-213:11

20   214:4-215:11

21   221:2-222:20

22   244:5-9

23   266:11-25

24   Fetter, Shawn –Oct. 27, 2021 (continued)

25   270:7-272:13

26   279:1-281:19

27

28   **Fetter, Shawn –Oct. 28, 2021**

| | |
|---|---|
| 1 | 302:5-308:17 |
| 2 | 308:22-313:15 |
| 3 | 315:16-21 |
| 4 | 317:22-322:6 |
| 5 | 323:11-329:11 |
| 6 | 329:14-334:8 |
| 7 | 334:10-340:22 |
| 8 | 341:11-347:12 |
| 9 | 348:9-350:11 |
| 10 | 351:1-355:19 |
| 11 | 356:7-11 |
| 12 | 356:23-361:3 |
| 13 | 362:13:17 |
| 14 | 363:18-364:23 |
| 15 | 391:24-393:7 |
| 16 | 396:17-397:18 |
| 17 | 400:17-405:18 |
| 18 | 409:19-410:13 |
| 19 | 411:20-413:25 |
| 20 | 414:20-415:7 |
| 21 | 415:16-419:1 |
| 22 | 419:5-18 |
| 23 | 420:4-14 |
| 24 | 420:24-433:23 |
| 25 | 434:3-23 |
| 26 | 435:2-437:22 |
| 27 | 437:24-441:9 |
| 28 | 441:22-447:20 |

| | |
|---|---|
| 1 | 447:23-460:12 |
| 2 | 461:3-463:18 |
| 3 | 464:1-467:8 |
| 4 | 467:12-468:16 |
| 5 | 469:13-473:1 |
| 6 | 473:16-474:21 |
| 7 | 479:23-480:25 |
| 8 | |
| 9 | **Fetter, Shawn –Oct. 28, 2021 (continued)** |
| 10 | 492:8-498:17 |
| 11 | 499:11-503:7 |
| 12 | 503:12-509:19 |
| 13 | 510:2-516:3 |
| 14 | 516:8-518:22 |
| 15 | 519:10-23 |
| 16 | |
| 17 | **Jarvis, Janae – Aug. 10, 2017** |
| 18 | 5:3-21 |
| 19 | 6:22-8:16 |
| 20 | 11:7-12:7 |
| 21 | 15:8-22:19 |
| 22 | 23:5-25:20 |
| 23 | 26:22-27:21 |
| 24 | 28:1-29:17 |
| 25 | 33:3-39:16 |
| 26 | 40:1-41:20 |
| 27 | 52:4-54:10 |
| 28 | 55:15-57:24 |

| | |
|---|---|
| 1 | 58:20-59:7 |
| 2 | 60:24-64:21 |
| 3 | 68:1-15 |
| 4 | 71:1-6 |
| 5 | 91:7-20 |
| 6 | 92:11-97:6 |
| 7 | 103:2 -104:10 |
| 8 | 109:4-110:10 |
| 9 | 111:16-113:2 |
| 10 | 113:12-114:5 |
| 11 | 115:5-116:3 |
| 12 | 122:11-123:1 |
| 13 | 124:24-125:19 |
| 14 | 130:17-132:12 |
| 15 | 133:3-6 |
| 16 | 133:15-24 |
| 17 | 144:25-154:7 |
| 18 | 157:3-158:14 |
| 19 | 158:19-160:1 |
| 20 | 162:7-166:3 |
| 21 | |
| 22 | **Jarvis, Janae – Aug. 10, 2017 (continued)** |
| 23 | 166:12-23 |
| 24 | 167:13-24 |
| 25 | 190:20-191:20 |
| 26 | 194:21-22 |
| 27 | 196:21-198:9 |
| 28 | 198:12-199:21 |

1    202:8-206:4

2    211:2-212:1

3    212:6-18

4    214:11

5    216:4-217:21

6    223:4-224:22

7    226:4-235:7

8    243:21-245:17

9    250:7-251:23

10   252:8-254:9

11

12   **Jarvis, Janae – Sept. 10, 2021**

13   8:3-17

14   9:8-10:7

15   10:18-23

16   11:5-24

17   12:8-15

18   12:22-13:9

19   14:4-24:21

20   27:24-34:18

21   35:6-43:3

22   45:11-19

23   46:4-47:10

24   48:6-49:18

25   50:9-57:24

26   60:24-64:23

27   67:23-74:2

28   76:10-17

| | |
|---|---|
| 1 | 76:25-77:12 |
| 2 | 84:6-87:6 |
| 3 | 88:10-90:9 |
| 4 | 90:13-93:25 |
| 5 | 99:8-100:5 |
| 6 | **Jarvis, Janae – Sept. 10, 2021 (continued)** |
| 7 | 100:12-102:8 |
| 8 | 107:1-16 |
| 9 | 108:10-110:16 |
| 10 | 110:19-123:8 |
| 11 | 125:4-132:14 |
| 12 | 132:22-133:7 |
| 13 | 134:10-135:20 |
| 14 | 136:17-137:13 |
| 15 | 137:24-141:21 |
| 16 | 142:13-153:25 |
| 17 | 162:5-24 |
| 18 | 176:3-19 |
| 19 | 179:4-180:8 |
| 20 | 185:19-188:8 |
| 21 | 195:21-196:7 |
| 22 | 200:16-202:17 |
| 23 | 204:6-206:22 |
| 24 | 208:16-211:20 |
| 25 | 212:5-20 |
| 26 | 214:13-220:12 |
| 27 | 220:17-223:25 |
| 28 | 227:6-228:7 |

| | |
|---|---|
| 1 | 228:16-232:11 |
| 2 | 232:19-233:2 |
| 3 | 233:14-235:24 |
| 4 | 238:3-13 |
| 5 | 239:9-19 |
| 6 | 240:6-18 |
| 7 | 241:12-242:2 |
| 8 | 244:6-14 |
| 9 | 244:20-245:3 |
| 10 | 245:23-246:5 |
| 11 | 246:13-248:8 |
| 12 | |
| 13 | **Jarvis, Janae – Sept. 14, 2021** |
| 14 | 255:1-22 |
| 15 | 256:10-25 |
| 16 | 257:1-24 |
| 17 | 258:13-259:11 |
| 18 | |
| 19 | **Jarvis, Janae – Sept. 14, 2021 (continued)** |
| 20 | 259:24-260:18 |
| 21 | 271:3-273:5 |
| 22 | 274:3-275:7 |
| 23 | 275:14-20 |
| 24 | 276:21-278:23 |
| 25 | 280:3-282:24 |
| 26 | 283:18-22 |
| 27 | 284:7-298:20 |
| 28 | 299:23-300:22 |

| | |
|---|---|
| 1 | 301:1-307:1 |
| 2 | 307:13-309:13 |
| 3 | 310:10-312:7 |
| 4 | 312:10-315:23 |
| 5 | 318:18-321:9 |
| 6 | 321:19-21 |
| 7 | 323:13-325:12 |
| 8 | 325:25-328:14 |
| 9 | 329:2-17 |
| 10 | 339:25-341:6 |
| 11 | 342:19-345:18 |
| 12 | 348:15-355:3 |
| 13 | 355:10-356:8 |
| 14 | 359:3-360:1 |
| 15 | 364:3-365:14 |
| 16 | 367:2-371:15 |
| 17 | 375:24-377:2 |
| 18 | 394:7-395:12 |
| 19 | 395:21-402:9 |
| 20 | 403:4-15 |
| 21 | 404:4-406:15 |
| 22 | 407:1-414:9 |
| 23 | 415:13-420:2 |
| 24 | 430:17-431:15 |
| 25 | 432:13-433:17 |
| 26 | |
| 27 | **Jarvis, Janae (30(b)(6) designee) – May 18, 2023** |
| 28 | 9:3-16 |

1       9:25-12:16

2       12:21-13:4

3

4    **Jarvis, Janae (30(b)(6) designee) – May 18, 2023 (continued)**

5       14:14-17:15

6       17:18-24:5

7       24:11-29:20

8       31:2-33:25

9       34:9-37:8

10      37:24-39:16

11      42:6-46:4

12      46:24-47:23

13      49:22-56:19

14      59:4-18

15      60:22-66:3

16      67:11-68:17

17      69:1-17

18      70:6-9

19      70:21-71:7

20      72:10-16

21      72:25-73:5

22      74:2-78:17

23      79:22-80:11

24      80:19-83:14

25      83:19-85:16

26      86:6-9

27      86:16-87:17

28      87:21-96:5

| | |
|---|---|
| 1 | 96:10-98:15 |
| 2 | 99:9-101:8 |
| 3 | 102:7-22 |
| 4 | 103:16-108:11 |
| 5 | 110:20-111:3 |
| 6 | 111:6-11 |
| 7 | 112:13-113:1 |
| 8 | 113:16-114:14 |
| 9 | 117:23-118:16 |
| 10 | 125:21-126:3 |
| 11 | 128:24-129:20 |
| 12 | 131:7 -132:17 |
| 13 | 140:7-141:12 |
| 14 | 141:17-144:7 |
| 15 | 145:10-15 |
| 16 | |
| 17 | **Jarvis, Janae (30(b)(6) designee) – May 18, 2023 (continued)** |
| 18 | 145:18-147:25 |
| 19 | 149:22-150:12 |
| 20 | 153:7-155:2 |
| 21 | 155:17-160:6 |
| 22 | 160:14-18 |
| 23 | 162:1-168:3 |
| 24 | 177:7-18 |
| 25 | 178:1-24 |
| 26 | 180:2-21 |
| 27 | |
| 28 | **Johnson, Jarom – July 19, 2021** |

| | |
|---|---|
| 1 | 9:12-15 |
| 2 | 9:20-23 |
| 3 | 16:25-19:25 |
| 4 | 24:9-25:24 |
| 5 | 26:4-27:6 |
| 6 | 31:1-32:4 |
| 7 | 34:23-25 |
| 8 | 35:20-36:23 |
| 9 | 37:5-38:24 |
| 10 | 42:25-43:20 |
| 11 | 49:1-9 |
| 12 | 51:4-52:24 |
| 13 | 54:21-56:3 |
| 14 | 57:1-59:9 |
| 15 | 69:4-70:7 |
| 16 | 71:1-73:1 |
| 17 | 75:12-82:17 |
| 18 | 83:13-86:9 |
| 19 | 87:11-88:17 |
| 20 | 90:23-93:14 |
| 21 | 99:24-101:13 |
| 22 | 109:3-16 |
| 23 | 110:17-111:3 |
| 24 | 112:17-113:5 |
| 25 | 114:5-119:20 |
| 26 | 120:2-123:3 |
| 27 | 124:23-126:14 |
| 28 | 126:25-132:3 |

1

2 **Johnson, Jarom – July 19, 2021 (continued)**

3       133:5-136:7

4       136:15-137:4

5       137:16-138:6

6       139:24-141:23

7       145:15-146:25

8       151:20-154:24

9       157:24-12

10       172:17-173:5

11       173:21-180:10

12       182:2-183:5

13       184:19-186:5

14       188:3-189:9

15       192:6-194:6

16       195:16-196:2

17       197:25-198:8

18       198:22-202:8

19       214:15-24

20       215:14-18

21       227:2-229:14

22       241:11-243:12

23       244:9-245:8

24       245:19-247:18

25       248:5-251:2

26

27 **Johnson, Jarom – Nov. 10, 2021**

28       6:15-18

| | |
|---|---|
| 1 | 9:1-10:6 |
| 2 | 16:18-17:3 |
| 3 | 22:20-32:22 |
| 4 | 36:8-40:6 |
| 5 | 40:11-48:4 |
| 6 | 50:20-23 |
| 7 | 51:2-52:13 |
| 8 | 53:5-58:18 |
| 9 | 59:16-60:4 |
| 10 | 60:14-23 |
| 11 | 62:20-65:23 |
| 12 | 66:3-70:14 |
| 13 | 72:2-74:17 |
| 14 | |
| 15 | **Johnson, Jarom – Nov. 10, 2021 (continued)** |
| 16 | 75:16-76:19 |
| 17 | 78:15-81:25 |
| 18 | 82:2-83:9 |
| 19 | 85:7-86:13 |
| 20 | 86:20-88:11 |
| 21 | |
| 22 | **Mishler, Bradley – Nov. 19, 2021** |
| 23 | 5:12-21 |
| 24 | 13:19 -14:6 |
| 25 | 14:16-23 |
| 26 | 20:12-14 |
| 27 | 21:17-22:7 |
| 28 | 22:21-23:7 |

1     24:4-8

2     24:16-25:3

3     25:13-26:1

4     26:7-27:5

5     29:23-30:22

6     32:20-23

7     59:20-60:2

8     88:24-89:9

9     90:21-92:5

10     92:25-93:20

11     94:2-7

12     94:16-95:9

13     95:19-96:8

14     97:11-16

15     97:22-98:2

16     98:9-13

17     99:25-100:19

18     101:10-13

19     101:20-23

20     106:11-107:8

21     109:8-25

22     113:18-21

23     117:1-118:18

24     119:20-121:23

25     130:1-8

26     131:5-132:18

27

28     **Mishler, Bradley – Nov. 19, 2021 (continued)**

1        133:5-22

2        134:1-8

3        134:12-137:17

4        138:10-13

5        139:4-142:4

6        143:18-144:1

7        144:13-145:8

8        146:8-150:2

9

10       **Raymond, Tyler – Dec. 7, 2021**

11       25:25-26:4

12       31:15-33:8

13       34:23-40:14

14       41:2-49:17

15       51:14-55:6

16       56:12-62:17

17       63:3-86:1

18       86:19-88:22

19       90:24-117:10

20       118:6-134:22

21       135:9-146:6

22       146:7-148:14

23       150:19-153:4

24       157:2-14

25       159:10-161:24

26       163:13-166:16

27       168:9-169:18

28       170:13-177:8

1 192:21-193:10

2

3 **Scharlach, David – Dec. 8, 2021**

4 6:14-18

5 11:8-14

6 15:21-16:15

7 18:11-19:9

8 22:5-24:18

9 31:18-32:21

10 34:25-35:3

11 38:14-39:7

12 **Scharlach, David – Dec. 8, 2021 (continued)**

13 40:24-42:22

14 43:7-45:4

15 45:15-46:21

16 50:7-51:2

17 51:9-52:18

18

19 **Tanforan, David, - Aug. 9, 2017**

20 7:1-7

21 8:20-9:11

22 18:7-24

23 19:21-20:2

24 21:4-6

25 23:5-7

26 24:11-25

27 27:16-29:6

28 30:10-31:22

| | |
|---|---|
| 1 | 32:1-33:25 |
| 2 | 36:14-37:6 |
| 3 | 37:1-6212:1 |
| 4 | 38:14-19 |
| 5 | 47:8-48:1 |
| 6 | 48:11-21 |
| 7 | 49:16-54:4 |
| 8 | 65:1-4 |
| 9 | 66:18-67:5 |
| 10 | 68:12-16 |
| 11 | 72:21-73:3 |
| 12 | 74:17-80:24 |
| 13 | 81:10-83:20 |
| 14 | 84:8-19 |
| 15 | 86:8-20 |
| 16 | 87:3-10 |
| 17 | 92:4-93:23 |
| 18 | 95:13-96:10 |
| 19 | 96:15-99:11 |
| 20 | 108:8-109:9 |
| 21 | 109:12-110:2 |
| 22 | 111:18-112:16 |
| 23 | 117:25-119:11 |
| 24 | |
| 25 | **Tanforan, David, - Aug. 9, 2017 (continued)** |
| 26 | 123:4-124:10 |
| 27 | 124:13-125:8 |
| 28 | 127:22-128:3 |

| | |
|---|---|
| 1 | 129:15-130:1 |
| 2 | 138:23-140:17 |
| 3 | 145:4-20 |
| 4 | 151:9-12 |
| 5 | 152:2-12 |
| 6 | 154:23-25 |
| 7 | 155:7-156:11 |
| 8 | 160:15-20 |
| 9 | 162:24-163:15 |
| 10 | 167:6-23 |
| 11 | 172:19-22 |
| 12 | 173:1-20 |
| 13 | 174:11-177:23 |
| 14 | 178:16-21 |
| 15 | 179:10-180:22 |
| 16 | 181:12-182:6 |
| 17 | 190:17-192:3 |
| 18 | 195:3-196:21 |
| 19 | 196:23 |
| 20 | 197:24-25 |
| 21 | 199:15-200:16 |
| 22 | 206:11-208:14 |
| 23 | 208:17-211:1 |
| 24 | 211:5-17 |
| 25 | 213:21-215:12 |
| 26 | 218:17-25 |
| 27 | 219:19-220:2 |
| 28 | 222:22-223:16 |

1
2

226:4-227:20

**EXHIBIT H: PLAINTIFFS' AND RELATORS' DESIGNATION OF WRITTEN DISCOVERY REQUESTS AND RESPONSES**

Pursuant to Local Rules 281(b)(12), Plaintiffs provide the following designations of written discovery responses to be used at trial.  In addition to cover pages, signatures pages, definitions, and verifications, Plaintiffs designate the following requests and responses:

**Interrogatory Responses**

Defendants' Responses to Plaintiff Roy Huskey III's Interrogatories, Set One, September 17, 2020:

> 2

Defendants Further Supplemental Responses to Plaintiff Denika Terry's Interrogatories Set Two No.'s 24 and 25, January 29, 2021:

> 24

> 25

Defendants' Responses to Plaintiff Roy Huskey III's Interrogatories, Set Five, August 27, 2021:

> 18

> 19

> 20

> 22

Defendants' Amended Responses to Plaintiff Roy Huskey III's Interrogatories, Set Five, November 8, 2021:

> 18

Defendants' Further Amended Responses to Plaintiff Roy Huskey III's Interrogatories, Set Five, November 17, 2021:

20

Defendants' Third Further Amended Responses to Plaintiff Roy Huskey III's Interrogatories, Set Five, January 14, 2022:

18

Defendants' Responses to Plaintiff Tamera Livingston's Interrogatories, Set Three, January 17, 2023:

7

Defendants' Further Amended Response to Plaintiff Tamera Livingston's Interrogatories, Set Three No. 6 Only, May 24, 2023:

6

**Responses to Requests for Admission**

Defendants' Responses to Plaintiff Denika Terry's Request for Admissions, Set One, September 17, 2020:

4

11 (erroneously labeled 7)

Defendants' Responses to Plaintiff Denika Terry's Request for Admissions, Set Two, July 19, 2021:

11

12

14

Defendants' Responses to Plaintiff Denika Terry's Request for Admissions, Set Three, August 27,

91

2021:

     16

Defendants' Responses to Plaintiff Denika Terry's Request for Admissions, Set Four, November 15, 2021:

     17

     26

     31

     32

     33

     34

Defendants' Responses to Plaintiff Denika Terry's Request for Admissions, Set Five, December 16, 2021:

     37

     41

     42

     44

     45

     47

     48

     50

Defendants' Responses to Plaintiff Denika Terry's Request for Admissions, Set Eight, May 1, 2023:

     61

     63

64

65

66

67

68

**Responses to Requests for Admission Regarding Genuineness of Documents**

Defendants' Responses to Plaintiff Roy Huskey III's Requests for Admissions Re Genuineness of Documents, Set One, June 7, 2021:

       1-64

Defendants' Amended Responses to Plaintiff Roy Huskey III's Requests for Admissions Re Genuineness of Documents, Set One, August 27, 2021:

       62 (misnumbered in Defendant's  responses as Request for Admission No. 1)

       63 (misnumbered in Defendant's  responses as Request for Admission No. 2)

     64 (misnumbered in Defendant's  responses as Request for Admission No. 3)

Defendants' Responses to Plaintiff Roy Huskey III's Requests for Admissions Re Genuineness of Documents, Set Two, December 13, 2021:

       65-71

Defendants' Responses to Plaintiff Roy Huskey III's Requests for Admissions Re Genuineness of Documents, Set Three, January 14, 2022:

       72-73

**EXHIBIT I: DEFENDANT DEPOSITION DESIGNATIONS**

1       Pursuant to Local Rules 281(b)(12), Defendant provide the following designations of

2   deposition testimony to be used at trial.  In addition to Cover Pages, Reporter's Certificates and

3   the witness's swearing in, Defendant designate, by page and line number, the testimony of:

4   **Cheryl Syme**

5           8:21—21:15

6           26:14—32:8

7   **Barbara Cavey**

8           7:9—23:30

9           38:1—45:12

10  **Jacqueline Rojas**

11          7:12—27:25

12          45:11—56:14

13  **Jodi Parker**

14          8:16—27:19

15          55:10—59:25