UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Denika Terry, et al., | No. 2:15-cv-00799-KJM-DB |
| Plaintiffs, | ORDER |
| v. | |
| Wasatch Advantage Group, LLC, et al., | |
| Defendants. | |

The court bifurcated trial in this case into two phases based on a joint stipulation the parties proposed in 2021. The Phase 1 trial for this case is set to begin on July 30, 2024. Owner and Non-Owner defendants now move to modify the court's order and consolidate the trial into a single phase. The court **denies** the motion.

**I.   BACKGROUND**

In 2021, the parties filed a joint stipulation and proposed order requesting in part bifurcation of the trial. *See* Bifurcation Stip., ECF No. 134. The parties stipulated that, "Phase 1 will determine whether Wasatch Property Management has violated the False Claims Act; the Housing Assistance Payments (HAP) Contract, the Unfair Competition Law, or the Consumer Legal Remedies Act (the Class Claims); and if so, the amount of actual damages and restitution." Bifurcation Order at 4, ECF No. 135. Moreover, "Phase 2 will determine whether the other Defendants for the Class Claims and the other Defendants named as to the False Claims Act

1

1   claim, respectively, are liable for any violations found in Phase 1 [and] penalties and treble
2   damages under the False Claims Act." *Id.*  In support of their request to bifurcate the trial, the
3   parties represented it would "serve both the convenience of the Parties and judicial economy, as
4   [it] will significantly shorten and simplify the proceedings." *Id.*  The court granted the request
5   and bifurcated the trial into two phases. *See* Bifurcation Order at 3–4.  Owner and Non-Owner
6   defendants now request the court "reassess[] and modif[y]" the court's prior order.  Mot. at 2.
7   The motion is fully briefed.  *See* Opp'n, ECF No. 393; Reply, ECF No. 394.  The court submitted
8   the motion without hearing as provided by Local Rule 230(g). *See* Min. Order, ECF No. 397.
9        Owner and Non-Owner defendants argue the motion should be evaluated under Rule 42 as
10  a motion to consolidate or, in the alternative, under Rule 16's good cause standard to amend the
11  scheduling order to allow them to bring the motion. *See* Mem. at 2–3, ECF No. 388-1; Fed. R.
12  Civ. P. 42, 16.  Given that the parties jointly stipulated to bifurcate trial in this case, and
13  defendants now request to reverse the court's order approving the stipulation, the court construes
14  the motion as one for reconsideration under Rule 54(b). *See* Fed. R. Civ. P. 54(b).

15  **II.   LEGAL STANDARD**

16       Rule 54(b) authorizes a district court to revise an interlocutory order.  *See City of Los*
17  *Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001).  A motion to bifurcate is
18  interlocutory in nature, and thus Rule 54(b) applies. *See Claxton v. Cnty. of Colusa*,
19  No. 08-01058, 2010 WL 1286715, at *1 (E.D. Cal. Mar. 29, 2010).  Although Rule 54(b) does
20  not describe the standard for reconsideration, some district courts in the Ninth Circuit, including
21  this court, have imported standards of review from the Rule 60(b) context. *See AmeriColor Corp.*
22  *v. Kosto Food Prod. Co.*, No. 16-00029, 2016 WL 10576634, at *2 (C.D. Cal. June 30, 2016);
23  *Doutherd v. Montesdeoca*, No. 17-02225, 2021 WL 1784917, at *2 (E.D. Cal. May 5, 2021).
24       "Reconsideration is ordinarily appropriate only when controlling law has changed, if new
25  evidence has become available, or when necessary to correct a clear error or prevent manifest
26  injustice." *Sants v. Seipert*, No. 15-00355, 2021 WL 465292, at *6 (E.D. Cal. Feb. 9, 2021)
27  (applying local rule and Rule 60(b) standard).  Absent a showing of manifest injustice, the court
28  will not disturb its prior ruling. *See Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*,

No. 16-00148, 2020 WL 6043935, at *5 (E.D. Cal. Oct. 13, 2020). This court's local rules also govern reconsideration. They require the moving party to provide "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion" or "what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j).

### III.     ANALYSIS

The court first addresses whether the Rule 60 standard, as applicable to Rule 54, has been met. Owner and Non-Owner defendants argue bifurcation "no longer serves the du[a]l aims of judicial economy and avoiding prejudice." Mem. at 2. In their motion, they do not apply the Rule 60 standard; they briefly address it in their reply. *See generally id.*; *see* Reply at 3. There, they identify two changes in circumstances they argue are relevant to the reconsideration standard: the "conflict of interest" defendants recognized in December 2023 that led to their dividing themselves into two groups of defendants, Reply at 3–4, and their learning of "Plaintiffs' stated theory of the case and trial plans," *id.* at 3. In their motion, the moving defendants make several arguments they say make consolidation now necessary under the Rule 42 standard for a motion to consolidate. *See* Mem. at 5–9; Fed. R. Civ. P. 42. Many of the arguments Owner and Non-Owner defendants raise directly contradict the arguments in the parties' joint stipulation requesting bifurcation in 2021. *See* Bifurcation Stip. at 3–5. The joint stipulation identified several specific reasons why bifurcation was necessary in this case, including: (1) "to streamline the proceedings and reach early resolution of the merits issue at the center of the case"; (2) to increase efficiency of discovery; (3) to "serve both the convenience of the Parties and judicial economy"; (4) and to "preserve[] all Parties' federal jury rights because the issues to be tried in Phase 2 will not require reexamination of any issue tried to a jury in Phase 1." After careful review, the court concludes it did not commit clear error in issuing its 2021 bifurcation order.

Further, Owner and Non-Owner defendants do not identify a change in the controlling law, new evidence or a reason why reconsideration is necessary to avoid manifest injustice—in other words, nothing that would warrant reconsideration. *See Sants*, 2021 WL 465292, at *6; *see generally* Mot. The only changes they assert, as noted, are the conflict of interest among the

3

defendants and their learning of the "Plaintiffs' stated theory of the case and trial plans." Reply at 3; *see* Mot. at 3–4.  This case is now approximately nine years old.  A late-stage realization of a conflict of interest among defendants, addressed by the retention of new counsel for some defendants, and new counsel's difference of opinion regarding bifurcation does not support reconsideration.  As plaintiffs point out, when a party "voluntarily cho[oses] [an] attorney as his representative in the action . . . he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962); *see* Opp'n at 7; *see also Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003).  The conflict of interest and resulting new representation do not support a finding of clear error or manifest injustice.

The court also is not persuaded defendants' purported recent awareness of plaintiffs' "stated theory of the case and trial plans" is sufficient to justify granting the motion.  Reply at 3.  Owner and Non-Owner defendants argue "Plaintiffs have represented to Defendants' counsel that they intend to seek liability against WPM based on a theory implicating 'company-wide' practices and policies[,]" which they argue "would require evidence of WPM's relationship . . . [with] defendants not named in the [False Claims Act] claim."  Mot. at 9.  They argue that in this context, plaintiffs would "be able to use the bifurcation as a shield to limit their burden of proof during a Phase 1 trial" by only having to provide proof against WPM and not non-WPM defendants, to whom liability could be imputed in Phase 2.  *See id.*

Owner and Non-Owner defendants' arguments concern the fundamental parameters of the bifurcation order, which have not changed since this court issued the order in 2021.  Their concerns regarding plaintiffs' litigation strategy are uncorroborated, *see generally* Opp'n, and are not supported by the bifurcation order itself, which ultimately governs the case, *see generally* Bifurcation Order.  The parties represented in their joint stipulation that "the corporate relationships that will be at issue in Phase 2 . . . present wholly distinct factual and legal issues from the alleged unlawful conduct . . . to be addressed in Phase 1."  Bifurcation Stip. at 4; *see also* Opp'n at 1–2.  Defendants had not changed their position as late as the partial summary judgment motion hearing on December 8, 2023.  *See* Hr'g Mins., ECF No. 332.  Owner and Non-

Owner defendants' do not explain why the concerns they now have developed were not identifiable at the time they jointly stipulated to bifurcation or why they could not have raised them before now, at the eleventh hour. Mem. at 9; *see generally* Bifurcation Order; E.D. Cal. L.R. 230(j).

The court finds Owner and Non-Owner defendants have not provided evidence or authority to show clear error or manifest injustice. *See Advanced Steel Recovery, LLC*, 2020 WL 6043935, at *5 (denying motion for reconsideration when movant did not show manifest injustice; noting "reconsideration is not an opportunity to make new arguments when they could have been raised in the first instance").

**IV.    CONCLUSION**

The court **denies** Owner and Non-Owner defendants' motion for reconsideration.

This order resolves ECF No. 388.

IT IS SO ORDERED.

DATED: May 21, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE