UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Denika Terry, et al., | No. 2:15-cv-00799-KJM-DB |
| Plaintiffs, | ORDER |
| v. | |
| Wasatch Advantage Group, LLC, et al., | |
| Defendants. | |

Owner and Non-Owner defendants move for judgment on the pleadings on plaintiffs' claim under the False Claims Act and their state causes of action. The court **denies** the motion.

A jury trial for Phase 1 of this case is set to begin on July 30, 2024. *See* Final Pretrial Order at 16, ECF No. 396. The deadline for dispositive motions in the court's scheduling order passed two years ago. *See* Order (Mar. 15, 2022), ECF No. 237; Rule 16 Scheduling Order, ECF No. 143. Though this case has been proceeding for more than nine years, defendants assert they recognized a conflict of interest among themselves for the first time in December 2023 and have now divided themselves into two groups, Wasatch Property Management defendants and Owner and Non-Owner defendants. *See* Ex Parte Appl. at 1, ECF No. 349; *see generally* Am. Joint Pretrial Statement, ECF No. 378. The motion is fully briefed. *See* Mot., ECF No. 387; Opp'n, ECF No. 392; Reply, ECF No. 395. The court submitted the motion without a hearing as provided under Local Rule 230(g). *See* Min. Order, ECF No. 397.

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). To file a motion for judgment on the pleadings after the dispositive motion deadline, the movant must show good cause under Rule 16(b). *See Bland v. Messinger*, No. 20-0051, 2022 WL 1478106, at *2 (E.D. Cal. Apr. 26, 2022). Federal Rule of Civil Procedure 16(b) provides, "[a] schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If the party was not diligent, the inquiry should end." *Id.* (citation omitted).

Owner and Non-Owner defendants recognize the deadline to file dispositive pleadings has passed but do not separately move to modify the scheduling order. *See* Mem. at 3, ECF No. 387-1. In their motion, defendants do argue good cause exists to modify the scheduling order,

> [B]ecause they have been diligent in seeking the relief requested herein, and have worked diligently to review the record and evidence in the case, have resolved entity ownership and representation issues not previously addressed, have submitted, with counsel for Plaintiffs and WPM, two joint pretrial statement submissions, as well as a subsequent joint pretrial statement as directed by the Court[], and have participated in the Final Pretrial Conference[.]

*Id.* at 3. Owner and Non-Owner defendants also cite the conflict of interest among defendants and the fact that the scheduling order has already been modified several times as part of their justification for good cause. *See id.* at 3.

The court is not persuaded by Owner and Non-Owner defendants' arguments. They provide no explanation for why it took nine years to discover the conflict of interest among defendants or why the motion could not have been raised earlier, for example, immediately upon

2

new counsel's association in January 2024. *See generally* Mem.; *Bland*, 2022 WL 1478106, at *2 ("[T]he substitution of new counsel does not justify failure to comply with a scheduling order." (citation omitted)). To demonstrate they were diligent, Owner and Non-Owner defendants reference only instances of their participation that reflect their basic duties in litigating the case, such as reviewing the record, providing joint statements with opposing counsel and participating in the Final Pretrial Conference, by which time they communicated their plan to bring this motion and a separate motion for reconsideration as well. *See* Mem. at 3. They do not provide an explanation of why they have delayed until now to bring this motion. Moreover, they bring this motion on the eve of the Phase 1 trial, which is now less than three months away. *See* Final Pretrial Order at 16. To amend the scheduling order at this late date would threaten the sort of disruption that Rule 16(b) was designed to prevent, namely, to alleviate unwarranted case management problems. *See Johnson*, 975 F.2d at 610; *Duarte Nursery, Inc. v. United States Army Corps of Eng'rs*, No. 13-02095, 2017 WL 416097, at *2–3 (E.D. Cal. Jan. 31, 2017). The court finds Owner and Non-Owner defendants have not demonstrated diligence and thus have not shown good cause for allowing such a tardy and disruptive amendment. *See J.M. v. Red Roof Inns, Inc.*, No. 22-00672, 2024 WL 871870, at *4 (E.D. Cal. Feb. 28, 2024).

The court does not reach the question whether waiver under the court's standing order provides independent grounds for dismissing the motion. *See* Standing Order ¶ 4(A)(e) (citing *Shewbridge v. El Dorado Irrigation Dist.*, No. 05-0740, 2007 WL 1294392, at *3 (E.D. Cal. Apr. 30, 2007)) ("The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.").

For these reasons, the court **denies** Owner and Non-Owner defendants' motion for judgment on the pleadings as untimely.

This order resolves ECF No. 387.

IT IS SO ORDERED.

DATED: May 21, 2024.

CHIEF UNITED STATES DISTRICT JUDGE