UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Denika Terry, et al., | No. 2:15-cv-00799-KJM-DB |
| Plaintiffs, | ORDER |
| v. | |
| Wasatch Advantage Group, LLC, et al., | |
| Defendants. | |

This court issued a final pretrial order for the Phase 1 trial of this case on May 7, 2024. Final Pretrial Order, ECF No. 396. All parties—plaintiffs Danika Terry, et al., Wasatch Property Management ("WPM") defendants and Owner and Non-Owner defendants—timely filed objections. *See* Owner & Non-Owner Defs. Objs., ECF No. 400; WPM Defs. Objs., ECF No. 401; Pls. Objs., ECF No. 402. The court has carefully reviewed the objections and addresses them below. The court will issue an amended final pretrial order once the replacement exhibits ordered below are filed.

All parties object to the ten minutes allotted per party for voir dire. Pls. Objs. at 6; Owner & Non-Owner Defs. Objs. at 2–3; WPM Defs. Objs. at 6–7. The court **overrules** the objection, without prejudice to revisiting the question on the first day of jury selection. *See* Final Pretrial Order at 16. The parties may file proposed jury voir dire questions **no later than seven days before trial**, as stated in the final pretrial order. *See id.* The court will consider the parties'

1   proposals in posing its own questions to the venire and then permit each set of parties to conduct
2   their own questioning.

3         Plaintiffs also request to submit a proposed jury questionnaire, without providing a
4   persuasive explanation of the need for a questionnaire in this case.  Pls. Objs. at 6.  The court
5   **overrules the objection** and finds no juror questionnaire necessary in this matter.

6         Plaintiffs' last objection to the final pretrial order requests the court strike Owner and
7   Non-Owner Defendants' "vague and broadly worded categories" of exhibit and witness lists in
8   Exhibits C and F.  *Id.* at 1–3; Owner & Non-Owner Defs.' Witness List, Ex. C Final Pretrial
9   Order at 21–25, ECF No. 396; Owner & Non-Owner Defs.' Ex. List at 58–65, Ex. F Final Pretrial
10  Order, ECF No. 396.  A large portion of Exhibits C and F are in fact vague and do not provide
11  adequate notice.  *See* E.D. Cal. L.R. 281(b)(10)–(11).  The court **sustains** the objection and
12  directs Owner and Non-Owner Defendants to submit new versions of Exhibits C and F with the
13  specificity required by the local rules **within 14 days** of the filed date of this order.

14        The court is also in receipt of both groups of defendants' objections regarding the trial
15  date and the trial length.  WPM Defs. Objs. at 2–6; Owner & Non-Owner Defs. Objs. at 1–2.
16  Although the court implied as much in its final pretrial order, the court now explicitly confirms it
17  considered and rejected defendants' concerns regarding the trial date and length of trial.  The
18  court is not persuaded a continuance of the trial date is warranted by WPM Defendants' belated
19  argument now that their "lead trial counsel, Joseph A. Salazar, Jr., has a jury trial set for July 25,
20  2024, and is therefore unavailable."  WPM Defs. Objs. at 2.  The parties all consented to July 30,
21  2024 as an available date during the final pretrial conference on March 29, 2024, *see* Mins. Final
22  Pretrial Conf., ECF No. 380, at which Mr. Salazar was present.  The objection is **overruled**, and
23  trial is confirmed to begin on July 30, 2024.  The court will be prepared to discuss the schedule
24  with the parties on the first day of trial, and with more detailed information to consider whether
25  more than two weeks' time will be needed for a fair trial.

26        WPM defendants also object that two defendants, Hayward Senior Apartments and
27  Piedmont Apartments, LP, still do not have conflict-free representation and appear to blame the
28  court in part for the conflict.  *See* WPM Defs. Objs. at 6.  Defendants have known about a

2

potential conflict since December 2023, and the court took care at the final pretrial conference to confirm each defendant had representation at the time.  *See* Mins. Final Pretrial Conf.  Defendants have not provided a persuasive explanation for the inability to resolve questions regarding conflict long before now.  The court notes that if Hayward Senior Apartments and Piedmont Apartments, LP are not natural persons, they must be represented by counsel.  *See D–Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004) ("It is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney." (internal quotation marks and citations omitted)).  If these two entities are not in fact represented, plaintiff could be entitled to default judgment against them.  *See Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007).  The court also **overrules** this objection.

Owner and Non-Owner Defendants also object to the court's use of the term "WAG Defendants."  Owner & Non-Owner Defs. Objs. at 2.  The court **sustains** this objection and will strike the term "WAG Defendants" and replace it with "Owner & Non-Owner Defendants" in the amended final pretrial order.

Owner and Non-Owner Defendants also object to the court's not listing WPM's "disclosed expert witness, Robert Griswold, under the subsection titled 'Impartial Experts or Limitations of Experts.'"  *Id.* at 2.  Neither group of defendants requested the inclusion of Mr. Griswold in the "Impartial Experts or Limitations of Experts" section of the amended joint pretrial statement submitted by the parties.  *See* Final Pretrial Order at 15.  Nonetheless, the court will **sustain** the objection and include Robert Griswold in the section on "Impartial Experts or Limitations of Experts."  The court's inclusion of Mr. Griswold does not prejudge a decision on any motion plaintiffs may file to exclude his testimony at trial.

In conclusion, the court **overrules** the parties' objections regarding the allotted time for voir dire.  The parties may file proposed jury voir dire questions **no later than seven days before trial**.  The court also **overrules** plaintiffs' objection to submit a proposed jury questionnaire.  The court **sustains** plaintiffs' objections regarding vagueness in Owner and Non-Owner defendants' Exhibits C and F and directs Owner and Non-Owner defendants to submit new versions of Exhibits C and F with the specificity required by the local rules **within 14 days** of the filed date

of this order.  Moreover, the court **overrules** both groups of defendants' objections regarding the trial date and length of trial.  The court also **overrules** WPM defendants' objection regarding the representation of Hayward Senior Apartments and Piedmont Apartments, LP.  The court **sustains** Owner and Non-Owner defendants' objection regarding the use of "WAG defendants" in the final pretrial order.  Lastly, the court **sustains** the objection to include Robert Griswold in the final pretrial order section on "Impartial Experts of Limitations of Experts."

     This order resolves ECF Nos. 400, 401 and 402.

     IT IS SO ORDERED.

DATED:  May 26, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE