ARNALL GOLDEN GREGORY LLP
Richard T. Collins (Bar No. 166577)
rich.collins@agg.com
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Telephone: (202) 677-4030

Attorney for Defendants:

ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**OWNER AND NON-OWNER DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 2 TO DEEM DEFENDANTS' UNEQUIVOCAL STATEMENTS AND ADMISSIONS JUDICIAL ADMISSIONS**<br><br>Date: July 12, 2024<br>Time: 10:00 AM<br>Dept: Courtroom 3, 15th Floor<br>Before: Hon. Kimberly J. Mueller<br><br>Trial Date: July 30, 2024 |

4895-1632-2756.v10

| | |
|---|---|
| 1 | SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC, and DOES 1-4,<br><br>        Defendants. |

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM

**DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 2**

## I.     Introduction

Relators' Motion in Limine No. 2 asks the Court to treat nineteen statements as judicial admissions and to preclude Defendants from offering contrary evidence or argument. (ECF 415, the "Motion.") Eighteen of these purported judicial admissions are not statements of any Defendant. Seventeen are paraphrases of *Plaintiffs' statements* for purposes of their partial motion for summary judgment. (ECF 415 at 7-9, Ex. A ¶¶ 1-16, 18 citing ECF 258-1, 326-1.) And another is a paraphrase of the Court's statement in its ruling on that motion. (ECF 415 at 9, Ex. A ¶ 17 citing ECF 278 at 15-16.) Relators' Motion seeks to put these words into Defendants' mouth as "judicial admissions." Though the summary judgment Defendants did no more than accept Plaintiffs' statements as "undisputed" for purposes of summary judgment, Relators mischaracterize that treatment as Defendants "freely admit[ing]" those facts in "responses" that are "unqualified concessions" and "factual admissions." (ECF 415 at 1-2.) Those mischaracterizations do not remotely capture the effect of merely failing to contest a movant's fact for purposes of summary judgment. As for the nineteenth statement, Relator does not simply seek to hold Defendants to what they said. They seek to twist and reinterpret Defendants' statements to prevent argument and evidence that are entirely consistent with the stated facts. For these reasons, Relators' Motion should be denied.

## I.     Plaintiffs' Statements of Material Facts Do Not Become Defendants' Judicial Admissions Simply Because Defendants Did Not Contest Them for Purposes of Summary Judgment.

Fed. R. Civ. P. 56 is clear that non-movants do not forever forfeit the right to contradict their opponents' stated facts for purposes other than summary judgment merely by declining to contest those facts. Fed. R. Civ. P. Rule 56(e) provides that a failure to contest a movant's Rule 56(c) statements of fact[1] allows the court, *inter alia*, to "consider the fact undisputed *for purposes of the motion.*" Fed. R. Civ. P. 56(e)(2) (emphasis added); *see DCR Marketing, Inc. v. U.S. Alliance Group, Inc.*, Case No. SACV 19-1897JVS(DFMx), 2022 WL 16895117, at *2-3 (C.D. Cal. Aug.

---

[1] A non-movant's response to a movant's statement of facts under Rule 56(c) is not a "pleading," as Relators argue. Fed. R. Civ. P. 7.

1

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM

18, 2022) (denying motion in limine to preclude party from refuting uncontested summary judgment facts at trial). "The fact is considered undisputed only for purposes of the motion; if summary judgment is denied, a party who failed to make a proper Rule 56 response or reply remains free to contest the fact in further proceedings." Fed. R. Civ. P. 56, Advisory Committee Notes.

Fed. R. Civ. P. Rule 56(g) allows courts to "treat[] [a] fact as established in the case," but this provision "becomes relevant only after the court has applied the summary-judgment standard carried forward in subdivision (a) to each claim, defense, or part of a claim or defense, identified by the motion." Fed. R. Civ. P. 56(g), Advisory Committee Notes. Critically, Relators did not seek summary judgment on their FCA claim, any element of that claim, or any defense to that claim. (The "SJ Order," ECF 278 at 6, n.2, 17, n.4.) Nor did Relators invoke Rule 56(g) at summary judgment or ask that any facts be deemed established for purposes of their FCA claim. (*See* Plaintiffs' Summary Judgment Motion, ECF 242, 242-1.).

It is too late to do so now. *See DCR Marketing*, 2022 WL 16895117, at *2 ("On summary judgment, Blue Novis might have asked for specific findings under Rule 56(g), but it did not do so."); *see also Mims v. Fed. Express Corp.*, Case No.: CV 13-03947-AB (SSx), 2015 WL 12711651, at *3 (C.D. Cal. Jan. 15, 2015) ("[A] motion in limine is not a substitute for summary judgment and is not the appropriate venue to determine whether [the defendant] has sufficient evidence to succeed on its defense."); *and Enterpr. Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.*, Case No. 2:19-CV-1458-DWC, 2021 WL 12256389 at *5 (W.D. Wash. Nov. 19, 2021) (where court determined on summary judgment there was a genuine issue of material fact to preclude summary judgment precluding argument and evidence on that subject would amount to "relitigat[ing] a motion for summary judgment during a motion in limine"; "this issue is better decided during the trial where [moving party] may object to argument . . . that, for instance, misstates the law"). Even if the Court were to treat Relators' motion in limine as a belated Rule 56(g) motion, the mere failure to contest Plaintiffs' statements for purposes of opposing a motion for partial summary judgment does not constitute a judicial admission.

> Indeed, there are a number of reasons a non-movant might not dispute a contested fact: A nonmovant, for example, may feel confident that a genuine dispute as to one or a

> few facts will defeat the motion, and prefer to avoid the cost of detailed response to all facts stated by the movant. This position should be available without running the risk that the fact will be taken as established under subdivision (g) or otherwise found to have been accepted for other purposes.

Fed. R. Civ. P. 56(g), Advisory Committee Notes. "Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event." Fed. R. Civ. P. 56(g), Advisory Committee Notes; *S.E.C. v. Retail Pro., Inc.*, 2011 WL 589828, at *3 (denying Rule 56(g) motion and granting motion in limine due to "significant risk of confusing the jury and unfairly prejudicing Defendant due to the differing legal standards at issue in the claims decided on summary judgment and those which remain to be decided by the jury"). Relators' briefing does not invoke Rule 56(g) or supply a basis for applying it.

Relators' briefing does not address or even mention Rule 56. Further, the cases on which Relators rely do not support Relators' misplaced contention that the Court should treat the mere decision not to dispute a summary judgment fact as a judicial admission precluding evidence on that fact for purposes of trial, particularly when the claims at trial are entirely distinct from the claims on which Plaintiffs sought summary judgment. *See e.g., Am. Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir. 1988) (judicial admission may be based on trial brief); *U.S. v. Bentson,* 947 F.2d 1353, 1356 (9th Cir. 1991) (concession in oral argument that defendant did not file tax returns precluded appellate argument that government failed to prove he did not file tax returns). Relators' reliance on *In re Twitter* is similarly misplaced, where *In re Twitter* involved a declaration submitted in support of a motion for summary judgment. *See In re Twitter, Inc. Securities Litigation,* No. 4:16-cv-05314-JST, 2020 WL 5904407 (N.D. Cal. Oct. 6, 2020) (finding judicial admissions based on statement from defendants' answer and a declaration submitted in support of summary judgment). Critically, a declaration is an affirmative, sworn statement of fact offered by a person "under penalty of perjury." 28 U.S.C. § 1746. A declaration, therefore, is a far cry from the passive failure to dispute someone else's words, which the *Twitter* court noted:

> The Court will not treat Plaintiff's second proposed fact as a judicial admission. The

3
OWNER AND NON-OWNER DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 2

> "statement" is not quoted verbatim from Defendants' answer, but rather consists of phrases Plaintiffs cobbled together from different paragraphs in the answer. Plaintiffs cite no authority allowing them to rewrite Defendants' language into a form more pleasing to Plaintiffs and then present the product as Defendants' own statement.

*In re Twitter*, 2020 WL 5904407 at *2. Similarly, here, the Plaintiffs' statements of fact for purposes of their partial summary judgment motion constitute their summary of (some of) the evidence in "a form more pleasing to Plaintiffs." Those words should not be presented at the Phase 1 trial "as Defendants' own statement" merely because Defendants did not contest those facts for the limited purpose of summary judgment. *Id.* This is particularly true where, as discussed above, Rule 56 says those facts will be treated as undisputed only for purposes of summary judgment. Fed. R. Civ. P. 56(e)(2). For these reasons the Court should deny Plaintiffs' motion as to facts 1-18 of ECF 418, Exhibit A.

## II. Relators' Cannot Treat Defendants' Statement that WPM "Signed" HAP Contracts as Precluding Evidence and Argument that WPM Is Not a Party to the HAP Contracts.

Relators also seek to treat as a judicial admission a statement that "Wasatch Property Management [("WPM")] is the entity that signs all leases, Additional Services Agreements, and HAP Contracts, manages the properties where Defendants' Section 8 tenants live, and charges and collects the additional service charges at issue in this case" based on stipulations entered by some Defendants. (*See* ECF 415 at 9, Ex. A ¶ 19 citing ECF 135 at 4; ECF 226 at 4). However, rather than hold Defendants to this statement, Relators seek to hold Defendants to a statement they never made and a conclusion that is clearly at odds with the evidence.

Relators assert that Owner and Non-Owner Defendants "dispute that [WPM] *signed and submitted HAP Contracts*." (ECF 415 at 4 (emphasis added) citing ECF 388-1 at 8:23-27.) But Owner and Non-Owner Defendants have not disputed, and do not intend to dispute, that fact. Rather, the document Relators cite as evidence that Owner and Non-Owner Defendants intend to go back on the prior stipulation states: "Plaintiffs will necessarily need to put on evidence regarding the property owners themselves, which are the entities that *actually made the certifications to the PHAs as parties to the HAP Contracts*." (ECF 388-1 at 8:23-27 (emphasis added) citing Sixth Amended

4

Complaint, Exhibit E, at 82 (showing Logan Park Apartments as "Owner" signed the HAP Contract for Plaintiff Roy Huskey).) That observation is not remotely at odds with the fact that WPM signed and submitted HAP Contracts, as discussed below.

Though WPM signed HAP Contracts on behalf of property owners, WPM does not own any of the property at issue and is not a party to any HAP Contract. By law, only property owners can be parties to HAP Contracts. *See e.g.*, SAC, ECF 331 at 82, Exhibit E (Example HAP Contract); 24 C.F.R. § 982.456(c); *see also, Reyes-Garay v. Integrand Assur. Co.*, 818 F.Supp.2d 414, 432 (D.P.R. 2011). In accordance with this law, on its face, each HAP Contract is between the applicable property owner and the applicable PHA. (*See id.*) Thus, WPM was not, and could not have been, a party to any HAP Contract. That WPM signed HAP Contracts on behalf of the property owners who were parties to those contracts does not make WPM a party to those contracts. Relators do not, and cannot, point to any statement by Defendants that is in any way contrary to the argument and evidence that Relators are really trying to preclude—that Relators must address the acts, omissions, and knowledge of "the property owners, which are the entities that actually made the certifications to the PHAs as parties to the HAP Contracts." (ECF 388-1 at 8:23-27.) Here, Defendants do not intend to contradict the statement to which Relators point. Instead, Relators' "real dispute is over the substantive ramifications of these admissions," and the Court should decline Relators' invitation "to turn the procedural motion into a summary judgment." *DCR Marketing Inc.*, 2022 WL 16895117, at *1 (holding that defendant could not contradict admissions in its answer and declining to address the substantive ramifications of the admitted fact).

//
//
//
//
//
//

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM

| | |
|---|---|
| Dated: June 21, 2024 | **ARNALL GOLDEN GREGORY LLP** |
| | By: */s/ Richard T. Collins* |
| | Richard T. Collins |
| | Attorneys for Defendants: |
| | ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC |

OWNER AND NON-OWNER DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 2