ARNALL GOLDEN GREGORY LLP
Richard T. Collins (Bar No. 166577)
rich.collins@agg.com
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Telephone: (202) 677-4030

Attorney for Defendants:

ASPEN PARK HOLDINGS, LLC; BENT TREE
APARTMENTS, LLC; CAMELOT LAKE HOLDINGS,
LLC; CALIFORNIA PLACE APARTMENTS, LLC;
CANYON CLUB HOLDINGS, LLC; CHESAPEAKE
APARTMENT HOLDINGS, LLC; COURTYARD AT
CENTRAL PARK APARTMENTS, LLC; CREEKSIDE
HOLDINGS, LTD; HERITAGE PARK APARTMENTS,
LP; PEPPERTREE APARTMENT HOLDINGS, LP;
RIVER OAKS HOLDINGS, LLC; SHADOW WAY
APARTMENTS, LP; WASATCH ADVANTAGE GROUP,
LLC; WASATCH PREMIER PROPERTIES, LLC;
WASATCH QUAIL RUN GP, LLC; WASATCH POOL
HOLDINGS, LLC; WASATCH POOL HOLDINGS III,
LLC

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELE PHONE (202) 677-4030
WWW.AGG.COM

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

UNITED STATES OF AMERICA, *ex rel.*
DENIKA TERRY, ROY HUSKEY III, and
TAMERA LIVINGSTON, and each of them for
themselves individually, and for all other persons
similarly situated and on behalf of the UNITED
STATES OF AMERICA

     Plaintiffs/Relators,

vs.

WASATCH ADVANTAGE GROUP, LLC,
WASATCH PROPERTY MANAGEMENT,
INC., WASATCH POOL HOLDINGS, LLC,
CHESAPEAKE APARTMENT HOLDINGS,
LLC, LOGAN PARK APARTMENTS, LLC,
LOGAN PARK APARTMENTS, LP, ASPEN
PARK HOLDINGS, LLC, BELLWOOD
JERRON HOLDINGS, LLC, BELLWOOD
JERRON APARTMENTS, LP, BENT TREE
APARTMENTS, LLC, CALIFORNIA PLACE
APARTMENTS, LLC, CAMELOT LAKES
HOLDINGS, LLC, CANYON CLUB
HOLDINGS, LLC, COURTYARD AT
CENTRAL PARK APARTMENTS, LLC,
CREEKSIDE HOLDINGS, LTD, HAYWARD

Case No.: 2:15-CV-00799-KJM-DB

CLASS ACTION

**OWNER AND NON-OWNER
DEFENDANTS' OPPOSITION TO
RELATORS' MOTION IN LIMINE NO. 3
(ECF 416) TO PRECLUDE REFERENCE
TO FALSE CLAIMS ACT REMEDIES
AND LIMIT EVIDENCE REGARDING
THE RELATORS' SHARE**

Date:   July 12, 2024
Time:  10:00 AM
Dept:   Courtroom 3, 15th Floor
Before: Hon. Kimberly J. Mueller

Trial Date:   July 30, 2024

SENIOR APARTMENTS, LP, HERITAGE
PARK APARTMENTS, LP, OAK VALLEY
APARTMENTS, LLC, OAK VALLEY
HOLDINGS, LP, PEPPERTREE APARTMENT
HOLDINGS, LP, PIEDMONT APARTMENTS,
LP, POINT NATOMAS APARTMENTS, LLC,
POINT NATOMAS APARTMENTS, LP,
RIVER OAKS HOLDINGS, LLC, SHADOW
WAY APARTMENTS, LP, SPRING VILLA
APARTMENTS, LP, SUN VALLEY
HOLDINGS, LTD, VILLAGE GROVE
APARTMENTS, LP, WASATCH QUAIL RUN
GP, LLC, WASATCH PREMIER
PROPERTIES, LLC, WASATCH POOL
HOLDINGS III, LLC,
and DOES 1-4,

Defendants.

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE (202) 677.4030
WWW.AGG.COM

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE (202) 677-4030
WWW.AGG.COM

**DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 3**

Relators' Motion in Limine No. 3, ECF 416 ("Ps-MIL 3"), seeks to "exclude . . . any direct or indirect reference, evidence, questioning, or argument informing the jury: (1) that damages under the FCA are trebled; (2) that penalties are assessed for violations of the FCA; or (3) that Relator is entitled to attorneys' fees, costs, and expenses if successful" under the Federal Rules of Evidence 402 and 403. Ps-MIL 3 at 1.

Owner and Non-Owner Defendants ("Defendants") do not oppose Relators' request to exclude evidence and argument related to: (1) trebled damages; or (2) civil penalties; but (3) Defendants do oppose excluding reference to the Relators' potential to receive a share of any FCA recovery should a Relator testify at trial. As to the latter, the jury is entitled to know that Relators in this case stand to benefit financially if the jury finds that Defendants violated the FCA. This evidence is directly relevant to the jury's assessment of the Relators' credibility and bias and should therefore be admissible for impeachment purposes if a Relator testifies.

**I.   Argument**

**A.   The potential for a relator's share is relevant to bias and credibility.**

A central principle in evaluating the credibility of a witness is that witness's potential biases. *See United States v. Abel*, 469 U.S. 45, 49–52 (1984). A party's financial interest in a lawsuit is a classic form of bias that is routinely admitted into evidence. *See*, *e.g.*, *United States v. Dees*, 34 F.3d 838, 844 (9th Cir. 1994) (a witness's "financial interest in the outcome of [a] trial" is "critical to the jury's determination" of the witness's credibility); *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 723 (N.D. Ill. 2014) ("Financial interest in a case is always relevant to the question of bias. . . ." (citing *Tumey v. State of Ohio*, 273 U.S. 510, 521 (1927))). Where a witness has a direct financial stake in the outcome of a case, evidence of that financial stake is relevant and admissible to demonstrate the witness's bias. *U.S. Wholesale Outlet & Distribution, Inc. v. Living Essentials, LLC*, 2021 WL 3598726, at *4 (C.D. Cal. Apr. 20, 2021) ("Bias includes a witness' self-interest in the outcome of the litigation.").

Here, evidence that the Relators may be entitled to a "relator's share" of any FCA recovery under 31 U.S.C. § 3730(d) is relevant to the jury's determination of the Relators' credibility, should

1   any Relator testify. *See*, *e.g.*, *United States ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, 2007 WL

2   851868, at *1 (D.D.C. Mar. 14, 2007) ("[T]he fact that relator has a significant financial interest in

3   this litigation is fair game for cross-examination, as it pertains to relator's potential bias."); *United*

4   *States ex rel. Savage v. CH2M Hill Plateau Remediation Co.*, 2021 WL 802125, at *2 (E.D. Wash.

5   Jan. 11, 2021) (similar); *Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, 2014 WL 12634926, at *2 (M.D.

6   Fla. June 19, 2014) ("The fact that [r]elator would share in the total recovery is admissible."); *United*

7   *States ex rel. Kiro v. Jiaherb, Inc.*, 2019 WL 2869186, at *4 (C.D. Cal. July 3, 2019) ("[W]hen a

8   relator will testify at trial . . . a defendant is permitted to raise to the jury any challenges to the

9   relator's credibility" including challenges relating to "self-interest").

10      Defendants do not oppose excluding evidence of any relator's share if no Relator testifies.

11   However, if a Relator testifies, evidence of the relator's share is directly relevant to the jury's

12   assessment of that Relator's potential bias, as it offers a powerful financial motive for that Relator

13   to distort facts or overstate the strength of his or her claims. Exclusion of this highly probative

14   evidence would therefore unfairly prejudice Defendants.

15      **B.   Evidence of the size of any relator's share is also relevant to credibility.**

16      Relators argue that the Court must "preclude any reference to the *amount* of the relators'

17   share as speculative and unduly prejudicial." (Ps-MIL 3 at 5 (emphasis original).) Relators cite no

18   case authority in support of this argument.

19      Courts have repeatedly allowed relator's share evidence where a relator testifies. *See*, *e.g.*,

20   *Graves v. Plaza Med. Centers, Corp.*, 2017 WL 3895438, at *2 (S.D. Fla. Sept. 6, 2017) ("The

21   defendants may offer evidence of . . . the relator's entitlement to a percentage share of any damages

22   recovery.");[1] *Miller*, 2007 WL 851868 at *1; *Savage*, 2021 WL 802125, at *2; *Baklid-Kunz*, 2014

23   WL 12634926, at *2. At the very least, this would include information on Relators' entitlement to

24   between a 25–30% share of any recovery under § 31 U.S.C. §3730(d)(2). But it should also include

25   the potential *amount* of Relators' recovery: "Pecuniary interest may be shown to prove bias,

26   including the amount of money at issue, because the jury may reasonably believe that the willingness

27

28   _____
    [1] *Graves* also allowed evidence of "trebling of damages and penalties under the False Claims Act."
    2017 WL 3895438, at *2.

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE (202) 677-4030
WWW.AGG.COM

OWNER AND NON-OWNER DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3

1  of a witness to lie or shade testimony would be affected, not only by whether the results may benefit

2  him, but also by how much." *Wyatt Tech. Corp. v. Malvern Instruments, Inc.*, 2010 WL 11505684,

3  at *23 (C.D. Cal. Jan. 25, 2010) (quoting *Dees*, 34 F.3d at 844 ), *aff'd in part*, 526 F. App'x 761

4  (9th Cir. 2013). A relator, particularly in a declined case, has a substantial incentive to seek the

5  largest possible recovery. Allowing the jury to understand the amount that Relators may receive for

6  their participation in the case, if successful, helps to shed light on the Relators' motivation and their

7  choices in bringing and litigating this case. Its "probative value" is significant and not outweighed

8  by any "unfair prejudice" under Rule 403. *See Dees*, 34 F.3d at 844.

9      In addition, should Defendants, rather than Relators, choose to call a Relator to testify,

10  Defendants should be permitted to impeach based on relator's share as appropriate "depending on

11  the substance of" the Relator's testimony—as courts have previously allowed in FCA cases. *See*

12  *Scollick ex rel. United States v. Narula,* 2024 WL 2017132, at *7 (D.D.C. May 7, 2024); *United*

13  *States ex rel. Landis v. Tailwind Sports Corp.*, 292 F. Supp. 3d 211, 215 (D.D.C. 2017) (permitting

14  impeachment on relator share "depending on the substance of [relator's] testimony"). Defendants

15  recognize, however, that they may not call the Plaintiff-Relators "solely for the purpose of . . .

16  highlighting [their] motivation for filing the *qui tam* action." *See id.*

17  **II.    Conclusion**

18      For the reasons set forth above, Relators' Motion in Limine No. 3 should be denied in part.

19  The Court should permit evidence and argument regarding the Relators' potential to receive a

20  "relator's share" of any FCA recovery if a Relator testifies at trial.

21  //

22  //

23  //

24  //

25  //

26  //

27

28

ARNALL GOLDEN GREGORY LLP

A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE (202) 677-4030
WWW.AGG.COM

OWNER AND NON-OWNER DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3

1   Dated: June 21, 2024                    **ARNALL GOLDEN GREGORY LLP**

2

3                                          By:  */s/ Richard T. Collins*
                                                Richard T. Collins
4                                               Attorneys for Defendants:

5                                               ASPEN PARK HOLDINGS, LLC; BENT TREE
                                                APARTMENTS, LLC; CAMELOT LAKE
6                                               HOLDINGS, LLC; CALIFORNIA PLACE
                                                APARTMENTS, LLC; CANYON CLUB
7                                               HOLDINGS, LLC; CHESAPEAKE
                                                APARTMENT HOLDINGS, LLC;
8                                               COURTYARD AT CENTRAL PARK
                                                APARTMENTS, LLC; CREEKSIDE
9                                               HOLDINGS, LTD; HERITAGE PARK
                                                APARTMENTS, LP; PEPPERTREE
10                                              APARTMENT HOLDINGS, LP; RIVER OAKS
                                                HOLDINGS, LLC; SHADOW WAY
11                                              APARTMENTS, LP; WASATCH
                                                ADVANTAGE GROUP, LLC; WASATCH
12                                              PREMIER PROPERTIES, LLC; WASATCH
                                                QUAIL RUN GP, LLC; WASATCH POOL
13                                              HOLDINGS, LLC; WASATCH POOL
                                                HOLDINGS III, LLC
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE (202) 677-4030
WWW.AGG.COM

OWNER AND NON-OWNER DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3