ARNALL GOLDEN GREGORY LLP
Richard T. Collins (Bar No. 166577)
rich.collins@agg.com
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Telephone: (202) 677-4030

Attorney for Defendants:

ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**OWNER AND NON-OWNER DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE AND ARGUMENT CONTRARY TO THE COURT'S SUMMARY JUDGMENT FINDINGS**<br><br>Date:   July 12, 2024<br>Time:   10:00 AM<br>Dept:   Courtroom 3, 15th Floor<br>Before: Hon. Kimberly J. Mueller<br><br>Trial Date:   July 30, 2024 |

1  SENIOR APARTMENTS, LP, HERITAGE
   PARK APARTMENTS, LP, OAK VALLEY
2  APARTMENTS, LLC, OAK VALLEY
   HOLDINGS, LP, PEPPERTREE APARTMENT
3  HOLDINGS, LP, PIEDMONT APARTMENTS,
   LP, POINT NATOMAS APARTMENTS, LLC,
4  POINT NATOMAS APARTMENTS, LP,
   RIVER OAKS HOLDINGS, LLC, SHADOW
5  WAY APARTMENTS, LP, SPRING VILLA
   APARTMENTS, LP, SUN VALLEY
6  HOLDINGS, LTD, VILLAGE GROVE
   APARTMENTS, LP, WASATCH QUAIL RUN
7  GP, LLC, WASATCH PREMIER
   PROPERTIES, LLC, WASATCH POOL
8  HOLDINGS III, LLC,
   and DOES 1-4,
9
          Defendants.
10

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM

**DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 1**

Relators' motion in limine No. 1 to exclude evidence or argument contrary to the Court's summary judgment findings should be denied because it is a clear attempt from Relators to shortcut their burden of proof at trial and prevent Defendants from defending against *unproven* False Claims Act ("FCA") allegations, as is their right. In their bid to keep the jury from hearing relevant evidence that contradicts their case, Relators invoke Fed. R. Civ. P. 56(a) which they note "allows parties to move for summary judgment on 'part of [a] claim or defense.'" (ECF 412 at 4.) But Relators' ignore the fact that they did not seek summary judgment, and the Court did not rule, on their FCA claim, any of the elements to the FCA, or on any affirmative defenses to the FCA. (the "SJ Order," ECF 278 at 6, n.2, 17, n.4.)[1] Accordingly, the Court's partial summary judgment order expressly did not rule on Relators' FCA claim. (*Id.*)

Relators' FCA claim, unlike the private state law claims, which focus on the legal and contractual relationships between landlords and tenants under state law, is brought on behalf of the United States government and focuses on whether claims submitted to the government for payment under the federal HCV program were false. "The False Claims Act is not an all-purpose antifraud statute or a vehicle for punishing garden-variety breaches of contract or regulatory violations." *Univ. Health Servs., Inc. v. U.S.*, 579 U.S. 176, 193 (2016) (cit. and quot. marks omitted). An FCA claim turns on whether the claim for payment was false, whether the falsity was material to the government's decision to pay the claim, and whether the claimant knew that the false certification in the claim was material to the decision to pay the claim. Defendants intend to offer at trial, substantial evidence that Relators allegations fail to meet and/or satisfy each of these statutorily-required elements in the FCA.

---

[1] For these reasons, the SJ Order is not relevant to any issue remaining in the case and evidence about it should be excluded because it poses "significant risk of confusing the jury and unfairly prejudicing Defendant[s] due to the differing legal standards at issue in the claims decided on summary judgment and those which remain to be decided by the jury." *S.E.C. v. Retail Pro., Inc.*, No. 08cv1620-WQH-RBB, 2011 WL 589828, at *3 (S.D. Cal. Feb. 10, 2011). (Owner and Non-Owner Defendants' Motion in Limine No. 2 to Exclude Evidence Related to the Court's Partial Summary Judgment Order, ECF 405 at 3-6.)

Upon Defendants' motion for partial summary judgment, the SJ Order considered some of this evidence and determined that Plaintiffs had enough contrary evidence and inferences to offer that the jury should weigh the competing evidence and decide the issues for itself. (SJ Order at 16-17.) The Court did not rule that this evidence was irrelevant, or that it was not probative of the elements of Relators' FCA claim in light of its rulings on Plaintiffs state law claims. To the contrary, the very same SJ Order that Relators claim precludes Defendants from offering evidence contradicting Relators' evidence of falsity, materiality, and scienter expressly states that "there exists a dispute of material fact as to whether defendants made false statements or engaged in a fraudulent course of conduct by certifying they complied with regulations and HAP contract provisions, specifically the prohibition on accepting 'payments or other consideration' beyond the agreed-upon rent." (*Id.* at 17.)

Notwithstanding the Court's express conclusion that these issues were in dispute, Relators now ask the Court to instruct the jury "that the element of falsity has been satisfied." (ECF 412 at 5.) Relators also seek to preclude the jury from considering "*[a]ny* testimony or other evidence *calling into question* whether the charges are in fact a violation of the HAP Contract and federal law, or any argument to the same effect." (ECF 412 at 4 (emphasis added).) This would include any evidence about Defendants' disclosure of the allegedly violative conduct to the PHAs who administer the HCV program and those PHAs' actions in the face of such knowledge, as well as expert testimony regarding the HCV requirements. (ECF 412 at 6-7.)

Evidence of the WPM's and government payors' understanding of the HCV requirements and the relationship of those requirements to payment of claims is, of course, highly relevant to the FCA elements of falsity, materiality, and scienter. Further, those elements, focused as they are on Defendants' and government payors' understandings of the relevant rules and their implications for payments of claims, are entirely distinct from Plaintiffs' state law claims. Even Relators' leading case specified that it would *not* "preclude the parties from, *inter alia*, presenting admissible testimony and evidence regarding their understanding of what the APA meant by 'Buyer's historical reporting practices' or whether the $125,000 deduction . . . was in compliance with the APA." *Miranda v. U.S. Security Assocs., Inc.*, Case No. 18-CV-00734-LHK at *4 (N.D. Cal. July 8, 2019).

The elements of falsity, materiality, and scienter focus on the relevant parties' understanding of the regulatory requirements and their relationship to claims and payments. Relators' explicitly argued at summary judgment that triable issues of fact remained on their FCA claim (SJ Order at 6 n.2), yet with this motion, Relators now seek to stretch the Court's summary judgment ruling to preclude evidence and testimony on issues that Relators' did not seek summary judgment in order to improperly shortcut their burden of proof to the jury at trial.

In the Phase 1 proceeding, the issue will be whether WPM submitted false claims that were material to the government's payment decision with the requisite *scienter*—all of which focus on WPM's and government payors' understandings, which the Court expressly did not decide in the SJ Order. As a result, Relators cannot preclude testimony from PHA witnesses, or any other relevant defense witness, who will testify to the policies and practices of the relevant PHAs and the requirements of the HCV program. In fact, under the false certification theory of liability, Relators must prove to the jury that WPM knowingly failed to comply with the statutory and regulatory requirements governing the HCV program. Relators have put these statutes and regulations directly at issue by bringing this action, and to preclude Defendants from introducing testimony regarding these rules and regulations would violate their right to defend themselves. It should come as no surprise to Relators that Defendants dispute their allegations and Relators cannot now seek shortcuts to limit their burden of proof at trial by artificially limiting the facts before the jury to those facts that suit the Relators' case. If Relators did not want their FCA claim decided by a jury, they should have, and could have, moved for summary judgment; however, Relators chose not to do so. As a result, Relators cannot now shoehorn summary judgment findings on other claims, which are distinct from the FCA claims, to prevent Defendants from putting forth a full defense in front of the jury, as is Defendants' right.

In their bid to prevent the jury from hearing relevant evidence about the meaning of the HCV requirements and their relationship to eligibility for government payment, Relators assert that the Supreme Court's holding in *U.S. ex rel. Schutte v. Supervalu Inc.*, 598 U.S. 739 (2023), means that, before a defendant may challenge scienter, it must first lay a "foundation establishing that the witness held the belief during the time false claims were being submitted." (ECF 412 at 5-6.) That

was not the Court's holding. The Court held that where the government (or a relator) offered evidence that the defendant subjectively knew that its conduct violated a requirement that would disqualify it from receiving payment, an ambiguity in the requirement would not preclude a finding of scienter based on the defendant's subjective belief that its actions disqualified it from payment. *Supervalu*, 598 U.S. at 757. Thus, as it relates to scienter, the threshold question is whether there is evidence that the defendant subjectively believed that its conduct disqualified it from payment. *Id.* Relators point to no such evidence. Instead, in the absence of such subjective knowledge, they invert the analysis to require that, before a defendant may challenge scienter—including by pointing to language in the rules and actions by that PHAs supporting its subjective belief that it was acting legally—it must first lay a "foundation establishing that the witness held the belief during the time false claims were being submitted." (ECF 412 at 5.) Nothing in *Supervalu* supports Relators' invitation to presume scienter and to reject any evidence contrary to scienter unless and until a defendant can prove that it had considered such evidence before a claim was submitted.

In short, to avoid dealing with clear evidence of a lack of falsity, materiality, and scienter, Relators seek to deprive the jury of this evidence altogether and even to obtain an instruction that the element of falsity has been satisfied, thus, effectively and improperly converting their motion in limine into a belated motion for summary judgment on the FCA. *See Mims v. Fed. Express Corp.*, Case No.: CV 13-03947-AB (SSx), 2015 WL 12711651, *3 (C.D. Cal. Jan. 15, 2015) ("[A] motion in limine is not a substitute for summary judgment and is not the appropriate venue to determine whether [the defendant] has sufficient evidence to succeed on its defense."); *Enterpr. Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.*, Case No. 2:19-CV-1458-DWC, 2021 WL 12256389 at *5 (W.D. Wash. Nov. 19, 2021) (where court determined on summary judgment there was a genuine issue of material fact to preclude summary judgment precluding argument and evidence on that subject would amount to "relitigat[ing] a motion for summary judgment during a motion in limine"; "this issue is better decided during the trial where [moving party] may object to argument . . . that, for instance, misstates the law").

Relators are required to prove every element of their FCA claim, and Defendants are entitled to present evidence rebutting those elements. Defendants should not be precluded from putting on

4

admissible evidence of the Defendants' and the PHAs' understanding of what was required of owners under the relevant HCV requirements in order to receive rent subsidies for HCV tenants. *Mims*, 2015 WL 12711651 at *1 ("Although district courts have broad discretion in ruling on motions in limine, courts must be careful not to use them to resolve factual disputes or to weigh evidence.")(citing Jones, et al., Rutter Group Prac. Guide Fed. Civ. Trials & Evid., ¶ 4:345 (The Rutter Group, 2006) ("Motions in limine may not be used, however, as a disguise for a motion for summary judgment or to dismiss.").)

Dated: June 21, 2024              **ARNALL GOLDEN GREGORY LLP**

By: */s/ Richard T. Collins*
    Richard T. Collins
    Attorneys for Defendants:

ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC