ARNALL GOLDEN GREGORY LLP
Richard T. Collins (Bar No. 166577)
rich.collins@agg.com
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Telephone: (202) 677-4030

Attorney for Defendants:

ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**OWNER AND NON-OWNER DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 4 (ECF 418) TO EXCLUDE EVIDENCE OF GOVERNMENT NON-INTERVENTION**<br><br>Date:   July 12, 2024<br>Time:  10:00 AM<br>Dept:   Courtroom 3, 15th Floor<br>Before: Hon. Kimberly J. Mueller<br><br>Trial Date:    July 30, 2024 |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC,<br>and DOES 1-4,<br><br>       Defendants. |

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM

**DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 4**

Relators' Motion in Limine No. 4, ECF 418 ("Ps-MIL 4"), seeks to exclude any mention at trial of the Government's decision not to intervene in this FCA action. Relators argue that any evidence or argument related to the Government's non-intervention in the case, which they contend includes statements by DOJ employees regarding the Government's rationale for declining to intervene, is irrelevant to the merits of the claims and would be unfairly prejudicial and confusing to the jury.

Owner and Non-Owner Defendants ("Defendants") do not oppose Relators' request to exclude evidence regarding the Government's decision not to intervene *in general*. However, Defendants oppose their request to exclude statements by DOJ employees regarding the Government's assessment of the *merits* of the case. These statements are relevant, non-hearsay statements that are probative of Relators' FCA claims.

**I.    Argument**

**A. Courts generally find evidence regarding non-intervention irrelevant absent additional information on the Government's reasoning.**

It is true that, as a general principle, courts exclude evidence regarding the Government's decision not to intervene in an FCA action. *See*, *e.g.*, *United States ex rel. Kiro v. Jiaherb, Inc.*, 2019 WL 2869186, at *2 (C.D. Cal. July 3, 2019). That is because the Government's decision not to intervene may be driven by any one of "myriad reasons," including "limited prosecutorial resources," "confidence in the relator's attorney," or other reasons unrelated to the merits of the claims. *See United States ex rel. Chandler v. Cook County*, 277 F.3d 969, 974 n.5 (7th Cir. 2002), *aff'd*, 538 U.S. 119 (2003). Accordingly, the Government's decision not to intervene—standing alone—is "irrelevant" within the meaning of Rule 402. *See United States ex rel. Raven v. Georgia Cancer Specialists I, P.C.*, 2021 WL 4080863, at *2 (N.D. Ga. Mar. 30, 2021).

**B. The Government's statements regarding the merits of a case are relevant.**

The situation is different, however, where, as here the Government makes specific statements regarding its views on the *merits* of the case. *See United States ex rel. El-Amin v. George Washington Univ.*, 533 F. Supp. 2d 12, 20 (D.D.C. 2008) (evidence of non-intervention not relevant

1

where "there is no evidence linking the [G]overnment's nonintervention with its actual motivation for doing so"); *United States v. Aerojet Rocketdyne Holdings, Inc.*, 381 F. Supp. 3d 1240, 1248 (E.D. Cal. 2019) (non-intervention not relevant where "there is no reason believe that the decision not to intervene is a comment on the merits of this case"); *Scollick ex rel. United States v. Narula*, 2024 WL 2017132, at *5 (D.D.C. May 7, 2024) (nonintervention irrelevant where government may have declined because it was "unable to complete its investigation before the intervention period expired" (quotations omitted)); *see also* ECF 412-2 at 75 (Bellows Decl. Exs. 10 (Raymond Dep. Exs. 12 (WCDS 1166402))) (DOJ indicated "it did not believe that the [Plaintiff-Relators'] case had much merit").[1] In that situation, the issue is not non-intervention itself, but the Government's views on the merits of the claims. *See United States ex rel. Ubl v. IIF Data Sols.*, 650 F.3d 445, 457 (4th Cir. 2011) (cited in Ps-MIL 4 at 2) (admitting evidence of Government's ongoing relationship with defendant despite FCA suit and noting admission of this evidence was "in no way inconsistent with the exclusion of evidence related to decision not to intervene"). That is why the cases in which courts have excluded evidence regarding the Government's decision not to intervene do not consider specific statements by the Government regarding the merits of a relator's FCA claims. *See, e.g.*, *Kiro*, 2019 WL 2869186 at *2 (noting non-intervention "does not mean that the government believes the claims are without merit" (quotations omitted)); *United States ex rel. Savage v. CH2M Hill Plateau Remediation Co.*, 2021 WL 802125, at *1 (E.D. Wash. Jan. 11, 2021) (same); *United States ex rel. Feldman v. van Gorp*, 2010 WL 2911606, at *2 (S.D.N.Y. July 8, 2010) (noting Government "explicitly provided" that its non-intervention decision was "not probative of any matter concerning the merits of relator's claims").

Where Government employees or agents make statements regarding the merits of a relator's FCA claims, those statements are unquestionably "relevant" within the meaning of Rule 402. There is no ambiguity as to the "myriad reasons" the Government declined to intervene, *Chandler*, 277 F.3d at 974 n.5, and the Government's view of the merits relates to—at the very least—materiality,

---

[1] *Polansky v. Exec. Health Res., Inc.*, 422 F. Supp. 3d 916, 938 (E.D. Pa. 2019) (finding non-intervention relevant when the Government "[goes] even further" and seeks dismissal, thereby expressing its "apparent view that Relator's claims are not worthy"), *aff'd in part, vacated in part sub nom.* 17 F.4th 376 (3d Cir. 2021), *aff'd sub nom.*, 599 U.S. 419 (2023).

which is one element of an FCA violation. *See*, *e.g.*, *United States ex rel. Jackson v. DePaul Health Sys.*, 454 F. Supp. 3d 481, 501 n.31 (E.D. Pa. 2020) (decision not to intervene relevant to materiality); *United States ex rel. Mitchell v. CIT Bank, N.A.*, 2022 WL 812364, at *11 (E.D. Tex. Mar. 16, 2022) (noting "Government's decision *and explanation* to deny intervention based on its investigation is probative of materiality" (emphasis added)); *United States v. Bayada Homes Health Care, Inc.*, 2024 WL 2013892, at *10 (D.N.J. May 7, 2024) (noting "declination of intervention is relevant to the materiality argument" but not dispositive).[2]

**C. The Government's statements on the merits of a case are not unfairly prejudicial.**

Evidence of the Government's merits views is also not unfairly prejudicial under Rule 403. Although Relators argue that the Government's decision not to intervene "carr[ies] a high potential to cause prejudice and confusion," (Ps-MIL 4 at 2), they rely on only a single case, *Savage*. *See* 2021 WL 802125 at *1. *Savage* is distinguishable, however. The concern in *Savage* was that the fact of non-intervention, standing alone, was "irrelevant" and "highly prejudicial in that it could allow the jury to draw the inference that [r]elator's claim is substantively weak." *Id.* (quotations omitted). This prejudice arose because non-intervention "does not mean that the government believes the claims are without merit." *Id.* at *1 (quotations omitted). Here, the issue is not non-intervention itself, but statements regarding the merits of Plaintiff-Relators' claims. Those statements *do* mean—or are at least relevant to the question of whether—"the government believes the claims are without merit." *See id.* Thus, these statements are not *unfairly* prejudicial under Rule 403: To the extent they "allow the jury to draw the inference" that Relators' claims are "substantively weak," that is only because that inference is appropriate and permissible to draw. *See id.*; *United States ex rel. Laymon v. Bombardier Transp. (Holdings) USA, Inc.*, 656 F. Supp. 2d 540, 549 (W.D. Pa. 2009) ("[S]imply because this evidence tends to hinder [the relator's] case while perhaps aiding the [d]efendant's case is not a proper ground for exclusion."). In any event, to the extent there is any unfair prejudice, the Court can issue limiting instructions to guide the jury's consideration of the Government's statements. *See Sidibe v. Sutter Health*, 2024 WL 2822733, at

---

[2] *See also United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 44 F.4th 838, 845 (9th Cir. 2022) (materiality element of FCA claim); 31 U.S.C. § 3729(b)(4) (definition of material).

\*22 (9th Cir. June 4, 2024) (jury instruction may "cure[] any risk of unfair prejudice or confusion of issues"); *United States v. Gross*, 424 F. Supp. 3d 800, 810 (C.D. Cal. 2019) (unfair prejudice may be "ameliorated by proper jury instructions").

### D. The Government's statements are non-hearsay opposing party statements.

Relators also argue that statements from Government employees are inadmissible hearsay. (Ps-MIL 4 at 1.) But Fed. R. Evid. 801(d)(2) defines as non-hearsay any "statement offered against an opposing party" that was made "by the party," "by a person whom the party authorized to make a statement on the subject," or "by the party's agent or employee on a matter within the scope of that relationship and while it existed." Statements Defendants may seek to introduce that were made by the Government or its agents are "statements offered against an opposing party." *See Little v. Shell Expl. & Prod. Co.*, 2017 WL 4742917, at \*27 (S.D. Tex. Aug. 18, 2017). As explained in *Little*:

> Relators represent the interests of the United States in this action. Therefore, the interviews of the United States' agents and employees regarding the United States' position on the legality of [Defendants' conduct] constitute statements offered against an opposing party and are not hearsay [under Rule 801(d)(2)].

*Id; see also United States ex rel. Milam v. Regents of Univ. of Calif.*, 912 F. Supp. 868, 880 (D. Md. 1995) (holding that a statement by a government agency constitutes a statement of a party opponent in a non-intervened FCA case for purposes of Rule 801(d)(2) because the government is the real party in interest); *United States ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.*, 972 F. Supp. 2d 1339, 1358 & n.20 (N.D. Ga. 2013) (similar). Accordingly, statements by DOJ, including statements regarding its views on the merits on the FCA claims here, are non-hearsay and do not need to satisfy any hearsay exception.

Relators also argue that at least one DOJ statement—described in a summary drafted by Wasatch's Assistant General Counsel Taylor Raymond—falls within multiple levels of hearsay, requiring a hearsay exception for each level. (Ps-MIL 4 at 4 (citing ECF 412-2 at 75, 78).) As an initial matter, Relators have no basis to claim that the DOJ's statement was transmitted through multiple levels of hearsay. As they acknowledge, Raymond participated in conversations with DOJ

agents—meaning DOJ could have communicated this information to Raymond directly.[3] (*See* Ps-MIL 4 at 4.) In any case, there may be other applicable hearsay exceptions that apply to other levels, or other avenues to introduce the Government's statements. For example, the summary itself appears to fall within the business records hearsay exception, *see* Fed. R. Evid. 803(6); *U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043 (9th Cir. 2009), and there may be other witnesses who communicated with DOJ directly regarding the Government's merits views. Accordingly, there is no reason to impose a blanket bar on all Government statements regarding the merits at this time. Instead, the Court should handle any Government statement Defendants seek to introduce on a case-by-case basis. *See Quintero v. Nat'l R.R. Passenger Corp.*, 2022 WL 4093120, at *4 (W.D. Wash. Sept. 7, 2022) (reserving decision on motion in limine where plaintiff failed to show evidence inadmissible on all grounds).

## II. Conclusion

For the reasons set forth above, Plaintiff-Relators' Motion in Limine No. 4 should be denied in part with respect to statements by the Government regarding the merits of Plaintiff-Relators' FCA claims. The Court should permit such statements because they are relevant non-hearsay statements which are probative of the materiality and not unfairly prejudicial.

//
//
//
//
//
//
//
//
//

---

[3] In addition, this information could easily have been transmitted *before* the Government formally declined to intervene. *See* Ps-MIL 4 at 4.

Dated: June 21, 2024            **ARNALL GOLDEN GREGORY LLP**

By: */s/ Richard T. Collins*
Richard T. Collins
Attorneys for Defendants:

ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM