ARNALL GOLDEN GREGORY LLP
Richard T. Collins (Bar No. 166577)
rich.collins@agg.com
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Telephone: (202) 677-4030

Attorney for Defendants:

ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**OWNER AND NON-OWNER DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 5 (ECF 420) TO EXCLUDE THE TESTIMONY OF ROBERT S. GRISWOLD**<br><br>Date: July 12, 2024<br>Time: 10:00 AM<br>Dept: Courtroom 3, 15th Floor<br>Before: Hon. Kimberly J. Mueller<br><br>Trial Date: July 30, 2024 |

SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC, and DOES 1-4,

    Defendants.

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM

OWNER AND NON-OWNER DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 5

**DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 5**

**I.   Introduction**

Relators' Motion in Limine No. 5 (the "Motion", ECF 420), seeks to "exclude . . . the testimony of Robert S. Griswold because he is not a qualified expert on the topics on which he offered testimony, his opinions are not reliable or helpful because they lack adequate foundation and method, and his opinions are impermissible legal conclusions." Owner and Non-Owner Defendants ("Defendants") oppose Relators' Motion, which comes over two years after Relators received Mr. Griswold's report and deposed him. Relators' arguments concerning Mr. Griswold's testimony, although couched in terms of concerns under Fed. R. Evid. 702, are merely arguments going towards the weight of Mr. Griswold's testimony, not admissibility. To the extent Relators disagree with Mr. Griswold's testimony, bases for his opinions, or his experience, Relators may challenge those issues on cross examination. Mr. Griswold should not be precluded from testifying simply because Relators have now moved to exclude his testimony entirely, just seven weeks before trial, and over two years after Relators' deposed Mr. Griswold and reviewed his report. Accordingly, Defendants request that the Court deny Relators' Motion because Mr. Griswold is qualified, his opinions are admissible, and his opinions will assist the jury.

**II.   Mr. Griswold is Qualified to Testify about the Housing Choice Voucher Program and His Testimony is Reliable; Relators' Arguments to the Contrary Go to Weight, Not Admissibility.**

"A district court's gatekeeper role under *Daubert* 'is not intended to supplant the adversary system or the role of the jury.'" *Maiz v. Virani*, 253 F.3d 641, 665 (11th Cir. 2011). Indeed, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993); *see also Copart, Inc. v. Sparta Consulting, Inc.*, No. 214CV00046KJMCKD, 2018 WL 1871414, at *14 (E.D. Cal. Apr. 19, 2018).

Relators' motion to exclude Mr. Griswold's testimony in its entirety from trial based on his qualifications is a veiled attack on the weight of Mr. Griswold's testimony rather than a question of admissibility. In fact, Relators' criticism of Mr. Griswold's experience cherry-picks his curriculum

vitae and deposition testimony in an effort to discredit Mr. Griswold; these arguments are clearly the province of cross-examination, not arguments for a motion in limine. *See Windeler, et al. v. Cambria Community Services* District, et al., No. CV196325DSFJEMX, 2021 WL 5411887, at *2–3 (C.D. Cal. Oct. 19, 2021) (ruling that argument that opposing expert lacked particularized knowledge went "to the weight of his testimony, not its admissibility.").

Relators further argue that Mr. Griswold's testimony should be excluded in its entirety due to the amount of time he spent writing his report and the number of documents he reviewed; however, neither argument goes towards the admissibility of Mr. Griswold's testimony. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) ("Although Defendants during voir dire argued that Caliri's selection of documents to review went to the reliability of his 'methodology' as an expert, the district court correctly surmised that questions regarding the nature of Caliri's evidence went more to the 'weight' of his testimony—an issue properly explored during direct and cross-examination."); *Palmer v. Cognizant Tech. Sols. Corp.*, No. CV176848DMGPLAX, 2023 WL 4155403, at *12 (C.D. Cal. June 1, 2023); *see also*, *Sec. & Exch. Comm'n v. Nutmeg Grp., LLC*, No. 09-CV-1775, 2017 WL 1545721, at *4 (N.D. Ill. Apr. 28, 2017) ("Although the SEC can cross-examination [expert] about the amount of time he devoted to developing his opinions, his testimony should not be barred solely because of the number of hours he spent preparing his report.").

Relators' attacks on Mr. Griswold's principles and methods are similarly misplaced. Mr. Griswold offers non-scientific testimony. Accordingly, "the *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *Hangarter*, 373 F.3d at 1017 (internal quotes omitted). Accordingly, Relators' motions should be denied because Mr. Griswold's experience and the reliability of his opinions are properly subject to cross examination and not exclusion.

**A. Other courts' exclusion of portions of Griswold's past, unrelated opinions are irrelevant to the admissibility of his opinions here on a different subject matter.**

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM

Relators rely on four cases that excluded portions of Griswold's past, unrelated opinions to argue that the Court should exclude his opinions here. (ECF 420 at 3, 5.) Just as it would be improper to *admit* an expert opinion solely because the expert's testimony was admitted by another court in another case at another time, it is likewise improper to *exclude* an expert's opinion solely because the expert's opinion has been excluded in another context. "[E]xclusion of an expert's opinions in one case does not mean that same expert's opinions must be excluded in another case, particularly in cases in district courts in other circuits." *Modern Holdings, LLC v. Corning, Inc.*, No. 5:13-cv-00405-GFVT-EBA, 2022 WL 710174, at *12 n.9 (E.D. Ky. Mar. 9, 2022). Indeed, "[w]hether a particular expert was excluded in another case is not relevant to whether that expert is qualified or suited to testify in this case." *Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, No. 17-cv-00564-NC, 2018 WL 10476581, at *4 (N.D. Cal. Dec. 10, 2018); *see also In re Northrop Grunman ERISA Litig.*, No. CV 06-06213-AB (JCX), 2017 WL 11685251, at *3 (C.D. Cal. Mar. 3, 2017) (rejecting argument for exclusion of testimony because other courts have done so).

Moreover, Relators' cases are inapposite. In *Horlings v. City of Los Angeles,* 2016 WL 1045790 (Cal. Super. Jan. 21, 2016), Mr. Griswold's opinion was excluded because he "relied only on the discovery responses of defendant in concluding that the attack on plaintiffs was not foreseeable and that there was nothing defendant could have done to prevent the attack." *Id.* at *1. In *Elliott v. Versa CIC, L.P.,* 349 F. Supp. 3d 1004 (S.D. Cal. 2018), the court found that the claims remaining after summary judgment did "not 'require[] expert testimony since a lay jury is capable of understanding the facts and issues" remaining at trial. *Id.* at 1006. It further found that Mr. Griswold's opinion of "whether Plaintiffs suffered discrimination in violation of federal and state law" was inadmissible as "ultimate question" testimony. *Id.* In *Lipp v. Ginger C, L.L.C.,* 2017 WL 319030 (W.D. Mo. Jan. 19, 2017), the court found Mr. Griswold's "experience qualifies him to testify about, amongst other opinions, the 'minimum industry standards of practice' in the property management field," but did not allow him to "impose[] legal duties on Defendants or appl[y] the standard of care to Defendants in order to testify that they breached that standard." *Id.* at *5. In *ODG-OU, L.L.C. v. Pierce Prop. Mgmt., LLC,* 2016 WL 11447824 (W.D. Okla. Jan. 19, 2016), the court excluded Mr. Griswold's testimony because "[t]here is nothing particularly complex or

technical about the subject matter of his proposed testimony" and "[t]he 'facts' he purports to testify to are improperly based on the mere beliefs or arguments espoused by the plaintiffs." *Id.* at *3.

By contrast, as discussed below, Mr. Griswold's opinions here concern "the standards of care and/or the custom and practice in the field of residential multi-family rental housing industry ownership, operation, property management, maintenance, plus specifically the standard of care and standards of practice for the Housing Choice Voucher Program (aka Section 8)." (ECF 412-2, Decl. Ex. 12 at 1.) Those opinions are (1) sufficiently abstract and complex that a jury would benefit from expert testimony; and (2) supported by Griswold's industry training and experience.

### B. Mr. Griswold's expert opinions are not impermissible legal opinions.

While courts exclude impermissible legal opinion testimony, they typically allow experts "to 'discuss industry conditions, standards, and practices,' as well as 'factual corporate norms,'" where such testimony would be helpful to the jury. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058-59 (9th Cir. 2008). "Where complex administrative processes are at issue, expert testimony can be helpful to explain them to the trier of fact." *CFM Comms., LLC v. Mitts Telecasting Co.*, 424 F. Supp. 2d 1229, 1240 (E.D. Cal. 2005). Experts may opine on quasi-legal issues, but may not tell the jury what conclusion to reach. *See Pledger v. Reliance Trust Co.*, No. 1:15-CV-4444-MHC, 2019 WL 4439606, at *14 (N.D. Ga. Feb. 25, 2019) (where ERISA imposed a duty to act prudently, expert testimony regarding "the prudence of Defendants' actions is not an improper legal conclusion" because testimony "does not invade the province of the factfinder" by stating "Defendants violated ERISA"). Further, the Supreme Court recently reiterated, "Rule 704(a) permits opinion testimony that includes ultimate issues[.]" *Diaz v. U.S.*, No. 23-14, slip op. at 10 (U.S. June 20, 2024).

The question for the jury to decide in this case is whether Relators proved the elements of the False Claims Act ("FCA"). A jury cannot base FCA liability simply on whether WPM violated a Housing Choice Voucher ("HCV") requirement. Instead, those determinations will turn on property owners' and public housing authorities' ("PHAs") understandings of the requirements of the HCV program. Accordingly, Mr. Griswold's testimony about how the industry understands and attempts to comply with the requirements of the HCV program is not improper legal opinion

4

testimony, and it would be helpful to the jury because it offers helpful context for the jury to make its own determination. Notably, other courts recognize this distinction. *See Zarinebaf v. Champion Petfoods USA Inc.*, No. 18 C 6951, 2022 WL 910638, at *11 (N.D. Ill. Mar. 29, 2022) (allowing expert to testify on "regulatory guidance in the industry" as "helpful context for the jury, and acceptance of these guidelines would not decide liability in this case" because it was not "the applicable law"); *In re Elysium Health-ChromaDex Litig.*, No. 17-cv-7394, 2022 WL 421135, at *26 (S.D.N.Y. Feb. 11, 2022) (allowing opinion on FDA regulatory schemes, because such opinions "may help a jury understand unfamiliar terms and concepts," and "does not encroach on the roles of judge and jury"). Further, Mr. Griswold's testimony regarding standards of care and customs and practices with respect to the HCV program goes to the reasonableness and prudence of Defendants' belief that their actions complied with the HCV requirements. And courts have held that such expert testimony is appropriate and not an improper legal conclusion. *See Pledger*, 2019 WL 4439606, at *14.

Relators point to discovery responses in a misplaced attempt to frame Mr. Griswold's assignment as focusing on the legality of additional services agreements. (ECF 420 at 4.) However, the quote extracted by Relators was in response to requests for productions of various broad categories of documents. Mr. Griswold objected on the grounds that the requests were "overbroad [and] unduly burdensome," and to provide assurance that he was not withholding any relevant documents on that ground, Mr. Griswold "represent[ed] that apart from this case, he has never been asked to create an expert report regarding the legality of Additional Service Agreements agreed to between landlords and Section 8 Housing Choice Voucher Program tenants." (*See* ECF 412-2, Decl. Ex. 13, at 4-6.) Rather than analyze Mr. Griswold's report and the substance of the opinions stated therein, Relators seek to shortcut that analysis by focusing on these stray comments that were not intended to notify Relators of the substance of Mr. Griswold's testimony.

### III.    Conclusion

For the reasons set forth above, Relators' Motion in Limine No. 5 should be denied, or at the very least deferred until trial where the Court can make a determination on admissibility with the context of trial and not in a vacuum.

Dated: June 21, 2024 **ARNALL GOLDEN GREGORY LLP**

By: */s/ Richard T. Collins*
Richard T. Collins
Attorneys for Defendants:

ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM

6

OWNER AND NON-OWNER DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 5