ARNALL GOLDEN GREGORY LLP
Richard T. Collins (Bar No. 166577)
rich.collins@agg.com
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Telephone: (202) 677-4030

Attorney for Defendants:

ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**OWNER AND NON-OWNER DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 6 REGARDING THE EXAMINATION OF WITNESSES ASSOCIATED WITH WASATCH PROPERTY MANAGEMENT**<br><br>Date: July 12, 2024<br>Time: 10:00 AM<br>Dept: Courtroom 3, 15th Floor<br>Before: Hon. Kimberly J. Mueller<br><br>Trial Date: July 30, 2024 |

1  SENIOR APARTMENTS, LP, HERITAGE
   PARK APARTMENTS, LP, OAK VALLEY
2  APARTMENTS, LLC, OAK VALLEY
   HOLDINGS, LP, PEPPERTREE APARTMENT
3  HOLDINGS, LP, PIEDMONT APARTMENTS,
   LP, POINT NATOMAS APARTMENTS, LLC,
4  POINT NATOMAS APARTMENTS, LP,
   RIVER OAKS HOLDINGS, LLC, SHADOW
5  WAY APARTMENTS, LP, SPRING VILLA
   APARTMENTS, LP, SUN VALLEY
6  HOLDINGS, LTD, VILLAGE GROVE
   APARTMENTS, LP, WASATCH QUAIL RUN
7  GP, LLC, WASATCH PREMIER
   PROPERTIES, LLC, WASATCH POOL
8  HOLDINGS III, LLC,
   and DOES 1-4,

9
           Defendants.
10

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM

**DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 6**

## I. Introduction

Owner and Non-Owner Defendants ("Defendants") hereby oppose Relators' Motion in Limine No. 6 regarding the examination of witnesses associated with Wasatch Property Management, Inc. ("WPM") (the "Motion," ECF 422) to the extent it forecloses counsel for Defendants' ability to adequately protect Defendants interests during the Phase 1 trial. In their motion, Relators attempt to downplay the conflict of interest identified by WPM and seek to prevent counsel for Defendants from treating WPM witnesses as adverse witnesses under Rule 611(c)(2). As explained below, Defendants object to Relators' characterization of the conflict of interest and oppose Relators' motion to the extent it seeks to prevent Defendants from treating WPM witnesses as adverse if those witnesses offer testimony hostile to Defendants' interests. Specifically, Relators seek to impose a blanket rule governing Defendants conduct at trial, which is entirely premature without the context of trial, witness testimony, and evidence. Defendants request that the Court deny Relators' Motion as premature, or in the alternative, defer ruling until trial where the Court can consider the context of a witness and testimony.

## II. Argument

To start, it bears noting that Defendants' role at Phase 1 has yet to be determined. The Court has instructed the parties to confer and file a joint report to the Court regarding Defendants' participation in the Phase 1 trial. (*See* Transcript, Final Pretrial Conf. Hearing (March 29, 2024), at 16.) In that report, the parties will clarify the role of Defendants.

Next, Defendants object to Relators' characterization regarding the conflict of interest at issue. Relators' motion mischaracterizes and downplays the clear conflict of interest between WPM and Defendants. WPM identified a nonwaivable conflict of interest arising from clearly divergent interests between property manager and property owners. (*See Ex Parte* Application, ECF 349, at 8; Reply Mot. to Modify Bifurcation Order, ECF 394 at 4-5.) Moreover, contrary to Relators' contention, the divergent interests could affect Defendants' strategies and defenses at the Phase 1 trial, which is entirely dependent on the case put forth *by* Relators.

1 Relators' contention that "the interests of all Defendants to the FCA claim are aligned in defeating any finding of liability under the FCA[,]" (Pls.' Mot. in Lim. 6, ECF 422 at 2), is unpersuasive. Boiled down, Relators suggest that co-defendants cannot possibly be adverse to one another simply because neither wants to be found liable. This cannot be the standard. By this logic, no co-defendants could ever be considered adverse so long as each defendant wishes to defeat liability. Relators conveniently overlook the fact that each separate defendant wants to defeat liability *as to itself*, even if that means shifting the blame elsewhere. Relators attempt to circumvent this reality by suggesting "it is not a defense to the False Claims Act that an agent submitted false claims while acting on behalf of another party[.]" (Pls.' Mot. in Lim. 6, ECF 422 at 3.) Relators, however, completely ignore scienter as an element of any false claims act claim. The FCA's scienter element "refers to respondents' knowledge and subjective beliefs," and turns on "what the defendant knew when presenting the claim." *U.S. ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 749, 752 (2023). Without knowing how Relators intend to prove their case or the evidence they intend to introduce to the jury, a blanket rule should be not established that prevents Defendants from fully defending their case at trial *in response* to Relators' arguments. Moreover, defending FCA liability at Phase 1 is not the end of the story. Relators' entire case at Phase 2 is predicated on extending liability to Defendants, so anything adduced at Phase 1 will be used in Phase 2. This creates a divergence of interests *at Phase 1*. Overall, Defendants object to Relators' overly simplistic view of the divergent interests of WPM and Defendants at the Phase 1 trial.

Further, Relators' argument concerning the "available evidence" allegedly undercutting any claim of adversity between WPM and Wasatch Advantage Group, Wasatch Pool Holdings, and Chesapeake Commons Apartments Holdings is entirely misplaced. Relators have repeatedly objected to Defendants' attempt to consolidate Phase 1 and Phase 2 trials. Now, however, because it suits them to do so, Relators seek to drag allegations regarding Phase 2 issues, such as the alleged affiliation of entities, into Phase 1, in an attempt to tie Defendants hands at trial. If a WPM witness offers testimony or evidence that would purport to foist responsibility onto Defendants, or if Relators

introduce evidence or testimony regarding the same, Defendants should be allowed to treat that witness as hostile if necessary pursuant to under Rule 611(c)(2).

Defendants also seek to impose an improper blanket rule governing Defendants conduct at trial. Such a motion in limine in disfavored and is premature without the context of trial and the evidence presented. *See United States v. Jackson*, No. 2:13-CR-00674-CAS, 2016 WL 4059615, at *2 (C.D. Cal. July 25, 2016) ("[M]otions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial.") (citations omitted). Defendants believe a determination of this issue at this point is premature and are confident the Court can decide these issues as they arise at trial.

### III. Conclusion

For the reasons outlined above, Defendants respectfully request that the Court deny Relators' Motion in Limine No. 6.

Dated: June 21, 2024                **ARNALL GOLDEN GREGORY LLP**

By: */s/ Richard T. Collins*
    Richard T. Collins
    Attorneys for Defendants:

ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC