ARNALL GOLDEN GREGORY LLP
Richard T. Collins (Bar No. 166577)
rich.collins@agg.com
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Telephone: (202) 677-4030

Attorney for Defendants:

ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**OWNER AND NON-OWNER DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 8 TO EXCLUDE EVIDENCE AND WITNESSES NOT TIMELY DISCLOSED**<br><br>Date: July 12, 2024<br>Time: 10:00 AM<br>Dept: Courtroom 3, 15th Floor<br>Before: Hon. Kimberly J. Mueller<br><br>Trial Date: July 30, 2024 |

SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC, and DOES 1-4,

      Defendants.

**DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 8**

**I.     Introduction**

Owner and Non-Owner Defendants ("Defendants") hereby oppose Relators' Motion in Limine No. 8 to Exclude Evidence and Witnesses Not Timely Disclosed (ECF 425). The Court should deny Relators' motion because any failure to timely disclose witnesses and exhibits was harmless as Plaintiffs have been on notice that these witnesses and exhibits are at issue and cannot plausibly claim prejudice or surprise. Therefore, the exception to Rule 37(c)(1) applies, and the Court should allow Defendants to call each witness and introduce each exhibit listed on Defendants' witness and exhibit list.

**II.    Legal Background**

Fed. R. Civ. P. 26(a)(1)(A) provides that a party must identify individuals likely to have discoverable information as well as documentary evidence that the disclosing party may use to support its claims or defenses. Rule 26(e) further requires a party who made an initial disclosure under Rule 26(a)(1)(A) to supplement the initial disclosure if "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(a)(1)(A). Finally, Rule 37(c)(1) allows for exclusion of witnesses and evidence that were not timely disclosed under Rule 26(a) or (e), "unless the failure was substantially justified or is harmless." The Ninth Circuit has admonished that evidence preclusion "is, or at least can be, a harsh sanction." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012) (cleaned up) (citation omitted).

**III.   Any Such Violation of Fed. R. Civ. P. 26(a)(1)(A) was Harmless.**

Relators seek to exclude all witnesses and exhibits that were not disclosed under Rule 26(a)(1)(A).[1] Relators erroneously suggest that exclusion under Rule 37(c)(1) is "self-executing" and "automatic." (*See* Pls.' Mot. in Lim. 8, ECF 425 at 2.) The Ninth Circuit, however, "recently

---

[1] The following individuals should be permitted to testify as part of Defendants' defense because they were listed on Defendants' Rule 26(a)(1)(A) disclosure: Warren Smith, David Tanforan, Sylvia Gamboa, Katie Dao, Jarom Johnson, Shannon Fox, and Cecilia Givens. Bellows Decl., ECF 412-2, Ex. 16.

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM

held it is an abuse of discretion to not consider whether a party's noncompliance with Rule 26 was harmless or substantially justified before imposing sanctions." *Mollica v. Cnty. of Sacramento*, No. 2:19-cv-02017-KJM-DB, 2023 WL 6723395, at *3 (E.D. Cal. Oct. 12, 2023) (citing *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022)). Courts weigh four factors when determining whether to exclude witnesses and/or evidence under Rule 37(c): "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Id.*

The first category of witnesses Relators seek to exclude are the following Wasatch Property Management, Inc. witnesses: Janae Jarvis, Shawn Fetter, Brad Mishler, Mike Christiansen, and Brittany Stewart. Relators cannot claim prejudice or surprise as to any of these witnesses. First, Plaintiffs themselves listed Janae Jarvis, Shawn Fetter, and Brad Mishler on their own Rule 26(a)(1)(A) disclosure (Collins Decl., Ex. 1), and therefore cannot claim prejudice or surprise. *See Institute for Int'l Educ. of Students v. Chen*, No. 1:18-cv-02229-JRS-TAB, 2020 WL 4504903, at *4 (S.D. Ind. Aug. 5, 2020) ("It is difficult to see how Plaintiff's failure to name Gray could possibly result in prejudice or surprise to Defendants, who named Gray in their own disclosures and witness lists."); *Auraria Student Housing at the Regency, LLC v. Campus Village Apartments, LLC*, No. 10-cv-02516-WJM-KLM, 2014 WL 2933189, at *4 (D. Colo. June 30, 2014) ("[T]he Court finds that there is no prejudice or surprise to Plaintiff because Plaintiff itself initially disclosed the witnesses and because Plaintiff therefore must have had information about the relationship of these individuals to the events at hand."); *Peery v. Serenity Behavioral Health Sys.*, No. CV106-172, 2009 WL 1393292, at *1 (S.D. Ga. May 18, 2009) ("Plaintiffs can hardly claim unfair surprise for the calling of a witness they themselves disclosed.").[2]

---

[2] For this same reason, Relators cannot claim surprise as to the following PHA witnesses: representative of Fresno Housing Authority (Barbara Cavey and Brandy Woodard), representative of Sacramento Housing & Redevelopment Agency (Sara Thomas, LaShelle Dozier, and MaryLiz Paulson), representative of Housing Authority of the County of Salt Lake (Jodi Parker and Janice Kimball), representative of Davis Community Housing Authority (Mary Ana Rivera Rodriguez, Pam Tomney, and Jan Winborg), representative of Housing Authority of Alameda County (Mary Rizzo Shuman and Christine Gouig), representative of Housing Authority of Salt Lake City (Jacquiline Rojas, Dan Nackerman, and Sharise Warner), and representative of West Valley City Housing Authority (Cheryl Syme and Layne Morris). (*See* Collins Decl., Ex. 1 at 7-9.)

Nor would allowing the remaining witnesses under this category, Mike Christiansen and Brittany Stewart, to testify result in surprise or prejudice to Relators. Mike Christiansen, who has knowledge of the Yardi system, has been known to Plaintiffs as the individual most knowledgeable of the Yardi system since at least June 2020. *See* Mike Christiansen Decl.,[3] ECF 118-4, ECF 241-5. And Brittany Stewart is the current compliance director for Wasatch, a role formerly occupied by Katie Dao, whom Plaintiffs deposed. Notably, Relators have known about Brittany Stewart's existence since at least 2017, but chose not to depose her. (*See* Collins Decl., Ex. 2.)

Another category of witnesses is "Wasatch Property Management, Inc. Property Managers by Property." First, a number of the witnesses listed under this section are the property managers for many of the *named defendants*.[4] Relators cannot credibly claim surprise or prejudice that a representative of a named defendant will be called to testify in support of that defendant's case. *See Carpenters Sw. Admin. Corp. v. AGS Wall Sys., Inc.*, No. CV 11-04085 MMM, 2012 WL 13064434, at *3 n.26 (C.D. Cal. Nov. 21, 2012) (declining to exclude under Rule 37(c)(1) based on the fact that because the witness was a named defendant, "plaintiffs were clearly able to make an informed decision as to whether to depose [defendant] or seek more detailed information about his purported defense despite his failure to make Rule 26(a) disclosures"); *Ramos v. Banner Health*, No. 15-cv-2556-WJM-NRN, 2019 WL 7189490, at *2 (D. Colo. Dec. 26, 2019) ("The idea that Plaintiffs would be surprised or prejudiced by [defendant's] participation in his own defense is, frankly, absurd."). The remaining witnesses under "Property Managers by Property" are property managers for the "subject properties"[5] that are not named defendants, but which were nevertheless identified

---

[3] Relators also identify Mike Christiansen's declarations in their Fourth Supplemental Disclosures. (Collins Ex. 1 at 17.)

[4] Amy Kaser, Shadow Way Apartments; Ana Limon, Canyon Club Apartments; Ashley Ruiz, Courtyard at Central Park; Chanthyda Garcia, California Place Apartments, Christopher Poindexter, Village Grove Apartments; Erica Parker, Chesapeake Commons Apartments; Jerlayne Trujillo, Bent Tree Apartments; Maria Torres, Peppertree Apartment Holdings; Rubi Sanchez, Aspen Park Apartments. (Defs.' Witness List, ECF 430, at 2.

[5] Alexandra Chaus, Enclave at 1400 South; Ann Russell, 600 Lofts; Beatriz Villa, Glen Oaks Apartments; Brianna Billette, Crossroads Apartments, Arcadia; Clark Hunt, The Reserve at View 78; Cristal Rosales, Sands Apartments; Dakota Stewart, Garden Lofts; Enrique Carpio, Four Seasons at Southtowne; Erin Coulson, Heron Pointe Apartments; Melissa Escalante, Promontory Point Apartments; Mercedes Chavez, Cimarron Place Apartments, Rio Seco Apartments, River Point Apartments; Mikka Ortiz, Lofts at 7800; Shaylyn Heiner, City Lofts; Veronica Almodovar, Veranda. (Defs.' Witness List, ECF 430, at 2.)

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM

*by Plaintiffs* as "properties managed by Wasatch where Relevant Tenants were charged Additional Service Charges at any time from February 1, 2006, to December 31, 2022." (Am. Joint Pretrial Statement, ECF 378 at 49.) It is ironic that Relators would claim surprise or prejudice by property manager witnesses for properties that are not even parties to the case, but which Relators specifically identify as relevant to their claims. If anyone could claim surprise as to the relevance of these witnesses, it is Defendants who were unaware based on their reading of Relators' Complaint that these properties would be at issue.

As for the remaining PHA witnesses,[6] Relators have made it clear that the relevant public housing authorities for the properties at issue in this case are integral to Relators' case. (*See* Pls.' Ex. List at 146-165, 172-179, ECF 378; Pls.' Req. for Judicial Notice, ECF 427 at 3-4.) Relators, therefore, cannot claim prejudice or surprise that Defendants would call to testify employees of those PHAs that Relators themselves have put at issue.

It bears noting that although Relators list 29 tenant witnesses on their witness list, Relators still have not informed Defendants which current and former tenants they plan to call at trial. (Collins Decl. ¶ 4.) Consequently, Defendants are forced to list property managers and PHA employees covering each property which Relators may put at issue at trial.

Finally, Defendants list two employees of Nan McKay and a yet-to-be-identified employee of Yardi. Relators have been well-aware of the relevance of both entities as both entities were discussed *ad nauseum* during multiple depositions. (*See* Collins Decl., Exs. 3-12)

Regarding the exhibits that Relators claim were not timely disclosed, Relators only take issue with "communications with and documents provided to or received by WPM, property owners, the PHA, and HUD." (Pls.' Mot. in Lim. 8, ECF 425 at 3.) However, at this point, Defendants intend to introduce PHA administrative plans (many of which Relators also intend to introduce), documents

---

[6] Defendants listed employees of the following PHAs: Glendale Community Housing, Southern Nevada Regional Housing Authority, City of Mesa Public Housing Authority, Housing Authority of the County of San Bernardino, City of Phoenix Housing Department, San Diego Housing Commission, Housing Authority of Maricopa County, City of Tucson Housing Authority, Housing Authority of County of Riverside, Renton Housing Authority, Housing Authority of Utah County, Housing Authority of the County of San Diego, Oakland Housing Authority, Santa Rosa Housing Authority, and Housing Authority of Kings County. (Defs.' Witness List, ECF 430, at 3-6.)

from Plaintiff Denika Terry's prior lawsuit against Wasatch (which Plaintiffs list in their own disclosure, (Collins Decl., Ex. 1 at 18)), and a letter from the Department of Justice to Defendants, which Relators used during its deposition of Defendants' counsel. (Collins Decl., Ex. 13.) None of these exhibits should come as a surprise to Relators for many of the same reasons discussed above.

As for the other factors, each factor weighs in favor of allowing Defendants witnesses and exhibits. First, as Defendants have demonstrated, there is no "prejudice" to cure. Second, there will be no disruption of the trial as Relators will have, or should have, already prepared for many of the witnesses and exhibits at issue. And third, the failure to timely disclose witnesses and exhibits was not made in bad faith or done with willfulness. Having filed five amended complaints, and having identified properties at issue that were not even included in the operative complaint, Relators have continually widened the scope of their case throughout the pendency of this litigation, forcing Defendants' to constantly have to identify more and more witnesses and exhibits. Because Defendants have been forced to keep up with Relators' ever-changing scope, any failure to disclose witnesses and exhibits under Rule 26(a) was not due to bad faith or willfulness.

**IV.  Conclusion**

For the reasons outlined above, Defendants respectfully request that the Court deny Plaintiffs' Motion in Limine No. 8 to exclude evidence and witnesses not timely disclosed.

//
//
//
//
//
//
//
//
//
//

5

OWNER AND NON-OWNER DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 8

Dated: June 21, 2024                    **ARNALL GOLDEN GREGORY LLP**

By: */s/ Richard T. Collins*
    Richard T. Collins
    Attorneys for Defendants:

ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM