ARNALL GOLDEN GREGORY LLP
Richard T. Collins (Bar No. 166577)
rich.collins@agg.com
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Telephone: (202) 677-4030

Attorney for Defendants:

ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**OWNER AND NON-OWNER DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 9 TO EXCLUDE EVIDENCE OF MEDICAL HISTORY AND IRRELEVANT PERSONAL INFORMATION**<br><br>Date:  July 12, 2024<br>Time:  10:00 AM<br>Dept:  Courtroom 3, 15th Floor<br>Before: Hon. Kimberly J. Mueller<br><br>Trial Date:  July 30, 2024 |

| | |
|---|---|
| 1 | SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY |
| 2 | APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT |
| 3 | HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, |
| 4 | POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW |
| 5 | WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY |
| 6 | HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN |
| 7 | GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL |
| 8 | HOLDINGS III, LLC, and DOES 1-4, |
| 9 | |
| 10 | Defendants. |

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM

**DEFENDANTS' OPPOSITION TO RELATORS' MOTION IN LIMINE NO. 9**

### I.     Introduction

Owner and Non-Owner Defendants ("Defendants") oppose in part Relators' Motion in Limine No. 9 to exclude evidence of medical history and irrelevant personal information (the "Motion", ECF 426). Defendants do not oppose the exclusion of evidence of Relators' personal medical history. However, Relators' motion to exclude evidence of Mr. Huskey's racial animus, and evidence of other litigation involving witnesses and/or affiliates of parties, is overly broad and would unfairly prejudice Defendants. Should Relators testify at trial, such testimony necessarily opens the door to evidence regarding Relators' bias towards Wasatch Property Management, Inc. ("WPM"). Further, to the extent Relators introduce evidence or argument regarding eviction proceedings or threats of eviction, Defendants should be allowed to present rebuttal evidence regarding the same.

### II.    Evidence of Personal Medical History

Defendants do not oppose excluding personal medical history of the Relators. As Defendants have similarly argued, the personal information of Defendants and Relators is irrelevant and should be excluded. (*See* Defs.' Mot. in Lim. 5, ECF 408.) Therefore, Defendants agree not to introduce evidence or argument regarding Relators' personal medical history.

### III.   Evidence of Evictions

Relators' Motion is entirely too broad and if granted, would prejudice Defendants at trial. Relators intend to introduce evidence and argument to the jury concerning evictions and threats thereof. (*See* Joint Pretrial Statement, ECF 378, Pls.' Ex. List, Exs. 23, 27, 186, 312, 324, 326.) Relators cannot therefore seek to prevent Defendants from introducing evidence concerning the same topics, which Relators themselves have made, and will make, a triable issue of fact to the jury. To the extent that Relators argue or put on evidence that any such tenant was evicted or threatened with eviction as the result of non-payment of additional services, Defendants should be able to rebut such testimony. *See United States v. Gross*, 424 F. Supp. 3d 800, 810 n.8 (C.D. Cal. 2019) ("There is a possibility, however, that the probative nature of this evidence could increase if Defendant puts at issue the reason for Defendant's focus on personal injury cases instead of workers' compensation

cases."); *United States v. Martin*, No. CR 07-1205(A) CBM, 2009 WL 453194, at *4 (C.D. Cal. Feb. 20, 2009) ("Of course, if Defendants offer this evidence, thereby changing the Rule 403 balance, the Court may find that Defendants' have 'opened the door' to the admissibility of" rebuttal evidence); *EEOC v. High Speed Enter., Inc.*, No. CV-08-01789-PHX-ROS, 2012 WL 12964791, at *5-6 (D. Ariz. Jan. 17, 2012) (excluding evidence of plaintiff's eviction under Rule 403 so long as plaintiff "does not open the door" during her testimony). Moreover, the fact that no tenants were evicted for non-payment of additional services is directly relevant and probative to the claims and defenses at issue in this case.

Further, evidence of evictions for any tenant witness, including but not limited to Relators, goes directly towards that witnesses' bias against WPM. Evidence of bias is always relevant and probative. *Copart, Inc. v. Sparta Consulting, Inc.*, No. 2:14-CV-00046-KJM-CKD, 2018 WL 1871414, at *24 (E.D. Cal. Apr. 19, 2018) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony.") (quoting *United States v. Hankey*, 203 F.3d 1160, 1171 (9th Cir. 2000)).

## IV.    Evidence of Mr. Huskey's Racial Animus and Use of Racial Slurs

Defendants do not oppose, and do not intend to introduce evidence of Mr. Huskey's alleged racial animus and use of racial slurs. However, if Mr. Huskey were to testify regarding his eviction or threat thereof, Defendants should be allowed to introduce evidence of Mr. Huskey's racial animus and use of racial slurs as the true reason for Mr. Huskey's eviction. Further, Mr. Huskey's eviction, and the circumstances surrounding it, are directly relevant to Mr. Huskey's bias as a witness. *See Copart, Inc.*, *supra*, at *24. As a result, Relators motion on this ground should be denied.

## V.    Evidence of Unrelated Litigation

Defendants agree with Relators that "[e]vidence of unrelated litigation is not relevant and inadmissible." (Pls.' Mot. in Lim. 9, ECF 426, at 5:6-7.) What is puzzling is why Relators have asked the Court to take judicial notice of wholly unrelated lawsuits and settlements involving the Department of Justice and non-parties. (*See* Pls.' Req. for Judicial Notice, ECF 427, at 1-2.)

Defendants have moved to exclude these same press releases, using similar logic that Relators use in the instant motion. (*See* Defs.' Mot. in Lim. 1.) Therefore, while Defendants do not oppose Relators efforts to exclude evidence of unrelated litigation, Defendants simply ask that it be applied equally and exclude the press releases Relators seek to introduce.

Additionally, previous lawsuits brought by Denika Terry and Tamera Livingston are not unrelated litigation, particularly when those prior lawsuits were brought by those Relators against Wasatch entities. A witnesses litigation history with a defendant, specifically a defendant whom that witness intends to offer testimony against, goes directly towards bias and is directly probative of that witness's credibility on the stand. *See Copart, Inc.*, *supra*, at *24.

## VI. Conclusion

For the reasons outlined above, Defendants respectfully request that the Court deny Relators' Motion in Limine No. 9 to the extent it prevents Defendants from rebutting testimony and evidence relating to evictions or threats thereof.

Dated: June 21, 2024

**ARNALL GOLDEN GREGORY LLP**

By: */s/ Richard T. Collins*
Richard T. Collins
Attorneys for Defendants:

ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC