ARNALL GOLDEN GREGORY LLP
Richard T. Collins (Bar No. 166577)
  rich.collins@agg.com
Damon D. Eisenbrey (Bar No. 215927)
  damon.eisenbrey@agg.com
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Phone: (202) 677-4030

*Counsel for Defendants:*

ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC; CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>v.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**OWNER AND NON-OWNER DEFENDANTS' OPPOSITION TO RELATORS' REQUEST FOR JUDICIAL NOTICE RE TRIAL EXHIBITS (ECF 427)**<br><br>Date: July 12, 2024<br>Time: 10:00 AM<br>Dept: Courtroom 3, 15th Floor<br>Before: Hon. Kimberly J. Mueller<br><br>Trial Date: July 30, 2024 |

APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC, and DOES 1-4,

     Defendants.

Relators' Request for Judicial Notice, ECF 427 ("JN Motion"), asks the Court to take judicial notice of several documents included in Plaintiffs' and Relators' Trial Exhibit List. Defendants object to the JN Motion insofar as it seeks to introduce: (1) DOJ press releases; (2) a report from the United States Government Accountability Office ("GAO"); and (3) a notice from the Office of the Inspector General ("OIG"). Defendants do not object to the Relators' request regarding the Housing Authority Administrative Plans—except with respect to Tr. Ex. 146, which Relators must authenticate to admit because it has not been authenticated by deposition testimony or "retrace[ed]" to a government website.[1] *See* JN Motion at 2–3.

## I. <ins>Legal Standard</ins>

Federal Rule of Evidence 201(b)(2) allows a court to take judicial notice of a fact if it is "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The fact that the existence of a document may be judicially noticed does not mean, however, that "the truth of the documents' contents" may be judicially noticed. *Hornish v. King Cnty.*, 899 F.3d 680, 703 (9th Cir. 2018); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). "Courts cannot take judicial notice of the contents of documents for the truth of the matters asserted therein when the facts are disputed." *California Sportfishing Prot. All. v. Shiloh Grp.*, LLC, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017) (collecting cases); *Figueira by & through Castillo v. Cnty. of Sutter*, 2015 WL 6449151, at *8 (E.D. Cal. Oct. 23, 2015) (noting "judicial notice does not establish the truth of [a] report's contents"); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1027–30 (C.D. Cal. 2015) ("[Plaintiff] clearly seeks to have the court take judicial notice of the truth of the facts stated in the various press releases and news articles. This the court cannot do."); *LockandLocate, LLC v. Hiscox Ins. Co.*, 549 F. Supp. 3d 1093, 1102 (C.D. Cal. 2021) ("[T]he Court cannot take judicial notice of the truth of the statements in [an] FCC Press Release."); *Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1234 (E.D. Cal. 2003) (denying judicial notice of press releases).

---

[1] Defendants reserve the right, however, to introduce additional excerpts from the plans as required to provide necessary context or otherwise challenge the admissibility of these excerpts based on how Relators intend to use them.

In addition, judicial notice is improper when the facts sought to be noticed are inadmissible under the Rules of Evidence. *See*, *e.g.*, *Kokesh v. Curlee*, 14 F.4th 382, 405 (5th Cir. 2021) (judicial notice "improper" where "judicially noticed facts" are not "relevant" under Rule 401 and therefore inadmissible); *United States v. Mitrovic*, 890 F.3d 1217, 1226 & n.8 (11th Cir. 2018) (noting "[s]ome courts have refused to take judicial notice when the information fails to satisfy other Rules [of Evidence]" and collecting cases). Judicially noticed facts should not be admitted, for example, if they are irrelevant under Rule 401 or unfairly prejudicial or misleading under Rule 403. *See id.;* *Hamilton v. Willms*, 2007 WL 707518, at *8 (E.D. Cal. Mar. 6, 2007) (denying request for judicial notice where evidence "not admissible under Rule 404(b) and Rule 403"); *Wesco Ins. Co. v. Smart Indus. Corp.*, 469 F. Supp. 3d 1003, 1008 (D. Nev. 2020).

## II.   Analysis

**DOJ Press Releases**: Relators request judicial notice of DOJ press releases concerning various settlements of FCA claims involving excess rent charged to Section 8 tenants. *See* JN Motion at 1–2; ECF 427-1 at 40–203. Relators also request that the Court take judicial notice of the fact that DOJ "*participated* . . . in cases involving settlements with or judgments against landlords allegedly charging . . . excess rent." JN Motion at 1.

Relators' requests are patently improper. First, they are plainly irrelevant and prejudicial. The conduct of non-parties, with whom Defendants have no relationship whatsoever, is completely irrelevant under Rule 401 as to whether Defendants violated the False Claims Act. *See*, *e.g.*, *Huddleston v. United States*, 485 U.S. 681, 689 (1988) (a party may not "parade past the jury a litany of potentially prejudicial similar acts" without substantiated connection to defendant); *United States v. Beier*, 780 F. App'x 460, 463 (9th Cir. 2019) (district court properly refused evidence from "unrelated case concerning a different defendant"); *United States v. Hougen*, 2021 WL 5630680, at *7 (N.D. Cal. Dec. 1, 2021), *aff'd*, 76 F.4th 805 (9th Cir. 2023) (proper to exclude evidence of unrelated event involving "different parties and different circumstances"). It is foundational law that evidence of *other* people's conduct is not relevant to a party's guilt. *See*, *e.g.*, *United States v. McCourt*, 925 F.2d 1229, 1235–36 (9th Cir. 1991); *United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993). The conduct of other parties is also: (1) minimally probative and highly prejudicial under

Rule 403, *see Hougen*, 2021 WL 5630680 at *7; (2) prohibited under Rule 404(b) as propensity evidence,[2] *see McCourt*, 925 F.2d at 1236; and (3) confusing or misleading to the jury under Rule 403 because it may lead the jury to confuse evidence of Defendants' actions with evidence of other parties' actions with whom Defendants have no relationship, *see Daniels v. AETC II Privatized Hous., LLC*, 2023 WL 2558135, at *7 (W.D. Tex. Jan. 4, 2023).

Second, even absent these obvious infirmities, it is not obvious what "fact of consequence" is "more or less probable" based on DOJ's mere "participation" in other actions.[3] Fed. R. Civ. P. 401. DOJ's "participation" says nothing about what happened, whether any law was violated, or what similarities exist vis-à-vis this case—unless, of course, Relators' request is really a thinly-disguised attempt to improperly introduce the *content* of the press releases to convince the jury Defendants violated the FCA simply because other landlords in other jurisdictions were accused of HAP-related fraud. *See Daniels*, 2023 WL 2558135 at *7. In any case, unlike in the DOJ press releases, the Government here did *not* participate in this case and instead declined to intervene—a fact which Relators elsewhere conveniently seek to exclude from the jury's consideration. (*See* Pls' Mot. in Lim. No. 3, ECF 418.)

Third, the facts within the press releases cannot be admitted for the truth of the matter asserted because they are hearsay statements without any applicable exceptions.[4] *See In re Tenet Healthcare Corp. Sec. Litig.*, 2007 WL 5673884, at *2 (C.D. Cal. Dec. 5, 2007) (fact of settlement within DOJ press release inadmissible hearsay); *Adcock v. City of Memphis*, 2011 WL 13269785, at *1 (W.D. Tenn. Jan. 4, 2011) (similar). The DOJ press releases are out-of-court statements offered to prove, according to Relators, the DOJ's participation in certain cases. The fact of the matter

---

[2] In fact, it is worse than the usual evidence prohibited by Rule 404(b) because it relates to the propensity of *other* parties—not the defendant. Of course, even if the DOJ press releases related to *Defendants'* conduct, they would be inadmissible under Rule 404(b) as classic propensity evidence introduced to "show that on a particular occasion the person acted in accordance with character." Fed. R. Evid. 404(b).

[3] In addition, judicial notice of DOJ's "participation" is judicial notice of the truth of the contents of these DOJ press releases, which is improper. *Hornish*, 899 F.3d at 703.

[4] Settlement information is also unfairly prejudicial under Rule 403 "because a settlement is not a reliable indicator of misconduct." *In re Tenet*, 2007 WL 5673884 at *2.

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM

asserted is the DOJ's participation and the details of that participation. *See In re Tenet*, 2007 WL 5673884 at *2. That is textbook hearsay, and no applicable hearsay exception applies.

Fourth, many of the press releases relate only to settlement and involve no admission of liability. *See*, *e.g.*, ECF 427-1 at 48, 51 (settlements involved "no determination of liability"). Accordingly, these settlements are "irrelevant" under Rule 408, "since the offer may be motivated by desire for peace rather than from any concession of weakness of position." *Daniels*, 2023 WL 2558135, at *7 (quoting *Hudspeth v. Commissioner*, 914 F.2d 1207, 1213 (9th Cir. 1990)).

*Daniels* is relevant here. In *Daniels*, plaintiffs introduced a DOJ press release in their opposition to summary judgment. This press release included information about a non-party entity that settled allegations similar to those the plaintiffs raised against the defendant. The court struck the press release for several reasons: (1) the DOJ press release was "simply not relevant" because the entity involved was "not a party to this case"; (2) the "announced settlement was without admission of fault" and so could not "establish any facts" related to plaintiffs' claims; and (3) "[t]o the extent [p]laintiffs attempt to conflate" the defendant with the entity in the DOJ press release, "the evidence would be confusing, misleading, and unfairly prejudicial under Rule 403." 2023 WL 2558135, at *7; *see also United States v. Select Aviation Corp.*, 2006 WL 2711545, at *3 (E.D.N.Y. Sept. 20, 2006) (denying production of government press releases relating to non-parties as irrelevant).

**Other Government Documents and Materials**: Relators further request the Court take judicial notice of a GAO report. *See* JN Motion at 2–3; ECF 427-1 at 143–97. This report should be excluded for much the same reasons above. Most importantly, this report says nothing at all about *Defendants'* conduct, and thus suffers from the same relevance, prejudice, and confusion flaws as the DOJ press releases. *See Cross v. Wyeth Pharms., Inc.*, 2011 WL 2517211, at *7 (M.D. Fla. June 23, 2011) (excluding GAO report about non-party conduct as irrelevant); *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2021 WL 848074, at *7 (N.D. Fla. Mar. 7, 2021) (similar and collecting cases). In addition, the report itself undermines Relators' purpose in introducing it: The report is titled "*Limited* Indications of Fraud" (emphasis added) and repeatedly indicates finding "*few* instances of the various fraud types.*" *See* ECF 427-1 at 144; *In re 3M*, 2021 WL 848074 at *7

- 4 -

(excluding GAO reports under Rule 403 because "any probative value . . . substantially outweighed by the danger that the jury will be swayed by the Report's aura of special reliability and trustworthiness." (quotations omitted)). In any case, even if the Court decides to take judicial notice of this report, it cannot take judicial notice of the accuracy of its contents. *Hornish*, 899 F.3d at 703; *S.A. v. Patterson Joint Unified Sch. Dist.*, 2010 WL 3069204, at *4 (E.D. Cal. Aug. 2, 2010) ("declin[ing] to take judicial notice of the veracity and accuracy of the facts contained within [GAO] report"); *United States ex rel. Ferris v. Afognak Native Corp.*, 2017 WL 11675399, at *6 (D. Alaska Aug. 11, 2017) (similar).

Relators also request the Court take judicial notice of a report from the OIG. *See* JN Motion at 3; ECF 427-1 at 205–06. Although the Court may, in the first instance, take judicial notice of this report due to its publication in the Federal Register, *see* 44 U.S.C. § 1507, the report is still inadmissible under the Rules of Evidence as irrelevant, prejudicial, and confusing—for all the same reasons as noted above. *See*, *e.g.*, *United States v. Wolny*, 133 F.3d 758, 765 (10th Cir. 1998) (evidence that must be judicially noticed under § 1507 still excluded as irrelevant). The OIG report discusses the potential existence of a "number of landlords" and an unrelated *qui tam* matter, *Coleman v. Hernandez*, 490 F. Supp. 2d 278 (D. Conn. 2007), but nowhere says anything about the Defendants here or their conduct. *See* ECF 427-1 at 206.

Date:  June 21, 2024                                **ARNALL GOLDEN GREGORY LLP**

By: */s/ Richard T. Collins*
    Richard T. Collins
    Damon D. Eisenbrey
    Attorneys for Owner and Non-Owner Defendants:

    ASPEN PARK HOLDINGS, LLC; BENT TREE APARTMENTS, LLC; CAMELOT LAKE HOLDINGS, LLC; CALIFORNIA PLACE APARTMENTS, LLC, CANYON CLUB HOLDINGS, LLC; CHESAPEAKE APARTMENT HOLDINGS, LLC; COURTYARD AT CENTRAL PARK APARTMENTS, LLC; CREEKSIDE HOLDINGS, LTD; HERITAGE PARK APARTMENTS, LP; PEPPERTREE

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM

APARTMENT HOLDINGS, LP; RIVER OAKS HOLDINGS, LLC; SHADOW WAY APARTMENTS, LP; WASATCH ADVANTAGE GROUP, LLC; WASATCH PREMIER PROPERTIES, LLC; WASATCH QUAIL RUN GP, LLC; WASATCH POOL HOLDINGS, LLC; WASATCH POOL HOLDINGS III, LLC

ARNALL GOLDEN GREGORY LLP
A LIMITED LIABILITY PARTNERSHIP
2100 PENNSYLVANIA AVENUE, NW, SUITE 350S
WASHINGTON, DC 20037
TELEPHONE: (202) 677.4030
WWW.AGG.COM

- 6 -
OWNER AND NON-OWNER DEFENDANTS' OPPOSITION TO RELATORS' REQUEST FOR JUDICIAL NOTICE