Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Anne P. Bellows (SBN 293722)
abellows@gbdhlegal.com
Stephanie E. Tilden (SBN 341486)
stilden@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Tel: (510) 763-9800 | Fax: (510) 835-1417

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
Tel: (510) 437-1863 | Fax: (510) 437-9164

Lindsay Nako (SBN 239090)
lnako@impactfund.org
Lori Rifkin (SBN 244081)
lrifkin@impactfund.org
Fawn Rajbhandari-Korr (SBN 315888)
fkorr@impactfund.org
Meredith Dixon (SBN 346864)
mdixon@impactfund.org
IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA 94704
Tel: (510) 845-3473 | Fax: (510) 845-3654

Attorneys for Plaintiffs and Relators and the Certified Classes
*[Additional Counsel listed on following page]*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE NO. 1**<br><br>Date:   July 12, 2024<br>Time:   10:00 am<br>Dept:   Courtroom 3, 15th Floor<br>Before: Hon. Chief Judge Kimberly J. Mueller<br><br>Trial Date:   July 30, 2024 |

| | |
|---|---|
| 1 | HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC, and DOES 1-4,<br><br>            Defendants. |

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
Tel: (510) 834-3300 | Fax: (510) 834-3377

Attorneys for Plaintiffs and Relators and the Certified Classes

Lawrence Anthony Organ (SBN 175503)
larry@civilrightsca.com
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, CA 94960-2610
Tel: (415) 453-4740 | Fax: (415) 785-7352

Attorneys for Relators

## I.  INTRODUCTION

At summary judgment, this Court ruled that Wasatch Property Management's "additional charges outlined in the Additional Services Agreements constitute impermissible rent in violation of both the HAP contracts and federal law." ECF No. 278 at 13. In arguing that they should be allowed to relitigate this issue before the jury, Defendants misrepresent the Court's ruling and Plaintiffs' requests, and conflate the FCA elements and likely testimony of WPM employees, Public Housing Authority ("PHA") staff, and Defendants' proposed expert Robert Griswold.

## II.  ARGUMENT

### A. The Court Should Instruct the Jury that the FCA Falsity Element Has Been Met or Remove the Element from the Jury's Consideration.

Contrary to Defendants' argument, the Court's summary judgment ruling was not limited to Plaintiffs' state law claims. Rather, Plaintiffs also sought and won summary judgment on the legal issue of whether Defendants' charges were impermissible rent in violation of the HAP contract and federal law. Therefore, the Court must clearly instruct the jury that the charges violated the HAP Contract and Defendants should be strictly precluded from arguing otherwise.

There are no further factual disputes for the jury to resolve on the FCA element of falsity. The falsity element here has two components: WPM's certification of compliance with the HAP Contract and its prohibition on collecting excess rent, and the falsity of that certification. *See United States ex rel. Silingo v. Wellpoint, Inc.*, 904 F.3d 667, 675-76 (9th Cir. 2018). The Court's summary judgment ruling establishes the second component—that WPM collected unlawful excess rent. Likewise, Defendants admit that WPM executed all relevant HAP Contracts, which all certified that Defendants would not collect excess rent. Defs.' Resp. to Pls.' Stmt. of Undisputed Facts ¶ 1, ECF No. 258-1; Pls. Mot. *in Limine* No. 2, Ex. A ¶ 1, ECF No. 415. Thus, the element of falsity has been fully resolved, and the Court should either instruct the jury as such or remove the element from the jury's consideration.

Defendants' two arguments to the contrary are without merit. First, there is no requirement that a party move for summary judgment on an element, for courts to instruct a jury that an element has been satisfied by the party's judicial admissions. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d

1
PLS.' REPLY IN SUPP. MOT. IN LIMINE NO. 1 - CASE NO. 2:15-CV-00799 KJM-DB
903554.3

224, 226 (9th Cir. 1988) (judicial admissions remove a fact from issue); *W. Exp. Servs., Inc. v. Webtrans Logistics, Inc.*, No. CV 19-04279, 2022 WL 17368813, at *1-2 (C.D. Cal. Aug. 19, 2022) ("A party may request a jury instruction that the truth of the matter has been admitted and no contrary evidence is allowed.  *See Federal Civil Trials and Evidence*, Jones, et al., 8:980-982 (Rutter 2022)."). Second, while the Court's ruling focused on the excess rent prohibition in the Tenancy Addendum, the certification language earlier in the Contract is materially identical.  *Compare* HAP Contract, Part C(5)(e) ("Tenancy Addendum") ("The owner may not charge or accept, from the family ... any payment for rent of the unit in addition to the rent to owner."), *with* Part B(8)(d) ("Except for the rent to owner, the owner has not received and will not receive any payments or other consideration []from the family ... for rental of the contract unit ....").

## B. Defendants' Proposed Legal Opinion Testimony Is Irrelevant and Prejudicial.

Defendants fail to counter the well-established principle that testimony providing legal conclusions is improper.  *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).  The legal opinions of PHA witnesses and Mr. Griswold have no valid bearing on any element in the case and are certain to mislead the jury.  *See* Fed. R. Evid. 402, 403.

### 1. Defendants' Arguments Related to Scienter are Misplaced and Unsupported.

As it is relevant to scienter, Plaintiffs do not ask the Court to preclude valid evidence or argument as to WPM's *own* belief, at the time, that its additional service charges were lawful.  Rather, Plaintiffs' Motion argues that Defendants must establish an adequate foundation and that the Court should provide an instruction limiting any such evidence or argument to scienter.

However, testimony by the PHAs or Mr. Griswold as to whether *they* believe WPM's conduct violated the law is not relevant to scienter.  The scienter inquiry under the FCA considers "what a defendant thought when submitting the false claim." *Schutte v. SuperValu Inc.*, 598 U.S. 739, 752 (2023).  Thus, the PHAs or Mr. Griswold's legal opinions are not directly relevant to scienter.  Nor are they indirectly relevant, as Defendants have confirmed that WPM has not received legal advice from PHAs regarding the legality of its charges.  *See* Newmark Decl. Ex. 1, Am. Resp. to Huskey Interrog. No. 2, filed herewith (WPM does not receive legal advice from PHAs, only the approved HAP Contracts).

**2.    For Materiality, the Only Relevant Evidence Is How PHAs Respond to Excess Rent Charges, *Not* Otherwise Lawful Additional Service Charges.**

Plaintiffs do not ask the Court to preclude evidence of how PHAs respond to the violations at issue here – the excess rent charges by WPM. But Defendants cannot relitigate the Court's ruling and mislead the jury by introducing irrelevant testimony or argument about how the PHAs respond to otherwise lawful additional service charges that are *not* excess rent. Defendants attempt to confuse this issue by suggesting they would be precluded from introducing testimony or argument about WPM's alleged disclosure of its conduct to the PHAs, by providing Additional Services Agreements ("ASAs") as part of its HAP Contract submissions. Plaintiffs do not seek exclusion of this evidence.

Evidence of WPM's submission of the Additional Services Agreements, however, does not support the introduction of testimony by the PHAs or Griswold as to their understanding of the general permissibility of additional service charges within the context of the Section 8 program. The question for materiality is only whether WPM's violations—charging excess rent to Section 8 tenants, as the Court has already ruled—had "a natural tendency to influence, or be capable of influencing" payment by the government. 31 U.S.C § 3729(b)(4). Accordingly, the sole relevant issue for materiality is how the government responds to excess rent charges (*not* how the government responds to otherwise lawful additional service charges).

**3.    Defendants' Proposed Legal Opinion Testimony Is Highly Prejudicial and Certain to Cause Confusion and Mislead the Jury.**

Even if legal opinion testimony by the PHAs or Mr. Griswold that additional service charges complied with the HAP Contract had any probative value, which it does not, it should nonetheless be excluded under Rule 403. The prejudicial impact of such testimony far outweighs any probative value, especially since PHA testimony to date has been on the legality of additional services generally rather than WPM's specific practices (*see* Pls. Mot. *in Limine* No. 1 at 5:8-17, ECF No. 412), and Mr. Griswold's legal opinions are not supported by any colorable expertise related to the Section 8 program (*see* Pls. Mot. *in Limine* No. 5 at 1:20-2:19, ECF No. 420).

### III.    CONCLUSION

Plaintiffs respectfully request that the Court **grant** Plaintiffs' Motion *in Limine* No. 1.

Dated: July 1, 2024

Respectfully submitted,

CENTRO LEGAL DE LA RAZA

*/s/ Jesse Newmark*
Jesse Newmark

Attorneys for Plaintiffs and Relators
and the Certified Classes

Pls.' Reply ISO Mot. in Limine No. 1 to Exclude Evidence & Argument Contrary to Court's Summ. J. Findings
Case No. 2:15-CV-00799 KJM-DB

903554.3