1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Anne P. Bellows (SBN 293722)
   abellows@gbdhlegal.com
3  Stephanie E. Tilden (SBN 341486)
   stilden@gbdhlegal.com
4  GOLDSTEIN, BORGEN, DARDARIAN & HO
   155 Grand Avenue, Suite 900
5  Oakland, CA 94612
   Tel: (510) 763-9800 | Fax: (510) 835-1417
6
   Jesse Newmark (SBN 247488)
7  jessenewmark@centrolegal.org
   CENTRO LEGAL DE LA RAZA
8  3022 International Blvd., Suite 410
   Oakland, CA 94601
9  Tel: (510) 437-1863 | Fax: (510) 437-9164

10 Lindsay Nako (SBN 239090)
   lnako@impactfund.org
11 Lori Rifkin (SBN 244081)
   lrifkin@impactfund.org
12 Fawn Rajbhandari-Korr (SBN 315888)
   fkorr@impactfund.org
13 Meredith Dixon (SBN 346864)
   mdixon@impactfund.org
14 IMPACT FUND
   2080 Addison Street, Suite 5
15 Berkeley, CA 94704
   Tel: (510) 845-3473 | Fax: (510) 845-3654

16 Attorneys for Plaintiffs and Relators and the Certified Classes
   *[Additional Counsel listed on following page]*

17
                    **UNITED STATES DISTRICT COURT**
18                  **EASTERN DISTRICT OF CALIFORNIA**
                       **SACRAMENTO DIVISION**
19

20 | UNITED STATES OF AMERICA, *ex rel.* | Case No.: 2:15-CV-00799-KJM-DB |

UNITED STATES OF AMERICA, *ex rel.*
20 DENIKA TERRY, ROY HUSKEY III, and
   TAMERA LIVINGSTON, and each of them for          Case No.: 2:15-CV-00799-KJM-DB
21 themselves individually, and for all other persons
   similarly situated and on behalf of the UNITED    CLASS ACTION
22 STATES OF AMERICA
                                                      **PLAINTIFFS' OPPOSITION TO OWNER**
23        Plaintiffs/Relators,                        **AND NON-OWNER DEFENDANTS'**
                                                      **MOTION FOR LEAVE TO AMEND**
24 vs.                                                **EXHIBIT LIST**

25 WASATCH ADVANTAGE GROUP, LLC,                      Date:    July 29, 2024
   WASATCH PROPERTY MANAGEMENT, INC.,                 Time:    1:30 p.m.
26 WASATCH POOL HOLDINGS, LLC,                        Dept:    Courtroom 3, 15th Floor
   CHESAPEAKE APARTMENT HOLDINGS, LLC,                Before:  Hon. Chief Judge Kimberly J. Mueller
27 LOGAN PARK APARTMENTS, LLC, LOGAN
   PARK APARTMENTS, LP, ASPEN PARK                    Trial Date:   July 30, 2024
28 HOLDINGS, LLC, BELLWOOD JERRON

904352.5

1  HOLDINGS, LLC, BELLWOOD JERRON
   APARTMENTS, LP, BENT TREE
2  APARTMENTS, LLC, CALIFORNIA PLACE
   APARTMENTS, LLC, CAMELOT LAKES
3  HOLDINGS, LLC, CANYON CLUB HOLDINGS,
   LLC, COURTYARD AT CENTRAL PARK
4  APARTMENTS, LLC, CREEKSIDE HOLDINGS,
   LTD, HAYWARD SENIOR APARTMENTS, LP,
5  HERITAGE PARK APARTMENTS, LP, OAK
   VALLEY APARTMENTS, LLC, OAK VALLEY
6  HOLDINGS, LP, PEPPERTREE APARTMENT
   HOLDINGS, LP, PIEDMONT APARTMENTS,
7  LP, POINT NATOMAS APARTMENTS, LLC,
   POINT NATOMAS APARTMENTS, LP, RIVER
8  OAKS HOLDINGS, LLC, SHADOW WAY
   APARTMENTS, LP, SPRING VILLA
9  APARTMENTS, LP, SUN VALLEY HOLDINGS,
   LTD, VILLAGE GROVE APARTMENTS, LP,
10 WASATCH QUAIL RUN GP, LLC, WASATCH
   PREMIER PROPERTIES, LLC, WASATCH
11 POOL HOLDINGS III, LLC,
   and DOES 1-4,

12
         Defendants.
13

14 Andrew Wolff (SBN 195092)
   andrew@awolfflaw.com
15 LAW OFFICES OF ANDREW WOLFF, PC
   1615 Broadway, 4th Floor
16 Oakland, CA 94612
   Tel: (510) 834-3300 | Fax: (510) 834-3377
17
   Attorneys for Plaintiffs and Relators and the Certified Classes
18

19 Lawrence Anthony Organ (SBN 175503)
   larry@civilrightsca.com
20 CALIFORNIA CIVIL RIGHTS LAW GROUP
   332 San Anselmo Avenue
21 San Anselmo, CA 94960-2610
   Tel: (415) 453-4740 | Fax: (415) 785-7352
22
   Attorneys for Relators
23

24

25

26

27

28

904352.5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFFS' OPPOSITION TO OWNER AND NON-OWNER DEFENDANTS' MOTION FOR LEAVE TO AMEND EXHIBIT LIST**

Defendants should not be granted leave to amend their exhibit list in contravention of this Court's Pretrial Final Pretrial Order after they have already had ***three*** opportunities to draft an exhibit list. Owner and Non-Owner Defendants failed to file an exhibit list by the original deadline of February 2, 2024. *See* Jt. Pretrial Statement for Phase 1 Trial, ECF No. 353. After the Court granted in part Defendants' request for an extension, Defendants still failed to file a compliant exhibit list. *See* Minute Order on *Ex Parte* Application ECF No. 356 (extending pretrial deadlines by 6 weeks). After Plaintiffs objected to Defendants' vague and non-compliant exhibit list, the Court granted Defendants another extension to file a proper exhibit list, which they filed on June 14, 2024. Order on Objections to Final Pretrial Order, 2:6-13, ECF No. 403 (granting a fourteen-day extension to file a compliant exhibit list). Owner and Non-Owner Defendants have not provided any reason why their oversight justifies allowing them yet another chance to designate exhibits for trial.

A.      **Defendants' Late-Identified Exhibits Do Not Clear the Bar Set by the Final Pretrial Order for Adding Exhibits.**

In seeking to leave to amend their exhibit list to add previously omitted documents, Owner and Non-Owner Defendants fail to cite, and cannot meet, the Court's standard for adding exhibits that were not properly disclosed on the exhibit lists attached to the Amended Final Pretrial Order. The "inadvertent oversight" that resulted in the omission of the listed exhibits—which is the only reason Defendants have supplied— does not support leave to amend their exhibit list at this late date. *See* Mot. for Leave to Amend, ¶ 4, ECF No. 500.

The Amended Final Pretrial Order provides that "[t]he court will not admit exhibits other than those listed on the exhibit lists [attached to that order]," with two narrow exceptions. Am. Final Pretrial Order, 13:17-14:9, ECF No. 467.

The first exception requires that the offering party "demonstrate[] that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated." Defendants do not

1

904352.5

1   claim that the late disclosed evidence are for rebuttal purposes, let alone for rebuttal of evidence that

2   could not have been reasonably anticipated.  *See id.* 13:21-23.

3          The second exception applies where "[t]he exhibit was discovered after the issuance of the

4   order" and requires the offering party to demonstrate, *inter alia*, that "[t]he exhibits could not

5   reasonably have been discovered earlier."  *Id.* 13:23-14:3.  Defendants do not claim that the exhibits

6   were only recently discovered, much less that they "could not reasonably have been discovered

7   earlier."  To the contrary, Defendants attempt to excuse the documents' omission from the exhibit list

8   by arguing that "references to these exhibits were previously included" in their extraordinarily

9   overbroad exhibit list filed on March 15, 2024.  Mot. for Leave to Amend, ¶ 9, ECF No. 500.

10   Defendants cannot meet the second exception either.

11          Defendants do not acknowledge, let alone provide a basis for invoking, the final pretrial order's

12   provisions for admitting late disclosed exhibits.[1]  Nor should those provisions be amended to set a

13   more lenient rule.  Changing the rules of the road at this late date would both prejudice Plaintiffs and

14   disrupt the orderly conduct of trial.  The Court should therefore apply the provisions set out in its

15   order.  *Cf.*, Fed. R. Civ. P. 16 (e) ("The court may modify the order issued after a final pretrial

16   conference only to prevent manifest injustice"); *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir.

17   2005) (party seeking change to pretrial order has "the burden of showing that an amendment to the

18   pretrial order was necessary to prevent 'manifest injustice.'").  The same result is compelled by Local

19   Rule 281(d), which provides that only exhibits timely listed in a pretrial statement "will be permitted to

20   be offered at trial *except as may be otherwise provided in the pretrial order.*" (emphasis added).

21   Owner and Non-Owner Defendants let two pretrial statement deadlines pass without listing specific

22   exhibits as required by the rule.  The Court granted them a third opportunity by allowing them to file a

23   compliant exhibit list on June 14.  That is more than enough.

24

25

26

---

27   [1] Moreover, Defendants were aware of these rules when they submitted their June 14 exhibit list, as
     the same rules were set out in the Court's original Final Pretrial Order dated May 7, 2024.  ECF No.

28   396 at 13:17-14:9.

904352.5

**B.      Defendants' Prior Overbroad Exhibit List Does Not Justify the Late Disclosures.**

Defendants' attempt to soften their late disclosure by reference to their March 15 exhibit list. But that exhibit list fell far short of alerting Plaintiffs of the exhibits Defendants intended to use.   As this Court found in sustaining Plaintiffs' objections to that exhibit list, "[a] large portion" of the list was "vague and [did] not provide adequate notice."  Order on Objections, 2:10-11, ECF No. 403. Defendants cannot pluck several specific exhibits from the ocean of possibilities covered by that exhibit list and reasonably suggest that Plaintiffs were on notice that those documents were at issue.

For example, Defendants now identify a specific notice issued by the Office of Public and Indian Housing, *see* Mot. for Leave to Amend ¶ 4(a), while their March 15 exhibit list designated in sweeping terms "All HUD Office of Public and Indian Housing ('PIH') Notices from October 1, 1998 through the conclusion of trial," Am. Joint Pretrial Statement, Ex. J, ECF No. 378.   This incredibly broad designation does not satisfy any reasonable notice standard for the specific exhibit Defendants now wish to add.

Another document now identified by Defendants appears not to fall into *any* category listed on their March 15 Exhibit List—the "Housing Provider Handbook" posted on the website of the Sacramento Housing and Redevelopment Agency.  *See* Mot. for Leave to Amend ¶ 4(e) & n.2.  The March 15 exhibit list disclosed "[a]ll PHA HCV administrative and other administrative plans, annual plans, five year plans and other submittals to HUD made in compliance with the Housing Act of 1937."  Am. Joint Pretrial Statement, Ex. J, ECF No. 378.  The "Housing Provider Handbook," which is not an administrative plans, annual plan, or five-year plan, does not fall within even that incredibly expansive category.

The remaining three HUD publications now belatedly identified by Defendants total 894 pages.[2]  Mot. for Leave to Amend ¶¶ 4(b)-(d); Bellows Decl. ¶¶ 3-5.  Defendants' request to include

---

[2] These exhibits were encompassed by the following categories on the March 15 exhibit list:

"All HCV Guidebooks published by or on behalf of HUD PIH from October 1, 1998, through the conclusion of trial, including, but not limited to, HCV Guidebook (April 2001) (7420.10G), HCV Guidebook (2015) (7420.10G), and HCV Guidebook at (7420.10(G))."

"All HUD HCV Landlord Guidebooks (all versions) published at https://files.hudexchange.info/resources/documents/PIH-HCV-Landlord-Strategies-Guidebookfor-

3

904352.5

them on the exhibit list thus appears to be another form of broad over-designation that fails to provide

Plaintiffs fair notice as to evidence Defendants will attempt to admit and argue at trial.  While

Defendants might have permissibly included such voluminous documents on their exhibit list within

the deadline set by the Court, their request to amend the exhibit list after the court-ordered deadline to

add many hundreds of pages of agency publications is not harmless and should not be granted.

Plaintiffs respectfully request that the Court **DENY** Owner and Non-Owner Defendants'

Motion for Leave to Amend their Exhibit List.


Dated:  July 10, 2024                                              Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO


 /s/ Anne P. Bellows
Anne P. Bellows

Attorneys for Plaintiffs and Relators
and the Certified Classes

---

PHAs.pdf, as applicable during all times pertinent through the conclusion of trial."

4