Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Anne P. Bellows (SBN 293722)
abellows@gbdhlegal.com
Stephanie E. Tilden (SBN 341486)
stilden@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Tel: (510) 763-9800 | Fax: (510) 835-1417

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
Tel: (510) 437-1863 | Fax: (510) 437-9164

Lindsay Nako (SBN 239090)
lnako@impactfund.org
Lori Rifkin (SBN 244081)
lrifkin@impactfund.org
Fawn Rajbhandari-Korr (SBN 315888)
fkorr@impactfund.org
Meredith Dixon (SBN 346864)
mdixon@impactfund.org
IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA 94704
Tel: (510) 845-3473 | Fax: (510) 845-3654

Attorneys for Plaintiffs and Relators and the Certified Classes
*[Additional Counsel for Relators listed on following page]*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Date:    July 29, 2024<br>Time:   1:00 p.m.<br>Dept:   Courtroom 3, 15th Floor<br>Before: Hon. Chief Judge Kimberly J. Mueller<br><br>Trial Date:   July 30, 2024 |

| | |
|---|---|
| 1 | HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE |
| 2 | APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES |
| 3 | HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK |
| 4 | APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, |
| 5 | HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY |
| 6 | HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, |
| 7 | LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER |
| 8 | OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA |
| 9 | APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, |
| 10 | WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH |
| 11 | POOL HOLDINGS III, LLC, and DOES 1-4, |
| 12 | Defendants. |
| 13 | |

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
Tel: (510) 834-3300 | Fax: (510) 834-3377

Attorneys for Plaintiffs and Relators and the Certified Classes

Lawrence Anthony Organ (SBN 175503)
larry@civilrightsca.com
Marqui Hood (SBN 214718)
marqui@civilrightsca.com
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, CA 94960-2610
Tel: (415) 453-4740 | Fax: (415) 785-7352

Attorneys for Relators

## I.  INTRODUCTION

Defendants' motion to dismiss Plaintiffs' state law claims for lack of subject matter jurisdiction nine years into this litigation is yet another example of their efforts to re-litigate issues previously addressed by the Court.  As the Court explicitly stated in its Final Pretrial Order, it has federal subject matter jurisdiction in this federal qui tam False Claims Act ("FCA") case pursuant to 28 U.S.C. § 1331 and "has authority to exercise jurisdiction over plaintiffs' state law claims based on 28 U.S.C. § 1367(a)" because "all claims share a common nucleus of fact related to defendants' unlawful excess rent charges."  ECF No. 396 at 2:6-15.

The federal FCA and state law claims in this case arise from Defendants' practice of charging Section 8 tenants rent beyond what was permitted under the terms of the HAP contract.  Defendants' practice violated their obligations to both the federal government and Section 8 tenants.  Section 8 tenants have the right to sue for Defendants' violations of the governing HAP contract.  The state law claims brought by tenants here are part of the same case or controversy as Relators' federal FCA claim, which alleges that Defendants' violations also constituted fraud on the federal government.

Defendants ignore this Court's prior ruling and openly disregard scores of other cases in which courts have exercised supplemental jurisdiction over state law claims in federal FCA cases pursuant to § 1367(a).  *See* ECF No. 470 ("Mot.") at 8 n.6.  Defendants move to dismiss based on two out-of-circuit, unpublished district court opinions, arguing that 31 U.S.C. § 3732(b) defines supplemental jurisdiction over state law claims in federal FCA cases to the exclusion of 28 U.S.C. § 1367(a).  As explained below, this argument contravenes the plain language of § 1367(a) and the overwhelming body of federal caselaw.  Congress's adoption of § 3732(b) to allow pendent jurisdiction for claims based on state law analogs of FCA claims does not preclude supplemental jurisdiction under § 1367(a).  Rather, § 1367(a) *also* expanded federal court jurisdiction to permit jurisdiction over state law claims that arise from the same case or controversy.  Both § 3732(b) and § 1367(a) are jurisdiction granting, not jurisdiction limiting.

The outlier cases cited by Defendants are also readily distinguishable from the instant case because those cases addressed state FCA claims specifically seeking to recover government funds, which are the state law claims explicitly granted pendent jurisdiction through § 3732(b).  This case

1  does not involve state FCA claims. The Plaintiff classes' state law claims for breach of contract and
2  violation of California's Unfair Competition Law and Consumer Legal Remedies Act arise from the
3  same core set of facts as their federal FCA claim and fall squarely within the Court's exercise of
4  supplemental jurisdiction under § 1367(a).

5  Finally, Plaintiffs' state law claims necessarily turn on the federal question of what constitutes
6  "rent" in the Section 8 program, which is an independent ground for this Court's jurisdiction under 28
7  U.S.C. § 1331. Because the Court's adjudication of Plaintiffs' class claims required resolution of
8  whether the additional service fees charged by Defendants are unlawful excess rent in violation of the
9  HAP Contract and federal regulations, *see* ECF 278 at 13-14, all of Plaintiffs-Relators' claims can
10 properly be deemed to arise under the laws of the United States.

11 The Court properly recognized its jurisdiction over Plaintiffs' state law claims.

## II.   ARGUMENT

### A. The False Claims Act Does Not Preclude the Court from Exercising Supplemental Jurisdiction Under 28 U.S.C. § 1367(a).

Courts across the country, including in this Circuit, have concluded that 28 U.S.C. § 1367(a) authorizes a federal court to take supplemental jurisdiction over relators' state law claims where 31 U.S.C. § 3732(a) provides the basis for original federal jurisdiction in a qui tam False Claims Act case. *See, e.g., Chang v. Children's Advoc. Ctr. of Del. Weih Steve Chang*, 938 F.3d 384, 386 (3d Cir. 2019) ("The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and 31 U.S.C. § 3732."); *United States v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011) ("The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1345, and 1367, as well as 31 U.S.C. § 3732."); *Vessell v. DPS Assocs. of Charleston, Inc.*, 148 F.3d 407, 410 (4th Cir. 1998) ("The district court had jurisdiction over Vessell's False Claims Act claim under 31 U.S.C. § 3732(a) and exercised supplemental jurisdiction over Vessell's state law claims under 28 U.S.C. § 1367."); *United States ex rel. Fallon v. Accudyne Corp.*, 97 F.3d 937, 940 (7th Cir. 1996) (discussing various routes to federal jurisdiction in qui tam FCA cases including § 1367); *Cummings v. Hale*, 2017 WL 3669622, at *4 (N.D. Cal. May 17, 2017), *report and recommendation adopted sub nom. United States ex rel. Cummings v. Hale*, 2017 WL 3669553 (N.D. Cal. Aug. 16, 2017) (exercising supplemental jurisdiction in federal FCA case based

on finding "Cummings's state law claims—all of which arise out of Cummings's tenancy—to be sufficiently related to her federal claim to fall within the Court's supplemental jurisdiction under 28 U.S.C. § 1367."); *United States v. Baran*, 2015 WL 5446833, at *3 (C.D. Cal. Aug. 28, 2015) ("This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732. This Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367 because it forms part of the same case or controversy as the federal law claims."); *United States v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1148–49 (C.D. Cal. 2005) (finding jurisdiction in federal FCA case over all state law claims where county intervenor asserted both state FCA violation and additional non-FCA state law claims based on "same operative facts");

Both the text and the legislative history of 31 U.S.C. § 3732(b) and 28 U.S.C. § 1367(a) indicate that they serve different, non-contradictory purposes. Congress adopted § 3732(b) to extend subject matter jurisdiction in federal FCA cases to analogous state FCA claims for recovery of government funds arising from the same transaction or occurrence. *See Hawaii v. Abbott Labs., Inc.*, 469 F.Supp.2d 835, 841 (D. Haw. 2006) (recognizing that purpose of § 3732(b) was to authorize permissive intervention in federal FCA cases by states for recovery of state funds); *United States ex rel. Long v. SCS Bus. & Technical Inst., Inc.,* 173 F.3d 870, 880 (D.C. Cir. 1999) (explaining that § 3732(b) was enacted to allow state and local governments to join state law actions with federal FCA actions if such actions grow out of the same transaction or occurrence). This section was added at the urging of the National Association of the State Attorney's General, and was intended to "allow[ ] State . . . governments to join State law actions with False Claims Act actions brought in Federal district court." S. Rep. No. 345, 99th Cong., 2nd Sess., at 16 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5281.

Congress adopted § 1367 to codify the ability of federal courts to hear state law claims concerning the same case or controversy as federal claims, except "as expressly provided otherwise" by other subsections of § 1367 or other federal statutes. In reviewing whether a provision of the Fair Labor Standards Act limited supplemental jurisdiction under § 1367(a), the D.C. Circuit held that it did not because the language of the provision failed to *expressly* prohibit the exercise of supplemental jurisdiction. *Lindsay v. Gov't Employee Ins. Co.*, 448 F.3d 416, 422 (D.C. Cir. 2006). The D.C.

3

1  Circuit looked to the U.S. Supreme Court's analysis of similar language in the removal statute, 28
2  U.S.C. § 1441(a), which permits the removal of a case over which the district court has original
3  jurisdiction, "[e]xcept as otherwise expressly provide by an Act of Congress." *Breuer v. Jim's*
4  *Concrete of Brevard, Inc.*, 538 U.S. 691, 696-97 (2003). In *Breuer*, "the Court warned against reading
5  the term 'expressly' out of the proviso." *Lindsay*, 448 F.3d at 422 (summarizing *Breuer's* analysis).

6        As the Supreme Court found in *Breuer* and the D.C. Circuit found in *Lindsay*, if Congress had
7  intended to expressly prohibit federal courts from exercising jurisdiction over non-FCA state law
8  claims as part of § 3732(b), it could have done so. *See Lindsay*, 448 F.3d at 422; *Breuer*, 538 U.S. at
9  696; *see also Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 979 (7th Cir. 2011) ("[I]t is important to
10 emphasize that FLSA is not a statute that 'expressly provide[s]' some limit to supplemental
11 jurisdiction, as section 1367(a) contemplates that some federal statutes might."). Section 3732(b)
12 contains no language expressly excluding other state law claims from being brought with federal FCA
13 claims in federal court. Thus, § 3732(b) does not prohibit exercise of supplemental jurisdiction over
14 non-FCA state law claims that satisfy the "same case or controversy" requirement of § 1367(a).

15       In the last four decades, only two courts in the country have suggested that § 3732(b) may limit
16 the supplemental jurisdiction granted by § 1367 where federal question jurisdiction arises under the
17 FCA. *See United States ex rel. King v. Solvay S.A.*, 2015 WL 5692859 at *2 (S.D. Tex. Sept. 28,
18 2015); *United States v. Cross Garden Care Ctr., LLC*, 2019 WL 6493972 at *7 (M.D. Fla. Dec. 3,
19 2019) (citing *Solvay* as the sole authority for its holding). All other federal case law—including in this
20 Circuit—confirms that § 1367 was adopted as an expansion of federal court jurisdiction. The holdings
21 of *Solvay* and *Cross Garden* directly contravene the U.S. Supreme Court's recent admonition that "the
22 text of a law controls," and courts should "presume [] modestly" that "the legislature says what it
23 means and means what it says." *See Oklahoma v. Castro-Huerta*, 597 U.S. 629, 642 (2022).

24       Further, *Solvay* and *Cross Garden* do not actually speak to the circumstances of this case. In
25 both cases, the relators brought state FCA claims "for recovery of funds paid by a State or local
26 government"— claims explicitly within the scope of § 3732(b). *See Solvay,* 2015 WL 5692859 at *1;
27 *Cross Garden*, 2019 WL 6493972 at *1. The *Solvay* court dismissed the relators' federal FCA causes
28 of action as insufficiently pled, and then concluded that the question of jurisdiction over relators' state

FCA analogs had to be decided under the "same transaction or occurrence" standard of § 3732(b). 2015 WL 5692859 at *2-3. The court held that § 1367 did not apply because § 3732(b) "expressly provides for supplemental jurisdiction, so it controls." *Id.* at *2.

The court in *Cross Garden* cited *Solvay* in concluding that the facts underpinning the plaintiffs' state FCA claim did not satisfy the relatedness requirements of either § 3732(b) or § 1367(a). 2019 WL 6493972 at *7. In so doing, the *Cross Garden* court characterized the holding of *Solvay* as stating, "31 U.S.C. § 3732 provides the criteria for supplemental jurisdiction over state law claims in FCA cases." *See id.* Defendants here have seized on the broader phrasing in *Cross Garden* to attempt to shield themselves from supplemental jurisdiction. Neither *Cross Garden* nor *Solvay* actually analyzed whether § 1367(a) would allow for supplemental jurisdiction over non-FCA state law claims in a federal FCA case. However, to the extent their holdings eliminate this possibility, they are in conflict with all other relevant caselaw.

Moreover, Defendants' assertion that the absence of Ninth Circuit authority for their motion reflects a lack of critical scrutiny by Ninth Circuit courts is belied by, for example, the Central District of California's clear explanation of its jurisdiction under similar circumstances:

> The Court has subject matter jurisdiction over the matter as Plaintiff's claims allege violations of the False Claims Act arising under 31 U.S.C. § 3730. *See* Am. Compl. This Court has pendent jurisdiction over Plaintiff's retaliation claims pursuant to California's False Claims Act—California Government Code § 12653(b), California's Health and Safety Code § 1278.5, constructive discharge in violation of public policy, and California Labor Code § 1102.5 because under 31 U.S.C. § 3732(b), this Court "shall have jurisdiction over any action brought under the laws of any State for the recovery of funds paid by a State or local government if the action arises from the same transaction or occurrence as an action brought under section 3730." Additionally, where the district court has original jurisdiction, the district court shall also "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.

*United States ex rel. Macias v. Pac. Health Corp.*, 2016 WL 8722639, at *4 (C.D. Cal. Oct. 7, 2016).

Here, Plaintiffs-Relators' state law claims are not "for the recovery of funds paid by a State or local government" and thus fall outside the purview of § 3732(b). Rather, the question of supplemental jurisdiction concerns state law claims for damages to Plaintiffs-Relators arising from the same core set of facts as the qui tam claim under the FCA—exactly the type of situation covered by

§ 1367(a).  *See, e.g., Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together.").

As this Court held in the Final Pretrial Order, "all claims share a common nucleus of fact related to defendants' unlawful excess rent charges." ECF No. 396 at 2:6-15.  The facts underpinning Defendants' excess rent scheme—including, for example, their failure to disclose the amount of rent accurately in the HAP Contract; their practice of requiring Section 8 tenants to pay mandatory additional charges including fees for parking, media packages, washers and dryers, and renters' insurance; and their implementation of a payment sequence that deliberately applied tenants' payments first to the "additional charges" rather than the listed rent—form the nucleus of fact common to both the federal FCA and state law claims in this case.  Accordingly, the Court's exercise of supplemental jurisdiction over Plaintiffs' state law claims arising out from the same case or controversy as Relators' federal FCA claim is proper under § 1367(a).

**B.   This Court's Exercise of Jurisdiction Over All of Plaintiffs-Relators' Claims is Further Supported by the Overlapping Federal Issue Raised by their State Law Claims.**

In addition, as Defendants themselves recognize in their brief, Plaintiffs-Relators' state law claims in this case necessarily implicate an issue of federal law:  namely, whether the "additional" service fees charged by Defendants are unlawful excess rent in violation of the HAP Contract and federal regulations.  *See* Mot. at 4 ("The only alleged commonality between the state and federal claims stems from Plaintiffs' self-created definition of 'rent,' and the false impression that the word 'rent' is defined the same way in the federal governed HAP Contract and state-governed private leases.").  While Defendants reiterate their disagreement with this Court's summary judgment holding on what constitutes "rent" for purposes of the federal Section 8 program, Mot. at 12 n.8, their ongoing attempt to re-litigate this issue underscores the overlap of federal and state law issues in this case, which is itself a basis for jurisdiction.  *See City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 164 (1997) ("As we have explained, however, even though state law creates a party's causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law.")

(internal alterations and quotations omitted); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086-87 (9th Cir. 2009) (holding a federal court may have federal question jurisdiction if a state law claim necessarily raises a disputed and substantial federal issue).

In its summary judgment order, the Court expressly held that Plaintiffs were entitled to summary judgment on their state law claims because of the Court's ruling that Defendants' actions had violated the HAP Contract and federal law. *See* ECF 278 at 13:26-28 ("Because defendants breached the [HAP Contract] tenancy addendum by requiring tenants to pay excess rent in the form of charges contained in the [Additional Service Agreements], the court finds summary judgment is appropriate on plaintiffs' breach of contract class claims."); *id.* at 14:5-7 ("As for plaintiffs' UCL claim, defendants' practice of treating ASA charges as rent, including requiring tenants to pay the charges or face eviction, violate federal regulations governing the Section 8 program.").

Defendants attempt to claw back the federal question of what constitutes "rent" in the Section 8 program by asserting that Plaintiffs-Relators "have no rights, under state *or* federal law under the HAP Contracts," and, therefore, any state law claims must "arise *only* under the lease agreements *as governed by state law*." Mot. at 5:4-7. As Defendants themselves have previously conceded, this position is simply wrong.[1] *See* ECF No. 278 at 13:22-23 (observing that "Defendants also concede plaintiffs can bring a breach of contract claim under the tenancy addendum."). "The tenancy addendum" refers to Part C of the HAP Contract, which contains the relevant prohibitions on excess rent at issue in this case and states, "The tenant shall have the right to enforce the tenancy addendum against the owner. If there is any conflict between the tenancy addendum and any other provisions of the lease, the language of the tenancy addendum shall control." *See* ECF 331 at 60 (HAP Contract Part C, ¶ 2b); *see also* 24 C.F.R. §982.308(f)(2) ("All provisions in the HUD-required tenancy addendum must be added word-for-word to the owner's standard form lease that is used by the owner for unassisted tenants. The tenant shall have the right to enforce the tenancy addendum against the owner, and the terms of the tenancy addendum shall prevail over any other provisions of the lease."). As

---

[1] Defendants' new argument is both legally erroneous, as explained *infra,* and improper. *See Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008) ("[U]nder the doctrine of judicial estoppel, the state cannot now reverse its position in order to suit its current objectives.").

Plaintiffs previously explained in opposing Defendants' untimely motion for judgment on the pleadings, ECF No. 392 at 26:17-27:22, Plaintiffs' state law claims are based on Defendants' breach of the tenancy addendum, which is both part of the HAP Contract and part of the lease between the owners and the tenants. Both federal regulations and the HAP Contract are clear that tenants may enforce the tenancy addendum against the owner. Thus, Plaintiffs' state law claims are proper and require interpretation of federal regulations.

Plaintiffs-Relators' state law claims raise federal issues that establish this Court's subject matter jurisdiction, in addition to the supplemental jurisdiction provided by § 1367(a).

### III. CONCLUSION

For the reasons set forth above, this Court properly found that it has supplemental jurisdiction over Plaintiffs-Relators' state law claims in this case and should deny Defendants' motion to dismiss.

Dated: July 12, 2024

Respectfully submitted,

IMPACT FUND

*/s/ Lori Rifkin*
Lori Rifkin

Attorneys for Plaintiffs and Relators
and the Certified Classes