UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Denika Terry, et al., | No. 2:15-cv-00799-KJM-DB |
| Plaintiffs, | ORDER ON PLAINTIFFS' EIGHTH MOTION IN LIMINE |
| v. | |
| Wasatch Advantage Group, LLC, et al., | |
| Defendants. | |

In advance of the Phase 1 trial in this case, plaintiffs have filed nine motions *in limine*, Owner and Non-Owner defendants ("OND defendants") have filed five motions *in limine* and Wasatch Property Management defendants ("WPM defendants") have filed eight motions *in limine*. On June 11, 2024, the court held a hearing on the motions. *See* Mins. Hr'g, ECF No. 511. At issue here is plaintiffs' eighth motion *in limine* to exclude the witnesses and exhibits not timely disclosed in accordance with Federal Rule of Civil Procedure 37(c). Mot., ECF No. 425. The OND defendants oppose, Opp'n, ECF No. 646, and plaintiffs have replied, Reply, ECF No. 482. At the hearing, the court denied the motion as moot regarding the exhibits, granted the motion as to James McCurley, and submitted the motion regarding the rest of the witnesses. *See* Mins. Hr'g. The court now **grants** the motion as to the remaining witnesses.

**I.      BACKGROUND**

The court summarizes the relevant background that pertains to this motion. The parties exchanged initial disclosures on December 16, 2016. *See* Mot. at 4.[1] The OND defendants have never served supplemental disclosures, as they confirmed at hearing. *Id.* In their joint pretrial statement and amended joint pretrial statements, the parties submitted their witness and exhibits list. *Id.* at 3; *see also* Joint Pretrial Statement, ECF No. 353; Am. Joint Pretrial Statement, ECF No. 378. On May 26, 2024, the court sustained plaintiffs' objections to the inclusion of the OND defendants' initial exhibit and witness lists in the Final Pretrial Order and directed those defendants to submit new lists "with the specificity required by the local rules[.]" Prior Order at 3, ECF No. 403. The OND defendants submitted a new witness and exhibit list. Witness List, ECF No. 430; Exhibit List, ECF No. 431. Certain witnesses on the new list were not previously disclosed either in the initial disclosures or any supplemental disclosures. *See* Reply at 3.

Plaintiffs move to exclude the introduction of witnesses who were not timely disclosed under Federal Rules of Civil Procedure 26(a) and (e). Mot. at 3. Plaintiffs did not have the benefit of the new witness list prior to filing the instant motion because the deadline to file motions *in limine* fell before defendants' deadline to submit their amended list. *Id.* In their reply, after seeing the list, plaintiffs narrowed their request to the exclusion of "Mike Christiansen, Brittany Stewart, Nan McKay and Yardi employees, WPM property managers and Housing Authority employees who were not listed on any party's disclosures, and expert witness James McCurley who was not disclosed as an expert on any issue relevant to the Phase 1 trial." Reply at 3. As noted, defendants oppose. *See* Opp'n.[2] They argue their failure to disclose the witnesses was not harmful. *See generally id.* As noted, at the hearing, the court granted the motion as to James McCurley, and submitted the motion regarding the rest of the witnesses. *See* Mins. Hr'g.

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.
[2] The court refers to the OND defendants collectively as "defendants" in this order because the WPM defendants are not parties to this motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a) requires the disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information-- along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) requires disclosing parties to supplement their prior disclosures "in a timely manner" when the prior response is in some material respect "incomplete or incorrect," and if "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c)(1) "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) [or (e)] that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (footnote reference omitted). Rule 37(c)(1)'s default exclusion sanction, however, does not apply if the failure to disclose was substantially justified or is harmless. *See* Fed. R. Civ. P. 37(c)(1).

## III. DISCUSSION

Defendants concede they did not comply with Rule 26. They do not argue their failure to comply with Rule 26 is substantially justified. Rather, they argue the failure is harmless because plaintiffs would not be prejudiced. *See generally* Opp'n. The court first summarizes the parties' arguments.

Defendants first argue plaintiffs themselves listed Janae Jarvis, Shawn Fetter, and Brad Mishler in their own Rule 26(a) disclosure, and therefore, plaintiff would not be prejudiced or surprised by their inclusion in the witness list. *Id.* at 4. At this point, plaintiffs do not oppose the inclusion of these witnesses. *See* Reply Ex. A (listing witnesses they seek to exclude). Accordingly, the motion is denied to the extent plaintiffs seek to exclude these witnesses.

Defendants next argue plaintiffs could not have been surprised by the inclusion of Mike Christiansen, because he had filed two declarations in this case, or Brittany Stewart, because she was mentioned in the deposition of another individual. *See* Opp'n at 5. Defendants then argue as to the Wasatch Property Managers, plaintiffs "cannot credibly claim surprise or prejudice that a

3

representative of a named defendant will be called to testify in support of that defendant's case." *Id.* Next, they argue plaintiffs were aware of the Public Housing Authority (PHA) witnesses because plaintiffs themselves put the properties at issue and so defendants were "forced" to list the property managers and PHAs for those properties. *Id.* at 6. Finally, defendants argue the inclusion of the two employees of Nan McKay and the yet-to-be-identified employee of Yardi is not prejudicial or surprising because plaintiffs have been aware of the relevance of both employing entities because they were discussed during depositions. *Id.*

Plaintiffs argue, to the contrary, they are "in the dark" regarding Christiansen's testimony at trial because the spreadsheet the two Christiansen declarations pertained to is not on defendants' exhibit list. Reply at 4. At hearing, defendants effectively agreed Christiansen's two declarations were not identified in a way that alerted plaintiffs to what issue would be tried in the upcoming Phase 1 trial. While plaintiffs agree Brittany Stewart was mentioned in passing at another person's deposition, they say they are not required to guess whether such a mention means a person will testify at trial. *Id.* As for the Wasatch Property Managers defendants now identify, plaintiffs clarify the property managers are not individuals named in the suit, and "Plaintiffs are not required to guess which of Defendants' employees may testify." *Id.* At hearing, defendants confirmed those property managers are not named defendants. As for the PHA witnesses, plaintiffs argue their mere knowledge of the existence of the witnesses does not establish harmlessness when they were not previously identified as trial witnesses. *Id.* at 5. Finally, as to the two Nan McKay employees and unidentified Yardi employee, plaintiffs argue they are not required to predict who will testify, and just because an entity is mentioned in a deposition, does not mean the specific employees who will be called to testify need not be disclosed. *Id.* As to the unnamed Yardi employee, defendants stated during the hearing they are willing to enter into a stipulation to let plaintiffs determine which Yardi employee should testify at trial. The court instructed the parties to inform the court by Wednesday, July 17, 2024, if they have reached a stipulation. *See* Mins. Hr'g. The parties have not filed a stipulation and so the court now considers whether the defendants' failure to comply with Rule 26 is substantially justified or harmless.

4

Courts apply a four-factor test in determining whether a faulty disclosure is substantially justified or harmless. *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022). These four factors are: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Id.* (citations omitted). The burden is on the disclosing party to show the failure to disclose information or witnesses was substantially justified or harmless. *Yeti by Molly, Ltd.*, 259 F.3d at 1107. The Ninth Circuit has recently held it is an abuse of discretion to not consider whether a party's noncompliance with Rule 26 was harmless or substantially justified before imposing sanctions. *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022).

The first factor weighs in favor of plaintiffs as to the short list of witnesses they seek now to exclude. Although plaintiffs may have known of the existence of some of these witnesses, they "should not have to guess which undisclosed witnesses may be called to testify." *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014). Nor is it the responsibility of plaintiffs to sift through the record and predict which individuals defendants will call to testify. *See, e.g.*, *Korhonen v. Sentinel Ins. Ltd.*, No. 13-00565, 2015 WL 2185365, at *5 (D. Nev. May 8, 2015) (not responsibility of defendants to predict which treating physicians plaintiffs would call to testify). Moreover, the mere fact "[t]hat another witness has made a passing reference in a deposition to a person with knowledge or responsibilities who could conceivably be a witness does not satisfy a party's disclosure obligations." *See Ollier*, 768 F.3d at 863. Defendants "cannot shift their discovery responsibilities" to plaintiffs. *See Korhonen*, 2015 WL 2185365, at *5. During the pendency of this case, the deadline to complete fact discovery has been continued several times and fact discovery closed on June 2, 2023, more than a year ago. *See* Stip. & Order, ECF No. 307. Defendants did not identify any of the contested witnesses in their Joint Pretrial Statement or amended Joint Pretrial Statement. They waited until the eve of trial and after the court granted them an opportunity to amend their list to identify witnesses and exhibits not previously disclosed.

The second and third factors also favor plaintiffs.  Defendants argue "there is no 'prejudice' to cure," and so do not make any arguments regarding what plaintiffs could have done to cure any surprise or prejudice arising from defendants' late disclosures.  Opp'n at 7.  Here, plaintiffs do not have a realistic opportunity to cure any prejudice as the contested witnesses have been identified on the eve of trial, due to begin in less than two weeks.  Even if the court were to reopen discovery for the limited purpose of allowing plaintiffs to depose the witnesses, trial would be delayed and disrupted.  *Cf. Mollica v. County of Sacramento*, No. 19-02017, 2023 WL 6723395, at *4 (E.D. Cal. Oct. 12, 2023) (defendants had plenty of time to challenge sufficiency of plaintiffs' disclosures).

As for the fourth factor, although defendants argue their failure to comply with Rule 26 was not in bad faith or willful, plaintiffs argue otherwise.  Defendants provide no explanation or reason for why they did not or could not disclose their witnesses sooner or why they never updated their initial disclosures in the course of nearly eight years.  Although they fault plaintiffs' numerous amendments to the complaint, defendants do not explain why they could not have updated their initial disclosures after each amendment.  The circumstances overall suggest defendants have not acted in good faith.  On balance the fourth factor weighs in favor of plaintiffs or at the least, is neutral.

Having considered the parties' briefing and arguments at hearing, the court finds defendants' failure to disclose was not substantially justified nor harmless.  Accordingly, the motion is granted as to the witnesses identified in plaintiffs' reply.

**IV.   CONCLUSION**

Because the OND defendants have not shown their failure to comply with Rule 26 was harmless or substantially justified, plaintiffs' motion to preclude the introduction of witnesses who were not timely disclosed under Federal Rules of Civil Procedure 26(a) and (e) is **granted** as to those witnesses identified in Exhibit A to plaintiffs' reply.

This order resolves ECF No. 425.

IT IS SO ORDERED.

DATED: July 18, 2024.

CHIEF UNITED STATES DISTRICT JUDGE