UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Denika Terry, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Wasatch Advantage Group, LLC, et al.,<br><br>    Defendants. | No. 2:15-cv-00799-KJM-DB<br><br>ORDER ON SEVEN MOTIONS IN LIMINE |

In advance of the Phase 1 trial in this case, plaintiffs have filed nine motions *in limine*, Owner and Non-Owner defendants ("OND defendants") have filed five motions *in limine* and Wasatch Property Management defendants ("WPM defendants") have filed eight motions *in limine*. On June 11, 2024, the court held a hearing on the motions, resolving some in bench orders. *See* Mins. Hr'g, ECF No. 511. The court now resolves seven of the eight remaining motions *in limine* that were submitted at the hearing, with an order on the eighth motion to follow.

I.  **WPM DEFENDANTS' MOTION *IN LIMINE* NO. 2**

WPM defendants request permission to introduce exhibits summarizing the data contained in voluminous documents as provided by Federal Rule of Evidence 1006. *See* Pls.' Mot. Lim. 2, ECF No. 410. Plaintiffs oppose, arguing WPM defendants propose to rely on data that was never produced in litigation although directly responsive to a request for production by plaintiffs. Pls.'

1

Opp'n at 1, ECF No. 438. Plaintiffs argue the summary chart should be excluded under Federal Rule of Civil Procedure 37. Plaintiffs' attorney Anne Bellows has filed a declaration in support of the opposition. *See* Bellows Decl., ECF No. 439. WPM has replied. WPM Reply, ECF No. 493.

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires the disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(a)(2) similarly requires litigants to disclose all expert witnesses "at the times and in the sequence that the court orders." *Goodman v. Staples the Off. Super-store, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citing Rule 26(a)(2)). Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures "in a timely manner" when the prior response is in some material respect "incomplete or incorrect," and if "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]"

Rule 37(c)(1) "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) [or (e)] that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (footnote reference omitted). Rule 37(c)(1)'s default exclusion sanction, however, does not apply if the failure to disclose was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Courts apply a four-factor test in determining whether a faulty disclosure is substantially justified or harmless. *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022). These four factors are: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Id.* (citations omitted). The burden is on the disclosing party to show the failure to disclose information or witnesses was substantially justified or harmless. *Yeti by Molly, Ltd.*, 259 F.3d at 1107. The Ninth Circuit has recently held it is an abuse of

1  discretion to not consider whether a party's noncompliance with Rule 26 was harmless or
2  substantially justified before imposing sanctions. *See Liberty Ins. Corp.*, 41 F.4th at 1192.

3  At hearing, WPM defendants argued plaintiffs had access to the Yardi database they say
4  supports the summary at issue and that, if they did not have access, it is only because plaintiffs
5  did not look for it or request it. Plaintiffs responded that they initially requested all documents
6  regarding Section 8 tenants from defendants and only after defendants opposed the request as
7  overbroad did plaintiffs issue more specific requests, including for ledger data for Section 8
8  tenants. *See* Pls.' Opp'n at 2. Plaintiffs argue persuasively the ledger data for Section 8 tenants
9  implicated here was responsive to their production requests and should have been timely
10  produced.

11  Here, WPM defendants' argument that the chart can be admitted under FRE 1006 is
12  unavailing because the underlying data was not produced in discovery and therefore is
13  inadmissible under Rule 37(c). WPM defendants carry the burden to show failure to disclose the
14  information was substantially justified or harmless. Neither in their motion nor in their reply do
15  they acknowledge the applicability of Rules 26 and 37. Although WPM defendants vaguely
16  argue plaintiffs could have "run these numbers for themselves" and that "Defendants responded
17  [to plaintiffs' production requests] in extraordinary fashion," WPM Reply at 3, it is clear from the
18  declaration of Ms. Bellows that the newly produced data "would require significant time and
19  expert fees for Plaintiffs to analyze[.]" Bellows Decl. ¶ 8.

20  The court does not enter a preclusion order lightly, but on the current record defendant has
21  not made an adequate showing of harmlessness or that the failure to timely disclose was
22  substantially justified. *See Chopourian v. Cath. Healthcare W.*, No. 09-2972, 2011 WL 6396500,
23  at *4–5 (E.D. Cal. Dec. 20, 2011); *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d
24  1365, 1369 (9th Cir. 1980). The court finds admitting the summary as WPM Defendants request
25  would likely result in prejudice to plaintiffs, given the very significant amount of time it would
26  take plaintiffs to properly prepare to address the summary at trial, scheduled to start in less than
27  two weeks now. The court does not reach the question whether WPM defendants exhibited bad

faith or willfulness in withholding the ledger data, as the record is not developed regarding this question.

Because WPM defendants have not shown the noncompliance was harmless or substantially justified, the court **denies** the motion. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008), *as amended* (Sept. 16, 2008).

## II. WPM DEFENDANTS' MOTION *IN LIMINE* NO. 4

WPM defendants move to preclude plaintiffs from introducing evidence or argument regarding any purported failure to include washers and dryers in the utilities and appliances table in Section A of the HAP Contract because they argue whether there was a failure is a question of law for the court to answer. WPM Mot. Lim. 4, ECF No. 413. Plaintiffs oppose, arguing that WPM defendants seek to relitigate the court's prior summary judgment decision, which stated Section A "did not state tenants were required to pay fees for in-unit laundry." Pls.' Opp'n at 1, ECF No. 444 (quoting Order (Nov. 23, 2022) at 14, ECF No. 278). WPM defendants have replied, misconstruing plaintiffs' argument in opposition as pertaining to a prior order on a motion to dismiss as opposed to the order on summary judgment. *See* WPM Reply, ECF No. 495.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's notes to the 1972 proposed rule. "Unfair prejudice is measured by the degree to which a jury responds negatively to some aspect of the evidence unrelated to its tendency to make a fact in issue more or less probable." *United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir. 1987). "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which

permits exclusion of relevant matter under Rule 403." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).

Moreover, "allowing a party to litigate matters" in a motion *in limine* "that have been or should have been resolved at an earlier stage not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but also deprives their opponents of [those crucial] procedural protections that attach at summary judgment." *See Pavo Sols. LLC v. Kingston Tech. Co.*, No. 14-01352, 2020 WL 1049911, at *1 (C.D. Cal. Feb. 18, 2020); *see also Dominguez v. City of Los Angeles*, No. 17-4557, 2018 WL 6164278, at *11 (C.D. Cal. Oct. 9, 2018), *aff'd*, 836 F. App'x 489 (9th Cir. 2020).

As noted, WPM defendants urge the court to preclude evidence regarding the failure to include washers and dryers in the utilities and appliances table in Section A on the basis that the court should decide whether there was a failure as a matter of law. WPM Mot. Lim. 4 at 2. However, the court already decided "Section 8 tenants were charged for [in-unit laundry] separately from the base rent set out in the HAP contracts [even though] the utilities and appliances section did not state tenants were required to pay fees for in-unit laundry," thus "violat[ing] the plain terms of the HAP contracts and constitut[ing] unlawful rent." Order (Nov. 23, 2022) at 14; *see Dominguez*, at *11 (denying defendants' motion *in limine* as "nothing more than an attempt to relitigate the Court's Summary Judgment Order"). WPM defendants' arguments referencing the court's order on a motion to dismiss are misplaced.

Moreover, the information the WPM defendants seek to preclude is directly relevant to the False Claims Act liability at the center of the Phase 1 trial. As plaintiffs explain in opposition, at trial, "the jury will be deciding whether WPM Defendants' failure to list washers and dryers also meets the elements of an FCA violation based on the jury's evaluation of the evidence presented at trial." Pls.' Opp'n at 2. WPM defendants do not argue allowing the evidence would result in unfair prejudice. *See generally* WPM Mot. Lim. 4; WPM Reply. The court finds evidence related to the listing or not of washers and dryers is likely highly probative with respect to the FCA claim, and no unfair prejudice will result from allowing the parties to develop the record about this issue during trial.

For the reasons explained above, the court **denies** WPM defendant's fourth motion *in limine*.

### III.   OND DEFENDANTS' MOTION *IN LIMINE* NO. 1

OND defendants move to exclude plaintiffs' exhibits 131-42, 167 (DOJ press releases) as irrelevant, improper evidence of settlements and inadmissible hearsay. *See* OND Mot. Lim. 1, ECF No. 404. OND defendants also move to exclude two of plaintiffs' video exhibits 169-70 (HUD-OIG video) as irrelevant, prejudicial and inadmissible hearsay. *See id.*

Plaintiffs do not oppose the exclusion of the two videos. *See* Pls.' Opp'n OND Mot. Lim. 1, ECF No. 442. Plaintiffs do oppose exclusion of the press releases. *See id.* They argue the press releases are: relevant to show excess rent payments are material to the government's history of enforcing the rule against excess rent; not improper evidence of settlements because they relate to other cases not involving the same parties and will not be admitted for an improper purpose; admissible under Rule 803(8) as records of a public office; and more probative than prejudicial. *See id.* OND defendants replied. OND Reply, ECF No. 478.

To prevail under the False Claims Act, plaintiff must show among other things that a defendant's alleged misrepresentation was material to the government's decision to pay money to the defendant. 31 U.S.C. §§ 3729(a)(1), (b)(4); *Universal Health Servs., Inc. v. United States*, ("Escobar"), 579 U.S. 176, 192 (2016).[1] The government's decision to pursue similar claims as plaintiffs do here in other cases could be used to show misrepresentations about rent were material in this case. *See Escobar*, at 195. At hearing, OND defendants argued plaintiffs' citation to *Escobar* did not accurately reflect the decision in that case. However, the court agrees with plaintiffs' reading of the case and finds it supports their position here. In the case, the court explicitly stated, "proof of materiality can include . . . evidence that the defendant knows that the Government consistently refuses to pay claims in the mine run of cases based on noncompliance with the particular statutory, regulatory, or contractual requirement." *Id.* The court finds the

---

[1] The parties referred to *Universal Health Services v. United States* at trial as "Escobar," because the full name of the defendant in the caption for this case is "United States and Massachusetts, ex rel. Julio Escobar and Carmen Correa." *See Universal Health Services*, 579 U.S. 176.

press releases put defendants on notice of the government's stance on unlawful rent charges in similar cases. Moreover, unlike in *Universal Health Services*, there is no evidence here the government had "actual knowledge that certain requirements were violated," as the government specified in its statement of non-intervention it was not weighing in on the merits of this case. *See* Declination Letter at 1–3, Bellows Decl. Ex. 9, ECF No. 412-2 ("Our decision to decline should not be construed as a statement about the merits of the case."). Therefore, the court finds the press releases are material.

Additionally, the press releases are not inadmissible under Rule 408. That rule makes settlement agreements inadmissible only to "disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). However, the settlements at issue do not involve the same parties involved here and so this rule does not apply here. *See S.E.C. v. Pentagon Cap. Mgmt. PLC*, No. 08-3324, 2010 WL 985205, at *4 (S.D.N.Y. Mar. 17, 2010) ("Rule 408 exists to protect a party that settles one claim from having that settlement used against it to establish liability (or the extent of liability) of that same party in another lawsuit for the same claim."). Agreements may be admitted for other purposes, such as the purpose plaintiffs propose, i.e., showing alleged misstatements about excess rent are "material" to the government because it has pursued claims about excess rent in the past.

The press releases also are likely not hearsay. First, hearsay is an out of court statement offered to prove the truth of that statement. *See* Fed. R. Evid. 801(c); *United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991). Here, plaintiffs are not offering the releases to prove that the government's claims were accurate or that the defendants in other cases actually violated the law. Second, the public records exception in Federal Rule of Evidence Rule 803(8) excludes from hearsay "a record or statement of a public office" if it sets out "factual findings from a legally authorized investigation." Fed. R. Evid. 803(8). The court finds the press releases likely also are admissible as statements of a public office because they set out the Department of Justice's activities and because the defendants have not shown the circumstances indicate a lack of trustworthiness. *See* Fed. R. Evid. 803(8)(A)(i); *Washington-El v. Beard*, No. 08-1688,

1  2013 WL 706194, at *4 (W.D. Pa. Feb. 26, 2013) (finding DOJ press releases fell under the public records exception under Rule 803(8)).

      Finally, the press releases are not inadmissible under Rule 403. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of" unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 403. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's notes to the 1972 proposed rule. "Unfair prejudice is measured by the degree to which a jury responds negatively to some aspect of the evidence unrelated to its tendency to make a fact in issue more or less probable." *United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir. 1987). "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000). The press releases do run some risk of prejudice, with the potential to confuse the issues. However, those risks do not "substantially" outweigh the relevance of the press releases. To help cure prejudice, the court may also give limiting instructions at trial if they are introduced at trial.

      For the reasons explained above, the court **denies** the motion as to the DOJ press releases.

### IV. PLAINTIFFS' MOTION *IN LIMINE* NO. 1, OND DEFENDANTS' MOTIONS *IN LIMINE* NOS. 2 AND 3

      Because of their substantive similarities, the court considers plaintiffs' first motion *in limine* and OND defendants' second and third motions *in limine* together. *See* Pls.' Mot. Lim. 1, ECF No. 412; OND Mot. Lim. 2, ECF No. 405; OND Mot. Lim. 3, ECF No. 406. Plaintiffs move in their first motion *in limine* to (1) prevent relitigation following summary judgment of whether the additional service fees WPM charged its Section 8 tenants constituted unlawful excess rent; (2) preclude witnesses from providing testimony in the form of legal opinions; and (3) require limiting instructions for any testimony by WPM defendants' witnesses regarding whether they believed the charges to be lawful and clarify that, if elicited, such testimony must be

1  supported by an adequate foundation. *See generally* Pls.' Mot. Lim. 1; *see* Order (Nov. 23, 2022)
2  at 9–18, ECF No. 278.  WPM defendants have opposed, WPM Opp'n, ECF No. 453, OND
3  defendants have opposed, OND Opp'n, ECF No. 455, and plaintiffs have replied, Pls.' Reply,
4  ECF No. 90.  Plaintiff's counsel, Jesse Newmark, also provided a declaration in support of the
5  motion.  Newmark Decl., ECF No. 491.

6  In their second motion *in limine*, OND defendants conversely move to exclude evidence
7  related to the court's partial summary judgment order from November 2022.  *See* OND Mot.
8  Lim. 2.  Plaintiffs oppose because they argue the order in question includes decisions that are
9  pertinent to trial.  *See* Pls.' Opp'n OND Mot. Lim. 2, ECF No. 437.  Plaintiffs do not oppose an
10 order precluding any reference to the existence of plaintiffs' state law class claims or the court's
11 finding of OND defendants' liability on those claims.  *Id.*  OND defendants replied.  *See* OND
12 Mot. Lim. 2 Reply, ECF No. 479.

13 In their third motion *in limine*, OND defendants move to exclude the definition of "rent"
14 the court applied on summary judgment to plaintiffs' state law claims.  *See* OND Mot. Lim. 3.
15 Plaintiffs oppose, arguing OND defendants are merely recycling their arguments from their pre-
16 trial filings and late motion for judgment on the pleadings in order to relitigate the court's
17 provision of a definition of rent in its prior order.  *See* Pls.' Opp'n OND Mot. Lim. 3, ECF No.
18 443.  The definition of rent was determined not just with respect to the state law claims, but also
19 with respect to the federal law claim as well.  *See* Order (Nov. 23, 2022) at 12–15.  OND
20 defendants have replied.  OND Mot. Lim. 3 Reply, ECF No. 481.

21 "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than
22 it would be without the evidence; and (b) the fact is of consequence in determining the action."
23 Fed. R. Evid. 401.  Under Rule 403, "[t]he court may exclude relevant evidence if its probative
24 value is substantially outweighed by a danger of" unfair prejudice, confusing the issues,
25 misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.
26 Fed. R. Evid. 403.  "'Unfair prejudice' within its context means an undue tendency to suggest
27 decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R.
28 Evid. 403 advisory committee's note to the 1972 proposed rules.  "Unfair prejudice is

measured by the degree to which a jury responds negatively to some aspect of the evidence unrelated to its tendency to make a fact in issue more or less probable[.]" *United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir. 1987). "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).

A motion *in limine* is defined as "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "The advantage of such motions is to avoid the obviously futile attempt to unring the bell in the event a motion to strike is granted in the proceedings before the jury." *Hall v. City of Fairfield*, No. 10- 00508, 2012 WL 1155666, at *5 (E.D. Cal. Apr. 5, 2012) (citation omitted). However, "[a] motion in limine may be denied for being vague and overbroad." *McCoy v. Kazi*, No. 08-07244, 2010 WL 11465179, at *12 (C.D. Cal. Aug. 27, 2010) (citation omitted). "[M]otions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *See Altair Instruments, Inc. v. Telebrands Corp.*, No. 19-8967, 2021 WL 5238787, at *1 (C.D. Cal. Feb. 18, 2021) (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) and *Wilkins v. Kmart Corp.*, 487 F. Supp. 1216, 1218 (D. Kan. 2007)). Moreover, "motions *in limine* should not be used as disguised motions for summary judgment." *See id.* (citation omitted).

First, plaintiffs say they seek to avoid relitigation of the primarily legal issues already resolved in the court's summary judgment order. *See generally* Order (Nov. 23, 2022). In its summary judgment order, the court determined defendants violated the HAP Contract and federal law by requiring tenants to pay "the additional charges outlined in the Additional Services Agreements," and specifically for renters' insurance and in-unit washers and dryers. *See* Order (Nov. 23, 2022) at 12–15. Plaintiffs say this determination also effectively determined falsity under the FCA because they argue the language in the Tenancy Addendum and the Contract are "materially identical." *See* Pls.' Reply at 2 (citing and quoting HAP Contract, Part C(5)(e) ("Tenancy Addendum") ("The owner may not charge or accept, from the family . . . any payment

10

for rent of the unit in addition to the rent to owner.") and Part B(8)(d) ("Except for the rent to owner, the owner has not received and will not receive any payments or other consideration []from the family . . . for rental of the contract unit[.]")). Specifically, plaintiffs seek to have the jury learn that "Defendants' charges were impermissible rent in violation of the HAP contract," and to preclude defendants from arguing to the contrary. *See id.* at 1.

At hearing, plaintiffs argued that some of the elements of a False Claims Act ("FCA") claim have already been established by the court's summary judgment order. The essential elements of FCA liability are: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 899 (9th Cir. 2017), *cert. denied sub nom. Gilead Scis., Inc. v. U.S. ex rel. Campie*, No. 17-936, 2019 WL 113075 (U.S. Jan. 7, 2019) (citations omitted). Plaintiffs argued that falsity has already been established but that scienter and materiality remain at issue for the jury to resolve. Both OND and WPM defendants, however, argued that plaintiffs still must prove all elements of FCA liability at trial. OND defendants conceded that the contents of the Tenancy Addendum and the Contract are materially identical. But WPM defendants and OND defendants argue in opposition that the evidence plaintiffs seek to exclude—regarding whether certain charges constitute unlawful rent in violation of the HAP contract and federal law—is highly probative and relevant to the central question of FCA liability in the Phase 1 trial and not resolved in full by the court's November 2022 summary judgment order. *See generally* WPM Opp'n; OND Opp'n. WPM defendants also argue the motion is overbroad. *See* WPM Opp'n at 3.

The court agrees with WPM and OND defendants that evidence related to determining the definition of rent is highly probative and relevant to establishing falsity, the first element of the FCA claim. While the court did determine defendants violated the HAP Contract and federal law by requiring tenants to pay "the additional charges outlined in the Additional Services Agreements," and specifically for renters' insurance and in-unit washers and dryers, *see* Order (Nov. 23, 2022) at 12–15, the court did not expressly find the falsity element established. Plaintiffs must prove all four elements at trial.

11

Moreover, the court also finds plaintiffs' motion too broad to the extent it seeks to exclude any evidence and argument contrary to the court's summary judgment findings in general. Although the court made certain legal decisions in the summary judgment order, it did not decide the issue of FCA liability or otherwise resolve any of plaintiffs' claims in full or in part; the parties should not be so constricted when developing the record at trial. *See generally* Order (Nov. 23, 2022); *see Altair Instruments, Inc.*, 2021 WL 5238787, at *2 (granting plaintiff's motion *in limine* to exclude evidence contrary to the court's specific findings in a prior order but denying plaintiff's request to "find that there is no longer a triable issue of fact" as to a given issue where it still remained to be determined).

The court **denies** plaintiffs' motion to the extent it seeks to broadly exclude all evidence contrary to the court's summary judgment order and, specifically, to inform the jury that the falsity of the FCA claim is satisfied. However, the court leaves open the possibility of the parties developing the factual record and then proposing final jury instructions referencing the court's findings at summary judgment, including regarding the definition of rent. In this respect, the court **denies** OND defendants' first motion *in limine*, which seeks to exclude any reliance on the court's summary judgment order at trial, *see* OND Mot. Lim. 2, and **denies** OND defendants' second motion *in limine*, which seeks to exclude any reliance on the court's definition of rent in the summary judgment order, *see* OND Mot. Lim. 3.

Second, plaintiffs seek to exclude witnesses, including defendants' retained expert, Robert Griswold, from providing legal opinion testimony. *See* Pls.' Mot. Lim. 1 at 4–5. At hearing, the court clarified it will not allow legal opinions from witnesses to be entered into evidence and so granted this portion of the motion. *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039 (9th Cir. 1996) ("Expert testimony is not proper for issues of law. Experts interpret and analyze factual evidence. They do not testify about the law[.]" (citations and quotation marks omitted)). The court **denies** this request.

Third, plaintiffs move for the court to provide limiting instructions for any testimony by WPM defendants' witnesses regarding whether they believed the charges in question to be lawful and to require that such testimony be supported by adequate foundation. *See* Pls.' Mot. Lim. 1 at

3–4. The court **denies** this request as overbroad and premature; it is better suited to be determined in the appropriate factual context at trial. *See Altair Instruments, Inc.*, 2021 WL 5238787, at *1.

For the reasons explained above, the court **grants in part** plaintiffs' first motion *in limine* to preclude witnesses from providing legal opinions and **denies the motion in part**, as to evidence or argument contrary to the court's November 23, 2022 order on summary judgment and as to WPM witnesses' testimony regarding lawfulness. The court in turn **denies** OND defendants' second and third motions *in limine*.

## V.     PLAINTIFFS' MOTION *IN LIMINE* NO. 2

Plaintiffs move to deem various representations made by or attributed to defendants as judicial admissions. *See* Pls.' Mot. Lim. 2 at 1, ECF No. 415. They specifically request the court deem "Defendants' admissions of undisputed fact at summary judgment or in substantive stipulated orders [as] conclusively binding judicial admissions and on that basis preclud[e] Defendants from offering evidence or argument contrary to those admissions." *Id.* Plaintiffs provide a list of the 19 statements they specifically request be deemed as judicial admissions in Attachment A to their motion. *See id.* WPM defendants have opposed only the 17th statement, WPM Opp'n, ECF No. 457, OND defendants have opposed the motion in general and the 19th statement in particular, OND Opp'n, ECF No. 456, and plaintiffs have replied, Pls.' Reply, ECF No. 480. Statements 1–16 and 18 are from the defendants' responses to the statement of undisputed facts during summary judgment. *See* Defs.' Resp. UMF Mot. Summ. J., ECF No. 258-1; Defs.' Resp. UMF Remedies, ECF No. 326-1. Statement 17 is from the court's summary judgment order. *See* Summ. J. Order, ECF No. 278 ("Section 8 tenants were subject to a requirement to purchase renters insurance wherever the requirement was in place at properties managed by Wasatch Property Management" (citing Summ. J. Order at 15–16)). Lastly, statement 19 is from two of the parties' stipulations and proposed orders, First Stip. at 4, ECF No. 134; Second Stip. at 4, ECF No. 220, which the court adopted, First Stip. Order at 4, ECF No. 135; Second Stip. Order at 4, ECF No. 226.

"Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988); *see also Siam Numhong Prods. Co. v. Eastimpex*, 866 F. Supp. 445, 450 (N.D. Cal. 1994) ("A judicial admission may be contained in a statement of undisputed facts, an answer, a bill of particulars or any other pleading, or it may be contained in testimony such as a deposition." (internal citations omitted)); *Call Ctr. Techs., Inc. v. Grand Adventures Tour & Travel Publ'g Corp.*, No. 03-1036, 2013 WL 12250068 (D. Conn. Dec. 3, 2013); *but see Aitken v. Debt Mgmt. Partners*, LLC, No. 1:12-CV-01511-JEH, 2015 WL 433508, at *2 (C.D. Ill. Feb. 2, 2015) (finding facts admitted in statement of undisputed facts were not judicial admissions). "[S]tatements of fact contained in a brief may be considered admissions of the party in the discretion of the district court." *Am. Title Ins. Co.*, 861 F.2d at 227. "[U]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court. Not only are such admissions and stipulations binding before the trial court, but they are binding on appeal as well." *Ferguson v. Neighborhood Hous. Servs*, 780 F.2d 549, 551 (6th Cir. 1986) (citations omitted).

Rule 56(e) provides, as OND defendants argue, that courts can consider a fact undisputed "for purposes of the [summary judgment] motion" if no response is provided at all. However, the statements from the defendants' responses to plaintiffs' statement of undisputed facts at summary judgment here were affirmative responses — stating the facts were "Undisputed," Defs.' Resp. UMF Mot. Summ. J. at ¶¶ 1, 3 6, 8–10, 16–17, 18, 23, 25, 27–28, 32–35, 37–38; Defs.' Resp. UMF Remedies at ¶¶ 1–2— and do not fall within the purview of Rule 56(e). *See* Fed. R. Civ. P. 56(e). At hearing and in their opposition, OND defendants argued it would be clear error if the court regarded defendants' responses to the undisputed facts as admissions because they were not admitted under a Rule 56(g) order "stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case." *See* OND Opp'n at 1–4. Plaintiffs argue correctly that OND defendants do not cite authority indicating that a lack of Rule 56(g) findings necessarily precludes judicial admissions. *See generally id.*

1    At hearing, WPM and OND defendant argued a case cited by plaintiffs, *In re Twitter, Inc. Sec. Litig.*, No. 16-05314, 2020 WL 5904407, at \*1–2 (N.D. Cal. Oct. 6, 2020), actually supports WPM and OND defendants' position. The court disagrees. In *In re Twitter*, the court found a complete sentence from defendants' answer and a statement from a defendant's declaration to be judicial admissions but found strewn together bits and pieces of the defendants' answer and a statement from oral argument did not constitute judicial admissions. *See id.* at \*1–2. Here, plaintiffs' motion identifies discreet representations that track the record they cite; defendants conceded at hearing plaintiffs have not paraphrased portions of the record in a way to distort it.

    Applying the standards of review above, the court **grants** plaintiffs' motion as to Statement 19, because it is from the parties' joint stipulation and is thus a binding judicial admission. *See Caceres v. Bank of Am., N.A.*, No. 13-542, 2013 WL 7098635, at \*5 & nn. 4 & 5 (C.D. Cal. Oct. 28, 2013). The court **denies** plaintiffs' motion as to Statement 17, on the other hand, because it is a statement from the court's summary judgment order that is not fairly attributable to defendants. *See* Summ. J. Order at 15. As WPM defendants point out, because Statement 17 was made by the court and not a party, it is not an opposing party admission and thus cannot be a judicial admission. *See* WPM Opp'n at 2, ECF No. 457; *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983); *Am. Title Ins. Co.*, 861 F.2d at 226–27.

    Statements 1 through 18 are from defendants' affirmative responses to plaintiffs' statement of undisputed facts from their summary judgment briefing and not from defendants' "[f]actual assertions in pleadings and pretrial orders." *Am. Title Ins. Co.* at 226–27. As a result, it is within the court's discretion whether to deem them judicial admissions. *Id.*; *Siam Numhong Prod. Co.*, 866 F. Supp. at 450. Given defendants' attempt to reverse course late in the game, the affirmative nature of their prior representations that certain facts were undisputed, and the absence of additional language limiting defendants' affirmative representations for the purposes of summary judgment only, the court **grants** the motion as to statements 1–16 and 18 and deems them judicial admissions. That defendants had different counsel at the time of their prior filings does not relieve them of the representations made in those filings. *See Link v. Wabash R. Co.*,

15

370 U.S. 626, 633–34, (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.").

Accordingly, the court **denies** plaintiffs' motion *in limine* regarding Statement 17 and **grants** the motion as to Statements 1–16 and 18–19.

This order resolves ECF Nos. 404, 405, 406, 410, 412, 413, and 415.

IT IS SO ORDERED.

DATED: July 17, 2024.

CHIEF UNITED STATES DISTRICT JUDGE