Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Anne P. Bellows (SBN 293722)
abellows@gbdhlegal.com
Stephanie E. Tilden (SBN 341486)
stilden@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Tel: (510) 763-9800 ǀ Fax: (510) 835-1417

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
Tel: (510) 437-1863 ǀ Fax: (510) 437-9164

Lindsay Nako (SBN 239090)
lnako@impactfund.org
Lori Rifkin (SBN 244081)
lrifkin@impactfund.org
Fawn Rajbhandari-Korr (SBN 315888)
fkorr@impactfund.org
Meredith Dixon (SBN 346864)
mdixon@impactfund.org
IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA 94704
Tel: (510) 845-3473 ǀ Fax: (510) 845-3654

Attorneys for Plaintiffs and Relators and the Certified Classes
*[Additional Counsel listed on following page]*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON | Case No.: 2:15−CV−00799−KJM−SCR<br><br>CLASS ACTION<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR DISMISSAL OF THE FALSE CLAIMS ACT CLAIM AND FOR RETENTION OF JURISDICTION TO ENFORCE THE PARTIES' SETTLEMENT**<br><br>Date:  November 1, 2024<br>Time:  10:00 a.m.<br>Dept:  Courtroom 3, 15th Floor<br>Before:  Hon. Chief Judge Kimberly J. Mueller |

908092.7

Pls. Mot. for Dismissal of the FCA Claim & for Retention of Jurisdiction to Enforce the Parties' Settlement – Case No. 2:15−CV−00799−KJM−SCR

| | |
|---|---|
| 1 | APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC, and DOES 1-4, |
| | Defendants. |

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
Tel: (510) 834-3300 | Fax: (510) 834-3377

Attorneys for Plaintiffs and Relators and the Certified Classes

Lawrence Anthony Organ (SBN 175503)
larry@civilrightsca.com
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, CA 94960-2610
Tel: (415) 453-4740 | Fax: (415) 785-7352

Attorneys for Relators

908092.7

PLS. MOT. FOR DISMISSAL OF THE FCA CLAIM & FOR RETENTION OF JURISDICTION TO ENFORCE THE PARTIES' SETTLEMENT – CASE NO. 2:15−CV−00799−KJM−SCR

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that on November 1, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Chief Judge Kimberly J. Mueller, located at 501 I Street, Sacramento, CA 95814, Plaintiffs-Relators Denika Terry, Roy Huskey III, and Tamera Livingston ("Plaintiffs") will move and hereby do move this Court under Federal Rule of Civil Procedure 54(b), 31 U.S.C. § 3730(b)(1), and the Parties' Settlement Agreement, for an order entering judgment of dismissal of the False Claims Act claim asserted in the operative complaint on the following terms: (1) that the dismissal be with prejudice as to Plaintiffs but without prejudice as to the United States, and (2) that the Court retain jurisdiction over the claim to oversee implementation of the Settlement Agreement's provisions regarding the False Claims Act.  This Motion is based on this Notice of Motion and Motion, the Memorandum of Understanding reached by the Parties resolving the claims, the long-form Settlement Agreement as of the date it is fully executed, the files and records in the Court, and any such other information as the Court sees fit to consider.

Dated: September 10, 2024

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

/s/ Anne P. Bellows
Anne P. Bellows

Attorneys for Plaintiffs and Relators
and the Certified Classes

908092.7

1

PLS. MOT. FOR DISMISSAL OF THE FCA CLAIM & FOR RETENTION OF JURISDICTION TO ENFORCE THE PARTIES' SETTLEMENT - CASE NO. 2:15−CV−00799−KJM−SCR

**MOTION FOR DISMISSAL OF THE FALSE CLAIMS ACT CLAIM AND FOR RETENTION OF JURISDICTION TO ENFORCE THE PARTIES' SETTLEMENT**

Pursuant to Rule 54(b), the terms of the Memorandum of Understanding, the long-form Settlement Agreement as of the date it is fully executed, and 31 U.S.C. § 3730(b)(1), Plaintiffs request dismissal of the False Claims Act ("FCA") claim on the following terms:  (1) that the dismissal be with prejudice as to Plaintiffs but without prejudice as to the United States, and (2) that the Court retain jurisdiction over the claim to oversee implementation of the Settlement Agreement's provisions regarding the False Claims Act.

On July 27, days before the Phase 1 trial in this action was set to begin, the Parties reached a settlement of both the class claims and the FCA claim. *See* Notice of Settlement, ECF No. 541.  The settlement was embodied in a Memorandum of Understanding, which is "enforceable unless and until superseded by execution of the Settlement Agreement." *Id.* Ex. A (Mem. of Understanding), at 1.  The Parties subsequently negotiated a long-form settlement addressing both the FCA and class claims, which  was executed by Plaintiffs and most Defendants on August 30, 2024.  *See* Decl. of Anne Bellows in Supp. of Pls.' Mot. Prelim. Approval ("Bellows Decl."), ECF No. 544-2 Ex. A (Settlement Agreement).  On August 30, 2024, Plaintiffs  filed their motion for preliminary approval of the settlement of the class claims.  *See* ECF No. 544.  As Defendants have notified the Court, the remaining Defendant signatures on the long form Settlement Agreement are expected later this week. Defs.' Notice of Settlement Signatures, ECF No. 548.  Until that time, the Memorandum of Understanding continues to govern the settlement and fully resolve both the class and the FCA claims.  *See* Notice of Settlement Ex. A (Mem. of Understanding), at 1, ECF No. 541.  Both the Memorandum of Understanding and the long form Settlement Agreement require Plaintiffs to move for dismissal of the FCA claim on September 10, 2024.  *Id.* § 2(F); Bellows Decl. Ex. A (Settlement Agreement), at 27:1-4, ECF No. 544-2.

Federal Rule of Civil Procedure 54(b) allows a court to direct entry of final judgment as to "fewer than all" claims if "the court expressly determines that there is no just reason for delay."  All the criteria for application of Rule 54(b) are met here.  The dismissal requested by Plaintiffs is properly treated as a final judgment as to the FCA claim because it is "'an ultimate disposition'" of "a

908092.7

2

Pls. Mot. for Dismissal of the FCA Claim & for Retention of Jurisdiction to Enforce the Parties' Settlement - Case No. 2:15−cv−00799−KJM−SCR

cognizable claim for relief." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting in part *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Moreover, in light of the settlement reached by the Parties, there is no just reason for delaying entry of judgment as to the FCA claim. As the Parties have reached settlement, entry of final judgment on the FCA claim poses no risk that "the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court." *See Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965–66 (9th Cir. 1981). Accordingly, the Court can make each of the required findings to support entry of final judgment on the FCA claim under Rule 54(b). *See* Fed. R. Civ. P. 54(b); *Curtiss-Wright Corp.*, 446 U.S. at 7; *Morrison-Knudsen Co.*, 655 F.2d at 965-66 (setting out required findings).

Once the United States files its consent to dismissal, dismissal of the FCA claim on the terms requested by Plaintiffs will also be proper under 31 U.S.C. § 3730(b)(1). The FCA settlement is a fair resolution of a contested claim in this non-intervened case and was entered into following the United States Attorneys' Office for the Eastern District of California's involvement in the settlement negotiations, including with regard to the allocation of settlement funds. *See* Bellows Decl. ¶ 60, ECF No. 544-2.

The terms of dismissal proposed by Plaintiffs are consistent with the Memorandum of Understanding and the Settlement Agreement and are proper to ensure implementation of that settlement. The Memorandum of Understanding provisions applicable to the FCA claim (1) solely release the claims of the Plaintiffs and contain no release of the United States' claim, Notice of Settlement Ex. A (Memorandum of Understanding), at section 2.E, ECF No. 541, and (2) provide that this Court "shall retain jurisdiction to enforce the terms of the Settlement for a period of 5 years," *id.* section 7. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (underscoring that "the parties' obligation to comply with the terms of the settlement agreement" may be "made part of the order of dismissal," such as through "a provision 'retaining jurisdiction' over the settlement agreement"). The long-form Settlement Agreement has the same material terms. Bellows Decl. Ex. A, at 27:1-4, 32:22-24, ECF No. 544-2.

Accordingly, Plaintiffs respectfully request that the Court enter a final judgment of dismissal on the terms requested herein.

3

908092.7

PLS. MOT. FOR DISMISSAL OF THE FCA CLAIM & FOR RETENTION OF JURISDICTION TO ENFORCE THE PARTIES'
SETTLEMENT - CASE NO. 2:15–CV–00799–KJM–SCR

| | |
|---|---|
| Dated: September 10, 2024 | Respectfully submitted, |
| | GOLDSTEIN, BORGEN, DARDARIAN & HO |
| | |
| | */s/ Anne P. Bellows* |
| | Anne P. Bellows |
| | |
| | Attorneys for Plaintiffs and Relators and the Certified Classes |

4

908092.7   PLS. MOT. FOR DISMISSAL OF THE FCA CLAIM & FOR RETENTION OF JURISDICTION TO ENFORCE THE PARTIES' SETTLEMENT - CASE NO. 2:15−CV−00799−KJM−SCR