1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA | Case No.: 2:15-CV-00799-KJM-SCR |

CLASS ACTION

**DECLARATION OF GIO SANTIAGO RE: NOTICE PROCEDURES**

Plaintiffs/Relators,

vs.

WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC, and DOES 1-4,

Defendants.

### DECLARATION OF GIO SANTIAGO

I, Gio Santiago, declare and state as follows:

1.     I am a Senior Project Manager with Verita. Pursuant to the Preliminary Approval Order, the Court appointed Verita as the Settlement Administrator in connection with the proposed Settlement of the above-captioned Action.  I have personal knowledge of the matters stated herein and, if called upon, could and would testify thereto.

### CLASS LIST

2.     On November 8, 2024, Verita received files containing 2,690 persons identified as the Class List.  The Class List included property, property code, tenant code, name, address, email, phone number, reimbursement amount, interest amount, and total estimate award.  Verita formatted the list for mailing purposes, removed 64 duplicate records, leaving 2,626 records remaining for notice. 2,204 of those were matched to the class identified as records eligible for reimbursement.  152 records were matched to the class identified to receive injunctive relief. 270 records were found in both the Reimbursement and Injunctive subclass data lists.  Verita processed the names and addresses through the National Change of Address Database ("NCOA") to update any addresses on file with the United States Postal Service ("USPS").  A total of 145 addresses were found and updated via NCOA.  Verita updated its proprietary database with the Class List.

### MAILING OF THE NOTICE PACKET

3.     On November 22, 2024, Verita caused the Reimbursement Notice Packet to be printed and mailed to all 2,474 names and mailing addresses appearing in the Reimbursement Class List.  A true and correct copy of the Reimbursement Notice Packet is attached hereto as **Exhibit A**.

4.     On November 22, 2024, Verita caused the Injunctive Notice Packet to be printed and mailed to the 152 names and mailing addresses that appear in the Injunctive Class List, but do not appear in the Reimbursement Class List.  A true and correct copy of the Injunctive Notice Packet is attached hereto as **Exhibit B**.

5.     Since mailing the Notice Packets to the Class Members, Verita has received 659 Notice Packets returned by the USPS with undeliverable addresses.  Through credit bureau and/or other public

source databases, Verita performed address searches for these undeliverable Notice Packets and was able to find updated addresses for 321 Class Members.  Verita promptly re-mailed Notice Packets to the found new addresses.

## SETTLEMENT WEBSITE

6.     On   or   about   November   22,   2024,   Verita   established   a   website [www.wasatchsettlement.com] dedicated to this matter to provide information to the Class Members and to answer frequently asked questions.  The website URL was set forth in the Reimbursement Notice and Injunctive Notice.  Visitors of the website can download copies of the Notice and other case-related documents. Visitors could also log in to update their form of payment election.  As of December 17, 2024, the website has received 342 visits.

## TELEPHONE HOTLINE

7.     Verita established and continues to maintain a toll-free telephone number (1-833-419-3493) for potential Class Members to call and obtain information about the Settlement, request a Notice Packet, and/or seek assistance from a live operator during regular business hours.  The telephone hotline became operational on November 22, 2024.  As of December 17, 2024, Verita has received a total of 49 calls to the telephone hotline that were handled by a live operator.

## PAYMENT ELECTION FORMS

8.     The Settlement provides that Reimbursement Class Members are not required to submit a claim to receive a payment.  The default payment will be a check sent in the mail, but the Reimbursement Class Notice instructs Reimbursement Class members that they have the option to choose an electronic form of payment instead.  The Notice also informs Reimbursement Class members that they have the option to select a lower payment amount if they wish in order to preserve eligibility for certain government benefits.  The Notice directs Reimbursement Class Members to fill out a "Payment Election Form" on the case website, www.wasatchsettlement.com, if they wish to elect an electronic form of payment or request a lower payment amount.

9.     The deadline for Reimbursement eligible Class Members to complete a payment election form in this matter is January 21, 2025. To date, Verita has received 8 payment election forms requesting

electronic payments and no requests for a lower payment amount.

### REPORT ON EXCLUSION REQUESTS RECEIVED TO DATE

10.     The Notice informs Class Members that requests for exclusion from the Class must be postmarked no later than January 21, 2025.  As of the date of this declaration, Verita has not received any requests for exclusion.

### OBJECTIONS TO THE SETTLEMENT

11.     The deadline for Class Members to object to the settlement is January 21, 2024.  As of the date of this declaration, Verita has not received any objections to the settlement.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on,  December 18, 2024                    Respectfully submitted,


_____

Gio Santiago

# EXHIBIT A

Claim ID: <<Claim_Number>>
PIN: <<Web PIN Number>>



United States District Court
*U.S. ex rel. Terry v. Wasatch Advantage Group, LLC, et al.*
Case No. 15-cv-00799-KJM

# Class Action Notice

## *Authorized by the U.S. District Court*

| | | |
|---|---|---|
| **Records show that you are a Section 8 tenant who paid additional service charges at a Wasatch property in California between April 14, 2011, and November 30, 2022.** | **There is a $5 million settlement of a lawsuit.** **You have the right to receive a payment.** | **Read this notice to learn about your rights.** |

### Important things to know:

- **Your total estimated payment is $<<DataTotalPaymentAmount>>. If this amount is less than $100, you will receive a payment of $100.**

- Unless you opt out, you will automatically receive a payment and you will be part of the settlement.

- You can call 1-800-683-4872 to find out if payment could affect whether you qualify for government benefits programs (like Section 8, Medi-Cal, or CalFresh) or the amount of benefits you receive. This service is **free** to you.

- Wasatch will make changes to its additional services policies for California properties. Additional services must be **optional** for Section 8 tenants.

- For more details about the case and the settlement, go to: **www.WasatchSettlement.com**.

### Para asistencia en español, por favor llame 1-833-419-3493 o visite www.WasatchSettlement.com.

*U.S. ex rel. Terry v. Wasatch Advantage Group, LLC, et al.*, Case No. 15-cv-00799-KJM

1

# About This Notice

## Why did I get this notice?

There is a proposed settlement of a class action lawsuit. The case was brought on behalf of Section 8 tenants who paid additional service fees at Wasatch properties in California between April 14, 2011, and November 30, 2022.

**You received this notice because you are a member of this group of Section 8 tenants, called the "class."** This notice describes the proposed settlement, explains your rights, and helps you decide what to do next.

## What do I do next?

Read this notice and decide if you want to:

| Options | More information about each option |
|---|---|
| **Do Nothing** | If you do nothing, you will receive a check in the mail and will be part of the settlement. |
| **Select a Different Payment Option** | You can request to be paid electronically instead of by check. You can also request to receive a lower amount if you believe payment will affect your eligibility for government benefits. |
| **Opt Out** | Opting out means you won't receive any payment and won't be part of the class.  You would have the right to file your own lawsuit for damages against Wasatch or the other Defendants. You cannot opt out of the policy changes required by the settlement. |
| **Object** | Stay in the class, but tell the Court that you don't like the settlement. If the Court approves the settlement, you will still receive payment. |

## Key dates

Deadline to select a different payment option: **January 21, 2025**
Deadline to opt out or object: **January 21, 2025**
Settlement approval hearing: **January 23, 2025**

*U.S. ex rel. Terry v. Wasatch Advantage Group, LLC, et al.*, Case No. 15-cv-00799-KJM

2

# About the Lawsuit

## What is this lawsuit about?

This lawsuit is about whether Wasatch's policies requiring Section 8 tenants at its California properties to pay for "additional services" beyond the allowed rent amount violated federal and California laws. Examples of additional services are in-unit washers & dryers, parking, storage space, media packages, and renter's insurance.

Wasatch and the other Defendants deny that they did anything wrong.

### What is a class action settlement?
A class action settlement is an agreement between parties to resolve the case. Settlements can provide money to class members and changes to practices that caused harm.

## Why is there a settlement in this lawsuit?

In July 2024, the parties agreed to a settlement to end the lawsuit. Both sides want to avoid the risk, delay, and expense of more litigation.

## What happens next?

You can receive all or part of your payment and be part of the settlement, meaning that you give up your ability to sue Wasatch and the other Defendants for damages on these same issues. You can choose not to be part of the settlement, which means you will not receive any payment, but you would still be able to bring your own lawsuit for damages. This is called "opting out."  You can also object to the settlement if you don't like it.

### Where can I learn more?
You can get a complete copy of the proposed settlement and other key documents in this lawsuit at:
**www.WasatchSettlement.com**

Wasatch will also change its additional services policies at California properties. You cannot opt out of these policy changes.

Because a class action decides the rights of all class members, the Court must approve the settlement. Payments will be made only after the Court approves the settlement. If the Court does not approve the settlement, the settlement will not happen and the lawsuit will continue.

The Court will hold a hearing about whether to approve the settlement.

*U.S. ex rel. Terry v. Wasatch Advantage Group, LLC, et al.*, Case No. 15-cv-00799-KJM

3

The hearing will be on January 23, 2025 at 10:00 a.m. at:
Robert T. Matsui United States Courthouse
Courtroom 3, 15th Floor
501 I Street, Sacramento, CA 95814

The scheduled hearing date could change. You can check the date at: **www.WasatchSettlement.com**.

You can attend the settlement approval hearing. You can also ask the Court for permission to speak and express your opinion about the settlement. You can also hire your own lawyer at your own expense.

# About the Settlement

## How does settlement affect Wasatch's additional services policies?

The settlement requires Wasatch to inform current Section 8 tenants at its California properties that additional services (such as parking, media packages, renters' insurance, and in-unit washers & dryers) are **optional,** are not part of the rent, and cannot be required to rent an apartment. Wasatch must give Section 8 tenants **a new choice** upon renewal whether or not to enroll in additional services, and tenants can cancel them at any time. All payments will be applied first towards rent, then to additional service fees. **Wasatch cannot evict Section 8 tenants for unpaid additional services fees.** However, Wasatch can use other legal remedies to collect unpaid fees for additional services that tenants enroll in and refuse to give up.

## What money does the settlement provide?

Defendants will pay $5 million into a settlement fund. This money will be used to reimburse class members for all additional service fees they paid to Wasatch between May 1, 2011, and November 30, 2022. Class members will also receive interest as part of the settlement payment, which is payment of additional money because of the time tenants have waited to be reimbursed by Wasatch for the additional service fees.

The money in the settlement fund will also be used to pay to administer this settlement (expected to be approximately $130,000), and to make $5,000 payments to each of the three tenants the Court appointed to represent the interests of the class for the time and effort they put into the case and the risks they took.  The Court has to approve these costs.

Class members will "release" their claims as part of the settlement, which means they cannot sue Wasatch or the other Defendants for the same issues in this lawsuit. You can read the full terms of the settlement at: www.WasatchSettlement.com.

If there is money left over in the settlement fund after all the payments are made, it will be donated to legal aid organizations in California that provide free legal services, including to Section 8 tenants in the regions where Wasatch has properties.

<<Claim_Number>>

## How do I get paid?

If the Court approves the settlement, you do not need to do anything. You will receive a check in the mail and be bound by the settlement.

If you want to receive your full payment electronically or request to be paid a lower amount, you can do that by going to: www.WasatchSettlement.com or calling: 1-833-419-3493.

## How much will I be paid?

Wasatch's records show that you were the primary resident and paid monthly additional service charges between May 1, 2011, and November 30, 2022. Your settlement payment is equal to the amount of additional service charges you paid during this period, plus interest.

| Your estimated payment is: | |
|---|---|
| Reimbursement | $<<ReimbursementAmount>> |
| Interest | $<<InterestAmount>> |
| **Total:** | $<<DataTotalPaymentAmount>> |

If your total estimated payment is less than $100, you will receive a minimum payment of $100.

## When will I be paid?

Class members cannot be paid until at least 30 days after the Court approves the settlement. If there are no delays, payments will be made in spring 2025.

Please update your contact information with the Settlement Administrator at www.WasatchSettlement.com.

## What if my estimated payment is wrong?

If you think the estimated payment amount above is wrong, you can dispute it by sending a letter or email by January 21, 2025 to:

> *Terry v. Wasatch Advantage Group* Settlement Administrator
> P.O. Box 301132
> Los Angeles, CA 90030-1132
> admin@wasatchsettlement.com

*U.S. ex rel. Terry v. Wasatch Advantage Group, LLC, et al.*, Case No. 15-cv-00799-KJM

5

Your written dispute must include:

(1) the case name and number;

(2) your full name and all other names used while living at Wasatch properties;

(3) your address, phone number, and email address (if you have one);

(4) a description of your dispute and supporting documents or other evidence (if you have them); and

(5) your signature (either handwritten or typed).

## Do I have to pay taxes on the settlement payment?

If the **interest** amount listed above is more than $600, you will receive a tax form (IRS Form 1099). A copy of the tax form will also be sent to the IRS. IRS Form 1099 does not apply to the reimbursement portion of the payment. If you would like tax advice, you can contact a qualified tax advisor. The lawyers in this case and the Settlement Administrator cannot give you tax advice.

## Will the payment affect my ability to receive government benefits?

Government benefits programs provide support like food, housing, healthcare, and financial assistance.  In California, these programs include Section 8, Medi-Cal, Medicare, MAGI-Medi-Cal, CalWORKS, CalFresh, Section 8, SSI/SSP/SSDI, In-Home Supportive Services, and WIC.

As part of the settlement, you can get free advice about whether the settlement payment may affect your eligibility for government benefits programs or the amount of benefits you receive. You can choose whether to receive the full payment, a lower payment, or no payment.

**To get advice about whether payment will affect your government benefits, you can call 1-800-683-4872.  This is free to all class members.**

## Do I have a lawyer in this lawsuit?

In a class action, the court appoints lawyers to represent the interests of all the class members. For this case, the Court appointed the following lawyers:

*U.S. ex rel. Terry v. Wasatch Advantage Group, LLC, et al.*, Case No. 15-cv-00799-KJM

6

| | |
|---|---|
| Laura L. Ho, Esq.<br>Anne Bellows, Esq.<br>Stephanie Tilden, Esq.<br>GOLDSTEIN, BORGEN, DARDARIAN & HO<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612<br>(510) 763-9800<br>www.gbdhlegal.com | Lindsay Nako, Esq.<br>Lori Rifkin, Esq.<br>Fawn Rajbhandari-Korr, Esq.<br>Meredith Dixon, Esq.<br>IMPACT FUND<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704<br>(510) 845-3473 |
| Andrew Wolff, Esq.<br>LAW OFFICES OF ANDREW WOLFF, PC<br>1615 Broadway, 4th Floor<br>Oakland, CA 94612 | Jesse Newmark, Esq.<br>CENTRO LEGAL DE LA RAZA<br>3400 E. 12th Street<br>Oakland, CA 94601<br>(510) 437-1863 |

You can also hire your own lawyer at your own expense.

## Do I have to pay the lawyers in this lawsuit?

So far, your lawyers have not been paid any money for their work or expenses. Lawyers' fees and costs will be paid as part of the settlement. **You do not have to pay anything to the lawyers.**

The settlement allows the Court to approve a payment to the lawyers of up to $4.5 million.  This is called "attorneys' fees and costs," and it pays the lawyers for their work and expenses they paid. This amount is separate from the $5 million settlement fund for class members.

# Opting Out of the Settlement

## What if I don't want to be part of this settlement?

You can opt out of the settlement. If you opt out, you will not receive a payment, but you will have the right to file your own case for damages against Wasatch or the other Defendants. You cannot opt out of the additional services policy changes at Wasatch properties in California.

To opt out, you must mail or email your request to opt out by January 21, 2025 to:

> *Terry v. Wasatch Advantage Group* Settlement Administrator
> P.O. Box 301132
> Los Angeles, CA 90030-1132
> admin@wasatchsettlement.com

*U.S. ex rel. Terry v. Wasatch Advantage Group, LLC, et al.*, Case No. 15-cv-00799-KJM

7

Include the case name and number, your full name and all other names used while living at Wasatch properties, your address, phone number, email (if you have one), and your signature (handwritten or typed).

# Objecting to the Settlement

## What if I disagree with the settlement?

If you disagree with any part of the settlement but don't want to opt out, you can object. You must say why you think the Court should not approve the settlement and whether your objection applies to just you, a part of the class, or the entire class. The Court will consider this when it decides whether to approve or reject the settlement. The Court cannot change the settlement. You can, but don't have to, hire a lawyer to help you with an objection.

To object, you must mail or email your objection by January 21, 2025 to:

> *Terry v. Wasatch Advantage Group* Settlement Administrator
> P.O. Box 301132
> Los Angeles, CA 90030-1132
> admin@wasatchsettlement.com

Your written objection must include:

(1) the case name and number;

(2) your full name and all other names used while living at Wasatch properties;

(3) your address, phone number, and email address (if you have one);

(4) the reasons why you think the agreement should not be approved;

(5) whether you or your lawyer intend to appear at the settlement approval hearing and your lawyer's name; and

(6) your signature (handwritten or typed).

# Key Resources

- All settlement documents can be found here: **www.WasatchSettlement.com**

- For questions about the settlement, call: 1-833-419-3493

- For free advice about your government benefits, call: 1-800-683-4872

- You are welcome to contact the Settlement Administrator or attorneys listed above with any questions. Please do not contact the Court.

- **Para asistencia en español, por favor llame 1-833-419-3493 o visite www.WasatchSettlement.com.**

*U.S. ex rel. Terry v. Wasatch Advantage Group, LLC, et al.*, Case No. 15-cv-00799-KJM

8



CLAIMANT ADVOCACY GROUP

# GOVERNMENT BENEFITS PLANNING:

## WHAT CLAIMANTS NEED TO KNOW

"I'm on Medicare. Will my settlement award affect my eligibility?"

"My family relies on Medicaid and Supplemental Security Income to meet our needs. How will a settlement award affect us?"

IF YOU RECEIVE ASSISTANCE FROM GOVERNMENT BENEFIT PROGRAMS LIKE SSI, MEDI-CAL, CALFRESH, AND/OR SECTION 8, PLEASE READ THIS DOCUMENT.

There are two main types of public assistance benefits: **NEEDS-BASED** benefits and **EARNED** benefits.

**NEEDS-BASED BENEFITS** have strict income and/or asset tests. These benefits could be interrupted or terminated if your income and/or assets exceed a certain amount after you receive your settlement payment. "Assets" means the amount of money or countable property you have available. "Countable property" does not include your primary home, your personal property, and one vehicle.

If your settlement payment is $2,000 or less, it might not affect your needs-based benefits at all. In some cases, depending on the benefits you get, it could have a small impact in the month you cash your check, but it shouldn't cause long-term changes unless you still have over $2,000 total at the beginning of the following month.

**EARNED BENEFITS** do not have an income and/or asset test and will not be affected by the settlement payment you receive in this case.

**If you have questions, contact the Claimant Advocacy Group (CAG) for guidance on preserving your benefits.  You do not have to pay for this consultation.**

 800 - 683 - 4872

 CAG@claimantadvocacy.com

 www.claimantadvocacy.com

**Please note: CAG is not a tax advisor and cannot provide tax advice.**



**CLAIMANT ADVOCACY GROUP**

## <u>NEEDS-BASED BENEFITS</u>

Needs-Based benefits that may be affected by your settlement payment include: Supplemental Security Income (SSI) linked with Medi-CAL (California Medicaid), Medi-CAL only (no SSI), In-Home Care / Long Term Care, Food Stamps (WIC, SNAP, CALFRESH), Subsidized Housing (Section 8 / HUD), Children's Health Insurance Program (CHIP), and Dual Beneficiary Medicaid Programs such as QMB or "Extra Help."

<u>Below are examples of how your settlement payment could affect your Needs-Based benefits:</u>

**Supplemental Security Income (SSI)** - This program counts both income and assets. You must have less than $2,000 in assets.

- If you are receiving less than $2,000 from the settlement, your SSI should NOT be affected long-term as long as you have less than $2,000 by the end of the month you receive your settlement payment.
- You must still report the income received, and SSI may discontinue one month of SSI in that month.

**Section 8** - This program subsidizes your housing costs by lowering your rent payments. Rent is based on income and asset limits apply.

- If you are receiving less than $2,000 from the settlement, your Section 8 should NOT be affected, or if impacted, very minimally.
- Net Family Assets over $100,000 - Starting in 2024, if your "net family assets," which includes cash from a settlement, are over $100,000, you will be removed from the Section 8 program.

**Medi-CAL Only** – Medi-CAL (California Medicaid) does not have asset limits and only counts certain types of income when determining eligibility.

- Your non-taxable reimbursement portion should not be counted toward "income."

<u>TWO important reminders for all needs-based benefit programs:</u>

**1.   You must report** - You are required to report any changes to assets and income. You can find information about how and when to report on the eligibility letters you receive from your needs-based benefit program.

**2.    You must use the settlement payment for yourself** - Giving money away, putting your money in someone else's account or possession, or buying things for other people puts you at risk for loss of benefits. If you spend your settlement payment on others, the needs-based programs may discontinue benefits.

## <u>EARNED BENEFITS</u>

Earned benefits that will **NOT** be interrupted by the settlement payment you receive in this case include: Medicare Part A or B; Medicare Part C; Social Security Retirement (SSR); Social Security Survivor Benefits (SSA); Social Security Disability Benefits (SSDI); and Veterans Compensations Benefits.

**For more information and advice on preserving your benefits, call CAG at 800-683-4872.**
**You do not have to pay a fee for this call.**

# EXHIBIT B



United States District Court
*U.S. ex rel. Terry v. Wasatch Advantage Group, LLC, et al.*
Case No. 15-cv-00799-KJM

# Class Action Notice

## *Authorized by the U.S. District Court*



**Records show that you are a Section 8 tenant who lives at a Wasatch property in California.**



**There is a settlement of a lawsuit that requires Wasatch to make changes at your property.**

**Read this notice to learn about your rights.**

### Important things to know:

- There is a proposed settlement of a class action lawsuit brought by Section 8 tenants who paid or may have to pay additional service charges at Wasatch properties in California.

- The settlement changes Wasatch's policies on additional service charges for Section 8 tenants. **Additional service charges must be optional, can be cancelled any time, and generally cannot be a reason for eviction or a pay or quit notice.**

- You will be given a new choice whether or not to enroll in additional services.

- You can learn more about the case and the settlement at: **www.WasatchSettlement.com**.

### Key dates

Deadline to object: **January 21, 2025**
Settlement approval hearing: **January 23, 2025**

**Para asistencia en español, por favor llame 1-833-419-3493
o visite www.WasatchSettlement.com.**

# About the Lawsuit

## What is this lawsuit about?

This lawsuit is about whether Wasatch's policies requiring Section 8 tenants at its California properties to pay for "additional services" beyond the allowed rent amount violated federal and California laws. Examples of additional services are in-unit washers & dryers, parking, storage space, media packages, and renter's insurance.

Wasatch and the other Defendants deny that they did anything wrong.

### What is a class action settlement?
A class action settlement is an agreement between the parties to resolve the case. Settlements can provide money to class members and changes to practices that caused harm.

## Why is there a settlement in this lawsuit?

In July 2024, the parties agreed to a settlement to end the lawsuit. Both sides want to avoid the risk, delay, and expense of more litigation.

## What happens next?

Wasatch will make changes to its additional services policies at California properties by September 25, 2024.

Because a class action decides the rights of all class members, the Court must approve the settlement. If the Court does not approve the settlement, the settlement will not happen and the lawsuit will continue.

### Where can I learn more?
You can get a complete copy of the proposed settlement and other key documents in this lawsuit at:
**www.WasatchSettlement.com**

The Court will hold a hearing about whether to approve the settlement.

The hearing will be on January 23, 2025 at 10:00 a.m. at:
Robert T. Matsui United States Courthouse
Courtroom 3, 15th Floor
501 I Street, Sacramento, CA 95814

The scheduled hearing date could change. You can check the date at: www.WasatchSettlement.com. You can attend the hearing. You can also ask the Court for permission to speak and express your opinion about the settlement. You can also hire your own lawyer at your own expense.

# About the Settlement

## How does settlement affect Wasatch's additional services policies?

The settlement requires Wasatch to inform current Section 8 tenants at its California properties that additional services (such as parking, media packages, renters' insurance, and in-unit washers & dryers) are **optional,** are not part of the rent, and cannot be required to rent an apartment. Wasatch must give Section 8 tenants **a new choice** upon renewal whether or not to enroll in additional services, and tenants can cancel them at any time. All payments will be applied first towards rent, then to additional service fees. **Wasatch cannot evict Section 8 tenants for unpaid additional services fees.** However, Wasatch can use other legal remedies to collect unpaid fees for additional services that tenants enroll in and refuse to give up.

## What money does the settlement provide?

Defendants will pay $5 million into a settlement fund. This money will be used to reimburse class members who paid additional service fees to Wasatch between May 1, 2011, and November 30, 2022, plus interest.

**According to Wasatch's records, you did not pay additional service fees during this time period and will not receive money from the settlement.  You can call 1-833-419-3493 if you believe you paid additional fees and should be reimbursed under the settlement.**

## Do I have a lawyer in this lawsuit?

In a class action, the court appoints lawyers to represent the interests of all the class members. For this case, the Court appointed the following lawyers:

| | |
|---|---|
| Laura L. Ho, Esq.<br>Anne Bellows, Esq.<br>Stephanie Tilden, Esq.<br>GOLDSTEIN, BORGEN, DARDARIAN & HO<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612<br>(510) 763-9800<br>www.gbdhlegal.com | Lindsay Nako, Esq.<br>Lori Rifkin, Esq.<br>Fawn Rajbhandari-Korr, Esq.<br>Meredith Dixon, Esq.<br>IMPACT FUND<br>2080 Addison Street, Suite 5<br>Berkeley, CA 94704<br>(510) 845-3473 |
| Andrew Wolff, Esq.<br>LAW OFFICES OF ANDREW WOLFF, PC<br>1615 Broadway, 4th Floor<br>Oakland, CA 94612 | Jesse Newmark, Esq.<br>CENTRO LEGAL DE LA RAZA<br>3400 E. 12th Street<br>Oakland, CA 94601<br>(510) 437-1863 |

You can also hire your own lawyer at your own expense.

*U.S. ex rel. Terry v. Wasatch Advantage Group, LLC, et al.*, Case No. 15-cv-00799-KJM

3

## Do I have to pay the lawyers in this lawsuit?

So far, your lawyers have not been paid any money for their work or expenses. Lawyers' fees and costs will be paid as part of the settlement. **You do not have to pay anything to the lawyers.**

The settlement allows the Court to approve a payment to the lawyers of up to $4.5 million.  This is called "attorneys' fees and costs," and it pays the lawyers for their work and expenses they paid.

# Objecting to the Settlement

## What if I disagree with the settlement?

If you disagree with any part of the settlement, you can object. You must say why you think the Court should not approve the settlement and whether your objection applies to just you, a part of the class, or the entire class. The Court will consider this when it decides whether to approve or reject the entire settlement. The Court cannot change the settlement. You can, but don't have to, hire a lawyer to help you with an objection.

To object, you must mail or email your objection by **January 21, 2025** to:

> *Terry v. Wasatch Advantage Group* Settlement Administrator
> P.O. Box 301132
> Los Angeles, CA 90030-1132
> admin@wasatchsettlement.com

Your written objection must include:
(1)  the case name and number;
(2) your full name and all other names used while living at Wasatch properties;
(3) your address, phone number, and email address (if you have one);
(4) the reasons why you think the settlement should not be approved;
(5) whether either you or your lawyer intend to appear at the settlement approval hearing and your lawyer's name; and
(6) your signature (handwritten or typed).

# Key Resources

- All settlement documents can be found here: www.WasatchSettlement.com
- If you believe you may be eligible for reimbursement of additional service fees, call the Settlement Administrator at: 1-833-419-3493
- You are welcome to contact the Settlement Administrator or attorneys listed above with any questions. Please do not contact the Court.
- **Para asistencia en español, por favor llame 1-833-419-3493 o visite www.WasatchSettlement.com.**