Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Anne P. Bellows (SBN 293722)
abellows@gbdhlegal.com
Stephanie E. Tilden (SBN 341486)
stilden@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Tel: (510) 763-9800 ǀ Fax: (510) 835-1417

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
CENTRO LEGAL DE LA RAZA
3022 International Blvd., Suite 410
Oakland, CA 94601
Tel: (510) 437-1863 ǀ Fax: (510) 437-9164

Lindsay Nako (SBN 239090)
lnako@impactfund.org
Lori Rifkin (SBN 244081)
lrifkin@impactfund.org
Fawn Rajbhandari-Korr (SBN 315888)
fkorr@impactfund.org
Meredith Dixon (SBN 346864)
mdixon@impactfund.org
IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA 94704
Tel: (510) 845-3473 ǀ Fax: (510) 845-3654

Attorneys for Plaintiffs and Relators and the Certified Classes
*[Additional Counsel listed on following page]*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>    Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON | Case No.: 2:15-CV-00799-KJM-DB<br><br>CLASS ACTION<br><br>**DECLARATION OF LINDSAY NAKO IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE FEES, COSTS, AND EXPENSES**<br><br>Date:   Jan. 23, 2025<br>Time:  10:00 a.m.<br>Dept:   Court 3, 15th Floor<br>Before: Hon. Chief Judge Kimberly J. Mueller |

| | |
|---|---|
| 1 | APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC, and DOES 1-4, |
| | Defendants. |

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
Tel: (510) 834-3300 | Fax: (510) 834-3377

Attorneys for Plaintiffs and Relators and the Certified Classes

Lawrence Anthony Organ (SBN 175503)
larry@civilrightsca.com
Marqui Hood (SBN 214718)
marqui@civilrightsca.com
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, CA 94960-2610
Tel: (415) 453-4740 | Fax: (415) 785-7352

Attorneys for Relators

I, Lindsay Nako, declare as follows:

1. I am an attorney admitted to practice before all Courts of the State of California, the Eastern, Northern, Central, and Southern Districts of California, the Ninth Circuit Court of Appeals, and the United States Supreme Court. I am a member in good standing of the California State Bar, and counsel of record for Plaintiffs and the Classes in this case. I have personal knowledge of the facts set forth in this Declaration unless otherwise stated, and I am competent to testify to these facts if called on to do so.

2. I am the Executive Director of the Impact Fund. I and the Impact Fund joined this case in the summer of 2021 and were appointed class counsel by the Court on November 1, 2021. ECF No. 145. I have been closely involved in every aspect of this litigation over the past three years.

## THE SETTLEMENT AND SERVICE AWARDS

3. I believe the proposed settlement is an outstanding result for the Classes. Both the injunctive and monetary terms of the settlement provide all, or nearly all, of the relief that the Classes sought at the outset of this litigation and could have won if Plaintiffs succeeded at trial and on appeal.

4. I believe the requested individual service payments of $5,000 for Class Representatives Denika Terry, Roy Huskey III, and Tamera Livingston are fair and reasonable given the excellent results for the Classes, their effort and sacrifices on behalf of the Classes, and their complete release of all claims.

## ATTORNEYS' FEES AND COSTS

5. For over three years, Impact Fund attorneys and staff have investigated and litigated this hard-fought, complex, and important case for Section 8 tenants. Along with our co-counsel, we conducted extensive discovery and document review; successfully litigated contested cross-motions for summary judgment and other dispositive motions; prepared witnesses and evidence for trial; and ultimately obtained a settlement providing full injunctive relief and almost complete monetary recovery for class members.

6. Impact Fund staff contemporaneously recorded their time worked on this case. For each task performed, staff accounted for their time in 1/10th of an hour (6-minute) increments and included a brief narrative description of the work performed. Staff did not "block bill." To ensure

efficiency at Impact Fund and with co-counsel, Class Counsel have coordinated their work closely and divided it in a manner intended to avoid duplication.

7. Impact Fund staff generated a report with each Impact Fund staff member's time records for this case through November 30, 2024. The entries and hours were an accurate representation of the actual time that we spent working on this matter.

8. As of November 30, 2024, Impact Fund staff had devoted approximately 4,600.9 hours to this litigation. Based on my and the Impact Fund staff's review of the time records alongside the docket and procedural history of this case, I estimate that approximately 2,386.1 (51.86%) of these hours were committed to litigating the class claims, as opposed to Plaintiffs' False Claims Act claim.

9. As detailed in the Declaration of Anne Bellows in support of this motion, each Class Counsel has exercised reasonable billing judgment by reviewing the detailed time records at our respective firms and organizations and implementing a comprehensive set of billing judgment rules. The exercise of such billing judgment resulted in a total reduction of approximately 390.7 hours (16.4%) from our time spent litigating the class claims, resulting in a total of 1,995.4 hours. I believe the resulting hours were reasonably expended and necessary to the success of this litigation. I am prepared to submit these time records to the Court for *in camera* review upon request.

10. The chart below provides the detailed lodestar information for Impact Fund staff after the exercise of reasonable billing judgment, and including only hours committed to litigating the class claims, with 2024 hourly billing rates based on rates approved by this Court for the Eastern District of California:

| Impact Fund Lodestar For class claims only, after billing judgment, with E.D. Cal. rates | | | | | |
|---|---|---|---|---|---|
| Biller | Position | Years of Exp. | EDCA Hourly Rate | Hours | Lodestar |
| Jocelyn Larkin | Of Counsel and former Executive Director | 41 | $695 | 25.9 | $17,991.81 |
| Lindsay Nako | Executive Director | 19 | $550 | 551.1 | $303,128.38 |
| Lori Rifkin | Litigation Director | 20 | $550 | 240.9 | $132,506.00 |

| Impact Fund Lodestar<br>*For class claims only, after billing judgment, with E.D. Cal. rates* ||||||
|---|---|---|---|---|---|
| **Biller** | **Position** | **Years of Exp.** | **EDCA Hourly Rate** | **Hours** | **Lodestar** |
| Fawn Rajbhandari-Korr | Training Director & Senior Counsel | 12 | $495 | 247.1 | $122,312.03 |
| David Nahmias | Staff Attorney | 6 | $410 | 59.8 | $24,499.55 |
| Andrea Núñez | Law Fellow | 4 | $360 | 47.5 | $17,100.00 |
| Rianna Hidalgo | Law Fellow | 3 | $345 | 178.9 | $61,715.33 |
| Meredith Dixon | Staff Attorney | 2 | $320 | 368.7 | $117,997.60 |
| Cameron Hub | Law Clerk | 0 | $150 | 6.8 | $1,026.00 |
| Rodolfo Centeno | Law Clerk | 0 | $150 | 28.0 | $4,203.75 |
| Anna Chau | Paralegal | 3 | $100 | 47.3 | $4,731.00 |
| Luna Khalil | Paralegal | 3 | $100 | 152.0 | $15,204.75 |
| Katharine Vidt | Paralegal | 3 | $100 | 41.3 | $4,127.75 |
| **Total** | | | | 1,995.4 | $826,543,94 |

11. The experience and position of all Impact Fund billers and a short summary of their contributions to the case, are as follows:

a. I am the Impact Fund's Executive Director, after serving as the Director of Litigation and Training for eight years. Before joining the Impact Fund, I was a shareholder at an Oakland-based law firm, where I litigated extensively in the areas of employment discrimination and employee benefits for a decade. I graduated from the University of California, Berkeley School of Law in 2005. I had primary responsibility for running the litigation for the Impact Fund and oversaw our litigation tasks over the course of this case, including managing discovery, dispositive motion briefing, and settlement. I took multiple depositions, worked closely with Plaintiffs' disclosed expert MaryAnn Russ, led Plaintiffs' opposition to Defendants' motion for partial summary judgment on liability, and provided strategic guidance on all litigation tasks.

b. Jocelyn Larkin served as the Impact Fund's Executive Director from 2010 to early 2024 and is now Of Counsel to the organization. She joined the Impact Fund in 1999 and was appointed class counsel in multiple major civil rights class actions. Ms. Larkin graduated from the University of California, Los Angeles School of Law in 1983. Ms. Larkin served as senior counsel in this case, providing strategic guidance on litigation tasks, in particular discovery strategy and the cross-motions for summary judgment.

c. Lori Rifkin serves as the Impact Fund's Litigation Director. Before joining the Impact Fund in January 2024, Ms. Rifkin ran Rifkin Law Office, a civil rights practice based in Oakland, California. She is a former partner of the civil rights law firm Hadsell Stormer Renick & Dai LLP and also worked as a Senior Trial Attorney for the Civil Rights Division of the United States Department of Justice (DOJ). She previously served as a staff attorney at the American Civil Liberties Unions (ACLU) of Connecticut and Southern California, an associate at the civil rights law firm Rosen, Bien, Galvan & Grunfeld, LLP, and an attorney at the Legal Aid Society-Employment Law Center (now Legal Aid at Work). She graduated from New York University School of Law in 2004. After joining the Impact Fund, Ms. Rifkin led Plaintiffs' opposition to Defendants' motion to dismiss and Plaintiffs' motions for preliminary and final approval. She also contributed to trial planning and strategy and settlement negotiations.

d. Fawn Rajbhandari-Korr serves as the Impact Fund's Senior Counsel and Training Director. Before joining the Impact Fund in May 2023, Ms. Korr worked as Senior Litigation Counsel at Bay Area Legal Aid, managing impact litigation cases and appeals in a broad range of practices areas including civil rights. She graduated from the University of Hawai'i at Manoa, William S. Richardson School of Law in 2012 and served as law clerk to the Honorable Michael D. Wilson of the Hawai'i State Judiciary. Ms. Korr was the primary contact for Plaintiffs' disclosed expert MaryAnn Russ, prepared portions of Plaintiffs' opposition to Defendants' motion to modify the bifurcation order, and contributed to trial preparation and strategy and settlement implementation.

e. Meredith Dixon served as a Law Fellow with the Impact Fund from August 2022 to August 2024 and as a Staff Attorney from August 2024 to the present. She graduated from the University of California, Berkeley School of Law in 2022 and served as a judicial extern in the

chambers of the Honorable Joseph C. Spero and the Honorable Jon S. Tigar of the Northern District of California. Ms. Dixon contributed to document review; Plaintiffs' March 2023 settlement conference statement; trial preparation, including preparing the direct examinations of Plaintiffs and other tenant witnesses; and Plaintiffs' motions for preliminary and final approval.

        f.      Rianna Hidalgo was a Law Fellow with the Impact Fund from August 2021 to August 2022. She is currently serving as a law clerk for Associate Justice Goodwin H. Liu of the California Supreme Court. She also served as a law clerk for the Honorable Haywood S. Gilliam of the Northern District of California and the Honorable Michelle T. Friedland of the U.S. Court of Appeals for the Ninth Circuit. She graduated from the University of California, Berkeley School of Law in 2021. Ms. Hidalgo contributed to discovery, including document review, preparation for fact and expert depositions, and discovery disputes, and Plaintiffs' opposition to Defendants' motion for summary judgment on liability.

        g.      Andrea Núñez was a Law Fellow with the Impact Fund from October 2020 to October 2021. She is currently employed at a private plaintiff-side law firm in Oakland, California. She graduated from the University of California, Berkeley School of Law in 2020. Ms. Núñez contributed to preparations for multiple fact witness depositions.

        h.      David Nahmias was a Law Fellow and Staff Attorney with the Impact Fund from August 2018 to September 2021. He is currently the Legal Director for Berkeley Law's Center for Consumer Law & Economic Justice. He also served as a judicial extern for the Honorable Charles R. Breyer and as a law clerk for the Honorable Donna M. Ryu of the Northern District of California. He graduated from the University of California, Berkeley School of Law in 2018. Mr. Nahmias contributed research and analysis on questions of corporate structure and bifurcation and assisted with preparation of the Fifth Amended Complaint and related briefing.

        i.      Cameron Hub and Rodolfo Centeno served as summer law clerks with the Impact Fund. Mr. Hub is now a third-year law student at the New York University School of Law. Mr. Centeno graduated from University of California, Berkeley School of Law in 2024. Mr. Hub contributed to Plaintiffs' motion for preliminary approval. Mr. Centeno contributed to trial preparation.

j. Anna Chau, Luna Khalil, and Katharine Vidt were paralegals with the Impact Fund. Ms. Chau received her undergraduate degree from the University of California, Berkeley, in 2022 and is currently attending the University of California, College of Law, San Francisco. Ms. Khalil received her undergraduate degree from the University of California, Berkeley, in 2020 and is currently a graduate student at San Jose State University in the Master of Social Work program. Ms. Vidt received her undergraduate degree from Harvard University in 2013 and is currently a Senior Grants Coordinator at Centro Legal de la Raza and a graduate student at California State University, East Bay, in the Master of Social Work program. As paralegals, they conducted class member intakes, responded to class member inquiries, and assisted with discovery and trial preparation.

12. The Impact Fund's usual and customary hourly rates in the San Francisco Bay Area range from $625 to $1225 for the attorneys listed above and from $400 to $475 for other staff. Based on our experience co-counseling with and otherwise supporting and advising nonprofit legal organizations in the Bay Area and around the country, as well as my personal experience mediating cases in the Northern District, I believe our normal hourly rates align with the market rates for the San Francisco Bay Area. Our rates were last approved by the Northern District of California in March 2019 via stipulation and order signed by Judge Edward Chen in *Ellis v. Costco Wholesale Corp.*, No. 04-3341-EMC (ECF No. 909) (awarding Jocelyn Larkin a rate of $875 per hour and Lindsay Nako a rate of $600 per hour). More recently, Of Counsel Jocelyn Larkin was retained privately earlier this year and compensated at her current hourly rate of $1225 per hour.

13. However, for purposes of this litigation, all Class Counsel have substantially lowered our hourly rates to be in line with rates approved by the Eastern District of California. Accordingly, the hourly rates used to calculate the Impact Fund's lodestar for purposes of the Class Claims are reflected in the table above.

### THE IMPACT FUND'S LITIGATION ROLES AND TASKS

14. I was the lead counsel for the Impact Fund on this litigation. My firm joined the litigation in the summer of 2021, were appointed class counsel in November 2021, and continued to contribute through to the present. In addition to my own legal work, I supervised the Impact Fund attorneys, paralegals, and law clerks who performed work on this case. Using the task categorization

system described in the Bellows Declaration, the chart below summarizes the distribution of the Impact Fund's time across different categories of litigation tasks:

| Task Code | Description | Impact Fund Hours | Impact Fund Lodestar |
|---|---|---|---|
| L100 | Case Administration | 37.1 | $ 17,775.93 |
| L110 | Fact Investigation | 84.2 | $ 17,295.94 |
| L120 | Analysis, Strategy, and Legal Research | 140.1 | $ 54,682.24 |
| L130 | Experts & Consultants | 22.4 | $ 11,347.75 |
| L160 | Settlement | 164.9 | $ 82,552.15 |
| L210 | Pleadings | 72.8 | $ 34,354.38 |
| L230 | Court Mandated Conferences | 2.2 | $ 1,145.70 |
| L240 | Summary Judgment Motions | 175.8 | $ 74,302.11 |
| L250 | Other Written Motions or Submissions | 39.9 | $ 16,834.71 |
| L260 | Class Action Procedures | 230.0 | $ 108,969.28 |
| L300 | Other Discovery | 35.2 | $ 16,073.29 |
| L310 | Written Discovery | 13.4 | $ 4,797.50 |
| L320 | Requests for Production and Document Productions | 23.0 | $ 8,849.25 |
| L325 | Document review | 67.5 | $ 17,974.48 |
| L330 | Depositions | 237.8 | $ 89,366.74 |
| L340 | Expert Depositions | 28.0 | $ 14,044.56 |
| L350 | Discovery Motions | 48.9 | $ 22,691.94 |
| L410 | Trial Preparation Re Fact Witnesses | 119.0 | $ 38,757.39 |
| L420 | Trial Preparation Re Expert Witnesses | 76.7 | $ 35,042.18 |
| L430 | Written Motions or Submissions for Trial | 86.1 | $ 37,112.23 |
| L440 | Other Trial Preparation and Support | 263.9 | $ 111,540.21 |
| L450 | Trial and Hearing Attendance | 10.0 | $ 3,818.05 |
| L460 | Post-Trial Motions | 15.3 | $ 7,215.96 |
| **Grand Total** | | **1,995.4** | **$ 826,543.94** |

15. A summary of the Impact Fund's work performed on the case is as follows:

**Merits Discovery, Bifurcation, and Summary Judgment on Liability Issues
(May 2021 through November 30, 2022)**

16. The Impact Fund joined the litigation in the summer of 2021, while merits discovery was underway. Initially working at the direction of existing Class Counsel, our team of attorneys and support staff helped to review and code thousands of pages of tenant files and corporate documents. We conducted outreach to dozens of class members, which included preparing interview outlines,

reviewing tenant files, phone and email correspondence, preparing intake summaries, and maintaining tracking sheets. We also contributed to supplemental initial disclosures in October 2021. We were appointed class counsel on November 1, 2021. ECF No. 145.

17. The Impact Fund team reviewed and edited written discovery requests authored by co-counsel and tracked defendant responses. I attended multiple calls over Zoom with co-counsel Anne Bellows and opposing counsel to monitor the progress of discovery. Defendants' delays during merits discovery required additional time and attention, including specific meet and confers and the drafting and filing of a Joint Statement Regarding Discovery Dispute to Magistrate Judge Deborah Barnes in November 2021 regarding Defendants' failure to produce documents regarding mandatory additional charges imposed on Section 8 tenants, which I prepared. ECF No. 165.

18. Our office conducted legal research regarding corporate structure and liability and contributed to preparation of the Fifth Amended Complaint, including preparing the meet and confer letter for Defendants ahead of the amendment, editing the Fourth Amended Complaint, and drafting the stipulation to amend.

19. We also contributed to multiple depositions in late 2021. I deposed Katie Dao in November 2021 and Tyler Raymond in December 2021, which required reviewing documents and previous testimony and preparing deposition exhibits and the deposition outline with the assistance of other Impact Fund staff and co-counsel. I also assisted with the depositions of Shawn Fetter, Jarom Johnson, Janae Jarvis, Bradley Mishler, Duane Wiles, and David Scharlach. Throughout discovery, our team helped to review deposition transcripts and write summaries for upcoming motion practice and trial.

20. I originally prepared to depose Tyler Raymond in October 2021, but Defendants' counsel refused to proceed on the morning of the deposition. After the witness, all counsel, the court reporter, and the videographer assembled, Defendants' counsel objected that I could not take the deposition because I had not yet been appointed class counsel, even though a stipulation to that effect was pending. The dispute required us to suspend the deposition. I then drafted and filed a Joint Statement Regarding Discovery Dispute to Magistrate Judge Barnes in late October 2021. ECF No. 148. I prepared for and attended an informal discovery conference with Magistrate Judge Barnes, co-

counsel Anne Bellows, and opposing counsel on November 12, 2021 (ECF No. 150), which resulted in rescheduling the deposition for early December.  Additional time was required to prepare for the deposition a second time.

21. I led Plaintiffs' work responding to Defendants' expert, Robert Griswold.  I reviewed and analyzed Mr. Griswold's report in detail and, with our team, researched him, read his professional writings and court orders regarding his testimony in previous cases, prepared discovery requests, and reviewed his discovery responses.  I deposed Mr. Griswold in March 2022, which also required preparing deposition exhibits and the deposition outline with the assistance of other Impact Fund staff and co-counsel.

22. The Impact Fund team led Plaintiffs' opposition to Defendants' Motion for Summary Judgement or, in the alternative, Class Decertification.  ECF No. 257.  We researched pertinent issues; gathered documents, deposition testimony, declarations, and other evidence; and drafted the opposition brief, statement of disputed facts, response to Defendants' statement of undisputed facts, and objections to Defendants' evidence.  ECF Nos. 257, 257-1 – 257-6.  We also prepared a motion to file a sur-reply in opposition to Defendants' motion, which the Court granted.  ECF Nos. 264, 265, 267.  I prepared for and appeared at the hearing on the cross-motions for summary judgment on July 8, 2022.  ECF No. 268.  After receiving the Court's order granting Plaintiffs' Motion for Partial Summary Judgment on November 23, 2022 (ECF No. 278), Jocelyn Larkin of the Impact Fund prepared for and appeared at the case management conference held on December 2, 2022.  ECF No. 279.

23. In total, I estimate that the Impact Fund devoted 676.0 hours to the Class Claims during this period, after the exercise of billing judgment described above.

**Remedies Discovery, Summary Judgment on Class Damages, and Initial Trial Preparation (December 1, 2022 through February 1, 2024)**

24. After the Court's order granting Plaintiffs' Motion for Partial Summary Judgment, Class Counsel turned to remedies discovery.  Throughout this period, the Impact Fund continued contacting class members by phone and email, reviewing tenant files, preparing intake summaries, and maintaining tracking sheets.  We reviewed, edited, and drafted discovery requests.

25. Given the relatively short period of time allotted for this phase of discovery, co-counsel Anne Bellows and I attempted to hold weekly meet and confer calls on Zoom with opposing counsel, which included drafting and circulating agendas for our calls and preparing confirming emails. Defendants' delays during remedies discovery required even more time and attention. We held specific meet and confers and I drafted and filed multiple Joint Statements Regarding Discovery Dispute and Affidavits to Magistrate Judge Barnes over Defendants' failure to supplement their initial disclosures by producing insurance contracts and failure to respond to multiple requests for production. ECF Nos. 284, 286, 294, 303.

26. The Impact Fund team contributed to preparations for our settlement conference with Magistrate Judge Carolyn K. Delaney, including strategy discussions with co-counsel and the class representatives and drafting portions of the settlement conference statement. We also attended the settlement conference on March 15, 2023. ECF No. 293.

27. The Impact Fund was the primary contact for damages expert MaryAnn Russ and assisted her in preparation of her expert report served on July 20, 2023. We communicated with her regularly and provided her with all documents needed to prepare her report.

28. On May 31, 2023, I took the Rule 30(b)(6) deposition of Jarom Johnson regarding Defendants' costs incurred in providing additional services to Section 8 tenants, as well as income earned on those services and Defendants' relationships with the vendors providing the services. This deposition was critical to responding to Defendants' argument that they should be permitted to subtract the cost of providing additional services from any contract damages. I prepared Plaintiffs' discovery requests on this topic in advance of the deposition and reviewed all responses, including preparing a Joint Statement Regarding Discovery Dispute to Magistrate Judge Barnes over Defendants' failure to produce responsive documents. ECF No. 305. After receiving the documents, I reviewed them along with previous testimony and prepared deposition exhibits and the deposition outline with the assistance of other Impact Fund staff and co-counsel. Ahead of the deposition, we also negotiated and drafted a stipulation that defined the scope of Defendants' argument, which was filed with the Court on May 12, 2023. ECF No. 304.

29. The Impact Fund team contributed to Plaintiffs' Motion for Partial Summary Judgment Regarding Remedies, including strategy discussion with co-counsel, drafting portions of the brief, and reviewing and editing the brief. I also prepared for and attended the hearing on December 8, 2023, and reviewed the Court's order granting the motion on February 1, 2024. ECF Nos. 332, 352.

30. The Impact Fund began preparing for the class bench trial on injunctive relief in the summer of 2023. Members of our team, along with co-counsel, reviewed the immense record in this case, including documents, discovery responses, and deposition transcripts and summaries, to begin refining our trial strategy.

31. In total, I estimate that the Impact Fund devoted 652.0 hours to the Class Claims during this period, after the exercise of billing judgment described above.

**Pretrial Proceedings and Settlement
(February 2, 2024 through July 27, 2024)**

32. Trial preparation began in earnest in early 2024. Our team, along with co-counsel, continued reviewing discovery, including documents, discovery responses, and deposition transcripts and summaries, to develop our injunctive relief trial strategy. We prepared portions of the pretrial statement and drafted the joint fact stipulation proposed to Defendants. We also prepared deposition designations, drafted motions in limine, and contributed to all pretrial filings. Our office focused on preparing the class representatives and other tenant witnesses for trial, which required reviewing tenant files and other documents, meeting with tenants, drafting direct examinations, identifying trial exhibits, and preparing witnesses for their trial testimony.

33. During this time, Defendants also filed motions for judgment on the pleadings, for reconsideration of the bifurcation order, and for dismissal of the state-law claims. We were primary drafters of Plaintiffs' opposition to Defendants' motion to dismiss state law claims and drafted significant portions of Plaintiffs' opposition to the motion for reconsideration of the bifurcation order. We reviewed, edited, and contributed to the strategy of all of the opposition briefs.

34. Lori Rifkin, Impact Fund's Litigation Director, and I were part of Plaintiffs' settlement team that attended the two-day mediation with the Honorable Jay Ghandi (Ret.) in Los Angeles,

California, on June 20-21, 2024. We participated in strategy discussions with co-counsel and the class representatives and drafted portions of the mediation brief.

35. The case did not settle when the mediation ended on June 21, but settlement discussions continued and accelerated after the motions in limine hearing held on July 11, 2024. I was the lead attorney communicating with opposing counsel as the parties negotiated the memorandum of understanding that was filed with the Court on July 27, 2024, the Saturday before trial was set to begin. ECF No. 541. I had near-daily phone calls with opposing counsel as we negotiated the primary terms of the agreement, including the injunctive relief plan, class damages, and Defendants' payment schedule. I was also the main contact for the class representatives throughout the negotiations and spoke with them regularly to get their input and keep them updated.

36. In total, I estimate that the Impact Fund devoted 411.8 hours to the Class Claims during this period, after the exercise of billing judgment described above.

### Settlement Agreement and Approval Proceedings
### (July 28, 2024 through November 27, 2024)

37. After the memorandum of understanding was filed, co-counsel Jesse Newmark at Centro Legal de la Raza took over as the lead attorney negotiating and drafting the long-form settlement agreement submitted to the Court on August 30, 2024. ECF No. 544-1 (Exhibit A to the Declaration of Anne Bellows in support of Plaintiffs' Motion for Preliminary Approval). The Impact Fund team were primary drafters of the notice plan, including preparing the proposed class notices to the Injunctive Relief Class and Damages Class.

38. The Impact Fund team, led by Lori Rifkin, prepared Plaintiffs' motion for preliminary approval of the class action settlement. ECF No. 544. We spent significant time reviewing three and a half years of detailed billing records and exercising reasonable billing judgment, as described above. Following the Court's order granting preliminary approval, ECF No. 562, we oversaw implementation of the notice plan and worked closely with the settlement administrator to finalize both class notices and ensure timely mailing of the notices and proper construction of the settlement website, while also directly responding to class member inquiries.

39. Most recently, our office prepared Plaintiffs' motion for final approval of the class action settlement, filed on December 19, 2024. ECF No. 563. If final approval is granted, we look forward to effectuating the settlement and returning a decade of additional service charges to class members with interest and ensuring maintenance of the internal changes implemented by Defendants.

40. In total, I estimate that the Impact Fund devoted 255.6 hours to the Class Claims during this period, after the exercise of billing judgment described above.

41. As detailed in the declaration of Anne Bellows, I anticipate that the Impact Fund will devote substantial additional time to this litigation before the case is complete, including continuing to work with the settlement administrator, respond to Class Member inquiries, and ensure that the settlement funds are timely and correctly disbursed.

## **MULTIPLIER FACTORS**

42. The Impact Fund joined this case in the summer of 2021, seven years after the case was filed, when it was already apparent that it was and would continue to be a complex, risky, and time-consuming matter. There was little precedent or analysis of illegal "side payments" and policies like those at issue here, and no other case had challenged them on a class-wide basis. We knew that much relied on the Court's ruling on the then-forthcoming cross-motions for summary judgment and that, even if we were successful, complex questions could still remain and then we could also spend years on appeal. We risked devoting years of our time and resources to this case and possibly receiving nothing in return.

43. The Impact Fund's representation of the Plaintiffs and Certified Classes in the case was on an entirely contingent basis. We and our co-counsel dedicated substantial resources to this matter, both in time spent and expenses and costs.

44. The Impact Fund employs only 3-5 attorneys at a time. This case often demanded the full attention of most or all of our legal team, particularly during the weeks leading up to the close of merits discovery, the briefing on complex cross-motions for summary judgment, remedies discovery followed by further summary judgment briefing, and the weeks of preparing for trial while also opposing a motion to dismiss and negotiating a class-wide settlement agreement. Defendants' long-standing reticence to meaningfully discuss settlement led us to believe we were preparing this case for

trial and likely an appeal, up until the day we filed the memorandum of understanding with the Court. The Impact Fund dedicated significant resources to litigating this case and, as a result, had to turn down other litigation opportunities. We depend on attorneys' fees from cases like this to provide free services to our clients, particularly since many of our cases do not result in awards of attorneys' fees. All fees and costs awarded to the Impact Fund will be used to provide free legal representation to low-income and under-resourced clients and communities who otherwise would not be able to access legal representation.

45. We accepted the risks associated with this case and dedicated significant resources to it because of its importance to the plaintiffs and the thousands of low-income tenants in the certified classes. As the housing crisis continues to worsen, tenants housed through the federal Housing Choice Voucher program should not be required to pay more rent than what the government determined they could afford or face the threat of losing their homes over unpaid additional services charges. We have heard from multiple class members that they felt vulnerable and victimized by these policies and finally feel that their voices have been heard. I also believe that the Court's rulings and the outcome of this litigation will persuade other property owners and managers to modify similar practices, which will have benefits that reach far beyond this litigation.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct, and that this Declaration was executed on December 20, 2024, in Oakland, California.

_____
Lindsay Nako