Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Anne P. Bellows (SBN 293722)
abellows@gbdhlegal.com
Stephanie E. Tilden (SBN 341486)
stilden@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Tel: (510) 763-9800 | Fax: (510) 835-1417

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
CENTRO LEGAL DE LA RAZA
3400 E. 12th Street
Oakland, CA 94601
Tel: (510) 437-1863

Lindsay Nako (SBN 239090)
lnako@impactfund.org
Lori Rifkin (SBN 244081)
lrifkin@impactfund.org
Fawn Rajbhandari-Korr (SBN 315888)
fkorr@impactfund.org
Meredith Dixon (SBN 346864)
mdixon@impactfund.org
IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA 94704
Tel: (510) 845-3473 | Fax: (510) 845-3654

Attorneys for Plaintiffs and Relators and the Certified Classes
*[Additional Counsel for Relators listed on following page]*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA<br><br>        Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON | Case No.: 2:15−CV−00799−KJM−SCR<br><br>CLASS ACTION<br><br>**DECLARATION OF ANDREW WOLFF IN SUPPORT OF MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS, AND EXPENSES**<br><br>Date:     January 23, 2025<br>Time:     10:00 a.m.<br>Dept:     Courtroom 3, 15th Floor<br>Before:  Hon. Chief Judge Kimberly J. Mueller<br><br>Trial Date:   July 30, 2024 |

1  APARTMENTS, LP, BENT TREE
   APARTMENTS, LLC, CALIFORNIA PLACE
2  APARTMENTS, LLC, CAMELOT LAKES
   HOLDINGS, LLC, CANYON CLUB HOLDINGS,
3  LLC, COURTYARD AT CENTRAL PARK
   APARTMENTS, LLC, CREEKSIDE HOLDINGS,
4  LTD, HAYWARD SENIOR APARTMENTS, LP,
   HERITAGE PARK APARTMENTS, LP, OAK
5  VALLEY APARTMENTS, LLC, OAK VALLEY
   HOLDINGS, LP, PEPPERTREE APARTMENT
6  HOLDINGS, LP, PIEDMONT APARTMENTS,
   LP, POINT NATOMAS APARTMENTS, LLC,
7  POINT NATOMAS APARTMENTS, LP, RIVER
   OAKS HOLDINGS, LLC, SHADOW WAY
8  APARTMENTS, LP, SPRING VILLA
   APARTMENTS, LP, SUN VALLEY HOLDINGS,
9  LTD, VILLAGE GROVE APARTMENTS, LP,
   WASATCH QUAIL RUN GP, LLC, WASATCH
10 PREMIER PROPERTIES, LLC, WASATCH
   POOL HOLDINGS III, LLC,
11 and DOES 1-4,

12        Defendants.

13

14 Andrew Wolff (SBN 195092)
   andrew@awolfflaw.com
15 LAW OFFICES OF ANDREW WOLFF, PC
   1615 Broadway, 4th Floor
16 Oakland, CA 94612
   Tel: (510) 834-3300 | Fax: (510) 834-3377

17 Attorneys for Plaintiffs and Relators and the Certified Classes

18

19 Lawrence Anthony Organ (SBN 175503)
   larry@civilrightsca.com
20 CALIFORNIA CIVIL RIGHTS LAW GROUP
   332 San Anselmo Avenue
21 San Anselmo, CA 94960-2610
   Tel: (415) 453-4740 | Fax: (415) 785-7352

22 Attorneys for Relators

23

24

25

26

27

28

1       I, Andrew Wolff, declare as follows:

2       I am a member in good standing of the Bar of the State of California and the Principal of the

3 Law Offices of Andrew Wolff, P.C., a firm based in Oakland, California that represents tenants and

4 plaintiffs throughout Northern California.  My firm and I have been appointed Class Counsel in this

5 action along with the Centro Legal de la Raza, Goldstein, Borgen, Dardarian & Ho, and the Impact

6 Fund.  I am providing this declaration in support of Plaintiffs' Motion for Final Approval of the Class

7 Action Settlement (ECF No. 563) and their Motion for Fees and Costs, filed herewith.  I have personal

8 knowledge of the facts set forth in this Declaration and could and would testify competently to them.

9 **THE SETTLEMENT AND SERVICE AWARDS**

10     1.    I strongly recommend approval of the proposed settlement, which is a great result for

11 the Certified Classes.  Both the injunctive and monetary terms of the settlement provide essentially

12 complete relief to the Classes, fully vindicating their claims.

13     2.    I believe the proposed service awards of $5,000 for each named plaintiff are fair and

14 reasonable.  The participation and persistence of the named plaintiffs made the excellent results for the

15 Class possible.  I worked closely with all three of the named plaintiffs and am aware that they made

16 personal sacrifices in order to prosecute this action.  The service awards are also supported by the

17 named plaintiffs' complete releases of all claims.

18 **ATTORNEYS' FEES AND COSTS**

19     3.    My firm began working on this case over a decade ago, after Denika Terry contacted

20 my office in October 2013 to discuss concerns she had regarding her experience at one of Defendants'

21 properties.  Over the subsequent years, the litigation proved challenging and protracted, reflecting both

22 the intransigence of the Defendants and the inherent difficulties of this unusual case.  My firm devoted

23 hundreds of hours to litigating the Class Claims, serving as lead counsel from the beginning of the case

24 through class certification, and providing continued support thereafter.

25     4.    My associates kept track of their time through contemporaneous logging of their hours,

26 accompanied by a brief narrative description of the work performed. I reconstructed my time based on

27 my calendar and emails.

28     5.    As of November 30, 2024, my firm had devoted 767.5 hours to this case, after billing

judgment.  Of that amount, 446.2 hours, or approximately 58.2%, are attributable to the Class Claims

on the basis described in the Declaration of Anne Bellows, filed herewith, at paragraphs 17-21.

6.      The chart below provides the detailed lodestar information for attorneys at my firm after

the exercise of reasonable billing judgment, and including only hours spent litigating the class claims,

with 2024 hourly rates based on rates approved by this Court for the Eastern District of California:

| Biller | Position | Years of Experience | Hourly Rate | Hours | Lodestar |
|---|---|---|---|---|---|
| Andrew Wolff | Principal | 26 | $ 570 | 175.2 | $ 99,844.48 |
| David Lavine | Associate | 31 | $ 600 | 64.6 | $ 38,760.00 |
| Christopher Beatty | Associate | 17 | $ 535 | 34.2 | $ 18,322.41 |
| Jocelyn Sperling | Contract Attorney | 24 | $ 570 | 121.4 | $ 69,203.70 |
| Brenna Wood Fitzpatrick | Associate | 5 | $ 380 | 28.5 | $ 10,830.00 |
| **Total** | | | | **423.9** | **$ 236,960.59** |

7.      I have practiced law in California for 26 years, after graduating from University of San

Francisco School of Law in 1997.  I founded my firm in 2008. For three years, I served as a City

Commissioner on the Oakland Rent Stabilization Board as a tenant representative appointed by then

Mayor Elihu Harris. I am currently a member of the Consumer Attorneys of California, East Bay

Tenant Bar Association, Alameda County Bar Association, and former Board Member of Housing

Rights, Inc. I am also one of three founding members of the Just Cause Eviction Protection Initiative, a

grass-roots movement that started as an adjunct committee of the Oakland Tenants' Union culminating

into the Just Cause Eviction Ordinance protecting thousands of tenants in the City of Oakland. I have

given landlord-tenant MCLE training for young lawyers, and I was a guest lecturer in a course at

Golden Gate University regarding landlord-tenant litigation. In 2017, I was awarded the prestigious

Guardian of Justice Award by the Alameda County Bar Association, and Advocate of the Year by

Centro Legal de la Raza in 2023.

8.      In this matter, I oversaw the initial investigation of the claims, the drafting and filing of

the complaint, and class certification discovery and briefing.

9.      Mr. Beatty worked closely with me on developing the case, drafting the complaint, and

drafting discovery requests.

10.     Mr. Lavine led class certification discovery beginning in February 2017.  Among his

contributions to the case was his successful litigation of a key motion to compel that resulted in an order requiring Defendants to produce Section 8 tenant files going back six years.  He also took and defended key depositions during class certification discovery.

11.     Due to the heavy workload associated with class certification discovery in this case, I hired the highly respected attorney Jocelyn Sperling on a contract basis to lead class certification briefing.  Since graduating from UCLA School of Law, Ms. Sperling has practiced law in California for 24 years.  Ms. Sperling also authored our opposition to Defendants' Rule 23(f) petition following the grant of class certification.

12.     Brenna Wood Fitzpatrick is an associate of my firm who has practiced law for five years.  She graduated summa cum laude from Elisabeth Haub School of Law at Pace University in 2018.  Ms. Wood Fitzpatrick contributed to Class Counsel's review and analysis of Defendants' voluminous document productions.  She also interviewed class member witnesses and provided strategic input on issues arising in merits discovery.

13.     Courts throughout Northern California have regularly awarded attorneys' fees to my firm using our standard hourly rates of $500.00 to $750.00 for attorneys.  (See, e.g., *Silva Sanchez v. Zelaya*, Alameda Superior Court Case No. 22CV013304, May 18, 2023 Order awarding Attorneys Fees for Anti-SLAPP Motion, finding a $500.00/hr fee for Wood Fitzpatrick and $750.00/hr fee for Wolff to be reasonable; *Mayfield v. Brown*, Alameda Superior Court Case No. 22CV013301, May 16, 2024 Order awarding Attorneys Fees for Anti-SLAPP Motion, finding a $750.00/hr fee for Wolff to be reasonable; *Lujan Alvarez v. Lum*, Alameda Superior Court Case No. 23CV041232, May 24, 204, Order awarding Attorneys Fees for Anti-SLAPP Motion, finding a $750.00/hr fee for Wolff to be reasonable).

14.     However, all Class Counsel have substantially lowered our hourly rates for purposes of these motions, based on hourly rates approved by this Court for the Eastern District of California, which are the rates reflected in the table above.

### THE FIRM'S LITIGATION ROLE AND TASKS

15.     I was the lead counsel for my firm on this litigation.  In addition to my own legal work, I supervised the other attorneys from my firm who performed work to investigate and litigate this case.

915940.3

3

Wolff Decl. in Supp. Mot. Reasonable Attys' Fees, Costs, & Expenses - Case No. 2:15−CV−00799−KJM−SCR

My firm was primarily responsible for leading the litigation up to and through class certification, and we continued to contribute thereafter. Using the task categorization system described in the Bellows Declaration, the chart below summarizes the distribution of my firm's time across different categories of litigation tasks:

| Task Code | Task Description | Hours | Lodestar |
|-----------|------------------|-------|----------|
| L100 | Case Administration | 0.7 | $ 406.13 |
| L110 | Fact Investigation | 28.9 | $ 16,341.66 |
| L120 | Analysis, Strategy, and Legal Research | 43.0 | $ 24,165.01 |
| L160 | Settlement | 19.0 | $ 11,188.86 |
| L210 | Pleadings | 31.1 | $ 17,128.48 |
| L230 | Court Mandated Conferences | 2.3 | $ 1,303.40 |
| L260 | Class Action Procedures | 181.6 | $ 103,721.48 |
| L300 | Other Discovery | 30.9 | $ 17,827.34 |
| L320 | Requests for Production and Document Productions | 2.7 | $ 1,522.14 |
| L325 | Document review | 34.2 | $ 14,169.25 |
| L330 | Depositions | 48.3 | $ 28,488.60 |
| L350 | Discovery Motions | 1.2 | $ 698.25 |
| **Total** | | **423.9** | **$ 236,960.59** |

16.    .A summary of my firm's work performed on the case is as follows:

**<u>Case Initiation and Class Certification (Oct. 2013 through Oct. 2018)</u>**

17.    As described above, my office began investigating Defendants' practices related to additional fees charged to Section 8 tenants after Denika Terry contacted my firm in October 2013. In April 2014, my firm brought on Centro Legal de la Raza ("Centro Legal") to serve as co-counsel.

18.    Together, my firm and Centro Legal investigated and developed the claims. In addition to legal research and outreach to tenants and potential class representatives, we also sent public records requests to local public housing authorities. My firm played a leading role in drafting the complaint. After the complaint was filed under seal, we also communicated with the Assistant U.S. Attorney assigned to the case about our claims and Defendants' practices.

19.    After the complaint was unsealed in 2016, my firm and Centro Legal worked together to develop a class discovery plan, file an amended complaint, and oppose Defendants' motion to dismiss.

20.     Class discovery proved to be contentious, requiring multiple motions to compel. *See* ECF Nos. 44, 45, 47, 56, 58, 59, 62, 63, 65. As a result of a successful motion to compel production of tenant files for Section 8 tenants going back six years, Defendants produced over 360,000 pages of tenant files from Section 8 tenants, which provided important evidence in the case.

21.      My firm also defended Plaintiff Terry and Plaintiff Huskey in deposition, and took several other critical depositions of corporate designees and housing authority employees and representatives.

22.     After the Court granted in part and denied in part Defendants' motion to dismiss, my firm filed a Second Amended Complaint to address the issues identified in the order.

23.     During this time, Centro Legal and my firm also participated in a mediation with V. Blair Shahbazian, through the Eastern District of California's Voluntary Dispute Resolution Program.

24.     Following the close of class certification discovery, my firm also filed a motion for leave to file a Third Amended Complaint to confirm the pleading to the evidence developed through discovery. ECF No. 71. The Court granted that Motion at the same time it granted class certification. *See* ECF No. 92.

25.     Jocelyn Sperling was the lead drafter of our motion for class certification. She also contributed to research, strategy, and drafting for the opposition to Defendants' Rule 23(f) petition. I also provided edits and suggestions on the briefing.

26.     After the Court conditioned certification of the proposed Injunctive Relief Class on the substitution of an adequate Class Representation, my firm brought on a new named Plaintiff, Tamera Livingston. We investigated her claim and filed a Fourth Amended Complaint and stipulation to add her to the case as a Class Representative.

27.     In total, I estimate that my firm devoted 372.7 hours to the Class Claims during this period, after the exercise of billing judgment as set forth above.

### Merits Discovery, Bifurcation, and Summary Judgment (Nov. 2018 through Nov. 2022)

28.     In the spring of 2019, Centro Legal and my firm brought on GBDH to serve as lead counsel in the case. My firm transitioned into a supporting role, participating in strategy conversations and serving as a resource on the litigation history.

29.     My firm participated in the Class Counsel-wide document review project beginning in February 2021 and lasting for several months thereafter.  Brenna Wood Fitzpatrick from my office contributed many hours of document review.

30.     Ms. Wood Fitzpatrick also participated in Class Counsel's project of interviewing class members regarding their experiences with Defendants' practices at issue in the case.

31.     Ms. Wood Fitzpatrick also provided strategy input on litigation decisions throughout the merits discovery, expert disclosures, and summary judgment briefing.

32.     In total, I estimate that my firm devoted 49.7 hours to the Class Claims during this period, after the exercise of billing judgment as set forth above.

## Remainder of the Case

33.     As the case moved into remedies discovery, I and my firm remained available to support the litigation and we spent another 1.5 hours on the case.  Even though our active participation had largely ended, we continued our commitment to the Class by contributing to covering litigation costs on an equal basis with the other Class Counsel organizations.

## Multiplier Factors

34.     I believe a multiplier is warranted in this case. We litigated this case for the past ten years, with no guarantee of any recovery, because of the importance of this case and the benefits we believed it could bring to the thousands of Section 8 tenants who had faced or continued to face excess rent charges beyond what the government determined they could afford, and the potential threat of losing their homes if they were unable to pay those charges. Instead, those tenants will now have a choice to reject any additional charges for services they do not want, and will never face homelessness if they cannot afford to pay any such charges. Moreover, I believe that the successful outcome of this litigation is likely to lead other property owners to modify their practices, and therefore may benefit Section 8 tenants nationwide.

35.     Taking on this case was a risk to me and my firm. My firm operates on a contingency basis and most of the cases we litigate are tenant-landlord cases. There is an inherent risk in operating on a contingency basis given the risk of no payment and the certainty that even if payment is received, it will be delayed. When my firm takes on class action cases, it is at a significant opportunity cost, even

915940.3

6

Wolff Decl. in Supp. Mot. Reasonable Attys' Fees, Costs, & Expenses - Case No. 2:15-CV-00799-KJM-SCR

greater than the typical contingency fee case. The typical non-class case my firm brings on resolves within one to two years. Meanwhile, my office litigated this case for over a decade without payment for our work. The work in class cases versus our non-class cases is also more time consuming and onerous. We in fact had to bring on several class co-counsel because the scale of the work would have precluded my office from litigating our other cases. I believe myself, my co-counsel, and associates worked with great skill on this case.

36.     The case also involved novel issues which appeared to be of first impression, creating an even greater risk and putting a speedy resolution further out of reach.  My experience with tenants' rights law, as well as a substantial amount of research, helped me identify the widespread wrongdoing Defendants were perpetuating. The risk my office took paid off for some of the lowest-income tenants in California, and I am proud of that.

37.     Although I am proud of the outcome in this case, after litigating the instant case, I am more hesitant to bring on new class action cases. Despite the obvious public benefit of class action cases such as the instant case, it is simply more profitable, less risky, and less time consuming for me to litigate non-class cases. This case cost me more than fifty times my normal case investment and was a massive financial risk to my small firm. I believe for this reason a multiplier is justified in order to fully compensate me and the other attorneys who have worked on this case, as otherwise we would not be compensated for the inherent risk and delay in payment we took on by litigating this case.


I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct, and that this Declaration was executed on December 20, 2024, in Oakland, California.


___/s/ Andrew Wolff_____

Andrew Wolff

7

915940.3

Wolff Decl. in Supp. Mot. Reasonable Attys' Fees, Costs, & Expenses - Case No. 2:15–CV–00799–KJM–SCR