Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Stephanie E. Tilden (SBN 341486)
stilden@gbdhlegal.com
DARDARIAN HO KAN & LEE
155 Grand Avenue, Suite 900
Oakland, CA 94612
Tel: (510) 763-9800 ǀ Fax: (510) 835-1417

Jesse Newmark (SBN 247488)
jessenewmark@centrolegal.org
CENTRO LEGAL DE LA RAZA
3400 E. 12th Street
Oakland, CA 94601
Tel: (510) 437-1863

Lindsay Nako (SBN 239090)
lnako@impactfund.org
Lori Rifkin (SBN 244081)
lrifkin@impactfund.org
Fawn Rajbhandari-Korr (SBN 315888)
fkorr@impactfund.org
Meredith Dixon (SBN 346864)
mdixon@impactfund.org
IMPACT FUND
2080 Addison Street, Suite 5
Berkeley, CA 94704
Tel: (510) 845-3473 ǀ Fax: (510) 845-3654

Attorneys for Plaintiffs and Relators and the Certified Classes
*[Additional Counsel listed on following page]*

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DENIKA TERRY, ROY HUSKEY III, and TAMERA LIVINGSTON, and each of them for themselves individually, and for all other persons similarly situated and on behalf of the UNITED STATES OF AMERICA | Case No.: 2:15-CV-00799-KJM-SCR<br><br>CLASS ACTION<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF SETTLEMENT ADMINISTRATION** |
| Plaintiffs/Relators,<br><br>vs.<br><br>WASATCH ADVANTAGE GROUP, LLC, WASATCH PROPERTY MANAGEMENT, INC., WASATCH POOL HOLDINGS, LLC, CHESAPEAKE APARTMENT HOLDINGS, LLC, LOGAN PARK APARTMENTS, LLC, LOGAN PARK APARTMENTS, LP, ASPEN PARK HOLDINGS, LLC, BELLWOOD JERRON HOLDINGS, LLC, BELLWOOD JERRON | Date:    December 4, 2025<br>Time:    10:00 a.m.<br>Dept:    Courtroom 3, 15th Floor<br>Before:  Hon. Chief Judge Kimberly J. Mueller |

APARTMENTS, LP, BENT TREE APARTMENTS, LLC, CALIFORNIA PLACE APARTMENTS, LLC, CAMELOT LAKES HOLDINGS, LLC, CANYON CLUB HOLDINGS, LLC, COURTYARD AT CENTRAL PARK APARTMENTS, LLC, CREEKSIDE HOLDINGS, LTD, HAYWARD SENIOR APARTMENTS, LP, HERITAGE PARK APARTMENTS, LP, OAK VALLEY APARTMENTS, LLC, OAK VALLEY HOLDINGS, LP, PEPPERTREE APARTMENT HOLDINGS, LP, PIEDMONT APARTMENTS, LP, POINT NATOMAS APARTMENTS, LLC, POINT NATOMAS APARTMENTS, LP, RIVER OAKS HOLDINGS, LLC, SHADOW WAY APARTMENTS, LP, SPRING VILLA APARTMENTS, LP, SUN VALLEY HOLDINGS, LTD, VILLAGE GROVE APARTMENTS, LP, WASATCH QUAIL RUN GP, LLC, WASATCH PREMIER PROPERTIES, LLC, WASATCH POOL HOLDINGS III, LLC,
and DOES 1-4,

   Defendants.

Andrew Wolff (SBN 195092)
andrew@awolfflaw.com
LAW OFFICES OF ANDREW WOLFF, PC
1615 Broadway, 4th Floor
Oakland, CA 94612
Tel: (510) 834-3300 | Fax: (510) 834-3377

Attorneys for Plaintiffs and Relators and the Certified Classes

Lawrence Anthony Organ (SBN 175503)
larry@civilrightsca.com
Marqui Hood (SBN 214718)
marqui@civilrightsca.com
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, CA 94960-2610
Tel: (415) 453-4740 | Fax: (415) 785-7352

Attorneys for Relators

Plaintiffs move for an extension of the time period and services for settlement administration in this case in order to maximize the successful distribution of settlement class funds to class members. As detailed in the supporting declarations of counsel (Declaration of Lori Rifkin) and the settlement administrator (Declaration of Janeth Antonio), filed herewith, despite extensive efforts already taken to ensure class members received and cashed settlement checks, as of October 21, 2025, 1,386 out of 2,500 checks remain uncashed, corresponding to $2,147,695.48 or approximately 39% of the net class settlement fund.  Rifkin Decl. ¶ 11; Antonio Decl. ¶ 12.  The deadline to cash settlement checks from the original check mailing was September 28, 2025.  A small number of reissued checks are still pending, but the vast majority of uncashed checks are now expired. Rifkin Decl. ¶ 17.

Class counsel and the settlement administrator have made multiple attempts to communicate with class members using the mailing addresses, phone numbers, and email addresses provided by Defendants, including class counsel making individuals calls to the phone numbers listed for almost 1,200 class members and using PeopleMap to find updated contact information during this call project. Rifkin Decl. ¶¶ 2-10; Antonio Decl. ¶¶ 9-11.  Based on this outreach, class counsel believe that the outstanding number of uncashed checks is due primarily to outdated contact information.  Rifkin Decl. ¶ 10.

At the request of class counsel, the settlement administrator, Verita, has provided a supplementary proposal through which Verita can engage in more extensive activities to update class members' contact information, including:

(1) Completing a USPS change of address search for all class members with uncashed checks (Verita previously completed a change of address search only for checks returned by USPS as undeliverable);

(2) Completing a Social Security Number reverse append search using the IDI Core Database for all class members with uncashed checks for whom SSNs are included in the data provided by Wasatch (approximately 1,100 class members);

(3) Completing reverse append phone and email searches using the IDI Core Database for any class members with uncashed checks for whom updated contact information is not

1

located in steps (1) and (2).

(4) Completing in-depth individual searches for class members with uncashed checks of $1,000 or more for whom updated contact information is not located in steps (1), (2), and (3) (up to a maximum of 500 class members).

Rifkin Decl. ¶ 11; Antonio Decl. ¶¶ 13-17.  Following these steps, Verita will reissue checks to all class members for whom updated contact information is located.  *Id.*  Class members will have 60 days to cash reissued checks.  *Id.*  Plaintiffs request an additional six months following Court approval of this motion for this extended settlement administration.  Rifkin Decl. ¶ 13.

Plaintiffs request that the Court approve the extension of settlement administration activities as set forth above, including authorizing up to $71,250 to be paid to the settlement administrator for these services from the residual amount left in the settlement fund after all of the above-described efforts are taken. Rifkin Decl. ¶ 12; Antonio Dec. ¶ 17.  Class counsel reasonably believe that these steps are warranted in order to maximize distribution of settlement funds to class members and that approval of the additional time and administration services is well within the Court's broad discretionary powers. *See Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990).

While the *cy pres* distribution approved by the Court in this case will serve the interests of the class by providing funds to legal services organizations who serve people similarly situated to class members, class counsel's primary obligation is to exhaust all reasonable efforts to ensure that the distribution of settlement funds goes directly to class members themselves.  Rifkin Decl. ¶ 16.  The continued focus on uncashed checks is also appropriate because there is no basis for a second distribution for class members who cashed their settlement checks, as they have already received payment equivalent to 100% of the challenged additional service charges plus interest.

The cost of the additional settlement administration services (up to $71,250) is reasonable relative to the outstanding amount to be claimed ($2,131,121.62).  Plaintiffs also request that the Court approve $6,347.51 from the settlement fund to reimburse class counsel for expenses incurred using PeopleMap for obtaining updated class member information prior to September 28, 2025.  Rifkin Decl. ¶¶ 4, 6, 15.

2

Class counsel anticipates that there will be sufficient undistributed money in the settlement fund to cover this payment to the settlement administrator and the PeopleMap costs (a total of no more than $77,597.51) without impacting any class member's settlement recovery. Because $2,147,695.48 currently remains in the fund, it is almost certain that at least $77,597.51 (or 3.6% of that amount) will still remain even after these additional efforts to help as many class members as possible receive and cash their checks. Rifkin Decl. ¶ 16. Plaintiffs' proposed extension is in the best interests of maximizing distributions to class members and will not prejudice any parties.

Dated: October 30, 2025                    Respectfully submitted,

*/s/ Lori Rifkin*
Lori Rifkin
IMPACT FUND
Attorneys for Plaintiffs and Relators
and the Certified Classes

3